# EXHIBIT 1

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See “INSURED’S DUTIES” in this policy booklet.)

# State Farm® **Car Policy** Booklet

**Alabama**

Policy Form 9801A

## CONTENTS


**THIS POLICY** .... 3
**DEFINITIONS** .... 3
**LIABILITY COVERAGE** .... 5
- Additional Definition .... 5
- Insuring Agreement .... 5
- Supplementary Payments .... 5
- Limits .... 6
- Nonduplication .... 6
- Exclusions .... 6
- If Other Liability Coverage Applies .... 7
- Required Out-of-State Liability Coverage .... 8
- Financial Responsibility Certification .... 8

**MEDICAL PAYMENTS COVERAGE** .... 9
- Additional Definitions .... 9
- Insuring Agreement .... 9
- Determining Medical Expenses .... 9
- Limit .... 10
- Nonduplication .... 10
- Exclusions .... 10
- If Other Medical Payments Coverage or Similar Vehicle Insurance Applies .... 11
- Our Payment Options .... 12

**UNINSURED MOTOR VEHICLE COVERAGE** .... 12
- Additional Definitions .... 12
- Insuring Agreement .... 12
- Consent to Settlement .... 12
- Deciding Fault and Amount .... 13
- Limits .... 13
- Nonduplication .... 13
- Exclusions .... 14
- If Other Uninsured Motor Vehicle Coverage Applies .... 14
- Our Payment Options .... 14

**PHYSICAL DAMAGE COVERAGES** .... 14
- Additional Definitions .... 15
- Insuring Agreements .... 15
- Supplementary Payments – Comprehensive Coverage and Collision Coverage .... 17
- Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage .... 17
- Limits – Car Rental and Travel Expenses Coverage .... 18
- Nonduplication .... 18
- Exclusions .... 18
- If Other Physical Damage Coverage or Similar Coverage Applies .... 19
- Financed Vehicle .... 20
- Our Payment Options .... 20

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE** .... 21
- Additional Definition .... 21
- Insuring Agreement .... 21
- Benefit .... 21
- Exclusions – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage .... 22
- Our Payment Options– Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage .... 22

**LOSS OF EARNINGS COVERAGE** .... 21
- Additional Definitions .... 21
- Insuring Agreement .... 21
- Limit .... 22
- Exclusions– Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage .... 22
- Our Payment Options – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage .... 22

**INSURED'S DUTIES** .... 23
- Notice to Us of an Accident or Loss .... 23
- Notice to Us of a Claim or Lawsuit .... 23
- Insured's Duty to Cooperate With Us .... 23
- Questioning Under Oath .... 23
- Other Duties Under the Physical Damage Coverages .... 23
- Other Duties Under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage .... 23

**GENERAL TERMS** .... 24
- When Coverage Applies .... 24
- Where Coverage Applies .... 24
- Newly Owned or Newly Leased Car .... 24
- Changes to This Policy .... 25
- Premium .... 25
- Renewal .... 25
- Nonrenewal .... 25
- Cancellation .... 26
- Assignment .... 26
- Bankruptcy or Insolvency of the Insured .... 26
- Concealment or Fraud .... 26
- Our Right to Recover Our Payments .... 26
- Legal Action Against Us .... 27
- Choice of Law .... 27
- Terms of Policy Conformed to Statute .... 27
- Severability .... 27

## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.
2. This policy contains all of the agreements between all named insureds and applicants and:
   a. ***us***; and
   b. any of ***our*** agents.
3. ***We*** agree to provide insurance according to the terms of this policy:
   a. based on payment of premium for the coverages chosen; and
   b. unless otherwise stated in EXCEPTIONS, POLICY BOOKLET, AND ENDORSEMENTS on the Declarations Page, in reliance on the following statements:
      (1) The named insured is the sole owner of ***your car***.
      (2) Neither ***you*** nor any member of ***your*** household has, within the past three years, had:
         (a) vehicle insurance canceled or nonrenewed by an insurer; or
         (b) either:
            (i) a license to drive; or
            (ii) a vehicle registration

            suspended, revoked, or refused.
      (3) ***Your car*** is used for pleasure and business.
4. All named insureds and applicants agree by acceptance of this policy that:
   a. the statements in 3.b. above are made by the named insured or applicant and are true; and
   b. ***we*** provide this insurance on the basis those statements are true.

## DEFINITIONS

***We*** define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, and possessive forms of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. It does not include:

1. Any vehicle while located for use as a dwelling or other premises; or
2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

***Fungi*** means any type or form of fungus or fungi and includes:

1. Mold;
2. Mildew; and
3. Any of the following that are produced or released by fungi:
   a. Mycotoxins;
   b. Spores;
   c. Scents; or
   d. Byproducts.

***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
2. the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a

deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***:
   a. ***you***;
   b. any ***resident relative***;
   c. any other ***person*** who lives primarily in ***your*** household; or
   d. an employer of any ***person*** described in a., b., or c. above; nor
2. has been operated by, rented by, or in the possession of:
   a. ***you***; or
   b. any ***resident relative***

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or ***loss***.

***Occupying*** means in, on, entering, or exiting.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;
2. registered to; or
3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Pedestrian*** means a ***person*** who is not ***occupying***:

1. a motorized vehicle; or
2. a vehicle designed to be pulled by a motorized vehicle.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or
2. a pickup truck, van, minivan, or sport utility vehicle:
   a. that is not used for:
      (1) wholesale; or
      (2) retail

      pick up or delivery; and
   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Resident Relative*** means a ***person***, other than ***you***, who lives primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or
2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;
2. State Farm Fire and Casualty Company; and
3. Any of their affiliates.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. damage; or
   e. theft; and
2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. only those trailers:
   a. designed to be pulled by a ***private passenger car***;
   b. not designed to carry ***persons***; and
   c. while not used as premises for office, store, or display purposes; or
2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of

the first ***person*** shown as a named insured if the spouse lives primarily with that named insured.

***Your Car*** means the vehicle shown under YOUR CAR on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under YOUR CAR, and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;
2. the date this policy is no longer in force; or
3. the date ***you*** no longer own or lease the ***car*** being replaced.

## LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***trailer***; and
   b. the maintenance or use of:
      (1) a ***non-owned car***; or
      (2) a ***temporary substitute car***;
2. the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who lives primarily with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished by an employer to, a ***person*** who lives primarily in ***your*** household, but only if such ***car*** is neither ***owned by***, nor furnished by an employer to, the first ***person*** shown as a named insured on the Declarations Page or that ***person's*** spouse;
3. any other ***person*** for his or her use of:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent; and
4. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. ***We*** will pay:
   a. damages an ***insured*** becomes legally liable to pay because of:
      (1) ***bodily injury*** to others; and
      (2) damage to property

      caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy;
   b. attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages; and
   c. court costs charged to an ***insured*** and resulting from that part of a lawsuit:
      (1) that seeks damages payable under this policy's Liability Coverage; and
      (2) against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

   ***We*** have no duty to pay attorney fees and court costs incurred after ***we*** deposit in court or pay the amount due under this policy's Liability Coverage.
2. ***We*** have the right to:
   a. investigate, negotiate, and settle any claim or lawsuit;
   b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and
   c. appeal any award or legal decision

   for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the ***insured*** that accrues:
   a. before a judgment, where owed by law, but only on that part of the judgment ***we*** pay; and
   b. after a judgment. ***We*** will not pay interest on damages paid or payable by a party other than the ***insured*** or ***us***.

   ***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;
2. Premiums for bonds, provided by a company chosen by ***us***, required to appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:
   a. pay for bonds that exceed this policy's applicable Liability Coverage limit;
   b. furnish or apply for any bonds; or
   c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and
3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:
   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:
      (1) an arbitration;
      (2) a mediation; or
      (3) a trial of a lawsuit; and
   b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident, including all damages sustained by other ***persons*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***persons*** injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay any damages or expenses under Liability Coverage:

1. that have already been paid as expenses under Medical Payments Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***;
2. that have already been paid under Uninsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
3. that have already been paid under any of the Physical Damage Coverages of any policy issued by the ***State Farm Companies***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO INTENTIONALLY CAUSES ***BODILY INJURY*** OR DAMAGE TO PROPERTY;
2. FOR ***BODILY INJURY*** TO:
   a. ***YOU;***
   b. ***RESIDENT RELATIVES***; AND
   c. ANY OTHER ***PERSON*** WHO BOTH LIVES PRIMARILY WITH AN ***INSURED*** AND WHO:
      (1) IS RELATED TO THAT ***INSURED*** BY BLOOD, MARRIAGE, OR ADOPTION; OR
      (2) IS A WARD OR FOSTER CHILD OF THAT ***INSURED***;
3. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;
4. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;

5. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion does not apply to ***you*** and ***resident relatives*** who are legally liable for ***bodily injury*** to fellow employees;
6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
7. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
8. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***; or
   b. any ***resident relative***

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer***;
9. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
10. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
11. FOR DAMAGE TO PROPERTY WHILE IT IS:
    a. ***OWNED BY***;
    b. RENTED TO;
    c. USED BY;
    d. IN THE CARE OF; OR
    e. TRANSPORTED BY

    ***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to either damage to a residence while rented to or leased to an ***insured*** or damage to a private garage while rented to or leased to an ***insured***;
12. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;
13. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;
14. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;
15. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:
    a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING; OR
16. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1. If Liability Coverage provided by this policy and one or more other Car Policies issued to ***you*** or any ***resident relative*** by one or more of the ***State Farm Companies*** apply to the same accident, then:
   a. the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of ***your car*** or a ***trailer*** attached to it.
   a. If:
      (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as primary coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as primary coverage.

b. If:

(1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as excess coverage.

b. If:

(1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an ***insured*** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and
2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

## MEDICAL PAYMENTS COVERAGE

This policy provides Medical Payments Coverage if "C" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you*** and ***resident relatives***:
   a. while ***occupying***:
      (1) ***your car***;
      (2) a ***newly acquired car***;
      (3) a ***temporary substitute car***;
      (4) a ***non-owned car***; or
      (5) a ***trailer*** while attached to a ***car*** described in (1), (2), (3), or (4) above; or
   b. if struck as a ***pedestrian*** by a motor vehicle or any type of trailer; and
2. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent.

***Medical Expenses*** mean ***reasonable expenses*** for ***medical services***.

***Medical Services*** mean treatments, procedures, products, and other services that are:

1. necessary to achieve maximum medical improvement for the ***bodily injury***;
2. rendered by a healthcare provider:
   a. who is licensed as a healthcare provider if a license is required by law; and
   b. within the legally authorized scope of that healthcare provider's practice;
3. commonly and customarily recognized throughout the medical profession and within the United States of America as appropriate for the treatment of the ***bodily injury***;
4. primarily designed to serve a medical purpose;
5. not experimental; and
6. not for research purposes.

***Reasonable Expenses*** mean the lowest one of the following charges:

1. The usual and customary fees charged by a majority of healthcare providers who provide similar ***medical services*** in the geographical area in which the charges were incurred;
2. The fee specified in any fee schedule:
   a. applicable to medical payments coverage, no-fault coverage, or personal injury protection coverage included in motor vehicle liability policies issued in the state where ***medical services*** are provided; and
   b. as prescribed or authorized by the law of the state where ***medical services*** are provided;
3. The fees agreed to by both the ***insured's*** healthcare provider and ***us***; or
4. The fees agreed upon between the ***insured's*** healthcare provider and a third party when ***we*** have a contract with such third party.

**Insuring Agreement**

***We*** will pay:

1. ***medical expenses*** incurred because of ***bodily injury*** that is sustained by an ***insured*** and caused by a motor vehicle accident. ***We*** will only pay such ***medical expenses***:
   a. if any of the ***medical services*** are provided within one year immediately following the date of the accident; and
   b. for ***medical services*** provided within three years immediately following the date of the accident; and
2. funeral expenses incurred for an ***insured*** who dies within three years immediately following the date of a motor vehicle accident if the death is a direct result of ***bodily injury*** sustained in such accident.

**Determining Medical Expenses**

***We*** have the right to:

1. obtain and use:
   a. utilization reviews;
   b. peer reviews; and
   c. medical bill reviews

   to determine if the incurred charges are ***medical expenses***;
2. use a medical examination of the ***insured*** to determine if:
   a. the ***bodily injury*** was caused by a motor vehicle accident; and
   b. the expenses incurred are ***medical expenses;*** and

3. enter into a contract with a third party that has an agreement with the ***insured's*** healthcare provider to charge fees as determined by that agreement.

**Limit**

The Medical Payments Coverage limit is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person". This limit is the most ***we*** will pay for the ***medical expenses*** and funeral expenses combined, incurred by or on behalf of any one ***insured*** as a result of any one accident, regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

Subject to the limit shown on the Declarations Page, the most ***we*** will pay for funeral expenses incurred for any one ***insured*** is $3,000.

**Nonduplication**

***We*** will not pay any ***medical expenses*** or funeral expenses under Medical Payments Coverage that have already been paid:

1. as damages under Liability Coverage or Uninsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
2. by or on behalf of a party who is legally liable for the ***insured's bodily injury***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A MOTOR VEHICLE, ***OWNED BY*** THAT ***INSURED*** OR ***YOU***, IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***;
2. IF ANY WORKERS' COMPENSATION LAW OR ANY SIMILAR LAW APPLIES TO THAT ***INSURED'S BODILY INJURY***;
3. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
4. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to:
   a. the use of a ***private passenger car*** on a share-the-expense basis; or
   b. an ***insured*** while ***occupying*** a ***non-owned car*** as a passenger;
5. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***; or
   b. any ***resident relative***

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer***;
6. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
7. WHILE MAINTAINING OR USING A ***NON-OWNED CAR*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
8. WHO IS EITHER ***OCCUPYING*** OR STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES;
9. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT:
   a. IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   b. RUNS ON RAILS OR CRAWLER-TREADS;
10. WHOSE ***BODILY INJURY*** RESULTS FROM WAR OF ANY KIND;
11. WHOSE ***BODILY INJURY*** RESULTS FROM:
    a. NUCLEAR REACTION;
    b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
    c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
12. WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
13. WHOSE ***BODILY INJURY*** RESULTS FROM EXPOSURE TO ***FUNGI***; OR
14. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS:
    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING.

**If Other Medical Payments Coverage or Similar Vehicle Insurance Applies**

1. An ***insured*** shall not recover for the same ***medical expenses*** or funeral expenses under both this coverage and other medical payments coverage or similar vehicle insurance.
2. If Medical Payments Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by one or more of the ***State Farm Companies*** apply to the same ***bodily injury***, then:
   a. the Medical Payments Coverage limits of such policies shall not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
3. The Medical Payments Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car*** or a ***trailer*** attached to it.
   a. If:
      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and
      (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.
   b. If:
      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and
      (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.
4. Except as provided in 3. above, the Medical Payments Coverage provided by this policy applies as excess coverage.
   a. If:
      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and
      (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.
   b. If:
      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and
      (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and

the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***;
4. A ***person*** authorized by law to receive such payment; or
5. Any ***person*** or organization that provides the ***medical services*** or funeral services.

## UNINSURED MOTOR VEHICLE COVERAGE

This policy provides Uninsured Motor Vehicle Coverage if "U" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***; or
   c. a ***temporary substitute car***.

   Such vehicle must be used within the scope of ***your*** consent. Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and
4. any ***person*** entitled to recover damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Uninsured Motor Vehicle*** means a land motor vehicle:

1. the ownership, maintenance, and use of which is:
   a. not insured or bonded for bodily injury liability at the time of the accident; or
   b. insured or bonded for bodily injury liability at the time of the accident; but
      (1) the limits are less than required by the financial responsibility act of Alabama; or
      (2) the insuring company:
         (a) denies that its policy provides liability coverage for damages that result from the accident; or
         (b) is or becomes insolvent; or
      (3) the sum of the limits of liability under all bodily injury liability bonds and insurance policies available to an ***insured*** after an accident is less than the damages which the ***insured*** is legally entitled to recover; or
2. the owner and driver of which remain unknown and which was the proximate cause of ***bodily injury*** to an ***insured***.

***Uninsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by***, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law;
3. designed for use primarily off public roads except while on public roads; or
4. while located for use as a dwelling or other premises.

**Insuring Agreement**

***We*** will pay damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***. The ***bodily injury*** must be:

1. sustained by an ***insured***; and
2. caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle.

**Consent to Settlement**

The ***insured*** must inform ***us*** of a settlement offer proposed by or on behalf of the owner or driver of the ***uninsured motor vehicle*** that is acceptable to the ***insured***. The ***insured*** must request ***our*** written consent to accept such settlement offer.

If ***we***:

1. consent in writing, then the ***insured*** may accept such settlement offer.
2. inform the ***insured*** in writing that ***we*** do not consent, then the ***insured*** may not accept such settlement offer and:

a. ***we*** will make payment to the ***insured*** in an amount equal to such settlement offer in order to preserve ***our*** right of subrogation against the owner and driver of the ***uninsured motor vehicle***; and

b. any recovery from or on behalf of the owner or driver of the ***uninsured motor vehicle*** shall first be used to repay ***us***.

**Deciding Fault and Amount**

1. a. In order to resolve a claim under this coverage, the ***insured*** and ***we*** must agree to the answers to the following two questions:

   (1) Is the ***insured*** legally entitled to recover damages from the owner or driver of the ***uninsured motor vehicle***?

   (2) If the ***insured*** and ***we*** agree that the answer to 1.a.(1) above is yes, then what is the amount of the damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***uninsured motor vehicle***?

   b. If there is no agreement on the answer to either question in 1.a. above and the ***insured*** chooses to seek resolution of the claim under this policy, then the ***insured*** shall:

   (1) file a lawsuit, in a state or federal court that has jurisdiction, against any or all of the following:

   (a) ***us***;

   (b) the owner and driver of the ***uninsured motor vehicle*** unless ***we*** have consented to a settlement offer proposed by or on behalf of such owner or driver; and

   (c) any other party or parties who may be legally liable for the ***insured's*** damages.

   If the ***insured*** does not include ***us*** in a lawsuit filed against a party described in 1.b.(1)(b) or 1.b.(1)(c) above, then the ***insured*** must give ***us*** reasonable notice of the lawsuit and ***we*** have the right to seek intervention in such lawsuit.

   If the ***insured*** files a lawsuit only against ***us***, and ***we*** have not consented to a settlement offer proposed by or on behalf of the owner or driver of the ***uninsured motor vehicle***, ***we*** have the right to join the owner and driver of the ***uninsured motor vehicle*** in the lawsuit. If ***we*** join the owner and driver of the ***uninsured motor vehicle*** in the lawsuit, ***we*** may then opt out of the lawsuit.

   (2) consent to a jury trial if requested by ***us***;

   (3) agree that ***we*** may contest the issues of liability and the amount of damages; and

   (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

2. ***We*** are not bound by any:

   a. judgment obtained without ***our*** written consent; and

   b. default judgment against any ***person*** or organization other than ***us***

   unless ***we*** were given reasonable notice of the lawsuit in which the judgment was obtained.

3. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1. The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

   a. The most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***, is the lesser of:

   (1) the amount of all damages resulting from that ***insured's bodily injury*** reduced by the sum of the limits of liability coverage under all bodily injury liability bonds and insurance available to the ***insured*** after the accident; or

   (2) the limit shown under "Each Person".

   b. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident.

2. These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:

   a. ***insureds***;

   b. claims made; or

   c. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for the ***insured***:
   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or
   b. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***;
2. that:
   a. have already been paid;
   b. could have been paid; or
   c. could be paid

   to or for the ***insured*** under any workers' compensation law, disability benefits law, or similar law; or
3. that have already been paid as expenses under Medical Payments Coverage of this policy, the medical payments coverage of any other policy, or other similar vehicle insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY*** AND THEREBY IMPAIRS ***OUR*** RIGHT TO RECOVER ***OUR*** PAYMENTS;
2. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
3. TO THE EXTENT IT BENEFITS:
   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;
   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR
   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES; OR
4. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**If Other Uninsured Motor Vehicle Coverage Applies**

1. If more than one vehicle is described on the Declarations Page, then the recovery by an ***insured*** shall be limited to the primary coverage plus such additional coverage as may be provided for additional vehicles, but not to exceed two additional coverages within the policy.
2. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***.

   If uninsured motor vehicle coverage is provided on a primary basis by one or more other sources, then ***we*** will pay the proportion of damages that the applicable limit of this policy bears to the total of all uninsured motor vehicle coverage that applies as primary coverage.
3. Except as provided in item 2. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

   If uninsured motor vehicle coverage is provided on an excess basis by one or more other sources, then ***we*** will pay the proportion of damages that the applicable limit of this policy bears to the total of all uninsured motor vehicle coverage that applies as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";
2. Collision Coverage if "G";
3. Emergency Road Service Coverage if "H";
4. Car Rental and Travel Expenses Coverage if "R1"

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

***Covered Vehicle*** means:

1. ***your car***;
2. a ***newly acquired car***;
3. a ***temporary substitute car***;
4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;
5. a ***non-owned car*** while it is:
   a. being driven by an ***insured***; or
   b. in the custody of an ***insured*** if at the time of the ***loss*** it is:
      (1) not being driven; or
      (2) being driven by a ***person*** other than an ***insured*** and being ***occupied*** by an ***insured***; and
6. a ***non-owned trailer*** and a ***non-owned camper*** while it is being used by an ***insured***;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of ***trailers*** and campers must be securely fixed as a permanent part of the ***trailer*** or camper.

***Daily rental charge*** means the sum of:

1. the daily rental rate;
2. mileage charges; and
3. related taxes.

***Insured*** means ***you*** and ***resident relatives***.

***Loss*** means:

1. direct, sudden, and accidental damage to; or
2. total or partial theft of

a ***covered vehicle***. ***Loss*** does not include any reduction in the value of any ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

***Loss Caused By Collision*** means a ***loss*** caused by:

1. a ***covered vehicle*** hitting or being hit by another vehicle or other object; or
2. the overturning of a ***covered vehicle***.

Any ***loss*** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a ***Loss Caused By Collision***.

***Non-Owned Camper*** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who lives primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

***Non-Owned Trailer*** means a ***trailer*** that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who lives primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

**Insuring Agreements**

**1. Comprehensive Coverage**

***We*** will pay:

a. for ***loss***, except ***loss caused by collision***, to a ***covered vehicle***; and
b. transportation expenses incurred by an ***insured*** as a result of the total theft of ***your car*** or a ***newly acquired car***. These transportation expenses are payable:
   (1) during the period that:
      (a) starts on the date ***you*** report the theft to ***us***; and
      (b) ends on the earliest of:
         (i) the date the vehicle is returned to ***your*** possession in a drivable condition;
         (ii) the date ***we*** offer to pay ***you*** for the ***loss*** if the vehicle has not yet been recovered; or
         (iii) the date ***we*** offer to pay ***you*** for the ***loss*** if the vehicle is recovered, but is a total loss as determined by ***us***; and
   (2) during the period that:
      (a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to

***your*** possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

(b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**2. Collision Coverage**

***We*** will pay for ***loss caused by collision*** to a ***covered vehicle***.

**3. Emergency Road Service Coverage**

***We*** will pay the fair cost incurred by an ***insured*** for:

a. up to one hour of labor to repair a ***covered vehicle*** at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a ***covered vehicle*** is not drivable;

c. towing a ***covered vehicle*** out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a ***covered vehicle*** to driving condition. ***We*** do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a ***covered vehicle*** if its key is lost, stolen, or locked inside the vehicle.

**4. Car Rental and Travel Expenses Coverage**

**a. Car Rental Expense**

***We*** will pay the ***daily rental charge*** incurred when ***you*** rent a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

(1) not drivable; or

(2) being repaired

as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

***We*** will pay the ***daily rental charge*** incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the ***loss***; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date ***we*** offer to pay ***you*** for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

(c) five days after ***we*** offer to pay ***you*** for the ***loss*** if the vehicle is:

(i) a total loss as determined by ***us***; or

(ii) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by ***you*** must be reported to ***us*** before ***we*** will pay such amount.

**b. Travel Expenses**

***We*** will pay expenses for commercial transportation, lodging, and meals if ***your car*** or a ***newly acquired car*** is not drivable as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage. The ***loss*** must occur more than 50 miles from ***your*** home. ***We*** will only pay these expenses if they are incurred by:

(1) an ***insured*** during the period that:

(a) starts after the ***loss*** occurs; and

(b) ends on the earlier of:

(i) the ***insured's*** arrival at his or her destination or home if the vehicle is left behind for repairs; or

(ii) the repair of the vehicle if the ***insured*** waits for repairs before continuing on to his or her destination or returning home; and

(2) ***you***, or any ***person you*** choose, to travel to retrieve the vehicle and drive it to either the original destination or ***your*** home if the vehicle was left behind for repairs.

These expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**c. Rental Car – Repayment of Deductible Expense**

***We*** will pay the comprehensive deductible or collision deductible an ***insured*** is required to pay the owner of a ***car*** rented from a ***car business***.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If Symbol "D" is shown on the Declarations Page and the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Comprehensive Coverage, or if Symbol "G" is shown on the Declarations Page and the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Collision Coverage, then ***we*** will pay reasonable expenses incurred to:

1. tow the ***covered vehicle*** immediately after the ***loss***:
   a. for a reasonable distance from the location of the ***loss*** to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable; or
   b. to any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***. ***We*** will also pay reasonable expenses incurred to tow the ***covered vehicle*** for a reasonable distance from this facility to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable.
2. store the ***covered vehicle***, if it is not drivable immediately after the ***loss***, at:
   a. any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***; and
   b. any one repair facility chosen by the owner of the ***covered vehicle***, and ***we*** determine such vehicle is a total loss.

   If the owner of the ***covered vehicle*** consents, then ***we*** may move the ***covered vehicle*** at ***our*** expense to reduce storage costs. If the owner of the ***covered vehicle*** does not consent, then ***we*** will pay only the storage costs that would have resulted if ***we*** had moved the damaged ***covered vehicle***; and
3. clean up debris from the ***covered vehicle*** at the location of the ***loss***. The most ***we*** will pay to clean up the debris is $250 for any one ***loss***.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. ***We*** have the right to choose to settle with ***you*** or the owner of the ***covered vehicle*** in one of the following ways:
   a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible.
      (1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:
         (a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;
         (b) A bid or repair estimate approved by ***us***; or
         (c) A repair estimate that is written based upon or adjusted to:
            (i) the prevailing competitive price;
            (ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or
            (iii) a combination of (i) and (ii) above.

            The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

         ***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

         ***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.
      (2) The cost to repair the ***covered vehicle*** does not include any reduction in the value of the ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.
      (3) If the repair or replacement of a part results in betterment of that part, then ***you*** or the owner of the ***covered vehicle*** must pay for the amount of the betterment.
      (4) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced.
   b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible. The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment,

unless ***we*** agree that the owner may keep it. If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the value of the ***covered vehicle*** after the ***loss***.

c. Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.

3. The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

**1. Car Rental Expense**

The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

a. The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***. If:

(1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount;

(2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.

b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

**2. Travel Expenses**

The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

**3. Rental Car – Repayment of Deductible Expense**

The most ***we*** will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one ***loss*** is $500.

**Nonduplication**

***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment from, or on behalf of, a party who is legally liable for the ***loss*** or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:

a. INTENTIONALLY DAMAGED; OR

b. STOLEN

BY OR AT THE DIRECTION OF AN ***INSURED***;

2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

3. ANY ***COVERED VEHICLE*** WHILE IT IS USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;

4. ANY ***COVERED VEHICLE*** DUE TO:

a. THEFT;

b. CONVERSION;

c. EMBEZZLEMENT; OR

d. SECRETION

BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. ***LOSS*** TO ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IF AN ***INSURED*** VOLUNTARILY RELINQUISHES POSSESSION OF THAT ***CAR*** TO A ***PERSON*** OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

6. ANY ***COVERED VEHICLE*** TO THE EXTENT ***OUR*** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR ***LOSS*** TO SUCH ***COVERED VEHICLE***;

7. ***LOSS*** TO ANY ***COVERED VEHICLE*** DUE TO ***FUNGI***. THIS APPLIES REGARDLESS OF WHETHER OR NOT THE ***FUNGI*** RESULT FROM A ***LOSS*** THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. ***WE*** WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF ***FUNGI***, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY ***COVERED VEHICLE*** THAT ARE DUE TO THE EXISTENCE OF ***FUNGI***;

8. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:

a. NUCLEAR REACTION;

b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;
10. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM WAR OF ANY KIND;
11. ***YOUR CAR*** WHILE SUBJECT TO ANY:
    a. LIEN AGREEMENT;
    b. RENTAL AGREEMENT;
    c. LEASE AGREEMENT; OR
    d. SALES AGREEMENT

    NOT SHOWN ON THE DECLARATIONS PAGE;
12. ANY ***NON-OWNED CAR*** WHILE IT IS:
    a. BEING MAINTAINED OR USED BY ANY ***PERSON*** WHILE THAT ***PERSON*** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A ***CAR BUSINESS***; OR
    b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion (12.b.) does not apply to a ***private passenger car***;
13. ANY PART OR EQUIPMENT OF A ***COVERED VEHICLE*** IF THAT PART OR EQUIPMENT:
    a. FAILS OR IS DEFECTIVE; OR
    b. IS DAMAGED AS A DIRECT RESULT OF:
        (1) WEAR AND TEAR;
        (2) FREEZING; OR
        (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

        OF THAT PART OR EQUIPMENT.

    This exclusion does not apply if the ***loss*** is the result of theft of the ***covered vehicle***;
14. ANY PART OR EQUIPMENT:
    a. THAT IS NOT LEGAL FOR USE IN OR ON THE ***COVERED VEHICLE*** IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED; OR
    b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE ***COVERED VEHICLE***.

    However, if there is a legal version of the part or equipment that is necessary for the safe operation of the ***covered vehicle***, then ***we*** will pay the cost that ***we*** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. ***We*** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;
15. TIRES. This exclusion does not apply if:
    a. ***loss*** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or
    b. ***loss caused by collision*** to another part of the ***covered vehicle*** causes ***loss*** to tires;
16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;
17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;
18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:
    a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;
    b. ***OWNED BY*** AN ***INSURED***; AND
    c. NOT SHOWN ON THE DECLARATIONS PAGE; OR
19. ANY ***COVERED VEHICLE*** WHILE IT IS:
    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.
2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an ***insured*** by one or more of the ***State Farm Companies*** apply to the same ***loss*** or expense, then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a ***loss*** to ***your car***.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in ***your car***. Coverage for the creditor's interest is only provided for a ***loss*** that is payable to ***you***.

   However, if this policy is cancelled or nonrenewed, then ***we*** will provide coverage for the creditor's interest until ***we*** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a ***loss*** that would have been payable to ***you*** if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date ***we*** mail or electronically transmit a notice of the termination to the creditor. The mailing or electronic transmittal of the notice will be sufficient proof of notice.

2. If ***we*** pay such creditor, then ***we*** are entitled to the creditor's right of recovery against ***you*** to the extent of ***our*** payment. ***Our*** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

**1. Comprehensive Coverage and Collision Coverage**

   a. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle owned by you***:
      (1) ***You***;
      (2) The repairer; or
      (3) A creditor shown on the Declarations Page, to the extent of its interest.

   b. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle*** not ***owned by you***:
      (1) ***You***;
      (2) The owner of such vehicle;
      (3) The repairer; or
      (4) A creditor, to the extent of its interest.

**2. Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

   ***We*** may, at ***our*** option, make payment to one or more of the following:

   a. ***You***;
   b. The ***insured*** who incurred the expense; or
   c. Any party that provided the service for which payment is owed.

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE AND LOSS OF EARNINGS COVERAGE

### DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means a ***person*** whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

**Insuring Agreement**

***We*** will pay the highest applicable benefit shown in the following Death, Dismemberment and Loss of Sight Benefits Schedules if an ***insured***:

1. dies; or
2. suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days after the date of the accident.

**Benefit**

The applicable benefit shown in the schedule is the most ***we*** will pay for any one ***insured*** in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

### DEATH, DISMEMBERMENT AND LOSS OF SIGHT BENEFITS SCHEDULES

| If the amount shown on the Declarations Page for the ***insured*** is $5,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
|---|---|
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand & one foot; or one hand or one foot & all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb & a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

| If the amount shown on the Declarations Page for the ***insured*** is $10,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
|---|---|
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand & one foot; or one hand or one foot & all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb & a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

The benefits shown in the schedules are doubled for an ***insured*** who at the time of the accident was ***occupying*** a ***private passenger car*** and using a seat belt in the manner recommended by the vehicle's manufacturer.

### LOSS OF EARNINGS COVERAGE

This policy provides Loss of Earnings Coverage if "Z" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means a ***person*** whose name is shown under "Loss of Earnings Coverage – Persons Insured" on the Declarations Page.

***Total Disability*** means the ***insured's*** inability to work, either full or part time, in his or her occupation or any other similar occupation for which he or she is reasonably fitted by education, training, or experience.

***Weekly Earnings*** means 85% of all earnings for the ***insured's*** services before any deductions. When ***weekly earnings*** cannot be determined on a weekly basis an average will be used. The average is 85% of the total earnings for the 52 weeks just prior to the accident divided by 52.

**Insuring Agreement**

***We*** will pay the ***insured*** his or her loss of ***weekly earnings***, which occur while the ***insured*** is living, due to continuous ***total disability*** that:

1. is the direct result of ***bodily injury*** caused by an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle

and not due to any other cause. At the time of the accident, the ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer; and

2. starts within 20 days after the date of the accident and lasts for a period of at least 30 consecutive days. ***We*** will not pay for the first seven days of the 30 day period.

**Limit**

The most ***we*** will pay any one ***insured*** is:

1. $250 for each full workweek of ***total disability***; and
2. a pro rata portion of $250 for less than a full workweek of ***total disability***.

Subject to the workweek limit, the most ***we*** will pay any one ***insured*** for all loss of ***weekly earnings*** due to any one accident is $15,000.

***We*** will pay once every two weeks the ***insured's*** loss of ***weekly earnings*** owed.

**Exclusions – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage**

DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE AND LOSS OF EARNINGS COVERAGE DO NOT APPLY TO AN ***INSURED***:

1. WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A ***CAR BUSINESS***;
2. WHILE ***OCCUPYING***, LOADING, OR UNLOADING:
   a. AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;
   b. A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:
      (1) ***INSURED'S*** BUSINESS; OR
      (2) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A ***CAR BUSINESS***.

      This exclusion (2.b.) does not apply if the vehicle is a ***private passenger car***;
   c. A MILITARY VEHICLE; OR
   d. A VEHICLE WHILE IT IS:
      (1) BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
      (2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING;
3. WHILE ***OCCUPYING***, LOADING, UNLOADING, OR WHO IS STRUCK AS A ***PEDESTRIAN*** BY:
   a. A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;
   b. A MOTOR VEHICLE THAT IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   c. A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES; OR
4. FOR DEATH, DISMEMBERMENT, LOSS OF SIGHT, OR ***TOTAL DISABILITY*** THAT RESULTS FROM:
   a. WAR OF ANY KIND;
   b. NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
   c. THE DISCHARGE OF A FIREARM;
   d. EXPOSURE TO ***FUNGI***;
   e. SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE ***INSURED*** WAS SANE OR INSANE; OR
   f. DISEASE except pus-forming infection due to ***bodily injury*** sustained in the accident.

**Our Payment Options – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** or organization authorized by law to receive such payment.

## INSURED'S DUTIES

**1. Notice to Us of an Accident or Loss**

The ***insured*** must give ***us*** or one of ***our*** agents notice of the accident or ***loss*** as soon as reasonably possible. The notice must give ***us***:

a. ***your*** name;

b. the names and addresses of all ***persons*** involved in the accident or ***loss***;

c. the hour, date, place, and facts of the accident or ***loss***; and

d. the names and addresses of witnesses to the accident or ***loss***.

**2. Notice to Us of a Claim or Lawsuit**

a. If a claim is made against an ***insured***, then that ***insured*** must immediately send ***us*** every demand, notice, and claim received.

b. If a lawsuit is filed against an ***insured***, then that ***insured*** must immediately send ***us*** every summons and legal process received.

**3. Insured's Duty to Cooperate With Us**

a. The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:

(1) making settlements;

(2) securing and giving evidence; and

(3) attending, and getting witnesses to attend, depositions, hearings, and trials.

b. The ***insured*** must not, except at his or her own cost, voluntarily:

(1) make any payment to others; or

(2) assume any obligation to others

unless authorized by the terms of this policy.

c. Any ***person*** or organization making claim under this policy must, when ***we*** require, give ***us*** proof of loss on forms ***we*** furnish.

**4. Questioning Under Oath**

Under:

a. Liability Coverage, each ***insured***;

b. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage, each ***insured***, or any other ***person*** or organization making claim or seeking payment; and

c. Physical Damage Coverages, each ***insured*** or owner of a ***covered vehicle***, or any other ***person*** or organization making claim or seeking payment;

must, at ***our*** option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as ***we*** require. Such ***person*** or organization must answer questions under oath, asked by anyone ***we*** name, and sign copies of the answers. ***We*** may require each ***person*** or organization answering questions under oath to answer the questions with only that ***person's*** or organization's legal representative, ***our*** representatives, any ***person*** or ***persons*** designated by ***us*** to record the questions and answers, and no other ***person*** present.

**5. Other Duties Under the Physical Damage Coverages**

When there is a ***loss***, ***you*** or the owner of the ***covered vehicle*** must:

a. protect the ***covered vehicle*** from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

b. make a prompt report to the police when the ***loss*** is the result of theft;

c. allow ***us*** to:

(1) inspect any damaged property before its repair or disposal;

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the ***covered vehicle*** at ***our*** expense in order to conduct such inspection or testing;

d. provide ***us*** all:

(1) records;

(2) receipts; and

(3) invoices

that ***we*** request and allow ***us*** to make copies; and

e. not abandon the ***covered vehicle*** to ***us***.

**6. Other Duties Under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage**

A ***person*** making claim under:

a. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must:

(1) notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that

***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;

(2) be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request;

(3) provide written authorization for ***us*** to obtain:

(a) medical bills;

(b) medical records;

(c) wage, salary, and employment information; and

(d) any other information ***we*** deem necessary to substantiate the claim.

If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***; and

(4) allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident;

b. Uninsured Motor Vehicle Coverage must report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police within 24 hours and to ***us*** within 30 days;

c. Uninsured Motor Vehicle Coverage must send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files a lawsuit against the party liable for the accident; and

d. Loss of Earnings Coverage must:

(1) make a claim under this policy;

(2) report to us when that ***person*** has a ***total disability***; and

(3) provide proof of continued ***total disability*** when ***we*** ask for it.

## GENERAL TERMS

**1. When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

**2. Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

**3. Newly Owned or Newly Leased Car**

If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

a. request ***we*** replace the ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

(1) before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

(2) after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount

due will be calculated based on that date; or

b. apply to the ***State Farm Companies*** for a separate policy to insure the ***car*** newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

**4. Changes to This Policy**

**a. Changes in Policy Provisions**

***We*** may only change the provisions of this policy by:

(1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

(2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then ***we*** will give ***you*** the broader coverage as of the date ***we*** make the change effective in the state of Alabama without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

**b. Change of Interest**

(1) No change of interest in this policy is effective unless ***we*** consent in writing.

(2) Except under Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage, if a named insured dies, then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

(a) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured.

This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

Policy notice requirements are met by mailing the notice to the deceased named insured's last known address.

**c. Joint and Individual Interests**

If ***you*** consists of more than one ***person*** or entity, then each acts for all to change or cancel the policy.

**5. Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the ***State Farm Companies*** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. The premium for this policy may vary based upon the purchase of other insurance from the ***State Farm Companies***.

d. The premium for this policy is based upon information ***we*** have received from ***you*** or other sources. ***You*** must inform ***us*** if any information regarding the following is incorrect or incomplete, or changes during the policy period, and ***you*** must answer questions ***we*** ask regarding the following:

(1) ***Your car***, or its use, including annual mileage;

(2) The ***persons*** who regularly drive ***your car***, including newly licensed family members;

(3) ***Your*** marital status; or

(4) The location where ***your car*** is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to ***us*** when ***we*** ask, then ***we*** may decrease or increase the premium during the policy period. If ***we*** decrease the premium during the policy period, then ***we*** will provide a refund or a credit in the amount of the decrease. If ***we*** increase the premium during the policy period, then ***you*** must pay the amount of the increase.

**6. Renewal**

***We*** agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless ***we*** mail or deliver a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

**7. Nonrenewal**

If ***we*** decide not to renew this policy, then, at least 30 days before the end of the current policy period, ***we*** will mail or deliver a nonrenewal notice

to the most recent address provided to ***us*** by ***you*** as the policy address. The mailing of the notice will be sufficient proof of notice.

**8. Cancellation**

**a. How You May Cancel**

***You*** may cancel this policy by providing to ***us*** advance notice of the date cancellation is effective. ***We*** may confirm the cancellation in writing.

**b. How and When We May Cancel**

***We*** may cancel this policy by mailing or delivering a written notice to the most recent address provided to ***us*** by ***you*** as the policy address. The notice will provide the date cancellation is effective.

The mailing of the notice will be sufficient proof of notice.

(1) If ***we*** mail or deliver a cancellation notice:

(a) during the first 59 days following this policy's effective date; or

(b) because the premium is not paid when due,

then the date cancellation is effective will be at least 10 days after the date ***we*** mail or deliver the cancellation notice.

Otherwise, the date cancellation is effective will be at least 20 days after the date ***we*** mail or deliver the cancellation notice.

(2) After this policy has been in force for more than 59 days, ***we*** will not cancel this policy before the end of the current policy period unless:

(a) the premium is not paid when due;

(b) ***you***, any ***resident relative***, or any other ***person*** who usually drives ***your car*** has:

(i) had his or her driver's license under suspension or revocation; or

(ii) been convicted of driving without having a valid driver's license

during the 180 days immediately before the effective date of the policy or during the policy period; or

(c) any ***insured*** made a false or fraudulent claim or knowingly aided or abetted another ***person*** in the presentation of such a claim.

**c. Return of Unearned Premium**

If ***you*** cancel this policy, then premium may be earned on a short rate basis. If ***we*** cancel this policy, then premium will be earned on a pro rata basis.

Any unearned premium may be returned within a reasonable time after cancellation. Delay in the return of any unearned premium does not affect the cancellation date.

**9. Assignment**

No assignment of benefits or other transfer of rights is binding upon ***us*** unless approved by ***us***.

**10. Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the ***insured*** or his or her estate will not relieve ***us*** of ***our*** obligations under this policy.

**11. Concealment or Fraud**

There is no coverage under this policy if ***you*** or any other ***person*** insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

**12. Our Right to Recover Our Payments**

Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage payments are not recoverable by ***us***. Under all other coverages the following apply:

**a. Subrogation**

If ***we*** are obligated under this policy to make payment to or for a ***person*** or organization who has a legal right to collect from another ***person*** or organization, then ***we*** will be subrogated to that right to the extent of ***our*** payment. This applies regardless of whether or not the ***person*** or organization to or for whom ***we*** make payment is fully compensated for damages sustained in the accident.

The ***person*** or organization to or for whom ***we*** make payment must help ***us*** recover ***our*** payments by:

(1) doing nothing to impair that legal right;

(2) executing any documents ***we*** may need to assert that legal right; and

(3) taking legal action through ***our*** representatives when ***we*** ask.

**b. Reimbursement**

If ***we*** make payment under this policy and the ***person*** or organization to or for whom ***we*** make payment recovers or has recovered from another ***person*** or organization,

then the ***person*** or organization to or for whom ***we*** make payment must:

(1) hold in trust for ***us*** the proceeds of any recovery; and

(2) reimburse ***us*** to the extent of ***our*** payment.

This applies regardless of whether or not the ***person*** or organization to or for whom ***we*** make payment is fully compensated for damages sustained in the accident.

**13. Legal Action Against Us**

There is no right of action against ***us***:

a. until all the terms of this policy have been met;

b. under Liability Coverage until the amount of damages an ***insured*** is legally liable to pay has been finally determined by:

(1) judgment after actual trial, and appeal if any; or

(2) agreement between the ***insured***, the claimant, and ***us***; and

c. under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, any Physical Damage Coverage, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage, until 30 days after ***we*** get the ***insured's*** notice of accident or ***loss***.

**14. Choice of Law**

Without regard to choice of law rules, the law of the State of:

a. Alabama will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

**15. Terms of Policy Conformed to Statute**

Liability Coverage for ***bodily injury*** and damage to property provided by this policy is done so in accordance with the coverage defined in the Alabama Motor Vehicle Safety Responsibility Act and is subject to all of its provisions.

**16. Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

State Farm®

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See “INSURED’S DUTIES” in this policy booklet.)

SAMPLE

# State Farm® **Car Policy** Booklet

**Arkansas**

Policy Form 9804A

## CONTENTS


**THIS POLICY** .... 3

**DEFINITIONS** .... 4

**LIABILITY COVERAGE** .... 5

- Additional Definition .... 5
- Insuring Agreement .... 6
- Supplementary Payments .... 6
- Limits .... 6
- Nonduplication .... 7
- Exclusions .... 7
- If Other Liability Coverage Applies .... 8
- Required Out-of-State Liability Coverage .... 9
- Financial Responsibility Certification .... 9

**MEDICAL PAYMENTS COVERAGE, DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE, AND TOTAL DISABILITY COVERAGE** .... 9

- Additional Definitions .... 9
- Insuring Agreements .... 10
- Determining Medical Expenses – Medical Payments Coverage .... 11
- Limits .... 11
- Payment of Any Amount Due – Total Disability Coverage
- Nonduplication .... 12
- Exclusions .... 12
- If Other Medical Payments Coverage, Total Disability Coverage or Similar Vehicle Insurance Applies .... 13
- Our Payment Options .... 14

**UNINSURED MOTOR VEHICLE COVERAGE — BODILY INJURY** .... 14

- Additional Definitions .... 14
- Insuring Agreement .... 15
- Consent to Settlement .... 15
- Deciding Fault and Amount .... 15
- Limits .... 15
- Nonduplication .... 15
- Exclusions .... 16
- If Other Uninsured Motor Vehicle Coverage Applies .... 16
- Our Payment Options .... 17

**UNINSURED MOTOR VEHICLE COVERAGE — PROPERTY DAMAGE** .... 17

- Additional Definitions .... 17
- Insuring Agreement .... 18
- Consent to Settlement .... 18
- Deciding Fault and Amount .... 18
- Limits .... 18
- Nonduplication .... 19
- Exclusions .... 19
- If Other Uninsured Motor Vehicle Coverage Applies .... 19
- Our Payment Options .... 19

**UNDERINSURED MOTOR VEHICLE COVERAGE** .... 19

- Additional Definitions .... 19
- Insuring Agreement .... 20
- Tentative Agreement to Settle .... 20
- Deciding Fault and Amount .... 20
- Limits .... 21
- Nonduplication .... 21
- Exclusions .... 21
- If Other Underinsured Motor Vehicle Coverage Applies .... 22
- Our Payment Options .... 23

**PHYSICAL DAMAGE COVERAGES** .... 23

- Additional Definitions .... 23
- Insuring Agreements .... 24
- Supplementary Payments – Comprehensive Coverage and Collision Coverage .... 25
- Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage .... 25
- Limits – Car Rental and Travel Expenses Coverage .... 26
- Nonduplication .... 26
- Exclusions .... 27
- If Other Physical Damage Coverage or Similar Coverage Applies .... 28
- Financed Vehicle .... 28
- Our Payment Options .... 29


SAMPLE

**INSURED'S DUTIES** ........................................ 29
Notice to Us of an Accident or Loss ................ 29
Notice to Us of a Claim or Lawsuit ................. 29
Insured's Duty to Cooperate With Us ............. 29
Questioning Under Oath .................................. 29
Other Duties Under the Physical Damage Coverages .......................................... 30
Other Duties Under Medical Payments Coverage, Death, Dismemberment and Loss of Sight Coverage, Total Disability Coverage, Uninsured Motor Vehicle Coverage, and Underinsured Motor Vehicle Coverage ..... 30
**GENERAL TERMS** .......................................... 31
When Coverage Applies .................................. 31
Where Coverage Applies ................................. 31
Newly Owned or Newly Leased Car ................31
Changes to This Policy.....................................31
Premium ..........................................................32
Renewal...........................................................32
Nonrenewal .....................................................32
Cancellation.....................................................32
Assignment......................................................33
Bankruptcy or Insolvency of the Insured .........33
Concealment or Fraud ......................................33
Our Right to Recover Our Payments................33
Legal Action Against Us..................................33
Conformed to Statute........................................34
Choice of Law ..................................................34
Severability ......................................................34

SAMPLE

## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.
2. This policy contains all of the agreements between all named insureds and applicants and:
   a. ***us***; and
   b. any of ***our*** agents.
3. ***We*** agree to provide insurance according to the terms of this policy:
   a. based on payment of premium for the coverages chosen; and
   b. unless otherwise stated in EXCEPTIONS, POLICY BOOKLET, AND ENDORSEMENTS on the Declarations Page, in reliance on the following statements:
      (1) The named insured is the sole owner of ***your car***.
      (2) Neither ***you*** nor any member of ***your*** household has, within the past three years, had:
         (a) vehicle insurance canceled or nonrenewed by an insurer; or
         (b) either:
            (i) a license to drive; or
            (ii) a vehicle registration

            suspended, revoked, or refused.
      (3) ***Your car*** is used for pleasure and business.
4. All named insureds and applicants agree by acceptance of this policy that:
   a. the statements in 3.b. above are made by the named insured or applicant and are true; and
   b. ***we*** provide this insurance on the basis those statements are true.

## DEFINITIONS

***We*** define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, and possessive forms of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. It does not include:

1. Any vehicle while located for use as a dwelling or other premises; or
2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

***Fungi*** means any type or form of fungus or fungi and includes:

1. Mold;
2. Mildew; and
3. Any of the following that are produced or released by fungi:
   a. Mycotoxins;
   b. Spores;
   c. Scents; or
   d. Byproducts.

***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
2. the end of the 20th calendar day immediately following the date the ***car*** is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***:
   a. ***you***;
   b. any ***resident relative***;
   c. any other ***person*** who resides primarily in ***your*** household; or
   d. an employer of any ***person*** described in a., b., or c. above; nor
2. has been operated by, rented by, or in the possession of:
   a. ***you***; or
   b. any ***resident relative***

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or ***loss***.

***Occupying*** means in, on, entering, or exiting.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;
2. registered to; or
3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Pedestrian*** means a ***person*** who is not ***occupying***:

1. a motorized vehicle; or
2. a vehicle designed to be pulled by a motorized vehicle.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or
2. a pickup truck, van, minivan, or sport utility vehicle:
   a. that is not used for:
      (1) wholesale; or
      (2) retail

      pick up or delivery; and
   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Resident Relative*** means a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or
2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;
2. State Farm Fire and Casualty Company; and
3. Any of their affiliates.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. damage; or
   e. theft; and
2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. only those trailers:
   a. designed to be pulled by a ***private passenger car***;
   b. not designed to carry ***persons***; and
   c. while not used as premises for office, store, or display purposes; or
2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

***Your Car*** means the vehicle shown under YOUR CAR on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under YOUR CAR, and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;
2. the date this policy is no longer in force; or
3. the date ***you*** no longer own or lease the ***car*** being replaced.

## LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***trailer***; and
   b. the maintenance or use of:
      (1) a ***non-owned car***; or
      (2) a ***temporary substitute car***;
2. the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished by an employer to, a ***person*** who resides primarily in ***your*** household, but only if such ***car*** is neither ***owned by***, nor furnished by an employer to, the first ***person*** shown as a named insured on the Declarations Page or that ***person's*** spouse;

SAMPLE

3. any other ***person*** for his or her use of:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent; and
4. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. ***We*** will pay:
   a. damages an ***insured*** becomes legally liable to pay because of:
      (1) ***bodily injury*** to others; and
      (2) damage to property

      caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy;
   b. attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages; and
   c. court costs charged to an ***insured*** and resulting from that part of a lawsuit:
      (1) that seeks damages payable under this policy's Liability Coverage; and
      (2) against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

   ***We*** have no duty to pay attorney fees and court costs incurred after ***we*** deposit in court or pay the amount due under this policy's Liability Coverage.
2. ***We*** have the right to:
   a. investigate, negotiate, and settle any claim or lawsuit;
   b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and
   c. appeal any award or legal decision

   for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the ***insured*** that accrues:
   a. before a judgment, where owed by law, but only on that part of the judgment ***we*** pay; and
   b. after a judgment. ***We*** will not pay interest on damages paid or payable by a party other than the ***insured*** or ***us***.

   ***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;
2. Premiums for bonds, provided by a company chosen by ***us***, required to appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:
   a. pay for bonds that exceed this policy's applicable Liability Coverage limit;
   b. furnish or apply for any bonds; or
   c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and
3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:
   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:
      (1) an arbitration;
      (2) a mediation; or
      (3) a trial of a lawsuit; and
   b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident, including all damages sustained by other ***persons*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will

SAMPLE

pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***persons*** injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay any damages or expenses under Liability Coverage that have already been paid under Medical Payments Coverage, Death, Dismemberment and Loss of Sight Coverage, Total Disability Coverage, Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage of any policy, other than this policy, issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO INTENTIONALLY CAUSES ***BODILY INJURY*** OR DAMAGE TO PROPERTY;
2. FOR ***BODILY INJURY*** TO:
   a. ***YOU;***
   b. ***RESIDENT RELATIVES***; AND
   c. ANY OTHER ***PERSON*** WHO BOTH RESIDES PRIMARILY WITH AN ***INSURED*** AND WHO:
      (1) IS RELATED TO THAT ***INSURED*** BY BLOOD, MARRIAGE, OR ADOPTION; OR
      (2) IS A WARD OR FOSTER CHILD OF THAT ***INSURED***;
3. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;
4. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;
5. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion does not apply to ***you*** and ***resident relatives*** who are legally liable for ***bodily injury*** to fellow employees;
6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
7. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
8. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***; or
   b. any ***resident relative***

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer***;
9. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
10. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
11. FOR DAMAGE TO PROPERTY WHILE IT IS:
    a. ***OWNED BY***;
    b. RENTED TO;
    c. USED BY;
    d. IN THE CARE OF; OR
    e. TRANSPORTED BY

    ***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to either damage to a residence while rented to or leased to an ***insured*** or damage to a private garage while rented to or leased to an ***insured***;
12. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;

SAMPLE

13. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;
14. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;
15. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:
    a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING; OR
16. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1. If Liability Coverage provided by this policy and one or more other Car Policies issued to ***you*** or any ***resident relative*** by one or more of the ***State Farm Companies*** apply to the same accident, then:
    a. the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and
    b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of ***your car*** or a ***trailer*** attached to it. The Liability Coverage provided by this policy also applies as primary coverage, up to the limits required by the Motor Vehicle Safety Responsibility Act, for the maintenance or use of a ***car*** loaned to ***you*** by a legally licensed automobile dealer as a ***temporary substitute car*** or as a demonstrator vehicle if the ***car*** is being maintained or used by ***you*** or a ***resident relative***.
    a. If:
        (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as primary coverage; and
        (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

        then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as primary coverage.
    b. If:
        (1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as primary coverage; and
        (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

        then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.
3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.
    a. If:
        (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as excess coverage; and
        (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

        then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as excess coverage.



SAMPLE

b. If:

(1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an ***insured*** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and
2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

SAMPLE

## MEDICAL PAYMENTS COVERAGE, DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE, AND TOTAL DISABILITY COVERAGE

This policy provides:

1. Medical Payments Coverage if "C" is shown under "SYMBOLS" on the Declarations Page;
2. Death, Dismemberment and Loss of Sight Coverage if "S1" or "S2" is shown under "SYMBOLS" on the Declarations Page. "S" with a number beside it on the Declarations Page is ***your*** coverage symbol.
3. Total Disability Coverage if "T1", "T2" or "T3" is shown under "SYMBOLS" on the Declarations Page. "T" with a number beside it on the Declarations Page is ***your*** coverage symbol.

**Additional Definitions**

***Income Producer*** means a ***person*** who, at the time of the accident, was receiving salary, wages, tips, commissions, fees or other earnings from work or employment.

***Insured*** means:

1. ***you*** and ***resident relatives***:
2. any other ***person*** who is not provided other similar coverage as a named insured or an additional insured under another valid and collectible automobile insurance policy while:

a. ***occupying***:

(1) ***your car***;

(2) a ***newly acquired car***;

(3) a ***temporary substitute car***; or

(4) a ***trailer*** while attached to a ***car*** described in (1), (2), or (3) above.

Such vehicle must be used by a ***person*** who is an ***insured*** under Liability Coverage.

b. ***occupying*** a ***car*** loaned to ***you*** by a legally licensed automobile dealer for use as a demonstrator vehicle. The vehicle must be operated by ***you***.

c. that ***person*** is either not ***occupying*** a self-propelled vehicle, or is ***occupying*** a motorcycle, if ***your car***, a ***newly acquired car*** or a ***temporary substitute car***:

(1) strikes such ***person***; and

(2) is driven by a ***person*** who is an ***insured*** under Liability Coverage of this policy.

***Medical Expenses*** mean ***reasonable expenses*** for ***medical services***.

***Medical Services*** mean treatments, procedures, products, and other services that are:

1. necessary to achieve maximum medical improvement for the ***bodily injury***;
2. rendered by a healthcare provider:
   a. who is licensed as a healthcare provider if a license is required by law; and
   b. within the legally authorized scope of that healthcare provider's practice;
3. commonly and customarily recognized throughout the medical profession and within the United States of America as appropriate for the treatment of the ***bodily injury***;
4. primarily designed to serve a medical purpose;
5. nonmedical remedial treatments provided in accordance with a recognized religious method of healing;
6. not experimental; and
7. not for research purposes.

***Reasonable Expenses*** mean the lowest one of the following charges:

1. The usual and customary fees charged by a majority of healthcare providers who provide similar ***medical services*** in the geographical area in which the charges were incurred;
2. The fee specified in any fee schedule:
   a. applicable to medical payments coverage, no-fault coverage, or personal injury protection coverage included in motor vehicle liability policies issued in the state where ***medical services*** are provided; and
   b. as prescribed or authorized by the law of the state where ***medical services*** are provided;
3. The fees agreed to by both the ***insured's*** healthcare provider and ***us***; or
4. The fees agreed upon between the ***insured's*** healthcare provider and a third party when ***we*** have a contract with such third party.

***Total Disability*** means any disability that continuously keeps the ***insured*** from doing any and every duty that pertains to his or her occupation.

***Weekly Indemnity*** means, if the ***insured*** is:

1. an ***income producer***, the lower of:
   a. 70% of the loss of salary, wages, tips, commissions, fees and other earnings from work or employment; or
   b. the weekly amount shown in the Total Disability Coverage schedule that is applicable to ***your*** coverage symbol.
2. not an ***income producer***, the amount payable up to a maximum of $70 per week or pro-rata for a partial week, for reasonable expenses incurred for needed services that would have been performed by the ***insured***:
   a. in the absence of the ***bodily injury*** sustained by that ***insured***;
   b. for the benefit of the ***insured*** or the family of the ***insured***; and
   c. without pay.

**Insuring Agreements**

**1. Medical Payments Coverage**

***We*** will pay:

a. ***medical expenses*** incurred because of ***bodily injury*** that is sustained by an ***insured*** and caused by a land motor vehicle accident. ***We*** will only pay such ***medical expenses*** for ***medical services*** provided within two years immediately following the date of the accident; and

b. funeral expenses incurred for an ***insured*** who dies within two years immediately following the date of a motor vehicle accident if the death is a direct result of ***bodily injury*** sustained in such accident.

**2. Death, Dismemberment and Loss of Sight Coverage**

***We*** will pay the highest benefit applicable to both ***your*** coverage symbol and the death or loss shown in the Death, Dismemberment and Loss of Sight Coverage Schedule if an ***insured***:

a. dies; or

b. suffers dismemberment or permanent loss of sight, as described in the schedule

and the death or loss is caused by a land motor vehicle accident.

The ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer at the time of the accident.

The dismemberment or permanent loss of sight must occur within 90 days immediately following the date of the accident. Death must occur within one year immediately following the date of the accident. If the death occurs within 24 hours after the accident, ***we*** will only pay the amount that applies to death.

**3. Total Disability Coverage**

***We*** will pay ***weekly indemnity*** for ***total disability*** to an ***insured***. The ***total disability*** must result from ***bodily injury*** caused by a land motor

SAMPLE

vehicle accident. ***Weekly indemnity*** begins on the 8th day immediately following the date of the accident.

**Determining Medical Expenses – Medical Payments Coverage**

***We*** have the right to:

1. obtain and use:
   a. utilization reviews;
   b. peer reviews; and
   c. medical bill reviews

   to determine if the incurred charges are ***medical expenses***;
2. use a medical examination of the ***insured*** to determine if:
   a. the ***bodily injury*** was caused by a motor vehicle accident; and
   b. the expenses incurred are ***medical expenses;*** and
3. enter into a contract with a third party that has an agreement with the ***insured's*** healthcare provider to charge fees as determined by that agreement.

**Limits**

1. **Medical Payments Coverage**

   The Medical Payments Coverage limit is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person". This limit is the most ***we*** will pay for the ***medical expenses*** and funeral expenses combined, incurred by or on behalf of any one ***insured*** as a result of any one accident, regardless of the number of:
   a. ***insureds***;
   b. claims made;
   c. vehicles insured; or
   d. vehicles involved in the accident.

   Subject to the limit shown on the Declarations Page, the most ***we*** will pay for funeral expenses incurred for any one ***insured*** is $5,000.
2. **Death, Dismemberment and Loss of Sight Coverage**
   a. The applicable benefit shown in the schedule is the most ***we*** will pay for any one ***insured*** in any one accident.

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE SCHEDULE**

***We*** will pay the benefit in this schedule for death or for the described dismemberment or permanent loss of sight that is applicable to ***your*** coverage symbol.

| Coverage Symbol | S1 | S2 |
|---|---|---|
| Death | $5,000 | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand & one foot; or one hand or one foot & all sight of one eye | $5,000 | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 | $5,000 |
| Loss of the thumb & a finger on one hand; or any three fingers | $1,500 | $3,000 |
| Loss of any two fingers | $1,000 | $2,000 |

The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off.

   b. The benefits shown in the schedule are doubled for an ***insured*** who, at the time of the accident, was ***occupying*** a ***private passenger car*** and using a seat belt in the manner recommended by the vehicle's manufacturer.
3. **Total Disability Coverage**
   a. The benefit applicable to ***your*** coverage symbol shown in the Total Disability Coverage schedule is the most ***we*** will pay for any one ***insured*** in any one accident.

**TOTAL DISABILITY COVERAGE SCHEDULE**

| Coverage Symbol | T1 | T2 | T3 |
|---|---|---|---|
| Weekly amount if ***insured*** is an ***income producer*** | $140 | $250 | $500 |
| Weekly amount if ***insured*** is not an ***income producer*** | $ 70 | $ 70 | $ 70 |
| Period of Time (in weeks) | 52 | 104 | 104 |

   b. ***Weekly indemnity*** ends on the earliest of:
      (1) the death of the ***insured***;
      (2) when ***we*** have made payments for the period of time shown in the schedule for ***your*** coverage symbol;
      (3) when an ***insured*** who is an ***income producer*** is again able to engage in gainful activity; or
      (4) when an ***insured*** who is not an ***income producer*** is again able to perform the needed services.

SAMPLE

**Payment of Any Amount Due – Total Disability Coverage**

Payments will be made on a monthly basis within 30 days after we receive proof of:

1. continued ***total disability***; and
2. the amount due.

**Nonduplication**

**Medical Payments Coverage and Total Disability Coverage**

***We*** will not pay any ***medical expenses***, funeral expenses or ***weekly indemnity*** that has already been paid:

1. as damages under Liability Coverage, Uninsured Motor Vehicle Coverage, or Underinsured Motor Vehicle Coverage of any policy, other than this policy, issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
2. by or on behalf of a party who is legally liable for the ***insured's bodily injury***.

**Exclusions**

**1. Medical Payments Coverage**

THERE IS NO COVERAGE FOR AN ***INSURED*** WHO IS STRUCK AS A ***PEDESTRIAN*** BY A MOTOR VEHICLE, ***OWNED BY*** THAT ***INSURED*** OR ***YOU***, IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***.

**2. Medical Payments Coverage, Death, Dismemberment and Loss of Sight Coverage and Total Disability Coverage**

THERE IS NO COVERAGE FOR AN ***INSURED***:

a. IF ANY WORKERS' COMPENSATION LAW OR ANY SIMILAR LAW APPLIES TO THAT ***INSURED'S BODILY INJURY***;

b. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

c. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to:

(1) the use of a ***private passenger car*** on a share-the-expense basis; or

(2) an ***insured*** while ***occupying*** a ***non-owned car*** as a passenger;

d. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:

(1) ***you***; or

(2) any ***resident relative***

while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer***;

e. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;

f. WHILE MAINTAINING OR USING A ***NON-OWNED CAR*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;

g. WHO IS EITHER ***OCCUPYING*** OR STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES;

h. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT:

(1) IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR

(2) RUNS ON RAILS OR CRAWLER-TREADS;

i. WHOSE ***BODILY INJURY*** RESULTS FROM WAR OF ANY KIND;

j. WHOSE ***BODILY INJURY*** RESULTS FROM:

(1) NUCLEAR REACTION;

(2) RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

(3) THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

k. WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;



SAMPLE

l. WHOSE ***BODILY INJURY*** RESULTS FROM EXPOSURE TO ***FUNGI***; OR

m. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS:

   (1) BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST;

   (2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING; OR

n. WHOSE CONDUCT CONTRIBUTED TO HIS OR HER ***BODILY INJURY*** WHILE:

   (1) INTENTIONALLY CAUSING ***BODILY INJURY*** TO HIMSELF OR HERSELF;

   (2) COMMITTING A FELONY; OR

   (3) TRYING TO AVOID LAWFUL APPREHENSION OR ARREST BY A LAW ENFORCEMENT OFFICIAL.

**3. Death, Dismemberment and Loss of Sight Coverage and Total Disability Coverage**

THERE IS NO COVERAGE FOR AN ***INSURED***:

a. WHILE ***OCCUPYING***, LOADING, OR UNLOADING:

   (1) AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT; OR

   (2) A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:

      (a) ***INSURED'S*** BUSINESS; OR

      (b) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN THE ***INSURED'S*** BUSINESS OR JOB.

   This exclusion (3.a.2) does not apply if the vehicle is a ***private passenger car***.

b. FOR DEATH, DISMEMBERMENT, LOSS OF SIGHT, OR ***TOTAL DISABILITY*** THAT RESULTS FROM:

   (1) SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE ***INSURED*** WAS SANE OR INSANE; OR

   (2) DISEASE except pus-forming infection due to ***bodily injury*** sustained in the accident.

**If Other Medical Payments Coverage, Total Disability Coverage or Similar Vehicle Insurance Applies**

1. An ***insured*** shall not recover for the same ***medical expenses***, funeral expenses or ***weekly indemnity*** under both this policy and other similar vehicle insurance.

2. If coverage is provided for ***medical expenses***, funeral expenses or ***weekly indemnity*** by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by one or more of the ***State Farm Companies*** and the coverage applies to the same ***bodily injury***, then:

   a. the coverage limits of such policies shall not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest limit of the applicable coverage provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

3. If:

   a. this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides coverage for ***medical expenses***, funeral expenses or ***weekly indemnity*** which applies to the accident; and

   b. other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies to the same accident,

   then ***we*** will pay the proportion of ***medical expenses***, funeral expenses and ***weekly indemnity*** payable that ***our*** limit applicable to the coverage that provides the payment bears to the sum of ***our*** applicable limit and the limits of all other similar vehicle insurance that apply.

4. If:

   a. more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides coverage for ***medical expenses***, funeral expenses or ***weekly indemnity*** which applies to the accident; and

   b. similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies to the same accident,



SAMPLE

then the ***State Farm Companies*** will pay the proportion of ***medical expenses***, funeral expenses and ***weekly indemnity*** payable that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other similar vehicle insurance that apply.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***;
4. A ***person*** authorized by law to receive such payment; or
5. Any ***person*** or organization that provides the ***medical services*** or funeral services.

SAMPLE

## UNINSURED MOTOR VEHICLE COVERAGE — BODILY INJURY

This policy provides Uninsured Motor Vehicle Coverage – Bodily Injury if "U" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***car*** loaned to ***you*** by a legally licensed automobile dealer for use as a demonstrator vehicle. The vehicle must be operated by ***you*** or a ***resident relative***.

   Such vehicle must be used within the scope of ***your*** consent. Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and
4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Punitive Damages*** means damages imposed to punish a wrongdoer and to deter others from similar conduct.

***Uninsured Motor Vehicle*** means a land motor vehicle:

1. the ownership, maintenance, and use of which is:
   a. not insured or bonded for bodily injury liability at the time of the accident; or
   b. insured or bonded for bodily injury liability at the time of the accident; but
      (1) the limits are less than required by the financial responsibility act of Arkansas; or
      (2) the insuring company:
         (a) denies that its policy provides liability coverage for compensatory damages that result from the accident; or
         (b) is or becomes insolvent; or
2. the owner and driver of which remain unknown and which causes ***bodily injury*** to the ***insured***. If there is no physical contact between that land motor vehicle and the ***insured*** or the vehicle the ***insured*** is ***occupying***, then the facts of the accident must be corroborated by a disinterested ***person*** who witnessed the accident. ***You***, ***resident relatives***, and ***persons occupying*** the same vehicle as the ***insured*** are not disinterested ***persons***.

***Uninsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by***, rented to, or furnished or available for the regular use of ***you*** or any ***resident relative***;
3. ***owned by***, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law;
4. ***owned by*** or rented to any government or any of its political subdivisions or agencies;
5. designed for use primarily off public roads except while on public roads; or
6. while located for use as a dwelling or other premises.

**Insuring Agreement**

***We*** will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***. The ***bodily injury*** must be:

1. sustained by an ***insured***; and
2. caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle.

**Consent to Settlement**

The ***insured*** must inform ***us*** of a settlement offer, if any, proposed by or on behalf of the owner or driver of the ***uninsured motor vehicle***, and the ***insured*** must request ***our*** written consent to accept such settlement offer.

If ***we***:

1. consent in writing, then the ***insured*** may accept such settlement offer.
2. inform the ***insured*** in writing that ***we*** do not consent, then the ***insured*** may not accept such settlement offer and:
   a. ***we*** will make payment to the ***insured*** in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the ***uninsured motor vehicle***; and
   b. any recovery from or on behalf of the owner or driver of the ***uninsured motor vehicle*** shall first be used to repay ***us***.

**Deciding Fault and Amount**

1. a. The ***insured*** and ***we*** must agree to the answers to the following two questions:
      (1) Is the ***insured*** legally entitled to recover compensatory damages from the owner or driver of the ***uninsured motor vehicle***?
      (2) If the ***insured*** and ***we*** agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***uninsured motor vehicle***?
   b. If there is no agreement on the answer to either question in 1.a. above, then the ***insured*** shall:
      (1) file a lawsuit, in a state or federal court that has jurisdiction, against:
         (a) ***us***;
         (b) the owner and driver of the ***uninsured motor vehicle*** unless ***we*** have consented to a settlement offer proposed by or on behalf of such owner or driver; and
         (c) any other party or parties who may be legally liable for the ***insured's*** damages;
      (2) consent to a jury trial if requested by ***us***;
      (3) agree that ***we*** may contest the issues of liability and the amount of damages; and
      (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.
2. ***We*** are not bound by any:
   a. judgment obtained without ***our*** written consent; and
   b. default judgment against any ***person*** or organization other than ***us***.
3. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

The Uninsured Motor Vehicle Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident.

These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for the ***insured***:
   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or

SAMPLE

b. for ***bodily injury*** under Liability Coverage of any policy, other than this policy, issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***;

2. that:
   a. have already been paid;
   b. could have been paid; or
   c. could be paid

   to or for the ***insured*** under any workers' compensation law, disability benefits law, or similar law; or

3. that have already been paid as expenses under the medical payments coverage of any other policy or other similar vehicle insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY***;
2. FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***.

   This exclusion does not apply to the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while ***occupying*** a motor vehicle not ***owned by*** one or both of them;
3. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
4. TO THE EXTENT IT BENEFITS:
   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;
   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR
   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;
5. FOR ***PUNITIVE DAMAGES*** OR EXEMPLARY DAMAGES; OR
6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**If Other Uninsured Motor Vehicle Coverage Applies**

1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by one or more of the ***State Farm Companies*** apply to the same ***bodily injury***, then:
   a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
2. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***, or while ***occupying*** a ***car*** loaned to ***you*** by a legally licensed automobile dealer for use as a ***temporary substitute car*** or as a demonstrator vehicle.
   a. If:
      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and
      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.
   b. If:
      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and
      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

SAMPLE

then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

   a. If:

      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

   b. If:

      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

SAMPLE

## UNINSURED MOTOR VEHICLE COVERAGE — PROPERTY DAMAGE

This policy provides Uninsured Motor Vehicle Coverage – Property Damage if "U1" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Property Damage*** means damage to ***your car*** or a ***newly acquired car*** and a reasonable allowance for loss of use of such ***car***.

***Uninsured Motor Vehicle*** means a land motor vehicle:

1. the ownership, maintenance, and use of which is:

   a. not insured or bonded for property damage liability at the time of the accident; or

   b. insured or bonded for property damage liability at the time of the accident; but

      (1) the limit is less than required by the financial responsibility act of Arkansas; or

      (2) the insuring company:

         (a) denies that its policy provides liability coverage for ***property damage*** that results from the accident; or

         (b) is or becomes insolvent; or

2. the owner and driver of which remain unknown and which causes ***property damage***. If there is no physical contact between that land motor vehicle and ***your car*** or a ***newly acquired car***, then the facts of the accident must be corroborated by a disinterested ***person*** who witnessed the accident. ***You***, ***resident relatives***,

and ***persons occupying your car*** or a ***newly acquired car*** are not disinterested ***persons***.

***Uninsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by***, rented to, or furnished or available for the regular use of ***you*** or any ***resident relative***;
3. ***owned by***, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law;
4. ***owned by*** or rented to any government or any of its political subdivisions or agencies;
5. designed for use primarily off public roads except while on public roads; or
6. while located for use as a dwelling or other premises.

**Insuring Agreement**

***We*** will pay damages for ***property damage you*** are legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***. The ***property damage*** must be caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle.

**Consent to Settlement**

***You*** must inform ***us*** of a settlement offer, if any, proposed by or on behalf of the owner or driver of the ***uninsured motor vehicle***, and ***you*** must request ***our*** written consent to accept such settlement offer.

If ***we***:

1. consent in writing, then ***you*** may accept such settlement offer.
2. inform ***you*** in writing that ***we*** do not consent, then ***you*** may not accept such settlement offer and:
   a. ***we*** will make payment to ***you*** in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the ***uninsured motor vehicle***; and
   b. any recovery from or on behalf of the owner or driver of the ***uninsured motor vehicle*** shall first be used to repay ***us***.

**Deciding Fault and Amount**

1. a. ***You*** and ***we*** must agree to the answers to the following two questions:
      (1) Are ***you*** legally entitled to recover damages for ***property damage*** from the owner or driver of the ***uninsured motor vehicle***?
      (2) If the ***insured*** and ***we*** agree that the answer to 1.a.(1) above is yes, then what is the amount of the damages that ***you*** are legally entitled to recover from the owner or driver of the ***uninsured motor vehicle***?
   b. If there is no agreement on the answer to either question in 1.a. above, then ***you*** shall:
      (1) file a lawsuit, in a state or federal court that has jurisdiction, against:
         (a) ***us***;
         (b) the owner and driver of the ***uninsured motor vehicle*** unless ***we*** have consented to a settlement offer proposed by or on behalf of such owner or driver; and
         (c) any other party or parties who may be legally liable for the ***property damage***;
      (2) consent to a jury trial if requested by ***us***;
      (3) agree that ***we*** may contest the issues of liability and the amount of damages; and
      (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.
2. ***We*** are not bound by any:
   a. judgment obtained without ***our*** written consent; and
   b. default judgment against any ***person*** or organization other than ***us***.
3. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

The Uninsured Motor Vehicle Coverage limit for ***property damage*** is shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Property Damage Limit – Each Accident". This limit is the most we will pay for all damages resulting from ***property damage*** in any one accident.

This Uninsured Motor Vehicle Coverage limit is the most ***we*** will pay regardless of the number of:



SAMPLE

1. claims made;
2. vehicles insured; or
3. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for ***you*** by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***property damage***; or
2. that have already been paid or are payable under any policy issued by the ***State Farm Companies*** or any other company providing property insurance or physical damage coverage.

**Exclusions**

THERE IS NO COVERAGE:

1. IF SETTLEMENT IS MADE WITHOUT ***OUR*** WRITTEN CONSENT WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***PROPERTY DAMAGE***;
2. FOR THE FIRST $200 OF ***PROPERTY DAMAGE*** RESULTING FROM ONE ACCIDENT.

   This does not apply if:

   a. ***your car*** or a ***newly acquired car*** is insured for Collision Coverage with ***us***; and
   b. the operator of the ***uninsured motor vehicle*** involved in the accident has been positively identified and is solely at fault.
3. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**If Other Uninsured Motor Vehicle Coverage Applies**

If other similar coverage applies to ***property damage***, ***we*** will pay the proportion of the damages that the maximum amount payable by ***us*** bears to the sum of such amount and the limits of all other similar coverage that applies.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. ***You***;
2. The repairer of ***your car*** or a ***newly acquired car***; or
3. A creditor shown on the Declarations Page, to the extent of its interest.

SAMPLE

## UNDERINSURED MOTOR VEHICLE COVERAGE

This policy provides Underinsured Motor Vehicle Coverage if "W" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:

   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***car*** loaned to ***you*** by a legally licensed automobile dealer for use as a demonstrator vehicle. The vehicle must be operated by ***you*** or a ***resident relative***.

   Such vehicle must be used within the scope of ***your*** consent. Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and
4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Punitive Damages*** means damages imposed to punish a wrongdoer and to deter others from similar conduct.

***Underinsured Motor Vehicle*** means a land motor vehicle:

1. the ownership, maintenance, or use of which is either:

   a. insured or bonded for bodily injury liability at the time of the accident; or
   b. self-insured under any motor vehicle financial responsibility law, any motor carrier law, or any similar law; and
2. for which the total limits of insurance and self-insurance for bodily injury liability from all sources are less than the amount needed to compensate the ***insured*** for ***bodily injury*** damages.

***Underinsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by***, rented to, or furnished or available for the regular use of ***you*** or any ***resident relative***;
3. ***owned by*** or rented to any government or any of its political subdivisions or agencies;
4. designed for use primarily off public roads except while on public roads;
5. while located for use as a dwelling or other premises; or
6. defined as an ***uninsured motor vehicle*** under Uninsured Motor Vehicle Coverage of this policy.

**Insuring Agreement**

***We*** will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***underinsured motor vehicle***. The ***bodily injury*** must be:

1. sustained by an ***insured***; and
2. caused by an accident that involves the operation, maintenance, or use of an ***underinsured motor vehicle*** as a motor vehicle.

***We*** will pay only if the full amount of all available limits of all bodily injury liability bonds, policies, and self-insurance plans that apply to the ***insured's bodily injury*** have been used up by payment of judgments or settlements, or have been offered to the ***insured*** in writing.

**Tentative Agreement to Settle**

1. If the ***insured*** reaches a tentative agreement to settle with the owner or operator of an ***underinsured motor vehicle*** for the liability limits available to such owner or operator, the ***insured*** may send written notice of such agreement to ***us***. The notice must be sent certified mail – return receipt requested, and include:
   a. written documentation of the dollar amount of the loss incurred;
   b. copies of all medical bills;
   c. written authorization or a court order allowing ***us*** to obtain medical reports from all employers and medical providers;
   d. written confirmation from the liable party's liability insurer of the liability limits and the terms of the tentative agreement to settle. The tentative agreement to settle cannot include any amount representing ***punitive damages*** or exemplary damages.
2. If ***we*** pay the ***insured*** the amount of the tentative agreement to settle within 30 days of ***our*** receipt of the notice of agreement, then ***we*** are subrogated to the extent of any payments made under Underinsured Motor Vehicle Coverage.
3. If ***we*** fail to pay the ***insured*** the amount of the tentative agreement to settle within 30 days of ***our*** receipt of the notice of agreement, then:
   a. ***we*** waive ***our*** subrogation rights; and
   b. the ***insured*** may settle with the owner or operator of the ***underinsured motor vehicle*** without losing the right to make an Underinsured Motor Vehicle Coverage claim under this policy.
4. This Tentative Agreement to Settle provision is waived if ***we*** provide both:
   a. Liability Coverage for the owner or operator of the ***underinsured motor vehicle***; and
   b. Underinsured Motor Vehicle Coverage for the ***insured***.

**Deciding Fault and Amount**

1. a. The ***insured*** and ***we*** must agree to the answers to the following two questions:
      (1) Is the ***insured*** legally entitled to recover compensatory damages from the owner or driver of the ***underinsured motor vehicle***?
      (2) If the ***insured*** and ***we*** agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***underinsured motor vehicle***?
   b. If there is no agreement on the answer to either question in 1.a. above, then the ***insured*** shall:
      (1) file a lawsuit, in a state or federal court that has jurisdiction, against:
         (a) ***us***;
         (b) the owner and driver of the ***underinsured motor vehicle*** unless ***we*** have consented to a settlement offer proposed by or on behalf of such owner or driver; and
         (c) any other party or parties who may be legally liable for the ***insured's*** damages;
      (2) consent to a jury trial if requested by ***us***;
      (3) agree that ***we*** may contest the issues of liability and the amount of damages; and
      (4) secure a judgment in that action. The judgment must be the final result of an



SAMPLE

actual trial and any appeals, if any appeals are taken.

2. ***We*** are not bound by any:
   a. judgment obtained without ***our*** written consent if the settlement impairs our right to recover our payments; and
   b. default judgment against any ***person*** or organization other than ***us***.
3. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1. The Underinsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Underinsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".
   a. The most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***, is the lesser of:
      (1) the amount of all damages resulting from that ***bodily injury*** reduced by the sum of all payments for damages resulting from that ***bodily injury*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***bodily injury***; or
      (2) the limit shown under "Each Person".
   b. Subject to a. above, the most ***we*** will pay for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident is the limit shown under "Each Accident".
2. These Underinsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:
   a. ***insureds***;
   b. claims made;
   c. vehicles insured; or
   d. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Underinsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for the ***insured***:
   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or
   b. for ***bodily injury*** under Liability Coverage of any policy, other than this policy, issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***;
2. that:
   a. have already been paid;
   b. could have been paid; or
   c. could be paid

   to or for the ***insured*** under any workers' compensation law, disability benefits law, or similar law; or
3. that have already been paid as expenses under the medical payments coverage of any other policy or other similar vehicle insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, EXCEPT AS PROVIDED IN THE TENTATIVE AGREEMENT TO SETTLE PROVISION, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY*** AND THEREBY IMPAIRS ***OUR*** RIGHT TO RECOVER ***OUR*** PAYMENTS;
2. FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***.

   This exclusion does not apply to the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while ***occupying*** a motor vehicle not ***owned by*** one or both of them;
3. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
4. TO THE EXTENT IT BENEFITS:
   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;
   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR
   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;



SAMPLE

5. FOR ***PUNITIVE DAMAGES*** OR EXEMPLARY DAMAGES; OR
6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**If Other Underinsured Motor Vehicle Coverage Applies**

1. If Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by one or more of the ***State Farm Companies*** apply to the same ***bodily injury***, then:
   a. the Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
2. The Underinsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***, or while ***occupying*** a ***car*** loaned to ***you*** by a legally licensed automobile dealer for use as a ***temporary substitute car*** or as a demonstrator vehicle.
   a. If:
      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and
      (2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.
   b. If:
      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and
      (2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.
3. Except as provided in 2. above, the Underinsured Motor Vehicle Coverage provided by this policy applies as excess coverage.
   a. If:
      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and
      (2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.
   b. If:
      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and
      (2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.



SAMPLE

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";
2. Collision Coverage if "G";
3. Emergency Road Service Coverage if "H";
4. Car Rental and Travel Expenses Coverage if "R1"

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

***Covered Vehicle*** means:

1. ***your car***;
2. a ***newly acquired car***;
3. a ***temporary substitute car***;
4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;
5. a ***non-owned car*** while it is:
   a. being driven by an ***insured***; or
   b. in the custody of an ***insured*** if at the time of the ***loss*** it is:
      (1) not being driven; or
      (2) being driven by a ***person*** other than an ***insured*** and being ***occupied*** by an ***insured***; and
6. a ***non-owned trailer*** and a ***non-owned camper*** while it is being used by an ***insured***;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of ***trailers*** and campers must be securely fixed as a permanent part of the ***trailer*** or camper.

***Daily rental charge*** means the sum of:

1. the daily rental rate;
2. mileage charges; and
3. related taxes.

***Insured*** means ***you*** and ***resident relatives***.

***Loss*** means:

1. direct, sudden, and accidental damage to; or
2. total or partial theft of

a ***covered vehicle***. ***Loss*** does not include any reduction in the value of any ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

***Loss Caused By Collision*** means a ***loss*** caused by:

1. a ***covered vehicle*** hitting or being hit by another vehicle or other object; or
2. the overturning of a ***covered vehicle***.

Any ***loss*** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a ***Loss Caused By Collision***.

***Non-Owned Camper*** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

***Non-Owned Trailer*** means a ***trailer*** that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:



SAMPLE

a. an ***insured***;

b. any other ***person*** who resides primarily in ***your*** household; or

c. an employer of any ***person*** described in a. or b. above; nor

2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

**Insuring Agreements**

**1. Comprehensive Coverage**

***We*** will pay:

a. for ***loss***, except ***loss caused by collision***, to a ***covered vehicle***; and

b. transportation expenses incurred by an ***insured*** as a result of the total theft of ***your car*** or a ***newly acquired car***. These transportation expenses are payable:

(1) during the period that:

(a) starts on the date ***you*** report the theft to ***us***; and

(b) ends on the earliest of:

(i) the date the vehicle is returned to ***your*** possession in a drivable condition;

(ii) the date ***we*** offer to pay ***you*** for the ***loss*** if the vehicle has not yet been recovered; or

(iii) the date ***we*** offer to pay ***you*** for the ***loss*** if the vehicle is recovered, but is a total loss as determined by ***us***; and

(2) during the period that:

(a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to ***your*** possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

(b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**2. Collision Coverage**

***We*** will pay for ***loss caused by collision*** to a ***covered vehicle***.

**3. Emergency Road Service Coverage**

***We*** will pay the fair cost incurred by an ***insured*** for:

a. up to one hour of labor to repair a ***covered vehicle*** at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a ***covered vehicle*** is not drivable;

c. towing a ***covered vehicle*** out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a ***covered vehicle*** to driving condition. ***We*** do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a ***covered vehicle*** if its key is lost, stolen, or locked inside the vehicle.

**4. Car Rental and Travel Expenses Coverage**

**a. Car Rental Expense**

***We*** will pay the ***daily rental charge*** incurred when ***you*** rent a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

(1) not drivable; or

(2) being repaired

as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

***We*** will pay the ***daily rental charge*** incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the ***loss***; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date ***we*** offer to pay ***you*** for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

(c) five days after ***we*** offer to pay ***you*** for the ***loss*** if the vehicle is:

(i) a total loss as determined by ***us***; or

(ii) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by ***you*** must be reported to ***us*** before ***we*** will pay such amount.

SAMPLE

**b. Travel Expenses**

***We*** will pay expenses for commercial transportation, lodging, and meals if ***your car*** or a ***newly acquired car*** is not drivable as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage. The ***loss*** must occur more than 50 miles from ***your*** home. ***We*** will only pay these expenses if they are incurred by:

(1) an ***insured*** during the period that:

(a) starts after the ***loss*** occurs; and

(b) ends on the earlier of:

(i) the ***insured's*** arrival at his or her destination or home if the vehicle is left behind for repairs; or

(ii) the repair of the vehicle if the ***insured*** waits for repairs before continuing on to his or her destination or returning home; and

(2) ***you***, or any ***person you*** choose, to travel to retrieve the vehicle and drive it to either the original destination or ***your*** home if the vehicle was left behind for repairs.

These expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**c. Rental Car – Repayment of Deductible Expense**

***We*** will pay the comprehensive deductible or collision deductible an ***insured*** is required to pay the owner of a ***car*** rented from a ***car business***.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If Symbol "D" is shown on the Declarations Page and the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Comprehensive Coverage, or if Symbol "G" is shown on the Declarations Page and the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Collision Coverage, then ***we*** will pay reasonable expenses incurred to:

1. tow the ***covered vehicle*** immediately after the ***loss***:

a. for a reasonable distance from the location of the ***loss*** to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable; or

b. to any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***. ***We*** will also pay reasonable expenses incurred to tow the ***covered vehicle*** for a reasonable distance from this facility to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable.

2. store the ***covered vehicle***, if it is not drivable immediately after the ***loss***, at:

a. any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***; and

b. any one repair facility chosen by the owner of the ***covered vehicle***, and ***we*** determine such vehicle is a total loss.

If the owner of the ***covered vehicle*** consents, then ***we*** may move the ***covered vehicle*** at ***our*** expense to reduce storage costs. If the owner of the ***covered vehicle*** does not consent, then ***we*** will pay only the storage costs that would have resulted if ***we*** had moved the damaged ***covered vehicle***; and

3. clean up debris from the ***covered vehicle*** at the location of the ***loss***. The most ***we*** will pay to clean up the debris is $250 for any one ***loss***.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. ***We*** have the right to choose to settle with ***you*** or the owner of the ***covered vehicle*** in one of the following ways:

a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible.

(1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:

(a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;

(b) A bid or repair estimate approved by ***us***; or

(c) A repair estimate that is written based upon or adjusted to:

(i) the prevailing competitive price;

(ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or



SAMPLE

(iii) a combination of (i) and (ii) above.

The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

IN THE REPAIR OF ***YOUR*** COVERED MOTOR VEHICLE UNDER THE PHYSICAL DAMAGE COVERAGE PROVISIONS OF THIS POLICY, ***WE*** MAY REQUIRE OR SPECIFY THE USE OF MOTOR VEHICLE PARTS NOT MADE BY THE ORIGINAL MANUFACTURER. THESE PARTS ARE REQUIRED TO BE AT LEAST EQUAL IN TERMS OF FIT, QUALITY, PERFORMANCE, AND WARRANTY TO THE ORIGINAL MANUFACTURER PARTS THEY REPLACE.

***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

(2) The cost to repair the ***covered vehicle*** does not include any reduction in the value of the ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

(3) If the repair or replacement of a part results in betterment of that part, then ***we*** have the right to require ***you*** or the owner of the ***covered vehicle*** to pay for the amount of the betterment.

(4) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced.

b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible. The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that the owner may keep it. If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the value of the ***covered vehicle*** after the ***loss***.

c. Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.

3. The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

**1. Car Rental Expense**

The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

a. The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***. If:

(1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount;

(2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.

b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

**2. Travel Expenses**

The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

**3. Rental Car – Repayment of Deductible Expense**

The most ***we*** will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one ***loss*** is $500.

**Nonduplication**

***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment:

1. from, or on behalf of, a party who is legally liable for the ***loss*** or expense; or
2. under Uninsured Motor Vehicle Coverage of this policy.

SAMPLE

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:
   a. INTENTIONALLY DAMAGED; OR
   b. STOLEN

   BY OR AT THE DIRECTION OF AN ***INSURED***;
2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
3. ANY ***COVERED VEHICLE*** WHILE IT IS USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
4. ANY ***COVERED VEHICLE*** DUE TO:
   a. THEFT;
   b. CONVERSION;
   c. EMBEZZLEMENT; OR
   d. SECRETION

   BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;
5. ***LOSS*** TO ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IF AN ***INSURED*** VOLUNTARILY RELINQUISHES POSSESSION OF THAT ***CAR*** TO A ***PERSON*** OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;
6. ANY ***COVERED VEHICLE*** TO THE EXTENT ***OUR*** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR ***LOSS*** TO SUCH ***COVERED VEHICLE***;
7. a. ***LOSS*** TO ANY ***COVERED VEHICLE*** DUE TO ***FUNGI***. This exclusion (7.a.) does not apply if the ***fungi*** are the direct result of a ***loss*** payable under any of the physical damage coverages provided by this policy.
   b. TESTING OR REMEDIATION OF ***FUNGI***, REGARDLESS OF WHETHER OR NOT THE ***FUNGI*** ARE THE DIRECT RESULT OF A ***LOSS*** PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES PROVIDED BY THIS POLICY;
8. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:
   a. NUCLEAR REACTION;
   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;
10. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM WAR OF ANY KIND;
11. ***YOUR CAR*** WHILE SUBJECT TO ANY:
    a. LIEN AGREEMENT;
    b. RENTAL AGREEMENT;
    c. LEASE AGREEMENT; OR
    d. SALES AGREEMENT

    NOT SHOWN ON THE DECLARATIONS PAGE;
12. ANY ***NON-OWNED CAR*** WHILE IT IS:
    a. BEING MAINTAINED OR USED BY ANY ***PERSON*** WHILE THAT ***PERSON*** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A ***CAR BUSINESS***; OR
    b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion (12.b.) does not apply to a ***private passenger car***;
13. ANY PART OR EQUIPMENT OF A ***COVERED VEHICLE*** IF THAT PART OR EQUIPMENT:
    a. FAILS OR IS DEFECTIVE; OR
    b. IS DAMAGED AS A DIRECT RESULT OF:
       (1) WEAR AND TEAR;
       (2) FREEZING; OR
       (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

       OF THAT PART OR EQUIPMENT.

    This exclusion does not apply if the ***loss*** is the result of theft of the ***covered vehicle***;
14. ANY PART OR EQUIPMENT:
    a. THAT IS NOT LEGAL FOR USE IN OR ON THE ***COVERED VEHICLE*** IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED; OR
    b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED BECAUSE OF HOW OR WHERE THAT

SAMPLE

PART OR EQUIPMENT IS INSTALLED IN OR ON THE ***COVERED VEHICLE***.

However, if there is a legal version of the part or equipment that is necessary for the safe operation of the ***covered vehicle***, then ***we*** will pay the cost that ***we*** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. ***We*** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;

15. TIRES. This exclusion does not apply if:
    a. ***loss*** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or
    b. ***loss caused by collision*** to another part of the ***covered vehicle*** causes ***loss*** to tires;
16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;
17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;
18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:
    a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;
    b. ***OWNED BY*** AN ***INSURED***; AND
    c. NOT SHOWN ON THE DECLARATIONS PAGE; OR
19. ANY ***COVERED VEHICLE*** WHILE IT IS:
    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.
2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an ***insured*** by one or more of the ***State Farm Companies*** apply to the same ***loss*** or expense, then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.
3. The physical damage coverages provided by this policy apply as primary coverage for ***loss*** to ***your car***. The physical damage coverages provided by this policy also apply as primary coverage for ***loss*** to a ***car*** loaned to ***you*** by a legally licensed automobile dealer as a ***temporary substitute car*** or as a demonstrator vehicle if the ***car*** is being driven by an ***insured***.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.
4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in ***your car***. Coverage for the creditor's interest is only provided for a ***loss*** that is payable to ***you***.

   However, if this policy is cancelled or nonrenewed, then ***we*** will provide coverage for the creditor's interest until ***we*** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a ***loss*** that would have been payable to ***you*** if this policy had not been cancelled or nonrenewed.

   The date such termination is effective will be at least 10 days after the date ***we*** mail or electronically transmit a notice of the termination to the creditor if the termination is because of nonpayment of premium. If the termination is for any other reason, the date such termination is

effective will be at least 20 days after the date ***we*** mail or electronically transmit a notice of the termination to the creditor. The mailing or electronic transmittal of the notice will be sufficient proof of notice.

2. If ***we*** pay such creditor, then ***we*** are entitled to the creditor's right of recovery against ***you*** to the extent of ***our*** payment. ***Our*** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**
   a. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle owned by you***:
      (1) ***You***;
      (2) The repairer; or
      (3) A creditor shown on the Declarations Page, to the extent of its interest.
   b. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle*** not ***owned by you***:
      (1) ***You***;
      (2) The owner of such vehicle;
      (3) The repairer; or
      (4) A creditor, to the extent of its interest.
2. **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

   ***We*** may, at ***our*** option, make payment to one or more of the following:
   a. ***You***;
   b. The ***insured*** who incurred the expense; or
   c. Any party that provided the service for which payment is owed.

SAMPLE

## INSURED'S DUTIES

1. **Notice to Us of an Accident or Loss**

   The ***insured*** must give ***us*** or one of ***our*** agents notice of the accident or ***loss*** as soon as reasonably possible. The notice must give ***us***:
   a. ***your*** name;
   b. the names and addresses of all ***persons*** involved in the accident or ***loss***;
   c. the hour, date, place, and facts of the accident or ***loss***; and
   d. the names and addresses of witnesses to the accident or ***loss***.
2. **Notice to Us of a Claim or Lawsuit**
   a. If a claim is made against an ***insured***, then that ***insured*** must immediately send ***us*** every demand, notice, and claim received.
   b. If a lawsuit is filed against an ***insured***, then that ***insured*** must immediately send ***us*** every summons and legal process received.
3. **Insured's Duty to Cooperate With Us**
   a. The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:
      (1) making settlements;
      (2) securing and giving evidence; and
      (3) attending, and getting witnesses to attend, depositions, hearings, and trials.
   b. The ***insured*** must not, except at his or her own cost, voluntarily:
      (1) make any payment to others; or
      (2) assume any obligation to others

      unless authorized by the terms of this policy.
   c. Any ***person*** or organization making claim under this policy must, when ***we*** require, give ***us*** proof of loss on forms ***we*** furnish.
4. **Questioning Under Oath**

   Under:
   a. Liability Coverage, each ***insured***;
   b. Medical Payments Coverage, Total Disability Coverage, Death, Dismemberment and Loss of Sight Coverage, Uninsured Motor Vehicle Coverage, or Underinsured Motor Vehicle Coverage each ***insured***, or any other ***person*** or organization making claim or seeking payment; and
   c. Physical Damage Coverages, each ***insured*** or owner of a ***covered vehicle***, or any other ***person*** or organization making claim or seeking payment;

   must, at ***our*** option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as ***we*** require. Such ***person*** or organization must answer questions

under oath, asked by anyone ***we*** name, and sign copies of the answers. ***We*** may require each ***person*** or organization answering questions under oath to answer the questions with only that ***person's*** or organization's legal representative, ***our*** representatives, any ***person*** or ***persons*** designated by ***us*** to record the questions and answers, and no other ***person*** present.

5. **Other Duties Under the Physical Damage Coverages**

When there is a ***loss***, ***you*** or the owner of the ***covered vehicle*** must:

a. protect the ***covered vehicle*** from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

b. make a prompt report to the police when the ***loss*** is the result of theft;

c. allow ***us*** to:

(1) inspect any damaged property before its repair or disposal;

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the ***covered vehicle*** at ***our*** expense in order to conduct such inspection or testing;

d. provide ***us*** all:

(1) records;

(2) receipts; and

(3) invoices

that ***we*** request and allow ***us*** to make copies; and

e. not abandon the ***covered vehicle*** to ***us***.

6. **Other Duties Under Medical Payments Coverage, Death, Dismemberment and Loss of Sight Coverage, Total Disability Coverage, Uninsured Motor Vehicle Coverage, and Underinsured Motor Vehicle Coverage**

A ***person*** making claim under:

a. Medical Payments Coverage, Death, Dismemberment and Loss of Sight Coverage, Total Disability Coverage, Uninsured Motor Vehicle Coverage, or Underinsured Motor Vehicle Coverage must:

(1) notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;

(2) be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request;

(3) provide written authorization for ***us*** to obtain:

(a) medical bills;

(b) medical records;

(c) wage, salary, and employment information; and

(d) any other information ***we*** deem necessary to substantiate the claim.

If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***; and

(4) allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident;

b. Uninsured Motor Vehicle Coverage must:

(1) report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police within 24 hours and to ***us*** within 30 days; and

(2) if making a claim for ***property damage***,

(a) protect the ***car*** from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

(b) allow ***us*** to:

(i) inspect any damaged property before its repair or disposal;

(ii) test any part or equipment before that part or equipment is removed or repaired; and

(iii) move the ***car*** at ***our*** expense in order to conduct such inspection or testing;

(c) provide ***us*** all:

(i) records;

(ii) receipts; and

(iii) invoices

that ***we*** request and allow ***us*** to make copies; and

(d) not abandon the ***car*** to ***us***;

SAMPLE

c. Uninsured Motor Vehicle Coverage and Underinsured Motor Vehicle Coverage must send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files a lawsuit against the party liable for the accident; and

d. Total Disability Coverage must:

(1) make a claim under this policy;

(2) report to us when that ***person*** has a ***total disability***; and

(3) provide proof of continued ***total disability*** when ***we*** ask for it.

## GENERAL TERMS

**1. When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

**2. Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

**3. Newly Owned or Newly Leased Car**

If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

a. request ***we*** replace the ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

(1) before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

(2) after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date; or

b. apply to the ***State Farm Companies*** for a separate policy to insure the ***car*** newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

**4. Changes to This Policy**

**a. Changes in Policy Provisions**

***We*** may only change the provisions of this policy by:

(1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

(2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then ***we*** will give ***you*** the broader coverage as of the date ***we*** make the change effective in the state of Arkansas without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

**b. Change of Interest**

(1) No change of interest in this policy is effective unless ***we*** consent in writing.

(2) If a named insured dies, then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

(a) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured.



SAMPLE

This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

Policy notice requirements are met by mailing the notice to the deceased named insured's last known address.

**c. Joint and Individual Interests**

If ***you*** consists of more than one ***person*** or entity, then each acts for all to change or cancel the policy.

**5. Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the ***State Farm Companies*** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. The premium for this policy may vary based upon the purchase of other insurance from the ***State Farm Companies***.

d. The premium for this policy is based upon information ***we*** have received from ***you*** or other sources. ***You*** must inform ***us*** if any information regarding the following is incorrect or incomplete, or changes during the policy period, and ***you*** must answer questions ***we*** ask regarding the following:

(1) ***Your car***, or its use, including annual mileage;

(2) The ***persons*** who regularly drive ***your car***, including newly licensed family members;

(3) ***Your*** marital status; or

(4) The location where ***your car*** is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to ***us*** when ***we*** ask, then ***we*** may decrease or increase the premium during the policy period. If ***we*** decrease the premium during the policy period, then ***we*** will provide a refund or a credit in the amount of the decrease. If ***we*** increase the premium during the policy period, then ***you*** must pay the amount of the increase.

**6. Renewal**

***We*** agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless ***we*** mail or deliver a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

**7. Nonrenewal**

If ***we*** decide not to renew this policy, then, at least 30 days before the end of the current policy period, ***we*** will mail or deliver a nonrenewal notice to the most recent address provided to ***us*** by ***you*** as the policy address. The mailing of the notice will be sufficient proof of notice.

**8. Cancellation**

**a. How You May Cancel**

***You*** may cancel this policy by providing to ***us*** advance notice of the date cancellation is effective. ***We*** may confirm the cancellation in writing.

**b. How and When We May Cancel**

***We*** may cancel this policy by mailing or delivering a written notice to the most recent address provided to ***us*** by ***you*** as the policy address. The notice will provide the date cancellation is effective.

The mailing of the notice will be sufficient proof of notice.

(1) If ***we*** mail or deliver a cancellation notice because the premium is not paid when due, then the date cancellation is effective will be at least 10 days after the date ***we*** mail or deliver the cancellation notice.

Otherwise, the date cancellation is effective will be at least 20 days after the date ***we*** mail or deliver the cancellation notice.

(2) After this policy has been in force for more than 59 days, ***we*** will not cancel this policy before the end of the current policy period unless:

(a) the premium is not paid when due; or

(b) ***you***, any ***resident relative***, or any other ***person*** who usually drives ***your car*** has had his or her driver's license under suspension or revocation during the 180 days immediately before the effective date of the policy or during the policy period.

SAMPLE

**c. Return of Unearned Premium**

If ***you*** cancel this policy, then premium may be earned on a short rate basis. If ***we*** cancel this policy, then premium will be earned on a pro rata basis.

Any unearned premium may be returned within a reasonable time after cancellation. Delay in the return of any unearned premium does not affect the cancellation date.

**9. Assignment**

No assignment of benefits or other transfer of rights is binding upon ***us*** unless approved by ***us***.

**10. Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the ***insured*** or his or her estate will not relieve ***us*** of ***our*** obligations under this policy.

**11. Concealment or Fraud**

There is no coverage under this policy if ***you*** or any other ***person*** insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

**12. Our Right to Recover Our Payments**

Death, Dismemberment and Loss of Sight Coverage payments are not recoverable by ***us***.

**a. Subrogation**

If ***we*** are obligated under this policy to make payment to or for a ***person*** or organization who has a legal right to collect from another ***person*** or organization, then ***we*** will be subrogated to that right to the extent of ***our*** payment.

The ***person*** or organization to or for whom ***we*** make payment must help ***us*** recover ***our*** payments by:

(1) doing nothing to impair that legal right;

(2) executing any documents ***we*** may need to assert that legal right; and

(3) taking legal action through ***our*** representatives when ***we*** ask.

The costs of collection will be shared in the proportion ***we*** and the ***person*** to or for whom ***we*** have made payment benefit from the recovery.

**b. Reimbursement**

If ***we*** make payment under this policy and the ***person*** or organization to or for whom ***we*** make payment recovers or has recovered from another ***person*** or organization, then the ***person*** or organization to or for whom ***we*** make payment must:

(1) hold in trust for ***us*** the proceeds of any recovery; and

(2) reimburse ***us*** to the extent of ***our*** payment.

The costs of collection will be shared in the proportion ***we*** and the ***person*** to or for whom ***we*** have made payment benefit from the recovery.

c. Under Underinsured Motor Vehicle Coverage, ***we*** are entitled to an assignment, in the amount of ***our*** payment, of any judgment obtained against the party liable for the ***bodily injury*** by the ***person*** or organization to or for whom ***we*** make payment.

d. ***We*** have the right to recover ***our*** payments only if the total recovery by the ***insured*** exceeds the total amount of that ***insured's*** incurred damages.

**13. Legal Action Against Us**

Legal action may not be brought against ***us*** until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against ***us*** regarding:

a. Liability Coverage after the amount of damages an ***insured*** is legally liable to pay has been finally determined by:

(1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(2) agreement between the claimant and ***us***.

b. Medical Payments Coverage, Death, Dismemberment and Loss of Sight Coverage, Total Disability Coverage, and Physical Damage Coverages if the legal action relating to the coverage is brought against ***us*** within the time required by law.

c. Uninsured Motor Vehicle Coverage and Underinsured Motor Vehicle Coverage if the ***insured*** or that ***insured's*** legal representative within the time required by law:

(1) presents either an Uninsured Motor Vehicle Coverage claim or an Underinsured Motor Vehicle Coverage claim to ***us***; and

(2) files a lawsuit in accordance with the **Deciding Fault and Amount** provision of the involved coverage.

Except as provided in c.(2) above, no other legal action may be brought against ***us*** relating to Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage for any other causes of action that arise out of or are related to these coverages until there has been full compliance with the provisions titled **Consent to Settlement** and **Deciding Fault and Amount**.

SAMPLE

**14. Conformed to Statute**

Liability Coverage for ***bodily injury*** and damage to property provided by this policy is done so in accordance with the coverage defined in the Arkansas Motor Vehicle Safety Responsibility Act and is subject to all of its provisions.

**15. Choice of Law**

Without regard to choice of law rules, the law of the State of:

a. Arkansas will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

**16. Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

SAMPLE

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See “INSURED’S DUTIES” in this policy booklet.)

# State Farm® **Car Policy** Booklet

**Delaware**
Policy Form 9808A

## CONTENTS


**THIS POLICY** .... 3

**DEFINITIONS** .... 3

**LIABILITY COVERAGE** .... 5

- Additional Definition .... 5
- Insuring Agreement .... 5
- Supplementary Payments .... 6
- Limits .... 6
- Nonduplication .... 6
- Exclusions .... 6
- If Other Liability Coverage Applies .... 8
- Required Out-of-State Liability Coverage .... 8
- Financial Responsibility Certification .... 9
- Non-Vehicular Property Damage Coverage .... 9

**NO-FAULT COVERAGE** .... 10

- Additional Definitions .... 10
- Insuring Agreement .... 10
- Settlement of Loss .... 10
- Limits .... 11
- Exclusions .... 11
- If Other Coverage Applies .... 11

**UNINSURED MOTOR VEHICLE COVERAGE** .... 12

- Additional Definitions .... 12
- Insuring Agreement .... 13
- Consent to Settlement .... 13
- Deciding Fault and Amount .... 13
- Limits .... 14
- Nonduplication .... 14
- Exclusions .... 14
- If Other Coverage Applies .... 15
- Our Payment Options .... 16

**PHYSICAL DAMAGE COVERAGES** .... 16

- Additional Definitions .... 16
- Insuring Agreements .... 17
- Supplementary Payments – Comprehensive Coverage and Collision Coverage .... 18
- Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage .... 19
- Limits – Car Rental Expense Coverage .... 20
- Limits – Car Rental and Travel Expenses Coverage .... 20
- Nonduplication .... 20
- Exclusions .... 20
- If Other Physical Damage Coverage or Similar Coverage Applies .... 21
- Financed Vehicle .... 22
- Arbitration .... 22
- Our Payment Options .... 22

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE** .... 23

- Additional Definitions .... 23
- Insuring Agreement .... 23
- Benefit .... 23
- Exclusions .... 23
- Our Payment Options .... 24

**INSURED'S DUTIES** .... 24

- Notice to Us of an Accident or Loss .... 24
- Notice to Us of a Claim or Lawsuit .... 24
- Insured's Duty to Cooperate With Us .... 24
- Questioning Under Oath .... 25
- Other Duties Under Uninsured Motor Vehicle Coverage and Physical Damage Coverages .... 25
- Other Duties Under No-Fault Coverage, Uninsured Motor Vehicle Coverage, and Death, Dismemberment and Loss of Sight Coverage .... 25

**GENERAL TERMS** .... 26

- When Coverage Applies .... 26
- Where Coverage Applies .... 26
- Newly Owned or Newly Leased Car .... 26
- Changes to This Policy .... 27
- Premium .... 27
- Renewal .... 27
- Nonrenewal .... 27
- Cancellation .... 28
- Assignment .... 28
- Bankruptcy or Insolvency of the Insured .... 28
- Concealment or Fraud .... 28
- Our Right to Recover Our Payments .... 28
- Legal Action Against Us .... 29
- Choice of Law .... 29
- Severability .... 29

## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.
2. This policy contains all of the agreements between all named insureds who are shown on the Declarations Page and all applicants and:
   a. ***us***; and
   b. any of ***our*** agents.
3. ***We*** agree to provide insurance according to the terms of this policy:
   a. based on payment of premium for the coverages chosen; and
   b. unless otherwise stated in "EXCEPTIONS, POLICY BOOKLET, & ENDORSEMENTS" on the Declarations Page, in reliance on the following statements:
      (1) The named insured shown on the Declarations Page is the sole owner of ***your car***.
      (2) Neither ***you*** nor any member of ***your*** household has, within the past three years, had:
         (a) vehicle insurance canceled or nonrenewed by an insurer; or
         (b) either:
            (i) a license to drive; or
            (ii) a vehicle registration

         suspended, revoked, or refused.
      (3) ***Your car*** is used for pleasure and business.
4. All named insureds shown on the Declarations Page and all applicants agree by acceptance of this policy that:
   a. the statements in 3.b. above are made by such named insured or applicant and are true; and
   b. ***we*** provide this insurance on the basis those statements are true.
5. ***Your*** purchase of this policy may allow ***you*** to purchase certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other policies from the ***State Farm Companies***, subject to their applicable eligibility rules.

## DEFINITIONS

***We*** define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, possessive, and any other form of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. It does not include:

1. Any vehicle while located for use as a dwelling or other premises; or
2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

***Fungi*** means any type or form of fungus or fungi and includes:

1. Mold;
2. Mildew; and
3. Any of the following that are produced or released by fungi:
   a. Mycotoxins;
   b. Spores;
   c. Scents; or
   d. Byproducts.

***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
2. the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***:
   a. ***you***;
   b. any ***resident relative***;
   c. any other ***person*** who resides primarily in ***your*** household; or
   d. an employer of any ***person*** described in a., b., or c. above; nor
2. has been operated by, rented by, or in the possession of:
   a. ***you***; or
   b. any ***resident relative***

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or ***loss***.

***Occupying*** means in, on, entering, or exiting.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;
2. registered to; or
3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or
2. a pickup truck, van, minivan, or sport utility vehicle:
   a. that is not used for:
      (1) wholesale; or
      (2) retail

      pickup or delivery; and
   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Resident Relative*** means a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or
2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;
2. State Farm Fire and Casualty Company; and
3. Subsidiaries or affiliates of either 1. or 2. above.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. damage; or
   e. theft; and
2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. only those trailers:
   a. designed to be pulled by a ***private passenger car***;
   b. not designed to carry ***persons***; and
   c. while not used as premises for office, store, or display purposes; or
2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under "YOUR CAR", and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;
2. the date this policy is no longer in force; or
3. the date ***you*** no longer own or lease the ***car*** being replaced.

## LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***trailer***; and
   b. the maintenance or use of:
      (1) a ***non-owned car***; or
      (2) a ***temporary substitute car***;
2. the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished by an employer to, a ***person*** who resides primarily in ***your*** household, but only if such ***car*** is neither ***owned by***, nor furnished by an employer to, the first ***person*** shown as a named insured on the Declarations Page or that ***person's*** spouse;
3. any other ***person*** for his or her use of:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Both the use and actual operation of such vehicle must be within the scope of ***your*** consent; and
4. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. ***We*** will pay:
   a. damages an ***insured*** becomes legally liable to pay because of:
      (1) ***bodily injury*** to others; and
      (2) damage to property

      caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy;
   b. attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages; and
   c. court costs charged to an ***insured*** and resulting from that part of a lawsuit:
      (1) that seeks damages payable under this policy's Liability Coverage; and
      (2) against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

   ***We*** have no duty to pay attorney fees and court costs incurred after ***we*** deposit in court or pay the amount due under this policy's Liability Coverage.
2. ***We*** have the right to:
   a. investigate, negotiate, and settle any claim or lawsuit;

b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and

c. appeal any award or legal decision

for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the ***insured*** that accrues:

   a. before a judgment, where owed by law, but only on that part of the judgment ***we*** pay; and

   b. after a judgment. ***We*** will not pay interest on damages paid or payable by a party other than the ***insured*** or ***us***.

   ***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;

2. Premiums for bonds, provided by a company chosen by ***us***, required to appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:

   a. pay for bonds that exceed this policy's applicable Liability Coverage limit;

   b. furnish or apply for any bonds; or

   c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and

3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:

   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:

      (1) an arbitration;

      (2) a mediation; or

      (3) a trial of a lawsuit; and

   b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident, including all damages sustained by other ***persons*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***persons*** injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay any damages or expenses under Liability Coverage that have already been paid under Uninsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions**

For ***bodily injury***, the exclusions under 1. and 2. below apply only to the extent the limits of liability of this policy exceed the minimum limits of liability required by law.

1. THERE IS NO COVERAGE FOR AN ***INSURED***:

   a. FOR:

      (1) ***BODILY INJURY*** TO ANY ***PERSON***; OR

      (2) DAMAGE TO OR DESTRUCTION OF PROPERTY;

      ARISING OUT OF INTENTIONAL ACTS OF THAT ***INSURED*** OR OTHERS AT THE DIRECTION OF THAT ***INSURED***.

      THIS EXCLUSION (1.a.) APPLIES EVEN IF THE ACTUAL INJURY OR DAMAGE TO OR DESTRUCTION OF PROPERTY IS DIFFERENT THAN

THAT WHICH WAS EXPECTED OR INTENDED FROM THE STANDPOINT OF THE ***INSURED***;

b. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

c. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion (1.c.) does not apply to the use of a ***private passenger car*** on a share-the-expense basis;

d. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION; OR

e. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:

(1) OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

(2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (1.e.(2)) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving.

2. THERE IS NO COVERAGE FOR AN ***INSURED***:

a. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;

b. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion (2.b.) does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;

c. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion (2.c.) does not apply to ***you*** and ***resident relatives*** who are legally liable for ***bodily injury*** to fellow employees;

d. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion (2.d.) does not apply to:

(1) ***you***;

(2) any ***resident relative***; or

(3) any agent, employee, or business partner of (1) or (2) above

while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;

e. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;

f. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion (2.f.) does not apply to the maintenance or use of a ***private passenger car***;

g. FOR DAMAGE TO PROPERTY WHILE IT IS:

(1) ***OWNED BY***;

(2) RENTED TO;

(3) USED BY;

(4) IN THE CARE OF; OR

(5) TRANSPORTED BY

***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion (2.g.) does not apply to either damage to a residence while rented to or leased to an ***insured*** or damage to a private garage while rented to or leased to an ***insured***;

h. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;

i. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE; OR

j. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1. If Liability Coverage provided by this policy and one or more other Car Policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same accident, then:
   a. the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of ***your car*** or a ***trailer*** attached to it.
   a. If:
      (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as primary coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as primary coverage.
   b. If:
      (1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as primary coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.
3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.
   a. If:
      (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as excess coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as excess coverage.
   b. If:
      (1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as excess coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an ***insured*** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and
2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

**Non-Vehicular Property Damage Coverage**

1. Under the Liability Coverage of this policy, ***we*** will also pay for non-vehicular property damage in accordance with Subchapter 1, Chapter 21, Title 21 of the Delaware Code, for damage arising as a result of an accident involving ***your car*** to property other than to:
   a. a motor vehicle or trailer;
   b. aircraft;
   c. watercraft;
   d. self-propelled equipment; and
   e. any property in or upon any of the above.
2. The provisions of the Liability Coverage section of this policy apply to the coverage for non-vehicular property damage described in 1. above, except:
   a. under the Additional Definition provision, the definition of ***insured*** is changed to mean:
      (1) ***you*** and ***resident relatives*** for the ownership, maintenance, or use of ***your car***;
      (2) any other ***person*** for his or her use of ***your car*** if both the use and actual operation of ***your car*** are within the scope of ***your*** consent; and
      (3) any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in (1) or (2) above, but only for such vicarious liability. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization;

      ***Insured*** does not include the United States of America or any of its agencies.
   b. the Limits provision is changed to read:

      **Limits**

      The most ***we*** will pay under this coverage is $10,000 for any one accident, regardless of the number of:
      1. ***insureds***;
      2. claims made;
      3. vehicles insured; or
      4. vehicles involved in the accident;
   c. exclusion 2. is changed to read:
      2. THERE IS NO COVERAGE FOR AN ***INSURED*** FOR DAMAGE TO PROPERTY WHILE IT IS:
         a. ***OWNED BY***;
         b. RENTED TO;
         c. USED BY;
         d. IN THE CARE OF; OR
         e. TRANSPORTED BY

         ***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to either damage to a residence while rented to or leased to an ***insured*** or damage to a private garage while rented to or leased to an ***insured***;
   d. the provision titled If Other Liability Coverage Applies is changed to read:

      **If Other Coverage Applies**

      No benefits are payable for a loss covered by other property insurance unless the driver of ***your car*** is legally liable for the damage. The question of liability is to be decided by arbitration.

      Payments under this coverage shall be excess over other valid and collectible insurance; and
   e. the following provisions do not apply:
      (1) Insuring Agreement; and
      (2) Supplementary Payments.

## NO-FAULT COVERAGE

This policy provides No-Fault Coverage if "P" or "P" with a number beside it is shown under "SYMBOLS" on the Declarations Page.

No-Fault coverage symbols are described in the Schedule under Limits.

**Additional Definitions**

***Insured*** means:

1. any ***person*** while ***occupying*** or injured in an accident as a pedestrian by ***your car*** or a ***newly acquired car***, if registered in Delaware; and
2. ***you*** or any ***member of your household*** while ***occupying*** or injured in an accident as a pedestrian by any other land motor vehicle designed for use on public highways and which IS NOT:
   a. OPERATED ON RAILS OR TRACKS; OR
   b. ***OWNED BY*** OR FURNISHED FOR THE REGULAR USE OF ***YOU*** OR ANY ***MEMBER OF YOUR HOUSEHOLD***.

***Member of your household*** means:

1. members of ***your*** immediate family who have no separate household; and
2. ***persons*** who reside with and are economically dependent upon ***you***.

**Insuring Agreement**

***We*** will pay in accordance with Subchapter 1, Chapter 21, Title 21, of the Delaware Code for ***bodily injury*** to an ***insured*** caused by accident resulting from the maintenance or use of a motor vehicle:

1. **Medical Expenses.** These are reasonable charges for necessary:
   a. medical, hospital, dental, surgical, medicine, x-ray, ambulance, professional nursing services and prosthetic devices, These products or services must be furnished or performed within two years of the accident; and
   b. surgical and dental procedures and other medical expenses directly related to these procedures, performed or furnished more than two years after the accident, if a qualified medical practitioner verifies in writing within two years from the date of the accident that these procedures will be:
      (1) necessary and then medically ascertainable; but
      (2) impracticable or impossible to perform during that two year period.

   ***We*** have the right to enter into a contract with a third party that has an agreement with the ***insured's*** healthcare provider to charge fees as determined by that agreement.
2. **Loss of Earnings.** This covers the loss of wages or salary or their equivalent the ***insured*** would have earned in his or her regular work, but not other income. This amount must be reduced by the taxes on income that would have applied.

   The loss must occur:
   a. within two years of the date of the accident; or
   b. during the period of time reasonably necessary to recover from surgical and dental procedures that qualify for payment under item 1.b. of the definition of ***medical expenses***. The maximum period of time for which payment may be made shall not exceed 90 days.

   Only loss of earnings incurred during the ***insured's*** lifetime is payable.

   Loss of earnings includes net lost earnings of a self-employed ***person***.
3. **Funeral Expenses.** These are reasonable, customary and necessary expenses incurred within two years of the accident for professional funeral services.

   These expenses may include the cost of a burial plot for one ***person***.
4. **Substitute Services Expenses.** These are reasonable and necessary expenses incurred within two years of the accident for personal services the ***insured*** would have performed if he or she had not been injured.

**Settlement of Loss**

1. **Arbitration**

   ***We*** will arbitrate the claim if the ***insured*** sends a written request for arbitration to the Delaware Insurance Commissioner within 90 days from when ***we*** offer to pay for the expense or loss or deny the claim.
2. **Payment of Any Amount Due**

   ***We*** will pay any amount due:
   a. to the ***insured*** or any ***person*** or organization providing services;
   b. to a parent or guardian, if the ***insured*** is a minor or an incompetent ***person***;
   c. to the ***insured's*** surviving spouse; or

d. at ***our*** option to a ***person*** authorized by law to receive such payment.

Payments will be made as soon as practical.

**Limits**

**1. The Most We Pay**

a. The most ***we*** pay is limited to the amounts shown in the Schedule for the No-Fault coverage symbol that applies to this policy. Under "Limit Each ***Person***" is the amount of coverage for all loss and expenses sustained by one ***person***. Under "Limit Each Accident" is the total amount of coverage, subject to the amount shown under "Limit Each ***Person***", for all loss and expenses sustained by two or more ***persons*** in the same accident.

b. ***We*** will pay up to the amount shown in the Schedule for the No-Fault coverage symbol that applies to this policy for funeral expenses for any one ***person***.

**2. Schedule**

| NO-FAULT COVERAGE SYMBOL | LIMIT EACH ***PERSON*** | LIMIT EACH ACCIDENT | LIMIT FOR FUNERAL EXPENSES |
|---|---|---|---|
| P | $ 15,000 | $ 30,000 | $5,000 |
| P8 | 25,000 | 50,000 | 5,000 |
| P9 | 50,000 | 100,000 | 5,000 |
| P10 | 100,000 | 300,000 | 5,000 |

**Exclusions**

The following exclusions apply only to the extent the limits of liability of this policy exceed the minimum limits of liability required by law.

THERE IS NO COVERAGE:

1. WHILE ANY VEHICLE INSURED UNDER THIS SECTION IS:

   a. RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***; OR

   b. BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion (1.b.) does not apply to:

      (1) the use of a ***private passenger car*** on a share-the-expense basis; or

      (2) an ***insured*** while ***occupying*** a ***non-owned car*** as a passenger; or

2. FOR ***BODILY INJURY***:

   a. RESULTING FROM NUCLEAR ACCIDENT OR OCCURRENCE;

   b. DUE TO WAR OF ANY KIND;

   c. TO ANY ***PERSON*** WHILE THE USE OR ACTUAL OPERATION OF ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IS OUTSIDE THE SCOPE OF ***YOUR*** CONSENT. This exclusion (2.c.) does not apply to ***you*** or any ***resident relative***;

   d. TO ANY ***PERSON***:

      (1) WHILE ***OCCUPYING*** A VEHICLE LOCATED FOR USE AS A RESIDENCE OR PREMISES; OR

      (2) INJURED IN AN ACCIDENT AS A PEDESTRIAN BY ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** OUTSIDE DELAWARE;

   e. TO ANY ***PERSON*** WHOSE CONDUCT CONTRIBUTED TO THE INJURY UNDER ANY OF THE FOLLOWING CIRCUMSTANCES:

      (1) CAUSING ***BODILY INJURY*** TO HIMSELF OR HERSELF INTENTIONALLY; OR

      (2) WHILE COMMITTING A FELONY; OR

   f. IN EXCESS OF THE MINIMUM LIMITS REQUIRED BY LAW FOR ANY PEDESTRIAN. This exclusion (2.f.) does not apply to ***you*** or any ***resident relative***.

**If Other Coverage Applies**

**1. No Duplication of Benefits**

Benefits required by law cannot be duplicated from more than one policy or company.

**2. Other No-Fault Coverage Available From Other Sources**

a. This coverage does not apply to a ***member of your household*** if a policy covering a vehicle ***owned by*** him or her provides such benefits.

b. Subject to a. above:

   (1) if ***you*** or a ***member of your household*** are injured in an accident:

      (a) while ***occupying*** a ***non-owned car*** or ***temporary substitute car***; or

      (b) while struck as a pedestrian by a vehicle insured for no-fault benefits required by Delaware law,

   this coverage applies as excess, but only in the amount by which the limits of this coverage exceed the limit of the primary coverage on such vehicle;

   (2) this coverage is excess over similar coverage available to a non-resident of Delaware injured outside of Delaware while ***occupying your car*** or a ***newly acquired car***; and

(3) if coverage under more than one policy applies as excess:

(a) the total limit of liability shall not exceed the difference between the limit of liability of the coverage that applies as primary and the highest limit of liability of any one of the coverages that apply as excess; and

(b) ***we*** are liable only for ***our*** share. ***Our*** share is that per cent of the damages that the limit of liability of this coverage bears to the total of all no-fault coverages applicable as excess to the accident.

c. Regardless of the number of:

(1) policies covering the ***insured***;

(2) vehicles insured; or

(3) companies involved

the total amount payable to an ***insured*** shall not exceed the limits of liability provided under this coverage.

d. Subject to the above, if other no-fault coverage applies, ***we*** are liable only for ***our*** share of the damages. ***Our*** share is the per cent that the limit of liability of the policy bears to the total of all no-fault coverage applicable to the accident.

## UNINSURED MOTOR VEHICLE COVERAGE

This policy provides Uninsured Motor Vehicle Coverage if "U" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***; or
   c. a ***temporary substitute car***.

   Both the use and actual operation of such vehicle must be within the scope of ***your*** consent; and
4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Property Damage*** means damage to:

1. a motor vehicle if:
   a. ***owned by you***;
   b. insured under Liability Coverage of this policy;
   c. registered in Delaware; and
   d. both its use and actual operation are within the scope of ***your*** consent.

   It includes payments made for substitute transportation while such motor vehicle is disabled; and
2. any other property (except a motor vehicle) if ***owned by*** an ***insured*** and located in the motor vehicle described in 1. above.

***Uninsured Motor Vehicle*** means a land motor vehicle:

1. that does not have, at the time of the accident, for its ownership, maintenance, or use:
   a. cash or securities on file with the Delaware State Treasurer as proof of financial responsibility; or
   b. a bodily injury and property damage liability bond or insurance policy

   in at least the amount specified by the Delaware Motor Vehicle Safety Responsibility Law;
2. the ownership, maintenance, or use of which is insured or bonded for bodily injury and property damage liability at the time of the accident; but the insurer or surety:
   a. legally denies coverage;
   b. is or become insolvent; or
   c. has been placed in receivership;
3. with respect to damages for ***bodily injury***, the ownership, maintenance or use of which may be insured or bonded for bodily injury liability at the time of the accident, but the limits of liability for bodily injury liability are less than:
   a. the limits for Uninsured Motor Vehicle coverage under this policy; or
   b. the limits for uninsured motor vehicle coverage under a policy not in the name of ***you*** or any ***relative***, if such coverage applies to the same ***bodily injury***; or
4. the owner and driver of which remain unknown and which causes ***bodily injury*** to the ***insured*** or

***property damage***. If there is no physical contact between that land motor vehicle and:

a. the ***insured***;

b. the vehicle the ***insured*** is ***occupying***; or

c. such damaged property of an ***insured***;

then the facts of the accident must be corroborated by a disinterested ***person*** who witnessed the accident. ***You***, ***resident relatives***, and ***persons occupying*** the same vehicle as the ***insured*** are not disinterested ***persons***.

***Uninsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by***, rented to, or operated by a self-insurer under any motor vehicle safety responsibility law, motor vehicle financial responsibility law, any motor carrier law, or any similar law;
3. ***owned by*** or rented to any government or any of its political subdivisions or agencies;
4. designed for use primarily off public roads except while on public roads; or
5. while located for use as a dwelling or other premises.

**Insuring Agreement**

***We*** will pay compensatory damages for ***bodily injury*** and ***property damage*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***. The ***bodily injury*** or ***property damage*** must be caused by an accident that involves the ownership, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle. The ***bodily injury*** must be sustained by an ***insured***.

For ***bodily injury*** involving a vehicle described in item 3. of the definition of "***uninsured motor vehicle***", ***we*** will pay only if the full amount of all available limits of all bodily injury liability bonds, policies, and self-insurance plans that apply to the ***insured's bodily injury*** have been used up by payment of judgments or settlements, or have been offered to the ***insured*** in writing.

**Consent to Settlement**

The ***insured*** must inform ***us*** of a settlement offer, if any, proposed by or on behalf of the owner or driver of the ***uninsured motor vehicle*** or ***underinsured motor vehicle***.

Unless the settlement offer is for the entire limits of liability insurance afforded by the liability insurer of the owner or driver of a vehicle described in item 3. of the definition of "***uninsured motor vehicle***", the ***insured*** must request ***our*** written consent to accept such settlement offer. If ***we***:

1. consent in writing, then the ***insured*** may accept such settlement offer.
2. inform the ***insured*** in writing that ***we*** do not consent, then the ***insured*** may not accept such settlement offer and:
   a. ***we*** will make payment to the ***insured*** in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the ***uninsured motor vehicle*** or ***underinsured motor vehicle***; and
   b. any recovery from or on behalf of the owner or driver of the ***uninsured motor vehicle*** or ***underinsured motor vehicle*** shall first be used to repay ***us***.

**Deciding Fault and Amount**

1. a. The ***insured*** and ***we*** must agree to the answers to the following two questions:
      (1) Is the ***insured*** legally entitled to recover compensatory damages from the owner or driver of the ***uninsured motor vehicle*** or ***underinsured motor vehicle***?
      (2) If the ***insured*** and ***we*** agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***uninsured motor vehicle*** or ***underinsured motor vehicle***?
   b. If there is no agreement on the answer to either question in 1.a. above, then the ***insured*** shall:
      (1) file a lawsuit, in a state or federal court that has jurisdiction, against:
         (a) ***us***;
         (b) the owner and driver of the ***uninsured motor vehicle*** or ***underinsured motor vehicle*** unless:
            (i) ***we*** have consented to a settlement offer proposed by or on behalf of such owner or driver; or
            (ii) the settlement offer to the ***insured*** is for the entire limits of liability insurance afforded by the liability insurer of the owner or driver of a vehicle described in item 3. of the definition of "***uninsured motor vehicle***"; and
         (c) any other party or parties who may be legally liable for the ***insured's*** damages;

(2) consent to a jury trial if requested by ***us***;

(3) agree that ***we*** may contest the issues of liability and the amount of damages; and

(4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

2. ***We*** are not bound by any:

   a. judgment obtained without ***our*** written consent; and

   b. default judgment against any ***person*** or organization other than ***us***.

3. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1. The Uninsured Motor Vehicle Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

2. The following applies if the vehicle in the accident is an ***uninsured motor vehicle*** as defined under item 1., 2., or 4., of the definition of "***uninsured motor vehicle***":

   The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident.

3. The following applies if the vehicle in the accident is an ***uninsured motor vehicle*** as defined under item 3. of the definition of "***uninsured motor vehicle***":

   a. The most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***, is the lesser of:

      (1) the limit shown under "Each Person"; or

      (2) the amount of all damages resulting from that ***bodily injury*** reduced by the sum of all payments for damages resulting from that ***bodily injury*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***bodily injury***.

   b. Subject to a. above, the most ***we*** will pay for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident is the limit shown under "Each Accident".

4. The Uninsured Motor Vehicle Coverage limit for damage to property is shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay, in excess of $250, for all damages resulting from damage to property of all ***insureds*** in any one accident.

5. These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:

   a. ***insureds***;

   b. claims made;

   c. vehicles insured; or

   d. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Coverage any damages that have already been paid to or for the ***insured***:

1. for ***bodily injury*** or ***property damage*** involving a vehicle described in item 1., 2., or 4. of the definition of "***uninsured motor vehicle***", by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***insured's bodily injury*** or ***property damage***;

2. for ***bodily injury*** or ***property damage*** under Liability Coverage or Non-Vehicular Property Damage Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or

3. as expenses or losses resulting from ***bodily injury*** under No-Fault Coverage of this policy, the no-fault coverage of any other policy, or other similar vehicle insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY*** OR ***PROPERTY DAMAGE***. This does not apply to an ***insured*** who has settled for the entire limits of liability insurance afforded by the liability insurer of the owner or driver of a

vehicle described in item 3. of the definition of "***uninsured motor vehicle***";

2. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
3. TO THE EXTENT IT BENEFITS:
   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;
   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR
   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;
4. FOR PUNITIVE OR EXEMPLARY DAMAGES;
5. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION; OR
6. FOR THE FIRST $250 OF ***PROPERTY DAMAGE*** TO THE PROPERTY OF ALL ***INSUREDS*** RESULTING FROM ONE ACCIDENT.

**If Other Coverage Applies**

1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:
   a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
2. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***.
   a. If:
      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and
      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.
   b. If:
      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and
      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.
3. Except as provided in 2. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage.
   a. If:
      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and
      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.
   b. If:
      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured

Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

4. The Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage over:
   a. any benefits available under No-Fault Coverage or Non-Vehicular Property Damage Coverage; or
   b. any other coverage available from any source applicable to ***property damage***.

   This coverage applies only in the amount by which the limit of liability of this coverage exceeds the amount payable under such other coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";
2. Collision Coverage if "G";
3. Emergency Road Service Coverage if "H";
4. Car Rental Expense Coverage if "R";
5. Car Rental and Travel Expenses Coverage if "R1"

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

***Covered Vehicle*** means:

1. ***your car***;
2. a ***newly acquired car***;
3. a ***temporary substitute car***;
4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;
5. a ***non-owned car*** while it is:
   a. being driven by an ***insured***; or
   b. in the custody of an ***insured*** if at the time of the ***loss*** it is:
      (1) not being driven; or
      (2) being driven by a ***person*** other than an ***insured*** and being ***occupied*** by an ***insured***; and
6. a ***non-owned trailer*** and a ***non-owned camper*** while it is being used by an ***insured***;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of ***trailers*** and campers must be securely fixed as a permanent part of the ***trailer*** or camper.

***Daily Rental Charge*** means the sum of:

1. the daily rental rate;
2. mileage charges; and
3. related taxes.

***Insured*** means ***you*** and ***resident relatives***.

***Loss*** means:

1. direct, sudden, and accidental damage to; or
2. total or partial theft of

a ***covered vehicle***. ***Loss*** does not include any reduction in the value of any ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

***Loss Caused By Collision*** means a ***loss*** caused by:

1. a ***covered vehicle*** hitting or being hit by another vehicle or another object; or
2. the overturning of a ***covered vehicle***.

Any ***loss*** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a ***Loss Caused By Collision***.

***Non-Owned Camper*** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

***Non-Owned Trailer*** means a ***trailer*** that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

**Insuring Agreements**

**1. Comprehensive Coverage**

***We*** will pay:

a. for ***loss***, except ***loss caused by collision***, to a ***covered vehicle***; and

b. transportation expenses incurred by an ***insured*** as a result of the total theft of ***your car*** or a ***newly acquired car***. These transportation expenses are payable:

(1) during the period that:

(a) starts on the date ***you*** report the theft to ***us***; and

(b) ends on the earliest of:

(i) the date the vehicle is returned to ***your*** possession in a drivable condition;

(ii) the date ***we*** offer to pay for the ***loss*** if the vehicle has not yet been recovered; or

(iii) the date ***we*** offer to pay for the ***loss*** if the vehicle is recovered, but is a total loss as determined by ***us***; and

(2) during the period that:

(a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to ***your*** possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

(b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**2. Collision Coverage**

***We*** will pay for ***loss caused by collision*** to a ***covered vehicle***.

**3. Emergency Road Service Coverage**

***We*** will pay the fair cost incurred by an ***insured*** for:

a. up to one hour of labor to repair a ***covered vehicle*** at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a ***covered vehicle*** is not drivable;

c. towing a ***covered vehicle*** out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a ***covered vehicle*** to driving condition. ***We*** do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a ***covered vehicle*** if its key is lost, stolen, or locked inside the vehicle.

**4. Car Rental Expense Coverage**

***We*** will pay the ***daily rental charge*** incurred when ***you*** rent a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

a. not drivable; or

b. being repaired

as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

***We*** will pay this ***daily rental charge*** incurred during a period that:

a. starts on the date:

(1) the vehicle is not drivable as a result of the ***loss***; or

(2) the vehicle is left at a repair facility if the vehicle is drivable; and

b. ends on the earliest of:

(1) the date the vehicle has been repaired or replaced;

(2) the date ***we*** offer to pay for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

(3) five days after ***we*** offer to pay for the ***loss*** if the vehicle is:

(a) a total loss as determined by ***us***; or

(b) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by ***you*** must be reported to ***us*** before ***we*** will pay such amount.

**5. Car Rental and Travel Expenses Coverage**

**a. Car Rental Expense**

***We*** will pay the ***daily rental charge*** incurred when ***you*** rent a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

(1) not drivable; or

(2) being repaired

as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

***We*** will pay this ***daily rental charge*** incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the ***loss***; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date ***we*** offer to pay for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

(c) five days after ***we*** offer to pay for the ***loss*** if the vehicle is:

(i) a total loss as determined by ***us***; or

(ii) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by ***you*** must be reported to ***us*** before ***we*** will pay such amount.

**b. Travel Expenses**

***We*** will pay expenses for commercial transportation, lodging, and meals if ***your car*** or a ***newly acquired car*** is not drivable as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage. The ***loss*** must occur more than 50 miles from ***your*** home. ***We*** will only pay these expenses if they are incurred by:

(1) an ***insured*** during the period that:

(a) starts after the ***loss*** occurs; and

(b) ends on the earlier of:

(i) the ***insured's*** arrival at his or her destination or home if the vehicle is left behind for repairs; or

(ii) the repair of the vehicle if the ***insured*** waits for repairs before continuing on to his or her destination or returning home; and

(2) ***you***, or any ***person you*** choose, to travel to retrieve the vehicle and drive it to either the original destination or ***your*** home if the vehicle was left behind for repairs.

These expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**c. Rental Car – Repayment of Deductible Expense**

***We*** will pay the comprehensive deductible or collision deductible an ***insured*** is required to pay the owner of a ***car*** rented from a ***car business***.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Comprehensive Coverage or Collision Coverage, then ***we*** will pay reasonable expenses incurred to:

1. tow the ***covered vehicle*** immediately after the ***loss***:
   a. for a reasonable distance from the location of the ***loss*** to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable; or
   b. to any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***. ***We*** will also pay reasonable expenses incurred to tow the ***covered vehicle*** for a reasonable distance from this facility to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable;
2. store the ***covered vehicle***, if it is not drivable immediately after the ***loss***, at:
   a. any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***; and
   b. any one repair facility chosen by the owner of the ***covered vehicle***, and ***we*** determine such vehicle is a total loss.

   If the owner of the ***covered vehicle*** consents, then ***we*** may move the ***covered vehicle*** at ***our*** expense to reduce storage costs. If the owner of the ***covered vehicle*** does not consent, then ***we*** will pay only the storage costs that would have resulted if ***we*** had moved the damaged ***covered vehicle***; and
3. clean up debris from the ***covered vehicle*** at the location of the ***loss***. The most ***we*** will pay to clean up the debris is $250 for any one ***loss***.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. ***We*** have the right to choose to settle with ***you*** or the owner of the ***covered vehicle*** in one of the following ways:
   a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible.
      (1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:
         (a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;
         (b) A bid or repair estimate approved by ***us***; or
         (c) A repair estimate that is written based upon or adjusted to:
            (i) the prevailing competitive price;
            (ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or
            (iii) a combination of (i) and (ii) above.

         The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

      ***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

      ***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.
      (2) The cost to repair the ***covered vehicle*** does not include any reduction in the value of the ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.
      (3) If the repair or replacement of a part results in betterment of that part, then ***you*** or the owner of the ***covered vehicle*** must pay for the amount of the betterment.
      (4) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced;
   b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible.

      The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that the owner may keep it. If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the value of the ***covered vehicle*** after the ***loss***; or
   c. Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above,

for any direct, sudden, and accidental damage that resulted from the theft.

2. The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.
3. The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental Expense Coverage**

The most ***we*** will pay for the ***daily rental charge*** is $10 per day. Subject to that limit, $300 is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

**Limits – Car Rental and Travel Expenses Coverage**

**1. Car Rental Expense**

The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

a. The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***. If:
   (1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount;
   (2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.
b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

**2. Travel Expenses**

The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

**3. Rental Car – Repayment of Deductible Expense**

The most ***we*** will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one ***loss*** is $500.

**Nonduplication**

***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment from, or on behalf of, a party who is legally liable for the ***loss*** or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:
   a. INTENTIONALLY DAMAGED; OR
   b. STOLEN

   BY OR AT THE DIRECTION OF AN ***INSURED***;
2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
3. ANY ***COVERED VEHICLE*** WHILE IT IS USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
4. ANY ***COVERED VEHICLE*** DUE TO:
   a. THEFT;
   b. CONVERSION;
   c. EMBEZZLEMENT; OR
   d. SECRETION

   BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;
5. ***LOSS*** TO ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IF AN ***INSURED*** VOLUNTARILY RELINQUISHES POSSESSION OF THAT ***CAR*** TO A ***PERSON*** OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;
6. ANY ***COVERED VEHICLE*** TO THE EXTENT ***OUR*** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR ***LOSS*** TO SUCH ***COVERED VEHICLE***;
7. ***LOSS*** TO ANY ***COVERED VEHICLE*** DUE TO ***FUNGI***. THIS APPLIES REGARDLESS OF WHETHER OR NOT THE ***FUNGI*** RESULT FROM A ***LOSS*** THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. ***WE*** WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF ***FUNGI***, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY ***COVERED VEHICLE*** THAT ARE DUE TO THE EXISTENCE OF ***FUNGI***;
8. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:
   a. NUCLEAR REACTION;
   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;
10. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM WAR OF ANY KIND;
11. ***YOUR CAR*** WHILE SUBJECT TO ANY:
    a. LIEN AGREEMENT;
    b. RENTAL AGREEMENT;
    c. LEASE AGREEMENT; OR
    d. SALES AGREEMENT

    NOT SHOWN ON THE DECLARATIONS PAGE;
12. ANY ***NON-OWNED CAR*** WHILE IT IS:
    a. BEING MAINTAINED OR USED BY ANY ***PERSON*** WHILE THAT ***PERSON*** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A ***CAR BUSINESS***; OR
    b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion (12.b.) does not apply to a ***private passenger car***;
13. ANY PART OR EQUIPMENT OF A ***COVERED VEHICLE*** IF THAT PART OR EQUIPMENT:
    a. FAILS OR IS DEFECTIVE; OR
    b. IS DAMAGED AS A DIRECT RESULT OF:
        (1) WEAR AND TEAR;
        (2) FREEZING; OR
        (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

        OF THAT PART OR EQUIPMENT.

    This exclusion does not apply if the ***loss*** is the result of theft of the ***covered vehicle***;
14. ANY PART OR EQUIPMENT:
    a. THAT IS NOT LEGAL FOR USE IN OR ON THE ***COVERED VEHICLE*** IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED; OR
    b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE ***COVERED VEHICLE***.

    However, if there is a legal version of the part or equipment that is necessary for the safe operation of the ***covered vehicle***, then ***we*** will pay the cost that ***we*** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. ***We*** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;
15. TIRES. This exclusion does not apply if:
    a. ***loss*** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or
    b. ***loss caused by collision*** to another part of the ***covered vehicle*** causes ***loss*** to tires;
16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;
17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;
18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:
    a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;
    b. ***OWNED BY*** AN ***INSURED***; AND
    c. NOT SHOWN ON THE DECLARATIONS PAGE; OR
19. ANY ***COVERED VEHICLE*** WHILE IT IS:
    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (19.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.
2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an ***insured*** by the ***State Farm***

***Companies*** apply to the same ***loss*** or expense, then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a ***loss*** to ***your car***.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in ***your car***. Coverage for the creditor's interest is only provided for a ***loss*** that is payable to ***you***.

   However, if this policy is cancelled or nonrenewed, then ***we*** will provide coverage for the creditor's interest until ***we*** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a ***loss*** that would have been payable to ***you*** if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date ***we*** mail or electronically transmit a notice of the termination to the creditor.

2. If ***we*** pay such creditor, then ***we*** are entitled to the creditor's right of recovery against ***you*** to the extent of ***our*** payment. ***Our*** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Arbitration**

***We*** will arbitrate a claim for ***loss*** to a motor vehicle, including loss of its use, if the ***person*** making claim sends a written request for arbitration to the Delaware Insurance Commissioner within 90 days from when ***we*** offer to pay for the ***loss*** or deny the claim. Arbitrators shall have no authority to decide any questions of law or conduct arbitration on a class-wide or class-representative basis.

**Our Payment Options**

**1. Comprehensive Coverage and Collision Coverage**

   a. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle owned by you***:

      (1) ***You***;

      (2) The repairer; or

      (3) A creditor shown on the Declarations Page, to the extent of its interest.

   b. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle*** not ***owned by you***:

      (1) ***You***;

      (2) The owner of such vehicle;

      (3) The repairer; or

      (4) A creditor, to the extent of its interest.

**2. Emergency Road Service Coverage, Car Rental Expense Coverage, and Car Rental and Travel Expenses Coverage**

   ***We*** may, at ***our*** option, make payment to one or more of the following:

   a. ***You***;

   b. The ***insured*** who incurred the expense; or

   c. Any party that provided the service for which payment is owed.

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means a ***person*** whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

***Pedestrian*** means a ***person*** who is not ***occupying***:

1. a motorized vehicle; or
2. a vehicle designed to be pulled by a motorized vehicle.

**Insuring Agreement**

***We*** will pay the highest applicable benefit shown in the following Benefits Schedules if an ***insured***:

1. dies; or
2. suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days immediately following the date of the accident.

**Benefit**

The applicable benefit shown in the schedule is the most ***we*** will pay for any one ***insured*** in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

**Benefits Schedules**

| | |
|---|---|
| If the amount shown on the Declarations Page for the ***insured*** is $5,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb and a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

| | |
|---|---|
| If the amount shown on the Declarations Page for the ***insured*** is $10,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb and a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

The benefits shown in the schedules are doubled for an ***insured*** who at the time of the accident was ***occupying*** a ***private passenger car*** and using a seat belt in the manner recommended by the vehicle's manufacturer.

**Exclusions**

COVERAGE DOES NOT APPLY TO AN ***INSURED***:

1. WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A ***CAR BUSINESS***;
2. WHILE ***OCCUPYING***, LOADING, OR UNLOADING:
   a. AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;
   b. A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:
      (1) ***INSURED'S*** BUSINESS; OR
      (2) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A ***CAR BUSINESS***.

      This exclusion (2.b.) does not apply if the vehicle is a ***private passenger car***;
   c. A MILITARY VEHICLE; OR
   d. A VEHICLE WHILE IT IS:
      (1) BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

(2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (2.d.(2)) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving;

3. WHILE ***OCCUPYING***, LOADING, UNLOADING, OR WHO IS STRUCK AS A ***PEDESTRIAN*** BY:
   a. A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;
   b. A MOTOR VEHICLE THAT IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   c. A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES; OR
4. FOR DEATH, DISMEMBERMENT, LOSS OF SIGHT THAT RESULTS FROM:
   a. WAR OF ANY KIND;
   b. NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
   c. THE DISCHARGE OF A FIREARM;
   d. EXPOSURE TO ***FUNGI***;
   e. SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE ***INSURED*** WAS SANE OR INSANE; OR
   f. DISEASE except pus-forming infection due to ***bodily injury*** sustained in the accident.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** or organization authorized by law to receive such payment.

## INSURED'S DUTIES

**1. Notice to Us of an Accident or Loss**

The ***insured*** must give ***us*** or one of ***our*** agents notice of the accident or ***loss*** as soon as reasonably possible. The notice must give ***us***:

a. ***your*** name;
b. the names and addresses of all ***persons*** involved in the accident or ***loss***;
c. an identification of the property for which claim is being made;
d. the hour, date, place, and facts of the accident or ***loss***; and
e. the names and addresses of witnesses to the accident or ***loss***.

**2. Notice to Us of a Claim or Lawsuit**

a. If a claim is made against an ***insured***, then that ***insured*** must immediately send ***us*** every demand, notice, and claim received.
b. If a lawsuit is filed against an ***insured***, then that ***insured*** must immediately send ***us*** every summons and legal process received.

**3. Insured's Duty to Cooperate With Us**

a. The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:
   (1) making settlements;
   (2) securing and giving evidence; and
   (3) attending, and getting witnesses to attend, depositions, hearings, and trials.
b. The ***insured*** must not, except at his or her own cost, voluntarily:
   (1) make any payment to others; or
   (2) assume any obligation to others

   unless authorized by the terms of this policy.
c. Any ***person*** or organization making claim under this policy must:

(1) when ***we*** require, give ***us*** proof of loss on forms ***we*** furnish. This does not apply under No-Fault Coverage and Death Dismemberment and Loss of Sight Coverage if ***we*** fail to supply the forms within 15 days after receiving the notice of claim;

(2) under No-Fault Coverage, give ***us*** proof of any reasonable and necessary expenses and loss of earnings incurred as promptly as practical, but no later than 27 months after the accident. Any medical expenses payable under item 1.b. of the No-Fault Coverage definition of ***medical expenses*** shall be submitted within 90 days after they are incurred; and

(3) under Uninsured Motor Vehicle Coverage, if making claim for damage to property, give ***us*** a sworn proof of loss within 60 days of the accident. This proof must state as to the property:

(a) who it is ***owned by*** and how much of it is ***owned by*** them;

(b) the amount of any claims or liens;

(c) its value at the time of the accident; and

(d) details of the accident and of any other insurance on it.

**4. Questioning Under Oath**

Under:

a. Liability Coverage or Non-Vehicular Property Damage Coverage, each ***insured***;

b. No-Fault Coverage, Uninsured Motor Vehicle Coverage, or Death, Dismemberment and Loss of Sight Coverage, each ***insured***, or any other ***person*** or organization making claim or seeking payment; and

c. Uninsured Motor Vehicle Coverage or Physical Damage Coverages, each ***insured*** or owner of a vehicle or property for which claim is being made, or any other ***person*** or organization making claim or seeking payment;

must, at ***our*** option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as ***we*** require. Such ***person*** or organization must answer questions under oath, asked by anyone ***we*** name, and sign copies of the answers. ***We*** may require each ***person*** or organization answering questions under oath to answer the questions with only that ***person's*** or organization's legal representative, ***our*** representatives, any ***person*** or ***persons*** designated by ***us*** to record the questions and answers, and no other ***person*** present.

**5. Other Duties Under Uninsured Motor Vehicle Coverage and Physical Damage Coverages**

When there is a covered loss, ***you*** or the owner of the vehicle or property for which claim is being made must:

a. protect the vehicle or property from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

b. make a prompt report to the police when the ***loss*** is the result of theft;

c. allow ***us*** to:

(1) inspect any damaged vehicle or property before its repair or disposal;

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the vehicle or property at ***our*** expense in order to conduct such inspection or testing;

d. provide ***us*** all:

(1) records;

(2) receipts; and

(3) invoices

that ***we*** request and allow ***us*** to make copies; and

e. not abandon the vehicle or property to ***us***.

**6. Other Duties Under No-Fault Coverage, Uninsured Motor Vehicle Coverage, and Death, Dismemberment and Loss of Sight Coverage**

A ***person*** making claim under:

a. No-Fault Coverage, Uninsured Motor Vehicle Coverage, or Death, Dismemberment and Loss of Sight Coverage must:

(1) notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;

(2) be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request;

(3) provide written authorization for ***us*** to obtain:

(a) medical bills;

(b) medical records;

(c) wage, salary, and employment information. Under No-Fault Coverage, if claiming benefits for work loss, the authorization must allow ***us*** to obtain details of all earnings since the time of injury and during the year prior to the date of the accident; and

(d) any other information ***we*** deem necessary to substantiate the claim.

If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***; and

(4) allow ***us*** to inspect the damaged property or the vehicle that the ***insured occupied*** in the accident;

b. Uninsured Motor Vehicle Coverage must report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police within 24 hours and to ***us*** within 30 days; and

c. No-Fault Coverage and Uninsured Motor Vehicle Coverage must send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files a lawsuit against the party liable for the accident.

## GENERAL TERMS

**1. When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

**2. Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

**3. Newly Owned or Newly Leased Car**

If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

a. request ***we*** replace the ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

(1) before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

(2) after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date; or

b. apply to the ***State Farm Companies*** for a separate policy to insure the ***car*** newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

**4. Changes to This Policy**

**a. Changes in Policy Provisions**

***We*** may only change the provisions of this policy by:

(1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

(2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then ***we*** will give ***you*** the broader coverage as of the date ***we*** make the change effective in the state of Delaware without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

**b. Change of Interest**

(1) No change of interest in this policy is effective unless ***we*** consent in writing.

(2) Except under Death, Dismemberment and Loss of Sight Coverage, if a named insured shown on the Declarations Page dies, then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

(a) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured.

This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

Policy notice requirements are met by mailing the notice to the most recent policy address that ***we*** have on record for the deceased named insured.

**c. Joint and Individual Interests**

If ***you*** consists of more than one ***person*** or entity, then each acts for all to change or cancel the policy.

**d. Change of Policy Address**

***We*** may change the named insured's policy address as shown on the Declarations Page and in ***our*** records to the most recent address provided to ***us*** by:

(1) ***you***; or

(2) the United States Postal Service.

**5. Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the ***State Farm Companies*** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. The premium for this policy may vary based upon the purchase of other insurance from the ***State Farm Companies***.

d. The premium for this policy is based upon information ***we*** have received from ***you*** or other sources. ***You*** must inform ***us*** if any information regarding the following is incorrect or incomplete, or changes during the policy period, and ***you*** must answer questions ***we*** ask regarding the following:

(1) ***Your car***, or its use, including annual mileage;

(2) The ***persons*** who regularly drive ***your car***, including newly licensed family members;

(3) ***Your*** marital status; or

(4) The location where ***your car*** is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to ***us*** when ***we*** ask, then ***we*** may decrease or increase the premium during the policy period. If ***we*** decrease the premium during the policy period, then ***we*** will provide a refund or a credit in the amount of the decrease. If ***we*** increase the premium during the policy period, then ***you*** must pay the amount of the increase.

**6. Renewal**

***We*** agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless ***we*** mail or deliver a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

**7. Nonrenewal**

If ***we*** decide not to renew this policy, then, at least 30 days before the end of the current policy

period, ***we*** will mail or deliver a nonrenewal notice to the most recent policy address that ***we*** have on record for the named insured.

**8. Cancellation**

**a. How You May Cancel**

***You*** may cancel this policy by providing to ***us*** advance notice of the date cancellation is effective. ***We*** may confirm the cancellation in writing.

**b. How and When We May Cancel**

***We*** may cancel this policy by mailing or delivering a written notice to the most recent policy address that ***we*** have on record for the named insured. The notice will provide the date cancellation is effective.

(1) If ***we*** mail or deliver a cancellation notice:

(a) during the first 59 days following this policy's effective date; or

(b) because the premium is not paid when due,

then the date cancellation is effective will be at least 10 days after the date ***we*** mail or deliver the cancellation notice.

Otherwise, the date cancellation is effective will be at least 30 days after the date ***we*** mail or deliver the cancellation notice.

(2) After this policy has been in force for more than 59 days, ***we*** will not cancel this policy before the end of the current policy period unless:

(a) the premium is not paid when due; or

(b) ***you***, any ***resident relative***, or any other ***person*** who usually drives ***your car*** has had his or her driver's license under suspension or revocation during the 180 days immediately before the effective date of the policy or during the policy period, and Delaware law allows such cancellation based on the reason for the suspension or revocation.

**c. Return of Unearned Premium**

If ***you*** cancel this policy, then premium may be earned on a short rate basis. A cash refund of unearned premium will not be made until ***you*** have completed an affidavit as required by law. The affidavit must be on a form ***we*** furnish and be returned to ***us***.

If ***we*** cancel this policy, then premium will be earned on a pro rata basis.

Any unearned premium may be returned within a reasonable time after cancellation. Delay in the return of any unearned premium does not affect the cancellation date.

**9. Assignment**

No assignment of benefits or other transfer of rights is binding upon ***us*** unless approved by ***us***.

**10. Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the ***insured*** or his or her estate will not relieve ***us*** of ***our*** obligations under this policy.

**11. Concealment or Fraud**

There is no coverage under this policy if ***you*** or any other ***person*** insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

**12. Our Right to Recover Our Payments**

Death, Dismemberment and Loss of Sight Coverage payments are not recoverable by ***us***. Under all other coverages the following apply:

**a. Subrogation**

If ***we*** are obligated under this policy to make payment to or for a ***person*** or organization who has a legal right to collect from another ***person*** or organization, then ***we*** will be subrogated to that right to the extent of ***our*** payment.

The ***person*** or organization to or for whom ***we*** make payment must help ***us*** recover ***our*** payments by:

(1) doing nothing to impair that legal right;

(2) executing any documents ***we*** may need to assert that legal right; and

(3) taking legal action through ***our*** representatives when ***we*** ask.

***Our*** right of subrogation under Uninsured Motor Vehicle Coverage is limited to the amount of coverage required by the Delaware Motor Vehicle Safety Responsibility Law.

**b. Reimbursement**

If ***we*** make payment under this policy and the ***person*** or organization to or for whom ***we*** make payment recovers or has recovered from another ***person*** or organization, then the ***person*** or organization to or for whom ***we*** make payment must:

(1) hold in trust for ***us*** the proceeds of any recovery; and

(2) reimburse ***us*** to the extent of ***our*** payment.

**13. Legal Action Against Us**

Legal action may not be brought against ***us*** until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against ***us*** regarding:

a. Liability Coverage and Non-Vehicular Property Damage Coverage after the amount of damages an ***insured*** is legally liable to pay has been finally determined by:

(1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(2) agreement between the claimant and ***us***.

b. No-Fault Coverage if the legal action relating to this coverage is brought against ***us*** within three years immediately following the date ***we*** offer to pay for the expense or loss or deny the claim.

c. Uninsured Motor Vehicle Coverage if the ***insured*** or that ***insured's*** legal representative within two years immediately following the date of the accident:

(1) presents an Uninsured Motor Vehicle Coverage claim to ***us***; and

(2) files a lawsuit in accordance with the Uninsured Motor Vehicle Coverage **Deciding Fault and Amount** provision.

Except as provided in c.(2) above, no other legal action may be brought against ***us*** relating to Uninsured Motor Vehicle Coverage for any other causes of action that arise out of or are related to this coverage until there has been full compliance with the provisions titled **Consent to Settlement** and **Deciding Fault and Amount**.

d. Physical Damage Coverages if the legal action relating to these coverages is brought against ***us*** within one year immediately following the date of the accident or ***loss***.

**14. Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. Delaware will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

**15. Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See “INSURED’S DUTIES” in this policy booklet.)

# State Farm® **Car Policy** Booklet

**Florida**
Policy Form 9810A

## CONTENTS

**THIS POLICY** .... 3

**DEFINITIONS** .... 4

**LIABILITY COVERAGE (Bodily Injury and Property Damage)** .... 6
- Additional Definition .... 6
- Insuring Agreement .... 7
- Supplementary Payments .... 7
- Limits .... 7
- Nonduplication .... 8
- Exclusions .... 8
- If Other Liability Coverage Applies .... 9
- Required Out-of-State Liability Coverage .... 10
- Financial Responsibility Certification .... 10

**PROPERTY DAMAGE LIABILITY COVERAGE** .... 10
- Additional Definition .... 10
- Insuring Agreement .... 11
- Supplementary Payments .... 11
- Limit .... 11
- Exclusions .... 12
- If Other Property Damage Liability Coverage Applies .... 13
- Required Out-of-State Liability Coverage .... 14
- Financial Responsibility Certification .... 14

**NO-FAULT COVERAGE** .... 14
- Additional Definition .... 14
- Insuring Agreement .... 14
- Limits .... 15
- Application of Any Deductible and Workers' Compensation Offset .... 17
- Partial Payment or Rejection of a Claim .... 17
- Nonduplication .... 17
- Exclusions .... 17
- If Other No-Fault Coverage Applies .... 18
- Our Payment Options .... 18

**MEDICAL PAYMENTS COVERAGE** .... 18
- Additional Definition .... 18
- Insuring Agreement .... 19
- Determining Medical Expenses .... 20
- Limits .... 20
- Nonduplication .... 21
- Exclusions .... 21
- If Other Medical Payments Coverage or Similar Vehicle Insurance Applies .... 23
- Our Payment Options .... 24

**UNINSURED MOTOR VEHICLE COVERAGE (Stacking)** .... 24
- Additional Definitions .... 24
- Insuring Agreement .... 25
- Consent to Settlement .... 25
- Deciding Fault and Amount .... 25
- Limits .... 25
- Nonduplication .... 26
- Exclusions .... 26
- If Other Uninsured Motor Vehicle Coverage Applies .... 26
- Our Payment Options .... 26

**UNINSURED MOTOR VEHICLE COVERAGE (Non-Stacking)** .... 27
- Additional Definitions .... 27
- Insuring Agreement .... 27
- Consent to Settlement .... 27
- Deciding Fault and Amount .... 28
- Limits .... 28
- Nonduplication .... 28
- Exclusions .... 28
- If Other Uninsured Motor Vehicle Coverage Applies .... 29
- Our Payment Options .... 30

**PHYSICAL DAMAGE COVERAGES** .... 30
- Additional Definitions .... 30
- Insuring Agreements .... 31
- Supplementary Payments – Comprehensive Coverage and Collision Coverage .... 32
- Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage .... 32
- Limits – Car Rental and Travel Expenses Coverage .... 33
- Nonduplication .... 34
- Exclusions .... 34
- If Other Physical Damage Coverage or Similar Coverage Applies .... 35
- Financed Vehicle .... 36
- Our Payment Options .... 36

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE** ...................... 36
Additional Definition ...................................... 36
Insuring Agreement ....................................... 36
Benefit ........................................................... 36
Exclusions ...................................................... 37
Our Payment Options ..................................... 38

**INSURED'S DUTIES** ...................................... 38
Insured's Duty at the Time of an Accident or Loss ............................................................ 38
Notice to Us of an Accident or Loss ............... 38
Notice to Us of a Claim or Lawsuit ................ 38
Insured's Duty to Cooperate With Us ............. 38
Questioning Under Oath ................................. 38
Other Duties Under the Physical Damage Coverages ......................................... 39
Other Duties Under No-Fault Coverage, Medical Payments Coverage, Uninsured Motor Vehicle Coverage, and Death, Dismemberment and Loss of Sight Coverage ............................ 39

**GENERAL TERMS** .......................................... 40
When Coverage Applies ................................. 40
Where Coverage Applies ................................ 40
Limited Coverage in Mexico ........................... 40
Persons Acting On Our Behalf ........................ 41
Newly Owned or Newly Leased Car ............... 42
Changes to This Policy .................................... 42
Premium ......................................................... 42
Renewal .......................................................... 43
Nonrenewal .................................................... 43
Cancellation .................................................... 43
Assignment ..................................................... 44
Bankruptcy or Insolvency of the Insured ......... 44
Concealment or Fraud .................................... 44
Our Right to Recover Our Payments ............... 45
Mediation ....................................................... 45
Arbitration ...................................................... 46
Legal Action Against Us .................................. 46
Choice of Law ................................................. 48
Severability .................................................... 48

## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.
2. This policy contains all of the agreements between all named insureds who are shown on the Declarations Page and all applicants and:
   a. ***us***; and
   b. any of ***our*** agents.
3. ***We*** agree to provide insurance according to the terms of this policy:
   a. based on payment of premium for the coverages chosen; and
   b. unless otherwise stated in "EXCEPTIONS, POLICY BOOKLET, & ENDORSEMENTS" on the Declarations Page, in reliance on the following statements:
      (1) ***You*** are the sole owner of ***your car***.
      (2) Neither ***you*** nor any member of ***your*** household has, within the past three years, had either:
         (a) a license to drive; or
         (b) a vehicle registration

         suspended, revoked, or refused.
      (3) ***Your car*** is used for pleasure and business.
4. All named insureds shown on the Declarations Page and all applicants agree by acceptance of this policy that:
   a. the statements in 3.b. above are made by such named insured or applicant and are true; and
   b. ***we*** provide this insurance on the basis those statements are true.
5. ***Your*** purchase of this policy may allow:
   a. ***you*** to purchase or obtain certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other products from the ***State Farm Companies***, subject to their applicable eligibility rules; or
   b. the premium or price for other products or services purchased by ***you***, including non-insurance products or services, to vary.

Such other products or services must be provided by the ***State Farm Companies*** or by an organization that has entered into an agreement or contract with the ***State Farm Companies***. The ***State Farm Companies*** do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization.

## DEFINITIONS

***We*** define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, possessive, and any other form of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. ***Car*** does not include:

1. Any vehicle while located for use as a dwelling or other premises; or
2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

***Emergency Medical Condition*** means a medical condition manifesting itself by acute symptoms of sufficient severity, which may include severe pain, such that the absence of immediate medical attention could reasonably be expected to result in any of the following:

1. Serious jeopardy to patient health;
2. Serious impairment to bodily functions; or
3. Serious dysfunction of any bodily organ or part.

***Fungi*** means any type or form of fungus or fungi and includes:

1. Mold;
2. Mildew; and
3. Any of the following that are produced or released by fungi:
   a. Mycotoxins;
   b. Spores;
   c. Scents; or
   d. Byproducts.

***Medical Expenses*** means ***reasonable charges*** incurred for ***medically necessary*** medical, surgical, X-ray, dental, and rehabilitative services, including ***medically necessary*** prosthetic devices and ***medically necessary*** ambulance, hospital, and nursing services.

***Medical Expenses*** do not include any:

1. massage as defined in s. 480.033, Florida Statutes;
2. acupuncture as defined in s. 457.102, Florida Statutes;
3. services, care, treatment, or supplies provided by any massage therapist; or
4. services, care, treatment, or supplies provided by any acupuncturist.

***Medically Necessary*** means a medical service or supply that a prudent physician would provide for the purpose of preventing, diagnosing, or treating an illness, injury, disease, or symptom in a manner that is:

1. in accordance with generally accepted standards of medical practice;
2. clinically appropriate in terms of type, frequency, extent, site, and duration; and
3. not primarily for the convenience of the patient, physician, or other healthcare provider.

***Motor Vehicle*** means a vehicle with four or more wheels that:

1. is self-propelled and is of a type:
   a. designed for; and
   b. required to be licensed for use on Florida highways; or
2. is a trailer or semitrailer designed for use with a vehicle described in 1. above.

***Motor Vehicle*** does not include:

1. a mobile home; or
2. any motor vehicle which is:
   a. used in mass transit, other than public school transportation;
   b. designed to transport more than five passengers, exclusive of the operator; and

c. ***owned by*** a municipality, a transit authority, or a political subdivision of the state.

***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
2. the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

***No-Fault Act*** means the Florida Motor Vehicle No-Fault Law and any amendments.

***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***:
   a. ***you***;
   b. any ***resident relative***;
   c. any other ***person*** who resides primarily in ***your*** household; or
   d. an employer of any ***person*** described in a., b., or c. above; nor
2. has been operated by, rented by, or in the possession of:
   a. ***you***; or
   b. any ***resident relative***

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or ***loss***.

***Occupying*** means in, on, entering, or exiting.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;
2. registered to; or
3. leased, if the lease is written for a period of 6 months or more, to.

***Pedestrian*** means a ***person*** who is not ***occupying***:

1. a motor vehicle; or
2. a vehicle designed to be pulled by a motor vehicle.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or
2. a pickup truck, van, minivan, or sport utility vehicle:
   a. while not used for:
      (1) wholesale; or
      (2) retail

      pickup or delivery; and
   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Reasonable Charge***, which includes reasonable expense, means an amount determined by ***us*** to be reasonable in accordance with the ***No-Fault Act***, considering one or more of the following:

1. usual and customary charges;
2. payments accepted by the provider;
3. reimbursement levels in the community;
4. various federal and state medical fee schedules applicable to ***motor vehicle*** and other insurance coverages;
5. the schedule of maximum charges in the ***No-Fault Act***,
6. other information relevant to the reasonableness of the charge for the service, treatment, or supply; or
7. Medicare coding policies and payment methodologies of the federal Centers for Medicare and Medicaid Services, including applicable modifiers, if the coding policy or payment methodology does not constitute a utilization limit.

***Relative*** means a relative of any degree by blood or marriage who usually makes his or her home in the same family unit, whether or not temporarily living elsewhere.

***Resident Relative*** means a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or

2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;
2. State Farm Fire and Casualty Company; and
3. Subsidiaries or affiliates of either 1. or 2. above.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. damage; or
   e. theft; and
2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. a trailer:
   a. designed to be pulled by a ***private passenger car***;
   b. not designed to carry ***persons***; and
   c. while not used as premises for office, store, or display purposes; or
2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under "YOUR CAR", and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;
2. the date this policy is no longer in force; or
3. the date ***you*** no longer own or lease the ***car*** being replaced.

## LIABILITY COVERAGE (Bodily Injury and Property Damage)

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***trailer***; and
   b. the maintenance or use of:
      (1) a ***non-owned car***; or
      (2) a ***temporary substitute car***;
2. the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished by an employer to, a ***person*** who resides primarily in ***your*** household, but only if such ***car*** is neither ***owned by***, nor furnished by an employer to, the first ***person*** shown as a named insured on the Declarations Page or that ***person's*** spouse;
3. any other ***person*** for his or her use of:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used with ***your*** express or implied permission; and

4. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. ***We*** will pay damages an ***insured*** becomes legally liable to pay because of:
   a. ***bodily injury*** to others; and
   b. damage to property

   caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy.
2. ***We*** have the right to:
   a. investigate, negotiate, and settle any claim or lawsuit;
   b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and
   c. appeal any award or legal decision

   for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages described in the **Insuring Agreement** of this policy's Liability Coverage, those items listed below that result from such accident:

1. Attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages. ***We*** have no duty to pay attorney fees incurred after ***we*** deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;
2. Court costs awarded by the court against an ***insured*** and resulting from that part of the lawsuit:
   a. that seeks damages payable under this policy's Liability Coverage; and
   b. against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

   ***We*** have no duty to pay court costs incurred after ***we*** deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;
3. Interest the ***insured*** is legally liable to pay on damages payable under the **Insuring Agreement** of this policy's Liability Coverage:
   a. before a judgment, but only the interest on the lesser of:
      (1) that part of the damages ***we*** pay; or
      (2) this policy's applicable Liability Coverage limit; and
   b. after a judgment.

   ***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage. ***We*** also have no duty to pay interest that accrues on any damages paid or payable by a party other than the ***insured*** or ***us***;
4. Premiums for bonds, provided by a company chosen by ***us***, required to appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:
   a. pay for any bond with a face amount that exceeds this policy's applicable Liability Coverage limit;
   b. furnish or apply for any bonds; or
   c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage; and
5. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:
   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:
      (1) an arbitration;
      (2) a mediation; or
      (3) a trial of a lawsuit; and
   b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most ***we*** will pay for the sum of:

1. all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident; and
2. all damages, including damages for emotional distress, sustained by other ***persons*** as a direct result of that ***bodily injury***.

The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages and all emotional distress resulting from ***bodily injury*** to two or more ***persons*** who sustained damages or emotional distress in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay any damages or expenses under Liability Coverage:

1. that have already been paid as expenses under No-Fault Coverage or Medical Payments Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
2. that have already been paid under Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO INTENTIONALLY CAUSES ***BODILY INJURY*** OR DAMAGE TO PROPERTY;
2. FOR ***BODILY INJURY*** TO:
   a. ***YOU***;
   b. ***RESIDENT RELATIVES***; AND
   c. ANY OTHER ***PERSON*** WHO BOTH RESIDES PRIMARILY WITH AN ***INSURED*** AND WHO:
      (1) IS RELATED TO THAT ***INSURED*** BY BLOOD, MARRIAGE, OR ADOPTION; OR
      (2) IS A WARD OR FOSTER CHILD OF THAT ***INSURED***;
3. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;
4. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;
5. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion does not apply to ***you*** and ***resident relatives*** who are legally liable for ***bodily injury*** to fellow employees, or if this coverage, of this policy, is used to certify financial responsibility;
6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
7. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
8. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***;
   b. any ***resident relative***; or
   c. any agent, employee, or business partner of a. or b. above

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;
9. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
10. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
11. FOR DAMAGE TO PROPERTY WHILE IT IS:
    a. ***OWNED BY***;
    b. RENTED TO;
    c. USED BY;
    d. IN THE CARE OF; OR
    e. TRANSPORTED BY

***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to damage to a:

a. motor vehicle ***owned by*** the employer of ***you*** or any ***resident relative*** if such damage is caused by an ***insured*** while operating another motor vehicle;

b. residence while rented to or leased to an ***insured***; or

c. private garage while rented to or leased to an ***insured***;

12. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;

13. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;

14. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:

a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (14.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving; OR

15. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1. If liability coverage provided by this policy and one or more other Car Policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same accident, then:

a. the liability coverage limits of such policies will not be added together to determine the most that may be paid; and

b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of ***your car*** or a ***trailer*** attached to it.

a. If:

(1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides liability coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as primary coverage.

b. If:

(1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides liability coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides liability coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as excess coverage.

b. If:

(1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides liability coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an ***insured*** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and
2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

## PROPERTY DAMAGE LIABILITY COVERAGE

This policy provides Property Damage Liability Coverage if "B" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***trailer***; and
   b. the maintenance or use of:
      (1) a ***non-owned car***; or
      (2) a ***temporary substitute car***;
2. the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished by an employer to, a ***person*** who resides primarily in ***your*** household, but only if such ***car*** is neither ***owned by***, nor furnished by an employer to, the first ***person*** shown as a named insured on the Declarations Page or that ***person's*** spouse;
3. any other ***person*** for his or her use of:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used with ***your*** express or implied permission; and
4. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. ***We*** will pay damages an ***insured*** becomes legally liable to pay because of damage to property caused by an accident that involves a vehicle for which that ***insured*** is provided Property Damage Liability Coverage by this policy;
2. ***We*** have the right to:
   a. investigate, negotiate, and settle any claim or lawsuit;
   b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and
   c. appeal any award or legal decision

   for damages payable under this policy's Property Damage Liability Coverage.
3. ***We*** will only defend an ***insured*** in a claim or lawsuit for damages payable under this policy's Property Damage Liability Coverage, that are caused by an accident for which that ***insured*** is provided Property Damage Liability Coverage by this policy. If a claim or lawsuit seeks damages due to both property damage and ***bodily injury***, then ***we*** will only defend the ***insured*** for property damage, and the ***insured*** will be required to hire and pay attorneys to defend the ***insured*** for damages due to ***bodily injury***.

**Supplementary Payments**

***We*** will pay, in addition to the damages described in the **Insuring Agreement** of this policy's Property Damage Liability Coverage, those items listed below that result from such accident:

1. Attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages. ***We*** have no duty to pay attorney fees incurred after ***we*** deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Property Damage Liability Coverage.
2. Court costs awarded by the court against an ***insured*** and resulting from that part of a lawsuit:
   a. that seeks damages payable under this policy's Property Damage Liability Coverage; and
   b. against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

   ***We*** have no duty to pay court costs incurred after ***we*** deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Property Damage Liability Coverage.
3. Interest the ***insured*** is legally liable to pay on damages payable under the **Insuring Agreement** of this policy's Property Damage Liability Coverage:
   a. before a judgment, but only the interest on the lesser of:
      (1) that part of the damages ***we*** pay; or
      (2) this policy's applicable Property Damage Liability Coverage limit; and
   b. after a judgment.

   ***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Property Damage Liability Coverage. ***We*** also have no duty to pay interest that accrues on any damages paid or payable by a party other than the ***insured*** or ***us***.
4. Premiums for bonds, provided by a company chosen by ***us,*** required to appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:
   a. pay for any bond with a face amount that exceeds this policy's applicable Property Damage Liability Coverage limit;
   b. furnish or apply for any bonds; or
   c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Property Damage Liability Coverage; and
5. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:
   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:
      (1) an arbitration;
      (2) a mediation; or
      (3) a trial of a lawsuit; and
   b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

**Limit**

The Property Damage Liability Coverage limit for damage to property is shown on the Declarations Page under "Property Damage Liability Coverage – Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.

The Property Damage Liability Coverage limit is the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO INTENTIONALLY CAUSES DAMAGE TO PROPERTY;
2. FOR ***BODILY INJURY***;
3. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;
4. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
5. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
6. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***;
   b. any ***resident relative***; or
   c. any agent, employee, or business partner of a. or b. above

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;
7. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
8. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
9. FOR DAMAGE TO PROPERTY WHILE IT IS:
   a. ***OWNED BY***;
   b. RENTED TO;
   c. USED BY;
   d. IN THE CARE OF; OR
   e. TRANSPORTED BY

   ***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to damage to a:
   a. motor vehicle ***owned by*** the employer of ***you*** or any ***resident relative*** if such damage is caused by an ***insured*** while operating another motor vehicle;
   b. residence while rented to or leased to an ***insured***;
   c. private garage while rented to or leased to an ***insured***.
10. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;
11. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;
12. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:
    a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (12.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving; OR
13. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Property Damage Liability Coverage Applies**

1. If property damage liability coverage provided by this policy and one or more other Car Policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same accident, then:
   a. the property damage liability coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
2. The Property Damage Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of ***your car*** or a ***trailer*** attached to it.
   a. If:
      (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides property damage liability coverage which applies to the accident as primary coverage; and
      (2) property damage liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other property damage liability coverage that apply as primary coverage.
   b. If:
      (1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides property damage liability coverage which applies to the accident as primary coverage; and
      (2) property damage liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other property damage liability coverage that apply as primary coverage.
3. Except as provided in 2. above, the Property Damage Liability Coverage provided by this policy applies as excess coverage.
   a. If:
      (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides property damage liability coverage which applies to the accident as excess coverage; and
      (2) property damage liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other property damage liability coverage that apply as excess coverage.
   b. If:
      (1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides property damage liability coverage which applies to the accident as excess coverage; and
      (2) property damage liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other property damage liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an ***insured*** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and
2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

## NO-FAULT COVERAGE

This policy provides No-Fault Coverage if "P" with a number beside it is shown under "SYMBOLS" on the Declarations Page. "P" with a number beside it is ***your*** coverage symbol. Check ***your*** coverage symbol shown on the Declarations Page with the SCHEDULE in the Limits section. The Income Loss option ***you*** have selected is shown by ***your*** coverage symbol.

**Additional Definition**

***Insured*** means:

1. named insureds and ***relatives***:
   a. while ***occupying*** a ***motor vehicle***;
   b. struck as a ***pedestrian*** by a ***motor vehicle***; or
2. any other ***person*** while ***occupying*** or ***struck*** as a ***pedestrian*** by:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

**Insuring Agreement**

***We*** will pay in accordance with the ***No-Fault Act*** properly billed and documented ***reasonable charges*** for ***bodily injury*** to an ***insured*** caused by an accident resulting from the ownership, maintenance, or use of a ***motor vehicle*** as follows:

1. **Medical Expenses**

   ***We*** will pay 80% of properly billed and documented ***medical expenses***, but only if that ***insured*** receives initial services and care from a provider described in A. below within 14 days after the ***motor vehicle*** accident that caused ***bodily injury*** to that ***insured***.

   ***We*** will not pay for any ***medical expenses*** if that ***insured*** does not receive initial services and care from a provider described in A. below within 14 days after the ***motor vehicle*** accident that caused ***bodily injury*** to that ***insured***.

   ***We*** will only pay ***medical expenses*** for:

   A. initial services and care:
      (1) lawfully provided, supervised, ordered or prescribed by:
         (a) a physician licensed under chapter 458 or chapter 459 of the Florida Statutes;
         (b) a dentist licensed under chapter 466 of the Florida Statutes; or
         (c) a chiropractic physician licensed under chapter 460 of the Florida Statutes;
      (2) provided in a hospital or facility that owns, or is wholly owned by, a hospital; or
      (3) provided by a ***person*** or entity licensed under part III of chapter 401 of the Florida Statutes which provides emergency transportation and treatment;

   B. upon referral by a provider described in A. above, follow-up services and care consistent with the underlying medical diagnosis rendered pursuant to A. above which may be provided, supervised, ordered, or prescribed only by:

(1) a physician or osteopathic physician licensed under chapter 458 or chapter 459 of the Florida Statutes;

(2) a dentist licensed under chapter 466 of the Florida Statutes;

(3) a chiropractic physician licensed under chapter 460 of the Florida Statues; or

(4) to the extent permitted by applicable law and under the supervision of a ***person*** described in (1), (2), or (3) immediately above;

(a) a physician assistant licensed under chapter 458 or chapter 459 of the Florida Statutes; or

(b) an advanced registered nurse practitioner licensed under chapter 464 of the Florida Statutes; and

C. follow-up services and care consistent with the underlying medical diagnosis rendered pursuant to A. above which may only be provided by the following ***persons*** or entities:

(1) a hospital or ambulatory surgical center licensed under chapter 395 of the Florida Statutes;

(2) an entity wholly owned by one or more physicians licensed under chapter 458 or 459 of the Florida Statutes, chiropractic physicians licensed under chapter 460 of the Florida Statutes or dentists licensed under chapter 466 of the Florida Statutes, or by such practitioners and the spouse, parent, child, or sibling of such practitioners;

(3) an entity that owns or is wholly owned, directly or indirectly, by a hospital or hospitals;

(4) a physical therapist licensed under chapter 486 of the Florida Statutes, based upon referral by a provider described in B. above;

(5) a health care clinic licensed under part X of chapter 400 of the Florida Statutes which is accredited by the Joint Commission on Accreditation of Healthcare Organizations, the American Osteopathic Association, the Commission on Accreditation of Rehabilitation Facilities, or the Accreditation Association for Ambulatory Health Care, Inc., or

(a) has a medical director licensed under chapter 458, chapter 459, or chapter 460 of the Florida Statutes;

(b) has been continuously licensed for more than three years or is a publicly traded corporation that issues securities traded on an exchange registered with the United States Securities and Exchange Commission as a national securities exchange; and

(c) provides at least four of the following medical specialties:

i. general medicine;

ii. radiography;

iii. orthopedic medicine;

iv. physical medicine;

v. physical therapy;

vi. physical rehabilitation;

vii. prescribing or dispensing outpatient prescription medication; or

viii. laboratory services.

2. **Income Loss**

***We*** will pay, when properly documented, 60% of any loss of gross income and loss of earnings capacity per individual injured ***insured*** from that ***insured's*** inability to work that is proximately caused by the injury sustained by that individual ***insured***.

3. **Replacement Services Loss**

***We*** will pay, when properly documented, ***reasonable charges*** incurred in obtaining from others ordinary and necessary services in lieu of those that, but for the injury, the individual injured ***insured*** would have performed without income for the benefit of his or her household.

4. **Death Benefits**

***We*** will pay $5,000 per deceased individual ***insured***.

**Limits**

1. ***We*** will not pay any charge that the ***No-Fault Act*** does not require ***us*** to pay, or the amount of any charge that exceeds the amount the ***No-Fault Act*** allows to be charged.

2. The most ***we*** will pay for each injured ***insured*** as a result of any one accident is $10,000 for all combined **Medical Expenses**, **Income Loss**, and **Replacement Services Loss**, described in the **Insuring Agreement** of this policy's No-Fault Coverage.

The limit for **Medical Expenses** is $10,000 if a physician (excluding a chiropractic physician), a dentist, a physician assistant, or an advanced registered nurse practitioner described in 1.A. or 1.B under the **Insuring Agreement** of this policy's No-Fault Coverage determined the injured ***insured*** had an ***emergency medical condition***.

The limit for **Medical Expenses** is $2,500 if any healthcare provider described in 1.A. or 1.B. under the **Insuring Agreement** of this policy's No-Fault Coverage determined the injured ***insured*** did not have an ***emergency medical condition***.

***We*** will limit payment of **Medical Expenses** described in the **Insuring Agreement** of this policy's No-Fault Coverage to 80% of a properly billed and documented ***reasonable charge***, but in no event will ***we*** pay more than 80% of the following ***No-Fault Act*** "schedule of maximum charges" including the use of Medicare coding policies and payment methodologies of the federal Centers for Medicare and Medicaid Services, including applicable modifiers:

a. For emergency transport and treatment by providers licensed under chapter 401, Florida Statutes, 200 percent of Medicare.

b. For emergency services and care provided by a hospital licensed under chapter 395, Florida Statutes, 75 percent of the hospital's usual and customary charges.

c. For emergency services and care as defined by s. 395.002, Florida Statutes, provided in a facility licensed under chapter 395, Florida Statutes, rendered by a physician or dentist, and related hospital inpatient services rendered by a physician or dentist, the usual and customary charges in the community.

d. For hospital inpatient services, other than emergency services and care, 200 percent of the Medicare Part A prospective payment applicable to the specific hospital providing the inpatient services.

e. For hospital outpatient services, other than emergency services and care, 200 percent of the Medicare Part A Ambulatory Payment Classification for the specific hospital providing the outpatient services.

f. For all other medical services, supplies, and care, 200 percent of the allowable amount under:

(I) The participating physicians fee schedule of Medicare Part B, except as provided in sub-sub-subparagraphs (II) and (III).

(II) Medicare Part B, in the case of services, supplies, and care provided by ambulatory surgical centers and clinical laboratories.

(III) The Durable Medical Equipment Prosthetics/Orthotics and Supplies fee schedule of Medicare Part B, in the case of durable medical equipment.

However, if such services, supplies, or care is not reimbursable under Medicare Part B, as provided in this sub-subparagraph, then ***we*** will limit reimbursement to 80 percent of the maximum reimbursable allowance under workers' compensation, as determined under s. 440.13, Florida Statutes, and rules adopted thereunder which are in effect at the time such services, supplies, or care is provided. Services, supplies, or care that is not reimbursable under Medicare or workers' compensation (Florida Rules of Procedure for Worker's Compensation Adjudication) will not be reimbursed by ***us***.

For purposes of the above, the applicable fee schedule or payment limitation under Medicare is the fee schedule or payment limitation in effect on March 1 of the year in which the services, supplies, or care is rendered and for the area in which such services, supplies, or care is rendered, and the applicable fee schedule or payment limitation applies throughout the remainder of that year, notwithstanding any subsequent change made to the fee schedule or payment limitation, except that it will not be less than the allowable amount under the applicable schedule of Medicare Part B for 2007 for medical services, supplies, and care subject to Medicare Part B.

3. ***We*** will pay a **Death Benefit** of $5,000 per deceased individual ***insured***. **Death Benefits** are in addition to the **Medical Expenses**, **Income Loss**, and **Replacement Services Loss** limit.

4. SCHEDULE

| Coverage Symbol | Income Loss Benefits Eliminated For Named Insureds | Income Loss Benefits Eliminated For Named Insureds' Dependent ***Relatives*** |
|---|---|---|
| P10 | No | No |
| P14 | Yes | Yes |
| P19 | Yes | No |

**Application of Any Deductible and Workers' Compensation Offset**

1. The deductible amount, if any, is shown on the Declarations Page beside ***your*** coverage symbol. The deductible amount does not apply to **Death Benefits**.

   The deductible amount applies to:

   a. each named insured if "N" follows the deductible amount; or

   b. each named insured and each dependent ***relative*** if "N" does not follow the deductible amount.

   Any deductible will be applied to 100% of properly billed and documented **Medical Expenses**, properly documented **Income Loss**, and properly documented **Replacement Services Loss** that are eligible to be paid under this coverage. The deductible will be applied to such expenses and losses upon our receipt of reasonable documented proof of the expenses and losses and the amount of expenses and losses incurred.

2. After any applicable deductible has been applied, ***we*** will pay the balance of properly billed and documented **Medical Expenses**, **Income Loss**, and **Replacement Services Loss** in accordance with the percentages and limits as described in the section titled **Limits**.

3. ***We*** will reduce the amount payable as determined in item 2. above by any workers' compensation benefits received for the same loss or expense.

**Partial Payment or Rejection of a Claim**

If ***we*** pay only a portion of a claim or reject a claim due to an alleged error in the claim, then ***we*** shall, at the time of the partial payment or rejection, provide an itemized specification or explanation of benefits due to the specified error. Upon receiving the specification or explanation, the ***person*** making the claim, at the ***person's*** option and without waiving any other legal remedy for payment, has 15 days to submit a revised claim, which shall be considered a timely submission of written notice of a claim.

In a dispute between the ***insured*** and ***us***, or between an assignee of the ***insured's*** rights and ***us***, upon request, ***we*** will notify the ***insured*** or the assignee that the policy limits under this section have been reached within 15 days after the limits have been reached.

**Nonduplication**

***We*** will not pay under No-Fault Coverage any benefits:

1. that have already been paid to or for the ***insured***:

   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or

   b. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to any named insured or any ***relative***;

2. that:

   a. have already been paid;

   b. could have been paid; or

   c. could be paid

   to or for the ***insured*** under other no-fault coverage, any disability benefits law, or similar law; or

3. that have already been paid as expenses under Medical Payments Coverage of this policy, the medical payments coverage of any other policy, or other similar vehicle insurance.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ***BODILY INJURY*** TO:

   a. ANY ***PEDESTRIAN*** NOT A RESIDENT OF FLORIDA; OR

   b. ANY ***PERSON*** ENTITLED TO NO-FAULT BENEFITS FROM:

      (1) THE OWNER OF A ***MOTOR VEHICLE*** OTHER THAN A NAMED INSURED; OR

      (2) THAT OWNER'S INSURER.

   This exclusion (1.) does not apply to any named insured or any ***relative***;

2. ANY NAMED INSURED OR ***RELATIVE*** WHO SUSTAINED ***BODILY INJURY*** WHILE ***OCCUPYING*** A ***MOTOR VEHICLE OWNED BY*** THE NAMED INSURED AND NOT INSURED UNDER THIS POLICY;

3. ANY ***INSURED PERSON***:

   a. WHOSE CONDUCT CONTRIBUTED TO HIS OR HER ***BODILY INJURY*** UNDER ANY OF THE FOLLOWING CIRCUMSTANCES:

      (1) CAUSING ***BODILY INJURY*** TO HIMSELF OR HERSELF INTENTIONALLY; OR

      (2) WHILE COMMITTING A FELONY;

   b. WHOSE ***BODILY INJURY*** OCCURRED WHILE:

(1) DRIVING ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** WITHOUT ***YOUR*** PERMISSION; OR

(2) ***OCCUPYING*** A ***MOTOR VEHICLE*** LOCATED FOR USE AS A DWELLING OR PREMISES;

c. WHO OWNS A ***MOTOR VEHICLE*** SUBJECT TO THE ***NO-FAULT ACT.*** This exclusion (3.c.) does not apply to:

(1) any named insured;

(2) the spouse of any named insured; and

(3) any ***relative*** while ***occupying your car*** if the accident occurs outside Florida; OR

d. WHO REFUSES TO:

(1) SUBMIT TO, COMPLETE, OR FAILS TO APPEAR AT AN EXAMINATION UNDER OATH; OR

(2) PROVIDE, COMPLETE, OR FAILS TO APPEAR AT A STATEMENT UNDER OATH;

4. INCOME LOSS WHEN THE SCHEDULE SHOWS INCOME LOSS BENEFITS ARE ELIMINATED UNDER ***YOUR*** COVERAGE SYMBOL;

5. ANY MASSAGE AS DEFINED IN S. 480.033, FLORIDA STATUTES, OR ACUPUNCTURE AS DEFINED IN S. 457.102, FLORIDA STATUTES, REGARDLESS OF THE ***PERSON*** OR ENTITY PROVIDING THE MASSAGE OR ACUPUNCTURE; OR

6. ANY SERVICES, CARE, TREATMENT, OR SUPPLIES PROVIDED BY ANY MASSAGE THERAPIST OR ANY ACUPUNCTURIST.

**If Other No-Fault Coverage Applies**

1. If No-Fault Coverage provided by this policy and one or more other vehicle policies issued to any named insured or any ***relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:

   a. the No-Fault Coverage limits of such policies shall not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

2. If No-Fault Coverage provided by this policy and one or more other vehicle policies issued to any named insured or any ***relative*** by one or more sources other than the ***State Farm Companies*** apply to the same ***bodily injury***, then:

   a. the No-Fault Coverage limits of such policies shall not be added together to determine the most that may be paid;

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies, subject to ***our*** pro rata share of the highest applicable limit provided by any one of the policies; and

   c. ***we*** are entitled to recover from each insurer that is liable to pay no-fault coverage benefits to or for the ***insured*** who sustained ***bodily injury***, an equitable pro rata share of benefits paid and expenses incurred in processing the claim.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***;
4. A ***person*** authorized by law to receive such payment;
5. Any ***person*** or organization that provides the medical services or funeral services; or
6. Any ***person*** appearing to ***us*** to be equitably entitled to receive such payment.

## MEDICAL PAYMENTS COVERAGE

This policy provides Medical Payments Coverage if "C" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means named insureds and ***relatives***:

1. while ***occupying*** a ***motor vehicle***;
2. through being struck as a ***pedestrian*** by a ***motor vehicle***; or
3. through being struck as a ***pedestrian*** by a motorcycle of a type required to be licensed for use on Florida highways.

**Insuring Agreement**

1. Medical Payments Coverage is excess over No-Fault Coverage. The no-fault deductible, if any, is not payable under Medical Payments Coverage.
2. ***We*** will pay properly billed and documented ***medical expenses*** for services and care that are incurred because of ***bodily injury*** to an ***insured*** caused by an accident resulting from the ownership, maintenance, or use of a ***motor vehicle***, but only:
   a. if that ***insured*** receives initial services and care from a provider described in A. below within 14 days after the ***motor vehicle*** accident that caused ***bodily injury*** to that ***insured***; and
   b. if such services and care are provided within three years after the ***motor vehicle*** accident that caused ***bodily injury*** to that ***insured***.

   ***We*** will not pay for any ***medical expenses*** if the ***insured*** does not receive initial services and care from a provider described in A. below within 14 days after the ***motor vehicle*** accident that caused ***bodily injury*** to that ***insured***.

   ***We*** will only pay ***medical expenses*** for:

   A. initial services and care:
      (1) lawfully provided, supervised, ordered or prescribed by:
         (a) a physician licensed under chapter 458 or chapter 459 of the Florida Statutes;
         (b) a dentist licensed under chapter 466 of the Florida Statutes; or
         (c) a chiropractic physician licensed under chapter 460 of the Florida Statutes;
      (2) provided in a hospital or facility that owns, or is wholly owned by, a hospital; or
      (3) provided by a ***person*** or entity licensed under part III of chapter 401 of the Florida Statutes which provides emergency transportation and treatment;
   B. upon referral by a provider described in A. above, follow-up services and care consistent with the underlying medical diagnosis rendered pursuant to A. above which may be provided, supervised, ordered, or prescribed only by:
      (1) a physician or osteopathic physician licensed under chapter 458 or chapter 459 of the Florida Statutes;
      (2) a dentist licensed under chapter 466 of the Florida Statutes;
      (3) a chiropractic physician licensed under chapter 460 of the Florida Statues; or
      (4) to the extent permitted by applicable law and under the supervision of a ***person*** described in (1), (2), or (3) immediately above;
         (a) a physician assistant licensed under chapter 458 or chapter 459 of the Florida Statutes; or
         (b) an advanced registered nurse practitioner licensed under chapter 464 of the Florida Statutes; and
   C. follow-up services and care consistent with the underlying medical diagnosis rendered pursuant to A. above which may only be provided by the following ***persons*** or entities:
      (1) a hospital or ambulatory surgical center licensed under chapter 395 of the Florida Statutes;
      (2) an entity wholly owned by one or more physicians licensed under chapter 458 or 459 of the Florida Statutes, chiropractic physicians licensed under chapter 460 of the Florida Statutes or dentists licensed under chapter 466 of the Florida Statutes, or by such practitioners and the spouse, parent, child, or sibling of such practitioners;
      (3) an entity that owns or is wholly owned, directly or indirectly, by a hospital or hospitals;
      (4) a physical therapist licensed under chapter 486 of the Florida Statutes, based upon referral by a provider described in B. above;
      (5) a health care clinic licensed under part X of chapter 400 of the Florida Statutes which is accredited by the Joint Commission on Accreditation of Healthcare Organizations, the American Osteopathic Association, the Commission on Accreditation of Rehabilitation Facilities, or the Accreditation Association for Ambulatory Health Care, Inc., or
         (a) has a medical director licensed under chapter 458, chapter 459, or chapter 460 of the Florida Statutes;

(b) has been continuously licensed for more than three years or is a publicly traded corporation that issues securities traded on an exchange registered with the United States Securities and Exchange Commission as a national securities exchange; and

(c) provides at least four of the following medical specialties:

i. general medicine;

ii. radiography;

iii. orthopedic medicine;

iv. physical medicine;

v. physical therapy;

vi. physical rehabilitation;

vii. prescribing or dispensing outpatient prescription medication; or

viii. laboratory services.

3. ***We*** will pay funeral expenses incurred for an ***insured*** who dies within three years immediately following the date of a ***motor vehicle*** accident if the death is a direct result of ***bodily injury*** sustained in such accident.

**Determining Medical Expenses**

***We*** have the right to:

1. obtain and use:

   a. utilization reviews;

   b. peer reviews; and

   c. medical bill reviews

   to determine if the incurred expenses are ***reasonable charges*** and ***medically necessary*** for the ***bodily injury*** sustained.

2. use a medical examination of the ***insured*** to determine if:

   a. the ***bodily injury*** was caused by a ***motor vehicle*** accident; and

   b. the expenses incurred are ***medically necessary***.

3. enter into a contract with a third party that has an agreement with the ***insured's*** healthcare provider to charge fees as determined by that agreement.

**Limits**

The Medical Payments Coverage limit is dependent upon determination of an ***emergency medical condition*** and is shown on the Declarations Page.

1. **Emergency Medical Condition**

   a. The Medical Payments Coverage limit for an ***insured*** who has been determined to have an ***emergency medical condition*** is shown on the Declarations Page under "Medical Payments Coverage – Emergency Medical Condition Limit – Each Person". This limit is the most ***we*** will pay for ***medical expenses*** and for funeral expenses combined that are incurred by or on behalf of any one ***insured*** as a result of any one accident if the insured has been determined to have an ***emergency medical condition*** by a physician, a dentist, a physician assistant, or an advanced registered nurse practitioner described in 2.A. or 2.B. under the **Insuring Agreement** of this policy's Medical Payments Coverage regardless of the number of:

      (1) ***insureds***;

      (2) claims made;

      (3) vehicles insured; or

      (4) vehicles involved in the accident.

   b. Subject to the limit shown on the Declarations Page, as described in 1.a. above, the most ***we*** will pay for funeral expenses incurred for any one ***insured*** is $3,000.

2. **Not An Emergency Medical Condition**

   The Medical Payments Coverage limit for an ***insured*** who has been determined to not have an ***emergency medical condition*** is shown on the Declarations Page under "Medical Payments Coverage – Not An Emergency Medical Condition Limit – Each Person". This limit is the most ***we*** will pay for ***medical expenses*** and for funeral expenses combined that are incurred by or on behalf of any one ***insured*** as a result of any one accident if the ***insured*** has been determined to not have an ***emergency medical condition*** by a healthcare provider described in 2.A. or 2.B. under the **Insuring Agreement** of this policy's Medical Payments Coverage, regardless of the number of:

   a. ***insureds***;

   b. claims made;

   c. vehicles insured; or

   d. vehicles involved in the accident.

3. In no event will ***we*** pay more than the following ***No-Fault Act*** "schedule of maximum charges" including the use of Medicare coding policies and payment methodologies of the federal Centers for Medicare and Medicaid Services, including applicable modifiers:

a. For emergency transport and treatment by providers licensed under chapter 401, Florida Statutes, 200 percent of Medicare.

b. For emergency services and care provided by a hospital licensed under chapter 395, Florida Statutes, 75 percent of the hospital's usual and customary charges.

c. For emergency services and care as defined by s. 395.002, Florida Statutes, provided in a facility licensed under chapter 395, Florida Statutes, rendered by a physician or dentist, and related hospital inpatient services rendered by a physician or dentist, the usual and customary charges in the community.

d. For hospital inpatient services, other than emergency services and care, 200 percent of the Medicare Part A prospective payment applicable to the specific hospital providing the inpatient services.

e. For hospital outpatient services, other than emergency services and care, 200 percent of the Medicare Part A Ambulatory Payment Classification for the specific hospital providing the outpatient services.

f. For all other medical services, supplies, and care, 200 percent of the allowable amount under:

(I) The participating physicians fee schedule of Medicare Part B, except as provided in sub-sub-subparagraphs (II) and (III).

(II) Medicare Part B, in the case of services, supplies, and care provided by ambulatory surgical centers and clinical laboratories.

(III) The Durable Medical Equipment Prosthetics/Orthotics and Supplies fee schedule of Medicare Part B, in the case of durable medical equipment.

However, if such services, supplies, or care is not reimbursable under Medicare Part B, as provided in this sub-sub-subparagraph, then ***we*** will limit reimbursement to the maximum reimbursable allowance under workers' compensation, as determined under s. 440.13, Florida Statutes, and rules adopted thereunder which are in effect at the time such services, supplies, or care is provided. Services, supplies, or care that is not reimbursable under Medicare or workers' compensation (Florida Rules of Procedure for Worker's Compensation Adjudication) will not be reimbursed by ***us***.

For purposes of the above, the applicable fee schedule or payment limitation under Medicare is the fee schedule or payment limitation in effect on March 1 of the year in which the services, supplies, or care is rendered and for the area in which such services, supplies, or care is rendered, and the applicable fee schedule or payment limitation applies throughout the remainder of that year, notwithstanding any subsequent change made to the fee schedule or payment limitation, except that it will not be less than the allowable amount under the applicable schedule of Medicare Part B for 2007 for medical services, supplies, and care subject to Medicare Part B.

**Nonduplication**

***We*** will not pay under Medical Payments Coverage any damages or expenses:

1. that have already been paid to or for the ***insured***:

   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or

   b. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to any named insured or any ***relative***; or

2. that have already been paid under No-Fault Coverage or Uninsured Motor Vehicle Coverage of this policy, the no-fault coverage, medical payments coverage, or uninsured motor vehicle coverage of any other policy, or other similar vehicle insurance.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. UNTIL THE MEDICAL EXPENSE BENEFITS OF ALL NO-FAULT COVERAGE AVAILABLE FROM ALL SOURCES HAVE BEEN EXHAUSTED. This does not apply to the 20% of ***medical expenses*** that are not paid under no-fault coverage because of the 80% limitation;

2. WHO REFUSES TO:

   a. SUBMIT TO, COMPLETE, OR FAILS TO APPEAR AT AN EXAMINATION UNDER OATH; OR

   b. PROVIDE, COMPLETE, OR FAILS TO APPEAR AT A STATEMENT UNDER OATH;

3. FOR ANY ***MEDICAL EXPENSES*** THAT ARE NOT PAYABLE UNDER NO-FAULT COVERAGE. This does not include:

   a. the 20% of ***medical expenses*** that are not paid under no-fault coverage because of the 80% limitation;

b. ***medical expenses*** not paid because the medical expense benefits of all no-fault coverage available from all sources have been exhausted;

c. ***medical expenses*** for ***bodily injury*** while ***occupying*** a ***non-owned car*** while outside Florida, but within the area described under **Where Coverage Applies** for Medical Payments Coverage; and

d. ***medical expenses*** for ***bodily injury*** sustained through being struck as a ***pedestrian*** by a:

(1) ***motor vehicle*** while outside Florida, but within the area described under **Where Coverage Applies** for Medical Payments Coverage; or

(2) motorcycle of a type required to be licensed for use on Florida highways;

4. FOR MILEAGE COSTS FOR THE USE OF A PERSONAL VEHICLE;

5. FOR ANY INTEREST CHARGES;

6. IF ANY WORKERS' COMPENSATION LAW OR ANY SIMILAR LAW APPLIES TO THAT ***INSURED'S BODILY INJURY***;

7. WHO:

a. IS ***OCCUPYING*** OR THROUGH BEING STRUCK AS A PEDESTRIAN BY A VEHICLE ***OWNED BY*** ANY NAMED INSURED OR ANY ***RELATIVE*** WHICH IS NOT INSURED UNDER THIS POLICY; OR

b. AT THE TIME OF THE ACCIDENT OWNS A ***MOTOR VEHICLE*** SUBJECT TO THE ***NO-FAULT ACT*** AND IS NOT INSURED FOR THE COVERAGE REQUIRED BY THE ***NO-FAULT ACT***.

This exclusion (7.b.) does not apply to:

(1) any named insured;

(2) the spouse of any named insured; and

(3) any ***relative*** while ***occupying your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***non-owned car*** if the accident occurs outside Florida, but within the area described under **Where Coverage Applies** for Medical Payments Coverage;

8. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

9. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to:

a. the use of a ***private passenger car*** on a share-the-expense basis; or

b. an ***insured*** while ***occupying*** a ***non-owned car*** as a passenger;

10. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS.*** This exclusion does not apply to:

a. any named insured;

b. any ***relative***; or

c. any agent, employee, or business partner of a. or b. above

while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;

11. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;

12. WHILE MAINTAINING OR USING A ***NON-OWNED CAR*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;

13. WHO IS EITHER ***OCCUPYING*** OR STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES;

14. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT:

a. IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR

b. RUNS ON RAILS OR CRAWLER-TREADS;

15. WHOSE ***BODILY INJURY*** RESULTS FROM WAR OF ANY KIND;

16. WHOSE ***BODILY INJURY*** RESULTS FROM:

a. NUCLEAR REACTION;

b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

17. WHOSE ***BODILY INJURY*** RESULTS FROM EXPOSURE TO ***FUNGI***;

18. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS:
    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (18.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving;
19. FOR ANY MASSAGE AS DEFINED IN S.480.033, FLORIDA STATUTES, OR ACUPUNCTURE AS DEFINED IN S.457.102, FLORIDA STATUTES, REGARDLESS OF THE ***PERSON*** OR ENTITY PROVIDING THE MASSAGE OR ACUPUNCTURE; OR
20. FOR ANY SERVICES, CARE, TREATMENT, OR SUPPLIES PROVIDED BY ANY MASSAGE THERAPIST OR ANY ACUPUNCTURIST.

**If Other Medical Payments Coverage or Similar Vehicle Insurance Applies**

1. An ***insured*** shall not recover for the same ***medical expenses*** or funeral expenses under both this coverage and other medical payments coverage or similar vehicle insurance.
2. If Medical Payments Coverage provided by this policy and one or more other vehicle policies issued to any named insured or any ***relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:
    a. the Medical Payments Coverage limits of such policies shall not be added together to determine the most that may be paid; and
    b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
3. The Medical Payments Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car*** or a ***trailer*** attached to it.
    a. If:
        (1) this is the only vehicle policy issued to any named insured or any ***relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and
        (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

        then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.
    b. If:
        (1) more than one vehicle policy issued to any named insured or any ***relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and
        (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

        then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.
4. Except as provided in 3. above, the Medical Payments Coverage provided by this policy applies as excess coverage.
    a. If:
        (1) this is the only vehicle policy issued to any named insured or any ***relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and
        (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to any named insured or any ***relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***;
4. A ***person*** authorized by law to receive such payment;
5. Any ***person*** or organization that provides the ***medically necessary*** services or funeral services; or
6. Any ***person*** appearing to ***us*** to be equitably entitled to receive such payment.

## UNINSURED MOTOR VEHICLE COVERAGE (Stacking)

This policy provides Uninsured Motor Vehicle Coverage if "U" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a trailer attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used with ***your*** express or implied permission. Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and
4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Uninsured Motor Vehicle*** means a land motor vehicle and a trailer attached to such land motor vehicle:

1. the ownership, maintenance, and use of which is:
   a. neither insured, nor self-insured, nor bonded for bodily injury liability at the time of the accident; or
   b. insured, self-insured, or bonded for bodily injury liability at the time of the accident; but
      (1) the limits are less than required by the financial responsibility act of the state of Florida;
      (2) the limits of liability of the insurance, self-insurance, or bond are less than the damages for ***bodily injury*** sustained by the ***insured***; or
      (3) the entity providing the financial responsibility:
         (a) denies that it provides liability coverage for compensatory damages that result from the accident; or
         (b) is or becomes insolvent; or

2. the owner or driver:
   a. of which could not reasonably have been identified;
   b. remains unknown; and
   c. that causes ***bodily injury*** to the ***insured***.

***Uninsured Motor Vehicle*** does not include a land motor vehicle or trailer:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy. However, any such vehicle will be deemed to be an ***uninsured motor vehicle*** for ***bodily injury*** sustained by ***you*** or a ***resident relative*** while the vehicle is being operated by a ***person*** other than ***you*** or a ***resident relative***;
2. ***owned by***, rented to, or furnished or available for the regular use of ***you*** or a ***resident relative***;
3. designed for use primarily off public roads except while on public roads;
4. while located for use as a dwelling or other premises; or
5. whose owner or operator could have been reasonably identified.

**Insuring Agreement**

1. ***We*** will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***.
2. The ***bodily injury*** for which ***we*** will pay compensatory damages must be:
   a. sustained by an ***insured***;
   b. caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle***; and
   c. a serious injury as described in section 627.737(2) of the Florida Insurance Code before we will pay for damages consisting of pain, suffering, mental anguish, or inconvenience.

**Consent to Settlement**

The ***insured*** must inform ***us*** of a settlement offer, if any, proposed by or on behalf of the owner or driver of the ***uninsured motor vehicle***, and the ***insured*** must request ***our*** written consent to accept such settlement offer.

If ***we***:

1. consent in writing, then the ***insured*** may accept such settlement offer.
2. inform the ***insured*** in writing that ***we*** do not consent, then the ***insured*** may not accept such settlement offer and:
   a. ***we*** will make payment to the ***insured*** in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the ***uninsured motor vehicle***; and
   b. any recovery from or on behalf of the owner or driver of the ***uninsured motor vehicle*** shall first be used to repay ***us***.

**Deciding Fault and Amount**

1. The ***insured*** and ***we*** must agree to the answers to the following two questions:
   a. Is the ***insured*** legally entitled to recover compensatory damages from the owner or driver of the ***uninsured motor vehicle***?
   b. If the ***insured*** and ***we*** agree that the answer to 1.a. above is yes, then what is the amount of the compensatory damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***uninsured motor vehicle***?
2. If there is no agreement on the answer to either question in 1. above, then the disagreement shall be resolved by mediation, arbitration, or litigation as outlined in the **Mediation**, **Arbitration**, and **Legal Action Against Us** provisions under **GENERAL TERMS**.

**Limits**

The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

The limit shown under "Each Person" is the most ***we*** will pay for the sum of:

1. all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident; and
2. all damages, including damages for emotional distress, sustained by other ***insureds*** as a direct result of that ***bodily injury***.

The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages and all emotional distress resulting from ***bodily injury*** to two or more ***insureds*** who sustained damages or emotional distress in the same accident.

These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;

3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for the ***insured***:
   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or
   b. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***;
2. that:
   a. have already been paid;
   b. could have been paid; or
   c. could be paid

   to or for the ***insured*** under any workers' compensation law, disability benefits law, or similar law; or
3. that have already been paid as expenses under No-Fault Coverage or Medical Payments Coverage of this policy, the no-fault coverage or medical payments coverage of any other policy, or other similar vehicle insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY***;
2. TO THE EXTENT IT BENEFITS:
   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;
   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR
   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES; OR
3. FOR PUNITIVE OR EXEMPLARY DAMAGES.

**If Other Uninsured Motor Vehicle Coverage Applies**

1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury*** sustained by a ***person*** other than ***you*** or any ***resident relative***, then:
   a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
2. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***.

   If uninsured motor vehicle coverage is provided on a primary basis by one or more other sources, then ***we*** will pay the proportion of damages that the applicable limit of this policy bears to the total of all uninsured motor vehicle coverage that applies as primary coverage.
3. Except as provided in 2. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage for an ***insured*** who sustains ***bodily injury***.

   If uninsured motor vehicle coverage is provided on an excess basis by one or more other sources, then ***we*** will pay the proportion of damages that the applicable limit of this policy bears to the total of all uninsured motor vehicle coverage that applies as excess coverage.
4. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then ***we*** may choose one or more policies from which to make payment.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

## UNINSURED MOTOR VEHICLE COVERAGE
## (Non-Stacking)

This policy provides Uninsured Motor Vehicle Coverage if "U3" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a trailer attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used with ***your*** express or implied permission. Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and
4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., and 3. above.

***Uninsured Motor Vehicle*** means a land motor vehicle and a trailer attached to such land motor vehicle:

1. the ownership, maintenance, and use of which is:
   a. neither insured, nor self-insured, nor bonded for bodily injury liability at the time of the accident; or
   b. insured, self-insured, or bonded for bodily injury liability at the time of the accident; but
      (1) the limits are less than required by the financial responsibility act of the state of Florida;
      (2) the limits of liability of the insurance, self-insurance, or bond are less than the damages for ***bodily injury*** sustained by the ***insured***; or
      (3) the entity providing the financial responsibility:
         (a) denies that it provides liability coverage for compensatory damages that result from the accident; or
         (b) is or becomes insolvent; or
2. the owner or driver:
   a. of which could not reasonably have been identified;
   b. remains unknown; and
   c. that causes ***bodily injury*** to the ***insured***.

***Uninsured Motor Vehicle*** does not include a land motor vehicle or trailer:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy. However, any such vehicle will be deemed to be an ***uninsured motor vehicle*** for ***bodily injury*** sustained by ***you*** or a ***resident relative*** while the vehicle is being operated by a ***person*** other than ***you*** or a ***resident relative***;
2. ***owned by***, rented to, or furnished or available for the regular use of ***you*** or a ***resident relative***;
3. designed for use primarily off public roads except while on public roads;
4. while located for use as a dwelling or other premises; or
5. whose owner or operator could have been reasonably identified.

**Insuring Agreement**

1. ***We*** will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***.
2. The ***bodily injury*** for which ***we*** will pay compensatory damages must be:
   a. sustained by an ***insured***;
   b. caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle***; and
   c. a serious injury as described in section 627.737(2) of the Florida Insurance Code before we will pay for damages consisting of pain, suffering, mental anguish, or inconvenience.

**Consent to Settlement**

The ***insured*** must inform ***us*** of a settlement offer, if any, proposed by or on behalf of the owner or driver of the ***uninsured motor vehicle,*** and the ***insured*** must request ***our*** written consent to accept such settlement offer.

If ***we***:

1. consent in writing, then the ***insured*** may accept such settlement offer.
2. inform the ***insured*** in writing that ***we*** do not consent, then the ***insured*** may not accept such settlement offer and:

a. ***we*** will make payment to the ***insured*** in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the ***uninsured motor vehicle***; and

b. any recovery from or on behalf of the owner or driver of the ***uninsured motor vehicle*** shall first be used to repay ***us***.

**Deciding Fault and Amount**

1. The ***insured*** and ***we*** must agree to the answers to the following two questions:
   a. Is the ***insured*** legally entitled to recover compensatory damages from the owner or driver of the ***uninsured motor vehicle***?
   b. If the ***insured*** and ***we*** agree that the answer to 1.a. above is yes, then what is the amount of the compensatory damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***uninsured motor vehicle***?
2. If there is no agreement on the answer to either question in 1. above, then the disagreement shall be resolved by mediation, arbitration, or litigation as outlined in the **Mediation**, **Arbitration**, and **Legal Action Against Us** provisions under **GENERAL TERMS**.

**Limits**

The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under “Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident”.

The limit shown under “Each Person” is the most ***we*** will pay for the sum of:

1. all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident; and
2. all damages, including damages for emotional distress, sustained by other ***insureds*** as a direct result of that ***bodily injury***.

The limit shown under “Each Accident” is the most ***we*** will pay, subject to the limit for “Each Person”, for all damages and all emotional distress resulting from ***bodily injury*** to two or more ***insureds*** who sustained damages or emotional distress in the same accident.

These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for the ***insured***:
   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or
   b. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***;
2. that:
   a. have already been paid;
   b. could have been paid; or
   c. could be paid

   to or for the ***insured*** under any workers’ compensation law, disability benefits law, or similar law; or
3. that have already been paid as expenses under No-Fault Coverage or Medical Payments Coverage of this policy, the no-fault coverage or medical payments coverage of any other policy, or other similar vehicle insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY***;
2. FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY***:
   a. WHILE ***OCCUPYING*** A VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***; OR
   b. THROUGH BEING STRUCK BY A VEHICLE ***OWNED BY*** ANY ***RESIDENT RELATIVE***.

   This exclusion does not apply to the first ***person*** shown as a named insured on the Declarations Page and that named insured’s spouse who resides primarily with that named insured, while ***occupying*** or through being struck by a motor vehicle not ***owned by*** one or both of them;
3. TO THE EXTENT IT BENEFITS:
   a. ANY WORKERS’ COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;
   b. A SELF-INSURER UNDER ANY WORKERS’ COMPENSATION LAW,

DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR

c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES; OR

4. FOR PUNITIVE OR EXEMPLARY DAMAGES.

**If Other Uninsured Motor Vehicle Coverage Applies**

1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:

   a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

2. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***.

   a. If:

      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

   b. If:

      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

   a. If:

      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

   b. If:

      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";
2. Collision Coverage if "G";
3. Emergency Road Service Coverage if "H";
4. Car Rental and Travel Expenses Coverage if "R1"

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

***Covered Vehicle*** means:

1. ***your car***;
2. a ***newly acquired car***;
3. a ***temporary substitute car***;
4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;
5. a ***non-owned car*** while it is:
   a. being driven by an ***insured***; or
   b. in the custody of an ***insured*** if at the time of the ***loss*** it is:
      (1) not being driven; or
      (2) being driven by a ***person*** other than an ***insured*** and being ***occupied*** by an ***insured***;
6. a ***non-owned trailer*** while it is being used by an ***insured***; and
7. a ***non-owned camper*** while it is being used by an ***insured***;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of ***trailers*** and campers must be securely fixed as a permanent part of the ***trailer*** or camper.

***Daily Rental Charge*** means the sum of:

1. the daily rental rate;
2. mileage charges; and
3. related taxes.

***Insured*** means ***you*** and ***resident relatives***.

***Loss*** means:

1. direct, sudden, and accidental damage to; or
2. total or partial theft of

a ***covered vehicle***. ***Loss*** does not include any reduction in the value of any ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

***Loss Caused By Collision*** means a ***loss*** caused by:

1. a ***covered vehicle*** hitting or being hit by another vehicle or another object; or
2. the overturning of a ***covered vehicle***.

Any ***loss*** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a ***Loss Caused By Collision***.

***Non-Owned Camper*** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

***Non-Owned Trailer*** means a ***trailer*** that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;

b. any other ***person*** who resides primarily in ***your*** household; or

c. an employer of any ***person*** described in a. or b. above; nor

2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

**Insuring Agreements**

1. **Comprehensive Coverage**

a. ***We*** will pay for ***loss***, except ***loss caused by collision***, to a ***covered vehicle***.

b. ***We*** will pay transportation expenses incurred by an ***insured*** as a result of the total theft of ***your car*** or a ***newly acquired car***. These transportation expenses are payable:

(1) during the period that:

(a) starts on the date ***you*** report the theft to ***us***; and

(b) ends on the earliest of:

(i) the date the vehicle is returned to ***your*** possession in a drivable condition;

(ii) the date ***we*** offer to pay for the ***loss*** if the vehicle has not yet been recovered; or

(iii) the date ***we*** offer to pay for the ***loss*** if the vehicle is recovered, but is a total loss as determined by ***us***; and

(2) during the period that:

(a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to ***your*** possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

(b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

c. The deductible does not apply to damage to the windshield of any ***covered vehicle***.

2. **Collision Coverage**

***We*** will pay for ***loss caused by collision*** to a ***covered vehicle***.

3. **Emergency Road Service Coverage**

***We*** will pay the fair cost incurred by an ***insured*** for:

a. up to one hour of labor to repair a ***covered vehicle*** at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a ***covered vehicle*** is not drivable;

c. towing a ***covered vehicle*** out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a ***covered vehicle*** to driving condition. ***We*** do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a ***covered vehicle*** if its key is lost, stolen, or locked inside the vehicle.

4. **Car Rental and Travel Expenses Coverage**

a. **Car Rental Expense**

***We*** will pay the ***daily rental charge*** incurred when an ***insured*** rents a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

(1) not drivable; or

(2) being repaired

as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

***We*** will pay this ***daily rental charge*** incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the ***loss***; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date ***we*** offer to pay for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

(c) seven days after ***we*** offer to pay for the ***loss*** if the vehicle is:

(i) a total loss as determined by ***us***; or

(ii) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such amount.

b. **Travel Expenses**

***We*** will pay expenses for commercial transportation, lodging, and meals if ***your car*** or a ***newly acquired car*** is not drivable as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage. The ***loss*** must occur more than 50 miles from ***your*** home. ***We*** will only pay these expenses if they are incurred by:

(1) an ***insured*** during the period that:

(a) starts after the ***loss*** occurs; and

(b) ends on the earlier of:

(i) the ***insured's*** arrival at his or her destination or home if the vehicle is left behind for repairs; or

(ii) the repair of the vehicle if the ***insured*** waits for repairs before continuing on to his or her destination or returning home; and

(2) ***you***, or any ***person you*** choose, to travel to retrieve the vehicle and drive it to either the original destination or ***your*** home if the vehicle was left behind for repairs.

These expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

c. **Rental Car – Repayment of Deductible Expense**

***We*** will pay the comprehensive coverage deductible or collision coverage deductible an ***insured*** is required to pay the owner of a ***car*** rented from a ***car business***.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Comprehensive Coverage or Collision Coverage, then ***we*** will pay reasonable expenses incurred to:

1. tow the ***covered vehicle*** immediately after the ***loss***:

a. for a reasonable distance from the location of the ***loss*** to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable; or

b. to any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***. ***We*** will also pay reasonable expenses incurred to tow the ***covered vehicle*** for a reasonable distance from this facility to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable;

2. store the ***covered vehicle***, if it is not drivable immediately after the ***loss***, at:

a. any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***; and

b. any one repair facility chosen by the owner of the ***covered vehicle***, and ***we*** determine such vehicle is a total loss.

If the owner of the ***covered vehicle*** consents, then ***we*** may move the ***covered vehicle*** at ***our*** expense to reduce storage costs. If the owner of the ***covered vehicle*** does not consent, then ***we*** will pay only the storage costs that would have resulted if ***we*** had moved the damaged ***covered vehicle***; and

3. clean up debris from the ***covered vehicle*** at the location of the ***loss***. The most ***we*** will pay to clean up the debris is $250 for any one ***loss***.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. ***We*** have the right to choose to settle with ***you*** or the owner of the ***covered vehicle*** in one of the following ways:

a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible.

(1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:

(a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;

(b) A bid or repair estimate approved by ***us***; or

(c) A repair estimate that is written based upon or adjusted to:

(i) the prevailing competitive price;

(ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or

(iii) a combination of (i) and (ii) above.

The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a

survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

(2) The cost to repair the ***covered vehicle*** does not include any reduction in the value of the ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

(3) If the repair or replacement of a part results in betterment of that part, then ***you*** or the owner of the ***covered vehicle*** must pay for the amount of the betterment.

(4) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced;

b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible.

(1) The owner of the ***covered vehicle*** and ***we*** must agree upon the actual cash value of the ***covered vehicle***. If there is disagreement as to the actual cash value of the ***covered vehicle***, then the disagreement will be resolved by mediation or appraisal. Either the owner or ***we*** may request mediation or appraisal.

(2) Mediation will follow the rules outlined in this policy, found under **Mediation**, in the section titled **GENERAL TERMS**.

(3) Appraisal will follow the rules and procedures as listed below:

(a) The owner and ***we*** will each select a competent appraiser.

(b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or ***we*** may petition a court that has jurisdiction to select the third appraiser.

(c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third appraiser.

(d) The appraisers shall only determine the actual cash value of the ***covered vehicle***. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the ***covered vehicle*** and ***us***.

(f) ***We*** do not waive any of ***our*** rights by submitting to an appraisal.

(4) The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that the owner may keep it. If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the value of the ***covered vehicle*** after the ***loss***; or

c. Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.

3. The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

1. **Car Rental Expense**

The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

a. The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***. If:

(1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount; or

(2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.

b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

2. **Travel Expenses**

The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

3. **Rental Car – Repayment of Deductible Expense**

The most ***we*** will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one ***loss*** is $500.

**Nonduplication**

***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment from, or on behalf of, a party who is legally liable for the ***loss*** or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:
   a. INTENTIONALLY DAMAGED; OR
   b. STOLEN

   BY OR AT THE DIRECTION OF AN ***INSURED***;
2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
3. ANY ***COVERED VEHICLE*** WHILE IT IS USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
4. ANY ***COVERED VEHICLE*** DUE TO:
   a. THEFT;
   b. CONVERSION;
   c. EMBEZZLEMENT; OR
   d. SECRETION

   BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;
5. ***LOSS*** TO ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IF AN ***INSURED*** VOLUNTARILY RELINQUISHES POSSESSION OF THAT ***CAR*** TO A ***PERSON*** OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;
6. ANY ***COVERED VEHICLE*** TO THE EXTENT ***OUR*** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR ***LOSS*** TO SUCH ***COVERED VEHICLE***;
7. ***LOSS*** TO ANY ***COVERED VEHICLE*** DUE TO ***FUNGI***. THIS APPLIES REGARDLESS OF WHETHER OR NOT THE ***FUNGI*** RESULT FROM A ***LOSS*** THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. ***WE*** WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF ***FUNGI***, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY ***COVERED VEHICLE*** THAT ARE DUE TO THE EXISTENCE OF ***FUNGI***;
8. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:
   a. NUCLEAR REACTION;
   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;
10. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM WAR OF ANY KIND;
11. ***YOUR CAR*** WHILE SUBJECT TO ANY:
    a. LIEN AGREEMENT;
    b. RENTAL AGREEMENT;
    c. LEASE AGREEMENT; OR
    d. SALES AGREEMENT

    NOT SHOWN ON THE DECLARATIONS PAGE;
12. ANY ***NON-OWNED CAR*** WHILE IT IS:
    a. BEING MAINTAINED OR USED BY ANY ***PERSON*** WHILE THAT ***PERSON*** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A ***CAR BUSINESS***; OR
    b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion (12.b.) does not apply to a ***private passenger car***;
13. ANY PART OR EQUIPMENT OF A ***COVERED VEHICLE*** IF THAT PART OR EQUIPMENT:
    a. FAILS OR IS DEFECTIVE; OR
    b. IS DAMAGED AS A DIRECT RESULT OF:

(1) WEAR AND TEAR;

(2) FREEZING; OR

(3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

OF THAT PART OR EQUIPMENT.

This exclusion does not apply if the ***loss*** is the result of theft of the ***covered vehicle***;

14. ANY PART OR EQUIPMENT:

    a. THAT IS NOT LEGAL FOR USE IN OR ON THE ***COVERED VEHICLE*** IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED; OR

    b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE ***COVERED VEHICLE***.

    However, if there is a legal version of the part or equipment that is necessary for the safe operation of the ***covered vehicle***, then ***we*** will pay the cost that ***we*** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. ***We*** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;

15. TIRES. This exclusion does not apply if:

    a. ***loss*** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or

    b. ***loss caused by collision*** to another part of the ***covered vehicle*** causes ***loss*** to tires;

16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;

17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;

18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:

    a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;

    b. ***OWNED BY*** AN ***INSURED***; AND

    c. NOT SHOWN ON THE DECLARATIONS PAGE; OR

19. ANY ***COVERED VEHICLE*** WHILE IT IS:

    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (19.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.

2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an ***insured*** by the ***State Farm Companies*** apply to the same ***loss*** or expense, then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a ***loss*** to ***your car***.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in ***your car***. Coverage for the creditor's interest is only provided for a ***loss*** that is payable to ***you***.

   However, if this policy is cancelled or nonrenewed, then ***we*** will provide coverage for the creditor's interest until ***we*** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a ***loss*** that would have been payable to ***you*** if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date ***we*** mail or electronically transmit a notice of the termination to the creditor.
2. If ***we*** pay such creditor, then ***we*** are entitled to the creditor's right of recovery against ***you*** to the extent of ***our*** payment. ***Our*** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**
   a. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle owned by you***:
      (1) ***You***;
      (2) The repairer; or
      (3) A creditor shown on the Declarations Page, to the extent of its interest.
   b. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle*** not ***owned by you***:
      (1) ***You***;
      (2) The owner of such vehicle;
      (3) The repairer; or
      (4) A creditor, to the extent of its interest.
2. **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

   ***We*** may, at ***our*** option, make payment to one or more of the following:
   a. ***You***;
   b. The ***insured*** who incurred the expense; or
   c. Any party that provided the service for which payment is owed.

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means a ***person*** whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

**Insuring Agreement**

***We*** will pay the highest applicable benefit shown in the following Death, Dismemberment and Loss of Sight Benefits Schedules if an ***insured***:

1. dies; or
2. suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days immediately following the date of the accident.

**Benefit**

The applicable benefit shown in the schedule is the most ***we*** will pay for any one ***insured*** in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

The benefits shown in the schedules are doubled for an ***insured*** who at the time of the accident was ***occupying*** a ***private passenger car*** and using a seat belt in the manner recommended by the vehicle's manufacturer.

**Death, Dismemberment and Loss of Sight Benefits Schedules**

| | |
|---|---|
| If the amount shown on the Declarations Page for the ***insured*** is $5,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb and a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

| | |
|---|---|
| If the amount shown on the Declarations Page for the ***insured*** is $10,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb and a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

**Exclusions**

DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE DOES NOT APPLY TO AN ***INSURED***:

1. WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A ***CAR BUSINESS***;
2. WHILE ***OCCUPYING***, LOADING, OR UNLOADING:
   a. AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;
   b. A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:
      (1) ***INSURED'S*** BUSINESS; OR
      (2) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A ***CAR BUSINESS***.

      This exclusion (2.b.) does not apply if the vehicle is a ***private passenger car***;
   c. A MILITARY VEHICLE; OR
   d. A VEHICLE WHILE IT IS:
      (1) BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
      (2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (2.d.(2)) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving;
3. WHILE ***OCCUPYING***, LOADING, UNLOADING, OR WHO IS STRUCK AS A ***PEDESTRIAN*** BY:
   a. A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;
   b. A MOTOR VEHICLE THAT IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   c. A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES; OR
4. FOR DEATH, DISMEMBERMENT, AND LOSS OF SIGHT THAT RESULTS FROM:
   a. WAR OF ANY KIND;
   b. NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
   c. EXPOSURE TO ***FUNGI***;
   d. SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE ***INSURED*** WAS SANE OR INSANE; OR
   e. DISEASE except pus-forming infection due to ***bodily injury*** sustained in the accident.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** or organization authorized by law to receive such payment.

## INSURED'S DUTIES

1. **Insured's Duty at the Time of an Accident or Loss**

   The ***insured*** must make a reasonable effort to identify:

   a. the owners, operators, and passengers of the vehicles involved in the accident or ***loss***;

   b. the ***person*** or ***persons*** involved in the accident or ***loss***; and

   c. the potential witnesses to the accident or ***loss***.

2. **Notice to Us of an Accident or Loss**

   The ***insured*** must give ***us*** or one of ***our*** agents notice of the accident or ***loss*** as soon as reasonably possible. The notice must give ***us***:

   a. ***your*** name;

   b. the names and addresses of all ***persons*** involved in the accident or ***loss***;

   c. the hour, date, place, and facts of the accident or ***loss***; and

   d. the names and addresses of witnesses to the accident or ***loss***.

3. **Notice to Us of a Claim or Lawsuit**

   a. If a claim is made against an ***insured***, then that ***insured*** must immediately send ***us*** every demand, notice, and claim received.

   b. If a lawsuit is filed against an ***insured***, then that ***insured*** must immediately send ***us*** every summons and legal process received.

4. **Insured's Duty to Cooperate With Us**

   a. The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:

      (1) making settlements;

      (2) securing and giving evidence; and

      (3) attending, and getting witnesses to attend, depositions, hearings, and trials.

   b. The ***insured*** must not, except at his or her own cost, voluntarily:

      (1) make any payment to others; or

      (2) assume any obligation to others

      unless authorized by the terms of this policy.

   c. Any ***person*** or organization making claim under this policy must, when ***we*** require, give ***us*** proof of loss on forms ***we*** furnish.

5. **Questioning Under Oath**

   Under:

   a. No-Fault Coverage, each ***insured*** making claim or seeking payment, must, at ***our*** option:

      (1) submit to an examination under oath;

      (2) provide a statement under oath; or

      (3) do both (1) and (2) above,

      as often as ***we*** reasonably require. Such ***insured*** must answer questions under oath, asked by anyone ***we*** name, and sign copies of the answers. ***We*** may require each ***insured*** answering questions under oath to answer the questions with only that ***insured's*** legal representative, ***our*** representatives, any ***person*** or ***persons*** designated by ***us*** to record the questions and answers, and no other ***person*** present.

      The scope of the questioning during the examination under oath is limited to relevant information or information that could reasonably be expected to lead to relevant information. Compliance with **Questioning Under Oath** is a condition precedent to receiving benefits.

   b. all other coverages, each ***insured*** making claim or seeking payment, must, at ***our*** option:

      (1) submit to an examination under oath;

      (2) provide a statement under oath; or

      (3) do both (1) and (2) above,

      as often as ***we*** reasonably require. Such ***insured*** must answer questions under oath, asked by anyone ***we*** name, and sign copies of the answers. ***We*** may require each ***insured*** answering questions under oath to

answer the questions with only that ***insured's*** legal representative, ***our*** representatives, any ***person*** or ***persons*** designated by ***us*** to record the questions and answers, and no other ***person*** present.

6. **Other Duties Under the Physical Damage Coverages**

   When there is a ***loss***, ***you*** or the owner of the ***covered vehicle*** must:

   a. protect the ***covered vehicle*** from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;
   b. make a prompt report to the police when the ***loss*** is the result of theft or vandalism;
   c. allow ***us*** to:
      (1) inspect any damaged property before its repair or disposal;
      (2) test any part or equipment before that part or equipment is removed or repaired; and
      (3) move the ***covered vehicle*** at ***our*** expense in order to conduct such inspection or testing;
   d. provide ***us*** all:
      (1) records;
      (2) receipts; and
      (3) invoices

      that ***we*** request and allow ***us*** to make copies; and
   e. not abandon the ***covered vehicle*** to ***us***.

7. **Other Duties Under No-Fault Coverage**, **Medical Payments Coverage**, **Uninsured Motor Vehicle Coverage**, and **Death, Dismemberment and Loss of Sight Coverage**

   An ***insured*** making claim under:

   a. No-Fault Coverage, Medical Payments Coverage, Uninsured Motor Vehicle Coverage, or Death, Dismemberment and Loss of Sight Coverage must:
      (1) notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;
      (2) submit to be examined as often as ***we*** may reasonably require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request.
         (a) Under No-Fault Coverage, if an ***insured*** unreasonably refuses to submit to an examination, then ***we*** are no longer liable for subsequent benefits. An ***insured's*** refusal to submit to, complete, or failure to appear at two examinations raises a rebuttable presumption that the ***insured's*** refusal or failure was unreasonable;
         (b) Under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, and Death, Dismemberment and Loss of Sight Coverage, if an ***insured*** unreasonably refuses to submit to an examination, then ***we*** are not liable for coverage benefits. An ***insured's*** refusal to submit to, complete, or failure to appear at two examinations will be considered unreasonable;
      (3) provide written authorization for ***us*** to obtain:
         (a) medical bills;
         (b) medical records;
         (c) wage, salary, and employment information; and
         (d) any other information ***we*** deem necessary to substantiate the claim.

         If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

         If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***; and
      (4) allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident;
   b. No-Fault Coverage or Medical Payments Coverage must, at ***our*** request, submit documentation from the appropriate health-care provider described in 1.A. or 1.B. under the **Insuring Agreement** of this policy's No-Fault Coverage, or described in

2.A. or 2.B. under the **Insuring Agreement** of this policy's Medical Payments Coverage, confirming whether that healthcare provider determined the injured ***insured*** had, or did not have, an ***emergency medical condition***;

c. No-Fault Coverage and Uninsured Motor Vehicle Coverage must send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files a lawsuit against the party liable for the accident; and

d. Uninsured Motor Vehicle Coverage must report an accident, involving a motor vehicle whose owner or driver remains unknown, to the police within 24 hours or as soon as reasonably practicable, and to ***us*** within 30 days.

## GENERAL TERMS

1. **When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

2. **Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page.

a. Liability Coverage, Property Damage Liability Coverage, Medical Payments Coverage, Uninsured Motor Vehicle Coverage, and Physical Damage Coverages apply to accidents and ***losses*** that occur:

(1) in the United States of America and its territories and possessions;

(2) in Canada; and

(3) while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

b. No-Fault Coverage applies to accidental ***bodily injury*** sustained:

(1) by an ***insured*** in Florida; and

(2) by ***you*** and ***relatives*** outside Florida; but within:

(a) the United States of America, its territories or possessions; or

(b) Canada,

while ***occupying your car***, a ***newly acquired car***, or a ***temporary substitute car***.

c. Death, Dismemberment and Loss of Sight Coverage applies anywhere in the world.

3. **Limited Coverage in Mexico**

This policy does not provide Mexican auto insurance and does not comply with Mexican auto insurance requirements. If ***you*** or any other ***insured*** plan to drive in Mexico, then auto insurance providing coverage in Mexico should be purchased from a Mexican insurance company.

Subject to the above paragraph, the following coverages apply in Mexico, but only for accidents and ***losses*** that occur in Mexico within 50 miles of the United States of America border and only for ***insureds*** as defined under each of the following coverages:

a. **Liability Coverage**

For claims brought against an ***insured*** in Mexico, the **Supplementary Payments** provision of this policy's Liability Coverage is changed to read:

***We*** may, in addition to the damages described in item 1 of the **Insuring Agreement** of this policy's Liability Coverage, pay or reimburse, at ***our*** option, reasonable attorney fees for an attorney licensed in Mexico to appear for and provide advice to ***insureds*** as defined under this policy's Liability Coverage. The amount of such attorney fees incurred by an ***insured*** must be reported to ***us*** before ***we*** will make payment.

b. **Property Damage Liability Coverage**

For claims brought against an ***insured*** in Mexico, the **Supplementary Payments** provision of this policy's Property Damage Liability Coverage is changed to read:

***We*** may, in addition to the damages described in items 1. and 2. of the **Insuring Agreement** of this policy's Property Damage Liability Coverage, pay or reimburse,

at our option, reasonable attorney fees for an attorney licensed in Mexico to appear for and provide advice to ***insureds*** as defined under this policy's Property Damage Liability Coverage. The amount of such attorney fees incurred by an ***insured*** must be reported to ***us*** before ***we*** will make payment.

c. **No-Fault Coverage**

The definition of ***insured*** is changed read:

***Insured*** means named insured and ***relatives*** while ***occupying***:

(1) ***your car***;

(2) a ***newly acquired car***;

(3) a ***temporary substitute car***; or

(4) a ***trailer*** while attached to a ***car*** described in (1), (2), or (3) above.

d. **Medical Payments Coverage**

e. **Physical Damage Coverages**

Any amount payable for the repair or replacement of the ***covered vehicle*** under the **Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage** provision of this policy will be limited to the cost to repair or replace the ***covered vehicle*** in the United States of America.

***WE*** HAVE NO DUTY TO PROVIDE A DEFENSE FOR ***YOU*** OR ANY OTHER ***INSURED*** IN ANY CRIMINAL, CIVIL, OR OTHER ACTION.

***WE*** HAVE NO DUTY TO PAY ANY CLAIM OR COST THAT WOULD NOT BE PAYABLE UNDER THIS POLICY IF THE ACCIDENT OR ***LOSS*** HAD OCCURRED IN THE STATE OF FLORIDA IN THE UNITED STATES OF AMERICA.

All other policy provisions not in conflict with the provisions in this **Limited Coverage in Mexico** provision of this policy apply.

**If Other Coverage Applies**

Any coverage provided by this **Limited Coverage in Mexico** provision is excess over any other applicable insurance.

**Legal Action Against Us**

Any legal action against ***us*** arising out of an accident or ***loss*** occurring in Mexico must be brought in a court that has jurisdiction in the state of Florida in the United States of America.

4. **Persons Acting On Our Behalf**

A company employee adjuster, independent adjuster, attorney, investigator, or other ***persons*** acting on ***our*** behalf that needs access to an ***insured*** or claimant or to the insured property that is the subject of a claim must provide at least 48 hours' notice to the ***insured*** or claimant, public adjuster, or legal representative before scheduling a meeting with the claimant or an onsite inspection of the insured property. The ***insured*** or claimant may deny access to the property if the notice has not been provided. The ***insured*** or claimant may waive the 48-hour notice.

A public adjuster must ensure prompt notice of property loss claims submitted to ***us*** by or through a public adjuster or on which a public adjuster represents the ***insured*** at the time the claim or notice of loss is submitted to ***us***. The public adjuster must ensure that notice is given to ***us***, the public adjuster's contract is provided to ***us***, the property is available for inspection of the loss or damage by ***us***, and ***we*** are given an opportunity to interview the ***insured*** directly about the loss and claim. ***We*** must be allowed to obtain necessary information to investigate and respond to the claim.

***We*** may not exclude the public adjuster from its in-person meetings with the ***insured***. ***We*** shall meet or communicate with the public adjuster in an effort to reach agreement as to the scope of the covered loss under the insurance policy. This section does not impair the terms and conditions of the insurance policy in effect at the time the claim is filed.

A public adjuster may not restrict or prevent ***us***, company employee adjuster, independent adjuster, attorney, investigator, or other ***person*** acting on ***our*** behalf from having reasonable access at reasonable times to an ***insured*** or claimant or to the insured property that is the subject of a claim.

A public adjuster may not act or fail to reasonably act in any manner that obstructs or prevents ***us*** or ***our*** adjuster from timely conducting an inspection of any part of the insured property for which there is a claim for loss or damage. The public adjuster representing the ***insured*** may be present for ***our*** inspection, but if the unavailability of the public adjuster otherwise delays ***our*** timely inspection of the property, the public adjuster or the ***insured*** must allow ***us*** to have access to the property without the participation or presence of the public adjuster or ***insured*** in order to facilitate ***our*** prompt inspection of the loss or damage.

5. **Newly Owned or Newly Leased Car**

If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

a. request ***we*** replace the ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

(1) before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

(2) after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date; or

b. apply to the ***State Farm Companies*** for a separate policy to insure the ***car*** newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

6. **Changes to This Policy**

a. **Changes in Policy Provisions**

***We*** may only change the provisions of this policy by:

(1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

(2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then ***we*** will give ***you*** the broader coverage as of the date ***we*** make the change effective in the state of Florida without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

b. **Change of Interest**

(1) No change of interest in this policy is effective unless ***we*** consent in writing.

(2) Except under Death, Dismemberment and Loss of Sight Coverage, if a named insured shown on the Declarations Page dies, then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

(a) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured.

This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

Policy notice requirements are met by mailing the notice to the most recent policy address that ***we*** have on record for the deceased named insured.

c. **Joint and Individual Interests**

If ***you*** consists of more than one ***person*** or entity, then each acts for all to change or cancel the policy.

d. **Change of Policy Address**

***We*** may change the named insured's policy address as shown on the Declarations Page and in ***our*** records to the most recent address provided to ***us*** by:

(1) ***you***; or

(2) the United States Postal Service.

7. **Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the ***State Farm Companies*** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. The premium for this policy may vary based upon:

(1) the purchase of other products or services from the ***State Farm Companies***;

(2) the purchase of products or services from an organization that has entered into an agreement or contract with the ***State Farm Companies***. The ***State Farm Companies*** do not warrant the merchantability, fitness, or quality of

any product or service offered or provided by that organization; or

(3) an agreement, concerning the insurance provided by this policy, that the ***State Farm Companies*** has with an organization of which ***you*** are a member, employee, subscriber, licensee, or franchisee.

d. The premium for this policy is based upon information ***we*** have received from ***you*** or other sources. ***You*** must inform ***us*** if any information regarding the following is incorrect or incomplete, or changes during the policy period, and ***you*** must answer questions ***we*** ask regarding the following:

(1) ***Your car***, or its use, including annual mileage;

(2) The ***persons*** who regularly drive ***your car***, including newly licensed family members;

(3) ***Your*** marital status; or

(4) The location where ***your car*** is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to ***us*** when ***we*** ask, then ***we*** may decrease or increase the premium during the policy period. If ***we*** decrease the premium during the policy period, then ***we*** will provide a refund or a credit in the amount of the decrease. If ***we*** increase the premium during the policy period, then ***you*** must pay the amount of the increase.

8. **Renewal**

***We*** agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless ***we*** mail or deliver a nonrenewal notice or a cancellation notice as set forth in 9. and 10. below.

9. **Nonrenewal**

If ***we*** decide not to renew this policy, then, at least 45 days before the end of the current policy period, ***we*** will mail or deliver a nonrenewal notice to the most recent policy address that ***we*** have on record for the first named insured who is shown on the Declarations Page.

10. **Cancellation**

a. **How You May Cancel**

(1) ***You*** may cancel this policy by providing to ***us*** advance notice of the date cancellation is effective. ***We*** may confirm the cancellation in writing.

(2) However, if the policy provides Liability Coverage or Property Damage Liability Coverage and No-Fault Coverage, ***you*** may not cancel ***your*** policy during the first two months immediately following the policy effective date unless:

(a) ***your car*** has been totally destroyed;

(b) ***you*** have transferred ownership of ***your car***;

(c) ***you*** have purchased another policy covering ***your car***; or

(d) ***you*** are a member of the United States Armed Forces and have been called to or are on active duty outside the United States in an emergency situation.

b. **How and When We May Cancel**

(1) ***We*** may cancel this policy by mailing or delivering a written notice to the most recent policy address that ***we*** have on record for the first named insured who is shown on the Declarations Page. The notice will provide the date cancellation is effective.

(2) Except as provided under **Cancellation Due to Incorrect Premium**, the date cancellation is effective will be at least:

(a) 10 days after the date ***we*** mail or deliver the cancellation notice, if the cancellation is because the premium was not paid when due; or

(b) 45 days after ***we*** mail or deliver the cancellation notice, if the cancellation is because of any other reason.

(3) If ***we*** cancel this policy for nonpayment of premium during the first 60 days immediately following the effective date of this policy, ***we*** will do so only if a check used to pay the premium is dishonored for any reason or any other type of premium payment was subsequently determined to be rejected or invalid.

(4) After this policy has been in force for more than 59 days, ***we*** will not cancel this policy before the end of the current policy period unless it is based on one or more of the following reasons:

(a) Nonpayment of premium;

(b) ***You***, any ***resident relative***, or any other ***person*** who usually drives ***your car*** has had his or her driver's license or motor vehicle registration under suspension or revocation during the policy period or the 180 days immediately preceding its effective date, or if the policy is a renewal, during its policy period; or

(c) Material misrepresentation or fraud.

c. **Cancellation Due to Incorrect Premium**

(1) If ***we*** determine that ***we*** have charged ***you*** an incorrect premium for coverages requested in ***your*** insurance application, ***we*** will immediately notify ***you*** of any additional premium due. ***You*** may:

(a) maintain ***your*** policy in force by paying the additional amount due by the date stated in the notice; or

(b) cancel ***your*** policy by the date stated in the notice and receive a refund of any unearned premium.

(2) If ***you*** fail to respond by the date stated in the notice ***we*** will cancel ***your*** policy. The date cancellation is effective will be at least 14 days after the date ***we*** mail or deliver the cancellation notice.

d. **Return of Unearned Premium**

(1) If ***you*** cancel this policy, then premium will be earned on a pro rata basis. ***We*** may retain up to 10% of any unearned premium. Any remaining unearned premium will be mailed to ***you*** within 30 days after the effective date of the policy cancellation, or 30 days after ***we*** receive ***your*** request to cancel this policy, whichever is later.

(2) If ***we*** cancel this policy, then premium will be earned on a pro rata basis. Any unearned premium will be mailed at the time ***we*** cancel the policy or within 15 days after the effective date of the policy cancellation. Delay in the return of unearned premium does not affect the cancellation.

11. **Assignment**

No assignment of benefits or other transfer of rights is binding upon ***us*** unless approved by ***us***. This does not include a post loss assignment of benefits.

12. **Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the ***insured*** or his or her estate will not relieve ***us*** of ***our*** obligations under this policy.

13. **Concealment or Fraud**

a. **Coverages Other Than No-Fault and Medical Payments Coverage**

There is no coverage under this policy for any ***person*** who, or organization making claim or seeking payment that, has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

b. **No-Fault Coverage and Medical Payments Coverage**

Benefits shall not be due or payable to or on behalf of an ***insured person*** if that ***person*** has committed, by material act or omission, any insurance fraud relating to No-Fault Coverage or Medical Payments Coverage under this policy, if the fraud is admitted to in a sworn statement by the ***insured*** or if it is established in a court of competent jurisdiction. Any insurance fraud shall void all coverage arising from the claim related to such fraud under No-Fault Coverage or Medical Payments Coverage of the ***insured person*** who committed the fraud, irrespective of whether a portion of the ***insured person's*** claim may be legitimate, and any benefits paid prior to the discovery of the ***insured person's*** insurance fraud shall be recoverable by ***us***, in their entirety, from the ***person*** who committed insurance fraud. ***We*** are entitled to all ***our*** costs and attorney's fees in any action in which ***we*** prevail that enforces ***our*** right of recovery under this provision.

Neither ***we*** nor the ***insured*** is required to pay a claim or charges:

(1) for any service or treatment that was not lawful at the time rendered; or

(2) to any ***person*** who knowingly submits a false or misleading statement relating to the claim or charges.

If ***we*** have reasonable belief that a fraudulent insurance act (s. 626.989, Florida Statutes, or s. 817.234, Florida Statutes) has been committed, ***we*** shall notify the claimant, in writing, within 30 days after submission of the claim that the claim is being investigated for suspected fraud. Beginning at the end of the initial 30-day period, ***we*** have an additional 60 days to

conduct a fraud investigation. Notwithstanding the demand letter conditions under the **Legal Action Against Us** provision of this policy, no later than 90 days after the submission of the claim, ***we*** must deny the claim or pay the claim with simple interest as provided in d. (2) under the **Legal Action Against Us** provision of this policy. Interest shall be assessed from the day the claim was submitted until the day the claim is paid. All claims denied for suspected fraudulent insurance acts shall be reported to the Division of Insurance Fraud.

14. **Our Right to Recover Our Payments**

Death, Dismemberment and Loss of Sight Coverage payments are not recoverable by ***us***. Under all other coverages, the following apply:

a. **Subrogation**

If ***we*** are obligated under this policy to make payment to or for a ***person*** or organization who has a legal right to collect from another ***person*** or organization, that is not an ***insured***, then ***we*** will be subrogated to that right to the extent of ***our*** payment.

The ***person*** or organization to or for whom ***we*** make payment must help ***us*** recover ***our*** payments by:

(1) doing nothing to impair that legal right;

(2) executing any documents ***we*** may need to assert that legal right; and

(3) taking legal action through ***our*** representatives when ***we*** ask.

b. **Reimbursement**

(1) If ***we*** make payment under this policy and the ***person*** or organization to or for whom ***we*** make payment recovers or has recovered from another ***person*** or organization, then the ***person*** or organization to or for whom ***we*** make payment must:

(a) hold in trust for ***us*** the proceeds of any recovery; and

(b) reimburse ***us*** to the extent of ***our*** payment.

(2) ***We*** have a right of reimbursement against the owner or the insurer of the owner of a commercial motor vehicle for ***our*** payments of No-Fault benefits to any ***person*** having been an ***occupant*** of the commercial motor vehicle or having been struck by the commercial motor vehicle as a ***pedestrian***.

***Our*** right of reimbursement for benefits under No-Fault Coverage does not apply to an owner or registrant of a taxicab as identified in s.627.733(1)(b), Florida Statutes.

15. **Mediation**

The ***insured*** or ***we*** may demand mediation of any claim:

a. in an amount of $10,000 or less, resulting from:

1. ***bodily injury*** under No-Fault Coverage, Medical Payments Coverage, or Uninsured Motor Vehicle Coverages; or

2. death of or loss to an ***insured*** under Death, Dismemberment and Loss of Sight Coverage; or

b. in any amount, for a ***loss*** covered under Physical Damage Coverages,

by filing a written request with the Florida Department of Financial Services on a form which may be obtained from the Florida Department of Financial Services. The request must state why mediation is being requested and the issue in dispute.

The Florida Department of Financial Services will appoint a mediator. Each party may reject one mediator whether before or after the other party has made a rejection. The mediator will notify the parties of the date, time, and place of the mediation conference, which will be held within 45 days of the request for mediation. The mediation will be conducted informally and may be held by telephone if feasible.

Participants must have authority to make a binding decision, and must mediate in good faith. Information and disclosure provided during mediation are not admissible in any subsequent action or proceeding relating to the claim or cause of action giving rise to the claim. Costs of the mediator shall be shared equally by each party unless the mediator determines a party has not mediated in good faith.

If a ***person*** files suit which relates to facts already mediated, such facts shall not be mediated again. Only one mediation may be requested for each claim, unless all parties agree to further mediation. Any suit regarding a mediated dispute must be filed as prescribed under the “Limitations of Actions” statutes or within 60 days after the conclusion of the mediation process, whichever is later.

16. **Arbitration**

a. The ***insured*** or ***we*** may request, in writing, arbitration of any claim. If ***you*** and ***we*** agree to arbitrate, then arbitration will follow the procedure outlined below.

(1) The arbitration will take place in the county in which the ***insured*** resides unless the parties agree to another location.

(2) The ***insured*** and ***we*** will each select a competent arbitrator. These two arbitrators will select a third competent arbitrator. If they are unable to agree on the third arbitrator within 30 days, then either the ***insured*** or ***we*** may petition a court that has jurisdiction to select the third arbitrator.

(3) Each party will pay the cost of its own arbitrator, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third arbitrator.

(4) The arbitrators shall only decide the answers to the following two questions:

(a) are damages compensatory; and

(b) if damages are compensatory, then what is the amount of compensatory damages.

(5) Arbitrators shall have no authority to decide any other questions of fact, decide any questions of law, or conduct arbitration on a class-wide or class-representative basis.

(6) A written decision that is both agreed upon by and signed by any two arbitrators, and that also contains an explanation of how they arrived at their decision, will be binding on:

(a) ***us***;

(b) the ***insured***;

(c) any assignee of the ***insured***; and

(d) any ***person*** or organization with whom the ***insured*** expressly or impliedly contracts.

(7) Subject to (1), (2), (3), (4), (5), and (6) above, state court rules governing procedure and admission of evidence will be used.

(8) ***We*** do not waive any of ***our*** rights by submitting to arbitration.

b. ***We*** are not bound by any:

(1) judgment obtained without ***our*** written consent; or

(2) default judgment against any ***person*** or organization other than ***us***.

c. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

17. **Legal Action Against Us**

a. Legal action may only be brought against ***us*** within five years immediately following the date of the accident or ***loss***.

b. Legal action may not be brought against ***us*** until there has been full compliance with all the provisions of this policy.

c. Under No-Fault Coverage, ***we*** shall create and maintain for each ***insured*** a log of No-Fault Coverage benefits ***we*** have paid on behalf of the ***insured***. If litigation is commenced, ***we*** shall provide to the ***insured*** a copy of the log within 30 days after receiving a request for the log from the ***insured***.

d. In addition, legal action may only be brought against ***us*** regarding:

(1) Liability Coverage and Property Damage Liability Coverage, after the amount of damages an ***insured*** is legally liable to pay has been finally determined by:

(a) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(b) agreement between the claimant and ***us***.

(2) No-Fault Coverage, if within 30 days after ***our*** receipt of written notice of an intent to initiate litigation for:

(a) an overdue claim, ***we*** fail to pay the overdue claim, applicable interest, and a penalty of 10% of the overdue amount that ***we*** pay, subject to a maximum penalty of $250; or

(b) ***our*** withdrawal of payment for future treatment not yet rendered, ***we*** fail to mail to the ***person*** filing the notice a written statement of ***our*** agreement to pay for such treatment in accordance with the notice and to pay a penalty of 10%, subject to a maximum penalty of $250, when ***we*** pay for such future treatment.

Payment or ***our*** written statement of agreement to pay for future treatment not yet rendered shall be treated as being made on the date a draft, other valid instrument that is equivalent to payment, or ***our*** written statement of agreement to pay, is placed in the United States mail in a properly addressed, postpaid envelope, or if not so posted, on the date of delivery.

Such notice of intent to initiate litigation may not be sent until the claim is overdue, including any additional time ***we*** have to pay the claim pursuant to the ***No-Fault Act***.

The notice must state that it is a "demand letter under s.627.736" and specify:

i. the name of the ***insured*** for whom benefits are being sought, including a copy of the assignment giving rights to the claimant if the claimant is not the ***insured***;

ii. the claim number or policy number upon which the claim was originally submitted to ***us***; and

iii. to the extent applicable, the name of the medical provider who rendered the treatment, services, accommodations or supplies that form the basis of the claim, and an itemized statement specifying each exact amount, the date of treatment, service, or accommodation, and the type of benefit claimed to be due. A properly completed Centers for Medicare and Medicaid Services (CMS) 1500 form, any other standard form approved by the Florida Office of Insurance Regulation, or the lost wage statement previously submitted, may be used as the itemized statement. To the extent that the demand involves ***our*** withdrawal of payment for future treatment not yet rendered, the claimant shall attach a copy of ***our*** notice withdrawing such payment and an itemized statement of the type, frequency, and duration of future treatment claimed to be reasonable and ***medically necessary***.

The notice must be delivered to ***us*** by United States certified or registered mail, return receipt requested, at the address ***we*** have filed with, and that is made available by, the office of the Florida Chief Financial Officer on its Internet Website. Such postal costs shall be reimbursed by ***us***, if requested by the claimant in the notice, when ***we*** pay the claim.

(3) Medical Payments Coverage unless ***we*** receive written notice of an intent to initiate litigation and if within 30 days after ***our*** receipt of such for:

(a) a claim, ***we*** fail to pay the claim; or

(b) ***our*** withdrawal of payment for future treatment not yet rendered, ***we*** fail to mail to the ***person*** filing the notice a written statement of ***our*** agreement to pay for such treatment in accordance with the notice.

Payment or ***our*** written statement of agreement to pay for future treatment not yet rendered shall be treated as being made on the date a draft, other valid instrument that is equivalent to payment, or ***our*** written statement of agreement to pay, is placed in the United States mail in a properly addressed, postpaid envelope, or if not so posted, on the date of delivery.

The notice must state that it is a "demand letter for Medical Payments Coverage" and specify:

i. the name of the ***insured*** for whom benefits are being sought, including a copy of the assignment giving rights to the claimant if the claimant is not the ***insured***;

ii. the claim number or policy number upon which the claim was originally submitted to us; and

iii. to the extent applicable, the name of the medical provider who rendered the treatment, services, accommodations or supplies that form the basis of the claim, and an itemized statement specifying each exact amount, the date of treatment, service, or accommodation, and the type of benefit claimed to be due. A properly completed Centers for Medicare and Medicaid Services (CMS) 1500 form, or any other standard form approved by the Florida Office of Insurance Regulation, may be used as the itemized statement. To the extent that the demand involves ***our*** withdrawal of payment for future treatment not yet rendered, the claimant shall attach a copy of ***our*** notice withdrawing such payment and an itemized statement of the type, frequency, and duration of future treatment claimed to be reasonable and ***medically necessary***.

The notice must be delivered to ***us*** by United States certified or registered mail, return receipt requested, at the address ***we*** have filed with, and that is made available by, the office of the Florida Chief Financial Officer on its Internet Website. Such postal costs shall be reimbursed by ***us***, if requested by the claimant in the notice, when ***we*** pay the claim.

(4) Uninsured Motor Vehicle Coverage if the ***insured*** or that ***insured's*** legal representative within five years immediately following the date of the accident:

(a) presents an Uninsured Motor Vehicle Coverage claim to ***us***;

(b) files a lawsuit, in a state or federal court that has jurisdiction against ***us***;

(c) consents to a jury trial if requested by ***us***; and

(d) agrees that ***we*** may contest the issues of liability and the amount of damages.

***We*** are not bound by any judgment obtained without ***our*** written consent.

***We*** are not bound by default judgment against any ***person*** or organization other than ***us***.

Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

18. **Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. Florida will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

19. **Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.


©, Copyright, State Farm Mutual Automobile Insurance Company, 2011

StateFarm®

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See "INSURED'S DUTIES" in this policy booklet.)

# State Farm® **Car Policy** Booklet

**Georgia**
Policy Form 9811B

CONTENTS


**THIS POLICY** .......... 3
**DEFINITIONS** .......... 4
**LIABILITY COVERAGE** .......... 6
Additional Definition .......... 6
Insuring Agreement .......... 6
Supplementary Payments .......... 7
Limits .......... 7
Nonduplication .......... 8
Exclusions .......... 8
If Other Liability Coverage Applies .......... 9
Required Out-of-State Liability Coverage .......... 11
Financial Responsibility Certification .......... 11
**MEDICAL PAYMENTS COVERAGE** .......... 11
Additional Definitions .......... 11
Insuring Agreement .......... 12
Determining Medical Expenses .......... 12
Limit .......... 12
Exclusions .......... 13
If Other Medical Payments Coverage or Similar Vehicle Insurance Applies .......... 14
Our Payment Options .......... 15
**UNINSURED MOTOR VEHICLE COVERAGE** .......... 16
Additional Definitions .......... 16
Insuring Agreement .......... 16
Consent to Be Bound .......... 16
Limits .......... 16
Nonduplication .......... 18
Exclusions .......... 18
If Other Uninsured Motor Vehicle Coverage Applies .......... 18
Our Payment Options .......... 19
**PHYSICAL DAMAGE COVERAGES** .......... 19
Additional Definitions .......... 19
Insuring Agreements .......... 20
Supplementary Payments – Comprehensive Coverage and Collision Coverage .......... 22
Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage .......... 22
Limits – Car Rental and Travel Expenses Coverage .......... 24
Nonduplication .......... 24
Exclusions .......... 24
If Other Physical Damage Coverage or Similar Coverage Applies .......... 26
Financed Vehicle .......... 27
Our Payment Options .......... 27
**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE** .......... 28
Additional Definition .......... 28
Insuring Agreement .......... 28
Benefit .......... 28
Exclusions – Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage .......... 29
Our Payment Options– Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage .......... 30
**LOSS OF EARNINGS COVERAGE** .......... 29
Additional Definitions .......... 29
Insuring Agreement .......... 29
Limit .......... 29
Exclusions– Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage .......... 29
Our Payment Options – Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage .......... 30





**INSURED'S DUTIES** .......... 30
Notice to Us of an Accident or Loss .......... 30
Notice to Us of a Claim or Lawsuit .......... 31
Insured's Duty to Cooperate With Us .......... 31
Questioning Under Oath .......... 31
Other Duties Under the Physical Damage Coverages .......... 31
Other Duties Under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage .......... 32
**GENERAL TERMS** .......... 33
When Coverage Applies .......... 33
Where Coverage Applies .......... 33
Newly Owned or Newly Leased Car .......... 33
Changes to This Policy .......... 34
Premium .......... 35
Renewal .......... 35
Nonrenewal .......... 35
Cancellation .......... 35
Assignment .......... 36
Bankruptcy or Insolvency of the Insured .......... 36
Concealment or Fraud .......... 36
Extended Coverage for Spouse .......... 36
Conformance to Statute .......... 36
Our Right to Recover Our Payments .......... 36
Legal Action Against Us .......... 37
Choice of Law .......... 37
Severability .......... 38


## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.
2. This policy contains all of the agreements between all named insureds who are shown on the Declarations Page and all applicants and:
   a. ***us***; and
   b. any of ***our*** agents.
3. ***We*** agree to provide insurance according to the terms of this policy:
   a. based on payment of premium for the coverages chosen; and
   b. unless otherwise stated in "EXCEPTIONS, POLICY BOOKLET, & ENDORSEMENTS" on the Declarations Page, in reliance on the following statements:
      (1) The named insured shown on the Declarations Page is the sole owner of ***your car***.
      (2) Neither ***you*** nor any member of ***your*** household has, within the past three years, had:
         (a) vehicle insurance canceled or nonrenewed by an insurer; or
         (b) either:
            (i) a license to drive; or
            (ii) a vehicle registration

            suspended, revoked, or refused.



      (3) ***Your car*** is used for pleasure and business.
4. All named insureds shown on the Declarations Page and all applicants agree by acceptance of this policy that:
   a. the statements in 3.b. above are made by such named insured or applicant and are true; and
   b. ***we*** provide this insurance on the basis those statements are true.
5. ***Your*** purchase of this policy may allow ***you*** to purchase certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other policies from the ***State Farm Companies***, subject to their applicable eligibility rules.

## DEFINITIONS

***We*** define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, possessive, and any other form of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. It does not include:

1. Any vehicle while located for use as a dwelling or other premises; or
2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
2. the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***:
   a. ***you***;
   b. any ***resident relative***;
   c. any other ***person*** who resides primarily in ***your*** household; or
   d. an employer of any ***person*** described in a., b., or c. above; nor
2. has been operated by, rented by, or in the possession of:
   a. ***you***; or
   b. any ***resident relative***

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or ***loss***.

***Occupying*** means in, on, entering, or exiting.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;
2. registered to; or
3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Pedestrian*** means a ***person*** who is not ***occupying***:

1. a motorized vehicle; or
2. a vehicle designed to be pulled by a motorized vehicle.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or
2. a pickup truck, van, minivan, or sport utility vehicle:
   a. that is not used for:
      (1) wholesale; or
      (2) retail

      pickup or delivery; and
   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Resident Relative*** means a ***person***, other than ***you***, who resides with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including a child of either who is away at school and otherwise maintains his or her residence with that named insured; or
2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;
2. State Farm Fire and Casualty Company; and
3. Subsidiaries or affiliates of either 1. or 2. above.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. damage; or
   e. theft; and
2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. a trailer:
   a. designed to be pulled by a ***private passenger car***;
   b. not designed to carry ***persons***; and
   c. while not used as premises for office, store, or display purposes; or
2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.



***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under "YOUR CAR", and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;
2. the date this policy is no longer in force; or
3. the date ***you*** no longer own or lease the ***car*** being replaced.

**LIABILITY COVERAGE**

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***trailer***; and
   b. the maintenance or use of:
      (1) a ***non-owned car***; or
      (2) a ***temporary substitute car***;
2. the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished by an employer to, a ***person*** who resides primarily in ***your*** household, but only if such ***car*** is neither ***owned by***, nor furnished by an employer to, the first ***person*** shown as a named insured on the Declarations Page or that ***person's*** spouse;
3. any other ***person*** for his or her use of:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent; and
4. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. ***We*** will pay:
   a. damages an ***insured*** becomes legally liable to pay because of:
      (1) ***bodily injury*** to others; and
      (2) damage to property



caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy;

   b. attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages; and
   c. court costs charged to an ***insured*** and resulting from that part of a lawsuit:
      (1) that seeks damages payable under this policy's Liability Coverage; and
      (2) against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

   ***We*** have no duty to pay attorney fees and court costs incurred after ***we*** deposit in court or pay the amount due under this policy's Liability Coverage.
2. ***We*** have the right to:
   a. investigate, negotiate, and settle any claim or lawsuit;
   b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and
   c. appeal any award or legal decision

   for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the ***insured*** that accrues:
   a. before a judgment, where owed by law, but only on that part of the judgment ***we*** pay; and
   b. after a judgment. ***We*** will not pay interest on damages paid or payable by a party other than the ***insured*** or ***us***.

   ***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;
2. Premiums for bonds, provided by a company chosen by ***us***, required to appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:
   a. pay for bonds that exceed this policy's applicable Liability Coverage limit;
   b. furnish or apply for any bonds; or
   c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and
3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:
   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:
      (1) an arbitration;
      (2) a mediation; or
      (3) a trial of a lawsuit; and
   b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident, including all damages sustained by other ***persons*** as a result of that



***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***persons*** injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay any damages or expenses under Liability Coverage that have already been paid under Uninsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO INTENTIONALLY CAUSES ***BODILY INJURY*** OR DAMAGE TO PROPERTY TO THE EXTENT THAT THE LIMITS OF LIABILITY OF THIS COVERAGE EXCEED THE LIMITS OF LIABILITY REQUIRED BY LAW;
2. FOR ***BODILY INJURY*** TO:
   a. ***YOU***;
   b. ***RESIDENT RELATIVES***; AND
   c. ANY OTHER ***PERSON*** WHO BOTH RESIDES PRIMARILY WITH AN ***INSURED*** AND WHO:
      (1) IS RELATED TO THAT ***INSURED*** BY BLOOD, MARRIAGE, OR ADOPTION; OR
      (2) IS A WARD OR FOSTER CHILD OF THAT ***INSURED***

   IF THE INTRA-FAMILIAL TORT IMMUNITY APPLIES.

   IF THE INTRA-FAMILIAL TORT IMMUNITY DOES NOT APPLY, THIS EXCLUSION (2.) APPLIES ONLY TO THE EXTENT THAT THE LIMITS OF LIABILITY OF THIS COVERAGE EXCEED THE LIMITS OF LIABILITY REQUIRED BY LAW.
3. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;
4. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;
5. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion does not apply to ***you*** and ***resident relatives*** who are legally liable for ***bodily injury*** to fellow employees;
6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
7. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;

8. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***;
   b. any ***resident relative***; or
   c. any agent, employee, or business partner of a. or b. above

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;
9. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
10. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
11. FOR DAMAGE TO PROPERTY WHILE IT IS:
    a. ***OWNED BY***;
    b. RENTED TO;
    c. USED BY;
    d. IN THE CARE OF; OR
    e. TRANSPORTED BY

    ***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to either damage to a residence while rented to or leased to an ***insured*** or damage to a private garage while rented to or leased to an ***insured***;
12. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;
13. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;
14. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;
15. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:
    a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY PREARRANGED RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (15.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving; OR
16. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1. If Liability Coverage provided by this policy and one or more other Car Policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same accident, then:
   a. the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the



single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of ***your car*** or a ***trailer*** attached to it.

   The Liability Coverage also applies as primary coverage for the maintenance or use of a ***non-owned car*** or a ***temporary substitute car*** that is ***owned by*** a ***person***, firm, or corporation engaged in the business of selling at retail new or used motor vehicles. This applies only while the vehicle is operated by ***you*** or a ***resident relative*** if such ***person*** is neither an owner nor an employee of the owner of the ***car***.
   a. If:
      (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as primary coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as primary coverage.
   b. If:
      (1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as primary coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.
3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.
   a. If:
      (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as excess coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as excess coverage.
   b. If:
      (1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as excess coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,



then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an ***insured*** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and
2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

## MEDICAL PAYMENTS COVERAGE

This policy provides Medical Payments Coverage if "C" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you*** and ***resident relatives***:
   a. while ***occupying***:
      (1) ***your car***;
      (2) a ***newly acquired car***;
      (3) a ***temporary substitute car***;
      (4) a ***non-owned car***; or
      (5) a ***trailer*** while attached to a ***car*** described in (1), (2), (3), or (4) above; or
   b. if struck as a ***pedestrian*** by a motor vehicle or any type of trailer; and
2. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent.

***Medical Expenses*** mean ***reasonable expenses*** for ***medical services***.

***Medical Services*** mean treatments, procedures, products, and other services that are:

1. necessary to achieve maximum medical improvement for the ***bodily injury***;
2. rendered by a healthcare provider:
   a. who is licensed as a healthcare provider if a license is required by law; and



   b. within the legally authorized scope of that healthcare provider's practice;
3. commonly and customarily recognized throughout the medical profession and within the United States of America as appropriate for the treatment of the ***bodily injury***;
4. primarily designed to serve a medical purpose;
5. not experimental; and
6. not for research purposes.

***Reasonable Expenses*** mean the lowest one of the following charges:

1. The usual and customary fees charged by a majority of healthcare providers who provide similar ***medical services*** in the geographical area in which the charges were incurred;
2. The fee specified in any fee schedule:
   a. applicable to medical payments coverage, no-fault coverage, or personal injury protection coverage included in motor vehicle liability policies issued in the state where ***medical services*** are provided; and
   b. as prescribed or authorized by the law of the state where ***medical services*** are provided;
3. The fees agreed to by both the ***insured's*** healthcare provider and ***us***; or
4. The fees agreed upon between the ***insured's*** healthcare provider and a third party when ***we*** have a contract with such third party.

**Insuring Agreement**

***We*** will pay:

1. ***medical expenses*** incurred because of ***bodily injury*** that is sustained by an ***insured*** and caused by a motor vehicle accident if:
   a. that ***insured*** is first provided ***medical services*** within one year immediately following the date of the accident; and
   b. such ***medical expenses*** are for ***medical services*** that are provided within three years immediately following the date of the accident; and
2. funeral expenses incurred for an ***insured*** who dies within three years immediately following the date of a motor vehicle accident if the death is a direct result of ***bodily injury*** sustained in such accident.

**Determining Medical Expenses**

***We*** have the right to:

1. obtain and use:
   a. utilization reviews;
   b. peer reviews; and
   c. medical bill reviews

   to determine if the incurred charges are ***medical expenses***;
2. use a medical examination of the ***insured*** to determine if:
   a. the ***bodily injury*** was caused by a motor vehicle accident; and
   b. the expenses incurred are ***medical expenses;*** and
3. enter into a contract with a third party that has an agreement with the ***insured's*** healthcare provider to charge fees as determined by that agreement.

**Limit**

The Medical Payments Coverage limit is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person". This limit is the most ***we*** will pay for the ***medical expenses*** and funeral expenses combined, incurred by or on behalf of any one ***insured*** as a result of any one accident, regardless of the number of:

1. ***insureds***;

2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

Subject to the limit shown on the Declarations Page, the most ***we*** will pay for funeral expenses incurred for any one ***insured*** is $3,000.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A MOTOR VEHICLE, ***OWNED BY*** THAT ***INSURED*** OR ***YOU***, IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***;
2. IF ANY WORKERS' COMPENSATION LAW OR ANY SIMILAR LAW APPLIES TO THAT ***INSURED'S BODILY INJURY***;
3. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
4. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to:
   a. the use of a ***private passenger car*** on a share-the-expense basis; or
   b. an ***insured*** while ***occupying*** a ***non-owned car*** as a passenger;
5. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***; or
   b. any ***resident relative***

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;
6. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
7. WHILE MAINTAINING OR USING A ***NON-OWNED CAR*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
8. WHO IS EITHER ***OCCUPYING*** OR STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES;
9. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT:
   a. IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   b. RUNS ON RAILS OR CRAWLER-TREADS;
10. WHOSE ***BODILY INJURY*** RESULTS FROM WAR OF ANY KIND;
11. WHOSE ***BODILY INJURY*** RESULTS FROM:
    a. NUCLEAR REACTION;
    b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
    c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM,



    ANY NUCLEAR OR RADIOACTIVE DEVICE;
12. WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM; OR
13. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS:
    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY PREARRANGED RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (14.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving.

**If Other Medical Payments Coverage or Similar Vehicle Insurance Applies**

1. An ***insured*** shall not recover for the same ***medical expenses*** or funeral expenses under both this coverage and other medical payments coverage or similar vehicle insurance.
2. If Medical Payments Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:
   a. the Medical Payments Coverage limits of such policies shall not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
3. The Medical Payments Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car*** or a ***trailer*** attached to it.

   The Medical Payments Coverage also applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying*** a ***non-owned car*** or a ***temporary substitute car*** that is ***owned by*** a ***person***, firm, or corporation engaged in the business of selling at retail new or used motor vehicles. This applies only while the vehicle is operated by ***you*** or a ***resident relative*** if such ***person*** is neither an owner nor an employee of the owner of the ***car***.
   a. If:
      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and
      (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.
   b. If:
      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and



      (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.
4. Except as provided in 3. above, the Medical Payments Coverage provided by this policy applies as excess coverage.
   a. If:
      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and
      (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.
   b. If:
      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and
      (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***;
4. A ***person*** authorized by law to receive such payment; or
5. Any ***person*** or organization that provides the ***medical services*** or funeral services.



**UNINSURED MOTOR VEHICLE COVERAGE**

This policy provides:

1. Uninsured Motor Vehicle Coverage (Excess) if "UE";
2. Uninsured Motor Vehicle Coverage (Difference-In-Limits) if "U"

is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***; or
   c. a ***temporary substitute car***.

   Such vehicle must be used within the scope of ***your*** consent. Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and
4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Property Damage*** means damage to:

1. ***your car*** or a ***newly acquired car***; or
2. property ***owned by*** an ***insured*** while in ***your car*** or a ***newly acquired car***.

It includes payments made for substitute transportation while ***your car*** or a ***newly acquired car*** is disabled.

***Uninsured Motor Vehicle*** means a land motor vehicle except for one:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by*** or furnished for the regular use of ***you*** or any ***resident relative***;
3. designed for use primarily off public roads except while on public roads; or
4. while located for use as a dwelling or other premises.

If there is no physical contact between such land motor vehicle and the ***insured*** or the vehicle the ***insured*** is ***occupying***, then the facts of the accident must be corroborated by an eyewitness to the occurrence other than the ***insured*** making the claim.

**Insuring Agreement**

***We*** will pay compensatory damages for ***bodily injury*** and ***property damage*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***.

The ***bodily injury*** and ***property damage*** must be caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle. The ***bodily injury*** must be sustained by an ***insured***. ***Property damage*** is payable only in the amount that exceeds the deductible.

**Consent to Be Bound**

1. ***We*** are not bound by any:
   a. judgment obtained without ***our*** written consent; and
   b. default judgment against any ***person*** or organization other than ***us***.
2. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1. **Uninsured Motor Vehicle Coverage (Excess)**
   a. The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

(1) The most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***, is the lesser of:

(a) the difference between the amount of the ***insured's bodily injury*** damages and the sum of all applicable insurance and self-insurance for bodily injury liability; and

(b) the limit shown under "Each Person".

(2) Subject to (1) above, the most ***we*** will pay for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident is the limit shown under "Each Accident".

b. The Uninsured Motor Vehicle Coverage limit for ***property damage*** is shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Property Damage Limit – Each Accident". The most ***we*** will pay for all ***property damage*** resulting from any one accident is the lesser of:

(1) the difference between the amount of ***property damage*** reduced by:

(a) the deductible amount shown on the Declarations Page; and

(b) the sum of all applicable insurance and self-insurance for property damage liability; and

(2) the limit for ***property damage***.

c. These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:

(1) ***insureds***;

(2) claims made;

(3) vehicles insured; or

(4) vehicles involved in the accident.

2. **Uninsured Motor Vehicle Coverage (Difference-In-Limits)**

a. The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

(1) The most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***, is the lesser of:

(a) the difference between the sum of all applicable uninsured motor vehicle coverage limits for ***bodily injury*** and the sum of all applicable insurance and self-insurance for bodily injury liability;

(b) the difference between the amount of the ***insured's bodily injury*** damages and the sum of all applicable insurance and self-insurance for bodily injury liability; and

(c) the limit shown under "Each Person".

(2) Subject to (1) above, the most ***we*** will pay for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident is the limit shown under "Each Accident".

b. The Uninsured Motor Vehicle Coverage limit for ***property damage*** is shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Property Damage Limit – Each Accident". The most ***we*** will pay for all ***property damage*** resulting from any one accident is the lesser of:



(1) the difference between the sum of all applicable uninsured motor vehicle coverage limits for property damage and the sum of all applicable insurance and self-insurance for property damage liability;

(2) the difference between the amount of ***property damage*** reduced by:

(a) the deductible amount shown on the Declarations Page; and

(b) the sum of all applicable insurance and self-insurance for property damage liability; and

(3) the limit for ***property damage***.

c. These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:

(1) ***insureds***;

(2) claims made;

(3) vehicles insured; or

(4) vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for the ***insured***:

a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or

b. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***;

2. that are paid or payable to or for the ***insured*** under any workers' compensation law; or

3. that have already been paid as expenses under Medical Payments Coverage of this policy, the medical payments coverage of any other policy, or other similar vehicle insurance.

4. that are ***property damage*** paid or payable under any policy of property insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY*** OR ***PROPERTY DAMAGE***. However, an ***insured*** may, without ***our*** consent, settle for the available liability limits of an insurance policy providing coverage to the party who may be liable for the ***bodily injury*** or ***property damage***.

2. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;

3. TO THE EXTENT IT BENEFITS ANY PROPERTY INSURER;

4. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR

5. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**If Other Uninsured Motor Vehicle Coverage Applies**

1. If uninsured motor vehicle coverage provided by this policy and one or more other policies apply to the same ***bodily injury***, then the priority of coverage established by Georgia law applies. Coverage applies in the following order of priority.

a. The policy which provides coverage to the ***insured*** as a named insured. If the ***insured*** is a named insured on more than one policy, then the policy applicable to the vehicle occupied by the ***insured*** has higher priority.



b. The policy which provides coverage to the ***insured*** as a relative of the named insured. If the ***insured*** is provided coverage as a relative on more than one policy, then the policy applicable to the vehicle occupied by the ***insured*** has higher priority.

c. The policy applicable to the vehicle occupied by the ***insured*** if the ***insured*** is not provided coverage as a named insured or a relative on another policy.

2. If uninsured motor vehicle coverage is provided by this policy and one or more other sources on the same level of priority, then ***we*** will pay the proportion of damages that the applicable limit of this policy bears to the total of all uninsured motor vehicle coverage that applies on the same level of priority.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;

2. The ***insured's*** surviving spouse;

3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or

4. A ***person*** authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";
2. Collision Coverage if "G";
3. Emergency Road Service Coverage if "H";
4. Car Rental and Travel Expenses Coverage if "R1"

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

***Covered Vehicle*** means:

1. ***your car***;
2. a ***newly acquired car***;
3. a ***temporary substitute car***;
4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;
5. a ***non-owned car*** while it is:

a. being driven by an ***insured***; or

b. in the custody of an ***insured*** if at the time of the ***loss*** it is:

(1) not being driven; or

(2) being driven by a ***person*** other than an ***insured*** and being ***occupied*** by an ***insured***;

6. a ***non-owned trailer*** while it is being used by an ***insured***; and
7. a ***non-owned camper*** while it is being used by an ***insured***;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of ***trailers*** and campers must be securely fixed as a permanent part of the ***trailer*** or camper.



***Daily Rental Charge*** means the sum of:

1. the daily rental rate;
2. mileage charges; and
3. related taxes.

***Insured*** means ***you*** and ***resident relatives***.

***Loss*** means:

1. direct, sudden, and accidental damage to; or
2. total or partial theft of

a ***covered vehicle***.

***Loss Caused By Collision*** means a ***loss*** caused by:

1. a ***covered vehicle*** hitting or being hit by another vehicle or another object; or
2. the overturning of a ***covered vehicle***.

Any ***loss*** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a ***Loss Caused By Collision***.

***Non-Owned Camper*** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:

a. an ***insured***;

b. any other ***person*** who resides primarily in ***your*** household; or

c. an employer of any ***person*** described in a. or b. above; nor

2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

***Non-Owned Trailer*** means a ***trailer*** that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:

a. an ***insured***;

b. any other ***person*** who resides primarily in ***your*** household; or

c. an employer of any ***person*** described in a. or b. above; nor

2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

**Insuring Agreements**

**1. Comprehensive Coverage**

***We*** will pay:

a. for ***loss***, except ***loss caused by collision***, to a ***covered vehicle***; and

b. transportation expenses incurred by an ***insured*** as a result of the total theft of ***your car*** or a ***newly acquired car***. These transportation expenses are payable:

(1) during the period that:

(a) starts on the date ***you*** report the theft to ***us***; and

(b) ends on the earliest of:

(i) the date the vehicle is returned to ***your*** possession in a drivable condition;

(ii) the date ***we*** offer to pay for the ***loss*** if the vehicle has not yet been recovered; or

(iii) the date ***we*** offer to pay for the ***loss*** if the vehicle is recovered, but is a total loss as determined by ***us***; and

(2) during the period that:

(a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to ***your*** possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

(b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**2. Collision Coverage**

***We*** will pay for ***loss caused by collision*** to a ***covered vehicle***.

**3. Emergency Road Service Coverage**

***We*** will pay the fair cost incurred by an ***insured*** for:

a. up to one hour of labor to repair a ***covered vehicle*** at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a ***covered vehicle*** is not drivable;

c. towing a ***covered vehicle*** out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a ***covered vehicle*** to driving condition. ***We*** do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a ***covered vehicle*** if its key is lost, stolen, or locked inside the vehicle.

**4. Car Rental and Travel Expenses Coverage**

**a. Car Rental Expense**

***We*** will pay the ***daily rental charge*** incurred when ***you*** rent a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

(1) not drivable; or

(2) being repaired

as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

***We*** will pay this ***daily rental charge*** incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the ***loss***; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date ***we*** offer to pay for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

(c) five days after ***we*** offer to pay for the ***loss*** if the vehicle is:

(i) a total loss as determined by ***us***; or

(ii) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by ***you*** must be reported to ***us*** before ***we*** will pay such amount.

**b. Travel Expenses**

***We*** will pay expenses for commercial transportation, lodging, and meals if ***your car*** or a ***newly acquired car*** is not drivable as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage. The ***loss*** must occur more than 50 miles from ***your*** home. ***We*** will only pay these expenses if they are incurred by:

(1) an ***insured*** during the period that:

(a) starts after the ***loss*** occurs; and

(b) ends on the earlier of:

(i) the ***insured's*** arrival at his or her destination or home if the vehicle is left behind for repairs; or



(ii) the repair of the vehicle if the ***insured*** waits for repairs before continuing on to his or her destination or returning home; and

(2) ***you***, or any ***person you*** choose, to travel to retrieve the vehicle and drive it to either the original destination or ***your*** home if the vehicle was left behind for repairs.

These expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**c. Rental Car – Repayment of Deductible Expense**

***We*** will pay the comprehensive deductible or collision deductible an ***insured*** is required to pay the owner of a ***car*** rented from a ***car business***.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Comprehensive Coverage or Collision Coverage, then ***we*** will pay reasonable expenses incurred to:

1. tow the ***covered vehicle*** immediately after the ***loss***:

a. for a reasonable distance from the location of the ***loss*** to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable; or

b. to any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***. ***We*** will also pay reasonable expenses incurred to tow the ***covered vehicle*** for a reasonable distance from this facility to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable;

2. store the ***covered vehicle***, if it is not drivable immediately after the ***loss***, at:

a. any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***; and

b. any one repair facility chosen by the owner of the ***covered vehicle***, and ***we*** determine such vehicle is a total loss.

If the owner of the ***covered vehicle*** consents, then ***we*** may move the ***covered vehicle*** at ***our*** expense to reduce storage costs. If the owner of the ***covered vehicle*** does not consent, then ***we*** will pay only the storage costs that would have resulted if ***we*** had moved the damaged ***covered vehicle***; and

3. clean up debris from the ***covered vehicle*** at the location of the ***loss***. The most ***we*** will pay to clean up the debris is $250 for any one ***loss***.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. ***We*** have the right to choose to settle with ***you*** or the owner of the ***covered vehicle*** in one of the following ways:

a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible.

(1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:

(a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;

(b) A bid or repair estimate approved by ***us***; or

(c) A repair estimate that is written based upon or adjusted to:

(i) the prevailing competitive price;



(ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or

(iii) a combination of (i) and (ii) above.

The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

(2) If the repair or replacement of a part results in betterment of that part, then ***you*** or the owner of the ***covered vehicle*** must pay for the amount of the betterment.

(3) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced;

b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible.

(1) The owner of the ***covered vehicle*** and ***we*** must agree upon the actual cash value of the ***covered vehicle***. If there is disagreement as to the actual cash value of the ***covered vehicle***, then the disagreement will be resolved by appraisal upon written request of the owner or ***us***, using the following procedures:

(a) The owner and ***we*** will each select a competent appraiser.

(b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or ***we*** may petition a court that has jurisdiction to select the third appraiser.

(c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third appraiser.

(d) The appraisers shall only determine the actual cash value of the ***covered vehicle***. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the ***covered vehicle*** and ***us***.



(f) ***We*** do not waive any of ***our*** rights by submitting to an appraisal.

(2) The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that the owner may keep it. If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the value of the ***covered vehicle*** after the ***loss***; or

c. Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.

3. The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

**1. Car Rental Expense**

The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

a. The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***. If:

(1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount;

(2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.

b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

**2. Travel Expenses**

The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

**3. Rental Car – Repayment of Deductible Expense**

The most ***we*** will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one ***loss*** is $500.

**Nonduplication**

***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment from, or on behalf of, a party who is legally liable for the ***loss*** or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:

a. INTENTIONALLY DAMAGED; OR

b. STOLEN

BY OR AT THE DIRECTION OF AN ***INSURED***;

2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

3. ANY ***COVERED VEHICLE*** WHILE IT IS USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;

4. ANY ***COVERED VEHICLE*** DUE TO:

a. THEFT;

b. CONVERSION;

c. EMBEZZLEMENT; OR

d. SECRETION

BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF

THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. ***LOSS*** TO ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IF AN ***INSURED*** VOLUNTARILY RELINQUISHES POSSESSION OF THAT ***CAR*** TO A ***PERSON*** OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;
6. ANY ***COVERED VEHICLE*** TO THE EXTENT ***OUR*** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR ***LOSS*** TO SUCH ***COVERED VEHICLE***;
7. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:
   a. NUCLEAR REACTION;
   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
8. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE LEGAL TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;
9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM WAR OF ANY KIND;
10. ***YOUR CAR*** WHILE SUBJECT TO ANY:
    a. LIEN AGREEMENT;
    b. RENTAL AGREEMENT;
    c. LEASE AGREEMENT; OR
    d. SALES AGREEMENT

    NOT SHOWN ON THE DECLARATIONS PAGE;
11. ANY ***NON-OWNED CAR*** WHILE IT IS:
    a. BEING MAINTAINED OR USED BY ANY ***PERSON*** WHILE THAT ***PERSON*** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A ***CAR BUSINESS***; OR
    b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion (11.b.) does not apply to a ***private passenger car***;
12. ANY PART OR EQUIPMENT OF A ***COVERED VEHICLE*** IF THAT PART OR EQUIPMENT:
    a. FAILS OR IS DEFECTIVE; OR
    b. IS DAMAGED AS A DIRECT RESULT OF:
       (1) WEAR AND TEAR;
       (2) FREEZING; OR
       (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

       OF THAT PART OR EQUIPMENT.

    This exclusion does not apply if the ***loss*** is the result of theft of the ***covered vehicle***;
13. ANY PART OR EQUIPMENT:
    a. THAT IS NOT LEGAL FOR USE IN OR ON THE ***COVERED VEHICLE*** IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED; OR
    b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE ***COVERED VEHICLE***.



However, if there is a legal version of the part or equipment that is necessary for the safe operation of the ***covered vehicle***, then ***we*** will pay the cost that ***we*** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. ***We*** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;

14. TIRES. This exclusion does not apply if:
    a. ***loss*** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or
    b. ***loss caused by collision*** to another part of the ***covered vehicle*** causes ***loss*** to tires;
15. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;
16. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;
17. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:
    a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;
    b. ***OWNED BY*** AN ***INSURED***; AND
    c. NOT SHOWN ON THE DECLARATIONS PAGE; OR
18. ANY ***COVERED VEHICLE*** WHILE IT IS:
    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (18.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.
2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an ***insured*** by the ***State Farm Companies*** apply to the same ***loss*** or expense, then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.
3. The physical damage coverages provided by this policy apply as primary coverage for a ***loss*** to ***your car***.

   The Physical Damage Coverages also apply as primary coverage for the maintenance or use of a ***non-owned car*** or a ***temporary substitute car*** that is ***owned by*** a ***person***, firm, or corporation engaged in the business of selling at retail new or used motor vehicles. This applies only while the vehicle is operated by an ***insured*** if such ***person*** is neither an owner nor an employee of the owner of the ***car***.



   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.
4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in ***your car***. Coverage for the creditor's interest is only provided for a ***loss*** that is payable to ***you***.

   However, if this policy is cancelled or nonrenewed, then ***we*** will provide coverage for the creditor's interest until ***we*** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a ***loss*** that would have been payable to ***you*** if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date ***we*** mail or electronically transmit a notice of the termination to the creditor.
2. If ***we*** pay such creditor, then ***we*** are entitled to the creditor's right of recovery against ***you*** to the extent of ***our*** payment. ***Our*** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**
   a. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle owned by you***:
      (1) ***You***;
      (2) The repairer; or
      (3) A creditor shown on the Declarations Page, to the extent of its interest.
   b. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle*** not ***owned by you***:
      (1) ***You***;
      (2) The owner of such vehicle;
      (3) The repairer; or
      (4) A creditor, to the extent of its interest.
2. **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

   ***We*** may, at ***our*** option, make payment to one or more of the following:
   a. ***You***;
   b. The ***insured*** who incurred the expense; or
   c. Any party that provided the service for which payment is owed.



## DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE AND LOSS OF EARNINGS COVERAGE

### DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means a ***person*** whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

**Insuring Agreement**

***We*** will pay the highest applicable benefit shown in the following Death, Dismemberment and Loss of Sight Benefits Schedules if an ***insured***:

1. dies; or
2. suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days immediately following the date of the accident.

**Benefit**

The applicable benefit shown in the schedule is the most ***we*** will pay for any one ***insured*** in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

### DEATH, DISMEMBERMENT AND LOSS OF SIGHT BENEFITS SCHEDULES

If the amount shown on the Declarations Page for the ***insured*** is $5,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight:

| | |
|---|---|
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb and a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |

The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off.

If the amount shown on the Declarations Page for the ***insured*** is $10,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight:

| | |
|---|---|
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb and a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |

The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off.

The benefits shown in the schedules are doubled for an ***insured*** who at the time of the accident was ***occupying*** a ***private passenger car*** and using a seat belt in the manner recommended by the vehicle's manufacturer.

**LOSS OF EARNINGS COVERAGE**

This policy provides Loss of Earnings Coverage if "Z" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means a ***person*** whose name is shown under "Loss of Earnings Coverage – Persons Insured" on the Declarations Page.

***Total Disability*** means the ***insured's*** inability to work, either full or part time, in his or her occupation or any other similar occupation for which he or she is reasonably fitted by education, training, or experience.

***Weekly Earnings*** means 85% of all earnings for the ***insured's*** services before any deductions. When ***weekly earnings*** cannot be determined on a weekly basis an average will be used. The average is 85% of the total earnings for the 52 weeks just prior to the accident divided by 52.

**Insuring Agreement**

***We*** will pay the ***insured*** his or her loss of ***weekly earnings***, which occur while the ***insured*** is living, due to continuous ***total disability*** that:

1. is the direct result of ***bodily injury*** caused by an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause. At the time of the accident, the ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer; and
2. starts within 20 days immediately following the date of the accident and lasts for a period of at least 30 consecutive days. ***We*** will not pay for the first seven days of the 30 day period.

**Limit**

The most ***we*** will pay any one ***insured*** is:

1. $250 for each full workweek of ***total disability***; and
2. a pro rata portion of $250 for less than a full workweek of ***total disability***.

Subject to the workweek limit, the most ***we*** will pay any one ***insured*** for all loss of ***weekly earnings*** due to any one accident is $15,000.

***We*** will pay once every two weeks the ***insured's*** loss of ***weekly earnings*** owed.

**Exclusions – Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage**

DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE, AND LOSS OF EARNINGS COVERAGE DO NOT APPLY TO AN ***INSURED***:

1. WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A ***CAR BUSINESS***;
2. WHILE ***OCCUPYING***, LOADING, OR UNLOADING:
   a. AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;
   b. A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:
      (1) ***INSURED'S*** BUSINESS; OR
      (2) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A ***CAR BUSINESS***.

      This exclusion (2.b.) does not apply if the vehicle is a ***private passenger car***;
   c. A MILITARY VEHICLE; OR
   d. A VEHICLE WHILE IT IS:
      (1) BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY PREARRANGED RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
      (2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (2.d.(2)) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving;
3. WHILE ***OCCUPYING***, LOADING, UNLOADING, OR WHO IS STRUCK AS A ***PEDESTRIAN*** BY:
   a. A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;
   b. A MOTOR VEHICLE THAT IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   c. A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES; OR
4. FOR DEATH, DISMEMBERMENT, LOSS OF SIGHT, OR ***TOTAL DISABILITY*** THAT RESULTS FROM:
   a. WAR OF ANY KIND;
   b. NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
   c. THE DISCHARGE OF A FIREARM;
   d. SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE ***INSURED*** WAS SANE OR INSANE; OR
   e. DISEASE except pus-forming infection due to ***bodily injury*** sustained in the accident.



**Our Payment Options – Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** or organization authorized by law to receive such payment.

**INSURED'S DUTIES**

**1. Notice to Us of an Accident or Loss**

a. The ***insured*** must give ***us*** or one of ***our*** agents notice of the accident or ***loss*** as soon as reasonably possible. The notice must give ***us***:
   (1) ***your*** name;
   (2) the names and addresses of all ***persons*** involved in the accident or ***loss***;
   (3) the hour, date, place, and facts of the accident or ***loss***; and
   (4) the names and addresses of witnesses to the accident or ***loss***.



b. Notice of an accident may be submitted by a ***person*** making claim against the ***insured*** if:
   (1) the ***insured*** has not reported the accident within 30 days immediately following the date of the accident; and
   (2) the notice is sent by registered mail.

**2. Notice to Us of a Claim or Lawsuit**

a. If a claim is made against an ***insured***, then that ***insured*** must immediately send ***us*** every demand, notice, and claim received.

b. If a lawsuit is filed against an ***insured***, then that ***insured*** must immediately send ***us*** every summons and legal process received.

**3. Insured's Duty to Cooperate With Us**

a. The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:
   (1) making settlements;
   (2) securing and giving evidence; and
   (3) attending, and getting witnesses to attend, depositions, hearings, and trials.

b. The ***insured*** must not, except at his or her own cost, voluntarily:
   (1) make any payment to others; or
   (2) assume any obligation to others

   unless authorized by the terms of this policy.

c. Any ***person*** or organization making claim under this policy must, when ***we*** require, give ***us*** proof of loss on forms ***we*** furnish.

**4. Questioning Under Oath**

Under:

a. Liability Coverage, each ***insured***;

b. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage, each ***insured***, or any other ***person*** or organization making claim or seeking payment; and

c. Physical Damage Coverages, each ***insured*** or owner of a ***covered vehicle***, or any other ***person*** or organization making claim or seeking payment;

must, at ***our*** option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as ***we*** require. Such ***person*** or organization must answer questions under oath, asked by anyone ***we*** name, and sign copies of the answers. ***We*** may require each ***person*** or organization answering questions under oath to answer the questions with only that ***person's*** or organization's legal representative, ***our*** representatives, any ***person*** or ***persons*** designated by ***us*** to record the questions and answers, and no other ***person*** present.

**5. Other Duties Under the Physical Damage Coverages**

When there is a ***loss***, ***you*** or the owner of the ***covered vehicle*** must:

a. protect the ***covered vehicle*** from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

b. make a prompt report to the police when the ***loss*** is the result of theft;

c. allow ***us*** to:
   (1) inspect any damaged property before its repair or disposal;
   (2) test any part or equipment before that part or equipment is removed or repaired; and



   (3) move the ***covered vehicle*** at ***our*** expense in order to conduct such inspection or testing;

d. provide ***us*** all:
   (1) records;
   (2) receipts; and
   (3) invoices

   that ***we*** request and allow ***us*** to make copies; and

e. not abandon the ***covered vehicle*** to ***us***.

**6. Other Duties Under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage**

A ***person*** making claim under:

a. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must:
   (1) notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;
   (2) be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request;
   (3) provide written authorization for ***us*** to obtain:
      (a) medical bills;
      (b) medical records;
      (c) wage, salary, and employment information; and
      (d) any other information ***we*** deem necessary to substantiate the claim.

      If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

      If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***; and
   (4) allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident;

b. Uninsured Motor Vehicle Coverage must:
   (1) report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police within 24 hours if the accident resulted in ***bodily injury*** and within 10 days otherwise, and to ***us*** within 30 days;
   (2) send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files a lawsuit against the party liable for the accident; and
   (3) if making a claim for ***property damage***:
      (a) allow ***us*** to:
         (i) inspect any ***property damage*** before its repair or disposal;
         (ii) test any part or equipment before that part or equipment is removed or repaired; and

(iii) move the damaged property at ***our*** expense in order to conduct such inspection or testing; and

(b) protect the damaged property from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

(c) provide ***us*** all:

(i) records;

(ii) receipts; and

(iii) invoices

that ***we*** request and allow ***us*** to make copies;

(d) not abandon the damaged property to ***us***; and

(e) give ***us*** sworn proof of claim within 60 days of the accident. This proof of claim must state:

(i) who owns the property and how much they own;

(ii) the amount of any claims or liens on the property;

(iii) the value of the property at the time of the accident;

(iv) details of the accident; and

(v) details of any other insurance applicable to the property; and

c. Loss of Earnings Coverage must:

(1) make a claim under this policy;

(2) report to ***us*** when that ***person*** has a ***total disability***; and

(3) provide proof of continued ***total disability*** when ***we*** ask for it.

## GENERAL TERMS

**1. When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

**2. Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

**3. Newly Owned or Newly Leased Car**

If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

a. request ***we*** replace the ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:



(1) before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

(2) after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date; or

b. apply to the ***State Farm Companies*** for a separate policy to insure the ***car*** newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

**4. Changes to This Policy**

**a. Changes in Policy Provisions**

***We*** may only change the provisions of this policy by:

(1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

(2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then ***we*** will give ***you*** the broader coverage as of the date ***we*** make the change effective in the state of Georgia without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

**b. Change of Interest**

(1) No change of interest in this policy is effective unless ***we*** consent in writing.

(2) Except under Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage, if a named insured shown on the Declarations Page dies, then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

(a) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured.

This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

Policy notice requirements are met by mailing the notice to the most recent policy address that ***we*** have on record for the deceased named insured.

**c. Joint and Individual Interests**

If ***you*** consists of more than one ***person*** or entity, then each acts for all to change or cancel the policy.

**d. Change of Policy Address**

***We*** may change the named insured's policy address as shown on the Declarations Page and in ***our*** records to the most recent address provided to ***us*** by:

(1) ***you***; or

(2) the United States Postal Service.



**5. Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the ***State Farm Companies*** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. The premium for this policy may vary based upon the purchase of other insurance from the ***State Farm Companies***.

d. The premium for this policy is based upon information ***we*** have received from ***you*** or other sources. ***You*** must inform ***us*** if any information regarding the following is incorrect or incomplete, or changes during the policy period, and ***you*** must answer questions ***we*** ask regarding the following:

(1) ***Your car***, or its use, including annual mileage;

(2) The ***persons*** who regularly drive ***your car***, including newly licensed family members;

(3) ***Your*** marital status; or

(4) The location where ***your car*** is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to ***us*** when ***we*** ask, then ***we*** may decrease or increase the premium during the policy period. If ***we*** decrease the premium during the policy period, then ***we*** will provide a refund or a credit in the amount of the decrease. If ***we*** increase the premium during the policy period, then ***you*** must pay the amount of the increase.

**6. Renewal**

***We*** agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless ***we*** mail or deliver a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

**7. Nonrenewal**

If ***we*** decide not to renew this policy, then, at least 30 days before the end of the current policy period, ***we*** will mail or deliver a nonrenewal notice to the most recent policy address that ***we*** have on record for the named insured and a creditor shown on the Declarations Page. If this policy is not renewed because the renewal premium is not paid when due, then notice to the creditor will be sent at least 10 days before the end of the current policy period.

**8. Cancellation**

**a. How You May Cancel**

***You*** may cancel this policy by providing to ***us*** written notice of the date cancellation is effective. The cancellation will be effective the later of either:

(1) the date ***you*** specify in ***your*** notice; or

(2) the date ***we*** receive ***your*** notice.

***We*** may waive these requirements by confirming the date and time of cancellation to ***you*** in writing.



**b. How and When We May Cancel**

***We*** may cancel this policy by mailing or delivering a written notice to the most recent policy address that ***we*** have on record for the named insured and a creditor shown on the Declarations Page. The notice will provide the date cancellation is effective.

(1) If ***we*** mail or deliver a cancellation notice:

(a) during the first 59 days following this policy's effective date; or

(b) because the premium is not paid when due,

then the date cancellation is effective will be at least 10 days after the date ***we*** mail or deliver the cancellation notice. However, if a check, draft, or other negotiable instrument used to pay the premium during the first 59 days following this policy's effective date is not honored by a financial institution for any reason, then the policy is void from its inception and the promise of a 10 day advance notice does not apply.

Otherwise, the date cancellation is effective will be at least 30 days after the date ***we*** mail or deliver the cancellation notice.

(2) After this policy has been in force for more than 59 days, ***we*** will not cancel this policy before the end of the current policy period unless:

(a) the premium is not paid when due; or

(b) any other ***person*** who usually drives ***your car*** has had his or her driver's license under suspension or revocation during the 180 days immediately before the effective date of the policy or during the policy period.

**c. Return of Unearned Premium**

If ***you*** cancel this policy, then premium may be earned on a short rate basis. If ***we*** cancel this policy, then premium will be earned on a pro rata basis.

Any unearned premium may be returned within a reasonable time after cancellation. Delay in the return of any unearned premium does not affect the cancellation date.

**9. Assignment**

No assignment of benefits or other transfer of rights is binding upon ***us*** unless approved by ***us***.

**10. Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the ***insured*** or his or her estate will not relieve ***us*** of ***our*** obligations under this policy.

**11. Concealment or Fraud**

There is no coverage under this policy if ***you*** or any other ***person*** insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

**12. Extended Coverage for Spouse**

If ***your car*** is a ***private passenger car***, and ***you*** either die or terminate ***your*** marriage, any coverage provided by this policy to ***your*** spouse immediately prior to ***your*** death or termination of ***your*** marriage will continue for ***your*** spouse until the lesser of 90 days or the expiration of the policy period.

**13. Conformance to Statute**

If any provisions of this policy are in conflict with the statutes of Georgia, they are amended to conform to these statutes.

**14. Our Right to Recover Our Payments**

Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage payments are not recoverable by ***us***. Under all other coverages the following apply:

**a. Subrogation**

If ***we*** are obligated under this policy to make payment to or for a ***person*** or organization who has a legal right to collect from another ***person*** or organization, then ***we*** will be subrogated to that right to the extent of ***our*** payment.

The ***person*** or organization to or for whom ***we*** make payment must help ***us*** recover ***our*** payments by:

(1) doing nothing to impair that legal right;

(2) executing any documents ***we*** may need to assert that legal right; and

(3) taking legal action through ***our*** representatives when ***we*** ask.

However, ***our*** right to recover ***our*** payments applies only to the extent that the ***person*** or organization to or for whom ***we*** make payment has been fully compensated for damages resulting from the accident.

**b. Reimbursement**

If ***we*** make payment under this policy and the ***person*** or organization to or for whom ***we*** make payment recovers or has recovered from another ***person*** or organization, then the ***person*** or organization to or for whom ***we*** make payment must:

(1) hold in trust for ***us*** the proceeds of any recovery; and

(2) reimburse ***us*** to the extent of ***our*** payment.

However, ***our*** right to recover ***our*** payments applies only to the extent that the ***person*** or organization to or for whom ***we*** make payment has been fully compensated for damages resulting from the accident.

**15. Legal Action Against Us**

Legal action may not be brought against ***us*** until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against ***us*** regarding:

a. Liability Coverage after the amount of damages an ***insured*** is legally liable to pay has been finally determined by:

(1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(2) agreement between the claimant and ***us***.

b. Medical Payments Coverage if the legal action relating to this coverage is brought against ***us*** within four years immediately following the date of the accident.

c. Physical Damage Coverages if the legal action relating to these coverages is brought against ***us*** within one year immediately following the date of the accident or ***loss***.

**16. Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. Georgia will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:



(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

**17. Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

State Farm®

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See "INSURED'S DUTIES" in this policy booklet.)

# State Farm® **Car Policy** Booklet

**Hawaii**

Policy Form 9851A

## CONTENTS


**THIS POLICY** ... 3
**DEFINITIONS** ... 3
**LIABILITY COVERAGE** ... 6
- Additional Definition ... 6
- Insuring Agreement ... 6
- Supplementary Payments ... 7
- Limits ... 7
- Nonduplication ... 8
- Exclusions ... 8
- If Other Liability Coverage Applies ... 9
- Required Out-of-State Liability Coverage ... 10
- Financial Responsibility Certification ... 10

**FIRST PARTY BENEFITS COVERAGES** 11
- Additional Definitions ... 11
- Insuring Agreements ... 12
- Limits ... 13
- Nonduplication ... 15
- Exclusions ... 15
- If Other First Party Benefits Coverages or Similar Vehicle Insurance Applies ... 16
- Our Payment Options ... 17

**UNINSURED MOTOR VEHICLE COVERAGE** ... 17
- Additional Definitions ... 17
- Insuring Agreement ... 18
- Consent to Settlement ... 18
- Deciding Fault and Amount ... 18
- Limits ... 19
- Exclusions ... 19
- If Other Uninsured Motor Vehicle Coverage Applies ... 20
- Our Payment Options ... 22

**UNDERINSURED MOTOR VEHICLE COVERAGE** ... 22
- Additional Definitions ... 22
- Insuring Agreement ... 23
- Consent to Settlement ... 23
- Deciding Fault and Amount ... 23
- Limits ... 24
- Exclusions ... 24
- If Other Underinsured Motor Vehicle Coverage Applies ... 25
- Our Payment Options ... 27

**PHYSICAL DAMAGE COVERAGES** ... 27
- Additional Definitions ... 27
- Insuring Agreements ... 28
- Supplementary Payments – Comprehensive Coverage and Collision Coverage ... 30
- Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage ... 30
- Limits – Car Rental and Travel Expenses Coverage ... 32
- Nonduplication ... 32
- Exclusions ... 32
- If Other Physical Damage Coverage or Similar Coverage Applies ... 34
- Financed Vehicle ... 35
- Our Payment Options ... 35

**INSURED'S DUTIES** ... 36
- Notice to Us of an Accident or Loss ... 36
- Notice to Us of a Claim or Lawsuit ... 36
- Insured's Duty to Cooperate With Us ... 36
- Questioning Under Oath ... 36
- Other Duties Under the Physical Damage Coverages ... 36
- Other Duties Under First Party Benefits Coverages, Uninsured Motor Vehicle Coverage, and Underinsured Motor Vehicle Coverage ... 37

**GENERAL TERMS** ... 38
- When Coverage Applies ... 38
- Where Coverage Applies ... 38
- Newly Owned or Newly Leased Car ... 38
- Changes to This Policy ... 38
- Premium ... 39
- Renewal ... 39
- Nonrenewal ... 39
- Cancellation ... 40
- Assignment ... 40
- Bankruptcy or Insolvency of the Insured ... 40
- Concealment or Fraud ... 40
- Our Right to Recover Our Payments ... 41
- Arbitration ... 41
- Legal Action Against Us ... 42
- Choice of Law ... 42
- Severability ... 43

## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.
2. This policy contains all of the agreements between all named insureds who are shown on the Declarations Page and all applicants and:
   a. ***us***; and
   b. any of ***our*** agents.
3. ***We*** agree to provide insurance according to the terms of this policy:
   a. based on payment of premium for the coverages chosen; and
   b. unless otherwise stated in "EXCEPTIONS, POLICY BOOKLET, & ENDORSEMENTS" on the Declarations Page, in reliance on the following statements:
      (1) The named insured shown on the Declarations Page is the sole owner of ***your car***.
      (2) Neither ***you*** nor any member of ***your*** household has, within the past three years, had:
         (a) vehicle insurance canceled or nonrenewed by an insurer; or
         (b) either:
            (i) a license to drive; or
            (ii) a vehicle registration

            suspended, revoked, or refused.
      (3) ***Your car*** is used for pleasure and business.
4. All named insureds shown on the Declarations Page and all applicants agree by acceptance of this policy that:
   a. the statements in 3.b. above are made by such named insured or applicant and are true; and
   b. ***we*** provide this insurance on the basis those statements are true.
5. ***Your*** purchase of this policy may allow ***you*** to purchase certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other policies from the ***State Farm Companies***, subject to their applicable eligibility rules.

## DEFINITIONS

***We*** define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, possessive, and any other form of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. ***Car*** does not include:

1. Any vehicle while located for use as a dwelling or other premises; or

2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
2. the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***:
   a. ***you***;
   b. any ***resident relative***;
   c. any other ***person*** who resides primarily in ***your*** household; or
   d. an employer of any ***person*** described in a., b., or c. above; nor
2. has been operated by, rented by, or in the possession of:
   a. ***you***; or
   b. any ***resident relative***

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or ***loss***.

***Occupying*** means in, on, entering, or exiting.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;
2. registered to; or
3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or
2. a pickup truck, van, minivan, or sport utility vehicle:
   a. that is not used for:
      (1) wholesale; or
      (2) retail

      pickup or delivery; and
   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Reciprocal Beneficiary*** means a ***person*** who has been issued a certificate of reciprocal beneficiary relationship with another ***person***.

***Rental Car*** means a vehicle of the type required to be registered under Chapter 286 of the Hawaii Revised Statutes rented by ***you*** from a business that rents motor vehicles to others for a period of six months or less unless the ***car*** is reported stolen by the business within three days of ***us*** being notified of the accident.

***Resident Relative*** means a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. a relative of that named insured including an unmarried and unemancipated child who is away at school and otherwise maintains his or her primary residence with that named insured; or
2. a ward or a foster child of that named insured, or a ***person*** described in 1. above.

See First Party Benefits Coverages for the definition of ***Resident Relative*** used there.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;
2. State Farm Fire and Casualty Company; and
3. Subsidiaries or affiliates of either 1. or 2. above.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. damage; or
   e. theft; and
2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. a trailer:
   a. designed to be pulled by a ***private passenger car***;
   b. not designed to carry ***persons***; and
   c. while not used as premises for office, store, or display purposes; or
2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page including the spouse or ***reciprocal beneficiary*** of the first ***person*** shown as a named insured if the spouse or ***reciprocal beneficiary*** resides primarily with that named insured.

See First Party Benefits Coverages for the definition of ***you*** and the definition of ***your*** used there.

***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under "YOUR CAR", and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;
2. the date this policy is no longer in force; or
3. the date ***you*** no longer own or lease the ***car*** being replaced.

## LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***trailer***; and
   b. the maintenance or use of:
      (1) a ***non-owned car***; or
      (2) a ***temporary substitute car***;
2. ***you*** and, with ***your*** express permission, ***resident relatives*** for the maintenance or use of a ***rental car***;
3. the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse or ***reciprocal beneficiary*** who resides primarily with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished by an employer to, a ***person*** who resides primarily in ***your*** household, but only if such ***car*** is neither ***owned by***, nor furnished by an employer to, the first ***person*** shown as a named insured on the Declarations Page or that ***person's*** spouse or ***reciprocal beneficiary***;
4. any other ***person*** for his or her use of:
   a. with a reasonable belief that he or she is entitled to do so:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***temporary substitute car***;
   b. with ***your*** express permission, a ***rental car***; or
   c. a ***trailer*** while attached to a ***car*** described in a. or b. above; and
5. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., 3., or 4. above, but only for such vicarious liability. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. ***We*** will pay:
   a. damages, including punitive or exemplary damages, an ***insured*** becomes legally liable to pay because of:
      (1) ***bodily injury*** to others; and
      (2) damage to property

      caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy;
   b. attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages; and
   c. court costs charged to an ***insured*** and resulting from that part of a lawsuit:
      (1) that seeks damages payable under this policy's Liability Coverage; and
      (2) against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

   ***We*** have no duty to pay attorney fees and court costs incurred after ***we*** deposit in court or pay the amount due under this policy's Liability Coverage.

2. ***We*** have the right to:
   a. investigate, negotiate, and settle any claim or lawsuit;
   b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and
   c. appeal any award or legal decision

   for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the ***insured*** that accrues:
   a. before a judgment, where owed by law, but only on that part of the judgment ***we*** pay; and
   b. after a judgment. ***We*** will not pay interest on damages paid or payable by a party other than the ***insured*** or ***us***.

   ***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;
2. Premiums for bonds, provided by a company chosen by ***us***, required to appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:
   a. pay for bonds that exceed this policy's applicable Liability Coverage limit;
   b. furnish or apply for any bonds; or
   c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and
3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:
   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:
      (1) an arbitration;
      (2) a mediation; or
      (3) a trial of a lawsuit; and
   b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident, including all damages sustained by other ***persons*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***persons*** injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay any damages or expenses under Liability Coverage that have already been paid under Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO INTENTIONALLY CAUSES ***BODILY INJURY*** OR DAMAGE TO PROPERTY;
2. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;
3. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;
4. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion does not apply to ***you*** and ***resident relatives*** who are legally liable for ***bodily injury*** to fellow employees;
5. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
7. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***;
   b. any ***resident relative***; or
   c. any agent, employee, or business partner of a. or b. above

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;
8. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
9. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
10. FOR DAMAGE TO PROPERTY WHILE IT IS:
    a. ***OWNED BY***;
    b. RENTED TO;
    c. USED BY;
    d. IN THE CARE OF; OR
    e. TRANSPORTED BY

    ***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to a:

    a. residence while rented to or leased to an ***insured***; or
    b. private garage while rented to or leased to an ***insured***;

11. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;
12. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;
13. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;
14. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:
    a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (14.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving; OR
15. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1. If Liability Coverage provided by this policy and one or more other Car Policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same accident, then:
    a. the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and
    b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of ***your car***, a ***rental car***, or a ***trailer*** attached to either.
    a. If:
        (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as primary coverage; and
        (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

        then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as primary coverage.
    b. If:
        (1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as primary coverage; and
        (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

        then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that

may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.

   a. If:

      (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as excess coverage; and

      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as excess coverage.

   b. If:

      (1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as excess coverage; and

      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an ***insured*** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and
2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

## FIRST PARTY BENEFITS COVERAGES

The first party benefits coverages are Personal Injury Protection Coverage, Wage Loss Benefits Coverage, Death Benefits Coverage, Funeral Benefits Coverage, and Alternative Care Coverage.

This policy provides:

1. Personal Injury Protection Coverage if "P";
2. Wage Loss Benefits Coverage if "T1K," "T1L," "T1M," "T1N," "T1O," "T1P," "T1Q," "T1R," "T1S," or "T1U";
3. Death Benefits Coverage if "S1A," "S1B," "S1C," or "S1D";
4. Funeral Benefits Coverage if "F";
5. Alternative Care Coverage if "Q1"

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to Personal Injury Protection Coverage, then it is shown on the Declarations Page. This deductible applies once per accident and only to ***bodily injury*** sustained by ***you*** or any ***resident relative***. If ***you*** and any ***resident relative*** are injured in the same accident, then the deductible is shared equally.

If "PPO" is shown on the Declarations Page, then ***you*** agree that ***you*** and any ***resident relative*** will seek any medical treatment requested to be paid under Personal Injury Protection Coverage through a Preferred Provider Organization designated by ***us***.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. any ***resident relative***; and
3. any other ***person***:
   a. under Personal Injury Protection Coverage:
      (1) while ***occupying***:
         (a) with a reasonable belief that he or she is entitled to do so:
            (i) ***your car***;
            (ii) a ***newly acquired car***; or
            (iii) a ***temporary substitute car***;
         (b) with ***your*** express permission, a ***rental car***; or
         (c) a ***trailer*** while attached to a ***car*** described in (a) or (b) above; or
      (2) as a ***pedestrian***, whose ***bodily injury*** is caused by the operation, maintenance or use of:
         (a) if the ***person*** operating it has a reasonable belief that he or she is entitled to do so:
            (i) ***your car***;
            (ii) a ***newly acquired car***; or
            (iii) a ***temporary substitute car***;
         (b) if the ***person*** operating it has ***your*** express permission to do so, a ***rental car***; or
         (c) a ***trailer*** while attached to a ***car*** described in (a) or (b) above; and
   b. under Wage Loss Benefits Coverage, Death Benefits Coverage, Funeral Benefits Coverage, and Alternative Care Coverage, while ***occupying***, with a reasonable belief that he or she is entitled to do so:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***temporary substitute car***.

***Monthly Earnings*** means, in the case of a ***person***:

1. regularly employed, one-twelfth of the average annual compensation before state and federal income taxes at the time of injury or death;

2. regularly self-employed, one twelfth of the average annual earnings before state and federal income taxes at the time of the injury or death; or
3. not regularly employed or who is unemployed, one twelfth of the anticipated annual compensation before state and federal income taxes that would have been paid from the time the ***person*** would reasonably have been expected to be regularly employed.

***Motor Vehicle*** means any vehicle of the type required to be registered under Chapter 286 of the Hawaii Statutes, including a trailer attached to such vehicle.

***Motor Vehicle*** does not include a motorcycle or motor scooter.

***Motor Vehicle Accident*** means an accident resulting from the operation, maintenance, or use of a ***motor vehicle***, including an object drawn or propelled by a ***motor vehicle***.

***Pedestrian*** means a ***person*** who is:

1. not ***occupying***:
   a. a motorized vehicle; or
   b. a vehicle designed to be pulled by a motorized vehicle; or
2. using a moped as defined in section 249-1 of the Hawaii Revised Statutes.

***Personal Injury Protection Act*** means the Hawaii Motor Vehicle Insurance Law and any amendments.

***Personal Injury Protection Benefits*** mean all appropriate and reasonable treatment and expenses incurred for necessary medical, hospital, surgical, professional, nursing, dental, optometric, naturopathy, chiropractic, ambulance, prosthetic services, medical equipment and supplies, products and accommodations furnished, x-ray, psychiatric, physical therapy pursuant to prescription by a medical doctor, occupational therapy, rehabilitation, and therapeutic massage by a licensed massage therapist when prescribed by a medical doctor.

***Resident Relative*** means a ***person***, other than ***you***, who resides primarily with a ***person*** shown as a named insured on the Declarations Page and who is:

1. a relative of that named insured, including an unmarried and unemancipated child who is away at school and otherwise maintains his or her primary residence with that named insured; or
2. a ward or foster child of that named insured or a ***person*** described in 1. above.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page and includes the spouse or ***reciprocal beneficiary*** of a ***person*** shown as a named insured if the spouse or ***reciprocal beneficiary*** resides primarily with that named insured.

**Insuring Agreements**

1. **Personal Injury Protection Coverage**
   a. ***We*** will pay ***personal injury protection benefits*** in accordance with the ***Personal Injury Protection Act*** for ***bodily injury*** sustained by an ***insured*** resulting from a ***motor vehicle accident***.
   b. ***We*** will also pay, in addition to the ***personal injury protection benefits*** due, reasonable attorney fees and costs of legal action necessary to effect payment of any or all ***personal injury protection benefits*** due.

      Attorney fees:

      (1) must be based on actual time expended; and

      (2) will be paid directly to the attorney.

      ***We*** will not pay any fees or costs if a court or the insurance commissioner determines the claim was unreasonable, fraudulent, excessive, or frivolous.
   c. ***We*** will not pay per ***insured*** for more than 30 visits individually or combined for chiropractic treatments, acupuncture treatments, and naturopathic treatments. Subject to this combined limit,

***we*** will not pay for more than 5 x-rays administered for chiropractic treatment, nor will ***we*** pay for chiropractic treatments which exceed the lesser of:

(1) 30 visits; or

(2) treatment as defined by the Hawaii State Chiropractic Association guidelines.

2. **Wage Loss Benefits Coverage**

***We*** will pay the loss of ***monthly earnings*** sustained by an ***insured*** for ***bodily injury*** to that ***insured*** resulting from a ***motor vehicle accident***.

***We*** will not pay for the loss of expected ***monthly earnings*** for any period following the death of an ***insured***.

3. **Death Benefits Coverage**

***We*** will pay the applicable amount shown in the schedule for death of an ***insured*** resulting from a ***motor vehicle accident***. The death must be the direct result of the ***motor vehicle accident*** and not due to any other cause.

4. **Funeral Benefits Coverage**

***We*** will pay the reasonable and necessary professional funeral, burial, and cremation expenses incurred on behalf of an ***insured*** if that ***insured's*** death occurs as the direct result of a ***motor vehicle accident***.

5. **Alternative Care Coverage**

***We*** will pay the appropriate and reasonable expenses incurred by an ***insured*** for ***bodily injury*** directly resulting from a ***motor vehicle accident*** for:

a. naturopathic;

b. acupuncture;

c. nonmedical remedial care; and

d. treatment rendered in accordance with the teachings, faith, or belief of any group which relies upon spiritual means through prayer for healing.

***We*** will not pay for more than 30 total visits per ***insured***.

**Limits**

1. **Personal Injury Protection Coverage**

a. The most ***we*** will pay for ***personal injury protection benefits*** is $10,000 per ***insured***, subject to the limitations for prepaid healthcare plans, as defined in the Prepaid Healthcare Act. Subject to this limit, the most ***we*** will pay for:

(1) chiropractic treatments is $75 a visit, plus no more than $50 per x-ray;

(2) acupuncture treatments is $75 a visit; and

(3) naturopathic treatments is $75 a visit.

b. Any amount payable to ***you*** or any ***resident relative*** will be reduced by:

(1) the deductible amount, if any, shown on the Declarations Page.

(2) $500 per ***person*** for ***bodily injury*** sustained by ***you*** or any ***resident relative*** for each accident, if "PPO" is shown on the Declarations Page and it is determined that the care, treatment, services, products, or accommodations were not provided by the Preferred Provider Organization designated by ***us***.

This does not apply to care, treatment, services, products, or accommodations provided during the first 24 hours in which emergency treatment has been provided or until the emergency medical condition is stabilized, whichever is longer.

2. **Wage Loss Benefits Coverage**

The Wage Loss Benefits Coverage limits are shown in the following **Wage Loss Benefits Coverage Schedule**. The applicable amount shown following the Wage Loss Benefits Coverage Symbol found on the Schedule that matches the Wage Loss Benefits Coverage Symbol shown under "Symbols" on the Declarations Page is the most ***we*** will pay for any one ***insured*** in any one accident.

The most an ***insured*** may collect for wage loss benefits and workers' compensation together is 80% of the loss of ***monthly earnings***.

If both wage loss benefits and workers' compensation are provided by the ***insured's*** employer, then the most an ***insured*** may collect for wage loss benefits and workers' compensation together is the ***insured's*** net monthly earnings computed by subtracting federal and state income taxes and employees social security contributions from gross monthly earnings.

Subject to the amount shown for wage loss benefits following the Wage Loss Benefits Coverage Symbol, ***we*** will pay the difference between the amount paid, payable or due from workers' compensation and the amount as determined above. If a workers' compensation provider refuses to pay benefits:

a. ***we*** will pay under this coverage; and

b. ***we*** are subrogated to the ***insured's*** rights to collect the workers' compensation benefits.

**Wage Loss Benefits Coverage Schedule**

| Coverage Symbol | Maximum Per Month | Maximum Per Accident |
|---|---|---|
| T1K | $ 500 | $ 3,000 |
| T1L | $1,000 | $ 6,000 |
| T1M | $1,500 | $ 9,000 |
| T1N | $2,000 | $12,000 |
| T1O | $2,500 | $15,000 |
| T1P | $3,000 | $18,000 |
| T1Q | $3,500 | $21,000 |
| T1R | $4,000 | $24,000 |
| T1S | $4,500 | $27,000 |
| T1U | $5,000 | $30,000 |

3. **Death Benefits Coverage**

The Death Benefits Coverage limit is shown in the following **Death Benefits Coverage Schedule**. The amount shown following the Death Benefits Coverage Symbol found on the Schedule that matches the Death Benefits Coverage Symbol shown under "Symbols" on the Declarations Page is the most ***we*** will pay for any one ***insured*** in any one ***motor vehicle accident***.

**Death Benefits Coverage Schedule**

| Coverage Symbol | Amount of Benefit |
|---|---|
| S1A | $ 25,000 |
| S1B | $ 50,000 |
| S1C | $ 75,000 |
| S1D | $100,000 |

4. **Funeral Benefits Coverage**

   The most ***we*** will pay is $2,000.

5. **Alternative Care Coverage**

   The most ***we*** will pay is $75 a visit, subject to Hawaii laws and regulations.

   ***We*** will not pay any expenses under Alternative Care Coverage that are payable or have already been paid under Personal Injury Protection Coverage.

**Nonduplication**

***We*** will not pay any benefits or expenses under the first party benefits coverages:

1. that have already been paid as damages under Liability Coverage, Uninsured Motor Vehicle Coverage, or Underinsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***;
2. that have already been paid by or on behalf of a party who is legally liable for the ***insured's bodily injury***; or
3. that:
   a. have already been paid;
   b. could have been paid; or
   c. could be paid

   to or for the ***insured*** under any workers' compensation law, benefits law, or similar law.

**Exclusions**

1. THERE IS NO PERSONAL INJURY PROTECTION COVERAGE, WAGE LOSS BENEFITS COVERAGE, DEATH BENEFITS COVERAGE, FUNERAL BENEFITS COVERAGE, NOR ALTERNATIVE CARE COVERAGE FOR ANY ***INSURED***:
   a. WHO IS A ***RESIDENT RELATIVE*** AND WHO IS ***OCCUPYING*** A ***MOTOR VEHICLE***:
      (1) ***OWNED BY*** THAT ***RESIDENT RELATIVE***; AND
      (2) WHICH DOES NOT HAVE THE COVERAGE REQUIRED BY THE ***PERSONAL INJURY PROTECTION ACT***;
   b. WHILE ATTEMPTING TO ELUDE A POLICE OFFICER;
   c. WHILE COMMITTING AN OFFENSE PUNISHABLE BY MORE THAN ONE YEAR IN PRISON;
   d. WHILE OPERATING OR USING A ***MOTOR VEHICLE***:
      (1) AS A CONVERTER, WITHOUT GOOD FAITH BELIEF OF A LEGAL RIGHT TO DO SO; OR
      (2) WITH SPECIFIC INTENT TO CAUSE ***BODILY INJURY*** OR DAMAGE;
   e. WHILE LOADING OR UNLOADING A ***MOTOR VEHICLE***. This exclusion (1.e.) does not apply if the ***bodily injury*** occurs in the immediate proximity of the ***motor vehicle***;
   f. WHO IS OUTSIDE THE STATE OF HAWAII AND ***OCCUPYING*** A VEHICLE:
      (1) USED IN THE BUSINESS OF TRANSPORTING ***PERSONS*** AND PROPERTY; AND
      (2) WHICH IS ONE OF FIVE OR MORE VEHICLES UNDER COMMON OWNERSHIP.

      This exclusion (1.f.) does not apply to ***you*** or any ***resident relative***;
   g. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion (1.g.) does not apply while off the ***car business*** premises;

h. WHOSE ***BODILY INJURY*** RESULTS FROM:

(1) RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

(2) THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

i. RECEIVING PUBLIC ASSISTANCE BENEFITS, IF THE POLICY WAS ISSUED AT NO COST.

Public assistance benefits consist of:

(1) money from the Department of Human Services; or

(2) benefits from the Supplemental Security program under the Social Security Administration; OR

j. OPERATING OR ***OCCUPYING*** A MOTORCYCLE OR MOTOR SCOOTER. This exclusion (1.j.) does not apply to Wage Loss Benefits Coverage, Death Benefits Coverage, nor Funeral Benefits Coverage if the ***bodily injury*** is sustained in a ***motor vehicle accident***; OR

2. THERE IS NO PERSONAL INJURY PROTECTION COVERAGE FOR ***YOU*** OR ANY ***RESIDENT RELATIVE*** WHILE ***OCCUPYING*** A ***MOTOR VEHICLE*** OWNED BY ***YOU*** WHICH IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***.

**If Other First Party Benefits Coverages or Similar Vehicle Insurance Applies**

1. An ***insured*** shall not recover for the same benefits or expenses under any of the first party benefits coverages and any other similar vehicle insurance.

2. If Personal Injury Protection Coverage provided by this policy and one or more other sources apply to the same ***bodily injury***, then:

a. the Personal Injury Protection Coverage limits of such policies shall not be added together to determine the most that may be paid;

b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies; and

c. ***we*** will pay the proportion of ***personal injury protection benefits*** that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other personal injury protection coverage that apply.

3. Subject to 2. above, the first party benefits coverages provided by this policy apply:

a. as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying***, or when struck as a ***pedestrian*** by:

(1) ***your car***. However, this policy will apply as excess coverage for an ***insured*** who sustains ***bodily injury*** while operating ***your car*** while it is being serviced, repaired, or test driven by a registered auto repair shop;

(2) a ***trailer*** attached to ***your car***; or

(3) a ***temporary substitute car*** made available to ***you*** at no charge by:

(a) an auto repair shop registered with the Motor Vehicle Repair Industry Board; or

(b) a motor vehicle dealer licensed by the Motor Vehicle Industry Licensing Board.

b. as excess coverage otherwise.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***;
4. A ***person*** or organization authorized by law to receive such payment; or
5. Any ***person*** or organization that provides the treatment, care, or services.

## UNINSURED MOTOR VEHICLE COVERAGE

This policy provides Uninsured Motor Vehicle Coverage if "U" or "U4" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while:
   a. ***occupying***, with a reasonable belief that he or she is entitled to do so:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***temporary substitute car***; or
   b. operating, with ***your*** express permission, a ***rental car***.

   Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***.
4. any ***person*** entitled to recover damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Uninsured Motor Vehicle*** means a land motor vehicle:

1. the ownership, maintenance, and use of which is:
   a. not insured or bonded for bodily injury liability at the time of the accident; or
   b. insured or bonded for bodily injury liability at the time of the accident; but
      (1) the limits are less than required by Hawaii motor vehicle insurance law; or
      (2) the insuring company:
         (a) denies that its policy provides liability coverage for damages that result from the accident; or
         (b) is or becomes insolvent; or

2. the owner and driver of which remain unknown and which causes ***bodily injury*** to the ***insured***. If there is no physical contact between that land motor vehicle and the ***insured*** or the vehicle the ***insured*** is ***occupying***, then the facts of the accident must be corroborated by a disinterested ***person*** who witnessed the accident. ***You***, ***resident relatives***, and ***persons occupying*** the same vehicle as the ***insured*** are not disinterested ***persons***.

***Uninsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by***, rented to, or furnished or available for the regular use of ***you***;
3. ***owned by***, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law;
4. ***owned by*** or rented to any government or any of its political subdivisions or agencies;
5. designed for use primarily off public roads except while on public roads; or
6. while located for use as a dwelling or other premises.

**Insuring Agreement**

***We*** will pay damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***. The ***bodily injury*** must be:

1. sustained by an ***insured***; and
2. caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle.

**Consent to Settlement**

The ***insured*** must inform ***us*** of a settlement offer, if any, proposed by or on behalf of the owner or driver of the ***uninsured motor vehicle***, and the ***insured*** must request ***our*** written consent to accept such settlement offer.

If ***we***:

1. consent in writing, then the ***insured*** may accept such settlement offer.
2. inform the ***insured*** in writing that ***we*** do not consent, then the ***insured*** may not accept such settlement offer and:
   a. ***we*** will make payment to the ***insured*** in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the ***uninsured motor vehicle***; and
   b. any recovery from or on behalf of the owner or driver of the ***uninsured motor vehicle*** shall first be used to repay ***us***.

**Deciding Fault and Amount**

1. a. The ***insured*** and ***we*** must agree to the answers to the following two questions:
      (1) Is the ***insured*** legally entitled to recover damages from the owner or driver of the ***uninsured motor vehicle***?
      (2) If the ***insured*** and ***we*** agree that the answer to 1.a.(1) above is yes, then what is the amount of the damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***uninsured motor vehicle***?
   b. If there is no agreement on the answer to either question in 1.a. above, then:
      (1) such disagreement may be arbitrated in accordance with the **Arbitration** provision set forth in **General Terms**; or
      (2) the ***insured*** shall:
         (a) file a lawsuit, in a state or federal court that has jurisdiction, against:
            (i) ***us***;

(ii) the owner and driver of the ***uninsured motor vehicle*** unless ***we*** have consented to a settlement offer proposed by or on behalf of such owner or driver; and

(iii) any other party or parties who may be legally liable for the ***insured's*** damages;

(b) consent to a jury trial if requested by ***us***;

(c) agree that ***we*** may contest the issues of liability and the amount of damages; and

(d) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

2. ***We*** are not bound by any:

   a. judgment obtained without ***our*** written consent; and

   b. default judgment against any ***person*** or organization other than ***us***.

3. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1. The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

   a. The most ***we*** will pay from this policy for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***, is the lesser of:

      (1) the limit shown under "Each Person" reduced by the sum of all payments for damages resulting from that ***bodily injury*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury***; or

      (2) the amount of all damages resulting from that ***bodily injury*** reduced by the sum of all payments for damages resulting from that ***bodily injury*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***bodily injury***.

   b. Subject to a. above, the most ***we*** will pay from this policy for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident is the limit shown under "Each Accident".

2. These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay from this policy regardless of the number of:

   a. ***insureds***;

   b. claims made;

   c. vehicles insured; or

   d. vehicles involved in the accident.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY***;

2. IF "U" IS SHOWN UNDER "SYMBOLS" ON THE DECLARATIONS PAGE FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***.

This exclusion does not apply to the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse or ***reciprocal beneficiary*** who resides primarily with that named insured, while ***occupying*** or through being struck by a motor vehicle not ***owned by*** one or both of them;

3. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
4. TO THE EXTENT IT BENEFITS:
   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;
   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR
   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;
5. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR
6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**If Other Uninsured Motor Vehicle Coverage Applies**

1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:
   a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

   This does not apply to ***you*** and ***resident relatives*** if "U4" is shown under "SYMBOLS" on the Declarations Page.
2. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***.
   a. If "U" is shown, or if "U4" is shown and the ***insured*** is neither ***you*** nor a ***resident relative***, under "SYMBOLS" on the Declarations Page and
      (1) If:
         (a) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and
         (b) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

         then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.
      (2) If:
         (a) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

(b) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

b. If "U4" is shown under "SYMBOLS" on the Declarations Page and:

(1) the ***insured*** is ***you*** or any ***resident relative***; and

(2) uninsured motor vehicle coverage provided by one or more sources other than this policy also applies as primary coverage for the same accident, then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

a. If "U" is shown, or if "U4" is shown and the ***insured*** is neither ***you*** nor a ***resident relative***, under "SYMBOLS" on the Declarations Page and

(1) If:

(a) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(b) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

(2) If:

(a) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(b) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

b. If "U4" is shown under "SYMBOLS" on the Declarations Page and:

(1) the ***insured*** is ***you*** or any ***resident relative***; and

(2) uninsured motor vehicle coverage provided by one or more sources other than this policy also applies as primary coverage for the same accident, then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse or ***reciprocal beneficiary***;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

## UNDERINSURED MOTOR VEHICLE COVERAGE

This policy provides Underinsured Motor Vehicle Coverage if "W" or "W4" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while:
   a. ***occupying***, with a reasonable belief that he or she is entitled to do so:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***temporary substitute car***; or
   b. operating, with ***your*** express permission, a ***rental car***.

   Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***, and
4. any ***person*** entitled to recover damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Underinsured Motor Vehicle*** means a land motor vehicle:

1. the ownership, maintenance, and use of which is either:
   a. insured or bonded for bodily injury liability at the time of the accident; or
   b. self-insured under any motor vehicle financial responsibility law, any motor carrier law, or any similar law; and
2. for which the total limits of insurance and self-insurance for bodily injury liability from all sources:
   a. are less than the Underinsured Motor Vehicle Coverage limits of this policy; or
   b. have been reduced by payments to ***persons*** other than ***you*** and ***resident relatives*** to less than the Underinsured Motor Vehicle Coverage limits of this policy.

***Underinsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by***, rented to, or furnished or available for the regular use of ***you***;
3. ***owned by*** or rented to any government or any of its political subdivisions or agencies;

4. designed for use primarily off public roads except while on public roads;
5. while located for use as a dwelling or other premises; or
6. defined as an ***uninsured motor vehicle*** under Uninsured Motor Vehicle Coverage of this policy.

**Insuring Agreement**

1. ***We*** will pay damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***underinsured motor vehicle***. The ***bodily injury*** must be:
   a. sustained by an ***insured***; and
   b. caused by an accident that involves the operation, maintenance, or use of an ***underinsured motor vehicle*** as a motor vehicle.
2. ***We*** will pay only if the ***insured's bodily injury*** claim has first been resolved with the ***person*** or organization who is or may be held legally liable either through:
   a. acceptance, subject to **Consent to Settlement** below, by the ***insured*** of a written settlement offer proposed by or on behalf of the ***person*** or organization who is or may be held legally liable; or
   b. judgment.

**Consent to Settlement**

The ***insured*** must inform ***us*** of a settlement offer proposed by or on behalf of the owner or driver of the ***underinsured motor vehicle***, and the ***insured*** must request ***our*** written consent to accept such settlement offer.

If ***we***:

1. consent in writing, then the ***insured*** may accept such settlement offer.
2. inform the ***insured*** in writing that ***we*** do not consent, then the ***insured*** may not accept such settlement offer and:
   a. ***we*** will make payment to the ***insured*** in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the ***underinsured motor vehicle***; and
   b. any recovery from or on behalf of the owner or driver of the ***underinsured motor vehicle*** shall first be used to repay ***us***.

**Deciding Fault and Amount**

1. a. The ***insured*** and ***we*** must agree to the answers to the following two questions:
      (1) Is the ***insured*** legally entitled to recover damages from the owner or driver of the ***underinsured motor vehicle***?
      (2) If the ***insured*** and ***we*** agree that the answer to 1.a.(1) above is yes, then what is the amount of the damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***underinsured motor vehicle***?
   b. If there is no agreement on the answer to either question in 1.a. above, then:
      (1) such disagreement may be arbitrated in accordance with the **Arbitration** provision set forth in **General Terms**; or
      (2) the ***insured*** shall:
         (a) file a lawsuit, in a state or federal court that has jurisdiction, against:
            (i) ***us***;
            (ii) the owner and driver of the ***underinsured motor vehicle*** unless ***we*** have consented to a settlement offer proposed by or on behalf of such owner or driver; and

(iii) any other party or parties who may be legally liable for the ***insured's*** damages;

(b) consent to a jury trial if requested by ***us***;

(c) agree that ***we*** may contest the issues of liability and the amount of damages; and

(d) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

2. ***We*** are not bound by any:

   a. judgment obtained without ***our*** written consent; and

   b. default judgment against any ***person*** or organization other than ***us***.

3. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1. The Underinsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Underinsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

   a. The most ***we*** will pay from this policy for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***, is the lesser of:

      (1) the limit shown under "Each Person"; or

      (2) the amount of all damages resulting from that ***bodily injury*** reduced by the sum of:

         (a) the "each person" limits of all bodily injury liability insurance coverages that apply to the accident; or

         (b) all payments for damages resulting from that ***bodily injury*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***bodily injury***.

   b. Subject to a. above, the most ***we*** will pay from this policy for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident is the limit shown under "Each Accident" reduced by the sum of all payments for ***bodily injury*** made to all ***insureds*** by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury***.

2. These Underinsured Motor Vehicle Coverage limits are the most ***we*** will pay from this policy regardless of the number of:

   a. ***insureds***;

   b. claims made;

   c. vehicles insured; or

   d. vehicles involved in the accident.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT:

   a. SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY***; AND

   b. HURTS ***OUR*** RIGHT TO RECOVER ***OUR*** PAYMENTS;

2. IF "W" IS SHOWN UNDER "SYMBOLS" ON THE DECLARATIONS PAGE FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT***

***RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***.

This exclusion does not apply to the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse or ***reciprocal beneficiary*** who resides primarily with that named insured, while ***occupying*** or through being struck by a motor vehicle not ***owned by*** one or both of them;

3. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
4. TO THE EXTENT IT BENEFITS:
   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;
   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR
   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;
5. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR
6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**If Other Underinsured Motor Vehicle Coverage Applies**

1. If Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:
   a. the Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

   This does not apply to ***you*** and ***resident relatives*** if "W4" is shown under "SYMBOLS" on the Declarations Page.
2. The Underinsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***.
   a. If "W" is shown, or if "W4" is shown and the ***insured*** is neither ***you*** nor a ***resident relative***, under "SYMBOLS" on the Declarations Page and
      (1) If:
         (a) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and
         (b) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

         then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.
      (2) If:
         (a) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Underinsured Motor Vehicle Coverage

which applies to the accident as primary coverage; and

(b) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

b. If "W4" is shown under "SYMBOLS" on the Declarations Page and:

(1) the ***insured*** is ***you*** or any ***resident relative***; and

(2) underinsured motor vehicle coverage provided by one or more sources other than this policy also applies as primary coverage for the same accident, then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Underinsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

a. If "W" is shown, or if "W4" is shown and the ***insured*** is neither ***you*** nor a ***resident relative***, under "SYMBOLS" on the Declarations Page and

(1) If:

(a) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(b) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

(2) If:

(a) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(b) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

b. If "W4" is shown under "SYMBOLS" on the Declarations Page and:

(1) the ***insured*** is ***you*** or any ***resident relative***; and

(2) underinsured motor vehicle coverage provided by one or more sources other than this policy also applies as primary coverage for the same accident, then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse or ***reciprocal beneficiary***;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";
2. Collision Coverage if "G";
3. Emergency Road Service Coverage if "H";
4. Car Rental and Travel Expenses Coverage if "R1"

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

***Covered Vehicle*** means:

1. ***your car***;
2. a ***newly acquired car***;
3. a ***temporary substitute car***;
4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;
5. a ***non-owned car*** while it is:
   a. being driven by an ***insured***; or
   b. in the custody of an ***insured*** if at the time of the ***loss*** it is:
      (1) not being driven; or
      (2) being driven by a ***person*** other than an ***insured*** and being ***occupied*** by an ***insured***;
6. a ***non-owned trailer*** while it is being used by an ***insured***; and
7. a ***non-owned camper*** while it is being used by an ***insured***;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of ***trailers*** and campers must be securely fixed as a permanent part of the ***trailer*** or camper.

***Daily Rental Charge*** means the sum of:

1. the daily rental rate;
2. mileage charges; and
3. related taxes.

***Insured*** means ***you*** and ***resident relatives***.

***Loss*** means:

1. direct, sudden, and accidental damage to; or
2. total or partial theft of

a ***covered vehicle***. ***Loss*** does not include any reduction in the value of any ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

***Loss Caused By Collision*** means a ***loss*** caused by:

1. a ***covered vehicle*** hitting or being hit by another vehicle or another object; or
2. the overturning of a ***covered vehicle***.

Any ***loss*** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a ***Loss Caused By Collision***.

***Non-Owned Camper*** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

***Non-Owned Trailer*** means a ***trailer*** that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

**Insuring Agreements**

1. **Comprehensive Coverage**

   ***We*** will pay:

   a. for ***loss***, except ***loss caused by collision***, to a ***covered vehicle***; and
   b. transportation expenses incurred by an ***insured*** as a result of the total theft of ***your car*** or a ***newly acquired car***. These transportation expenses are payable:
      (1) during the period that:
         (a) starts on the date ***you*** report the theft to ***us***; and
         (b) ends on the earliest of:
            (i) the date the vehicle is returned to ***your*** possession in a drivable condition;
            (ii) the date ***we*** offer to pay for the ***loss*** if the vehicle has not yet been recovered; or
            (iii) the date ***we*** offer to pay for the ***loss*** if the vehicle is recovered, but is a total loss as determined by ***us***; and
      (2) during the period that:
         (a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to ***your*** possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

(b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

2. **Collision Coverage**

***We*** will pay for ***loss caused by collision*** to a ***covered vehicle***.

3. **Emergency Road Service Coverage**

***We*** will pay the fair cost incurred by an ***insured*** for:

a. up to one hour of labor to repair a ***covered vehicle*** at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a ***covered vehicle*** is not drivable;

c. towing a ***covered vehicle*** out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a ***covered vehicle*** to driving condition. ***We*** do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a ***covered vehicle*** if its key is lost, stolen, or locked inside the vehicle.

4. **Car Rental and Travel Expenses Coverage**

a. **Car Rental Expense**

***We*** will pay the ***daily rental charge*** incurred when ***you*** rent a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

(1) not drivable; or

(2) being repaired

as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

***We*** will pay this ***daily rental charge*** incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the ***loss***; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date ***we*** offer to pay for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

(c) five days after ***we*** offer to pay for the ***loss*** if the vehicle is:

(i) a total loss as determined by ***us***; or

(ii) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by ***you*** must be reported to ***us*** before ***we*** will pay such amount.

b. **Travel Expenses**

***We*** will pay expenses for commercial transportation, lodging, and meals if ***your car*** or a ***newly acquired car*** is not drivable as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage. The ***loss*** must occur more than 50 miles from ***your*** home. ***We*** will only pay these expenses if they are incurred by:

(1) an ***insured*** during the period that:

(a) starts after the ***loss*** occurs; and

(b) ends on the earlier of:

(i) the ***insured's*** arrival at his or her destination or home

if the vehicle is left behind for repairs; or

(ii) the repair of the vehicle if the ***insured*** waits for repairs before continuing on to his or her destination or returning home; and

(2) ***you***, or any ***person you*** choose, to travel to retrieve the vehicle and drive it to either the original destination or ***your*** home if the vehicle was left behind for repairs.

These expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

c. **Rental Car – Repayment of Deductible Expense**

***We*** will pay the comprehensive deductible or collision deductible an ***insured*** is required to pay the owner of a ***car*** rented from a ***car business***.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Comprehensive Coverage or Collision Coverage, then ***we*** will pay reasonable expenses incurred to:

1. tow the ***covered vehicle*** immediately after the ***loss***:

   a. for a reasonable distance from the location of the ***loss*** to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable; or

   b. to any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***. ***We*** will also pay reasonable expenses incurred to tow the ***covered vehicle*** for a reasonable distance from this facility to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable;

2. store the ***covered vehicle***, if it is not drivable immediately after the ***loss***, at:

   a. any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***; and

   b. any one repair facility chosen by the owner of the ***covered vehicle***, and ***we*** determine such vehicle is a total loss.

   If the owner of the ***covered vehicle*** consents, then ***we*** may move the ***covered vehicle*** at ***our*** expense to reduce storage costs. If the owner of the ***covered vehicle*** does not consent, then ***we*** will pay only the storage costs that would have resulted if ***we*** had moved the damaged ***covered vehicle***; and

3. clean up debris from the ***covered vehicle*** at the location of the ***loss***. The most ***we*** will pay to clean up the debris is $250 for any one ***loss***.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. ***We*** have the right to choose to settle with ***you*** or the owner of the ***covered vehicle*** in one of the following ways:

   a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible.

      (1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:

         (a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;

         (b) A bid or repair estimate approved by ***us***; or

         (c) A repair estimate that is written based upon or adjusted to:

            (i) the prevailing competitive price;

(ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or

(iii) a combination of (i) and (ii) above.

The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

(2) The cost to repair the ***covered vehicle*** does not include any reduction in the value of the ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

(3) If the repair or replacement of a part results in betterment of that part, then ***you*** or the owner of the ***covered vehicle*** must pay for the amount of the betterment.

(4) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced;

b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible.

(1) The owner of the ***covered vehicle*** and ***we*** must agree upon the actual cash value of the ***covered vehicle***. If there is disagreement as to the actual cash value of the ***covered vehicle***, then the disagreement will be resolved by appraisal upon written request of the owner or ***us***, using the following procedures:

(a) The owner and ***we*** will each select a competent appraiser.

(b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or ***we*** may petition a court that has jurisdiction to select the third appraiser.

(c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third appraiser.

(d) The appraisers shall only determine the actual cash value of the ***covered vehicle***. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the ***covered vehicle*** and ***us***.

(f) ***We*** do not waive any of ***our*** rights by submitting to an appraisal.

(2) The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that the owner may keep it. If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the value of the ***covered vehicle*** after the ***loss***; or

c. Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.

3. The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

1. **Car Rental Expense**

The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

a. The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***. If:

(1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount;

(2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.

b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

2. **Travel Expenses**

The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

3. **Rental Car – Repayment of Deductible Expense**

The most ***we*** will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one ***loss*** is $500.

**Nonduplication**

***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment from, or on behalf of, a party who is legally liable for the ***loss*** or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:

a. INTENTIONALLY DAMAGED; OR

b. STOLEN

BY OR AT THE DIRECTION OF AN ***INSURED***;

2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

3. ANY ***COVERED VEHICLE*** WHILE IT IS USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;

4. ANY ***COVERED VEHICLE*** DUE TO:

a. THEFT;

b. CONVERSION;

c. EMBEZZLEMENT; OR

d. SECRETION

BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. ***LOSS*** TO ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IF AN ***INSURED*** VOLUNTARILY RELINQUISHES POSSESSION OF THAT ***CAR*** TO A ***PERSON*** OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

6. ANY ***COVERED VEHICLE*** TO THE EXTENT ***OUR*** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR ***LOSS*** TO SUCH ***COVERED VEHICLE***;

7. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:

   a. RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

   b. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

8. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;

9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM WAR OF ANY KIND;

10. ***YOUR CAR*** WHILE SUBJECT TO ANY:

    a. LIEN AGREEMENT;

    b. RENTAL AGREEMENT;

    c. LEASE AGREEMENT; OR

    d. SALES AGREEMENT

    NOT SHOWN ON THE DECLARATIONS PAGE;

11. ANY ***NON-OWNED CAR*** WHILE IT IS:

    a. BEING MAINTAINED OR USED BY ANY ***PERSON*** WHILE THAT ***PERSON*** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A ***CAR BUSINESS***; OR

    b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion (11.b.) does not apply to a ***private passenger car***;

12. ANY PART OR EQUIPMENT OF A ***COVERED VEHICLE*** IF THAT PART OR EQUIPMENT:

    a. FAILS OR IS DEFECTIVE; OR

    b. IS DAMAGED AS A DIRECT RESULT OF:

       (1) WEAR AND TEAR;

       (2) FREEZING; OR

       (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

    OF THAT PART OR EQUIPMENT.

    This exclusion does not apply if the ***loss*** is the result of theft of the ***covered vehicle***;

13. ANY PART OR EQUIPMENT:

    a. THAT IS NOT LEGAL FOR USE IN OR ON THE ***COVERED VEHICLE*** IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED; OR

b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE ***COVERED VEHICLE***.

However, if there is a legal version of the part or equipment that is necessary for the safe operation of the ***covered vehicle***, then ***we*** will pay the cost that ***we*** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. ***We*** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;

14. TIRES. This exclusion does not apply if:

a. ***loss*** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or

b. ***loss caused by collision*** to another part of the ***covered vehicle*** causes ***loss*** to tires;

15. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;

16. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;

17. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:

a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;

b. ***OWNED BY*** AN ***INSURED***; AND

c. NOT SHOWN ON THE DECLARATIONS PAGE; OR

18. ANY ***COVERED VEHICLE*** WHILE IT IS:

a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (18.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.

2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an ***insured*** by the ***State Farm Companies*** apply to the same ***loss*** or expense, then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a ***loss*** to ***your car***.

If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in ***your car***. Coverage for the creditor's interest is only provided for a ***loss*** that is payable to ***you***.

2, If this policy is cancelled or nonrenewed, then ***we*** will provide coverage for the creditor's interest until ***we*** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a ***loss*** that would have been payable to ***you*** if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date ***we*** mail or electronically transmit a notice of the termination to the creditor. The mailing or electronic transmittal of the notice will be sufficient proof of notice.

   If ***we*** pay such creditor, then ***we*** are entitled to the creditor's right of recovery against ***you*** to the extent of ***our*** payment. ***Our*** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**

   a. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle owned by you***:

      (1) ***You***;

      (2) The repairer; or

      (3) A creditor shown on the Declarations Page, to the extent of its interest.

   b. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle*** not ***owned by you***:

      (1) ***You***;

      (2) The owner of such vehicle;

      (3) The repairer; or

      (4) A creditor, to the extent of its interest.

2. **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

   ***We*** may, at ***our*** option, make payment to one or more of the following:

   a. ***You***;

   b. The ***insured*** who incurred the expense; or

   c. Any party that provided the service for which payment is owed.

## INSURED'S DUTIES

1. **Notice to Us of an Accident or Loss**

   The ***insured*** must give ***us*** or one of ***our*** agents notice of the accident or ***loss*** as soon as reasonably possible. The notice must give ***us***:

   a. ***your*** name;

   b. the names and addresses of all ***persons*** involved in the accident or ***loss***;

   c. the hour, date, place, and facts of the accident or ***loss***; and

   d. the names and addresses of witnesses to the accident or ***loss***.

2. **Notice to Us of a Claim or Lawsuit**

   a. If a claim is made against an ***insured***, then that ***insured*** must immediately send ***us*** every demand, notice, and claim received.

   b. If a lawsuit is filed against an ***insured***, then that ***insured*** must immediately send ***us*** every summons and legal process received.

3. **Insured's Duty to Cooperate With Us**

   a. The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:

      (1) making settlements;

      (2) securing and giving evidence; and

      (3) attending, and getting witnesses to attend, depositions, hearings, and trials.

   b. The ***insured*** must not, except at his or her own cost, voluntarily:

      (1) make any payment to others; or

      (2) assume any obligation to others

      unless authorized by the terms of this policy.

   c. Any ***person*** or organization making claim under this policy must, when ***we*** require, give ***us*** proof of loss on forms ***we*** furnish.

4. **Questioning Under Oath**

   Under:

   a. Liability Coverage, each ***insured***;

   b. First Party Benefits Coverages, Uninsured Motor Vehicle Coverage, or Underinsured Motor Vehicle Coverage, each ***insured***, or any other ***person*** or organization making claim or seeking payment; and

   c. Physical Damage Coverages, each ***insured*** or owner of a ***covered vehicle***, or any other ***person*** or organization making claim or seeking payment;

   must, at ***our*** option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as ***we*** require. Such ***person*** or organization must answer questions under oath, asked by anyone ***we*** name, and sign copies of the answers. ***We*** may require each ***person*** or organization answering questions under oath to answer the questions with only that ***person's*** or organization's legal representative, ***our*** representatives, any ***person*** or ***persons*** designated by ***us*** to record the questions and answers, and no other ***person*** present.

5. **Other Duties Under the Physical Damage Coverages**

   When there is a ***loss***, ***you*** or the owner of the ***covered vehicle*** must:

   a. protect the ***covered vehicle*** from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

   b. make a prompt report to the police when the ***loss*** is the result of theft;

   c. allow ***us*** to:

      (1) inspect any damaged property before its repair or disposal;

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the ***covered vehicle*** at ***our*** expense in order to conduct such inspection or testing;

d. provide ***us*** all:

(1) records;

(2) receipts; and

(3) invoices

that ***we*** request and allow ***us*** to make copies; and

e. not abandon the ***covered vehicle*** to ***us***.

6. **Other Duties Under First Party Benefits Coverages, Uninsured Motor Vehicle Coverage, and Underinsured Motor Vehicle Coverage**

A ***person*** making claim under:

a. First Party Benefits Coverages, Uninsured Motor Vehicle Coverage, or Underinsured Motor Vehicle Coverage must:

(1) notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;

(2) provide written authorization for ***us*** to obtain:

(a) medical bills;

(b) medical records;

(c) wage, salary, and employment information; and

(d) any other information ***we*** deem necessary to substantiate the claim.

If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***;

(3) send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files a lawsuit against the party liable for the accident; and

(4) allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident;

b. First Party Benefits Coverages must be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us*** and agreed to by the ***person***. If the ***person*** and ***we*** can not agree on the physicians, then the selection of the physicians may be submitted to the commissioner of insurance, to arbitration, or to the circuit court. The physicians selected shall be of the same specialty as the providers whose treatment is being reviewed, unless otherwise agreed to by the ***person*** and ***us***. All records and charges relating to the examinations shall be made available to the ***person*** upon written request.

c. Uninsured Motor Vehicle Coverage must report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police within 24 hours and to ***us*** within 30 days;

d. Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage must be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request.

## GENERAL TERMS

1. **When Coverage Applies**

   The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

2. **Where Coverage Applies**

   The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur:

   a. in the United States of America and its territories and possessions;

   b. in Canada; and

   c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

3. **Newly Owned or Newly Leased Car**

   If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

   a. request ***we*** replace the ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

      (1) before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

      (2) after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date; or

   b. apply to the ***State Farm Companies*** for a separate policy to insure the ***car*** newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

4. **Changes to This Policy**

   a. **Changes in Policy Provisions**

      ***We*** may only change the provisions of this policy by:

      (1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

      (2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then ***we*** will give ***you*** the broader coverage as of the date ***we*** make the change effective in the state of Hawaii without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

   b. **Change of Interest**

      No change of interest in this policy is effective unless ***we*** consent in writing. However, if a named insured shown on the Declarations Page dies, then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

(1) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

(2) the legal representative of the deceased named insured.

This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

Policy notice requirements are met by mailing the notice to the most recent policy address that ***we*** have on record for the deceased named insured.

c. **Joint and Individual Interests**

If ***you*** consists of more than one ***person*** or entity, then each acts for all to change or cancel the policy.

d. **Change of Policy Address**

***We*** may change the named insured's policy address as shown on the Declarations Page and in ***our*** records to the most recent address provided to ***us*** by:

(1) ***you***; or

(2) the United States Postal Service.

5. **Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the ***State Farm Companies*** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. The premium for this policy may vary based upon the purchase of other insurance from the ***State Farm Companies***.

d. The premium for this policy is based upon information ***we*** have received from ***you*** or other sources. ***You*** must inform ***us*** if any information regarding the following is incorrect or incomplete, or changes during the policy period, and ***you*** must answer questions ***we*** ask regarding the following:

(1) ***Your car***, or its use, including annual mileage;

(2) The ***persons*** who regularly drive ***your car***, including newly licensed family members;

(3) ***Your*** marital status; or

(4) The location where ***your car*** is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to ***us*** when ***we*** ask, then ***we*** may decrease or increase the premium during the policy period. If ***we*** decrease the premium during the policy period, then ***we*** will provide a refund or a credit in the amount of the decrease. If ***we*** increase the premium during the policy period, then ***you*** must pay the amount of the increase.

6. **Renewal**

***We*** agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless ***we*** mail or deliver a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

7. **Nonrenewal**

If ***we*** decide not to renew this policy, then, at least 30 days before the end of the

current policy period, ***we*** will mail or deliver a nonrenewal notice sent by certificate of mailing properly validated by the U.S. Postal Service to the most recent policy address that ***we*** have on record for the named insured.

8. **Cancellation**

   a. **How You May Cancel**

      ***You*** may cancel this policy by providing to ***us*** advance notice of the date cancellation is effective. ***We*** may confirm the cancellation in writing.

   b. **How and When We May Cancel**

      ***We*** may cancel this policy by mailing a written notice sent by certificate of mailing properly validated by the U.S. Postal Service to the most recent policy address that ***we*** have on record for the named insured. The notice will provide the date cancellation is effective.

      (1) If ***we*** mail a cancellation notice because the premium is not paid when due, then the date cancellation is effective will be at least 20 days after the date ***we*** mail or deliver the cancellation notice.

      Otherwise, the date cancellation is effective will be at least 30 days after the date ***we*** mail or deliver the cancellation notice.

      (2) After this policy has been in force for more than 60 days, ***we*** will not cancel this policy before the end of the current policy period unless:

         (a) the premium is not paid when due; or

         (b) the license of the principal operator to operate the type of motor vehicle is suspended or revoked.

   c. **Return of Unearned Premium**

      If ***you*** cancel this policy, then premium may be earned on a short rate basis. If ***we*** cancel this policy, then premium will be earned on a pro rata basis.

      Any unearned premium may be returned within a reasonable time after cancellation. Delay in the return of any unearned premium does not affect the cancellation date.

   d. **Return of Insurance Identification Card**

      (1) ***You*** must return ***your*** insurance identification card to ***us***:

         (a) with ***your*** request to cancel this policy; or

         (b) within 30 days after ***we*** notify ***you*** of ***our*** intent to cancel this policy.

      (2) If ***your*** insurance identification card has been lost or stolen, ***you*** must send to ***us*** a signed affidavit stating that fact.

      (3) If ***your*** insurance identification card or the affidavit is not returned to ***us***, ***we*** may:

         (a) withhold any unearned premium, or

         (b) bring a civil action for three times the unpaid part of the premium

      as provided for by Hawaii law.

9. **Assignment**

   No assignment of benefits or other transfer of rights is binding upon ***us*** unless approved by ***us***.

10. **Bankruptcy or Insolvency of the Insured**

    Bankruptcy or insolvency of the ***insured*** or his or her estate will not relieve ***us*** of ***our*** obligations under this policy.

11. **Concealment or Fraud**

    There is no coverage under this policy if ***you*** or any other ***person*** insured under this

policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

12. **Our Right to Recover Our Payments**

a. Under first party benefits coverages, if ***we*** are obligated under this policy to make payment to or for a ***person*** or organization who has a legal right to collect from another ***person*** or organization:

(1) then ***we*** are entitled to reimbursement, in accordance with the Hawaii motor vehicle insurance law, from any tort liability recovery effected which duplicates any payments made by ***us*** under Personal Injury Protection Coverage;

(2) and a court declares the ***Personal Injury Protection Act***'s abolition of tort liability invalid or unenforceable, then ***we*** will be subrogated to that right to the extent of ***our*** payment.

The ***person*** or organization to or for whom ***we*** make payment must help ***us*** recover ***our*** payments by:

(a) doing nothing to impair that legal right;

(b) executing any documents ***we*** may need to assert that legal right; and

(c) taking legal action through ***our*** representatives when ***we*** ask.

b. Under all other coverages the following apply:

(1) **Subrogation**

If ***we*** are obligated under this policy to make payment to or for a ***person*** or organization who has a legal right to collect from another ***person*** or organization, then ***we*** will be subrogated to that right to the extent of ***our*** payment.

The ***person*** or organization to or for whom ***we*** make payment must help ***us*** recover ***our*** payments by:

(a) doing nothing to impair that legal right;

(b) executing any documents ***we*** may need to assert that legal right; and

(c) taking legal action through ***our*** representatives when ***we*** ask.

(2) **Reimbursement**

If ***we*** make payment under this policy and the ***person*** or organization to or for whom ***we*** make payment recovers or has recovered from another ***person*** or organization, then the ***person*** or organization to or for whom ***we*** make payment must:

(a) hold in trust for ***us*** the proceeds of any recovery; and

(b) reimburse ***us*** to the extent of ***our*** payment.

This does not apply under Underinsured Motor Vehicle Coverage to payments received from bodily injury liability bonds or policies made prior to ***our*** payment by a ***person*** or organization to or for whom ***we*** make payment.

13. **Arbitration**

Hawaii law provides that any dispute relating to contractual benefits provided by this policy may be arbitrated in accordance with the rules, procedures, and rights set forth in section 431:10C-213 of the Hawaii Revised Statutes.

14. **Legal Action Against Us**

a. Legal action may not be brought against ***us*** until there has been full compliance with all the provisions of this policy.

b. In addition:

(1) legal action may only be brought against ***us*** regarding:

(a) Liability Coverage after the amount of damages an ***insured*** is legally liable to pay has been finally determined by:

(i) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(ii) agreement between the claimant and ***us***.

(b) Uninsured Motor Vehicle Coverage and Underinsured Motor Vehicle Coverage after the ***insured*** or that ***insured's*** legal representative within two years immediately following the date of the accident:

(i) presents either an Uninsured Motor Vehicle Coverage claim or an Underinsured Motor Vehicle Coverage claim to ***us***; and

(ii) pursues arbitration or files a lawsuit in accordance with the **Deciding Fault and Amount** provision of the involved coverage.

Except as provided in b.(ii) above, no other legal action may be brought against ***us*** relating to Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage for any other causes of action that arise out of or are related to these coverages until there has been full compliance with the provisions titled **Consent to Settlement** and **Deciding Fault and Amount**.

(2) ***We*** may be awarded attorney's fees and court costs incurred to defend a lawsuit brought against ***us*** by an ***insured*** regarding the first party benefits coverages that a court or the insurance commissioner determines to be unreasonable, fraudulent, excessive, or frivolous. ***We*** may deduct any amount so awarded from any amount payable to that ***insured*** under any of the first party benefits coverages.

15. **Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. Hawaii will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

16. **Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2008

State Farm®

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See "INSURED'S DUTIES" in this policy booklet.)

SAMPLE

# State Farm® **Car Policy** Booklet

**Illinois**
Policy Form 9813B

## CONTENTS

**THIS POLICY** .................... 3

**DEFINITIONS** .................... 4

**LIABILITY COVERAGE** .................... 5

- Additional Definition .................... 5
- Insuring Agreement .................... 6
- Supplementary Payments .................... 6
- Limits .................... 6
- Nonduplication .................... 7
- Exclusions .................... 7
- If Other Liability Coverage Applies .................... 8
- Required Out-of-State Liability Coverage .................... 9
- Financial Responsibility Certification .................... 9

**MEDICAL PAYMENTS COVERAGE** .................... 9

- Additional Definitions .................... 9
- Insuring Agreement .................... 10
- Determining Medical Expenses .................... 10
- Arbitration .................... 10
- Limit .................... 11
- Nonduplication .................... 11
- Exclusions .................... 11
- If Other Medical Payments Coverage or Similar Vehicle Insurance Applies .................... 12
- Our Payment Options .................... 13

**UNINSURED MOTOR VEHICLE COVERAGE — BODILY INJURY** .................... 13

- Additional Definitions .................... 13
- Insuring Agreement .................... 14
- Consent to Settlement .................... 14
- Deciding Fault and Amount .................... 14
- Limits .................... 15
- Nonduplication .................... 15
- Exclusions .................... 15
- If Other Uninsured Motor Vehicle Coverage Applies .................... 16
- Our Payment Options .................... 17

**UNINSURED MOTOR VEHICLE COVERAGE — BODILY INJURY AND PROPERTY DAMAGE** .................... 17

- Additional Definitions .................... 17
- Insuring Agreement .................... 17
- Consent to Settlement .................... 18
- Settlement of Loss for Property Damage .................... 18
- Deciding Fault and Amount .................... 19
- Limits .................... 19
- Nonduplication .................... 20
- Exclusions .................... 20
- If Other Uninsured Motor Vehicle Coverage or If Other Property Damage Coverage Applies .................... 21
- Our Payment Options .................... 22

**UNDERINSURED MOTOR VEHICLE COVERAGE** .................... 22

- Additional Definitions .................... 22
- Insuring Agreement .................... 23
- Consent to Settlement .................... 23
- Deciding Fault and Amount .................... 23
- Limits .................... 24
- Nonduplication .................... 24
- Exclusions .................... 25
- If Other Underinsured Motor Vehicle Coverage Applies .................... 25
- Our Payment Options .................... 26

**PHYSICAL DAMAGE COVERAGES** .................... 27

- Additional Definitions .................... 27
- Insuring Agreements .................... 27
- Supplementary Payments – Comprehensive Coverage and Collision Coverage .................... 29
- Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage .................... 29
- Limits – Car Rental and Travel Expenses Coverage .................... 30
- Nonduplication .................... 30
- Exclusions .................... 31
- If Other Physical Damage Coverage or Similar Coverage Applies .................... 32
- Financed Vehicle .................... 32
- Our Payment Options .................... 33

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE** .................... 33

- Additional Definition .................... 33
- Insuring Agreement .................... 33
- Benefit .................... 33
- Exclusions – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage .................... 34
- Our Payment Options – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage .................... 35

SAMPLE

**LOSS OF EARNINGS COVERAGE** .............. 34
Additional Definitions ..................................... 34
Insuring Agreement ......................................... 34
Limit ............................................................. 34
Exclusions – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage ......................................................... 34
Our Payment Options – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage ............................................ 35
**INSURED'S DUTIES** ....................................... 35
Notice to Us of an Accident or Loss ............... 35
Notice to Us of a Claim or Lawsuit ................ 35
Insured's Duty to Cooperate With Us ............. 35
Questioning Under Oath ................................. 35
Other Duties Under the Physical Damage Coverages and Uninsured Motor Vehicle Coverage Property Damage ............................ 36
Other Duties Under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage ............................................ 36
**GENERAL TERMS** ............................................37
When Coverage Applies ..................................37
Where Coverage Applies .................................37
Newly Owned or Newly Leased Car ................37
Changes to This Policy ....................................38
Premium ..........................................................38
Renewal ...........................................................38
Nonrenewal .....................................................38
Cancellation ....................................................39
Assignment ......................................................39
Bankruptcy or Insolvency of the Insured .........39
Concealment or Fraud .....................................39
Our Right to Recover Our Payments ................39
Legal Action Against Us ..................................40
Choice of Law .................................................40
Severability .....................................................40

SAMPLE

## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.
2. This policy contains all of the agreements between all named insureds who are shown on the Declarations Page and all applicants and:
   a. ***us***; and
   b. any of ***our*** agents.
3. ***We*** agree to provide insurance according to the terms of this policy:
   a. based on payment of premium for the coverages chosen; and
   b. unless otherwise stated in "EXCEPTIONS, POLICY BOOKLET, & ENDORSEMENTS" on the Declarations Page, in reliance on the following statements:
      (1) The named insured shown on the Declarations Page is the sole owner of ***your car***.
      (2) Neither ***you*** nor any member of ***your*** household has, within the past three years, had:
         (a) vehicle insurance canceled or nonrenewed by an insurer; or
         (b) either:
            (i) a license to drive; or
            (ii) a vehicle registration

            suspended, revoked, or refused.
      (3) ***Your car*** is used for pleasure and business.
4. All named insureds shown on the Declarations Page and all applicants agree by acceptance of this policy that:
   a. the statements in 3.b. above are made by such named insured or applicant and are true; and
   b. ***we*** provide this insurance on the basis those statements are true.
5. ***Your*** purchase of this policy may allow ***you*** to purchase certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other policies from the ***State Farm Companies***, subject to their applicable eligibility rules.

## DEFINITIONS

***We*** define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, possessive, and any other form of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. ***Car*** does not include:

1. Any vehicle while located for use as a dwelling or other premises; or
2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

***Fungi*** means any type or form of fungus or fungi and includes:

1. Mold;
2. Mildew; and
3. Any of the following that are produced or released by fungi:
   a. Mycotoxins;
   b. Spores;
   c. Scents; or
   d. Byproducts.

***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
2. the end of the 30th calendar day immediately following the date the ***car*** is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***:
   a. ***you***;
   b. any ***resident relative***;
   c. any other ***person*** who resides primarily in ***your*** household; or
   d. an employer of any ***person*** described in a., b., or c. above; nor
2. has been operated by, rented by, or in the possession of:
   a. ***you***; or
   b. any ***resident relative***

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or ***loss***.

***Occupying*** means in, on, entering, or exiting.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;
2. registered to; or
3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Pedestrian*** means a ***person*** who is not ***occupying***:

1. a motorized vehicle; or
2. a vehicle designed to be pulled by a motorized vehicle.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or
2. a pickup truck, van, minivan, or sport utility vehicle:
   a. while not used for:
      (1) wholesale; or
      (2) retail

      pickup or delivery; and
   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Resident Relative*** means a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

SAMPLE

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or
2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;
2. State Farm Fire and Casualty Company; and
3. Subsidiaries or affiliates of either 1. or 2. above.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. damage; or
   e. theft; and
2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. a trailer:
   a. designed to be pulled by a ***private passenger car***;
   b. not designed to carry ***persons***; and
   c. while not used as premises for office, store, or display purposes; or
2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under "YOUR CAR", and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;
2. the date this policy is no longer in force; or
3. the date ***you*** no longer own or lease the ***car*** being replaced.

SAMPLE

## LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***trailer***; and
   b. the maintenance or use of:
      (1) a ***non-owned car***; or
      (2) a ***temporary substitute car***;
2. the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished by an employer to, a ***person*** who resides primarily in ***your*** household, but only if such ***car*** is neither ***owned by***, nor furnished by an employer to, the first ***person*** shown as a named insured on the Declarations Page or that ***person's*** spouse;

3. any other ***person*** for his or her use of:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent; and
4. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. ***We*** will pay:
   a. damages an ***insured*** becomes legally liable to pay because of:
      (1) ***bodily injury*** to others; and
      (2) damage to property

      caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy;
   b. attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages; and
   c. court costs charged to an ***insured*** and resulting from that part of a lawsuit:
      (1) that seeks damages payable under this policy's Liability Coverage; and
      (2) against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

      ***We*** have no duty to pay attorney fees and court costs incurred after ***we*** deposit in court or pay the amount due under this policy's Liability Coverage;
2. ***We*** have the right to:
   a. investigate, negotiate, and settle any claim or lawsuit;
   b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and
   c. appeal any award or legal decision

   for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the ***insured*** that accrues:
   a. before a judgment, where owed by law, but only on that part of the judgment ***we*** pay; and
   b. after a judgment. ***We*** will not pay interest on damages paid or payable by a party other than the ***insured*** or ***us***.

   ***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;
2. Premiums for bonds, provided by a company chosen by ***us***, required to appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:
   a. pay for bonds that exceed this policy's applicable Liability Coverage limit;
   b. furnish or apply for any bonds; or
   c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and
3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:
   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:
      (1) an arbitration;
      (2) a mediation; or
      (3) a trial of a lawsuit; and
   b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily***



SAMPLE

***injury*** to any one ***person*** injured in any one accident, including all damages sustained by other ***persons*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***persons*** injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay any damages or expenses under Liability Coverage:

1. that have already been paid as expenses under Medical Payments Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
2. that have already been paid under Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO INTENTIONALLY CAUSES ***BODILY INJURY*** OR DAMAGE TO PROPERTY;
2. FOR ***BODILY INJURY*** TO:
   a. ***YOU***;
   b. ***RESIDENT RELATIVES***; AND
   c. ANY OTHER ***PERSON*** WHO BOTH RESIDES PRIMARILY WITH AN ***INSURED*** AND WHO:
      (1) IS RELATED TO THAT ***INSURED*** BY BLOOD, MARRIAGE, OR ADOPTION; OR
      (2) IS A WARD OR FOSTER CHILD OF THAT ***INSURED***.

   This does not apply when:

   (1) a third party has a right of contribution against a member of the injured ***person***'s family; or
   (2) any ***person*** not in the household of the named insured was driving the vehicle of the named insured involved in the accident which is the subject of the claim or lawsuit;
3. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, PENSION CODE, MUNICIPAL ORDINANCE, LABOR UNION FUND, DISABILITY, OR SIMILAR LAW;
4. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;
5. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
7. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply while maintaining or using:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer owned by you***;
8. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
9. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
10. FOR DAMAGE TO PROPERTY WHILE IT IS:
    a. ***OWNED BY***;
    b. RENTED TO;
    c. USED BY;



SAMPLE

d. IN THE CARE OF; OR

e. TRANSPORTED BY

***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to damage to a:

a. motor vehicle ***owned by*** the employer of ***you*** or any ***resident relative*** if such damage is caused by an ***insured*** while operating another motor vehicle;

b. residence while rented to or leased to an ***insured***; or

c. private garage while rented to or leased to an ***insured***;

11. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;

12. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;

13. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;

14. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:

a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY PREARRANGED OR ORGANIZED RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (14.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving; OR

15. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1. If Liability Coverage provided by this policy and one or more other Car Policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same accident, then:

a. the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and

b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of ***your car*** or a ***trailer*** attached to it.

a. If:

(1) a ***temporary substitute car*** owned or held for sale or lease by a new or used vehicle dealer is loaned to an ***insured*** while ***your car*** is being repaired or evaluated for repair by that dealer; and

(2) this policy provides bodily injury liability limits of at least $100,000 for each ***person***, $300,000 for each accident, and property damage liability limits of at least $50,000 for each accident,

then this coverage is primary and the insurance carried by the dealer is excess.

b. If:

(1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as primary coverage.

c. If:

(1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

SAMPLE

3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.
   a. If:
      (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as excess coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as excess coverage.
   b. If:
      (1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as excess coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an ***insured*** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and
2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

SAMPLE

## MEDICAL PAYMENTS COVERAGE

This policy provides Medical Payments Coverage if "C" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you*** and ***resident relatives***:
   a. while ***occupying***:
      (1) ***your car***;
      (2) a ***newly acquired car***;
      (3) a ***temporary substitute car***;
      (4) a ***non-owned car***; or
      (5) a ***trailer*** while attached to a ***car*** described in (1), (2), (3), or (4) above; or
   b. if struck as a ***pedestrian*** by a motor vehicle or any type of trailer; and
2. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent.

***Medical Expenses*** mean ***reasonable expenses*** for ***medical services***.

***Medical Services*** mean treatments, procedures, products, and other services that are:

1. necessary to achieve maximum medical improvement for the ***bodily injury***;
2. rendered by a healthcare provider:

a. who is licensed as a healthcare provider if a license is required by law; and
b. within the legally authorized scope of that healthcare provider's practice;

3. commonly and customarily recognized throughout the medical profession and within the United States of America as appropriate for the treatment of the ***bodily injury***;
4. primarily designed to serve a medical purpose;
5. not experimental; and
6. not for research purposes.

***Reasonable Expenses*** mean the lowest one of the following charges:

1. The usual and customary fees charged by a majority of healthcare providers who provide similar ***medical services*** in the geographical area in which the charges were incurred;
2. The fee specified in any fee schedule:
   a. applicable to medical payments coverage, no-fault coverage, or personal injury protection coverage included in motor vehicle liability policies issued in the state where ***medical services*** are provided; and
   b. as prescribed or authorized by the law of the state where ***medical services*** are provided;
3. The fees agreed to by both the ***insured's*** healthcare provider and ***us***; or
4. The fees agreed upon between the ***insured's*** healthcare provider and a third party when ***we*** have a contract with such third party.

**Insuring Agreement**

***We*** will pay:

1. ***medical expenses*** incurred because of ***bodily injury*** that is sustained by an ***insured*** and caused by a motor vehicle accident if:
   a. that ***insured*** is first provided ***medical services*** within one year immediately following the date of the accident; and
   b. such ***medical expenses*** are for ***medical services*** that are provided within three years immediately following the date of the accident; and
2. funeral expenses incurred for an ***insured*** who dies within three years immediately following the date of a motor vehicle accident if the death is a direct result of ***bodily injury*** sustained in such accident.

**Determining Medical Expenses**

***We*** have the right to:

1. obtain and use:
   a. utilization reviews;
   b. peer reviews; and
   c. medical bill reviews

   to determine if the incurred charges are ***medical expenses***;
2. use a medical examination of the ***insured*** to determine if:
   a. the ***bodily injury*** was caused by a motor vehicle accident; and
   b. the expenses incurred are ***medical expenses;*** and
3. enter into a contract with a third party that has an agreement with the ***insured's*** healthcare provider to charge fees as determined by that agreement.

**Arbitration**

1. If there is a disagreement as to whether incurred charges are ***medical expenses***, then the disagreement will be resolved by arbitration upon written request of the ***insured*** or ***us***.
2. The arbitration will take place in the county in which the ***insured*** resides unless the parties agree to another location.

   The ***insured*** and ***we*** will each select a competent arbitrator. These two arbitrators will select a third competent arbitrator. If they are unable to agree on the third arbitrator within 30 days, then either the ***insured*** or ***we*** may petition a court that has jurisdiction to select the third arbitrator.

   Each party will pay the cost of its own arbitrator, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third arbitrator.
3. The arbitrators shall only decide whether incurred charges are ***medical expenses***. Arbitrators shall have no authority to decide any other questions of fact, decide any questions of law, or conduct arbitration on a class-wide or class-representative basis.
4. A written decision that is both agreed upon by and signed by any two arbitrators, and that also contains an explanation of how they arrived at their decision, will be binding on:
   a. ***us***;
   b. the ***insured***;
   c. any assignee of the ***insured***; and
   d. any ***person*** or organization with whom the ***insured*** expressly or impliedly contracts for ***medical services***.



SAMPLE

5. Subject to 1., 2., 3., and 4. above, state court rules governing procedure and admission of evidence will be used.
6. ***We*** do not waive any of ***our*** rights by submitting to arbitration.

**Limit**

The Medical Payments Coverage limit is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person". This limit is the most ***we*** will pay for the ***medical expenses*** and funeral expenses combined, incurred by or on behalf of any one ***insured*** as a result of any one accident, regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

Subject to the limit shown on the Declarations Page, the most ***we*** will pay for funeral expenses incurred for any one ***insured*** is $3,000.

If the injured ***person*** has been paid damages for the ***bodily injury*** by or on behalf of the liable party in an amount:

1. less than the injured ***person's*** total ***medical expenses*** and funeral expenses, then the most ***we*** will pay under Medical Payments Coverage is the lesser of:
   a. the limit of liability of Medical Payments Coverage; or
   b. the amount by which the total ***medical expenses*** and funeral expenses exceed the total amount paid by or on behalf of all parties liable for the ***bodily injury***; or
2. equal to or greater than the total ***medical expenses*** and funeral expenses incurred by the injured ***person***, then ***we*** owe nothing under Medical Payments Coverage.

**Nonduplication**

***We*** will not pay any ***medical expenses*** or funeral expenses under Medical Payments Coverage that have already been paid:

1. as damages under Liability Coverage, Uninsured Motor Vehicle Coverage, or Underinsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
2. by or on behalf of a party who is legally liable for the ***insured's bodily injury***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A MOTOR VEHICLE, ***OWNED BY*** THAT ***INSURED*** OR ***YOU***, IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***;
2. IF ANY WORKERS' COMPENSATION LAW, PENSION CODE, MUNICIPAL ORDINANCE, LABOR UNION FUND, OR ANY SIMILAR LAW APPLIES TO THAT ***INSURED'S BODILY INJURY***;
3. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
4. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to:
   a. the use of a ***private passenger car*** on a share-the-expense basis; or
   b. an ***insured*** while ***occupying*** a ***non-owned car*** as a passenger;
5. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply while maintaining or using:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer owned by you***;
6. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
7. WHILE MAINTAINING OR USING A ***NON-OWNED CAR*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
8. WHO IS EITHER ***OCCUPYING*** OR STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES;
9. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT:
   a. IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   b. RUNS ON RAILS OR CRAWLER-TREADS;
10. WHOSE ***BODILY INJURY*** RESULTS FROM WAR OF ANY KIND;

SAMPLE

11. WHOSE ***BODILY INJURY*** RESULTS FROM:
    a. NUCLEAR REACTION;
    b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
    c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
12. WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
13. WHOSE ***BODILY INJURY*** RESULTS FROM EXPOSURE TO ***FUNGI***; OR
14. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS:
    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY PREARRANGED OR ORGANIZED RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (14.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving.

**If Other Medical Payments Coverage or Similar Vehicle Insurance Applies**

1. An ***insured*** shall not recover for the same ***medical expenses*** or funeral expenses under both this coverage and other medical payments coverage or similar vehicle insurance.
2. If Medical Payments Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:
    a. the Medical Payments Coverage limits of such policies shall not be added together to determine the most that may be paid; and
    b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
3. The Medical Payments Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car*** or a ***trailer*** attached to it.
    a. If:
        (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and
        (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

        then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.
    b. If:
        (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and
        (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

        then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.
4. Except as provided in 3. above, the Medical Payments Coverage provided by this policy applies as excess coverage.
    a. If:
        (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and
        (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

SAMPLE

then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***;
4. A ***person*** authorized by law to receive such payment; or
5. Any ***person*** or organization that provides the ***medical services*** or funeral services.

SAMPLE

## UNINSURED MOTOR VEHICLE COVERAGE — BODILY INJURY

This policy provides Uninsured Motor Vehicle Coverage for ***bodily injury*** if "U" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***; or
   c. a ***temporary substitute car***.

   Such vehicle must be used within the scope of ***your*** consent. Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and
4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Uninsured Motor Vehicle*** means a land motor vehicle:

1. the ownership, maintenance, and use of which is:
   a. not insured or bonded for bodily injury liability at the time of the accident; or
   b. insured or bonded for bodily injury liability at the time of the accident; but
      (1) the limits are less than required by the financial responsibility act of Illinois; or
      (2) the insuring company:
         (a) denies that its policy provides liability coverage for compensatory damages that result from the accident; or
         (b) is or becomes insolvent; or
2. a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which strikes:
   a. the ***insured***; or
   b. the vehicle the ***insured*** is ***occupying***

   and causes ***bodily injury*** to the ***insured***.

***Uninsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;

2. ***owned by***, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law;
3. ***owned by*** or rented to any government or any of its political subdivisions or agencies;
4. designed for use primarily off public roads and not licensed for public road use at the time of the accident. This does not apply while the vehicle is on public roads; or
5. while located for use as a dwelling or other premises.

**Insuring Agreement**

***We*** will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***. The ***bodily injury*** must be:

1. sustained by an ***insured***; and
2. caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle.

**Consent to Settlement**

The ***insured*** must inform ***us*** of a settlement offer, if any, proposed by or on behalf of the owner or driver of the ***uninsured motor vehicle***, and the ***insured*** must request ***our*** written consent to accept such settlement offer.

If ***we***:

1. consent in writing, then the ***insured*** may accept such settlement offer.
2. inform the ***insured*** in writing that ***we*** do not consent, then the ***insured*** may not accept such settlement offer and:
   a. ***we*** will make payment to the ***insured*** in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the ***uninsured motor vehicle***; and
   b. any recovery from or on behalf of the owner or driver of the ***uninsured motor vehicle*** shall first be used to repay ***us***.

**Deciding Fault and Amount**

1. The ***insured*** and ***we*** must agree to the answers to the following two questions:
   a. Is the ***insured*** legally entitled to recover compensatory damages from the owner or driver of the ***uninsured motor vehicle***?
   b. If the ***insured*** and ***we*** agree that the answer to 1.a. above is yes, then what is the amount of the compensatory damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***uninsured motor vehicle***?
2. If there is no agreement, these questions shall be decided by arbitration.
3. The ***insured*** and ***we*** shall each select an arbitrator and the two arbitrators so named shall select a third arbitrator. If such arbitrators are not selected within 45 days from such request, either party may request that such arbitration be submitted to the American Arbitration Association.
4. The written decision of any two arbitrators shall be binding on each party for the amount of ***bodily injury*** damages not exceeding the least of:
   a. $50,000 for one ***person*** in any one accident;
   b. $100,000 for two or more ***persons*** in any one accident, subject to a. above; or
   c. the corresponding policy limits.
5. Arbitrator, attorney, and expert witness costs shall be paid by the party who hired such ***person***. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties. However, in no event shall the expense to the ***insured***, exclusive of fees for attorneys and expert witnesses, reduce recovery below the Illinois Safety Responsibility Law minimum limit.
6. The arbitration shall take place in the county in which the ***insured*** resides unless the parties agree to another place. State court rules governing procedure and admission of evidence shall be used. When the ***insured*** is seeking damages for ***bodily injury*** up to, but not in excess of, the limits set forth in the Illinois Safety Responsibility Law, the rules as specified in Illinois Insurance Code 5/143a shall also apply.
7. ***We*** are not bound by any judgment against any ***person*** or organization obtained without ***our*** written consent.
8. Any arbitration or suit against ***us*** will be barred unless commenced within two years after the date of the accident or within two years immediately following the date the carrier for the uninsured motor vehicle becomes insolvent, if the carrier becomes insolvent within two years immediately following the date of the accident. Legal action may only be brought against ***us*** in accordance with the **Legal Action Against Us** provision of this policy.

SAMPLE

9. Arbitrators shall have no authority to decide any questions of law or conduct arbitration on a class-wide or class-representative basis.
10. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

The Uninsured Motor Vehicle Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

1. The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident.
2. Any amount paid or payable to or for the ***insured*** under any workers' compensation law, pension code, municipal ordinance, labor union fund, disability benefits law, or similar law shall reduce the amount payable under this coverage. The reduction may be taken only once and shall be first applied to the amount payable by any policy providing coverage on a primary basis. Any remaining reduction shall then be applied to the amount payable by any policy providing coverage on an excess basis. However, social security disability benefits shall not be used to reduce the amount payable under this coverage.
3. These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:
   a. ***insureds***;
   b. claims made;
   c. vehicles insured; or
   d. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Coverage any damages:

1. that:
   a. have already been paid;
   b. could have been paid; or
   c. could be paid,

   to or for the ***insured***:
   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or
   b. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
2. that:
   a. have already been paid;
   b. could have been paid; or
   c. could be paid,

   to or for the ***insured*** as expenses under Medical Payments Coverage of this policy, the medical payments coverage of any other policy, or other similar vehicle insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY***;
2. FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***.

   This exclusion does not apply to the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while ***occupying*** a motor vehicle not ***owned by*** one or both of them;
3. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
4. TO THE EXTENT IT BENEFITS:
   a. ANY WORKERS' COMPENSATION, PENSION CODE, MUNICIPAL ORDINANCE, LABOR UNION FUND, OR DISABILITY BENEFITS INSURANCE COMPANY;
   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW,

SAMPLE

PENSION CODE, MUNICIPAL ORDINANCE, LABOR UNION FUND, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR

c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;

5. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR

6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**If Other Uninsured Motor Vehicle Coverage Applies**

1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:

   a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

2. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***.

   a. If:

      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

   b. If:

      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

   a. If:

      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

   b. If:

      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as

SAMPLE

determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

## UNINSURED MOTOR VEHICLE COVERAGE — BODILY INJURY AND PROPERTY DAMAGE

This policy provides Uninsured Motor Vehicle Coverage for ***bodily injury*** and ***property damage*** if "U1" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***; or
   c. a ***temporary substitute car***.

   Such vehicle must be used within the scope of ***your*** consent. Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and
4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Property Damage*** means damage to ***your car*** or a ***newly acquired car***.

***Uninsured Motor Vehicle*** means a land motor vehicle:

1. the ownership, maintenance, and use of which is:
   a. not insured or bonded for bodily injury liability and property damage liability at the time of the accident; or
   b. insured or bonded for bodily injury liability and property damage liability at the time of the accident; but
      (1) the limit of liability that applies to:
         (a) ***bodily injury*** if the claim is for ***bodily injury***; or
         (b) ***property damage*** if the claim is for ***property damage***

         is less than the limits required by the financial responsibility act of Illinois; or
      (2) the insuring company:
         (a) denies that its policy provides liability coverage for compensatory damages that result from the accident; or
         (b) is or becomes insolvent; or
2. with respect to ***bodily injury***, a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which strikes:
   a. the ***insured***; or
   b. the vehicle the ***insured*** is ***occupying***

   and causes ***bodily injury*** to the ***insured***.

***Uninsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by***, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law;
3. ***owned by*** or rented to any government or any of its political subdivisions or agencies;
4. designed for use primarily off public roads and not licensed for public road use at the time of the accident. This does not apply while the vehicle is on public roads; or
5. while located for use as a dwelling or other premises.

**Insuring Agreement**

***We*** will pay compensatory damages for ***bodily injury*** and ***property damage*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***. The ***bodily injury*** or ***property damage*** must be:



SAMPLE

1. sustained by an ***insured***; and
2. caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle.

**Consent to Settlement**

The ***insured*** must inform ***us*** of a settlement offer, if any, proposed by or on behalf of the owner or driver of the ***uninsured motor vehicle***, and the ***insured*** must request ***our*** written consent to accept such settlement offer.

If ***we***:

1. consent in writing, then the ***insured*** may accept such settlement offer.
2. inform the ***insured*** in writing that ***we*** do not consent, then the ***insured*** may not accept such settlement offer and:
   a. ***we*** will make payment to the ***insured*** in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the ***uninsured motor vehicle***; and
   b. any recovery from or on behalf of the owner or driver of the ***uninsured motor vehicle*** shall first be used to repay ***us***.

**Settlement of Loss for Property Damage**

Subject to the **Limits of Liability**, ***we*** have the right to settle with ***you*** for the damaged property in one of the following ways:

1. Pay the cost to repair the damaged property minus any applicable deductible.
   a. ***We*** have the right to choose one of the following to determine the cost to repair the damaged property:
      (1) The cost agreed to by both ***you*** and ***us***;
      (2) A bid or repair estimate approved by ***us***; or
      (3) A repair estimate that is written based upon or adjusted to:
         (i) the prevailing competitive price;
         (ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or
         (iii) a combination of (i) and (ii) above.

      The prevailing competitive price means prices charged by a majority of the repair market in the area where the damaged property is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the damaged property to its pre-loss condition.

   ***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

   ***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.
   b. The cost to repair the damaged property does not include any reduction in the value of the damaged property after it has been repaired, as compared to its value before it was damaged.
   c. If the repair or replacement of a part results in betterment of that part, then ***you*** must pay for the amount of the betterment.
   d. If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced;
2. Pay the agreed upon actual cash value of the damaged property minus any applicable deductible.
   a. Actual cash value is determined by the market value, age, and condition at the time the ***property damage*** occurred. Any deductible amount that applies is then subtracted.
   b. Actual cash value does not include any reduction in the value of the damaged property after it has been repaired, as compared to its value before it was damaged.
   c. The damaged property must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that ***you*** may keep the damaged property. If ***you*** keep the property damage, then ***our*** payment will be reduced by the value of the damaged property after the ***loss***, minus any applicable deductible.
   d. If there is disagreement as to the actual cash value of the damaged property, then the disagreement will be resolved in accordance with the **Deciding Fault and Amount** provision of this coverage.

SAMPLE

**Deciding Fault and Amount**

1. The ***insured*** and ***we*** must agree to the answers to the following two questions:
   a. Is the ***insured*** legally entitled to recover compensatory damages from the owner or driver of the ***uninsured motor vehicle***?
   b. If the ***insured*** and ***we*** agree that the answer to 1.a. above is yes, then what is the amount of the compensatory damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***uninsured motor vehicle***?
2. If there is no agreement, these questions shall be decided by arbitration.
3. The ***insured*** and ***we*** shall each select an arbitrator and the two arbitrators so named shall select a third arbitrator. If such arbitrators are not selected within 45 days from such request, either party may request that such arbitration be submitted to the American Arbitration Association.
4. The written decision of any two arbitrators shall be binding on each party:
   a. for the amount of ***bodily injury*** damages not exceeding the least of:
      (1) $50,000 for one ***person*** in any one accident;
      (2) $100,000 for two or more ***persons*** in any one accident, subject to (1) above; or
      (3) the corresponding policy limits.
   b. for the amount of ***property damage*** not exceeding the lesser of:
      (1) $15,000 in any one accident, subject to a $250 deductible; or
      (2) the actual cash value of the damaged vehicle.
5. Arbitrator, attorney, and expert witness costs shall be paid by the party who hired such ***person***. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties. However, in no event shall the expense to the ***insured***, exclusive of fees for attorneys and expert witnesses, reduce recovery below the Illinois Safety Responsibility Law minimum limit.
6. The arbitration shall take place in the county in which the ***insured*** resides unless the parties agree to another place. State court rules governing procedure and admission of evidence shall be used. When the ***insured*** is seeking damages under Uninsured Motor Vehicle Coverage for:
   a. ***bodily injury*** up to, but not in excess of, the limits set forth in the Illinois Safety Responsibility Law; or
   b. ***property damage***,

   the rules as specified in Illinois Insurance Code 5/143a shall also apply.
7. ***We*** are not bound by any judgment against any ***person*** or organization obtained without ***our*** written consent.
8. Any arbitration or suit against ***us*** will be barred unless commenced within two years after the date of the accident or within two years immediately following the date the carrier for the uninsured motor vehicle becomes insolvent, if the carrier becomes insolvent within two years immediately following the date of the accident. Legal action may only be brought against ***us*** in accordance with the **Legal Action Against Us** provision of this policy.
9. Arbitrators shall have no authority to decide any questions of law or conduct arbitration on a class-wide or class-representative basis.
10. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1. **Bodily Injury**
   a. The Uninsured Motor Vehicle Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

      The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident.
   b. Any amount paid or payable to or for the ***insured*** under any workers' compensation law, pension code, municipal ordinance, labor union fund, disability benefits law, or similar law shall reduce the amount payable under this coverage. The reduction may be taken only once and shall be first applied to the amount payable by any policy providing coverage on a primary basis.

SAMPLE

Any remaining reduction shall then be applied to the amount payable by any policy providing coverage on an excess basis. However, social security disability benefits shall not be used to reduce the amount payable under this coverage.

c. These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:

(1) ***insureds***;

(2) claims made;

(3) vehicles insured; or

(4) vehicles involved in the accident.

2. **Property Damage**

a. The Uninsured Motor Vehicle Coverage limit for ***property damage*** is shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Property Damage Limit – Each Accident".

The most ***we*** will pay for all ***property damage*** resulting from any one accident is the limit shown under "Each Accident" reduced by the sum of all payments for ***property damage*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***property damage***.

b. The amount payable for ***property damage***, for each accident, is subject to a $250 deductible.

c. These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:

(1) ***insureds***;

(2) claims made;

(3) vehicles insured; or

(4) vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Coverage any damages:

1. that:

a. have already been paid;

b. could have been paid; or

c. could be paid

to or for the ***insured***:

a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or

b. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or

2. that:

a. have already been paid;

b. could have been paid; or

c. could be paid

to or for the ***insured*** as expenses under Medical Payments Coverage of this policy, the medical payments coverage of any other policy, or other similar vehicle insurance.

3. that:

a. have already been paid;

b. could have been paid; or

c. could be paid,

to or for the ***insured*** under any physical damage coverage or property insurance policy.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY*** OR ***PROPERTY DAMAGE***;

2. FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***.

This exclusion does not apply to the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while ***occupying*** a motor vehicle not ***owned by*** one or both of them;

3. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;

4. TO THE EXTENT IT BENEFITS:

a. ANY WORKERS' COMPENSATION, PENSION CODE, MUNICIPAL ORDINANCE, LABOR UNION FUND, OR DISABILITY BENEFITS INSURANCE COMPANY;

SAMPLE

b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, PENSION CODE, MUNICIPAL ORDINANCE, LABOR UNION FUND, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR

c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;

5. FOR PUNITIVE OR EXEMPLARY DAMAGES;

6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;

7. FOR ***PROPERTY DAMAGE*** UNLESS THE ***INSURED*** CAN:

   a. IDENTIFY THE OWNER OR DRIVER OF THE ***UNINSURED MOTOR VEHICLE*** BY NAME AND ADDRESS; AND

   b. PROVE THE MOTOR VEHICLE TO BE AN ***UNINSURED MOTOR VEHICLE***.

8. FOR THE FIRST $250 OF ***PROPERTY DAMAGE*** RESULTING FROM EACH ACCIDENT; OR

9. FOR ***PROPERTY DAMAGE***, FOR:

   a. LOSS OF USE OF THE VEHICLE; OR

   b. LOSS OF OR DAMAGE TO PERSONAL PROPERTY WHICH WAS IN THE VEHICLE.

**If Other Uninsured Motor Vehicle Coverage or If Other Property Damage Coverage Applies**

1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:

   a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

2. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***.

   a. If:

      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

   b. If:

      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

   a. If:

      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable



SAMPLE

limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

4. The Uninsured Motor Vehicle Coverage provided by this policy for ***property damage*** applies:

a. as excess coverage if any other kind of coverage applies to the ***property damage***, including coverage provided under the Physical Damage Coverages of this policy; but

b. only in the amount by which it exceeds that other coverage.

The ***State Farm Companies*** will pay the proportion of damages payable as excess that the single highest applicable limit provided by any one of the ***State Farm Companies*** bears to the sum of such amount and the limits of all other physical damage coverage or property damage coverage provided by one or more other sources that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment:

1. to one or more of the following for ***bodily injury*** damages:

a. The ***insured***;

b. The ***insured's*** surviving spouse;

c. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent person; or

d. A ***person*** authorized by law to receive such payment.

2. to one or more of the following for ***property damage***:

a. The ***insured***;

b. The repairer; or

c. A creditor shown on the Declarations Page, to the extent of its interest.

## UNDERINSURED MOTOR VEHICLE COVERAGE

This policy provides Underinsured Motor Vehicle Coverage for ***bodily injury*** if "W" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:

a. ***your car***;

b. a ***newly acquired car***; or

c. a ***temporary substitute car***.

Such vehicle must be used within the scope of ***your*** consent. Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and

4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Underinsured Motor Vehicle*** means a land motor vehicle:

1. the ownership, maintenance, and use of which is either:

a. insured or bonded for bodily injury liability at the time of the accident; or

b. self-insured under any motor vehicle financial responsibility law, any motor carrier law, or any similar law; and

2. for which the total limits of insurance, bonds, and self-insurance for bodily injury liability from all sources:

a. are less than the Underinsured Motor Vehicle Coverage limits of this policy; or



SAMPLE

b. have been reduced by payments to ***persons*** other than ***you*** and ***resident relatives*** to less than the Underinsured Motor Vehicle Coverage limits of this policy.

***Underinsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by***, rented to, or furnished or available for the regular use of ***you***;
3. ***owned by*** or rented to any government or any of its political subdivisions or agencies;
4. designed for use primarily off public roads and not licensed for public road use at the time of the accident. This does not apply while the vehicle is on public roads;
5. while located for use as a dwelling or other premises; or
6. defined as an ***uninsured motor vehicle*** under Uninsured Motor Vehicle Coverage of this policy.

**Insuring Agreement**

***We*** will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***underinsured motor vehicle***. The ***bodily injury*** must be:

1. sustained by an ***insured***; and
2. caused by an accident that involves the operation, maintenance, or use of an ***underinsured motor vehicle*** as a motor vehicle.

***We*** will pay only if the limits of liability or portion thereof under all bodily injury insurance bonds, policies, and self-insurance plans applicable to the ***underinsured motor vehicle*** and its operators have been partially or fully exhausted by payment of judgments or settlements, or have been offered to the ***insured*** in writing.

**Consent to Settlement**

The ***insured*** must notify ***us*** in writing of a settlement offer proposed by or on behalf of the owner or operator of the ***underinsured motor vehicle***, and allow ***us*** to advance an amount equal to the tentative settlement within 30 days after ***we*** receive the written notice.

Any agreement between the ***insured*** and ***us*** as to the amount due shall be final and shall be binding upon both the ***insured*** and ***us*** regardless of the amount of any judgment or any settlement reached between any ***insured*** and the legally liable ***person*** or ***persons***. No such settlement agreement shall be concluded unless:

1. the ***insured*** has complied with all other applicable policy terms and conditions; and
2. before the conclusion of the settlement agreement, the ***insured***:
   a. has filed suit against the owner or operator of the ***underinsured motor vehicle***; and
   b. has not abandoned the suit or settled the suit without preserving ***our*** rights to recover ***our*** payments.

The most ***we*** will pay under the settlement agreement is the amount by which the limits of this coverage exceed the limits of the bodily injury liability insurance of the owner or operator of the ***underinsured motor vehicle***.

**Deciding Fault and Amount**

1. The ***insured*** and ***we*** must agree to the answers to the following two questions:
   a. Is the ***insured*** legally entitled to recover compensatory damages from the owner or driver of the ***underinsured motor vehicle***?
   b. If the ***insured*** and ***we*** agree that the answer to 1.a. above is yes, then what is the amount of the compensatory damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***underinsured motor vehicle***?
2. If there is no agreement, these questions shall be decided by arbitration.
3. The ***insured*** and ***we*** shall each select an arbitrator and the two arbitrators so named shall select a third arbitrator. If such arbitrators are not selected within 45 days from such request, either party may request that such arbitration be submitted to the American Arbitration Association.
4. The written decision of any two arbitrators shall be binding on each party for the amount of ***bodily injury*** damages not exceeding the least of:
   a. $50,000 for one ***person*** in any one accident;
   b. $100,000 for two or more ***persons*** in any one accident, subject to a. above; or
   c. the corresponding policy limits.
5. Arbitrator, attorney, and expert witness costs shall be paid by the party who hired such ***person***. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties. However, in no event shall the expense to the ***insured***, exclusive of fees for attorneys and expert witnesses, reduce recovery below the Illinois Safety Responsibility Law minimum limit.
6. The arbitration shall take place in the county in which the ***insured*** resides unless the parties

SAMPLE

agree to another place. State court rules governing procedure and admission of evidence shall be used. When the ***insured*** is seeking damages for ***bodily injury*** up to, but not in excess of, the limits set forth in the Illinois Safety Responsibility Law, the rules as specified in Illinois Insurance Code 5/143a shall also apply.

7. ***We*** are not bound by any judgment against any ***person*** or organization obtained without ***our*** written consent.
8. Any arbitration or suit against ***us*** will be barred unless commenced within two years immediately following:
   a. the date of tentative settlement with or on behalf of the owner or driver of an ***underinsured motor vehicle***; or
   b. the date the insuring company for the owner or driver of the ***underinsured motor vehicle*** becomes insolvent, if such insolvency occurs within two years immediately following the date of tentative settlement.

   Legal action may only be brought against ***us*** in accordance with the **Legal Action Against Us** provision of this policy.
9. Arbitrators shall have no authority to decide any questions of law or conduct arbitration on a class-wide or class-representative basis.
10. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1. The Underinsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Underinsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".
   a. The most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury*** is the lesser of:
      (1) the limit shown under "Each Person" less those amounts actually recovered under the applicable bodily injury insurance policies, bonds, or other security maintained on the ***underinsured motor vehicle***; or
      (2) the total amount of all damages resulting from that ***bodily injury*** less those amounts actually recovered under the applicable bodily injury insurance policies, bonds, or other security maintained on the ***underinsured motor vehicle***.
   b. Subject to a. above, the most ***we*** will pay for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident is the limit shown under "Each Accident" less those amounts actually recovered under the applicable bodily injury insurance policies, bonds, or other security maintained on the ***underinsured motor vehicle***.
2. Any amount paid or payable to or for the ***insured*** under any workers' compensation law, pension code, municipal ordinance, labor union fund, disability benefits law, or similar law shall reduce the amount payable under this coverage. The reduction may be taken only once and shall be first applied to the amount payable by any policy providing coverage on a primary basis. Any remaining reduction shall then be applied to the amount payable by any policy providing coverage on an excess basis. However, social security disability benefits shall not be used to reduce the amount payable under this coverage.
3. These Underinsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:
   a. ***insureds***;
   b. claims made;
   c. vehicles insured; or
   d. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Underinsured Motor Vehicle Coverage any damages:

1. that:
   a. have already been paid;
   b. could have been paid; or
   c. could be paid,

   to or for the ***insured***:
   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***underinsured motor vehicle***; or
   b. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
2. that:
   a. have already been paid;
   b. could have been paid; or
   c. could be paid



SAMPLE

to or for the ***insured*** as expenses under Medical Payments Coverage of this policy, the medical payments coverage of any other policy, or other similar vehicle insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY***;
2. FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY***:
   a. WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***; OR
   b. THROUGH BEING STRUCK BY A MOTOR VEHICLE ***OWNED BY*** ANY ***RESIDENT RELATIVE***.

   This exclusion does not apply to the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while ***occupying*** or through being struck by a motor vehicle not ***owned by*** one or both of them;
3. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
4. TO THE EXTENT IT BENEFITS:
   a. ANY WORKERS' COMPENSATION, PENSION CODE, MUNICIPAL ORDINANCE, LABOR UNION FUND, OR DISABILITY BENEFITS INSURANCE COMPANY;
   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, PENSION CODE, MUNICIPAL ORDINANCE, LABOR UNION FUND, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR
   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;
5. FOR PUNITIVE OR EXEMPLARY DAMAGES;
6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;
7. IF THE UNINSURED MOTOR VEHICLE COVERAGE APPLIES TO THE ACCIDENT; OR
8. UNTIL THE ***INSURED*** EITHER SETTLES WITH ALL INSURERS OR SELF-INSURERS ISSUING APPLICABLE INSURANCE POLICIES, BONDS, OR OTHER SECURITY MAINTAINED ON THE ***UNDERINSURED MOTOR VEHICLE*** OR OBTAINS A FINAL JUDGMENT AGAINST THE OWNER OR OPERATOR OF THE ***UNDERINSURED MOTOR VEHICLE***. This does not apply if:
   a. the ***insured*** has given ***us*** written notice of a settlement offer proposed by or on behalf of the owner or operator of the ***underinsured motor vehicle*** and ***we*** advance an amount equal to the tentative settlement within 30 days after ***we*** receive the written notice; or
   b. the ***insured*** or his or her legal representative and ***we***:
      (1) agree that the ***insured*** has suffered ***bodily injury*** as a result of the negligent operation, maintenance, or use of an ***underinsured motor vehicle***.
      (2) agree, without arbitration, on the amount of damages that the ***insured*** is legally entitled to collect; and
      (3) agree upon settlement in accordance with the **Consent to Settlement** and **Deciding Fault and Amount** provisions under this coverage.

**If Other Underinsured Motor Vehicle Coverage Applies**

1. If Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:
   a. the Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
2. The Underinsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***.
   a. If:
      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides

SAMPLE

Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

(2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

(2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Underinsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

SAMPLE

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";
2. Collision Coverage if "G";
3. Emergency Road Service Coverage if "H";
4. Car Rental and Travel Expenses Coverage if "R1"

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

***Covered Vehicle*** means:

1. ***your car***;
2. a ***newly acquired car***;
3. a ***temporary substitute car***;
4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;
5. a ***non-owned car*** while it is:
   a. being driven by an ***insured***; or
   b. in the custody of an ***insured*** if at the time of the ***loss*** it is:
      (1) not being driven; or
      (2) being driven by a ***person*** other than an ***insured*** and being ***occupied*** by an ***insured***;
6. a ***non-owned trailer*** while it is being used by an ***insured***; and
7. a ***non-owned camper*** while it is being used by an ***insured***;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of ***trailers*** and campers must be securely fixed as a permanent part of the ***trailer*** or camper.

***Daily Rental Charge*** means the sum of:

1. the daily rental rate;
2. mileage charges; and
3. related taxes.

***Insured*** means ***you*** and ***resident relatives***.

***Loss*** means:

1. direct, sudden, and accidental damage to; or
2. total or partial theft of

a ***covered vehicle***. ***Loss*** does not include any reduction in the value of any ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

***Loss Caused By Collision*** means a ***loss*** caused by:

1. a ***covered vehicle*** hitting or being hit by another vehicle or another object; or
2. the overturning of a ***covered vehicle***.

Any ***loss*** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a ***Loss Caused By Collision***.

***Non-Owned Camper*** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

***Non-Owned Trailer*** means a ***trailer*** that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

**Insuring Agreements**

1. **Comprehensive Coverage**

   ***We*** will pay:

   a. for ***loss***, except ***loss caused by collision***, to a ***covered vehicle***; and
   b. transportation expenses incurred by an ***insured*** as a result of the total theft of ***your car*** or a ***newly acquired car***. These transportation expenses are payable:



SAMPLE

(1) during the period that:

(a) starts on the date ***you*** report the theft to ***us***; and

(b) ends on the earliest of:

(i) the date the vehicle is returned to ***your*** possession in a drivable condition;

(ii) the date ***we*** offer to pay for the ***loss*** if the vehicle has not yet been recovered; or

(iii) the date ***we*** offer to pay for the ***loss*** if the vehicle is recovered, but is a total loss as determined by ***us***; and

(2) during the period that:

(a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to ***your*** possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

(b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

2. **Collision Coverage**

***We*** will pay for ***loss caused by collision*** to a ***covered vehicle***.

3. **Emergency Road Service Coverage**

***We*** will pay the fair cost incurred by an ***insured*** for:

a. up to one hour of labor to repair a ***covered vehicle*** at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a ***covered vehicle*** is not drivable;

c. towing a ***covered vehicle*** out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a ***covered vehicle*** to driving condition. ***We*** do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a ***covered vehicle*** if its key is lost, stolen, or locked inside the vehicle.

4. **Car Rental and Travel Expenses Coverage**

a. **Car Rental Expense**

***We*** will pay the ***daily rental charge*** incurred when ***you*** rent a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

(1) not drivable; or

(2) being repaired

as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

***We*** will pay this ***daily rental charge*** incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the ***loss***; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date ***we*** offer to pay for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

(c) five days after ***we*** offer to pay for the ***loss*** if the vehicle is:

(i) a total loss as determined by ***us***; or

(ii) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by ***you*** must be reported to ***us*** before ***we*** will pay such amount.

b. **Travel Expenses**

***We*** will pay expenses for commercial transportation, lodging, and meals if ***your car*** or a ***newly acquired car*** is not drivable as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage. The ***loss*** must occur more than 50 miles from ***your*** home. ***We*** will only pay these expenses if they are incurred by:

(1) an ***insured*** during the period that:

(a) starts after the ***loss*** occurs; and

(b) ends on the earlier of:

(i) the ***insured's*** arrival at his or her destination or home if the vehicle is left behind for repairs; or

SAMPLE

(ii) the repair of the vehicle if the ***insured*** waits for repairs before continuing on to his or her destination or returning home; and

(2) ***you***, or any ***person you*** choose, to travel to retrieve the vehicle and drive it to either the original destination or ***your*** home if the vehicle was left behind for repairs.

These expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

c. **Rental Car – Repayment of Deductible Expense**

***We*** will pay the comprehensive deductible or collision deductible an ***insured*** is required to pay the owner of a ***car*** rented from a ***car business***.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Comprehensive Coverage or Collision Coverage, then ***we*** will pay reasonable expenses incurred to:

1. tow the ***covered vehicle*** immediately after the ***loss***:
   a. for a reasonable distance from the location of the ***loss*** to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable; or
   b. to any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***. ***We*** will also pay reasonable expenses incurred to tow the ***covered vehicle*** for a reasonable distance from this facility to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable;
2. store the ***covered vehicle***, if it is not drivable immediately after the ***loss***, at:
   a. any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***; and
   b. any one repair facility chosen by the owner of the ***covered vehicle***, and ***we*** determine such vehicle is a total loss.

   If the owner of the ***covered vehicle*** consents, then ***we*** may move the ***covered vehicle*** at ***our*** expense to reduce storage costs. If the owner of the ***covered vehicle*** does not consent, then ***we*** will pay only the storage costs that would have resulted if ***we*** had moved the damaged ***covered vehicle***; and
3. clean up debris from the ***covered vehicle*** at the location of the ***loss***.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. ***We*** have the right to choose to settle with ***you*** or the owner of the ***covered vehicle*** in one of the following ways:
   a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible.
      (1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:
         (a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;
         (b) A bid or repair estimate approved by ***us***; or
         (c) A repair estimate that is written based upon or adjusted to:
            (i) the prevailing competitive price;
            (ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or
            (iii) a combination of (i) and (ii) above.

         The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

      ***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

      ***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

SAMPLE

(2) The cost to repair the ***covered vehicle*** does not include any reduction in the value of the ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

(3) If the repair or replacement of a part results in betterment of that part, then ***you*** or the owner of the ***covered vehicle*** must pay for the amount of the betterment.

(4) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced;

b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible.

(1) The owner of the ***covered vehicle*** and ***we*** must agree upon the actual cash value of the ***covered vehicle***. If there is disagreement as to the actual cash value of the ***covered vehicle***, then the disagreement will be resolved by appraisal upon written request of the owner or ***us***. Either the owner or ***we*** may submit written request to the other party within 60 days after ***we*** offer to pay the actual cash value of the covered vehicle minus any applicable deductible. The appraisal will use the following procedures:

(a) The owner and ***we*** will each select a competent appraiser.

(b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or ***we*** may petition a court that has jurisdiction to select the third appraiser.

(c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third appraiser.

(d) The appraisers shall only determine the actual cash value of the ***covered vehicle***. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the ***covered vehicle*** and ***us***.

(f) ***We*** do not waive any of ***our*** rights by submitting to an appraisal.

(2) The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that the owner may keep it. If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the value of the ***covered vehicle*** after the ***loss***; or

c. Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.

3. The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

1. **Car Rental Expense**

The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

a. The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***. If:

(1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount;

(2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.

b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

2. **Travel Expenses**

The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

3. **Rental Car – Repayment of Deductible Expense**

The most ***we*** will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one ***loss*** is $500.

**Nonduplication**

***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment from, or on behalf of, a party who is legally liable for the ***loss*** or expense.

SAMPLE

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:
   a. INTENTIONALLY DAMAGED; OR
   b. STOLEN

   BY OR AT THE DIRECTION OF AN ***INSURED***. This does not apply to the extent of the ownership interest of an ***insured*** who did not cooperate in or contribute to the ***loss*** if the ***loss*** arose out of a pattern of criminal domestic violence and the perpetrator of the ***loss*** is criminally prosecuted for the act causing the ***loss***;
2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
3. ANY ***COVERED VEHICLE*** WHILE IT IS USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
4. ANY ***COVERED VEHICLE*** DUE TO:
   a. THEFT;
   b. CONVERSION;
   c. EMBEZZLEMENT; OR
   d. SECRETION

   BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;
5. ***LOSS*** TO ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IF AN ***INSURED*** VOLUNTARILY RELINQUISHES POSSESSION OF THAT ***CAR*** TO A ***PERSON*** OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;
6. ANY ***COVERED VEHICLE*** TO THE EXTENT ***OUR*** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR ***LOSS*** TO SUCH ***COVERED VEHICLE***;
7. ***LOSS*** TO ANY ***COVERED VEHICLE*** DUE TO ***FUNGI***. THIS APPLIES REGARDLESS OF WHETHER OR NOT THE ***FUNGI*** RESULT FROM A ***LOSS*** THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. ***WE*** WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF ***FUNGI***, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY ***COVERED VEHICLE*** THAT ARE DUE TO THE EXISTENCE OF ***FUNGI***;
8. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:
   a. NUCLEAR REACTION;
   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;
10. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM WAR OF ANY KIND;
11. ***YOUR CAR*** WHILE SUBJECT TO ANY:
    a. LIEN AGREEMENT;
    b. RENTAL AGREEMENT;
    c. LEASE AGREEMENT; OR
    d. SALES AGREEMENT

    NOT SHOWN ON THE DECLARATIONS PAGE;
12. ANY ***NON-OWNED CAR*** WHILE IT IS:
    a. BEING MAINTAINED OR USED BY ANY ***PERSON*** WHILE THAT ***PERSON*** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A ***CAR BUSINESS***; OR
    b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion (12.b.) does not apply to a ***private passenger car***;
13. ANY PART OR EQUIPMENT OF A ***COVERED VEHICLE*** IF THAT PART OR EQUIPMENT:
    a. FAILS OR IS DEFECTIVE; OR
    b. IS DAMAGED AS A DIRECT RESULT OF:
       (1) WEAR AND TEAR;
       (2) FREEZING; OR
       (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

       OF THAT PART OR EQUIPMENT.

    This exclusion does not apply if the ***loss*** is the result of theft of the ***covered vehicle***;
14. ANY PART OR EQUIPMENT:
    a. THAT IS NOT LEGAL FOR USE IN OR ON THE ***COVERED VEHICLE*** IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED; OR

SAMPLE

b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE ***COVERED VEHICLE***.

However, if there is a legal version of the part or equipment that is necessary for the safe operation of the ***covered vehicle***, then ***we*** will pay the cost that ***we*** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. ***We*** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;

15. TIRES. This exclusion does not apply if:
    a. ***loss*** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or
    b. ***loss caused by collision*** to another part of the ***covered vehicle*** causes ***loss*** to tires;
16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;
17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;
18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:
    a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;
    b. ***OWNED BY*** AN ***INSURED***; AND
    c. NOT SHOWN ON THE DECLARATIONS PAGE; OR
19. ANY ***COVERED VEHICLE*** WHILE IT IS:
    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY PREARRANGED OR ORGANIZED RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (19.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.
2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an ***insured*** by the ***State Farm Companies*** apply to the same ***loss*** or expense, then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.
3. The physical damage coverages provided by this policy apply as primary coverage for a ***loss*** to ***your car***.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.
4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in ***your car***. Coverage for the creditor's interest is only provided for a ***loss*** that is payable to ***you***.

   However, if this policy is cancelled or nonrenewed, then ***we*** will provide coverage for the creditor's interest until ***we*** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a ***loss*** that would have been payable to ***you*** if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date ***we*** mail or



SAMPLE

electronically transmit a notice of the termination to the creditor.

2. If ***we*** pay such creditor, then ***we*** are entitled to the creditor's right of recovery against ***you*** to the extent of ***our*** payment. ***Our*** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**
   a. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle owned by you***:
      (1) ***You***;
      (2) The repairer; or
      (3) A creditor shown on the Declarations Page, to the extent of its interest.
   b. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle*** not ***owned by you***:
      (1) ***You***;
      (2) The owner of such vehicle;
      (3) The repairer; or
      (4) A creditor, to the extent of its interest.
2. **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**
   ***We*** may, at ***our*** option, make payment to one or more of the following:
   a. ***You***;
   b. The ***insured*** who incurred the expense; or
   c. Any party that provided the service for which payment is owed.

SAMPLE

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE AND LOSS OF EARNINGS COVERAGE

### DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means a ***person*** whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

**Insuring Agreement**

***We*** will pay the highest applicable benefit shown in the following Death, Dismemberment and Loss of Sight Benefits Schedules if an ***insured***:

1. dies; or
2. suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days immediately following the date of the accident.

**Benefit**

The applicable benefit shown in the schedule is the most ***we*** will pay for any one ***insured*** in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

**Death, Dismemberment and Loss of Sight Benefits Schedules**

| If the amount shown on the Declarations Page for the ***insured*** is $5,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
|---|---|
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb and a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

| If the amount shown on the Declarations Page for the ***insured*** is $10,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
|---|---|
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb and a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

The benefits shown in the schedules are doubled for an ***insured*** who at the time of the accident was ***occupying*** a ***private passenger car*** and using a seat belt in the manner recommended by the vehicle's manufacturer.

**LOSS OF EARNINGS COVERAGE**

This policy provides Loss of Earnings Coverage if "Z" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means a ***person*** whose name is shown under "Loss of Earnings Coverage – Persons Insured" on the Declarations Page.

***Total Disability*** means the ***insured's*** inability to work, either full or part time, in his or her occupation or any other similar occupation for which he or she is reasonably fitted by education, training, or experience.

***Weekly Earnings*** means 85% of all earnings for the ***insured's*** services before any deductions. When ***weekly earnings*** cannot be determined on a weekly basis an average will be used. The average is 85% of the total earnings for the 52 weeks just prior to the accident divided by 52.

**Insuring Agreement**

***We*** will pay the ***insured*** his or her loss of ***weekly earnings***, which occur while the ***insured*** is living, due to continuous ***total disability*** that:

1. is the direct result of ***bodily injury*** caused by an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause. At the time of the accident, the ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer; and
2. starts within 20 days immediately following the date of the accident and lasts for a period of at least 30 consecutive days. ***We*** will not pay for the first seven days of the 30 day period.

**Limit**

The most ***we*** will pay any one ***insured*** is:

1. $250 for each full workweek of ***total disability***; and
2. a pro rata portion of $250 for less than a full workweek of ***total disability***.

Subject to the workweek limit, the most ***we*** will pay any one ***insured*** for all loss of ***weekly earnings*** due to any one accident is $15,000.

***We*** will pay once every two weeks the ***insured's*** loss of ***weekly earnings*** owed.

**Exclusions – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage**

DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE AND LOSS OF EARNINGS COVERAGE DO NOT APPLY TO AN ***INSURED***:

1. WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A ***CAR BUSINESS***;
2. WHILE ***OCCUPYING***, LOADING, OR UNLOADING:
   a. AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;
   b. A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:
      (1) ***INSURED'S*** BUSINESS; OR
      (2) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A ***CAR BUSINESS***.

      This exclusion (2.b.) does not apply if the vehicle is a ***private passenger car***;
   c. A MILITARY VEHICLE; OR
   d. A VEHICLE WHILE IT IS:
      (1) BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY PREARRANGED OR ORGANIZED RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

(2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (2.d.(2)) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving;

3. WHILE ***OCCUPYING***, LOADING, UNLOADING, OR WHO IS STRUCK AS A ***PEDESTRIAN*** BY:
   a. A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;
   b. A MOTOR VEHICLE THAT IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   c. A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES; OR
4. FOR DEATH, DISMEMBERMENT, LOSS OF SIGHT, OR ***TOTAL DISABILITY*** THAT RESULTS FROM:
   a. WAR OF ANY KIND;
   b. NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
   c. THE DISCHARGE OF A FIREARM;
   d. EXPOSURE TO ***FUNGI***;
   e. SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE ***INSURED*** WAS SANE OR INSANE; OR
   f. DISEASE except pus-forming infection due to ***bodily injury*** sustained in the accident.

**Our Payment Options – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** or organization authorized by law to receive such payment.

SAMPLE

## INSURED'S DUTIES

1. **Notice to Us of an Accident or Loss**

   The ***insured*** must give ***us*** or one of ***our*** agents notice of the accident or ***loss*** as soon as reasonably possible. The notice must give ***us***:
   a. ***your*** name;
   b. the names and addresses of all ***persons*** involved in the accident or ***loss***;
   c. the hour, date, place, and facts of the accident or ***loss***; and
   d. the names and addresses of witnesses to the accident or ***loss***.
2. **Notice to Us of a Claim or Lawsuit**
   a. If a claim is made against an ***insured***, then that ***insured*** must immediately send ***us*** every demand, notice, and claim received.
   b. If a lawsuit is filed against an ***insured***, then that ***insured*** must immediately send ***us*** every summons and legal process received.
3. **Insured's Duty to Cooperate With Us**
   a. The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:
      (1) making settlements;
      (2) securing and giving evidence; and
      (3) attending, and getting witnesses to attend, depositions, hearings, and trials.
   b. The ***insured*** must not, except at his or her own cost, voluntarily:
      (1) make any payment to others; or
      (2) assume any obligation to others

      unless authorized by the terms of this policy.
   c. Any ***person*** or organization making claim under this policy must, when ***we*** require, give ***us*** proof of loss on forms ***we*** furnish.
4. **Questioning Under Oath**

   Under:

a. Liability Coverage, each ***insured***;

b. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage, each ***insured***, or any other ***person*** or organization making claim or seeking payment; and

c. Physical Damage Coverages, each ***insured*** or owner of a ***covered vehicle***, or any other ***person*** or organization making claim or seeking payment;

must, at ***our*** option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as ***we*** require. Such ***person*** or organization must answer questions under oath, asked by anyone ***we*** name, and sign copies of the answers. ***We*** may require each ***person*** or organization answering questions under oath to answer the questions with only that ***person's*** or organization's legal representative, ***our*** representatives, any ***person*** or ***persons*** designated by ***us*** to record the questions and answers, and no other ***person*** present.

**5. Other Duties Under the Physical Damage Coverages and Uninsured Motor Vehicle Coverage Property Damage**

When there is a ***loss***, ***you*** or the owner of the ***covered vehicle*** must:

a. protect the ***covered vehicle*** from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

b. make a prompt report to the police when the ***loss*** is the result of theft;

c. allow ***us*** to:

(1) inspect any damaged property before its repair or disposal;

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the ***covered vehicle*** at ***our*** expense in order to conduct such inspection or testing;

d. provide ***us*** all:

(1) records;

(2) receipts; and

(3) invoices

that ***we*** request and allow ***us*** to make copies;

e. not abandon the ***covered vehicle*** to ***us***; and

f. properly complete and provide all legal documents required to transfer vehicle ownership to ***us*** upon payment of the actual cash value of the ***covered vehicle***, less any applicable deductible.

**6. Other Duties Under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage**

A ***person*** making claim under:

a. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must:

(1) notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;

(2) be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request;

(3) provide written authorization for ***us*** to obtain:

(a) medical bills;

(b) medical records;

(c) wage, salary, and employment information; and

(d) any other information ***we*** deem necessary to substantiate the claim.

If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain



SAMPLE

the information and promptly provide it to ***us***; and

(4) allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident;

b. Uninsured Motor Vehicle Coverage must report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police within 24 hours and to ***us*** within 30 days;

c. Uninsured Motor Vehicle Coverage and Underinsured Motor Vehicle Coverage must send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files a lawsuit against the party liable for the accident;

d. under the Uninsured Motor Vehicle Coverage, if making claim for ***property damage***, give ***us*** the name and address of the owner of the at-fault ***uninsured motor vehicle***. If unavailable, the ***insured*** must give ***us***:

(1) the registration number and a description of the at-fault uninsured motor vehicle; or

(2) any other available information that establishes that the owner or operator does not have property damage liability coverage applicable to the accident; and

e. Loss of Earnings Coverage must:

(1) make a claim under this policy;

(2) report to ***us*** when that ***person*** has a ***total disability***; and

(3) provide proof of continued ***total disability*** when ***we*** ask for it.

SAMPLE

## GENERAL TERMS

1. **When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

2. **Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

Liability Coverage, Medical Payments Coverages, and Physical Damage Coverage also apply in Mexico within 50 miles of the United States of America border. A Physical Damage Coverage ***loss*** in Mexico is determined on the basis of cost at the nearest United States of America point.

Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage apply anywhere in the world.

3. **Newly Owned or Newly Leased Car**

If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

a. request ***we*** replace the ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

(1) before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

(2) after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date; or

b. apply to the ***State Farm Companies*** for a separate policy to insure the ***car*** newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

4. **Changes to This Policy**

   a. **Changes in Policy Provisions**

      ***We*** may only change the provisions of this policy by:

      (1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

      (2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then ***we*** will give ***you*** the broader coverage as of the date ***we*** make the change effective in the state of Illinois without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

   b. **Change of Interest**

      (1) No change of interest in this policy is effective unless ***we*** consent in writing.

      (2) Except under Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage, if a named insured shown on the Declarations Page dies, then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

         (a) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

         (b) the legal representative of the deceased named insured.

         This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

         Policy notice requirements are met by mailing the notice to the last known policy address that ***we*** have on record for the deceased named insured.

   c. **Joint and Individual Interests**

      If ***you*** consists of more than one ***person*** or entity, then each acts for all to change or cancel the policy.

   d. **Change of Policy Address**

      ***We*** may change the named insured's policy address as shown on the Declarations Page and in ***our*** records to the last known address provided to ***us*** by:

      (1) ***you***; or

      (2) the United States Postal Service.

5. **Premium**

   a. Unless as otherwise provided by an alternative payment plan in effect with the ***State Farm Companies*** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

   b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

   c. The premium for this policy may vary based upon the purchase of other insurance from the ***State Farm Companies***.

   d. The premium for this policy is based upon information ***we*** have received from ***you*** or other sources. ***You*** must inform ***us*** if any information regarding the following is incorrect or incomplete, or changes during the policy period, and ***you*** must answer questions ***we*** ask regarding the following:

      (1) ***Your car***, or its use, including annual mileage;

      (2) The ***persons*** who regularly drive ***your car***, including newly licensed family members;

      (3) ***Your*** marital status; or

      (4) The location where ***your car*** is primarily garaged.

      If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to ***us*** when ***we*** ask, then ***we*** may decrease or increase the premium during the policy period. If ***we*** decrease the premium during the policy period, then ***we*** will provide a refund or a credit in the amount of the decrease. If ***we*** increase the premium during the policy period, then ***you*** must pay the amount of the increase.

6. **Renewal**

   ***We*** agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless ***we*** mail a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

7. **Nonrenewal**

   If ***we*** decide not to renew this policy, then, at least 30 days before the end of the current policy period, ***we*** will mail a nonrenewal notice to

SAMPLE

the last known policy address that ***we*** have on record for the named insured who is shown on the Declarations Page.

8. **Cancellation**

a. **How You May Cancel**

***You*** may cancel this policy by providing to ***us*** advance notice of the date cancellation is effective. ***We*** may confirm the cancellation in writing.

b. **How and When We May Cancel**

***We*** may cancel this policy by mailing a written notice to the last known policy address that ***we*** have on record for the named insured who is shown on the Declarations Page. The notice will provide the date cancellation is effective.

(1) If ***we*** mail a cancellation notice because the premium is not paid when due, then the date cancellation is effective will be at least 10 days after the date ***we*** mail the cancellation notice.

Otherwise, the date cancellation is effective will be at least 30 days after the date ***we*** mail the cancellation notice.

(2) After this policy has been in force for more than 59 days, ***we*** will not cancel this policy before the end of the current policy period unless:

(a) the premium is not paid when due; or

(b) ***you***, any ***resident relative***, or any other ***person*** who usually drives ***your car*** has had his or her driver's license under suspension or revocation during the 12 months prior to the notice of the cancellation.

c. **Return of Unearned Premium**

If the policy is canceled, then premium will be earned on a pro rata basis. Any unearned premium will be returned within 30 days of:

(1) the date of the notice of cancellation by ***us***; or

(2) the date ***we*** receive ***your*** request for cancellation.

9. **Assignment**

No assignment of benefits or other transfer of rights is binding upon ***us*** unless approved by ***us***.

10. **Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the ***insured*** or his or her estate will not relieve ***us*** of ***our*** obligations under this policy.

11. **Concealment or Fraud**

There is no coverage under this policy if ***you*** or any other ***person*** insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

12. **Our Right to Recover Our Payments**

a. Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage payments are not recoverable by ***us***. Except as provided in 12.b. below, the following apply to all other coverages:

(1) **Subrogation**

If ***we*** are obligated under this policy to make payment to or for a ***person*** or organization who has a legal right to collect from another ***person*** or organization, then ***we*** will be subrogated to that right to the extent of ***our*** payment.

The ***person*** or organization to or for whom ***we*** make payment must help ***us*** recover ***our*** payments by:

(a) doing nothing to impair that legal right;

(b) executing any documents ***we*** may need to assert that legal right; and

(c) taking legal action through ***our*** representatives when ***we*** ask.

(2) **Reimbursement**

If ***we*** make payment under this policy and the ***person*** or organization to or for whom ***we*** make payment recovers or has recovered from another ***person*** or organization, then the ***person*** or organization to or for whom ***we*** make payment must:

(a) hold in trust for ***us*** the proceeds of any recovery; and

(b) reimburse ***us*** to the extent of ***our*** payment.

b. Regarding Underinsured Motor Vehicle Coverage, ***we*** will not exercise ***our*** right of recovery if:

(1) the ***insured*** has given ***us*** advance notice of settlement with the owner or operator of the ***underinsured motor vehicle***; and

(2) ***we*** fail to advance the ***insured*** an amount equal to the tentative settlement within 30 days after ***we*** receive the notice.

SAMPLE

13. **Legal Action Against Us**

Legal action may not be brought against ***us*** until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against ***us*** regarding:

a. Liability Coverage after the amount of damages an ***insured*** is legally liable to pay has been finally determined by:

(1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(2) agreement between the claimant and ***us***.

b. Medical Payments Coverage if the legal action relating to this coverage is brought against ***us*** within four years immediately following the date of the accident.

c. Uninsured Motor Vehicle Coverage if the ***insured*** or that ***insured's*** legal representative:

(1) presents an Uninsured Motor Vehicle Coverage claim to ***us***; and

(2) commences legal action by filing a lawsuit against ***us***, in a state or federal court that has jurisdiction,

within two years immediately following the date of the accident, or within two years immediately following the date the insuring company for the owner or driver of the ***uninsured motor vehicle*** becomes insolvent, if such insolvency occurs within two years immediately following the date of the accident.

No legal action may be brought against ***us*** relating to Uninsured Motor Vehicle Coverage for any causes of action that arise out of or are related to this coverage until there has been full compliance with the provisions titled **Consent to Settlement** and **Deciding Fault and Amount**.

d. Underinsured Motor Vehicle Coverage if the ***insured*** or that ***insured's*** legal representative:

(1) presents an Underinsured Motor Vehicle Coverage claim to ***us***; and

(2) commences legal action by filing a lawsuit against ***us***, in a state or federal court that has jurisdiction, within two years immediately following:

(a) the date of the tentative settlement with or on behalf of the owner or driver of an ***underinsured motor vehicle***; or

(b) the date the insuring company for the owner or driver of the ***underinsured motor vehicle*** becomes insolvent, if such insolvency occurs within two years immediately following the date of the tentative settlement.

No legal action may be brought against ***us*** relating to Underinsured Motor Vehicle Coverage for any causes of action that arise out of or are related to this coverage until there has been full compliance with the provisions titled **Consent to Settlement** and **Deciding Fault and Amount**.

e. Physical Damage Coverages if the legal action relating to these coverages is brought against ***us*** within one year immediately following the date of the accident or ***loss***.

The limitation period specified in a., b., c., d., or e. above is tolled from the date proof of ***loss*** is filed for the specific coverage involved until the date claim for that coverage is denied in whole or in part.

14. **Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. Illinois will control in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

15. **Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.


©, Copyright, State Farm Mutual Automobile Insurance Company, 2008
SAMPLE

Case: 1:22-cv-01422 Document #: 1-1 Filed: 03/18/22 Page 236 of 615 PageID #:638

SAMPLE

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See "INSURED'S DUTIES" in this policy booklet.)

# State Farm® **Car Policy** Booklet

**Kansas**

Policy Form 9816B

SAMPLE

CONTENTS

**THIS POLICY** ... 3

**DEFINITIONS** ... 3

**LIABILITY COVERAGE** ... 5

Additional Definition ... 5
Insuring Agreement ... 5
Supplementary Payments ... 6
Limits ... 6
Nonduplication ... 6
Exclusions ... 6
If Other Liability Coverage Applies ... 7
Required Out-of-State Liability Coverage ... 8
Financial Responsibility Certification ... 8

**PERSONAL INJURY PROTECTION COVERAGE** ... 9

Additional Definitions ... 9
Insuring Agreement ... 9
Limits ... 10
Nonduplication ... 10
Exclusions ... 10
If Other Personal Injury Protection Coverage or Similar Vehicle Insurance Applies ... 11
Our Payment Options ... 11

**UNINSURED MOTOR VEHICLE COVERAGE** ... 12

Additional Definitions ... 12
Insuring Agreement ... 13
Consent to Settlement ... 13
Deciding Fault and Amount ... 14
Limits ... 14
Nonduplication ... 14
Exclusions ... 15
If Other Uninsured Motor Vehicle Coverage Applies ... 15
Our Payment Options ... 16

**PHYSICAL DAMAGE COVERAGES** ... 16

Additional Definitions ... 16
Insuring Agreements ... 17
Supplementary Payments – Comprehensive Coverage and Collision Coverage ... 18
Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage ... 19
Limits – Car Rental and Travel Expenses Coverage ... 20
Nonduplication ... 20
Exclusions ... 20
If Other Physical Damage Coverage or Similar Coverage Applies ... 22
Financed Vehicle ... 22
Our Payment Options ... 22

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE** ... 23

Additional Definitions ... 23
Insuring Agreement ... 23
Benefit ... 23
Exclusions ... 23
Our Payment Options ... 24

**INSURED'S DUTIES** ... 24

Notice to Us of an Accident or Loss ... 24
Notice to Us of a Claim or Lawsuit ... 24
Insured's Duty to Cooperate With Us ... 24
Questioning Under Oath ... 24
Other Duties Under the Physical Damage Coverages ... 25
Other Duties Under Personal Injury Protection Coverage, Uninsured Motor Vehicle Coverage, and Death, Dismemberment and Loss of Sight Coverage ... 25

**GENERAL TERMS** ... 26

When Coverage Applies ... 26
Where Coverage Applies ... 26
Newly Owned or Newly Leased Car ... 26
Changes to This Policy ... 26
Premium ... 26
Renewal ... 27
Nonrenewal ... 27
Cancellation ... 27
Assignment ... 28
Bankruptcy or Insolvency of the Insured ... 28
Concealment or Fraud ... 28
Our Right to Recover Our Payments ... 28
Legal Action Against Us ... 29
Choice of Law ... 29
Severability ... 29
Conformity to Statutes ... 29

## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.
2. This policy contains all of the agreements between all named insureds and applicants and:
   a. ***us***; and
   b. any of ***our*** agents.
3. ***We*** agree to provide insurance according to the terms of this policy based on payment of premium for the coverages chosen.
4. All named insureds and applicants agree by acceptance of this policy that the following statements are made by the named insured or applicant and are true.

   Unless otherwise stated in EXCEPTIONS, POLICY BOOKLET, AND ENDORSEMENTS on the Declarations Page:

   a. The named insured is the sole owner of ***your car***.
   b. Neither ***you*** nor any member of ***your*** household has, within the past three years, had:
      (1) vehicle insurance canceled or nonrenewed by an insurer; or
      (2) either:
         (a) a license to drive; or
         (b) a vehicle registration

      suspended, revoked, or refused.
   c. ***Your car*** is used for pleasure and business.

SAMPLE

## DEFINITIONS

***We*** define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, and possessive forms of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. It does not include:

1. Any vehicle while located for use as a dwelling or other premises; or
2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

***Fungi*** means any type or form of fungus or fungi and includes:

1. Mold;
2. Mildew; and
3. Any of the following that are produced or released by fungi:
   a. Mycotoxins;
   b. Spores;
   c. Scents; or
   d. Byproducts.

***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
2. the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***:
   a. ***you***;
   b. any ***resident relative***;
   c. any other ***person*** who resides primarily in ***your*** household; or
   d. an employer of any ***person*** described in a., b., or c. above; nor
2. has been operated by, rented by, or in the possession of:
   a. ***you***; or
   b. any ***resident relative***

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or ***loss***.

***Occupying*** means in, on, entering, or exiting.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;
2. registered to; or
3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or
2. a pickup truck, van, minivan, or sport utility vehicle:
   a. that is not used for:
      (1) wholesale; or
      (2) retail

      pick up or delivery; and
   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Resident Relative*** means, except in Personal Injury Protection Coverage, a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or
2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

See **Additional Definitions** in Personal Injury Protection Coverage for definition used in that coverage.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;
2. State Farm Fire and Casualty Company; and
3. Any of their affiliates.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. damage; or
   e. theft; and
2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. only those trailers:
   a. designed to be pulled by a ***private passenger car***;
   b. not designed to carry ***persons***; and
   c. while not used as premises for office, store, or display purposes; or
2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

SAMPLE

Case: 1:22-cv-01422 Document #: 1-1 Filed: 03/18/22 Page 240 of 615 PageID #:642

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means, except in Personal Injury Protection Coverage, the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

See **Additional Definitions** in Personal Injury Protection Coverage for definition used in that coverage.

***Your Car*** means the vehicle shown under YOUR CAR on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under YOUR CAR, and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;
2. the date this policy is no longer in force; or
3. the date ***you*** no longer own or lease the ***car*** being replaced.

SAMPLE

## LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***trailer***; and
   b. the maintenance or use of:
      (1) a ***non-owned car***; or
      (2) a ***temporary substitute car***;
2. the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished by an employer to, a ***person*** who resides primarily in ***your*** household, but only if such ***car*** is neither ***owned by***, nor furnished by an employer to, the first ***person*** shown as a named insured on the Declarations Page or that ***person's*** spouse;
3. any other ***person*** for his or her use of:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent; and
4. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. ***We*** will pay:
   a. damages an ***insured*** becomes legally liable to pay because of:
      (1) ***bodily injury*** to others; and
      (2) damage to property

      caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy;
   b. attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages; and
   c. court costs charged to an ***insured*** and resulting from that part of a lawsuit:
      (1) that seeks damages payable under this policy's Liability Coverage; and
      (2) against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

   ***We*** have no duty to pay attorney fees and court costs incurred after ***we*** deposit in court or pay the amount due under this policy's Liability Coverage.

2. ***We*** have the right to:

   a. investigate, negotiate, and settle any claim or lawsuit;

   b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and

   c. appeal any award or legal decision

   for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the ***insured*** that accrues:

   a. before a judgment, where owed by law, but only on that part of the judgment ***we*** pay; and

   b. after a judgment. ***We*** will not pay interest on damages paid or payable by a party other than the ***insured*** or ***us***.

   ***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;

2. Premiums for bonds, provided by a company chosen by ***us***, required to appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:

   a. pay for bonds that exceed this policy's applicable Liability Coverage limit;

   b. furnish or apply for any bonds; or

   c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and

3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:

   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:

      (1) an arbitration;

      (2) a mediation; or

      (3) a trial of a lawsuit; and

   b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident, including all damages sustained by other ***persons*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***persons*** injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay any damages or expenses under Liability Coverage that have already been paid under Personal Injury Protection Coverage or Uninsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO INTENTIONALLY CAUSES ***BODILY INJURY*** OR DAMAGE TO PROPERTY;
2. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;
3. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;
4. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER

SAMPLE

EMPLOYMENT. This exclusion does not apply to ***you*** and ***resident relatives*** who are legally liable for ***bodily injury*** to fellow employees;

5. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;

7. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:

   a. ***you***; or

   b. any ***resident relative***

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer***;

8. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion does not apply to the maintenance or use of a ***private passenger car***;

9. FOR DAMAGE TO PROPERTY WHILE IT IS:

   a. ***OWNED BY***;

   b. RENTED TO;

   c. USED BY;

   d. IN THE CARE OF; OR

   e. TRANSPORTED BY

   ***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to either damage to a residence while rented to or leased to an ***insured*** or damage to a private garage while rented to or leased to an ***insured***;

10. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;

11. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;

12. TO THE EXTENT THE LIMITS OF LIABILITY OF THIS POLICY EXCEED THE LIMITS OF LIABILITY REQUIRED BY LAW FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:

    a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (12.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving; OR

13. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1. If Liability Coverage provided by this policy and one or more other Car Policies issued to ***you*** or any ***resident relative*** by one or more of the ***State Farm Companies*** apply to the same accident, then:

   a. the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of ***your car*** or a ***trailer*** attached to it.

SAMPLE

a. If:

(1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as primary coverage.

b. If:

(1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as excess coverage.

b. If:

(1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an ***insured*** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and
2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

SAMPLE

## PERSONAL INJURY PROTECTION COVERAGE

This policy provides Personal Injury Protection Coverage if "P" with a number beside it is shown under "Symbols" on the Declarations Page. "P" with the number beside it is ***your*** coverage symbol.

**Additional Definitions**

***Insured*** means:

1. ***you*** and any ***resident relative***:
   a. while ***occupying*** a ***motor vehicle***; or
   b. struck as a ***pedestrian*** by a ***motor vehicle***.

   IF SUCH ***RESIDENT RELATIVE*** IS THE OWNER OF A ***MOTOR VEHICLE*** REQUIRED BY THE ***NO-FAULT ACT*** TO CARRY A MOTOR VEHICLE LIABILITY INSURANCE POLICY, HE OR SHE IS NOT AN ***INSURED***.
2. any ***person*** other than ***you*** and ***resident relatives*** while ***occupying*** or struck as a ***pedestrian*** by a ***motor vehicle*** that is provided coverage under the Liability Coverage and Personal Injury Protection Coverage of this policy. IF SUCH OTHER ***PERSON*** IS THE OWNER OF A ***MOTOR VEHICLE*** REQUIRED BY THE ***NO-FAULT ACT*** TO CARRY A MOTOR VEHICLE LIABILITY INSURANCE POLICY, HE OR SHE IS NOT AN ***INSURED***.

***Monthly Earnings*** means:

1. if an ***insured*** is regularly employed or self-employed, 1/12 of the annual earnings at the time of the ***insured's bodily injury***;
2. if an ***insured*** is not regularly employed or self-employed, or if unemployed, 1/12 of the anticipated annual earnings from the time the ***insured*** would reasonably have been expected to be regularly employed. If an unemployed ***insured*** was previously employed, the ***insured's*** annual earnings will be averaged for up to 5 years preceding the year of the accident to determine the anticipated annual earnings; or
3. if an ***insured*** dies and was receiving social security, or retirement or pension benefits, or both, at the time of his or her death, 1/12 of the amount of the difference between:
   a. the annual amount of the social security benefits or the retirement benefits, or both, that such ***insured*** was receiving at the time of his or her death; and
   b. the annual amount of the social security benefits or the retirement benefits, or both, that the survivor is receiving after the time of such ***insured's*** death.

***Motor Vehicle*** means a land motor vehicle of a kind required to be registered in Kansas, including any trailer or semitrailer designed for use with such vehicle. It does not include a motorized bicycle.

***No-Fault Act*** means the Kansas Automobile Injury Reparations Act and all amendments to it.

***Pedestrian*** means a ***person*** who is not an occupant of a ***motor vehicle***.

***Resident Relative*** means:

1. anyone related to ***you*** by blood, marriage or adoption; and
2. a minor in the custody of ***you*** or a ***person*** described in 1. above,

resident in ***your*** household even if temporarily residing elsewhere.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page and the spouse of any named insured.

**Insuring Agreement**

***We*** will pay benefits for medical expenses, loss of ***monthly earnings***, substitution services expenses, funeral expenses, rehabilitation expenses, and survivor's loss, subject to the provisions of the ***No-Fault Act***, for ***bodily injury*** to an ***insured*** caused by accident resulting from the ownership, maintenance or use of a ***motor vehicle***.

**1. Medical Expenses**

a. Medical expenses are reasonable charges incurred for necessary:
   (1) medical, psychological, surgical, X-ray, and dental services;
   (2) prosthetic devices;
   (3) ambulance, hospital, and nursing services; and
   (4) remedial religious treatment by a recognized method of healing.

b. Health care must be rendered by practitioners licensed by the Board of Healing Arts or licensed psychologists.

c. The most ***we*** will pay for a hospital room is the reasonable charge for semiprivate accommodations, unless more intensive care is required.

**2. Loss of Monthly Earnings**

a. Loss of ***monthly earnings*** provides coverage for the ***insured's*** loss of ***monthly earnings*** due to that ***insured's*** inability to work for money in an available and appropriate job.



SAMPLE

b. Coverage for loss of ***monthly earnings*** is subject to:

(1) the ***insured's bodily injury*** being the proximate cause of that ***insured's*** inability to work; and

(2) the maximum limit stated under ***your*** coverage symbol. Benefits are limited to 85% of loss of ***monthly earnings*** unless required to be reported as gross earnings for Federal Income Tax.

**3. Substitution Services Expenses**

Substitution services expenses are reasonable expenses incurred by the ***insured*** for ordinary and needed services the ***insured*** would have done except for the ***bodily injury***. These services would have been for the benefit of the ***insured's*** family or the ***insured*** and not for income. The benefit period starts on the date the first expenses are incurred.

**4. Funeral Expenses**

Funeral expenses are reasonable expenses for funeral, burial or cremation.

**5. Rehabilitation Expenses**

Rehabilitation expenses are reasonable expenses for necessary psychiatric or psychological services, occupational therapy and such occupational training reasonably needed so the ***insured*** can obtain suitable work. The services, therapy or training must:

a. be recognized and medically accepted;

b. be reasonable and appropriate;

c. contribute substantially to the rehabilitation; and

d. be reasonable in relation to the probable rehabilitation effect.

If requested by the ***insured***, ***we*** will obtain the services, therapy or training.

**6. Survivors' Loss**

a. Survivor's loss provides coverage after the ***insured's*** death for the loss to the ***insured's*** survivors for:

(1) the ***monthly earnings*** of the deceased ***insured***; and

(2) substitution services expenses

which would have been payable to the ***insured*** had the ***insured*** lived.

b. If the death of the ***insured*** was due to ***bodily injury*** for which benefits would have been paid if the ***insured*** lived, a survivor is the ***insured's*** surviving:

(1) ***spouse***; or

(2) child under 18 years of age.

c. Survivor's loss benefits are payable for one year after the ***insured's*** death less:

(1) the number of months the ***insured*** received benefits for loss of ***monthly earnings***; and

(2) expenses the survivors would have incurred but avoided because of the ***insured's*** death.

**Limits**

The most ***we*** will pay for each ***insured*** who sustains ***bodily injury*** shall not exceed the limit shown in the Schedule applicable to each benefit for ***your*** coverage symbol. Any amount payable shall be reduced by all amounts paid or payable under any workers' compensation law.

**Nonduplication**

***We*** will not pay any benefits under Personal Injury Protection Coverage that have already been paid:

a. under other personal injury protection coverage or similar vehicle insurance or self-insurance; or

b. by or on behalf of a party who is legally liable for the ***bodily injury*** to the ***insured***.

**Exclusions**

THERE IS NO COVERAGE FOR ***BODILY INJURY*** TO:

1. ***YOU*** OR ANY ***RESIDENT RELATIVE*** WHILE ***OCCUPYING*** A ***MOTOR VEHICLE OWNED BY YOU*** UNLESS THE PERSONAL INJURY PROTECTION AND LIABILITY COVERAGES OF THIS POLICY APPLY TO IT.

2. ANY ***PERSON*** OPERATING ***YOUR CAR*** WITHOUT ***YOUR*** EXPRESS OR IMPLIED CONSENT. ***Resident relatives*** do not need such consent.

3. ANY ***PERSON*** IF THAT ***PERSON***:

a. INTENTIONALLY CAUSED ***BODILY INJURY*** TO HIMSELF OR HERSELF;

b. WAS AN INTENTIONAL CONVERTER OF A ***MOTOR VEHICLE*** AT THE TIME OF THE ***BODILY INJURY***;

c. WAS INJURED AS A RESULT OF CONDUCT WITHIN THE COURSE OF A BUSINESS OF REPAIRING, SERVICING OR OTHERWISE MAINTAINING ***MOTOR VEHICLES***. This exclusion (3.c.) does not apply if the conduct occurred off the business premises.

SAMPLE

d. WAS INJURED AS A RESULT OF CONDUCT WHILE LOADING OR UNLOADING A ***MOTOR VEHICLE.*** This exclusion (3.d.) does not apply if the conduct occurred while ***occupying*** the ***motor vehicle***.

4. ANY ***PEDESTRIAN*** IF THE ACCIDENT OCCURS:

a. OUTSIDE KANSAS; OR

b. IN KANSAS, AND THE ***PEDESTRIAN*** IS NOT A KANSAS RESIDENT.

This exclusion does not apply to ***you*** or any ***resident relative***.

5. ANY ***PERSON*** IF THE CLAIM IS NOT MADE WITHIN TWO YEARS AFTER THE DATE OF THE ***BODILY INJURY***.

**If Other Personal Injury Protection Coverage or Similar Vehicle Insurance Applies**

1. If personal injury protection coverage is available to the ***insured*** from two or more policies for the same ***bodily injury***, the maximum amount payable for each benefit provided shall not exceed the limit of the one policy providing the highest limit for such benefit. The primary personal injury protection coverage shall be provided by the policy covering:

a. the ***motor vehicle occupied*** by the ***insured*** at the time of the accident; or

b. the ***motor vehicle*** striking the ***insured*** as a ***pedestrian.***

2. If:

a. the limit of this policy for any benefit for which claim is made is greater than the limit for that benefit under the policy providing the primary personal injury protection coverage, then this coverage applies:

(1) as excess to any coverage which applies as primary; but

(2) only in the amount by which it exceeds the primary coverage.

b. personal injury protection coverage under more than one policy applies as excess:

(1) the total limit for each benefit shall not exceed the difference between the limit for that benefit under the coverage that applies as primary and the highest limit for that benefit under any one of the coverages that apply as excess; and

(2) ***we*** will pay the proportion of personal injury protection benefits payable as excess that the limit of this coverage for the benefit for which claim is made bears to the total of all limits for that benefit under all coverage that applies as excess coverage.

3. If an ***insured*** other than ***you*** or a ***resident relative*** sustains ***bodily injury*** in an accident outside of Kansas while ***occupying*** any ***motor vehicle*** provided coverage by this policy, then this coverage shall be excess over any other applicable similar vehicle personal injury protection coverage or medical payments coverage.

**Our Payment Options**

1. ***We*** may, at ***our*** option, make payment to one or more of the following:

a. The ***insured***;

b. The ***insured's*** surviving spouse;

c. A parent or guardian of the ***insured***, if the ***insured*** or ***insured's*** survivor is a minor or an incompetent ***person***;

d. A ***person*** authorized by law to receive such payment; or

e. Any ***person*** or organization that provides the services for which benefits are paid.

2. Subject to ***our*** receiving written proof of the loss:

a. Loss of ***Monthly Earnings*** will be paid every two weeks.

b. All other benefits will be paid monthly as expenses are incurred.

c. If the written proof of loss is for only part of the claim, ***we*** will pay that part within 30 days. Any other part or all of the rest of the claim will be paid within 30 days after we receive proof of the loss.

d. Interest on overdue payments will be at the annual rate of 18%. A payment shall not be overdue if there is proof ***we*** do not owe it.

SAMPLE

**SCHEDULE**

| **Coverage Symbol** | P1 | P2 | P3 | P4 | P5 | P6 | P7 |
|---|---|---|---|---|---|---|---|
| **Medical Expense** – each ***insured*** | $ 4,500 | $ 4,500 | $ 5,000 | $ 5,000 | $ 7,000 | $25,000 | $50,000 |
| **Loss of Monthly Earnings** | | | | | | | |
| Amount Per Month Maximum | $ 900 | $ 900 | $ 900 | $ 1,500 | $ 900 | $ 1,500 | $ 1,500 |
| Period Of Time (Years) Maximum | 1 | 1 | 1 | 3 | 1 | 3 | 3 |
| **Substitution Services Expenses** | | | | | | | |
| Amount Per Day Maximum | $ 25 | $ 25 | $ 25 | $ 25 | $ 25 | $ 25 | $ 25 |
| Period Of Time (Days) Maximum | 365 | 365 | 365 | 365 | 365 | 365 | 365 |
| **Funeral Expenses** – each ***insured*** | $ 2,000 | $ 2,500 | $ 2,500 | $ 2,500 | $ 2,500 | $ 2,500 | $ 2,500 |
| **Rehabilitation Expenses** – each ***insured*** | $ 4,500 | $ 4,500 | $ 4,500 | $ 4,500 | $ 4,500 | $ 4,500 | $ 4,500 |
| **Survivors' Loss** | | | | | | | |
| ***Monthly Earnings*** – per month maximum | $ 900 | $ 900 | $ 900 | $ 900 | $ 900 | $ 900 | $ 900 |
| Period of Time* (Years) Maximum | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| Daily Substitution Benefits – per day maximum | $ 25 | $ 25 | $ 25 | $ 25 | $ 25 | $ 25 | $ 25 |
| Period of Time* (Days) Maximum | 365 | 365 | 365 | 365 | 365 | 365 | 365 |

*(less number of months the ***insured*** received benefits for loss of ***monthly earnings*** prior to death)

SAMPLE

## UNINSURED MOTOR VEHICLE COVERAGE

This policy provides Uninsured Motor Vehicle Coverage if "U" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***; or
   c. a ***temporary substitute car***.

   Such vehicle must be used within the scope of ***your*** consent. Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and
4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Underinsured Motor Vehicle*** means a land motor vehicle:

1. the ownership, maintenance, and use of which is either:
   a. insured or bonded for bodily injury liability at the time of the accident; or
   b. self-insured under any motor vehicle financial responsibility law, any motor carrier law, or any similar law; and

2. for which the total limits of insurance and self-insurance for bodily injury liability from all sources:
   a. are less than the Uninsured Motor Vehicle Coverage limits of this policy; or
   b. have been reduced by payments to ***persons*** other than ***you*** and ***resident relatives*** to less than the Uninsured Motor Vehicle Coverage limits of this policy.

***Uninsured Motor Vehicle*** means:

1. a land motor vehicle the ownership, maintenance, and use of which is:
   a. not insured or bonded for bodily injury liability at the time of the accident; or
   b. insured or bonded for bodily injury liability at the time of the accident, but the insuring company:
      (1) denies that its policy provides liability coverage for compensatory damages that result from the accident; or
      (2) is or becomes insolvent.
2. a land motor vehicle the owner and driver of which remain unknown and which causes ***bodily injury*** to the ***insured***. If there is no physical contact between that land motor vehicle and the ***insured*** or the vehicle the ***insured*** is ***occupying***, then the facts of the accident must be corroborated by a disinterested ***person*** who witnessed the accident. A disinterested ***person*** does not include a ***person*** making an Uninsured Motor Vehicle Coverage claim under this policy; or
3. an ***underinsured motor vehicle***.

***Uninsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by***, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law unless the vehicle is an ***underinsured motor vehicle***;
3. ***owned by*** or rented to any government or any of its political subdivisions or agencies;
4. designed for use primarily off public roads except while on public roads; or
5. while located for use as a dwelling or other premises.

**Insuring Agreement**

***We*** will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***. The ***bodily injury*** must be:

1. sustained by an ***insured***; and
2. caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle.

**Consent to Settlement**

1. The ***insured*** must give ***us*** written notice of a tentative settlement agreement proposed by or on behalf of the owner or driver of the ***uninsured motor vehicle***, and the ***insured*** must request ***our*** written consent to accept such settlement offer. The written notice must:
   a. be sent to ***us*** by certified mail; and
   b. include:
      (1) copies of all medical bills resulting from the accident;
      (2) the ***insured's*** written authorization or a court order for ***us*** to obtain medical bills, medical records, wage, salary and employment information, and any other information ***we*** deem necessary to substantiate the claim. If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization;
      (3) any other written documentation of pecuniary losses incurred.
2. If ***we***:
   a. consent in writing, then the ***insured*** may accept such settlement offer.
   b. inform the ***insured*** in writing that ***we*** do not consent, then the ***insured*** may not accept such settlement offer and:
      (1) ***we*** will make payment to the ***insured*** in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the ***uninsured motor vehicle***; and
      (2) any recovery from or on behalf of the owner or driver of the ***uninsured motor vehicle*** shall first be used to repay ***us***.

SAMPLE

**Deciding Fault and Amount**

1. a. The ***insured*** and ***we*** must agree to the answers to the following two questions:
   (1) Is the ***insured*** legally entitled to recover compensatory damages from the owner or driver of the ***uninsured motor vehicle***?
   (2) If the ***insured*** and ***we*** agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***uninsured motor vehicle***?

   b. If there is no agreement on the answer to either question in 1.a. above and the ***insured*** chooses to seek resolution of the claim under this policy, then the ***insured*** shall:
   (1) file a lawsuit, in a state or federal court that has jurisdiction, against any or all of the following:
      (a) ***us***;
      (b) the owner and driver of the ***uninsured motor vehicle*** unless ***we*** have consented to a settlement offer proposed by or on behalf of such owner or driver; and
      (c) any other party or parties who may be legally liable for the ***insured's*** damages.

   If the ***insured*** does not include ***us*** in a lawsuit filed against a party described in 1.b.(1)(b) or 1.b.(1)(c) above, then the ***insured*** must give ***us*** reasonable notice of the lawsuit and ***we*** have the right to seek intervention in such lawsuit;
   (2) consent to a jury trial if requested by ***us***;
   (3) agree that ***we*** may contest the issues of liability and the amount of damages; and
   (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

2. ***We*** are not bound by any:
   a. judgment obtained without ***our*** written consent; and
   b. default judgment against any ***person*** or organization other than ***us*** unless ***we*** were given reasonable notice of the lawsuit in which the judgment was obtained.

3. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1. The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".
   a. The most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***, is the lesser of:
      (1) the limit shown under "Each Person" reduced by the sum of all payments for damages resulting from that ***bodily injury*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***bodily injury***; or
      (2) the amount of all damages resulting from that ***bodily injury*** reduced by the sum of all payments for damages resulting from that ***bodily injury*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***bodily injury***.
   b. Subject to a. above, the most ***we*** will pay for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident is the limit shown under "Each Accident" reduced by the sum of all payments for ***bodily injury*** made to all ***insureds*** by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury***.

2. These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:
   a. ***insureds***;
   b. claims made;
   c. vehicles insured; or
   d. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Coverage any damages:

SAMPLE

1. that have already been paid to or for the ***insured***:
   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or
   b. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***;
2. that:
   a. have already been paid;
   b. could have been paid; or
   c. could be paid

   to or for the ***insured*** under any workers' compensation law, disability benefits law, or similar law; or
3. that have already been paid as expenses or loss under Personal Injury Protection Coverage of this policy, the personal injury protection coverage of any other policy, or other similar vehicle insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO SETTLES WITH OR SECURES A JUDGMENT AGAINST ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY*** AND THEREBY PREJUDICES ***OUR*** RIGHT TO RECOVER ***OUR*** PAYMENT.

   This does not apply if:
   a. ***we*** have given ***our*** written consent to the settlement agreement or judgment; or
   b. the ***uninsured motor vehicle*** is an ***underinsured motor vehicle*** and ***we*** have been given:
      (1) prompt written notice of a lawsuit against the owner or operator of the ***uninsured motor vehicle***; and
      (2) an opportunity to intervene in the lawsuit.
2. FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** OR STRUCK BY A MOTOR VEHICLE ***OWNED BY*** OR FURNISHED FOR THE REGULAR USE OF ***YOU*** OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT INSURED.

   This exclusion does not apply to the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while ***occupying*** a motor vehicle not ***owned by*** or furnished for the regular use of one or both of them;
3. TO THE EXTENT WORKERS' COMPENSATION BENEFITS APPLY;
4. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR
5. TO THE EXTENT PERSONAL INJURY PROTECTION APPLIES.

**If Other Uninsured Motor Vehicle Coverage Applies**

1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by one or more of the ***State Farm Companies*** apply to the same ***bodily injury***, then:
   a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
2. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***.
   a. If:
      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and
      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.
   b. If:
      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and
      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also

SAMPLE

applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

   a. If:

      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

   then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

   b. If:

      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

   then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";
2. Collision Coverage if "G";
3. Emergency Road Service Coverage if "H";
4. Car Rental and Travel Expenses Coverage if "R1"

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

***Covered Vehicle*** means:

1. ***your car***;
2. a ***newly acquired car***;
3. a ***temporary substitute car***;
4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;
5. a ***non-owned car*** while it is:
   a. being driven by an ***insured***; or
   b. in the custody of an ***insured*** if at the time of the ***loss*** it is:
      (1) not being driven; or
      (2) being driven by a ***person*** other than an ***insured*** and being ***occupied*** by an ***insured***; and



SAMPLE

SAMPLE

6. a ***non-owned trailer*** and a ***non-owned camper*** while it is being used by an ***insured***;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of ***trailers*** and campers must be securely fixed as a permanent part of the ***trailer*** or camper.

***Daily rental charge*** means the sum of:

1. the daily rental rate;
2. mileage charges; and
3. related taxes.

***Insured*** means ***you*** and ***resident relatives***.

***Loss*** means:

1. direct, sudden, and accidental damage to; or
2. total or partial theft of

a ***covered vehicle***. ***Loss*** does not include any reduction in the value of any ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

***Loss Caused By Collision*** means a ***loss*** caused by:

1. a ***covered vehicle*** hitting or being hit by another vehicle or other object; or
2. the overturning of a ***covered vehicle***.

Any ***loss*** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a ***Loss Caused By Collision***.

***Non-Owned Camper*** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

***Non-Owned Trailer*** means a ***trailer*** that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

**Insuring Agreements**

**1. Comprehensive Coverage**

***We*** will pay:

a. for ***loss***, except ***loss caused by collision***, to a ***covered vehicle***; and

b. transportation expenses incurred by an ***insured*** as a result of the total theft of ***your car*** or a ***newly acquired car***. These transportation expenses are payable:

(1) during the period that:

(a) starts on the date ***you*** report the theft to ***us***; and

(b) ends on the earliest of:

(i) the date the vehicle is returned to ***your*** possession in a drivable condition;

(ii) the date ***we*** offer to pay ***you*** for the ***loss*** if the vehicle has not yet been recovered; or

(iii) the date ***we*** offer to pay ***you*** for the ***loss*** if the vehicle is recovered, but is a total loss as determined by ***us***; and

(2) during the period that:

(a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to ***your*** possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

(b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**2. Collision Coverage**

***We*** will pay for ***loss caused by collision*** to a ***covered vehicle***.

**3. Emergency Road Service Coverage**

***We*** will pay the fair cost incurred by an ***insured*** for:

a. up to one hour of labor to repair a ***covered vehicle*** at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a ***covered vehicle*** is not drivable;

c. towing a ***covered vehicle*** out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a ***covered vehicle*** to driving condition. ***We*** do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a ***covered vehicle*** if its key is lost, stolen, or locked inside the vehicle.

**4. Car Rental and Travel Expenses Coverage**

**a. Car Rental Expense**

***We*** will pay the ***daily rental charge*** incurred when ***you*** rent a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

(1) not drivable; or

(2) being repaired

as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

***We*** will pay the ***daily rental charge*** incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the ***loss***; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date ***we*** offer to pay ***you*** for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

(c) five days after ***we*** offer to pay ***you*** for the ***loss*** if the vehicle is:

(i) a total loss as determined by ***us***; or

(ii) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by ***you*** must be reported to ***us*** before ***we*** will pay such amount.

**b. Travel Expenses**

***We*** will pay expenses for commercial transportation, lodging, and meals if ***your car*** or a ***newly acquired car*** is not drivable as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage. The ***loss*** must occur more than 50 miles from ***your*** home. ***We*** will only pay these expenses if they are incurred by:

(1) an ***insured*** during the period that:

(a) starts after the ***loss*** occurs; and

(b) ends on the earlier of:

(i) the ***insured's*** arrival at his or her destination or home if the vehicle is left behind for repairs; or

(ii) the repair of the vehicle if the ***insured*** waits for repairs before continuing on to his or her destination or returning home; and

(2) ***you***, or any ***person you*** choose, to travel to retrieve the vehicle and drive it to either the original destination or ***your*** home if the vehicle was left behind for repairs.

These expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**c. Rental Car – Repayment of Deductible Expense**

***We*** will pay the comprehensive deductible or collision deductible an ***insured*** is required to pay the owner of a ***car*** rented from a ***car business***.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If Symbol "D" is shown on the Declarations Page and the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Comprehensive Coverage, or if Symbol "G" is shown on the Declarations Page and the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Collision Coverage, then ***we*** will pay reasonable expenses incurred to:

1. tow the ***covered vehicle*** immediately after the ***loss***:

a. for a reasonable distance from the location of the ***loss*** to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable; or

b. to any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***. ***We*** will also pay reasonable expenses incurred to tow the ***covered vehicle*** for a reasonable distance from this facility to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable.

SAMPLE

2. store the ***covered vehicle***, if it is not drivable immediately after the ***loss***, at:

   a. any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***, and

   b. any one repair facility chosen by the owner of the ***covered vehicle***, and ***we*** determine such vehicle is a total loss.

   If the owner of the ***covered vehicle*** consents, then ***we*** may move the ***covered vehicle*** at ***our*** expense to reduce storage costs. If the owner of the ***covered vehicle*** does not consent, then ***we*** will pay only the storage costs that would have resulted if ***we*** had moved the damaged ***covered vehicle***; and

3. clean up debris from the ***covered vehicle*** at the location of the ***loss***. The most ***we*** will pay to clean up the debris is $250 for any one ***loss***.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. ***We*** have the right to choose to settle with ***you*** or the owner of the ***covered vehicle*** in one of the following ways:

   a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible.

      (1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:

         (a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;

         (b) A bid or repair estimate approved by ***us***; or

         (c) A repair estimate that is written based upon or adjusted to:

            (i) the prevailing competitive price;

            (ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or

            (iii) a combination of (i) and (ii) above.

         The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

         ***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

         ***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

      (2) The cost to repair the ***covered vehicle*** does not include any reduction in the value of the ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

      (3) If the repair or replacement of a part results in betterment of that part, then ***you*** or the owner of the ***covered vehicle*** must pay for the amount of the betterment.

      (4) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced.

   b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible.

      (1) The owner of the ***covered vehicle*** and ***we*** must agree upon the actual cash value of the ***covered vehicle***. After a dispute has arisen, appraisal may take place using the following procedures if the owner and ***we*** fail to agree on the actual cash value of the property. **However, an appraisal will take place only if both the owner and *we* agree, voluntarily, to have the *loss* decided by appraisal.**

         (a) The owner and ***we*** will each select a competent appraiser.

         (b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or ***we*** may petition a court that has jurisdiction to select the third appraiser.

         (c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third appraiser.



SAMPLE

Case: 1:22-cv-01422 Document #: 1-1 Filed: 03/18/22 Page 255 of 615 PageID #:657

(d) The appraisers shall only determine the actual cash value of the ***covered vehicle***. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) **A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the *covered vehicle* and *us*.**

(f) ***We*** do not waive any of ***our*** rights by submitting to an appraisal.

(2) The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that the owner may keep it. If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the value of the ***covered vehicle*** after the ***loss***.

c. Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.

3. The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

1. **Car Rental Expense**

The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

a. The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***. If:

(1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount;

(2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.

b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

2. **Travel Expenses**

The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

3. **Rental Car – Repayment of Deductible Expense**

The most ***we*** will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one ***loss*** is $500.

**Nonduplication**

***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment from, or on behalf of, a party who is legally liable for the ***loss*** or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:

a. INTENTIONALLY DAMAGED; OR

b. STOLEN

BY OR AT THE DIRECTION OF AN ***INSURED***;

2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

3. ANY ***COVERED VEHICLE*** WHILE IT IS USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;

4. ANY ***COVERED VEHICLE*** DUE TO:

a. THEFT;

b. CONVERSION;

c. EMBEZZLEMENT; OR

d. SECRETION

BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. ***LOSS*** TO ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IF AN ***INSURED*** VOLUNTARILY RELINQUISHES POSSESSION OF THAT ***CAR*** TO A ***PERSON*** OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

SAMPLE

6. ANY ***COVERED VEHICLE*** TO THE EXTENT ***OUR*** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR ***LOSS*** TO SUCH ***COVERED VEHICLE***;
7. ***LOSS*** TO ANY ***COVERED VEHICLE*** DUE TO ***FUNGI***. THIS APPLIES REGARDLESS OF WHETHER OR NOT THE ***FUNGI*** RESULT FROM A ***LOSS*** THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. ***WE*** WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF ***FUNGI***, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY ***COVERED VEHICLE*** THAT ARE DUE TO THE EXISTENCE OF ***FUNGI***;
8. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:
   a. NUCLEAR REACTION;
   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;
10. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM WAR OF ANY KIND;
11. ***YOUR CAR*** WHILE SUBJECT TO ANY:
    a. LIEN AGREEMENT;
    b. RENTAL AGREEMENT;
    c. LEASE AGREEMENT; OR
    d. SALES AGREEMENT

    NOT SHOWN ON THE DECLARATIONS PAGE;
12. ANY ***NON-OWNED CAR*** WHILE IT IS:
    a. BEING MAINTAINED OR USED BY ANY ***PERSON*** WHILE THAT ***PERSON*** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A ***CAR BUSINESS***; OR
    b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion (12.b.) does not apply to a ***private passenger car***;
13. ANY PART OR EQUIPMENT OF A ***COVERED VEHICLE*** IF THAT PART OR EQUIPMENT:
    a. FAILS OR IS DEFECTIVE; OR
    b. IS DAMAGED AS A DIRECT RESULT OF:
       (1) WEAR AND TEAR;
       (2) FREEZING; OR
       (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

    OF THAT PART OR EQUIPMENT.

    This exclusion does not apply if the ***loss*** is the result of theft of the ***covered vehicle***;
14. ANY PART OR EQUIPMENT:
    a. THAT IS NOT LEGAL FOR USE IN OR ON THE ***COVERED VEHICLE*** IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED; OR
    b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE ***COVERED VEHICLE***.

    However, if there is a legal version of the part or equipment that is necessary for the safe operation of the ***covered vehicle***, then ***we*** will pay the cost that ***we*** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. ***We*** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;
15. TIRES. This exclusion does not apply if:
    a. ***loss*** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or
    b. ***loss caused by collision*** to another part of the ***covered vehicle*** causes ***loss*** to tires;
16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;
17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;
18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:
    a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;

SAMPLE

b. ***OWNED BY*** AN ***INSURED***; AND

c. NOT SHOWN ON THE DECLARATIONS PAGE; OR

19. ANY ***COVERED VEHICLE*** WHILE IT IS:

a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (19.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.

2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an ***insured*** by one or more of the ***State Farm Companies*** apply to the same ***loss*** or expense, then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a ***loss*** to ***your car***.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in ***your car***. Coverage for the creditor's interest is only provided for a ***loss*** that is payable to ***you***.

   However, if this policy is cancelled or nonrenewed, then ***we*** will provide coverage for the creditor's interest until ***we*** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a ***loss*** that would have been payable to ***you*** if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date ***we*** mail or electronically transmit a notice of the termination to the creditor. The mailing or electronic transmittal of the notice will be sufficient proof of notice.

2. If ***we*** pay such creditor, then ***we*** are entitled to the creditor's right of recovery against ***you*** to the extent of ***our*** payment. ***Our*** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**

   a. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle owned by you***:

      (1) ***You***;

      (2) The repairer; or

      (3) A creditor shown on the Declarations Page, to the extent of its interest.

   b. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle*** not ***owned by you***:

      (1) ***You***;

      (2) The owner of such vehicle;

      (3) The repairer; or

      (4) A creditor, to the extent of its interest.

2. **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

   ***We*** may, at ***our*** option, make payment to one or more of the following:

   a. ***You***;

   b. The ***insured*** who incurred the expense; or

   c. Any party that provided the service for which payment is owed.

SAMPLE

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "SYMBOLS" on the Declarations Page.

### Additional Definitions

***Insured*** means a ***person*** whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

***Pedestrian*** means a ***person*** who is not ***occupying***:

1. a motorized vehicle; or
2. a vehicle designed to be pulled by a motorized vehicle.

### Insuring Agreement

***We*** will pay the highest applicable benefit shown in the following Benefit Schedules if an ***insured***:

1. dies; or
2. suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days after the date of the accident.

### Benefit

The applicable benefit shown in the schedule is the most ***we*** will pay for any one ***insured*** in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

### BENEFIT SCHEDULES

If the amount shown on the Declarations Page for the ***insured*** is $5,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight:

| | |
|---|---|
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand & one foot; or one hand or one foot & all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb & a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |

The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off.

If the amount shown on the Declarations Page for the ***insured*** is $10,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight:

| | |
|---|---|
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand & one foot; or one hand or one foot & all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb & a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |

The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off.

The benefits shown in the schedules are doubled for an ***insured*** who at the time of the accident was ***occupying*** a ***private passenger car*** and using a seat belt in the manner recommended by the vehicle's manufacturer.

### Exclusions

DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE DOES NOT APPLY TO AN ***INSURED***:

1. WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A ***CAR BUSINESS***;
2. WHILE ***OCCUPYING***, LOADING, OR UNLOADING:
   a. AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;
   b. A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:
      (1) ***INSURED'S*** BUSINESS; OR
      (2) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A ***CAR BUSINESS***.

      This exclusion (2.b.) does not apply if the vehicle is a ***private passenger car***;
   c. A MILITARY VEHICLE; OR
   d. A VEHICLE WHILE IT IS:
      (1) BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING

SAMPLE

CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

(2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING;

3. WHILE ***OCCUPYING***, LOADING, UNLOADING, OR WHO IS STRUCK AS A ***PEDESTRIAN*** BY:

a. A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;

b. A MOTOR VEHICLE THAT IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR

c. A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES; OR

4. FOR DEATH, DISMEMBERMENT OR LOSS OF SIGHT THAT RESULTS FROM:

a. WAR OF ANY KIND;

b. NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

c. THE DISCHARGE OF A FIREARM;

d. EXPOSURE TO ***FUNGI***;

e. SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE ***INSURED*** WAS SANE OR INSANE; OR

f. DISEASE except pus-forming infection due to ***bodily injury*** sustained in the accident.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** or organization authorized by law to receive such payment.

SAMPLE

## INSURED'S DUTIES

1. **Notice to Us of an Accident or Loss**

The ***insured*** must give ***us*** or one of ***our*** agents notice of the accident or ***loss*** as soon as reasonably possible. The notice must give ***us***:

a. ***your*** name;

b. the names and addresses of all ***persons*** involved in the accident or ***loss***;

c. the hour, date, place, and facts of the accident or ***loss***; and

d. the names and addresses of witnesses to the accident or ***loss***.

2. **Notice to Us of a Claim or Lawsuit**

a. If a claim is made against an ***insured***, then that ***insured*** must immediately send ***us*** every demand, notice, and claim received.

b. If a lawsuit is filed against an ***insured***, then that ***insured*** must immediately send ***us*** every summons and legal process received.

3. **Insured's Duty to Cooperate With Us**

a. The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:

(1) making settlements;

(2) securing and giving evidence; and

(3) attending, and getting witnesses to attend, depositions, hearings, and trials.

b. The ***insured*** must not, except at his or her own cost, voluntarily:

(1) make any payment to others; or

(2) assume any obligation to others

unless authorized by the terms of this policy.

c. Any ***person*** or organization making claim under this policy must, when ***we*** require, give ***us*** proof of loss on forms ***we*** furnish.

4. **Questioning Under Oath**

Under:

a. Liability Coverage, each ***insured***;

b. Personal Injury Protection Coverage, Uninsured Motor Vehicle Coverage or Death, Dismemberment and Loss of Sight Coverage, each ***insured***, or any other ***person*** or organization making claim or seeking payment; and

c. Physical Damage Coverages, each ***insured*** or owner of a ***covered vehicle***, or any other ***person*** or organization making claim or seeking payment;

must, at ***our*** option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as ***we*** require. Such ***person*** or organization must answer questions under oath, asked by anyone ***we*** name, and sign copies of the answers. ***We*** may require each ***person*** or organization answering questions under oath to answer the questions with only that ***person's*** or organization's legal representative, ***our*** representatives, any ***person*** or ***persons*** designated by ***us*** to record the questions and answers, and no other ***person*** present.

**5. Other Duties Under the Physical Damage Coverages**

When there is a ***loss***, ***you*** or the owner of the ***covered vehicle*** must:

a. protect the ***covered vehicle*** from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

b. make a prompt report to the police when the ***loss*** is the result of theft;

c. allow ***us*** to:

(1) inspect any damaged property before its repair or disposal;

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the ***covered vehicle*** at ***our*** expense in order to conduct such inspection or testing;

d. provide ***us*** all:

(1) records;

(2) receipts; and

(3) invoices

that ***we*** request and allow ***us*** to make copies; and

e. not abandon the ***covered vehicle*** to ***us***.

**6. Other Duties Under Personal Injury Protection Coverage, Uninsured Motor Vehicle Coverage, and Death, Dismemberment and Loss of Sight Coverage**

A ***person*** making claim under:

a. Personal Injury Protection Coverage, Uninsured Motor Vehicle Coverage or Death, Dismemberment and Loss of Sight Coverage must:

(1) notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;

(2) be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request;

(3) provide written authorization for ***us*** to obtain:

(a) medical bills;

(b) medical records;

(c) wage, salary, and employment information; and

(d) any other information ***we*** deem necessary to substantiate the claim.

If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***; and

(4) allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident;

b. Uninsured Motor Vehicle Coverage must report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police within 24 hours. If the ***person*** making claim is incapable of giving the notice to the police, then another ***person*** may give such notice;

c. Personal Injury Protection Coverage and Uninsured Motor Vehicle Coverage must send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files a lawsuit against the party liable for the accident; and

d. Loss of Earnings Coverage must:

(1) make a claim under this policy;

(2) report to us when that ***person*** has a ***total disability***; and

(3) provide proof of continued ***total disability*** when ***we*** ask for it.

SAMPLE

## GENERAL TERMS

**1. When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

**2. Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

**3. Newly Owned or Newly Leased Car**

If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

a. request ***we*** replace the ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

(1) before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

(2) after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date; or

b. apply to the ***State Farm Companies*** for a separate policy to insure the ***car*** newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

**4. Changes to This Policy**

**a. Changes in Policy Provisions**

***We*** may only change the provisions of this policy by:

(1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

(2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then ***we*** will give ***you*** the broader coverage as of the date ***we*** make the change effective in the state of Kansas without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

**b. Change of Interest**

(1) No change of interest in this policy is effective unless ***we*** consent in writing.

(2) Except under Death, Dismemberment and Loss of Sight Coverage if a named insured dies, then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

(a) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured.

This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

Policy notice requirements are met by mailing the notice to the deceased named insured's last known address.

**c. Joint and Individual Interests**

If ***you*** consists of more than one ***person*** or entity, then each acts for all to change or cancel the policy.

**5. Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the ***State Farm Companies*** with respect to the



SAMPLE

premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. The premium for this policy may vary based upon the purchase of other insurance from the ***State Farm Companies***.

d. The premium for this policy is based upon information ***we*** have received from ***you*** or other sources. ***You*** must inform ***us*** if any information regarding the following is incorrect or incomplete, or changes during the policy period, and ***you*** must answer questions ***we*** ask regarding the following:

(1) ***Your car***, or its use, including annual mileage;

(2) The ***persons*** who regularly drive ***your car***, including newly licensed family members;

(3) ***Your*** marital status; or

(4) The location where ***your car*** is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to ***us*** when ***we*** ask, then ***we*** may decrease or increase the premium during the policy period. If ***we*** decrease the premium during the policy period, then ***we*** will provide a refund or a credit in the amount of the decrease. If ***we*** increase the premium during the policy period, then ***you*** must pay the amount of the increase.

**6. Renewal**

***We*** agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless ***we*** mail or deliver a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

**7. Nonrenewal**

If ***we*** decide not to renew this policy, then, at least 30 days before the end of the current policy period, ***we*** will mail or deliver a nonrenewal notice to the most recent address provided to ***us*** by ***you*** as the policy address. The mailing of the notice will be sufficient proof of notice.

**8. Cancellation**

**a. How You May Cancel**

***You*** may cancel this policy by providing to ***us*** advance notice of the date cancellation is effective. ***We*** may confirm the cancellation in writing.

**b. How and When We May Cancel**

***We*** may cancel this policy by mailing or delivering a written notice to the most recent address provided to ***us*** by ***you*** as the policy address. The notice will provide the date cancellation is effective.

The mailing of the notice will be sufficient proof of notice.

(1) If ***we*** mail or deliver a cancellation notice because the premium is not paid when due, then the date cancellation is effective will be at least 10 days after the date ***we*** mail or deliver the cancellation notice. The date cancellation is effective will be at least 30 days after the date ***we*** mail or deliver the cancellation notice if the cancellation is because of any other reason.

(2) After this policy has been in force for more than 59 days, ***we*** will not cancel this policy before the end of the current policy period unless:

(a) the premium is not paid when due;

(b) ***you***, any ***resident relative***, or any other ***person*** who usually drives ***your car*** has had his or her driver's license under suspension or revocation during the policy period;

(c) ***you***, any ***resident relative***, or any other ***person*** who usually drives ***your car*** has been convicted during the 36 months immediately preceding the effective date of the policy or during the policy period, for a third moving violation, committed within a period of 18 months, of:

(i) any regulation limiting the speed of motor vehicles;

(ii) any of the provisions in the motor vehicle laws of any state, the violation of which constitutes a misdemeanor or traffic infraction, or

(iii) any ordinance infraction, or ordinance which prohibits the same acts as a misdemeanor

SAMPLE

statute of the uniform act regulating traffic on highways, whether or not the violations were repetitious of the same offense or were different offenses;

(d) the insurance was obtained through fraudulent misrepresentation; or

(e) an ***insured*** violates any of the terms or conditions of the policy.

**c. Return of Unearned Premium**

If ***you*** cancel this policy, then premium may be earned on a short rate basis. If ***we*** cancel this policy, then premium will be earned on a pro rata basis.

Any unearned premium will be returned at the time the cancellation notice is sent.

**9. Assignment**

No assignment of benefits or other transfer of rights is binding upon ***us*** unless approved by ***us***.

**10. Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the ***insured*** or his or her estate will not relieve ***us*** of ***our*** obligations under this policy.

**11. Concealment or Fraud**

There is no coverage under this policy if ***you*** or any other ***person*** insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

**12. Our Right to Recover Our Payments**

Death, Dismemberment and Loss of Sight Coverage payments are not recoverable by ***us***. Under all other coverages the following apply:

a. **Subrogation**

(1) If ***we*** are obligated under this policy to make payment to or for a ***person*** or organization who has a legal right to collect from another ***person*** or organization, then ***we*** will be subrogated to that right to the extent of ***our*** payment.

(2) The ***person*** or organization to or for whom ***we*** make payment must help ***us*** recover ***our*** payments by:

(a) doing nothing to impair that legal right;

(b) executing any documents ***we*** may need to assert that legal right; and

(c) taking legal action through ***our*** representatives when ***we*** ask.

(3) However, ***we*** have no right of subrogation under Uninsured Motor Vehicle Coverage if:

(a) the vehicle that caused ***bodily injury*** to the ***insured*** was an ***underinsured motor vehicle***;

(b) the ***insured*** gave ***us*** written notice of a settlement offer as required in the Consent to Settlement provision of Uninsured Motor Vehicle Coverage; and

(c) ***we*** either gave ***our*** written consent for the ***insured*** to accept the settlement offer or ***we*** failed to substitute ***our*** payment to the ***insured*** in the amount of the tentative settlement within 60 days of ***our*** receiving the written notice.

b. **Reimbursement**

If ***we*** make payment under this policy and the ***person*** or organization to or for whom ***we*** make payment recovers or has recovered from another ***person*** or organization, then the ***person*** or organization to or for whom ***we*** make payment must:

(1) hold in trust for ***us*** the proceeds of any recovery; and

(2) reimburse ***us*** to the extent of ***our*** payment.

c. Subject to the ***No-Fault Act***, under Personal Injury Protection Coverage:

(1) any ***insured***, dependent, or personal representative who recovers damages from the liable party that duplicate Personal Injury Protection benefits already paid by ***us***, shall repay ***us*** the amount that is duplicated;

(2) if the ***insured*** or the legal representative of the ***insured*** has the right to sue the party alleged to be liable for the ***insured's bodily injury***, but does not do so within 18 months after the date of the accident, then ***we*** have the right to sue such party to recover ***our*** payments. ***We*** will sue either in our name or the name of the ***insured*** or the legal representative of the ***insured***; and

(3) if damages are recovered, ***we*** will pay that part of the attorney fees that the court states ***we*** owe.

SAMPLE

**13. Legal Action Against Us**

Legal action may not be brought against ***us*** until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against ***us*** regarding:

a. Liability Coverage after the amount of damages an ***insured*** is legally liable to pay has been finally determined by:

   (1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

   (2) agreement between the claimant and ***us***.

b. Personal Injury Protection Coverage if the legal action relating to this coverage is brought against ***us*** within five years immediately following the date of the accident.

c. Uninsured Motor Vehicle Coverage if the ***insured*** or that ***insured's*** legal representative within five years immediately following the date of the accident:

   (1) presents an Uninsured Motor Vehicle Coverage claim to ***us***; and

   (2) files a lawsuit in accordance with the **Deciding Fault and Amount** provision of the coverage.

   Except as provided in c.(2) above, no other legal action may be brought against ***us*** relating to Uninsured Motor Vehicle Coverage for any other causes of action that arise out of or are related to these coverages until there has been full compliance with the provisions titled **Consent to Settlement** and **Deciding Fault and Amount**.

d. Physical Damage Coverages if the legal action relating to these coverages is brought against ***us*** within five years immediately following the date of the accident or ***loss***.

**14. Choice of Law**

Without regard to choice of law rules, the law of the State of:

a. Kansas will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

   (1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

   (2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

**15. Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

**16. Conformity to Statutes**

The coverage provided by this policy is done so in accordance with Kansas insurance law. If any provisions of this policy are in conflict with Kansas statutes, the policy is amended to conform to the minimum requirements of the statutes.

SAMPLE

Case: 1:22-cv-01422 Document #: 1-1 Filed: 03/18/22 Page 265 of 615 PageID #:667

SAMPLE

State Farm®

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See “INSURED’S DUTIES” in this policy booklet.)

# State Farm® **Car Policy** Booklet

**Louisiana**
Policy Form 9818A

# CONTENTS


**THIS POLICY** .......... 3
**DEFINITIONS** .......... 4
**LIABILITY COVERAGE** .......... 6
Additional Definition .......... 6
Insuring Agreement .......... 7
Supplementary Payments .......... 7
Limits .......... 7
Nonduplication .......... 8
Exclusions .......... 8
If Other Liability Coverage Applies .......... 9
Required Out-of-State Liability Coverage .......... 11
Financial Responsibility Certification .......... 11
**MEDICAL PAYMENTS COVERAGE** .......... 11
Additional Definitions .......... 11
Insuring Agreement .......... 12
Determining Medical Expenses .......... 12
Limit .......... 12
Nonduplication .......... 13
Exclusions .......... 13
If Other Medical Payments Coverage or Similar Vehicle Insurance Applies .......... 14
Our Payment Options .......... 15
**UNINSURED MOTOR VEHICLE COVERAGE AND "ECONOMIC-ONLY" UNINSURED MOTOR VEHICLE COVERAGE** .......... 15
Additional Definitions .......... 15
Insuring Agreements .......... 16
Deciding Fault and Amount .......... 17
Limits .......... 17
Nonduplication .......... 18
Exclusions .......... 18
If Other Uninsured Motor Vehicle Coverage or "Economic-Only" Uninsured Motor Vehicle Coverage Applies .......... 19
Our Payment Options .......... 19
**UNINSURED MOTOR VEHICLE PROPERTY DAMAGE COVERAGE** .......... 20
Additional Definitions .......... 20
Insuring Agreement .......... 20
Limits and Settlement .......... 20
Deciding Fault and Amount .......... 21
Nonduplication .......... 22
Exclusions .......... 22
If Other Uninsured Motor Vehicle Property Damage Coverage Applies .......... 22
Our Payment Options .......... 22
**PHYSICAL DAMAGE COVERAGES** .......... 23
Additional Definitions .......... 23
Insuring Agreements .......... 24
Supplementary Payments – Comprehensive Coverage and Collision Coverage .......... 25
Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage .......... 26
Limits – Car Rental and Travel Expenses Coverage .......... 28
Nonduplication .......... 28
Exclusions .......... 28
If Other Physical Damage Coverage or Similar Coverage Applies .......... 30
Financed Vehicle .......... 31
Our Payment Options .......... 31
**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE** .......... 31
Additional Definition .......... 31
Insuring Agreement .......... 32
Benefit .......... 32
Exclusions – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage .......... 33
Our Payment Options– Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage .......... 34
**LOSS OF EARNINGS COVERAGE** .......... 32
Additional Definitions .......... 32
Insuring Agreement .......... 33
Limit .......... 33

Exclusions– Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage .................................. 33
Our Payment Options – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage ..................... 34

**INSURED'S DUTIES**................................ 34
Notice to Us of an Accident or Loss ......... 34
Notice to Us of Claim or Lawsuit ............. 34
Insured's Duty to Cooperate With Us ....... 34
Questioning Under Oath ........................... 35
Other Duties Under the Physical Damage Coverage .................................... 35
Other Duties Under Uninsured Motor Vehicle Property Damage Coverage ......... 35
Other Duties Under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, "Economic-Only" Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage................. 36

**GENERAL TERMS**..................................37
When Coverage Applies...........................37
Where Coverage Applies..........................37
Newly Owned or Newly Leased Car.........37
Changes to This Policy.............................37
Premium ..................................................38
Renewal...................................................38
Nonrenewal .............................................38
Cancellation.............................................39
Assignment..............................................39
Bankruptcy or Insolvency of the Insured ..39
Concealment or Fraud ..............................39
Our Right to Recover Our Payments.........39
Legal Action Against Us ..........................40
Choice of Law .........................................41
Severability..............................................41
Conformity to Statutes..............................41

## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.
2. This policy contains all of the agreements between all named insureds who are shown on the Declarations Page and all applicants and:
   a. ***us***; and
   b. any of ***our*** agents.
3. ***We*** agree to provide insurance according to the terms of this policy:
   a. based on payment of premium for the coverages chosen; and
   b. unless otherwise stated in "EXCEPTIONS, POLICY BOOKLET, AND ENDORSEMENTS" on the Declarations Page, in reliance on the following statements:
      (1) The named insured shown on the Declarations Page is the sole owner of ***your car***.
      (2) Neither ***you*** nor any member of ***your*** household has, within the past three years, had:
         (a) vehicle insurance canceled or nonrenewed by an insurer; or

(b) either:

(i) a license to drive; or

(ii) a vehicle registration

suspended, revoked, or refused.

(3) ***Your car*** is used for pleasure and business.

4. All named insureds shown on the Declarations Page and all applicants agree by acceptance of this policy that:

a. the statements in 3.b. above are made by such named insured or applicant and are true; and

b. ***we*** provide this insurance on the basis those statements are true.

5. ***Your*** purchase of this policy may allow ***you*** to purchase certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other policies from the ***State Farm Companies***, subject to their applicable eligibility rules.

## DEFINITIONS

***We*** define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, and possessive forms of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means physical bodily injury to a ***person*** and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. It does not include:

1. Any vehicle while located for use as a dwelling or other premises; or
2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

***Fungi*** means any type or form of fungus or fungi and includes:

1. Mold;
2. Mildew; and
3. Any of the following that are produced or released by fungi:

a. Mycotoxins;

b. Spores;

c. Scents; or

d. Byproducts.

***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
2. the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***:
   a. ***you***;
   b. any ***resident relative***;
   c. any other ***person*** who resides primarily in ***your*** household; or
   d. an employer of any ***person*** described in a., b., or c. above; nor
2. has been operated by, rented by, or in the possession of:
   a. ***you***; or
   b. any ***resident relative***

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or ***loss***. The 31 day limit does not apply to a ***private passenger car*** rented by ***you*** or any ***resident relative***.

***Occupying*** means in, on, entering, or exiting.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;
2. registered to; or
3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Pedestrian*** means a ***person*** who is not ***occupying***:

1. a motorized vehicle; or
2. a vehicle designed to be pulled by a motorized vehicle.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or
2. a pickup truck, van, minivan, or sport utility vehicle:
   a. that is not used for:
      (1) wholesale; or
      (2) retail

      pick up or delivery; and
   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Resident Relative*** means a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or
2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;
2. State Farm Fire and Casualty Company; and
3. Subsidiaries or affiliates of either 1. or 2. above.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. damage; or
   e. theft; and
2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. only those trailers:
   a. designed to be pulled by a ***private passenger car***;
   b. not designed to carry ***persons***; and
   c. while not used as premises for office, store, or display purposes; or
2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under "YOUR CAR", and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;
2. the date this policy is no longer in force; or
3. the date ***you*** no longer own or lease the ***car*** being replaced.

## LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***trailer***; and
   b. the maintenance or use of:
      (1) a ***non-owned car***; or
      (2) a ***temporary substitute car***;
2. the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished by an employer to, a ***person*** who resides primarily in ***your*** household, but only if such ***car*** is neither ***owned by***, nor furnished by an employer to, the first ***person*** shown as a named insured on the Declarations Page or that ***person's*** spouse;
3. any other ***person*** for his or her use of:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used with the express or implied permission of ***you***; and
4. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. ***We*** will pay:

   a. damages an ***insured*** becomes legally liable to pay because of:

      (1) ***bodily injury*** to others; and

      (2) damage to property

      caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy;

   b. attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages; and

   c. court costs charged to an ***insured*** and resulting from that part of a lawsuit:

      (1) that seeks damages payable under this policy's Liability Coverage; and

      (2) against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

   ***We*** have no duty to pay attorney fees and court costs incurred after ***we*** deposit in court or pay the amount due under this policy's Liability Coverage.

2. ***We*** have the right to:

   a. investigate, negotiate, and settle any claim or lawsuit;

   b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and

   c. appeal any award or legal decision

   for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the ***insured*** that accrues:

   a. before a judgment, where owed by law, but only on that part of the judgment ***we*** pay; and

   b. after a judgment. ***We*** will not pay interest on damages paid or payable by a party other than the ***insured*** or ***us***.

   ***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;

2. Premiums for bonds, provided by a company chosen by ***us***, required to appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:

   a. pay for bonds that exceed this policy's applicable Liability Coverage limit;

   b. furnish or apply for any bonds; or

   c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and

3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:

   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:

      (1) an arbitration;

      (2) a mediation; or

      (3) a trial of a lawsuit; and

   b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident, including all damages sustained by other ***persons*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***persons*** injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay any damages or expenses under Liability Coverage:

1. that have already been paid as expenses under Medical Payments Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
2. that have already been paid under Uninsured Motor Vehicle Coverage or "Economic-Only" Uninsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO INTENTIONALLY CAUSES ***BODILY INJURY*** OR DAMAGE TO PROPERTY;
2. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;
3. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;
4. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion does not apply to ***you*** and ***resident relatives*** who are legally liable for ***bodily injury*** to fellow employees;
5. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED AS A PUBLIC OR LIVERY CONVEYANCE OF ***PERSONS***. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
7. TO THE EXTENT THE LIMITS OF THIS COVERAGE EXCEED THE LIMITS OF LIABILITY COVERAGE REQUIRED BY THE MOTOR VEHICLE SAFETY RESPONSIBILITY LAW WHILE AN ***INSURED*** OTHER THAN ***YOU*** OR ANY ***RESIDENT RELATIVE*** IS:
   a. MAINTAINING OR USING ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***.

This exclusion (7.a.) does not apply to any agent, employee or partner of ***you*** or any ***resident relative***; OR

b. VALET PARKING ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR*** OR A ***TRAILER***;

8. WHILE AN ***INSURED*** IS:

a. MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER OWNED BY YOU*** IN CONNECTION WITH THAT ***PERSON'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***; OR

b. VALET PARKING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, OR A ***TEMPORARY SUBSTITUTE CAR***;

9. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;

10. FOR DAMAGE TO PROPERTY WHILE IT IS:

a. ***OWNED BY***;

b. RENTED TO;

c. USED BY;

d. IN THE CARE OF; OR

e. TRANSPORTED BY

***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to either damage to a residence while rented to or leased to an ***insured*** or damage to a private garage while rented to or leased to an ***insured***;

11. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;

12. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;

13. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;

14. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:

a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (14.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving; OR

15. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1. If Liability Coverage provided by this policy and one or more other Car Policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same accident, then:

a. the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and

b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

2. a. The Liability Coverage provided by this policy applies as primary coverage for:

(1) the ownership, maintenance, or use of ***your car*** or a ***trailer*** attached to it;

(2) the maintenance or use of a ***car***:

(a) operated by an ***insured***;

(b) ***owned by*** a ***person*** or organization engaged in the business of selling, repairing, or servicing motor vehicles; and

(c) loaned to an ***insured*** for demonstration purposes or as a temporary replacement for ***your car*** while it is being serviced or repaired; and

(3) the maintenance or use of a ***private passenger car you*** or any ***resident relative*** has rented from a car rental agency if no other liability coverage is purchased by the ***insured*** for the ***car***.

b. If:

(1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as primary coverage.

c. If:

(1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as excess coverage.

b. If:

(1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an ***insured*** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and
2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

## MEDICAL PAYMENTS COVERAGE

This policy provides Medical Payments Coverage if "C" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you*** and ***resident relatives:***
   a. while ***occupying***:
      (1) ***your car***;
      (2) a ***newly acquired car***;
      (3) a ***temporary substitute car***;
      (4) a ***non-owned car***; or
      (5) a ***trailer*** while attached to a ***car*** described in (1), (2), (3), or (4) above; or
   b. if struck as a ***pedestrian*** by a motor vehicle or any type of trailer; and
2. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used with the express or implied permission of ***you***.

***Medical Expenses*** mean ***reasonable expenses*** for ***medical services***.

***Medical Services*** mean treatments, procedures, products, and other services that are:

1. necessary to achieve maximum medical improvement for the ***bodily injury***;
2. rendered by a healthcare provider:

   a. who is licensed as a healthcare provider if a license is required by law; and
   b. within the legally authorized scope of that healthcare provider's practice;
3. commonly and customarily recognized throughout the medical profession and within the United States of America as appropriate for the treatment of the ***bodily injury***;
4. primarily designed to serve a medical purpose;
5. not experimental; and
6. not for research purposes.

***Reasonable Expenses*** mean the lowest one of the following charges:

1. The usual and customary fees charged by a majority of healthcare providers who provide similar ***medical services*** in the geographical area in which the charges were incurred;
2. The fee specified in any fee schedule:
   a. applicable to medical payments coverage, no-fault coverage, or personal injury protection coverage included in motor vehicle liability policies issued in the state where ***medical services*** are provided; and
   b. as prescribed or authorized by the law of the state where ***medical services*** are provided;
3. The fees agreed to by both the ***insured's*** healthcare provider and ***us***; or
4. The fees agreed upon between the ***insured's*** healthcare provider and a third party when ***we*** have a contract with such third party.

**Insuring Agreement**

***We*** will pay:

1. ***medical expenses*** incurred because of ***bodily injury*** that is sustained by an ***insured*** and caused by a motor vehicle accident if the ***bodily injury*** is:
   a. diagnosed within one year immediately following the date of the accident; and
   b. reported to ***us*** within three years immediately following the date of the accident; and
2. funeral expenses incurred for an ***insured*** who dies within three years immediately following the date of a motor vehicle accident if the death is a direct result of ***bodily injury*** sustained in such accident.

**Determining Medical Expenses**

***We*** have the right to:

1. obtain and use:
   a. utilization reviews;
   b. peer reviews; and
   c. medical bill reviews

   to determine if the incurred charges are ***medical expenses***;
2. use a medical examination of the ***insured*** to determine if:
   a. the ***bodily injury*** was caused by a motor vehicle accident; and
   b. the expenses incurred are ***medical expenses;*** and
3. enter into a contract with a third party that has an agreement with the ***insured's*** healthcare provider to charge fees as determined by that agreement.

**Limit**

The Medical Payments Coverage limit is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person". This limit is the most ***we*** will pay for the ***medical expenses*** and funeral expenses combined, incurred by or on behalf of any one ***insured*** as a result of any one accident, regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

Subject to the limit shown on the Declarations Page, the most ***we*** will pay for funeral expenses incurred for any one ***insured*** is $3,000.

**Nonduplication**

***We*** will not pay any ***medical expenses*** or funeral expenses under Medical Payments Coverage that have already been paid:

1. as damages under Liability Coverage, Uninsured Motor Vehicle Coverage, or "Economic-Only" Uninsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
2. by or on behalf of a party who is legally liable for the ***insured's bodily injury***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A MOTOR VEHICLE, ***OWNED BY*** THAT ***INSURED*** OR ***YOU***, IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***;
2. IF ANY WORKERS' COMPENSATION LAW OR ANY SIMILAR LAW APPLIES TO THAT ***INSURED'S BODILY INJURY***;
3. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
4. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS BEING USED AS A PUBLIC OR LIVERY CONVEYANCE OF ***PERSONS***. This exclusion does not apply to:
   a. the use of a ***private passenger car*** on a share-the-expense basis; or
   b. an ***insured*** while ***occupying*** a ***non-owned car*** as a passenger;
5. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***; or
   b. any ***resident relative***

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer***;
6. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
7. WHILE MAINTAINING OR USING A ***NON-OWNED CAR*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
8. WHO IS EITHER ***OCCUPYING*** OR STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES;
9. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT:
   a. IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   b. RUNS ON RAILS OR CRAWLER-TREADS;
10. WHOSE ***BODILY INJURY*** RESULTS FROM WAR OF ANY KIND;
11. WHOSE ***BODILY INJURY*** RESULTS FROM:
    a. NUCLEAR REACTION;
    b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
    c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM,

ANY NUCLEAR OR RADIOACTIVE DEVICE;

12. WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;

13. WHOSE ***BODILY INJURY*** RESULTS FROM EXPOSURE TO ***FUNGI***; OR

14. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS:

    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (14.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving.

**If Other Medical Payments Coverage or Similar Vehicle Insurance Applies**

1. An ***insured*** shall not recover for the same ***medical expenses*** or funeral expenses under both this coverage and other medical payments coverage or similar vehicle insurance.

2. If Medical Payments Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:

    a. the Medical Payments Coverage limits of such policies shall not be added together to determine the most that may be paid; and

    b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

3. The Medical Payments Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car*** or a ***trailer*** attached to it.

    a. If:

        (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and

        (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

        then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.

    b. If:

        (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and

        (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

        then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that the maximum amount that

may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.

4. Except as provided in 3. above, the Medical Payments Coverage provided by this policy applies as excess coverage.

   a. If:

      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

      (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

   b. If:

      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

      (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***;
4. A ***person*** authorized by law to receive such payment; or
5. Any ***person*** or organization that provides the ***medical services*** or funeral services.

## UNINSURED MOTOR VEHICLE COVERAGE AND "ECONOMIC-ONLY" UNINSURED MOTOR VEHICLE COVERAGE

This policy provides:

1. Uninsured Motor Vehicle Coverage if "U";
2. "Economic-Only" Uninsured Motor Vehicle Coverage if "UEO"

is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:

a. ***your car***;

b. a ***newly acquired car***;

c. a ***temporary substitute car***; or

d. a rental ***private passenger car*** rented to ***you***.

Such vehicle must be used with the express or implied permission of ***you***. Such other ***person occupying*** a vehicle used as a public or livery conveyance of ***persons*** is not an ***insured***; and

4. any ***person*** entitled to recover nonpunitive damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Uninsured Motor Vehicle*** means a land motor vehicle:

1. the ownership, maintenance, or use of which is:

   a. not insured or bonded for bodily injury liability at the time of the accident; or

   b. insured or bonded for bodily injury liability at the time of the accident; but

      (1) the limits are less than required by the financial responsibility act of Louisiana;

      (2) the insuring company:

         (a) denies that its policy provides liability coverage for nonpunitive damages that result from the accident; or

         (b) is or becomes insolvent; or

      (3) the total limits of coverage for bodily injury liability from all sources:

         (a) are less than the amount of damages the ***insured*** is legally entitled to collect for ***bodily injury***; or

         (b) have been reduced by payments to ***persons*** other than ***you*** and ***resident relatives*** to less than the amount of such damages; and

2. the owner and driver of which remain unknown and which causes ***bodily injury*** to the ***insured***. If there is no physical contact between that land motor vehicle and the ***insured*** or the vehicle the ***insured*** is ***occupying***, then the ***insured*** must prove, by an independent and disinterested witness, that the ***bodily injury*** was the result of the actions of the unknown driver.

***Uninsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;

2. ***owned by***, rented to, or furnished or available for the regular use of ***you*** or any ***resident relative***;

3. ***owned by***, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law unless the vehicle is an ***uninsured motor vehicle*** as defined in item 1.b.(3);

4. ***owned by*** or rented to any government or any of its political subdivisions or agencies;

5. designed for use primarily off public roads except while on public roads; or

6. while located for use as a dwelling or other premises.

**Insuring Agreements**

1. Under Uninsured Motor Vehicle Coverage, ***we*** will pay nonpunitive damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***. The ***bodily injury*** must be:

   a. sustained by an ***insured***; and

   b. caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle.

2. Under "Economic-Only" Uninsured Motor Vehicle Coverage, ***we*** will pay economic damages for ***bodily injury*** an ***insured*** is

legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***. The ***bodily injury*** must be

a. sustained by an ***insured***; and

b. caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle.

**Deciding Fault and Amount**

1. a. The ***insured*** and ***we*** must agree to the answers to the following two questions:

(1) Is the ***insured*** legally entitled to recover nonpunitive damages from the owner or driver of the ***uninsured motor vehicle***?

(2) If the ***insured*** and ***we*** agree that the answer to 1.a.(1) above is yes, then what is the amount of the nonpunitive damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***uninsured motor vehicle***?

b. If there is no agreement on the answer to either question in 1.a. above, then the ***insured*** shall:

(1) file a lawsuit, in a state or federal court that has jurisdiction, against:

(a) ***us***;

(b) the owner and driver of the ***uninsured motor vehicle*** unless the ***insured*** settled with such owner or driver; and

(c) any other party or parties who may be legally liable for the ***insured's*** damages;

(2) consent to a jury trial if requested by ***us***;

(3) agree that ***we*** may contest the issues of liability and the amount of damages; and

(4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

2. ***We*** are not bound by any:

a. judgment obtained without ***our*** written consent; and

b. default judgment against any ***person*** or organization other than ***us***.

3. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1. The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

a. The most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***, is the lesser of:

(1) the amount of all damages resulting from that ***bodily injury*** reduced by the sum of all payments for damages resulting from that ***bodily injury*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***bodily injury***; or

(2) the limit shown under "Each Person".

b. Subject to a. above, the most ***we*** will pay for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident is the limit shown under "Each Accident".

2. The "Economic-Only" Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under '"Economic-Only" Uninsured Motor Vehicle Coverage

– Bodily Injury Limits – Each Person, Each Accident".

a. The most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***, is the lesser of:

   (1) the amount of economic damages resulting from that ***bodily injury*** reduced by the sum of all payments for all damages resulting from that ***bodily injury*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***bodily injury***; or

   (2) the limit shown under "Each Person".

b. Subject to a. above, the most ***we*** will pay for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident is the limit shown under "Each Accident".

3. These Uninsured Motor Vehicle Coverage and "Economic-Only" Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:

   a. ***insureds***;

   b. claims made;

   c. vehicles insured; or

   d. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Coverage or "Economic-Only" Uninsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for the ***insured***:

   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or

   b. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***;

2. that:

   a. have already been paid;

   b. could have been paid; or

   c. could be paid

   to or for the ***insured*** under any workers' compensation law, disability benefits law, or similar law; or

3. that have already been paid as expenses under Medical Payments Coverage of this policy, the medical payments coverage of any other policy, or other similar vehicle insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY*** THE ***INSURED*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***.

2. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;

3. TO THE EXTENT IT BENEFITS:

   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;

   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR

   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;

4. FOR PUNITIVE OR EXEMPLARY DAMAGES;

5. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION; OR

6. UNDER "ECONOMIC-ONLY" UNINSURED MOTOR VEHICLE COVERAGE FOR NON-ECONOMIC LOSS. NON-ECONOMIC LOSS MEANS ANY LOSS OTHER THAN ECONOMIC LOSS AND INCLUDES BUT IS NOT LIMITED TO PAIN, SUFFERING, INCONVENIENCE, MENTAL ANGUISH, AND OTHER NON-ECONOMIC DAMAGES OTHERWISE RECOVERABLE UNDER THE LAWS OF LOUISIANA.

**If Other Uninsured Motor Vehicle Coverage or "Economic-Only" Uninsured Motor Vehicle Coverage Applies**

1. Except as provided in item 2., if an ***insured*** sustains ***bodily injury*** and other uninsured motor vehicle coverage or "economic-only" uninsured motor vehicle coverage applies, then the ***insured*** may choose only one applicable coverage to pay damages for the ***bodily injury***. The coverage provided by this policy will not pay for damages if it is not the one coverage chosen by the ***insured*** to apply.
2. If an ***insured*** sustains ***bodily injury*** while ***occupying*** a vehicle not ***owned by you*** or any ***resident relative*** and other uninsured motor vehicle coverage or "economic-only" uninsured motor vehicle coverage applies:
   a. the ***insured*** may only recover from:
      (1) the uninsured motor vehicle coverage or "economic-only" uninsured motor vehicle coverage applicable to the vehicle the ***insured*** was ***occupying*** when the ***bodily injury*** was sustained; and
      (2) no more than one additional uninsured motor vehicle coverage or "economic-only" uninsured motor vehicle coverage chosen by the ***insured*** that is applicable to the ***bodily injury***.

      The coverage provided by this policy will not pay for damages if it is not the one coverage chosen by the ***insured*** to apply; and
   b. the following priorities shall apply. If the coverage on the vehicle the ***insured*** was ***occupying*** when the ***bodily injury*** was sustained is:
      (1) uninsured motor vehicle coverage, then it is primary. If the primary coverage is exhausted, the coverage provided by this policy applies as excess coverage.
      (2) "economic-only" uninsured motor vehicle coverage and this policy provides "Economic-Only" Uninsured Motor Vehicle Coverage, then the coverage applicable to the vehicle the ***insured*** was ***occupying*** is primary. If the primary coverage is exhausted, the coverage provided by this policy applies as excess coverage.
      (3) "economic-only" uninsured motor vehicle coverage and this policy provides Uninsured Motor Vehicle Coverage, then the coverage applicable to the vehicle the ***insured*** was ***occupying*** is primary for economic damages. If the primary coverage is exhausted, the coverage provided by this policy applies as excess coverage for economic damages.

      The ***insured*** may recover non-economic damages from this coverage before exhausting the primary "economic-only" uninsured motor vehicle coverage limits.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

## UNINSURED MOTOR VEHICLE PROPERTY DAMAGE COVERAGE

This policy provides Uninsured Motor Vehicle Property Damage Coverage if "U1" is shown under "SYMBOLS" on the Declarations Page.

### Additional Definitions

***Property Damage*** means damage to ***your car*** or a ***newly acquired car*** and does not include loss of use of such vehicle.

***Uninsured Motor Vehicle*** means a land motor vehicle:

1. the operation, maintenance, or use of which is:
   a. not insured or bonded for property damage liability at the time of the accident; or
   b. insured or bonded for property damage liability at the time of the accident; but
      (1) the limits are less than required by the financial responsibility act of Louisiana;
      (2) the insuring company:
         (a) denies that its policy provides liability coverage for property damage that results from the accident; or
         (b) is or becomes insolvent; or
      (3) the total limits of coverage for property damage liability from all sources:
         (a) are less than the amount of damages ***you*** are legally entitled to collect for ***property damage***; or
         (b) have been reduced by payments to ***persons*** other than ***you*** to less than the amount of such damages; and
2. the owner and driver of which remain unknown and which causes ***property damage***. If there is no physical contact between that land motor vehicle and ***your car*** or a ***newly acquired car***, then the ***insured*** must prove, by an independent and disinterested witness, that the ***property damage*** was the result of the actions of the unknown driver.

***Uninsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by***, rented to, or furnished or available for the regular use of ***you*** or any ***resident relative***;
3. ***owned by***, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law unless the vehicle is an ***uninsured motor vehicle*** as defined in item 1.b.(3);
4. ***owned by*** or rented to any government or any of its political subdivisions or agencies;
5. designed for use primarily off public roads except while on public roads; or
6. while located for use as a dwelling or other premises.

### Insuring Agreement

***We*** will pay damages for ***property damage you*** are legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***. The ***property damage*** must be caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle.

### Limits and Settlement

1. ***We*** have the right to choose to settle with ***you*** for the ***property damage*** in one of the following ways:
   a. Pay the cost to repair the damaged property minus a deductible of $250.
      (1) ***We*** have the right to choose one of the following to determine the cost to repair the damaged property:
         (a) The cost agreed to by both ***you*** and ***us***;

(b) A bid or repair estimate approved by ***us***; or

(c) A repair estimate that is written based upon or adjusted to:

(i) the prevailing competitive price;

(ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or

(iii) a combination of (i) and (ii) above.

The prevailing competitive price means prices charged by a majority of the repair market in the area where the damaged property is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the damaged property to its pre-loss condition.

(2) ***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

(3) ***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass except for etching of the vehicle identification number.

(4) If the repair or replacement of a part results in betterment of that part, then ***you*** must pay for the amount of the betterment.

(5) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced.

b. Pay the actual cash value of the damaged property minus a deductible of $250. ***You*** and ***we*** must agree upon the actual cash value of the damaged property. The damaged property must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that ***you*** may keep it. If ***you*** keep the damaged property, then ***our*** payment will be reduced by the value of the damaged property after the ***loss***.

2. The most ***we*** will pay for ***property damage*** is the lesser of:

a. the cost to repair the damaged property;

b. the actual cash value of the damaged property; or

c. $10,000.

3. These Uninsured Motor Vehicle Property Damage limits are the most ***we*** will pay regardless of the number of:

a. ***insureds***;

b. claims made;

c. vehicles insured; or

d. vehicles involved in the accident.

**Deciding Fault and Amount**

1. a. The ***insured*** and ***we*** must agree to the answers to the following two questions:

(1) Is the ***insured*** legally entitled to recover damages for ***property damage*** from the owner or driver of the ***uninsured motor vehicle***?

(2) If the ***insured*** and ***we*** agree that the answer to 1.a.(1) above is yes, then what is the amount of the damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***uninsured motor vehicle***?

b. If there is no agreement on the answer to either question in 1.a. above, then the ***insured*** shall:

(1) file a lawsuit, in a state or federal court that has jurisdiction, against:

(a) ***us***;

(b) the owner and driver of the ***uninsured motor vehicle*** unless the ***insured*** settled with such owner or driver; and

(c) any other party or parties who may be legally liable for the ***insured's*** damages;

(2) consent to a jury trial if requested by ***us***;

(3) agree that ***we*** may contest the issues of liability and the amount of damages; and

(4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

2. ***We*** are not bound by any:

a. judgment obtained without ***our*** written consent; and

b. default judgment against any ***person*** or organization other than ***us***.

3. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Property Damage Coverage any damages that are payable or have already been paid to or for ***you*** by:

a. or on behalf of any ***person*** or organization who is or may be held legally liable for the ***property damage***; or

b. other property insurance.

**Exclusions**

THERE IS NO COVERAGE FOR ***PROPERTY DAMAGE*** TO THE EXTENT IT BENEFITS:

1. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES; OR

2. ANY INSURER OF PROPERTY.

**If Other Uninsured Motor Vehicle Property Damage Coverage Applies**

1. If Uninsured Motor Vehicle Property Damage Coverage provided by this policy and one or more other policies issued to ***you*** by the ***State Farm Companies*** apply to the same ***property damage***, then only one policy applies.

2. If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies for the same ***property damage***, then the ***State Farm Companies*** will pay the proportion of the ***property damage*** that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. ***You***;

2. The repairer; or

3. A creditor shown on the Declarations Page, to the extent of its interest.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";
2. Collision Coverage if "G";
3. Emergency Road Service Coverage if "H";
4. Car Rental and Travel Expenses Coverage if "R1"

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

***Covered Vehicle*** means:

1. ***your car***;
2. a ***newly acquired car***;
3. a ***temporary substitute car***;
4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;
5. a ***non-owned car*** while it is:
   a. being driven by an ***insured***; or
   b. in the custody of an ***insured*** if at the time of the ***loss*** it is:
      (1) not being driven; or
      (2) being driven by a ***person*** other than an ***insured*** and being ***occupied*** by an ***insured***;
6. a ***non-owned trailer*** and a ***non-owned camper*** while it is being used by an ***insured***; and
7. under Comprehensive Coverage and Collision Coverage, a ***car*** that is in the lawful possession of the ***person*** operating it and that replaces a ***car you*** own, other than ***your car*** or a ***newly acquired car***, for a short time while it is out of use due to its breakdown, repair, servicing, damage, or theft. Neither ***you*** nor the ***person*** operating the substitute ***car*** may own or have registered it. This item (7.) applies only if:
   a. this policy provides both Comprehensive Coverage and Collision Coverage; and
   b. the ***car*** that is being replaced has an applicable insurance policy, but such policy does not provide the Comprehensive Coverage or Collision Coverage sought under this policy;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of ***trailers*** and campers must be securely fixed as a permanent part of the ***trailer*** or camper.

***Daily Rental Charge*** means the sum of:

1. the daily rental rate;
2. mileage charges; and
3. related taxes.

***Insured*** means ***you*** and ***resident relatives***.

***Loss*** means:

1. direct, sudden, and accidental damage to; or
2. total or partial theft of

a ***covered vehicle***. ***Loss*** does not include any reduction in the value of any ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

***Loss Caused By Collision*** means a ***loss*** caused by:

1. a ***covered vehicle*** hitting or being hit by another vehicle or other object; or
2. the overturning of a ***covered vehicle***.

Any ***loss*** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a ***Loss Caused By Collision***.

***Non-Owned Camper*** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

***Non-Owned Trailer*** means a ***trailer*** that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

**Insuring Agreements**

**1. Comprehensive Coverage**

***We*** will pay:

a. for ***loss***, except ***loss caused by collision***, to a ***covered vehicle***; and

b. transportation expenses incurred by an ***insured*** as a result of the total theft of ***your car*** or a ***newly acquired car***. These transportation expenses are payable:

(1) during the period that:

(a) starts on the date ***you*** report the theft to ***us***; and

(b) ends on the earliest of:

(i) the date the vehicle is returned to ***your*** possession in a drivable condition;

(ii) the date ***we*** offer to pay for the ***loss*** if the vehicle has not yet been recovered; or

(iii) the date ***we*** offer to pay for the ***loss*** if the vehicle is recovered, but is a total loss as determined by ***us***; and

(2) during the period that:

(a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to ***your*** possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

(b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**2. Collision Coverage**

***We*** will pay for ***loss caused by collision*** to a ***covered vehicle***.

**3. Emergency Road Service Coverage**

***We*** will pay the fair cost incurred by an ***insured*** for:

a. up to one hour of labor to repair a ***covered vehicle*** at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a ***covered vehicle*** is not drivable;

c. towing a ***covered vehicle*** out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a ***covered vehicle*** to driving condition. ***We*** do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a ***covered vehicle*** if its key is lost, stolen, or locked inside the vehicle.

**4. Car Rental and Travel Expenses Coverage**

**a. Car Rental Expense**

***We*** will pay the ***daily rental charge*** incurred when ***you*** rent a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

(1) not drivable; or

(2) being repaired

as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

***We*** will pay the ***daily rental charge*** incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the ***loss***; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date ***we*** offer to pay for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

(c) five days after ***we*** offer to pay for the ***loss*** if the vehicle is:

(i) a total loss as determined by ***us***; or

(ii) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by ***you*** must be reported to ***us*** before ***we*** will pay such amount.

**b. Travel Expenses**

***We*** will pay expenses for commercial transportation, lodging, and meals if ***your car*** or a ***newly acquired car*** is not drivable as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage. The ***loss*** must occur more than 50 miles from ***your*** home. ***We*** will only pay these expenses if they are incurred by:

(1) an ***insured*** during the period that:

(a) starts after the ***loss*** occurs; and

(b) ends on the earlier of:

(i) the ***insured's*** arrival at his or her destination or home if the vehicle is left behind for repairs; or

(ii) the repair of the vehicle if the ***insured*** waits for repairs before continuing on to his or her destination or returning home; and

(2) ***you***, or any ***person you*** choose, to travel to retrieve the vehicle and drive it to either the original destination or ***your*** home if the vehicle was left behind for repairs.

These expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**c. Rental Car – Repayment of Deductible Expense**

***We*** will pay the comprehensive deductible or collision deductible an ***insured*** is required to pay the owner of a ***car*** rented from a ***car business***.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Comprehensive Coverage or Collision Coverage, then ***we*** will pay reasonable expenses incurred to:

1. tow the ***covered vehicle*** immediately after the ***loss***:

   a. for a reasonable distance from the location of the ***loss*** to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable; or

   b. to any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***. ***We*** will also pay reasonable expenses incurred to tow the ***covered vehicle*** for a reasonable distance from this facility to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable.

2. store the ***covered vehicle***, if it is not drivable immediately after the ***loss***, at:

   a. any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***; and

   b. any one repair facility chosen by the owner of the ***covered vehicle***, and ***we*** determine such vehicle is a total loss.

   If the owner of the ***covered vehicle*** consents, then ***we*** may move the ***covered vehicle*** at ***our*** expense to reduce storage costs. If the owner of the ***covered vehicle*** does not consent, then ***we*** will pay only the storage costs that would have resulted if ***we*** had moved the damaged ***covered vehicle***; and

3. clean up debris from the ***covered vehicle*** at the location of the ***loss***. The most ***we*** will pay to clean up the debris is $250 for any one ***loss***.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. ***We*** have the right to choose to settle with ***you*** or the owner of the ***covered vehicle*** in one of the following ways:

   a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible.

      (1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:

         (a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;

         (b) A bid or repair estimate approved by ***us***; or

         (c) A repair estimate that is written based upon or adjusted to:

            (i) the prevailing competitive price;

            (ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or

            (iii) a combination of (i) and (ii) above.

            The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

         ***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

         ***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other

marking that was on the replaced glass except for etching of the vehicle identification number.

(2) The cost to repair the ***covered vehicle*** does not include any reduction in the value of the ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

(3) If the repair or replacement of a part results in betterment of that part, then ***you*** or the owner of the ***covered vehicle*** must pay for the amount of the betterment.

(4) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced.

b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible.

(1) The owner of the ***covered vehicle*** and ***we*** must agree upon the actual cash value of the ***covered vehicle***. If there is disagreement as to the actual cash value of the ***covered vehicle***, then the disagreement will be resolved by appraisal if both the owner and ***we*** consent, using the following procedures:

(a) The owner and ***we*** will each select a competent appraiser.

(b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or ***we*** may petition a court that has jurisdiction to select the third appraiser.

(c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third appraiser.

(d) The appraisers shall only determine the actual cash value of the ***covered vehicle***. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will establish the actual cash value. The appraisal is not binding on the owner or ***us***.

(f) ***We*** do not waive any of ***our*** rights by submitting to an appraisal.

(2) The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that the owner may keep it. If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the value of the ***covered vehicle*** after the ***loss***.

c. Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.

3. The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

**1. Car Rental Expense**

The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

a. The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***. If:

(1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount;

(2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.

b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

**2. Travel Expenses**

The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

**3. Rental Car – Repayment of Deductible Expense**

The most ***we*** will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one ***loss*** is $500.

**Nonduplication**

***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment from, or on behalf of, a party who is legally liable for the ***loss*** or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:

   a. INTENTIONALLY DAMAGED; OR

   b. STOLEN

   BY OR AT THE DIRECTION OF AN ***INSURED***;

2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

3. ANY ***COVERED VEHICLE*** WHILE IT IS USED AS A PUBLIC OR LIVERY CONVEYANCE OF ***PERSONS***. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;

4. ANY ***COVERED VEHICLE*** DUE TO:

   a. THEFT;

   b. CONVERSION;

   c. EMBEZZLEMENT; OR

   d. SECRETION

   BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. ***LOSS*** TO ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IF AN ***INSURED*** VOLUNTARILY RELINQUISHES POSSESSION OF THAT ***CAR*** TO A ***PERSON*** OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

6. ANY ***COVERED VEHICLE*** TO THE EXTENT ***OUR*** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR ***LOSS*** TO SUCH ***COVERED VEHICLE***;

7. ***LOSS*** TO ANY ***COVERED VEHICLE*** DUE TO ***FUNGI***. THIS APPLIES REGARDLESS OF WHETHER OR NOT THE ***FUNGI*** RESULT FROM A ***LOSS*** THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. ***WE*** WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF

***FUNGI***, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY ***COVERED VEHICLE*** THAT ARE DUE TO THE EXISTENCE OF ***FUNGI***;

8. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:
   a. NUCLEAR REACTION;
   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;
10. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM WAR OF ANY KIND;
11. ***YOUR CAR*** WHILE SUBJECT TO ANY:
    a. LIEN AGREEMENT;
    b. RENTAL AGREEMENT;
    c. LEASE AGREEMENT; OR
    d. SALES AGREEMENT

    NOT SHOWN ON THE DECLARATIONS PAGE;
12. ANY ***NON-OWNED CAR*** WHILE IT IS:
    a. BEING MAINTAINED OR USED BY ANY ***PERSON*** WHILE THAT ***PERSON*** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A ***CAR BUSINESS***; OR
    b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion (12.b.) does not apply to a ***private passenger car***;
13. ANY PART OR EQUIPMENT OF A ***COVERED VEHICLE*** IF THAT PART OR EQUIPMENT:
    a. FAILS OR IS DEFECTIVE; OR
    b. IS DAMAGED AS A DIRECT RESULT OF:
       (1) WEAR AND TEAR;
       (2) FREEZING; OR
       (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

       OF THAT PART OR EQUIPMENT.

    This exclusion does not apply if the ***loss*** is the result of theft of the ***covered vehicle***;
14. ANY PART OR EQUIPMENT:
    a. THAT IS NOT LEGAL FOR USE IN OR ON THE ***COVERED VEHICLE*** IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED; OR
    b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE ***COVERED VEHICLE***.

    However, if there is a legal version of the part or equipment that is necessary for the safe operation of the ***covered vehicle***, then ***we*** will pay the cost that ***we*** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. ***We*** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;
15. TIRES. This exclusion does not apply if:
    a. ***loss*** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or

b. ***loss caused by collision*** to another part of the ***covered vehicle*** causes ***loss*** to tires;

16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;

17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;

18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:

    a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;

    b. ***OWNED BY*** AN ***INSURED***; AND

    c. NOT SHOWN ON THE DECLARATIONS PAGE; OR

19. ANY ***COVERED VEHICLE*** WHILE IT IS:

    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (19.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.

2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an ***insured*** by the ***State Farm Companies*** apply to the same ***loss*** or expense, then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a ***loss*** to:

    a. ***your car***;

    b. a ***car***:

        (1) operated by an ***insured***;

        (2) ***owned by*** a ***person*** or organization engaged in the business of selling, repairing, or servicing motor vehicles; and

        (3) loaned to an ***insured*** for demonstration purposes or as a temporary replacement for ***your car*** while it being serviced or repaired; and

    c. a ***private passenger car*** an ***insured*** has rented from a car rental agency if no other Comprehensive Coverage or Collision Coverage is purchased by the ***insured*** for the ***car***.

    If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

    If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion

of the ***loss*** or expense payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in ***your car***. Coverage for the creditor's interest is only provided for a ***loss*** that is payable to ***you***.

   However, if this policy is cancelled or nonrenewed, then ***we*** will provide coverage for the creditor's interest until ***we*** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a ***loss*** that would have been payable to ***you*** if this policy had not been cancelled or nonrenewed. The date such termination is effective is described in the **Nonrenewal** and **Cancellation** provisions in the **General Terms** section of this policy.

2. If ***we*** pay such creditor, then ***we*** are entitled to the creditor's right of recovery against ***you*** to the extent of ***our*** payment. ***Our*** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**
   a. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle owned by you***:
      (1) ***You***;
      (2) The repairer; or
      (3) A creditor shown on the Declarations Page, to the extent of its interest.
   b. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle*** not ***owned by you***:
      (1) ***You***;
      (2) The owner of such vehicle;
      (3) The repairer; or
      (4) A creditor, to the extent of its interest.
2. **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

   ***We*** may, at ***our*** option, make payment to one or more of the following:
   a. ***You***;
   b. The ***insured*** who incurred the expense; or
   c. Any party that provided the service for which payment is owed.

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE AND LOSS OF EARNINGS COVERAGE

### DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means a ***person*** whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

**Insuring Agreement**

***We*** will pay the highest applicable benefit shown in the following Death, Dismemberment and Loss of Sight Benefits Schedules if an ***insured***:

1. dies; or
2. suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days immediately following the date of the accident.

**Benefit**

The applicable benefit shown in the schedule is the most ***we*** will pay for any one ***insured*** in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT BENEFITS SCHEDULES**

| | |
|---|---|
| If the amount shown on the Declarations Page for the ***insured*** is $5,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand & one foot; or one hand or one foot & all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb & a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

| | |
|---|---|
| If the amount shown on the Declarations Page for the ***insured*** is $10,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand & one foot; or one hand or one foot & all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb & a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

The benefits shown in the schedules are doubled for an ***insured*** who at the time of the accident was ***occupying*** a ***private passenger car*** and using a seat belt in the manner recommended by the vehicle's manufacturer.

**LOSS OF EARNINGS COVERAGE**

This policy provides Loss of Earnings Coverage if "Z" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means a ***person*** whose name is shown under "Loss of Earnings Coverage – Persons Insured" on the Declarations Page.

***Total Disability*** means the ***insured's*** inability to work, either full or part time, in his or her occupation or any other similar occupation for which he or she is reasonably fitted by education, training, or experience.

***Weekly Earnings*** means 85% of all earnings for the ***insured's*** services before any deductions. When ***weekly earnings*** cannot be determined on a weekly basis an average will be used. The average is 85% of the total earnings for the 52 weeks just prior to the accident divided by 52.

**Insuring Agreement**

***We*** will pay the ***insured*** his or her loss of ***weekly earnings***, which occur while the ***insured*** is living, due to continuous ***total disability*** that:

1. is the direct result of ***bodily injury*** caused by an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause. At the time of the accident, the ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer; and
2. starts within 20 days immediately following the date of the accident and lasts for a period of at least 30 consecutive days. ***We*** will not pay for the first seven days of the 30 day period.

**Limit**

The most ***we*** will pay any one ***insured*** is:

1. $250 for each full workweek of ***total disability***; and
2. a pro rata portion of $250 for less than a full workweek of ***total disability***.

Subject to the workweek limit, the most ***we*** will pay any one ***insured*** for all loss of ***weekly earnings*** due to any one accident is $15,000.

***We*** will pay once every two weeks the ***insured's*** loss of ***weekly earnings*** owed.

**Exclusions – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage**

DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE AND LOSS OF EARNINGS COVERAGE DO NOT APPLY TO AN ***INSURED***:

1. WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A ***CAR BUSINESS***;
2. WHILE ***OCCUPYING***, LOADING, OR UNLOADING:
   a. AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;
   b. A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:
      (1) ***INSURED'S*** BUSINESS; OR
      (2) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A ***CAR BUSINESS***.

      This exclusion (2.b.) does not apply if the vehicle is a ***private passenger car***;
   c. A MILITARY VEHICLE; OR
   d. A VEHICLE WHILE IT IS:
      (1) BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
      (2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (2.d.(2)) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving;
3. WHILE ***OCCUPYING***, LOADING, UNLOADING, OR WHO IS STRUCK AS A ***PEDESTRIAN*** BY:
   a. A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;
   b. A MOTOR VEHICLE THAT IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   c. A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A

DWELLING OR OTHER PREMISES; OR

4. FOR DEATH, DISMEMBERMENT, LOSS OF SIGHT, OR ***TOTAL DISABILITY*** THAT RESULTS FROM:

   a. WAR OF ANY KIND;

   b. NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

   c. THE DISCHARGE OF A FIREARM;

   d. EXPOSURE TO ***FUNGI***;

   e. SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE ***INSURED*** WAS SANE OR INSANE; OR

   f. DISEASE except pus-forming infection due to ***bodily injury*** sustained in the accident.

**Our Payment Options – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** or organization authorized by law to receive such payment.

## INSURED'S DUTIES

**1. Notice to Us of an Accident or Loss**

The ***insured*** must give ***us*** or one of ***our*** agents notice of the accident or ***loss*** as soon as reasonably possible. The notice must give ***us***:

   a. ***your*** name;

   b. the names and addresses of all ***persons*** involved in the accident or ***loss***;

   c. the hour, date, place, and facts of the accident or ***loss***; and

   d. the names and addresses of witnesses to the accident or ***loss***.

**2. Notice to Us of a Claim or Lawsuit**

   a. If a claim is made against an ***insured***, then that ***insured*** must immediately send ***us*** every demand, notice, and claim received.

   b. If a lawsuit is filed against an ***insured***, then that ***insured*** must immediately send ***us*** every summons and legal process received.

**3. Insured's Duty to Cooperate With Us**

   a. The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:

      (1) making settlements;

      (2) securing and giving evidence; and

      (3) attending, and getting witnesses to attend, depositions, hearings, and trials.

   b. The ***insured*** must not, except at his or her own cost, voluntarily:

      (1) make any payment to others; or

      (2) assume any obligation to others

   unless authorized by the terms of this policy.

   c. Any ***person*** or organization making claim under this policy must, when ***we***

require, give ***us*** proof of loss on forms ***we*** furnish.

**4. Questioning Under Oath**

Under:

a. Liability Coverage, each ***insured***;

b. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, "Economic-Only" Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage, each ***insured***, or any other ***person*** or organization making claim or seeking payment; and

c. Uninsured Motor Vehicle Property Damage Coverage or Physical Damage Coverages, each ***insured*** or owner of a ***covered vehicle***, or any other ***person*** or organization making claim or seeking payment;

must, at ***our*** option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as ***we*** require. Such ***person*** or organization must answer questions under oath, asked by anyone ***we*** name, and sign copies of the answers. ***We*** may require each ***person*** or organization answering questions under oath to answer the questions with only that ***person's*** or organization's legal representative, ***our*** representatives, any ***person*** or ***persons*** designated by ***us*** to record the questions and answers, and no other ***person*** present.

**5. Other Duties Under the Physical Damage Coverages**

When there is a ***loss***, ***you*** or the owner of the ***covered vehicle*** must:

a. protect the ***covered vehicle*** from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

b. make a prompt report to the police when the ***loss*** is the result of theft;

c. allow ***us*** to:

(1) inspect any damaged property before its repair or disposal;

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the ***covered vehicle*** at ***our*** expense in order to conduct such inspection or testing;

d. provide ***us*** all:

(1) records;

(2) receipts; and

(3) invoices

that ***we*** request and allow ***us*** to make copies; and

e. not abandon the ***covered vehicle*** to ***us***.

**6. Other Duties Under Uninsured Motor Vehicle Property Damage Coverage**

When there is ***property damage***, ***you*** must:

a. report the accident to ***us*** within 30 days or as soon thereafter as practicable;

b. protect the damaged property from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

c. allow ***us*** to:

(1) inspect any damaged property before its repair or disposal;

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the ***covered vehicle*** at ***our*** expense in order to conduct such inspection or testing;

d. provide ***us*** all:

(1) records;

(2) receipts; and

(3) invoices

that ***we*** request and allow ***us*** to make copies; and

e. not abandon the damaged property to ***us***.

**7. Other Duties Under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, "Economic-Only" Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage**

A ***person*** making claim under:

a. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, "Economic-Only" Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must:

(1) notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;

(2) be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request;

(3) provide written authorization for ***us*** to obtain:

(a) medical bills;

(b) medical records;

(c) wage, salary, and employment information; and

(d) any other information ***we*** deem necessary to substantiate the claim.

If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***; and

(4) allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident;

b. Uninsured Motor Vehicle Coverage and "Economic-Only" Uninsured Motor Vehicle Coverage must report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police within 24 hours and to ***us*** within 30 days or as soon thereafter as practicable;

c. Uninsured Motor Vehicle Coverage, "Economic-Only" Uninsured Motor Vehicle Coverage, and Uninsured Motor Vehicle Property Damage Coverage must send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files a lawsuit against the party liable for the accident; and

d. Loss of Earnings Coverage must:

(1) make a claim under this policy;

(2) report to ***us*** when that ***person*** has a ***total disability***; and

(3) provide proof of continued ***total disability*** when ***we*** ask for it.

## GENERAL TERMS

**1. When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

**2. Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

**3. Newly Owned or Newly Leased Car**

If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

a. request ***we*** replace the ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

(1) before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

(2) after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date; or

b. apply to the ***State Farm Companies*** for a separate policy to insure the ***car*** newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

**4. Changes to This Policy**

**a. Changes in Policy Provisions**

***We*** may only change the provisions of this policy by:

(1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

(2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then ***we*** will give ***you*** the broader coverage as of the date ***we*** make the change effective in the state of Louisiana without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

**b. Change of Interest**

(1) No change of interest in this policy is effective unless ***we*** consent in writing.

(2) Except under Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage, if a named insured shown on the Declarations Page dies, then the definition of ***insured*** under each of

the coverages provided by this policy is changed to include:

(a) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured.

This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

Policy notice requirements are met by mailing the notice to the most recent policy address that ***we*** have on record for the deceased named insured.

**c. Joint and Individual Interests**

If ***you*** consists of more than one ***person*** or entity, then each acts for all to change or cancel the policy.

**d. Change of Policy Address**

***We*** may change the named insured's policy address as shown on the Declarations Page and in ***our*** records to the most recent address provided to ***us*** by:

(1) ***you***; or

(2) the United States Postal Service.

**5. Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the ***State Farm Companies*** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. The premium for this policy may vary based upon the purchase of other insurance from the ***State Farm Companies***.

d. The premium for this policy is based upon information ***we*** have received from ***you*** or other sources. ***You*** must inform ***us*** if any information regarding the following is incorrect or incomplete, or changes during the policy period, and ***you*** must answer questions ***we*** ask regarding the following:

(1) ***Your car***, or its use, including annual mileage;

(2) The ***persons*** who regularly drive ***your car***, including newly licensed family members;

(3) ***Your*** marital status; or

(4) The location where ***your car*** is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to ***us*** when ***we*** ask, then ***we*** may decrease or increase the premium during the policy period. If ***we*** decrease the premium during the policy period, then ***we*** will provide a refund or a credit in the amount of the decrease. If ***we*** increase the premium during the policy period, then ***you*** must pay the amount of the increase.

**6. Renewal**

***We*** agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless ***we*** mail or deliver a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

**7. Nonrenewal**

If ***we*** decide not to renew this policy, then, at least 30 days before the end of

the current policy period, ***we*** will mail or deliver a nonrenewal notice to the most recent policy address that ***we*** have on record for the named insured.

**8. Cancellation**

**a. How You May Cancel**

***You*** may cancel this policy by providing to ***us*** advance notice of the date cancellation is effective. ***We*** may confirm the cancellation in writing.

**b. How and When We May Cancel**

(1) ***We*** may cancel this policy by mailing or delivering a written notice to the most recent policy address that ***we*** have on record for the named insured. The notice will provide the date cancellation is effective.

(2) The date cancellation is effective will be at least:

(a) 10 days after the date ***we*** mail or deliver the cancellation notice if the cancellation is because the premium is not paid when due; or

(b) 30 days after the date ***we*** mail or deliver the cancellation notice if the cancellation is because of any other reason.

(3) After this policy has been in force for more than 59 days, or if it is a renewal policy, ***we*** will not cancel this policy before the end of the current policy period unless:

(a) the premium is not paid when due; or

(b) ***you***, any ***resident relative***, or any other ***person*** who usually drives ***your car*** has had his or her driver's license under suspension or revocation:

(i) during the policy period, or

(ii) if the policy is a renewal, during its policy period, or the 180 days immediately preceding its effective date.

If a cancellation notice is mailed as a result of this item, 8.b.(3)(b), it will be sent by certified mail.

**c. Return of Unearned Premium**

Unless prohibited by law, if ***you*** cancel this policy, then premium may be earned on a short rate basis. If ***we*** cancel this policy, then premium will be earned on a pro rata basis.

Any unearned premium may be returned at the time the cancellation notice is sent or within 30 days thereafter. Delay in the return of any unearned premium does not affect the cancellation date.

**9. Assignment**

No assignment of benefits or other transfer of rights is binding upon ***us*** unless approved by ***us***.

**10. Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the ***insured*** or his or her estate will not relieve ***us*** of ***our*** obligations under this policy.

**11. Concealment or Fraud**

There is no coverage under this policy if ***you*** or any other ***person*** insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

**12. Our Right to Recover Our Payments**

Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage payments are not recoverable by ***us***. Under all other coverages the following apply:

**a. Subrogation**

If ***we*** are obligated under this policy to make payment to or for a ***person*** or organization who has a legal right to collect from another ***person*** or organization, then ***we*** will be subrogated to that right to the extent of ***our*** payment.

The ***person*** or organization to or for whom ***we*** make payment must help ***us*** recover ***our*** payments by:

(1) doing nothing to impair that legal right;

(2) executing any documents ***we*** may need to assert that legal right; and

(3) taking legal action through ***our*** representatives when ***we*** ask.

However, ***our*** right to recover ***our*** payments under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, and "Economic-Only" Uninsured Motor Vehicle Coverage is subordinate to the ***person's*** or organization's right to be fully compensated.

**b. Reimbursement**

If ***we*** make payment under this policy and the ***person*** or organization to or for whom ***we*** make payment recovers or has recovered from another ***person*** or organization, then the ***person*** or organization to or for whom ***we*** make payment must:

(1) hold in trust for ***us*** the proceeds of any recovery; and

(2) reimburse ***us*** to the extent of ***our*** payment.

However, ***our*** right to recover ***our*** payments under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, and "Economic-Only" Uninsured Motor Vehicle Coverage is subordinate to the ***person's*** or organization's right to be fully compensated.

**13. Legal Action Against Us**

Legal action may not be brought against ***us*** until there has been compliance with the provisions of this policy. In addition, legal action may only be brought against ***us*** regarding:

a. Liability Coverage after the amount of damages an ***insured*** is legally liable to pay has been finally determined by:

(1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(2) agreement between the claimant and ***us***.

b. Medical Payments Coverage if the legal action relating to this coverage is brought against ***us*** within four years immediately following the date of the accident.

c. Uninsured Motor Vehicle Coverage, "Economic-Only" Uninsured Motor Vehicle Coverage, or Uninsured Motor Vehicle Property Damage Coverage if the ***insured*** or that ***insured's*** legal representative within two years immediately following the date of the accident:

(1) presents either an Uninsured Motor Vehicle Coverage claim, an "Economic-Only" Uninsured Motor Vehicle Coverage claim, or an Uninsured Motor Vehicle Property Damage Coverage claim to ***us***; and

(2) files a lawsuit in accordance with the **Deciding Fault and Amount** provision of the involved coverage.

Except as provided in c.(2) above, no other legal action may be brought against ***us*** relating to Uninsured Motor Vehicle Coverage, "Economic-Only" Uninsured Motor Vehicle Coverage, or Uninsured Motor Vehicle Property Damage Coverage for any other causes of action that arise out of or are related to these coverages until there has been

compliance with the provision titled **Deciding Fault and Amount**.

d. Physical Damage Coverages if the legal action relating to these coverages is brought against ***us*** within two years immediately following the date of the accident or ***loss***.

**14. Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. Louisiana will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

**15. Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

**16. Conformity to Statutes**

The coverage provided by this policy is done so in accordance with Louisiana insurance law. If any provisions of this policy are in conflict with Louisiana statutes, the policy is amended to conform to the minimum requirements of the statutes.

State Farm®

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See “INSURED’S DUTIES” in this policy booklet.)

# State Farm® **Car Policy** Booklet

**Maryland**

Policy Form 9820A

## CONTENTS

**THIS POLICY** .... 3

**DEFINITIONS** .... 3

**LIABILITY COVERAGE** .... 5

- Additional Definition .... 5
- Insuring Agreement .... 5
- Supplementary Payments .... 5
- Limits .... 6
- Nonduplication .... 6
- Exclusions .... 6
- If Other Liability Coverage Applies .... 7
- Required Out-of-State Liability Coverage .... 8
- Financial Responsibility Certification .... 9

**NO-FAULT COVERAGE** .... 9

- Additional Definitions .... 9
- Insuring Agreement .... 10
- Limits .... 11
- Exclusions .... 11
- If Other No-Fault Coverage or Similar Vehicle Insurance Applies .... 11

**UNINSURED MOTOR VEHICLE COVERAGE** .... 12

- Additional Definitions .... 12
- Insuring Agreement .... 13
- Consent to Settlement .... 13
- Consent to Be Bound .... 14
- Limits .... 14
- Nonduplication .... 14
- Exclusions .... 14
- If Other Uninsured Motor Vehicle Coverage Applies .... 15
- Our Payment Options .... 16

**PHYSICAL DAMAGE COVERAGES** .... 16

- Additional Definitions .... 16
- Insuring Agreements .... 17
- Supplementary Payments – Comprehensive Coverage and Collision Coverage .... 18
- Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage .... 18
- Limits – Car Rental and Travel Expenses Coverage .... 20
- Nonduplication .... 20
- Exclusions .... 20
- If Other Physical Damage Coverage or Similar Coverage Applies .... 21
- Financed Vehicle .... 22
- Our Payment Options .... 22

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE** .... 22

- Additional Definition .... 22
- Insuring Agreement .... 22
- Benefit .... 23
- Exclusions .... 23
- Our Payment Options .... 24

**INSURED'S DUTIES** .... 24

- Notice to Us of an Accident or Loss .... 24
- Notice to Us of a Claim or Lawsuit .... 24
- Insured's Duty to Cooperate With Us .... 24
- Questioning Under Oath .... 24
- Other Duties Under the Physical Damage Coverages .... 24
- Other Duties Under No-Fault Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage .... 25

**GENERAL TERMS** .... 26

- When Coverage Applies .... 26
- Where Coverage Applies .... 26
- Limited Coverage in Mexico .... 26
- Newly Owned or Newly Leased Car .... 26
- Changes to This Policy .... 27
- Premium .... 27
- Renewal .... 28
- Nonrenewal .... 28
- Cancellation .... 28
- Assignment .... 29
- Bankruptcy or Insolvency of the Insured .... 29
- Concealment or Fraud .... 29
- Our Right to Recover Our Payments .... 29
- Legal Action Against Us .... 29
- Choice of Law .... 30
- Severability .... 30

## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.
2. This policy contains all of the agreements between all named insureds who are shown on the Declarations Page and all applicants and:
   a. ***us***; and
   b. any of ***our*** agents.
3. ***We*** agree to provide insurance according to the terms of this policy:
   a. based on payment of premium for the coverages chosen; and
   b. unless otherwise stated in "EXCEPTIONS, POLICY BOOKLET, & ENDORSEMENTS" on the Declarations Page, in reliance on the following statements:
      (1) The named insured shown on the Declarations Page is the sole owner of ***your car***.
      (2) Neither ***you*** nor any member of ***your*** household has, within the past three years, had either:
         (a) a license to drive; or
         (b) a vehicle registration

         suspended, revoked, or refused.
      (3) ***Your car*** is used for pleasure and business.
4. All named insureds shown on the Declarations Page and all applicants agree by acceptance of this policy that:
   a. the statements in 3.b. above are made by such named insured or applicant and are true; and
   b. ***we*** provide this insurance on the basis those statements are true.
5. ***Your*** purchase of this policy may allow:
   a. ***you*** to purchase or obtain certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other products from the ***State Farm Companies***, subject to their applicable eligibility rules; or
   b. the premium or price for other products or services purchased by ***you***, including non-insurance products or services, to vary. Such other products or services must be provided by the ***State Farm Companies*** or by an organization that has entered into an agreement or contract with the ***State Farm Companies***. The ***State Farm Companies*** do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization.

## DEFINITIONS

***We*** define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, possessive, and any other form of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. ***Car*** does not include:

1. Any vehicle while located for use as a dwelling or other premises; or
2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

***Fungi*** means any type or form of fungus or fungi and includes:

1. Mold;
2. Mildew; and
3. Any of the following that are produced or released by fungi:
   a. Mycotoxins;
   b. Spores;
   c. Scents; or
   d. Byproducts.

***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
2. the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***:
   a. ***you***;
   b. any ***resident relative***;
   c. any other ***person*** who resides primarily in ***your*** household; or
   d. an employer of any ***person*** described in a., b., or c. above; nor
2. has been operated by, rented by, or in the possession of:
   a. ***you***; or
   b. any ***resident relative***

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or ***loss***.

***Occupying*** means in, on, entering, or exiting.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;
2. registered to; or
3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Pedestrian*** means, except in No-Fault Coverage, a ***person*** who is not ***occupying***:

1. a motorized vehicle; or
2. a vehicle designed to be pulled by a motorized vehicle.

See **Additional Definitions** in No-Fault Coverage for definition used in that coverage.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or
2. a pickup truck, van, minivan, or sport utility vehicle:
   a. while not used for:
      (1) wholesale; or
      (2) retail

      pickup or delivery; and
   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Resident Relative*** means, except in No-Fault Coverage, a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or
2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

See **Additional Definitions** in No-Fault Coverage for definition used in that coverage.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;
2. State Farm Fire and Casualty Company; and
3. Subsidiaries or affiliates of either 1. or 2. above.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. damage; or
   e. theft; and
2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. a trailer:
   a. designed to be pulled by a ***private passenger car***;
   b. not designed to carry ***persons***; and
   c. while not used as premises for office, store, or display purposes; or
2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under "YOUR CAR", and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;
2. the date this policy is no longer in force; or
3. the date ***you*** no longer own or lease the ***car*** being replaced.

## LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***trailer***; and
   b. the maintenance or use of:
      (1) a ***non-owned car***; or
      (2) a ***temporary substitute car***;
2. ***you*** for the maintenance or use of a ***car owned by***, or furnished by an employer to, a ***person*** who resides primarily in ***your*** household. The ***car*** cannot be ***owned by you*** or furnished by ***your*** employer.
3. any other ***person*** for his or her use of:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent; and
4. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. ***We*** will pay damages an ***insured*** becomes legally liable to pay because of:
   a. ***bodily injury*** to others; and
   b. damage to property

   caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy.
2. ***We*** have the right to:
   a. investigate, negotiate, and settle any claim or lawsuit;
   b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and
   c. appeal any award or legal decision

   for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages described in the **Insuring Agreement** of this policy's Liability

Coverage, those items listed below that result from such accident:

1. Attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages. ***We*** have no duty to pay attorney fees incurred after ***we*** deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;
2. Court costs awarded by the court against an ***insured*** and resulting from that part of the lawsuit:
   a. that seeks damages payable under this policy's Liability Coverage; and
   b. against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

   ***We*** have no duty to pay court costs incurred after ***we*** deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;
3. Interest the ***insured*** is legally liable to pay on damages payable under the **Insuring Agreement** of this policy's Liability Coverage:
   a. before a judgment, but only the interest on the lesser of:
      (1) that part of the damages ***we*** pay; or
      (2) this policy's applicable Liability Coverage limit; and
   b. after a judgment.

   ***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage. ***We*** also have no duty to pay interest that accrues on any damages paid or payable by a party other than the ***insured*** or ***us***;
4. Premiums for bonds, provided by a company chosen by ***us***, required to appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:
   a. pay for any bond with a face amount that exceeds this policy's applicable Liability Coverage limit;
   b. furnish or apply for any bonds; or
   c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage; and
5. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:
   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:
      (1) an arbitration;
      (2) a mediation; or
      (3) a trial of a lawsuit; and
   b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident, including all damages sustained by other ***persons*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***persons*** injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay any damages or expenses under Liability Coverage that have already been paid under Uninsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions**

If a Maryland state court renders a decision that an exclusion found in this coverage is invalid or unenforceable as it applies to the minimum liability limits required by law, then that exclusion shall be deemed to be amended to apply only to coverage in excess of the minimum liability limits required by law. The court decision must be the final result of any appeals, if any appeals are taken.

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO INTENTIONALLY CAUSES ***BODILY INJURY*** OR DAMAGE TO PROPERTY;
2. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;
3. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;
4. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion does not apply to ***you*** and ***resident relatives*** who are legally liable for ***bodily injury*** to fellow employees;
5. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
7. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***;
   b. any ***resident relative***; or
   c. any agent, employee, or business partner of a. or b. above

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;
8. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
9. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
10. FOR DAMAGE TO PROPERTY:
    a. SOLELY ***OWNED BY*** THE FIRST NAMED INSURED SHOWN ON THE DECLARATIONS PAGE; OR
    b. WHILE IT IS:
       (1) RENTED TO;
       (2) USED BY;
       (3) IN THE CARE OF; OR
       (4) TRANSPORTED BY

       ***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE.

       This exclusion (10.b.) does not apply to damage to a:

       (1) motor vehicle ***owned by*** the employer of ***you*** or any ***resident relative*** if such damage is caused by an ***insured*** while operating another motor vehicle;
       (2) residence while rented to or leased to an ***insured***; or
       (3) private garage while rented to or leased to an ***insured***;
11. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;
12. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;
13. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;
14. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:
    a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (14.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving; OR
15. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1. If Liability Coverage provided by this policy and one or more other Car Policies issued to

***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same accident, then:

a. the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and

b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

2. a. The Liability Coverage provided by this policy applies as primary coverage for:

(1) the ownership, maintenance, or use of ***your car*** or a ***trailer*** attached to it; and

(2) a ***temporary substitute car***:

(a) loaned to an ***insured*** by an auto repair facility or dealer; or

(b) rented to an ***insured***; and

the auto repairer, dealer, or owner of the ***car*** requires the ***insured*** to sign an agreement that conforms to Maryland law and informs the ***insured*** that coverage provided by the owner of the loaned or rented ***car*** is secondary.

b. If:

(1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as primary coverage.

c. If:

(1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as excess coverage.

b. If:

(1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an ***insured*** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and

2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

## NO-FAULT COVERAGE

This policy provides No-Fault Coverage if "P" is shown under "SYMBOLS" on the Declarations Page. "P" with a number beside it is ***your*** coverage symbol. Check ***your*** coverage symbol in the Schedule for the limit ***you*** have chosen.

**Additional Definitions**

***Income*** means:

1. wages, salary, tips, commissions, professional fees and other earnings from work or employment. It includes earnings from a business or farm owned alone, jointly or in partnership;
2. the reasonable value of property or services to the extent earnings are paid or payable in property or services instead of in cash.

***Insured*** means:

1. under Coverages P1, P2, and P3:
   a. the first ***person*** shown as a named insured on the Declarations Page, and any ***resident relative***:
      (1) while ***occupying***, or
      (2) struck as a ***pedestrian*** by

      a ***motor vehicle***; and
   b. any ***person***, other than the first ***person*** shown as a named insured on the Declarations Page or a ***resident relative***, who has not made an affirmative written waiver of no-fault benefits while:
      (1) ***occupying*** as a guest or ***passenger***,
      (2) using, with the express or implied permission of ***you***, or
      (3) struck as a ***pedestrian*** by

      ***your car***, a ***newly acquired car***, or a ***replacement vehicle***.
2. under Coverage P11:
   a. any ***resident relative*** under 16 years of age:
      (1) while ***occupying***, or
      (2) struck as a ***pedestrian*** by

      a ***motor vehicle***; and
   b. any ***person***, other than ***you*** or a ***resident relative***, who has not made an affirmative written waiver of no-fault benefits while:
      (1) ***occupying*** as a guest or ***passenger***,
      (2) using, with the express or implied permission of ***you***, or
      (3) struck as a ***pedestrian*** by

      ***your car***, a ***newly acquired car*** or a ***replacement vehicle.***

***Medical Expenses*** means:

1. ***reasonable expenses*** for ***medical services***; and
2. funeral services.

***Medical Services*** means treatments, procedures, products, and other services that are:

1. necessary to achieve maximum medical improvement for the ***bodily injury***;
2. rendered by a healthcare provider:
   a. who is licensed as a healthcare provider if a license is required by law; and
   b. within the legally authorized scope of that healthcare provider's practice;
3. commonly and customarily recognized throughout the medical profession and within the United States of America as appropriate for the treatment of the ***bodily injury***;
4. primarily designed to serve a medical purpose;
5. not experimental; and
6. not for research purposes.

***Motor Vehicle*** means:

1. a self-propelled vehicle; or
2. a trailer

designed for operation on a public road and is required to be registered.

***Motor vehicle*** does not include a vehicle:

1. propelled solely by human power;
2. propelled by electric power obtained from over-head wires;
3. operated on rails or crawler treads;

4. located for use as a residence or premises; or
5. which is a lawn or garden tractor, mower or similar vehicle.

***No-Fault Act*** means Title 19, Subtitles 505 through 508 of the Annotated Code of Maryland and any amendments.

***Pedestrian*** means a ***person*** not ***occupying*** a self-propelled vehicle.

***Reasonable Expenses*** means the lowest one of the following charges:

1. The usual and customary fees charged by a majority of healthcare providers who provide similar ***medical services*** in the geographical area in which the charges were incurred;
2. The fee specified in any fee schedule:
   a. applicable to medical payments coverage, no-fault coverage, or personal injury protection coverage included in motor vehicle liability policies issued in the state where ***medical services*** are provided; and
   b. as prescribed or authorized by the law of the state where ***medical services*** are provided;
3. The fees agreed to by both the ***insured's*** healthcare provider and ***us***; or
4. The fees agreed upon between the ***insured's*** healthcare provider and a third party when ***we*** have a contract with such third party.

***Replacement Vehicle*** means a vehicle that is:

1. loaned to ***you*** by an auto repair facility or a dealer, or
2. rented temporarily by ***you***

to use while ***your car*** is not in use because of ***loss***, breakdown, repair, service or damage.

***Resident Relative*** means a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is:
   a. away at school; or
   b. in military service

   and otherwise maintains his or her primary residence with that named insured; and
2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

**Insuring Agreement**

***We*** will pay benefits owed to an ***insured*** in accordance with the ***No-Fault Act*** for ***medical expenses***, loss of income, and essential services that result from ***bodily injury*** to an ***insured*** caused by a ***motor vehicle*** accident.

1. **Medical Expenses**

   ***Medical expenses*** must be incurred within three years after the date of the accident. In determining ***medical expenses we*** have the right to:

   a. obtain and use:
      (1) utilization reviews;
      (2) peer reviews; and
      (3) medical bill reviews

      to determine if the incurred charges are ***medical expenses***;
   b. use a medical examination of the ***insured*** to determine if:
      (1) the ***bodily injury*** was caused by a motor vehicle accident; and
      (2) the expenses incurred are ***medical expenses***; and
   c. enter into a contract with a third party that has an agreement with the ***insured's*** healthcare provider to charge fees as determined by that agreement.

2. **Loss of Income**

   a. Loss of ***income*** provides reimbursement for 85% of loss of gross ***income*** by an ***insured*** who was earning or producing ***income*** at the time of the accident. The loss of ***income*** must be:
      (1) a direct and proximate result of the accident; and
      (2) sustained:
         (a) within three years after the date of the accident; and
         (b) while the ***insured*** is living.
   b. Payment for loss of ***income*** is subject to proof of claim. Loss of ***income*** is payable:
      (1) every two weeks to the ***insured*** who incurred the loss of ***income***; and
      (2) at the rate of the weekly indemnity at the end of the disability period if there is any balance or any loss of ***income*** for a period of less than two weeks.

3. **Essential Services**

   Essential services provides reimbursement for reasonable and necessary expenses incurred for essential services if the ***insured*** was not earning or producing ***income*** at the time of the accident.

These services must be:

a. ordinarily performed by the ***insured***;

b. for the care and maintenance of the ***insured's*** family or household; and

c. incurred within three years after the date of the accident.

**Limits**

The most ***we*** will pay for each ***insured*** as the result of ***bodily injury*** sustained in one accident is the Aggregate Limit shown in the Schedule for ***your*** Coverage Symbol.

Any benefits payable shall be reduced to the extent the ***insured*** has recovered benefits under any workers' compensation law.

| Schedule | |
|---|---|
| Coverage Symbol | Aggregate Limit |
| P1 | $ 2,500 |
| P2 | $ 5,000 |
| P3 | $ 10,000 |
| P11 | $ 2,500 |

**Exclusions**

THERE IS NO COVERAGE**:**

1. FOR AN ***INSURED*** WHO INTENTIONALLY CAUSES THE ACCIDENT THAT RESULTS IN HIS OR HER ***BODILY INJURY***;
2. FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY***:
   a. WHILE OPERATING OR VOLUNTARILY RIDING IN A VEHICLE HE OR SHE KNOWS IS STOLEN;
   b. WHILE:
      (1) COMMITTING A FELONY; OR
      (2) FLEEING OR ATTEMPTING TO AVOID THE POLICE; OR
   c. ARISING OUT OF THE OWNERSHIP, MAINTENANCE OR USE OF A MOTORCYCLE;
3. FOR ***YOU*** OR ANY ***RESIDENT RELATIVE*** WHILE ***OCCUPYING*** A ***MOTOR VEHICLE OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** AND WHICH IS NOT INSURED UNDER THE LIABILITY COVERAGE OF THIS POLICY;
4. FOR AN ***INSURED***:
   a. WHO IS NOT A RESIDENT OF MARYLAND AND SUSTAINS ***BODILY INJURY*** WHILE A ***PEDESTRIAN*** IN AN ACCIDENT OUTSIDE MARYLAND;
   b. WHO HAS WAIVED NO-FAULT COVERAGE UNDER THIS OR ANY OTHER MOTOR VEHICLE LIABILITY INSURANCE POLICY;
   c. FOR WHOM NO-FAULT COVERAGE HAS BEEN WAIVED UNDER THIS POLICY; OR
   d. FOR WHOM NO-FAULT COVERAGE HAS BEEN WAIVED UNDER ANY OTHER MOTOR VEHICLE LIABILITY INSURANCE POLICY. This exclusion (4.d.) does not apply if that ***insured***:
      (1) is the first named insured shown on the Declarations Page of this policy; and
      (2) is not a named insured under any other motor vehicle liability insurance policy where coverage has been waived.

**If Other No-Fault Coverage or Similar Vehicle Insurance Applies**

1. If No-Fault Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:
   a. the No-Fault Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined:
      (1) on a primary basis is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment; and
      (2) on an excess basis is the amount by which the single highest applicable limit provided by any one of the policies exceeds all primary coverage. ***We*** may choose one or more policies from which to make payment.
2. a. The No-Fault Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while:

(1) ***occupying your car***;

(2) struck as a ***pedestrian*** by ***your car***; and

(3) ***occupying*** a ***replacement vehicle*** if the auto repairer, dealer, or owner of the ***car*** requires the ***insured*** to sign an agreement that conforms to Maryland law and informs the ***insured*** that coverage provided by the owner of the loaned or rented ***replacement vehicle*** is secondary.

b. If:

(1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides No-Fault Coverage which applies to the accident as primary coverage; and

(2) no-fault coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other no-fault coverage that apply as primary coverage.

c. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides No-Fault Coverage which applies to the accident as primary coverage; and

(2) no-fault coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other no-fault coverage that apply as primary coverage.

3. Except as provided in 2. above, the No-Fault Coverage provided by this policy applies as excess coverage, but only in the amount by which it exceeds all primary coverage.

a. If:

(1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides No-Fault Coverage which applies to the accident as excess coverage; and

(2) no-fault coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other no-fault coverage that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides No-Fault Coverage which applies to the accident as excess coverage; and

(2) no-fault coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other no-fault coverage that apply as excess coverage.

## UNINSURED MOTOR VEHICLE COVERAGE

This policy provides Uninsured Motor Vehicle Coverage if "U" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:

a. ***your car***;

b. a ***newly acquired car***; or

c. a ***temporary substitute car***.

Such vehicle must be used within the scope of ***your*** consent. Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and

4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Property Damage*** means damage to or destruction of:

1. ***your car*** or a ***newly acquired car***; and
2. property ***owned by*** an ***insured*** while contained in ***your car*** or a ***newly acquired car***.

***Uninsured Motor Vehicle*** means a land motor vehicle:

1. the ownership, maintenance, and use of which is not insured or bonded for bodily injury and property damage liability at the time of the accident;
2. the owner and driver of which remain unknown and was the proximate cause of the:
   a. ***bodily injury*** to the ***insured***; or
   b. ***property damage***;
3. the ownership, maintenance, and use of which is either insured or bonded for bodily injury and property damage liability at the time of the accident or self-insured under any motor vehicle financial responsibility law, any motor carrier law, or any similar law, but:
   a. the limits are less than required by the financial responsibility act of Maryland;
   b. the insuring company:
      (1) denies that its policy provides liability coverage for compensatory damages that result from the accident; or
      (2) is or becomes insolvent; or
   c. the total liability coverage limits of insurance, bonds, and self-insurance from all sources:
      (1) are less than the Uninsured Motor Vehicle Coverage limits of this policy; or
      (2) have been reduced by payments to other ***persons*** to less than the Uninsured Motor Vehicle Coverage limits of this policy.

***Uninsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by***, rented to, or furnished or available for the regular use of ***you***;
3. designed for use primarily off public roads except while on public roads; or
4. while located for use as a dwelling or other premises.

**Insuring Agreement**

***We*** will pay compensatory damages for ***bodily injury*** and ***property damage*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***. The ***bodily injury*** must be sustained by an ***insured***. The ***bodily injury*** and ***property damage*** must be caused by an accident arising out of the ownership, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle.

***We*** will pay only if the full amount of all available limits of all bodily injury liability bonds, policies, and self-insurance plans that apply to the ***insured's bodily injury*** have been used up by payment of judgments or settlements, or have been offered to the ***insured*** in writing.

**Consent to Settlement**

1. The ***insured*** must send ***us***, by certified mail, a copy of a settlement offer for the full amount of all available limits proposed by or on behalf of the owner or driver of the ***uninsured motor vehicle***, and the ***insured*** must request ***our*** written consent to accept such settlement offer.
2. If within 60 days after the date ***we*** receive the settlement offer ***we***:
   a. either consent in writing or fail to provide a written response to the ***insured's*** request to accept the settlement offer; then
      (1) the ***insured*** may settle with the party liable for the damages without losing the right to make an Uninsured Motor Vehicle Coverage claim under this policy; and
      (2) ***we*** waive ***our*** right to recover ***our*** payments from the liable party; or
   b. send the ***insured*** a written refusal to accept the settlement offer, then ***we*** will pay the ***insured*** the amount of the settlement offer within 30 days after the written refusal is sent. This payment shall preserve ***our*** subrogation rights against the liability insurer and it's insured. Receipt by the insured of the payment shall constitute the assignment, up to the amount of the payment, of any recovery on behalf of the insured that is subsequently paid from the applicable liability insurance policies, bonds, and securities.
3. Except as provided in items 1. and 2. above, the ***insured*** shall not settle with any ***person*** or organization who may be liable for the damages without ***our*** written consent.

**Consent to Be Bound**

1. Any judgment for damages arising out of a lawsuit brought without ***our*** written consent is not binding on ***us*** unless ***we***:
   a. receive reasonable notice of the pendency of the lawsuit resulting in the judgment; and
   b. have a reasonable opportunity to protect ***our*** interest in the lawsuit.
2. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1. Bodily Injury

   The Uninsured Motor Vehicle Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

   a. The most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***, is the lesser of:
      (1) the limit shown under "Each Person" reduced by the sum of all payments for damages resulting from that ***bodily injury*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***bodily injury***; or
      (2) the amount of all damages resulting from that ***bodily injury*** reduced by the sum of all payments for damages resulting from that ***bodily injury*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***bodily injury***.
   b. Subject to a. above, the most ***we*** will pay for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident is the limit shown under "Each Accident".
2. Property Damage

   The Uninsured Motor Vehicle Coverage limit for ***property damage*** is shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Property Damage Limit – Each Accident". This limit is the most ***we*** will pay for all ***property damage*** resulting from any one accident.
3. These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:
   a. ***insureds***;
   b. claims made;
   c. vehicles insured; or
   d. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for the ***insured***:
   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***;
   b. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
   c. under any workers' compensation law, disability benefits law, or similar law; or
2. that are ***property damage*** and could have been paid or could be paid to or for the ***insured***:
   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***property damage***;
   b. under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
   c. under any policy of property insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE DAMAGES. This exclusion does not apply to a ***bodily injury*** settlement if we fail to respond to a written request to settle as described in the Consent to Settlement provision;
2. FOR:
   a. ***YOU*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY YOU*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***; OR
   b. A ***RESIDENT RELATIVE***:
      (1) WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***; OR

(2) THROUGH BEING STRUCK BY A MOTOR VEHICLE ***OWNED BY*** ANY ***RESIDENT RELATIVE***.

3. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;

4. TO THE EXTENT IT BENEFITS:
   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;
   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW;
   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES; OR
   d. ANY PROPERTY INSURER;

5. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM:
   a. NUCLEAR REACTION;
   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

6. FOR PUNITIVE OR EXEMPLARY DAMAGES;

7. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION; OR

8. FOR THE FIRST $250 OF ***PROPERTY DAMAGE*** RESULTING FROM ONE ACCIDENT.

**If Other Uninsured Motor Vehicle Coverage Applies**

1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:
   a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined:
      (1) on a primary basis is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment; and
      (2) on an excess basis is the amount by which the single highest applicable limit provided by any one of the policies exceeds all primary coverage. ***We*** may choose one or more policies from which to make payment.

2. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***.
   a. If:
      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and
      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.
   b. If:
      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and
      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage, but only in the amount by which it exceeds all primary coverage.
   a. If:
      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides

Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";
2. Collision Coverage if "G";
3. Emergency Road Service Coverage if "H";
4. Car Rental and Travel Expenses Coverage if "R1"

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

***Covered Vehicle*** means:

1. ***your car***;
2. a ***newly acquired car***;
3. a ***temporary substitute car***;
4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;
5. a ***non-owned car*** while it is:
   a. being driven by an ***insured***; or
   b. in the custody of an ***insured*** if at the time of the ***loss*** it is:
      (1) not being driven; or
      (2) being driven by a ***person*** other than an ***insured*** and being ***occupied*** by an ***insured***;
6. a ***non-owned trailer*** while it is being used by an ***insured***; and
7. a ***non-owned camper*** while it is being used by an ***insured***;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of ***trailers*** and campers must be securely fixed as a permanent part of the ***trailer*** or camper.

***Daily Rental Charge*** means the sum of:

1. the daily rental rate;
2. mileage charges; and
3. related taxes.

***Insured*** means ***you*** and ***resident relatives***.

***Loss*** means:

1. direct, sudden, and accidental damage to; or
2. total or partial theft of

a ***covered vehicle. Loss*** does not include any reduction in the value of any ***covered vehicle*** after it has

been repaired, as compared to its value before it was damaged.

***Loss Caused By Collision*** means a ***loss*** caused by:

1. a ***covered vehicle*** hitting or being hit by another vehicle or another object; or
2. the overturning of a ***covered vehicle***.

Any ***loss*** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a ***Loss Caused By Collision***.

***Non-Owned Camper*** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

***Non-Owned Trailer*** means a ***trailer*** that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

**Insuring Agreements**

1. **Comprehensive Coverage**

   ***We*** will pay:

   a. for ***loss***, except ***loss caused by collision***, to a ***covered vehicle***; and
   b. transportation expenses incurred by an ***insured*** as a result of the total theft of ***your car*** or a ***newly acquired car***. These transportation expenses are payable:
      (1) during the period that:
         (a) starts on the date ***you*** report the theft to ***us***; and
         (b) ends on the earliest of:
            (i) the date the vehicle is returned to ***your*** possession in a drivable condition;
            (ii) the date ***we*** make ***our*** initial offer to pay for the ***loss*** if the vehicle has not yet been recovered; or
            (iii) the date ***we*** make ***our*** initial offer to pay for the ***loss*** if the vehicle is recovered, but is a total loss as determined by ***us***; and
      (2) during the period that:
         (a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to ***your*** possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and
         (b) ends on the date the vehicle is repaired.

      These transportation expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

2. **Collision Coverage**

   ***We*** will pay for ***loss caused by collision*** to a ***covered vehicle***.

3. **Emergency Road Service Coverage**

   ***We*** will pay the fair cost incurred by an ***insured*** for:

   a. up to one hour of labor to repair a ***covered vehicle*** at the place of its breakdown;
   b. towing to the nearest repair facility where necessary repairs can be made if a ***covered vehicle*** is not drivable;
   c. towing a ***covered vehicle*** out of a location where it is stuck if the vehicle is on or immediately next to a public road;
   d. delivery of gas, oil, battery, or tire necessary to return a ***covered vehicle*** to driving condition. ***We*** do not pay the cost of the gas, oil, battery, or tire; and
   e. up to one hour of labor for locksmith services to unlock a ***covered vehicle*** if its key is lost, stolen, or locked inside the vehicle.

4. **Car Rental and Travel Expenses Coverage**

   a. **Car Rental Expense**

      ***We*** will pay the ***daily rental charge*** incurred when ***you*** rent a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

      (1) not drivable; or
      (2) being repaired

as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

***We*** will pay this ***daily rental charge*** incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the ***loss***; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date ***we*** offer to pay for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

(c) five days after ***we*** make ***our*** initial offer to pay for the ***loss*** if the vehicle is:

(i) a total loss as determined by ***us***; or

(ii) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by ***you*** must be reported to ***us*** before ***we*** will pay such amount.

b. **Travel Expenses**

***We*** will pay expenses for commercial transportation, lodging, and meals if ***your car*** or a ***newly acquired car*** is not drivable as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage. The ***loss*** must occur more than 50 miles from ***your*** home. ***We*** will only pay these expenses if they are incurred by:

(1) an ***insured*** during the period that:

(a) starts after the ***loss*** occurs; and

(b) ends on the earlier of:

(i) the ***insured's*** arrival at his or her destination or home if the vehicle is left behind for repairs; or

(ii) the repair of the vehicle if the ***insured*** waits for repairs before continuing on to his or her destination or returning home; and

(2) ***you***, or any ***person you*** choose, to travel to retrieve the vehicle and drive it to either the original destination or ***your*** home if the vehicle was left behind for repairs.

These expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

c. **Rental Car – Repayment of Deductible Expense**

***We*** will pay the comprehensive coverage deductible or collision coverage deductible an ***insured*** is required to pay the owner of a ***car*** rented from a ***car business***.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Comprehensive Coverage or Collision Coverage, then ***we*** will pay reasonable expenses incurred to:

1. tow the ***covered vehicle*** immediately after the ***loss***:

   a. for a reasonable distance from the location of the ***loss*** to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable; or

   b. to any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***. ***We*** will also pay reasonable expenses incurred to tow the ***covered vehicle*** for a reasonable distance from this facility to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable;

2. store the ***covered vehicle***, if it is not drivable immediately after the ***loss***, at:

   a. any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***; and

   b. any one repair facility chosen by the owner of the ***covered vehicle***, and ***we*** determine such vehicle is a total loss.

   If the owner of the ***covered vehicle*** consents, then ***we*** may move the ***covered vehicle*** at ***our*** expense to reduce storage costs. If the owner of the ***covered vehicle*** does not consent, then ***we*** will pay only the storage costs that would have resulted if ***we*** had moved the damaged ***covered vehicle***; and

3. clean up debris from the ***covered vehicle*** at the location of the ***loss***. The most ***we*** will pay to clean up the debris is $250 for any one ***loss***.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. ***We*** have the right to choose to settle with ***you*** or the owner of the ***covered vehicle*** in one of the following ways:

a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible.

(1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:

(a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;

(b) A bid or repair estimate approved by ***us***; or

(c) A repair estimate that is written based upon or adjusted to:

(i) the prevailing competitive price;

(ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or

(iii) a combination of (i) and (ii) above.

The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

(2) The cost to repair the ***covered vehicle*** does not include any reduction in the value of the ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

(3) If the repair or replacement of a part results in betterment of that part, then ***you*** or the owner of the ***covered vehicle*** must pay for the amount of the betterment.

(4) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced;

b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible.

(1) The owner of the ***covered vehicle*** and ***we*** must agree upon the actual cash value of the ***covered vehicle***. If there is disagreement as to the actual cash value of the ***covered vehicle***, then the disagreement will be resolved by appraisal upon written request of the owner or ***us***, using the following procedures:

(a) The owner and ***we*** will each select a competent appraiser.

(b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or ***we*** may petition a court that has jurisdiction to select the third appraiser.

(c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third appraiser.

(d) The appraisers shall only determine the actual cash value of the ***covered vehicle***. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the ***covered vehicle*** and ***us***.

(f) ***We*** do not waive any of ***our*** rights by submitting to an appraisal.

(2) The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that the owner may keep it. If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the value of the ***covered vehicle*** after the ***loss***; or

c. Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.

3. The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

1. **Car Rental Expense**

   The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

   a. The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***. If:

      (1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount; or

      (2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.

      If ***your car*** is specially equipped for the transportation of, or operation by, an individual with a disability and ***you*** rent a ***car*** that is similarly equipped, ***we*** will pay the higher of the ***daily rental charge*** as determined above, or the ***daily rental charge*** up to $100.

   b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***. However, if ***your car*** is specially equipped for transportation of, or operation by, an individual with a disability and the rented ***car*** is similarly equipped, the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss*** is the higher of the limit shown under "Each Loss" or $1,500.

2. **Travel Expenses**

   The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

3. **Rental Car – Repayment of Deductible Expense**

   The most ***we*** will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one ***loss*** is $500.

**Nonduplication**

***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment from, or on behalf of, a party who is legally liable for the ***loss*** or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:

   a. INTENTIONALLY DAMAGED; OR

   b. STOLEN

   BY OR AT THE DIRECTION OF AN ***INSURED***;

2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

3. ANY ***COVERED VEHICLE*** WHILE IT IS USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;

4. ANY ***COVERED VEHICLE*** DUE TO:

   a. THEFT;

   b. CONVERSION;

   c. EMBEZZLEMENT; OR

   d. SECRETION

   BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. ***LOSS*** TO ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IF AN ***INSURED*** VOLUNTARILY RELINQUISHES POSSESSION OF THAT ***CAR*** TO A ***PERSON*** OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

6. ANY ***COVERED VEHICLE*** TO THE EXTENT ***OUR*** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR ***LOSS*** TO SUCH ***COVERED VEHICLE***;

7. ***LOSS*** TO ANY ***COVERED VEHICLE*** DUE TO ***FUNGI***. THIS APPLIES REGARDLESS OF WHETHER OR NOT THE ***FUNGI*** RESULT FROM A ***LOSS*** THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. ***WE*** WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF ***FUNGI***, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY ***COVERED VEHICLE*** THAT ARE DUE TO THE EXISTENCE OF ***FUNGI***;

8. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:

   a. NUCLEAR REACTION;

   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;
10. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM WAR OF ANY KIND;
11. ***YOUR CAR*** WHILE SUBJECT TO ANY:
    a. LIEN AGREEMENT;
    b. RENTAL AGREEMENT;
    c. LEASE AGREEMENT; OR
    d. SALES AGREEMENT

    NOT SHOWN ON THE DECLARATIONS PAGE;
12. ANY ***NON-OWNED CAR*** WHILE IT IS:
    a. BEING MAINTAINED OR USED BY ANY ***PERSON*** WHILE THAT ***PERSON*** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A ***CAR BUSINESS***; OR
    b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion (12.b.) does not apply to a ***private passenger car***;
13. ANY PART OR EQUIPMENT OF A ***COVERED VEHICLE*** IF THAT PART OR EQUIPMENT:
    a. FAILS OR IS DEFECTIVE; OR
    b. IS DAMAGED AS A DIRECT RESULT OF:
        (1) WEAR AND TEAR;
        (2) FREEZING; OR
        (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

        OF THAT PART OR EQUIPMENT.

    This exclusion does not apply if the ***loss*** is the result of theft of the ***covered vehicle***;
14. ANY PART OR EQUIPMENT:
    a. THAT IS NOT LEGAL FOR USE IN OR ON THE ***COVERED VEHICLE*** IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED; OR
    b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE ***COVERED VEHICLE***.

    However, if there is a legal version of the part or equipment that is necessary for the safe operation of the ***covered vehicle***, then ***we*** will pay the cost that ***we*** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. ***We*** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;
15. TIRES. This exclusion does not apply if:
    a. ***loss*** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or
    b. ***loss caused by collision*** to another part of the ***covered vehicle*** causes ***loss*** to tires;
16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;
17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;
18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:
    a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;
    b. ***OWNED BY*** AN ***INSURED***; AND
    c. NOT SHOWN ON THE DECLARATIONS PAGE; OR
19. ANY ***COVERED VEHICLE*** WHILE IT IS:
    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (19.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.
2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an ***insured*** by the ***State Farm Companies*** apply to the same ***loss*** or expense,

then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a ***loss*** to ***your car***.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in ***your car***. Coverage for the creditor's interest is only provided for a ***loss*** that is payable to ***you***.

   However, if this policy is cancelled or nonrenewed, then ***we*** will provide coverage for the creditor's interest until ***we*** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a ***loss*** that would have been payable to ***you*** if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date ***we*** mail or electronically transmit a notice of the termination to the creditor.

2. If ***we*** pay such creditor, then ***we*** are entitled to the creditor's right of recovery against ***you*** to the extent of ***our*** payment. ***Our*** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**

   a. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle owned by you***:

      (1) ***You***;

      (2) The repairer; or

      (3) A creditor shown on the Declarations Page, to the extent of its interest.

   b. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle*** not ***owned by you***:

      (1) ***You***;

      (2) The owner of such vehicle;

      (3) The repairer; or

      (4) A creditor, to the extent of its interest.

2. **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

   ***We*** may, at ***our*** option, make payment to one or more of the following:

   a. ***You***;

   b. The ***insured*** who incurred the expense; or

   c. Any party that provided the service for which payment is owed.

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means a ***person*** whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

**Insuring Agreement**

***We*** will pay the highest applicable benefit shown in the following Death, Dismemberment and Loss of Sight Benefits Schedules if an ***insured***:

1. dies; or
2. suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days immediately following the date of the accident.

**Benefit**

The applicable benefit shown in the schedule is the most ***we*** will pay for any one ***insured*** in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

The benefits shown in the schedules are doubled for an ***insured*** who at the time of the accident was ***occupying*** a ***private passenger car*** and using a seat belt in the manner recommended by the vehicle's manufacturer.

**Death, Dismemberment and Loss of Sight Benefits Schedules**

| | |
|---|---|
| If the amount shown on the Declarations Page for the ***insured*** is $5,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb and a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

| | |
|---|---|
| If the amount shown on the Declarations Page for the ***insured*** is $10,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb and a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

**Exclusions**

DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE DOES NOT APPLY TO AN ***INSURED***:

1. WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A ***CAR BUSINESS***;
2. WHILE ***OCCUPYING***, LOADING, OR UNLOADING:
   a. AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;
   b. A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:
      (1) ***INSURED'S*** BUSINESS; OR
      (2) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A ***CAR BUSINESS***.

      This exclusion (2.b.) does not apply if the vehicle is a ***private passenger car***;
   c. A MILITARY VEHICLE; OR
   d. A VEHICLE WHILE IT IS:
      (1) BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
      (2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (2.d.(2)) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving;
3. WHILE ***OCCUPYING***, LOADING, UNLOADING, OR WHO IS STRUCK AS A ***PEDESTRIAN*** BY:
   a. A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;
   b. A MOTOR VEHICLE THAT IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   c. A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES; OR
4. FOR DEATH, DISMEMBERMENT, OR LOSS OF SIGHT THAT RESULTS FROM:

a. WAR OF ANY KIND;

b. NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

c. THE DISCHARGE OF A FIREARM;

d. EXPOSURE TO ***FUNGI***;

e. SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE ***INSURED*** WAS SANE OR INSANE; OR

f. DISEASE except pus-forming infection due to ***bodily injury*** sustained in the accident.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** or organization authorized by law to receive such payment.

## INSURED'S DUTIES

1. **Notice to Us of an Accident or Loss**

   The ***insured*** must give ***us*** or one of ***our*** agents notice of the accident or ***loss*** as soon as reasonably possible. The notice must give ***us***:

   a. ***your*** name;

   b. the names and addresses of all ***persons*** involved in the accident or ***loss***;

   c. the hour, date, place, and facts of the accident or ***loss***; and

   d. the names and addresses of witnesses to the accident or ***loss***.

2. **Notice to Us of a Claim or Lawsuit**

   a. If a claim is made against an ***insured***, then that ***insured*** must immediately send ***us*** every demand, notice, and claim received.

   b. If a lawsuit is filed against an ***insured***, then that ***insured*** must immediately send ***us*** every summons and legal process received.

3. **Insured's Duty to Cooperate With Us**

   a. The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:

      (1) making settlements;

      (2) securing and giving evidence; and

      (3) attending, and getting witnesses to attend, depositions, hearings, and trials.

   b. The ***insured*** must not, except at his or her own cost, voluntarily:

      (1) make any payment to others; or

      (2) assume any obligation to others

      unless authorized by the terms of this policy.

   c. Any ***person*** or organization making claim under this policy must, when ***we*** require, give ***us*** proof of loss on forms ***we*** furnish.

4. **Questioning Under Oath**

   Under:

   a. Liability Coverage, each ***insured***;

   b. No-Fault Coverage, Uninsured Motor Vehicle Coverage, or Death, Dismemberment and Loss of Sight Coverage, each ***insured***, or any other ***person*** or organization making claim or seeking payment; and

   c. Physical Damage Coverages, each ***insured*** or owner of a ***covered vehicle***, or any other ***person*** or organization making claim or seeking payment;

   must, at ***our*** option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as ***we*** require. Such ***person*** or organization must answer questions under oath, asked by anyone ***we*** name, and sign copies of the answers. ***We*** may require each ***person*** or organization answering questions under oath to answer the questions with only that ***person's*** or organization's legal representative, ***our*** representatives, any ***person*** or ***persons*** designated by ***us*** to record the questions and answers, and no other ***person*** present.

5. **Other Duties Under the Physical Damage Coverages**

   When there is a ***loss***, ***you*** or the owner of the ***covered vehicle*** must:

a. protect the ***covered vehicle*** from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

b. make a prompt report to the police when the ***loss*** is the result of theft;

c. allow ***us*** to:

   (1) inspect any damaged property before its repair or disposal;

   (2) test any part or equipment before that part or equipment is removed or repaired; and

   (3) move the ***covered vehicle*** at ***our*** expense in order to conduct such inspection or testing;

d. provide ***us*** all:

   (1) records;

   (2) receipts; and

   (3) invoices

   that ***we*** request and allow ***us*** to make copies; and

e. not abandon the ***covered vehicle*** to ***us***.

6. **Other Duties Under No-Fault Coverage, Uninsured Motor Vehicle Coverage, and Death, Dismemberment and Loss of Sight Coverage**

A ***person*** making claim under:

a. No-Fault Coverage, Uninsured Motor Vehicle Coverage, or Death, Dismemberment and Loss of Sight Coverage must:

   (1) notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;

   (2) be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request;

   (3) provide written authorization for ***us*** to obtain:

      (a) medical bills;

      (b) medical records;

      (c) wage, salary, and employment information. If an ***insured*** is making a claim for loss of income under No-Fault Coverage, then ***we*** may obtain such information up to one year prior to the date of the accident; and

      (d) any other information ***we*** deem necessary to substantiate the claim.

   If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

   If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***; and

   (4) allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident;

b. No-Fault Coverage must make the first claim for benefits within one year from the date of the accident;

c. Uninsured Motor Vehicle Coverage must:

   (1) report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police within 24 hours or as soon thereafter as practical and to ***us*** within 30 days;

   (2) promptly notify ***us*** if a lawsuit is filed and send ***us*** immediately a copy of all lawsuit papers; and

   (3) if making a claim for damage to property,

      (a) protect the damaged property from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

      (b) allow ***us*** to:

         (i) inspect any damaged property before its repair or disposal;

         (ii) test any part or equipment before that part or equipment is removed or repaired; and

         (iii) move the damaged property at ***our*** expense in order to conduct such inspection or testing;

      (c) provide ***us*** all:

         (i) records;

         (ii) receipts;

         (iii) invoices; and

         (iv) information that ***we*** request regarding ownership value, liens, and insurance on the

property or any other information necessary to settle the claim of the damaged property;

that ***we*** request and allow ***us*** to make copies; and

(d) not abandon the damaged property to ***us***.

## GENERAL TERMS

1. **When Coverage Applies**

   The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

2. **Where Coverage Applies**

   The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur:

   a. in the United States of America and its territories and possessions;

   b. in Canada; and

   c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

   Death, Dismemberment and Loss of Sight Coverage applies anywhere in the world.

3. **Limited Coverage in Mexico**

   This policy does not provide Mexican auto insurance and does not comply with Mexican auto insurance requirements. If ***you*** or any other ***insured*** plan to drive in Mexico, then auto insurance providing coverage in Mexico should be purchased from a Mexican insurance company.

   Subject to the above paragraph, the following coverages apply in Mexico, but only for accidents and ***losses*** that occur in Mexico within 50 miles of the United States of America border and only for ***insureds*** as defined under each of the following coverages. Collision Coverage applies anywhere in Mexico.

   a. **Liability Coverage**

      For claims brought against an ***insured*** in Mexico, the **Supplementary Payments** provision of this policy's Liability Coverage is changed to read:

      ***We*** may, in addition to the damages described in item 1 of the **Insuring Agreement** of this policy's Liability Coverage, pay or reimburse, at ***our*** option, reasonable attorney fees for an attorney licensed in Mexico to appear for and provide advice to ***insureds*** as defined under this policy's Liability Coverage. The amount of such attorney fees incurred by an ***insured*** must be reported to ***us*** before ***we*** will make payment.

   b. **Physical Damage Coverages**

      Any amount payable for the repair or replacement of the ***covered vehicle*** under the **Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage** provision of this policy will be limited to the cost to repair or replace the ***covered vehicle*** in the United States of America.

   ***WE*** HAVE NO DUTY TO PROVIDE A DEFENSE FOR ***YOU*** OR ANY OTHER ***INSURED*** IN ANY CRIMINAL, CIVIL, OR OTHER ACTION.

   ***WE*** HAVE NO DUTY TO PAY ANY CLAIM OR COST THAT WOULD NOT BE PAYABLE UNDER THIS POLICY IF THE ACCIDENT OR ***LOSS*** HAD OCCURRED IN THE STATE OF MARYLAND IN THE UNITED STATES OF AMERICA.

   All other policy provisions not in conflict with the provisions in this **Limited Coverage in Mexico** provision of this policy apply.

   **If Other Coverage Applies**

   Any coverage provided by this **Limited Coverage in Mexico** provision is excess over any other applicable insurance.

   **Legal Action Against Us**

   Any legal action against ***us*** arising out of an accident or ***loss*** occurring in Mexico must be brought in a court that has jurisdiction in the state of Maryland in the United States of America.

4. **Newly Owned or Newly Leased Car**

   If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

a. request ***we*** replace the ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

    (1) before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

    (2) after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date; or

b. apply to the ***State Farm Companies*** for a separate policy to insure the ***car*** newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

5. **Changes to This Policy**

    a. **Changes in Policy Provisions**

    ***We*** may only change the provisions of this policy by:

    (1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

    (2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then ***we*** will give ***you*** the broader coverage as of the date ***we*** make the change effective in the state of Maryland without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

    b. **Change of Interest**

    (1) No change of interest in this policy is effective unless ***we*** consent in writing.

    (2) Except under Death, Dismemberment and Loss of Sight Coverage, if a named insured shown on the Declarations Page dies, then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

        (a) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

        (b) the legal representative of the deceased named insured.

    This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

    Policy notice requirements are met by mailing the notice to the most recent policy address that ***we*** have on record for the deceased named insured.

    c. **Joint and Individual Interests**

    If ***you*** consists of more than one ***person*** or entity, then each acts for all to change or cancel the policy.

    d. **Change of Policy Address**

    ***We*** may change the named insured's policy address as shown on the Declarations Page and in ***our*** records to the most recent address provided to ***us*** by:

    (1) ***you***; or

    (2) the United States Postal Service.

6. **Premium**

    a. Unless as otherwise provided by an alternative payment plan in effect with the ***State Farm Companies*** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

    b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

    c. The premium for this policy may vary based upon:

    (1) the purchase of other products or services from the ***State Farm Companies***;

    (2) the purchase of products or services from an organization that has entered into an agreement or contract with the ***State Farm Companies***. The ***State Farm Companies*** do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization; or

    (3) an agreement, concerning the insurance provided by this policy, that the

***State Farm Companies*** has with an organization of which ***you*** are a member, employee, subscriber, licensee, or franchisee.

d. The premium for this policy is based upon information ***we*** have received from ***you*** or other sources. ***You*** must inform ***us*** if any information regarding the following is incorrect or incomplete, or changes during the policy period, and ***you*** must answer questions ***we*** ask regarding the following:

(1) ***Your car***, or its use, including annual mileage;

(2) The ***persons*** who regularly drive ***your car***, including newly licensed family members;

(3) ***Your*** marital status; or

(4) The location where ***your car*** is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to ***us*** when ***we*** ask, then ***we*** may decrease or increase the premium during the policy period. If ***we*** decrease the premium during the policy period, then ***we*** will provide a refund or a credit in the amount of the decrease. If ***we*** increase the premium during the policy period, then ***you*** must pay the amount of the increase.

7. **Renewal**

***We*** agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless ***we*** mail a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

8. **Nonrenewal**

If ***we*** decide not to renew this policy, then, at least 45 days before the end of the current policy period, ***we*** will mail a nonrenewal notice to the most recent policy address that ***we*** have on record for the named insured who is shown on the Declarations Page.

9. **Cancellation**

a. **How You May Cancel**

***You*** may cancel this policy by providing to ***us*** advance notice of the date cancellation is effective. ***We*** may confirm the cancellation in writing.

b. **How and When We May Cancel**

***We*** may cancel this policy by mailing a written notice to the most recent policy address that ***we*** have on record for the named insured who is shown on the Declarations Page. The notice will provide the date cancellation is effective.

(1) If ***we*** mail a cancellation notice:

(a) because the premium is not paid when due, then the date cancellation is effective will be at least 10 days after the date ***we*** mail the cancellation notice; or

(b) during the first 45 days of the binder or policy's effective date, then the date cancellation is effective will be at least 15 days after the date ***we*** mail the cancellation notice.

Otherwise, the date cancellation is effective will be at least 45 days after the date ***we*** mail the cancellation notice.

(2) After this policy has been in force for more than 45 days, ***we*** will not cancel this policy before the end of the current policy period unless:

(a) the premium is not paid when due;

(b) the named insured who is shown on the Declarations Page or a covered driver under this policy has had his or her driver's license or motor vehicle registration suspended or revoked for reasons relating to his or her driving record;

(c) there has been a material misrepresentation or fraud in connection with the application, policy, or presentation of a claim;

(d) there is a matter or issue related to the risk that constitutes a threat to public safety; or

(e) there is a change in the condition of the risk that results in an increase in the hazard insured against.

c. **Return of Premium**

(1) Premium will be returned on a short rate basis if ***you*** cancel this policy during the first policy period, unless (2)(b) below applies. Premium returned on a short rate basis will be equal to:

(a) a pro rata return of premium using the number of days that were remaining in the policy period compared to the number of days that were in the full policy period; minus

(b) up to 11% of the premium for the full policy period.

(2) Premium will be returned on a pro rata basis using the number of days that were remaining in the current policy period compared to the number of days that were in the full, current policy period if:

(a) ***you*** cancel this policy after the first policy period;

(b) one or more of the following exceptions to return of premium on a short rate basis described in (1) above applies:

i. The named insured who is shown on the Declarations Page continues to be the named insured on another car policy with ***us***;

ii. ***Your car*** is stolen, destroyed, junked, or sold;

iii. This policy is replaced by another policy issued by ***us*** that covers the same vehicle described as ***your car*** under this policy;

iv. The cancellation is due to the death of a named insured who is shown on the Declarations Page; or

(c) ***we*** cancel this policy.

(3) Premium may be returned within a reasonable time after cancellation. Delay in the return of any premium does not affect the cancellation date.

10. **Assignment**

No assignment of benefits or other transfer of rights is binding upon ***us*** unless approved by ***us***.

11. **Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the ***insured*** or his or her estate will not relieve ***us*** of ***our*** obligations under this policy.

12. **Concealment or Fraud**

There is no coverage under this policy if ***you*** or any other ***person*** insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

This provision does not apply to Liability Coverage unless the ***person*** making claim under that coverage colludes with ***you*** or any other ***person*** insured under that coverage in making false statements as described above.

13. **Our Right to Recover Our Payments**

Death, Dismemberment and Loss of Sight Coverage and No-Fault Coverage payments are not recoverable by ***us***. Under all other coverages, the following apply:

a. **Subrogation**

If ***we*** are obligated under this policy to make payment to or for a ***person*** or organization who has a legal right to collect from another ***person*** or organization, then ***we*** will be subrogated to that right to the extent of ***our*** payment.

The ***person*** or organization to or for whom ***we*** make payment must help ***us*** recover ***our*** payments by:

(1) doing nothing to impair that legal right;

(2) executing any documents ***we*** may need to assert that legal right; and

(3) taking legal action through ***our*** representatives when ***we*** ask.

b. **Reimbursement**

If ***we*** make payment under this policy and the ***person*** or organization to or for whom ***we*** make payment recovers or has recovered from another ***person*** or organization, then the ***person*** or organization to or for whom ***we*** make payment must:

(1) hold in trust for ***us*** the proceeds of any recovery; and

(2) reimburse ***us*** to the extent of ***our*** payment.

14. **Legal Action Against Us**

Legal action may not be brought against ***us*** until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against ***us*** regarding:

a. Liability Coverage after the amount of damages an ***insured*** is legally liable to pay has been finally determined by:

(1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(2) agreement between the claimant and ***us***.

b. No-Fault Coverage, Uninsured Motor Vehicle Coverage, Physical Damage Coverage, and Death, Dismemberment and Loss of Sight Coverage, until 30 days after ***we*** get the ***insured's*** notice of accident or ***loss***.

15. **Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. Maryland will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

16. **Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

**Policy**

**Policy Details** | **Additional Policy Details** | **More Policy Details** | **Drivers**

**Insured Information**

**Insured:** DEAN, WILLIAM R
2114 19TH ST
GULFPORT MS 39501-2917

☐ **Lease/Lien**

**Policy Information**

**Policy Number:** 2703-389-24C **Car:** **Effective Term:** 01/17/2020

**Company:** STATE FARM MUTUAL **Division Number:** 2

**Policy Source:** PMR **Form Number:** 9824A

**Coverage In Force:** A 50/100/100,C 2,000,D1000,G1000,H,R1 80%/1000,U1 25/50/100

**Status:** POLICY IN FORCE

**Agent Name:** GUILLORY, MATTHEW J **Code:** 3218 **Phone:** (601) 427-5938

**Vehicle**

**Year:** 2016 **Body Style:** PICKUP

**Make:** RAM **VIN:** 3C6UR5FJ2GG299105

**Model:** 2500 **Prior Damage:** N

Forms and Endorsements | Underwriting Review | Verify Driver | Policy Request | Related Policies | Update

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See “INSURED’S DUTIES” in this policy booklet.)

# State Farm® **Car Policy** Booklet

**Missouri**

Policy Form 9825A

## CONTENTS

**THIS POLICY** ..... 3

**DEFINITIONS** ..... 4

**LIABILITY COVERAGE** ..... 5

Additional Definition ..... 5
Insuring Agreement ..... 6
Supplementary Payments ..... 6
Limits ..... 6
Nonduplication ..... 7
Exclusions ..... 7
If Other Liability Coverage Applies ..... 8
Required Out-of-State Liability Coverage ..... 9
Financial Responsibility Certification ..... 9

**MEDICAL PAYMENTS COVERAGE** ..... 9

Additional Definitions ..... 9
Insuring Agreement ..... 10
Determining Medical Expenses ..... 10
Limit ..... 10
Nonduplication ..... 10
Exclusions ..... 10
If Other Medical Payments Coverage or Similar Vehicle Insurance Applies ..... 11
Our Payment Options ..... 12

**UNINSURED MOTOR VEHICLE COVERAGE** ..... 13

Additional Definitions ..... 13
Insuring Agreement ..... 13
Notice of Tentative Settlement ..... 13
Deciding Fault and Amount ..... 13
Limits ..... 14
Nonduplication ..... 14
Exclusions ..... 14
If Other Uninsured Motor Vehicle Coverage Applies ..... 14
Our Payment Options ..... 15

**UNDERINSURED MOTOR VEHICLE COVERAGE** ..... 15

Additional Definitions ..... 15
Insuring Agreement ..... 15
Notice of Tentative Settlement ..... 16
Deciding Fault and Amount ..... 16
Limits ..... 16
Nonduplication ..... 17
Exclusions ..... 17
If Other Underinsured Motor Vehicle Coverage Applies ..... 17
Our Payment Options ..... 18

**PHYSICAL DAMAGE COVERAGES** ..... 18

Additional Definitions ..... 18
Insuring Agreements ..... 19
Supplementary Payments – Comprehensive Coverage and Collision Coverage ..... 20
Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage ..... 21
Limits – Car Rental and Travel Expenses Coverage ..... 22
Nonduplication ..... 22
Exclusions ..... 22
If Other Physical Damage Coverage or Similar Coverage Applies ..... 24
Financed Vehicle ..... 24
Our Payment Options ..... 24

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE** ..... 25

Additional Definition ..... 25
Insuring Agreement ..... 25
Benefit ..... 25
Exclusions – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage ..... 26
Our Payment Options– Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage ..... 27

**LOSS OF EARNINGS COVERAGE** ..... 26

Additional Definitions ..... 26
Insuring Agreement ..... 26
Limit ..... 26
Exclusions– Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage ..... 26
Our Payment Options – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage ..... 27

**INSURED'S DUTIES** .......... 27
Notice to Us of an Accident or Loss .......... 27
Notice to Us of a Claim or Lawsuit .......... 27
Insured's Duty to Cooperate With Us .......... 27
Questioning Under Oath .......... 27
Other Duties Under the Physical Damage Coverages .......... 28
Other Duties Under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage .......... 28
**GENERAL TERMS** .......... 29
When Coverage Applies .......... 29
Where Coverage Applies .......... 29
Newly Owned or Newly Leased Car .......... 29
Changes to This Policy .......... 29
Premium .......... 30
Renewal .......... 30
Nonrenewal .......... 30
Cancellation .......... 30
Assignment .......... 31
Bankruptcy or Insolvency of the Insured .......... 31
Concealment or Fraud .......... 31
Our Right to Recover Our Payments .......... 31
Legal Action Against Us .......... 31
Choice of Law .......... 31
Severability .......... 32

## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.
2. This policy contains all of the agreements between all named insureds who are shown on the Declarations Page and all applicants and:
   a. ***us***; and
   b. any of ***our*** agents.
3. ***We*** agree to provide insurance according to the terms of this policy:
   a. based on payment of premium for the coverages chosen; and
   b. unless otherwise stated in "EXCEPTIONS, POLICY BOOKLET, & ENDORSEMENTS" on the Declarations Page, in reliance on the following statements:
      (1) The named insured shown on the Declarations Page is the sole owner of ***your car***.
      (2) Neither ***you*** nor any member of ***your*** household has, within the past three years, had either:
         (a) a license to drive; or
         (b) a vehicle registration

         suspended, revoked, or refused.
      (3) ***Your car*** is used for pleasure and business.
4. All named insureds shown on the Declarations Page and all applicants agree by acceptance of this policy that:
   a. the statements in 3.b. above are made by such named insured or applicant and are true; and
   b. ***we*** provide this insurance on the basis those statements are true.
5. ***Your*** purchase of this policy may allow ***you*** to purchase certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other policies from the ***State Farm Companies***, subject to their applicable eligibility rules.

## DEFINITIONS

***We*** define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, possessive, and any other form of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. ***Car*** does not include:

1. Any vehicle while located for use as a dwelling or other premises; or
2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

***Fungi*** means any type or form of fungus or fungi and includes:

1. Mold;
2. Mildew; and
3. Any of the following that are produced or released by fungi:
   a. Mycotoxins;
   b. Spores;
   c. Scents; or
   d. Byproducts.

***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
2. the end of the 30th calendar day immediately following the date the ***car*** is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***:
   a. ***you***;
   b. any ***resident relative***;
   c. any other ***person*** who resides primarily in ***your*** household; or
   d. an employer of any ***person*** described in a., b., or c. above; nor
2. has been operated by, rented by, or in the possession of:
   a. ***you***; or
   b. any ***resident relative***

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or ***loss***.

***Occupying*** means in, on, entering, or exiting.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;
2. registered to; or
3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Pedestrian*** means a ***person*** who is not ***occupying***:

1. a motorized vehicle; or
2. a vehicle designed to be pulled by a motorized vehicle.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or
2. a pickup truck, van, minivan, or sport utility vehicle:
   a. that is not used for:
      (1) wholesale; or
      (2) retail

      pickup or delivery; and
   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Resident Relative*** means a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of

either who is away at school and otherwise maintains his or her primary residence with that named insured; or

2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;
2. State Farm Fire and Casualty Company; and
3. Subsidiaries or affiliates of either 1. or 2. above.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. damage; or
   e. theft; and
2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. a trailer:
   a. designed to be pulled by a ***private passenger car***;
   b. not designed to carry ***persons***; and
   c. while not used as premises for office, store, or display purposes; or
2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under "YOUR CAR", and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;
2. the date this policy is no longer in force; or
3. the date ***you*** no longer own or lease the ***car*** being replaced.

## LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***trailer***; and
   b. the maintenance or use of:
      (1) a ***non-owned car***; or
      (2) a ***temporary substitute car***;
2. the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished by an employer to, a ***person*** who resides primarily in ***your*** household, but only if such ***car*** is neither ***owned by***, nor furnished by an employer to, the first ***person*** shown as a named insured on the Declarations Page or that ***person's*** spouse;
3. any other ***person*** for his or her use of:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent; and

4. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. ***We*** will pay:
   a. damages an ***insured*** becomes legally liable to pay because of:
      (1) ***bodily injury*** to others; and
      (2) damage to property

      caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy;
   b. attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages; and
   c. court costs charged to an ***insured*** and resulting from that part of a lawsuit:
      (1) that seeks damages payable under this policy's Liability Coverage; and
      (2) against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

   ***We*** have no duty to pay attorney fees and court costs incurred after ***we*** deposit in court or pay the amount due under this policy's Liability Coverage.
2. ***We*** have the right to:
   a. investigate, negotiate, and settle any claim or lawsuit;
   b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and
   c. appeal any award or legal decision

   for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the ***insured*** that accrues:
   a. before a judgment, where owed by law, but only on that part of the judgment ***we*** pay; and
   b. after a judgment. ***We*** will not pay interest on damages paid or payable by a party other than the ***insured*** or ***us***.

   ***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;
2. Premiums for bonds, provided by a company chosen by ***us***, required to appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:
   a. pay for bonds that exceed this policy's applicable Liability Coverage limit;
   b. furnish or apply for any bonds; or
   c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and
3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:
   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:
      (1) an arbitration;
      (2) a mediation; or
      (3) a trial of a lawsuit; and
   b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident, including all damages sustained by other ***persons*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***persons*** injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay any damages or expenses under Liability Coverage:

1. that have already been paid as expenses under Medical Payments Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
2. that have already been paid under Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions**

1. THERE IS NO COVERAGE FOR AN ***INSURED*** TO THE EXTENT THE LIABILITY COVERAGE LIMITS OF THIS POLICY EXCEED THE LIABILITY COVERAGE LIMITS REQUIRED BY THE MISSOURI FINANCIAL RESPONSIBILITY LAW:
   a. IF THAT ***INSURED*** INTENTIONALLY CAUSES ***BODILY INJURY*** OR DAMAGE TO PROPERTY;
   b. FOR ***BODILY INJURY*** TO:
      (1) ***YOU***;
      (2) ***RESIDENT RELATIVES***; AND
      (3) ANY OTHER ***PERSON*** WHO BOTH RESIDES PRIMARILY WITH AN ***INSURED*** AND WHO:
         (a) IS RELATED TO THAT ***INSURED*** BY BLOOD, MARRIAGE, OR ADOPTION; OR
         (b) IS A WARD OR FOSTER CHILD OF THAT ***INSURED***;
   c. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
   d. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion (d.) does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
   e. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion (e.) does not apply to:
      (1) ***you***;
      (2) any ***resident relative***; or
      (3) ***your*** agents, employees, or business partners

      while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;
   f. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
   g. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion (g.) does not apply to the maintenance or use of a ***private passenger car***;
   h. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;
   i. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;
   j. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:
      (1) OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
      (2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (2) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving; OR
   k. IF THAT ***INSURED*** IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.
2. THERE IS NO COVERAGE FOR AN ***INSURED***:
   a. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY

TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;

b. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion (b.) does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;

c. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion (c.) does not apply to ***you*** and ***resident relatives*** who are legally liable for ***bodily injury*** to fellow employees;

d. FOR DAMAGE TO PROPERTY WHILE IT IS:

   (1) ***OWNED BY***;

   (2) RENTED TO;

   (3) USED BY;

   (4) IN THE CARE OF; OR

   (5) TRANSPORTED BY

   ***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion (d.) does not apply to:

   (1) damage to a:

      (a) motor vehicle ***owned by*** the employer of ***you*** or any ***resident relative*** if such damage is caused by an ***insured*** while operating another motor vehicle;

      (b) residence while rented to or leased to an ***insured***; or

      (c) private garage while rented to or leased to an ***insured***; or

   (2) damage to a ***car***:

      (a) operated by an ***insured***; and

      (b) ***owned by*** a ***person*** or organization engaged in the business of selling, repairing or servicing motor vehicles; and

      (c) loaned to ***you*** or a ***resident relative*** for demonstration purposes or as a replacement for ***your car*** while it is out of use due to breakdown, repair or servicing;

e. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;

**If Other Liability Coverage Applies**

1. If Liability Coverage provided by this policy and one or more other Car Policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same accident, then:

   a. the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of ***your car*** or a ***trailer*** attached to it.

   The Liability Coverage provided by this policy also applies as primary coverage for the use of a ***car*** owned by a ***person*** or organization engaged in the business of selling, repairing, or servicing motor vehicles. This applies only while the ***car*** is operated by an ***insured*** if such ***car*** is loaned to ***you*** or a ***resident relative*** for demonstration purposes or as a replacement for ***your car*** while it is out of use due to breakdown, repair, or servicing.

   a. If:

      (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as primary coverage; and

      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as primary coverage.

   b. If:

      (1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as primary coverage; and

      (2) liability coverage provided by one or more sources other than the ***State***

***Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.
   a. If:
      (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as excess coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as excess coverage.
   b. If:
      (1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as excess coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an ***insured*** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and
2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

## MEDICAL PAYMENTS COVERAGE

This policy provides Medical Payments Coverage if "C" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you*** and ***resident relatives***:
   a. while ***occupying***:
      (1) ***your car***;
      (2) a ***newly acquired car***;
      (3) a ***temporary substitute car***;
      (4) a ***non-owned car***; or
      (5) a ***trailer*** while attached to a ***car*** described in (1), (2), (3), or (4) above; or
   b. if struck as a ***pedestrian*** by a motor vehicle or any type of trailer; and
2. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent.

***Medical Expenses*** mean ***reasonable expenses*** for ***medical services***.

***Medical Services*** mean treatments, procedures, products, and other services that are:

1. necessary to achieve maximum medical improvement for the ***bodily injury***;
2. rendered by a healthcare provider:
   a. who is licensed as a healthcare provider if a license is required by law; and
   b. within the legally authorized scope of that healthcare provider's practice;
3. commonly and customarily recognized throughout the medical profession and within the United States of America as appropriate for the treatment of the ***bodily injury***;
4. primarily designed to serve a medical purpose;
5. not experimental; and
6. not for research purposes.

***Reasonable Expenses*** mean the lowest one of the following charges:

1. The usual and customary fees charged by a majority of healthcare providers who provide similar ***medical services*** in the geographical area in which the charges were incurred;
2. The fee specified in any fee schedule:
   a. applicable to medical payments coverage, no-fault coverage, or personal injury protection coverage included in motor vehicle liability policies issued in the state where ***medical services*** are provided; and
   b. as prescribed or authorized by the law of the state where ***medical services*** are provided;
3. The fees agreed to by both the ***insured's*** healthcare provider and ***us***; or
4. The fees agreed upon between the ***insured's*** healthcare provider and a third party when ***we*** have a contract with such third party.

**Insuring Agreement**

***We*** will pay:

1. ***medical expenses*** incurred because of ***bodily injury*** that is sustained by an ***insured*** and caused by a motor vehicle accident if:
   a. that ***insured*** is first provided ***medical services*** within one year immediately following the date of the accident; and
   b. such ***medical expenses*** are for ***medical services*** that are provided within three years immediately following the date of the accident; and
2. funeral expenses incurred for an ***insured*** who dies within three years immediately following the date of a motor vehicle accident if the death is a direct result of ***bodily injury*** sustained in such accident.

**Determining Medical Expenses**

***We*** have the right to:

1. obtain and use:
   a. utilization reviews;
   b. peer reviews; and
   c. medical bill reviews

   to determine if the incurred charges are ***medical expenses***;
2. use a medical examination of the ***insured*** to determine if:
   a. the ***bodily injury*** was caused by a motor vehicle accident; and
   b. the expenses incurred are ***medical expenses;*** and
3. enter into a contract with a third party that has an agreement with the ***insured's*** healthcare provider to charge fees as determined by that agreement.

**Limit**

The Medical Payments Coverage limit is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person". This limit is the most ***we*** will pay for the ***medical expenses*** and funeral expenses combined, incurred by or on behalf of any one ***insured*** as a result of any one accident, regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

Subject to the limit shown on the Declarations Page, the most ***we*** will pay for funeral expenses incurred for any one ***insured*** is $3,000.

**Nonduplication**

***We*** will not pay any ***medical expenses*** or funeral expenses under Medical Payments Coverage that have already been paid as damages:

1. under Liability Coverage, Uninsured Motor Vehicle Coverage, or Underinsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
2. by or on behalf of a party who is legally liable for the ***insured's bodily injury***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A MOTOR VEHICLE, ***OWNED BY*** THAT ***INSURED*** OR ***YOU***, IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***;

2. IF ANY WORKERS' COMPENSATION LAW OR ANY SIMILAR LAW APPLIES TO THAT ***INSURED'S BODILY INJURY***;
3. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
4. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to:
   a. the use of a ***private passenger car*** on a share-the-expense basis; or
   b. an ***insured*** while ***occupying*** a ***non-owned car*** as a passenger;
5. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***;
   b. any ***resident relative***; or
   c. ***your*** agents, employees, or business partners

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;
6. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
7. WHILE MAINTAINING OR USING A ***NON-OWNED CAR*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
8. WHO IS EITHER ***OCCUPYING*** OR STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES;
9. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT:
   a. IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   b. RUNS ON RAILS OR CRAWLER-TREADS;
10. WHOSE ***BODILY INJURY*** RESULTS FROM WAR OF ANY KIND;
11. WHOSE ***BODILY INJURY*** RESULTS FROM:
    a. NUCLEAR REACTION;
    b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
    c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
12. WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
13. WHOSE ***BODILY INJURY*** RESULTS FROM EXPOSURE TO ***FUNGI***; OR
14. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS:
    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (14.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving.

**If Other Medical Payments Coverage or Similar Vehicle Insurance Applies**

1. An ***insured*** shall not recover for the same ***medical expenses*** or funeral expenses under both this coverage and other medical payments coverage or similar vehicle insurance.
2. If Medical Payments Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:
   a. the Medical Payments Coverage limits of such policies shall not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
3. The Medical Payments Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car*** or a ***trailer*** attached to it.

a. If:

(1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.

4. Except as provided in 3. above, the Medical Payments Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***;
4. A ***person*** authorized by law to receive such payment; or
5. Any ***person*** or organization that provides the ***medical services*** or funeral services.

## UNINSURED MOTOR VEHICLE COVERAGE

This policy provides Uninsured Motor Vehicle Coverage if "U" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***; or
   c. a ***temporary substitute car***.

   Such vehicle must be used within the scope of ***your*** consent. Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and
4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Uninsured Motor Vehicle*** means a land motor vehicle:

1. the ownership, maintenance, and use of which is:
   a. not insured or bonded for bodily injury liability at the time of the accident; or
   b. insured or bonded for bodily injury liability at the time of the accident; but
      (1) the limits are less than required by the financial responsibility act of Missouri; or
      (2) the insuring company:
         (a) denies that its policy provides liability coverage for compensatory damages that result from the accident; or
         (b) is or becomes insolvent; or
2. the owner and driver of which remain unknown and which causes ***bodily injury*** to the ***insured***.

***Uninsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by***, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law;
3. designed for use primarily off public roads except while on public roads; or
4. while located for use as a dwelling or other premises.

**Insuring Agreement**

***We*** will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***. The ***bodily injury*** must be:

1. sustained by an ***insured***; and
2. caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle.

**Notice of Tentative Settlement**

1. The ***insured*** must:
   a. inform ***us*** in writing of a tentative settlement, if any, proposed by or on behalf of the owner or driver of the ***uninsured motor vehicle***; and
   b. give ***us*** a reasonable period of time to make a substitute payment to the ***insured*** in an amount equal to such tentative settlement offer.
2. If a substitute payment is made by ***us***, then:
   a. such payment shall be considered a payment made by or on behalf of the owner or driver of the ***uninsured motor vehicle***; and
   b. any recovery from or on behalf of the owner or driver of the ***uninsured motor vehicle*** shall first be used to repay ***us*** the amount of the substitute payment.

      The decision to make a substitute payment can only be made by ***us***. A substitute payment to an ***insured*** does not reduce or increase the limits of coverage otherwise available to that ***insured*** under this coverage or any other coverage of this policy.
3. If ***we*** elect to not make a substitute payment within a reasonable period of time, then the acceptance of the tentative settlement by the ***insured*** shall not be considered to have prejudiced ***us*** with respect to ***our*** rights of subrogation or reimbursement as to the owner or driver of the ***uninsured motor vehicle***.

**Deciding Fault and Amount**

1. a. The ***insured*** and ***we*** must agree to the answers to the following two questions:
      (1) Is the ***insured*** legally entitled to recover compensatory damages from the owner or driver of the ***uninsured motor vehicle***?
      (2) If the ***insured*** and ***we*** agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the ***insured*** is legally entitled to recover

from the owner or driver of the ***uninsured motor vehicle***?

b. If there is no agreement on the answer to either question in 1.a. above, then the ***insured*** shall:

(1) file a lawsuit, in a state or federal court that has jurisdiction, against:

(a) ***us***; and

(b) any other party or parties, including the owner or driver of the ***uninsured motor vehicle***, who may still be legally liable for the ***insured's*** damages;

(2) consent to a jury trial if requested by ***us***;

(3) agree that ***we*** may contest the issues of liability and the amount of damages; and

(4) secure a judgment in that action. The judgment must be the final result of an actual trial and an appeal, if an appeal is taken.

2. ***We*** are not bound by any:

a. judgment obtained without ***our*** written consent; and

b. default judgment against any ***person*** or organization other than ***us***.

3. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1. The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

2. The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident.

3. These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:

a. ***insureds***;

b. claims made;

c. vehicles insured; or

d. vehicles involved in the accident.

4. These Uninsured Motor Vehicle Coverage limits will not be reduced by any amount paid or payable to or for the ***insured*** under Medical Payments Coverage of this policy or any workers compensation law, disability benefits law, or similar law.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Coverage any damages that have already been paid to or for the ***insured***:

1. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***;

2. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or

3. that have already been paid as expenses under Medical Payments Coverage of this policy, the medical payments coverage of any other policy, or other similar vehicle insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY*** AND THEREBY IMPAIRS ***OUR*** RIGHT TO RECOVER ***OUR*** PAYMENTS;

2. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;

3. TO THE EXTENT IT BENEFITS:

a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;

b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR

c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;

4. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR

5. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**If Other Uninsured Motor Vehicle Coverage Applies**

1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the

same ***bodily injury*** sustained by a ***person*** other than ***you*** or any ***resident relative***, then:

a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

2. If the Uninsured Motor Vehicle Coverage provided by this policy and uninsured motor vehicle coverage provided by one or more other sources applies for the same accident, then ***we*** will pay the proportion of damages that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other applicable uninsured motor vehicle coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

## UNDERINSURED MOTOR VEHICLE COVERAGE

This policy provides Underinsured Motor Vehicle Coverage if "W" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***; or
   c. a ***temporary substitute car***.

   Such vehicle must be used within the scope of ***your*** consent. Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and
4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Underinsured Motor Vehicle*** means a land motor vehicle:

1. the ownership, maintenance, and use of which is either:
   a. insured or bonded for bodily injury liability at the time of the accident; or
   b. self-insured under any motor vehicle financial responsibility law, any motor carrier law, or any similar law; and
2. for which the total limits of insurance, bonds, and self-insurance for bodily injury liability from all sources:
   a. are less than the amount of the ***insured's*** damages; or
   b. have been reduced by payments to ***persons*** other than the ***insured*** to less than the amount of the ***insured's*** damages.

***Underinsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by***, rented to, or furnished or available for the regular use of ***you***;
3. ***owned by*** or rented to any government or any of its political subdivisions or agencies;
4. designed for use primarily off public roads except while on public roads;
5. while located for use as a dwelling or other premises; or
6. defined as an ***uninsured motor vehicle*** under Uninsured Motor Vehicle Coverage of this policy.

**Insuring Agreement**

***We*** will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***underinsured motor vehicle***. The ***bodily injury*** must be:

1. sustained by an ***insured***; and
2. caused by an accident that involves the operation, maintenance, or use of an ***underinsured motor vehicle*** as a motor vehicle.

***We*** will pay only if the full amount of all available limits of all bodily injury liability bonds, policies, and self-insurance plans that apply to the ***insured's***

***bodily injury*** have been used up by payment of judgments or settlements, or have been offered to the ***insured*** in writing.

**Notice of Tentative Settlement**

1. The ***insured*** must:
   a. inform ***us*** in writing of a tentative settlement, if any, proposed by or on behalf of the owner or driver of the ***underinsured motor vehicle***; and
   b. give ***us*** a reasonable period of time to make a substitute payment to the ***insured*** in an amount equal to such tentative settlement offer.
2. If a substitute payment is made by ***us***, then:
   a. such payment shall be considered a payment made by or on behalf of the owner or driver of the ***underinsured motor vehicle***; and
   b. any recovery from or on behalf of the owner or driver of the ***underinsured motor vehicle*** shall first be used to repay ***us*** the amount of the substitute payment.

   The decision to make a substitute payment can only be made by ***us***. A substitute payment to an ***insured*** does not reduce or increase the limits of coverage otherwise available to that ***insured*** under this coverage or any other coverage of this policy.
3. If ***we*** elect to not make a substitute payment within a reasonable period of time, then the acceptance of the tentative settlement by the ***insured*** shall not be considered to have prejudiced ***us*** with respect to ***our*** rights of subrogation or reimbursement as to the owner or driver of the ***underinsured motor vehicle***.

**Deciding Fault and Amount**

1. a. The ***insured*** and ***we*** must agree to the answers to the following two questions:
      (1) Is the ***insured*** legally entitled to recover compensatory damages from the owner or driver of the ***underinsured motor vehicle***?
      (2) If the ***insured*** and ***we*** agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***underinsured motor vehicle***?
   b. If there is no agreement on the answer to either question in 1.a. above, then the ***insured*** shall:
      (1) file a lawsuit, in a state or federal court that has jurisdiction, against:
         (a) ***us***; and
         (b) any other party or parties, including the owner or driver of the ***underinsured motor vehicle***, who may still be legally liable for the ***insured's*** damages;
      (2) consent to a jury trial if requested by ***us***;
      (3) agree that ***we*** may contest the issues of liability and the amount of damages; and
      (4) secure a judgment in that action. The judgment must be the final result of an actual trial and an appeal, if an appeal is taken.
2. ***We*** are not bound by any:
   a. judgment obtained without ***our*** written consent; and
   b. default judgment against any ***person*** or organization other than ***us***.
3. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1. The Underinsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Underinsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".
   a. The most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***, is the lesser of:
      (1) the amount of all damages resulting from that ***bodily injury*** reduced by the sum of all payments for damages resulting from that ***bodily injury*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***bodily injury***; or
      (2) the limit shown under "Each Person".
   b. Subject to a. above, the most ***we*** will pay for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident is the limit shown under "Each Accident".
2. These Underinsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:

a. ***insureds***;
b. claims made;
c. vehicles insured; or
d. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Underinsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for the ***insured***:
   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or
   b. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***;
2. that:
   a. have already been paid;
   b. could have been paid; or
   c. could be paid

   to or for the ***insured*** under any workers' compensation law, disability benefits law, or similar law; or
3. that have already been paid as expenses under Medical Payments Coverage of this policy, the medical payments coverage of any other policy, or other similar vehicle insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY*** AND THEREBY IMPAIRS ***OUR*** RIGHT TO RECOVER ***OUR*** PAYMENTS;
2. FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY***:
   a. WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***; OR
   b. THROUGH BEING STRUCK BY A MOTOR VEHICLE ***OWNED BY*** ANY ***RESIDENT RELATIVE***.

   This exclusion does not apply to the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while ***occupying*** or through being struck by a motor vehicle not ***owned by*** one or both of them;
3. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
4. TO THE EXTENT IT BENEFITS:
   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;
   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR
   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;
5. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR
6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**If Other Underinsured Motor Vehicle Coverage Applies**

1. If Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:
   a. the Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
2. The Underinsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***.
   a. If:
      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and
      (2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

(2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Underinsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";
2. Collision Coverage if "G";
3. Emergency Road Service Coverage if "H";
4. Car Rental and Travel Expenses Coverage if "R1" is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

***Covered Vehicle*** means:

1. ***your car***;

2. a ***newly acquired car***;
3. a ***temporary substitute car***;
4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;
5. a ***non-owned car*** while it is:
   a. being driven by an ***insured***; or
   b. in the custody of an ***insured*** if at the time of the ***loss*** it is:
      (1) not being driven; or
      (2) being driven by a ***person*** other than an ***insured*** and being ***occupied*** by an ***insured***;
6. a ***non-owned trailer*** while it is being used by an ***insured***; and
7. a ***non-owned camper*** while it is being used by an ***insured***;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of ***trailers*** and campers must be securely fixed as a permanent part of the ***trailer*** or camper.

***Daily Rental Charge*** means the sum of:

1. the daily rental rate;
2. mileage charges; and
3. related taxes.

***Insured*** means ***you*** and ***resident relatives***.

***Loss*** means:

1. direct, sudden, and accidental damage to; or
2. total or partial theft of

a ***covered vehicle***. ***Loss*** does not include any reduction in the value of any ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

***Loss Caused By Collision*** means a ***loss*** caused by:

1. a ***covered vehicle*** hitting or being hit by another vehicle or another object; or
2. the overturning of a ***covered vehicle***.

Any ***loss*** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a ***Loss Caused By Collision***.

***Non-Owned Camper*** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

***Non-Owned Trailer*** means a ***trailer*** that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

**Insuring Agreements**

1. **Comprehensive Coverage**

   ***We*** will pay:

   a. for ***loss***, except ***loss caused by collision***, to a ***covered vehicle***; and
   b. transportation expenses incurred by an ***insured*** as a result of the total theft of ***your car*** or a ***newly acquired car***. These transportation expenses are payable:
      (1) during the period that:
         (a) starts on the date ***you*** report the theft to ***us***; and
         (b) ends on the earliest of:
            (i) the date the vehicle is returned to ***your*** possession in a drivable condition;
            (ii) the date ***we*** offer to pay for the ***loss*** if the vehicle has not yet been recovered; or
            (iii) the date ***we*** offer to pay for the ***loss*** if the vehicle is recovered, but is a total loss as determined by ***us***; and
      (2) during the period that:
         (a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to ***your*** possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and
         (b) ends on the date the vehicle is repaired.

      These transportation expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

2. **Collision Coverage**

   ***We*** will pay for ***loss caused by collision*** to a ***covered vehicle***.

3. **Emergency Road Service Coverage**

   ***We*** will pay the fair cost incurred by an ***insured*** for:

   a. up to one hour of labor to repair a ***covered vehicle*** at the place of its breakdown;

   b. towing to the nearest repair facility where necessary repairs can be made if a ***covered vehicle*** is not drivable;

   c. towing a ***covered vehicle*** out of a location where it is stuck if the vehicle is on or immediately next to a public road;

   d. delivery of gas, oil, battery, or tire necessary to return a ***covered vehicle*** to driving condition. ***We*** do not pay the cost of the gas, oil, battery, or tire; and

   e. up to one hour of labor for locksmith services to unlock a ***covered vehicle*** if its key is lost, stolen, or locked inside the vehicle.

4. **Car Rental and Travel Expenses Coverage**

   a. **Car Rental Expense**

      ***We*** will pay the ***daily rental charge*** incurred when ***you*** rent a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

      (1) not drivable; or

      (2) being repaired

      as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

      ***We*** will pay this ***daily rental charge*** incurred during a period that:

      (1) starts on the date:

         (a) the vehicle is not drivable as a result of the ***loss***; or

         (b) the vehicle is left at a repair facility if the vehicle is drivable; and

      (2) ends on the earliest of:

         (a) the date the vehicle has been repaired or replaced;

         (b) the date ***we*** offer to pay for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

         (c) five days after ***we*** offer to pay for the ***loss*** if the vehicle is:

            (i) a total loss as determined by ***us***; or

            (ii) stolen and not recovered.

      The amount of any such ***daily rental charge*** incurred by ***you*** must be reported to ***us*** before ***we*** will pay such amount.

   b. **Travel Expenses**

      ***We*** will pay expenses for commercial transportation, lodging, and meals if ***your car*** or a ***newly acquired car*** is not drivable as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage. The ***loss*** must occur more than 50 miles from ***your*** home. ***We*** will only pay these expenses if they are incurred by:

      (1) an ***insured*** during the period that:

         (a) starts after the ***loss*** occurs; and

         (b) ends on the earlier of:

            (i) the ***insured's*** arrival at his or her destination or home if the vehicle is left behind for repairs; or

            (ii) the repair of the vehicle if the ***insured*** waits for repairs before continuing on to his or her destination or returning home; and

      (2) ***you***, or any ***person you*** choose, to travel to retrieve the vehicle and drive it to either the original destination or ***your*** home if the vehicle was left behind for repairs.

      These expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

   c. **Rental Car – Repayment of Deductible Expense**

      ***We*** will pay the comprehensive deductible or collision deductible an ***insured*** is required to pay the owner of a ***car*** rented from a ***car business***.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Comprehensive Coverage or Collision Coverage, then ***we*** will pay reasonable expenses incurred to:

1. tow the ***covered vehicle*** immediately after the ***loss***:

   a. for a reasonable distance from the location of the ***loss*** to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable; or

   b. to any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the

***covered vehicle***. ***We*** will also pay reasonable expenses incurred to tow the ***covered vehicle*** for a reasonable distance from this facility to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable;

2. store the ***covered vehicle***, if it is not drivable immediately after the ***loss***, at:
   a. any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***; and
   b. any one repair facility chosen by the owner of the ***covered vehicle***, and ***we*** determine such vehicle is a total loss.

   If the owner of the ***covered vehicle*** consents, then ***we*** may move the ***covered vehicle*** at ***our*** expense to reduce storage costs. If the owner of the ***covered vehicle*** does not consent, then ***we*** will pay only the storage costs that would have resulted if ***we*** had moved the damaged ***covered vehicle***; and
3. clean up debris from the ***covered vehicle*** at the location of the ***loss***. The most ***we*** will pay to clean up the debris is $250 for any one ***loss***.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. ***We*** have the right to choose to settle with ***you*** or the owner of the ***covered vehicle*** in one of the following ways:
   a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible.
      (1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:
         (a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;
         (b) A bid or repair estimate approved by ***us***; or
         (c) A repair estimate that is written based upon or adjusted to:
            (i) the prevailing competitive price;
            (ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or
            (iii) a combination of (i) and (ii) above.

         The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

         ***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

         ***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.
      (2) The cost to repair the ***covered vehicle*** does not include any reduction in the value of the ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.
      (3) If the repair or replacement of a part results in betterment of that part, then ***you*** or the owner of the ***covered vehicle*** must pay for the amount of the betterment.
      (4) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced;
   b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible.
      (1) The owner of the ***covered vehicle*** and ***we*** must agree upon the actual cash value of the ***covered vehicle***. If there is disagreement as to the actual cash value of the ***covered vehicle***, then the disagreement will be resolved by appraisal upon written request of the owner or ***us***, using the following procedures:
         (a) The owner and ***we*** will each select a competent appraiser.
         (b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or ***we*** may petition a court that has jurisdiction to select the third appraiser.
         (c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third appraiser.

(d) The appraisers shall only determine the actual cash value of the ***covered vehicle***. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the ***covered vehicle*** and ***us***.

(f) ***We*** do not waive any of ***our*** rights by submitting to an appraisal.

(2) The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that the owner may keep it. If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the value of the ***covered vehicle*** after the ***loss***; or

c. Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.

3. The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

1. **Car Rental Expense**

The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

a. The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***. If:

(1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount;

(2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.

b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

2. **Travel Expenses**

The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

3. **Rental Car – Repayment of Deductible Expense**

The most ***we*** will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one ***loss*** is $500.

**Nonduplication**

***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment from, or on behalf of, a party who is legally liable for the ***loss*** or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:

a. INTENTIONALLY DAMAGED; OR

b. STOLEN

BY OR AT THE DIRECTION OF AN ***INSURED***. This exclusion does not apply to the extent of the ownership interest of an ***insured*** who had no involvement in causing the ***loss***. However, such innocent ***insured*** must comply with Missouri law by filing a police report and complete a sworn affidavit indicating the cause of the ***loss***, and pledging to cooperate in any criminal prosecution of the ***person*** committing the act causing the ***loss***;

2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

3. ANY ***COVERED VEHICLE*** WHILE IT IS USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;

4. ANY ***COVERED VEHICLE*** DUE TO:

a. THEFT;

b. CONVERSION;

c. EMBEZZLEMENT; OR

d. SECRETION

BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. ***LOSS*** TO ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IF AN ***INSURED*** VOLUNTARILY RELINQUISHES POSSESSION OF

THAT ***CAR*** TO A ***PERSON*** OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

6. ANY ***COVERED VEHICLE*** TO THE EXTENT ***OUR*** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR ***LOSS*** TO SUCH ***COVERED VEHICLE***;

7. ***LOSS*** TO ANY ***COVERED VEHICLE*** DUE TO ***FUNGI***. The exclusion does not apply if the ***fungi*** are the direct result of a ***loss*** payable under:

   a. Comprehensive Coverage and ***your car*** is insured for Comprehensive Coverage under this policy; or

   b. Collision Coverage and ***your car*** is insured for Collision Coverage under this policy;

8. TESTING OR REMEDIATION OF ***FUNGI***, REGARDLESS OF WHETHER OR NOT THE ***FUNGI*** ARE THE DIRECT RESULT OF A ***LOSS*** THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES;

9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:

   a. NUCLEAR REACTION;

   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

10. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;

11. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM WAR OF ANY KIND;

12. ***YOUR CAR*** WHILE SUBJECT TO ANY:

    a. LIEN AGREEMENT;

    b. RENTAL AGREEMENT;

    c. LEASE AGREEMENT; OR

    d. SALES AGREEMENT

    NOT SHOWN ON THE DECLARATIONS PAGE;

13. ANY ***TEMPORARY SUBSTITUTE CAR*** OR ***NON-OWNED CAR*** UNDER COMPREHENSIVE COVERAGE OR COLLISION COVERAGE IF SUCH ***CAR*** IS:

    a. ***OWNED BY*** A ***PERSON*** OR ORGANIZATION ENGAGED IN THE BUSINESS OF SELLING, REPAIRING OR SERVICING MOTOR VEHICLES; AND

    b. LOANED TO AN ***INSURED*** FOR DEMONSTRATION PURPOSES OR AS A REPLACEMENT FOR ***YOUR CAR*** WHILE IT IS OUT OF USE DUE TO BREAKDOWN, REPAIR OR SERVICING;

14. ANY ***NON-OWNED CAR*** WHILE IT IS:

    a. BEING MAINTAINED OR USED BY ANY ***PERSON*** WHILE THAT ***PERSON*** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A ***CAR BUSINESS***; OR

    b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion (14.b.) does not apply to a ***private passenger car***;

15. ANY PART OR EQUIPMENT OF A ***COVERED VEHICLE*** IF THAT PART OR EQUIPMENT:

    a. FAILS OR IS DEFECTIVE; OR

    b. IS DAMAGED AS A DIRECT RESULT OF:

       (1) WEAR AND TEAR;

       (2) FREEZING; OR

       (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

       OF THAT PART OR EQUIPMENT.

    This exclusion does not apply if the ***loss*** is the result of theft of the ***covered vehicle***;

16. ANY PART OR EQUIPMENT:

    a. THAT IS NOT LEGAL FOR USE IN OR ON THE ***COVERED VEHICLE*** IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED; OR

    b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE ***COVERED VEHICLE***.

    However, if there is a legal version of the part or equipment that is necessary for the safe operation of the ***covered vehicle***, then ***we*** will pay the cost that ***we*** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. ***We*** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;

17. TIRES. This exclusion does not apply if:

    a. ***loss*** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake,

water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or

b. ***loss caused by collision*** to another part of the ***covered vehicle*** causes ***loss*** to tires;

18. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;

19. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;

20. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:

    a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;

    b. ***OWNED BY*** AN ***INSURED***; AND

    c. NOT SHOWN ON THE DECLARATIONS PAGE; OR

21. ANY ***COVERED VEHICLE*** WHILE IT IS:

    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (21.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.

2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an ***insured*** by the ***State Farm Companies*** apply to the same ***loss*** or expense, then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a ***loss*** to ***your car***.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in ***your car***. Coverage for the creditor's interest is only provided for a ***loss*** that is payable to ***you***.

   However, if this policy is cancelled or nonrenewed, then ***we*** will provide coverage for the creditor's interest until ***we*** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a ***loss*** that would have been payable to ***you*** if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date ***we*** mail or electronically transmit a notice of the termination to the creditor.

2. If ***we*** pay such creditor, then ***we*** are entitled to the creditor's right of recovery against ***you*** to the extent of ***our*** payment. ***Our*** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**

   a. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle owned by you***:

      (1) ***You***;

      (2) The repairer; or

      (3) A creditor shown on the Declarations Page, to the extent of its interest.

b. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle*** not ***owned by you***:

(1) ***You***;

(2) The owner of such vehicle;

(3) The repairer; or

(4) A creditor, to the extent of its interest.

2. **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

***We*** may, at ***our*** option, make payment to one or more of the following:

a. ***You***;

b. The ***insured*** who incurred the expense; or

c. Any party that provided the service for which payment is owed.

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE AND LOSS OF EARNINGS COVERAGE

### DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means a ***person*** whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

**Insuring Agreement**

***We*** will pay the highest applicable benefit shown in the following Death, Dismemberment and Loss of Sight Benefits Schedules if an ***insured***:

1. dies; or
2. suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days immediately following the date of the accident.

**Benefit**

The applicable benefit shown in the schedule is the most ***we*** will pay for any one ***insured*** in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

**Death, Dismemberment and Loss of Sight Benefits Schedules**

| If the amount shown on the Declarations Page for the ***insured*** is $5,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
|---|---|
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb and a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

| If the amount shown on the Declarations Page for the ***insured*** is $10,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
|---|---|
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb and a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

The benefits shown in the schedules are doubled for an ***insured*** who at the time of the accident was ***occupying*** a ***private passenger car*** and using a seat belt in the manner recommended by the vehicle's manufacturer.

**LOSS OF EARNINGS COVERAGE**

This policy provides Loss of Earnings Coverage if "Z" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means a ***person*** whose name is shown under "Loss of Earnings Coverage – Persons Insured" on the Declarations Page.

***Total Disability*** means the ***insured's*** inability to work, either full or part time, in his or her occupation or any other similar occupation for which he or she is reasonably fitted by education, training, or experience.

***Weekly Earnings*** means 85% of all earnings for the ***insured's*** services before any deductions. When ***weekly earnings*** cannot be determined on a weekly basis an average will be used. The average is 85% of the total earnings for the 52 weeks just prior to the accident divided by 52.

**Insuring Agreement**

***We*** will pay the ***insured*** his or her loss of ***weekly earnings***, which occur while the ***insured*** is living, due to continuous ***total disability*** that:

1. is the direct result of ***bodily injury*** caused by an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause. At the time of the accident, the ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer; and
2. starts within 20 days immediately following the date of the accident and lasts for a period of at least 30 consecutive days. ***We*** will not pay for the first seven days of the 30 day period.

**Limit**

The most ***we*** will pay any one ***insured*** is:

1. $250 for each full workweek of ***total disability***; and
2. a pro rata portion of $250 for less than a full workweek of ***total disability***.

Subject to the workweek limit, the most ***we*** will pay any one ***insured*** for all loss of ***weekly earnings*** due to any one accident is $15,000.

***We*** will pay once every two weeks the ***insured's*** loss of ***weekly earnings*** owed.

**Exclusions – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage**

DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE AND LOSS OF EARNINGS COVERAGE DO NOT APPLY TO AN ***INSURED***:

1. WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A ***CAR BUSINESS***;
2. WHILE ***OCCUPYING***, LOADING, OR UNLOADING:
   a. AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;
   b. A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:
      (1) ***INSURED'S*** BUSINESS; OR
      (2) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A ***CAR BUSINESS***.

      This exclusion (2.b.) does not apply if the vehicle is a ***private passenger car***;
   c. A MILITARY VEHICLE; OR
   d. A VEHICLE WHILE IT IS:
      (1) BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
      (2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (2.d.(2)) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving;
3. WHILE ***OCCUPYING***, LOADING, UNLOADING, OR WHO IS STRUCK AS A ***PEDESTRIAN*** BY:
   a. A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;
   b. A MOTOR VEHICLE THAT IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   c. A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES; OR

4. FOR DEATH, DISMEMBERMENT, LOSS OF SIGHT, OR ***TOTAL DISABILITY*** THAT RESULTS FROM:
   a. WAR OF ANY KIND;
   b. NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
   c. THE DISCHARGE OF A FIREARM;
   d. EXPOSURE TO ***FUNGI***;
   e. SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE ***INSURED*** WAS SANE OR INSANE; OR
   f. DISEASE except pus-forming infection due to ***bodily injury*** sustained in the accident.

**Our Payment Options – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** or organization authorized by law to receive such payment.

## INSURED'S DUTIES

1. **Notice to Us of an Accident or Loss**

   The ***insured*** must give ***us*** or one of ***our*** agents notice of the accident or ***loss*** as soon as reasonably possible. The notice must give ***us***:
   a. ***your*** name;
   b. the names and addresses of all ***persons*** involved in the accident or ***loss***;
   c. the hour, date, place, and facts of the accident or ***loss***; and
   d. the names and addresses of witnesses to the accident or ***loss***.
2. **Notice to Us of a Claim or Lawsuit**
   a. If a claim is made against an ***insured***, then that ***insured*** must immediately send ***us*** every demand, notice, and claim received.
   b. If a lawsuit is filed against an ***insured***, then that ***insured*** must immediately send ***us*** every summons and legal process received.
3. **Insured's Duty to Cooperate With Us**
   a. The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:
      (1) making settlements;
      (2) securing and giving evidence; and
      (3) attending, and getting witnesses to attend, depositions, hearings, and trials.
   b. The ***insured*** must not, except at his or her own cost, voluntarily:
      (1) make any payment to others; or
      (2) assume any obligation to others

      unless authorized by the terms of this policy.
   c. Any ***person*** or organization making claim under this policy must, when ***we*** require, give ***us*** proof of loss on forms ***we*** furnish.
4. **Questioning Under Oath**

   Under:
   a. Liability Coverage, each ***insured***;
   b. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage, each ***insured***, or any other ***person*** or organization making claim or seeking payment; and
   c. Physical Damage Coverages, each ***insured*** or owner of a ***covered vehicle***, or any other ***person*** or organization making claim or seeking payment;

   must, at ***our*** option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as ***we*** require. Such ***person*** or organization must answer questions under oath, asked by anyone ***we*** name, and sign copies of the answers. ***We*** may require each ***person*** or organization answering questions under oath to answer the questions with only that ***person's*** or organization's legal representative, ***our*** representatives, any ***person*** or ***persons*** designated by ***us*** to record the questions and answers, and no other ***person*** present.

5. **Other Duties Under the Physical Damage Coverages**

   When there is a ***loss***, ***you*** or the owner of the ***covered vehicle*** must:

   a. protect the ***covered vehicle*** from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

   b. make a prompt report to the police when the ***loss*** is the result of theft;

   c. allow ***us*** to:

      (1) inspect any damaged property before its repair or disposal;

      (2) test any part or equipment before that part or equipment is removed or repaired; and

      (3) move the ***covered vehicle*** at ***our*** expense in order to conduct such inspection or testing;

   d. provide ***us*** all:

      (1) records;

      (2) receipts; and

      (3) invoices

      that ***we*** request and allow ***us*** to make copies; and

   e. not abandon the ***covered vehicle*** to ***us***.

6. **Other Duties Under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage**

   A ***person*** making claim under:

   a. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must:

      (1) notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;

      (2) be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request;

      (3) provide written authorization for ***us*** to obtain:

         (a) medical bills;

         (b) medical records;

         (c) wage, salary, and employment information; and

         (d) any other information ***we*** deem necessary to substantiate the claim.

         If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

         If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***; and

      (4) allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident;

   b. Uninsured Motor Vehicle Coverage must report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police within 24 hours and to ***us*** within 30 days. Failure to report such accident to ***us*** within 30 days will not result in denial of a claim under Uninsured Motor Vehicle Coverage unless this failure operates to prejudice ***our*** rights;

   c. Uninsured Motor Vehicle Coverage and Underinsured Motor Vehicle Coverage must send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files a lawsuit against the party liable for the accident; and

   d. Loss of Earnings Coverage must:

      (1) make a claim under this policy;

      (2) report to ***us*** when that ***person*** has a ***total disability***; and

      (3) provide proof of continued ***total disability*** when ***we*** ask for it.

## GENERAL TERMS

1. **When Coverage Applies**

   The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

2. **Where Coverage Applies**

   The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur:

   a. in the United States of America and its territories and possessions;

   b. in Canada; and

   c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

   Liability Coverage, Medical Payments Coverage, and Physical Damage Coverages also apply in Mexico within 50 miles of the United States border. A Physical Damage Coverage ***loss*** in Mexico is determined on the basis of cost at the nearest United States point.

   Death, Dismemberment and Loss of Sight Coverage, Total Disability Coverage, and Loss of Earnings Coverage apply anywhere in the world.

3. **Newly Owned or Newly Leased Car**

   If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

   a. request ***we*** replace the ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

      (1) before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

      (2) after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date; or

   b. apply to the ***State Farm Companies*** for a separate policy to insure the ***car*** newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

4. **Changes to This Policy**

   a. **Changes in Policy Provisions**

      ***We*** may only change the provisions of this policy by:

      (1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

      (2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then ***we*** will give ***you*** the broader coverage as of the date ***we*** make the change effective in the state of Missouri without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

   b. **Change of Interest**

      (1) No change of interest in this policy is effective unless ***we*** consent in writing.

      (2) Except under Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage, if a named insured shown on the Declarations Page dies, then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

         (a) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

         (b) the legal representative of the deceased named insured.

         This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

         Policy notice requirements are met by mailing the notice to the most recent policy address that ***we*** have on record for the deceased named insured.

   c. **Joint and Individual Interests**

      If ***you*** consists of more than one ***person*** or entity, then each acts for all to change or cancel the policy.

d. **Change of Policy Address**

***We*** may change the named insured's policy address as shown on the Declarations Page and in ***our*** records to the most recent address provided to ***us*** by:

(1) ***you***; or

(2) the United States Postal Service.

5. **Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the ***State Farm Companies*** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. The premium for this policy may vary based upon the purchase of other insurance from the ***State Farm Companies***.

d. The premium for this policy is based upon information ***we*** have received from ***you*** or other sources. ***You*** must inform ***us*** if any information regarding the following is incorrect or incomplete, or changes during the policy period, and ***you*** must answer questions ***we*** ask regarding the following:

(1) ***Your car***, or its use, including annual mileage;

(2) The ***persons*** who regularly drive ***your car***, including newly licensed family members;

(3) ***Your*** marital status; or

(4) The location where ***your car*** is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to ***us*** when ***we*** ask, then ***we*** may decrease or increase the premium during the policy period. If ***we*** decrease the premium during the policy period, then ***we*** will provide a refund or a credit in the amount of the decrease. If ***we*** increase the premium during the policy period, then ***you*** must pay the amount of the increase.

6. **Renewal**

***We*** agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless ***we*** mail a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

7. **Nonrenewal**

If ***we*** decide not to renew this policy, then, at least 30 days before the end of the current policy period, ***we*** will mail a nonrenewal notice to the most recent policy address that ***we*** have on record for the named insured who is shown on the Declarations Page.

8. **Cancellation**

a. **How You May Cancel**

***You*** may cancel this policy by providing to ***us*** advance notice of the date cancellation is effective. ***We*** may confirm the cancellation in writing.

b. **How and When We May Cancel**

***We*** may cancel this policy by mailing a written notice to the most recent policy address that ***we*** have on record for the named insured who is shown on the Declarations Page. The notice will provide the date cancellation is effective.

(1) If ***we*** mail a cancellation notice:

(a) during the first 59 days following this policy's effective date; or

(b) because the premium is not paid when due,

then the date cancellation is effective will be at least 10 days after the date ***we*** mail the cancellation notice.

Otherwise, the date cancellation is effective will be at least 30 days after the date ***we*** mail the cancellation notice.

(2) After this policy has been in force for more than 59 days, ***we*** will not cancel this policy before the end of the current policy period unless:

(a) the premium is not paid when due; or

(b) the driver's license of a named insured who is shown on the Declarations Page has been under suspension or revocation at any time during the policy period. If there is more than one named insured, but only one has had a driver's license suspension or revocation, then:

(1) ***we*** will not cancel for this reason; and

(2) ***we*** may issue an endorsement removing all coverage for that ***person*** while operating

any vehicle while that ***person's*** license is under suspension or revocation.

c. **Return of Unearned Premium**

If ***you*** cancel this policy, then premium may be earned on a short rate basis. If ***we*** cancel this policy, then premium will be earned on a pro rata basis.

Any unearned premium may be returned within a reasonable time after cancellation. Delay in the return of any unearned premium does not affect the cancellation date.

9. **Assignment**

No assignment of benefits or other transfer of rights is binding upon ***us*** unless approved by ***us***.

10. **Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the ***insured*** or his or her estate will not relieve ***us*** of ***our*** obligations under this policy.

11. **Concealment or Fraud**

There is no coverage under this policy if ***you*** or any other ***person*** insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

12. **Our Right to Recover Our Payments**

Medical Payments Coverage, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage payments are not recoverable by ***us***. Under all other coverages, the following apply:

a. **Subrogation**

If ***we*** are obligated under this policy to make payment to or for a ***person*** or organization who has a legal right to collect from another ***person*** or organization, then ***we*** will be subrogated to that right to the extent of ***our*** payment.

The ***person*** or organization to or for whom ***we*** make payment must help ***us*** recover ***our*** payments by:

(1) doing nothing to impair that legal right;

(2) executing any documents ***we*** may need to assert that legal right; and

(3) taking legal action through ***our*** representatives when ***we*** ask.

b. **Reimbursement**

If ***we*** make payment under this policy and the ***person*** or organization to or for whom ***we*** make payment recovers or has recovered from another ***person*** or organization, then the ***person*** or organization to or for whom ***we*** make payment must:

(1) hold in trust for ***us*** the proceeds of any recovery; and

(2) reimburse ***us*** to the extent of ***our*** payment.

13. **Legal Action Against Us**

Legal action may not be brought against ***us*** until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against ***us*** regarding:

a. Liability Coverage after the amount of damages an ***insured*** is legally liable to pay has been finally determined by:

(1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(2) agreement between the claimant and ***us***.

b. Uninsured Motor Vehicle Coverage and Underinsured Motor Vehicle Coverage if the ***insured*** or that ***insured's*** legal representative:

(1) presents either an Uninsured Motor Vehicle Coverage claim or an Underinsured Motor Vehicle Coverage claim to ***us***; and

(2) files a lawsuit in accordance with the **Deciding Fault and Amount** provision of the involved coverage.

Except as provided in b.(2) above, no other legal action may be brought against ***us*** relating to Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage for any other causes of action that arise out of or are related to these coverages until there has been full compliance with the provisions titled **Notice of Tentative Settlement** and **Deciding Fault and Amount**.

14. **Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. Missouri will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

15. **Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.


©, Copyright, State Farm Mutual Automobile Insurance Company, 2008

**State Farm**

**Facsimile Cover Sheet**
**Carátula de facsímil**

**Confidential Business**
**Confidencial Empresarial**

**State Farm®**
Providing Insurance and Financial Services
Su Compañía de Seguros y Servicios Financieros
Home Office, Bloomington, Illinois 61710
Oficina Centrale, Bloomington, Illinois

To / A: SHAMIS & GENTILE

Date / Fecha: 9/24/2021 6:13:38 AM

Fax number / Número de fax: 7866230915

Total pages / Cantidad de páginas :72

**Notice: Confidential Business**

The information contained in this facsimile message and any attachments contains **confidential business** material intended for the sole use of the individual(s) named above. If you are not an intended business recipient listed above, or an employee or agent of such recipient who is responsible for delivering this material to them, you are hereby notified that any disclosure, duplication, distribution, or other use of this information, or the taking of any action in reliance on the contents of this transmission, without the express written consent of State Farm®, is STRICTLY PROHIBITED. If you have received this transmission in error, please notify the sender immediately by telephone, so the return of this material can be arranged at no cost to you.

**Aviso: Confidencial de la Empresa**

La información que se encuentra en el mensaje de este facsímil y cualquier documento adjunto contiene material **confidencial de la empresa** para uso exclusivo de la(s) persona(s) nombrada(s) anteriormente. Si usted no es el destinatario mencionado anteriormente, o un empleado o agente de dicho destinatario que sea responsable de entregar este material al mismo, por la presente se le notifica que cualquier divulgación, duplicación, distribución, u otro uso de esta información, o cualquier medida que se tome basada en el contenido de esta transmisión, sin el expreso consentimiento por escrito de StateFarm®, está ESTRICTAMENTE PROHIBIDA. Si usted recibió esta transmisión por equivocación, por favor notifíquenos inmediatamente por teléfono para que podamos hacer los arreglos necesarios para que nos devuelva este material sin costo alguno para usted.

Message / Mensaje:
From/De:[Linda Boyce], Phone:[(844) 292-8615], Subject:[52-15S6-70J NEWKIRK, DIANE], Comments:[]

1004519 119545 03-03-2014 190-6580 a.8

StateFarm®

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See "INSURED'S DUTIES" in this policy booklet.)

# State Farm® **Car Policy** Booklet

**New York**

Policy Form 9832A

# CONTENTS

**THIS POLICY** .......... 3
**DEFINITIONS** .......... 3
**LIABILITY COVERAGE** .......... 6
- Additional Definition .......... 6
- Insuring Agreement .......... 6
- Supplementary Payments .......... 7
- Limits .......... 7
- Nonduplication .......... 8
- Exclusions .......... 8
- If Other Liability Coverage Applies .......... 9
- Required Out-of-State Coverage .......... 9
- Financial Responsibility Certification .......... 9

**MEDICAL PAYMENTS COVERAGE** .......... 10
- Additional Definitions .......... 10
- Insuring Agreement .......... 10
- Determining Medical Expenses .......... 11
- Arbitration .......... 11
- Limit .......... 11
- Nonduplication .......... 12
- Exclusions .......... 12
- If Other Medical Payments Coverage or Similar Vehicle Insurance Applies .......... 13
- Our Payment Options .......... 14

**PHYSICAL DAMAGE COVERAGES** .......... 14
- Additional Definitions .......... 15
- Insuring Agreements .......... 15
- Supplementary Payments – Comprehensive Coverage and Collision Coverage .......... 17
- Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage .......... 18
- Limits – Car Rental and Travel Expenses Coverage .......... 20
- Nonduplication .......... 20
- Exclusions .......... 20
- If Other Physical Damage Coverage or Similar Coverage Applies .......... 22
- Vehicle Custody .......... 22
- Financed Vehicle .......... 22
- Our Payment Options .......... 23
- New York Mandatory Inspection Provision .......... 23
- New York Mandatory Automobile Repairs Provision .......... 23

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE** .......... 24
- Additional Definition .......... 24
- Insuring Agreement .......... 24
- Benefit .......... 24
- Exclusions .......... 25
- Our Payment Options .......... 25

**INSURED'S DUTIES** .......... 26
- Notice to Us of an Accident or Loss .......... 26
- Notice to Us of a Claim or Lawsuit .......... 26
- Insured's Duty to Cooperate With Us .......... 26
- Questioning Under Oath .......... 26
- Other Duties Under the Physical Damage Coverages .......... 26
- Other Duties Under Medical Payments Coverage and Death, Dismemberment and Loss of Sight Coverage .......... 27

**GENERAL TERMS** .......... 27
- When Coverage Applies .......... 27
- Where Coverage Applies .......... 27
- Changes to This Policy .......... 28
- Premium .......... 28
- Renewal .......... 29
- Nonrenewal .......... 29
- Cancellation .......... 29
- Assignment .......... 30
- Bankruptcy or Insolvency of the Insured .......... 30
- Concealment or Fraud .......... 30
- Our Right to Recover Our Payments .......... 30
- Legal Action Against Us .......... 31
- Choice of Law .......... 31
- Severability .......... 31

## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.
2. This policy contains all of the agreements between all named insureds who are shown on the Declarations Page and all applicants and:
   a. ***us***; and
   b. any of ***our*** agents.
3. ***We*** agree to provide insurance according to the terms of this policy:
   a. based on payment of premium for the coverages chosen; and
   b. unless otherwise stated in "EXCEPTIONS, POLICY BOOKLET, AND ENDORSEMENTS" on the Declarations Page, in reliance on the following statements:
      (1) The named insured shown on the Declarations Page is the sole owner of ***your car***.
      (2) Neither ***you*** nor any member of ***your*** household has, within the past three years, had:
         (a) vehicle insurance canceled or nonrenewed by an insurer; or
         (b) either:
            (i) a license to drive; or
            (ii) a vehicle registration

            suspended, revoked, or refused.
      (3) ***Your car*** is used for pleasure and business.
4. All named insureds shown on the Declarations Page and all applicants agree by acceptance of this policy that:
   a. the statements in 3.b. above are made by such named insured or applicant and are true; and
   b. ***we*** provide this insurance on the basis those statements are true.

## DEFINITIONS

***We*** define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, and possessive forms of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. It does not include:

1. Any vehicle while located for use as a dwelling or other premises; or
2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

***Fungi*** means any type or form of fungus or fungi and includes:

1. Mold;
2. Mildew; and

3. Any of the following that are produced or released by fungi:
   a. Mycotoxins;
   b. Spores;
   c. Scents; or
   d. Byproducts.

***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
2. the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

1. request ***we*** replace the ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:
   a. before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or
   b. after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date.

   However, if the replacement ***car*** is a ***private passenger car***, then this policy will provide Liability Coverage regardless of whether ***we*** are asked to insure it; or
2. apply to the ***State Farm Companies*** for a separate policy to insure the ***car*** newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

   However, if the added ***car*** is a ***private passenger car***, then ***we*** will issue Liability Coverage regardless of whether the applicant is otherwise ineligible.

***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***; nor
2. furnished or available for the regular use of

***you*** or any ***resident relative.***

***Occupying*** means in or upon or entering into or alighting from.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;
2. registered to; or
3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Pedestrian*** means a ***person*** who is not ***occupying***:

1. a motorized vehicle; or
2. a vehicle designed to be pulled by a motorized vehicle.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or
2. a pickup truck, van, minivan, or sport utility vehicle:
   a. that is not used for:
      (1) wholesale; or
      (2) retail

      pick up or delivery; and
   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Resident Relative*** means a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or
2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;
2. State Farm Fire and Casualty Company; and
3. Subsidiaries or affiliates of either 1. or 2. above.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:
   a. breakdown;
   b. servicing;
   c. repair;
   d. loss; or
   e. destruction; and
2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. only those trailers:
   a. designed to be pulled by a ***private passenger car***;
   b. not designed to carry ***persons***; and
   c. while not used as premises for office, store, or display purposes; or
2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under "YOUR CAR", and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;
2. the date this policy is no longer in force; or
3. the date ***you*** no longer own or lease the ***car*** being replaced.

## LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***trailer***; and
   b. the maintenance or use of:
      (1) a ***non-owned car***; or
      (2) a ***temporary substitute car***;
2. the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished or available for the regular use of, a ***person*** who resides primarily in ***your*** household, but only if such ***car*** is neither ***owned by***, nor furnished or available for the regular use of, the first ***person*** shown as a named insured on the Declarations Page or that ***person's*** spouse;
3. any other ***person*** for his or her use of:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent; and
4. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. ***We*** will pay:
   a. damages an ***insured*** becomes legally liable to pay because of:
      (1) ***bodily injury*** to others; and
      (2) damage to property

      caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy;
   b. attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages, regardless of whether the claim or lawsuit is groundless; and
   c. all costs taxed against an ***insured*** and resulting from that part of a lawsuit:
      (1) that seeks damages payable under this policy's Liability Coverage; and
      (2) against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

2. ***We*** have:
   a. the right to investigate, negotiate, and settle any claim or lawsuit;
   b. the duty to defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and
   c. the right to appeal any award or legal decision

   for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the ***insured*** that accrues:
   a. before a judgment, where owed by law, but only on that part of the judgment ***we*** pay; and
   b. after a judgment. ***We*** will not pay interest on damages paid or payable by a party other than the ***insured*** or ***us***.

   ***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;
2. Premiums for bonds, provided by a company chosen by ***us***, required to obtain the release of an ***insured's*** property attached under a court order or appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:
   a. pay for bonds that exceed this policy's applicable Liability Coverage limit;
   b. furnish or apply for any bonds; or
   c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;
3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:
   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:
      (1) an arbitration;
      (2) a mediation; or
      (3) a trial of a lawsuit; and
   b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses; and
4. Expenses incurred by an ***insured*** for first aid to others at the time of the accident. The amount of first aid expenses that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred expenses.
5. All expenses incurred by the company.

**Limits**

The Liability Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident, including all damages sustained by other ***persons*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***persons*** injured in the same accident.

However, if the ***bodily injury*** results in death, the most ***we*** will pay for all damages resulting from the death of any one ***person*** injured in any one accident, including all damages sustained by other ***persons*** as a result of that death, is the higher of the "Each Person" limit shown on the Declarations Page or $50,000. Subject to the limit for the death of any one ***person***, the most ***we*** will pay for all damages resulting from the death of two or more ***persons*** injured in the same accident is the higher of the "Each Accident" limit shown on the Declarations Page or $100,000.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not make any duplicate payments under Liability Coverage that have already been paid as expenses under Medical Payments Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO INTENTIONALLY CAUSES, OR DIRECTS ANOTHER TO CAUSE, ***BODILY INJURY*** OR DAMAGE TO PROPERTY;
2. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** SPOUSE, OR FOR INJURY TO PROPERTY OF THAT ***INSURED'S*** SPOUSE. THIS EXCLUSION SHALL APPLY ONLY WHERE THE INJURED SPOUSE, TO BE ENTITLED TO RECOVER, MUST PROVE THE CULPABLE CONDUCT OF THE ***INSURED***;
3. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, UNEMPLOYMENT COMPENSATION, DISABILITY, OR SIMILAR LAW;
4. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;
5. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. THIS EXCLUSION ONLY APPLIES IF THE FELLOW EMPLOYEE IS ENTITLED TO BENEFITS UNDER WORKERS' COMPENSATION, UNEMPLOYMENT COMPENSATION OR DISABILITY BENEFITS OR ANY SIMILAR LAW. This exclusion does not apply to ***you*** and ***resident relatives*** who are legally liable for ***bodily injury*** to fellow employees;
6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
7. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***;

   b. any ***resident relative***; or

   c. any agent, employee, or partner of a. or b. above

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer***;

8. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion does not apply to the maintenance or use of a ***private passenger car***;

9. FOR DAMAGE TO PROPERTY WHILE IT IS:

   a. ***OWNED BY***;

   b. RENTED TO;

   c. USED BY;

   d. IN THE CARE OF; OR

   e. TRANSPORTED BY

   ***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to either damage to a residence while rented to or leased to an ***insured*** or damage to a private garage while rented to or leased to an ***insured***;

10. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;

11. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE; OR

12. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

If other valid and collectible vehicle liability coverage applies, then ***we*** will pay the proportion of damages payable that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other valid and collectible liability coverage that applies to the accident.

However, the Liability Coverage provided by this policy applies as excess coverage over any other valid and collectible coverage provided for a ***non-owned car*** or a ***temporary substitute car***.

**Required Out-of-State Coverage**

If:

1. an ***insured*** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and

2. this policy does not provide at least the minimum amount and kind of coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum coverage required by such law.

This provision does not apply to coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

## MEDICAL PAYMENTS COVERAGE

This policy provides Medical Payments Coverage if "C" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you*** and ***resident relatives***:
   a. while ***occupying***:
      (1) ***your car***;
      (2) a ***newly acquired car***;
      (3) a ***temporary substitute car***;
      (4) a ***non-owned car***; or
      (5) a ***trailer*** while attached to a ***car*** described in (1), (2), (3), or (4) above; or
   b. if struck as a ***pedestrian*** by a motor vehicle or any type of trailer; and
2. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent.

***Medical Expenses*** mean ***reasonable expenses*** for ***medical services***.

***Medical Services*** mean treatments, procedures, products, and other services that are:

1. necessary to achieve maximum medical improvement for the ***bodily injury***;
2. rendered by a healthcare provider:
   a. who is licensed as a healthcare provider if a license is required by law; and
   b. within the legally authorized scope of that healthcare provider's practice;
3. commonly and customarily recognized throughout the medical profession and within the United States of America as appropriate for the treatment of the ***bodily injury***;
4. primarily designed to serve a medical purpose;
5. not experimental; and
6. not for research purposes.

***Reasonable Expenses*** mean the lowest one of the following charges:

1. The usual and customary fees charged by a majority of healthcare providers who provide similar ***medical services*** in the geographical area in which the charges were incurred;
2. The fee specified in any fee schedule:
   a. applicable to medical payments coverage, no-fault coverage, or personal injury protection coverage included in motor vehicle liability policies issued in the state where ***medical services*** are provided; and
   b. as prescribed or authorized by the law of the state where ***medical services*** are provided;
3. The fees agreed to by both the ***insured's*** healthcare provider and ***us***; or
4. The fees agreed upon between the ***insured's*** healthcare provider and a third party when ***we*** have a contract with such third party.

**Insuring Agreement**

***We*** will pay:

1. ***medical expenses*** incurred because of ***bodily injury*** that is sustained by an ***insured*** and caused by a motor vehicle accident if:
   a. that ***insured*** is first provided ***medical services*** within one year immediately following the date of the accident; and

   b. such ***medical expenses*** are for ***medical services*** that are provided within three years immediately following the date of the accident; and

2. funeral expenses incurred for an ***insured*** who dies within three years immediately following the date of a motor vehicle accident if the death is a direct result of ***bodily injury*** sustained in such accident.

**Determining Medical Expenses**

***We*** have the right to:

1. obtain and use:
   a. utilization reviews;
   b. peer reviews; and
   c. medical bill reviews

   to determine if the incurred charges are ***medical expenses***;
2. use a medical examination of the ***insured*** to determine if:
   a. the ***bodily injury*** was caused by a motor vehicle accident; and
   b. the expenses incurred are ***medical expenses***; and
3. enter into a contract with a third party that has an agreement with the ***insured's*** healthcare provider to charge fees as determined by that agreement.

**Arbitration**

1. If there is a disagreement as to whether incurred charges are ***medical expenses***, then the disagreement will be resolved by arbitration upon written request of the ***insured*** or ***us***.
2. The arbitration will take place in the county in which the ***insured*** resides unless the parties agree to another location.

   The ***insured*** and ***we*** will each select a competent arbitrator. These two arbitrators will select a third competent arbitrator. If they are unable to agree on the third arbitrator within 30 days, then either the ***insured*** or ***we*** may petition a court that has jurisdiction to select the third arbitrator.

   Each party will pay the cost of its own arbitrator, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third arbitrator.
3. The arbitrators shall only decide whether incurred charges are ***medical expenses***. Arbitrators shall have no authority to decide any other questions of fact, decide any questions of law, or conduct arbitration on a class-wide or class-representative basis.
4. A written decision that is both agreed upon by and signed by any two arbitrators, and that also contains an explanation of how they arrived at their decision, will be binding on:
   a. ***us***;
   b. the ***insured***;
   c. any assignee of the ***insured***; and
   d. any ***person*** or organization with whom the ***insured*** expressly or impliedly contracts for ***medical services***.
5. Subject to 1., 2., 3., and 4. above, state court rules governing procedure and admission of evidence will be used.
6. ***We*** do not waive any of ***our*** rights by submitting to arbitration.

**Limit**

The Medical Payments Coverage limit is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person". This limit is the most ***we*** will pay for the ***medical expenses*** and funeral expenses combined, incurred by or on behalf of any one ***insured*** as a result of any one accident, regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or

4. vehicles involved in the accident.

Subject to the limit shown on the Declarations Page, the most ***we*** will pay for funeral expenses incurred for any one ***insured*** is $3,000.

**Nonduplication**

***We*** will not pay any ***medical expenses*** or funeral expenses under Medical Payments Coverage that have already been paid:

1. as damages under Liability Coverage, Uninsured Motorists Coverage, or Supplementary Uninsured/Underinsured Motorists Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
2. by or on behalf of a party who is legally liable for the ***insured's bodily injury***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A MOTOR VEHICLE, ***OWNED BY*** THAT ***INSURED*** OR ***YOU***, IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***;
2. IF ANY WORKERS' COMPENSATION LAW OR ANY SIMILAR LAW APPLIES TO THAT ***INSURED'S BODILY INJURY***;
3. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
4. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to:
   a. the use of a ***private passenger car*** on a share-the-expense basis; or
   b. an ***insured*** while ***occupying*** a ***non-owned car*** as a passenger;
5. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***;
   b. any ***resident relative***; or
   c. any agent, employee, or partner of a. or b. above

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer***;
6. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
7. WHILE MAINTAINING OR USING A ***NON-OWNED CAR*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
8. WHO IS EITHER ***OCCUPYING*** OR STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES;
9. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT:
   a. IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   b. RUNS ON RAILS OR CRAWLER-TREADS;
10. WHOSE ***BODILY INJURY*** RESULTS FROM WAR OF ANY KIND;
11. WHOSE ***BODILY INJURY*** RESULTS FROM:
    a. NUCLEAR REACTION;
    b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
    c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM,

ANY NUCLEAR OR RADIOACTIVE DEVICE;

12. WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM; OR

13. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS:

    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (13.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving.

**If Other Medical Payments Coverage or Similar Vehicle Insurance Applies**

1. An ***insured*** shall not recover for the same ***medical expenses*** or funeral expenses under both this coverage and other medical payments coverage or similar vehicle insurance.

2. If Medical Payments Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:

    a. the Medical Payments Coverage limits of such policies shall not be added together to determine the most that may be paid; and

    b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

3. The Medical Payments Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car*** or a ***trailer*** attached to it.

    a. If:

        (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and

        (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

        then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.

    b. If:

        (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and

        (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

        then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that

the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.

4. Except as provided in 3. above, the Medical Payments Coverage provided by this policy applies as excess coverage.

   a. If:

      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

      (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

   b. If:

      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

      (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***;
4. A ***person*** authorized by law to receive such payment; or
5. Any ***person*** or organization that provides the ***medical services*** or funeral services.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Comprehensive and Window Glass Coverage, Collision Coverage, Collision and Window Glass Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";
2. Comprehensive and Window Glass Coverage if "D-WG";
3. Collision Coverage if "G";

4. Collision and Window Glass Coverage if "G-WG";
5. Emergency Road Service Coverage if "H";
6. Car Rental and Travel Expenses Coverage if "R1"

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to a coverage, then it is shown on the Declarations Page for that coverage.

**Additional Definitions**

***Covered Vehicle*** means:

1. ***your car***;
2. a ***newly acquired car***;
3. a ***temporary substitute car***;
4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;
5. a ***non-owned car*** while it is:
   a. being driven by an ***insured***; or
   b. in the custody of an ***insured*** if at the time of the ***loss*** it is:
      (1) not being driven; or
      (2) being driven by a ***person*** other than an ***insured*** and being ***occupied*** by an ***insured***; and
6. a ***non-owned trailer*** and a ***non-owned camper*** while it is being used by an ***insured***;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of ***trailers*** and campers must be securely fixed as a permanent part of the ***trailer*** or camper.

***Daily Rental Charge*** means the sum of:

1. the daily rental rate;
2. mileage charges; and
3. related taxes.

***Insured*** means ***you*** and ***resident relatives***.

***Loss*** means:

1. direct, sudden, and accidental damage to; or
2. total or partial theft of

a ***covered vehicle***. ***Loss*** does not include any reduction in the actual cash value of any ***covered vehicle*** after it has been repaired, as compared to its actual cash value before it was damaged.

***Loss Caused By Collision*** means a ***loss*** caused by:

1. a ***covered vehicle*** hitting or being hit by another vehicle or other object; or
2. the overturning of a ***covered vehicle***.

Any ***loss*** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a ***Loss Caused By Collision***.

***Non-Owned Camper*** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***; nor
2. furnished or available for the regular use of

an ***insured***.

***Non-Owned Trailer*** means a ***trailer*** that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***; nor
2. furnished or available for the regular use of

an ***insured***.

**Insuring Agreements**

1. **Comprehensive Coverage**

   ***We*** will pay:

   a. for ***loss***, except ***loss caused by collision***, to a ***covered vehicle***; and
   b. transportation expenses incurred by an ***insured*** as a result of the total theft of

***your car*** or a ***newly acquired car***. These transportation expenses are payable:

(1) during the period that:

(a) starts on the date ***you*** report the theft to ***us***; and

(b) ends on the earliest of:

(i) the date the vehicle is returned to ***your*** possession in a drivable condition;

(ii) the date ***we*** offer to pay for the ***loss*** if the vehicle has not yet been recovered; or

(iii) the date ***we*** offer to pay for the ***loss*** if the vehicle is recovered, but is a total loss as determined by ***us***; and

(2) during the period that:

(a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to ***your*** possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

(b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**2. Comprehensive and Window Glass Coverage**

Comprehensive and Window Glass Coverage is the same as Comprehensive Coverage with the following changes:

a. "Comprehensive Coverage" where found throughout the policy is replaced by "Comprehensive and Window Glass Coverage"; and

b. the deductible does not apply to window glass.

**3. Collision Coverage**

***We*** will pay for ***loss caused by collision*** to a ***covered vehicle***.

**4. Collision and Window Glass Coverage**

Collision and Window Glass Coverage is the same as Collision Coverage with the following changes:

a. "Collision Coverage" where found throughout the policy is replaced by "Collision and Window Glass Coverage"; and

b. the deductible does not apply to window glass.

**5. Emergency Road Service Coverage**

***We*** will pay the fair cost incurred by an ***insured*** for:

a. up to one hour of labor to repair a ***covered vehicle*** at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a ***covered vehicle*** is not drivable;

c. towing a ***covered vehicle*** out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a ***covered vehicle*** to driving condition. ***We*** do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a ***covered vehicle*** if its key is lost, stolen, or locked inside the vehicle.

**6. Car Rental and Travel Expenses Coverage**

**a. Car Rental Expense**

***We*** will pay the ***daily rental charge*** incurred when ***you*** rent a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

(1) not drivable; or

(2) being repaired

as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

***We*** will pay the ***daily rental charge*** incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the ***loss***; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date ***we*** offer to pay for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

(c) five days after ***we*** offer to pay for the ***loss*** if the vehicle is:

(i) a total loss as determined by ***us***; or

(ii) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by ***you*** must be reported to ***us*** before ***we*** will pay such amount.

**b. Travel Expenses**

***We*** will pay expenses for commercial transportation, lodging, and meals if ***your car*** or a ***newly acquired car*** is not drivable as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage. The ***loss*** must occur more than 50 miles from ***your*** home. ***We*** will only pay these expenses if they are incurred by:

(1) an ***insured*** during the period that:

(a) starts after the ***loss*** occurs; and

(b) ends on the earlier of:

(i) the ***insured's*** arrival at his or her destination or home if the vehicle is left behind for repairs; or

(ii) the repair of the vehicle if the ***insured*** waits for repairs before continuing on to his or her destination or returning home; and

(2) ***you***, or any ***person you*** choose, to travel to retrieve the vehicle and drive it to either the original destination or ***your*** home if the vehicle was left behind for repairs.

These expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Comprehensive Coverage or Collision Coverage, then ***we*** will pay reasonable expenses incurred to:

1. tow the ***covered vehicle*** immediately after the ***loss***:

   a. for a reasonable distance from the location of the ***loss*** to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable; or

   b. to any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***. ***We*** will also pay reasonable expenses incurred to tow the ***covered vehicle*** for a reasonable distance from this facility to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable.

2. store the ***covered vehicle***, if it is not drivable immediately after the ***loss***, at:

   a. any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***; and

   b. any one repair facility chosen by the owner of the ***covered vehicle***, and ***we*** determine such vehicle is a total loss.

   If the owner of the ***covered vehicle*** consents, then ***we*** may move the ***covered vehicle*** at ***our*** expense to reduce storage costs. If the owner of the ***covered vehicle*** does not consent, then ***we*** will pay only the storage costs that would have resulted if ***we*** had moved the damaged ***covered vehicle***; and

3. clean up debris from the ***covered vehicle*** at the location of the ***loss***. The most ***we*** will pay to clean up the debris is $250 for any one ***loss***.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. ***We*** have the right to choose to settle with ***you*** or the owner of the ***covered vehicle*** in one of the following ways:

   a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible.

      (1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:

         (a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;

         (b) A bid or repair estimate approved by ***us***; or

         (c) A repair estimate that is written based upon or adjusted to:

            (i) the prevailing competitive price;

            (ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or

            (iii) a combination of (i) and (ii) above.

         The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

      ***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts. Any non-original equipment manufacturer parts included on the repair estimate will be warranted by that manufacturer at least to the extent and duration as comparable original equipment manufacturer parts. If the non-original equipment manufacturer fails to honor its warranty, ***we*** shall pay, at no cost to ***you*** or the owner of the ***covered vehicle***, to restore the ***covered vehicle*** to its pre-loss condition consistent with the non-original equipment manufacturer's warranty.

      ***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

(2) The cost to repair the ***covered vehicle*** does not include any reduction in the actual cash value of the ***covered vehicle*** after it has been repaired, as compared to its actual cash value before it was damaged.

(3) If the repair or replacement of a part results in betterment of that part, then ***you*** or the owner of the ***covered vehicle*** must pay for the amount of the betterment.

(4) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced.

b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible.

(1) The owner of the ***covered vehicle*** and ***we*** must agree upon the actual cash value of the ***covered vehicle***. If there is disagreement as to the actual cash value of the ***covered vehicle***, then the disagreement will be resolved by appraisal upon written request of the owner or ***us***, using the following procedures:

(a) The owner and ***we*** will each select a competent appraiser.

(b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or ***we*** may petition a court that has jurisdiction to select the third appraiser.

(c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third appraiser.

(d) The appraisers shall only determine the actual cash value of the ***covered vehicle***. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the ***covered vehicle*** and ***us***.

(f) ***We*** do not waive any of ***our*** rights by submitting to an appraisal.

(2) The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that the owner may keep it. If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the salvage value of the ***covered vehicle*** after the ***loss***.

c. Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.

3. The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

1. **Car Rental Expense**

   The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

   a. The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***. If:

      (1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount;

      (2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.

   b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

2. **Travel Expenses**

   The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

**Nonduplication**

***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment from, or on behalf of, a party who is legally liable for the ***loss*** or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:

   a. INTENTIONALLY DAMAGED; OR

   b. STOLEN

   BY OR AT THE DIRECTION OF AN ***INSURED***;

2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

3. ANY ***COVERED VEHICLE*** WHILE IT IS USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;

4. ANY ***COVERED VEHICLE*** DUE TO:

   a. THEFT;

   b. CONVERSION;

   c. EMBEZZLEMENT; OR

   d. SECRETION

   BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. ***LOSS*** TO ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IF AN ***INSURED*** VOLUNTARILY RELINQUISHES POSSESSION OF THAT ***CAR*** TO A ***PERSON*** OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

6. ANY ***COVERED VEHICLE*** TO THE EXTENT ***OUR*** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR ***LOSS*** TO SUCH ***COVERED VEHICLE***;

7. ***LOSS*** TO ANY ***COVERED VEHICLE*** DUE TO ***FUNGI***. ***WE*** WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF ***FUNGI***, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY ***COVERED VEHICLE*** THAT ARE DUE TO THE EXISTENCE OF ***FUNGI***. This exclusion does not apply if the ***fungi*** are the direct result of a ***loss*** that is payable under:

   a. Comprehensive Coverage and "D" or "D-WG" is shown under "SYMBOLS" on the Declarations Page; or

b. Collision Coverage and "G" or "G-WG" is shown under "SYMBOLS" on the Declarations Page;

8. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:

   a. NUCLEAR REACTION;

   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;

10. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM WAR OF ANY KIND;

11. ***YOUR CAR*** WHILE SUBJECT TO ANY:

    a. LIEN AGREEMENT;

    b. RENTAL AGREEMENT;

    c. LEASE AGREEMENT; OR

    d. SALES AGREEMENT

    NOT SHOWN ON THE DECLARATIONS PAGE;

12. ANY ***NON-OWNED CAR*** WHILE IT IS:

    a. BEING MAINTAINED OR USED BY ANY ***PERSON*** WHILE THAT ***PERSON*** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A ***CAR BUSINESS***; OR

    b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion (12.b.) does not apply to a ***private passenger car***;

13. ANY PART OR EQUIPMENT OF A ***COVERED VEHICLE*** IF THAT PART OR EQUIPMENT:

    a. FAILS OR IS DEFECTIVE; OR

    b. IS DAMAGED AS A DIRECT RESULT OF:

       (1) WEAR AND TEAR;

       (2) FREEZING; OR

       (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

       OF THAT PART OR EQUIPMENT.

    This exclusion does not apply if the ***loss*** is the result of theft of the ***covered vehicle***;

14. ANY PART OR EQUIPMENT:

    a. THAT IS NOT LEGAL FOR USE IN OR ON THE ***COVERED VEHICLE*** IN THE STATE OF NEW YORK; OR

    b. THE USE OF WHICH IS NOT LEGAL IN THE STATE OF NEW YORK BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE ***COVERED VEHICLE***.

    However, if there is a legal version of the part or equipment that is necessary for the safe operation of the ***covered vehicle***, then ***we*** will pay the cost that ***we*** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. ***We*** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;

15. TIRES. This exclusion does not apply if:

    a. ***loss*** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or

b. ***loss caused by collision*** to another part of the ***covered vehicle*** causes ***loss*** to tires;

16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;

17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;

18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:

    a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;

    b. ***OWNED BY*** AN ***INSURED***; AND

    c. NOT SHOWN ON THE DECLARATIONS PAGE; OR

19. ANY ***COVERED VEHICLE*** WHILE IT IS:

    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (19.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.

2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an ***insured*** by the ***State Farm Companies*** apply to the same ***loss*** or expense, then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a ***loss*** to ***your car***.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Vehicle Custody**

***We*** have the right to take a ***covered vehicle*** into custody for safekeeping if it was reported stolen or found to be abandoned, and ***we*** have been notified of its location.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this

policy applies to that creditor's interest in ***your car***. Coverage for the creditor's interest is only provided for a ***loss*** that is payable to ***you***.

However, if this policy is cancelled or nonrenewed, then ***we*** will provide coverage for the creditor's interest until ***we*** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a ***loss*** that would have been payable to ***you*** if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date ***we*** mail or electronically transmit a notice of the termination to the creditor. The mailing or electronic transmittal of the notice will be sufficient proof of notice.

2. If ***we*** pay such creditor, then ***we*** are entitled to the creditor's right of recovery against ***you*** to the extent of ***our*** payment. ***Our*** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**

   a. ***We*** may, with ***your*** consent, make payment to one or more of the following for ***loss*** to a ***covered vehicle owned by you***:

      (1) ***You***;

      (2) The repairer; or

      (3) A creditor shown on the Declarations Page, to the extent of its interest.

   b. ***We*** may, with ***your*** consent, make payment to one or more of the following for ***loss*** to a ***covered vehicle*** not ***owned by you***:

      (1) ***You***;

      (2) The owner of such vehicle;

      (3) The repairer; or

      (4) A creditor, to the extent of its interest.

2. **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

   ***We*** may, at ***our*** option, make payment to one or more of the following:

   a. ***You***;

   b. The ***insured*** who incurred the expense; or

   c. Any party that provided the service for which payment is owed.

NEW YORK MANDATORY INSPECTION PROVISION

Regardless of any other provisions of this section, it is agreed:

1. ***we*** have the right to inspect any ***private passenger car*** before providing physical damage coverage. This applies to the extent prescribed and limited by New York law and regulation; and

2. when ***we*** require an inspection, ***you*** must cooperate and make the ***car*** available for inspection.

NEW YORK MANDATORY AUTOMOBILE REPAIRS PROVISION

The payment of a claim under this section cannot be conditioned upon the repair of the ***car***. However, ***we*** are entitled to the following:

1. if the ***car*** is repaired:

   a. an itemized repair invoice prepared by the repairer; and

   b. a completed "Certification of Automobile Repairs" as prescribed by the New York Insurance Department; and

2. an inspection of the ***car***, whether or not it is repaired.

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "SYMBOLS" on the Declarations Page.

### Additional Definition

***Insured*** means a ***person*** whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

### Insuring Agreement

***We*** will pay the highest applicable benefit shown in the following Death, Dismemberment and Loss of Sight Benefits Schedules if an ***insured***:

1. dies; or
2. suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days immediately following the date of the accident.

### Benefit

The applicable benefit shown in the schedule is the most ***we*** will pay for any one ***insured*** in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

### DEATH, DISMEMBERMENT AND LOSS OF SIGHT BENEFITS SCHEDULES

If the amount shown on the Declarations Page for the ***insured*** is $5,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight:

| | |
|---|---|
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand & one foot; or one hand or one foot & all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb & a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |

The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off.

If the amount shown on the Declarations Page for the ***insured*** is $10,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight:

| | |
|---|---|
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand & one foot; or one hand or one foot & all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb & a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |

The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off.

The benefits shown in the schedules are doubled for an ***insured*** who at the time of the accident was ***occupying*** a ***private passenger car*** and using a seat belt in the manner recommended by the vehicle's manufacturer.

**Exclusions**

COVERAGE DOES NOT APPLY TO AN ***INSURED***:

1. WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A ***CAR BUSINESS***;
2. WHILE ***OCCUPYING***, LOADING, OR UNLOADING:
   a. AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;
   b. A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:
      (1) ***INSURED'S*** BUSINESS; OR
      (2) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A ***CAR BUSINESS***.

      This exclusion (2.b.) does not apply if the vehicle is a ***private passenger car***;
   c. A MILITARY VEHICLE; OR
   d. A VEHICLE WHILE IT IS:
      (1) BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
      (2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion (2.d.(2)) does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving;
3. WHILE ***OCCUPYING***, LOADING, UNLOADING, OR WHO IS STRUCK AS A ***PEDESTRIAN*** BY:
   a. A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;
   b. A MOTOR VEHICLE THAT IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   c. A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES; OR
4. FOR DEATH, DISMEMBERMENT, OR LOSS OF SIGHT THAT RESULTS FROM:
   a. WAR OF ANY KIND;
   b. NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
   c. THE DISCHARGE OF A FIREARM;
   d. SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE ***INSURED*** WAS SANE OR INSANE; OR
   e. DISEASE except pus-forming infection due to ***bodily injury*** sustained in the accident.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** or organization authorized by law to receive such payment.

## INSURED'S DUTIES

1. **Notice to Us of an Accident or Loss**

   The ***insured*** must give ***us*** or one of ***our*** agents notice of the accident or ***loss*** as soon as reasonably possible. The notice must give ***us***:

   a. ***your*** name;

   b. the names and addresses of all ***persons*** involved in the accident or ***loss***;

   c. the hour, date, place, and facts of the accident or ***loss***; and

   d. the names and addresses of witnesses to the accident or ***loss***.

2. **Notice to Us of a Claim or Lawsuit**

   a. If a claim is made against an ***insured***, then that ***insured*** must send ***us***, as soon as reasonably possible, every demand, notice, and claim received.

   Notice given to one of ***our*** agents by or on behalf of the ***insured***, or written notice given to one of ***our*** agents by or on behalf of the injured ***person*** or any other claimant, is notice to ***us***.

   b. If a lawsuit is filed against an ***insured***, then that ***insured*** must send ***us***, as soon as reasonably possible, every summons and legal process received.

3. **Insured's Duty to Cooperate With Us**

   a. The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:

   (1) making settlements;

   (2) securing and giving evidence; and

   (3) attending, and getting witnesses to attend, depositions, hearings, and trials.

   b. The ***insured*** must not, except at his or her own cost, voluntarily:

   (1) make any payment to others; or

   (2) assume any obligation to others unless authorized by the terms of this policy.

   c. Any ***person*** or organization making claim under this policy must, when ***we*** require, give ***us*** proof of loss on forms ***we*** furnish.

4. **Questioning Under Oath**

   Under:

   a. Liability Coverage, each ***insured***;

   b. Medical Payments Coverage, and Death, Dismemberment and Loss of Sight Coverage, each ***insured***, or any other ***person*** or organization making claim or seeking payment; and

   c. Physical Damage Coverages, and Rental Vehicle Coverage, each ***insured*** or owner of a ***covered vehicle***, or any other ***person*** or organization making claim or seeking payment;

   must, at ***our*** option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as ***we*** require. Such ***person*** or organization must answer questions under oath, asked by anyone ***we*** name, and sign copies of the answers. ***We*** may require each ***person*** or organization answering questions under oath to answer the questions with only that ***person's*** or organization's legal representative, ***our*** representatives, any ***person*** or ***persons*** designated by ***us*** to record the questions and answers, and no other ***person*** present.

5. **Other Duties Under the Physical Damage Coverages**

   When there is a ***loss*** to a ***covered vehicle*** under the Physical Damage Coverages, ***you*** or the owner of the vehicle must:

   a. protect the vehicle from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

b. make a prompt report to the police when the ***loss*** of a ***covered vehicle*** is the result of theft;

c. allow ***us*** to:

(1) inspect any damaged property before its repair or disposal;

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the vehicle at ***our*** expense in order to conduct such inspection or testing;

d. provide ***us*** all:

(1) records;

(2) receipts; and

(3) invoices

that ***we*** request and allow ***us*** to make copies; and

e. not abandon the vehicle to ***us***.

**6. Other Duties Under Medical Payments Coverage and Death, Dismemberment and Loss of Sight Coverage**

A ***person*** making claim must:

a. notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;

b. be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request;

c. provide written authorization for ***us*** to obtain:

(1) medical bills;

(2) medical records; and

(3) any other information ***we*** deem necessary to substantiate the claim.

If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***; and

d. allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident.

## GENERAL TERMS

**1. When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

**2. Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

**3. Changes to This Policy**

**a. Changes in Policy Provisions**

***We*** may only change the provisions of this policy by:

(1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

(2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then ***we*** will give ***you*** the broader coverage as of the date ***we*** make the change effective in the state of New York without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

**b. Change of Interest**

(1) No change of interest in this policy is effective unless ***we*** consent in writing.

(2) Except under Death, Dismemberment and Loss of Sight Coverage, if a named insured shown on the Declarations Page dies, then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

(a) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured who is shown on the Declarations Page.

This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

Policy notice requirements are met by mailing the notice to the most recent policy address that ***we*** have on record for the deceased named insured.

**c. Joint and Individual Interests**

If ***you*** consists of more than one ***person*** or entity, then each acts for all to change or cancel the policy.

**4. Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the ***State Farm Companies*** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. Subject to ***our*** rate manual rules, the premium for this policy will be reduced upon the purchase of other qualifying insurance from the ***State Farm Companies***.

d. The premium for this policy is based upon information ***we*** have received from ***you*** or other sources. ***You*** must inform ***us*** if any information regarding the following is incorrect or changes during the policy period, and ***you*** must answer questions ***we*** ask regarding the following:

(1) ***Your car***, or its use, including annual mileage;

(2) The ***persons*** who regularly drive ***your car***, including newly licensed family members;

(3) ***Your*** marital status; or

(4) The location where ***your car*** is primarily garaged.

If the above information or any other information used to determine the premium is incorrect or changes during the policy period, then ***we*** may decrease or increase the premium during the policy period. If ***we*** decrease the premium during the policy period, then ***we*** will provide a refund or a credit in the amount of the decrease. If ***we*** increase the premium during the policy period, then ***you*** must pay the amount of the increase.

If information requested by ***us*** to confirm continued eligibility for the current mileage rating is not provided to ***us*** when ***we*** ask, then this policy may no longer be eligible for the current mileage rating.

5. **Renewal**

***We*** agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless ***we*** mail or deliver a nonrenewal notice or a cancellation notice as set forth in 6. and 7. below.

6. **Nonrenewal**

If ***we*** decide not to renew this policy, then ***we*** will:

a. mail or deliver a nonrenewal notice to the most recent policy address that ***we*** have on record for the named insured at least 45 days, but not more than 60 days, before the end of the current policy period if Section 3425 of the New York insurance laws is applicable; or

b. mail or deliver a nonrenewal notice to the most recent policy address that ***we*** have on record for the named insured and to the insured's authorized agent at least 60 days, but not more than 120 days, before the end of the current policy period if Section 3426 of the New York insurance laws is applicable.

Proof of mailing of the notice to the named insured shall be sufficient proof of notice.

7. **Cancellation**

a. **How You May Cancel**

***You*** may cancel this policy by providing to ***us*** advance notice of the date cancellation is effective. However, if ***you*** can prove ***your car*** has been sold, destroyed or stolen, cancellation can be made effective on the later of:

(1) the date ***your car*** was sold, destroyed or stolen; or

(2) 30 days prior to the date of ***your*** request for cancellation.

***We*** may confirm the cancellation in writing.

b. **How and When We May Cancel**

***We*** may cancel this policy by mailing or delivering a written notice to the most recent policy address that ***we*** have on record for the named insured. The notice will provide the date cancellation is effective.

Proof of mailing of the notice shall be sufficient proof of notice.

(1) If ***we*** mail or deliver a cancellation notice because the premium is not paid when due, then the date cancellation is effective will be at least 15 days after the date ***we*** mail or deliver the cancellation notice.

Otherwise, the date cancellation is effective will be at least 20 days after the date ***we*** mail or deliver the cancellation notice.

(2) After this policy has been in force for more than 59 days, ***we*** will not cancel this policy before the end of the current policy period unless:

(a) the premium is not paid when due;

(b) ***you***, any ***resident relative***, or any other ***person*** who customarily drives ***your car*** has had his or her driver's license under suspension or revocation during the policy period.

However, ***we*** will not cancel due to:

(i) a suspension issued under subdivision 1 of Section 510-b of the vehicle and traffic law; or

(ii) one or more administrative suspensions arising from the same incident which has or have been terminated prior to the effective date of cancellation; or

(c) fraud or material misrepresentation in obtaining this policy or in the presentation of a claim under this policy has been discovered.

**c. Conditional Continuation**

If ***we*** have the right to cancel this policy ***we*** may instead condition continuation of the policy upon change of limits or elimination of any coverage not required by law, effective at least 20 days after ***we*** mail or deliver written notice to the most recent policy address that ***we*** have on record for the named insured.

**d. Return of Unearned Premium**

If ***you*** cancel this policy, then premium may be earned on a short rate basis. If ***we*** cancel this policy, then premium will be earned on a pro rata basis.

Any unearned premium may be returned within a reasonable time after cancellation. Delay in the return of any unearned premium does not affect the cancellation date.

**8. Assignment**

No assignment of benefits or other transfer of rights is binding upon ***us*** unless approved by ***us***.

**9. Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the ***insured*** or his or her estate will not relieve ***us*** of ***our*** obligations under this policy.

**10. Concealment or Fraud**

There is no coverage under this policy if ***you*** or any other ***person*** insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

However, ***we*** will provide Liability Coverage on behalf of such ***insured***:

a. for damages sustained by any ***person*** who has not made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim; and

b. if such damages are otherwise payable under this policy.

**11. Our Right to Recover Our Payments**

Death, Dismemberment and Loss of Sight Coverage payments are not recoverable by ***us***. Under all other coverages the following apply:

**a. Subrogation**

If ***we*** are obligated under this policy to make payment to or for a ***person*** or organization who has a legal right to collect from another ***person*** or organization, then ***we*** will be subrogated to that right to the extent of ***our*** payment.

The ***person*** or organization to or for whom ***we*** make payment must help ***us*** recover ***our*** payments by:

(1) doing nothing to impair that legal right;

(2) executing any documents ***we*** may need to assert that legal right; and

(3) taking legal action through ***our*** representatives when ***we*** ask.

**b. Reimbursement**

If ***we*** make payment under this policy and the ***person*** or organization to or for whom ***we*** make payment recovers or has recovered from another ***person*** or organization, then the ***person*** or organization to or for whom ***we*** make payment must:

(1) hold in trust for ***us*** the proceeds of any recovery; and

(2) reimburse ***us*** to the extent of ***our*** payment.

**12. Legal Action Against Us**

Legal action may not be brought against ***us*** until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against ***us*** regarding:

a. Liability Coverage after the amount of damages an ***insured*** is legally liable to pay has been finally determined by:

(1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(2) agreement between the ***insured***, the claimant and ***us***.

b. Medical Payments Coverage if the legal action relating to this coverage is brought against ***us*** within four years immediately following the date of the accident.

c. Physical Damage Coverages if the legal action relating to these coverages is brought against ***us*** within one year immediately following the date of the accident or ***loss***.

**13. Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. New York will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

**14. Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

**From:**"HOME AUTO-UND-DOCS" <home.auto-und-docs.145o26@statefarm.com>
**Sent:**Thu, 16 Sep 2021 09:46:37 +0000
**To:**"VC - AUTO - Coverage Correspondence - MULTIPLE OUTPUT" <VC-AUTO-CL-MO@statefarm.com>
**Subject:**FW: 5215S670J
**Attachments:**9832A (32).pdf

Auto-Forwarded by Rule

---

From: HOME AUTO-PL-EAST-UND-DOCS
Sent: Thursday, September 16, 2021 4:46:35 AM (UTC-06:00) Central Time (US & Canada)
To: HOME AUTO-UND-DOCS
Subject: 5215S670J

Your message is ready to be sent with the following file or link attachments:

9832A (32)

Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments. Check your e-mail security settings to determine how attachments are handled.

## 6820EE.2 OPTIONAL BASIC ECONOMIC LOSS COVERAGE ENDORSEMENT (New York)

This endorsement is a part of the policy. Except for the changes it makes, all other provisions of the policy remain the same and apply to this endorsement.

The Company agrees with the ***named insured***, subject to all of the provisions, exclusions and conditions of the MANDATORY PERSONAL INJURY PROTECTION ENDORSEMENT (New York) not expressly modified in this Endorsement, as follows:

The definition of Basic Economic Loss contained in the MANDATORY PERSONAL INJURY PROTECTION ENDORSEMENT (New York) or the MANDATORY PERSONAL INJURY PROTECTION ENDORSEMENT — MOTORCYCLES (New York) is replaced by the following:

**Basic Economic Loss**:

Basic economic loss shall consist of medical expense, work loss, other expense and, when death occurs, a death benefit as herein provided. Except for such death benefit, basic economic loss shall not include any loss sustained on account of death. Basic economic loss of each eligible injured person on account of any single accident shall not exceed $75,000, the last $25,000 of which represents optional basic economic loss coverage, payable after the first $50,000 of basic economic loss has been exhausted, that the eligible injured person or that person's legal representative may specify will be applied to one of the following four options:

(a) basic economic loss;

(b) loss of earnings from work;

(c) psychiatric, physical or occupational therapy and rehabilitation; or

(d) a combination of options (b) and (c).

Any death benefit hereunder shall be in addition thereto.

Exclusion (c) set forth in the MANDATORY PERSONAL INJURY PROTECTION ENDORSEMENT (New York) is replaced by the following:

(c) THE ***NAMED INSURED*** OR ***RELATIVE*** WHILE ***OCCUPYING***, OR WHILE A PEDESTRIAN THROUGH BEING STRUCK BY, A ***MOTOR VEHICLE*** IN NEW YORK STATE, OTHER THAN THE ***INSURED MOTOR VEHICLE***, WITH RESPECT TO WHICH THE COVERAGE REQUIRED BY THE NEW YORK COMPREHENSIVE MOTOR VEHICLE INSURANCE REPARATIONS ACT IS IN EFFECT; HOWEVER, THIS EXCLUSION DOES NOT APPLY TO:

(1) THE OPTIONAL BASIC ECONOMIC LOSS COVERAGE PROVIDED UNDER THIS ENDORSEMENT, UNLESS OBEL COVERAGE IS PROVIDED BY THE POLICY COVERING THE OTHER ***MOTOR VEHICLE***; OR

(2) TO ***PERSONAL INJURY*** SUSTAINED IN NEW YORK STATE BY THE ***NAMED INSURED*** OR ***RELATIVE*** WHILE ***OCCUPYING*** A BUS OR SCHOOL BUS, AS DEFINED IN SECTIONS 104 AND 142 OF THE NEW YORK VEHICLE AND TRAFFIC LAW, UNLESS THAT PERSON IS THE OPERATOR, AN OWNER, OR AN EMPLOYEE OF THE OWNER OR OPERATOR, OF SUCH BUS OR SCHOOL BUS.


©, Copyright, State Farm Mutual Automobile Insurance Company, 2009

**Election**

Election of the OBEL option shall be made by the eligible injured person or that person's legal representative after such person has incurred expense aggregating $30,000 in basic economic loss and after receiving the required notices from the Company that an OBEL election may be made. Failure of the eligible injured person or that person's legal representative to respond to the second notice within 15 calendar days after its mailing shall be considered an election by the eligible injured person to apply OBEL coverage to all elements of basic economic loss. Once made by the eligible injured person or that person's legal representative, an OBEL election cannot be changed. However, if claims payable under OBEL coverage have not yet been received by the Company, an eligible injured person who has failed to respond to the second notice in a timely manner may make an election.

**Notice**

If OBEL coverage is payable under this policy, but Mandatory PIP is being paid under a policy covering another ***motor vehicle***, then the ***named insured*** or ***relative*** shall notify the Company no later than 90 days after Mandatory PIP benefits under that other policy have been exhausted. The Company shall then send its OBEL election notice.


©, Copyright, State Farm Mutual Automobile Insurance Company, 2009

## 6296F.12 ADDITIONAL PERSONAL INJURY PROTECTION ENDORSEMENT (New York)

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

The Company agrees with the named insured subject to all of the provisions, exclusions and conditions of the New York Mandatory Personal Injury Protection Endorsement (New York), not expressly modified in this endorsement, as follows:

**ADDITIONAL PERSONAL INJURY PROTECTION**

The Company will pay additional first-party benefits to reimburse for extended economic loss on account of personal injuries sustained by an eligible injured person and caused by an accident arising out of the use or operation of a motor vehicle or motorcycle during the policy period. This coverage only applies to motor vehicle accidents within the United States of America, its territories or possessions, or Canada.

**ELIGIBLE INJURED PERSON**

Subject to the exclusions set forth below, an eligible injured person is:

**(a)** the named insured and any relative who sustains personal injury arising out of the use or operation of any motor vehicle; or

**(b)** the named insured and any relative who sustains personal injury arising out of the use or operation of any motorcycle while not occupying a motorcycle;

**(c)** any other person who sustains personal injury arising out of the use or operation of the insured motor vehicle while occupying the insured motor vehicle; or

**(d)** any other person who sustains personal injury arising out of the use or operation of any other motor vehicle (other than a public or livery conveyance) while occupying such other motor vehicle, if such other motor vehicle is being operated by the named insured or any relative.

**EXCLUSIONS**

This coverage does not apply to personal injury sustained by:

**(a)** any person while occupying a motor vehicle owned by such person with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is not in effect;

**(b)** any person while occupying, or while a pedestrian through being struck by, a motor vehicle owned by the named insured with respect to which additional personal injury protection coverage is not provided under this policy;

**(c)** any relative while occupying, or while a pedestrian through being struck by, a motor vehicle owned by such relative with respect to which additional personal injury protection coverage is not provided under this policy;

**(d)** any New York State resident other than the named insured or relative injured through the use or operation of a motor vehicle outside of New York State if such resident is the owner of a motor vehicle for which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is not in effect;

**(e)** any person while occupying a motorcycle;

**(f)** any person who intentionally causes his own personal injury;

**(g)** any person as a result of operating a motor vehicle while in an intoxicated condition or while his or her ability to operate the vehicle is impaired by the use of a drug (within the meaning of Section 1192 of the New York Vehicle and Traffic Law) except that coverage shall apply to necessary emergency


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

health services rendered in a general hospital, as defined in section 2801 (10) of the New York Public Health Law, including ambulance services attendant thereto and related medical screening. However, where the person has been convicted of violating section 1192 of the New York Vehicle and Traffic Law while operating a motor vehicle in an intoxicated condition or while his or her ability to operate such vehicle is impaired by the use of a drug, and the conviction is a final determination, the company has a cause of action against such person for the amount of first party benefits that are paid or payable; or

**(h)** any person while:

**(i)** committing an act which would constitute a felony, or seeking to avoid lawful apprehension or arrest by a law enforcement officer;

**(ii)** operating a motor vehicle in a race or speed test;

**(iii)** operating or occupying a motor vehicle known to him to be stolen;

**(iv)** repairing, servicing, or otherwise maintaining a motor vehicle if the conduct is within the course of a business of repairing, servicing or otherwise maintaining a motor vehicle and the injury occurs on the business premises; or

**(v)** any person who is injured while, pursuant to article 44-B of the Vehicle and Traffic Law, the insured motor vehicle is being used or operated by a ***transportation network company driver***.

**ADDITIONAL FIRST-PARTY BENEFITS**

Additional first-party benefits are payments equal to extended economic loss reduced by:

**(a)** 20 percent of the eligible injured person's loss of earnings from work, to the extent that the extended economic loss covered by this endorsement includes such loss of earnings;

**(b)** amounts recovered or recoverable on account of personal injury to an eligible injured person under State or Federal laws providing social security disability or workers' compensation benefits or disability benefits under article 9 of the New York Workers' Compensation law, which amounts have not been applied to reduce first-party benefits recovered or recoverable under basic economic loss;

**(c)** amounts recovered or recoverable by the eligible injured person for any element of extended economic loss covered by this endorsement under any mandatory source of first-party automobile no-fault benefits required by the laws of any State (other than the State of New York) of the United States of America, its possessions or territories, or by the laws of any province of Canada.

**EXTENDED ECONOMIC LOSS**

Extended economic loss shall consist of the following:

**(a)** basic economic loss sustained on account of an accident occurring within the United States of America, its possessions or territories, or Canada, which is not recovered or recoverable under a policy issued in satisfaction of the requirements of article 6 or 8 of the New York Vehicle and Traffic Law and article 51 of the New York Insurance Law;

**(b)** the difference between

**(i)** basic economic loss; and

**(ii)** basic economic loss recomputed in accordance with the time and dollar limits set out in the declarations; and

**(c)** an additional death benefit in the amount set out in the declarations.

**TWO OR MORE VEHICLES INSURED UNDER THIS POLICY**


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

The limit of liability under this endorsement applicable to injuries sustained by an eligible injured person while occupying, or while a pedestrian through being struck by, the insured motor vehicle shall be as stated in the declarations for that insured motor vehicle. The limit of liability for injuries covered by this endorsement and sustained by an eligible injured person while occupying, or while a pedestrian through being struck by, a motor vehicle, other than the insured motor vehicle, shall be the highest limit stated for this coverage in the declarations for any insured motor vehicle under this policy.

**ARBITRATION**

In the event any person making a claim for additional first-party benefits and the Company do not agree regarding any matter relating to the claim, such person shall have the option of submitting such disagreement to arbitration pursuant to procedures promulgated or approved by the Superintendent of Financial Services.

**SUBROGATION**

In the event of any payment for extended economic loss, the Company is subrogated to the extent of such payments to the rights of the person to whom, or for whose benefit, such payments were made. Such person must execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing to prejudice such rights.

**OTHER COVERAGE; NONDUPLICATION**

The eligible injured person shall not recover duplicate benefits for the same elements of loss covered by this endorsement or any other optional first-party automobile or no-fault automobile insurance coverage.

If an eligible injured person is entitled to New York mandatory and additional personal injury protection benefits under any other policy, and if such eligible injured person is not entitled to New York mandatory personal injury protection benefits under this policy, then the coverage provided under this New York Additional Personal Injury Protection Endorsement shall be excess over such other New York mandatory and additional personal injury protection benefits.

When coverage provided under this endorsement applies on an excess basis, it shall apply only in the amount by which the total limit of liability of New York mandatory and additional personal injury protection coverage available under this policy exceeds the total limit of liability for any other applicable New York mandatory and additional personal injury protection coverage.

Subject to the provisions of the preceding three paragraphs, if the eligible injured person is entitled to benefits under any other optional first-party automobile or no-fault automobile insurance for the same elements of loss covered by this endorsement, this Company shall be liable only for an amount equal to the proportion that the total amount available under this endorsement bears to the sum of the amounts available under this endorsement and such other optional insurance, for the same element of loss.


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

**Schedule**

The applicable set of limits per injured person is indicated by the coverage designation shown in the declarations.

| Coverage Designation | Q1 | Q2 | Q3 |
|---|---|---|---|
| Work Loss | | | |
| Dollar limit per month | $2,000 | $4,000 | $4,000 |
| Period of time (years) | 3 | 3 | 3 |
| Other Expense | | | |
| Dollar limit per day | $25 | $50 | $50 |
| Period of time (years) | 1 | 1 | 1 |
| Maximum Extended Economic Loss | $50,000* | $100,000** | $150,000*** |

* If the Declarations Page indicates that Optional Basic Economic Loss Coverage applies, Maximum Extended Economic Loss is $75,000.

** If the Declarations Page indicates that Optional Basic Economic Loss Coverage applies, Maximum Extended Economic Loss is $125,000.

*** If the Declarations Page indicates that Optional Basic Economic Loss Coverage applies, Maximum Extended Economic Loss is $175,000.

It is agreed that the individual(s) named in this Endorsement shall be deemed to be a named insured under the Mandatory Personal Injury Protection Endorsement (New York) and, to the extent applicable, this Endorsement.

**Name of Individual**

See name(s) in declarations.


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

## 6291X.10 MANDATORY PERSONAL INJURY PROTECTION ENDORSEMENT (New York)

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

The Company agrees with the named insured, as follows:

### Section I

### Mandatory Personal Injury Protection

The Company will pay first-party benefits to reimburse for basic economic loss sustained by an eligible injured person on account of personal injuries caused by an accident arising out of the use or operation of a motor vehicle or a motorcycle during the policy period and within the United States of America, its territories or possessions, or Canada.

### First-Party Benefits

First-party benefits, other than death benefits, are payments equal to basic economic loss, reduced by the following:

**(a)** 20 percent of the eligible injured person's loss of earnings from work to the extent that an eligible injured person's basic economic loss consists of such loss of earnings;

**(b)** amounts recovered or recoverable on account of personal injury to an eligible injured person under State or Federal laws providing social security disability or workers' compensation benefits, or disability benefits under article 9 of the New York Workers' Compensation Law;

**(c)** the amount of any applicable deductible, provided that such deductible shall apply to each accident, but only to the total of first-party benefits otherwise payable to the named insured and any relative as a result of that accident.

### Basic Economic Loss

Basic economic loss shall consist of medical expense, work loss, other expense and, when death occurs, a death benefit as herein provided. Except for such death benefit, basic economic loss shall not include any loss sustained on account of death. Basic economic loss of each eligible injured person on account of any single accident shall not exceed $50,000, except that any death benefit hereunder shall be in addition thereto.

### Medical Expense

Medical expense shall consist of necessary expenses for:

**(a)** medical, hospital (including services rendered in compliance with article 41 of the Public Health Law, whether or not such services are rendered directly by a hospital), surgical, nursing, dental, ambulance, X-ray, prescription drug and prosthetic services;

**(b)** psychiatric, physical and occupational therapy and rehabilitation;

**(c)** any nonmedical remedial care and treatment rendered in accordance with a religious method of healing recognized by the laws of New York; and

**(d)** any other professional health services.

These medical expenses will not be subject to a time limitation, provided that, within one year after the date of the accident, it is ascertainable that further medical expenses may be sustained as a result of the injury. Payments hereunder for necessary medical expenses shall be subject to the limitations and requirements of section 5108 of the New York Insurance Law.

### Work Loss

Work loss shall consist of the sum of the following losses and expenses, up to a maximum payment of $2,000 per month for a maximum period of three years from the date of the accident:


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

**(a)** loss of earnings from work which the eligible injured person would have performed had such person not been injured, except that an employee who is entitled to receive monetary payments, pursuant to statute or contract with the employer, or who receives voluntary monetary benefits paid for by the employer, by reason of such employee's inability to work because of personal injury arising out of the use or operation of a motor vehicle or a motorcycle, shall not be entitled to receive first-party benefits for loss of earnings from work to the extent that such monetary payments or benefits from the employer do not result in the employee suffering a reduction in income or a reduction in such employee's level of future benefits arising from a subsequent illness or injury; and

**(b)** reasonable and necessary expenses sustained by the eligible injured person in obtaining services in lieu of those which such person would have performed for income.

**Other Expenses**

Other expenses shall consist of all reasonable and necessary expenses, other than medical expense and work loss, up to $25 per day for a period of one year from the date of the accident causing injury.

**Death Benefit**

Upon the death of any eligible injured person, caused by an accident to which this coverage applies, the Company will pay to the estate of such person a death benefit of $2,000.

**Eligible Injured Person**

Subject to the exclusions and conditions set forth below, an eligible injured person is:

**(a)** the named insured and any relative who sustains personal injury arising out of the use or operation of any motor vehicle;

**(b)** the named insured and any relative who sustains personal injury arising out of the use or operation of any motorcycle, while not occupying a motorcycle;

**(c)** any other person who sustains personal injury arising out of the use or operation of the insured motor vehicle in the State of New York while not occupying another motor vehicle; or

**(d)** any New York State resident who sustains personal injury arising out of the use or operation of the insured motor vehicle outside of New York State while not occupying another motor vehicle.

**Exclusions**

This coverage does not apply to personal injury sustained by:

**(a)** the named insured while occupying, or while a pedestrian through being struck by, any motor vehicle owned by the named insured with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is not in effect;

**(b)** any relative while occupying, or while a pedestrian through being struck by, any motor vehicle owned by the relative with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is not in effect;

**(c)** the named insured or relative while occupying, or while a pedestrian through being struck by, a motor vehicle in New York State, other than the insured motor vehicle, with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is in effect; however, this exclusion does not apply to personal injury sustained in New York State by the named insured or relative while occupying a bus or school bus, as defined in sections 104 and 142 of the New York Vehicle and Traffic Law, unless that person is the operator, an owner, or an employee of


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

the owner or operator, of such bus or school bus;

**(d)** any person in New York State while occupying the insured motor vehicle which is a bus or school bus, as defined in sections 104 and 142 of the New York Vehicle and Traffic Law, but only if such person is a named insured or relative under any other policy providing the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act; however, this exclusion does not apply to the operator, an owner, or an employee of the owner or operator, of such bus or school bus;

**(e)** any person while occupying a motorcycle;

**(f)** any person who intentionally causes his or her own personal injury;

**(g)** any person as a result of operating a motor vehicle while in an intoxicated condition or while his or her ability to operate the vehicle is impaired by the use of a drug (within the meaning of section 1192 of the New York Vehicle and Traffic Law) except that coverage shall apply to necessary emergency health services rendered in a general hospital, as defined in section 2801 (10) of the New York Public Health Law, including ambulance services attendant thereto and related medical screening. However, where the person has been convicted of violating section 1192 of the New York Vehicle and Traffic Law while operating a motor vehicle in an intoxicated condition or while his or her ability to operate such vehicle is impaired by the use of a drug, and the conviction is a final determination, the company has a cause of action against such person for the amount of first party benefits that are paid or payable;

**(h)** any person while:

**(1)** committing an act which would constitute a felony, or seeking to avoid lawful apprehension or arrest by a law enforcement officer;

**(2)** operating a motor vehicle in a race or speed test;

**(3)** operating or occupying a motor vehicle known to that person to be stolen; or

**(4)** repairing, servicing or otherwise maintaining a motor vehicle if the conduct is within the course of a business of repairing, servicing or otherwise maintaining a motor vehicle and the injury occurs on the business premises.

**(i)** the named insured or relative while not occupying a motor vehicle or a motorcycle when struck by a motorcycle in New York State with respect to which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is in effect;

**(j)** any New York State resident other than the named insured or relative injured through the use or operation of the insured motor vehicle outside of New York State if such resident is the owner or a relative of the owner of a motor vehicle insured under another policy providing the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act;

**(k)** any New York State resident other than the named insured or relative injured through the use or operation of the insured motor vehicle outside of New York State if such resident is the owner of a motor vehicle for which the coverage required by the New York Comprehensive Motor Vehicle Insurance Reparations Act is not in effect; or

**(l)** any person who is injured while, pursuant to article 44-B of the Vehicle and Traffic Law, the insured motor vehicle is being used or operated by a ***transportation network company driver***.

**Other Definitions**

When used in reference to this coverage:

**(a)** the "insured motor vehicle" means a motor vehicle owned by the named insured and to


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

which the bodily injury liability insurance of this policy applies and for which a specific premium is charged;

**(b)** "motorcycle" means a vehicle as defined in section 123 of the New York Vehicle and Traffic Law and which is required to carry financial security pursuant to article 6, 8 or 48-A of the Vehicle and Traffic Law;

**(c)** "motor vehicle" means a motor vehicle, as defined in section 311 of the New York Vehicle and Traffic Law, and also includes fire and police vehicles, but shall not include any motor vehicle not required to carry financial security pursuant to article 6, 8 or 48-A of the Vehicle and Traffic Law, or a motorcycle as defined above;

**(d)** "named insured" means the person or organization named;

**(e)** "occupying" means in or upon or entering into or alighting from;

**(f)** "personal injury" means bodily injury, sickness or disease;

**(g)** "relative" means a spouse, child, or other person related to the named insured by blood, marriage, or adoption (including a ward or foster child), who regularly resides in the insured's household, including any such person who regularly resides in the household, but is temporarily living elsewhere; and

**(h)** "use or operation" of a motor vehicle or a motorcycle includes the loading or unloading of such vehicle.

**Conditions**

**Action Against Company**. No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with the terms of this coverage.

**Notice**. In the event of an accident, written notice setting forth details sufficient to identify the eligible injured person, along with reasonably obtainable information regarding the time, place and circumstances of the accident, shall be given by, or on behalf of, each eligible injured person, to the Company, or any of the Company's authorized agents, as soon as reasonably practicable, but in no event more than 30 days after the date of the accident, unless the eligible injured person submits written proof providing clear and reasonable justification for the failure to comply with such time limitation. If an eligible injured person or that person's legal representative institutes a proceeding to recover damages for personal injury under section 5104(b) of the New York Insurance Law, a copy of the summons and complaint or other process served in connection with such action shall be forwarded as soon as practicable to the Company or any of the Company's authorized agents by such eligible injured person or that person's legal representative.

**Proof of Claim; Medical, Work Loss, and Other Necessary Expenses.** In the case of a claim for health service expenses, the eligible injured person or that person's assignee or representative shall submit written proof of claim to the Company, including full particulars of the nature and extent of the injuries and treatment received and contemplated, as soon as reasonably practicable but, in no event later than 45 days after the date services are rendered. The eligible injured person or that person's representative shall submit written proof of claim for work loss benefits and for other necessary expenses to the Company as soon as reasonably practicable but, in no event, later than 90 days after the work loss is incurred or the other necessary services are rendered. The foregoing time limitations for the submission of proof of claim shall apply unless the eligible injured person or that person's representative submits written proof providing clear and reasonable justification for the failure to comply with such time limitation. Upon request by the Company, the eligible injured person or that person's assignee or representative shall:

**(a)** execute a written proof of claim under oath;

**(b)** as may reasonably be required submit to examinations under oath by any person


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

named by the Company and subscribe the same;

**(c)** provide authorization that will enable the Company to obtain medical records; and

**(d)** provide any other pertinent information that may assist the Company in determining the amount due and payable.

The eligible injured person shall submit to medical examination by physicians selected by, or acceptable to, the Company, when, and as often as, the Company may reasonably require.

**Arbitration**. In the event any person making a claim for first-party benefits and the Company do not agree regarding any matter relating to the claim, such person shall have the option of submitting such disagreement to arbitration pursuant to procedures promulgated or approved by the Superintendent of Financial Services.

**Reimbursement and Trust Agreement.** To the extent that the Company pays first-party benefits, the Company is entitled to the proceeds of any settlement or judgment resulting from the exercise of any right of recovery for damages for personal injury under section 5104(b) of the New York Insurance Law. The Company shall have a lien upon any such settlement or judgment to the extent that the Company has paid first-party benefits. An eligible injured person shall:

**(a)** hold in trust, for the benefit of the Company, all rights of recovery which that person shall have for personal injury under section 5104(b) of the New York Insurance Law;

**(b)** do whatever is proper to secure, and shall do nothing to prejudice, such rights; and

**(c)** execute, and deliver to the Company, instruments and papers as may be appropriate to secure the rights and obligations of such person and the Company established by this provision.

An eligible injured person shall not compromise an action to recover damages brought under section 5104(b) of the New York Insurance Law, except:

**(a)** with the written consent of the Company;

**(b)** with approval of the court; or

**(c)** where the amount of the settlement exceeds $50,000.

**Other Coverage.** Where more than one source of first-party benefits required by article 51 of the New York Insurance Law and article 6, 8, or 44-B of the New York Vehicle and Traffic Law is available and applicable to an eligible injured person in any one accident, this Company is liable to an eligible injured person only for an amount equal to the maximum amount that the eligible injured person is entitled to recover under this coverage, divided by the number of available and applicable sources of required first-party benefits. An eligible injured person shall not recover duplicate benefits for the same elements of loss under this coverage or any other mandatory first-party motor vehicle or no-fault motor vehicle insurance coverage issued in compliance with the laws of another state.

If the eligible injured person is entitled to benefits under any such mandatory first-party motor vehicle or no-fault motor vehicle insurance for the same elements of loss under this coverage, this Company shall be liable only for an amount equal to the proportion that the total amount available under this coverage bears to the sum of the amount available under this coverage and the amount available under such other mandatory insurance for the common elements of loss. However, where another state's mandatory first-party or no-fault motor vehicle insurance law provides unlimited coverage available to an eligible injured person for an element of loss under this coverage, the obligation of this Company is to share equally for that element of loss with such other mandatory insurance until the


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

$50,000, or $75,000 if Optional Basic Economic Loss (OBEL) coverage is purchased, limit of this coverage is exhausted by the payment of that element of loss and any other elements of loss.

**Section II**

**Excess Coverage**

If motor vehicle medical payments coverage or any disability coverages or uninsured motorists coverage are afforded under this policy, such coverages shall be excess insurance over any Mandatory PIP, OBEL, or Additional PIP benefits paid or payable, or which would be paid or payable but for the application of a deductible, under this or any other motor vehicle No-Fault insurance policy.

**Section III**

**Constitutionality**

If it is conclusively determined by a court of competent jurisdiction that the New York Comprehensive Motor Vehicle Insurance Reparations Act, or any amendment thereto, is invalid or unenforceable in whole or in part, then, subject to the approval of the Superintendent of Financial Services, the Company may amend this policy and may also recompute the premium for the existing or amended policy.

These amendments and recomputations will be effective retroactively to the date that such act or any amendment is deemed to be invalid or unenforceable in whole or in part.

**Section IV**

This section applies only if coverage designation P15, P16, P17, P18, P25, P26, P27 or P28 appears on the Declarations Page.

## EXCLUSION OF MEDICAL EXPENSE FROM MANDATORY PERSONAL INJURY PROTECTION ENDORSEMENT (New York)

In consideration of a reduction in premium, it is agreed that:

If the Medical Expense element of Basic Economic Loss is identified as not applicable in the declarations, the Company shall not be liable for any items of such loss which would otherwise be covered under the New York Mandatory Personal Injury Protection Endorsement with respect to the named insured or named insured and any relative as specified in the declarations. Coverage for any such medical expense element of basic economic loss provided to such named insured or such relative by a company or corporation in accordance with the provisions of 5103(g) of the New York Insurance Law shall reduce the $50,000 aggregate limit of liability for basic economic loss to such person under this policy. This endorsement shall be effective during the term of this policy so long as the medical expense coverage provided by such company or corporation remains in effect, notwithstanding any provisions in the declarations of this policy to the contrary, and in the event this endorsement shall no longer be in effect the premium may be adjusted accordingly.


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

# 6163A.2 SUPPLEMENTARY UNINSURED/UNDERINSURED MOTORISTS ENDORSEMENT — NEW YORK

This endorsement is a part of the policy. Except for the changes it makes, all other provisions of the policy remain the same and apply to this endorsement.

We, the company, agree with you, as the named insured, in return for payment of the premium for this coverage, to provide Supplementary Uninsured/Underinsured Motorists (SUM) coverage (SYMBOL U), subject to the following terms and conditions:

## INSURING AGREEMENTS

**I. Definitions**: For purposes of this SUM endorsement, the following terms have the following meanings.

(a) **Insured**. The unqualified term "insured" means:

(1) you, as the named insured and, while residents of the same household, your spouse and the relatives of either you or your spouse;

(2) any person while acting in the scope of that person's duties for you, except with respect to the use and operation by such person of a motor vehicle not covered under this policy, where such person is:

(i) your employee and you are a fire department;

(ii) your member and you are a fire company, as defined in General Municipal Law section 100;

(iii) your employee and you are an ambulance service, as defined in Public Health Law section 3001; or

(iv) your member and you are a voluntary ambulance service, as defined in Public Health Law section 3001;

(3) any other person while occupying:

(i) a motor vehicle insured for SUM under this policy; or

(ii) any other motor vehicle while being operated by you or your spouse; and

(4) any person, with respect to damages such person is entitled to recover, because of bodily injury to which this coverage applies sustained by an insured under paragraph (1), (2) or (3) above.

(b) **Bodily Injury**. The term "bodily injury" means bodily harm, including sickness, disease or death resulting therefrom.

(c) **Uninsured Motor Vehicle**. The term "uninsured motor vehicle" means a motor vehicle that, through its ownership, maintenance or use, results in bodily injury to an insured, and for which:

(1) no bodily injury liability insurance policy or bond applies to such motor vehicle (including a vehicle that was stolen, operated without the owner's permission or unregistered) at the time of the accident; or

(2) the owner and operator cannot be identified (including a hit-and-run motor vehicle), and which causes bodily injury to an insured by physical contact with the insured or with a motor vehicle occupied by the insured at the time of the accident, provided that:


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

(i) the insured or someone on the insured's behalf:

(a) reported the accident within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles; and

(b) filed with the Company a statement under oath that the insured or the insured's legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and

(ii) at the request of the Company, the insured or the insured's legal representative makes available for inspection the motor vehicle the insured was occupying at the time of the accident; or

(3) there is a bodily injury liability insurance coverage or bond applicable to such motor vehicle at the time of the accident, but:

(i) the amount of such insurance coverage or bond is less than the third-party bodily injury liability limit of this policy; or

(ii) the amount of such insurance coverage or bond has been reduced, by payments to other persons injured in the accident, to an amount less than the third-party bodily injury liability limit of this policy; or

(iii) the insurer writing such insurance coverage or bond denies coverage or such insurer is or becomes insolvent.

The term "uninsured motor vehicle" shall not include a motor vehicle that is:

(1) insured under the liability coverage of this policy; or

(2) owned by you, the named insured, or your spouse residing in your household; or

(3) self-insured within the meaning of the financial responsibility law of the State in which the motor vehicle is registered, or any similar state or Federal law, to the extent that the required amount of such coverage is equal to, or greater than, the third-party bodily injury liability limits of this policy; or

(4) owned by the United States of America, Canada, a state, a political subdivision of any such government or an agency of any of the foregoing; or

(5) a land motor vehicle or trailer, while located for use as a residence or premises and not as a motor vehicle or while operated on rails or crawler-treads; or

(6) a farm type vehicle or equipment designed for use principally off public roads, except while actually upon public roads.

(d) **Occupying**. The term "occupying" means in, upon, entering into or exiting from a motor vehicle.

(e) **State**. The term "state" means a state, territory or possession of the United States, the District of Columbia or a province of Canada.

**II. Damages for Bodily Injury Caused by Uninsured Motor Vehicles:**

We will pay all sums that the insured or the insured's legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

vehicle because of bodily injury sustained by the insured, caused by an accident arising out of such uninsured motor vehicle's ownership, maintenance or use, subject to the Exclusions, Conditions, Limits and other provisions set forth in this SUM endorsement.

**III. SUM Coverage Period and Territory:**

This SUM coverage applies only to accidents that occur:

1. during the policy period shown in the Declarations; and
2. in the United States, its territories or possessions, or Canada.

**EXCLUSIONS**

This SUM coverage does not apply to:

1. bodily injury to an insured, including care or loss of services recoverable by an insured, if such insured, such insured's legal representatives or any person entitled to payment under this coverage, without our written consent, settles any lawsuit against any person or organization that may be legally liable for such injury, care or loss of services, however this provision shall be subject to Condition 9;
2. bodily injury to an insured incurred while occupying a motor vehicle owned by that insured, if such motor vehicle is not insured for SUM coverage by the policy under which a claim is made or is not a newly acquired or replacement motor vehicle covered under the terms of this policy;
3. non-economic loss resulting from bodily injury to an insured arising from an accident in New York State, unless the insured has sustained serious injury as defined in Section 5102(d) of the New York Insurance Law; or
4. bodily injury to an insured incurred while the insured motor vehicle is used by a ***transportation network company driver*** who is logged onto a transportation network company's ***digital network*** but is not engaged in a ***transportation network company prearranged trip*** or while the driver provides a ***transportation network company prearranged trip*** pursuant to article 44-B of the Vehicle and Traffic Law.

**CONDITIONS**

1. **Policy Provisions**: None of the Insuring Agreements, Exclusions, Insured's Duties, or General Terms of the policy shall apply to this SUM coverage except: "Notice to Us of an Accident or Loss"; "Nonrenewal"; "Cancellation"; and "Concealment or Fraud" if applicable.
2. **Notice and Proof of Claim**: As soon as practicable, the insured or other person making a claim shall give us written notice of claim under this SUM coverage.
   (i) As soon as practicable after our written request, the insured or other person making claim shall give us written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment and other details we need to determine the SUM amount payable.
   (ii) The insured and every other person making claim hereunder shall, as may reasonably be required, submit to examinations under oath by any person we name and subscribe the same. Proof of claim shall be made upon forms we furnish unless we fail to furnish such forms within 15 calendar days after receiving notice of claim.
3. **Medical Reports**: The insured shall submit to physical examinations by physicians we select when and as often as we may reasonably require. The insured, or in the event of the insured's incapacity, the insured's legal representative (or in the event of the insured's death, the insured's legal representative or the person or persons entitled to sue therefore), shall upon each request from us


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

authorize us to obtain copies of relevant medical reports and records.

4. **Notice of Legal Action**: If the insured or the insured's legal representative brings any lawsuit against any person or organization legally responsible for the use of a motor vehicle involved in the accident, a copy of the summons and complaint or other process served in connection with the lawsuit shall be forwarded immediately to us by the insured or the insured's legal representative.

5. **SUM Limits and Maximum Payments:**

   (a) The SUM limits payable under this endorsement shall be determined as follows:

      (1) if an accident results in bodily injury excluding death to one or more persons, then we will provide the SUM limits stated in the Declarations; or

      (2) if an accident results in the death of one or more persons, then we will provide the greater of the SUM limits stated in the Declarations or $50,000 for such bodily injury resulting in death sustained by one person as the result of any one accident and, subject to this per person limit, $100,000 for such bodily injury resulting in death sustained by two or more persons as the result of any one accident; or

      (3) if an accident results in both bodily injury to one or more persons and the death of one or more persons, then we will provide the greater of the SUM limits stated in the Declarations or the limits required by the mandatory uninsured motorists (UM) coverage as follows:

      $25,000 per injured person and, subject to this per person limit, $50,000 to two or more persons injured as the result of any one accident; and

      $50,000 per person for bodily injury resulting in death and, subject to this per person limit,

      $100,000 to two or more persons for bodily injury resulting in death as the result of any one accident.

   (b) Regardless of the number of insured's, our maximum payment under this SUM endorsement shall be the difference between:

      (1) the SUM limits; and

      (2) the motor vehicle bodily injury liability insurance or bond payments received by the insured or the insured's legal representative, from or on behalf of all persons that may be legally liable for the bodily injury sustained by the insured.

   (c) The SUM limit shown on the Declarations for "Each Person" is the amount of coverage for all damages due to bodily injury to one person. The SUM limit shown under "Each Accident" is, subject to the limit for each person, the total amount of coverage for all damages due to bodily injury to two or more persons in the same accident.

6. **Non-Stacking**: Regardless of the number of motor vehicles involved, persons covered, claims made, motor vehicles or premiums shown in this policy or premium paid, the limits, whether for UM coverage or SUM coverage, shall never be added together or combined for two or more motor vehicles to determine the extent of insurance coverage available to an insured who was injured in the same accident.

7. **Priority of Coverage**: If an insured is entitled to UM coverage or SUM coverage under more than one policy, the maximum amount such insured may recover shall not


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

exceed the highest limit of such coverage for any one motor vehicle under any one policy and the following order of priority shall apply:

(a) a policy covering a motor vehicle occupied by the injured person at the time of the accident;

(b) a policy covering a motor vehicle not involved in the accident under which the injured person is a named insured; and

(c) a policy covering a motor vehicle not involved in the accident under which the injured person is an insured other than a named insured.

Coverage available under a lower priority policy applies only to the extent that it exceeds the coverage of a higher priority policy.

8. **Exhaustion Required:** Except as provided in Condition 9, we will pay under this SUM coverage only after the limits of liability have been exhausted under all motor vehicle bodily injury liability insurance policies or bonds applicable at the time of the accident in regard to any one person who may be legally liable for the bodily injury sustained by the insured.

9. **Release or Advance:**

(a) In accidents involving the insured and one or more negligent parties, if such insured settles with any such party for the available limit of the motor vehicle bodily injury liability coverage of such party, a release may be executed with such party after thirty calendar days from our receipt of your written notice to us, unless within this time period we agree to advance such settlement amounts to the insured in return for the cooperation of the insured in our lawsuit on behalf of the insured.

(b) We shall have a right to the proceeds of any such lawsuit equal to the amount advanced to the insured and any additional amounts paid under this SUM coverage. Any excess above those amounts shall be paid to the insured.

(c) An insured shall not otherwise settle with any negligent party, without our written consent, such that our rights would be impaired.

10. **Non-Duplication:** This SUM coverage shall not duplicate any of the following:

(a) benefits payable under workers' compensation or other similar laws;

(b) non-occupational disability benefits under New York Workers' Compensation Law article nine or other similar law;

(c) any amounts recovered or recoverable pursuant to New York Insurance Law article fifty-one or any similar motor vehicle insurance payable without regard to fault;

(d) any valid or collectible motor vehicle medical payments insurance; or

(e) any amounts recovered as bodily injury damages from sources other than motor vehicle bodily injury liability insurance policies or bonds.

11. **Arbitration:**

(a) If any insured makes a claim under this SUM coverage and we do not agree that such insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, or we do not agree as to the amount of payment that may be owing under this SUM coverage, then, at the option and upon written demand of such insured, the matter or matters upon which such insured and we do not agree shall be settled by


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

arbitration, administered by an organization designated by the Superintendent of Financial Services, pursuant to procedures approved by the Superintendent of Financial Services for this purpose.

(b) If, the maximum amount of SUM coverage provided by this endorsement equals the amount of coverage required to be provided by New York Insurance Law section 3420(f)(1) and New York Vehicle and Traffic Law Article 6 or 8, then such disagreement shall be settled by such arbitration procedures upon written demand of either the insured or us.

Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof, and any such insured and we each agree to be bound by any award made by the arbitrator as to this SUM coverage. For purposes of this Condition, the term "insured" includes any person authorized to act on behalf of the insured.

12. **Subrogation**: If we make a payment under this SUM coverage, then we have the right to recover the amount of the payment from any person legally responsible for the bodily injury or loss of the person to whom, or for whose benefit, such payment was made to the extent of the payment. The insured or any person acting on behalf of the insured must do whatever is necessary to transfer this right of recovery to us. Except as permitted by Condition 9, such person shall do nothing to prejudice this right.

13. **Payment of Loss by Company**: We shall pay any amount due under this SUM coverage to the insured or, at our option, to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents.

14. **Action Against Company**: No lawsuit shall lie against us unless the insured or the insured's legal representative has first fully complied with all the terms of this SUM coverage.

15. **Survivor Rights**: If you or your spouse, if a resident of the same household, dies, then this SUM endorsement shall cover:

(a) the survivor as named insured;

(b) the decedent's legal representative as named insured, but only while acting within the scope of such representative's duties as such; and

(c) any relative who was an insured at the time of such death.


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

## 6128Q.1 AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **DEFINITIONS**

   a. The first two paragraphs of ***Newly Acquired Car*** are changed to read:

      ***Newly Acquired Car*** means a ***car*** newly ***owned by you*** or a ***resident relative***.

      A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

      1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
      2. the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you*** or a ***resident relative***.

      If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500.

***Transportation network company driver*** or ***TNC driver*** means an individual who:

(a) Receives connections to potential ***passengers*** and related services from a ***transportation network company*** in exchange for payment of a fee to the ***transportation network company***; and

(b) Uses a ***TNC vehicle*** to offer or provide a ***TNC prearranged trip*** to ***transportation network company passengers*** upon connection through a ***digital network*** controlled by a ***transportation network company*** in exchange for compensation or payment of a fee.

***Transportation network company passenger*** or ***passenger*** means a person or persons who use a ***transportation network company's digital network*** to connect with a ***transportation network company driver*** who provides ***TNC prear-***

accepts a ***passenger's*** request for a ***trip*** through a ***digital network*** controlled by a ***transportation network company***;

(ii) continuing while the ***transportation network company driver*** transports the requesting ***passenger*** in a ***TNC vehicle***; and

(iii) ending when the last requesting ***passenger*** departs from the ***TNC vehicle***.

The term ***TNC prearranged trip*** does not include transportation provided through any of the following:

(i) shared expense carpool or vanpool arrangements, including those as defined in section one hundred fifty-eight-b of the New York Vehicle and Traffic Law; and

(ii) use of a taxicab, livery, luxury limousine, or other for-hire vehicle, as defined in the New York Vehicle and Traffic Law, section 19-502 of the administrative code of the city of New York, or as otherwise defined in local law.

***Transportation network company vehicle*** or ***TNC vehicle*** means a vehicle that is:

(a) used by a ***transportation network company driver*** to provide a ***TNC prearranged trip*** originating within the state of New York; and

(b) owned, leased or otherwise authorized for use by the ***transportation network company driver***;

(c) such term shall not include:

(i) a taxicab, as defined in section one hundred forty-eight-a of the New York Vehicle and Traffic Law, and section 19-502 of the administrative code of the city of New York, or as otherwise defined in local law;

(ii) a livery vehicle, as defined in section one hundred twenty-one-e of the New York Vehicle and Traffic Law or as otherwise defined in local law;

(iii) a black car, limousine, or luxury limousine, as defined in section 19-502 of the administrative code of the city of New York, or as otherwise defined in local law;

(iv) a for-hire vehicle, as defined in section 19-502 of the administrative code of the city of New York, or as otherwise defined in local law;

(v) a bus, as defined in section one hundred four of the New York Vehicle and Traffic Law;

(vi) any motor vehicle weighing more than six thousand five hundred pounds unloaded;

(vii) any motor vehicle having a seating capacity of more than seven passengers; and

(viii) any motor vehicle subject to section three hundred seventy of the New York Vehicle and Traffic Law.


©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

***Digital network*** means any system or service offered or utilized by a ***transportation network company*** that enables ***TNC prearranged trips*** with ***transportation network company drivers***.

2. **LIABILITY COVERAGE**

a. **Additional Definition**

Item 4. of ***Insured*** is changed to read:

***Insured*** means any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is:

a. neither ***owned by***, nor hired by, that other ***person*** or organization; and

b. neither available for, nor being used for, carrying ***persons*** for a charge.

b. **Exclusions**

(1) Exclusion 2. is change to read:

THERE IS NO COVERAGE FOR AN ***INSURED*** FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** SPOUSE, OR FOR DAMAGE TO PROPERTY OF THAT ***INSURED'S*** SPOUSE. THIS EXCLUSION SHALL APPLY ONLY WHERE THE INJURED SPOUSE, TO BE ENTITLED TO RECOVER, MUST PROVE THE CULPABLE CONDUCT OF THE ***INSURED***;

(2) The exception to exclusion 7. that reads:

This exclusion does not apply to:

a. ***you***;

b. any ***resident relative***; or

c. any agent, employee, or partner of a. or b. above

while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;

is changed to read:

This exclusion does not apply to:

a. ***you***;

b. any ***resident relative***; or

c. any agent, employee, or business partner of a. or b. above

while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;

(3) The exception to exclusion 9. that reads:

This exclusion does not apply to damage to a:

a. motor vehicle ***owned by*** the employer of ***you*** or any ***resident relative*** if such damage is caused by an ***insured*** while operating another motor vehicle;

b. residence while rented to or leased to an ***insured***; or

c. private garage while rented to or leased to an ***insured***;

is changed to read:

This exclusion does not apply to damage to a:

a. motor vehicle ***owned by*** the employer of ***you*** or the employer of any ***resident relative*** if such damage is caused


©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

by an ***insured*** while operating another motor vehicle;

b. residence while rented to or leased to an ***insured***; or

c. private garage while rented to or leased to an ***insured***;

(4) The following is added:

THERE IS NO COVERAGE FOR AN ***INSURED*** FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A MOTOR VEHICLE WHILE THE MOTOR VEHICLE IS BEING USED BY A ***TRANSPORTATION NETWORK COMPANY DRIVER*** WHO IS LOGGED ONTO A TRANSPORTATION NETWORK COMPANY'S ***DIGITAL NETWORK*** BUT IS NOT ENGAGED IN A ***TRANSPORTATION NETWORK COMPANY PREARRANGED TRIP*** OR WHILE THE DRIVER PROVIDES A ***TRANSPORTATION NETWORK COMPANY PREARRANGED TRIP*** PURSUANT TO ARTICLE 44-B OF THE VEHICLE AND TRAFFIC LAW.

3. **MEDICAL PAYMENTS COVERAGE**

**Exclusions**

The following is added:

THERE IS NO COVERAGE FOR AN ***INSURED*** FOR ***BODILY INJURY*** ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A MOTOR VEHICLE WHILE THE MOTOR VEHICLE IS BEING USED BY A ***TRANSPORTATION NETWORK COMPANY DRIVER*** WHO IS LOGGED ONTO A TRANSPORTATION NETWORK COMPANY'S ***DIGITAL NETWORK*** BUT IS NOT ENGAGED IN A ***TRANSPORTATION NETWORK COMPANY PREARRANGED TRIP*** OR WHILE THE DRIVER PROVIDES A ***TRANSPORTATION NETWORK COMPANY PREARRANGED TRIP*** PURSUANT TO ARTICLE 44-B OF THE VEHICLE AND TRAFFIC LAW.

4. **PHYSICAL DAMAGE COVERAGES**

a. The paragraph that reads:

If a deductible applies to a coverage, then it is shown on the Declarations Page for that coverage.

is changed to read:

**Deductible**

1. If "D" or "D-WG" is shown under "SYMBOLS" on the Declarations Page, then the deductible that applies to that Comprehensive Coverage, if any, is the dollar amount shown on the Declarations Page next to the title of that coverage. However, ***we*** will not deduct more than $500 for any ***loss*** to a ***newly acquired car***.

2. If "G" is shown under "SYMBOLS" on the Declarations Page, then the deductible that applies to that Collision Coverage is the dollar amount shown on the Declarations Page next to the title of that coverage. However, ***we*** will not deduct more than $500 for any ***loss caused by collision*** to a ***newly acquired car***.


©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

b. **Insuring Agreements**

**Car Rental and Travel Expenses Coverage**

Item 6.a. **Car Rental Expense** is changed to read:

**Car Rental Expense**

***We*** will pay the ***daily rental charge*** incurred when an ***insured*** rents a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

(1) not drivable; or

(2) being repaired

as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

***We*** will pay this ***daily rental charge*** incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the ***loss***; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date ***we*** offer to pay for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

(c) seven days after ***we*** offer to pay for the ***loss*** if the vehicle is:

(i) a total loss as determined by ***us***; or

(ii) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such amount.

c. **Exclusions**

The following is added:

THERE IS NO COVERAGE FOR ANY ***COVERED VEHICLE*** WHILE THE MOTOR VEHICLE IS BEING USED BY A ***TRANSPORTATION NETWORK COMPANY DRIVER*** WHO IS LOGGED ONTO A TRANSPORTATION NETWORK COMPANY'S ***DIGITAL NETWORK*** BUT IS NOT ENGAGED IN A ***TRANSPORTATION NETWORK COMPANY PREARRANGED TRIP*** OR WHILE THE DRIVER PROVIDES A ***TRANSPORTATION NETWORK COMPANY PREARRANGED TRIP*** PURSUANT TO ARTICLE 44-B OF THE VEHICLE AND TRAFFIC LAW.

5. **INSURED'S DUTIES**

a. Item 6. is changed to read:

**Other Duties Under Medical Payments Coverage** and **Death, Dismemberment and Loss of Sight Coverage**

A ***person*** making claim under Medical Payments Coverage or Death, Dismemberment and Loss of Sight Coverage must:

a. notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;


©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

b. be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request;

c. provide written authorization for ***us*** to obtain medical bills, medical records, and any other information ***we*** deem necessary to substantiate the claim.

If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***;

d. allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident; and

e. submit to ***us*** all information ***we*** need to comply with federal and state laws and regulations.

6. **GENERAL TERMS**

a. The first paragraph of **Our Right to Recover Our Payments** is changed to read:

Medical Payments Coverage and Death, Dismemberment and Loss of Sight Coverage payments are not recoverable by ***us***. Under all other coverages the following apply:

b. The following are added to **GENERAL TERMS**:

**Newly Owned or Newly Leased Car**

(1) If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

(a) request ***we*** replace the ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

(i) before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

(ii) after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date.

However, if the replacement ***car*** is a ***private passenger car***, then this policy will provide Liability Coverage


©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

regardless of whether ***we*** are asked to insure it; or

(b) apply to the ***State Farm Companies*** for a separate policy to insure the ***car*** newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

However, if the added ***car*** is a ***private passenger car***, then ***we*** will issue Liability Coverage regardless of whether the applicant is otherwise ineligible.

(2) If a ***resident relative*** wants to insure a ***car*** newly ***owned by*** the ***resident relative*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then the ***resident relative*** must apply to the ***State Farm Companies*** for a separate policy to insure the ***car*** newly ***owned by*** the ***resident relative***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

**Electronic Delivery**

With ***your*** consent, ***we*** may, if allowed by law, electronically deliver any document or notice, including a notice to renew, instead of mailing it or delivering it by other means. Proof of transmission will be sufficient proof of notice. This provision does not apply to any notice to nonrenew or cancel.


©, Copyright, State Farm Mutual Automobile Insurance Company, 2018

## 6045AZ.2 RENTAL VEHICLE COVERAGE ENDORSEMENT

This endorsement is a part of the policy. Except for the changes it makes, all other provisions of the policy remain the same and apply to this endorsement.

This Rental Vehicle Coverage endorsement applies only to, and is part of, every motor vehicle liability insurance policy that covers less than five private passenger motor vehicles.

For each such policy, this endorsement provides coverage for the insured's obligations in the event of actual damage to, or loss of, any rental vehicle, including loss of use, rented by the insured anywhere in the United States, its territories or possessions, and Canada under a rental agreement with a term no longer than thirty continuous days, regardless of where such rental vehicle may be registered, rented or operated.

Rental Vehicle Coverage shall provide protection regardless of: (a) fault; and (b) whether the rental vehicle is rented or operated for business or pleasure, unless used for transporting persons or property for hire.

**Definitions:**

(a) "Insured" means named insured or any relative.

(b) "Relative" means a spouse, child or other person related to the named insured by blood, marriage or adoption (including a ward or foster child), who regularly resides in the insured's household, including any such person who regularly resides in the household, but who is temporarily living elsewhere.

(c) "Private Passenger Motor Vehicle" means:

(1) a motor vehicle of the private passenger or station wagon type that is owned or hired under a long-term contract by an individual or by husband and wife, and is neither used as a public or livery conveyance for passengers nor rented to others without a driver; or

(2) a motor vehicle with a pick-up body, a delivery sedan, panel truck or van, owned by an individual or by husband or wife who are residents of the same household, or by a family farm co-partnership or a family farm corporation, and not customarily used in the occupation, profession or business of the insured other than farming or ranching, whether or not used in the course of driving to or from work.

"Public or livery conveyance" as used in paragraph (1) of this definition shall not include the use of the vehicle as a ***transportation network company vehicle*** pursuant to article 44-B of the Vehicle and Traffic Law.

(d) "Long-Term Contract" means a contract with a term of six months or longer.

(e) "Rental Vehicle" means a vehicle of the type described in (c) above, if:

(1) not used for transporting persons or property for hire (except if the insured does so solely as a ***transportation network company driver*** pursuant to article 44-B of the Vehicle and Traffic Law); and

(2) owned by a person engaged in the business of renting or leasing vehicles rented or leased without a driver to persons other than the owner and is registered in the name of such owner.

**Priority of payment:**

(a) In no event shall payment be made under this endorsement duplicating payment made by this policy, another policy or another insurer for the same claim.


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

(b) If more than one policy could cover the claim, payment on the claim shall be made in the following order of priority:

(1) the policy with respect to which the person is a named insured;

(2) if the person is not a named insured on any policy, the policy with respect to which the person is an insured; and

(3) where two or more policies provide coverage of equal priority, the policy or insurer with respect to which the claim is first submitted.

(c) An inquiry about coverage or notification of damage to, or loss of, a rental vehicle shall constitute submission of a claim.

**Exclusions:**

No Rental Vehicle Coverage shall be provided:

(a) arising beyond the geographic limitations of the policy to which Rental Vehicle Coverage is endorsed;

(b) to an insured who has committed fraud in connection with damage to, or loss of, a rental vehicle, including loss of use;

(c) for damage to, or loss of, a rental vehicle including loss of use, which the rental vehicle company is precluded from recovering from the insured:

(1) pursuant to the terms of the rental agreement; or

(2) due to the prohibitions of section 396-z of the General Business Law or similar statutory provisions of other jurisdictions; or

(d) while the rental vehicle is used by a ***transportation network company driver*** who is logged onto the transportation network company's ***digital network*** but is not engaged in a ***transportation network company prearranged trip*** or while the driver provides a ***transportation network company prearranged trip***.

**Subrogation:**

(a) In the event of any payment under this endorsement, the insurer is subrogated to the extent of such payments to the rights of the person to whom, or for whose benefit, such payments were made.

(b) Such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such subrogation rights, and shall not act in a manner that may prejudice such rights.

(c) Subrogation shall not be pursued against any person who operated the rental vehicle with the insured's permission.


©, Copyright, State Farm Mutual Automobile Insurance Company, 2017

## 6932A.1 AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. LIABILITY COVERAGE

a. **Insuring Agreement** and **Supplementary Payments** are replaced by the following:

**Insuring Agreement**

1. ***We*** will pay damages an ***insured*** becomes legally liable to pay because of:

a. ***bodily injury*** to others; and

b. damage to property

caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy.

2. ***We*** have:

a. the right to investigate, negotiate, and settle any claim or lawsuit;

b. the duty to defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and

c. the right to appeal any award or legal decision

for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages described in the **Insuring Agreement** of this policy's Liability Coverage, those items listed below that result from such accident:

1. Attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages, regardless of whether the claim or lawsuit is groundless;

2. All costs taxed against an ***insured*** and resulting from that part of the lawsuit:

a. that seeks damages payable under this policy's Liability Coverage; and

b. against which ***we*** defend an ***insured*** with attorneys chosen by ***us***;

3. Interest the ***insured*** is legally liable to pay on damages payable under the **Insuring Agreement** of this policy's Liability Coverage:

a. before a judgment, but only the interest on the lesser of:

(1) that part of the damages ***we*** pay; or

(2) this policy's applicable Liability Coverage limit; and

b. after a judgment.

***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage. ***We*** also have no duty to pay interest that accrues on any damages paid or payable by a party other than the ***insured*** or ***us***;


©, Copyright, State Farm Mutual Automobile Insurance Company, 2011

4. Premiums for bonds, provided by a company chosen by ***us***, required to obtain the release of an ***insured's*** property attached under a court order or appeal a decision in a lawsuit against an ***insured***.

   ***We*** have no duty to:

   a. pay for any bond with a face amount that exceeds this policy's applicable Liability Coverage limit;
   b. furnish or apply for any bonds; or
   c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage;

5. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:

   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:

      (1) an arbitration;
      (2) a mediation; or
      (3) a trial of a lawsuit; and

   b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income;

6. Expenses incurred by an ***insured*** for first aid to others at the time of the accident; and

7. All expenses incurred by the company.

   The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

b. **Exclusions**

   1. The exception to exclusion 7. is changed to read:

      This exclusion does not apply to damage to:

      a. ***you***;
      b. any ***resident relative***; or
      c. any agent, employee, or partner of a. or b. above

      while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;

   2. The exception to exclusion 9. is changed to read:

      This exclusion does not apply to damage to a:

      a. motor vehicle ***owned by*** the employer of ***you*** or any ***resident relative*** if such damage is caused by an ***insured*** while operating another motor vehicle;
      b. residence while rented to or leased to an ***insured***; or
      c. private garage while rented to or leased to an ***insured***;

2. PHYSICAL DAMAGE COVERAGES

   **Collision and Window Glass Coverage**

   This coverage and references to this coverage are deleted in their entirety.

3. INSURED'S DUTIES

   a. **Notice to Us of an Accident or Loss** is changed to read:


©, Copyright, State Farm Mutual Automobile Insurance Company, 2011

Notice to Us of an Accident or Loss

(1) **Who Gives Notice**

Either the ***insured*** or a ***person*** acting on behalf of the ***insured*** must give ***us*** or one of ***our*** agents notice of the accident or ***loss*** as soon as reasonably possible. The notice must give ***us***:

(a) ***your*** name;

(b) the names and addresses of all ***persons*** involved in the accident or ***loss***;

(c) the hour, date, place, and facts of the accident or ***loss***; and

(d) the names and addresses of witnesses to the accident or ***loss***.

Written notice of the accident or ***loss*** given to ***us*** or one of ***our*** agents by or on behalf of the injured ***person*** or any other claimant, with particulars sufficient to identify the ***insured***, is deemed notice to ***us***.

(2) **Timeliness of Notice**

Notice must be given to ***us*** as soon as reasonably possible. Failure to give ***us*** notice as soon as reasonably possible shall invalidate any claim made by the ***insured***, injured ***person***, or any other claimant, if:

(a) such failure to timely provide notice materially impairs ***our*** ability to investigate or defend the claim; or

(b) prior to the notice:

i. the ***insured's*** liability has been determined by a court of competent jurisdiction;

ii. the ***insured's*** liability has been determined by binding arbitration; or

iii. the ***insured*** has resolved the claim or suit by settlement or other compromise.

b. **Notice to Us of a Claim or Lawsuit** is changed to read:

**Notice to Us of a Claim or Lawsuit**

(1) **Who Gives Notice**

(a) If a claim is made against an ***insured***, then that ***insured*** or a ***person*** acting on behalf of that ***insured*** must send ***us*** or one of ***our*** agents, as soon as reasonably possible, every demand, notice, and claim received.

Written notice of the claim given to ***us*** or one of ***our*** agents by or on behalf of the injured ***person*** or any other claimant, with particulars sufficient to identify the ***insured***, is deemed notice to ***us***.

(b) If a lawsuit is filed against an ***insured***, then that ***insured*** or a ***person*** acting on behalf of that ***insured*** must send ***us*** or one of ***our*** agents, as soon as reasonably possible, every summons and legal process received.

Written notice of the lawsuit given to ***us*** or one of ***our*** agents by or on behalf of the injured ***person*** or any other claimant, with particulars sufficient to identify the ***insured***, is deemed notice to ***us***.


©, Copyright, State Farm Mutual Automobile Insurance Company, 2011

(2) **Timeliness of Notice**

Notice must be given to ***us*** as soon as reasonably possible. Failure to give ***us*** notice as soon as reasonably possible shall invalidate any claim made by the ***insured***, injured ***person***, or any other claimant, if:

(a) such failure to timely provide notice materially impairs ***our*** ability to investigate or defend the claim; or

(b) prior to the notice:

i. the ***insured's*** liability has been determined by a court of competent jurisdiction;

ii. the ***insured's*** liability has been determined by binding arbitration; or

iii. the ***insured*** has resolved the claim or suit by settlement or other compromise.

c. The following provision is added to INSURED'S DUTIES:

**Additional Notice Requirements for Claims Arising Out of Death or Bodily Injury of Any Person**

If ***we*** disclaim liability or deny coverage based upon the failure to provide timely notice, then the injured ***person*** or other claimant may maintain an action directly against ***us***, in which the sole question is ***our*** disclaimer or denial based on the failure to provide timely notice, unless within sixty days following such disclaimer or denial the ***insured*** or ***we***:

(1) initiates an action to declare the rights of the parties under this policy; and

(2) names the injured ***person*** or other claimant as a party to the action.

4. GENERAL TERMS

a. The following is added to **Where Coverage Applies**:

Death, Dismemberment and Loss of Sight Coverage applies anywhere in the world.

b. The following is added:

**Limited Coverage in Mexico**

This policy does not provide Mexican auto insurance and does not comply with Mexican auto insurance requirements. If ***you*** or any other ***insured*** plans to drive in Mexico, then auto insurance providing coverage in Mexico should be purchased from a Mexican insurance company.

Subject to the above paragraph, the following coverages apply in Mexico, but only for accidents and ***losses*** that occur in Mexico within 50 miles of the United States of America border and only for ***insureds*** as defined under each of the following coverages:

(1) **Liability Coverage**

For claims brought against an ***insured*** in Mexico, the **Supplementary Payments** provision of this policy's Liability Coverage is changed to read:

***We*** may, in addition to the damages described in item 1. of the **Insuring Agreement** of


©, Copyright, State Farm Mutual Automobile Insurance Company, 2011

this policy's Liability Coverage, pay or reimburse, at our option, reasonable attorney fees for an attorney licensed in Mexico to appear for and provide advice to ***insureds*** as defined under this policy's Liability Coverage. The amount of such attorney fees incurred by an ***insured*** must be reported to ***us*** before ***we*** will make payment.

(2) **Medical Payments Coverage**

(3) **Physical Damage Coverages**

Any amount payable for the repair or replacement of the ***covered vehicle*** under the **Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage** provision of this policy will be limited to the cost to repair or replace the ***covered vehicle*** in the United States of America.

***WE*** HAVE NO DUTY TO PROVIDE A DEFENSE FOR ***YOU*** OR ANY OTHER ***INSURED*** IN ANY CRIMINAL, CIVIL, OR OTHER ACTION.

***WE*** HAVE NO DUTY TO PAY ANY CLAIM OR COST THAT WOULD NOT BE PAYABLE UNDER THIS POLICY IF THE ACCIDENT OR ***LOSS*** HAD OCCURRED IN THE STATE OF NEW YORK IN THE UNITED STATES OF AMERICA.

All other policy provisions not in conflict with the provisions in this **Limited Coverage in Mexico** provision of this policy apply.

**If Other Coverage Applies**

Any coverage provided by this **Limited Coverage in Mexico** provision is excess over any other applicable insurance.

**Legal Action Against Us**

Any legal action against ***us*** arising out of an accident or ***loss*** occurring in Mexico must be brought in a court that has jurisdiction in the state of New York in the United States of America.


©, Copyright, State Farm Mutual Automobile Insurance Company, 2011

**From:**"HOME AUTO-UND-DOCS" <home.auto-und-docs.145o26@statefarm.com>
**Sent:**Thu, 16 Sep 2021 09:47:50 +0000
**To:**"VC - AUTO - Coverage Correspondence - MULTIPLE OUTPUT" <VC-AUTO-CL-MO@statefarm.com>
**Subject:**FW: 5215S670J
**Attachments:**6932A.1 (5).pdf, 6045AZ.2.pdf, 6128Q.1.pdf, 6163A.2.pdf, 6291X.10.pdf, 6296F.12.pdf, 6820EE.2 (2).pdf

Auto-Forwarded by Rule

---

From: HOME AUTO-PL-EAST-UND-DOCS
Sent: Thursday, September 16, 2021 4:47:48 AM (UTC-06:00) Central Time (US & Canada)
To: HOME AUTO-UND-DOCS
Subject: 5215S670J

Your message is ready to be sent with the following file or link attachments:

6932A.1 (5)
6045AZ.2
6128Q.1
6163A.2
6291X.10
6296F.12
6820EE.2 (2)

Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments. Check your e-mail security settings to determine how attachments are handled.

**State Farm Mutual Automobile Insurance Company**

*PO Box 89000*
*Atlanta GA 30356-9900*

R 29472-3-P MATCH 00291 MUTL VOL

# DECLARATIONS PAGE

**PAGE 1 OF 2**

NAMED INSURED 00291 52-7362-3 P A

000244 0058
NEWKIRK, DIANE V
PO BOX 25
TRIBES HILL NY 12177-0025

ST-4678A-U
0102-8482

POLICY NUMBER 294 1924-B21-52B

POLICY PERIOD JAN 22 2021 to AUG 21 2021
12:01 A.M. Standard Time

STATE FARM PAYMENT PLAN NUMBER
1167152728

AGENT

MICKEY PARKER
299 N COMRIE AVE STE B
JOHNSTOWN, NY 12095-1501

PHONE: (518)762-1912

**DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.**
**IF AN AMOUNT IS DUE, THEN A SEPARATE STATEMENT IS ENCLOSE D.**

**YOUR CAR**

| YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID. NUMBER | CLASS |
|---|---|---|---|---|---|
| 2015 | SUBARU | IMPREZA | 4DR | JF1GJAK61FH024293 | 600060H000 |

| SYMBOLS | COVERAGE & LIMITS | | | PREMIUMS |
|---|---|---|---|---|
| A | Liability Coverage | | | $256.46 |
| | Without Supplemental Spousal Liability Coverage | | | |
| | Bodily Injury Limits | | | |
| | Each Person, Each Accident | | | |
| | $100,000 $300,000 | | | |
| | Property Damage Limit | | | |
| | Each Accident | | | |
| | $50,000 | | | |
| P11 | Mandatory Personal Injury Protection | | $ 50,000 | $104.20 |
| | Optional Basic Economic Loss Coverage | | $ 25,000 | |
| Q1 | Additional Personal Injury Protection | | | $2.28 |
| | Work Loss-Limit per Month (3 year maximum) | $2,000 | | |
| | Death Benefit | $2,000 | | |
| | Other Expenses-Limit per Day (1 year maximum) | $25 | | |
| | Total Personal Injury Protection Benefits | | $ 75,000 | |
| D-WG | Comprehensive and Window Glass | | | $115.56 |
| | Coverage - $500 Deductible | | | |
| | (Deductible does not apply to Window Glass) | | | |
| G | Collision Coverage - $500 Deductible | | | $261.80 |
| H | Emergency Road Service Coverage | | | $2.80 |
| R1 | Car Rental and Travel Expenses Coverage | | | $10.39 |
| | Limit - Car Rental Expense | | | |
| | Each Day, Each Loss | | | |
| | 80% $500 | | | |
| U | Supplementary Uninsured/Underinsured Motorists(SUM) Coverage | | | $15.56 |
| | Bodily Injury Limits | | | |
| | Each Person, Each Accident | | | |
| | $100,000 $300,000 | | | |
| | The maximum amount payable under this coverage shall be the policy's limits for this coverage reduced and thus offset by motor vehicle bodily injury liability insurance policy or bond payments received from, or on behalf of, any negligent party involved in the accident, as specified in the SUM endorsement. | | | |
| S | Death, Dismemberment and Loss of Sight Coverage | | | $1.40 |
| | Persons Insured - $5,000 | | | |
| | NEWKIRK, DIANE | | | |

*** Total premium for JAN 22 2021 to AUG 21 2021.** $775.45 This is not a bill.

CONTINUED

See Reverse Side

## MULTI-TIER RATING PROGRAM DISCLOSURE NOTICE

State Farm Mutual Automobile Insurance Company uses a multi-tier rating program in New York. This means that your policy premium depends in part on the pricing level, or "tier", for which the vehicle(s) in your household qualify. Depending on certain risk characteristics, each vehicle in the household will qualify for one of our Customer Rating Index tiers. Your premium is also influenced by numerous other factors including the coverages you have, where your vehicle is garaged, how your vehicle is used, and who drives your vehicle.

Your policy declarations page shows which Customer Rating Index tier your vehicle qualifies for. Private passenger vehicles or motorcycles may receive higher or lower rated tiers depending on household, policy, and claims factors such as the number of years since the time of application, the drivers in your household, and the claim history of your household. Certain rates may be higher than the New York Automobile Insurance Plan.

Please contact your servicing agent if you have questions regarding the tier for which you qualify. Your agent's telephone number can be found on this policy declarations page.

**COVERAGE SYMBOLS -** See other side for the coverages which apply to your policy.

| | |
|---|---|
| A | - Liability Coverage (Bodily Injury/Property Damage with or without Supplemental Spousal Liability) |
| C | - Medical Payments Coverage |
| D | - Comprehensive Coverage |
| D-WG | - Comprehensive and Window Glass Coverage (Deductible does not apply to Window Glass) |
| G | - Collision Coverage |
| G-WG | - Collision and Window Glass Coverage (Deductible does not apply to Window Glass) |
| H | - Emergency Road Service Coverage |
| L | - Physical Damage Coverage (for Recreational Vehicles and All Terrain Vehicles only) |
| R1 | - Car Rental and Travel Expenses Coverage |
| S | - Death, Dismemberment and Loss of Sight Coverage |
| U | - Uninsured Motorists (UM) Coverage or Supplementary Uninsured/Underinsured Motorists (SUM) Coverage |
| P11, P21* | - Mandatory Personal Injury Protection |
| P13, P23* | - Mandatory Personal Injury Protection (Secondary to Work Loss Benefits) |
| P15, P25* | - Mandatory Personal Injury Protection (Exclusion of Medical Expense for Named Insured and Relatives) |
| P16, P26* | - Mandatory Personal Injury Protection (Secondary to Work Loss Benefits and Exclusion of Medical Expense for Named Insured and Relatives) |
| P17, P27* | - Mandatory Personal Injury Protection (Exclusion of Medical Expense for Named Insured) |
| P18, P28* | - Mandatory Personal Injury Protection (Secondary to Work Loss Benefits and Exclusion of Medical Expense for Named Insured) |
| Q1, Q2, Q3 | - Additional Personal Injury Protection |

* A $200 deductible applies to coverage P21, P23, P25, P26, P27 and P28.

This policy is issued by State Farm Mutual Automobile Insurance Company.

### MUTUAL CONDITIONS

1. **Membership.** While this policy is in force, the first insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

Lynne M. Yowell
Secretary

Michael Tipsord
President

**State Farm Mutual Automobile Insurance Company**

PO Box 89000
Atlanta GA 30356-9900

R 29472-3-P MATCH 00291 MUTL VOL

**DECLARATIONS PAGE**



00291

52-7362-3 P A

NAMED INSURED 000244 0058
NEWKIRK, DIANE V
PO BOX 25
TRIBES HILL NY 12177-0025

POLICY NUMBER 294 1924-B21-52B
POLICY PERIOD JAN 22 2021 to AUG 21 2021
12:01 A.M. Standard Time

STATE FARM PAYMENT PLAN NUMBER
1167152728

ST-4678A-U
0202-8N82

## IMPORTANT MESSAGES

Replaced policy number 2941924-52A.

**Your total renewal premium for FEB 21 2021 to AUG 21 2021 is $654.33.**

*** The total premium listed above reflects a recent change to your policy and the 6 month renewal premium.**

Total premium includes $5.00 for NY Law Enforcement Fee.

Customer Rating Index Tier: Elite 1565

The current 6 month premium has already been reduced by the following discounts: Good Driving $57.82, Anti-Lock Brake $27.69, Running Light $16.27, Anti-Theft $10.86, Vehicle Safety $22.83, Multiple Line $126.65.

State Farm works hard to offer you the best combination of price, service, and protection. The amount you pay for automobile insurance is determined by many factors such as the coverages you have, where you live, the kind of car you drive, how your car is used, who drives the car, and information from consumer reports.

You have the right to request, no more than once during a 36-month period, that your policy be re-rated using a current credit-based insurance score. The resulting impact due to the credit portion of the re-rated insurance score will not increase your premium.

**Location used to determine rate charged-185 MOHAWK DR, TRIBES HILL NY 12177-5525.**

## EXCEPTIONS, POLICY BOOKLET & ENDORSEMENTS (See policy booklet & individual endorsements for coverage details.)

YOUR POLICY CONSISTS OF THIS DECLARATIONS PAGE, THE POLICY BOOKLET - FORM 9832A, AND ANY ENDORSEMENTS THAT APPLY, INCLUDING THOSE ISSUED TO YOU WITH ANY SUBSEQUENT RENEWAL NOTICE.
CREDITOR- ALLIED FINANCIAL, PO BOX 9001952, LOUISVILLE KY 40290-1952.
6045AZ.2 RENTAL VEHICLE COVERAGE ENDORSEMENT.
6128Q.1 AMENDATORY ENDORSEMENT.
6163A.2 SUPPLEMENTARY UNINSURED/UNDERINSURED MOTORISTS ENDORSEMENT - NEW YORK.
6291X.10 NEW YORK MANDATORY PERSONAL INJURY PROTECTION ENDORSEMENT.
6296F.12 ADDITIONAL PERSONAL INJURY PROTECTION ENDORSEMENT (NEW YORK).
6820EE.2 OPTIONAL BASIC ECONOMIC LOSS COVERAGE ENDORSEMENT(NEW YORK).
6932A.1 AMENDATORY ENDORSEMENT.

## SUPPLEMENTAL SPOUSAL LIABILITY COVERAGE PREMIUM NOTICE

**New York State law requires that upon written request of an insured, and upon payment of the premium, an insurer issuing or delivering a policy that satisfies the requirements of Article 6 of the New York Vehicle and Traffic Law shall provide Supplemental Spousal Liability Insurance Coverage.**

**Supplemental spousal liability insurance provides bodily injury liability coverage under a motor vehicle insurance policy to cover the liability of an insured spouse because of the death of or injury to his or her spouse, even where the injured spouse must prove the culpable conduct of the insured spouse.**

**This coverage is included within the policy's bodily injury limits and does not increase the amount of those limits. For example:**

**Insured's bodily injury policy coverage limit: $100,000/$300,000**
**Insured's bodily injury damage claim paid to spouse: $75,000**
**Insured's bodily injury policy coverage limit available to all other claimants subject to a maximum of $100,000 per person: $225,000**

**This example assumes the spouse and other claimants involved in the accident have a right to sue the insured for economic loss or for non-economic loss (i.e., pain and suffering) sustained as a result of a "serious injury" as defined in Section 5102 (d) of the Insurance Law. It must also have been shown that there was negligence on the part of the insured.**

**The additional semi-annual premium for SSL coverage is $12.60. If you do not elect to purchase this coverage and do not pay the additional premium, SSL coverage is not included in your motor vehicle insurance policy. Please contact your agent if you wish to purchase SSL coverage.**

Agent: MICKEY PARKER
Telephone: (518)762-1912
Prepared FEB 05 2021 7362-BFC

01505/03585
121093.4 12-24-2014 (01a025ke) (01a0254c)
I3SX0 (01a025vd)

## MULTI-TIER RATING PROGRAM DISCLOSURE NOTICE

State Farm Mutual Automobile Insurance Company uses a multi-tier rating program in New York. This means that your policy premium depends in part on the pricing level, or "tier", for which the vehicle(s) in your household qualify. Depending on certain risk characteristics, each vehicle in the household will qualify for one of our Customer Rating Index tiers. Your premium is also influenced by numerous other factors including the coverages you have, where your vehicle is garaged, how your vehicle is used, and who drives your vehicle.

Your policy declarations page shows which Customer Rating Index tier your vehicle qualifies for. Private passenger vehicles or motorcycles may receive higher or lower rated tiers depending on household, policy, and claims factors such as the number of years since the time of application, the drivers in your household, and the claim history of your household. Certain rates may be higher than the New York Automobile Insurance Plan.

Please contact your servicing agent if you have questions regarding the tier for which you qualify. Your agent's telephone number can be found on this policy declarations page.

**COVERAGE SYMBOLS** - See other side for the coverages which apply to your policy.

| | |
|---|---|
| A | - Liability Coverage (Bodily Injury/Property Damage with or without Supplemental Spousal Liability) |
| C | - Medical Payments Coverage |
| D | - Comprehensive Coverage |
| D-WG | - Comprehensive and Window Glass Coverage (Deductible does not apply to Window Glass) |
| G | - Collision Coverage |
| G-WG | - Collision and Window Glass Coverage (Deductible does not apply to Window Glass) |
| H | - Emergency Road Service Coverage |
| L | - Physical Damage Coverage (for Recreational Vehicles and All Terrain Vehicles only) |
| R1 | - Car Rental and Travel Expenses Coverage |
| S | - Death, Dismemberment and Loss of Sight Coverage |
| U | - Uninsured Motorists (UM) Coverage or Supplementary Uninsured/Underinsured Motorists (SUM) Coverage |
| P11, P21* | - Mandatory Personal Injury Protection |
| P13, P23* | - Mandatory Personal Injury Protection (Secondary to Work Loss Benefits) |
| P15, P25* | - Mandatory Personal Injury Protection (Exclusion of Medical Expense for Named Insured and Relatives) |
| P16, P26* | - Mandatory Personal Injury Protection (Secondary to Work Loss Benefits and Exclusion of Medical Expense for Named Insured and Relatives) |
| P17, P27* | - Mandatory Personal Injury Protection (Exclusion of Medical Expense for Named Insured) |
| P18, P28* | - Mandatory Personal Injury Protection (Secondary to Work Loss Benefits and Exclusion of Medical Expense for Named Insured) |
| Q1, Q2, Q3 | - Additional Personal Injury Protection |

* A $200 deductible applies to coverage P21, P23, P25, P26, P27 and P28.

This policy is issued by State Farm Mutual Automobile Insurance Company.

### MUTUAL CONDITIONS

1. **Membership.** While this policy is in force, the first insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

Lynne M. Yowell
Secretary

Michael L Tipsord
President

**From:**"HOME AUTO-UND-DOCS" <home.auto-und-docs.145o26@statefarm.com>
**Sent:**Thu, 16 Sep 2021 09:46:06 +0000
**To:**"VC - AUTO - Coverage Correspondence - MULTIPLE OUTPUT" <VC-AUTO-CL-MO@statefarm.com>
**Subject:**FW: 5215S670J
**Attachments:**bmc-ctd-wa-isapi.dll.pdf

Auto-Forwarded by Rule

---

From: HOME AUTO-PL-EAST-UND-DOCS
Sent: Thursday, September 16, 2021 4:46:05 AM (UTC-06:00) Central Time (US & Canada)
To: HOME AUTO-UND-DOCS
Subject: 5215S670J

---

E-mail automatically created by the free PDFCreator
www.pdfforge.org

**StateFarm®**

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See "INSURED'S DUTIES" in this policy booklet.)

# State Farm® **Personal Auto Policy** Booklet

**North Carolina**
**Policy Form 9833P.8**

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and
2. The spouse if a resident of the same household.

"We", "us" and "our" refer to the Company providing this insurance.

For the purposes of this policy, a private passenger type auto, pickup or van shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and
2. For a continuous period of at least 6 months.

Other words and phrases are defined. They are boldfaced when used.

"**Bodily injury**" means bodily harm, sickness or disease, including death that results.

"**Business**" means trade, profession or occupation.

"**Family member**" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

"**Occupying**" means in; upon; getting in, on, out or off.

"**Property damage**" means physical injury to, destruction of, or loss of use of tangible property.

"**Trailer**" means a vehicle designed to be pulled by a:

1. Private passenger auto or station wagon type; or
2. Pickup truck or van.

It also means a farm wagon or farm implement while pulled by a vehicle listed in 1. or 2. above.

"**Your covered auto**" means:

1. Any vehicle shown in the Declarations.
2. A **newly acquired auto**.
3. Any **trailer** you own.
4. Any auto or **trailer** not owned by you while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. loss; or
   e. destruction.

This provision (4.) does not apply to Part D – Coverage For Damage To Your Auto.

"**Newly acquired auto**" means any of the following types of vehicles you become the owner of during the policy period:

1. a private passenger auto or station wagon type; or
2. a pickup truck or van that:
   a. has a Gross Vehicle Weight as specified by the manufacturer of less than 10,000 pounds; and
   b. is not used for the delivery or transportation of goods and materials unless such use is:
      (1) incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or
      (2) for farming or ranching.

Any coverage for a **newly acquired auto** is subject to the following:

1. If a **newly acquired auto** replaces a vehicle shown in the Declarations, it will have the same coverage as the vehicle it replaced except that coverage, if any, under Part D – Coverage For Damage To Your Auto applies only if you ask us to insure it within 30 days after you become the owner.
2. If a **newly acquired auto** is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations if you ask us to insure it within 30 days after you become the owner.
3. Coverage under this policy terminates for any **newly acquired auto** on the effective date and time of a policy (other than this policy) issued by us or any other company that describes such vehicle on its declarations page.


Copyright, North Carolina Rate Bureau, 2005

4. If you ask us to insure a **newly acquired auto** within the applicable specified time period described in 1. or 2. above, any coverage we provide for the **newly acquired auto** begins on the date you become the owner. If you ask us to insure a **newly acquired auto** after the applicable specified time period described above has elapsed, any coverage we provide for the **newly acquired auto** will begin at the time you request the coverage. You must pay us any added amount due for any coverage we provide for a **newly acquired auto**.

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the **insured**. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

"**Insured**" as used in this Part means:

1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer**.
2. Any person using **your covered auto**.
3. For **your covered auto**, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
4. For any auto or **trailer**, other than **your covered auto**, any person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or **trailer**.

### SUPPLEMENTARY PAYMENTS

In addition to our limit of liability:

1. We will pay the following on behalf of an **insured**:
   a. Premiums on appeal bonds and bonds to release attachments in any suit we defend. We have no duty to purchase bonds in an amount exceeding our Limit of Liability, and we have no duty to apply for or furnish these bonds; and
   b. All costs taxed against the **insured** and interest accruing after a judgment is entered in any suit we defend. Costs do not include prejudgment interest. Our duty to pay post-judgment interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for the coverage.
2. We will pay the following to an **insured**:
   a. Up to $250 for the cost of bail bonds required because of traffic law violations resulting from an accident. The accident must result in **bodily injury** or **property damage** covered under this policy;
   b. Up to $200 a day for loss of wages or salary, but not other income, because of attendance at hearings or trials at our request;
   c. Up to $200 for expenses incurred by an **insured** for Emergency first aid to others performed at the scene of an accident that involves any auto covered by this policy; and
   d. Other reasonable expenses incurred at our request.

The amount of any costs, wages, salary, or other expenses listed above that are incurred by an **insured** must be reported to us by such **insured** before we will make payment.

### EXCLUSIONS

A. We do not provide Liability Coverage for any **insured**:
   1. Who intentionally causes **bodily injury** or **property damage**. This exclusion applies only to the extent that the limit of liability of this policy exceeds the minimum limit required by the financial responsibility law of North Carolina.
   2. For **property damage** to property owned or being transported by that **insured**.
   3. For **property damage** to property:
      a. rented to;
      b. used by; or
      c. in the care of;

      that **insured**. This exclusion does not apply to a residence or private garage.


Copyright, North Carolina Rate Bureau, 2005

   4. For **bodily injury** to an employee of that **insured** during the course of employment. This exclusion does not apply to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.
   5. For that **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.
   6. While employed or otherwise engaged in the **business** of:
      a. selling;
      b. repairing;
      c. servicing;
      d. storing; or
      e. parking;

      vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to the ownership, maintenance or use of **your covered auto** by:
      a. you;
      b. any **family member**; or
      c. any partner, agent or employee of you or any **family member**.

      This exclusion applies only to the extent that the limit of liability of this policy exceeds the minimum limit required by the financial responsibility law of North Carolina.
   7. Maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusion 6. This exclusion does not apply to the maintenance or use of a:
      a. private passenger auto;
      b. pickup or van that:
         (1) You own; or
         (2) You do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:
            (a) breakdown;
            (b) repair;
            (c) servicing;
            (d) loss, or
            (e) destruction; or
      c. **trailer** used with a vehicle described in a. or b. above.
   8. Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

      This Exclusion A.8. does not apply to a **family member** using **your covered auto** which is owned by you.
   9. For **bodily injury** or **property damage** for which that **insured**:
      a. is an insured under a nuclear energy liability policy; or
      b. would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

      A nuclear energy liability policy is a policy issued by any of the following or their successors:
      a. Nuclear Energy Liability Insurance Association;
      b. Mutual Atomic Energy Liability Underwriters; or
      c. Nuclear Insurance Association of Canada.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:
   1. Any vehicle, other than **your covered auto**, which is:
      a. owned by you; or
      b. furnished for your regular use.
   2. Any vehicle, other than **your covered auto**, which is:
      a. owned by any **family member**; or
      b. furnished for the regular use of any **family member**.

      However, this exclusion (B.2.) does not apply to your maintenance or use of any vehicle which is:
      a. owned by a **family member**; or
      b. furnished for the regular use of a **family member**.

### LIMIT OF LIABILITY

The limit of liability shown in the Declarations for each person for Bodily Injury Liability Coverage is our maximum limit of liability for all damages for **bodily injury**, including damages for care, loss of services or death, sustained by any one person in


Copyright, North Carolina Rate Bureau, 2005

We do not provide Liability Coverage for any **insured**:

2. For **property damage** to property:
   a. owned in whole or in part by that **insured**; or
   b. being transported by that **insured**;

2. Exclusion A.5. is deleted and replaced by the following:

   We do not provide Liability Coverage for any **insured**:

   5. For that **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public livery or conveyance. This includes but is not limited to any period of time that **insured** is logged into a **transportation network platform** as a driver, whether or not a passenger is **occupying** the vehicle.

      This exclusion does not apply to a share-the-expense car pool.

3. The following Exclusion B.3. is added:

   We do not provide Liability Coverage for the ownership, maintenance or use of:

   3. Any vehicle while participating in any prearranged, organized, or spontaneous:
      a. racing contest, speed contest, demolition, stunt activity, or competitive driving event, or in practice or preparation for any such contest or use of this type; or
      b. use of a vehicle at a facility designed for racing or high performance driving unless such use is for an activity other than high performance driving, high speed driving, and other than those activities listed in 3.a. above.

      This exclusion applies only to the extent that the limit of liability of this policy exceeds the minimum limit required by the financial responsibility law of North Carolina.

B. The following provision is added following the **Other Insurance** provision:

   **Appraisal – Diminution in Value**

   If there is no dispute between the claimant and us regarding the **insured's** liability for the property damage to the claimant's vehicle, but:

   a. the claimant and we fail to agree as to the difference in fair market value of the vehicle immediately before the accident and immediately after the accident; and
   b. the difference in the claimant's and our estimate of the diminution in fair market value is greater than two thousand dollars ($2,000) or twenty-five percent (25%) of the fair market retail value of the vehicle prior to the accident as determined by the latest edition of the National Automobile Dealers Association Pricing Guide Book or other publications approved by the Commissioner of Insurance, whichever is less; then


Copyright, North Carolina Rate Bureau 2018

on the written demand of either the claimant or us, the dispute regarding the amount of the diminution in value shall be determined by appraisal in accordance with G.S. 20-279.21(d1).

**3. Part B – MEDICAL PAYMENTS COVERAGE**

Exclusion 1. is deleted and replaced by the following:

We do not provide Medical Payments Coverage for any **insured** for **bodily injury**:

1. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This includes but is not limited to any period of time that insured is logged into a **transportation network platform** as a driver, whether or not a passenger is **occupying** the vehicle.

This exclusion does not apply to a share-the-expense car pool.

The following Exclusion 12. is added:

We do not provide Medical Payments Coverage for any **insured** for **bodily injury**:

12. Sustained while **occupying** any vehicle participating in any prearranged, organized, or spontaneous:

    a. racing contest, speed contest, demolition, stunt activity, or competitive driving event, or in practice or preparation for any such contest or use of this type; or

    b. use of a vehicle at a facility designed for racing or high performance driving unless such use is for an activity other than high performance driving, high speed driving, and other than those activities listed in 12.a. above.

**4. Part C1 - UNINSURED MOTORISTS COVERAGE**

Part C1 is amended as follows:

A. Exclusion A.2. is deleted and replaced by the following:

   We do not provide Uninsured Motorists Coverage for **property damage** or **bodily injury** sustained by any **insured**:

   2. While **occupying your covered auto** when it is being used as a public or livery conveyance. This includes but is not limited to any period of time that **insured** is logged into a **transportation network platform** as a driver, whether or not a passenger is **occupying** the vehicle.

      This exclusion does not apply to a share-the-expense car pool.

B. The third paragraph of **Limit of Liability** is deleted and replaced by the following:

   The limits of bodily injury liability shown in the Declarations for each person and each accident for this coverage shall be reduced by all sums:

   1. Paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A; and

   2. Paid or payable because of the **bodily injury** under any disability benefits law or any similar law.

   The most we will pay for **bodily injury** damages to an **insured** under this coverage is the lesser of:


Copyright, North Carolina Rate Bureau 2018

1. the limit of bodily injury liability shown in the Declarations for each person for this coverage reduced by all sums described in items 1. and 2. of the preceding paragraph; or
2. the damages sustained by the **insured** for **bodily injury** reduced by:
   a. all sums described in items 1. and 2. in the preceding paragraph; and
   b. all sums paid or payable because of the **bodily injury** under any workers' compensation law. However, this reduction does not apply to the extent that an employer's lien is required to be paid under North Carolina's workers' compensation law.

The limit of property damage liability under this coverage shall be reduced by all sums paid because of the **property damage** by or on behalf of persons or organizations who may be legally responsible. This includes all sums payable under Part A.

C. The first paragraph of **Arbitration** is deleted and replaced by the following:

If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover compensatory damages from the owner or operator of an **uninsured motor vehicle**; or
2. As to the amount of such compensatory damages;

then the **insured** may demand to settle these disputed issues by arbitration. If an **insured** files a lawsuit against us or an owner or operator of an **uninsured motor vehicle** seeking damages that are the subject of the claim for Uninsured Motorists Coverage under this policy, the **insured** shall have the right to demand arbitration only if such lawsuit is filed within the time limit required by the law of the state where the accident occurred for filing a lawsuit against the owner or operator of the **uninsured motor vehicle** for the damages arising out of the accident and only if the **insured** gives us a written demand for arbitration within (30) days after the filing of such lawsuit.

D. Item 5. of **Arbitration** is deleted and the remaining paragraphs are renumbered appropriately.

**5. Part C2 - COMBINED UNINSURED/ UNDERINSURED MOTORISTS COVERAGE**

Part C2 is amended as follows:

A. Exclusion A.2. is deleted and replaced by the following:

We do not provide coverage for **property damage** or **bodily injury** caused by an uninsured motor vehicle and sustained by an **insured**:

2. While **occupying your covered auto** when it is being used as a public or livery conveyance. This includes but is not limited to any period of time that **insured** is logged into a **transportation network platform** as a driver, whether or not a passenger is **occupying** the vehicle.

This exclusion does not apply to a share-the-expense car pool.

B. Exclusion C.2. is deleted and replaced by the following:


Copyright, North Carolina Rate Bureau 2018

We do not provide coverage for **bodily injury** caused by an **underinsured motor vehicle** and sustained by any insured:

2. While **occupying your covered auto** when it is being used as a public or livery conveyance. This includes but is not limited to any period of time that **insured** is logged into a **transportation network platform** as a driver, whether or not a passenger is **occupying** the vehicle. This exclusion does not apply to a share-the-expense car pool.

C. The fourth and fifth paragraphs of **Limit of Liability** are deleted and replaced by the following:

The limits of bodily injury liability shown in the Declarations for each person and each accident for this coverage shall be reduced by all sums:

1. Paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A; and
2. Paid or payable because of the **bodily injury** under any disability benefits law or any similar law.

The most we will pay for **bodily injury** damages to an **insured** under this coverage is the lesser of:

1. the limit of bodily injury liability shown in the Declarations for each person for this coverage reduced by all sums described in items 1. and 2. of the preceding paragraph; or
2. the damages sustained by the **insured** for **bodily injury** reduced by:
   a. all sums described in items 1. and 2. in the preceding paragraph; and
   b. all sums paid or payable because of the **bodily injury** under any workers' compensation law. However, this reduction does not apply to the extent that an employer's lien is required to be paid under North Carolina's workers' compensation law.

D. The first paragraph of **Arbitration** is deleted and replaced by the following:

If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover compensatory damages from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle**; or
2. As to the amount of such compensatory damages;

then the **insured** may demand to settle these disputed issues by arbitration.

For purposes of an:

1. Uninsured Motorists Coverage claim, if an **insured** files a lawsuit against us or an owner or operator of an **uninsured motor vehicle** seeking damages that are the subject of the claim for Uninsured Motorists Coverage under this policy, the **insured** shall have the right to demand arbitration only if such lawsuit is filed within the time limit required by the laws of the state where the accident occurred for filing a lawsuit against the


Copyright, North Carolina Rate Bureau 2018

owner or operator of the **uninsured motor vehicle** for the damages arising out of the accident and only if the **insured** gives us a written demand for arbitration within thirty (30) days after the filing of such lawsuit.

2. Underinsured Motorists Coverage claim, if an **insured** files a lawsuit against an owner or operator of an **underinsured motor vehicle** seeking damages that are the subject of the claim for Underinsured Motorists Coverage under this policy, the **insured** shall have the right to demand arbitration only if the **insured** gives us a written demand for arbitration within thirty (30) days after the later of:

   a. The date we advance payment to the **insured** in an amount equal to a tentative settlement between the **insured** and the owner or operator of the **underinsured motor vehicle**;

   b. The date any applicable liability bonds or policies have been exhausted by payments of judgments or settlements; or

   c. The date the **insured** files a lawsuit against an owner or operator of an **underinsured motor vehicle** seeking damages that are the subject of the claim for Underinsured Motorists Coverage under this policy, provided that such lawsuit is filed within the time limit required by the laws of the state where the accident occurred for filing a lawsuit against the owner or operator of the **underinsured motor vehicle** for the damages arising out of the accident.

E. Item 5. of **Arbitration** is deleted and the remaining paragraphs are renumbered appropriately.

**6. Part D – COVERAGE FOR DAMAGE TO YOUR AUTO**

Part D is amended as follows:

A. Exclusion 1. is replaced by the following:

   We will not pay for:

   1. Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This includes but is not limited to any period of time while it is being used by any person who is logged into a **transportation network platform** as a driver, whether or not a passenger is **occupying** the vehicle.

      This exclusion does not apply to a share-the-expense car pool.

B. Exclusion 9 is changed by deleting the following:

   This exclusion does not apply to the interests of Loss Payees in **your covered auto.**

C. The following Exclusion 14 is added:

   We will not pay for:

   14. Loss to your **covered auto** or any **non-owned auto** while participating in any prearranged, organized, or spontaneous:

       a. racing contest, speed contest, demolition, stunt activity, or


Copyright, North Carolina Rate Bureau 2018

competitive driving event, or in practice or preparation for any such contest or use of this type; or

b. use of a vehicle at a facility designed for racing or high performance driving unless such use is for an activity other than high performance driving, high speed driving, and other than those activities listed in 14.a. above.

7.

## PART E – DUTIES AFTER AN ACCIDENT OR LOSS – FILING A CLAIM

Part E is amended as follows:

A. Paragraph 3. of the **Additional Duties For Coverage For Damage To Your Auto** provision is replaced by the following:

   3. Permit us to inspect and appraise the damaged property, including but not limited to any damaged glass or windshield, before its repair, replacement or disposal.

8.

## Part F – GENERAL PROVISIONS

Part F is amended as follows:

A. The following is added to paragraph 4 of the **Cancellation** Provision:

   g. The named insured is no longer an eligible risk under G.S. 58-37-1.

   h. Any other reason permitted by the North Carolina General Statutes.

B. **Other Termination Provisions** is deleted and replaced by the following:

   1. If the law in effect in North Carolina at the time this policy is issued, renewed or continued:

      a. requires a longer notice period;

      b. requires a special form of or procedure for giving notice;

      c. modifies any of the stated termination reasons; or;

      d. adds any additional termination reasons;

      we will comply with those requirements and this policy shall be deemed amended to include any such change in the law.

   2. Proof of mailing of any notice shall be sufficient proof of notice.

   3. If the named insured or a premium finance company cancels this policy, the premium owed or premium refund due will be calculated according to the short rate provisions contained in our manuals. If we cancel this policy, any premium owed or premium refund will be calculated on a pro-rata basis. However, making or offering to make the refund is not a condition of cancellation.

   4. The effective date of cancellation stated in the notice shall become the end of the policy period.

C. The following is added to the **Transfer Of Your Interest In This Policy** provision:

   The benefits of this Policy that may be available to you following a covered loss may not be assigned unless:

   1. All duties listed under the **Additional Duties For Coverage For Damage To Your Auto** provision in Part E – **Duties After An Accident Or Loss – Filing A Claim** are performed by a person seeking coverage;


Copyright, North Carolina Rate Bureau 2018

2. An inspection of the damage has been conducted by an adjuster authorized by us, or we give our consent; and

3. Any Assignee receiving a benefit under this Policy assigned under this provision for damage to **your covered auto** is subject to all duties and conditions under the policy. This includes the Appraisal Clause under Part D - **Coverage For Damage To Your Auto** to resolve disagreements on the amount of loss.


Copyright, North Carolina Rate Bureau 2018

This policy is issued by State Farm Mutual Automobile Insurance Company.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

Lynne M. Yowell
Secretary

Michael L Tipsord
President

NOTICE OF RIGHT TO PURCHASE HIGHER LIMITS OF UM/UIM

NOTICE: YOU ARE REQUIRED TO PURCHASE UNINSURED MOTORIST BODILY INJURY COVERAGE, UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE AND, IN SOME CASES, UNDERINSURED MOTORIST BODILY INJURY COVERAGE. THIS INSURANCE PROTECTS YOU AND YOUR FAMILY AGAINST INJURIES AND PROPERTY DAMAGE CAUSED BY THE NEGLIGENCE OF OTHER DRIVERS WHO MAY HAVE LIMITED OR ONLY MINIMUM COVERAGE OR EVEN NO LIABILITY INSURANCE. YOU MAY PURCHASE UNINSURED MOTORIST BODILY INJURY COVERAGE AND, IF APPLICABLE, UNDERINSURED MOTORISTS COVERAGE WITH LIMITS UP TO ONE MILLION DOLLARS ($1,000,000) PER PERSON AND ONE MILLION DOLLARS ($1,000,000) PER ACCIDENT OR AT SUCH LESSER LIMITS YOU CHOOSE. YOU CANNOT PURCHASE COVERAGE FOR LESS THAN THE MINIMUM LIMITS FOR THE BODILY INJURY AND PROPERTY DAMAGE COVERAGE THAT ARE REQUIRED FOR YOUR OWN VEHICLE. IF YOU DO NOT CHOOSE A GREATER OR LESSER LIMIT FOR UNINSURED MOTORIST BODILY INJURY COVERAGE, A LESSER LIMIT FOR UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE, AND/OR A GREATER OR LESSER LIMIT FOR UNDERINSURED MOTORIST BODILY INJURY COVERAGE, THEN THE LIMITS FOR THE UNINSURED MOTORISTS BODILY INJURY COVERAGE AND, IF APPLICABLE, THE UNDERINSURED MOTORIST BODILY INJURY COVERAGE WILL BE THE SAME AS THE HIGHEST LIMITS FOR BODILY INJURY LIABILITY COVERAGE FOR ANY ONE OF YOUR OWN VEHICLES INSURED UNDER THE POLICY AND THE LIMITS FOR THE UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE WILL BE THE SAME AS THE HIGHEST LIMITS FOR PROPERTY DAMAGE LIABILITY COVERAGE FOR ANY ONE OF YOUR OWN VEHICLES INSURED UNDER THE POLICY. IF YOU WISH TO PURCHASE UNINSURED MOTORIST AND, IF APPLICABLE, UNDERINSURED MOTORIST COVERAGE AT DIFFERENT LIMITS THAN THE LIMITS FOR YOUR OWN VEHICLE INSURED UNDER THE POLICY, THEN YOU SHOULD CONTACT YOUR INSURANCE COMPANY OR AGENT TO DISCUSS YOUR OPTIONS FOR OBTAINING DIFFERENT COVERAGE LIMITS. YOU SHOULD ALSO READ YOUR ENTIRE POLICY TO UNDERSTAND WHAT IS COVERED UNDER UNINSURED AND UNDERINSURED MOTORIST COVERAGES.

This policy is issued by State Farm Mutual Automobile Insurance Company.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

Lynne M. Yowell
Secretary

Michael L Tipsord
President

## NOTICE OF RIGHT TO PURCHASE HIGHER LIMITS OF UM/UIM

NOTICE: YOU ARE REQUIRED TO PURCHASE UNINSURED MOTORIST BODILY INJURY COVERAGE, UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE AND, IN SOME CASES, UNDERINSURED MOTORIST BODILY INJURY COVERAGE. THIS INSURANCE PROTECTS YOU AND YOUR FAMILY AGAINST INJURIES AND PROPERTY DAMAGE CAUSED BY THE NEGLIGENCE OF OTHER DRIVERS WHO MAY HAVE LIMITED OR ONLY MINIMUM COVERAGE OR EVEN NO LIABILITY INSURANCE. YOU MAY PURCHASE UNINSURED MOTORIST BODILY INJURY COVERAGE AND, IF APPLICABLE, UNDERINSURED MOTORISTS COVERAGE WITH LIMITS UP TO ONE MILLION DOLLARS ($1,000,000) PER PERSON AND ONE MILLION DOLLARS ($1,000,000) PER ACCIDENT OR AT SUCH LESSER LIMITS YOU CHOOSE. YOU CANNOT PURCHASE COVERAGE FOR LESS THAN THE MINIMUM LIMITS FOR THE BODILY INJURY AND PROPERTY DAMAGE COVERAGE THAT ARE REQUIRED FOR YOUR OWN VEHICLE. IF YOU DO NOT CHOOSE A GREATER OR LESSER LIMIT FOR UNINSURED MOTORIST BODILY INJURY COVERAGE, A LESSER LIMIT FOR UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE, AND/OR A GREATER OR LESSER LIMIT FOR UNDERINSURED MOTORIST BODILY INJURY COVERAGE, THEN THE LIMITS FOR THE UNINSURED MOTORISTS BODILY INJURY COVERAGE AND, IF APPLICABLE, THE UNDERINSURED MOTORIST BODILY INJURY COVERAGE WILL BE THE SAME AS THE HIGHEST LIMITS FOR BODILY INJURY LIABILITY COVERAGE FOR ANY ONE OF YOUR OWN VEHICLES INSURED UNDER THE POLICY AND THE LIMITS FOR THE UNINSURED MOTORIST PROPERTY DAMAGE COVERAGE WILL BE THE SAME AS THE HIGHEST LIMITS FOR PROPERTY DAMAGE LIABILITY COVERAGE FOR ANY ONE OF YOUR OWN VEHICLES INSURED UNDER THE POLICY. IF YOU WISH TO PURCHASE UNINSURED MOTORIST AND, IF APPLICABLE, UNDERINSURED MOTORIST COVERAGE AT DIFFERENT LIMITS THAN THE LIMITS FOR YOUR OWN VEHICLE INSURED UNDER THE POLICY, THEN YOU SHOULD CONTACT YOUR INSURANCE COMPANY OR AGENT TO DISCUSS YOUR OPTIONS FOR OBTAINING DIFFERENT COVERAGE LIMITS. YOU SHOULD ALSO READ YOUR ENTIRE POLICY TO UNDERSTAND WHAT IS COVERED UNDER UNINSURED AND UNDERINSURED MOTORIST COVERAGES.

Case: 1:22-cv-01422 Document #: 1-1 Filed: 03/18/22 Page 453 of 615 PageID #:855

PLEASE ATTACH TO YOUR POLICY BOOKLET

## 6126LP.1 OTHER PRODUCTS ENDORSEMENT – NORTH CAROLINA PERSONAL AUTO POLICY

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

**PART F – GENERAL PROVISIONS**

Part F is amended as follows:

A. The following is added to the end of the **Changes** provision:

Your purchase of this policy may allow:

1. You to purchase or obtain certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other products from us or one of our affiliated companies, subject to their applicable eligibility rules;
2. The premium or price for other products or services purchased by you, including non-insurance products or services, to vary. Such other products or services must be provided by us or one of our affiliated companies or by an organization that has entered into an agreement or contract with us or one of our affiliated companies. We and our affiliated companies do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization.
3. The premium for this policy may vary based upon:
   a. the purchase of other products or services from us or one of our affiliated companies;
   b. the purchase of products or services from an organization that has entered into an agreement or contract with us or one of our affiliated companies. We and our affiliated companies do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization; or
   c. an agreement, concerning the insurance provided by this policy, that we or one of our affiliated companies has with an organization of which you are a member, employee, subscriber, licensee, or franchisee.



Copyright, North Carolina Rate Bureau, 2012

## 6230Q.3 EXTENDED TRANSPORTATION EXPENSES COVERAGE (Coverages R, R1 and R2)

This endorsement is a part of *your* policy. Except for the changes it makes, all other terms of the policy remain the same and apply to this endorsement. It is effective at the same time as *your* policy unless a different effective date is specified by us in writing.

| Description of Your Covered Auto(s) | Extended Transportation Expenses Coverage Premium | Increased Limits Transportation Expenses Coverage Premium | Additional Increased Limits Transportation Expenses Coverage Premium |
|---|---|---|---|
| See Declarations | $ See Declarations | $ See Declarations | See Declarations |

The provisions and exclusions that apply to Part D – Coverage for Damage to Your Auto also apply to this endorsement except as changed by this endorsement.

**A. EXTENDED TRANSPORTATION EXPENSES COVERAGE – Coverage R**

When there is a loss to a *your covered auto* described in the Schedule or in the Declarations for which a specific premium charge indicates that Extended Transportation Expenses Coverage (Coverage R) is afforded, or to a *non-owned auto*, we will pay, without application of a deductible, up to $15 per day to a maximum of $450 for:

1. Transportation expenses incurred by you.
2. Loss of use expenses for which you become legally responsible in the event of loss to a *non-owned auto.*

This coverage applies only if:

1. *Your covered auto* or the *non-owned auto* is withdrawn from use for more than 24 hours; and
2. The loss is caused by *collision* or is otherwise covered under Part D of this policy.

However, this coverage does not apply when there is a total theft of *your covered auto* or a *non-owned auto.* Such coverage is provided under Part D of this policy.

Our payment will be limited to that period of time reasonably required to repair or replace the *your covered auto* or the *non-owned auto.*

**B. INCREASED LIMITS TRANSPORTATION EXPENSES COVERAGE – Coverage R1**

When there is a loss to a *your covered auto* described in the Schedule or in the Declarations for which a specific premium charge indicates that Increased Limits Transportation Expenses Coverage (Coverage R1) is afforded, or to a *non-owned auto:*

1. Coverage for Extended Transportation Expenses Coverage provided under this endorsement is increased to $30 per day up to a maximum of $900. All other provisions of Extended Transportation Expenses Coverage apply.
2. Coverage for Transportation Expenses Coverage provided under Part D of this policy is increased to $30 per day up to a maximum of $900.



Includes copyrighted material of North Carolina Rate Bureau, with its permission. Copyright, North Carolina Rate Bureau, 1990, 1999

Policy Number: 190 5429-A09-33D

PLEASE ATTACH TO YOUR POLICY BOOKLET

**C. ADDITIONAL INCREASED LIMIT TRANSPORTATION EXPENSES COVERAGE – Coverage R2**

When there is a loss to a ***your covered auto*** described in the Schedule or in the Declarations for which a specific premium charge indicates that Additional Increased Limit Transportation Expenses Coverage is afforded, or to a ***non-owned auto:***

1. Coverage for Extended Transportation Expense Coverage provided under this endorsement is increased to $50 per day up to a maximum of $1,500. all other provisions of Extended Transportation Expenses Coverage apply.
2. Coverage for Transportation Expenses Coverage provided under Part D of this policy is increased to $50 per day up to a maximum of $1,500.



Includes copyrighted material of North Carolina Rate Bureau, with its permission. Copyright, North Carolina Rate Bureau, 1990, 1999

# 6364A.4 TOWING AND LABOR COSTS COVERAGE (COVERAGE H)

This endorsement is a part of ***your*** policy. Except for the changes it makes, all other terms of the policy remain the same and apply to this endorsement. It is effective at the same time as ***your*** policy unless a different effective date is specified by us in writing.

**SCHEDULE**

| Coverage Symbol | Limit of Coverage Per Disablement | Premium |
|---|---|---|
| H25 | $ 25 | $ |
| H50 | $ 50 | $ |
| H100 | $100 | $ |
| H | reasonable costs | $ |

If a dollar limit is shown under "Limit of Coverage Per Disablement" for the coverage option applicable to ***your covered auto***, we will pay towing and labor costs incurred each time ***your covered auto*** or any ***non-owned auto*** is disable or keys are lost, broken or accidentally locked in the auto, up to the amount shown in the schedule or the Declarations for the applicable option. We will only pay for labor performed at the place of disablement.

If no dollar limit is shown under "Limit of Coverage Per Disablement" for the coverage option applicable to ***your covered auto***, we will pay reasonable costs you incur for ***your covered auto*** or any ***non-owned auto:***

1. for mechanical labor up to one hour at the place of a mechanical breakdown of the auto.
2. for lockout services up to $100 per lockout if keys to the auto are lost, broken or accidentally locked in the auto.
3. if it will not run, for towing to the nearest place where the necessary repairs can be made. The cost of towing out a stuck vehicle will only be paid if the vehicle is stuck on or immediately next to a public road.
4. for delivery of gas, oil, loaned battery, or change of tire. We do not pay for the cost of the gas, oil, loaned battery or tires.



Includes copyrighted material of North Carolina Rate Bureau, with its permission. Copyright, North Carolina Rate Bureau, 1998

07036/02398

any one auto accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Bodily Injury Liability Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident. The limit of liability shown in the Declarations for each accident for Property Damage Liability Coverage is our maximum limit of liability for all damages to all property resulting from any one auto accident. This is the most we will pay as a result of any one auto accident regardless of the number of:

1. **Insureds**;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

**OUT OF STATE COVERAGE**

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.
2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

No one will be entitled to duplicate payments for the same elements of loss.

**FINANCIAL RESPONSIBILITY REQUIRED**

When this policy is certified as future proof of financial responsibility, this policy will comply with the law to the extent required.

**OTHER INSURANCE**

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

## PART B — MEDICAL PAYMENTS COVERAGE

**INSURING AGREEMENT**

We will pay reasonable expenses incurred for necessary medical and funeral services because of **bodily injury**:

1. Caused by accident; and
2. Sustained by an **insured**.

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

Reasonable medical expenses do not include expenses:

1. For treatment, services, products or procedures that are:
   a. Experimental in nature, for research, or not primarily designed to serve a medical purpose; or
   b. Not commonly and customarily recognized throughout the medical profession and within the United States as appropriate for the treatment of the **bodily injury**; or
2. Incurred for:
   a. The use of thermography or other related procedures of a similar nature; or
   b. The use of acupuncture or other related procedures of a similar nature; or
   c. The purchase or rental of equipment not primarily designed to serve a medical purpose.

Expenses are reasonable only if they are consistent with the usual fees charged by the majority of similar medical providers in the geographical area in which the expenses were incurred for the specific medical service.

Services are necessary only if the services are rendered by a licensed medical provider within the scope of the provider's practice and license and are essential in achieving maximum medical improvement for the **bodily injury** sustained in the accident.

We have the right to make or obtain a utilization review of the medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

**"Insured"** as used in this Part means:

1. You or any **family member**:
   a. while **occupying**; or
   b. as a pedestrian when struck by;



Copyright, North Carolina Rate Bureau, 2005

a motor vehicle designed for use mainly on public roads or a trailer of any type.

2. Any other person while **occupying**:
   a. **your covered auto**; or
   b. any other motor vehicle:
      (1) operated by you; or
      (2) operated by a **family member** if the motor vehicle is a private passenger auto or **trailer**.

**EXCLUSIONS**

We do not provide Medical Payments Coverage for any **insured** for **bodily injury**:

1. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.
2. Sustained while **occupying** any vehicle located for use as a residence or premises.
3. Occurring while employed or otherwise engaged in the **business** of:
   a. selling;
   b. repairing;
   c. servicing;
   d. storing; or
   e. parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion applies only if workers' compensation benefits are available for the **bodily injury**.
4. Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:
   a. owned by you; or
   b. furnished for your regular use.
5. Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:
   a. owned by any **family member**; or
   b. furnished for the regular use of any **family member**.

   However, this exclusion does not apply to you.
6. Sustained while **occupying** a vehicle without a reasonable belief that that **insured** is entitled to do so.

   This Exclusion 6. does not apply to a **family member** using **your covered auto** which is owned by you.
7. Sustained while **occupying** any auto not owned by, or furnished for the regular use of, you or any **family member**, while used to carry persons or property for a fee. This exclusion does not apply to:
   a. a share-the-expense car pool, or
   b. you or any **family member**.
8. Resulting from the maintenance or use of any auto not owned by, or furnished for the regular use of, you or any **family member**, while that **insured** is engaged in the **business** of:
   a. selling;
   b. repairing;
   c. servicing;
   d. storing; or
   e. parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to you or any **family member**.
9. Resulting from the maintenance or use of any auto not owned by, or furnished for the regular use of, you or any **family member**, while that **insured** is employed or otherwise engaged in any **business** not described in Exclusion 8. This exclusion does not apply:
   a. to you or any **family member**; or
   b. if the **bodily injury** results from the operation of a private passenger auto or **trailer** by you.
10. Caused by or as a consequence of:
    a. war (declared or undeclared);
    b. civil war;
    c. insurrection; or
    d. rebellion or revolution.
11. Sustained while **occupying** any motorized vehicle having fewer than four wheels.

**LIMIT OF LIABILITY**

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident regardless of the number of:

1. Claims made;
2. Vehicles or premiums shown in the Declarations; or
3. Vehicles involved in the accident.



Copyright, North Carolina Rate Bureau, 2005

**NON-DUPLICATION**

No person for whom medical expenses are payable under this coverage shall be paid more than once for the same medical expense under this or similar vehicle insurance, including any no-fault benefits required by law.

**OTHER INSURANCE**

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

**ARBITRATION**

The amount due under this coverage shall be decided by agreement between the **insured** and us. If there is no agreement, the amount due shall be decided by arbitration upon written request of the **insured** or us. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within 30 days, either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on us, the **insured**, any assignee of the **insured** and any person or organization with whom the **insured** expressly or impliedly contracts for the rendition of medical services. The arbitrators' decision shall be limited to whether or not the medical expenses were reasonable and the services were necessary, with the amount due being equal only to the reasonable expenses for necessary services. The arbitrators shall not award punitive damages or other noncompensatory damages.

The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties.

The arbitration shall take place in the county in which the **insured** resides unless the parties agree to another place. State court rules governing procedure and admission of evidence shall be used.

## PART C1 — UNINSURED MOTORISTS COVERAGE

**INSURING AGREEMENT**

We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

1. **Bodily injury** sustained by an **insured** and caused by an accident; and
2. **Property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

Any judgment for damages arising out of a suit is not binding on us unless we have been served with a copy of the summons, complaint or other process against the uninsured motorist.

**"Insured"** as used in this Part means:

1. You or any **family member**.
2. Any other person **occupying**:
   a. **your covered auto**; or
   b. any other auto operated by you.
3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person listed in 1. or 2. above.

**"Property damage"** as used in this Part means injury to or destruction of:

1. **Your covered auto**.
2. Any property owned by a person listed in 1. or 2. of **insured**.

**"Uninsured motor vehicle"** means a land motor vehicle or trailer of any type:

1. To which neither:
   a. a liability bond or policy; nor
   b. cash or securities on file with the North Carolina Commissioner of Motor Vehicles;

   applies at the time of the accident.
2. To which a liability bond or policy applies at the time of the accident; provided its limit for liability is less than the minimum limit specified by the financial responsibility law of North Carolina.
3. Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:
   a. you or any **family member**;
   b. a vehicle which you or any **family member** are **occupying**; or
   c. **your covered auto**.



Copyright, North Carolina Rate Bureau, 2005

4. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:
   a. denies coverage; or
   b. is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1. Owned by you.
2. Owned or operated by a self-insurer under any applicable motor vehicle law; except a self-insurer which is or becomes insolvent.
3. Owned by:
   a. The United States of America;
   b. Canada;
   c. a state; or
   d. an agency, other than a political subdivision of a., b. or c. above.
4. Operated on rails or crawler treads.
5. Which is a farm type tractor or equipment designed mainly for use off public roads while not on public roads.
6. While located for use as a residence or premises.

**EXCLUSIONS**

A. We do not provide Uninsured Motorists Coverage for **property damage** or **bodily injury** sustained by any **insured**:
   1. If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our written consent.
   2. While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.
   3. Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

      This Exclusion A.3. does not apply to a **family member** using **your covered auto** which is owned by you.
   4. For the first $100 of the amount of **property damage** to the property of each **insured** as the result of any one accident.
   5. If the property is contained in or struck by a motor vehicle (other than **your covered auto**) owned by you or any **family member**.
   6. For any punitive or exemplary damages, or legal costs related thereto.
   7. While **occupying**, or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

      However, this exclusion does not apply to you or any **family member**.

B. We do not provide Uninsured Motorists Coverage for **property damage** caused by a hit-and-run vehicle whose operator or owner cannot be identified.

C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or any similar law:
   a. workers' compensation law; or
   b. disability benefits law.

**LIMIT OF LIABILITY**

The limit of bodily injury liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury**, including damages for care, loss of services or death, sustained by any one person in any one auto accident.

Subject to this limit for each person, the limit of bodily injury liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident. The limit of property damage liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages to all property resulting from any one accident. This is the most we will pay for **bodily injury** and **property damage** regardless of the number of:

1. **Insureds**;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

The limit of liability otherwise applicable under this coverage shall be reduced by all sums:

1. Paid because of the **bodily injury** or **property damage** by or on behalf of persons or organizations who may be legally responsible. This include all sums paid under Part A;
2. Paid or payable because of the **bodily injury** under any workers' compensation law. However, this reduction does not apply to the extent



Copyright, North Carolina Rate Bureau, 2005

that an employer's lien is required to be paid under North Carolina's workers' compensation law; and

3. Paid or payable because of the **bodily injury** under any disability benefits law or any similar law.

No payment will be made for loss paid or payable to the **insured** under Part D or any policy of property insurance.

Any payment to any person under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.

This coverage is excess over and shall not duplicate any amount paid or payable under Part B.

**OTHER INSURANCE**

If this policy and any other auto insurance policy apply to the same accident, the maximum amount payable under all applicable policies for injuries to an **insured** caused by an **uninsured motor vehicle** shall be the sum of the highest limit of liability for this coverage under each such policy.

In addition, if there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

**OUR RIGHT TO RECOVER PAYMENT**

A. If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. Further, the execution of a covenant not to enforce judgment by the injured party shall not preclude us from pursuing our right to sue for or otherwise recover any payment made under this coverage from anyone else who may be liable. The person to or for whom payment was made shall do:
   1. Whatever is necessary to enable us to exercise our rights; and
   2. Nothing after loss to prejudice them.

B. If we make a payment under this coverage and the person to or for whom payment is made recovers damages from another, that person shall:
   1. Hold in trust for us the proceeds of the recovery; and
   2. Reimburse us to the extent of our payment.

**ARBITRATION**

If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover compensatory damages from the owner or driver of an **uninsured motor vehicle**; or
2. As to the amount of such damages;

the **insured** may demand to settle the dispute by arbitration.

The following procedure will be used:

1. Each party will select a competent arbitrator. The two so selected will select a third.
2. If the third arbitrator is not selected within 30 days, the **insured** or we may request a judge of a court of record to name one. The court must be in the county and state in which arbitration is pending.
3. Each party will pay its chosen arbitrator. Each will pay half of all other expenses of arbitration. Fees to lawyers and expert witnesses are not considered arbitration expenses and are to be paid by the party hiring these persons.
4. Unless the **insured** and we agree otherwise, arbitration will take place in the county and state in which the **insured** lives. Arbitration will be subject to the usual rules of procedure and evidence in such county and state. The arbitrators will resolve the issues. A written decision on which two arbitrators agree will be binding on the **insured** and us.
5. Any arbitration action against the company must begin within the time limit allowed for **bodily injury** or death actions in the state where the accident occurred.
6. Judgment upon award may be entered in any proper court.
7. As an alternative, the **insured** and we may agree to arbitrate by rules other than stated above.


Copyright, North Carolina Rate Bureau, 2005

## PART C2 — COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE

**INSURING AGREEMENT**

We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

1. **Bodily injury** sustained by an **insured** and caused by an accident; and
2. **Property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

We will also pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury** sustained by an **insured** and caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle**. We will pay for these damages only after the limits of liability under any applicable liability bonds or policies have been exhausted by payments of judgments or settlements, unless we:

1. Have been given written notice in advance of settlement between an **insured** and the owner or operator of the **underinsured motor vehicle**; and
2. Consent to advance payment to the **insured** in the amount equal to the tentative settlement.

Any judgment for damages arising out of a suit is not binding on us unless we have been served with a copy of the summons, complaint or other process against the uninsured or underinsured motorist.

**Insured** as used in this Part means:

1. You or any **family member**.
2. Any other person **occupying**:
   a. **your covered auto**; or
   b. any other auto operated by you.
3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person listed in 1. or 2. above.

**Property damage** as used in this Part means injury to or destruction of:

1. **Your covered auto**.
2. Any property owned by a person listed in 1. or 2. of **Insured**.

**Underinsured motor vehicle** means a land motor vehicle or trailer of any type:

1. The ownership, maintenance or use of which is insured or bonded for liability at the time of the accident; and
2. The sum of the limits of liability under all **bodily injury** liability bonds and insurance policies applicable at the time of the accident is equal to or greater than the minimum limit specified by the financial responsibility law of North Carolina and:
   a. is less than the limit of liability for this coverage; or
   b. the total limit of liability available has been reduced to less than the limit of liability for this coverage by payment of damages to other persons.

However, **underinsured motor vehicle** does not include any vehicle or equipment:

1. Operated on rails or crawler treads.
2. Which is a farm-type tractor or other vehicle designed for use principally off public roads and while not upon public roads.
3. While located for use as a residence or premises.
4. Which is an **uninsured motor vehicle**.
5. Which is insured under Liability Coverage of this policy if such policy's limit of liability for Combined Uninsured/Underinsured Motorists Coverage is equal to or less than its limit of liability for Liability Coverage.

**Uninsured motor vehicle** means a land motor vehicle or trailer of any type:

1. To which neither:
   a. a liability bond or policy; nor
   b. cash or securities on file with the North Carolina Commissioner of Motor Vehicles;

   applies at the time of the accident.
2. To which a liability bond or policy applies at the time of the accident; provided its limit for liability is less than the minimum limit specified by the financial responsibility law of North Carolina.
3. Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:
   a. you or any **family member**;


Copyright, North Carolina Rate Bureau, 2005

   b. a vehicle which you or any **family member** are **occupying**; or
   c. **your covered auto**.
4. To which a liability bond or policy applies at the time of the accident, but the bonding or insuring company:
   a. denies coverage; or
   b. is or becomes insolvent.

However, **uninsured motor vehicle** does not include any vehicle or equipment:

1. Owned by you.
2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.
3. Owned by:
   a. The United States of America;
   b. Canada;
   c. a state; or
   d. an agency, other than a political subdivision of a., b. or c. above.
4. Operated on rails or crawler treads.
5. Which is a farm type tractor or equipment designed mainly for use off public roads while not on public roads.
6. While located for use as a residence or premises.

**EXCLUSIONS**

A. We do not provide coverage for **property damage** or **bodily injury** caused by an **uninsured motor vehicle** and sustained by any **insured**:
   1. If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our written consent.
   2. While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.
   3. Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

      This Exclusion A.3. does not apply to a **family member** using **your covered auto** which is owned by you.
   4. For the first $100 of the amount of **property damage** to the property of each **insured** as the result of any one accident.
   5. If the property is contained in or struck by a motor vehicle (other than **your covered auto**) owned by you or any **family member**.
   6. For any punitive or exemplary damages, or legal costs related thereto.
   7. While **occupying**, or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

      However, this exclusion does not apply to you or any **family member**.

B. We do not provide coverage for **property damage** caused by a hit-and-run vehicle whose operator or owner cannot be identified.

C. We do not provide coverage for **bodily injury** caused by an **underinsured motor vehicle** and sustained by any **insured**:
   1. If that **insured** or the legal representative settles the **bodily injury** claim without our consent. However, this exclusion does not apply if we:
      a. have been given written notice in advance of a settlement between an **insured** and the owner or operator of the **underinsured motor vehicle**; and
      b. we fail to advance payment to the **insured** in an amount equal to the tentative settlement within thirty days following receipt of such written notice.
   2. While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.
   3. Using a vehicle without reasonable belief that that **insured** is entitled to do so.

      This Exclusion C.3. does not apply to a **family member** using **your covered auto** which is owned by you.
   4. For any punitive or exemplary damages, or legal costs related thereto.
   5. While **occupying**, or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

      However, this exclusion does not apply to you or any **family member**.


Copyright, North Carolina Rate Bureau, 2005

D. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or any similar law:
   1. workers' compensation law; or
   2. disability benefits law.

**LIMIT OF LIABILITY**

The limit of bodily injury liability shown in the Declarations for each person for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury**, including damages for care, loss of services or death, sustained by any one person in any one auto accident.

Subject to this limit for each person, the limit of bodily injury liability shown in the Declarations for each accident for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident. The limit of property damage liability shown in the Declarations for each accident for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **property damage** caused by an **uninsured motor vehicle** and resulting from any one accident.

This is the most we will pay for **bodily injury** and **property damage** regardless of the number of:

1. **Insureds**;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

The limits of bodily injury liability shown in the Declarations for each person and each accident for this coverage shall be reduced by all sums:

1. Paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A;
2. Paid or payable because of the **bodily injury** under any workers' compensation law. However, this reduction does not apply to the extent that an employer's lien is required to be paid under North Carolina's workers' compensation law; and
3. Paid or payable because of the **bodily injury** under any disability benefits law or any similar law.

The most we will pay for **bodily injury** damages to an **insured** under this coverage is the lesser of:

   a. the limit of bodily injury liability shown in the Declarations for each person for this coverage reduced by all sums described in items 1., 2. and 3. of the preceding paragraph; or
   b. the damages sustained by the **insured** for **bodily injury** reduced by all sums described in items 1., 2. and 3. in the preceding paragraph.

The limit of property damage liability under this coverage shall be reduced by all sums paid because of the **property damage** by or on behalf of persons or organizations who may be legally responsible. This includes all sums payable under Part A.

No payment will be made for loss paid or payable to the **insured** under Part D or any policy of property insurance.

Any payment to any person under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.

This coverage is excess over and shall not duplicate any amount paid or payable under Part B.

**OUR RIGHT TO RECOVER PAYMENT**

A. If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. Further, the execution of a covenant not to enforce judgment by the injured party shall not preclude us from pursuing our right to sue for or otherwise recover any payment made under this coverage from anyone else who may be liable. The person to or for whom payment was made shall do:
   1. Whatever is necessary to enable us to exercise our rights; and
   2. Nothing after loss to prejudice them.

   However, our rights under this paragraph do not apply against the owner or operator of an **underinsured motor vehicle** if we have been given written notice in advance of a settlement and fail to advance payment in an amount equal to the tentative settlement within 30 days following receipt of such notice.

B. If we make a payment under this coverage and the person to or for whom payment is made recovers damages from another, that person shall:
   1. Hold in trust for us the proceeds of the recovery; and
   2. Reimburse us to the extent of our payment.


Copyright, North Carolina Rate Bureau, 2005

**OTHER INSURANCE**

If this policy and any other auto insurance policy apply to the same accident, the maximum amount payable under all applicable policies for all injuries to an **Insured** caused by an **uninsured motor vehicle** or **underinsured motor vehicle** shall be the sum of the highest limit of liability for this coverage under each policy.

In addition, if there is other applicable similar insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

**ARBITRATION**

If we and an **Insured** do not agree:

1. Whether that **insured** is legally entitled to recover compensatory damages from the owner or driver of an **uninsured motor vehicle** or **underinsured motor vehicle**; or
2. As to the amount of such damages;

the **insured** may demand to settle the dispute by arbitration.

The following procedure will be used:

1. Each party will select a competent arbitrator. The two so selected will select a third.
2. If the third arbitrator is not selected within 30 days, the **Insured** or we may request a judge of a court of record to name one. The court must be in the county and state in which arbitration is pending.
3. Each party will pay its chosen arbitrator. Each will pay half of all other expenses of arbitration. Fees to lawyers and expert witnesses are not considered arbitration expenses and are to be paid by the party hiring these persons.
4. Unless the **Insured** and we agree otherwise, arbitration will take place in the county and state in which the **insured** lives. Arbitration will be subject to the usual rules of procedure and evidence in such county and state. The arbitrators will resolve the issues. A written decision on which two arbitrators agree will be binding on the **Insured** and us.
5. Any arbitration action against the company must begin within the time limit allowed for **bodily injury** or death actions in the state where the accident occurred.
6. Judgment upon award may be entered in any proper court.
7. As an alternative, the **Insured** and we may agree to arbitrate by rules other than stated above.

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

**INSURING AGREEMENT**

We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto**, including their equipment. Direct and accidental loss does not include any reduction in the value of any vehicle after it has been repaired, as compared to its value before it was damaged.

We will pay for loss to **your covered auto** caused by:

1. Other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.
2. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto**, we will provide the broadest coverage applicable to any **your covered auto** shown in the Declarations.

Our payment will be reduced by any deductible shown in the Declarations. The deductible will not apply to a loss caused by:

1. fire or lightning;
2. smoke due to a sudden, unusual and faulty operation of any fixed heating equipment serving the premises in which the auto is stored;
3. the stranding, sinking, burning, **collision**, or derailment of any conveyance in or on which the auto is being transported.

"**Collision**" means the upset of **your covered auto** or a **non-owned auto** or their impact with another vehicle or object.

Loss caused by the following is considered other than **collision**:

1. Missiles or falling objects;
2. Fire;
3. Theft or larceny;
4. Explosion or earthquake;
5. Windstorm;
6. Hail, water or flood;
7. Malicious mischief or vandalism;


Copyright, North Carolina Rate Bureau, 2005

8. Riot or civil commotion;
9. Contact with bird or animal; or
10. Breakage of glass.

If loss is caused by contact with a bird or animal, or if breakage of glass is caused by **collision**, you may elect to have either loss considered to be caused by **collision**.

"**Non-owned auto**" means:

1. Any private passenger auto, station wagon type, pickup truck, van or **trailer** not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member**.
2. Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. loss; or
   e. destruction.

We will also pay for direct and accidental loss caused by fire or lightning to clothes or other personal effects:

1. which are owned by you or any **family member**; and
2. which are in or on **your covered auto**.

"**Permanently installed**" means installed by bolts, brackets, or welding in a location in accordance with applicable laws and regulations for the installation of such equipment or device.

**TRANSPORTATION EXPENSES**

In addition, we will pay, without application of a deductible, up to $15 per day, to a maximum of $450, for:

1. Transportation expenses incurred by you in the event of a total theft of **your covered auto**. This applies only if the Declarations indicate that Other Than Collision is provided for that auto.
2. Loss of use expenses for which you become legally responsible in the event of the total theft of a **non-owned auto**. This applies only if the Declarations indicate that Other Than Collision is provided for any **your covered auto**.

We will pay only expenses incurred during the period:

1. Beginning 48 hours after the theft; and
2. Ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

**SALVAGE CHARGES**

In addition, we will pay general average and salvage charges that you or any **family member** are legally responsible for in transporting an auto.

**EXCLUSIONS**

We will not pay for:

1. Loss to **your covered auto** or any **non-owned auto** which occurs while they are being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.
2. Damage due and confined to:
   a. wear and tear;
   b. freezing;
   c. mechanical or electrical breakdown or failure; or
   d. road damage to tires.

   This exclusion does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto**.
3. Loss due to or as a consequence of:
   a. radioactive contamination;
   b. war (declared or undeclared);
   c. civil war;
   d. insurrection; or
   e. rebellion or revolution.
4. Loss to:
   a. any electronic equipment or device that records, emits, amplifies, receives or transmits audio, visual, or data signals, including, but not limited to:
      (1) radios and stereos;
      (2) tape decks;
      (3) compact disc players or recorders;
      (4) citizens band radios;
      (5) telephones;
      (6) two-way mobile radios;
      (7) scanning monitor receivers;
      (8) television monitor receivers;
      (9) video cassette players or recorders;
      (10) audio cassette players or recorders;
      (11) personal computers, or
      (12) digital video disc player or recorder.


Copyright, North Carolina Rate Bureau, 2005

   b. tapes, records, discs, or other media used with any equipment or device described in a.
   c. any accessories used with equipment described in a.

   Exclusions 4.a. and 4.c. do not apply to:
   a. any equipment or device that is **permanently installed** by the vehicle's manufacturer; or
   b. the first $1,000 of any equipment or device that is **permanently installed** by other than the vehicle's manufacturer;

   in any **your covered auto** or a **non-owned auto**
5. Loss to a camper body or **trailer** you own which is not shown in the Declarations. This exclusion (5.) does not apply to a camper body or **trailer** you:
   a. acquire during the policy period; and
   b. ask us to insure within the policy period or within 30 days after you become the owner.
6. Loss to any **non-owned auto** while used by you or any **family member** in the **business** of:
   a. selling;
   b. repairing;
   c. servicing;
   d. storing; or
   e. parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery.
7. Loss to any **non-owned auto** if used without the express or implied permission of the owner or other person in lawful possession of such vehicle.
8. With respect to any **trailer** shown in the Declarations, loss to:
   a. awnings or cabanas; or
   b. equipment designed to create additional living facilities.
9. Loss to any **your covered auto** or any **non-owned auto** due to forfeiture ordered by the courts or destruction or confiscation by governmental or civil authorities because you or any **family member**:
   a. engaged in illegal activities; or
   b. failed to comply with Environmental Protection Agency or Department of Transportation standards.

   This exclusion does not apply to the interests of Loss Payees in **your covered auto**.
10. Loss to equipment designed or used to detect or deter radar, laser or other speed monitoring equipment whether or not **permanently installed**.
11. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in Exclusion 6. This exclusion does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer**.
12. Loss to any custom furnishings or equipment in or upon any **your covered auto** or a **non-owned auto**, including, but not limited to:
    a. special carpeting and insulation, furniture or bars;
    b. facilities for cooking and sleeping;
    c. height extending roofs or ladders;
    d. custom windows, murals, paintings or other decals or graphics;
    e. tool boxes and fifth wheel conversions;
    f. side exhausts and headers;
    g. winches and roll bars;
    h. special wheels/tires; or
    i. body or suspension alterations.

    However, this exclusion (12.):
    a. does not apply to the first $1,000 of any such custom furnishings or equipment; and
    b. does not apply to a camper body shown in the Declarations, or a cap, cover or bedliner in or upon any pickup truck you own.
13. Loss to, or loss of use of, a **non-owned auto** rented by:
    a. you; or
    b. any **family member**;

    if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member**, pursuant to the provisions of any applicable rental agreement or state law.

**LIMIT OF LIABILITY**

Our limit of liability will be the lesser of the:

1. Actual cash value of the stolen or damaged property; or


Copyright, North Carolina Rate Bureau, 2005

2. Amount necessary to repair or replace the property with other property of like kind and quality.

   This amount does not include any reduction in the value of the property after it has been repaired, as compared to its value before it was damaged.

Subject to the above, our limit of liability for loss to:

1. Personal effects is $100; and
2. A **trailer** not owned by you is $1,500.

An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

**PAYMENT OF LOSS**

We may pay for the loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or
2. The address shown in this policy. If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

IN THE REPAIR OF **YOUR COVERED AUTO** UNDER THE PHYSICAL DAMAGE COVERAGE PROVISIONS OF THIS POLICY, WE MAY REQUIRE OR SPECIFY THE USE OF AUTOMOBILE PARTS NOT MADE BY THE ORIGINAL MANUFACTURER. THESE PARTS ARE REQUIRED TO BE AT LEAST EQUAL IN TERMS OF FIT, QUALITY, PERFORMANCE AND WARRANTY TO THE ORIGINAL MANUFACTURER PARTS THEY REPLACE.

**NO BENEFIT TO BAILEE**

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**OTHER INSURANCE**

If other insurance also covers the loss we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible insurance.

**APPRAISAL**

If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and
2. Bear the expenses of the appraisal and umpire equally.

We do not waive any of our rights under this policy by agreeing to an appraisal.

**LOSS PAYEE**

If a Loss Payee is shown in the Declarations, then any Collision Coverage or Other Than Collision Coverage provided by this policy applies to the Loss Payee's interest in **your covered auto**. If Collision Coverage or Other Than Collision Coverage is cancelled or nonrenewed, we will provide coverage for the Loss Payee's interest until 10 days after the date we mail or electronically transmit a notice of the cancellation or nonrenewal to the Loss Payee. Any coverage for the Loss Payee's interest shall terminate on the earlier of the expiration of this 10 day period or the effective date of a policy or insurance binder for similar coverage for the Loss Payee's interest issued by another insurance carrier. Except for any continuation of coverage for the Loss Payee's interest that may be provided under this paragraph in connection with the Loss Payee's right to notice of cancellation or nonrenewal, this coverage for the Loss Payee's interest is only provided for a loss that would otherwise be payable to you.

Notwithstanding any other provisions of this policy, including but not limited to any continuation of coverage for the Loss Payee's interest as set forth above, if Collision Coverage or Other Than Collision Coverage is rescinded, the Loss Payee's interest will not be protected and the Loss Payee shall have no rights greater than your rights to recover for a loss.

If we pay you or the Loss Payee, then we are entitled to your and the Loss Payee's rights of recovery to the extent of our payment. Our right of recovery does not impair the Loss Payee's right to recover the full amount of its claim from you.


Copyright, North Carolina Rate Bureau, 2005

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS — FILING A CLAIM

### GENERAL DUTIES

We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

A person seeking coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.
2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.
3. Submit as often as we reasonably require:
   a. to physical exams by physicians we select. We will pay for these exams.
   b. to examinations under oath and subscribe the same.
4. Authorize us to obtain:
   a. medical reports; and
   b. other pertinent records.
5. Submit a proof of loss when required by us.

### ADDITIONAL DUTIES FOR UNINSURED AND COMBINED UNINSURED/ UNDERINSURED MOTORISTS COVERAGE

A person seeking Uninsured or Combined Uninsured/Underinsured Motorists Coverage must also:

1. Promptly notify the police if a hit-and-run driver is involved.
2. Promptly send us copies of the legal papers if a suit is brought. A suit may not be brought by an **insured** until 60 days after that person notifies us of their belief that the prospective defendant is an uninsured motorist.

Any person who intends to pursue recovery against the owner or operator of an **underinsured motor vehicle** for damages beyond those paid or payable under this policy shall give us:

1. Notice of such intent; and
2. The opportunity to participate, at our expense, in the prosecution of such claim.

### ADDITIONAL DUTIES FOR COVERAGE FOR DAMAGE TO YOUR AUTO

A person seeking Coverage For Damage To Your Auto must also:

1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and their equipment from further loss. We will pay reasonable expenses incurred to do this.
2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.
3. Permit us to inspect and appraise the damaged property before its repair or disposal.

## PART F — GENERAL PROVISIONS

### BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

### CHANGES

The premium for each of **your covered autos** is based on information we have received from you or other sources. You agree:

1. That if any of this information material to the development of the policy premium is incorrect, incomplete or changed, we may adjust the premium accordingly during the policy period.
2. To cooperate with us in determining if this information is correct and complete, and to advise us of any changes in this information.

Any adjustment of your premium will be made using the rules in effect at the time of the change.

Premium adjustment may be made as the result of a change in:

1. Autos insured by the policy, including changes in use.
2. Drivers.
3. Coverages or coverage limits.
4. Rating territory.
5. Eligibility for discounts or other premium credits.

We may revise your policy coverages to provide more protection without additional premium charge. If we do this and you have the coverage which is changed, your policy will automatically provide the additional coverage as of the date the revision is effective in North Carolina. Otherwise, this policy contains all of the coverage agreements between you and us. Its terms may not be changed or waived except by an endorsement issued by us.


Copyright, North Carolina Rate Bureau, 2005

### FRAUD OR MATERIAL MISREPRESENTATION

We do not provide coverage for any **insured**:

1. who has made a fraudulent statement or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy; or
2. if a named insured made a material misrepresentation in the application for this policy of insurance.

This provision applies to Part A – Liability Coverage to the extent that the limits of liability exceed the minimum limits required by the Financial Responsibility Law of North Carolina. If we make payment under Part A – Liability Coverage which we would not have otherwise made in the absence of the preceding sentence, then we shall have the right to recover such payment from any **insured** who made a fraudulent statement, engaged in fraudulent conduct, or made a material misrepresentation.

### LEGAL ACTION AGAINST US

No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

1. We agree in writing that the **insured** has an obligation to pay; or
2. The amount of that obligation has been finally determined by judgment after trial.

No person or organization has any right under this policy to bring us into any action to determine the liability of an **insured**.

### OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. That person shall do:
   1. Whatever is necessary to enable us to exercise our rights; and
   2. Nothing after loss to prejudice them.

   However, our rights under this paragraph do not apply to:
   1. Part B;
   2. Parts C1 and C2, as those parts contain separate provisions which state our right to recover payment under those Parts;
   3. Part D, against any person using **your covered auto** with a reasonable belief that that person is entitled to do so.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:
   1. Hold in trust for us the proceeds of the recovery; and
   2. Reimburse us to the extent of our payment.

   However, our rights under this paragraph do not apply to Part B.

### POLICY PERIOD AND TERRITORY

This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and
2. Within the policy territory.

The policy territory is:

1. The United States of America, its territories or possessions;
2. Puerto Rico; or
3. Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

### TERMINATION – CANCELLATION, NONRENEWAL, AUTOMATIC TERMINATION, OTHER TERMINATION PROVISIONS

**Cancellation.** This policy may be cancelled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:
   a. returning this policy to us; or
   b. giving us advance written notice of the date cancellation is to take effect.
2. We may cancel the Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages by mailing by first class mail to the named insured shown in the Declarations at the last known address:
   a. at least 15 days notice if cancellation is for nonpayment of premium; or
   b. at least 60 days notice in all other cases.
3. We may cancel any coverage other than Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages by mailing to the named insured shown in the Declarations at the last known address 10 days notice.


Copyright, North Carolina Rate Bureau, 2005

4. We will cancel the Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages only for the following reasons:
   a. Nonpayment of premiums.
   b. You become a nonresident of North Carolina and are not otherwise entitled to insurance through the Reinsurance Facility on submission of new application.
   c. The termination of our contract with the agent through whom this policy was written. This does not apply if we terminate the contract because of the quality of the agent's insureds.
   d. The cancellation of this policy pursuant to a power of attorney given to a company licensed pursuant to the provisions of G.S. 58-35-5.
   e. You fail, at time of renewal, to meet the requirements of our corporate charter, articles of incorporation or by-laws, if we are organized for the sole purpose of providing members with insurance policies in North Carolina.
   f. If you knowingly make a material misrepresentation of:
      (1) the years of driving experience; or
      (2) the driving record of

      you or any other driver who lives with you and customarily uses **your covered auto.**

**Nonrenewal.** If we decide not to renew or continue the Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages of this policy we will mail notice to the named insured shown in the Declarations at the last known address. Notice will be mailed at least 60 days before the end of the policy period. If we decide not to renew or continue any other coverage, we will mail the notice at least 10 days before the end of the policy period. We will refuse to renew or continue this policy only as permitted by the laws of North Carolina.

**Automatic Termination.** If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on **your covered auto**, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**Other Termination Provisions**

1. If the law in effect in North Carolina at the time this policy is issued, renewed or continued:
   a. requires a longer notice period;
   b. requires a special form of or procedure for giving notice; or
   c. modifies any of the stated termination reasons;

   we will comply with those requirements.
2. Proof of mailing of any notice shall be sufficient proof of notice.
3. If the named insured or a premium finance company cancels this policy, the premium owed or premium refund due will be calculated according to the short rate provisions contained in our manuals. If we cancel this policy, any premium owed or premium refund will be calculated on a pro-rata basis. However, making or offering to make the refund is not a condition of cancellation.
4. The effective date of cancellation stated in the notice shall become the end of the policy period.

### TRANSFER OF YOUR INTEREST IN THIS POLICY

Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations;
2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto**; and
3. Any person having proper temporary custody of **your covered auto**, as an **insured**, until the appointment of a legal representative.

Coverage will only be provided until the end of the policy period.

### AUTO REPAIRS

We shall not recommend the use of a particular motor vehicle repair service without clearly informing the claimant that:

1. the claimant is under no obligation to use the recommended repair service;


Copyright, North Carolina Rate Bureau, 2005

2. the claimant may use the repair service of the claimant's choice; and
3. the amount determined by us to be payable under the policy will be paid regardless of whether or not the claimant uses the recommended repair service.

### CHOICE OF LAW

This policy is issued in accordance with the laws of North Carolina and covers property or risks principally located in North Carolina. Any and all claims or disputes in any way related to this policy shall be governed by the laws of North Carolina.


Copyright, North Carolina Rate Bureau, 2005

## YOUR PERSONAL AUTO POLICY QUICK REFERENCE

### DECLARATIONS PAGE

Your Name and Address
Your Auto or Trailer
Policy Period
Coverages and Amounts of Insurance


| | | Beginning On Page |
|---|---|---|
| | AGREEMENT | 2 |
| | DEFINITIONS | 2 |
| PART A | Liability Coverage | 3 |
| | Insuring Agreement | |
| | Supplementary Payments | |
| | Exclusions | |
| | Limit of Liability | |
| | Out of State Coverage | |
| | Financial Responsibility Required | |
| | Other Insurance | |
| PART B | Medical Payments Coverage | 5 |
| | Insuring Agreement | |
| | Exclusions | |
| | Limit of Liability | |
| | Non-Duplication | |
| | Other Insurance | |
| | Arbitration | |
| PART C1 | Uninsured Motorists Coverage | 7 |
| | Insuring Agreement | |
| | Exclusions | |
| | Limit of Liability | |
| | Other Insurance | |
| | Our Right to Recover Payment | |
| | Arbitration | |
| PART C2 | Combined Uninsured/Underinsured Motorists Coverage | 10 |
| | Insuring Agreement | |
| | Exclusions | |
| | Limit of Liability | |
| | Our Right to Recover Payment | |
| | Other Insurance | |
| | Arbitration | |




## YOUR PERSONAL AUTO POLICY QUICK REFERENCE CONTINUED


| | | Beginning On Page |
|---|---|---|
| PART D | Coverage For Damage to Your Auto Coverage | 13 |
| | Insuring Agreement | |
| | Transportation Expenses | |
| | Salvage Charges | |
| | Exclusions | |
| | Limit of Liability | |
| | Payment of Loss | |
| | No Benefit to Bailee | |
| | Other Insurance | |
| | Appraisal | |
| | Loss Payee | |
| PART E | Duties After an Accident or Loss – Filing a Claim | 17 |
| | General Duties | |
| | Additional Duties for Uninsured and Combined Uninsured/Underinsured Motorists Coverage | |
| | Additional Duties for Coverage for Damage to Your Auto | |
| PART F | General Provisions | 17 |
| | Bankruptcy | |
| | Changes | |
| | Fraud or Material Misrepresentation | |
| | Legal Action Against Us | |
| | Our Right to Recover Payment | |
| | Policy Period and Territory | |
| | Termination – Cancellation, Non-Renewal, Automatic Termination, Other Termination Provisions | |
| | Transfer of Your Interest in this Policy | |
| | Auto Repairs | |
| | Choice of Law | |

StateFarm®

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See “INSURED’S DUTIES” in this policy booklet.)

**IMPORTANT NOTICE**

Any application for the insurance provided by this policy, including any warranty made by the applicant, is made a part of this policy.

# State Farm® **Car Policy** Booklet

**Ohio**

Policy Form 9835B

## CONTENTS

**THIS POLICY** .......... 3

**DEFINITIONS** .......... 4

**LIABILITY COVERAGE** .......... 6

- Additional Definition .......... 6
- Insuring Agreement .......... 6
- Supplementary Payments .......... 6
- Limits .......... 7
- Nonduplication .......... 7
- Exclusions .......... 7
- If Other Liability Coverage Applies .......... 8
- Required Out-of-State Liability Coverage .......... 9
- Financial Responsibility Certification .......... 9

**MEDICAL PAYMENTS COVERAGE** .......... 9

- Additional Definitions .......... 9
- Insuring Agreement .......... 10
- Determining Medical Expenses .......... 10
- Arbitration .......... 10
- Limit .......... 11
- Nonduplication .......... 11
- Exclusions .......... 11
- If Other Medical Payments Coverage or Similar Vehicle Insurance Applies .......... 12
- Payment of Medical Expenses .......... 13
- Our Payment Options .......... 13

**UNINSURED MOTOR VEHICLE COVERAGE** .......... 13

- Additional Definitions .......... 13
- Insuring Agreement .......... 14
- Consent to Settlement .......... 14
- Deciding Fault and Amount .......... 14
- Limits .......... 15
- Nonduplication .......... 15
- Exclusions .......... 16
- If Other Uninsured Motor Vehicle Coverage Applies .......... 16
- Our Payment Options .......... 17

**UNINSURED MOTOR VEHICLE PROPERTY DAMAGE COVERAGE** .......... 17

- Additional Definitions .......... 17
- Insuring Agreement .......... 17
- Limits and Settlement .......... 17
- Nonduplication .......... 18
- Exclusions .......... 18
- If Other Uninsured Motor Vehicle Property Damage Coverage Applies .......... 18
- Our Payment Options .......... 19

**PHYSICAL DAMAGE COVERAGES** .......... 19

- Additional Definitions .......... 19
- Insuring Agreements .......... 20
- Supplementary Payments – Comprehensive Coverage and Collision Coverage .......... 21
- Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage .......... 21
- Limits – Car Rental and Travel Expenses Coverage .......... 23
- Nonduplication .......... 23
- Exclusions .......... 23
- If Other Physical Damage Coverage or Similar Coverage Applies .......... 24
- Financed Vehicle .......... 25
- Our Payment Options .......... 25

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE** .......... 25

- Additional Definition .......... 25
- Insuring Agreement .......... 25
- Benefit .......... 26
- Exclusions – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage .......... 26
- Our Payment Options– Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage .......... 27

**LOSS OF EARNINGS COVERAGE** .......... 26

- Additional Definitions .......... 26
- Insuring Agreement .......... 26
- Limit .......... 26
- Exclusions – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage .......... 26
- Our Payment Options – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage .......... 27

**INSURED'S DUTIES** .......... 27

- Notice to Us of an Accident or Loss .......... 27
- Notice to Us of a Claim or Lawsuit .......... 27
- Insured's Duty to Cooperate With Us .......... 28
- Questioning Under Oath .......... 28
- Other Duties Under the Physical Damage Coverages .......... 28

Other Duties Under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage .......... 28
Other Duties Under Uninsured Motor Vehicle Property Damage Coverage .......... 29

**GENERAL TERMS** .......... 29

When Coverage Applies .......... 29
Where Coverage Applies .......... 29
Limited Coverage in Mexico .......... 29
Newly Owned or Newly Leased Car .......... 30
Changes to This Policy .......... 30
Premium .......... 31
Renewal .......... 31
Nonrenewal .......... 31
Cancellation .......... 32
Assignment .......... 32
Bankruptcy or Insolvency of the Insured .......... 32
Concealment or Fraud .......... 32
Our Right to Recover Our Payments .......... 32
Legal Action Against Us .......... 33
Choice of Law .......... 33
Interest .......... 34
Severability .......... 34

## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.
2. This policy contains all of the agreements between all named insureds who are shown on the Declarations Page and all applicants and:
   a. ***us***; and
   b. any of ***our*** agents.
3. ***We*** agree to provide insurance according to the terms of this policy:
   a. based on payment of premium for the coverages chosen; and
   b. unless otherwise stated in "EXCEPTIONS, POLICY BOOKLET, & ENDORSEMENTS" on the Declarations Page, in reliance on the following statements:
      (1) The named insured shown on the Declarations Page is the sole owner of ***your car***.
      (2) Neither ***you*** nor any member of ***your*** household has, within the past three years, had either:
         (a) a license to drive; or
         (b) a vehicle registration

         suspended, revoked, or refused.
      (3) ***Your car*** is used for pleasure and business.
4. All named insureds shown on the Declarations Page and all applicants agree by acceptance of this policy that:
   a. the statements in 3.b. above are made by such named insured or applicant and are true;
   b. the responses on the application as to whether ***you***, any member of ***your*** household, or any regular driver has had an accident, sustained a loss, or has been fined, convicted or forfeited bail for traffic violations, are true; and
   c. ***we*** provide this insurance on the basis those statements are true.
5. Any application for the insurance provided by this policy, including any warranty made by any named insured shown on the Declarations Page or any applicant, is a part of this policy.
6. All statements in either the application for insurance or on the Declarations Page are warranties. This policy shall be void from its inception if any warranty made by any named insured shown on the Declarations Page or any applicant is found to be false.
7. ***Your*** purchase of this policy may allow:
   a. ***you*** to purchase or obtain certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other products from the ***State Farm Companies***, subject to their applicable eligibility rules; or
   b. the premium or price to vary for other:

(1) insurance;
(2) financial;
(3) vehicle;
(4) home;
(5) cell phone;
(6) electronic; or
(7) travel

products or services purchased by ***you.*** Such other products or services must be provided by the ***State Farm Companies*** or by an organization that has entered into an agreement or contract with the ***State Farm Companies***. The ***State Farm Companies*** do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization.

## DEFINITIONS

***We*** define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, possessive, and any other form of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. ***Car*** does not include:

1. Any vehicle while located for use as a dwelling or other premises; or
2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

***Fungi*** means any type or form of fungus or fungi and includes:

1. Mold;
2. Mildew; and
3. Any of the following that are produced or released by fungi:
   a. Mycotoxins;
   b. Spores;
   c. Scents; or
   d. Byproducts.

***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
2. the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***:
   a. ***you***;
   b. any ***resident relative***;
   c. any other ***person*** who resides primarily in ***your*** household; or
   d. an employer of any ***person*** described in a., b., or c. above; nor
2. has been operated by, rented by, or in the possession of:
   a. ***you***; or
   b. any ***resident relative***

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or ***loss***.

***Occupying*** means in, on, entering, or exiting.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;
2. registered to; or
3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Pedestrian*** means a ***person*** who is not ***occupying***:

1. a motorized vehicle; or
2. a vehicle designed to be pulled by a motorized vehicle.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or
2. a pickup truck, van, minivan, or sport utility vehicle:
   a. while not used for:
      (1) wholesale; or
      (2) retail

      pickup or delivery; and
   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Resident Relative*** means a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or
2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;
2. State Farm Fire and Casualty Company; and
3. Subsidiaries or affiliates of either 1. or 2. above.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. damage; or
   e. theft; and
2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. a trailer:
   a. designed to be pulled by a ***private passenger car***;
   b. not designed to carry ***persons***; and
   c. while not used as premises for office, store, or display purposes; or
2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under "YOUR CAR", and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;
2. the date this policy is no longer in force; or
3. the date ***you*** no longer own or lease the ***car*** being replaced.

# LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***trailer***; and
   b. the maintenance or use of:
      (1) a ***non-owned car***; or
      (2) a ***temporary substitute car***;
2. ***you*** for the maintenance or use of a ***car owned by***, or furnished by an employer to, a ***person*** who resides primarily in ***your*** household. The ***car*** cannot be ***owned by you*** or furnished by ***your*** employer;
3. ***your*** employee for his or her use of:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above

   if that employee is acting within the scope and course of his or her employment;
4. any other ***person*** who is not insured for vehicle liability coverage by any other insurance policy, a self-insurance program, or a liability bond for his or her use of:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent; and
5. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., 3., or 4. above, but only for such vicarious liability. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. ***We*** will pay damages an ***insured*** becomes legally liable to pay because of:
   a. ***bodily injury*** to others; and
   b. damage to property

   caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy.
2. ***We*** have the right to:
   a. investigate, negotiate, and settle any claim or lawsuit;
   b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and
   c. appeal any award or legal decision

   for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages described in the **Insuring Agreement** of this policy's Liability Coverage, those items listed below that result from such accident:

1. Attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages. ***We*** have no duty to pay attorney fees incurred after ***we*** deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;
2. Court costs awarded by the court against an ***insured*** and resulting from that part of the lawsuit:
   a. that seeks damages payable under this policy's Liability Coverage; and
   b. against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

   ***We*** have no duty to pay court costs incurred after ***we*** deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;
3. Interest the ***insured*** is legally liable to pay on damages payable under the **Insuring Agreement** of this policy's Liability Coverage:
   a. before a judgment, but only the interest on the lesser of:
      (1) that part of the damages ***we*** pay; or
      (2) this policy's applicable Liability Coverage limit; and
   b. after a judgment.

   ***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage. ***We*** also have no duty to pay interest that accrues on any damages paid or payable by a party other than the ***insured*** or ***us***;
4. Premiums for bonds, provided by a company chosen by ***us***, required to appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:

a. pay for any bond with a face amount that exceeds this policy's applicable Liability Coverage limit;

b. furnish or apply for any bonds; or

c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage; and

5. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:

a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:

(1) an arbitration;

(2) a mediation; or

(3) a trial of a lawsuit; and

b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most ***we*** will pay for all damages arising out of and resulting from ***bodily injury*** to any one ***person*** injured in any one accident, including all damages sustained by other ***persons*** arising out of and resulting from that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages arising out of and resulting from ***bodily injury*** to two or more ***persons*** injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay any damages or expenses under Liability Coverage:

1. that have already been paid as expenses under Medical Payments Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
2. that have already been paid under Uninsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO INTENTIONALLY CAUSES ***BODILY INJURY*** OR DAMAGE TO PROPERTY;
2. FOR DAMAGES ARISING OUT OF AND RESULTING FROM ***BODILY INJURY*** TO:

a. ***YOU***;

b. ***RESIDENT RELATIVES***; AND

c. ANY OTHER ***PERSON*** WHO BOTH RESIDES PRIMARILY WITH AN ***INSURED*** AND WHO:

(1) IS RELATED TO THAT ***INSURED*** BY BLOOD, MARRIAGE, OR ADOPTION; OR

(2) IS A WARD OR FOSTER CHILD OF THAT ***INSURED***;

3. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;
4. FOR DAMAGES ARISING OUT OF AND RESULTING FROM ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;
5. FOR DAMAGES ARISING OUT OF AND RESULTING FROM ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion does not apply to ***you*** and ***resident relatives*** who are legally liable for ***bodily injury*** to fellow employees;
6. FOR DAMAGES ARISING OUT OF AND RESULTING FROM THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

7. FOR DAMAGES ARISING OUT OF AND RESULTING FROM THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
8. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***;
   b. any ***resident relative***; or
   c. any agent, employee, or business partner of a. or b. above

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;
9. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
10. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
11. FOR DAMAGE TO PROPERTY WHILE IT IS:
    a. ***OWNED BY***;
    b. RENTED TO;
    c. USED BY;
    d. IN THE CARE OF; OR
    e. TRANSPORTED BY

    ***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to damage to a:
    a. motor vehicle ***owned by*** the employer of ***you*** or the employer of any ***resident relative*** if such damage is caused by an ***insured*** while operating another motor vehicle;
    b. residence while rented to or leased to an ***insured***; or
    c. private garage while rented to or leased to an ***insured***;
12. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;
13. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;
14. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;
15. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:
    a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (15.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving;
16. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY;
17. FOR PUNITIVE OR EXEMPLARY DAMAGES, OR ATTORNEY FEES ASSOCIATED WITH THESE DAMAGES; OR
18. WHILE ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IS SUBJECT TO ANY LIEN OR SALES AGREEMENT NOT SHOWN ON THE DECLARATIONS PAGE. This does not apply to ***you***.

**If Other Liability Coverage Applies**

1. If Liability Coverage provided by this policy and one or more other Car Policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same accident, then:
   a. the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of ***your car*** or a ***trailer*** attached to it.
   a. If:
      (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as primary coverage.

b. If:

(1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as excess coverage.

b. If:

(1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an ***insured*** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and
2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

## MEDICAL PAYMENTS COVERAGE

This policy provides Medical Payments Coverage if "C" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you*** and ***resident relatives***:

a. while ***occupying***:

(1) ***your car***;

(2) a ***newly acquired car***;

(3) a ***temporary substitute car***;

(4) a ***non-owned car***; or

(5) a ***trailer*** while attached to a ***car*** described in (1), (2), (3), or (4) above; or

b. if struck as a ***pedestrian*** by a motor vehicle or any type of trailer; and

2. any other ***person*** while ***occupying***:

a. ***your car***;

b. a ***newly acquired car***;

c. a ***temporary substitute car***; or

d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

Such vehicle must be used within the scope of ***your*** consent.

***Medical Expenses*** mean ***reasonable expenses*** for ***medical services***.

***Medical Services*** mean treatments, procedures, products, and other services that are:

1. necessary to achieve maximum medical improvement for the ***bodily injury***;
2. rendered by a healthcare provider:

a. who is licensed as a healthcare provider if a license is required by law; and

b. within the legally authorized scope of that healthcare provider's practice;

3. commonly and customarily recognized throughout the medical profession and within the United States of America as appropriate for the treatment of the ***bodily injury***;
4. primarily designed to serve a medical purpose;
5. not experimental; and
6. not for research purposes.

***Reasonable Expenses*** mean the lowest one of the following charges:

1. The usual and customary fees charged by a majority of healthcare providers who provide similar ***medical services*** in the geographical area in which the charges were incurred;
2. The fee specified in any fee schedule:

a. applicable to medical payments coverage, no-fault coverage, or personal injury protection coverage included in motor vehicle liability policies issued in the state where ***medical services*** are provided; and

b. as prescribed or authorized by the law of the state where ***medical services*** are provided;

3. The fees agreed to by both the ***insured's*** healthcare provider and ***us***; or
4. The fees agreed upon between the ***insured's*** healthcare provider and a third party when ***we*** have a contract with such third party.

**Insuring Agreement**

***We*** will pay:

1. ***medical expenses*** incurred because of ***bodily injury*** that is sustained by an ***insured*** and caused by a motor vehicle accident if:

a. that ***insured*** is first provided ***medical services*** within one year immediately following the date of the accident; and

b. such ***medical expenses*** are for ***medical services*** that are provided within three years immediately following the date of the accident; and

2. funeral expenses incurred for an ***insured*** who dies within three years immediately following the date of a motor vehicle accident if the death is a direct result of ***bodily injury*** sustained in such accident.

**Determining Medical Expenses**

***We*** have the right to:

1. obtain and use:

a. utilization reviews;

b. peer reviews; and

c. medical bill reviews

to determine if the incurred charges are ***medical expenses***;

2. use a medical examination of the ***insured*** to determine if:

a. the ***bodily injury*** was caused by a motor vehicle accident; and

b. the expenses incurred are ***medical expenses;*** and

3. enter into a contract with a third party that has an agreement with the ***insured's*** healthcare provider to charge fees as determined by that agreement.

**Arbitration**

1. If there is a disagreement as to whether incurred charges are ***medical expenses***, then the disagreement will be resolved by arbitration upon written request of the ***insured*** or ***us***.
2. The arbitration will take place in the county in which the ***insured*** resides unless the parties agree to another location.

The ***insured*** and ***we*** will each select a competent arbitrator. These two arbitrators will select a third competent arbitrator. If they are unable to agree on the third arbitrator within 30 days,

then either the ***insured*** or ***we*** may petition a court that has jurisdiction to select the third arbitrator.

Each party will pay the cost of its own arbitrator, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third arbitrator.

3. The arbitrators shall only decide whether incurred charges are ***medical expenses***. Arbitrators shall have no authority to decide any other questions of fact, decide any questions of law, or conduct arbitration on a class-wide or class-representative basis.
4. A written decision that is both agreed upon by and signed by any two arbitrators, and that also contains an explanation of how they arrived at their decision, will be binding on:
   a. ***us***;
   b. the ***insured***;
   c. any assignee of the ***insured***; and
   d. any ***person*** or organization with whom the ***insured*** expressly or impliedly contracts for ***medical services***.
5. Subject to 1., 2., 3., and 4. above, state court rules governing procedure and admission of evidence will be used.
6. ***We*** do not waive any of ***our*** rights by submitting to arbitration.

**Limit**

1. The Medical Payments Coverage limit is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person". This limit is the most ***we*** will pay for the ***medical expenses*** and funeral expenses combined, incurred by or on behalf of any one ***insured*** as a result of any one accident, regardless of the number of:
   a. ***insureds***;
   b. claims made;
   c. vehicles insured; or
   d. vehicles involved in the accident.
2. Subject to the limit shown on the Declarations Page, the most ***we*** will pay for funeral expenses incurred for any one ***insured*** is $3,000.

**Nonduplication**

***We*** will not pay any ***medical expenses*** or funeral expenses under Medical Payments Coverage that have already been paid:

1. as damages under Liability Coverage or Uninsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
2. by or on behalf of a party who is legally liable for the ***insured's bodily injury***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A MOTOR VEHICLE, ***OWNED BY*** THAT ***INSURED*** OR ***YOU***, IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***;
2. IF ANY WORKERS' COMPENSATION LAW OR ANY SIMILAR LAW APPLIES TO THAT ***INSURED'S BODILY INJURY***;
3. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
4. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to:
   a. the use of a ***private passenger car*** on a share-the-expense basis; or
   b. an ***insured*** while ***occupying*** a ***non-owned car*** as a passenger;
5. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***;
   b. any ***resident relative***; or
   c. any agent, employee, or business partner of a. or b. above

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;
6. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
7. WHILE MAINTAINING OR USING A ***NON-OWNED CAR*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
8. WHO IS EITHER ***OCCUPYING*** OR STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES;
9. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT:
   a. IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   b. RUNS ON RAILS OR CRAWLER-TREADS;

10. WHOSE ***BODILY INJURY*** RESULTS FROM WAR OF ANY KIND;
11. WHOSE ***BODILY INJURY*** RESULTS FROM:
    a. NUCLEAR REACTION;
    b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
    c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
12. WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
13. WHOSE ***BODILY INJURY*** RESULTS FROM EXPOSURE TO ***FUNGI***;
14. WHILE ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IS SUBJECT TO ANY LIEN OR SALES AGREEMENT NOT SHOWN ON THE DECLARATIONS PAGE. This does not apply to ***you***; OR
15. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS:
    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (15.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving.

**If Other Medical Payments Coverage or Similar Vehicle Insurance Applies**

1. An ***insured*** shall not recover for the same ***medical expenses*** or funeral expenses under both this coverage and other medical payments coverage or similar vehicle insurance.
2. If Medical Payments Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:
    a. the Medical Payments Coverage limits of such policies shall not be added together to determine the most that may be paid; and
    b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
3. The Medical Payments Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car*** or a ***trailer*** attached to it.
    a. If:
        (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and
        (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

        then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.
    b. If:
        (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and
        (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

        then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.
4. Except as provided in 3. above, the Medical Payments Coverage provided by this policy applies as excess coverage.
    a. If:
        (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

**Payment of Medical Expenses**

***We*** may withhold payment of ***medical expenses*** until ***we*** receive a properly executed reimbursement and subrogation agreement.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse or the deceased ***person's*** estate;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***;
4. A ***person*** authorized by law to receive such payment; or
5. Any ***person*** or organization that provides the ***medical services*** or funeral services.

## UNINSURED MOTOR VEHICLE COVERAGE

This policy provides Uninsured Motor Vehicle Coverage if "U" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** who is not insured for uninsured motor vehicle coverage under another vehicle policy while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***; or
   c. a ***temporary substitute car***.

   Such vehicle must be used within the scope of ***your*** consent. Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and
4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Motor Vehicle*** means:

1. a self-propelled vehicle designed for use and principally used on public roads, including an automobile, truck, semi-tractor, motorcycle, and bus; and
2. a motor home, provided the motor home is not stationary and is not being used as a temporary or permanent residence or office.

***Motor vehicle*** does not include a trolley, streetcar, trailer, railroad engine, railroad car, motorized bicycle, golf cart, off-road recreational vehicle, snowmobile, fork lift, aircraft, watercraft, construction equipment, farm tractor or other vehicle designed and principally used for agricultural purposes, mobile home, vehicle traveling on treads or rails, or any similar vehicle.

***Uninsured Motorist*** means the owner or operator of:

1. a ***motor vehicle***, whose ownership, operation, maintenance, and use of that ***motor vehicle*** is:
   a. not insured or bonded for bodily injury liability at the time of the accident; or

b. insured or bonded for bodily injury liability at the time of the accident; but

(1) the limits of liability are less than required by the financial responsibility act of the state where ***your car*** is mainly garaged;

(2) the limits of liability:

(a) are less than the limits ***you*** carry for Uninsured Motor Vehicle Coverage under this policy; or

(b) have been reduced by payments to ***persons*** other than an ***insured*** to an amount less than the limits ***you*** carry for Uninsured Motor Vehicle Coverage under this policy;

(3) the insuring company denies coverage or is or becomes insolvent;

(4) the owner or operator has diplomatic immunity; or

(5) the owner or operator has immunity under Chapter 2744 of the Ohio Revised Code; or

2. a ***motor vehicle,*** who remains unidentified but independent corroborative evidence exists to prove that the ***bodily injury*** was proximately caused by the intentional or negligent actions in the operation of a ***motor vehicle*** by the unidentified operator of the ***motor vehicle***. The testimony of an ***insured*** seeking recovery shall not constitute independent corroborative evidence unless the testimony is supported by additional evidence.

An ***uninsured motorist*** does not include an owner or operator of a ***motor vehicle:***

1. that has applicable liability coverage in the policy under which the uninsured motor vehicle coverage is provided;
2. that is ***owned by*** or operated by a self-insurer under any motor vehicle financial responsibility law, a motor carrier law, or any similar law; or
3. that is ***owned by*** any government or any of its political subdivisions or agencies unless the operator of the ***motor vehicle*** has an immunity under Chapter 2744 of the Ohio Revised Code.

**Insuring Agreement**

1. ***We*** will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from an ***uninsured motorist***. The ***bodily injury*** must be:

a. sustained by an ***insured***; and

b. caused by an accident arising out of the operation, maintenance, or use of a ***motor vehicle*** by an ***uninsured motorist***.

2. ***We*** will pay only if:

a. the limits of all bodily injury liability bonds, policies, and self-insurance plans that apply have been used up by payment of judgments; or

b. the insurer of the ***uninsured motorist***, if any, commits to pay any amount in settlement for damages arising out of and resulting from ***bodily injury*** to the ***insured*** and the ***insured*** informs ***us*** of the settlement offer in compliance with the Consent to Settlement provision.

**Consent to Settlement**

The ***insured*** must inform ***us*** of a settlement offer, if any, proposed by or on behalf of the owner or driver of the ***uninsured motor vehicle***, and the ***insured*** must request ***our*** written consent to accept such settlement offer.

If ***we***:

1. consent in writing, then the ***insured*** may accept such settlement offer.
2. inform the ***insured*** in writing that ***we*** do not consent, then the ***insured*** may not accept such settlement offer and:

a. ***we*** will make payment to the ***insured*** in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the ***uninsured motor vehicle***; and

b. any recovery from or on behalf of the owner or driver of the ***uninsured motor vehicle*** shall first be used to repay ***us***.

**Deciding Fault and Amount**

1. a. The ***insured*** and ***we*** must agree to the answers to the following two questions:

(1) Is the ***insured*** legally entitled to recover compensatory damages from the ***uninsured motorist***?

(2) If the ***insured*** and ***we*** agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the ***insured*** is legally entitled to recover from the ***uninsured motorist***?

b. If there is no agreement on the answer to either question in 1.a. above, then the ***insured*** shall:

(1) file a lawsuit in the proper court against:

(a) ***us***; and

(b) the ***uninsured motorist*** unless ***we*** have consented to a settlement

offer proposed by or on behalf of the ***uninsured motorist***;

(2) upon filing the lawsuit, immediately give ***us*** copies of the summons and complaints filed by the ***insured*** in that action;

(3) consent to a jury trial if requested by ***us***;

(4) agree that ***we*** may contest the issues of liability and the amount of damages; and

(5) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

2. ***We*** are not bound by any:

   a. judgment obtained without ***our*** written consent; and

   b. default judgment against any ***person*** or organization other than ***us***.

3. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1. The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

2. The limit shown under "Each Person" is the most ***we*** will pay for all damages arising out of and resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** arising out of and resulting from that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages arising out of and resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident.

3. The most ***we*** will pay for all damages resulting from ***bodily injury*** to one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** arising out of and resulting from that ***bodily injury***, is the lesser of:

   a. the limit shown under "Each Person" reduced by the sum of:

      (1) all amounts from all liability bonds, liability insurance policies, and self-insurance that are available for payment by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury***; and

      (2) all payments individually made by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury***; or

   b. the amount of all compensatory damages arising out of and resulting from that ***bodily injury*** reduced by the sum of:

      (1) all amounts from all liability bonds, liability insurance policies, and self-insurance that are available for payment by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury***; and

      (2) all payments individually made by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury***.

4. Subject to 3. above, the most ***we*** will pay for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident is the limit shown under "Each Accident" reduced by the sum of:

   a. all amounts from all liability bonds, liability insurance policies, and self-insurance that are available for payment by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injuries***; and

   b. all payments individually made by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injuries***.

5. These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:

   a. ***insureds***;

   b. claims made;

   c. vehicles insured; or

   d. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for the ***insured***:

   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or

   b. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or

2. paid or payable under:
   a. Medical Payments Coverage of this policy; or
   b. the medical payments coverage, no-fault coverage, personal injury protection coverage or similar coverage of any other motor vehicle policy.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** IF THAT ***INSURED*** OR HIS OR HER PERSONAL REPRESENTATIVE, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO IS OR MAY BE HELD LEGALLY LIABLE FOR THE ***BODILY INJURY***;
2. FOR DAMAGES ARISING OUT OF AND RESULTING FROM ***BODILY INJURY*** TO ANY ***INSURED*** WHILE ANY ***INSURED*** IS OPERATING OR ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY***, FURNISHED TO, OR AVAILABLE FOR THE REGULAR USE OF ***YOU*** OR ANY ***RESIDENT RELATIVE*** IF THAT MOTOR VEHICLE IS NOT ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, OR A ***TEMPORARY SUBSTITUTE CAR***.

   This exclusion does not apply to ***you*** while ***occupying*** a ***motor vehicle owned by*** a ***resident relative*** if such vehicle also is not ***owned by*** any ***person*** included in the definition of ***you***;
3. FOR DAMAGES ARISING OUT OF AND RESULTING FROM ***BODILY INJURY*** TO ANY ***INSURED*** WHILE ANY ***INSURED*** IS OPERATING OR ***OCCUPYING*** A MOTOR VEHICLE WITHOUT A REASONABLE BELIEF THAT SUCH ***INSURED*** IS ENTITLED TO DO SO, PROVIDED THAT UNDER NO CIRCUMSTANCES WILL AN ***INSURED*** WHOSE LICENSE HAS BEEN SUSPENDED, REVOKED, OR NEVER ISSUED, BE HELD TO HAVE A REASONABLE BELIEF THAT SUCH ***INSURED*** IS ENTITLED TO OPERATE A MOTOR VEHICLE;
4. FOR DAMAGES ARISING OUT OF AND RESULTING FROM ***BODILY INJURY*** TO ANY ***INSURED*** WHEN THE ***BODILY INJURY*** IS CAUSED BY A MOTOR VEHICLE OPERATED BY ANY ***PERSON*** WHO IS SPECIFICALLY EXCLUDED FROM THE COVERAGE PROVIDED BY THE LIABILITY COVERAGE OF THIS POLICY;
5. WHEN THE ***PERSON*** WHO ACTUALLY SUSTAINS THE ***BODILY INJURY*** IS NOT AN ***INSURED*** UNDER THIS POLICY;
6. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
7. TO THE EXTENT IT BENEFITS ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;
8. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM:
   a. NUCLEAR REACTION;
   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
9. FOR PUNITIVE OR EXEMPLARY DAMAGES, OR ATTORNEY FEES ASSOCIATED WITH THESE DAMAGES; OR
10. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**If Other Uninsured Motor Vehicle Coverage Applies**

1. Any and all stacking of uninsured motor vehicle coverage is precluded.
2. **If Other Policies Issued By Us To You or Any Resident Relative Apply**

   If two or more ***motor vehicle*** liability policies issued by ***us*** to ***you*** or any ***resident relative*** providing Uninsured Motor Vehicle Coverage apply to the same accident, then the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
3. **If Any Other Policies Apply**
   a. If the Uninsured Motor Vehicle Coverage provided by this policy and the uninsured motor vehicle coverage provided by any other policy apply to the same ***bodily injury***, then this coverage is excess to such other uninsured motor vehicle coverage, but only in the amount by which it exceeds such other coverage.
   b. If coverage under more than one policy applies as excess, then:
      (1) the maximum amount payable may not exceed the difference between the uninsured motor vehicle coverage limit of the policy that applies as primary and the highest applicable uninsured motor vehicle coverage limit of any

one of the uninsured motor vehicle coverages that applies as excess; and

(2) ***we*** are liable only for ***our*** share. ***Our*** share is that percent of the damages that ***our*** applicable limit as determined in item 2. above bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverages that apply as excess to the accident.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

## UNINSURED MOTOR VEHICLE PROPERTY DAMAGE COVERAGE

This policy provides Uninsured Motor Vehicle Property Damage Coverage if "U1" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Property Damage*** means damage to, or the destruction of, ***your car*** or a ***newly acquired car*** and does not include loss of use of such vehicle.

***Uninsured Motor Vehicle*** means a land motor vehicle, which strikes ***your car*** or a ***newly acquired car***, and:

1. the ownership, maintenance, or use of which is:
   a. not insured or bonded for property damage liability at the time of the accident; or
   b. insured or bonded for property damage liability at the time of the accident, but
      (1) the limit of liability for property damage is less than required by the financial responsibility act of Ohio; or
      (2) the insuring company:
         (a) denies that its policy provides liability coverage for property damage that results from the accident; or
         (b) is or becomes insolvent; and
2. the owner or operator of such ***uninsured motor vehicle*** must be identified.

***Uninsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by***, rented to, or furnished or available for the regular use of ***you***;
3. ***owned by***, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law;
4. ***owned by*** or rented to any government or any of its political subdivisions or agencies;
5. designed for use primarily off public roads except while on public roads; or
6. while located for use as a dwelling or other premises.

**Insuring Agreement**

***We*** will pay compensatory damages for ***property damage you*** are legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***. The ***property damage*** must be caused by accident arising out of the operation, maintenance, or use of an ***uninsured motor vehicle***.

**Limits and Settlement**

1. ***We*** have the right to choose to settle with ***you*** for the ***property damage*** in one of the following ways:
   a. Pay the cost to repair the damaged property minus the $250 deductible;
      (1) ***We*** have the right to choose one of the following to determine the cost to repair the damaged property:
         (a) The cost agreed to by both ***you*** and ***us***;
         (b) A bid or repair estimate approved by ***us***; or
         (c) A repair estimate that is written based upon or adjusted to:
            (i) the prevailing competitive price;
            (ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or

(iii) a combination of (i) and (ii) above.

The prevailing competitive price means prices charged by a majority of the repair market in the area where the damaged property is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the damaged property to its pre-loss condition.

(2) ***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

(3) ***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass except for etching of the vehicle identification number.

(4) If the repair or replacement of a part results in betterment of that part, then ***you*** must pay for the amount of the betterment.

(5) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced.

b. Pay the actual cash value of the damaged property minus a deductible of $250. The damaged property must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that ***you*** may keep it. If ***you*** keep the damaged property, then ***our*** payment will be reduced by the value of the damaged property after the ***loss***.

2. The most ***we*** will pay for ***property damage*** is the lesser of:

a. the cost to repair the damaged property minus the $250 deductible;

b. the actual cash value of the damaged property minus the $250 deductible; or

c. $7,500.

3. These Uninsured Motor Vehicle Property Damage limits are the most ***we*** will pay regardless of the number of:

a. ***insureds***;

b. claims made;

c. vehicles insured; or

d. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Property Damage Coverage any damages that are payable or have already been paid to or for ***you***:

1. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***property damage***;
2. under any policy of vehicle liability insurance; or
3. under other property insurance or physical damage insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. IF ***YOU*** OR ***YOUR*** PERSONAL REPRESENTATIVE, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO IS OR MAY BE HELD LEGALLY LIABLE FOR THE ***BODILY INJURY***;
2. THERE IS NO COVERAGE FOR THE FIRST $250 OF ***PROPERTY DAMAGE*** RESULTING FROM EACH ACCIDENT; OR
3. TO THE EXTENT IT BENEFITS:

a. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES; OR

b. ANY INSURER OF PROPERTY.

**If Other Uninsured Motor Vehicle Property Damage Coverage Applies**

1. Any and all stacking of uninsured motor vehicle coverage is precluded.
2. **If Other Policies Issued By Us To You or Any Resident Relative Apply**

If two or more ***motor vehicle*** liability policies issued by ***us*** to ***you*** or any ***resident relative*** providing Uninsured Motor Vehicle Property Damage Coverage apply to the same accident, then the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

3. **If Any Other Policies Apply**

a. If the Uninsured Motor Vehicle Property Damage Coverage provided by this policy and the uninsured motor vehicle property

damage coverage provided by any other policy apply to the same ***property damage***, then this coverage is excess to such other uninsured motor vehicle property damage coverage, but only in the amount by which it exceeds such other coverage.

b. If coverage under more than one policy applies as excess, then:

(1) the maximum amount payable may not exceed the difference between the uninsured motor vehicle coverage limit of the policy that applies as primary and the highest applicable uninsured motor vehicle coverage limit of any one of the uninsured motor vehicle coverages that applies as excess; and

(2) ***we*** are liable only for ***our*** share. ***Our*** share is that percent of the damages that ***our*** applicable limit as determined in item 2. above bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle property damage coverages that apply as excess to the accident.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. ***You***;
2. The repairer;
3. A creditor shown on the Declarations Page, to the extent of its interest; or
4. Any ***person*** or organization authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";
2. Collision Coverage if "G";
3. Emergency Road Service Coverage if "H";
4. Car Rental and Travel Expenses Coverage if "R1"

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

***Covered Vehicle*** means:

1. ***your car***;
2. a ***newly acquired car***;
3. a ***temporary substitute car***;
4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;
5. a ***non-owned car*** while it is:
   a. being driven by an ***insured***; or
   b. in the custody of an ***insured*** if at the time of the ***loss*** it is:
      (1) not being driven; or
      (2) being driven by a ***person*** other than an ***insured*** and being ***occupied*** by an ***insured***;
6. a ***non-owned trailer*** while it is being used by an ***insured***; and
7. a ***non-owned camper*** while it is being used by an ***insured***;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of ***trailers*** and campers must be securely fixed as a permanent part of the ***trailer*** or camper.

***Daily Rental Charge*** means the sum of:

1. the daily rental rate;
2. mileage charges; and
3. related taxes.

***Insured*** means ***you*** and ***resident relatives***.

***Loss*** means:

1. direct, sudden, and accidental damage to; or
2. total or partial theft of

a ***covered vehicle***. ***Loss*** does not include any reduction in the value of any ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

***Loss Caused By Collision*** means a ***loss*** caused by:

1. a ***covered vehicle*** hitting or being hit by another vehicle or another object; or
2. the overturning of a ***covered vehicle***.

Any ***loss*** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a ***Loss Caused By Collision***.

***Non-Owned Camper*** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

***Non-Owned Trailer*** means a ***trailer*** that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

**Insuring Agreements**

1. **Comprehensive Coverage**

   ***We*** will pay:

   a. for ***loss***, except ***loss caused by collision***, to a ***covered vehicle***; and
   b. transportation expenses incurred by an ***insured*** as a result of the total theft of ***your car*** or a ***newly acquired car***. These transportation expenses are payable:
      (1) during the period that:
         (a) starts on the date ***you*** report the theft to ***us***; and
         (b) ends on the earliest of:
            (i) the date the vehicle is returned to ***your*** possession in a drivable condition;
            (ii) the date ***we*** offer to pay for the ***loss*** if the vehicle has not yet been recovered; or
            (iii) the date ***we*** offer to pay for the ***loss*** if the vehicle is recovered, but is a total loss as determined by ***us***; and
      (2) during the period that:
         (a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to ***your*** possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and
         (b) ends on the date the vehicle is repaired.

      These transportation expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

2. **Collision Coverage**

   ***We*** will pay for ***loss caused by collision*** to a ***covered vehicle***.

3. **Emergency Road Service Coverage**

   ***We*** will pay the fair cost incurred by an ***insured*** for:

   a. up to one hour of labor to repair a ***covered vehicle*** at the place of its breakdown;
   b. towing to the nearest repair facility where necessary repairs can be made if a ***covered vehicle*** is not drivable;
   c. towing a ***covered vehicle*** out of a location where it is stuck if the vehicle is on or immediately next to a public road;
   d. delivery of gas, oil, battery, or tire necessary to return a ***covered vehicle*** to driving condition. ***We*** do not pay the cost of the gas, oil, battery, or tire; and
   e. up to one hour of labor for locksmith services to unlock a ***covered vehicle*** if its key is lost, stolen, or locked inside the vehicle.

4. **Car Rental and Travel Expenses Coverage**

   a. **Car Rental Expense**

      ***We*** will pay the ***daily rental charge*** incurred when ***you*** rent a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

      (1) not drivable; or
      (2) being repaired

      as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

***We*** will pay this ***daily rental charge*** incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the ***loss***; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date ***we*** offer to pay for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

(c) five days after ***we*** offer to pay for the ***loss*** if the vehicle is:

(i) a total loss as determined by ***us***; or

(ii) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by ***you*** must be reported to ***us*** before ***we*** will pay such amount.

b. **Travel Expenses**

***We*** will pay expenses for commercial transportation, lodging, and meals if ***your car*** or a ***newly acquired car*** is not drivable as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage. The ***loss*** must occur more than 50 miles from ***your*** home. ***We*** will only pay these expenses if they are incurred by:

(1) an ***insured*** during the period that:

(a) starts after the ***loss*** occurs; and

(b) ends on the earlier of:

(i) the ***insured's*** arrival at his or her destination or home if the vehicle is left behind for repairs; or

(ii) the repair of the vehicle if the ***insured*** waits for repairs before continuing on to his or her destination or returning home; and

(2) ***you***, or any ***person you*** choose, to travel to retrieve the vehicle and drive it to either the original destination or ***your*** home if the vehicle was left behind for repairs.

These expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

c. **Rental Car – Repayment of Deductible Expense**

***We*** will pay the comprehensive coverage deductible or collision coverage deductible an ***insured*** is required to pay the owner of a ***car*** rented from a ***car business***.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Comprehensive Coverage or Collision Coverage, then ***we*** will pay reasonable expenses incurred to:

1. tow the ***covered vehicle*** immediately after the ***loss***:

   a. for a reasonable distance from the location of the ***loss*** to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable; or

   b. to any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***. ***We*** will also pay reasonable expenses incurred to tow the ***covered vehicle*** for a reasonable distance from this facility to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable;

2. store the ***covered vehicle***, if it is not drivable immediately after the ***loss***, at:

   a. any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***; and

   b. any one repair facility chosen by the owner of the ***covered vehicle***, and ***we*** determine such vehicle is a total loss.

   If the owner of the ***covered vehicle*** consents, then ***we*** may move the ***covered vehicle*** at ***our*** expense to reduce storage costs. If the owner of the ***covered vehicle*** does not consent, then ***we*** will pay only the storage costs that would have resulted if ***we*** had moved the damaged ***covered vehicle***; and

3. clean up debris from the ***covered vehicle*** at the location of the ***loss***. The most ***we*** will pay to clean up the debris is $250 for any one ***loss***.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. ***We*** have the right to choose to settle with ***you*** or the owner of the ***covered vehicle*** in one of the following ways:

   a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible.

(1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:

(a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;

(b) A bid or repair estimate approved by ***us***; or

(c) A repair estimate that is written based upon or adjusted to:

(i) the prevailing competitive price;

(ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or

(iii) a combination of (i) and (ii) above.

The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

(2) The cost to repair the ***covered vehicle*** does not include any reduction in the value of the ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

(3) If the repair or replacement of a part results in betterment of that part, then ***you*** or the owner of the ***covered vehicle*** must pay for the amount of the betterment.

(4) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced;

b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible.

(1) The owner of the ***covered vehicle*** and ***we*** must agree upon the actual cash value of the ***covered vehicle***. If there is disagreement as to the actual cash value of the ***covered vehicle***, then the disagreement will be resolved by appraisal upon written request of the owner or ***us***, using the following procedures:

(a) The owner and ***we*** will each select a competent appraiser.

(b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or ***we*** may petition a court that has jurisdiction to select the third appraiser.

(c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third appraiser.

(d) The appraisers shall only determine the actual cash value of the ***covered vehicle***. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the ***covered vehicle*** and ***us***.

(f) ***We*** do not waive any of ***our*** rights by submitting to an appraisal.

(2) The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that the owner may keep it. If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the value of the ***covered vehicle*** after the ***loss***; or

c. Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.
3. The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

1. **Car Rental Expense**

   The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

   a. The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***. If:

      (1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount; or

      (2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.

   b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

2. **Travel Expenses**

   The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

3. **Rental Car – Repayment of Deductible Expense**

   The most ***we*** will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one ***loss*** is $500.

**Nonduplication**

***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment from, or on behalf of, a party who is legally liable for the ***loss*** or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:

   a. INTENTIONALLY DAMAGED; OR

   b. STOLEN

   BY OR AT THE DIRECTION OF AN ***INSURED***;

2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

3. ANY ***COVERED VEHICLE*** WHILE IT IS USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;

4. ANY ***COVERED VEHICLE*** DUE TO:

   a. THEFT;

   b. CONVERSION;

   c. EMBEZZLEMENT; OR

   d. SECRETION

   BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. ***LOSS*** TO ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IF AN ***INSURED*** VOLUNTARILY RELINQUISHES POSSESSION OF THAT ***CAR*** TO A ***PERSON*** OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

6. ANY ***COVERED VEHICLE*** TO THE EXTENT ***OUR*** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR ***LOSS*** TO SUCH ***COVERED VEHICLE***;

7. ***LOSS*** TO ANY ***COVERED VEHICLE*** DUE TO ***FUNGI***. THIS APPLIES REGARDLESS OF WHETHER OR NOT THE ***FUNGI*** RESULT FROM A ***LOSS*** THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. ***WE*** WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF ***FUNGI***, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY ***COVERED VEHICLE*** THAT ARE DUE TO THE EXISTENCE OF ***FUNGI***;

8. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:

   a. NUCLEAR REACTION;

   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;

10. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM WAR OF ANY KIND;

11. ***YOUR CAR*** WHILE SUBJECT TO ANY:

    a. LIEN AGREEMENT;

b. RENTAL AGREEMENT;

c. LEASE AGREEMENT; OR

d. SALES AGREEMENT

NOT SHOWN ON THE DECLARATIONS PAGE;

12. ANY ***NON-OWNED CAR*** WHILE IT IS:

a. BEING MAINTAINED OR USED BY ANY ***PERSON*** WHILE THAT ***PERSON*** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A ***CAR BUSINESS***; OR

b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion (12.b.) does not apply to a ***private passenger car***;

13. ANY PART OR EQUIPMENT OF A ***COVERED VEHICLE*** IF THAT PART OR EQUIPMENT:

a. FAILS OR IS DEFECTIVE; OR

b. IS DAMAGED AS A DIRECT RESULT OF:

(1) WEAR AND TEAR;

(2) FREEZING; OR

(3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

OF THAT PART OR EQUIPMENT.

This exclusion does not apply if the ***loss*** is the result of theft of the ***covered vehicle***;

14. ANY PART OR EQUIPMENT:

a. THAT IS NOT LEGAL FOR USE IN OR ON THE ***COVERED VEHICLE*** IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED; OR

b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE ***COVERED VEHICLE***.

However, if there is a legal version of the part or equipment that is necessary for the safe operation of the ***covered vehicle***, then ***we*** will pay the cost that ***we*** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. ***We*** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;

15. TIRES. This exclusion does not apply if:

a. ***loss*** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or

b. ***loss caused by collision*** to another part of the ***covered vehicle*** causes ***loss*** to tires;

16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;

17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;

18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:

a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;

b. ***OWNED BY*** AN ***INSURED***; AND

c. NOT SHOWN ON THE DECLARATIONS PAGE; OR

19. ANY ***COVERED VEHICLE*** WHILE IT IS:

a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (19.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.

2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an ***insured*** by the ***State Farm Companies*** apply to the same ***loss*** or expense, then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a ***loss*** to ***your car***.

If similar coverage provided by one or more sources other than the ***State Farm Companies***

also applies as primary coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in ***your car***. Coverage for the creditor's interest is only provided for a ***loss*** that is payable to ***you***.

   However, if this policy is cancelled or nonrenewed, then ***we*** will provide coverage for the creditor's interest until ***we*** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a ***loss*** that would have been payable to ***you*** if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date ***we*** mail or electronically transmit a notice of the termination to the creditor.

2. If ***we*** pay such creditor, then ***we*** are entitled to the creditor's right of recovery against ***you*** to the extent of ***our*** payment. ***Our*** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**
   a. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle owned by you***:
      (1) ***You***;
      (2) The repairer; or
      (3) A creditor shown on the Declarations Page, to the extent of its interest.
   b. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle*** not ***owned by you***:
      (1) ***You***;
      (2) The owner of such vehicle;
      (3) The repairer; or
      (4) A creditor, to the extent of its interest.
2. **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

   ***We*** may, at ***our*** option, make payment to one or more of the following:
   a. ***You***;
   b. The ***insured*** who incurred the expense; or
   c. Any party that provided the service for which payment is owed.

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE AND LOSS OF EARNINGS COVERAGE

### DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means a ***person*** whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

**Insuring Agreement**

***We*** will pay the highest applicable benefit shown in the following Death, Dismemberment and Loss of Sight Benefits Schedules if an ***insured***:

1. dies; or
2. suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days immediately following the date of the accident.

**Benefit**

The applicable benefit shown in the schedule is the most ***we*** will pay for any one ***insured*** in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

The benefits shown in the schedules are doubled for an ***insured*** who at the time of the accident was ***occupying*** a ***private passenger car*** and using a seat belt in the manner recommended by the vehicle's manufacturer.

**Death, Dismemberment and Loss of Sight Benefits Schedules**

| | |
|---|---|
| If the amount shown on the Declarations Page for the ***insured*** is $5,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb and a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

| | |
|---|---|
| If the amount shown on the Declarations Page for the ***insured*** is $10,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb and a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

**LOSS OF EARNINGS COVERAGE**

This policy provides Loss of Earnings Coverage if "Z" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means a ***person*** whose name is shown under "Loss of Earnings Coverage – Persons Insured" on the Declarations Page.

***Total Disability*** means the ***insured's*** inability to work, either full or part time, in his or her occupation or any other similar occupation for which he or she is reasonably fitted by education, training, or experience.

***Weekly Earnings*** means 85% of all earnings for the ***insured's*** services before any deductions. When ***weekly earnings*** cannot be determined on a weekly basis an average will be used. The average is 85% of the total earnings for the 52 weeks just prior to the accident divided by 52.

**Insuring Agreement**

***We*** will pay the ***insured*** his or her loss of ***weekly earnings***, which occur while the ***insured*** is living, due to continuous ***total disability*** that:

1. is the direct result of ***bodily injury*** caused by an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause. At the time of the accident, the ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer; and
2. starts within 20 days immediately following the date of the accident and lasts for a period of at least 30 consecutive days. ***We*** will not pay for the first seven days of the 30 day period.

**Limit**

The most ***we*** will pay any one ***insured*** is:

1. $250 for each full workweek of ***total disability***; and
2. a pro rata portion of $250 for less than a full workweek of ***total disability***.

Subject to the workweek limit, the most ***we*** will pay any one ***insured*** for all loss of ***weekly earnings*** due to any one accident is $15,000.

***We*** will pay once every two weeks the ***insured's*** loss of ***weekly earnings*** owed.

**Exclusions – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage**

DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE AND LOSS OF EARNINGS COVERAGE DO NOT APPLY TO AN ***INSURED***:

1. WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A ***CAR BUSINESS***;
2. WHILE ***OCCUPYING***, LOADING, OR UNLOADING:
   a. AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;
   b. A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:
      (1) ***INSURED'S*** BUSINESS; OR
      (2) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A ***CAR BUSINESS***.

      This exclusion (2.b.) does not apply if the vehicle is a ***private passenger car***;
   c. A MILITARY VEHICLE; OR
   d. A VEHICLE WHILE IT IS:
      (1) BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
      (2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (2.d.(2)) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving;
3. WHILE ***OCCUPYING***, LOADING, UNLOADING, OR WHO IS STRUCK AS A ***PEDESTRIAN*** BY:
   a. A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;
   b. A MOTOR VEHICLE THAT IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   c. A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES; OR
4. FOR DEATH, DISMEMBERMENT, LOSS OF SIGHT, OR ***TOTAL DISABILITY*** THAT RESULTS FROM:
   a. WAR OF ANY KIND;
   b. NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
   c. THE DISCHARGE OF A FIREARM;
   d. EXPOSURE TO ***FUNGI***;
   e. SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE ***INSURED*** WAS SANE OR INSANE; OR
   f. DISEASE except pus-forming infection due to ***bodily injury*** sustained in the accident.

**Our Payment Options – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** or organization authorized by law to receive such payment.

## INSURED'S DUTIES

1. **Notice to Us of an Accident or Loss**

   The ***insured*** must give ***us*** or one of ***our*** agents notice of the accident or ***loss*** as soon as reasonably possible. The notice must give ***us***:
   a. ***your*** name;
   b. the names and addresses of all ***persons*** involved in the accident or ***loss***;
   c. the hour, date, place, and facts of the accident or ***loss***; and
   d. the names and addresses of witnesses to the accident or ***loss***.
2. **Notice to Us of a Claim or Lawsuit**
   a. If a claim is made against an ***insured***, then that ***insured*** must immediately send ***us*** every demand, notice, and claim received.
   b. If a lawsuit is filed against an ***insured***, then that ***insured*** must immediately send ***us*** every summons and legal process received.

3. **Insured's Duty to Cooperate With Us**
   a. The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:
      (1) making settlements;
      (2) securing and giving evidence; and
      (3) attending, and getting witnesses to attend, depositions, hearings, and trials.
   b. The ***insured*** must not, except at his or her own cost, voluntarily:
      (1) make any payment to others; or
      (2) assume any obligation to others

      unless authorized by the terms of this policy.
   c. If requested by ***us***, a ***person*** or organization making claim under this policy must give ***us*** proof of loss on forms ***we*** furnish.
4. **Questioning Under Oath**

   Under:
   a. Liability Coverage, each ***insured***;
   b. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage, each ***insured***, or any other ***person*** or organization making claim or seeking payment; and
   c. Physical Damage Coverages, each ***insured*** or owner of a ***covered vehicle***, or any other ***person*** or organization making claim or seeking payment;

   must, at ***our*** option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as ***we*** require. Such ***person*** or organization must answer questions under oath, asked by anyone ***we*** name, and sign copies of the answers. ***We*** may require each ***person*** or organization answering questions under oath to answer the questions with only that ***person's*** or organization's legal representative, ***our*** representatives, any ***person*** or ***persons*** designated by ***us*** to record the questions and answers, and no other ***person*** present.
5. **Other Duties Under the Physical Damage Coverages**

   When there is a ***loss***, ***you*** or the owner of the ***covered vehicle*** must:
   a. protect the ***covered vehicle*** from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;
   b. make a prompt report to the police when the ***loss*** is the result of theft;
   c. allow ***us*** to:
      (1) inspect any damaged property before its repair or disposal;
      (2) test any part or equipment before that part or equipment is removed or repaired; and
      (3) move the ***covered vehicle*** at ***our*** expense in order to conduct such inspection or testing;
   d. provide ***us*** all:
      (1) records;
      (2) receipts; and
      (3) invoices

      that ***we*** request and allow ***us*** to make copies; and
   e. not abandon the ***covered vehicle*** to ***us***.
6. **Other Duties Under Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage**

   A ***person*** making claim under:
   a. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must:
      (1) notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;
      (2) be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request;
      (3) provide written authorization for ***us*** to obtain:
         (a) medical bills;
         (b) medical records;
         (c) wage, salary, and employment information; and
         (d) any other information ***we*** deem necessary to substantiate the claim.

         If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

         If the holder of the information refuses to provide it to ***us*** despite the

authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***; and

(4) allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident;

b. Medical Payments Coverage must, when ***we*** require, execute a reimbursement and subrogation agreement that ***we*** furnish and return that agreement to ***us***;

c. Uninsured Motor Vehicle Coverage must:

(1) report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police within 24 hours and to ***us*** within 30 days; and

(2) send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files a lawsuit against the party liable for the accident; and

d. Loss of Earnings Coverage must:

(1) make a claim under this policy;

(2) report to ***us*** when that ***person*** has a ***total disability***; and

(3) provide proof of continued ***total disability*** when ***we*** ask for it.

7. **Other Duties Under Uninsured Motor Vehicle Property Damage Coverage**

When there is ***property damage***, ***you*** must:

a. report the accident to ***us*** within 30 days;

b. protect the damaged property from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

c. allow ***us*** to:

(1) inspect any damaged property before its repair or disposal;

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the damaged property at ***our*** expense in order to conduct such inspection or testing;

d. provide ***us*** all:

(1) records;

(2) receipts; and

(3) invoices

that ***we*** request and allow ***us*** to make copies;

e. not abandon the damaged property to ***us***; and

f. send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files a lawsuit against the party liable for the accident.

## GENERAL TERMS

1. **When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

2. **Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage apply anywhere in the world.

3. **Limited Coverage in Mexico**

This policy does not provide Mexican auto insurance and does not comply with Mexican auto insurance requirements. If ***you*** or any other ***insured*** plan to drive in Mexico, then auto insurance providing coverage in Mexico should be purchased from a Mexican insurance company.

Subject to the above paragraph, the following coverages apply in Mexico, but only for accidents and ***losses*** that occur in Mexico within 50

miles of the United States of America border and only for ***insureds*** as defined under each of the following coverages:

a. **Liability Coverage**

For claims brought against an ***insured*** in Mexico, the **Supplementary Payments** provision of this policy's Liability Coverage is changed to read:

***We*** may, in addition to the damages described in item 1 of the **Insuring Agreement** of this policy's Liability Coverage, pay or reimburse, at ***our*** option, reasonable attorney fees for an attorney licensed in Mexico to appear for and provide advice to ***insureds*** as defined under this policy's Liability Coverage. The amount of such attorney fees incurred by an ***insured*** must be reported to ***us*** before ***we*** will make payment.

b. **Medical Payments Coverage**

c. **Physical Damage Coverages**

Any amount payable for the repair or replacement of the ***covered vehicle*** under the **Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage** provision of this policy will be limited to the cost to repair or replace the ***covered vehicle*** in the United States of America.

***WE*** HAVE NO DUTY TO PROVIDE A DEFENSE FOR ***YOU*** OR ANY OTHER ***INSURED*** IN ANY CRIMINAL, CIVIL, OR OTHER ACTION.

***WE*** HAVE NO DUTY TO PAY ANY CLAIM OR COST THAT WOULD NOT BE PAYABLE UNDER THIS POLICY IF THE ACCIDENT OR ***LOSS*** HAD OCCURRED IN THE STATE OF OHIO IN THE UNITED STATES OF AMERICA.

All other policy provisions not in conflict with the provisions in this **Limited Coverage in Mexico** provision of this policy apply.

**If Other Coverage Applies**

Any coverage provided by this **Limited Coverage in Mexico** provision is excess over any other applicable insurance.

**Legal Action Against Us**

Any legal action against ***us*** arising out of an accident or ***loss*** occurring in Mexico must be brought in a court that has jurisdiction in the state of Ohio in the United States of America.

4. **Newly Owned or Newly Leased Car**

If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

a. request ***we*** replace the ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

   (1) before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

   (2) after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date; or

b. apply to the ***State Farm Companies*** for a separate policy to insure the ***car*** newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

5. **Changes to This Policy**

a. **Changes in Policy Provisions**

***We*** may only change the provisions of this policy by:

   (1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

   (2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then ***we*** will give ***you*** the broader coverage as of the date ***we*** make the change effective in the state of Ohio without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

b. **Change of Interest**

   (1) No change of interest in this policy is effective unless ***we*** consent in writing.

   (2) Except under Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage, if a named insured shown on the Declarations Page dies,

then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

(a) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured.

This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

Policy notice requirements are met by mailing the notice to the most recent policy address that ***we*** have on record for the deceased named insured.

c. **Joint and Individual Interests**

If ***you*** consists of more than one ***person*** or entity, then each acts for all to change or cancel the policy.

d. **Change of Policy Address**

***We*** may change the named insured's policy address as shown on the Declarations Page and in ***our*** records to the most recent address provided to ***us*** by:

(1) ***you***; or

(2) the United States Postal Service.

6. **Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the ***State Farm Companies*** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. The premium for this policy may vary based upon:

(1) the purchase of other products or services from the ***State Farm Companies***;

(2) the purchase of products or services from an organization that has entered into an agreement or contract with the ***State Farm Companies***. The ***State Farm Companies*** do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization; or

(3) an agreement, concerning the insurance provided by this policy, that the ***State Farm Companies*** has with an organization of which ***you*** are a member, employee, subscriber, licensee, or franchisee.

d. The premium for this policy is based upon information ***we*** have received from ***you*** or other sources. ***You*** must inform ***us*** if any information regarding the following is incorrect or incomplete, or changes during the policy period, and ***you*** must answer questions ***we*** ask regarding the following:

(1) ***Your car***, or its use, including annual mileage;

(2) The ***persons*** who regularly drive ***your car***, including newly licensed family members;

(3) ***Your*** marital status; or

(4) The location where ***your car*** is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to ***us*** when ***we*** ask, then ***we*** may decrease or increase the premium during the policy period. If ***we*** decrease the premium during the policy period, then ***we*** will provide a refund or a credit in the amount of the decrease. If ***we*** increase the premium during the policy period, then ***you*** must pay the amount of the increase.

7. **Renewal**

***We*** will renew any Liability Coverage, Medical Payments Coverage, and Uninsured Motor Vehicle Coverage provided by this policy for a sufficient number of policy periods to provide coverage during the two-year Guarantee Period shown on the Declarations Page. ***We*** may amend policy provisions relating to those coverages at the beginning of any policy period within the initial two-year Guarantee Period or any subsequent Guarantee Period.

8. **Nonrenewal**

a. If ***we*** decide not to renew this policy, then, at least 30 days before the end of the Guarantee Period, ***we*** will mail or deliver a nonrenewal notice to the most recent policy address that ***we*** have on record for the named insured who is shown on the Declarations Page.

b. This policy will not be terminated prior to the end of the two-year Guarantee Period shown on the Declarations Page. At the end of the current Guarantee Period, a subsequent Guarantee Period may be provided. These agreements to renew are void if:

(1) ***you*** fail to pay the premium when due; or

(2) the policy is canceled according to 9. Cancellation below.

9. **Cancellation**

a. **How You May Cancel**

***You*** may cancel this policy by providing to ***us*** advance notice of the date cancellation is effective. ***We*** may confirm the cancellation in writing.

b. **How and When We May Cancel**

***We*** may cancel this policy by mailing or delivering a written notice to the most recent policy address that ***we*** have on record for the named insured who is shown on the Declarations Page. The notice will provide the date cancellation is effective.

(1) If ***we*** mail or deliver a cancellation notice:

(a) during the first 89 days following this policy's effective date;

(b) because the premium is not paid when due; or

(c) applicable to only coverages other than Liability Coverage, Medical Payments Coverage, or Uninsured Motor Vehicle Coverage

then the date cancellation is effective will be at least 10 days after the date ***we*** mail or deliver the cancellation notice.

Otherwise, the date cancellation is effective will be at least 30 days after the date ***we*** mail or deliver the cancellation notice.

(2) After this policy has been in force for more than 89 days, unless notice of cancellation was mailed to ***you*** within that time, ***we*** agree that Liability Coverage, Medical Payments Coverage, and Uninsured Motor Vehicle Coverage will not be canceled unless:

(a) ***you*** have made a material misrepresentation to ***us*** in obtaining or renewing this policy or in the filing of a claim;

(b) ***you***, or any ***resident relative*** has lost driving privileges by the suspension, revocation, or expiration of his or her driver's license. If the ***person*** who lost driving privileges is other than ***you*** or the principal operator, ***we*** will not cancel this policy during the two-year Guarantee Period. However, ***we*** have the right to exclude such ***person*** from any coverage provided by this policy anytime during the two-year Guarantee Period by mailing notice to ***you*** at least 30 days before the exclusion is effective;

(c) ***you*** fail to pay the premium when due; or

(d) ***you*** move to, or change ***your car's*** registration to, a state or country where ***we*** are not authorized to write coverage.

However, the above limitations on ***our*** right to cancel do not apply if one of the ***State Farm Companies*** expresses a willingness to issue another policy.

c. **Return of Unearned Premium**

If ***you*** cancel this policy, then premium may be earned on a short rate basis. If ***we*** cancel this policy, then premium will be earned on a pro rata basis and any unearned premium will be returned prior to the cancellation effective date.

10. **Assignment**

No assignment of benefits or other transfer of rights is binding upon ***us*** unless approved by ***us***.

11. **Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the ***insured*** or his or her estate will not relieve ***us*** of ***our*** obligations under this policy.

12. **Concealment or Fraud**

There is no coverage under this policy if ***you*** or any other ***person*** insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

13. **Our Right to Recover Our Payments**

Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage payments are not recoverable by ***us***. Under all other coverages, the following apply:

a. **Subrogation**

(1) If ***we*** are obligated under this policy to make payment to or for a ***person*** or organization who has a legal right to collect from another ***person*** or organization, then ***we*** will be subrogated to that right to the extent of ***our*** payment.

(2) The ***person*** or organization to or for whom ***we*** make payment must help ***us*** recover ***our*** payments by:

(a) doing nothing to impair that legal right;

(b) holding all rights of recovery against all liable parties in trust for ***our*** benefit;

(c) doing whatever is necessary to protect and preserve ***our*** rights to recover;

(d) executing any documents ***we*** may need to assert that legal right; and

(e) taking legal action through ***our*** representatives when ***we*** ask.

(3) ***We*** have priority over an ***insured*** for any amounts recovered from the liable party to the extent of ***our*** payments to or on behalf of that ***insured***.

b. **Reimbursement**

If ***we*** make payment under this policy and the ***person*** or organization to or for whom ***we*** make payment recovers or has recovered from another ***person*** or organization, then the ***person*** or organization to or for whom ***we*** make payment must:

(1) hold in trust for ***us*** the proceeds of any recovery; and

(2) reimburse ***us*** to the extent of ***our*** payments, costs incurred, and fees of collection.

14. **Legal Action Against Us**

Legal action may not be brought against ***us*** until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against ***us*** regarding:

a. Liability Coverage after the amount of damages an ***insured*** is legally liable to pay has been finally determined by:

(1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(2) agreement between the claimant and ***us***.

b. Medical Payments Coverage if the legal action relating to this coverage is brought against ***us*** within four years immediately following the date of the accident.

c. Uninsured Motor Vehicle Coverage if the ***insured*** or that ***insured's*** legal representative within:

(1) three years immediately following the date of the accident; or

(2) one year after the date the ***insured*** receives notice of insolvency if the insurer of the ***uninsured motorist*** is declared insolvent

presents an Uninsured Motor Vehicle Coverage claim to ***us***, and files a lawsuit in accordance with the **Deciding Fault and Amount** provision of the Uninsured Motor Vehicle Coverage.

No legal action may be brought against ***us*** relating to Uninsured Motor Vehicle Coverage for any cause of action that arises out of or is related to that coverage until there has been full compliance with its **Consent to Settlement** and **Deciding Fault and Amount** provisions.

d. Uninsured Motor Vehicle Property Damage Coverage if the ***insured*** or that ***insured's*** legal representative within:

(1) three years immediately following the date of the accident; or

(2) one year after the date the ***insured*** receives notice of insolvency if the insurer of the ***uninsured motorist*** is declared insolvent

presents an Uninsured Motor Vehicle Coverage claim to ***us***, and files a lawsuit in accordance with the **Deciding Fault and Amount** provision of the Uninsured Motor Vehicle Property Damage Coverage.

e. Physical Damage Coverages if the legal action relating to these coverages is brought against ***us*** within one year immediately following the date of the accident or ***loss***.

15. **Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. Ohio will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

16. **Interest**

In accordance with section 1343.03 of the Ohio Revised Code, any interest owed on any amounts due and payable under this policy shall be paid at a simple rate of 5 percent per annum.

17. **Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.


©, Copyright, State Farm Mutual Automobile Insurance Company, 2010

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See “INSURED’S DUTIES” in this policy booklet.)

SAMPLE

# State Farm® **Car Policy** Booklet

**Pennsylvania**
Policy Form 9838A

## CONTENTS

**THIS POLICY** .... 3
**DEFINITIONS** .... 4
**LIABILITY COVERAGE** .... 7
Additional Definition .... 7
Insuring Agreement .... 7
Supplementary Payments .... 8
Limits .... 8
Nonduplication .... 9
Exclusions .... 9
If Other Liability Coverage Applies .... 10
Required Out-of-State Liability Coverage 11
Financial Responsibility Certification .... 11
**FIRST PARTY COVERAGES** .... 12
Additional Definitions – Coverages C2, Q, Z, Y, and F .... 12
MEDICAL PAYMENTS – COVERAGE C2 .... 12
Insuring Agreement – Coverage C2 .... 12
EXTRAORDINARY MEDICAL PAYMENTS – COVERAGE Q .... 13
Insuring Agreement and Limits – Coverage Q .... 13
LOSS OF INCOME – COVERAGE Z .... 14
Insuring Agreement – Coverage Z .... 14
DEATH, DISMEMBERMENT AND LOSS OF SIGHT – COVERAGE Y .... 14
Additional Definition – Coverage Y .... 14
Insuring Agreement – Coverage Y .... 14
Payments of Benefits – Coverage Y .... 15
FUNERAL BENEFITS – COVERAGE F .... 15
Insuring Agreement – Coverage F .... 15
Limits – Coverage C2 .... 15
Limits – Coverage Z .... 15
Limits – Coverage Y .... 15
Limits – Coverage F .... 15
Limits – Coverages C2, Q, Z, Y, and F .... 15
Priorities for the Payment of First Party Benefits – Coverages C2, Q, Z, Y, and F .. 15
Exclusions – Coverages C2, Q, Z, Y, and F .... 16
Mental or Physical Examination – Coverages C2, Q, Z, Y, and F .... 16
COMBINED BENEFITS – COVERAGE M .... 17
Insuring Agreement – Coverage M .... 17
Limits – Coverage M .... 17
Time Limitation – Coverage M .... 17
Other Provisions – Coverage M .... 17
**UNINSURED MOTOR VEHICLE COVERAGES** .... 17
Additional Definitions – Coverages U and U3 .... 17
Insuring Agreement – Coverages U and U3 .... 18
Consent to Settlement – Coverages U and U3 .... 19
Deciding Fault and Amount – Coverages U and U3 .... 19
Limits – Coverages U and U3 .... 19
Limits – Coverage U3 .... 20
Nonduplication – Coverages U and U3 .... 20
Exclusions – Coverages U and U3 .... 20
Exclusions – Coverage U .... 20
Exclusions – Coverage U3 .... 21
If Other Uninsured Motor Vehicle Coverage Applies – Coverage U .... 21
If Other Uninsured Motor Vehicle Coverage Applies – Coverage U3 .... 21
Our Payment Options – Coverages U and U3 .... 22
**UNDERINSURED MOTOR VEHICLE COVERAGES** .... 23
Additional Definitions – Coverages W and W3 .... 23
Insuring Agreement – Coverages W and W3 .... 24
Consent to Settlement – Coverages W and W3 .... 24
Deciding Fault and Amount – Coverages W and W3 .... 24
Limits – Coverages W and W3 .... 25
Limits – Coverage W3 .... 25
Nonduplication – Coverages W and W3 ... 25

SAMPLE

Exclusions – Coverages W and W3 .......... 26
Exclusions – Coverage W .......................... 26
Exclusions – Coverage W3 ........................ 26
If Other Underinsured Motor Vehicle Coverage Applies – Coverage W .............. 26
If Other Underinsured Motor Vehicle Coverage Applies – Coverage W3 ............ 27
Our Payment Options – Coverages W and W3 ...................................................... 28

**PHYSICAL DAMAGE COVERAGES** .... 28
Additional Definitions............................... 28
Insuring Agreements ................................. 29
Supplementary Payments – Comprehensive Coverage and Collision Coverage............. 31
Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage.............. 31
Limits – Car Rental and Travel Expenses Coverage .................................................. 33
Nonduplication.......................................... 33
Exclusions ................................................. 33
If Other Physical Damage Coverage or Similar Coverage Applies ........................... 35
Financed Vehicle....................................... 36
Our Payment Options ............................... 36

**INSURED'S DUTIES**.................................37
Notice to Us of an Accident or Loss..........37
Notice to Us of a Claim or Lawsuit...........37
Insured's Duty to Cooperate With Us........37
Questioning Under Oath...........................37
Other Duties Under the Physical Damage Coverages...................................38
Other Duties Under First Party Coverages, Uninsured Motor Vehicle Coverages, and Underinsured Motor Vehicle Coverages ...38

**GENERAL TERMS**...................................39
When Coverage Applies...........................39
Where Coverage Applies...........................39
Newly Owned or Newly Leased Car.........39
Changes to This Policy.............................40
Premium ....................................................40
Renewal.....................................................41
Nonrenewal ...............................................41
Cancellation...............................................41
Assignment................................................42
Bankruptcy or Insolvency of the Insured ..42
Concealment or Fraud ..............................42
Our Right to Recover Our Payments.........42
Legal Action Against Us ...........................42
Choice of Law ...........................................43
Severability................................................43

SAMPLE

## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.
2. This policy contains all of the agreements between all named insureds and applicants and:
   a. ***us***; and
   b. any of ***our*** agents.
3. ***We*** agree to provide insurance according to the terms of this policy:
   a. based on payment of premium for the coverages chosen; and
   b. unless otherwise stated in EXCEPTIONS, POLICY BOOKLET, AND ENDORSEMENTS on the Declarations Page, in reliance on the following statements:
      (1) The named insured is the sole owner of ***your car***.
      (2) Neither ***you*** nor any member of ***your*** household has, within the past three years, had:

(a) vehicle insurance canceled or nonrenewed by an insurer; or

(b) either:

(i) a license to drive; or

(ii) a vehicle registration

suspended, revoked, or refused.

(3) ***Your car*** is used for pleasure and business.

4. All named insureds and applicants agree by acceptance of this policy that:

a. the statements in 3.b. above are made by the named insured or applicant and are true; and

b. ***we*** provide this insurance on the basis those statements are true.

## DEFINITIONS

***We*** define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, and possessive forms of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. It does not include:

1. Any vehicle while located for use as a dwelling or other premises; or
2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

***Fungi*** means any type or form of fungus or fungi and includes:

1. Mold;
2. Mildew; and
3. Any of the following that are produced or released by fungi:
   a. Mycotoxins;
   b. Spores;
   c. Scents; or
   d. Byproducts.

***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes such ***car*** as an insured vehicle; or
2. the end of the 14th calendar day immediately following the date such ***car*** is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***:
   a. ***you***;

SAMPLE

b. any ***resident relative***;

c. any other ***person*** who resides primarily in ***your*** household; or

d. an employer of any ***person*** described in a., b., or c. above; nor

2. has been operated by, rented by, or in the possession of:

a. ***you***; or

b. any ***resident relative***

during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or ***loss***.

***Occupying*** means in, on, entering, or exiting.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;
2. registered to; or
3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Pedestrian*** means a ***person*** who is not ***occupying***:

1. a motorized vehicle; or
2. a vehicle designed to be pulled by a motorized vehicle.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or
2. a pickup truck, van, minivan, or sport utility vehicle:

a. that is not used for:

(1) wholesale; or

(2) retail

pick up or delivery; and

b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Resident Relative*** means a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or
2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

See First Party Coverages for the definition of ***Resident Relative*** used there.

***Serious injury*** means a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement.

Unless the injury sustained is a ***serious injury***, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss, except that:

1. An individual otherwise bound by the limited tort election who sustains damages in a motor vehicle accident as the consequence of the fault of another person may recover damages as if the individual damaged had elected the full tort alternative whenever the person at fault:

a. is convicted, or accepts Accelerated Rehabilitative Disposition (ARD) for driving under the influence of alcohol or a controlled substance in that accident;

b. is operating a motor vehicle registered in another state;

c. intends to injure himself or another person, provided that an individual does not intentionally injure himself or another person merely because his act

SAMPLE

or failure to act is intentional or done with his realization that it creates a grave risk of causing injury or the act or omission causing the injury is for the purpose of averting bodily harm to himself or another person;

d. has not maintained financial responsibility as required by Chapter 17 of Title 75 of the Pennsylvania Consolidated Statutes, provided that, nothing in this paragraph shall affect the limitation of section 1731(d)(2) of Title 75 of the Pennsylvania Consolidated Statutes (relating to availability, scope and amount of coverage); or

e. is ***occupying*** a vehicle both ***owned by*** a ***resident relative*** and to which the full tort election applies.

2. An individual otherwise bound by the limited tort election shall retain full tort rights with respect to claims against a person in the business of designing, manufacturing, repairing, servicing or otherwise maintaining motor vehicles arising out of a defect in such motor vehicle which is caused by or not corrected by an act or omission in the course of such business, other than a defect in a motor vehicle which is operated by such business.

3. An individual otherwise bound by the limited tort election shall retain full tort rights if injured while an occupant of a motor vehicle other than a private passenger motor vehicle.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;
2. State Farm Fire and Casualty Company; and
3. Any of their affiliates.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. damage; or
   e. theft; and
2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. only those trailers:
   a. designed to be pulled by a ***private passenger car***;
   b. not designed to carry ***persons***; and
   c. while not used as premises for office, store, or display purposes; or
2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

SAMPLE

***Your Car*** means a vehicle shown under YOUR CAR on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under YOUR CAR, and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;
2. the date this policy is no longer in force; or
3. the date ***you*** no longer own or lease the ***car*** being replaced.

SAMPLE

## LIABILITY COVERAGE

This policy provides Liability Coverage to the vehicles for which symbol "A" and a corresponding premium are shown on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***trailer***; and
   b. the maintenance or use of:
      (1) a ***non-owned car***; or
      (2) a ***temporary substitute car***;
2. the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished by an employer to, a ***person*** who resides primarily in ***your*** household, but only if such ***car*** is neither ***owned by***, nor furnished by an employer to, the first ***person*** shown as a named insured on the Declarations Page or that ***person's*** spouse;
3. any other ***person*** for his or her use of:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent; and
4. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. ***We*** will pay:
   a. damages an ***insured*** becomes legally liable to pay because of:
      (1) ***bodily injury*** to others; and
      (2) damage to property

      caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy;
   b. attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages; and

c. court costs charged to an ***insured*** and resulting from that part of a lawsuit:

(1) that seeks damages payable under this policy's Liability Coverage; and

(2) against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

***We*** have no duty to pay attorney fees and court costs incurred after ***we*** deposit in court or pay the amount due under this policy's Liability Coverage.

2. ***We*** have the right to:

a. investigate, negotiate, and settle any claim or lawsuit;

b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and

c. appeal any award or legal decision

for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the ***insured*** that accrues:

a. before a judgment, where owed by law, but only on that part of the judgment ***we*** pay; and

b. after a judgment. ***We*** will not pay interest on damages paid or payable by a party other than the ***insured*** or ***us***.

***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;

2. Premiums for bonds, provided by a company chosen by ***us***, required to appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:

a. pay for bonds that exceed this policy's applicable Liability Coverage limit;

b. furnish or apply for any bonds; or

c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and

3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:

a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:

(1) an arbitration;

(2) a mediation; or

(3) a trial of a lawsuit; and

b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident, including all damages sustained by other ***persons*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***persons*** injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is

SAMPLE

the most ***we*** will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay any damages or expenses under Liability Coverage that have already been paid under Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO INTENTIONALLY CAUSES ***BODILY INJURY*** OR DAMAGE TO PROPERTY;
2. FOR ***BODILY INJURY*** TO:
   a. ***YOU;***
   b. ***RESIDENT RELATIVES***; AND
   c. ANY OTHER ***PERSON*** WHO BOTH RESIDES PRIMARILY WITH AN ***INSURED*** AND WHO:
      (1) IS RELATED TO THAT ***INSURED*** BY BLOOD, MARRIAGE, OR ADOPTION; OR
      (2) IS A WARD OR FOSTER CHILD OF THAT ***INSURED***;
3. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;
4. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;
5. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion does not apply to ***you*** and ***resident relatives*** who are legally liable for ***bodily injury*** to fellow employees;
6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
7. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
8. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***; or
   b. any ***resident relative***

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer***;
9. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
10. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;

SAMPLE

11. FOR DAMAGE TO PROPERTY WHILE IT IS:
    a. ***OWNED BY***;
    b. RENTED TO;
    c. USED BY;
    d. IN THE CARE OF; OR
    e. TRANSPORTED BY

    ***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to either damage to a residence while rented to or leased to an ***insured*** or damage to a private garage while rented to or leased to an ***insured***;
12. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;
13. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;
14. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;
15. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:
    a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving; OR
16. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1. If two or more Liability Coverages provided by the ***State Farm Companies*** to ***you*** or any ***resident relative*** apply to the same accident, then:
    a. such Liability Coverage limits will not be added together to determine the most that may be paid; and
    b. the maximum amount that may be paid from all such coverages combined is the single highest applicable limit provided by any one of the coverages. ***We*** may choose one or more coverages from which to make payment.
2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of ***your car*** or a ***trailer*** attached to it.
    a. If:
        (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as primary coverage; and
        (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

        then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as primary coverage.

SAMPLE

b. If:

(1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as excess coverage.

b. If:

(1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an ***insured*** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and
2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

SAMPLE

## FIRST PARTY COVERAGES

The coverages under this section are provided in accordance with and subject to the Pennsylvania Motor Vehicle Financial Responsibility Act, as amended.

**Additional Definitions – Coverages C2, Q, Z, Y, and F**

***Bodily Injury*** means accidental bodily harm to a ***person*** and that ***person's*** resulting illness, disease or death.

***First Party Benefits*** means benefits paid or payable to an ***insured*** under Coverages C2, Q, Z, Y or F.

***Insured*** means:

1. ***you*** and ***resident relatives***; and
2. any other ***person***:
   a. ***occupying your car*** or a ***newly acquired car***; or
   b. not ***occupying*** a ***motor vehicle*** if injured as the result of an accident involving ***your car***, or a ***newly acquired car***. A parked and unoccupied ***motor vehicle*** is not a ***motor vehicle*** involved in the accident unless it was parked so as to cause unreasonable risk of injury.

***Motor Vehicle*** means a vehicle which is self-propelled except one which is propelled:

1. solely by human power; or
2. upon rails.

***Resident Relative*** means:

1. ***your*** spouse;
2. anyone related to ***you*** by blood, marriage or adoption; and
3. a minor in the custody of ***you***, ***your spouse*** or a ***resident relative***

resident in ***your*** household, even if temporarily residing elsewhere.

**MEDICAL PAYMENTS – COVERAGE C2**

This policy provides Coverage C2 to the vehicles for which symbol "C2" and a corresponding premium are shown on the Declarations Page.

**Insuring Agreement – Coverage C2**

***We*** will pay for medical expenses for ***bodily injury*** to an ***insured*** arising out of the maintenance or use of a ***motor vehicle***.

Medical expenses are expenses incurred for reasonable and necessary medical treatment and rehabilitation services. This includes expenses for:

1. hospital, dental, surgical, psychiatric, psychological, osteopathic, ambulance, chiropractic, nursing and optometric services;
2. licensed physical therapy, vocational rehabilitation, occupational therapy, speech pathology and audiology;
3. medications, medical supplies and prosthetic devices; and
4. nonmedical remedial care and treatment rendered in accordance with a recognized religious method of healing.

Medical expenses will be paid:

1. if incurred within 18 months from the date of the accident causing the ***bodily injury***; or
2. without limitation as to time, provided that, within 18 months from the date of the accident causing the ***bodily injury***, it can be determined with reasonable medical probability that further expenses may be incurred as a result of the ***bodily injury***.

The amount ***we*** will pay for medical expenses is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

SAMPLE

**EXTRAORDINARY MEDICAL PAYMENTS – COVERAGE Q**

This policy provides Coverage Q to the vehicles for which symbol "Q" and a corresponding premium are shown on the Declarations Page.

**Insuring Agreement and Limits– Coverage Q**

***We*** will pay up to the lifetime aggregate limit of $1,000,000 for those reasonable medical expenses which exceed $100,000. The medical expense must be for ***bodily injury*** to an ***insured*** caused by accident arising out of the maintenance or use of a ***motor vehicle***.

Medical expenses are expenses incurred for reasonable and necessary medical treatment and rehabilitation services. This includes expenses for:

1. hospital, dental, surgical, psychiatric, psychological, osteopathic, ambulance, chiropractic, nursing and optometric services;
2. licensed physical therapy, vocational rehabilitation, occupational therapy, speech pathology and audiology;
3. medications, medical supplies and prosthetic devices; and
4. nonmedical remedial care and treatment rendered in accordance with a recognized religious method of healing.

Medical expenses will be paid:

1. if incurred within 18 months from the date of the accident causing the ***bodily injury***; or
2. without limitation as to time, provided that within 18 months from the date of the accident causing the ***bodily injury***, it can be determined with reasonable medical probability that further expenses may be incurred as a result of the ***bodily injury***.

The most ***we*** will pay in any 12 month period beginning 18 months after the date the ***insured's*** reasonable medical expenses exceed $100,000 as a result of the ***bodily injury*** is $50,000.

These expenses must be:

1. for:
   a. services performed, or
   b. medical supplies, medication or drugs prescribed

   by a medical provider licensed by the state to provide the specific medical services; and
2. for diagnosis, direct care or treatment of the ***bodily injury***. The diagnosis, direct care or treatment must be:
   a. within the standards of good medical practice, and
   b. not primarily for the convenience of the patient or medical provider.

***We*** have the right to make or obtain an independent review of the medical expenses and services performed to determine if they are reasonable and necessary for the ***bodily injury*** sustained.

The amount ***we*** will pay for medical expenses is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

REASONABLE MEDICAL EXPENSES DO NOT INCLUDE EXPENSES FOR TREATMENT, SERVICES, PRODUCTS OR PROCEDURES THAT ARE:

1. FOR RESEARCH, OR NOT PRIMARILY DESIGNED TO SERVE A MEDICAL OR REHABILITATIVE PURPOSE; OR
2. NOT COMMONLY AND CUSTOMARILY RECOGNIZED THROUGHOUT THE MEDICAL PROFESSIONS AND WITHIN THE UNITED STATES AS APPROPRIATE FOR THE TREATMENT OF THE ***BODILY INJURY***.

SAMPLE

## LOSS OF INCOME – COVERAGE Z

This policy provides Coverage Z to the vehicles for which "Z" with a number beside it and a corresponding premium are shown on the Declarations Page. "Z" with a number beside it is ***your*** coverage symbol. Check ***your*** coverage symbol with the Coverage Z schedule in this provision for the limits ***you*** have chosen.

### Insuring Agreement – Coverage Z

***We*** will pay income loss benefits with respect to ***bodily injury*** to an ***insured*** arising out of the maintenance or use of a ***motor vehicle***. Income loss benefits are:

1. 80% of the ***insured's*** actual loss of gross income from work the ***insured*** would have performed except for the ***bodily injury***;
2. reasonable expenses actually incurred for:
   a. hiring a substitute to perform self-employment services to reduce loss of gross income; or
   b. hiring special help thereby enabling the ***insured*** to work and reduce loss of gross income.

Income loss benefits do not include:

1. loss of expected income for any period following the death of an ***insured***;
2. expenses incurred for services performed following the death of an ***insured***; or
3. any loss of income during the first five working days the ***insured*** did not work after the accident because of the ***bodily injury***.

### Schedule – Coverage Z

| Coverage Symbol | Maximum Payable Per Month | Total Maximum Benefits |
|---|---|---|
| Z1 | $1,000 | $ 5,000 |
| Z2 | 1,000 | 15,000 |
| Z3 | 1,500 | 25,000 |
| Z4 | 2,500 | 50,000 |

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT – COVERAGE Y

This policy provides Coverage Y to the vehicles for which "Y" with a number beside it and a corresponding premium are shown on the Declarations Page. "Y" with a number beside it is ***your*** coverage symbol. Check ***your*** coverage symbol with the Coverage Y schedule in this provision for the limits ***you*** have chosen.

### Additional Definition – Coverage Y

***Loss*** means the ***loss*** of:

1. the foot or hand, cut off through or above the ankle or wrist; or
2. the whole thumb or finger; or
3. all sight.

### Insuring Agreement – Coverage Y

***We*** will pay the amount shown in the schedule that applies for death of, or ***loss*** to, an ***insured*** arising out of the maintenance or use of a ***motor vehicle***. The death or ***loss*** must be the direct result of the accident and not due to any other cause. The death must occur within 24 months from the date of the accident. If the death occurs within 24 hours after the accident, ***we*** will pay only the amount that applies to death. ***Loss*** must occur within 90 days of the accident.

SAMPLE

**Schedule – Coverage Y**

| Coverage Symbol | Y1 | Y2 | Y3 |
|---|---|---|---|
| Death | $5,000 | $10,000 | $25,000 |
| ***Loss*** of: hands, feet; sight of eyes; one hand & one foot; or one hand or one foot & sight of one eye | 5,000 | 10,000 | 25,000 |
| one hand or one foot; or sight of one eye | 2,500 | 5,000 | 12,500 |
| thumb & finger on one hand; or three fingers | 1,500 | 3,000 | 7,500 |
| any two fingers | 1,000 | 2,000 | 5,000 |

**Payments of Benefits – Coverage Y**

The death benefit shall be paid to the executor or administrator of the ***insured's*** estate.

**FUNERAL BENEFITS – COVERAGE F**

This policy provides Coverage F to the vehicles for which symbol "F" and a corresponding premium are shown on the Declarations Page.

**Insuring Agreement – Coverage F**

***We*** will pay for funeral expenses directly related to the funeral, burial, cremation or other form of disposition of the remains of an ***insured***. The death must be the result of the accident. The expenses must be incurred within 24 months from the date of the accident.

**Limits – Coverage C2**

The amount of coverage for medical expenses is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person".

**Limits – Coverage Z**

The most ***we*** will pay an ***insured*** for income loss benefits per month and in the aggregate are shown in the coverage Z schedule next to ***your*** coverage symbol.

**Limits – Coverage Y**

The amount ***we*** will pay because of the death of the ***insured*** is shown under ***your*** coverage symbol in the Coverage Y schedule. The maximum amount payable to an ***insured*** for all ***loss***, as shown in the schedule, shall not exceed the death benefit amount shown for ***your*** coverage symbol.

The amount shown in the schedule for death of or ***loss*** to the ***insured*** is doubled for an ***insured*** who, at the time of the accident, is using the vehicle's complete restraint system as recommended by the vehicle's manufacturer.

**Limits – Coverage F**

The amount of coverage for funeral expenses is shown on the Declarations Page under "Funeral Benefits Coverage – Limit – Each Person".

**Limits – Coverages C2, Q, Z, Y, and F**

These coverages are excess over, but shall not duplicate, any amount paid or payable to or for the ***insured*** under any workers' compensation law.

**Priorities for the Payment of First Party Benefits – Coverages C2, Q, Z, Y, and F**

1. When more than one policy applies, the ***person*** who suffers ***bodily injury*** shall recover ***first party benefits*** against applicable insurance coverage in the following order of priority:

    a. The policy on which the ***person*** is a named insured.

    b. The policy providing coverage because the ***person*** is residing in the household of a named insured and is:

SAMPLE

(1) a spouse or other relative of a named insured; or

(2) a minor in the custody of either a named insured or a relative of a named insured.

c. The policy covering the ***motor vehicle occupied*** by the injured ***person*** at the time of the accident.

d. For a ***person*** who is not the occupant of a ***motor vehicle***, the policy on any ***motor vehicle*** involved in the accident. A parked and unoccupied ***motor vehicle*** is not a ***motor vehicle*** involved in the accident unless it was parked so as to cause unreasonable risk of injury.

2. THIS POLICY DOES NOT APPLY IF THERE IS ANOTHER POLICY AT A HIGHER PRIORITY LEVEL. Item a. above is considered the highest priority. Item d. is the lowest priority.

3. Subject to the above, if an ***insured*** is entitled to ***first party benefits*** under more than one coverage, the maximum recovery under all coverages for any ***first party benefit*** will not exceed the amount payable under the coverage with the highest limit of liability for that ***first party benefit***.

**Exclusions – Coverages C2, Q, Z, Y, and F**

THERE IS NO COVERAGE FOR ***BODILY INJURY***:

1. TO ANY ***PERSON*** WHOSE CONDUCT CONTRIBUTED TO HIS OR HER ***BODILY INJURY*** IN ANY OF THE FOLLOWING WAYS:

   a. WHILE INTENTIONALLY INJURING OR ATTEMPTING TO INJURE HIMSELF, HERSELF OR ANOTHER;

   b. WHILE COMMITTING A FELONY; OR

   c. WHILE SEEKING TO ELUDE LAWFUL APPREHENSION OR ARREST BY A LAW ENFORCEMENT OFFICIAL.

2. TO ANY ***PERSON*** WHO KNOWINGLY CONVERTS A ***MOTOR VEHICLE*** if the ***bodily injury*** arises out of the maintenance or use of the converted vehicle. This does not apply to ***you*** or any ***resident relative***.

3. TO ANY ***PERSON*** WHO OWNS A CURRENTLY REGISTERED ***MOTOR VEHICLE*** AND DOES NOT HAVE THE REQUIRED FINANCIAL RESPONSIBILITY, EVEN IF THAT ***PERSON*** IS ***OCCUPYING*** OR STRUCK BY A ***MOTOR VEHICLE*** FOR WHICH FINANCIAL RESPONSIBILITY IS PROVIDED. This does not apply to ***you*** or ***your spouse*** while ***occupying*** a vehicle insured under the liability coverage of this policy or when struck as a ***pedestrian***.

4. TO ANY ***PERSON*** WHILE OPERATING OR ***OCCUPYING***:

   a. A RECREATIONAL VEHICLE NOT INTENDED FOR HIGHWAY USE; OR

   b. A MOTORCYCLE, MOTORDRIVEN CYCLE, MOTORIZED PEDALCYCLE OR LIKE TYPE VEHICLE REQUIRED TO BE REGISTERED UNDER TITLE 75 OF THE PENNSYLVANIA CONSOLIDATED STATUTES.

**Mental or Physical Examination – Coverages C2, Q, Z, Y, and F**

Whenever the mental or physical condition of a ***person*** is material to any claim for medical expenses or income loss benefits, a court of competent jurisdiction may order the ***person*** to submit to mental or physical examination by a physician. If a ***person*** fails to comply with the order, the court may order that the ***person*** be denied benefits until he or she complies.

SAMPLE

**COMBINED BENEFITS – COVERAGE M**

This policy provides Coverage M to the vehicles for which symbol "M" and a corresponding premium are shown on the Declarations Page.

**Insuring Agreement – Coverage M**

***We*** will pay for ***bodily injury*** to an ***insured*** arising out of the maintenance or use of a ***motor vehicle***:

1. Medical expenses as payable under Coverage C2;
2. Income loss benefits as payable under Coverage Z;
3. The benefits as payable under Coverage Y3; and
4. Funeral expenses as payable under Coverage F.

**Limits – Coverage M**

1. The aggregate limit of liability is shown on the Declarations Page under "Combined Benefits Coverage – Limit – Each Person". This is the maximum amount payable for ***bodily injury*** to an ***insured*** as the result of an accident.
2. The most ***we*** will pay to or for an ***insured*** is as follows:

| Benefit | Limit |
|---|---|
| Medical Expenses | Up to the Aggregate Limit |
| Income Loss | Up to the Aggregate Limit |
| Death | $25,000 |
| Funeral Expenses | Up to $2,500 |

3. Any amount payable for medical expenses greater than $100,000 shall be excess over any amount paid or payable under Extraordinary Medical Payments – Coverage Q.

**Time Limitation – Coverage M**

Subject to the limit of liability:

1. benefits are only payable for expenses and loss incurred up to three years from the date of the accident.
2. the death benefit is payable only if death occurs within three years of the date of the accident.

**Other Provisions – Coverage M**

Except as amended above, all provisions relating to Coverages C2, Z, Y, and F apply to expense, loss or death benefits of Coverage M.

SAMPLE

## UNINSURED MOTOR VEHICLE COVERAGES

This policy provides Uninsured Motor Vehicle – Coverage U (Stacking Option) to the vehicles for which symbol "U" and a corresponding premium are shown on the Declarations Page.

This policy provides Uninsured Motor Vehicle – Coverage U3 (Non-Stacking Option) to the vehicles for which symbol "U3" and a corresponding premium are shown on the Declarations Page.

**Additional Definitions – Coverages U and U3**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:

   a. ***your car***, a ***temporary substitute car***, or a trailer attached to such a ***car***. Such other ***person*** is an ***insured*** only under the coverage applicable to the vehicle

which that ***person*** was ***occupying*** and such ***person*** is not an ***insured*** under the coverage applicable to any other vehicle insured by this policy. Such vehicle has to be used within the scope of ***your*** consent; or

b. a ***newly acquired car*** or a trailer attached to such a ***car***. If the ***newly acquired car*** replaces ***your car***, such other ***person*** is an ***insured*** only under the coverage applicable to the vehicle that was replaced. If the ***newly acquired car*** does not replace ***your car***, such other ***person*** is an ***insured*** only under the coverage applicable to any one vehicle insured by this policy or any other policy issued by us to ***you*** or ***your spouse***. Such ***car*** has to be used within the scope of ***your*** consent.

Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and

4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Uninsured Motor Vehicle*** means a land motor vehicle:

1. the ownership, maintenance, and use of which is:
   a. not insured or bonded for bodily injury liability at the time of the accident; or
   b. insured or bonded for bodily injury liability at the time of the accident; but
      (1) the limits are less than required by the financial responsibility act of Pennsylvania; or
      (2) the insuring company:
         (a) denies that its policy provides liability coverage for compensatory damages that result from the accident; or
         (b) is or becomes insolvent; or
2. the owner and driver of which remain unknown and which causes ***bodily injury*** to the ***insured***. If there is no physical contact between that land motor vehicle and the ***insured*** or the vehicle the ***insured*** is ***occupying***, then the facts of the accident must be corroborated by a disinterested ***person*** who witnessed the accident. ***You***, ***resident relatives***, and ***persons occupying*** the same vehicle as the ***insured*** are not disinterested ***persons***.

***Uninsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by***, rented to, or furnished or available for the regular use of ***you*** or any ***resident relative***;
3. ***owned by***, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law;
4. designed for use primarily off public roads except while on public roads; or
5. while located for use as a dwelling or other premises.

**Insuring Agreement – Coverages U and U3**

***We*** will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***. The ***bodily injury*** must be:

1. sustained by an ***insured***; and
2. caused by an accident that involves the ownership, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle.

The amount ***we*** will pay for damages is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

SAMPLE

SAMPLE

**Consent to Settlement – Coverages U and U3**

The ***insured*** must inform ***us*** of a settlement offer, if any, proposed by or on behalf of the owner or driver of the ***uninsured motor vehicle,*** and the ***insured*** must request ***our*** written consent to accept such settlement offer.

If ***we***:

1. consent in writing, then the ***insured*** may accept such settlement offer.
2. inform the ***insured*** in writing that ***we*** do not consent, then the ***insured*** may not accept such settlement offer and:
   a. ***we*** will make payment to the ***insured*** in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the ***uninsured motor vehicle***; and
   b. any recovery from or on behalf of the owner or driver of the ***uninsured motor vehicle*** shall first be used to repay ***us***.

**Deciding Fault and Amount – Coverages U and U3**

1. a. The ***insured*** and ***we*** must agree to the answers to the following two questions:
      (1) Is the ***insured*** legally entitled to recover compensatory damages from the owner or driver of the ***uninsured motor vehicle***?
      (2) If the ***insured*** and ***we*** agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***uninsured motor vehicle***?
   b. If there is no agreement on the answer to either question in 1.a. above, then the ***insured*** shall:
      (1) file a lawsuit, in a state or federal court that has jurisdiction, against:
         (a) ***us***;
         (b) the owner and driver of the ***uninsured motor vehicle*** unless ***we*** have consented to a settlement offer proposed by or on behalf of such owner or driver; and
         (c) any other party or parties who may be legally liable for the ***insured's*** damages;
      (2) consent to a jury trial if requested by ***us***;
      (3) agree that ***we*** may contest the issues of liability and the amount of damages; and
      (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.
2. ***We*** are not bound by any:
   a. judgment obtained without ***our*** written consent; and
   b. default judgment against any ***person*** or organization other than ***us***.
3. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits – Coverages U and U3**

The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident.

These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made; or
3. ***uninsured motor vehicles*** involved in the accident.

**Limits – Coverage U3**

1. If there is more than one vehicle insured under this policy, the maximum limit of liability available is:
   a. the limit applicable to the vehicle that was involved in the accident while ***occupying your car***;
   b. the limit applicable to the vehicle that was replaced while ***occupying*** a ***newly acquired car*** that replaces ***your car***; or
   c. the limit applicable to any one vehicle insured under this policy while injured as a ***pedestrian*** or injured while ***occupying*** a ***newly acquired car*** that does not replace ***your car***, a ***temporary substitute car***, or a ***non-owned car***.
2. The limits of liability are not increased because more than one vehicle is insured under this policy.

**Nonduplication – Coverages U and U3**

***We*** will not pay under Uninsured Motor Vehicle Coverage any damages that have already been paid to or for the ***insured***:

1. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or
2. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions – Coverages U and U3**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY***;
2. FOR PAIN, SUFFERING OR OTHER NONMONETARY DAMAGES SUSTAINED BY AN ***INSURED*** IF THE ***BODILY INJURY*** IS NOT A ***SERIOUS INJURY*** AND THE LIMITATION OF SECTION 1731(d)(2) OF TITLE 75 OF THE PENNSYLVANIA CONSOLIDATED STATUTES APPLIES;
3. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
4. TO THE EXTENT IT BENEFITS:
   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;
   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR
   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;
5. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR
6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**Exclusions – Coverage U**

THERE IS NO COVERAGE FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY*** THAT ***INSURED*** IF THE VEHICLE IS NOT INSURED FOR UNINSURED MOTOR VEHICLE COVERAGE UNDER THIS POLICY OR ANY OTHER POLICY.

SAMPLE

**Exclusions – Coverage U3**

THERE IS NO COVERAGE FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***.

This exclusion does not apply to the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while ***occupying*** a motor vehicle not ***owned by*** one or both of them.

**If Other Uninsured Motor Vehicle Coverage Applies – Coverage U**

1. If uninsured motor vehicle coverage for ***bodily injury*** is available to an ***insured*** from more than one policy provided by ***us*** or any other insurer, any coverage applicable:
   a. under this policy shall apply on a primary basis if the ***insured*** sustains ***bodily injury*** while not ***occupying*** a motor vehicle or trailer.
   b. to the vehicle covered under this policy which the ***insured*** was ***occupying*** when the ***bodily injury*** was sustained shall apply on a primary basis. Any other coverage provided by this policy shall apply on an excess basis.
   c. under this policy shall apply on an excess basis if the ***insured*** sustains ***bodily injury*** while ***occupying*** a vehicle other than ***your car***.
2. Subject to item 1 above, if this policy and one or more other policies provide coverage for ***bodily injury***:
   a. on a primary basis, ***we*** are liable only for our share. ***Our*** share is that percent of the damages payable on a primary basis that the limit of liability of this coverage bears to the total of all applicable uninsured motor vehicle coverage on a primary basis.
   b. on an excess basis, ***we*** are liable only for our share. ***Our*** share is that percent of the damages payable on an excess basis that the limit of liability of this coverage bears to the total of all applicable uninsured motor vehicle coverage provided on an excess basis.

**If Other Uninsured Motor Vehicle Coverage Applies – Coverage U3**

1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by one or more of the ***State Farm Companies*** apply to the same ***bodily injury***, then:
   a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
2. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***.
   a. If:
      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and
      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options – Coverages U and U3**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

SAMPLE

## UNDERINSURED MOTOR VEHICLE COVERAGES

This policy provides Underinsured Motor Vehicle – Coverage W (Stacking Option) to the vehicles for which symbol "W" and a corresponding premium are shown on the Declarations Page.

This policy provides Underinsured Motor Vehicle – Coverage W3 (Non-Stacking Option) to the vehicles for which symbol "W3" and a corresponding premium are shown on the Declarations Page.

**Additional Definitions – Coverages W and W3**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:
   a. ***your car***, a ***temporary substitute car***, or a trailer attached to such a ***car***. Such other ***person*** is an ***insured*** only under the coverage applicable to the vehicle which that ***person*** was ***occupying*** and such ***person*** is not an ***insured*** under the coverage applicable to any other vehicle insured by this policy. Such vehicle has to be used within the scope of ***your*** consent; or
   b. a ***newly acquired car*** or a trailer attached to such a ***car***. If the ***newly acquired car*** replaces ***your car***, such other ***person*** is an ***insured*** only under the coverage applicable to the vehicle that was replaced. If the ***newly acquired car*** does not replace ***your car***, such other ***person*** is an ***insured*** only under the coverage applicable to any one vehicle insured by this policy or any other policy issued by us to ***you*** or ***your spouse***. Such ***car*** has to be used within the scope of ***your*** consent.

   Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and
4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in 1., 2., or 3. above.

***Underinsured Motor Vehicle*** means a land motor vehicle:

1. the ownership, maintenance, and use of which is either:
   a. insured or bonded for bodily injury liability at the time of the accident; or
   b. self-insured under any motor vehicle financial responsibility law, any motor carrier law, or any similar law; and
2. for which the total limits of insurance and self-insurance for bodily injury liability from all sources:
   a. are less than the amount of the ***insured's*** damages; or
   b. have been reduced by payments to ***persons*** other than ***you*** and ***resident relatives*** to less than the amount of the ***insured's*** damages.

***Underinsured Motor Vehicle*** does not include a land motor vehicle:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;
2. ***owned by***, rented to, or furnished or available for the regular use of ***you*** or any ***resident relative***;
3. designed for use primarily off public roads except while on public roads;
4. while located for use as a dwelling or other premises; or
5. defined as an ***uninsured motor vehicle*** under Uninsured Motor Vehicle Coverage of this policy.

SAMPLE

**Insuring Agreement – Coverages W and W3**

***We*** will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***underinsured motor vehicle***. The ***bodily injury*** must be:

1. sustained by an ***insured***; and
2. caused by an accident that involves the ownership, maintenance, or use of an ***underinsured motor vehicle*** as a motor vehicle.

***We*** will pay only if the full amount of all available limits of all bodily injury liability bonds, policies, and self-insurance plans that apply to the ***insured's bodily injury*** have been used up by payment of judgments or settlements, or have been offered to the ***insured*** in writing.

The amount ***we*** will pay for damages is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

**Consent to Settlement – Coverages W and W3**

The ***insured*** must inform ***us*** of a settlement offer for the full amount of all available limits proposed by or on behalf of the owner or driver of the ***underinsured motor vehicle***, and the ***insured*** must request ***our*** written consent to accept such settlement offer.

If ***we***:

1. consent in writing, then the ***insured*** may accept such settlement offer.
2. inform the ***insured*** in writing that ***we*** do not consent, then the ***insured*** may not accept such settlement offer and:
   a. ***we*** will make payment to the ***insured*** in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the ***underinsured motor vehicle***; and
   b. any recovery from or on behalf of the owner or driver of the ***underinsured motor vehicle*** shall first be used to repay ***us***.

**Deciding Fault and Amount – Coverages W and W3**

1. a. The ***insured*** and ***we*** must agree to the answers to the following two questions:
      (1) Is the ***insured*** legally entitled to recover compensatory damages from the owner or driver of the ***underinsured motor vehicle***?
      (2) If the ***insured*** and ***we*** agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the ***insured*** is legally entitled to recover from the owner or driver of the ***underinsured motor vehicle***?
   b. If there is no agreement on the answer to either question in 1.a. above, then the ***insured*** shall:
      (1) file a lawsuit, in a state or federal court that has jurisdiction, against:
         (a) ***us***;
         (b) the owner and driver of the ***underinsured motor vehicle*** unless ***we*** have consented to a settlement offer proposed by or on behalf of such owner or driver; and
         (c) any other party or parties who may be legally liable for the ***insured's*** damages;
      (2) consent to a jury trial if requested by ***us***;
      (3) agree that ***we*** may contest the issues of liability and the amount of damages; and
      (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.



SAMPLE

2. ***We*** are not bound by any:
   a. judgment obtained without ***our*** written consent; and
   b. default judgment against any ***person*** or organization other than ***us***.
3. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits – Coverages W and W3**

1. The Underinsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Underinsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".
   a. The most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***, is the lesser of:
      (1) the limit shown under "Each Person"; or
      (2) the amount of all damages resulting from that ***bodily injury*** reduced by the sum of all payments for damages resulting from that ***bodily injury*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***bodily injury***.
   b. Subject to a. above, the most ***we*** will pay for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident is the limit shown under "Each Accident" reduced by the sum of all payments for ***bodily injury*** made to all ***insureds*** by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury***.
2. These Underinsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:
   a. ***insureds***;
   b. claims made; or
   c. ***underinsured motor vehicles*** involved in the accident.

**Limits – Coverage W3**

1. If there is more than one vehicle insured under this policy, the maximum limit of liability available is:
   a. the limit applicable to the vehicle that was involved in the accident while ***occupying your car***;
   b. the limit applicable to the vehicle that was replaced while ***occupying*** a ***newly acquired car*** that replaces ***your car***; or
   c. the limit applicable to any one vehicle insured under this policy while injured as a ***pedestrian*** or injured while ***occupying*** a ***newly acquired car*** that does not replace ***your car***, a ***temporary substitute car***, or a ***non-owned car***.
2. The limits of liability are not increased because more than one vehicle is insured under this policy.

**Nonduplication – Coverages W and W3**

***We*** will not pay under Underinsured Motor Vehicle Coverage any damages that have already been paid to or for the ***insured***:

1. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or
2. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.



SAMPLE

**Exclusions – Coverages W and W3**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY***;
2. FOR PAIN, SUFFERING OR OTHER NONMONETARY DAMAGES SUSTAINED BY AN ***INSURED*** IF THE ***BODILY INJURY*** IS NOT A ***SERIOUS INJURY*** AND THE LIMITATION OF SECTION 1731(d)(2) OF TITLE 75 OF THE PENNSYLVANIA CONSOLIDATED STATUTES APPLIES;
3. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
4. TO THE EXTENT IT BENEFITS:
   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;
   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR
   c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;
5. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR
6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**Exclusions – Coverage W**

THERE IS NO COVERAGE FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY*** THAT ***INSURED*** IF THE VEHICLE IS NOT INSURED FOR UNDERINSURED MOTOR VEHICLE COVERAGE UNDER THIS POLICY OR ANY OTHER POLICY.

**Exclusions – Coverage W3**

THERE IS NO COVERAGE FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***.

This exclusion does not apply to the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured, while ***occupying*** a motor vehicle not ***owned by*** one or both of them.

**If Other Underinsured Motor Vehicle Coverage Applies – Coverage W**

1. If underinsured motor vehicle coverage for ***bodily injury*** is available to an ***insured*** from more than one policy provided by ***us*** or any other insurer, any coverage applicable:
   a. under this policy shall apply on a primary basis if the ***insured*** sustains ***bodily injury*** while not ***occupying*** a motor vehicle or trailer.
   b. to the vehicle covered under this policy which the ***insured*** was ***occupying*** when the ***bodily injury*** was sustained shall apply on a primary basis. Any other coverage provided by this policy shall apply on an excess basis.
   c. under this policy shall apply on an excess basis if the ***insured*** sustains ***bodily injury*** while ***occupying*** a vehicle other than ***your car.***
2. Subject to item 1 above, if this policy and one or more other policies provide coverage for ***bodily injury:***
   a. on a primary basis, ***we*** are liable only for our share. ***Our*** share is that percent of the damages payable on a primary basis that the limit of liability of this coverage bears to the total of all



SAMPLE

applicable underinsured motor vehicle coverage on a primary basis.

b. on an excess basis, ***we*** are liable only for our share. ***Our*** share is that percent of the damages payable on an excess basis that the limit of liability of this coverage bears to the total of all applicable underinsured motor vehicle coverage provided on an excess basis.

**If Other Underinsured Motor Vehicle Coverage Applies – Coverage W3**

1. If Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by one or more of the ***State Farm Companies*** apply to the same ***bodily injury***, then:

   a. the Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

2. The Underinsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***.

   a. If:

      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

   then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

   b. If:

      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

   then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Underinsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

   a. If:

      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

      (2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,



SAMPLE

then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) underinsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options – Coverages W and W3**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

SAMPLE

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";
2. Collision Coverage if "G";
3. Emergency Road Service Coverage if "H";
4. Car Rental and Travel Expenses Coverage if "R1"

to the vehicles for which the corresponding symbols and premiums are shown on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

***Covered Vehicle*** means:

1. ***your car***;
2. a ***newly acquired car***;
3. a ***temporary substitute car***;
4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;
5. a ***non-owned car*** while it is:
   a. being driven by an ***insured***; or
   b. in the custody of an ***insured*** if at the time of the ***loss*** it is:
      (1) not being driven; or
      (2) being driven by a ***person*** other than an ***insured*** and being ***occupied*** by an ***insured***; and

6. a ***non-owned trailer*** and a ***non-owned camper*** while it is being used by an ***insured***;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of ***trailers*** and campers must be securely fixed as a permanent part of the ***trailer*** or camper.

***Daily rental charge*** means the sum of:

1. the daily rental rate;
2. mileage charges; and
3. related taxes.

***Insured*** means ***you*** and ***resident relatives***.

***Loss*** means:

1. direct, sudden, and accidental damage to; or
2. total or partial theft of

a ***covered vehicle***. ***Loss*** does not include any reduction in the value of any ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

***Loss Caused By Collision*** means a ***loss*** caused by:

1. a ***covered vehicle*** hitting or being hit by another vehicle or other object; or
2. the overturning of a ***covered vehicle***.

Any ***loss*** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a ***Loss Caused By Collision***.

***Non-Owned Camper*** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

***Non-Owned Trailer*** means a ***trailer*** that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

**Insuring Agreements**

**1. Comprehensive Coverage**

***We*** will pay:

a. for ***loss***, except ***loss caused by collision***, to a ***covered vehicle***; and
b. transportation expenses incurred by an ***insured*** as a result of the total theft of ***your car*** or a ***newly acquired car***. These transportation expenses are payable:
   (1) during the period that:
      (a) starts on the date ***you*** report the theft to ***us***; and
      (b) ends on the earliest of:
         (i) the date the vehicle is returned to ***your*** possession in a drivable condition;
         (ii) the date ***we*** offer to pay ***you*** for the ***loss*** if the vehicle has not yet been recovered; or

SAMPLE

(iii) the date ***we*** offer to pay ***you*** for the ***loss*** if the vehicle is recovered, but is a total loss as determined by ***us***; and

(2) during the period that:

(a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to ***your*** possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

(b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**2. Collision Coverage**

***We*** will pay for ***loss caused by collision*** to a ***covered vehicle***.

**3. Emergency Road Service Coverage**

***We*** will pay the fair cost incurred by an ***insured*** for:

a. up to one hour of labor to repair a ***covered vehicle*** at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a ***covered vehicle*** is not drivable;

c. towing a ***covered vehicle*** out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a ***covered vehicle*** to driving condition. ***We*** do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a ***covered vehicle*** if its key is lost, stolen, or locked inside the vehicle.

**4. Car Rental and Travel Expenses Coverage**

**a. Car Rental Expense**

***We*** will pay the ***daily rental charge*** incurred when ***you*** rent a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

(1) not drivable; or

(2) being repaired

as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

***We*** will pay the ***daily rental charge*** incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the ***loss***; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date ***we*** offer to pay ***you*** for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

(c) five days after ***we*** offer to pay ***you*** for the ***loss*** if the vehicle is:

(i) a total loss as determined by ***us***; or

(ii) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by ***you*** must be reported to ***us*** before ***we*** will pay such amount.

**b. Travel Expenses**

***We*** will pay expenses for commercial transportation, lodging, and meals if ***your car*** or a ***newly acquired car*** is not

SAMPLE

drivable as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage. The ***loss*** must occur more than 50 miles from ***your*** home. ***We*** will only pay these expenses if they are incurred by:

(1) an ***insured*** during the period that:

(a) starts after the ***loss*** occurs; and

(b) ends on the earlier of:

(i) the ***insured's*** arrival at his or her destination or home if the vehicle is left behind for repairs; or

(ii) the repair of the vehicle if the ***insured*** waits for repairs before continuing on to his or her destination or returning home; and

(2) ***you***, or any ***person you*** choose, to travel to retrieve the vehicle and drive it to either the original destination or ***your*** home if the vehicle was left behind for repairs.

These expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**c. Rental Car – Repayment of Deductible Expense**

***We*** will pay the comprehensive deductible or collision deductible an ***insured*** is required to pay the owner of a ***car*** rented from a ***car business***.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If Symbol "D" is shown on the Declarations Page and the corresponding ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Comprehensive Coverage, or if Symbol "G" is shown on the Declarations Page and the corresponding ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Collision Coverage, then ***we*** will pay reasonable expenses incurred to:

1. tow the ***covered vehicle*** immediately after the ***loss***:

a. for a reasonable distance from the location of the ***loss*** to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable; or

b. to any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***. ***We*** will also pay reasonable expenses incurred to tow the ***covered vehicle*** for a reasonable distance from this facility to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable.

2. store the ***covered vehicle***, if it is not drivable immediately after the ***loss***, at:

a. any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***; and

b. any one repair facility chosen by the owner of the ***covered vehicle***, and ***we*** determine such vehicle is a total loss.

If the owner of the ***covered vehicle*** consents, then ***we*** may move the ***covered vehicle*** at ***our*** expense to reduce storage costs. If the owner of the ***covered vehicle*** does not consent, then ***we*** will pay only the storage costs that would have resulted if ***we*** had moved the damaged ***covered vehicle***; and

3. clean up debris from the ***covered vehicle*** at the location of the ***loss***. The most ***we*** will pay to clean up the debris is $250 for any one ***loss***.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. ***We*** have the right to choose to settle with ***you*** or the owner of the ***covered vehicle*** in one of the following ways:

SAMPLE

a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible.

(1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:

(a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;

(b) A bid or repair estimate approved by ***us***; or

(c) A repair estimate that is written based upon or adjusted to:

(i) the prevailing competitive price;

(ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or

(iii) a combination of (i) and (ii) above.

The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

(2) The cost to repair the ***covered vehicle*** does not include any reduction in the value of the ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

(3) If the repair or replacement of a part results in betterment of that part, then ***you*** or the owner of the ***covered vehicle*** must pay for the amount of the betterment.

(4) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced.

b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible.

(1) The owner of the ***covered vehicle*** and ***we*** must agree upon the actual cash value of the ***covered vehicle***. If there is disagreement as to the actual cash value of the ***covered vehicle***, then the disagreement will be resolved by appraisal upon written request of the owner or ***us***, using the following procedures:

(a) The owner and ***we*** will each select a competent appraiser.

(b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or ***we*** may petition a court that has jurisdiction to select the third appraiser.

(c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred

SAMPLE

by that party. Both parties will share equally the cost of the third appraiser.

(d) The appraisers shall only determine the actual cash value of the ***covered vehicle***. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the ***covered vehicle*** and ***us***.

(f) ***We*** do not waive any of ***our*** rights by submitting to an appraisal.

(2) The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that the owner may keep it. If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the value of the ***covered vehicle*** after the ***loss***.

c. Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.

3. The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

**1. Car Rental Expense**

The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

a. The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***. If:

(1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount;

(2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.

b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

**2. Travel Expenses**

The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

**3. Rental Car – Repayment of Deductible Expense**

The most ***we*** will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one ***loss*** is $500.

**Nonduplication**

***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment from, or on behalf of, a party who is legally liable for the ***loss*** or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:

SAMPLE

a. INTENTIONALLY DAMAGED; OR

b. STOLEN

BY OR AT THE DIRECTION OF AN ***INSURED***;

2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

3. ANY ***COVERED VEHICLE*** WHILE IT IS USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;

4. ANY ***COVERED VEHICLE*** DUE TO:

   a. THEFT;

   b. CONVERSION;

   c. EMBEZZLEMENT; OR

   d. SECRETION

   BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. ***LOSS*** TO ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IF AN ***INSURED*** VOLUNTARILY RELINQUISHES POSSESSION OF THAT ***CAR*** TO A ***PERSON*** OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

6. ANY ***COVERED VEHICLE*** TO THE EXTENT ***OUR*** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR ***LOSS*** TO SUCH ***COVERED VEHICLE***;

7. ***LOSS*** TO ANY ***COVERED VEHICLE*** DUE TO ***FUNGI***. THIS APPLIES REGARDLESS OF WHETHER OR NOT THE ***FUNGI*** RESULT FROM A ***LOSS*** THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. ***WE*** WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF ***FUNGI***, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY ***COVERED VEHICLE*** THAT ARE DUE TO THE EXISTENCE OF ***FUNGI***;

8. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:

   a. NUCLEAR REACTION;

   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;

10. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM WAR OF ANY KIND;

11. ***YOUR CAR*** WHILE SUBJECT TO ANY:

    a. LIEN AGREEMENT;

    b. RENTAL AGREEMENT;

    c. LEASE AGREEMENT; OR

    d. SALES AGREEMENT

    NOT SHOWN ON THE DECLARATIONS PAGE;

12. ANY ***NON-OWNED CAR*** WHILE IT IS:

    a. BEING MAINTAINED OR USED BY ANY ***PERSON*** WHILE THAT ***PERSON*** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A ***CAR BUSINESS***; OR

    b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion (12.b.) does not apply to a ***private passenger car***;

SAMPLE

13. ANY PART OR EQUIPMENT OF A ***COVERED VEHICLE*** IF THAT PART OR EQUIPMENT:
    a. FAILS OR IS DEFECTIVE; OR
    b. IS DAMAGED AS A DIRECT RESULT OF:
        (1) WEAR AND TEAR;
        (2) FREEZING; OR
        (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

    OF THAT PART OR EQUIPMENT.

    This exclusion does not apply if the ***loss*** is the result of theft of the ***covered vehicle***;
14. ANY PART OR EQUIPMENT:
    a. THAT IS NOT LEGAL FOR USE IN OR ON THE ***COVERED VEHICLE*** IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED; OR
    b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE ***COVERED VEHICLE***.

    However, if there is a legal version of the part or equipment that is necessary for the safe operation of the ***covered vehicle***, then ***we*** will pay the cost that ***we*** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. ***We*** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;
15. TIRES. This exclusion does not apply if:
    a. ***loss*** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or
    b. ***loss caused by collision*** to another part of the ***covered vehicle*** causes ***loss*** to tires;
16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;
17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;
18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:
    a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;
    b. ***OWNED BY*** AN ***INSURED***; AND
    c. NOT SHOWN ON THE DECLARATIONS PAGE; OR
19. ANY ***COVERED VEHICLE*** WHILE IT IS:
    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING. This exclusion does not apply if the vehicle is being used in connection with an activity other than racing, high speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.

SAMPLE

2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an ***insured*** by one or more of the ***State Farm Companies*** apply to the same ***loss*** or expense, then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a ***loss*** to ***your car***.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in ***your car***. Coverage for the creditor's interest is only provided for a ***loss*** that is payable to ***you***.

   However, if this policy is cancelled or nonrenewed, then ***we*** will provide coverage for the creditor's interest until ***we*** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a ***loss*** that would have been payable to ***you*** if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date ***we*** mail or electronically transmit a notice of the termination to the creditor. The mailing or electronic transmittal of the notice will be sufficient proof of notice.

2. If ***we*** pay such creditor, then ***we*** are entitled to the creditor's right of recovery against ***you*** to the extent of ***our*** payment. ***Our*** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

**1. Comprehensive Coverage and Collision Coverage**

   a. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle owned by you***:

      (1) ***You***;

      (2) The repairer; or

      (3) A creditor shown on the Declarations Page, to the extent of its interest.

   b. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle*** not ***owned by you***:

      (1) ***You***;

      (2) The owner of such vehicle;

      (3) The repairer; or

      (4) A creditor, to the extent of its interest.



SAMPLE

**2. Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

***We*** may, at ***our*** option, make payment to one or more of the following:

a. ***You***;

b. The ***insured*** who incurred the expense; or

c. Any party that provided the service for which payment is owed.

## INSURED'S DUTIES

**1. Notice to Us of an Accident or Loss**

The ***insured*** must give ***us*** or one of ***our*** agents notice of the accident or ***loss*** as soon as reasonably possible. The notice must give ***us***:

a. ***your*** name;

b. the names and addresses of all ***persons*** involved in the accident or ***loss***;

c. the hour, date, place, and facts of the accident or ***loss***; and

d. the names and addresses of witnesses to the accident or ***loss***.

**2. Notice to Us of a Claim or Lawsuit**

a. If a claim is made against an ***insured***, then that ***insured*** must immediately send ***us*** every demand, notice, and claim received.

b. If a lawsuit is filed against an ***insured***, then that ***insured*** must immediately send ***us*** every summons and legal process received.

**3. Insured's Duty to Cooperate With Us**

a. The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:

(1) making settlements;

(2) securing and giving evidence; and

(3) attending, and getting witnesses to attend, depositions, hearings, and trials.

b. The ***insured*** must not, except at his or her own cost, voluntarily:

(1) make any payment to others; or

(2) assume any obligation to others

unless authorized by the terms of this policy.

c. Any ***person*** or organization making claim under this policy must, when ***we*** require, give ***us*** proof of loss on forms ***we*** furnish. This does not apply under the First Party Coverages if ***we*** fail to supply the forms within 10 days after receiving the notice of claim.

**4. Questioning Under Oath**

Under:

a. Liability Coverage, each ***insured***;

b. First Party Coverages, Uninsured Motor Vehicle Coverages, and Underinsured Motor Vehicle Coverages, each ***insured***, or any other ***person*** or organization making claim or seeking payment; and

c. Physical Damage Coverages, each ***insured*** or owner of a ***covered vehicle***, or any other ***person*** or organization making claim or seeking payment;

must, at ***our*** option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as ***we*** require. Such ***person*** or organization must answer questions under oath, asked by

SAMPLE

anyone ***we*** name, and sign copies of the answers. ***We*** may require each ***person*** or organization answering questions under oath to answer the questions with only that ***person's*** or organization's legal representative, ***our*** representatives, any ***person*** or ***persons*** designated by ***us*** to record the questions and answers, and no other ***person*** present.

**5. Other Duties Under the Physical Damage Coverages**

When there is a ***loss***, ***you*** or the owner of the ***covered vehicle*** must:

a. protect the ***covered vehicle*** from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

b. make a prompt report to the police when the ***loss*** is the result of theft;

c. allow ***us*** to:

(1) inspect any damaged property before its repair or disposal;

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the ***covered vehicle*** at ***our*** expense in order to conduct such inspection or testing;

d. provide ***us*** all:

(1) records;

(2) receipts; and

(3) invoices

that ***we*** request and allow ***us*** to make copies; and

e. not abandon the ***covered vehicle*** to ***us***.

**6. Other Duties Under First Party Coverages, Uninsured Motor Vehicle Coverages, and Underinsured Motor Vehicle Coverages**

A ***person*** making claim under:

a. First Party Coverages, Uninsured Motor Vehicle Coverages, and Underinsured Motor Vehicle Coverages must notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;

b. First Party Coverages must authorize ***us*** to obtain all medical bills, reports, and records. If the ***person*** is dead or unable to act, his or her legal representative shall give ***us*** the authorization;

c. Uninsured Motor Vehicle Coverages and Underinsured Motor Vehicle Coverages must:

(1) be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request;

(2) provide written authorization for ***us*** to obtain:

(a) medical bills;

(b) medical records;

(c) wage, salary, employment, tax, business, and financial information; and

(d) any other information ***we*** deem necessary to substantiate the claim.

If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request



SAMPLE

the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***; and

(3) allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident;

(4) send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files a lawsuit against the party liable for the accident; and

d. Uninsured Motor Vehicle Coverages must report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police as soon as practicable and to ***us*** within 30 days or as soon as practicable.

## GENERAL TERMS

**1. When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

**2. Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

**3. Newly Owned or Newly Leased Car**

If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

a. request ***we*** replace a ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

(1) before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

(2) after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date; or

b. apply to the ***State Farm Companies*** for separate coverage to insure the ***car*** newly ***owned by you***. Such coverage will be provided only if both the applicant and the vehicle are eligible for coverage at the time of the application.



SAMPLE

**4. Changes to This Policy**

**a. Changes in Policy Provisions**

***We*** may only change the provisions of this policy by:

(1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

(2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then ***we*** will give ***you*** the broader coverage as of the date ***we*** make the change effective in the state of Pennsylvania without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

**b. Change of Interest**

(1) No change of interest in this policy is effective unless ***we*** consent in writing.

(2) Except under Death, Dismemberment and Loss of Sight Coverage, if a named insured dies, then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

(a) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured.

This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

Policy notice requirements are met by mailing the notice to the deceased named insured's last known address.

**c. Joint and Individual Interests**

If ***you*** consists of more than one ***person*** or entity, then each acts for all to change or cancel the policy.

**5. Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the ***State Farm Companies*** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. The premium for this policy may vary based upon the purchase of other insurance from the ***State Farm Companies***.

d. The premium for this policy is based upon information ***we*** have received from ***you*** or other sources. ***You*** must inform ***us*** if any information regarding the following is incorrect or incomplete, or changes during the policy period, and ***you*** must answer questions ***we*** ask regarding the following:

(1) ***Your car***, or its use, including annual mileage;

(2) The ***persons*** who regularly drive ***your car***, including newly licensed family members;

(3) ***Your*** marital status; or

(4) The location where ***your car*** is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete,



SAMPLE

changes during the policy period, or is not provided to ***us*** when ***we*** ask, then ***we*** may decrease or increase the premium during the policy period. If ***we*** decrease the premium during the policy period, then ***we*** will provide a refund or a credit in the amount of the decrease. If ***we*** increase the premium during the policy period, then ***you*** must pay the amount of the increase.

**6. Renewal**

***We*** agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless ***we*** mail or deliver a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

**7. Nonrenewal**

If ***we*** decide not to renew this policy:

a. because a named insured's driver's license or motor vehicle registration has been under suspension or revocation during the policy period, then at least 15 days before the end of the current policy period; or

b. for any other reason, then at least 60 days before the end of the current policy period

***we*** will mail or deliver a nonrenewal notice to the most recent address provided to ***us*** by ***you*** as the policy address. The mailing of the notice will be sufficient proof of notice.

**8. Cancellation**

**a. How You May Cancel**

***You*** may cancel this policy by providing to ***us*** advance notice of the date cancellation is effective. ***We*** may confirm the cancellation in writing.

**b. How and When We May Cancel**

***We*** may cancel this policy by mailing or delivering a written notice to the most recent address provided to ***us*** by ***you*** as the policy address. The notice will provide the date cancellation is effective.

The mailing of the notice will be sufficient proof of notice.

(1) If ***we*** mail or deliver a cancellation notice:

(a) during the first 59 days following this policy's effective date; or

(b) because the premium is not paid when due or a named insured's driver's license or motor vehicle registration has been under suspension or revocation during the policy period

then the date cancellation is effective will be at least 15 days after the date ***we*** mail or deliver the cancellation notice.

(2) If ***we*** mail or deliver a cancellation notice after this policy has been in force for more than 59 days and because the insured has misrepresented or concealed facts material to ***our*** acceptance of the risk, then the date cancellation is effective will be at least 60 days after the date ***we*** mail or deliver the cancellation notice.

(3) After this policy has been in force for more than 59 days, ***we*** will not cancel this policy before the end of the current policy period unless:

(a) the premium is not paid when due;

(b) a named insured has had his or her driver's license or motor vehicle registration under suspension or revocation during the policy period. If ***we*** cancel this policy solely because a named insured's driver's license was suspended or revoked due to such named

SAMPLE

insured's failure to respond to a citation, ***we*** will reinstate this policy to provide continuous coverage if ***you*** furnish to ***us***, before the cancellation effective date, proof that such named insured has:

(i) responded to all citations; and

(ii) paid all fines and penalties in connection with them; or

(c) the insured has misrepresented or concealed facts material to ***our*** acceptance of the risk.

**c. Return of Unearned Premium**

If ***you*** cancel this policy, then premium may be earned on a short rate basis. If ***we*** cancel this policy, then premium will be earned on a pro rata basis.

Any unearned premium will be returned at the time of cancellation or within:

(1) 30 days after ***we*** cancel this policy; or

(2) a reasonable time after cancellation if ***you*** cancel this policy.

Delay in the return of any unearned premium does not affect the cancellation date.

**9. Assignment**

No assignment of benefits or other transfer of rights is binding upon ***us*** unless approved by ***us***.

**10. Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the ***insured*** or his or her estate will not relieve ***us*** of ***our*** obligations under this policy.

**11. Concealment or Fraud**

There is no coverage under this policy if ***you*** or any other ***person*** insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

**12. Our Right to Recover Our Payments**

Death, Dismemberment and Loss of Sight Coverage payments are not recoverable by ***us***. Under all other coverages the following apply:

**a. Subrogation**

If ***we*** are obligated under this policy to make payment to or for a ***person*** or organization who has a legal right to collect from another ***person*** or organization, then ***we*** will be subrogated to that right to the extent of ***our*** payment.

The ***person*** or organization to or for whom ***we*** make payment must help ***us*** recover ***our*** payments by:

(1) doing nothing to impair that legal right;

(2) executing any documents ***we*** may need to assert that legal right; and

(3) taking legal action through ***our*** representatives when ***we*** ask.

**b. Reimbursement**

If ***we*** make payment under this policy and the ***person*** or organization to or for whom ***we*** make payment recovers or has recovered from another ***person*** or organization, then the ***person*** or organization to or for whom ***we*** make payment must:

(1) hold in trust for ***us*** the proceeds of any recovery; and

(2) reimburse ***us*** to the extent of ***our*** payment.

**13. Legal Action Against Us**

Legal action may not be brought against ***us*** until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against ***us*** regarding:

SAMPLE

a. Liability Coverage after the amount of damages an ***insured*** is legally liable to pay has been finally determined by:

   (1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

   (2) agreement between the claimant and ***us***.

b. Uninsured Motor Vehicle Coverages and Underinsured Motor Vehicle Coverages if the ***insured*** or that ***insured's*** legal representative within two years immediately following the date of the accident:

   (1) presents either an Uninsured Motor Vehicle Coverage claim or an Underinsured Motor Vehicle Coverage claim to ***us***; and

   (2) files a lawsuit in accordance with the **Deciding Fault and Amount** provision of the involved coverage.

   Except as provided in c.(2) above, no other legal action may be brought against ***us*** relating to Uninsured Motor Vehicle Coverages or Underinsured Motor Vehicle Coverages for any other causes of action that arise out of or are related to these coverages until there has been full compliance with the provisions titled **Consent to Settlement** and **Deciding Fault and Amount**.

c. Physical Damage Coverages if the legal action relating to these coverages is brought against ***us*** within one year immediately following the date of the accident or ***loss***.

**14. Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. Pennsylvania will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

   (1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

   (2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

**15. Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

SAMPLE

SAMPLE

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See "INSURED'S DUTIES" in this policy booklet.)

Georgia-South Carolina Office
11350 Johns Creek Parkway
Duluth, GA 30098-0001
Phone: (770) 418-5000

# State Farm® **Car Policy** Booklet

**South Carolina**
Policy Form 9840A

## CONTENTS


**THIS POLICY** .......... 3

**DEFINITIONS** .......... 4

**LIABILITY COVERAGE** .......... 6

- Additional Definition .......... 6
- Insuring Agreement .......... 7
- Supplementary Payments .......... 7
- Limits .......... 8
- Nonduplication .......... 8
- Exclusions .......... 8
- If Other Liability Coverage Applies .......... 10
- Required Out-of-State Liability Coverage .. 11
- Financial Responsibility Certification .......... 11

**PERSONAL INJURY PROTECTION** .......... 11

- Additional Definitions .......... 11
- Insuring Agreement .......... 12
- Determining Medical Expenses .......... 13
- Arbitration .......... 13
- Limits .......... 13
- Exclusions .......... 14
- If Other Personal Injury Protection Coverage or Similar Vehicle Insurance Applies .......... 15
- Workers' Compensation Coordination .......... 16
- Our Payment Options .......... 16

**MEDICAL PAYMENTS COVERAGE** .......... 17

- Additional Definitions .......... 17
- Insuring Agreement .......... 18
- Determining Medical Expenses .......... 18
- Arbitration .......... 18
- Limit .......... 19
- Exclusions .......... 19
- If Other Medical Payments Coverage or Similar Vehicle Insurance Applies .......... 20
- Our Payment Options .......... 21

**UNINSURED MOTOR VEHICLE COVERAGE** .......... 21

- Additional Definitions .......... 21
- Insuring Agreement .......... 22
- Our Right to Defend .......... 22
- Limits .......... 22
- Nonduplication .......... 22
- Exclusions .......... 23
- If Other Uninsured Motor Vehicle Coverage Applies .......... 23
- Our Payment Options .......... 24

**UNDERINSURED MOTOR VEHICLE COVERAGE** .......... 25

- Additional Definitions .......... 25
- Insuring Agreement .......... 25
- Our Right to Defend .......... 25
- Limits .......... 25
- Nonduplication .......... 26
- Exclusions .......... 26
- If Other Underinsured Motor Vehicle Coverage Applies .......... 27
- Our Payment Options .......... 28

**PHYSICAL DAMAGE COVERAGES** .......... 28

- Additional Definitions .......... 28
- Insuring Agreements .......... 29
- Supplementary Payments – Comprehensive Coverage and Collision Coverage .......... 31
- Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage .......... 31
- Limits – Car Rental and Travel Expenses Coverage .......... 33
- Nonduplication .......... 33
- Exclusions .......... 33
- If Other Physical Damage Coverage or Similar Coverage Applies .......... 35
- Financed Vehicle .......... 36
- Our Payment Options .......... 36

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE** .......... 37

- Additional Definition .......... 37
- Insuring Agreement .......... 37
- Benefit .......... 37
- Exclusions .......... 38
- Our Payment Options .......... 38

**INSURED'S DUTIES** ... 39
Notice to Us of an Accident or Loss ... 39
Notice to Us of a Claim or Lawsuit ... 39
Insured's Duty to Cooperate With Us ... 39
Questioning Under Oath ... 39
Other Duties Under the Physical Damage Coverages ... 39
Other Duties Under Personal Injury Protection Coverage, Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, and Death, Dismemberment and Loss of Sight Coverage ... 40
**GENERAL TERMS** ... 41
When Coverage Applies ... 41
Where Coverage Applies ... 41
Newly Owned or Newly Leased Car ... 41
Changes to This Policy ... 42
Premium ... 43
Renewal ... 43
Nonrenewal ... 43
Cancellation ... 43
Assignment ... 44
Bankruptcy or Insolvency of the Insured ... 44
Concealment or Fraud ... 44
Our Right to Recover Our Payments ... 44
Legal Action Against Us ... 45
Choice of Law ... 45
Severability ... 45
Conformity to Law ... 45

## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.
2. This policy contains all of the agreements between all named insureds who are shown on the Declarations Page and all applicants and:
   a. ***us***; and
   b. any of ***our*** agents.
3. ***We*** agree to provide insurance according to the terms of this policy:
   a. based on payment of premium for the coverages chosen; and
   b. unless otherwise stated in "EXCEPTIONS, POLICY BOOKLET, & ENDORSEMENTS" on the Declarations Page, in reliance on the following statements:
      (1) The named insured shown on the Declarations Page is the sole owner of ***your car***.
      (2) Neither ***you*** nor any member of ***your*** household has, within the past three years, had:
         (a) vehicle insurance canceled or nonrenewed by an insurer; or
         (b) either:
            (i) a license to drive; or
            (ii) a vehicle registration
         suspended, revoked, or refused.

(3) ***Your car*** is used for pleasure and business.

4. All named insureds shown on the Declarations Page and all applicants agree by acceptance of this policy that:

   a. the statements in 3.b. above are made by such named insured or applicant and are true; and

   b. ***we*** provide this insurance on the basis those statements are true.

5. ***Your*** purchase of this policy may allow ***you*** to purchase certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other policies from the ***State Farm Companies***, subject to their applicable eligibility rules.

## DEFINITIONS

***We*** define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, possessive, and any other form of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. ***Car*** does not include:

1. Any vehicle while located for use as a dwelling or other premises; or
2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

***Financial Responsibility Act*** means the Motor Vehicle Financial Responsibility Act of South Carolina.

***Fungi*** means any type or form of fungus or fungi and includes:

1. Mold;
2. Mildew; and
3. Any of the following that are produced or released by fungi:
   a. Mycotoxins;
   b. Spores;
   c. Scents; or
   d. Byproducts.

***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
2. the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***:
   a. ***you***;
   b. any ***resident relative***;
   c. any other ***person*** who resides primarily in ***your*** household; or
   d. an employer of any ***person*** described in a., b., or c. above; nor
2. has been operated by, rented by, or in the possession of:
   a. ***you***; or
   b. any ***resident relative***

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or ***loss***.

***Occupying*** means in, on, entering, or exiting.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;
2. registered to; or
3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Pedestrian*** means a ***person*** who is not ***occupying***:

1. a motorized vehicle; or
2. a vehicle designed to be pulled by a motorized vehicle.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or
2. a pickup truck, van, minivan, or sport utility vehicle:
   a. that is not used for:
      (1) wholesale; or
      (2) retail

      pickup or delivery; and
   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Resident Relative*** means a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or
2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;
2. State Farm Fire and Casualty Company; and
3. Subsidiaries or affiliates of either 1. or 2. above.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. damage; or
   e. theft; and
2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. a trailer:
   a. designed to be pulled by a ***private passenger car***;
   b. not designed to carry ***persons***; and
   c. while not used as premises for office, store, or display purposes; or
2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page. ***Your car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under "YOUR CAR", and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;
2. the date this policy is no longer in force; or
3. the date ***you*** no longer own or lease the ***car*** being replaced.

## LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***trailer***; and
   b. the maintenance or use of:
      (1) a ***non-owned car***; or
      (2) a ***temporary substitute car***;
2. the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished by an employer to, a ***person*** who resides primarily in ***your*** household, but only if such ***car*** is neither ***owned by***, nor furnished by an employer to, the first ***person*** shown as a named insured on the Declarations Page or that ***person's*** spouse;
3. any other ***person*** for his or her use of:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used with the expressed or implied consent of ***you***; and
4. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., or 3. above, but only for such vicarious liability. This

provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. ***We*** will pay:
   a. damages an ***insured*** becomes legally liable to pay because of:
      (1) ***bodily injury*** to others; and
      (2) damage to property

      caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy;
   b. attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages; and
   c. court costs charged to an ***insured*** and resulting from that part of a lawsuit:
      (1) that seeks damages payable under this policy's Liability Coverage; and
      (2) against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

   ***We*** have no duty to pay attorney fees and court costs incurred after ***we*** deposit in court or pay the amount due under this policy's Liability Coverage.
2. ***We*** have the right to:
   a. investigate, negotiate, and settle any claim or lawsuit;
   b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and
   c. appeal any award or legal decision

   for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the ***insured*** that accrues:
   a. before a judgment, where owed by law, but only on that part of the judgment ***we*** pay; and
   b. after a judgment. ***We*** will not pay interest on damages paid or payable by a party other than the ***insured*** or ***us***.

   ***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;
2. Premiums for bonds, provided by a company chosen by ***us***, required to appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:
   a. pay for bonds that exceed this policy's applicable Liability Coverage limit;
   b. furnish or apply for any bonds; or
   c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and
3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:
   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:
      (1) an arbitration;
      (2) a mediation; or
      (3) a trial of a lawsuit; and
   b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

**Limits**

1. The Liability Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."
   a. The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident. "***Bodily injury*** to any one ***person"*** includes all injury and damages to other ***persons*** resulting from that ***bodily injury,*** and all emotional distress resulting from that ***bodily injury*** sustained by other ***persons*** who do not sustain that ***bodily injury***.
   b. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***persons*** injured in the same accident.
2. The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.
3. These Liability Coverage limits are the most ***we*** will pay regardless of the number of:
   a. ***insureds***;
   b. claims made;
   c. vehicles insured; or
   d. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay any damages or expenses under Liability Coverage that have already been paid under Uninsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. TO THE EXTENT THE LIABILITY COVERAGE LIMITS OF THIS POLICY EXCEED THE LIABILITY COVERAGE LIMITS REQUIRED BY THE ***FINANCIAL RESPONSIBILITY ACT*** IF SUCH ***INSURED*** INTENTIONALLY CAUSES ***BODILY INJURY*** OR DAMAGE TO PROPERTY;
2. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;
3. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;
4. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion does not apply to ***you*** and ***resident relatives*** who are legally liable for ***bodily injury*** to fellow employees;
5. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
7. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH

THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:

a. ***you***;

b. any ***resident relative***; or

c. any agent, employee, or business partner of ***you*** or any ***resident relative***; or

d. any ***person*** other than a ***person*** described in a., b., or c. above up to the liability coverage limits required by the ***Financial Responsibility Act***;

while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;

8. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE. This exclusion does not apply up to the liability coverage limits required by the ***Financial Responsibility Act*** while an ***insured*** is valet parking ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;

9. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;

10. FOR DAMAGE TO PROPERTY WHILE IT IS:

    a. ***OWNED BY***;

    b. RENTED TO;

    c. USED BY;

    d. IN THE CARE OF; OR

    e. TRANSPORTED BY

    ***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to damage to a:

    a. motor vehicle ***owned by*** the employer of ***you*** or any ***resident relative*** if such damage is caused by an ***insured*** while operating another motor vehicle;

    b. residence while rented to or leased to an ***insured***; or

    c. private garage while rented to or leased to an ***insured***;

11. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;

12. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;

13. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;

14. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:

    a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (14.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving.

    This exclusion (14.) does not apply to ***your car*** up to the liability coverage limits required by the ***Financial Responsibility Act***; OR

15. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

1. If Liability Coverage provided by this policy and one or more other Car Policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same accident, then:
   a. the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of ***your car*** or a ***trailer*** attached to it.
   a. If:
      (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as primary coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as primary coverage.
   b. If:
      (1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as primary coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.
3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.
   a. If:
      (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as excess coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as excess coverage.
   b. If:
      (1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as excess coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an ***insured*** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and
2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

## PERSONAL INJURY PROTECTION COVERAGE

This policy provides Personal Injury Protection Coverage if "P" with a number beside it is shown under "SYMBOLS" on the Declarations Page. "P" with a number beside it is ***your*** "coverage symbol".

Check ***your*** coverage symbol with the **Schedule** in the provision titled **Limits** for the choice of coverage ***you*** made.

**Additional Definitions**

***Insured*** means:

1. ***you*** and ***resident relatives***:
   a. while ***occupying*** a ***motor vehicle*** other than a motorcycle; or
   b. if struck as a ***pedestrian*** by a ***motor vehicle***; or
2. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used with the expressed or implied consent of ***you***.

***Medical Expenses*** mean ***reasonable expenses*** for ***medical services***.

***Medical Services*** mean treatments, procedures, products, and other services that are:

1. necessary to achieve maximum medical improvement for the ***bodily injury***;
2. rendered by a healthcare provider:
   a. who is licensed as a healthcare provider if a license is required by law; and
   b. within the legally authorized scope of that healthcare provider's practice;
3. commonly and customarily recognized throughout the medical profession and

within the United States of America as appropriate for the treatment of the ***bodily injury***;

4. primarily designed to serve a medical purpose;
5. not experimental; and
6. not for research purposes.

***Motor Vehicle*** means a vehicle or trailer of a kind required to be registered under South Carolina law.

***Reasonable Expenses*** mean the lowest one of the following charges:

1. The usual and customary fees charged by a majority of healthcare providers who provide similar ***medical services*** in the geographical area in which the charges were incurred;
2. The fee specified in any fee schedule:
   a. applicable to medical payments coverage, no-fault coverage, or personal injury protection coverage included in motor vehicle liability policies issued in the state where ***medical services*** are provided; and
   b. as prescribed or authorized by the law of the state where ***medical services*** are provided;
3. The fees agreed to by both the ***insured's*** healthcare provider and ***us***; or
4. The fees agreed upon between the ***insured's*** healthcare provider and a third party when ***we*** have a contract with such third party.

**Insuring Agreement**

**Medical Expenses** and **Funeral Expenses** apply to all Personal Injury Protection Coverages. **Loss of Income** and **Essential Services Expenses** apply only to coverages with coverage symbol P1, P2, P3, P4, P5, P6, and P7.

1. **Medical Expenses**

   ***We*** will pay ***medical expenses*** incurred because of ***bodily injury*** that is sustained by an ***insured*** and caused by accident resulting from the maintenance or use of a ***motor vehicle*** as a vehicle if:

   a. that ***insured*** is first provided ***medical services*** within one year immediately following the date of the accident; and
   b. such ***medical expenses*** are for ***medical services*** that are provided within three years immediately following the date of the accident.

2. **Funeral Expenses**

   ***We*** will pay funeral expenses incurred for an ***insured*** who dies within three years immediately following the date of a ***motor vehicle*** accident if the death is a direct result of ***bodily injury*** sustained in such accident.

3. **Loss of Income**

   ***We*** will pay 85% of an ***insured's*** actual loss of earnings from work due to ***bodily injury*** that is sustained by an ***insured*** and caused by a ***motor vehicle*** accident. This applies only if the ***insured*** was receiving earnings from work at the time of the accident. The loss must be incurred within three years of the date of the accident and while the ***insured*** is living.

4. **Essential Services Expenses**

   ***We*** will pay reasonable expenses incurred for needed services the ***insured*** would have done for his or her family, but is unable to do because of ***bodily injury*** that is sustained by that ***insured*** and caused by a ***motor vehicle*** accident. This benefit applies only if the ***insured*** was not receiving earnings from work at the time of the accident. The expense must be incurred within three years of the date of the accident and while the ***insured*** is living.

**Determining Medical Expenses**

***We*** have the right to:

1. obtain and use:
   a. utilization reviews;
   b. peer reviews; and
   c. medical bill reviews

   to determine if the incurred charges are ***medical expenses***;
2. use a medical examination of the ***insured*** to determine if:
   a. the ***bodily injury*** was caused by a ***motor vehicle*** accident; and
   b. the expenses incurred are ***medical expenses;*** and
3. enter into a contract with a third party that has an agreement with the ***insured's*** healthcare provider to charge fees as determined by that agreement.

**Arbitration**

1. If there is a disagreement as to:
   a. whether incurred charges are ***medical expenses***; or
   b. the amount due under this coverage for Funeral Expenses, Loss of Income, or Essential Services Expenses

   then the disagreement will be resolved by arbitration upon written request of the ***insured*** or ***us***.
2. The arbitration will take place in the county in which the ***insured*** resides unless the parties agree to another location.

   The ***insured*** and ***we*** will each select a competent arbitrator. These two arbitrators will select a third competent arbitrator. If they are unable to agree on the third arbitrator within 30 days, then either the ***insured*** or ***we*** may petition a court that has jurisdiction to select the third arbitrator.

   Each party will pay the cost of its own arbitrator, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third arbitrator.
3. The arbitrators shall only decide whether incurred charges are ***medical expenses*** and the amount due under this coverage for Funeral Expenses, Loss of Income, or Essential Services Expenses. Arbitrators shall have no authority to decide any other questions of fact, decide any questions of law, or conduct arbitration on a class-wide or class-representative basis.
4. A written decision that is both agreed upon by and signed by any two arbitrators, and that also contains an explanation of how they arrived at their decision, will be binding on:
   a. ***us***;
   b. the ***insured***;
   c. any assignee of the ***insured***; and
   d. any ***person*** or organization with whom the ***insured*** expressly or impliedly contracts for ***medical services***, funeral services, or essential services.
5. Subject to 1., 2., 3., and 4. above, state court rules governing procedure and admission of evidence will be used.
6. ***We*** do not waive any of ***our*** rights by submitting to arbitration.

**Limits**

1. The most ***we*** will pay is the amount shown under "Aggregate Limit" in the **Schedule** for ***your*** coverage symbol. This limit is the most ***we*** will pay for all loss and expense combined, incurred by or on behalf of any one ***insured*** as a result of any one accident, regardless of the number of:
   a. insureds;
   b. claims made;
   c. vehicles insured; or
   d. vehicles involved in the accident.
2. Subject to the aggregate limit shown in the **Schedule** for ***your*** coverage symbol, the most ***we*** will pay for funeral expenses incurred for any one ***insured*** is $3,000.

3. **Schedule**

| Coverage Symbol | Medical Expenses | Funeral Expenses | Loss of Income | Essential Services Expenses | Aggregate Limit |
|---|---|---|---|---|---|
| P1 | Yes | Yes | Yes | Yes | $1,000 |
| P2 | Yes | Yes | Yes | Yes | $1,500 |
| P3 | Yes | Yes | Yes | Yes | $2,000 |
| P4 | Yes | Yes | Yes | Yes | $2,500 |
| P5 | Yes | Yes | Yes | Yes | $5,000 |
| P6 | Yes | Yes | Yes | Yes | $10,000 |
| P7 | Yes | Yes | Yes | Yes | $25,000 |
| P8 | Yes | Yes | No | No | $1,000 |
| P9 | Yes | Yes | No | No | $1,500 |
| P10 | Yes | Yes | No | No | $2,000 |
| P11 | Yes | Yes | No | No | $2,500 |
| P12 | Yes | Yes | No | No | $5,000 |
| P13 | Yes | Yes | No | No | $10,000 |
| P14 | Yes | Yes | No | No | $25,000 |

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO INTENTIONALLY CAUSES AN ACCIDENT WHICH RESULTS IN THAT ***INSURED'S BODILY INJURY***;
2. WHILE VOLUNTARILY ***OCCUPYING*** A ***MOTOR VEHICLE*** KNOWN BY THAT ***PERSON*** TO BE STOLEN;
3. WHILE COMMITTING A FELONY;
4. WHILE ATTEMPTING TO ELUDE A POLICE OFFICER;
5. WHILE ***OCCUPYING***, USING, OR MAINTAINING A MOTORCYCLE;
6. WHO IS EITHER ***OCCUPYING*** OR STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE, ***OWNED BY*** THAT ***INSURED***, ***YOU***, OR ANY ***RESIDENT RELATIVE*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***;
7. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
8. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to:
   a. the use of a ***private passenger car*** on a share-the-expense basis; or
   b. an ***insured*** while ***occupying*** a ***non-owned car*** as a passenger;
9. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***;
   b. any ***resident relative***; or
   c. any agent, employee, or business partner of a. or b. above

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;

10. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
11. WHILE MAINTAINING OR USING A ***NON-OWNED CAR*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
12. WHO IS EITHER ***OCCUPYING*** OR STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT:
    a. IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS;
    b. RUNS ON RAILS OR CRAWLER-TREADS; OR
    c. IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES;
13. WHOSE ***BODILY INJURY*** RESULTS FROM WAR OF ANY KIND;
14. WHOSE ***BODILY INJURY*** RESULTS FROM:
    a. NUCLEAR REACTION;
    b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
    c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
15. WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
16. WHOSE ***BODILY INJURY*** RESULTS FROM EXPOSURE TO ***FUNGI***; OR
17. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS:
    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (17.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving.

**If Other Personal Injury Protection Coverage or Similar Vehicle Insurance Applies**

1. An ***insured*** shall not recover for the same expense or loss under both this coverage and other similar vehicle insurance.
2. If Personal Injury Protection Coverage is provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:
    a. the Personal Injury Protection Coverage limits of such policies shall not be added together to determine the most that may be paid; and
    b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
3. The Personal Injury Protection Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car*** or a ***trailer*** attached to it.
    a. If:
        (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Personal Injury Protection Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and
        (2) personal injury protection coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then ***we*** will pay the proportion of expenses or loss payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other personal injury protection coverage or similar vehicle insurance that apply as primary coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Personal Injury Protection Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and

(2) personal injury protection coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of expenses or loss payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other personal injury protection coverage or similar vehicle insurance that apply as primary coverage.

4. Except as provided in 3. above, the Personal Injury Protection Coverage provided by this policy applies as excess coverage, but only in the amount by which the limits of this coverage exceed the primary coverage.

a. If:

(1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Personal Injury Protection Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

(2) personal injury protection coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of expenses or loss payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other personal injury protection coverage or similar vehicle insurance that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Personal Injury Protection Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

(2) personal injury protection coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of expenses or loss payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above bears to the sum of such amount and the limits of all other personal injury protection coverage or similar vehicle insurance that apply as excess coverage.

**Workers' Compensation Coordination**

Any Personal Injury Protection Coverage provided by this policy applies as excess over any benefits recovered under any workers' compensation law or any other similar law.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;

3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***;
4. A ***person*** authorized by law to receive such payment; or
5. Any ***person*** or organization that provides the ***medical services***, funeral services, or other services payable under this coverage.

## MEDICAL PAYMENTS COVERAGE

This policy provides Medical Payments Coverage if "C" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you*** and ***resident relatives***:
   a. while ***occupying***:
      (1) ***your car***;
      (2) a ***newly acquired car***;
      (3) a ***temporary substitute car***;
      (4) a ***non-owned car***; or
      (5) a ***trailer*** while attached to a ***car*** described in (1), (2), (3), or (4) above; or
   b. if struck as a ***pedestrian*** by a motor vehicle or any type of trailer; and
2. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used with the expressed or implied consent of ***you***.

***Medical Expenses*** mean ***reasonable expenses*** for ***medical services***.

***Medical Services*** mean treatments, procedures, products, and other services that are:

1. necessary to achieve maximum medical improvement for the ***bodily injury***;
2. rendered by a healthcare provider:
   a. who is licensed as a healthcare provider if a license is required by law; and
   b. within the legally authorized scope of that healthcare provider's practice;
3. commonly and customarily recognized throughout the medical profession and within the United States of America as appropriate for the treatment of the ***bodily injury***;
4. primarily designed to serve a medical purpose;
5. not experimental; and
6. not for research purposes.

***Reasonable Expenses*** mean the lowest one of the following charges:

1. The usual and customary fees charged by a majority of healthcare providers who provide similar ***medical services*** in the geographical area in which the charges were incurred;
2. The fee specified in any fee schedule:
   a. applicable to medical payments coverage, no-fault coverage, or personal injury protection coverage included in motor vehicle liability policies issued in the state where ***medical services*** are provided; and
   b. as prescribed or authorized by the law of the state where ***medical services*** are provided;
3. The fees agreed to by both the ***insured's*** healthcare provider and ***us***; or

4. The fees agreed upon between the ***insured's*** healthcare provider and a third party when ***we*** have a contract with such third party.

**Insuring Agreement**

***We*** will pay:

1. ***medical expenses*** incurred because of ***bodily injury*** that is sustained by an ***insured*** and caused by accident resulting from the maintenance or use of a motor vehicle as a vehicle if:
   a. that ***insured*** is first provided ***medical services*** within one year immediately following the date of the accident; and
   b. such ***medical expenses*** are for ***medical services*** that are provided within three years immediately following the date of the accident; and
2. funeral expenses incurred for an ***insured*** who dies within three years immediately following the date of a motor vehicle accident if the death is a direct result of ***bodily injury*** sustained in such accident.

**Determining Medical Expenses**

***We*** have the right to:

1. obtain and use:
   a. utilization reviews;
   b. peer reviews; and
   c. medical bill reviews

   to determine if the incurred charges are ***medical expenses***;
2. use a medical examination of the ***insured*** to determine if:
   a. the ***bodily injury*** was caused by a motor vehicle accident; and
   b. the expenses incurred are ***medical expenses;*** and
3. enter into a contract with a third party that has an agreement with the ***insured's*** healthcare provider to charge fees as determined by that agreement.

**Arbitration**

1. If there is a disagreement as to whether incurred charges are ***medical expenses***, then the disagreement will be resolved by arbitration upon written request of the ***insured*** or ***us***.
2. The arbitration will take place in the county in which the ***insured*** resides unless the parties agree to another location.

   The ***insured*** and ***we*** will each select a competent arbitrator. These two arbitrators will select a third competent arbitrator. If they are unable to agree on the third arbitrator within 30 days, then either the ***insured*** or ***we*** may petition a court that has jurisdiction to select the third arbitrator.

   Each party will pay the cost of its own arbitrator, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third arbitrator.
3. The arbitrators shall only decide whether incurred charges are ***medical expenses***. Arbitrators shall have no authority to decide any other questions of fact, decide any questions of law, or conduct arbitration on a class-wide or class-representative basis.
4. A written decision that is both agreed upon by and signed by any two arbitrators, and that also contains an explanation of how they arrived at their decision, will be binding on:
   a. ***us***;
   b. the ***insured***;
   c. any assignee of the ***insured***; and
   d. any ***person*** or organization with whom the ***insured*** expressly or impliedly contracts for ***medical services***.
5. Subject to 1., 2., 3., and 4. above, state court rules governing procedure and admission of evidence will be used.
6. ***We*** do not waive any of ***our*** rights by submitting to arbitration.

**Limit**

The Medical Payments Coverage limit is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person". This limit is the most ***we*** will pay for the ***medical expenses*** and funeral expenses combined, incurred by or on behalf of any one ***insured*** as a result of any one accident, regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

Subject to the limit shown on the Declarations Page, the most ***we*** will pay for funeral expenses incurred for any one ***insured*** is $3,000.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A MOTOR VEHICLE, ***OWNED BY*** THAT ***INSURED*** OR ***YOU***, IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***;
2. IF ANY WORKERS' COMPENSATION LAW OR ANY SIMILAR LAW APPLIES TO THAT ***INSURED'S BODILY INJURY***;
3. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
4. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to:
   a. the use of a ***private passenger car*** on a share-the-expense basis; or
   b. an ***insured*** while ***occupying*** a ***non-owned car*** as a passenger;
5. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***;
   b. any ***resident relative***; or
   c. any agent, employee, or business partner of a. or b. above

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer owned by you***;
6. WHILE THAT ***INSURED*** IS VALET PARKING A VEHICLE;
7. WHILE MAINTAINING OR USING A ***NON-OWNED CAR*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
8. WHO IS EITHER ***OCCUPYING*** OR STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES;
9. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT:
   a. IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   b. RUNS ON RAILS OR CRAWLER-TREADS;
10. WHOSE ***BODILY INJURY*** RESULTS FROM WAR OF ANY KIND;
11. WHOSE ***BODILY INJURY*** RESULTS FROM:
    a. NUCLEAR REACTION;
    b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
    c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

12. WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIRE-ARM;
13. WHOSE ***BODILY INJURY*** RESULTS FROM EXPOSURE TO ***FUNGI***; OR
14. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS:
    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (14.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving.

**If Other Medical Payments Coverage or Similar Vehicle Insurance Applies**

1. An ***insured*** shall not recover for the same ***medical expenses*** or funeral expenses under both this coverage and other medical payments coverage or similar vehicle insurance.
2. If Medical Payments Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury***, then:
    a. the Medical Payments Coverage limits of such policies shall not be added together to determine the most that may be paid; and
    b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
3. If other medical payments coverage, personal injury protection coverage, or similar vehicle insurance applies, then the Medical Payments Coverage provided by this policy applies as excess coverage.
    a. If:
        (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and
        (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

        then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.
    b. If:
        (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and
        (2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

        then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in 2. above

bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***;
4. A ***person*** authorized by law to receive such payment; or
5. Any ***person*** or organization that provides the ***medical services*** or funeral services.

## UNINSURED MOTOR VEHICLE COVERAGE

This policy provides Uninsured Motor Vehicle Coverage if "U" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying*** or using:
   a. ***your car***;
   b. a ***newly acquired car***; or
   c. a ***temporary substitute car***;

   with the expressed or implied consent of ***you***; and
4. any ***person*** to the extent he or she may recover damages under a state wrongful death statute because of the death of an ***insured*** under 1., 2., or 3. above.

***Motor Vehicle*** means a self-propelled vehicle or trailer designed for use on public roads, but does not include tractor engines, road rollers, farm trailers, tractor cranes, power shovels, well drillers, or electric trolleys.

***Property Damage*** means damage to property of the ***insured***.

***Uninsured Motor Vehicle*** means a ***motor vehicle***:

1. the ownership, maintenance, and use of which is:
   a. not insured or bonded for bodily injury and property damage liability at the time of the accident; or
   b. insured or bonded for bodily injury and property damage liability at the time of the accident; but
      (1) the limits are less than required by the ***Financial Responsibility Act***;
      (2) the insuring company:
         (a) denies that its policy provides liability coverage for damages that result from the accident; or
         (b) is or becomes insolvent; or
      (3) a cause of action for the ***bodily injury*** or ***property damage*** is barred by the South Carolina Tort Claims Act; or
2. the owner and driver of which remain unknown, but only if:
   a. the ***bodily injury*** or ***property damage*** was caused by physical contact with the unknown vehicle, or the accident was witnessed by someone other than the owner or driver of the insured vehicle. The witness must sign an affidavit attesting to the truth of the facts of the accident contained in the affidavit; and

b. the ***insured*** was not negligent in failing to determine the identity of the other vehicle and the driver of the other vehicle at the time of the accident.

***Uninsured Motor Vehicle*** does not include a motor vehicle ***owned by***:

1. a self-insurer in accordance with the applicable provisions of law; or
2. the State or any of its political subdivisions when the vehicle is operated by a ***person*** with proper authorization.

**Insuring Agreement**

***We*** will pay damages for ***bodily injury*** and ***property damage*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***. The ***bodily injury*** must be sustained by an ***insured***. The ***bodily injury*** and ***property damage*** must be caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle***.

**Our Right to Defend**

***We*** have the right to appear and defend in the name of the owner and driver of the ***uninsured motor vehicle*** on the issues of legal liability of, and the damages owed by, such owner or driver.

**Limits**

1. The Uninsured Motor Vehicle Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".
   a. The most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident is the lesser of:
      (1) the amount of all damages resulting from that ***bodily injury*** reduced by the sum of all payments for damages resulting from that ***bodily injury*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***bodily injury***; or
      (2) the limit shown under "Each Person".

      "***Bodily injury*** to any one ***person***" includes all injury and damages to other ***persons*** resulting from that ***bodily injury,*** and all emotional distress resulting from that ***bodily injury*** sustained by other ***persons*** who do not sustain that ***bodily injury***.
   b. Subject to a. above, the most ***we*** will pay for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident is the limit shown under "Each Accident".
2. The Uninsured Motor Vehicle Coverage limit for ***property damage*** is shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Property Damage Limit – Each Accident". The most ***we*** will pay for ***property damage*** is the lesser of:
   a. the amount of ***property damage*** reduced by the sum of all payments made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***property damage***; or
   b. the limit shown under "Each Accident".
3. These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:
   a. ***insureds***;
   b. claims made;
   c. vehicles insured; or
   d. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for the ***insured***:
   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or

b. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***;

2. that:

a. have already been paid;

b. could have been paid; or

c. could be paid

to or for the ***insured*** under any workers' compensation law, disability benefits law, or similar law; or

3. that are ***property damage*** paid or payable under any policy of property insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY*** OR ***PROPERTY DAMAGE*** AND THEREBY IMPAIRS ***OUR*** RIGHT TO RECOVER ***OUR*** PAYMENTS;

2. TO THE EXTENT THE UNINSURED MOTOR VEHICLE COVERAGE LIMITS OF THIS POLICY EXCEED THE COVERAGE LIMITS REQUIRED BY THE ***FINANCIAL RESPONSIBILITY ACT***:

a. FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF:

(1) THE MOTOR VEHICLE IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***; AND

(2) IT WAS NOT INSURED FOR UNINSURED MOTOR VEHICLE COVERAGE AT THE TIME OF THE ACCIDENT;

b. IF THE ***UNINSURED MOTOR VEHICLE*** IS ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE***; OR

c. FOR ***PROPERTY DAMAGE***:

(1) TO A MOTOR VEHICLE; OR

(2) IN A MOTOR VEHICLE

***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF THE MOTOR VEHICLE WAS NOT INSURED FOR UNINSURED MOTOR VEHICLE COVERAGE AT THE TIME OF THE ACCIDENT;

3. FOR ***PROPERTY DAMAGE*** THAT WAS PROXIMATELY CAUSED BY THE DRIVER OF ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***;

4. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;

5. TO THE EXTENT IT BENEFITS:

a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;

b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR

c. ANY PROPERTY INSURER;

6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION; OR

7. FOR THE FIRST $200 OF ***PROPERTY DAMAGE*** SUSTAINED BY EACH ***INSURED*** IN EACH ACCIDENT.

**If Other Uninsured Motor Vehicle Coverage Applies**

1. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** or ***property damage*** while ***occupying your car***.

2. Except as provided in item 1. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

3. If:

   a. ***you*** or any ***resident relative*** sustains ***bodily injury*** or ***property damage***:

      (1) while ***occupying*** a motor vehicle not ***owned by you*** or any ***resident relative***; or

      (2) while not ***occupying*** a motor vehicle; and

   b. Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury*** or ***property damage***, then

   the maximum amount that may be paid from all such policies combined is the single highest limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

4. If ***you*** or any ***resident relative*** sustains ***bodily injury*** or ***property damage*** while ***occupying*** a motor vehicle other than ***your car*** that is ***owned by you*** or any ***resident relative***, then this coverage applies only to the extent of the uninsured motor vehicle coverage applicable to the motor vehicle that the ***insured*** was ***occupying***.

   However, if the motor vehicle that the ***insured*** was ***occupying*** was not insured for uninsured motor vehicle coverage at the time of the accident, then the maximum amount that may be paid from all policies combined that are issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** is the minimum limits required by the ***Financial Responsibility Act***. ***We*** may choose one or more policies from which to make payment.

5. Subject to items 1., 2., 3., and 4. above, if this policy and one or more other sources provide uninsured motor vehicle coverage for the same damages on a:

   a. primary basis, then ***we*** will pay the proportion of damages payable as primary that the applicable limit of this coverage under this policy bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as primary coverage; or

   b. excess basis, then ***we*** will pay the proportion of damages payable as excess that the applicable limit of this coverage under this policy bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

## UNDERINSURED MOTOR VEHICLE COVERAGE

This policy provides Underinsured Motor Vehicle Coverage if "W" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying*** or using:
   a. ***your car***;
   b. a ***newly acquired car***; or
   c. a ***temporary substitute car***;

   with the expressed or implied consent of ***you***; and
4. any ***person*** to the extent he or she may recover damages under a state wrongful death statute because of the death of an ***insured*** under 1., 2., or 3. above.

***Motor Vehicle*** means a self-propelled vehicle or trailer designed for use on public roads, but does not include tractor engines, road rollers, farm trailers, tractor cranes, power shovels, well drillers, or electric trolleys.

***Property Damage*** means damage to property of the ***insured***.

***Underinsured Motor Vehicle*** means a ***motor vehicle*** the ownership, maintenance, and use of which is either:

1. insured or bonded for bodily injury and property damage liability at the time of the accident; or
2. self-insured under any motor vehicle financial responsibility law, any motor carrier law, or any similar law

in an amount that is at least equal to the amount required by the ***Financial Responsibility Act*** and:

1. the amount of the insurance, bonds, and self-insurance from all sources is less than the amount of the ***insured's*** damages; or
2. the ***insured's*** damages exceed any damages cap or limitation imposed by statute.

***Underinsured Motor Vehicle*** does not include a motor vehicle while located for use as a dwelling or other premises.

**Insuring Agreement**

***We*** will pay damages for ***bodily injury*** and ***property damage*** an ***insured*** is legally entitled to recover from the owner or driver of an ***underinsured motor vehicle***. The ***bodily injury*** must be sustained by an ***insured***. The ***bodily injury*** and ***property damage*** must be caused by an accident that involves the operation, maintenance, or use of an ***underinsured motor vehicle***.

***We*** will pay only if all bodily injury and property damage liability bonds, policies, and self-insurance plans that apply to the ***insured's bodily injury*** or ***property damage*** have been:

1. used up by payment of judgments or settlements; or
2. paid to the extent required by any damages cap or limitation imposed by statute.

**Our Right to Defend**

***We*** have the right to appear and defend in the name of the owner and driver of the ***underinsured motor vehicle*** on the issues of legal liability of, and the damages owed by, such owner or driver.

**Limits**

1. The Underinsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Underinsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".
   a. The most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident is the lesser of:
      (1) the amount of all damages resulting from that ***bodily injury*** reduced by the sum of all payments for damages resulting from that

***bodily injury*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***bodily injury***; or

(2) the limit shown under "Each Person".

"***Bodily injury*** to any one ***person"*** includes all injury and damages to other ***persons*** resulting from that ***bodily injury,*** and all emotional distress resulting from that ***bodily injury*** sustained by other ***persons*** who do not sustain that ***bodily injury***.

b. Subject to a. above, the most ***we*** will pay for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident is the limit shown under "Each Accident".

2. The Underinsured Motor Vehicle Coverage limit for ***property damage*** is shown on the Declarations Page under "Underinsured Motor Vehicle Coverage – Property Damage Limit – Each Accident". The most ***we*** will pay for ***property damage*** is the lesser of:
   a. the amount of ***property damage*** reduced by the sum of all payments made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***property damage***; or
   b. the limit shown under "Each Accident".
3. These Underinsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:
   a. ***insureds***;
   b. claims made;
   c. vehicles insured; or
   d. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Underinsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for the ***insured***:
   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for the ***bodily injury*** to the ***insured***; or
   b. for ***bodily injury*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***;
2. that:
   a. have already been paid;
   b. could have been paid; or
   c. could be paid

   to or for the ***insured*** under any workers' compensation law, disability benefits law, or similar law; or
3. that are ***property damage*** paid or payable under any policy of property insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY*** OR ***PROPERTY DAMAGE*** AND THEREBY IMPAIRS ***OUR*** RIGHT TO RECOVER ***OUR*** PAYMENTS;
2. TO THE EXTENT THE UNDERINSURED MOTOR VEHICLE COVERAGE LIMITS OF THIS POLICY EXCEED THE COVERAGE LIMITS REQUIRED BY THE ***FINANCIAL RESPONSIBILITY ACT***:
   a. FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF:
      (1) THE MOTOR VEHICLE IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***; AND
      (2) IT WAS NOT INSURED FOR UNDERINSURED MOTOR VEHICLE

COVERAGE AT THE TIME OF THE ACCIDENT;

b. IF THE ***UNDERINSURED MOTOR VEHICLE*** IS ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE***; OR

c. FOR ***PROPERTY DAMAGE***:

(1) TO A MOTOR VEHICLE: OR

(2) IN A MOTOR VEHICLE

***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** IF THE MOTOR VEHICLE WAS NOT INSURED FOR UNDERINSURED MOTOR VEHICLE COVERAGE AT THE TIME OF THE ACCIDENT;

3. FOR ***PROPERTY DAMAGE*** THAT WAS PROXIMATELY CAUSED BY THE DRIVER OF ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***;

4. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;

5. TO THE EXTENT IT BENEFITS:

a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;

b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR

c. ANY PROPERTY INSURER; OR

6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**If Other Underinsured Motor Vehicle Coverage Applies**

1. The Underinsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustain ***bodily injury*** or ***property damage*** while ***occupying your car***.

2. Except as provided in item 1. above, the Underinsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

3. If:

a. ***you*** or any ***resident relative*** sustains ***bodily injury*** or ***property damage***:

(1) while ***occupying*** a motor vehicle not ***owned by you*** or any ***resident relative***; or

(2) while not ***occupying*** a motor vehicle; and

b. Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same ***bodily injury*** or ***property damage***, then

the maximum amount that may be paid from all such policies combined is the single highest limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

4. If ***you*** or any ***resident relative*** sustains ***bodily injury*** or ***property damage*** while ***occupying*** a motor vehicle other than ***your car*** that is ***owned by you*** or any ***resident relative***, then this coverage applies only to the extent of the underinsured motor vehicle coverage applicable to the motor vehicle that the ***insured*** was ***occupying***.

However, if the motor vehicle that the ***insured*** was ***occupying*** was not insured for underinsured motor vehicle coverage at the time of the accident, then the maximum amount that may be paid from all policies combined that are issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** is the minimum limits required by the ***Financial Responsibility Act***. ***We*** may choose one or more policies from which to make payment.

5. Subject to items 1., 2., 3., and 4. above, if this policy and one or more other sources

provide underinsured motor vehicle coverage for the same damages on a:

a. primary basis, then ***we*** will pay the proportion of damages payable as primary that the applicable limit of this coverage under this policy bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as primary coverage; or

b. excess basis, then ***we*** will pay the proportion of damages payable as excess that the applicable limit of this coverage under this policy bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";
2. Collision Coverage if "G";
3. Emergency Road Service Coverage if "H";
4. Car Rental and Travel Expenses Coverage if "R1"

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

***Covered Vehicle*** means:

1. ***your car***;
2. a ***newly acquired car***;
3. a ***temporary substitute car***;
4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;
5. a ***non-owned car*** while it is:
   a. being driven by an ***insured***; or
   b. in the custody of an ***insured*** if at the time of the ***loss*** it is:
      (1) not being driven; or
      (2) being driven by a ***person*** other than an ***insured*** and being ***occupied*** by an ***insured***;
6. a ***non-owned trailer*** while it is being used by an ***insured***; and
7. a ***non-owned camper*** while it is being used by an ***insured***;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of ***trailers*** and

campers must be securely fixed as a permanent part of the ***trailer*** or camper.

***Daily Rental Charge*** means the sum of:

1. the daily rental rate;
2. mileage charges; and
3. related taxes.

***Insured*** means ***you*** and ***resident relatives***.

***Loss*** means:

1. direct, sudden, and accidental damage to; or
2. total or partial theft of

a ***covered vehicle***. ***Loss*** does not include any reduction in the value of any ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

***Loss Caused By Collision*** means a ***loss*** caused by:

1. a ***covered vehicle*** hitting or being hit by another vehicle or another object; or
2. the overturning of a ***covered vehicle***.

Any ***loss*** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a ***Loss Caused By Collision***.

***Non-Owned Camper*** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

***Non-Owned Trailer*** means a ***trailer*** that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** who resides primarily in ***your*** household; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

**Insuring Agreements**

1. **Comprehensive Coverage**

   ***We*** will pay:

   a. for ***loss***, except ***loss caused by collision***, to a ***covered vehicle***; and
   b. transportation expenses incurred by an ***insured*** as a result of the total theft of ***your car*** or a ***newly acquired car***. These transportation expenses are payable:
      (1) during the period that:
         (a) starts on the date ***you*** report the theft to ***us***; and
         (b) ends on the earliest of:
            (i) the date the vehicle is returned to ***your*** possession in a drivable condition;
            (ii) the date ***we*** offer to pay for the ***loss*** if the vehicle has not yet been recovered; or
            (iii) the date ***we*** offer to pay for the ***loss*** if the vehicle is recovered, but is a total loss as determined by ***us***; and
      (2) during the period that:
         (a) starts on the date the vehicle is left at a repair facility if the

stolen vehicle is recovered, returned to ***your*** possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

(b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

2. **Collision Coverage**

***We*** will pay for ***loss caused by collision*** to a ***covered vehicle***.

3. **Emergency Road Service Coverage**

***We*** will pay the fair cost incurred by an ***insured*** for:

a. up to one hour of labor to repair a ***covered vehicle*** at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a ***covered vehicle*** is not drivable;

c. towing a ***covered vehicle*** out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a ***covered vehicle*** to driving condition. ***We*** do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a ***covered vehicle*** if its key is lost, stolen, or locked inside the vehicle.

4. **Car Rental and Travel Expenses Coverage**

a. **Car Rental Expense**

***We*** will pay the ***daily rental charge*** incurred when ***you*** rent a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

(1) not drivable; or

(2) being repaired

as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

***We*** will pay this ***daily rental charge*** incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the ***loss***; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date ***we*** offer to pay for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

(c) five days after ***we*** offer to pay for the ***loss*** if the vehicle is:

(i) a total loss as determined by ***us***; or

(ii) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by ***you*** must be reported to ***us*** before ***we*** will pay such amount.

b. **Travel Expenses**

***We*** will pay expenses for commercial transportation, lodging, and meals if ***your car*** or a ***newly acquired car*** is not drivable as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage. The ***loss*** must occur more than 50 miles from ***your*** home. ***We*** will only pay these expenses if they are incurred by:

(1) an ***insured*** during the period that:

(a) starts after the ***loss*** occurs; and

(b) ends on the earlier of:

(i) the ***insured's*** arrival at his or her destination or home if the vehicle is left behind for repairs; or

(ii) the repair of the vehicle if the ***insured*** waits for repairs before continuing on to his or her destination or returning home; and

(2) ***you***, or any ***person you*** choose, to travel to retrieve the vehicle and drive it to either the original destination or ***your*** home if the vehicle was left behind for repairs.

These expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

c. **Rental Car – Repayment of Deductible Expense**

***We*** will pay the comprehensive deductible or collision deductible an ***insured*** is required to pay the owner of a ***car*** rented from a ***car business***.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Comprehensive Coverage or Collision Coverage, then ***we*** will pay reasonable expenses incurred to:

1. tow the ***covered vehicle*** immediately after the ***loss***:

   a. for a reasonable distance from the location of the ***loss*** to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable; or

   b. to any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***. ***We*** will also pay reasonable expenses incurred to tow the ***covered vehicle*** for a reasonable distance from this facility to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable;

2. store the ***covered vehicle***, if it is not drivable immediately after the ***loss***, at:

   a. any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***; and

   b. any one repair facility chosen by the owner of the ***covered vehicle***, and ***we*** determine such vehicle is a total loss.

   If the owner of the ***covered vehicle*** consents, then ***we*** may move the ***covered vehicle*** at ***our*** expense to reduce storage costs. If the owner of the ***covered vehicle*** does not consent, then ***we*** will pay only the storage costs that would have resulted if ***we*** had moved the damaged ***covered vehicle***; and

3. clean up debris from the ***covered vehicle*** at the location of the ***loss***. The most ***we*** will pay to clean up the debris is $250 for any one ***loss***.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. ***We*** have the right to choose to settle with ***you*** or the owner of the ***covered vehicle*** in one of the following ways:

   a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible. The deductible amount does not apply to ***loss*** to safety glass.

      (1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:

         (a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;

         (b) A bid or repair estimate approved by ***us***; or

         (c) A repair estimate that is written based upon or adjusted to:

(i) the prevailing competitive price;

(ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or

(iii) a combination of (i) and (ii) above.

The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts.

***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

(2) The cost to repair the ***covered vehicle*** does not include any reduction in the value of the ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

(3) If the repair or replacement of a part results in betterment of that part, then ***you*** or the owner of the ***covered vehicle*** must pay for the amount of the betterment;

b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible.

(1) The owner of the ***covered vehicle*** and ***we*** must agree upon the actual cash value of the ***covered vehicle***. If there is disagreement as to the actual cash value of the ***covered vehicle***, then the disagreement will be resolved by appraisal upon written request of the owner or ***us***, using the following procedures:

(a) The owner and ***we*** will each select a competent appraiser.

(b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or ***we*** may petition a court that has jurisdiction to select the third appraiser.

(c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third appraiser.

(d) The appraisers shall only determine the actual cash value of the ***covered vehicle***. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the

owner of the ***covered vehicle*** and ***us***.

(f) ***We*** do not waive any of ***our*** rights by submitting to an appraisal.

(2) The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that the owner may keep it. If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the value of the ***covered vehicle*** after the ***loss***; or

c. Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.

3. The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

1. **Car Rental Expense**

The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

a. The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***. If:

(1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount;

(2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.

b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

2. **Travel Expenses**

The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

3. **Rental Car – Repayment of Deductible Expense**

The most ***we*** will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one ***loss*** is $500.

**Nonduplication**

***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment from, or on behalf of, a party who is legally liable for the ***loss*** or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:

a. INTENTIONALLY DAMAGED; OR

b. STOLEN

BY OR AT THE DIRECTION OF AN ***INSURED***;

2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

3. ANY ***COVERED VEHICLE*** WHILE IT IS USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;

4. ANY ***COVERED VEHICLE*** DUE TO:

a. THEFT;

b. CONVERSION;

c. EMBEZZLEMENT; OR

d. SECRETION

BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. ***LOSS*** TO ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IF AN ***INSURED*** VOLUNTARILY RELINQUISHES POSSESSION OF THAT ***CAR*** TO A ***PERSON*** OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

6. ANY ***COVERED VEHICLE*** TO THE EXTENT ***OUR*** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR ***LOSS*** TO SUCH ***COVERED VEHICLE***;

7. ***LOSS*** TO ANY ***COVERED VEHICLE*** DUE TO ***FUNGI***. THIS APPLIES REGARDLESS OF WHETHER OR NOT THE ***FUNGI*** RESULT FROM A ***LOSS*** THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. ***WE*** WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF ***FUNGI***, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY ***COVERED VEHICLE*** THAT ARE DUE TO THE EXISTENCE OF ***FUNGI***;

8. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:

   a. NUCLEAR REACTION;

   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;

10. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM WAR OF ANY KIND;

11. ***YOUR CAR*** WHILE SUBJECT TO ANY:

    a. LIEN AGREEMENT;

    b. RENTAL AGREEMENT;

    c. LEASE AGREEMENT; OR

    d. SALES AGREEMENT

    NOT SHOWN ON THE DECLARATIONS PAGE;

12. ANY ***NON-OWNED CAR*** WHILE IT IS:

    a. BEING MAINTAINED OR USED BY ANY ***PERSON*** WHILE THAT ***PERSON*** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A ***CAR BUSINESS***; OR

    b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion (12.b.) does not apply to a ***private passenger car***;

13. ANY PART OR EQUIPMENT OF A ***COVERED VEHICLE*** IF THAT PART OR EQUIPMENT:

    a. FAILS OR IS DEFECTIVE; OR

    b. IS DAMAGED AS A DIRECT RESULT OF:

       (1) WEAR AND TEAR;

       (2) FREEZING; OR

       (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

       OF THAT PART OR EQUIPMENT.

    This exclusion does not apply if the ***loss*** is the result of theft of the ***covered vehicle***;

14. ANY PART OR EQUIPMENT:

    a. THAT IS NOT LEGAL FOR USE IN OR ON THE ***COVERED VEHICLE***

IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED; OR

b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE ***COVERED VEHICLE*** IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE ***COVERED VEHICLE***.

However, if there is a legal version of the part or equipment that is necessary for the safe operation of the ***covered vehicle***, then ***we*** will pay the cost that ***we*** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. ***We*** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;

15. TIRES. This exclusion does not apply if:

    a. ***loss*** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or

    b. ***loss caused by collision*** to another part of the ***covered vehicle*** causes ***loss*** to tires;

16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;

17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;

18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:

    a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;

    b. ***OWNED BY*** AN ***INSURED***; AND

    c. NOT SHOWN ON THE DECLARATIONS PAGE; OR

19. ANY ***COVERED VEHICLE*** WHILE IT IS:

    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (19.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving.

**If Other Physical Damage Coverage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.

2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an ***insured*** by the ***State Farm Companies*** apply to the same ***loss*** or expense, then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.

3. The physical damage coverages provided by this policy apply as primary coverage for a ***loss*** to ***your car***.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of

all other similar coverage that applies as primary coverage.

4. Except as provided in 3. above, the physical damage coverages provided by this policy apply as excess coverage.

   If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in ***your car***. Coverage for the creditor's interest is only provided for a ***loss*** that is payable to ***you***.

   However, if this policy is cancelled or nonrenewed, then ***we*** will provide coverage for the creditor's interest until ***we*** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a ***loss*** that would have been payable to ***you*** if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date ***we*** mail or electronically transmit a notice of the termination to the creditor.

2. If ***we*** pay such creditor, then ***we*** are entitled to the creditor's right of recovery against ***you*** to the extent of ***our*** payment. ***Our*** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

1. **Comprehensive Coverage and Collision Coverage**

   a. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle owned by you***:

      (1) ***You***;

      (2) The repairer; or

      (3) A creditor shown on the Declarations Page, to the extent of its interest.

   b. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle*** not ***owned by you***:

      (1) ***You***;

      (2) The owner of such vehicle;

      (3) The repairer; or

      (4) A creditor, to the extent of its interest.

2. **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

   ***We*** may, at ***our*** option, make payment to one or more of the following:

   a. ***You***;

   b. The ***insured*** who incurred the expense; or

   c. Any party that provided the service for which payment is owed.

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "SYMBOLS" on the Declarations Page.

### Additional Definition

***Insured*** means a ***person*** whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

### Insuring Agreement

***We*** will pay the highest applicable benefit shown in the following Death, Dismemberment and Loss of Sight Benefits Schedules if an ***insured***:

1. dies; or
2. suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days immediately following the date of the accident.

### Benefit

The applicable benefit shown in the schedule is the most ***we*** will pay for any one ***insured*** in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

The benefits shown in the schedules are doubled for an ***insured*** who at the time of the accident was ***occupying*** a ***private passenger car*** and using a seat belt in the manner recommended by the vehicle's manufacturer.

### Death, Dismemberment and Loss of Sight Benefits Schedules

| If the amount shown on the Declarations Page for the ***insured*** is $5,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
|---|---|
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb and a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

| If the amount shown on the Declarations Page for the ***insured*** is $10,000, then ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
|---|---|
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb and a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

**Exclusions**

DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE DOES NOT APPLY TO AN ***INSURED***:

1. WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A ***CAR BUSINESS***;
2. WHILE ***OCCUPYING***, LOADING, OR UNLOADING:
   a. AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;
   b. A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:
      (1) ***INSURED'S*** BUSINESS; OR
      (2) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A ***CAR BUSINESS***.

      This exclusion (2.b.) does not apply if the vehicle is a ***private passenger car***;
   c. A MILITARY VEHICLE; OR
   d. A VEHICLE WHILE IT IS:
      (1) BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
      (2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (2.d.(2)) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving;
3. WHILE ***OCCUPYING***, LOADING, UNLOADING, OR WHO IS STRUCK AS A ***PEDESTRIAN*** BY:
   a. A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;
   b. A MOTOR VEHICLE THAT IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   c. A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES; OR
4. FOR DEATH, DISMEMBERMENT, LOSS OF SIGHT, OR ***TOTAL DISABILITY*** THAT RESULTS FROM:
   a. WAR OF ANY KIND;
   b. NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
   c. THE DISCHARGE OF A FIREARM;
   d. EXPOSURE TO ***FUNGI***;
   e. SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE ***INSURED*** WAS SANE OR INSANE; OR
   f. DISEASE except pus-forming infection due to ***bodily injury*** sustained in the accident.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** or organization authorized by law to receive such payment.

## INSURED'S DUTIES

1. **Notice to Us of an Accident or Loss**

   The ***insured*** must give ***us*** or one of ***our*** agents notice of the accident or ***loss*** as soon as reasonably possible. The notice must give ***us***:

   a. ***your*** name;

   b. the names and addresses of all ***persons*** involved in the accident or ***loss***;

   c. the hour, date, place, and facts of the accident or ***loss***; and

   d. the names and addresses of witnesses to the accident or ***loss***.

2. **Notice to Us of a Claim or Lawsuit**

   a. If a claim is made against an ***insured***, then that ***insured*** must immediately send ***us*** every demand, notice, and claim received.

   b. If a lawsuit is filed against an ***insured***, then that ***insured*** must immediately send ***us*** every summons and legal process received.

3. **Insured's Duty to Cooperate With Us**

   a. The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:

      (1) making settlements;

      (2) securing and giving evidence;

      (3) attending, and getting witnesses to attend, depositions, hearings, and trials; and

      (4) preserving his or her right to recover damages from others.

   b. The ***insured*** must not, except at his or her own cost, voluntarily:

      (1) make any payment to others; or

      (2) assume any obligation to others

      unless authorized by the terms of this policy.

   c. Any ***person*** or organization making claim under this policy must, when ***we*** require, give ***us*** proof of loss on forms ***we*** furnish.

4. **Questioning Under Oath**

   Under:

   a. Liability Coverage, each ***insured***;

   b. Personal Injury Protection Coverage, Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, or Death, Dismemberment and Loss of Sight Coverage, each ***insured***, or any other ***person*** or organization making claim or seeking payment; and

   c. Physical Damage Coverages, each ***insured*** or owner of a ***covered vehicle***, or any other ***person*** or organization making claim or seeking payment;

   must, at ***our*** option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as ***we*** require. Such ***person*** or organization must answer questions under oath, asked by anyone ***we*** name, and sign copies of the answers. ***We*** may require each ***person*** or organization answering questions under oath to answer the questions with only that ***person's*** or organization's legal representative, ***our*** representatives, any ***person*** or ***persons*** designated by ***us*** to record the questions and answers, and no other ***person*** present.

5. **Other Duties Under the Physical Damage Coverages**

   When there is a ***loss***, ***you*** or the owner of the ***covered vehicle*** must:

   a. protect the ***covered vehicle*** from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

   b. make a prompt report to the police when the ***loss*** is the result of theft;

   c. allow ***us*** to:

(1) inspect any damaged property before its repair or disposal;

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the ***covered vehicle*** at ***our*** expense in order to conduct such inspection or testing;

d. provide ***us*** all:

(1) records;

(2) receipts; and

(3) invoices

that ***we*** request and allow ***us*** to make copies; and

e. not abandon the ***covered vehicle*** to ***us***.

**6. Other Duties Under Personal Injury Protection Coverage, Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, and Death, Dismemberment and Loss of Sight Coverage**

A ***person*** making claim under:

a. Personal Injury Protection Coverage, Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, or Death, Dismemberment and Loss of Sight Coverage must:

(1) notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;

(2) be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request;

(3) provide written authorization for ***us*** to obtain:

(a) medical bills;

(b) medical records;

(c) wage, salary, and employment information; and

(d) any other information ***we*** deem necessary to substantiate the claim.

If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***; and

(4) allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident;

b. Uninsured Motor Vehicle Coverage must report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police and to ***us*** within a reasonable period of time; and

c. Uninsured Motor Vehicle Coverage and Underinsured Motor Vehicle Coverage must:

(1) send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files a lawsuit against the party liable for the accident; and

(2) if making a claim for ***property damage***:

(a) allow ***us*** to:

(i) inspect any ***property damage*** before its repair or disposal;

(ii) test any part or equipment before that part or equipment is removed or repaired; and

(iii) move the damaged property at ***our*** expense in order to conduct such inspection or testing; and

(b) protect the damaged property from additional damage. ***We*** will pay any reasonable expense incurred to do so that is reported to ***us***;

(c) provide ***us*** all:

(i) records;

(ii) receipts; and

(iii) invoices

that ***we*** request and allow ***us*** to make copies;

(d) not abandon the damaged property to ***us***; and

(e) give ***us*** sworn proof of claim within 60 days of the accident. This proof of claim must state:

(i) who owns the property and how much they own;

(ii) the amount of any claims or liens on the property;

(iii) the value of the property at the time of the accident;

(iv) details of the accident; and

(v) details of any other insurance applicable to the property.

## GENERAL TERMS

1. **When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

2. **Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

The Liability Coverage, Personal Injury Protection Coverage, Medical Payments Coverage, and Physical Damage Coverages also apply in Mexico within 50 miles of the United States border. A Physical Damage Coverage ***loss*** in Mexico is determined on the basis of cost at the nearest United States point.

Death, Dismemberment and Loss of Sight Coverage applies anywhere in the world.

3. **Newly Owned or Newly Leased Car**

If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

a. request ***we*** replace the ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by***

***you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

(1) before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

(2) after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date; or

b. apply to the ***State Farm Companies*** for a separate policy to insure the ***car*** newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

4. **Changes to This Policy**

a. **Changes in Policy Provisions**

***We*** may only change the provisions of this policy by:

(1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

(2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then ***we*** will give ***you*** the broader coverage as of the date ***we*** make the change effective in the state of South Carolina without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

b. **Change of Interest**

(1) No change of interest in this policy is effective unless ***we*** consent in writing.

(2) Except under Death, Dismemberment and Loss of Sight Coverage, if a named insured shown on the Declarations Page dies, then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

(a) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured.

This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

Policy notice requirements are met by mailing the notice to the most recent policy address that ***we*** have on record for the deceased named insured.

c. **Joint and Individual Interests**

If ***you*** consists of more than one ***person*** or entity, then each acts for all to change or cancel the policy.

d. **Change of Policy Address**

***We*** may change the named insured's policy address as shown on the Declarations Page and in ***our*** records to the most recent address provided to ***us*** by:

(1) ***you***; or

(2) the United States Postal Service.

5. **Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the ***State Farm Companies*** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. The premium for this policy may vary based upon the purchase of other insurance from the ***State Farm Companies***.

d. The premium for this policy is based upon information ***we*** have received from ***you*** or other sources. ***You*** must inform ***us*** if any information regarding the following is incorrect or incomplete, or changes during the policy period, and ***you*** must answer questions ***we*** ask regarding the following:

(1) ***Your car***, or its use, including annual mileage;

(2) The ***persons*** who regularly drive ***your car***, including newly licensed family members;

(3) ***Your*** marital status; or

(4) The location where ***your car*** is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to ***us*** when ***we*** ask, then ***we*** may decrease or increase the premium during the policy period. If ***we*** decrease the premium during the policy period, then ***we*** will provide a refund or a credit in the amount of the decrease. If ***we*** increase the premium during the policy period, then ***you*** must pay the amount of the increase.

6. **Renewal**

***We*** agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless ***we*** mail or deliver a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

7. **Nonrenewal**

If ***we*** decide not to renew this policy, then, at least 30 days before the end of the current policy period, ***we*** will mail or deliver a nonrenewal notice to the most recent policy address that ***we*** have on record for the named insured who is shown on the Declarations Page.

8. **Cancellation**

a. **How You May Cancel**

***You*** may cancel this policy by providing to ***us*** advance notice of the date cancellation is effective. ***We*** may confirm the cancellation in writing.

b. **How and When We May Cancel**

***We*** may cancel this policy by mailing or delivering a written notice to the most recent policy address that ***we*** have on record for the named insured who is shown on the Declarations Page. The notice will provide the date cancellation is effective.

(1) If ***we*** mail or deliver a cancellation notice:

(a) during the first 90 days following this policy's effective date; or

(b) because the premium is not paid when due,

then the date cancellation is effective will be at least 15 days after the date ***we*** mail or deliver the cancellation notice.

Otherwise, the date cancellation is effective will be at least 20 days after the date ***we*** mail or deliver the cancellation notice.

(2) After this policy has been in force for more than 90 days, ***we*** will not cancel this policy before the end of the current policy period unless:

(a) the premium is not paid when due; or

(b) ***you***, any ***resident relative***, or any other ***person*** who usually drives ***your car*** has had his or her driver's license under suspension or revocation:

(1) during the policy period; or

(2) if the policy is a renewal, during its policy period or the 90 days immediately preceding the last anniversary of the effective date of the policy.

**c. Return of Unearned Premium**

If ***you*** cancel this policy, then premium may be earned on a short rate basis. If ***we*** cancel this policy, then premium will be earned on a pro rata basis.

Any unearned premium may be returned within a reasonable time after cancellation. Delay in the return of any unearned premium does not affect the cancellation date.

9. **Assignment**

No assignment of benefits or other transfer of rights is binding upon ***us*** unless approved by ***us***.

10. **Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the ***insured*** or his or her estate will not relieve ***us*** of ***our*** obligations under this policy.

11. **Concealment or Fraud**

There is no coverage under this policy if ***you*** or any other ***person*** insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

12. **Our Right to Recover Our Payments**

a. Personal Injury Protection Coverage, Medical Payments Coverage, Underinsured Motor Vehicle Coverage, and Death, Dismemberment and Loss of Sight Coverage payments are not recoverable by ***us***.

b. To the extent allowed by law, under Uninsured Motor Vehicle Coverage:

(1) the right of recovery of the ***insured*** passes to ***us***, to the extent of ***our*** payments;

(2) ***we*** will pay ***our*** share of the reasonable costs of any recovery. ***Our*** share is the percent that ***our*** recovery bears to the total recovery. ***We*** reserve the right to select an attorney to handle the recovery; and

(3) an ***insured*** making claim for ***property damage*** must assign to ***us***, to the extent of ***our*** payments, the right to any other compensation for it. ***We*** do not have to make any payment until the ***insured*** has done this.

c. Under all other coverages, the following apply:

(1) **Subrogation**

If ***we*** are obligated under this policy to make payment to or for a ***person*** or organization who has a legal right to collect from another ***person*** or organization, then ***we*** will be subrogated to that right to the extent of ***our*** payment.

The ***person*** or organization to or for whom ***we*** make payment must help ***us*** recover ***our*** payments by:

(a) doing nothing to impair that legal right;

(b) executing any documents ***we*** may need to assert that legal right; and

(c) taking legal action through ***our*** representatives when ***we*** ask.

(2) **Reimbursement**

If ***we*** make payment under this policy and the ***person*** or organization to or for whom ***we*** make payment recovers or has recovered from another ***person*** or organization, then the ***person*** or organization to or for whom ***we*** make payment must:

(a) hold in trust for ***us*** the proceeds of any recovery; and

(b) reimburse ***us*** to the extent of ***our*** payment.

13. **Legal Action Against Us**

Legal action may not be brought against ***us*** until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against ***us*** regarding:

a. Liability Coverage after the amount of damages an ***insured*** is legally liable to pay has been finally determined by:

(1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(2) agreement between the claimant and ***us***.

b. Personal Injury Protection Coverage, Medical Payments Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, and Physical Damage Coverages if the legal action relating to these coverages is brought against ***us*** within three years immediately following the date of the accident.

c. Underinsured Motor Vehicle Coverage if copies of the pleadings in the action establishing liability are served upon ***us*** in the manner provided by law.

14. **Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. South Carolina will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

15. **Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

16. **Conformity to Law**

The coverage provided by this policy is done so in accordance with South Carolina insurance law. If any provisions of this policy are in conflict with South Carolina statutes, the policy is amended to conform to the minimum requirements of the statutes.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2009

SAMPLE

Please read the policy carefully. If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See “INSURED’S DUTIES” in this policy booklet.)

# State Farm®
# **Car Policy**
# Booklet

**Tennessee**

Policy Form 9842A

## CONTENTS


**THIS POLICY** ........ 3

**DEFINITIONS** ........ 4

**LIABILITY COVERAGE** ........ 5

Additional Definition ........ 5
Insuring Agreement ........ 6
Supplementary Payments ........ 6
Limits ........ 6
Nonduplication ........ 7
Exclusions ........ 7
If Other Liability Coverage Applies ........ 8
Required Out-of-State Liability Coverage ........ 9
Financial Responsibility Certification ........ 9

**MEDICAL PAYMENTS COVERAGE** ........ 9

Additional Definitions ........ 9
Insuring Agreement ........ 10
Determining Medical Expenses ........ 10
Arbitration ........ 10
Limit ........ 10
Nonduplication ........ 11
Exclusions ........ 11
If Other Medical Payments Coverage or Similar Vehicle Insurance Applies ........ 11
Our Payment Options ........ 12

**UNINSURED MOTOR VEHICLE COVERAGES** ........ 13

Additional Definitions ........ 13
Insuring Agreements ........ 14
Consent to Settlement ........ 14
Deciding Fault and Amount ........ 14
Limits ........ 15
Nonduplication ........ 15
Exclusions ........ 15
If Other Uninsured Motor Vehicle Coverage Applies ........ 16
Our Payment Options ........ 17

**PHYSICAL DAMAGE COVERAGES** ........ 17

Additional Definitions ........ 17
Insuring Agreements ........ 18
Supplementary Payments – Comprehensive Coverage and Collision Coverage ........ 19
Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage ........ 20
Limits – Car Rental and Travel Expenses Coverage ........ 21
Nonduplication ........ 21
Exclusions ........ 21
If Other Physical Damage or Similar Coverage Applies ........ 23
Financed Vehicle ........ 23
Our Payment Options ........ 23

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE** ........ 24

Additional Definition ........ 24
Insuring Agreement ........ 24
Benefit ........ 24
Exclusions – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage ........ 25
Our Payment Options– Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage ........ 25

**LOSS OF EARNINGS COVERAGE** ........ 24

Additional Definitions ........ 24
Insuring Agreement ........ 24
Limit ........ 25
Exclusions– Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage ........ 25
Our Payment Options – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage ........ 25

**INSURED'S DUTIES** ........ 26

Notice to Us of an Accident or Loss ........ 26
Notice to Us of Claim or Suit ........ 26
Insured's Duty to Cooperate With Us ........ 26
Questioning Under Oath ........ 26
Other Duties Under the Physical Damage Coverages ........ 26
Other Duties Under Medical Payments Coverage, Uninsured Motor Vehicle Coverages, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage ........ 26


SAMPLE

**GENERAL TERMS** .......................................... 28
When Coverage Applies ................................. 28
Where Coverage Applies ................................ 28
Newly Owned or Newly Leased Car .............. 28
Changes to This Policy ................................... 28
Premium.......................................................... 28
Renewal .......................................................... 29
Nonrenewal..................................................... 29
Cancellation.....................................................29
Assignment.....................................................30
Bankruptcy or Insolvency of the Insured .........30
Concealment or Fraud ....................................30
Our Right to Recover Our Payments................30
Legal Action Against Us..................................30
Choice of Law .................................................30
Severability .....................................................31

SAMPLE

## THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.
2. This policy contains all of the agreements between all named insureds and applicants and:
   a. ***us***; and
   b. any of ***our*** agents.
3. ***We*** agree to provide insurance according to the terms of this policy:
   a. based on payment of premium for the coverages chosen; and
   b. unless otherwise stated in EXCEPTIONS, POLICY BOOKLET, AND ENDORSEMENTS on the Declarations Page, in reliance on the following statements:
      (1) The named insured is the sole owner of ***your car***.
      (2) Neither ***you*** nor any member of ***your*** household has, within the past three years, had:
         (a) vehicle insurance canceled or nonrenewed by an insurer; or
         (b) either:
            (i) a license to drive; or
            (ii) a vehicle registration
            suspended, revoked, or refused.
      (3) ***Your car*** is used for pleasure and business.
4. All named insureds and applicants agree by acceptance of this policy that:
   a. the statements in 3.b. above are made by the named insured or applicant and are true; and
   b. ***we*** provide this insurance on the basis those statements are true.

SAMPLE

## DEFINITIONS

***We*** define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, and possessive forms of these words and phrases. Defined words and phrases are printed in boldface italics.

***Bodily Injury*** means bodily injury to a ***person*** and sickness, disease, or death that results from it.

***Car*** means a land motor vehicle with four or more wheels, designed for use primarily on public roads. It does not include:

1. Any vehicle while located for use as a dwelling or other premises; or
2. A truck-tractor designed to pull any type of trailer.

***Car Business*** means a business or job where the purpose is to sell, lease, rent, repair, service, transport, store, or park land motor vehicles or any type of trailer.

***Fungi*** means any type or form of fungus or fungi and includes:

1. Mold;
2. Mildew; and
3. Any of the following that are produced or released by fungi:
   a. Mycotoxins;
   b. Spores;
   c. Scents; or
   d. Byproducts.

***Newly Acquired Car*** means a ***car*** newly ***owned by you***. A ***car*** ceases to be a ***newly acquired car*** on the earlier of:

1. the effective date and time of a policy, including any binder, issued by ***us*** or any other company that describes the ***car*** as an insured vehicle; or
2. the end of the 14th calendar day immediately following the date the ***car*** is delivered to ***you***.

If a ***newly acquired car*** is not otherwise afforded comprehensive coverage or collision coverage by this or any other policy, then this policy will provide Comprehensive Coverage or Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to ***you***.

***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:

1. is ***owned by***:
   a. ***you***;
   b. any ***resident relative***;
   c. any other ***person*** who resides primarily in ***your*** household; or
   d. an employer of any ***person*** described in a., b., or c. above; nor
2. has been operated by, rented by, or in the possession of:
   a. ***you***; or
   b. any ***resident relative***

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or ***loss***.

***Occupying*** means in, on, entering, or exiting.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;
2. registered to; or
3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Pedestrian*** means a ***person*** who is not ***occupying***:

1. a motorized vehicle; or
2. a vehicle designed to be pulled by a motorized vehicle.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a ***car*** of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or
2. a pickup truck, van, minivan, or sport utility vehicle:
   a. that is not used for:
      (1) wholesale; or
      (2) retail

      pick up or delivery; and
   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Resident Relative*** means a ***person***, other than ***you***, who resides primarily with the first ***person*** shown as a named insured on the Declarations Page and who is:

1. related to that named insured or his or her spouse by blood, marriage, or adoption. An unmarried and unemancipated child of that named insured or his or her spouse is considered to reside primarily with that named insured while that child is away at school; or
2. a ward or a foster child of that named insured, his or her spouse, or a ***person*** described in 1. above.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;
2. State Farm Fire and Casualty Company; and
3. Any of their affiliates.

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. damage; or
   e. theft; and
2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. only those trailers:
   a. designed to be pulled by a ***private passenger car***;
   b. not designed to carry ***persons***; and
   c. while not used as premises for office, store, or display purposes; or
2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of the first ***person*** shown as a named insured if the spouse resides primarily with that named insured.

***Your Car*** means the vehicle shown under YOUR CAR on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If ***you*** ask ***us*** to replace the ***car*** shown on the Declarations Page with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;
2. the date this policy is no longer in force; or
3. the date ***you*** no longer own or lease the ***car*** being replaced.

SAMPLE

## LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "Symbols" on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:
   a. the ownership, maintenance, or use of:
      (1) ***your car***;
      (2) a ***newly acquired car***; or
      (3) a ***trailer***; and
   b. the maintenance or use of:
      (1) a ***non-owned car***; or
      (2) a ***temporary substitute car***;
2. the first ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides primarily with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished by an employer to, a ***person*** who resides primarily in ***your*** household, but only if such ***car*** is neither ***owned by***, nor furnished by an employer to, the first ***person*** shown as a named insured on the Declarations Page or that ***person's*** spouse;

3. any other ***person*** for his or her use of:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent; and
4. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in items 1., 2., or 3. above. This provision applies only if the vehicle is neither ***owned by***, nor hired by, that other ***person*** or organization.

**Insuring Agreement**

1. ***We*** will pay:
   a. damages an ***insured*** becomes legally liable to pay because of:
      (1) ***bodily injury*** to others; and
      (2) damage to property

      caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy;
   b. attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages; and
   c. court costs charged to an ***insured*** and resulting from that part of a lawsuit:
      (1) that seeks damages payable under this policy's Liability Coverage; and
      (2) against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

   ***We*** have no duty to pay attorney fees and court costs incurred after ***we*** deposit in court or pay the amount due under this policy's Liability Coverage.
2. ***We*** have the right to:
   a. investigate, negotiate, and settle any claim or lawsuit;
   b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and
   c. appeal any award, or legal decision

   for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the ***insured*** that accrues:
   a. before a judgment, where owed by law, but only on that part of the judgment ***we*** pay; and
   b. after a judgment. ***We*** will not pay interest on damages paid or payable by a party other than the ***insured*** or ***us***.

   ***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;
2. Premiums for bonds, provided by a company chosen by ***us,*** required to appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:
   a. pay for bonds that exceed this policy's applicable Liability Coverage limit;
   b. furnish or apply for any bonds; or
   c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and
3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:
   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:
      (1) an arbitration;
      (2) a mediation; or
      (3) a trial of a lawsuit; and
   b. Reasonable expenses incurred by an ***insured*** at ***our*** request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an ***insured*** must be reported to ***us*** before ***we*** will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for ***bodily injury*** are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***person*** injured in any one accident, including all damages sustained by other ***persons*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will

SAMPLE

pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***persons*** injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most ***we*** will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay any damages or expenses under Liability Coverage:

1. that have already been paid as expenses under Medical Payments Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
2. that have already been paid under any Uninsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO INTENTIONALLY CAUSES ***BODILY INJURY*** OR DAMAGE TO PROPERTY;
2. FOR ***BODILY INJURY*** TO:
   a. ***YOU***;
   b. ***RESIDENT RELATIVES***; AND
   c. ANY OTHER ***PERSON*** WHO BOTH RESIDES PRIMARILY WITH AN ***INSURED*** AND WHO:
      (1) IS RELATED TO THAT ***INSURED*** BY BLOOD, MARRIAGE, OR ADOPTION; OR
      (2) IS A WARD OR FOSTER CHILD OF THAT ***INSURED***;
3. OR FOR THAT ***INSURED'S*** INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;
4. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that ***insured's*** household employee who is neither covered, nor required to be covered, under workers' compensation insurance;
5. FOR ***BODILY INJURY*** TO THAT ***INSURED'S*** FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion does not apply to ***you*** and ***resident relatives*** who are legally liable for ***bodily injury*** to fellow employees;
6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
7. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;
8. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***; or
   b. any ***resident relative***

   while maintaining or using ***your car***, a ***newly acquired car***, a ***temporary substitute car***, or a ***trailer***;
9. WHILE VALET PARKING A VEHICLE;
10. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN ***YOUR CAR***, A ***NEWLY ACQUIRED CAR***, A ***TEMPORARY SUBSTITUTE CAR***, OR A ***TRAILER*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
11. FOR DAMAGE TO PROPERTY WHILE IT IS:
    a. ***OWNED BY***;
    b. RENTED TO;
    c. USED BY;
    d. IN THE CARE OF; OR
    e. TRANSPORTED BY

    ***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to either damage to a residence while rented to or leased to an ***insured*** or damage to a private garage while rented to or leased to an ***insured***.



SAMPLE

12. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;
13. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;
14. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;
15. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:
    a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING;
16. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY; OR
17. IF THAT ***INSURED*** IS THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES.

**If Other Liability Coverage Applies**

1. If Liability Coverage provided by this policy and one or more other Car Policies issued to ***you*** or any ***resident relative*** by one or more of the ***State Farm Companies*** apply to the same accident, then:
   a. the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and
   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.
2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of ***your car*** or a ***trailer*** attached to it. The Liability Coverage provided by this policy also applies as primary coverage for the maintenance and use of a ***temporary substitute car*** and a ***non-owned car*** if the only insurance provided by the owner of such ***car*** is from a garage policy.
   a. If:
      (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as primary coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as primary coverage.
   b. If:
      (1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as primary coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in item 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.
3. Except as provided in item 2. above, the Liability Coverage provided by this policy applies as excess coverage.
   a. If:
      (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as excess coverage; and
      (2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

SAMPLE

then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other liability coverage that apply as excess coverage.

b. If:

(1) more than one Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in item 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an ***insured*** is in another state, the District of Columbia, or any province of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and
2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

SAMPLE

## MEDICAL PAYMENTS COVERAGE

This policy provides Medical Payments Coverage if "C" is shown under "Symbols" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you*** and ***resident relatives***:
   a. while ***occupying***:
      (1) ***your car***;
      (2) a ***newly acquired car***;
      (3) a ***temporary substitute car***;
      (4) a ***non-owned car***; or
      (5) a ***trailer*** while attached to a ***car*** described in (1), (2), (3), or (4) above; or
   b. if struck as a ***pedestrian*** by a motor vehicle or any type of trailer.
2. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***;
   c. a ***temporary substitute car***; or
   d. a ***trailer*** while attached to a ***car*** described in a., b., or c. above.

   Such vehicle must be used within the scope of ***your*** consent.

***Medical Expenses*** mean ***reasonable expenses*** for ***medical services***.

***Medical Services*** mean treatments, procedures, products, and other services that are:

1. necessary to achieve maximum medical improvement for the ***bodily injury***;
2. rendered by a healthcare provider:
   a. who is licensed as a healthcare provider if a license is required by law; and
   b. within the legally authorized scope of that healthcare provider's practice;
3. commonly and customarily recognized throughout the medical profession and within the United States as appropriate for the treatment of the ***bodily injury***;
4. primarily designed to serve a medical purpose;
5. not experimental; and
6. not for research purposes.

***Reasonable Expenses*** mean the lowest one of the following charges:

1. The usual and customary fees charged by a majority of healthcare providers who provide similar ***medical services*** in the geographical area in which the charges were incurred;
2. The fees agreed to by both the ***insured's*** healthcare provider and ***us***; or
3. The fees agreed upon between the ***insured's*** healthcare provider and a third party when ***we*** have a contract with such third party.

**Insuring Agreement**

***We*** will pay:

1. ***medical expenses*** incurred because of ***bodily injury*** that is sustained by an ***insured*** and caused by a motor vehicle accident. ***We*** will only pay such ***medical expenses***:
   a. if any of the ***medical services*** are provided within one year immediately following the date of the accident; and
   b. for ***medical services*** provided within three years immediately following the date of the accident; and
2. funeral expenses incurred for an ***insured*** who dies within three years immediately following the date of a motor vehicle accident if the death is a direct result of ***bodily injury*** sustained in such accident.

**Determining Medical Expenses**

***We*** have the right to:

1. obtain and use:
   a. utilization reviews;
   b. peer reviews; and
   c. medical bill reviews

   to determine if the incurred charges are ***medical expenses***;
2. use a medical examination of the ***insured*** to determine if:
   a. the ***bodily injury*** was caused by a motor vehicle accident; and
   b. the expenses incurred are ***medical expenses***; and
3. enter into a contract with a third party that has an agreement with the ***insured's*** healthcare provider to charge fees as determined by that agreement.

**Arbitration**

1. If there is a disagreement as to whether incurred charges are ***medical expenses***, then the disagreement will be resolved by arbitration upon written request of the ***insured*** or ***us***.
2. The arbitration will take place in the county in which the ***insured*** resides unless the parties agree to another location.

   The ***insured*** and ***we*** will each select a competent arbitrator. These two arbitrators will select a third competent arbitrator. If they are unable to agree on the third arbitrator within 30 days, then either the ***insured*** or ***we*** may petition a court that has jurisdiction to select the third arbitrator.

   Each party will pay the cost of its own arbitrator, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third arbitrator.
3. The arbitrators shall only decide whether incurred charges are ***medical expenses***. Arbitrators shall have no authority to decide any other questions of fact, decide any questions of law, or conduct arbitration on a class-wide or class-representative basis.
4. A written decision that is both agreed upon by and signed by any two arbitrators, and that also contains an explanation of how they arrived at their decision, will be binding on:
   a. ***us***;
   b. the ***insured***;
   c. any assignee of the ***insured***; and
   d. any ***person*** or organization with whom the ***insured*** expressly or impliedly contracts for ***medical services***.
5. Subject to items 1., 2., 3., and 4. above, state court rules governing procedure and admission of evidence will be used.
6. ***We*** do not waive any of ***our*** rights by submitting to arbitration.

**Limit**

The Medical Payments Coverage limit is shown on the Declarations Page under "Medical Payments Coverage – Limit – Each Person". This limit is the most ***we*** will pay for the ***medical expenses*** and funeral expenses combined, incurred by or on behalf

SAMPLE

of any one ***insured*** as a result of any one accident, regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

Subject to the limit shown on the Declarations Page, the most ***we*** will pay for funeral expenses incurred for any one ***insured*** is $3,000.

**Nonduplication**

***We*** will not pay any ***medical expenses*** or funeral expenses under Medical Payments Coverage that have already been paid:

1. as damages under Liability Coverage or any Uninsured Motor Vehicle Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***; or
2. by or on behalf of a party who is legally liable for the ***insured's bodily injury***.

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A MOTOR VEHICLE, ***OWNED BY*** THAT ***INSURED*** OR ***YOU***, IF THAT MOTOR VEHICLE IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***;
2. IF ANY WORKERS' COMPENSATION LAW OR ANY SIMILAR LAW APPLIES TO THAT ***INSURED'S BODILY INJURY***;
3. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;
4. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS BEING USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to:
   a. the use of a ***private passenger car*** on a share-the-expense basis; or
   b. an ***insured*** while ***occupying*** a ***non-owned car*** as a passenger;
5. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT ***INSURED'S*** EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A ***CAR BUSINESS***. This exclusion does not apply to:
   a. ***you***; or
   b. any ***resident relative***

   while maintaining or using ***your car***, a ***newly acquired car,*** a ***temporary substitute car***, or a ***trailer***;
6. WHILE VALET PARKING A VEHICLE;
7. WHILE MAINTAINING OR USING A ***NON-OWNED CAR*** IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS*** OR VALET PARKING. This exclusion does not apply to the maintenance or use of a ***private passenger car***;
8. WHO IS EITHER ***OCCUPYING*** OR STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES;
9. WHO IS STRUCK AS A ***PEDESTRIAN*** BY A VEHICLE THAT:
   a. IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   b. RUNS ON RAILS OR CRAWLER-TREADS;
10. WHOSE ***BODILY INJURY*** RESULTS FROM WAR OF ANY KIND;
11. WHOSE ***BODILY INJURY*** RESULTS FROM:
    a. NUCLEAR REACTION;
    b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
    c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
12. WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;
13. WHOSE ***BODILY INJURY*** RESULTS FROM EXPOSURE TO ***FUNGI***; OR
14. WHO IS ***OCCUPYING*** A VEHICLE WHILE IT IS:
    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING.

**If Other Medical Payments Coverage or Similar Vehicle Insurance Applies**

1. An ***insured*** shall not recover for the same ***medical expenses*** or funeral expenses under both this coverage and other medical payments coverage or similar vehicle insurance.
2. If Medical Payments Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by one or more of the ***State Farm Companies*** apply to the same ***bodily injury***, then:

SAMPLE

a. the Medical Payments Coverage limits of such policies shall not be added together to determine the most that may be paid; and

b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

3. The Medical Payments Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car*** or a ***trailer*** attached to it.

a. If:

(1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as primary coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in item 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as primary coverage.

4. Except as provided in item 3. above, the Medical Payments Coverage provided by this policy applies as excess coverage.

a. If:

(1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then ***we*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

b. If:

(1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Medical Payments Coverage or other similar vehicle insurance which applies to the accident as excess coverage; and

(2) medical payments coverage or other similar vehicle insurance provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

then the ***State Farm Companies*** will pay the proportion of ***medical expenses*** and funeral expenses payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in item 2. above bears to the sum of such amount and the limits of all other medical payments coverage or similar vehicle insurance that apply as excess coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:



SAMPLE

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***;
4. A ***person*** authorized by law to receive such payment; or
5. Any ***person*** or organization that provides the ***medical services*** or funeral services.

## UNINSURED MOTOR VEHICLE COVERAGES

This policy provides:

1. Uninsured Motor Vehicle Coverage (Bodily Injury) if "U";
2. Uninsured Motor Vehicle Coverage (Bodily Injury and Property Damage) if "U1";

is shown under "Symbols" on the Declarations Page.

**Additional Definitions**

***Insured*** means:

1. ***you***;
2. ***resident relatives***;
3. any other ***person*** while ***occupying***:
   a. ***your car***;
   b. a ***newly acquired car***; or
   c. a ***temporary substitute car***.

   Such vehicle must be used within the scope of ***your*** consent. Such other ***person occupying*** a vehicle used to carry ***persons*** for a charge is not an ***insured***; and
4. any ***person*** entitled to recover compensatory damages as a result of ***bodily injury*** to an ***insured*** as defined in items 1., 2., or 3. above.

***Property Damage*** means damage to:

1. ***your car*** or a ***newly acquired car***; or
2. property ***owned by*** an ***insured*** while in ***your car*** or a ***newly acquired car***.

***Uninsured Motor Vehicle***:

1. under **Uninsured Motor Vehicle Coverage (Bodily Injury)** means:
   a. a land motor vehicle, the ownership, maintenance, and use of which is:
      (1) not insured or bonded for bodily injury liability at the time of the accident; or
      (2) insured or bonded for bodily injury liability at the time of the accident, but:
         (a) the insuring company denies that its policy provides liability coverage for compensatory damages that result from the accident;
         (b) the insuring company is or becomes insolvent; or
         (c) the sum of the liability coverage limits available to the ***insured*** from all valid and collectible insurance policies, bonds, and securities that apply is less than the limits of this coverage under this policy; or
   b. a land motor vehicle, the owner and driver of which remain unknown and which causes ***bodily injury*** to the ***insured***. If there is no physical contact between that land motor vehicle and the ***insured*** or the vehicle the ***insured*** was ***occupying***, then the existence of such land motor vehicle and the facts of the accident must be established by clear and convincing evidence other than evidence provided by occupants of the vehicle occupied by the ***insured*** when the accident occurred. At the time of the accident, the ***insured*** must not have been negligent in determining the identity of the other vehicle and the owner or driver of the other vehicle.
2. under **Uninsured Motor Vehicle Coverage (Bodily Injury and Property Damage)** means:
   a. a land motor vehicle, the ownership, maintenance, and use of which is:
      (1) not insured or bonded for bodily injury liability and property damage liability at the time of the accident; or
      (2) insured or bonded for bodily injury liability and property damage liability at the time of the accident, but:
         (a) the insuring company denies that its policy provides liability coverage for compensatory damages that result from the accident;
         (b) the insuring company is or becomes insolvent; or
         (c) the sum of the liability coverage limits available to the ***insured*** from all valid and collectible insurance policies, bonds, and securities that apply is less than the limits of this coverage under this policy; or

SAMPLE

b. a land motor vehicle, the owner and driver of which remain unknown and which causes ***bodily injury*** to the ***insured*** or causes ***property damage***. If there is no physical contact between that land motor vehicle and the ***insured*** or the vehicle the ***insured*** was ***occupying***, then the existence of such land motor vehicle and the facts of the accident must be established by clear and convincing evidence other than evidence provided by occupants of the vehicle occupied by the ***insured*** when the accident occurred. At the time of the accident, the ***insured*** must not have been negligent in determining the identity of the other vehicle and the owner or driver of the other vehicle.

3. does not include a land motor vehicle:

   a. whose ownership, maintenance, or use is provided Liability Coverage by this policy;

   b. ***owned by***, rented to, or furnished or available for the regular use by ***you*** or any ***resident relative***;

   c. ***owned by***, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, a motor carrier law, or any similar law;

   d. ***owned by*** or rented to any government or any of its political subdivisions or agencies;

   e. designed for use primarily off public roads except while on public roads; or

   f. while located for use as a dwelling or other premises.

**Insuring Agreements**

1. Under **Uninsured Motor Vehicle Coverage (Bodily Injury)**, ***we*** will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to collect from the owner or driver of an ***uninsured motor vehicle***. The ***bodily injury*** must be:

   a. sustained by an ***insured***, and

   b. caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle.

2. Under **Uninsured Motor Vehicle Coverage (Bodily Injury and Property Damage)**, ***we*** will pay compensatory damages for ***bodily injury*** and damages for ***property damage*** an ***insured*** is legally entitled to collect from the owner or driver of an ***uninsured motor vehicle***. The ***bodily injury*** or ***property damage*** must be caused by an accident that involves the operation, maintenance, or use of an ***uninsured motor vehicle*** as a motor vehicle. The ***bodily injury*** must be sustained by an ***insured***.

**Consent to Settlement**

The ***insured*** must inform ***us*** of a settlement offer, if any, proposed by or on behalf of the owner or driver of the ***uninsured motor vehicle***, and the ***insured*** must request ***our*** written consent to accept such settlement offer.

If ***we***:

1. consent in writing, then the ***insured*** may accept such settlement offer.

2. inform the ***insured*** in writing that ***we*** do not consent, then the ***insured*** may not accept such settlement offer and:

   a. ***we*** will make payment to the ***insured*** in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the ***uninsured motor vehicle***; and

   b. any recovery from or on behalf of the owner or driver of the ***uninsured motor vehicle*** shall first be used to repay ***us***.

**Deciding Fault and Amount**

1. a. The ***insured*** and ***we*** must agree to the answers to the following two questions:

      (1) Is the ***insured*** legally entitled to collect compensatory damages from the owner or driver of the ***uninsured motor vehicle***?

      (2) If the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the ***insured*** is legally entitled to collect from the owner or driver of the ***uninsured motor vehicle***?

   b. If there is no agreement on the answer to either question in 1.a. above, then the ***insured*** shall:

      (1) file a lawsuit, in a state or federal court that has jurisdiction, against:

         (a) ***us***;

         (b) the owner and driver of the ***uninsured motor vehicle*** unless ***we*** have consented to a settlement offer proposed by or on behalf of such owner or driver; and

         (c) any other party or parties who may be legally liable for the ***insured's*** damages;

SAMPLE

(2) consent to a jury trial if requested by ***us***;

(3) agree that ***we*** may contest the issues of liability and the amount of damages; and

(4) secure a judgment in that action. The judgment must be the final result of an actual trial and, any appeals, if any appeals are taken.

2. ***We*** are not bound by any:

   a. judgment obtained without ***our*** written consent; and

   b. default judgment against any ***person*** or organization other than ***us***.

3. Regardless of the amount of any award, including any judgment or default judgment, ***we*** are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

The Uninsured Motor Vehicle Coverage limits for ***bodily injury*** damages are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

The limit shown under "Each Person" is the most ***we*** will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury***. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident.

The Uninsured Motor Vehicle Coverage limit for ***property damage***, if any, is shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Property Damage Limit – Each Accident". This limit is the most ***we*** will pay for all ***property damage*** resulting from any one accident.

If the Uninsured Motor Vehicle Coverage limits provided by this policy are greater than the minimum limits required by law, then such limits will be reduced by an amount equal to the sum of the limits of all liability insurance and liability bonds that apply to the accident and are collectible by the ***insured***.

These Uninsured Motor Vehicle Coverage limits are the most ***we*** will pay regardless of the number of:

1. ***insureds***;
2. claims made;
3. vehicles insured; or
4. vehicles involved in the accident.

**Nonduplication**

***We*** will not pay under Uninsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for the ***insured***:

   a. by or on behalf of any ***person*** or organization who is or may be held legally liable for:

      (1) ***bodily injury*** to the ***insured***; or

      (2) ***property damage***,

      whether such damages are characterized as compensatory or punitive damages; or

   b. for ***bodily injury*** or ***property damage*** under Liability Coverage of any policy issued by the ***State Farm Companies*** to ***you*** or any ***resident relative***;

2. that:

   a. have already been paid;

   b. could have been paid; or

   c. could be paid

   to or for the ***insured*** under any workers' compensation law, disability benefits law, or similar law.

3. that have already been paid as expenses under Medical Payments Coverage of this policy, the medical payments coverage of any other policy, or similar vehicle insurance; or

4. that are ***property damage*** payable under any policy of property insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN ***INSURED*** WHO, WITHOUT ***OUR*** WRITTEN CONSENT, SETTLES WITH ANY ***PERSON*** OR ORGANIZATION WHO MAY BE LIABLE FOR THE ***BODILY INJURY*** OR ***PROPERTY DAMAGE***;

2. FOR ***PROPERTY DAMAGE*** CAUSED WHEN ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IS STRUCK BY A MOTOR VEHICLE ***OWNED BY YOU*** OR ANY ***RESIDENT RELATIVE*** WHICH IS NOT INSURED FOR LIABILITY COVERAGE;

3. FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** WHILE ***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY*** THAT ***INSURED*** IF IT IS NOT ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR***;

4. FOR AN ***INSURED*** WHOSE ***BODILY INJURY*** RESULTS FROM THE DISCHARGE OF A FIREARM;

5. TO THE EXTENT IT BENEFITS:

SAMPLE

a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY;

b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW; OR

c. ANY GOVERNMENT OR ANY OF ITS POLITICAL SUBDIVISIONS OR AGENCIES;

d. ANY PROPERTY INSURER;

6. FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY*** AS A ***PEDESTRIAN*** IF OTHER COLLECTIBLE UNINSURED MOTOR VEHICLE COVERAGE HAS LIMITS GREATER THAN THE LIMITS OF UNINSURED MOTOR VEHICLE COVERAGE OF THIS POLICY;

7. FOR PUNITIVE OR EXEMPLARY DAMAGES;

8. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION; OR

9. FOR THE FIRST $200 OF ***PROPERTY DAMAGE*** RESULTING FROM ANY ONE ACCIDENT.

   This exclusion does not apply if:

   a. the vehicle involved in the accident is insured for Collision Coverage under any policy issued by ***State Farm Companies***; and

   b. the driver of the other vehicle has been positively identified and is solely at fault.

**If Other Uninsured Motor Vehicle Coverage Applies**

1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to ***you*** or any ***resident relative*** by one or more of the ***State Farm Companies*** apply to the same ***bodily injury***, then:

   a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

2. If this coverage and any other uninsured motor vehicle coverage applies to the same damages, then the priority of recovery and the limits of coverage established by Tennessee Law apply.

3. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an ***insured*** who sustains ***bodily injury*** while ***occupying your car***.

   a. If the limits of the Uninsured Motor Vehicle Coverage provided by this policy equal the limits of uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** and:

      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as primary that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that both apply as primary coverage and provide equal limits of coverage.

   b. If the limits of the Uninsured Motor Vehicle Coverage provided by this policy equal the limits of uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** and:

      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** as determined in item 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that both apply as primary coverage and provide equal limits of coverage.

SAMPLE

4. Except as provided in item 3. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage.
   a. If the limits of the Uninsured Motor Vehicle Coverage provided by this policy equal the limits of uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** and:
      (1) this is the only vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and
      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then ***we*** will pay the proportion of damages payable as excess that ***our*** applicable limit bears to the sum of ***our*** applicable limit and the limits of all other uninsured motor vehicle coverage that both apply as excess coverage and provide equal limits.
   b. If the limits of the Uninsured Motor Vehicle Coverage provided by this policy equal the limits of uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** and:
      (1) more than one vehicle policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and
      (2) uninsured motor vehicle coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same accident,

      then the ***State Farm Companies*** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** as determined in item 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that both apply as excess coverage and provide equal limits.
5. If this coverage and any other coverage applies to ***property damage***, then this coverage applies as excess to any kind of coverage that applies to the ***property damage***. However, this coverage applies only in the amount by which it exceeds the primary coverage.

**Our Payment Options**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";
2. Collision Coverage if "G";
3. Emergency Road Service Coverage if "H";
4. Car Rental and Travel Expenses Coverage if "R1",

is shown under "Symbols" on the Declarations Page. If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductible that applies to Collision Coverage is shown on the Declarations Page.

**Additional Definitions**

***Covered Vehicle*** means:

1. ***your car***;
2. a ***newly acquired car***;
3. a ***temporary substitute car***;
4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;
5. a ***non-owned car*** while it is:
   a. being driven by an ***insured***; or
   b. in the custody of an ***insured*** if at the time of the ***loss*** it is:
      (1) not being driven; or

SAMPLE

(2) being driven by a ***person*** other than an ***insured*** and being ***occupied*** by an ***insured***; and

6. a ***non-owned trailer*** and a ***non-owned camper*** while it is being used by an ***insured***;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of ***trailers*** and campers must be securely fixed as a permanent part of the ***trailer*** or camper.

***Daily rental charge*** means the sum of:

1. the daily rental rate;
2. mileage charges; and
3. related taxes.

***Insured*** means ***you*** and ***resident relatives***.

***Loss*** means:

1. direct, sudden, and accidental damage to; or
2. total or partial theft of

a ***covered vehicle***. ***Loss*** does not include any reduction in the value of any ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

***Loss Caused By Collision*** means a ***loss*** caused by:

1. a ***covered vehicle*** hitting or being hit by another vehicle or other object; or
2. the overturning of a ***covered vehicle***.

Any ***loss*** caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a ***Loss Caused By Collision***.

***Non-Owned Camper*** means a camper designed to be mounted on a pickup truck that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** residing in the same household as an ***insured***; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

***Non-Owned Trailer*** means a ***trailer*** that is in the lawful possession of an ***insured*** and that neither:

1. is ***owned by***:
   a. an ***insured***;
   b. any other ***person*** residing in the same household as an ***insured***; or
   c. an employer of any ***person*** described in a. or b. above; nor
2. has been used by, rented by, or in the possession of an ***insured*** during any part of each of the 31 or more consecutive days immediately prior to the date of the ***loss***.

**Insuring Agreements**

**1. Comprehensive Coverage**

a. ***We*** will pay for ***loss***, except ***loss caused by collision***, to a ***covered vehicle***.

b. If ***your car*** or a ***newly acquired car*** is stolen, then ***we*** will pay transportation expenses incurred by an ***insured***. These transportation expenses must be incurred during a period that:

(1) starts on the date ***you*** report the theft to ***us***; and

(2) ends on the earlier of:

(a) the date the vehicle is recovered; or

(b) the date ***we*** offer to pay ***you*** for the theft if the vehicle has not yet been recovered.

These transportation expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**2. Collision Coverage**

***We*** will pay for ***loss caused by collision*** to a ***covered vehicle***.

**3. Emergency Road Service Coverage**

***We*** will pay the fair cost incurred by an ***insured*** for:

a. up to one hour of labor to repair a ***covered vehicle*** at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a ***covered vehicle*** is not drivable;

c. towing a ***covered vehicle*** out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a ***covered vehicle*** to driving condition. ***We*** do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a ***covered vehicle*** if its key is lost, stolen, or locked inside the vehicle.



SAMPLE

**4. Car Rental and Travel Expenses Coverage**

**a. Car Rental Expense**

***We*** will pay the ***daily rental charge*** incurred when ***you*** rent a ***car*** from a ***car business*** while ***your car*** or a ***newly acquired car*** is:

(1) not drivable; or

(2) being repaired

as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage.

***We*** will pay the ***daily rental charge*** incurred during a period that:

(1) starts on the date:

(a) the vehicle is not drivable as a result of the ***loss***; or

(b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

(a) the date the vehicle has been repaired or replaced;

(b) the date ***we*** offer to pay ***you*** for the ***loss*** if the vehicle is repairable but ***you*** choose to delay repairs; or

(c) five days after ***we*** offer to pay ***you*** for the ***loss*** if the vehicle is:

(i) a total loss as determined by ***us***; or

(ii) stolen and not recovered.

The amount of any such ***daily rental charge*** incurred by ***you*** must be reported to ***us*** before ***we*** will pay such amount.

**b. Travel Expenses**

***We*** will pay expenses for commercial transportation, lodging, and meals if ***your car*** or a ***newly acquired car*** is not drivable as a result of a ***loss*** which would be payable under Comprehensive Coverage or Collision Coverage. The ***loss*** must occur more than 50 miles from ***your*** home. ***We*** will only pay these expenses if they are incurred by:

(1) an ***insured*** during the period that:

(a) starts after the ***loss*** occurs; and

(b) ends on the earlier of:

(i) the ***insured's*** arrival at his or her destination or home if the vehicle is left behind for repairs; or

(ii) the repair of the vehicle if the ***insured*** waits for repairs before continuing on to his or her destination or returning home; and

(2) ***you***, or any ***person you*** choose, to travel to retrieve the vehicle and drive it to either the original destination or ***your*** home if the vehicle was left behind for repairs.

These expenses must be reported to ***us*** before ***we*** will pay such incurred expenses.

**c. Rental Car – Repayment of Deductible Expense**

***We*** will pay the comprehensive deductible or collision deductible an ***insured*** is required to pay the owner of a ***car*** rented from a ***car business***.

**Supplementary Payments – Comprehensive Coverage and Collision Coverage**

If Symbol "D" is shown on the Declarations Page and the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Comprehensive Coverage, or if Symbol "G" is shown on the Declarations Page and the ***covered vehicle*** sustains ***loss*** for which ***we*** make a payment under Collision Coverage, then ***we*** will pay reasonable expenses incurred to:

1. tow the ***covered vehicle*** immediately after the ***loss***:

a. for a reasonable distance from the location of the ***loss*** to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable; or

b. to any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***. ***We*** will also pay reasonable expenses incurred to tow the ***covered vehicle*** for a reasonable distance from this facility to any one repair facility chosen by an ***insured*** or the owner of the ***covered vehicle***, if the ***covered vehicle*** is not drivable;

2. store the ***covered vehicle***, if it is not drivable immediately after the ***loss***, at:

a. any one repair facility or commercial storage facility, neither of which was chosen by an ***insured*** or the owner of the ***covered vehicle***; and

SAMPLE

b. any one repair facility chosen by the owner of the ***covered vehicle***, and ***we*** determine such vehicle is a total loss.

If the owner of the ***covered vehicle*** consents, then ***we*** may move the ***covered vehicle*** at ***our*** expense to reduce storage costs. If the owner of the ***covered vehicle*** does not consent, then ***we*** will pay only the storage costs that would have resulted if ***we*** had moved the damaged ***covered vehicle***; and

3. clean up debris from the ***covered vehicle*** at the location of the ***loss***. The most ***we*** will pay to clean up the debris is $250 for any one ***loss***.

**Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage**

1. ***We*** have the right to choose to settle with ***you*** or the owner of the ***covered vehicle*** in one of the following ways:
   a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible.
      (1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:
         (a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;
         (b) A bid or repair estimate approved by ***us***; or
         (c) A repair estimate that is written based upon or adjusted to:
            (i) the prevailing competitive price;
            (ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or
            (iii) a combination of items (i) and (ii) above.

         The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

         ***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts. Any of these parts may be either original equipment manufacturer parts or non-original equipment manufacturer parts. However, if the ***covered vehicle*** is the current model year or immediate prior year model, then such parts will not include non-OEM after market crash parts without consent of its owner.

         ***You*** also agree that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.
      (2) The cost to repair the ***covered vehicle*** does not include any reduction in the value of the ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.
      (3) If the repair or replacement of a part results in betterment of that part, then ***you*** or the owner of the ***covered vehicle*** must pay for the amount of the betterment.
      (4) If ***you*** and ***we*** agree, windshield glass will be repaired instead of replaced.
   b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible.
      (1) The owner of the ***covered vehicle*** and ***we*** must agree upon the actual cash value of the ***covered vehicle***. If there is disagreement as to the actual cash value of the ***covered vehicle***, then the disagreement will be resolved by appraisal upon written request of the owner or ***us***, using the following procedures:
         (a) The owner and ***we*** will each select a competent appraiser.
         (b) The two appraisers will select a third competent appraiser. If they are unable to agree on a third appraiser within 30 days, then either the owner or ***we*** may petition a court that has jurisdiction to select the third appraiser.
         (c) Each party will pay the cost of its own appraiser, attorneys, and expert witnesses, as well as any other expenses incurred by that party. Both parties will share equally the cost of the third appraiser.

SAMPLE

(d) The appraisers shall only determine the actual cash value of the ***covered vehicle***. Appraisers shall have no authority to decide any other questions of fact, decide any questions of law, or conduct appraisal on a class-wide or class-representative basis.

(e) A written appraisal that is both agreed upon by and signed by any two appraisers, and that also contains an explanation of how they arrived at their appraisal, will be binding on the owner of the ***covered vehicle*** and ***us***.

(f) ***We*** do not waive any of ***our*** rights by submitting to an appraisal.

(2) The damaged ***covered vehicle*** must be given to ***us*** in exchange for ***our*** payment, unless ***we*** agree that the owner may keep it. If the owner keeps the ***covered vehicle***, then ***our*** payment will be reduced by the value of the ***covered vehicle*** after the ***loss***.

c. Return the stolen ***covered vehicle*** to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most ***we*** will pay for transportation expenses under Comprehensive Coverage is $25 per day subject to an aggregate limit of $750 per ***loss***.

3. The most ***we*** will pay for ***loss*** to a ***non-owned trailer*** or a ***non-owned camper*** is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

**1. Car Rental Expense**

The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

a. The limit shown under "Each Day" is the most ***we*** will pay for the ***daily rental charge***. If

(1) a dollar amount is shown, then ***we*** will pay the ***daily rental charge*** up to that dollar amount;

(2) a percentage amount is shown, then ***we*** will pay that percentage of the ***daily rental charge***.

b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most ***we*** will pay for Car Rental Expense incurred as a result of any one ***loss***.

**2. Travel Expenses**

The most ***we*** will pay for Travel Expenses incurred by all ***insureds*** as a result of any one ***loss*** is $500.

**3. Rental Car – Repayment of Deductible Expense**

The most ***we*** will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one ***loss*** is $500.

**Nonduplication**

***We*** will not pay for any ***loss*** or expense under the Physical Damage Coverages for which the ***insured*** or owner of the ***covered vehicle*** has already received payment from, or on behalf of, a party who is legally liable for the ***loss*** or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:

a. INTENTIONALLY DAMAGED; OR

b. STOLEN

BY OR AT THE DIRECTION OF AN ***INSURED***;

2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

3. ANY ***COVERED VEHICLE*** WHILE IT IS USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;

4. ANY ***COVERED VEHICLE*** DUE TO:

a. THEFT;

b. CONVERSION;

c. EMBEZZLEMENT; OR

d. SECRETION

BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. ***LOSS*** TO ***YOUR CAR*** OR A ***NEWLY ACQUIRED CAR*** IF AN ***INSURED*** VOLUNTARILY RELINQUISHES POSSESSION OF THAT ***CAR*** TO A ***PERSON*** OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

SAMPLE

6. ANY ***COVERED VEHICLE*** TO THE EXTENT ***OUR*** PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR ***LOSS*** TO SUCH ***COVERED VEHICLE***;
7. ***LOSS*** TO ANY ***COVERED VEHICLE*** DUE TO ***FUNGI***. THIS APPLIES REGARDLESS OF WHETHER OR NOT THE ***FUNGI*** RESULT FROM A ***LOSS*** THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. ***WE*** WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF ***FUNGI***, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY ***COVERED VEHICLE*** THAT ARE DUE TO THE EXISTENCE OF ***FUNGI***;
8. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM:
   a. NUCLEAR REACTION;
   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR
   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
9. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT ***COVERED VEHICLE*** BY ANY GOVERNMENTAL AUTHORITY;
10. ***LOSS*** TO ANY ***COVERED VEHICLE*** THAT RESULTS FROM WAR OF ANY KIND;
11. ***YOUR CAR*** WHILE SUBJECT TO ANY:
    a. LIEN AGREEMENT;
    b. RENTAL AGREEMENT;
    c. LEASE AGREEMENT; OR
    d. SALES AGREEMENT

    NOT SHOWN ON THE DECLARATIONS PAGE;
12. ANY ***NON-OWNED CAR*** WHILE IT IS:
    a. BEING MAINTAINED OR USED BY ANY ***PERSON*** WHILE THAT ***PERSON*** IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A ***CAR BUSINESS***; OR
    b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A ***CAR BUSINESS***. This exclusion (12.b.) does not apply to a ***private passenger car***;
13. ANY PART OR EQUIPMENT OF A ***COVERED VEHICLE*** IF THAT PART OR EQUIPMENT:
    a. FAILS OR IS DEFECTIVE; OR
    b. IS DAMAGED AS A DIRECT RESULT OF:
       (1) WEAR AND TEAR;
       (2) FREEZING; OR
       (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

       OF THAT PART OR EQUIPMENT.

    This exclusion does not apply if the ***loss*** is the result of theft of the ***covered vehicle***;
14. ANY PART OR EQUIPMENT:
    a. THAT IS NOT LEGAL FOR USE IN OR ON THE ***COVERED VEHICLE*** IN THE STATE WHERE THE ***COVERED VEHICLE*** IS REGISTERED; OR
    b. THE USE OF WHICH IS NOT LEGAL IN THE STATE WHERE THE ***COVERED VEHICLE*** IS REGISTERED BECAUSE OF HOW OR WHERE THAT PART OR EQUIPMENT IS INSTALLED IN OR ON THE ***COVERED VEHICLE***.

    However, if there is a legal version of the part or equipment that is necessary for the safe operation of the ***covered vehicle***, then ***we*** will pay the cost that ***we*** would otherwise have paid to repair the vehicle with the legal version of the part or equipment. ***We*** will not pay any cost necessary to modify the vehicle for installation of the legal version of the part or equipment;
15. TIRES. This exclusion does not apply if:
    a. ***loss*** is caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal; or
    b. ***loss caused by collision*** to another part of the ***covered vehicle*** causes ***loss*** to tires;
16. REMOVABLE PRODUCTS USED FOR STORAGE OF AUDIO, VIDEO, OR OTHER DATA, INCLUDING BUT NOT LIMITED TO TAPES, DISCS, AND MEMORY CARDS, NOR IS THERE COVERAGE FOR THE RECONSTRUCTION OF DATA CONTAINED THEREIN;
17. ANY EQUIPMENT USED TO DETECT OR INTERFERE WITH SPEED MEASURING DEVICES;

SAMPLE

18. A CAMPER, INCLUDING ITS PARTS AND ITS EQUIPMENT, THAT IS:
    a. DESIGNED TO BE MOUNTED ON A PICKUP TRUCK;
    b. ***OWNED BY*** AN ***INSURED***; AND
    c. NOT SHOWN ON THE DECLARATIONS PAGE; OR
19. ANY ***COVERED VEHICLE*** WHILE IT IS:
    a. BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
    b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING.

**If Other Physical Damage or Similar Coverage Applies**

1. If the same ***loss*** or expense is payable under more than one of the physical damage coverages provided by this policy, then only the one coverage that pays the most for that ***loss*** or expense applies.
2. If any of the physical damage coverages provided by this policy and one or more other policies issued to an ***insured*** by one or more of the ***State Farm Companies*** apply to the same ***loss*** or expense, then only one policy applies. ***We*** will select a policy that pays the most for the ***loss*** or expense.
3. The physical damage coverages provided by this policy apply as primary coverage for a ***loss*** to:
    a. ***your car***; and
    b. a ***temporary substitute car*** and a ***non-owned car*** if the only insurance coverage provided by the owner of the ***car*** is from a garage policy.

    If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as primary coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as primary that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as primary coverage.
4. Except as provided in item 3. above, the physical damage coverages provided by this policy apply as excess coverage.

    If similar coverage provided by one or more sources other than the ***State Farm Companies*** also applies as excess coverage for the same ***loss*** or expense, then the ***State Farm Companies*** will pay the proportion of the ***loss*** or expense payable as excess that the maximum amount that may be paid by the ***State Farm Companies*** bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

**Financed Vehicle**

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage or Collision Coverage provided by this policy applies to that creditor's interest in ***your car***. Coverage for the creditor's interest is only provided for a ***loss*** that is payable to ***you*** except that the creditor's interest will not be invalidated by an intentional act or omission of the owner of ***your car***.

    However, if this policy is cancelled or nonrenewed, then ***we*** will provide coverage for the creditor's interest until ***we*** notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a ***loss*** that would have been payable to ***you*** if this policy had not been cancelled or nonrenewed except that the creditor's interest will not be invalidated by an intentional act or omission of the owner of ***your car***. The date such termination is effective will be at least 20 days after the date ***we*** mail or electronically transmit a notice of the termination to the creditor. The mailing or electronic transmittal of the notice will be sufficient proof of notice.
2. If ***we*** pay such creditor, then ***we*** are entitled to the creditor's right of recovery against ***you*** to the extent of ***our*** payment. ***Our*** right of recovery does not impair the creditor's right to recover the full amount of its claim.

**Our Payment Options**

**1. Comprehensive Coverage and Collision Coverage**

   a. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle owned by you***:
      (1) ***You***;
      (2) The repairer; or
      (3) A creditor shown on the Declarations Page, to the extent of its interest.
   b. ***We*** may, at ***our*** option, make payment to one or more of the following for ***loss*** to a ***covered vehicle*** not ***owned by you***:
      (1) ***You***;
      (2) The owner of such vehicle;
      (3) The repairer; or
      (4) A creditor, to the extent of its interest.

**2. Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

   ***We*** may, at ***our*** option, make payment to one or more of the following:
   a. ***You***;
   b. The ***insured*** who incurred the expense; or
   c. Any party that provided the service for which payment is owed.



SAMPLE

# DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE
# LOSS OF EARNINGS COVERAGE

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "Symbols" on the Declarations Page.

### Additional Definition

***Insured*** means a ***person*** whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

### Insuring Agreement

***We*** will pay the highest applicable benefit shown in the following Death, Dismemberment and Loss of Sight Benefits Schedules if an ***insured***:

1. dies; or
2. suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days after the date of the accident.

### Benefit

The applicable benefit shown in the schedule is the most ***we*** will pay for any one ***insured*** in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT BENEFITS SCHEDULES

If the amount shown on the Declarations Page for the ***insured*** is $5,000, ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight:

| | |
|---|---|
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand & one foot; or one hand or one foot & all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb & a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |

The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off.

If the amount shown on the Declarations Page for the ***insured*** is $10,000, ***we*** will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight:

| | |
|---|---|
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand & one foot; or one hand or one foot & all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb & a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |

The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off.

The benefits shown in the schedules are doubled for an ***insured*** who at the time of the accident was ***occupying*** a ***private passenger car*** and using a seat belt in the manner recommended by the vehicle's manufacturer.

## LOSS OF EARNINGS COVERAGE

This policy provides Loss of Earnings Coverage if "Z" is shown under "Symbols" on the Declarations Page.

### Additional Definitions

***Insured*** means a ***person*** whose name is shown under "Loss of Earnings Coverage – Persons Insured" on the Declarations Page.

***Total Disability*** means the ***insured's*** inability to work, either full or part time, in his or her occupation or any other similar occupation for which he or she is reasonably fitted by education, training, or experience.

***Weekly Earnings*** means 85% of all earnings for the ***insured's*** services before any deductions. When ***weekly earnings*** cannot be determined on a weekly basis an average will be used. The average is 85% of the total earnings for the 52 weeks just prior to the accident divided by 52.

### Insuring Agreement

***We*** will pay the ***insured*** his or her loss of ***weekly earnings***, which occur while the ***insured*** is living, due to continuous ***total disability*** that:

1. is the direct result of ***bodily injury*** caused by an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle



SAMPLE

and not due to any other cause. At the time of the accident, the ***insured*** must be ***occupying*** or be struck as a ***pedestrian*** by a land motor vehicle or any type of trailer; and

2. starts within 20 days after the date of the accident and lasts for a period of at least 30 consecutive days. ***We*** will not pay for the first seven days of the 30 day period.

**Limit**

The most ***we*** will pay any one ***insured*** is:

1. $250 for each full workweek of ***total disability***; and
2. a pro rata portion of $250 for less than a full workweek of ***total disability***.

Subject to the workweek limit, the most ***we*** will pay any one ***insured*** for all loss of ***weekly earnings*** due to any one accident is $15,000.

***We*** will pay once every two weeks the ***insured's*** loss of ***weekly earnings*** owed.

**Exclusions – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage**

DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE AND LOSS OF EARNINGS COVERAGE DO NOT APPLY TO AN ***INSURED***:

1. WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A ***CAR BUSINESS***;
2. WHILE ***OCCUPYING***, LOADING, OR UNLOADING:
   a. AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;
   b. A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:
      (1) ***INSURED'S*** BUSINESS; OR
      (2) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A ***CAR BUSINESS***.

   Exclusion 2.b. does not apply if the vehicle is a ***private passenger car***;
   c. A MILITARY VEHICLE; OR
   d. A VEHICLE WHILE IT IS:
      (1) BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR
      (2) ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH SPEED DRIVING;
3. WHILE ***OCCUPYING***, LOADING, UNLOADING, OR WHO IS STRUCK AS A ***PEDESTRIAN*** BY:
   a. A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;
   b. A MOTOR VEHICLE THAT IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR
   c. A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES; OR
4. FOR DEATH, DISMEMBERMENT, LOSS OF SIGHT, OR ***TOTAL DISABILITY*** THAT RESULTS FROM:
   a. WAR OF ANY KIND;
   b. NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;
   c. THE DISCHARGE OF A FIREARM;
   d. EXPOSURE TO ***FUNGI***;
   e. SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE ***INSURED*** WAS SANE OR INSANE; OR
   f. DISEASE except pus-forming infection due to ***bodily injury*** sustained in the accident.

**Our Payment Options – Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage**

***We*** may, at ***our*** option, make payment to one or more of the following:

1. The ***insured***;
2. The ***insured's*** surviving spouse;
3. A parent or guardian of the ***insured***, if the ***insured*** is a minor or an incompetent ***person***; or
4. A ***person*** or organization authorized by law to receive such payment.



SAMPLE

## INSURED'S DUTIES

**1. Notice to Us of an Accident or Loss**

The ***insured*** must give ***us*** or one of ***our*** agents notice of the accident or ***loss*** as soon as reasonably possible. The notice must give ***us***:

a. ***your*** name;

b. the names and addresses of all ***persons*** involved in the accident or ***loss***;

c. the hour, date, place, and facts of the accident or ***loss***; and

d. the names and addresses of witnesses to the accident or ***loss***.

**2. Notice to Us of Claim or Suit**

a. If a claim is made against an ***insured***, then that ***insured*** must immediately send ***us*** every demand, notice, and claim received.

b. If a lawsuit is filed against an ***insured***, then that ***insured*** must immediately send ***us*** every summons and legal process received.

**3. Insured's Duty to Cooperate With Us**

a. The ***insured*** must cooperate with ***us*** and, when asked, assist ***us*** in:

(1) making settlements;

(2) securing and giving evidence; and

(3) attending, and getting witnesses to attend, depositions, hearings, and trials.

b. The ***insured*** must not, except at his or her own cost, voluntarily:

(1) make any payment to others; or

(2) assume any obligation to others

unless authorized by the terms of this policy.

c. Any ***person*** or organization making claim under this policy must, when ***we*** require, give ***us*** proof of loss on forms ***we*** furnish.

**4. Questioning Under Oath**

Under:

a. Liability Coverage, each ***insured***;

b. Medical Payments Coverage, Uninsured Motor Vehicle Coverages, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage, each ***insured***, or any other ***person*** or organization making claim or seeking payment; and

c. Physical Damage Coverages, each ***insured*** or owner of a ***covered vehicle***, or any other ***person*** or organization making claim or seeking payment;

must, at ***our*** option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as ***we*** require. Such ***person*** or organization must answer questions under oath, asked by anyone ***we*** name, and sign copies of the answers. ***We*** may require each ***person*** or organization answering questions under oath to answer the questions with only that ***person's*** or organization's legal representative, ***our*** representatives, any ***person*** or ***persons*** designated by ***us*** to record the questions and answers, and no other ***person*** present.

**5. Other Duties Under the Physical Damage Coverages**

When there is a ***loss***, ***you*** or the owner of the ***covered vehicle*** must:

a. protect the ***covered vehicle*** from additional damage. ***We*** will pay any reasonable expense incurred to do so;

b. make a prompt report to the police when the ***loss*** is the result of theft;

c. allow ***us*** to:

(1) inspect any damaged property before its repair or disposal;

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the ***covered vehicle*** at ***our*** expense in order to conduct such inspection or testing;

d. provide ***us*** all:

(1) records;

(2) receipts; and

(3) invoices

that ***we*** request and allow ***us*** to make copies; and

e. not abandon the ***covered vehicle*** to ***us***.

**6. Other Duties Under Medical Payments Coverage, Uninsured Motor Vehicle Coverages, Death, Dismemberment and Loss of Sight Coverage, and Loss of Earnings Coverage**

A ***person*** making claim under:

a. Medical Payments Coverage, Uninsured Motor Vehicle Coverages, Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must:

SAMPLE

(1) notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;

(2) be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request;

(3) provide written authorization for ***us*** to obtain:

(a) medical bills;

(b) medical records;

(c) wage, salary, and employment information; and

(d) any other information ***we*** deem necessary to substantiate the claim.

If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***; and

(4) allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident;

b. Uninsured Motor Vehicle Coverages must:

(1) report an accident, involving a motor vehicle whose owner and driver remain unknown, to the police within a reasonable time;

(2) send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files a lawsuit against the party liable for the accident;

(3) report an accident to ***us*** within 30 days immediately following the date of the accident;

(4) if making claim for ***property damage***:

(a) give ***us*** sworn proof of claim within 60 days immediately following the date of the accident. This proof must include a statement as to:

(i) the names and addresses of those who own the property and the percentage of ownership each has;

(ii) the amount owed and the liens on such property and the names and addresses of any such creditors and lienholders;

(iii) the actual cash value of the property at the time of the accident;

(iv) the amount of the ***property damage***;

(v) the place, time, and other details of the accident;

(vi) the description and amounts of any other insurance covering such ***property damage***.

(b) protect the damaged property from additional damage. ***We*** will pay any reasonable expense incurred to do so.

(c) allow ***us*** to:

(i) inspect any damaged property before its repair or disposal;

(ii) test any part or equipment before that part or equipment is removed or repaired; and

(iii) move the damaged property at ***our*** expense in order to conduct such inspection or testing;

(d) provide ***us*** all:

(i) records;

(ii) receipts; and

(iii) invoices

that ***we*** request and allow ***us*** to make copies; and

(e) not abandon the damaged property to ***us***; and

c. Loss of Earnings Coverage must:

(1) make a claim under this policy;

(2) report to us when that ***person*** has a ***total disability***; and

(3) provide proof of continued ***total disability*** when ***we*** ask for it.

SAMPLE

## GENERAL TERMS

**1. When Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

**2. Where Coverage Applies**

The coverages provided by this policy are shown on the Declarations Page and apply to accidents and ***losses*** that occur:

a. in the United States of America and its territories and possessions;

b. in Canada; and

c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

**3. Newly Owned or Newly Leased Car**

If ***you*** want to insure a ***car*** newly ***owned by you*** with the ***State Farm Companies*** after that ***car*** ceases to be a ***newly acquired car***, then ***you*** must either:

a. request ***we*** replace the ***car*** currently shown on the Declarations Page of this policy with the ***car*** newly ***owned by you*** and pay ***us*** any added amount due. If ***you*** make such request while this policy is in force and:

(1) before the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date the ***car*** newly ***owned by you*** is delivered to ***you***. The added amount due will be calculated based on that date; or

(2) after the ***car*** newly ***owned by you*** ceases to be a ***newly acquired car***, then that ***car*** newly ***owned by you*** will be insured by this policy as ***your car*** beginning on the date and time ***you*** make the request. The added amount due will be calculated based on that date; or

b. apply to the ***State Farm Companies*** for a separate policy to insure the ***car*** newly ***owned by you***. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

**4. Changes to This Policy**

**a. Changes in Policy Provisions**

***We*** may only change the provisions of this policy by:

(1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

(2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then ***we*** will give ***you*** the broader coverage as of the date ***we*** make the change effective in the state of Tennessee without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

**b. Change of Interest**

(1) No change of interest in this policy is effective unless ***we*** consent in writing.

(2) Except under Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage, if a named insured dies, then the definition of ***insured*** under each of the coverages provided by this policy is changed to include:

(a) any ***person*** with lawful custody of ***your car***, a ***newly acquired car***, or a ***temporary substitute car*** until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured.

This only applies while such ***person*** is maintaining or using ***your car***, a ***newly acquired car***, or a ***temporary substitute car***.

Policy notice requirements are met by mailing the notice to the deceased named insured's last known address.

**c. Joint and Individual Interests**

When there are two or more named insureds each acts for all to change or cancel the policy.

**5. Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the

SAMPLE

***State Farm Companies*** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. The premium for this policy may vary based upon the purchase of other insurance from the ***State Farm Companies***.

d. The premium for this policy is based upon information ***we*** have received from ***you*** or other sources. ***You*** must inform ***us*** if any information regarding the following is incorrect or incomplete, or changes during the policy period, and ***you*** must answer questions ***we*** ask regarding the following:

(1) ***Your car***, or its use, including annual mileage;

(2) The ***persons*** who regularly drive ***your car***, including newly licensed family members;

(3) ***Your*** marital status; or

(4) The location where ***your car*** is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to ***us*** when ***we*** ask, ***we*** may decrease or increase the premium during the policy period. If ***we*** decrease the premium during the policy period, then ***we*** will provide a refund or a credit in the amount of the decrease. If ***we*** increase the premium during the policy period, then ***you*** must pay the amount of the increase.

**6. Renewal**

***We*** agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless ***we*** mail or deliver a nonrenewal notice or a cancellation notice as set forth in items 7. and 8. below.

**7. Nonrenewal**

If ***we*** decide not to renew this policy, then, at least 30 days before the end of the current policy period, ***we*** will mail or deliver a nonrenewal notice to the most recent address provided to ***us*** by ***you*** as the policy address. The mailing of the notice will be sufficient proof of notice.

**8. Cancellation**

**a. How You May Cancel**

***You*** may cancel this policy by providing to ***us*** advance notice of the date cancellation is effective. ***We*** may confirm the cancellation in writing.

**b. How and When We May Cancel**

***We*** may cancel this policy by mailing or delivering a written notice to the most recent address provided to ***us*** by ***you*** as the policy address. The notice will provide the date cancellation is effective.

The mailing of the notice will be sufficient proof of notice.

(1) If ***we*** mail or deliver a cancellation notice:

(a) during the first 59 days following this policy's effective date; or

(b) because the premium is not paid when due,

then the date cancellation is effective will be at least 10 days after the date ***we*** mail or deliver the cancellation notice.

Otherwise, the date cancellation is effective will be at least 20 days after the date ***we*** mail or deliver the cancellation notice.

(2) After this policy has been in force for more than 59 days, ***we*** will not cancel this policy before the end of the current policy period unless:

(a) the premium is not paid when due; or

(b) ***you***, any ***resident relative***, or any other ***person*** who usually drives ***your car*** has had his or her driver's license under suspension or revocation during the 180 days immediately before the effective date of the policy or during the policy period.

**c. Return of Unearned Premium**

If ***you*** cancel this policy, then premium may be earned on a short rate basis. If ***we*** cancel this policy, then premium will be earned on a pro rata basis.

Any unearned premium may be returned within a reasonable time after cancellation. Delay in the return of any unearned premium does not affect the cancellation date.

SAMPLE

**9. Assignment**

Except as provided below, no assignment of benefits or other transfer of rights is binding upon ***us*** unless approved by ***us***. A ***person*** making claim under the Medical Payments Coverage of this policy may assign the payment of such benefits to the healthcare provider by providing ***us*** with written notice of such assignment.

**10. Bankruptcy or Insolvency of the Insured**

Bankruptcy or insolvency of the ***insured*** or his or her estate will not relieve ***us*** of ***our*** obligations under this policy.

**11. Concealment or Fraud**

There is no coverage under this policy if ***you*** or any other ***person*** insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

**12. Our Right to Recover Our Payments**

Death, Dismemberment and Loss of Sight Coverage and Loss of Earnings Coverage payments are not recoverable by ***us***. Under all other coverages the following apply:

**a. Subrogation**

If ***we*** are obligated under this policy to make payment to or for a ***person*** who has a legal right to collect from another party, then ***we*** will be subrogated to that right to the extent of ***our*** payment.

The ***person*** to or for whom ***we*** make payment must help ***us*** recover ***our*** payments by:

(1) doing nothing to impair that legal right;

(2) executing any documents ***we*** may need to assert that legal right; and

(3) taking legal action through ***our*** representatives when ***we*** ask; and

**b. Reimbursement**

If ***we*** make payment under this policy and the ***person*** to or for whom ***we*** make payment recovers or has recovered from another party, then that ***person*** must:

(1) hold in trust for ***us*** the proceeds of any recovery; and

(2) reimburse ***us*** to the extent of ***our*** payment.

**13. Legal Action Against Us**

Legal action may not be brought against ***us*** until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against ***us*** regarding:

a. Liability Coverage after the amount of damages an ***insured*** is legally liable to pay has been finally determined by:

(1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

(2) agreement between the claimant and ***us***.

b. Medical Payments Coverage if the legal action relating to this coverage is brought against ***us*** within four years immediately following the date of the accident.

c. Uninsured Motor Vehicle Coverage if the ***insured*** or that ***insured's*** legal representative within two years immediately following the date of the accident:

(1) presents an Uninsured Motor Vehicle Coverage claim to ***us***; and

(2) files a lawsuit in accordance with the **Deciding Fault and Amount** provision of this coverage.

Except as provided in c.(2) above, no other legal action may be brought against ***us*** relating to Uninsured Motor Vehicle Coverage for any other causes of action that arise out of or are related to this coverage until there has been full compliance with the provisions titled **Consent to Settlement** and **Deciding Fault and Amount**.

d. Physical Damage Coverages if the legal action relating to these coverages is brought against ***us*** within one year immediately following the date of the accident or ***loss***.

**14. Choice of Law**

Without regard to choice of law rules, the law of the State of:

a. Tennessee will control, except as provided in item b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

SAMPLE

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

   (1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

   (2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

**15. Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

SAMPLE

SAMPLE