UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNADETTE WILLIAMS, RICK MCCONNELL, ROSILYN WILSON, LINDA LEWIS, LATASHA HUFF, HAUNANIMAE CERVANTES-WHITE, MARIA MUNOZ, KIMBERLY BENSON, ROY TUINSTRA, EVELYN BROWN, MICHELLE SNYDER, WILLIAM ROSS DEAN, RICHARD DACHEFF, DIANE NEWKIRK, SANDRA SMILING, SHAUN ROBERT, ROQUE ESPINOZA, JENNIFER PAYNE, LATISHIA BOWDEN, and DJ NEILL, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,<br><br>   Defendant. | Case No.: 1:22-cv-01422<br><br>Judge Virginia M. Kendall |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF PARTIALLY UNOPPOSED MOTION FOR AN IMMEDIATE CASE MANAGEMENT CONFERENCE AND TEMPORARY STAY**

  Defendant State Farm Mutual Automobile Insurance Co. ("State Farm") respectfully requests an order from this Court (i) scheduling an immediate case management conference as soon as is practicable for the Court, and (ii) temporarily staying and deferring all responsive deadlines, including State Farm's deadline to answer or otherwise respond to Plaintiffs' Complaint. At that case management conference, State Farm intends to propose alternative early case management procedures designed to "secure the just, speedy, and inexpensive determination" of three preliminary issues that

1

State Farm believes will substantially reduce the scope of these proceedings. Because State Farm's current deadline to respond to the Complaint is May 18, 2022, State Farm respectfully requests expedited consideration of its Motion.

## ARGUMENT

### A. An Immediate Case Management Conference Is Needed To Discuss Alternative Early Case Management Procedures.

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of that mandate, Local Rule 16.1 imposes on all cases a "pretrial procedure [that] is intended to secure a just, speedy, and inexpensive determination of the issues." LR 16.1(1). However, "[i]f the type of procedure described [in Local Rule 16.1] does not appear calculated to achieve these ends in this case," then Local Rule 16.1 directs counsel to "seek an *immediate conference with the judge and opposing counsel so that alternative possibilities may be discussed*." (*Id.* (emphasis added).)

State Farm respectfully requests an immediate case management conference to discuss early case management alternatives intended to "secure a just, speedy, and inexpensive determination" of the issues. *See* Fed. R. Civ. P. 1; *see also* LR 16.1. Here, Plaintiffs bring a putative class action against State Farm in the form of a 402-page Complaint, filed on behalf of 20 named plaintiffs from 20 states, which includes allegations on behalf of 46 state sub-classes, for a total of 214 counts based on 46 states' laws spread across 2,023 paragraphs. Given the sheer breadth and size of Plaintiffs' putative class action, an immediate case management conference is needed to discuss

2

alternatives to the procedures imposed by Rule 12, Local Rule 16.1, and the Mandatory Initial Discovery Pilot Project Standing Order ("Standing Order").

State Farm's current deadline to answer or otherwise respond to the Complaint is May 18, 2022. (ECF No. 9.) Under Local Rule 16.1, an Initial Status Hearing is scheduled for June 9, 2022, after State Farm's current response deadline. (*See* ECF No. 3.) And under the Standing Order, which this Court has adopted, absent "good cause" a party must file answers, counterclaims, cross claims, and replies within Rule 12's time limits regardless "if they have filed or intend to file a motion to dismiss or other preliminary motion." Standing Order § 3.A. The Standing Order also requires parties to serve mandatory discovery responses within 30 days of filing such pleadings. Standing Order § 4.A.

These case management procedures are not well suited to this case as currently pleaded by Plaintiffs. Put simply, it is not realistically possible that the case can move forward with even a complex case timeline and extended briefing schedule. Given the sheer number of counts in the Complaint, State Farm's dismissal briefing alone could run several hundred pages. And absent this Court finding "good cause" to defer State Farm's deadline to file an Answer, the Standing Order would otherwise require State Farm to answer 2,023 paragraphs of allegations regardless whether a motion to dismiss is filed. Accordingly, State Farm respectfully requests an immediate case management conference to discuss alternative possibilities for initial case management. State Farm intends to propose an initial phase of targeted briefing designed to "secure the just, speedy, and inexpensive determination" of three preliminary issues that State Farm believes will substantially reduce the scope of these proceedings.

First, State Farm would move to sever and dismiss, stay, or transfer under the first-filed rule the claims of any named plaintiff purporting to represent a class of State Farm policyholders in any jurisdiction with a prior pending class action asserting substantially similar claims. *See* [Nicholson v. Nationstar Mortg. LLC of Delaware](#), No. 17-cv-1373, 2018 WL 3344408, at *5 (N.D. Ill. July 6, 2018); [Askin v. Quaker Oats Co.](#), No. 11 CV 111, 2012 WL 517491, at *3 (N.D. Ill. Feb. 15, 2012). There are currently **seven** prior pending class actions in other jurisdictions that overlap with the allegations of named plaintiffs in this case. *See* Appendix—First-Filed Cases.

Second, State Farm would move to compel appraisal with respect to any claims subject to mandatory appraisal under the applicable insurance policy. Many of the named plaintiffs' insurance policies include a mandatory appraisal provision that either State Farm or the insured may invoke unilaterally where, as here, there is disagreement as to the "actual cash value" of the totaled vehicle. In accordance with the terms of their insurance policies, State Farm has invoked the appraisal provision for 12 of the 20 named plaintiffs. Without first submitting to an appraisal, those plaintiffs are unable to establish injury, damages, or Article III standing and have failed to satisfy a contractual condition precedent to bringing suit. *See* [Clippinger v. State Farm Mut. Auto. Ins. Co.](#), No. 2:20-cv-02482-TLP-cgc, 2021 WL 4887984, at *17 (W.D. Tenn. Oct. 19, 2021) (without submitting to an appraisal, "it is not yet clear whether Plaintiff has standing to bring her contract claims"); [Bryant v. State Farm Mut. Auto. Ins. Co.](#), No. 20-cv-04669-SK, 2021 WL 711495, at *7 (N.D. Cal. Jan. 13, 2021) ("[I]f an appraisal determines that [State Farm's] settlement offer was equal to or greater than the actual cash value of Plaintiff's vehicle, it may demonstrate that Plaintiff lacks standing to sue.").

Third, State Farm would move to dismiss or strike allegations pertaining to any state for which there is no named plaintiff to act as proposed class representative. As currently structured, the Complaint asserts claims brought on behalf of state sub-classes—no claims are brought by any specific named plaintiff. That is problematic in itself, but even assuming that the named plaintiffs are alleging claims in the states of their citizenship, there are ***no*** named plaintiffs who are citizens of 26 states for which claims are alleged. It is axiomatic that each cause of action requires a plaintiff to pursue it.

While this briefing is ongoing, State Farm would request that all other aspects of the case be stayed, including discovery and any further obligation to move, answer, or otherwise respond to the allegations in Plaintiffs' Complaint. State Farm is of course open to discussing other alternative procedures during the immediate case management conference, but the breadth and size of Plaintiffs' putative class action demands some alternative early case management, and State Farm's proposal is designed to narrow the scope of Plaintiffs' putative class action before State Farm seeks dismissal under Rule 12(b)(6) for failure to state a claim or files an Answer.

### B. The Court Should Stay and Defer All Responsive Deadlines Pending the Immediate Case Management Conference.

State Farm respectfully requests that the Court temporarily stay and defer all responsive deadlines, including State Farm's deadline to answer or otherwise respond to Plaintiffs' Complaint under Rule 12 and Section A.3 of the Standing Order.

Courts have broad discretion to grant a stay, which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In considering whether to stay proceedings, courts analyze (i) whether a

5

stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. *Pfizer, Inc. v. Apotex, Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009). Courts analyze these factors in light of the overarching directive to construe, administer, and employ the Federal Rules of Civil Procedure in a manner that "secure[s] the just, speedy, and inexpensive determination" of each action. Fed. R. Civ. P. 1; *see also Garrick v. Moody Bible Inst.*, No. 18 CV 573, 2021 WL 5163287, at *3 (N.D. Ill. Nov. 5, 2021).

All three factors support a temporary stay. First, a temporary stay of all responsive deadlines so that the Parties and the Court can discuss early case management options will not unduly prejudice or tactically disadvantage Plaintiffs. *See Rodriguez v. Ford Motor Co.*, No. 21 C 2553, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022) (the general prejudice "of having to wait for a resolution" is insufficient (internal quotation marks and citation omitted)); *see also Garrick*, 2021 WL 5163287, at *3 (same). Second, a stay is necessary so that the Parties and the Court can discuss alternative case management procedures designed to simplify the case. Indeed, this is the entire point of State Farm's request for an immediate case management conference: alternative procedures are necessary to help simplify the issues and move this case forward in an efficient, realistic manner. *See Rodriguez*, 2022 WL 704780, at *1-2 (a stay is appropriate where potentially dispositive issues are raised with the potential to dispose of some claims and narrow the scope of discovery). Third, a temporary stay will reduce the burden of litigation on the Court and the Parties. As explained, without a temporary stay, State Farm's deadline to respond under Rule 12 and file an Answer under Section A.3 of the Standing Order is currently May 18, 2022. Even with the 30-day extension of that deadline recently granted

by the Court (*see* ECF No. 9), a deadline of May 18, 2022, provides insufficient time to address the Complaint's 214 counts. And without a temporary stay, the Standing Order would require mandatory discovery, which would be overly burdensome and wasteful given the unclear scope of Plaintiffs' putative class action.

There also is "good cause" for deferring State Farm's responsive pleading deadline under Section A.3 of the Standing Order. Section A.3 gives the Court discretion to defer the time for complying with the Standing Order's requirements for "good cause" while the Court considers a motion to dismiss premised on jurisdictional deficiencies. As explained, State Farm intends to propose an initial phase of targeted briefing which includes arguments that this Court should transfer severed claims under the first-filed rule, and that this Court lacks subject matter jurisdiction over the claims of named plaintiffs who, absent an appraisal, cannot establish Article III standing to sue. *See Clippinger*, 2021 WL 4887984, at *17; *Bryant*, 2021 WL 711495, at *7.

## **CONCLUSION**

For the reasons stated, State Farm respectfully requests an order from this Court (i) scheduling an immediate case management conference as soon as is practicable for the Court, and (ii) temporarily staying all responsive deadlines, including State Farm's deadline to answer or otherwise respond to Plaintiffs' Complaint.

Dated: April 20, 2022                    Respectfully submitted,

*s/ Joe Carlasare*

Joe Carlasare
SMITH AMUNDSEN
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
Phone:    312.894.3200
Email:    jcarlasare@salawus.com

Peter W. Herzog (*pro hac vice* forthcoming)
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone:    314.326.4129
Email:    pherzog@wtotrial.com

Eric L. Robertson (*pro hac vice* forthcoming)
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:    303.244.1842
Email:    robertson@wtotrial.com

*Attorneys for Defendant State Farm Mutual Automobile Insurance Co.*

## APPENDIX—FIRST-FILED CASES

| State | Named Plaintiff | First-Filed Case | Date Filed |
|---|---|---|---|
| AR | Rick McConnell | *Chadwick v. State Farm*, No. 4:21-cv-1161-DPM (E.D. Ark.) | Nov. 29, 2021 |
| GA | Latasha Huff | *Cudd v. State Farm*, No. 4:21-cv-00217-CDL (M.D. Ga.) | Dec. 23, 2021 |
| KS | Kimberly Benson | *Gulick v. State Farm*, No. 2:21-cv-02573-TC-GEB (D. Kan.) | Dec. 6, 2021 |
| LA | Evelyn Brown | *Shields v. State Farm*, No. 6:19-cv-01359 (W.D. La.) | Oct. 16, 2019 |
| OH | Shaun Robert | *Nichols v. State Farm*, No. 2:22-cv-00016-SDM-EPD (S.D. Ohio) | Jan. 5, 2022 |
| SC | Jennifer Payne | *Wiggins v. State Farm*, No. 8:21-cv-03803-DCC (D.S.C.) | Nov. 19, 2021 |
| TN | Latishia Bowden | *Clippinger v. State Farm*, No. 2:20-cv-02482 (W.D. Tenn.) | July 2, 2020 |