# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BERNADETTE WILLIAMS, RICK MCCONNELL, ROSILYN WILSON, LINDA LEWIS, LATASHA HUFF, HAUNANIMAE CERVANTES-WHITE, MARIA MUNOZ, KIMBERLY BENSON, ROY TUINSTRA, EVELYN BROWN, MICHELLE SNYDER, WILLIAM ROSS DEAN, RICHARD DACHEFF, DIANE NEWKIRK, SANDRA SMILING, SHAUN ROBERT, ROQUE ESPINOZA, JENNIFER PAYNE, LATISHIA BOWDEN, and DJ NEILL, on behalf of themselves and all others similarly situated, <br><br>    Plaintiffs, <br><br>    v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., <br><br>    Defendant. | Case No.: 1:22-cv-01422 <br><br> Judge Virginia M. Kendall |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS "HEADLESS" CLAIMS

**INTRODUCTION**

This Motion presents a straightforward and elementary application of Rule 12(b)(6). Defendant State Farm Mutual Automobile Insurance Company ("State Farm") seeks dismissal of claims that lack both (1) a Plaintiff and (2) any alleged facts which would state a claim under state law. Plaintiffs have filed a 402-page Complaint covering 46 states, but they failed to locate even one Plaintiff in 26 states and have not alleged even basic facts which, if true, would state a claim under those 26 states' laws. Accordingly, there is no real party in interest for the 26 subclasses, and the headless claims necessarily fail. Plaintiffs' claims as to these states are insufficient as a matter of law because there is no factual basis for the claims, nor any legal basis for the current named Plaintiffs to bring duplicative claims under foreign states' laws.[1]

**BACKGROUND**

Named Plaintiffs from 20 states bring this nearly-nationwide class action lawsuit alleging that State Farm perpetuated a "systematic and fraudulent scheme to mis-value insureds' vehicles that are declared a total loss" in violation of the applicable insurance policies and state laws. (*See* ECF No. 1 ¶ 7.) Plaintiffs seek actual damages and injunctive and declaratory relief. (*Id.* at ¶¶ 10-11.)

Plaintiffs allege that State Farm paid them less than "actual cash value" by settling total loss claims using Autosource, which usually, but not always, adjusts the advertised prices of comparable vehicles to account for "typical negotiation." (*Id.* ¶¶ 36-43.) Plaintiffs allege that Autosource identifies the "price of comparable vehicles sold or listed for sale online in the relevant market" and then applies a "typical negotiation adjustment" to the

---

[1] A list of the headless claims for which State Farm seeks dismissal is attached as Appendix A.

value of the comparable vehicles before determining the total loss payment due to the insureds. (*See id.* ¶ 38.) This typical negotiation adjustment, Plaintiffs contend, results in a 4-11% reduction in the value of the insured vehicles that they say is unlawful. (*See id.* ¶¶ 40-41.) Plaintiffs do not contest any other component of State Farm's ACV estimates. (*See id.* ¶ 42.)

Other than the boilerplate allegations, each of the 20 named Plaintiffs alleges additional specific information about their particular claim. For example, Plaintiff Bernadette Williams alleges that she was, at all relevant times, an Alabama citizen and owned a 2010 Toyota Camry LE 4 door sedan which was insured and deemed totaled on or around June 7, 2018. (*Id.* ¶ 12.) Plaintiff Williams alleges that State Farm and its third party vendor applied a "typical negotiation adjustment" of "approximately 7-8%" and attaches a Market Value Report to the Complaint. (*See id.*; ECF No. 1-3 at PageID 1082 (Williams Market Value Report).) The other named Plaintiffs allege the same pattern of facts, with minimal variation other than the names, dates, vehicles, and numbers. (*See id.* ¶¶ 12-31.) All named Plaintiffs were citizens of only one state at all relevant times. (*See id.*) No Plaintiff alleges any connection with a state other than the state in which they are a citizen. (*See id.*) No Plaintiff alleges that any of the underlying facts of their total loss claim took place in a state other than the state in which they reside. (*See id.*)

Plaintiffs bring five causes of action on behalf of a supposed nationwide class, including Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count I); Breach of Contract (Count 2); Breach of the Covenant of Good Faith and Fair Dealing (Count 3); Unjust Enrichment (Count 4); and a request for a Declaratory Judgment (Count 5). (*See id.* ¶¶ 62-108.) In Counts 6 through 214, Plaintiffs also allege causes of action on behalf of 46 state subclasses. (*See id.* ¶¶ 109-2023.) All of the state

2

subclass counts consist of alleged violations of state law for that state subclass. (*See, e.g., id.* ¶¶ 141-189 (Counts 10-14 for Alaska Subclass and alleging violations of Alaska law).)

State Farm moves to dismiss all state subclass claims for which there is no named Plaintiff pursuant to Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible if it pleads facts that permit a court to infer the defendant is liable. *Id.* While a court must accept factual allegations as true, this rule "is inapplicable to legal conclusions." *Id.* Thus, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* Instead, a plaintiff must "plausibly allege the elements of each count" to state a claim. *Jucha v. City of N. Chicago*, 63 F. Supp. 3d 820, 831 (N.D. Ill. 2014).

## ARGUMENT

**I. THERE ARE NO PLAINTIFFS FOR 26 STATES AND NO FACTS CONNECTING THE NAMED PLAINTIFFS TO THE PLAINTIFF-LESS STATES.**

Plaintiffs' Complaint as to the headless claims is facially deficient because it lacks two essential ingredients necessary for a lawsuit: Plaintiffs and facts which, if true, state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678; *see also* Fed. R. Civ. P. 17(a)(1) (requiring a "real party in interest" in order to prosecute an action). Here, the Complaint has neither. State Farm assumes without conceding that the 20 named Plaintiffs also are representatives of their state subclasses, meaning, for example, that Plaintiff Williams also is the representative of the Alabama State Subclass. However, the

3

Complaint is silent as to the Plaintiff-less states and whether there is any state subclass representative. Since there are no Plaintiffs for 26 states, and no basis for the named Plaintiffs to serve as representatives of any state other than their state of residence and citizenship, the headless claims necessarily fail. Plaintiffs fail to state a claim under Rule 12(b)(6) as to these claims, and they should be dismissed by the Court.

First, and most essentially, none of the named Plaintiffs brings any allegations which would substantiate a claim in any of the 26 Plaintiff-less states. All of the named Plaintiffs, in fact, do quite the opposite, and they only allege facts as to their state of citizenship. All of the named Plaintiffs allege the same cookie-cutter allegations, including their singular state of citizenship, that they owned a car insured by a State Farm policy, the car was deemed a total loss, and in calculating the total loss valuation, State Farm and its third-party vendor applied a "typical negotiation adjustment" that "unlawfully" reduced the total loss payout received by the insured. (*See* ECF No. 1 ¶¶ 12-31.) As a matter of basic reasoning, there can be no "plausible" claim where there is no *possible* claim. *See Iqbal*, 556 U.S. at 678. And here, the named Plaintiffs provide no allegations which would demonstrate that, according to the substantive law of the Plaintiff-less states, they are entitled to enforce any right or obtain any relief. With no party in interest, the claims necessarily fail. *See Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008) ("[Rule 17] is a procedural rule requiring that the complaint be brought in the name of the party to whom that claim 'belongs' or the party who 'according to the governing substantive law, is entitled to enforce the right.'") (citation omitted).

Second, all of the headless claims are brought on behalf of state subclasses alone, and none by any specific named Plaintiff. As several circuit courts, including the Seventh Circuit, have ruled, subclasses have no independent legal significance at this stage of the

4

litigation. *See Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002) ("[U]ntil certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs."); *Police & Fire Ret. Sys. of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 112 n.22 (2d Cir. 2013) (citing *Morlan* and noting that pre-certification the only action is the suit by the named Plaintiffs); *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 250 (5th Cir. 2020) (In "pre-certification Rule 12 motions … the only live claims belong[] to the named plaintiffs."). The state subclasses do not exist as parties to this suit and cannot bring state claims for which there are no human beings serving as subclass representatives or named Plaintiffs. Since the named Plaintiffs allege no facts to state a claim in the Plaintiff-less states, and since the subclasses themselves have no legal significance, the headless claims should be dismissed.

      Third, if the Court were to permit the headless claims to proceed, it would lead to a cascade of procedural and discovery anomalies, defanging State Farm's rights under the Federal Rules to seek discovery or assert other defenses. For example, while State Farm could (and is) moving to compel appraisal for certain named Plaintiffs, it cannot do so in connection with the Plaintiff-less claims. It also could not take discovery or seek summary judgment, since, again, there is no Plaintiff to provide discovery as to the headless claims. As a practical matter, allowing these claims to proceed would effectively eliminate Rules 12(b)(6), 17(a), 26, and 56 from the Federal Rules. It also would violate State Farm's constitutional due process rights, because it would prevent State Farm from discovery of an actual Plaintiff's facts and from defending itself against these baseless claims.

      Plaintiffs allege no facts which would substantiate claims under the Plaintiff-less states' laws, the proposed state subclasses have no legal significance of their own, and

permitting the headless claims to proceed would prejudice State Farm. For these reasons, the Court should grant the Motion and dismiss the headless claims.

**II.   NAMED PLAINTIFFS ALSO HAVE NO LEGAL BASIS TO BRING DUPLICATIVE CLAIMS UNDER OTHER STATES' LAWS.**

In the same way the named Plaintiffs have no factual basis to bring duplicative claims under the laws of other states, they have no legal basis either. Where a plaintiff has not alleged facts which would make out a viable claim under another state's laws, the claim should be dismissed. *See Alea v. Wilson Sporting Goods Co.*, No. 17 C 498, 2017 WL 5152344, at *6 (N.D. Ill. Nov. 7, 2017) ("A plaintiff's reliance upon inapplicable law is a good reason to dismiss a claim under Rule 12(b)(6) on the merits."). And further, assuming each named Plaintiff is also a member of his or her state subclass, allowing the named Plaintiffs to bring identical claims under other states' laws would be duplicative and is impermissible. *See Smith v. Bd. of Trs. Lakeland Cmty. Coll.*, 746 F. Supp. 2d 877, 899 (N.D. Ohio 2010); *Mohr v. Chicago Sch. Reform Bd. of Trs. of the Bd. of Educ.*, 993 F. Supp. 1155, 1157 (N.D. Ill. 1998) (considering whether the plaintiff alleged duplicative claims and stating that she "cannot bring two counts alleging the same claims against the Board").

Here, the state subclasses almost universally allege the same exact causes of action under each state's law, including violation of the state's consumer protection law, breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and declaratory judgment. (*See, e.g.*, ECF No. 1 ¶¶ 141-189 (Alaska, Counts 10-14).) Accepting the headless claims and allowing named Plaintiffs to bring claims under their home state and, potentially, another 26 states' identical laws, would lead to absurd results and has no basis in the Complaint or in the law. Plaintiffs have made no assertion as to why their

claims would be viable under another state's laws, and there are no facts alleged to support that outcome. Accordingly, on this additional basis, the headless claims should be dismissed.

## **CONCLUSION**

All named Plaintiffs were citizens of only one state at all relevant times. No Plaintiff alleges any connection with a state other than their home state. No Plaintiff alleges that any of the underlying facts of their total loss claim took place in a state other than the state in which they reside. And yet, Plaintiffs still purport to bring duplicative state law claims under 26 states' laws for which there is no named Plaintiff. This eschews the basic tenets of the Federal Rules and due process. There is no basis for these headless claims to remain in the case. Accordingly, State Farm requests that the Court dismiss all claims listed in Appendix A for failure to state a claim.

Dated: August 12, 2022                    Respectfully submitted,


                                          *s/ Peter W. Herzog III*
                                          Joe Carlasare
                                          SMITH AMUNDSEN
                                          150 N. Michigan Ave., Suite 3300
                                          Chicago, IL 60601
                                          Phone:   312.894.3200
                                          Email:   jcarlasare@salawus.com

                                          Peter W. Herzog III (*pro hac vice*)
                                          WHEELER TRIGG O'DONNELL LLP
                                          211 N. Broadway, Suite 2825
                                          St. Louis, MO 63102
                                          Phone:   314.326.4129
                                          Email:   pherzog@wtotrial.com

                                          Eric L. Robertson (*pro hac vice*)
                                          WHEELER TRIGG O'DONNELL LLP
                                          370 17th Street, Suite 4500
                                          Denver, CO 80202
                                          Phone:   303.244.1842
                                          Email:   robertson@wtotrial.com


                                          Attorneys for Defendant State Farm Mutual Automobile Insurance Co.