# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BERNADETTE WILLIAMS, RICK MCCONNELL, ROSILYN WILSON, LINDA LEWIS, LATASHA HUFF, HAUNANIMAE CERVANTES-WHITE, MARIA MUNOZ, KIMBERLY BENSON, ROY TUINSTRA, EVELYN BROWN, MICHELLE SNYDER, WILLIAM ROSS DEAN, RICHARD DACHEFF, DIANE NEWKIRK, SANDRA SMILING, SHAUN ROBERT, ROQUE ESPINOZA, JENNIFER PAYNE, LATISHIA BOWDEN, and DJ NEILL, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,<br><br>      Defendant. | Case No.: 1:22-cv-01422<br><br>Judge Virginia M. Kendall |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-FILED RULE

**INTRODUCTION**

In this putative class action, the claims of seven named plaintiffs—Rick McConnell (Arkansas), Latasha Huff (Georgia), Kimberly Benson (Kansas), Evelyn Brown (Louisiana), Shaun Robert (Ohio), Jennifer Payne (South Carolina), and Latishia Bowden (Tennessee) (together, the "Second-Filed Plaintiffs")—are subject to dismissal, transfer, or stay under the first-filed rule.

The first-filed rule "grants district courts discretion to dismiss, transfer, or stay a second-filed case" where the cases are "sufficiently duplicative." *Nicholson v. Nationstar Mortg. LLC of Del.*, No. 17-CV-1373, 2018 WL 3344408, at *5 (N.D. Ill. July 6, 2018). The first-filed rule is rooted in principles of comity and "conserve[s] scarce judicial resources" by avoiding duplicative litigation. *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995).

The Second-Filed Plaintiffs allege that State Farm Mutual Automobile Insurance Company ("State Farm") paid them less than "actual cash value" by settling total loss claims using Autosource, which usually, but not always, adjusts the advertised prices of comparable vehicles to account for "typical negotiation." They bring claims for breach of contract, violation of state law, unjust enrichment, and declaratory judgment.

However, these same allegations and claims are already at issue in class actions filed first in the Second-Filed Plaintiffs' home states. The first-filed cases make the same allegations, bring the same claims, and seek the same relief on behalf of the same putative or certified classes. In fact, the Second-Filed Plaintiffs are all putative or certified class members in those first-filed cases. Accordingly, the first-filed rule applies here because the first-filed cases are not merely duplicative of this case—they are virtually identical.

1

The first-filed rule exists to avoid exactly this type of duplicative litigation. There is no reason for these duplicative cases to proceed simultaneously in two federal courts, which wastes judicial resources and creates the specter of conflicting results. Accordingly, this Court should sever and dismiss the claims of the seven Second-Filed Plaintiffs under the first-filed rule or, alternatively, transfer or stay their claims.

## **BACKGROUND**

Under the insurance policies at issue, if a "covered vehicle" sustains direct, sudden, or accidental damage, State Farm has "the right to choose to settle with [the insured] or the owner of the covered vehicle in one of the following ways": either "[p]ay the cost to repair the covered vehicle minus any applicable deductible," or "[p]ay the actual cash value of the covered vehicle minus any applicable deductible." ([ECF No. 1-1](), Ex. 1 at 17-18.)

The Second-Filed Plaintiffs allege that they owned vehicles insured by State Farm. ([ECF No. 1](), ¶¶ 12-31.) They further allege their vehicles were involved in total loss accidents. ([ECF No. 1](), ¶¶ 12-31.) In each instance, State Farm chose to pay the "actual cash value" of the totaled vehicle and used Autosource to estimate the actual cash value. ([ECF No. 1](), ¶¶ 12-31.) To estimate the actual cash value, Autosource adjusted the advertised prices of comparable vehicles to account for negotiation that commonly occurs during the purchase process, which the Second-Filed Plaintiffs allege breached the insurance policies and violated state law. ([ECF No. 1](), ¶¶ 36-43.) They bring claims for breach of contract, violation of state law, unjust enrichment, and declaratory judgment. ([ECF No. 1](), ¶¶ 222-273, 524-555, 753-784, 835-866, 1524-1555, 1670-1701, 1752-1783.)

2

However, these same allegations and same claims are at issue in seven previously filed class actions, which are currently pending in the Second-Filed Plaintiffs' home states. The following chart lists the seven first-filed cases:

| **State** | **First-Filed Case** | **Date Filed** |
|---|---|---|
| AR | *Chadwick v. State Farm*, No. 4:21-cv-1161-DPM (E.D. Ark.) | Nov. 29, 2021 |
| GA | *Cudd v. State Farm*, No. 4:21-cv-00217-CDL (M.D. Ga.) | Dec. 23, 2021 |
| KS | *Gulick v. State Farm*, No. 2:21-cv-02573-TC-GEB (D. Kan.) | Dec. 6, 2021 |
| LA | *Shields v. State Farm*, No. 6:19-cv-01359 (W.D. La.) | Oct. 16, 2019 |
| OH | *Nichols v. State Farm*, No. 2:22-cv-00016-SDM-EPD (S.D. Ohio) | Jan. 4, 2022 |
| SC | *Wiggins v. State Farm*, No. 8:21-cv-03803-DCC (D.S.C.) | Nov. 19, 2021 |
| TN | *Clippinger v. State Farm*, No. 2:20-cv-02482 (W.D. Tenn.) | July 2, 2020 |

As the chart shows, all of these cases were filed before *Williams*, and some have been pending for years.

Like this case, the first-filed cases are all premised on allegations that State Farm breached the insurance policies and violated state laws by adjusting total loss claims using Autosource, which frequently, but not always, adjusts comparable vehicles for "typical negotiation." (*Compare* Herzog Decl., Ex. A, *Clippinger* Complaint ¶¶ 37-42; Herzog Decl., Ex. B, *Wiggins* Complaint ¶¶ 43-47; Herzog Decl., Ex. C, *Nichols* Complaint ¶¶ 44-67; Herzog Decl., Ex. D, *Shields* Complaint ¶¶ 27-38; Herzog Decl., Ex E, *Gulick* Complaint ¶¶ 34-39; Herzog Decl., Ex. F, *Cudd* Complaint ¶¶ 74-92; Herzog Decl., Ex. G, *Chadwick* Complaint ¶¶ 34-40, *with* ECF No. 1, *Williams* Complaint, ¶¶ 1-4.) And all cases assert claims for breach of the insurance policy and violation of state law. *See* Appendix 2–Claims Comparison.

The putative class definitions in the first-filed cases include State Farm policyholders whose totaled vehicles were settled using Autosource, which in turn

3

included an adjustment for "typical negotiation." Those same putative class definitions are alleged here. *See* Appendix 3—Class Definition Comparison.

## ARGUMENT

### I. THE FIRST-FILED RULE APPLIES.

The first-filed rule "grants district courts discretion to dismiss, transfer, or stay a second-filed case" where the cases are "sufficiently duplicative." [Nicholson](#), 2018 WL 3344408, at *5. Generally, "a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions," or put differently, "if the parties, claims, and available relief '*substantially overlap*.'" [Id.](#) (emphasis added). To determine whether the first-filed rule applies, courts consider the (1) chronology of the actions, (2) the similarity of the parties, and (3) the similarity of the issues. [Id.](#) All three elements are easily met here.

First, the seven cases currently pending in other jurisdictions were filed first. The first-filed cases were filed between October 16, 2019, and January 5, 2022. *See* Appendix 1—First-Filed Cases. This case was filed on March 18, 2022. ([ECF No. 1](#), *Williams* Complaint.) Accordingly, all seven cases were first-filed before *Williams*. *See* [Nicholson](#), 2018 WL 3344408, at *5 (comparing filing dates to determine the "first-filed" case).

Second, the parties are substantially similar. "When comparing the similarity of the parties in two putative class actions, the focus of the substantially similar inquiry is on the putative class members rather than the named plaintiffs themselves." [Id.](#) at *5; *see also* [Askin v. Quaker Oats Co](#)., No. 11 CV 111, 2012 WL 517491, at *4 (N.D. Ill. Feb. 15, 2012) ("True, the named plaintiffs are not the same, but recent cases from this and other districts make clear that the class members are the proper focus of this inquiry.").

4

In *Williams*, all seven of the second-filed putative classes are defined to include policyholders of their respective states, insured by State Farm, who received total loss payments that included an adjustment for typical negotiation. These putative class definitions are virtually identical to the class definitions in the first-filed cases. *See* Appendix 3—Class Definition Comparison. That renders the classes and the parties substantially similar. *See* [Askin](#), 2012 WL 517491, at *4 (finding two classes substantially similar based on "the similarities of the proposed classes"). In fact, all of the Second-Filed Plaintiffs are *members* of the putative or certified classes in the first-filed cases. *See* Appendix 3—Class Definition Comparison.[1]

Third, the claims and issues substantially overlap. Claims "need not be identical to satisfy the 'same issues' requirement of the first-to-file doctrine." [Preci–Dip, SA v. Tri–Star Elect. Int'l, Inc.](#), No. 08 C 4192, 2008 WL 5142401, at *2 (N.D.Ill. Dec. 4, 2008) (quoting [Save Power Ltd. v. Syntek Fin. Corp.](#), 121 F.3d 947, 950 (5th Cir. 1997) (alteration in original)); *see also* [Humphrey v. United Healthcare Servs., Inc.](#), No. 14 C 1157, 2014 WL 3511498, at *2 (N.D. Ill. July 16, 2014). The focus of the analysis is on the "substance rather than form"—"[a]s long as the underlying facts are the same," the claims are substantially similar. [Askin](#), 2012 WL 517491, at *4.

Here, the underlying facts and issues are identical. The first-filed cases and this case both allege that State Farm breached its insurance policies and violated state laws by

---

[1] In *Shields*, the district court modified the putative class definition and certified a class of all Louisiana policyholders whose total loss claims were evaluated using Autosource "and whose Autosource Base Value was less than the NADA Fully Adjusted Value ('Clean Retail')." *See* [Shields v. State Farm Mut. Auto. Ins. Co.](#), No. 6:19-CV-01359, 2022 WL 37347, at *7 (W.D. La. Jan. 3, 2022). Because Ms. Brown's Autosource Base Value was less than the NADA Fully Adjusted Value, *compare* [ECF No. 1-3](#) at PageID 1175 (Autosource Value = $13,625), *with* [ECF No. 1-3](#) at PageID 1181 (NADA Fully Adjusted Value = $14,675), she is a member of the Louisiana certified class.

5

adjusting total loss claims using Autosource reports, which sometimes adjust the advertised prices of comparable vehicles for "typical negotiation." (ECF No. 1, *Williams* Complaint, ¶¶ 1-4; Herzog Decl., Ex. A, *Clippinger* Complaint ¶¶ 37-42; Herzog Decl., Ex. B, *Wiggins* Complaint ¶¶ 43-47; Herzog Decl., Ex. C, *Nichols* Complaint ¶¶ 44-67; Herzog Decl., Ex. D, *Shields* Complaint ¶¶ 27-38; Herzog Decl., Ex. E, *Gulick* Complaint ¶¶ 34-39; Herzog Decl., Ex. F, *Cudd* Complaint ¶¶ 74-92; Herzog Decl., Ex. G, *Chadwick* Complaint ¶¶ 34-40.) Based on these allegations, all cases include claims that State Farm's use of the typical negotiation adjustment violates the insurance contract and state law. *See* Appendix 2–Claims Comparison. Additionally, nearly all of the cases include claims of bad faith or a breach of the covenant of good faith and fair dealing. (*Id*.) Finally, all but two of the cases bring claims for declaratory judgment. (*Id*.)Thus, the claims and issues in the first-filed cases substantially overlap with the claims in this case.

Accordingly, the first-filed rule applies.

## II.  THE COURT SHOULD DISMISS, TRANSFER, OR STAY PLAINTIFFS' CLAIMS UNDER THE FIRST-FILED RULE.

Once the first-filed rule applies, "the district court enjoys a great deal of discretion" in deciding whether to dismiss, transfer, or stay. *Askin*, 2012 WL 517491, at *3. Although the first-filed rule is not "mechanical" in application, *Bull v. Ill. Union Ins. Co.*, No. 16 C 11446, 2017 WL 3234374, at *2 (N.D. Ill. July 31, 2017), this Court has a "duty" to avoid duplicative litigation, *Nicholson*, 2018 WL 3344408, at *3-4 (quoting *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 832-33 (N.D. Ill. 2004)). This is because the "contention that both actions should continue down parallel roads is untenable; one or the other must give way." *Alchemist Jet Air, LLC v. Century Jets Aviation, LLC*, No. 08 C

6

5386, 2009 WL 1657570, at *5 n.4 (N.D. Ill. June 12, 2009) (Kendall, J.). The Court here should dismiss the Second-Filed Plaintiffs' claims or, alternatively, transfer or stay them.

The district court has broad discretion to dismiss a complaint "for reasons of wise judicial administration … whenever it is duplicative of a parallel action already pending in another federal court." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888-89 (7th Cir. 2012) (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)); *see also Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1233 (7th Cir. 1979). Dismissal is especially appropriate where, as here, the Second-Filed Plaintiffs are all putative or certified class members in the first-filed cases, meaning their interests are already being represented in the first-filed cases, so there is no possibility that dismissal will adversely affect the Second-Filed Plaintiffs' interests. *See Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 445 (7th Cir. 2000) (dismissal is appropriate where the it will not adversely affect the litigants' interests); *see also Trippe Mfg. Co.*, 46 F.3d at 628-29 (affirming dismissal of second-filed case).

If this Court declines to dismiss, then it should transfer the Second-Filed Plaintiffs' claims to the first-filed jurisdictions. *See Humphrey*, 2014 WL 3511498, at *2; *see also Bull*, 2017 WL 3234374, at *2. In deciding whether to transfer under the first-filed rule, courts will transfer the second-filed case so long as "the principles that govern requests for transfer," as outlined in 28 U.S.C. § 1404, "do not indicate otherwise." *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010).

Under Section 1404, courts have discretion to transfer cases to another district "for the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). In analyzing convenience, courts consider "(1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof;

7

(4) the convenience of the witnesses; and (5) the convenience of the parties." *Sojka v. DirectBuy, Inc.*, No. 12 C 9809, 2014 WL 1089072, at *2 (N.D. Ill. Mar. 18, 2014). All convenience factors either weigh in favor of transfer or are neutral.

The Second-Filed Plaintiffs' choice of forum "is not persuasive or entitled to deference" where, as here, they allege a nationwide class action. *See Guill v. All. Res. Partners, L.P.*, No. 16-CV-0424-NJR-DGW, 2017 WL 1132613, at *3 (S.D. Ill. Mar. 27, 2017); *see also Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 914 (N.D. Ill. 2009) (the weight given the plaintiff's choice of forum "is greatly discounted in class actions"). Accordingly, the fact that the Second-Filed Plaintiffs chose to sue in the Northern District of Illinois, rather than in their respective home states, is not entitled to deference.

The remaining factors all support transfer or are neutral. The "situs" of events occurred in the Second-Filed Plaintiffs' home states, where they bought insurance, made insurance claims, settled those claims, and received their payments. (ECF No. 1, ¶¶ 13, 16, 19, 21, 27, 29, 30.) The relative ease of access to sources of proof, the convenience of witnesses, and the convenience of parties—if not a wash, *see Humphrey*, 2014 WL 3511498, at *4—favor transfer. State Farm's documentary evidence "is easily transferable" regardless of the forum. *Bull*, 2017 WL 3234374, at *5. The Second-Filed Plaintiffs' all reside in their home states, so transfer would be more convenient for them. (ECF No. 1, ¶¶ 13, 16, 19, 21, 27, 29, 30.) And although State Farm is headquartered in Illinois, it already is defending the first-filed class actions in the Second-Filed Plaintiffs' home states, so it is not more convenient for State Farm to litigate two cases in two federal courts, rather than one. *See* Appendix 1—First-Filed Cases. Finally, the key third-party, Audatex, has its principal place of business in Texas, (ECF No. 22, at 6 n.4.), so neither forum is more or less convenient for it. *See Jaramillo*, 664 F.Supp.2d at 915.

8

The interest of justice prong "relates to the efficient administration of the court system." *Allstate Ins. Co. v. Regions Bank*, No. 13 C 5140, 2014 WL 440253, at *5 (N.D. Ill. Feb. 4, 2014). In weighing the interest of justice, "[c]ourts consider factors such as the likelihood of a speedy trial, each court's familiarity with the applicable law, the desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Id.*

Here, there are no speedy trial concerns. There is nothing to indicate that the first-filed cases will not provide Plaintiffs a speedy trial; in fact, many of the first-filed cases are in advanced stages of litigation. *See* Appendix 1—First-Filed Cases. Further, the transferee courts will have more familiarity with the applicable law of their home states than this Court. *Corvenga v. Spectra Med.*, No. 12 C 4846, 2012 WL 5342364, at *4 (N.D. Ill. Oct. 29, 2012) (Kendall, J.) ("[I]t is 'considered advantageous to have federal judges try a case who are familiar with the applicable state law.'" (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986)). And any concerns regarding the relationship of each community to the controversy also supports transfer to the Second-Filed Plaintiffs' home states.

If the Court declines to transfer the claims, it should stay them while the first-filed cases remain pending. *See Pfizer Inc. v. Apotex Inc.,* 640 F. Supp. 2d 1006, 1010-11 (N.D. Ill. 2009) (staying litigation under the first-filed rule to "avoid duplicative litigation" and "the inevitable waste of judicial and party resources"); *Askin*, 2012 WL 517491, at *7 (staying the second-filed case); *Nicholson*, 2018 WL 3344408, at *9 (staying the second-filed case).

In determining whether a second-filed case should be stayed, courts consider "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party,

9

(ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Markel Am. Ins. Co. v. Dolan*, 787 F.Supp.2d 776, 779 (N.D.Ill.2011); *see also Pfizer, Inc.,* 640 F. Supp. 2d at 1007.

Here, there is no indication that a stay would unduly prejudice the Second-Filed Plaintiffs. Their interests will be represented and continue to be advanced in the first-filed cases pending in their home states. Moreover, a stay would simplify the issues in question and streamline the potential trial, as the first-filed cases will determine the outcome of— or at a minimum provide guidance on—the identical claims at issue here. Finally, a stay would reduce the burden of litigation on the parties and the Court as it would permit the first-filed cases to proceed without the parties having to simultaneously litigate and defend identical claims in two federal courts.

## **CONCLUSION**

For these reasons, State Farm respectfully requests that the Court sever and dismiss the claims of the Second-Filed Plaintiffs—Rick McConnell (Arkansas), Latasha Huff (Georgia), Kimberly Benson (Kansas), Evelyn Brown (Louisiana), Shaun Robert (Ohio), Jennifer Payne (South Carolina), and Latishia Bowden (Tennessee)—under the first-filed rule, or, in the alternative, sever and transfer or stay the claims.

Dated: August 12, 2022 Respectfully submitted,

<u>*s/ Peter W. Herzog III*</u>

Joe Carlasare
SMITH AMUNDSEN
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
Phone: 312.8894.3200
Email: jcarlasare@salawus.com

Peter W. Herzog III (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone: 314.326.4129
Email: pherzog@wtotrial.com

Eric L. Robertson (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone: 303.244.1842
Email: robertson@wtotrial.com

*Attorneys for Defendant State Farm Mutual Automobile Insurance Co.*