UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNADETTE WILLIAMS, RICK MCCONNELL, ROSILYN WILSON, LINDA LEWIS, LATASHA HUFF, HAUNANIMAE CERVANTES-WHITE, MARIA MUNOZ, KIMBERLY BENSON, ROY TUINSTRA, EVELYN BROWN, MICHELLE SNYDER, WILLIAM ROSS DEAN, RICHARD DACHEFF, DIANE NEWKIRK, SANDRA SMILING, SHAUN ROBERT, ROQUE ESPINOZA, JENNIFER PAYNE, LATISHIA BOWDEN, and DJ NEILL, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,<br><br>   Defendant. | Case No.: 1:22-cv-01422<br><br>Judge Virginia M. Kendall |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS "HEADLESS" CLAIMS**

**INTRODUCTION**

Plaintiffs' peculiar pleading strategy of having state "subclasses," rather than individual plaintiffs, plead all 214 counts of their Complaint is not only baffling, it's flatly improper and prejudicial. Perhaps that's why Plaintiffs' Opposition doesn't even attempt to engage State Farm's arguments regarding Plaintiffs' pleading obligations under the Federal Rules. Instead, Plaintiffs pivot to a line of cases addressing standing. But before getting to the constitutional question of whether Plaintiffs have Article III standing to represent non-resident putative class members (an issue State Farm didn't raise), Plaintiffs must comply with Rule 8's pleading requirements, which they don't. Instead, they say State Farm's concerns can be addressed at class certification. This doesn't solve the intractable problems they've created, however—it just postpones them and prejudices State Farm in the process. State Farm believes these disputes must be resolved by the mandatory appraisal provisions contained in most of the insurance policies at issue. But State Farm can't demand appraisal of a vehicle that doesn't exist under the terms of a policy to which no individual plaintiff is a party. Nor can it discover the facts that allegedly support the "headless" claims, because there are none. The solution should not be to prejudice State Farm but to require that Plaintiffs comply with Rules 8 and 17 of the Federal Rules of Civil Procedure. Because their headless claims do not, the Court should dismiss all state subclass claims for which there is no named plaintiff.

**ARGUMENT**

**I. PLAINTIFFS' "HEADLESS CLAIMS" FLUNK FEDERAL PLEADING REQUIREMENTS.**

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). And Rule 17

1

requires a "real party in interest" to prosecute an action. Fed. R. Civ. P. 17(a)(1). In their Opposition, Plaintiffs make no attempt to defend their Complaint under Rules 8 or 17. Instead, their *only* legal argument is that the Court should defer the question of Plaintiffs' "standing" to represent non-resident putative class members to class certification.

But the issue raised by State Farm's Motion has nothing to do with Plaintiffs' standing to bring claims on behalf of non-resident putative class members. The issue is whether state "subclasses" can purport to bring claims based on law and facts for which the actual named plaintiffs allege no plausible factual nexus. The answer, of course, is no, since it's a fundamental tenet of federal practice that a complaint must have a plaintiff who alleges facts that plausibly state a claim for relief.

Plaintiffs' Complaint asserts claims on behalf of "subclasses"—not plaintiffs. Plaintiffs don't claim the state subclasses exist as parties to this suit. Nor do they argue the state subclasses can bring state claims for which there are no human beings serving as subclass representatives or named plaintiffs. Instead, re-characterizing their Complaint, Plaintiffs now argue that all 20 named plaintiffs are bringing all 214 counts. According to them, this solves the problem. (*See* ECF No. 36 at 5-6 ("Each claim is brought by the named Plaintiffs … on behalf of the State Subclasses." (emphasis removed)).) Even if the Complaint alleged that—it doesn't—Plaintiffs cite no authority for the proposition that each plaintiff individually, and all named plaintiffs collectively, can plausibly allege claims based on a smorgasbord of state laws they have no connection with, based on state-specific insurance contracts they aren't parties to. That is contrary to Rule 8's requirement that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678.

Most fundamentally, Plaintiffs' new theory—that each named plaintiff brings all 214 counts—runs headlong into State Farm's argument that Plaintiffs may not bring duplicative claims. (*See* ECF No. 36 at 6 (citing cases).) If, as Plaintiffs claim now, all 20 named plaintiffs are bringing all 214 counts—meaning, for example, that Plaintiff Williams is asserting 214 counts for relief, same as Plaintiff McConnell and all the rest—they are necessarily bringing duplicative claims that must be dismissed.

Finally, as to State Farm's rights under the Federal Rules to seek discovery or assert other defenses, Plaintiffs say State Farm's constitutional due process rights are "fully protected … through [] class certification" because State Farm can raise its appraisal defenses then. (*Id.* at 2, 6.) But how? For the 26 "headless" claims, there is no plaintiff from whom State Farm can demand appraisal, no policy to enforce, and no vehicle to appraise. Plaintiffs never engage with the cascade of procedural and discovery anomalies that would occur should these headless claims proceed. (*See id.* at 5.)

Plaintiffs allege no facts which would substantiate claims under the headless states' laws, the proposed state subclasses have no legal significance of their own, and permitting the headless claims to proceed would prejudice State Farm. Accordingly, the Court should grant the Motion.

## II. PLAINTIFFS' ARTICLE III CASES ARE INAPPOSITE, AND THEY MISINTERPRET THEM REGARDLESS.

Plaintiffs' singular focus on standing is a red herring. Plaintiffs cite cases for the proposition that "the adequacy of the named Plaintiffs to represent putative class members' state law claims … is an issue better addressed at the class certification stage." (ECF No. 36 at 3.) But State Farm isn't challenging Plaintiffs' "adequacy" to bring claims—it's challenging Plaintiffs' peculiar pleading strategy of having state "subclasses" plead all

214 counts of the Complaint. The headless counts all are based on insurance contracts to which no named plaintiff is a party and invoke state laws to which no named plaintiff has any plausible connection. None of Plaintiffs' standing cases address that problem.

Instead, Plaintiffs' cases address whether to dismiss the claims of *unnamed putative class members* on the basis that the named plaintiffs lack standing to represent them. But in those cases, there were named plaintiffs, and those named plaintiffs purported to allege identifiable claims on behalf of unnamed putative class members. *See, e.g.*, *City of Rockford v. Mallinckrodt ARD, Inc.*, 360 F. Supp. 3d 730, 758 (N.D. Ill. Jan. 25, 2019) (declining to address "Article III standing with respect to claims based on injuries *incurred by unnamed class members* until some later appropriate stage" (emphasis added)); *McDonnell v. Nature's Way Prods., LLC*, No. 16 C 5011, 2017 WL 1149336, at *5 (N.D. Ill. Mar. 28, 2017) (noting that "standing issues therefore arise from [the named plaintiff's] *attempt to represent the multistate class*" (emphasis added)); *Bietsch v. Sergeant's Pet Care Prods., Inc.*, No. 15 C 5432, 2016 WL 1011512, at *9 (N.D. Ill. Mar. 15, 2016) (because the "named Plaintiffs have Article III standing to pursue their claims," the issue of whether they can represent a multi-state class is "logically antecedent" to standing concerns); *In re Herbal Supplements Mktg. & Sales Pracs. Litig.*, No. 15-cv-5070, 2017 WL 2215025, at *7 (N.D. Ill. May 19, 2017) (deferring the issue of whether the named plaintiffs had standing to bring claims under other states' laws because the named "plaintiffs similarly have established the elements of standing").

These cases are a far cry from what's at issue here. There is no "named plaintiff" purporting to bring claims at all. Instead, Plaintiffs plead claims brought on behalf of state "subclasses," which have no independent legal significance. Nor can Plaintiffs salvage that pleading strategy by claiming now that each of the 20 named plaintiffs brings all 214

4

counts, as that simply trades one impermissible pleading strategy for another. Either way, there is no identifiable named plaintiff purporting to bring claims on behalf of unnamed putative class members. And neither pleading strategy raises a standing issue, for the simple reason that there is no identifiable plaintiff whose standing State Farm could yet challenge.[1]

The other problem is that Plaintiffs' cases all allege a uniform harm applicable nationwide—such as an allegedly false advertisement—often brought in tandem with federal claims. *See, e.g.*, *Benson v. Newell Brands, Inc.*, No. 19 C 6836, 2020 WL 1863296, at *1 (N.D. Ill. Apr. 14, 2020) (nationwide class action alleging that the defendants "engaged in false and misleading advertising"); *City of Rockford*, 360 F. Supp. 3d 742-43 (nationwide class action alleging federal and state antitrust claims); *McDonnell*, 2017 WL 1149336, at *1 (nationwide class action alleging false "Made in USA" label on dietary supplements); *Bietsch*, 2016 WL 1011512, at *1 (nationwide class action alleging false advertising); *In re Herbal Supplements Mktg. & Sales Pracs. Litig.*, 2017 WL 2215025, at *2-3 (nationwide class action alleging false food labeling).

---

[1] Plaintiffs also present their standing argument as though it's settled law in Illinois, which it's not. Rather, "[c]ourts in this District routinely dismiss or strike class claims where named plaintiffs seek to represent proposed class members from other states." *Brown v. Auto-Owners Ins. Co.*, No. 1:21-CV-02597, 2022 WL 2442548, at *2 (N.D. Ill. June 1, 2022); *see also id.* at *3 (dismissing non-resident claims because the plaintiffs "have no connection to Arizona, Kentucky, Utah, and Wisconsin—a fact that discovery will not change—[meaning] they lack standing to bring claims under those states' laws"); *Smith-Brown v. Ulta Beauty, Inc.*, No. 18 C 610, 2019 WL 932022, at *6 (N.D. Ill. Feb. 26, 2019) ("To the extent that plaintiffs attempt to assert claims on behalf of class members in states where they do not reside and were not injured, 'it would … be inappropriate to engage in wide-ranging discovery premised on a prospect as to which there is substantial doubt—namely, [plaintiffs'] ability to assert causes of action created by other states for the benefit of other individuals injured in those other states.'" (quoting *Listin v. King.com, Ltd.*, 254 F. Supp. 3d 989, 1001-02 (N.D. Ill. 2017))); *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 731-35 (N.D. Ill. 2015) (finding that plaintiffs needed a named representative from each state to proceed on claims under each state's laws); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09 CV 3690, 2013 WL 4506000, at *6 (N.D. Ill. Aug. 23, 2013) (*Ortiz* "requir[es] a court simultaneously facing both class certification and Article III standing to deal with Rule 23 issues first when they are dispositive, but [does] not direct[ ] district courts to postpone an inquiry into the threshold issue of justiciability outside of that context").

5

In such cases, national or multi-state classes at least make some logical sense because the alleged harm is uniformly applicable across the entire class irrespective of state boundaries. Here, however, Plaintiffs bring breach of contract claims based on state-specific contracts with different and state-specific policy provisions. Unlike uniform harm caused by allegedly false advertising, here the alleged harm is a breach of a state-specific contract to which no individual plaintiff is a party. This obviously distinguishes State Farm's arguments from the standing arguments Plaintiffs chose to address instead. The Rule 8 discussion in Plaintiffs' case, *Kuhl v. Guitar Ctr. Stores, Inc.*, No. 07 C 214, 2008 WL 11394351 (N.D. Ill. Feb. 28, 2008), is more relevant. There, the district court dismissed state law claims under Rule 8 because the non-Illinois state law allegations "offer[] no more than a conclusion of law and fail[] to provide sufficient factual detail on non-Illinois claims to satisfy Rule 8 requirements." *Id.* at *5.

Standing is not at issue. What ***is*** at issue is whether Plaintiffs can satisfy Rules 8 and 17 by alleging claims on behalf of state "subclasses," which have no independent legal significance, or by contending that all 20 named plaintiffs bring all 214 counts, which is hopelessly duplicative. Either way, Plaintiffs' Complaint fails to satisfy federal pleading requirements, and the "headless" claims must be dismissed.

## CONCLUSION

The issue before the Court is the sufficiency of Plaintiffs' Complaint. Plaintiffs never dispute or even address State Farm's arguments regarding the deficiencies in that Complaint. The bottom line is that no named plaintiff purports to bring any claim against State Farm, and the 26 state "subclasses" that purport to bring claims cannot proceed without a named plaintiff. Accordingly, State Farm requests that the Court dismiss all claims listed in Appendix A to the Motion (ECF No. 29-1) for failure to state a claim.

6

Dated: September 2, 2022          Respectfully submitted,

                                                   *s/ Peter W. Herzog III*

Joe Carlasare
SMITH AMUNDSEN
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
Phone:    312.894.3200
Email:    jcarlasare@salawus.com

Peter W. Herzog III (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone:    314.326.4129
Email:    pherzog@wtotrial.com

Eric L. Robertson (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:    303.244.1842
Email:    robertson@wtotrial.com

Attorneys for Defendant State Farm Mutual Automobile Insurance Co.