UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNADETTE WILLIAMS, RICK MCCONNELL, ROSILYN WILSON, LINDA LEWIS, LATASHA HUFF, HAUNANIMAE CERVANTES-WHITE, MARIA MUNOZ, KIMBERLY BENSON, ROY TUINSTRA, EVELYN BROWN, MICHELLE SNYDER, WILLIAM ROSS DEAN, RICHARD DACHEFF, DIANE NEWKIRK, SANDRA SMILING, SHAUN ROBERT, ROQUE ESPINOZA, JENNIFER PAYNE, LATISHIA BOWDEN, and DJ NEILL, on behalf of themselves and all others similarly situated, <br><br>             Plaintiffs, <br><br>      v. <br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., <br><br>             Defendant. | Case No.: 1:22-cv-01422 <br><br> Judge Virginia M. Kendall |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS, TRANSFER, OR STAY UNDER THE FIRST-FILED RULE**

1

**INTRODUCTION**

Plaintiffs concede the first-filed cases and this case are virtually identical. They don't dispute that the cases consist of the same claims and issues or that the Second-Filed Plaintiffs are putative or actual class members in the first-filed cases. Nevertheless, Plaintiffs ask this Court to permit the virtually identical claims of Rick McConnell (Arkansas), Latasha Huff (Georgia), Kimberly Benson (Kansas), Evelyn Brown (Louisiana), Shaun Robert (Ohio), Jennifer Payne (South Carolina), and Latishia Bowden (Tennessee) to proceed alongside the first-filed cases. But the "contention that both actions should continue down parallel roads is untenable; one or the other must give way." *Alchemist Jet Air, LLC v. Century Jets Aviation, LLC*, No. 08 C 5386, 2009 WL 1657570, at *5 n.4 (N.D. Ill. June 12, 2009) (Kendall, J.).

Plaintiffs hinge their opposition on three arguments: (1) four of the seven cases were not filed before a separate class action, *Munoz*; (2) the first-filed rule is merely discretionary, and this Court should ignore it; and (3) the convenience factors favor Illinois. None of Plaintiffs' arguments withstands scrutiny.

First, *Williams* was second-filed on March 18, 2022. To avoid this fact, Plaintiffs claim *Williams* somehow "relates back" to the filing date of a separate class action, *Munoz v. State Farm Mutual Automobile Insurance Co.*, No. 1:21-cv-5211, ECF No. 1 (N.D. Ill.), which the district court dismissed for lack of subject matter jurisdiction, meaning it never belonged in federal court in the first place. All of the second-filed cases were filed after *Williams*; the filing date of *Munoz* is simply irrelevant.

Second, State Farm doesn't dispute that the first-filed rule is discretionary. *See Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, at *3 (N.D. Ill. Feb. 15, 2012). But "the general rule favors the forum of the first-filed suit." *Nicholson v. Nationstar*

2

*Mortg. LLC of Del.*, No. 17-CV-1373, 2018 WL 3344408, at *4 (N.D. Ill. July 6, 2018). And it is axiomatic that when two virtually identical cases are proceeding in different federal fora—which Plaintiffs concede—"one or the other must give way." *Alchemist Jet Air, LLC*, 2009 WL 1657570, at *5 n.4. Even if the first-filed rule is discretionary, there is no conceivable reason why the Court shouldn't exercise that discretion to apply it here.

Third, Plaintiffs' attempts to argue that the convenience factors in 28 U.S.C. § 1404 do not favor transfer fail, for the simple reason that State Farm seeks transfer to the Plaintiffs' *home states*. The convenience factors either weigh in favor of transfer or are neutral.

Therefore, the Court should sever and dismiss, transfer, or stay the claims of the Second-Filed Plaintiffs.

## ARGUMENT

### I. PLAINTIFFS CONCEDE THAT THE FIRST-FILED RULE APPLIES.

To determine whether the first-filed rule applies, courts consider the (1) chronology of the actions, (2) the similarity of the parties, and (3) the similarity of the issues. *Nicholson*, 2018 WL 3344408, at *5. Plaintiffs concede the second and third factors—they make no argument contesting the similarity of the parties or issues. Plaintiffs instead dispute only the first factor, the chronology of the actions. They argue that four of the seven first-filed cases were filed after *Munoz*, a case the district court dismissed for lack of subject matter jurisdiction. Plaintiffs cite no authority for the proposition that a completely separate lawsuit can "relate back" to another lawsuit. And even if such a doctrine existed, in the Rule 15(c) context it is black-letter law that "[r]elation back does not occur where the prior complaint is filed in a court which has no subject-matter jurisdiction of the claim." *Terry v. Franke*, No. 91 C 6027, 1992 WL 32181,

3

at *2 (N.D. Ill. Feb. 18, 1992); *see also* Reynolds v. United States, 748 F.2d 291, 293 (5th Cir. 1984) (same). Besides, the first-filed rule applies only to pending actions, Tech. Licensing Corp. v. Harris Corp., No. 9 C 820, 2012 WL 1298611, at *4 (N.D. Ill. Apr. 16, 2012), and *Munoz* is not pending.

Plaintiffs cite *American Pipe* for the assertion that "the timing of the filing of that action should [be] attributed to the named Plaintiffs in this case, who were members of the putative class alleged in the initial case." (ECF No. 37 at 6 n.4.) *American Pipe* holds that a class action tolls the statute of limitations as to the putative class members—it has nothing to do with the first-filed rule. Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538, 552-553 (1974). And even then, *American Pipe* tolling does not apply to successive class actions, China Agritech, Inc. v. Resh, 138 S. Ct. 1800, 1802 (2018), so it wouldn't apply here anyway.

## II. THE COURT SHOULD EXERCISE ITS DISCRETION UNDER THE FIRST-FILED RULE.

Plaintiffs' only remaining response is that the first-filed rule is discretionary, and the Court should exercise its discretion and ignore it. (ECF No. 37 at 4.) State Farm doesn't dispute that once a court determines the first-filed rule applies, "the district court enjoys a great deal of discretion." Askin, 2012 WL 517491, at *3. However, what Plaintiffs ask this Court to do is to permit substantively identical actions to "continue down parallel roads," which is "untenable." Alchemist Jet Air, LLC, 2009 WL 1657570, at *5 n.4. When duplicative actions are filed in different federal courts, "the *general rule* favors the forum of the first-filed suit." Nicholson, 2018 WL 3344408, at *4 (quoting Schwarz v. Nat'l Van Lines, Inc., 317 F. Supp. 2d 829, 832 (N.D. Ill. 2004) (emphasis added)). "[D]istrict courts *normally* stay or transfer a federal suit 'for reasons of wise judicial

4

administration … whenever it is duplicative of a parallel action already pending in another federal court.'" *Id*. (quoting *GE Bus. Fin. Servs. Inc. v. Spratt*, No. 08 C 6504, 2009 WL 1064608, at *2 n.1 (N.D. Ill. Apr. 20, 2009) (emphasis added)). Plaintiffs offer no reason to depart from that generally accepted wisdom here.

Plaintiffs also speculate that the district courts hearing the first-filed cases may dismiss them or deny certification, which could harm their interests. (ECF No. 37 at 6.) But besides being purely speculative, that's not a proper factor for this Court to consider. "[F]or purposes of the first-to-file analysis, courts routinely look to the similarities of the proposed classes even where the court has not yet ruled on the certification question." *See Askin*, 2012 WL 517491, at *4. Speculation regarding future rulings of other courts is not part of the first-filed analysis. *See id.*

Plaintiffs resort to arguing that the first-filed cases have not progressed sufficiently, citing *Taylor v. Midland Funding, LLC*, 94 F. Supp. 3d 941 (N.D. Ill. 2015), in support. In *Taylor*, the court declined to dismiss, transfer, or stay under the first-filed rule because the first-filed case was not significantly further along than the *Taylor* case. *Id.* Here, contrary to Plaintiffs' assertion, the *Wiggins* motion to dismiss has been denied, *Wiggins v. State Farm Mut. Auto. Ins. Co.*, No. 21-cv-03803-DCC, 2022 WL 2276556, at *4 (D.S.C. June 23, 2022), a class has already been certified in *Shields*, *see Shields v. State Farm Mut. Auto. Ins. Co.*, No. 6:19-CV-01359, 2022 WL 37347, at *7 (W.D. La. Jan. 3, 2022), and the other first-filed cases are all further along than *Williams*, with some that have been pending for several years. (*See e.g.*, ECF Nos. 31, 32-1–32-7.)

5

### III. THE COURT SHOULD DISMISS, TRANSFER, OR STAY THE SECOND-FILED PLAINTIFFS' CLAIMS.

Finally, Plaintiffs argue that the first-filed status of cases should simply be considered as a part of a transfer analysis under 28 U.S.C. § 1404, and that the convenience factors weigh against transfer. (ECF No. 37 at 6.) To be clear, State Farm seeks transfer in the alternative, because the Court has broad discretion to *dismiss* a complaint "for reasons of wise judicial administration … whenever it is duplicative of a parallel action already pending in another federal court." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888-89 (7th Cir. 2012) (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)); *see also Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1233 (7th Cir. 1979).

But regardless, transfer is also appropriate under the convenience factors. *See Humphrey v. United Healthcare Servs., Inc.*, No. 14 C 1157, 2014 WL 3511498, *2 (N.D. Ill. July 16, 2014); *see also Bull v. Illinois Union Ins. Co.*, No. 16 C 11446, 2017 WL 3234374, *2 (N.D. Ill. July 31, 2017). Plaintiffs take issue with two factors in the convenience analysis—Plaintiffs' choice of forum and the situs of material events. They first argue that Plaintiffs' choice of forum should be merely "discounted" instead of disregarded altogether. (ECF No. 31 at 8.) Perhaps, but even if Plaintiffs' choice of forum is merely "discounted," that does not tip the scales against transfer.

Second, Plaintiffs argue that "Defendant's conduct alleged here occurred in this forum." (ECF No. 37 at 7.) That purposefully vague statement fails to explain what conduct supposedly occurred in Illinois. If Plaintiffs are referring to where State Farm adjusts and settles total loss claims, that conduct occurred at State Farm's regional offices outside of Illinois. (ECF No. 22 at 6 n.5.) If Plaintiffs are referring to where Audatex has

6

its operations, that conduct occurred in Texas. (*Id.* at 6 n.4.) And if Plaintiffs are referring to where Plaintiffs bought insurance, made insurance claims, settled those claims, and received payments, that conduct occurred in their respective home states. (ECF No. 1, ¶¶ 13, 16, 19, 21, 27, 29, 30.) State Farm does not dispute that its principal place of business is in Illinois, or that some witnesses reside there, but the balance of convenience clearly favors Plaintiffs' respective home states where the situs of material events occurred and they themselves reside.

Plaintiffs' only response to the interests of justice factor is that this Court is more than capable of applying other states' laws. Of course that's true, but the argument is that the transferee courts will have more *familiarity* with the applicable law of their home states than this Court. *Corvenga v. Spectra Med.*, No. 12 C 4846, 2012 WL 5342364, at *4 (N.D. Ill. Oct. 29, 2012) (Kendall, J.) ("[I]t is 'considered advantageous to have federal judges try a case who are familiar with the applicable state law.'" (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986)).

Therefore, the convenience factors and the interests of justice factors under Section 1404 favor transfer. If the Court declines to transfer the claims, then it should stay the actions of the Second-Filed Plaintiffs while the first-filed cases remain pending.

## CONCLUSION

For these reasons, State Farm respectfully requests that the Court sever and dismiss the claims of the Second-Filed Plaintiffs—Rick McConnell (Arkansas), Latasha Huff (Georgia), Kimberly Benson (Kansas), Evelyn Brown (Louisiana), Shaun Robert (Ohio), Jennifer Payne (South Carolina), and Latishia Bowden (Tennessee)—under the first-filed rule, or, in the alternative, sever and transfer the claims or stay the actions.

Dated: September 2, 2022	Respectfully submitted,

*s/ Peter W. Herzog III*

Joe Carlasare
SMITH AMUNDSEN
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
Phone:	312.894.3200
Email:	jcarlasare@salawus.com

Peter W. Herzog III (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone:	314.326.4129
Email:	pherzog@wtotrial.com

Eric L. Robertson (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:	303.244.1842
Email:	robertson@wtotrial.com

*Attorneys for Defendant State Farm Mutual Automobile Insurance Co.*