UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNADETTE WILLIAMS, RICK MCCONNELL, ROSILYN WILSON, LINDA LEWIS, LATASHA HUFF, HAUNANIMAE CERVANTES-WHITE, MARIA MUNOZ, KIMBERLY BENSON, ROY TUINSTRA, EVELYN BROWN, MICHELLE SNYDER, WILLIAM ROSS DEAN, RICHARD DACHEFF, DIANE NEWKIRK, SANDRA SMILING, SHAUN ROBERT, ROQUE ESPINOZA, JENNIFER PAYNE, LATISHIA BOWDEN, and DJ NEILL, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., <br><br> Defendant. | Case No.: 1:22-cv-01422 <br><br> Judge Virginia M. Kendall |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs submitted *Clippinger v. State Farm Mutual Automobile Insurance Co.*, Case No. 2:20-cv-02482-TLP-cgc (W.D. Tenn. Sept. 26, 2022), as supplemental authority without asking this Court for leave and without identifying why it is relevant to State Farm's three pending motions. No local rule governs submission of supplemental authority. However, filing a notice of supplemental authority without permission of the Court "is procedurally incorrect as it effectively offers additional argument without leave of the Court to further brief an issue that has already been taken under advisement."

1

*Zhirovetskiy v. Zayo Grp., LLC*, No. 17-cv-05876, 2018 WL 11195494, at *1 n.1 (N.D. Ill. Mar. 7, 2018); *see also Hernandez v. Ill. Inst. of Tech.*, No. 20-cv-3010, 2021 WL 1600171, at *5 n.5 (N.D. Ill. Apr. 23, 2021) (court struck notice of supplemental authority filed without leave of court). For this reason alone, the Court can strike or disregard it.

Under Federal Rule of Appellate Procedure 28(j), moreover, which governs notices of supplemental authority in Circuit Courts of Appeal, the notice "must state the reasons for the supplemental citations, referring either to the page of the brief or to a point argued orally." Fed. R. App. 28(j). Plaintiffs' submission also flunks this standard. *Clippinger* has nothing to do with State Farm's three currently pending motions. In *Clippinger*, the Court let the plaintiff's claims proceed following an appraisal, despite undisputed evidence that State Farm had paid all that was owed under the policy's appraisal provision. (ECF No. 43-1 at 7-12.) The Court rendered that ruling ***after compelling appraisal*** in accordance with the insurance policy's mandatory appraisal provision, *see Clippinger v. State Farm Mutual Automobile Insurance Co.*, No. 2:20-cv-02482-TLP-cgc, 2021 WL 4887984, at *2, *17 (W.D. Tenn. Oct. 19, 2021), which is the actual issue before this Court.

Finally, recall that Plaintiffs opposed State Farm's first-filed motion, in part, out of a concern that first-filed courts *may* dismiss claims or deny certification. (*See* ECF No. 37 at 6.) Even if that were a proper factor for this Court to consider (and it isn't), *Clippinger* shows Plaintiffs' concerns are speculative and unfounded.

2

Dated: October 17, 2022    Respectfully submitted,

<u>*s/ Peter W. Herzog III*</u>
Joe Carlasare
SMITH AMUNDSEN
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
Phone:   312.8894.3200
Email:    jcarlasare@salawus.com

Peter W. Herzog III (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone:   314.326.4129
Email:    pherzog@wtotrial.com

Eric L. Robertson (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:   303.244.1842
Email:    robertson@wtotrial.com

*Attorneys for Defendant State Farm Mutual Automobile Insurance Co.*