## APPENDIX 1—FIRST-FILED CASES

| State | First-Filed Case | Date Filed |
|:---:|---|:---:|
| AR | *Chadwick v. State Farm*, No. 4:21-cv-1161-DPM (E.D. Ark.) | Nov. 29, 2021 |
| GA | *Cudd v. State Farm*, No. 4:21-cv-00217-CDL (M.D. Ga.) | Dec. 23, 2021 |
| KS | *Gulick v. State Farm*, No. 2:21-cv-02573-TC-GEB (D. Kan.) | Dec. 6, 2021 |
| LA | *Shields v. State Farm*, No. 6:19-cv-01359 (W.D. La.) | Oct. 16, 2019 |
| MI | *Schmidt v. State Farm*, No. 2:22-cv-12926-LVP-KGA (E.D. MI) | Nov. 2, 2022 |
| MN | *Varela v. State Farm*, No. 22-cv-00970 (D. Minn.) | April 14, 2022 |
| NJ | *Muhammed v. State Farm*, No. 22-cv-6149-JXN-JRA (D.N.J.) | Oct. 24, 2022 |
| OH | *Nichols v. State Farm*, No. 2:22-cv-00016-SDM-EPD (S.D. Ohio) | Jan. 4, 2022 |
| SC | *Wiggins v. State Farm*, No. 8:21-cv-03803-DCC (D.S.C.) | Nov. 19, 2021 |
| TN | *Clippinger v. State Farm*, No. 2:20-cv-02482 (W.D. Tenn.) | July 2, 2020 |

**APPENDIX 2—CLAIMS COMPARISON**

| Case | Breach of Contract | Breach of Implied Covenant | Violation of State Law | Unjust Enrichment | Declaratory Relief |
|---|---|---|---|---|---|
| *Williams* | ✓ | ✓ | ✓ | ✓ | ✓ |
| *Chadwick* (AR) | ✓ | ✓ | | | ✓ |
| *Cudd* (GA) | ✓ | ✓ | ✓ | ✓ | ✓ |
| *Gulick* (KS) | ✓ | ✓ | | | ✓ |
| *Shields* (LA) | ✓ | ✓ | ✓ | | |
| *Schmidt* (MI) | ✓ | ✓ | | | |
| *Varela* (MN) | ✓ | ✓ | ✓ | ✓ | ✓ |
| *Muhammed* (NJ) | ✓ | ✓ | | | |
| *Nichols* (OH) | ✓ | ✓ | ✓ | ✓ | ✓ |
| *Wiggins* (SC) | ✓ | | | | ✓ |
| *Clippinger* (TN) | ✓ | ✓ | ✓ | | ✓ |

**APPENDIX 3—CLASS DEFINITION COMPARISON**

| State | First-Filed Case | *Williams* |
|---|---|---|
| AR | All persons insured by a contract of automobile insurance issued by State Farm Mutual Automobile Insurance Company to an Arkansas resident, and who, from the earliest allowable time through the date of resolution of this action, received a first-party total loss valuation and payment that included a downward adjustment premised on a "Typical Negotiation Adjustment" or similar adjustment. (Herzog Decl., Ex. G ¶ 26.) | All persons insured by Defendant in … Arkansas … who, from the earliest allowable time through the date of resolution of this action, received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. (ECF No. 58, *Williams* First Amend. Compl., ¶ 66.) |
| GA | All State Farm insureds (1) with Georgia first party personal line policies issued in Georgia, (2) who received compensation, within six (6) years of the filing of this action, for the total loss of their own vehicles under their First Party (Comprehensive, Collision, and UMPD) coverages, and (3) whose claim was settled using the amount determined by a total loss valuation from Audatex based on the value of comparable vehicles which took a deduction or adjustment for "typical negotiation." (Herzog Decl., Ex. F ¶ 66.) | All persons insured by Defendant in … Georgia … who, from the earliest allowable time through the date of resolution of this action, received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. (ECF No. 58, *Williams* First Amend. Compl., ¶ 66.) |
| KS | All persons insured by a contract of automobile insurance issued by State Farm Mutual Automobile Insurance Company to a Kansas resident, and who, from the earliest allowable time through the date of resolution of this action, received a first- party total loss valuation and payment that included a downward adjustment premised on a "Typical Negotiation Adjustment" or similar adjustment. (Herzog Decl., Ex. E ¶ 26.) | All persons insured by Defendant in … Kansas … who, from the earliest allowable time through the date of resolution of this action, received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. (ECF No. 58, *Williams* First Amend. Compl., ¶ 66.) |

| State | First-Filed Case | *Williams* |
|---|---|---|
| LA | All persons insured by State Farm in Louisiana who have made a claim for first party total loss, which State Farm evaluated using Autosource, or a predecessor product, from January 1, 2017, to October 15, 2021, and whose Autosource Base Value was less than the NADA Fully Adjusted Value ("Clean Retail"). *See Shields v. State Farm Mut. Auto. Ins. Co.*, No. 6:19-CV-01359, 2022 WL 37347, at *7 (W.D. La. Jan. 3, 2022). | All persons insured by Defendant in … Louisiana … who, from the earliest allowable time through the date of resolution of this action, received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. (ECF No. 58, *Williams* First Amend. Compl., ¶ 66.) |
| MI | All State Farm Indemnity Company insureds, from the earliest allowable time through the date of resolution of this action, who were or are Michigan residents who received a first-party total-loss valuation and payment on an automobile total-loss claim that included a "typical negotiation" or similar adjustment. (Herzog Decl., Ex. H ¶ 55.) | All persons insured by Defendant in … Michigan … who, from the earliest allowable time through the date of resolution of this action, received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. (ECF No. 58, *Williams* First Amend. Compl., ¶ 66.) |
| MN | All State Farm insureds (1) with Minnesota first-party personal line policies issued in Minnesota, (2) who received compensation, within six (6) years of the filing of this action, for the total loss of their own vehicles under their First Party (Comprehensive, Collision, and UMPD) coverages, and (3) whose claim was settled using the amount determined by a total loss valuation from Audatex based on the value of comparable vehicles which took a deduction or adjustment for "typical negotiation." (Herzog Decl., Ex. I ¶ 61.) | All persons insured by Defendant in … Minnesota … who, from the earliest allowable time through the date of resolution of this action, received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. (ECF No. 58, *Williams* First Amend. Compl., ¶ 66.) |
| NJ | All State Farm Indemnity Company insureds, from the earliest allowable time through the date of resolution of this action, who received a first-party total-loss valuation | All persons insured by Defendant in … New Jersey … who, from the earliest allowable time through the date of resolution of this action, received a first-party total |

| State | First-Filed Case | *Williams* |
|---|---|---|
| | and payment on an automobile total-loss claim that included a "typical negotiation" or similar adjustment. (Herzog Decl., Ex. J ¶ 45.) | loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. (ECF No. 58, *Williams* First Amend. Compl., ¶ 66.) |
| OH | All State Farm insureds (1) with Ohio first party personal line policies issued in Ohio, (2) who received compensation, within eight (8) years of the filing of this action, for the total loss of their own vehicles under their First Party (Comprehensive, Collision, and UMPD) coverages, and (3) whose claim was settled using the amount determined by a total loss valuation from Audatex based on the value of comparable vehicles which took a deduction or adjustment for "typical negotiation. (Herzog Decl., Ex. C ¶ 35.) | All persons insured by Defendant in … Ohio … who, from the earliest allowable time through the date of resolution of this action, received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. (ECF No. 58, *Williams* First Amend. Compl., ¶ 66.) |
| SC | All persons insured by a contract of automobile insurance issued by State Farm Mutual Automobile Insurance Company to a South Carolina resident, and who, from the earliest allowable time through the date of resolution of this action, received a first-party total loss valuation and payment that included a downward adjustment premised on a "Typical Negotiation Adjustment" or similar adjustment. (Herzog Decl., Ex. B ¶ 36.) | All persons insured by Defendant in … South Carolina … who, from the earliest allowable time through the date of resolution of this action, received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. (ECF No. 58, *Williams* First Amend. Compl., ¶ 66.) |
| TN | All persons insured by a contract of automobile insurance issued by State Farm to a Tennessee resident, and who, from the earliest allowable time through the date of resolution of this action, received a first-party total loss valuation and payment that included a downward adjustment premised on a "Typical | All persons insured by Defendant in … Tennessee … who, from the earliest allowable time through the date of resolution of this action, received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar |

| **State** | **First-Filed Case** | **_Williams_** |
|---|---|---|
| | Negotiation Adjustment" or similar adjustment. (Herzog Decl., Ex. A ¶ 29.) | adjustment. (ECF No. 58, *Williams* First Amend. Compl., ¶ 66.) |