## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BERNADETTE WILLIAMS, RICK
MCCONNELL, IVAN SERRATA REYES,
ROSILYN WILSON, LINDA LEWIS,
LATASHA HUFF, HAUNANIMAE
CERVANTES-WHITE, MARIA MUNOZ,
TRACY OBRIEN, KIMBERLY BENSON,
ROY TUINSTRA, EVELYN BROWN,
MICHELLE SNYDER, PATRICIA COUCH,
SABRINA CAPERS, WILLIAM ROSS
DEAN, RICHARD DACHEFF, KRISTY
KELLER, JASIMEN HERNANDEZ,
EDGAR FLORIAN, MICHAEL
GROSSBERG, MERRILL LOVE, DIANE
NEWKIRK, SANDRA SMILING, DAVEY
JOHNSTON, CYNTHIA ROEMER, SHAUN
ROBERT, ROQUE ESPINOZA, JENNIFER
PAYNE, LATISHIA BOWDEN, and DJ
NEILL, TYSON DEWSNUP, and DEIRDRE
PALMER, on behalf of themselves and all
others similarly situated,

        Plaintiffs,

  v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

        Defendant.

Case No.: 1:22-cv-01422

Judge Virginia M. Kendall

## DEFENDANT'S MEMORANDUM IN SUPPORT
## OF PARTIAL MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................................ ii

BACKGROUND .............................................................................................................. 1

LEGAL STANDARD......................................................................................................... 4

ARGUMENT .................................................................................................................. 5

I.     THE COURT SHOULD DISMISS THE 26 NON-ILLINOIS PLAINTIFFS'
COUNT I ICFA CLAIMS. ........................................................................................ 5

II.    THE COURT SHOULD DISMISS THE FRAUD ALLEGATIONS FOR LACK
OF PARTICULARITY.............................................................................................. 9

     A.    Plaintiffs fail to plead misrepresentations with particularity. ............................... 11

     B.    Plaintiffs fail to plead fraudulent omissions with particularity............................. 12

III.   THE COURT SHOULD DISMISS MS. CAPER'S CLAIMS IN COUNTS 2
AND 3 FOR LACK OF SUBJECT MATTER JURISDICTION..................................... 15

CONCLUSION................................................................................................................ 17

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................. 4

*Avery v. State Farm Mut. Auto. Ins. Co.*,
    835 N.E.2d 801 (Ill. 2005) .......................................................................... 5, 7, 8

*BCBSM, Inc. v. Walgreen Co.*,
    512 F. Supp. 3d 837 (N.D. Ill. 2021) ............................................................. 5, 7

*BCBSM, Inc. v. Walgreen Co.*,
    No. 20 C 1853, 2023 WL 3601826
    (N.D. Ill. May 23, 2023) ................................................................................... 10

*Beauchem v. Rockford Prod. Corp.*,
    No. 01 C 50134, 2003 WL 1562561
    (N.D. Ill. Mar. 24, 2003) .................................................................................. 12

*Bondick v. Ricoh Imaging Americas Corp.*,
    No. 21 C 6132, 2022 WL 2116664
    (N.D. Ill. June 13, 2022) ................................................................................... 11

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
    761 F.3d 732 (7th Cir. 2017) ............................................................................ 11

*Cornielsen v. Infinium Cap. Mgmt., LLC*,
    916 F.3d 589 (7th Cir. 2019) ............................................................................ 11

*Craigville Tel. Co. v. T-Mobile USA Inc.*,
    No. 19 C 7190, 2021 WL 3883090
    (N.D. Ill. Aug. 31, 2021) .................................................................................... 7

*Crichton v. Golden Rule Ins. Co.*,
    576 F.3d 392 (7th Cir. 2009) ......................................................................... 5, 8

*Darne v. Ford Motor Co.*,
    No. 13 C 03594, 2015 WL 9259455
    (N.D. Ill. Dec. 18, 2015) .............................................................................. 12, 14

*Escobar-Noble v. Luxury Hotels Int'l of P.R., Inc.*,
    680 F.3d 118 (1st Cir. 2012) .............................................................................. 4

*Grady v. Progressive Direct Ins. Co.*,
    No. 22-CV-866 (NEB/TNL), 2022 WL 18494898
    (D. Minn. Nov. 30, 2022) ....................................................................... 12, 13, 14

*Gridley v. State Farm Mut. Auto. Ins. Co.*,
840 N.E.2d 269 (Ill. 2005) ................................................................................ 5

*Hab Carriers, Inc. v. Arrow Truck Sales, Inc.*,
No. 09 C 5200, 2011 WL 250401
(N.D. Ill. Jan. 25, 2011) .................................................................................... 6

*Halvorson v. Auto-Owners Ins. Co.*,
No. 3:09-CV-75, 2012 WL 13104062
(D.N.D. Feb. 23, 2012),
*rev'd on other grounds*,
718 F.3d 773 (8th Cir. 2013) ............................................................................ 16

*Haught v. Motorola Mobility, Inc.*,
No. 12 C 2515, 2012 WL 3643831
(N.D. Ill. Aug. 23, 2012) .......................................................................... 6, 7, 8, 9

*Ill. Farmers Ins. Co. v. Glass Serv. Co.*,
683 N.W.2d 792 (Minn. 2004) .................................................................... 16, 17

*Johnson v. Orkin, LLC*,
928 F. Supp. 2d 989 (N.D. Ill. 2013) ................................................................ 4

*Jucha v. City of N. Chicago*,
63 F. Supp. 3d 820 (N.D. Ill. 2014) .................................................................. 4

*Kim v. Carter's Inc.*,
598 F.3d 362 (7th Cir. 2010) ............................................................................ 8

*Lululemon USA, Inc. v. 108 N. State Retail, LLC*,
No. 09 C 1560, 2009 WL 1732103
(N.D. Ill. June 17, 2009) .................................................................................. 9

*McMahan v. Deutsche Bank AG*,
938 F. Supp. 2d 795 (N.D. Ill. 2013) ................................................................ 12

*Napleton's Arlington Heights Motors, Inc. v. FCA US LLC*,
214 F. Supp. 3d 675 (N.D. Ill. 2016) .......................................................... 11, 12

*Petri v. Drive N.J. Ins. Co.*,
No. 1:21-CV-20510, 2022 WL 4483437
(D.N.J. Sept. 26, 2022) .................................................................................... 14

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*,
631 F.3d 436 (7th Cir. 2011) ................................................................... passim

*Quitno v. Gen. Motors, LLC*,
   No. 1:18-CV-07598, 2020 WL 777273
   (N.D. Ill. Feb. 18, 2020) ............................................................... 12, 14, 15

*Saunders v. Hedrick*,
   No. 20 C 6835, 2021 WL 633370
   (N.D. Ill. Feb. 18, 2021) .......................................................................... 9

*Scan Top Enter. Co., Ltd. v. Winplus N. Am., Inc.*,
   No. 14 C 7505, 2015 WL 4945240
   (N.D. Ill. Aug. 19, 2015)......................................................................... 10

*Serv. Corp. Int'l v. Stericycle, Inc.*,
   No. 19 C 1960, 2020 WL 43017
   (N.D. Ill. Jan. 4, 2020) .................................................................... 5, 6, 7

*Sieving v. Cont'l Cas. Co.*,
   535 F. Supp. 3d 762 (N.D. Ill. 2021) ......................................................... 8

*St. Louis Chiropractic v. Fed. Ins. Co.*,
   No. CIV.A.07-3110(JAP), 2008 WL 4056225
   (D.N.J. Aug. 26, 2008)............................................................................ 16

*St. Louis Park Chiropractic, P.A. v. Fed. Ins. Co.*,
   342 F. App'x 809 (3d Cir. 2009) ............................................................. 16

*U.S. ex rel. Walner v. NorthShore Univ. Healthsystem*,
   660 F. Supp. 2d 891 (N.D. Ill. 2009) ....................................................... 12

*United States v. Heritage Operations Grp., LLC*,
   622 F. Supp. 3d 679 (N.D. Ill. 2022) ....................................................... 12

*Varela v. State Farm Mut. Auto. Ins. Co.*,
   No. CV22-970 (JRT/DTS), 2023 WL 1971753
   (D. Minn. Feb. 13, 2023) ............................................................... 4, 16, 17

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)................................................................................... 9

*Williams v. Progressive Direct Ins. Co.*,
   631 F.Supp.3d 202 (D. Del. 2022)............................................................ 14

*Williamson v. Curran*,
   714 F.3d 432 (7th Cir. 2013) ..................................................................... 4

*Woerner v. Bankers Life & Cas. Co.*,
   216 F. Supp. 3d 924 (N.D. Ill. 2016) ......................................................... 7

iv

*Wright v. Associated Ins. Cos. Inc.*,
29 F.3d 1244 (7th Cir. 1994) ............................................................................ 1

## STATUTES

28 U.S.C. § 2072 ............................................................................................... 9

9 U.S.C. § 2 ................................................................................................. 15, 16

9 U.S.C. § 3 ..................................................................................................... 17

9 U.S.C. § 4 ..................................................................................................... 17

Minn. Stat. § 65B.525 ............................................................................. 15, 16, 17

## RULES

Fed. R. Civ. P. 9 ......................................................................................... passim

Fed. R. Civ. P. 12 ..................................................................................... 1, 4, 9, 15

## OTHER AUTHORITIES

2 James Wm. Moore, MOORE'S FEDERAL PRACTICE
§ 9.03[1][b], (3d ed. 2010) ............................................................................ 10

State Farm has moved to dismiss Count I of the First Amended Complaint ("FAC") as to all named Plaintiffs except Maria Munoz pursuant to Fed. R. Civ. P. 12(b)(6). State Farm also has moved to dismiss the FAC's fraud based allegations pursuant to Rules 9(b) and 12(b)(6). And finally, State Farm has moved to dismiss the contract claims of Plaintiff Sabrina Capers for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## BACKGROUND

Twenty-seven named Plaintiffs remain as parties to the FAC. Each owned a vehicle insured under a State Farm policy. (ECF No. 58 ("FAC") ¶¶ 12-44.) In the event of a total loss, each policy affords State Farm the option to "[p]ay the actual cash value of the covered vehicle minus any applicable deductible."[1] (*E.g.*, ECF No. 58-1 at 12; *see also* FAC ¶¶ 2, 112.). After each accident, State Farm declared the vehicle a "total loss," "provided a total loss valuation" based on "a valuation report obtained from [Audatex]," and offered payment. (FAC ¶¶ 12-44.)

Although each Plaintiff accepted State Farm's offer, all now challenge its valuation methodology. They allege that, after identifying "the price of comparable vehicles listed for sale in the relevant market," State Farm applies a "flat-rate [TNA] to the value of each comparable vehicle" to "artificially reduce[] the total-loss payment' for [Plaintiffs'] vehicle[s]. (FAC ¶¶ 3-4.) Plaintiffs plead claims for violation of the Illinois Consumer Fraud Act ("ICFA"), breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, and declaratory judgment on behalf of a proposed multistate class. And on behalf of proposed statewide classes, Plaintiffs plead violations of individual state consumer protection laws (other than the ICFA),

---

[1] The Court may consider the terms of Plaintiffs' policies because Plaintiffs attach example policies to their amended complaint (*see* ECF No. 58-1) and reference their policies throughout it. *See Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (a district court may consider a contract that was not attached to the complaint but was central to it).

plus the same breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, and declaratory judgment claims. (FAC ¶¶ 75-637.)

Critically relevant to this motion are Plaintiffs' allegations of fraud. Plaintiffs' core theory is that State Farm implemented a "deceptive, fraudulent, and unfair scheme through which [it] systematically undervalues total-loss vehicles in order to arbitrarily reduce its ultimate payment to insureds who make total loss claims under insurance policies." (FAC ¶ 1.) But despite its overwrought use of terms like "fraud" or "fraudulent" (40 appearances in the FAC), "misrepresentations" (135), and "deceptive" (183), the FAC is woefully short on specifics about the purported fraud. For example, although it repeatedly alleges that State Farm "intentionally misrepresent[ed] … material facts regarding its application of [the TNA]," (*e.g.*, FAC ¶¶ 82, 156, 176), the FAC doesn't contain *any* details regarding specific misrepresentations State Farm allegedly made to potential customers.

Instead, the most Plaintiffs say is State Farm broadly failed to disclose the TNA when presenting the terms of its policies. (*E.g.*, FAC ¶¶ 52, 85, 113-15, 133, 141.) This is the heart of their fraudulent concealment, fraudulent inducement, unjust enrichment, and consumer protection act claims.[2] But even these allegations lack specificity. The FAC doesn't say who specifically failed to disclose the TNA, what specifically about the TNA should've been disclosed, or when, where, or how specifically it should've been disclosed to each Plaintiff. (*See, e.g.*, FAC ¶¶ 12-44 (allegations specific to each Plaintiff failing to articulate details of alleged fraud).)

---

[2] *See* FAC ¶¶ 81-82, 154, 173, 192, 210, 229, 246, 264, 282, 300, 318, 335, 353, 371, 389, 405, 423, 441, 456, 473, 490, 546, 566, 586, 607, 625 (state consumer protection act claims); *id.* ¶¶ 113-15 (fraudulent concealment); *id.* ¶¶ 131-33 (fraudulent inducement); *id.* ¶ 141 (unjust enrichment).

Plaintiffs bring the ICFA claim in Count I "individually and on behalf of all members of the Multistate Class." (FAC ¶ 76.) "Plaintiffs" are 33 individuals identified in ¶¶ 12-44 of the FAC. This Court transferred the claims of six of those Plaintiffs, leaving 27 Plaintiffs in the case who allege claims under the ICFA. (ECF No. 83, at 44.) Only one named Plaintiff, Maria Munoz, is an Illinois citizen who insured a vehicle located in Illinois. (FAC 58 ¶ 19.) The remaining 26 purchased insurance policies in their home states insuring vehicles located in their home states ("the 26 Plaintiffs").[3] They do not allege they resided in Illinois, purchased their insurance policies in Illinois, received alleged misrepresentations or omissions in Illinois, garaged their insured vehicles in Illinois, or suffered alleged damages in Illinois. They instead allege they are citizens of other states. (FAC ¶¶ 12-14, 16, 18, 20-22, 24-39, 42-44.) Attached to the FAC are insurance policies and declaration pages, which along with their citizenship allegations, raise the strong inference that the 26 Plaintiffs purchased insurance in their home states under policies that contained choice-of-law provisions requiring the application of their home state's laws for vehicles located in their home states.[4]

---

[3] The 26 Plaintiffs are: Bernadette Williams (Alabama); Ivan Serrata Reyes (Connecticut); Rosilyn Wilson (Delaware); Linda Lewis (Florida); Haunanimae Cervantes-White (Hawaii); Tracy O'Brien (Iowa); Kimberly Benson (Kansas); Roy Tuinstra (Kentucky); Michelle Snyder (Maryland); Patricia Couch (Michigan); Sabrina Capers (Minnesota); William Ross Dean (Mississippi); Richard Dacheff (Missouri); Kristy Keller (Nebraska); Jasimen Hernandez (Nevada); Edgar Florian (New Hampshire); Michael Grossberg (New Jersey); Merrill Love (New Mexico); Diane Newkirk (New York); Sandra Smiling (North Carolina); Davey Johnston (Oklahoma); Cynthia Roemer (Oregon); Roque Espinoza (Pennsylvania); DJ O'Neill (Texas); Tyson Dewsnup (Utah); Deirdre Palmer (Utah).

[4] See, e.g., ECF No. 58-1, at 23 (Alabama Policy Booklet), 49 (Alabama choice-of-law provision); 52 (New York Policy Booklet), 82 (New York choice-of-law provision), 118-22 (Declarations pages for Newkirk showing Newkirk and vehicle located in New York); 123 (Texas Policy Booklet), 169 (Texas choice-of-law provision); 213 (Kansas Policy Booklet), 241 (Kansas choice-of-law provision); 285 (Florida Policy Booklet), 332 (Florida choice-of-law provision); 407 (Maryland Policy Booklet), 436 (Maryland choice-of-law provision); 437 (Missouri Policy Booklet), 467 (Missouri choice-of-law provision); 503 (Pennsylvania Policy Booklet), 545 (Pennsylvania choice-of-law provision), 547 (Delaware Policy Booklet), 575 (Delaware choice-of-law provision); 577 (North Carolina Policy Booklet), 592 (North Carolina choice-of-law provision); 686 (Nebraska Policy Booklet), 718 (Nebraska choice-of-law provision); 720 (New Jersey Policy Booklet), 767 (New Jersey choice-of-law provision);

## LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible if it pleads facts that permit a court to infer the defendant is liable. *Id.* While a court must accept factual allegations as true, this rule "is inapplicable to legal conclusions." *Id.* Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* A plaintiff must "plausibly allege the elements of each count" to state a claim. *Jucha v. City of N. Chicago*, 63 F. Supp. 3d 820, 831 (N.D. Ill. 2014).

Rule 12(b)(1) is an appropriate vehicle to move to compel arbitration and dismiss an action for lack of subject matter jurisdiction. Once a district court determines the parties are bound by an arbitration agreement, the district court no longer has subject matter jurisdiction over the arbitrable claims. *See, e.g.*, *Escobar-Noble v. Luxury Hotels Int'l of P.R., Inc.*, 680 F.3d 118, 126 (1st Cir. 2012) (affirming district court's decision to compel arbitration and dismiss the suit for lack of subject matter jurisdiction); *Varela v. State Farm Mut. Auto. Ins. Co.*, No. CV22-970 (JRT/DTS), 2023 WL 1971753, at *1 (D. Minn. Feb. 13, 2023) (dismissing common law claims for lack of subject matter jurisdiction because they were subject to the Minnesota No Fault Act's mandatory arbitration provision); *Johnson v. Orkin, LLC*, 928 F. Supp. 2d 989, 998-99 (N.D. Ill. 2013) (granting motion to compel arbitration and dismissing action pursuant to Rule 12(b)(1)).

---

768 (Oklahoma Policy Booklet). A court may consider, in addition to the allegations set forth in the complaint itself, "documents that are attached to the complaint" and "documents that are central to the complaint and are referred to in it." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

## ARGUMENT

I. **THE COURT SHOULD DISMISS THE 26 NON-ILLINOIS PLAINTIFFS' COUNT I ICFA CLAIMS.**

"[T]he General Assembly did not intend the Consumer Fraud Act to apply to fraudulent transactions which take place outside Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 853 (Ill. 2005). That is, "the Act does not have extraterritorial effect." *Id.* This means the ICFA applies ***only*** "if the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." *Id.* at 854. While Ms. Munoz can bring an ICFA claim because she is an Illinois resident who purchased an Illinois insurance policy in Illinois, the 26 Plaintiffs cannot; they have not alleged any *facts* plausibly demonstrating that the circumstances relating to their disputed transactions occurred primarily and substantially in Illinois.

Settled Illinois Supreme Court precedent holds that a plaintiff can pursue an ICFA claim ***only*** "if the circumstances that relate to the disputed transaction occur[ed] primarily and substantially in Illinois." *Avery*, 835 N.E.2d, at 854; *accord Gridley v. State Farm Mut. Auto. Ins. Co.*, 840 N.E.2d 269, 275 (Ill. 2005) ("As in *Avery*, the majority of circumstances relating to the sale of the salvage vehicle in this case occurred primarily and substantially in Louisiana, so that Gridley does not have a cognizable cause of action under the Illinois Consumer Fraud Act."). A plaintiff must plausibly allege that the challenged conduct primarily and substantially occurred in Illinois to state a legally cognizable ICFA claim. *See, e.g., Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 397 (7th Cir. 2009) ("On the totality of the facts alleged here, we agree with the district court that the circumstances of the alleged fraudulent activity did not occur 'primarily and substantially in Illinois.'"); *BCBSM, Inc. v. Walgreen Co.*, 512 F. Supp. 3d 837, 856 (N.D. Ill. 2021) (dismissing ICFA claim where "Plaintiffs have not pleaded any of the unfair acts took place primarily and substantially in Illinois") (Kendall, J.); *Serv. Corp. Int'l v. Stericycle, Inc.*,

No. 19 C 1960, 2020 WL 43017, at *4 (N.D. Ill. Jan. 4, 2020) (holding that plaintiff "has not

properly stated a claim under the ICFA because it has failed to allege that the conduct at issue

here occurred 'primarily and substantially' in Illinois") (Kendall, J.); *Haught v. Motorola*

*Mobility, Inc.*, No. 12 C 2515, 2012 WL 3643831, at *5 (N.D. Ill. Aug. 23, 2012) ("As Haught

has failed to allege that the conduct at issue here occurred 'primarily and substantially' in

Illinois, he has failed to state a claim under the ICFA upon which relief may be granted.")

(Kendall, J.). The 26 Plaintiffs have not plausibly alleged the conduct underlying their ICFA

claims occurred "primarily and substantially" in Illinois.

This Court uses the following factors to determine if this element of an ICFA claim has

been plausibly alleged:

> (1) the claimant's residence; (2) the defendant's place of business;
> (3) the location of the relevant item that is the subject of the
> disputed transaction; (4) the location of the claimant's contacts
> with the defendant; (5) where the contracts at issue were executed;
> (6) the contract's choice of law provisions, if there are any; (7)
> where the allegedly deceptive statements were made; (8) where
> payments for services were to be sent; and (9) where complaints
> about the goods or services were to be directed.

*Haught*, 2012 WL 3643831, at *3; *accord, e.g.*, *Serv. Corp. Int'l*, 2020 WL 43017, at *3

(Kendall, J.); *Hab Carriers, Inc. v. Arrow Truck Sales, Inc.*, No. 09 C 5200, 2011 WL 250401, at

*5 (N.D. Ill. Jan. 25, 2011) (Kendall, J.). The 26 Plaintiffs do not allege that they resided in

Illinois, purchased their insurance policies in Illinois, received alleged misrepresentations or

omissions in Illinois, garaged their insured vehicles in Illinois, or suffered damages in Illinois.

(*See* FAC.)

Other than alleging that State Farm's principal place of business is in Illinois, the 26

Plaintiffs' *only* Illinois-centric allegation is that the alleged fraudulent scheme was developed in

and emanated from Illinois (FAC, ¶¶ 61-62), but it is well settled that such an allegation is

insufficient. In *Avery*, for example, the Illinois Supreme Court held "the appellate court's conclusion that a scheme to defraud was 'disseminated' from State Farm's headquarters is insufficient." *Avery*, 835 N.E.2d at 855. Courts, including this Court, have repeatedly confirmed that holding. *See, e.g.*, *Craigville Tel. Co. v. T-Mobile USA Inc.*, No. 19 C 7190, 2021 WL 3883090, at *4-5 (N.D. Ill. Aug. 31, 2021) (alleging the fraudulent scheme "was disseminated from" Illinois "is insufficient to establish the necessary connections to Illinois"); *Woerner v. Bankers Life & Cas. Co.*, 216 F. Supp. 3d 924, 931 (N.D. Ill. 2016) ("A number of courts have found that the allegation that a fraudulent scheme emanated from Illinois is insufficient to apply the Consumer Fraud Act to an out-of-state resident.") (citing cases); *Haught*, 2012 WL 3643831, at *4 (allegation that scheme allegedly "emanated" from Illinois was insufficient to allow ICFA claims by nonresident) (Kendall, J.). The Court should dismiss the 26 Plaintiffs' ICFA claims because they do not plausibly allege facts demonstrating the conduct at issue occurred "primarily and substantially" in Illinois. *See, e.g.*, *BCBSM*, 512 F. Supp. 3d at 856-57 ("This is a fact-intensive question, one the Court is hesitant to dismiss without discovery, but as alleged, Plaintiffs have plainly pleaded insufficiently to state a claim.") (Kendall, J.); *accord, e.g.*, *Serv. Corp. Int'l*, 2020 WL 43017, at *3 (Kendall, J.); *Haught*, 2012 WL 3643831, at *5 (Kendall, J.).

Dismissal should be *with prejudice* because the 26 Plaintiffs cannot allege facts nor discover evidence sufficient to meet this standard. The 26 Plaintiffs allege they are citizens of States other than Illinois. (FAC ¶¶ 12-14, 16, 18, 20-22, 24-39, 42-44.) These allegations, together with the non-Illinois insurance policies attached to the FAC, lead to the strong inference that all 26 Plaintiffs reside in their states of citizenship and not in Illinois. This inference is further supported by the lack of any allegation they reside in Illinois. The fact each resides in a state other than Illinois likely also means their insured vehicles were not located in Illinois, they

did not receive any misrepresentation or omission in Illinois before their purchase of the insurance policy, they did not purchase their insurance policy in Illinois, their vehicles were in an accident outside Illinois, and they received State Farm's payment of actual cash value outside Illinois.[5] *See Sieving v. Cont'l Cas. Co.*, 535 F. Supp. 3d 762, 772 (N.D. Ill. 2021) ("The complaint alleges Mr. Sieving was a California resident at the time he purchased his policy certificate from Continental. Accordingly, he likely received the marketing materials and relied on them in making his decision to purchase the certificate in the State of California. In like circumstances, courts have found a lack of ICFA standing.") (citation omitted). The 26 Plaintiffs' insurance policies also have choice-of-law provisions calling for application of their home state's laws. These very strong inferences negate any realistic possibility of successfully repleading and demonstrate that discovery will not allow the 26 Plaintiffs to satisfy the applicable standard.

As this Court found in *Haught*, "[i]n each of these cases, the courts emphasized the plaintiff's place of residence and the tenuous connection between the respective transactions and the State of Illinois to conclude that the putative plaintiffs were unable to bring ICFA claims." *Haught*, 2012 WL 3643831, at *3. The same is true here, because the 26 Plaintiffs resided and purchased insurance in their home states to cover vehicles located in each Plaintiff's home state. Dismissal therefore should be *with prejudice*. *See generally Crichton*, 576 F.3d at 397; *Avery*, 835 N.E.2d at 853-55; *see also Haught*, 2012 WL 3643831, at *3 (Kendall, J.).

Finally, the Court should reject any request by the 26 Plaintiffs to delay adjudicating the issue until class certification. This motion has nothing to do with class certification; it's directed

---

[5] The latter is relevant because the ICFA claim depends on demonstrating each Plaintiff received less than actual cash value for his or her total loss vehicle. If a particular Plaintiff received actual cash value, she received exactly what she bargained for in purchasing an insurance policy, and did not suffer any actual pecuniary harm. *See generally Kim v. Carter's Inc.*, 598 F.3d 362, 366 (7th Cir. 2010) (holding there was no ICFA claim where the plaintiffs in this case "got the benefit of their bargain and suffered no actual pecuniary harm.").

against identified individual plaintiffs who can't state an ICFA claim under well-settled law. The Rules Enabling Act precludes "interpreting Rule 23 to 'abridge, enlarge or modify any substantive right.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011) (quoting 28 U.S.C. § 2072(b)). To decline to rule on a Rule 12(b)(6) motion because there also are class allegations in the case thus would violate the Rules Enabling Act by permitting a putative representative plaintiff to avoid a dismissal that a plaintiff in an individual case could not.

## II. THE COURT SHOULD DISMISS THE FRAUD ALLEGATIONS FOR LACK OF PARTICULARITY.

Under Rule 9(b), a party "alleging fraud" "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Fraud claims that are not pled with particularity are subject to dismissal. *See Haught*, 2012 WL 3643831, at *3 (Kendall, J.). Rule 9(b) applies beyond formal "claims of fraud" to all "***allegations*** of fraud," covering any legal claim that "***sounds in*** fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 446 (7th Cir. 2011). A claim "sounds in fraud" if it "is premised upon a course of fraudulent conduct." *Id.* at 446-47. All but three of Plaintiffs' 33 claims qualify.

Rule 9(b) applies to Plaintiffs' fraudulent concealment and fraudulent inducement claims, quintessential fraud claims that always trigger the rule. *See, e.g.*, *Saunders v. Hedrick*, No. 20 C 6835, 2021 WL 633370, at *3 (N.D. Ill. Feb. 18, 2021) (Kendall, J.) (concealment); *Lululemon USA, Inc. v. 108 N. State Retail, LLC*, No. 09 C 1560, 2009 WL 1732103, at *2 (N.D. Ill. June 17, 2009) (Kendall, J.) (inducement). But the Rule also applies to Plaintiffs' unjust enrichment and state consumer protection act claims. Although these claims don't always need to satisfy Rule 9(b)'s particularity requirement, they must do so if they're "predicated on either a

misrepresentation or an omission." *Pirelli*, 631 F.3d at 447-48 (applying Rule 9(b) to ICFA and unjust enrichment claims).[6]

That's the case here. The unjust enrichment claim posits that, if State Farm "had not misrepresented, omitted, concealed, and/or failed to disclose material facts regarding its purported payment of ACV in the event of a total loss," specifically its use of the TNA, "Plaintiffs and the Class members either would not have purchased insurance through Defendant, or they would have paid less for such insurance coverage." (FAC ¶ 141.) The consumer protection claims likewise allege that State Farm violated various state statutes "by knowingly and intentionally concealing and failing to disclose material facts regarding its application of [the TNA] to comparable vehicles in order to reduce Defendant's loss payment to insureds" and using "its appraisal process to deter insureds from obtaining ACV." (FAC ¶¶ 81, 154, 174, 192, 210, 229, 246, 264, 282, 300, 318, 335, 353, 371, 389, 405, 423, 441, 456, 473, 490, 546, 566, 586, 607, 625.) All these claims are "predicated on either a misrepresentation or an omission" and must satisfy Rule 9(b)'s particularity requirement. *Pirelli*, 631 F.3d at 447-48.

To satisfy the particularity requirement, Plaintiffs generally must "describe the 'who, what, when, where, and how' of the fraud—the first paragraph of any newspaper story." *Id.* at 441-42. While courts are not to "take an overly rigid view of [this] formulation" or "absolutely require[] [plaintiffs] to plead the specific date, place, or time of the fraudulent acts," plaintiffs "still must use some alternative means of injecting precision and some measure of substantiation into their allegations of fraud" to satisfy Rule 9(b). *Id.* at 442 (quoting 2 James Wm. Moore,

---

[6] *See also BCBSM, Inc. v. Walgreen Co.*, No. 20 C 1853, 2023 WL 3601826, at *9 (N.D. Ill. May 23, 2023) (Kendall, J.) ("Claims brought in federal court under state consumer-protection statutes sounding in fraud must meet the pleading standard of Rule 9(b)."); *Scan Top Enter. Co., Ltd. v. Winpln N. Am., Inc.*, No. 14 C 7505, 2015 WL 4945240, at *4 (N.D. Ill. Aug. 19, 2015) (applying Rule 9(b) to unjust enrichment claim that sounded in fraud).

MOORE'S FEDERAL PRACTICE § 9.03[1][b], at 9–18 (3d ed. 2010)). Otherwise, the Rule lacks teeth.

Plaintiffs allege fraud based on both affirmative misrepresentations and material omissions, but they plead neither theory with the particularity Rule 9(b)  requires.

### A.    Plaintiffs fail to plead misrepresentations with particularity.

"To satisfy Rule 9(b)'s particularity standard" for affirmative misrepresentations, "a complaint must state the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Cornielsen v. Infinium Cap. Mgmt., LLC*, 916 F.3d 589, 599 (7th Cir. 2019). This Court, for example, has dismissed fraud claims where a pleading "fails to provide any detail regarding what those other misrepresentations were, who made them, and when they were made, among other issues." *Napleton's Arlington Heights Motors, Inc. v. FCA US LLC*, 214 F. Supp. 3d 675, 694 n.16 (N.D. Ill. 2016) (Kendall, J.); *see also Bondick v. Ricoh Imaging Americas Corp.*, No. 21 C 6132, 2022 WL 2116664, at *4 (N.D. Ill. June 13, 2022) (Kendall, J.) And the Seventh Circuit routinely affirms such dismissals. *See, e.g., Cornielsen, LLC*, 916 F.3d at 599-601; *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737-38 (7th Cir. 2017).

Plaintiffs make ***no*** effort to satisfy Rule 9(b) with respect to State Farm's purported misrepresentations. They don't even try to "state the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, [or] the method by which the misrepresentation was communicated to the plaintiff." *Cornielsen, LLC*, 916 F.3d at 599. All they do is vaguely assert that State Farm "misrepresent[ed] … material facts regarding its application of [the TNA] to comparable vehicles," without setting forth any details.  (*E.g.*, FAC ¶¶ 82, 156, 176; *see also, e.g., id.* ¶¶ 83, 157, 177). These conclusory allegations "fall well short

of the Rule 9(b) standard." *Napleton's*, 214 F. Supp. 3d at 694 n.16; *see also U.S. ex rel. Walner v. NorthShore Univ. Healthsystem*, 660 F. Supp. 2d 891, 895 (N.D. Ill. 2009) (Kendall, J.) ("[C]onclusory allegations of fraud do not suffice.").

      **B.**    **Plaintiffs fail to plead fraudulent omissions with particularity.**

Plaintiffs also allege State Farm committed fraud by failing to disclose the TNA. (*See* FAC ¶ 52.) "A fraud based on an omission is still fraud," however, "and any fraud requires pleading with particularity." *United States v. Heritage Operations Grp., LLC*, 622 F. Supp. 3d 679, 691 (N.D. Ill. 2022). Thus, Plaintiffs "must plead the who, what, when and where of the alleged fraudulent concealment." *Beauchem v. Rockford Prod. Corp.*, No. 01 C 50134, 2003 WL 1562561, at *3 (N.D. Ill. Mar. 24, 2003); *accord Quitno v. Gen. Motors, LLC*, No. 1:18-CV-07598, 2020 WL 777273, at *3 (N.D. Ill. Feb. 18, 2020) ("[F]raud claims based upon deception, whether based upon a misrepresentation ***or omission***, must meet the heightened pleading standard of Rule 9(b)").

"While it may be more difficult to plead with particularity the circumstances surrounding an omission (i.e. when/where something that did not occur should have occurred) than an affirmative misrepresentation," that doesn't absolve plaintiffs of their burden under Rule 9(b). *McMahan v. Deutsche Bank AG*, 938 F. Supp. 2d 795, 805-06 (N.D. Ill. 2013). They "still must use some alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Pirelli*, 631 F.3d at 442. "[A] general failure to disclose" won't do; Plaintiffs must allege "an omission from a [specific] communication." *Darne v. Ford Motor Co.*, No. 13 C 03594, 2015 WL 9259455, at *9 (N.D. Ill. Dec. 18, 2015) (describing particularity required in context of ICFA claim).

*Grady v. Progressive Direct Ins. Co.* is on point. No. 22-CV-866 (NEB/TNL), 2022 WL 18494898 (D. Minn. Nov. 30, 2022). The insurer there also declared a policyholder's vehicle a

total loss and "adjust[ed] downward the advertised prices" of comparable vehicles when estimating actual cash value "to account for buyers negotiating before the sale." *Id.* at *1. The policyholder brought a consumer protection act claim challenging this adjustment and alleging fraud. *Id.* at *3-4. The court held that she "did not plead enough factual content with particularity to allege a misrepresentation or omission 'in connection with the sale' of her [p]olicy" to survive a motion to dismiss. *Id.* at *3. Importantly, the policyholder made **the exact same** fraud allegations as Plaintiffs here, almost word-for-word.

|  | ***Grady* Allegation** | **Plaintiffs' FAC** |
|---|---|---|
| *Alleged Omission* | "Progressive Direct 'violated the [statute] by making false promises and knowingly and intentionally concealing and failing to disclose material facts regarding its application of an arbitrary Projected Sold Adjustment to comparable vehicles.'" *Id.* at *4 (quoting complaint). | State Farm "violated [each statute] by knowingly and intentionally concealing and failing to disclose material facts regarding its application of an arbitrary 'typical negotiation' adjustment to comparable vehicles." (*E.g.*, FAC ¶¶ 81, 154, 156 (statutory claims); *see also id.* ¶¶ 113, 131, 141 (similar allegations for fraudulent concealment, fraudulent inducement, and unjust enrichment).) |
| *Reliance* | Policyholder "purchased Progressive Direct's insurance coverage in reliance on the misrepresentations and omissions." *Id.* (quoting complaint) (cleaned up) | Plaintiffs "purchased Defendant's insurance coverage in reliance on Defendant's misrepresentations, omissions, concealments, and/or failures to disclose." (*E.g.*, FAC ¶¶ 89, 163, 183; *see also id.* 125, 131, 141 (similar allegations for fraudulent concealment, fraudulent inducement, and unjust enrichment).) |
| *Causation* | "'Had Progressive Direct not engaged in the deceptive acts,' [the policyholder] and the punitive class members 'would not have purchased insurance coverage from' Progressive Direct." *Id.* (quoting complaint) (cleaned up). | "Had Defendant not engaged in the deceptive acts and practices alleged herein, Plaintiffs and Class members would not have purchased insurance coverage from Defendant or would not have paid as much for such coverage." (*E.g.* FAC ¶¶ 90, 202, 220; *see also id.* 122, 134, 141 (similar allegations for fraudulent concealment, fraudulent inducement, and unjust enrichment).) |

The policyholder in *Grady*, however, did "not plead sufficient factual content about Progressive Direct's underlying misrepresentations or omissions at the time of the sale of her [p]olicy," a

deficiency that "doom[ed] [the policyholder's statutory] allegations" under Rule 9(b). *Grady,* *2022 WL 18494898, at *4.*[7]

So too here. While Plaintiffs allege that they "would not have purchased insurance coverage from [State Farm], or would not have paid as much for such coverage," (*e.g.*, FAC ¶¶ 90, 122, 141), "they fail to provide any factual support for this assertion." *Petri,* 2022 WL 4483437, at *4. Indeed, the questions that highlighted the lack of particularity in *Petri* apply with equal force here: "When did Plaintiffs purchase their policies? From whom? What, precisely, was represented to them during the marketing and sales process? Why was the calculation of ACV material to their purchase decision?" *Id.* (footnote omitted). Without particularized answers to these questions, Plaintiffs' allegations "do not meet Rule 9(b)'s heightened standard." *Id.*

But those aren't the only questions Plaintiffs leave unanswered. They also don't answer more basic questions regarding the "'who, what, when, where, and how' of the fraud," *Pirelli,* 631 F.3d at 441-42:

- ***Where and How***: Plaintiffs provide no details regarding where or how State Farm should have made the alleged disclosure. *See Quitno,* 2020 WL 777273, at *3 (fraud claim failed to satisfy Rule 9(b) because plaintiffs only "generically mention[ed] Defendant's promotional materials, advertisements … marketing," and website as location of alleged fraud); *Darne,* 2015 WL 9259455, at *9 (same because Plaintiffs "failed to identify any communication with Ford in which Ford omitted to disclose the defective engine").

- ***When***: Plaintiffs also vaguely say the omission occurred "when Plaintiffs and Class members are presented with the terms of [State Farm's] policy" (FAC ¶ 52), which also is too general "to meet 9(b)'s particularity requirement." *Quitno,* 2020 WL 777273, at *3 (reaching this conclusion where plaintiff did "not disclose when she encountered [the

---

[7] *See also Williams v. Progressive Direct Ins. Co.*, 631 F.Supp.3d 202, 212 (D. Del. 2022) (dismissing fraud-based consumer fraud claim because it "offered no allegations regarding how Progressive at the time of the sale of the Policy failed to disclose or omitted the application of the projected sold adjustment to determining the actual cash value of a total loss car"); *Petri v. Drive N.J. Ins. Co.*, No. 1:21-CV-20510, 2022 WL 4483437, at *4 (D.N.J. Sept. 26, 2022) (same, where "aside from some passing, conclusory statements, Plaintiffs [did] not adequately allege that Defendants committed fraud—by misrepresentation or omission—during the marketing or sales processes").

allegedly fraudulent] statements other than implying that she read them at some time before purchasing her car").

- ***What***: Though Plaintiffs give "some information as to the substance" of what State Farm allegedly should've disclosed—its "practice of applying a 'typical negotiation' adjustment" (FAC ¶ 52)—this allegation likewise is too "vague and generalized" to satisfy Rule 9(b). *Quitno*, 2020 WL 777273, at *3 (broad allegation that defendant failed to disclose brake defect in car insufficiently specific).

"[T]his paucity in information" regarding the details of State Farm's alleged omissions renders Plaintiffs' fraud allegations fatally deficient. *Id.*

## III. THE COURT SHOULD DISMISS MS. CAPER'S CLAIMS IN COUNTS 2 AND 3 FOR LACK OF SUBJECT MATTER JURISDICTION.

Plaintiff Sabrina Capers is a Minnesota citizen with a Minnesota insurance policy calling for application of Minnesota law. Her insurance policy contains a provision stating: "When the amount of the claim is $10,000 or less, any dispute in the amount owed must be decided by arbitration conducted in accordance with the Rules Of Procedure For No-Fault Arbitration of the [Minnesota] *No-Fault Act.*"[8] Both the Minnesota No Fault Automobile Insurance Act ("No-Fault Act"), Minn. Stat. § 65B.525, and the Federal Arbitration Act, 9 U.S.C. § 2, require mandatory arbitration of her claims. The Court should dismiss Ms. Capers' contract claims in Counts 2 and 3 pursuant to Fed. R. Civ. P. 12(b)(1) because the mandatory arbitration provision of the Minnesota No-Fault Act deprives the Court of subject matter jurisdiction.

In a virtually identical case, a Minnesota federal district court enforced the exact same arbitration provision and the Minnesota No Fault Act by dismissing the plaintiff's breach of contract claims for lack of subject matter jurisdiction:

> Because Varela's breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment claims are foreclosed by the No-Fault Act's mandatory arbitration provision, the Court will grant State Farm's motion to dismiss these claims.

---

[8] Declaration of Eric Robertson ("Robertson Decl.") ¶ 3, Policy, Ex. A at 32.

*Varela*, 2023 WL 1971753, at *1. The *Varela* Court found that both the Federal Arbitration Act ("FAA") and Minnesota No Fault Act required it to enforce an identical insurance policy's arbitration provision. *Id.* at *3; *see also St. Louis Chiropractic v. Fed. Ins. Co.*, No. CIV.A.07-3110(JAP), 2008 WL 4056225, at *6 (D.N.J. Aug. 26, 2008), *aff'd on other grounds sub nom. St. Louis Park Chiropractic, P.A. v. Fed. Ins. Co.*, 342 F. App'x 809 (3d Cir. 2009) ("the Court finds that, pursuant to both federal and state law, the arbitration provision contained in the Policy is valid and enforceable, and the Complaint is subject to dismissal on that basis alone"). Relying on controlling Minnesota Supreme Court precedent—*Ill. Farmers Ins. Co. v. Glass Serv. Co.*, 683 N.W.2d 792 (Minn. 2004)—the *Varela* Court rejected the contention that the contract claims could avoid arbitration because they "sound[ed] in fraud":

> However, it is clear that Varela's claims concern both the practice of applying the "typical negotiation" deduction and the actual reduction of the actual cash value. As such, her claims for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment come under the purview of the mandatory arbitration requirement.

*Varela,* 2023 WL 1971753, at *3. Consistent with the *Varela* Court's holding, State Farm does not seek arbitration of *any* claims based on fraud allegations with this motion.

In *Ill. Farmers Ins.*, the plaintiff alleged the insurance company paid it less than the amounts stated on its invoices and this practice was contrary to the requirements of the insurance policy. *Ill. Farmers Ins.,* 683 N.W.2d at 796-97. The Minnesota Supreme Court held the plaintiff was "required to arbitrate its claims under the No-Fault Act." *Id.* at 805. Federal courts outside Minnesota also have enforced Minnesota's No Fault Act by dismissing arbitrable claims. *See, e.g.*, *St. Louis Park Chiropractic,* 2008 WL 4056225, at *5-6; *see also Halvorson v. Auto-Owners Ins. Co.*, No. 3:09-CV-75, 2012 WL 13104062, at *1 (D.N.D. Feb. 23, 2012), *rev'd on*

*other grounds*, 718 F.3d 773 (8th Cir. 2013) (denying certification of a class of Minnesota insureds who allegedly received less than the full amount of their personal injury protection claims because "Minnesota law mandates that *all* disputes related to no-fault claims must be resolved through arbitration if the claim is for less than $10,000") (emphasis in original).

This Court should follow the on-point *Varela* decision, the Minnesota Supreme Court's *Ill. Farmers Ins.* decision, the clear language of the Minnesota No-Fault Act, and the Federal Arbitration Act by dismissing Ms. Capers' claims in Counts 2 and 3 for lack of subject matter jurisdiction.[9]

## CONCLUSION

For these reasons, the Court should grant State Farm's Partial Motion to Dismiss in its entirety and:

1.  Dismiss *with prejudice* the ICFA claims in Count I of the First Amended Complaint brought by Plaintiffs Bernadette Williams, Ivan Serrata Reyes, Rosilyn Wilson, Linda Lewis, Haunanimae Cervantes-White, Tracy O'Brien, Kimberly Benson, Roy Tuinstra, Michelle Snyder, Patricia Couch, Sabrina Capers, William Ross Dean, Richard Dacheff, Kristy Keller, Jasimen Hernandez, Edgar Florian, Michael Grossberg, Merrill Love, Diane Newkirk, Sandra Smiling, Davey Johnston, Cynthia Roemer, Roque Espinoza, DJ O'Neill, Tyson Dewsnup, and Deirdre Palmer for failure to state a claim;

2.  Dismiss the fraud based allegations of the First Amended Complaint for failure to plead fraud with particularity; and

3.  Dismiss Plaintiff Sabrina Capers' claims in Counts 2 and 3 for lack of subject matter jurisdiction.

---

[9] In the alternative, if the Court does not dismiss the claims, the Court should compel arbitration of Ms. Capers' claims in Counts 2 and 3, and stay any proceeding on her claims in those Counts pending the completion of arbitration. 9 U.S.C. §§ 3, 4.

Dated: July 19, 2023                Respectfully submitted,

*s/ Joseph Carlasare*
Joseph P. Carlasare
AMUNDSEN DAVIS LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
Phone:     312.894.3200
Email:     jcarlasare@amundsendavislaw.com

Peter W. Herzog III (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone:     314.326.4129
Email:     pherzog@wtotrial.com

Eric L. Robertson (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:     303.244.1842
Email:     robertson@wtotrial.com

*Attorneys for Defendant State Farm Mutual
Automobile Insurance Co.*