**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BERNADETTE WILLIAMS, RICK MCCONNELL, IVAN SERRATA REYES, ROSILYN WILSON, LINDA LEWIS, LATASHA HUFF, HAUNANIMAE CERVANTES-WHITE, MARIA MUNOZ, TRACY OBRIEN, KIMBERLY BENSON, ROY TUINSTRA, EVELYN BROWN, MICHELLE SNYDER, PATRICIA COUCH, SABRINA CAPERS, WILLIAM ROSS DEAN, RICHARD DACHEFF, KRISTY KELLER, JASIMEN HERNANDEZ, EDGAR FLORIAN, MICHAEL GROSSBERG, MERRILL LOVE, DIANE NEWKIRK, SANDRA SMILING, DAVEY JOHNSTON, CYNTHIA ROEMER, SHAUN ROBERT, ROQUE ESPINOZA, JENNIFER PAYNE, LATISHIA BOWDEN, and DJ NEILL, TYSON DEWSNUP, and DEIRDRE PALMER, themselves and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,<br><br>        Defendant. | Case No.: 1:22-cv-01422<br><br>Judge Virginia M. Kendall |

**DECLARATION OF ERIC L. ROBERTSON IN SUPPORT OF DEFENDANT'S MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS**

1.      I am over twenty-one years of age, of sound mind, and competent to testify. Unless otherwise stated, I have personal knowledge of the facts stated in this declaration. If called as a witness, I could testify as to each of them.

2.      I am an attorney licensed to practice before all courts of the State of Colorado, and I am admitted *pro hac vice* to appear before this Court in the above-captioned litigation. I am a partner in the law firm of Wheeler Trigg O'Donnell LLP, which is counsel for Defendant in similar litigation in various jurisdictions.

3.      Attached as Exhibit A is true and correct copy of State Farm Car Policy Booklet: Minnesota (Policy Form 9823A), which contains the arbitration provision applicable to Policy Number 282 2507-E01-23A for Sabrina Capers.

I declare under penalty of perjury and under the laws of the United States, 28 U.S.C. § 1746, that the foregoing statements are true and correct.

Signed this 19th day of July 2023.

_s/ Eric L. Robertson_____
Eric L. Robertson

# EXHIBIT A



**READ YOUR POLICY CAREFULLY.**

This policy is the legal contract between you and us.

If there is an accident, contact your State Farm agent or one of our Claim Offices at once. (See "INSURED'S DUTIES" in this policy booklet.)

State Farm®
**Car Policy**
Booklet

**Minnesota**
Policy Form 9823A

# CONTENTS

**THIS POLICY** ............................................. 3

**DEFINITIONS** ........................................... 4

**LIABILITY COVERAGE** .......................... 6
  Additional Definition ................................ 6
  Insuring Agreement .................................... 7
  Supplementary Payments ........................... 7
  Limits ......................................................... 8
  Nonduplication .......................................... 8
  Rental Vehicle Coverage ........................... 8
  Exclusions .................................................. 9
  If Other Liability Coverage Applies ......... 10
  Required Out-of-State Liability Coverage 11
  Financial Responsibility Certification ...... 12

**PERSONAL INJURY PROTECTION
COVERAGE** ............................................... 12
  Additional Definitions ............................. 12
  Insuring Agreement .................................. 12
  Settlement of Loss .................................... 14
  Lapse in Treatment or Disability .............. 14
  Limits ....................................................... 14
  Exclusions ................................................ 16
  If Other Personal Injury Protection
  Coverage or Added Income Loss Benefits
  Coverage Applies ..................................... 17
  Constitutionality ...................................... 17

**ADDED INCOME LOSS BENEFITS
COVERAGE** ............................................... 17
  Additional Definitions ............................. 17
  Insuring Agreement .................................. 18
  Settlement of Loss .................................... 18
  Lapse in Treatment or Disability .............. 18
  Limits ....................................................... 18
  Exclusions ................................................ 19
  If Other Personal Injury Protection
  Coverage or Added Income Loss Benefits
  Coverage Applies ..................................... 19
  Constitutionality ...................................... 20

**UNINSURED MOTOR VEHICLE
COVERAGE** ............................................. 20
  Additional Definitions ............................. 20
  Insuring Agreement .................................. 21
  Deciding Fault and Amount ...................... 21
  Limits ....................................................... 22
  Nonduplication ......................................... 22
  Exclusions ................................................ 23
  If Other Uninsured Motor Vehicle Coverage
  Applies ..................................................... 23
  Our Payment Options ............................... 24

**UNDERINSURED MOTOR VEHICLE
COVERAGE** ............................................. 24
  Additional Definitions ............................. 24
  Insuring Agreement .................................. 25
  Deciding Fault and Amount ...................... 25
  Limits ....................................................... 25
  Nonduplication ......................................... 26
  Exclusions ................................................ 26
  If Other Underinsured Motor Vehicle
  Coverage Applies ..................................... 27
  Our Payment Options ............................... 28

**PHYSICAL DAMAGE COVERAGES** .... 28
  Additional Definitions ............................. 28
  Insuring Agreements ................................. 29
  Supplementary Payments – Comprehensive
  Coverage, Comprehensive With Deductible
  Glass Coverage, and Collision Coverage .. 31
  Limits and Loss Settlement – Comprehensive
  Coverage, Comprehensive With Deductible
  Glass Coverage, and Collision Coverage .. 31
  Limits – Car Rental and Travel Expenses
  Coverage .................................................. 33
  Nonduplication ......................................... 33
  Exclusions ................................................ 33
  If Other Physical Damage Coverage or
  Similar Coverage Applies ......................... 35
  Financed Vehicle ...................................... 36
  Our Payment Options .............................. 36

9823A

**DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE** ................ 36

    Additional Definition ............................... 36

    Insuring Agreement .................................. 37

    Benefit .......................................................... 37

    Exclusions .................................................. 37

    Our Payment Options ............................... 38

**INSURED'S DUTIES** ................................ 38

    Notice to Us of an Accident or Loss ......... 38

    Notice to Us of a Claim or Lawsuit .......... 39

    Insured's Duty to Cooperate With Us ....... 39

    Questioning Under Oath ........................... 39

    Other Duties Under the Physical Damage Coverages ................................... 39

    Other Duties Under Personal Injury Protection Coverage, Added Income Loss Benefits Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, and Death, Dismemberment and Loss of Sight Coverage ............................ 40

**GENERAL TERMS** ................................... 41

    When Coverage Applies ........................... 41

    Where Coverage Applies .......................... 41

    Newly Owned or Newly Leased Car ......... 41

    Changes to This Policy ............................. 41

    Premium .................................................... 42

    Renewal ..................................................... 43

    Nonrenewal ............................................... 43

    Cancellation .............................................. 43

    Reduction of Limits .................................. 43

    Assignment ............................................... 43

    Bankruptcy, Insolvency, or Dissolution of the Insured .......................................... 44

    Concealment or Fraud .............................. 44

    Our Right to Recover Our Payments ......... 44

    Legal Action Against Us .......................... 45

    Choice of Law .......................................... 46

    Severability ............................................... 46

## THIS POLICY

1.  This policy consists of:

    a.  the most recently issued Declarations Page;

    b.  the policy booklet version shown on that Declarations Page; and

    c.  any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.

2.  This policy contains all of the agreements between all named insureds who are shown on the Declarations Page and all applicants and:

    a.  *us*; and

    b.  any of *our* agents.

3.  *We* agree to provide insurance according to the terms of this policy:

    a.  based on payment of premium for the coverages chosen; and

    b.  unless otherwise stated in "EXCEPTIONS, POLICY BOOKLET, & ENDORSEMENTS" on the Declarations Page, in reliance on the following statements:

        (1) The named insured shown on the Declarations Page is the sole owner of *your car*.

        (2) Neither *you* nor any member of *your* household has, within the past three years, had:

            (a) vehicle insurance canceled or nonrenewed by an insurer; or

3
9823A

(b) either:

   (i) a license to drive; or

   (ii) a vehicle registration suspended, revoked, or refused.

(3) *Your car* is used for pleasure and business.

4. All named insureds shown on the Declarations Page and all applicants agree by acceptance of this policy that:

   a. the statements in 3.b. above are made by such named insured or applicant and are true; and

   b. *we* provide this insurance on the basis those statements are true.

5. *Your* purchase of this policy may allow *you* to purchase certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other policies from the **State Farm Companies**, subject to their applicable eligibility rules.

## DEFINITIONS

*We* define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage. These definitions apply to the singular, plural, possessive, and any other form of these words and phrases. Defined words and phrases are printed in boldface italics.

*Bodily Injury* means bodily injury to a *person* and sickness, disease, or death that results from it.

*Car* means a land motor vehicle with four or more wheels, designed for use primarily on public roads. *Car* does not include:

1. Any vehicle while located for use as a dwelling or other premises; or

2. A truck-tractor designed to pull any type of trailer.

*Car Business* means a business or job where the purpose is to sell, lease, rent, repair, service, modify, transport, store, or park land motor vehicles or any type of trailer.

*Fungi* means any type or form of fungus or fungi and includes:

1. Mold;

2. Mildew; and

3. Any of the following that are produced or released by fungi:

   a. Mycotoxins;

   b. Spores;

   c. Scents; or

   d. Byproducts.

*Motorcycle* means a self-propelled vehicle designed to travel on fewer than four wheels which has an engine rated at greater than five horsepower.

It includes:

1. a trailer with one or more wheels when the trailer is connected to or being towed by a *motorcycle*; and

2. a motorized bicycle as defined by Minnesota law, except for an electric-assisted bicycle as defined by Minnesota law.

*Newly Acquired Car* means a *car* newly *owned by you*. A *car* ceases to be a *newly acquired car* on the earlier of:

1. the effective date and time of a policy, including any binder, issued by *us* or any other company that describes the *car* as an insured vehicle; or

4
9823A

2. the end of the 14th calendar day immediately following the date the *car* is delivered to *you*.

If neither comprehensive coverage nor comprehensive with deductible glass coverage is otherwise afforded to a ***newly acquired car*** by this or any other policy, then this policy will provide Comprehensive Coverage for that ***newly acquired car***, subject to a deductible of $500. If collision coverage is not otherwise afforded to a ***newly acquired car*** by this or any other policy, then this policy will provide Collision Coverage for that ***newly acquired car***, subject to a deductible of $500. Any coverage provided as a result of this paragraph will apply only until the end of the 5th calendar day immediately following the date the ***newly acquired car*** is delivered to *you*.

***No-Fault Act*** means the Minnesota No-Fault Automobile Insurance Act and any amendments.

***Non-Owned Car*** means a *car* that is in the lawful possession of *you* or any ***resident relative*** and that neither:

1. is ***owned by***:
   a. *you*;
   b. any ***resident relative***;
   c. any other ***person*** who resides in *your* household; or
   d. an employer of any ***person*** described in a., b., or c. above; nor

2. has been operated by, rented by, or in the possession of:
   a. *you*; or
   b. any ***resident relative***

   during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or *loss*.

***Occupying*** means in, on, entering, or exiting.

***Our*** means the Company issuing this policy as shown on the Declarations Page.

***Owned By*** means:

1. owned by;

2. registered to; or

3. leased, if the lease is written for a period of 31 or more consecutive days, to.

***Pedestrian*** means a ***person*** who is not ***occupying***:

1. a motorized vehicle; or

2. a vehicle designed to be pulled by a motorized vehicle.

***Person*** means a human being.

***Private Passenger Car*** means:

1. a *car* of the private passenger type, other than a pickup truck, van, minivan, or sport utility vehicle, designed primarily to carry ***persons*** and their luggage; or

2. a pickup truck, van, minivan, or sport utility vehicle:
   a. that is not used for:
      (1) wholesale; or
      (2) retail
      pickup or delivery; and
   b. that has a Gross Vehicle Weight Rating of 10,000 pounds or less.

***Resident Relative*** means a ***person***, other than *you* who is:

1. related to *you* by blood, marriage or adoption who resides with *you*; or

2. a minor:
   a. in the custody of *you* or a ***person*** defined in item 1. above; and
   b. who resides with *you*.

A ***person*** resides in the same household with *you* if that ***person's*** home is usually in the same family unit, even though temporarily living elsewhere.

***State Farm Companies*** means one or more of the following:

1. State Farm Mutual Automobile Insurance Company;

2. State Farm Fire and Casualty Company; and

3. Subsidiaries or affiliates of either 1. or 2. above.

5
9823A

***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:

   a. breakdown;

   b. repair;

   c. servicing;

   d. damage; or

   e. theft; and

2. neither ***you*** nor the ***person*** operating it own or have registered.

If a ***car*** qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

***Trailer*** means:

1. a trailer:

   a. designed to be pulled by a ***private passenger car***;

   b. not designed to carry ***persons***; and

   c. while not used as premises for office, store, or display purposes; or

2. a farm implement or farm wagon while being pulled on public roads by a ***car***.

***Us*** means the Company issuing this policy as shown on the Declarations Page.

***We*** means the Company issuing this policy as shown on the Declarations Page.

***You*** or ***Your*** means the named insured or named insureds shown on the Declarations Page. If a named insured shown on the Declarations Page is a ***person***, then "***you***" or "***your***" includes the spouse of that ***person*** shown as a named insured if the spouse resides in the same household with that named insured. A spouse resides in the same household with a named insured if that spouse's home is usually in the same family unit as that named insured, even though temporarily living elsewhere.

***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page. ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

If a ***car*** is shown on the Declarations Page under "YOUR CAR", and ***you*** ask ***us*** to replace it with a ***car*** newly ***owned by you***, then the ***car*** being replaced will continue to be considered ***your car*** until the earliest of:

1. the end of the 30th calendar day immediately following the date the ***car*** newly ***owned by you*** is delivered to ***you***;

2. the date this policy is no longer in force; or

3. the date ***you*** no longer own or lease the ***car*** being replaced.

## LIABILITY COVERAGE

This policy provides Liability Coverage if "A" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definition**

***Insured*** means:

1. ***you*** and ***resident relatives*** for:

   a. the ownership, maintenance, or use of:

      (1) ***your car***;

      (2) a ***newly acquired car***; or

      (3) a ***trailer***; and

   b. the maintenance or use of:

      (1) a ***non-owned car***; or

      (2) a ***temporary substitute car***;

2. a ***person*** shown as a named insured on the Declarations Page and that named insured's spouse who resides with that named insured for the maintenance or use of a ***car*** that is ***owned by***, or furnished by an employer to, a ***person*** who resides in

6
9823A

that named insured's household, but only if such *car* is neither *owned by*, nor furnished by an employer to, that named insured or his or her spouse;

3. any other ***person*** for his or her use of:

   a. ***your car***;

   b. a ***newly acquired car***;

   c. a ***temporary substitute car***; or

   d. a ***trailer*** while attached to a *car* described in a., b., or c. above.

   Such vehicle must be used with ***your*** consent; and

4. any other ***person*** or organization vicariously liable for the use of a vehicle by an ***insured*** as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither *owned by*, nor hired by, that other ***person*** or organization.

***Insured*** does not include the United States of America or any of its agencies.

**Insuring Agreement**

1. ***We*** will pay:

   a. damages an ***insured*** becomes legally liable to pay because of:

      (1) ***bodily injury*** to others; and

      (2) damage to property

      caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy;

   b. attorney fees for attorneys chosen by ***us*** to defend an ***insured*** who is sued for such damages; and

   c. court costs charged to an ***insured*** and resulting from that part of a lawsuit:

      (1) that seeks damages payable under this policy's Liability Coverage; and

      (2) against which ***we*** defend an ***insured*** with attorneys chosen by ***us***.

2. ***We*** have the right to:

   a. investigate, negotiate, and settle any claim or lawsuit;

   b. defend an ***insured*** in any claim or lawsuit, with attorneys chosen by ***us***; and

   c. appeal any award or legal decision

   for damages payable under this policy's Liability Coverage.

**Supplementary Payments**

***We*** will pay, in addition to the damages, fees, and costs described in the **Insuring Agreement** above, the interest, premiums, costs, and expenses listed below that result from such accident:

1. Interest on damages owed by the ***insured*** that accrues:

   a. before a judgment, where owed by law, but only on that part of the judgment ***we*** pay; and

   b. after a judgment. ***We*** will not pay interest on damages paid or payable by a party other than the ***insured*** or ***us***.

   ***We*** have no duty to pay interest that accrues after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage;

2. Premiums for bonds, provided by a company chosen by ***us***, required to appeal a decision in a lawsuit against an ***insured***. ***We*** have no duty to:

   a. pay for bonds that exceed this policy's applicable Liability Coverage limit;

   b. furnish or apply for any bonds; or

   c. pay premiums for bonds purchased after ***we*** deposit in court, pay, or offer to pay, the amount due under this policy's Liability Coverage; and

3. The following costs and expenses if related to and incurred after a lawsuit has been filed against an ***insured***:

   a. Loss of wages or salary, but not other income, up to $200 for each day an ***insured*** attends, at ***our*** request:

7

9823A

(1) an arbitration;

(2) a mediation; or

(3) a trial of a lawsuit; and

b. Reasonable expenses incurred by an *insured* at *our* request other than loss of wages, salary, or other income.

The amount of any of the costs or expenses listed above that are incurred by an *insured* must be reported to *us* before *we* will pay such incurred costs or expenses.

**Limits**

The Liability Coverage limits for *bodily injury* are shown on the Declarations Page under "Liability Coverage – Bodily Injury Limits – Each Person, Each Accident."

The limit shown under "Each Person" is the most *we* will pay for all damages resulting from *bodily injury* to any one *person* injured in any one accident, including all damages sustained by other *persons* as a result of that *bodily injury*. The limit shown under "Each Accident" is the most *we* will pay, subject to the limit for "Each Person", for all damages resulting from *bodily injury* to two or more *persons* injured in the same accident.

The Liability Coverage limit for damage to property is shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident". The limit shown is the most *we* will pay for all damages resulting from damage to property in any one accident.

These Liability Coverage limits are the most *we* will pay regardless of the number of:

1. *insureds*;

2. claims made;

3. vehicles insured; or

4. vehicles involved in the accident.

**Nonduplication**

*We* will not pay any damages or expenses under Liability Coverage:

1. that have already been paid as expenses or benefits under Personal Injury Protection Coverage or Added Income Loss Benefits Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*; or

2. that have already been paid under Uninsured Motor Vehicle Coverage or Underinsured Motor Vehicle Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*.

**Rental Vehicle Coverage**

*We* will pay the obligation of *you* and *resident relatives* for damage and loss of use to a:

1. *car* of the private passenger type, other than a truck or van, designed primarily to carry *persons* and their luggage;

2. motor home;

3. pickup truck or van with a carrying capacity of three-fourths ton or less; or

4. truck with a registered gross vehicle weight of 26,000 pounds or less

rented by that *person* on a monthly, weekly or daily basis, or loaned as a replacement for a vehicle being serviced or repaired, regardless of whether a fee is charged for the use of the vehicle.

**Rental Vehicle Coverage** does not apply if the term of the rental agreement is longer than one month or if the rental agreement has a purchase or buyout option or otherwise functions as a substitute for purchase of the vehicle.

*We* will pay the amount of such obligation up to the greater of:

1. the amount shown on the Declarations Page under "Liability Coverage – Property Damage Limit – Each Accident"; or

2. $35,000.

Compensation for the loss of use of a damaged vehicle covered under **Rental Vehicle Coverage** is limited to the lesser of:

1. the number of days the damaged vehicle is out of use; or

2. 14 days.

8

9823A

This coverage is primary to any coverage available from an insurance policy or automobile self-insurance plan of the owner of the rented vehicle.

This coverage is excess over any coverage available from an insurance policy or automobile self-insurance plan of the employer of the *person* renting the vehicle.

Subject to the above, if more than one policy issued by *us* or any other company applies, the *person* may select the policy from which to collect. The insurer which pays is entitled to a pro-rata contribution from other applicable policies based upon the limits of liability of the property damage liability coverage.

**Exclusions**

THERE IS NO COVERAGE FOR AN *INSURED*:

1. WHO INTENTIONALLY CAUSES *BODILY INJURY* OR DAMAGE TO PROPERTY;

2. OR FOR THAT *INSURED'S* INSURER FOR ANY OBLIGATION UNDER ANY TYPE OF WORKERS' COMPENSATION, DISABILITY, OR SIMILAR LAW;

3. FOR *BODILY INJURY* TO THAT *INSURED'S* EMPLOYEE WHICH ARISES OUT OF THAT EMPLOYEE'S EMPLOYMENT. This exclusion does not apply to that *insured's* household employee who is neither covered, nor required to be covered, under workers' compensation insurance;

4. FOR *BODILY INJURY* TO THAT *INSURED'S* FELLOW EMPLOYEE WHILE THE FELLOW EMPLOYEE IS IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT. This exclusion does not apply to *you* and *resident relatives* who are legally liable for *bodily injury* to fellow employees;

5. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN *INSURED*;

6. FOR DAMAGES ARISING OUT OF THE OWNERSHIP, MAINTENANCE, OR USE OF A VEHICLE WHILE IT IS BEING USED TO CARRY *PERSONS* FOR A CHARGE. This exclusion does not apply to the use of a *private passenger car* on a share-the-expense basis;

7. WHILE MAINTAINING OR USING A VEHICLE IN CONNECTION WITH THAT *INSURED'S* EMPLOYMENT IN OR ENGAGEMENT OF ANY KIND IN A *CAR BUSINESS*. This exclusion does not apply to:

   a. the following *persons* while maintaining or using *your car*, a *newly acquired car*, a *temporary substitute car*, or a *trailer owned by you*:

      (1) *you*;

      (2) any *resident relative*; or

      (3) any agent, employee, or business partner of (1) or (2) above;

   b. damage to a motor vehicle provided coverage under **Rental Vehicle Coverage**; or

   c. conduct occurring off the business premises which involves a *non-owned car* maintained or used by *you* or *resident relatives*;

8. WHILE THAT *INSURED* IS VALET PARKING A VEHICLE;

9. WHILE MAINTAINING OR USING ANY VEHICLE OTHER THAN *YOUR CAR*, A *NEWLY ACQUIRED CAR*, A *TEMPORARY SUBSTITUTE CAR*, OR A *TRAILER* IN ANY BUSINESS OR OCCUPATION OTHER THAN A *CAR BUSINESS* OR VALET PARKING. This exclusion does not apply to:

   a. the maintenance or use of a *private passenger car*;

   b. damage to a motor vehicle provided coverage under **Rental Vehicle Coverage**; or

9
9823A

c. a ***non-owned car*** driven or ***occupied*** by ***you*** or ***resident relatives***;

10. FOR DAMAGE TO PROPERTY WHILE IT IS:

   a. ***OWNED BY***;

   b. RENTED TO;

   c. USED BY;

   d. IN THE CARE OF; OR

   e. TRANSPORTED BY

***YOU***, A ***RESIDENT RELATIVE***, OR THE ***PERSON*** WHO IS LEGALLY LIABLE FOR THE DAMAGE. This exclusion does not apply to damage to a:

   a. motor vehicle ***owned by*** the employer of ***you*** or any ***resident relative*** if such damage is caused by an ***insured*** while operating another motor vehicle;

   b. residence while rented to or leased to an ***insured***;

   c. private garage while rented to or leased to an ***insured***; or

   d. motor vehicle provided coverage under **Rental Vehicle Coverage**;

11. FOR LIABILITY ASSUMED UNDER ANY CONTRACT OR AGREEMENT;

12. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION;

13. WHILE USING A ***TRAILER*** WITH A MOTOR VEHICLE IF THAT ***INSURED*** IS NOT PROVIDED LIABILITY COVERAGE BY THIS POLICY FOR THE USE OF THAT MOTOR VEHICLE;

14. FOR THE OWNERSHIP, MAINTENANCE, OR USE OF ANY VEHICLE WHILE IT IS:

   a. OFF PUBLIC ROADS AND BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

   b. ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (14.b.) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving; OR

15. WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

**If Other Liability Coverage Applies**

The following provisions do not apply to coverage provided under **Rental Vehicle Coverage**.

1. If Liability Coverage provided by this policy and one or more other Car Policies issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** apply to the same accident, then:

   a. the Liability Coverage limits of such policies will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. ***We*** may choose one or more policies from which to make payment.

2. The Liability Coverage provided by this policy applies as primary coverage for the ownership, maintenance, or use of ***your car*** or a ***trailer*** attached to it.

   a. If:

   (1) this is the only Car Policy issued to ***you*** or any ***resident relative*** by the ***State Farm Companies*** that provides Liability Coverage which applies to the accident as primary coverage; and

(2) liability coverage provided by one or more sources other than the **State Farm Companies** also applies as primary coverage for the same accident,

then **we** will pay the proportion of damages payable as primary that **our** applicable limit bears to the sum of **our** applicable limit and the limits of all other liability coverage that apply as primary coverage.

   b. If:

    (1) more than one Car Policy issued to **you** or any **resident relative** by the **State Farm Companies** provides Liability Coverage which applies to the accident as primary coverage; and

    (2) liability coverage provided by one or more sources other than the **State Farm Companies** also applies as primary coverage for the same accident,

then the **State Farm Companies** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the **State Farm Companies** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as primary coverage.

3. Except as provided in 2. above, the Liability Coverage provided by this policy applies as excess coverage.

   a. If:

    (1) this is the only Car Policy issued to **you** or any **resident relative** by the **State Farm Companies** that provides Liability Coverage which applies to the accident as excess coverage; and

(2) liability coverage provided by one or more sources other than the **State Farm Companies** also applies as excess coverage for the same accident,

then **we** will pay the proportion of damages payable as excess that **our** applicable limit bears to the sum of **our** applicable limit and the limits of all other liability coverage that apply as excess coverage.

   b. If:

    (1) more than one Car Policy issued to **you** or any **resident relative** by the **State Farm Companies** provides Liability Coverage which applies to the accident as excess coverage; and

    (2) liability coverage provided by one or more sources other than the **State Farm Companies** also applies as excess coverage for the same accident,

then the **State Farm Companies** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the **State Farm Companies** as determined in 1. above bears to the sum of such amount and the limits of all other liability coverage that apply as excess coverage.

**Required Out-of-State Liability Coverage**

If:

1. an **insured** is in another state of the United States of America, a territory or possession of the United States of America, the District of Columbia, or any province or territory of Canada, and as a nonresident becomes subject to its motor vehicle compulsory insurance law, financial responsibility law, or similar law; and

2. this policy does not provide at least the minimum liability coverage required by such law for such nonresident,

then this policy will be interpreted to provide the minimum liability coverage required by such law.

This provision does not apply to liability coverage required by law for motor carriers of passengers or motor carriers of property.

**Financial Responsibility Certification**

When this policy is certified under any law as proof of future financial responsibility, and while required during the policy period, this policy will comply with such law to the extent required.

## PERSONAL INJURY PROTECTION COVERAGE

This policy provides Personal Injury Protection Coverage if "P" with a number beside it or "P" with a number and a letter beside it is shown under "SYMBOLS" on the Declarations Page. Personal Injury Protection coverage symbols are described in the Schedule under Limits.

**Additional Definitions**

*Insured* means:

1. *you*;

2. *resident relatives*; and

3. any other *person* when:

   a. *occupying your car*, a *newly acquired car* or a *temporary substitute car*; or

   b. not a driver or occupant of another *motor vehicle*, if the *bodily injury* occurs in Minnesota and results from the maintenance or use of *your car*, a *newly acquired car* or a *temporary substitute car*.

*Motor Vehicle* means a self-propelled vehicle:

1. required to be registered by Chapter 168 of the Minnesota Statutes;

2. designed for use on public highways; and

3. which has more than three wheels.

It includes a trailer with one or more wheels, when the trailer is connected to or being towed by a *motor vehicle*.

*Survivor* means:

1. the spouse, if living with the *insured*; and

2. any child

   a. under 18 years old; or

   b. not self-supporting, due to a physical or mental disability

   if living with, or supported by the *insured*

at the time of the *insured's* death.

A *person* is no longer a *survivor* when that *person's* status would no longer be one of dependency if the decedent were alive.

**Insuring Agreement**

*We* will pay in accordance with the *No-Fault Act* for *bodily injury* to an *insured*, caused by accident resulting from the maintenance or use of a *motor vehicle* as a vehicle, or through being struck as a pedestrian by a *motorcycle*:

1. **Medical Expenses**. These are reasonable charges for necessary:

   a. medical, surgical, X-ray, optical, dental, chiropractic, ambulance and other transportation expenses incurred to receive covered medical benefits, hospital, extended care, professional nursing and appropriate rehabilitative services;

   b. eyeglasses, hearing aids, prescription drugs and prosthetic devices;

12
9823A

c. remedial religious treatment or services by a recognized method of healing in accord with the *insured's* religious beliefs; and

d. sign interpreting and language translation services, other than such services provided by a family member of the *insured*, related to the receipt of medical, surgical, X-ray, optical, dental, chiropractic, hospital, extended care, nursing and rehabilitative services.

Only semi-private room charges will be paid unless more intensive care is medically needed.

Rehabilitative service means:

a. treatment for rehabilitation; or

b. a course of rehabilitative job training.

It must be likely to aid substantially in the *insured's* rehabilitation. The cost must be reasonable in relation to the potential effects.

The *insured* must tell *us* about rehabilitative services, except medical, within 60 days after their cost exceeds $1,000. If *we* are not told on time, the most *we* will pay is:

a. $1,000; or

b. the amount of expense incurred:

(1) after *we* are told; and

(2) during the 60 days before *we* are told,

whichever is larger.

2. **Income Loss**. This is the *insured's* actual loss of earnings from work because of the inability to work caused by *bodily injury* to this *insured*. It includes:

a. the cost incurred by a self-employed *insured* to hire *persons* to perform tasks:

(1) necessary to maintain income; and

(2) this *insured* would have performed except for the *bodily injury*.

b. the actual loss of unemployment compensation the unemployed *insured* would have received if not injured.

This applies during a period that:

a. begins on the date of the accident; and

b. ends when the *insured*:

(1) is able to return to his or her usual job or occupation on a regular basis; or

(2) dies,

whichever occurs first; however, *we* will continue to pay an *insured's* loss of earnings during his or her lifetime for time missed from work, including reasonable travel time to obtain medical treatment for the *bodily injury* if the *insured* loses income, vacation or sick leave benefits.

The most *we* will pay per week is the lesser of:

a. $250; or

b. 85% of the actual loss of gross earnings reduced by the amount the *insured*:

(1) earned from any work; or

(2) could have reasonably earned.

3. **Replacement Services Loss**. These are reasonable expenses incurred for ordinary and needed services the *insured* would have done, except for the injury:

a. not for income; but

b. for the benefit of the *insured's* household.

This applies during a period that:

a. begins eight days after the date of the accident; and

b. ends when the *insured*:

(1) can perform these services; or

(2) dies,

whichever occurs first.

13
9823A

The most *we* will pay per week is $200.

4. **Survivors' Loss**. This is:

   a. the loss of the contribution of money or other tangible things of economic value, not including services, that a deceased *insured* would have provided to the *survivors* for their support. This applies only if the *insured* dies within one year after the date of the accident.

      The most *we* will pay per week is $200.

   b. reasonable expenses incurred for ordinary and necessary services the deceased *insured* would have done for the *survivors* and their household.

      The most *we* will pay per week is $200 less any expenses avoided because of the *insured's* death.

5. **Funeral Expenses**. These are expenses for funeral, burial, cremation or delivery under the Minnesota Anatomical Gift Act.

   The most *we* will pay is $2,000.

**Settlement of Loss**

1. ***Payment Of Any Amount Due***

   *We* will pay any amount due:

   a. to the *insured* or any *person* or organization providing services;

   b. to the dependent *survivor*;

   c. to a parent or guardian, if the *insured* or dependent *survivor* is a minor or an incompetent *person*; or

   d. at *our* option to a *person* authorized by law to receive such payment.

   Payments will be made on a monthly basis for incurred expenses and loss within thirty days after *we* have proof of the amount due.

2. **Arbitration**

   a. When the amount of the claim is $10,000 or less, any dispute in the amount owed must be decided by arbitration conducted in accordance with the Rules Of Procedure For No-Fault Arbitration of the ***No-Fault Act***.

   b. When the amount of the claim is more than $10,000, any dispute in the amount owed may, upon mutual consent, be decided by arbitration conducted in accordance with the Rules Of Procedure For No-Fault Arbitration of the ***No-Fault Act***.

**Lapse in Treatment or Disability**

If there is a lapse in the period of disability or medical treatment of an *insured* who:

1. has received payment under this section; and

2. then claims re-occurrence of the ***bodily injury***,

*we* may require medical proof of the re-occurrence.

Coverage does not apply if the lapse in disability and medical treatment is more than one year.

**Limits**

1. **The Most We Pay**

   a. The most *we* will pay for:

      (1) medical expenses due to ***bodily injury*** to any one *insured* is the amount shown in the Schedule under "Medical Expense" for the coverage symbol that applies to this policy.

      (2) income loss, replacement services loss, survivors' loss, and funeral expenses combined due to ***bodily injury*** to any one *insured* is the amount shown in the Schedule under "All Other Loss and Expense Combined" for the coverage symbol that applies to this policy.

   Subject to these limits, the most *we* will pay for all loss and expense described in 1.a.(1) and 1.a.(2) above due to ***bodily injury*** to any one *insured* in

14
9823A

any one accident is the amount shown in the Schedule under "Aggregate Limit" for the coverage symbol that applies to this policy.

Any medical expense deductible applies once per accident. It is shared equally. Any income loss deductible applies to each *insured*.

b. If benefits are paid or payable under a workers' compensation law, the amount payable per week for income loss or survivors' loss is reduced by the weekly workers' compensation benefits payable for that loss. This coverage is excess over other benefits paid or payable under a workers' compensation law.

2. **Schedule**

| Coverage Symbol | | Aggregate Limit | Medical Expense | All Other Loss and Expense Combined | Medical Expense Deductible | Income Loss Deductible |
|---|---|---|---|---|---|---|
| P20, | P2A | $40,000 | $20,000 | $20,000 | None | None |
| P21, | P2B | 40,000 | 20,000 | 20,000 | $100 | None |
| P22, | P2C | 40,000 | 20,000 | 20,000 | None | $200 |
| P23, | P2D | 40,000 | 20,000 | 20,000 | $100 | $200 |
| P24*, | P2E* | 40,000 | 20,000 | 20,000 | None | None |
| P25*, | P2F* | 40,000 | 20,000 | 20,000 | $100 | None |
| P30, | P3A | 50,000 | 30,000 | 20,000 | None | None |
| P31, | P3B | 50,000 | 30,000 | 20,000 | $100 | None |
| P32, | P3C | 50,000 | 30,000 | 20,000 | None | $200 |
| P33, | P3D | 50,000 | 30,000 | 20,000 | $100 | $200 |
| P34*, | P3E* | 50,000 | 30,000 | 20,000 | None | None |
| P35*, | P3F* | 50,000 | 30,000 | 20,000 | $100 | None |
| P40, | P4A | 60,000 | 40,000 | 20,000 | None | None |
| P41, | P4B | 60,000 | 40,000 | 20,000 | $100 | None |
| P42, | P4C | 60,000 | 40,000 | 20,000 | None | $200 |
| P43, | P4D | 60,000 | 40,000 | 20,000 | $100 | $200 |
| P44*, | P4E* | 60,000 | 40,000 | 20,000 | None | None |
| P45*, | P4F* | 60,000 | 40,000 | 20,000 | $100 | None |
| P50, | P5A | 70,000 | 50,000 | 20,000 | None | None |
| P51, | P5B | 70,000 | 50,000 | 20,000 | $100 | None |
| P52, | P5C | 70,000 | 50,000 | 20,000 | None | $200 |
| P53, | P5D | 70,000 | 50,000 | 20,000 | $100 | $200 |
| P54*, | P5E* | 70,000 | 50,000 | 20,000 | None | None |
| P55*, | P5F* | 70,000 | 50,000 | 20,000 | $100 | None |

*For coverages marked with an asterisk above, Income Loss benefits are not payable to any named insured shown on the Declarations Page who is:

1. age 65 or older; or

2. age 60 or older and is retired and receiving a pension.

**Exclusions**

THERE IS NO COVERAGE FOR AN *IN-SURED* FOR *BODILY INJURY*:

1.  WHILE OPERATING A *MOTOR VEHI-CLE* WITHOUT REASONABLE BELIEF OF THE LEGAL RIGHT TO DO SO. This exclusion does not apply to *you* or *resident relatives*;

2.  WHILE OUTSIDE MINNESOTA AND *OCCUPYING* A VEHICLE:

    a.  REGULARLY USED IN THE BUSI-NESS OF TRANSPORTING *PER-SONS* OR PROPERTY AND PART OF A FLEET OF MORE THAN FOUR VEHICLES; OR

    b.  *OWNED BY* A GOVERNMENT OTHER THAN THE STATE OF MINNESOTA, ITS POLITICAL SUBDIVISIONS, MUNICIPAL COR-PORATIONS OR PUBLIC AGEN-CIES.

    This exclusion does not apply to *you* or *resident relatives*;

3.  SUFFERED WHILE ATTEMPTING TO INJURE HIMSELF, HERSELF OR OTH-ERS. *We* pay survivors' loss benefits, UNLESS THE DECEDENT WAS AT-TEMPTING TO INJURE HIMSELF OR HERSELF;

4.  SUFFERED WHILE PARTICIPATING IN, PRACTICING FOR, OR PREPARING FOR AN OFFICIAL RACING CONTEST. This exclusion does not apply to a rally held on public roads;

5.  SUFFERED WHILE *OCCUPYING* A SELF-PROPELLED VEHICLE HAVING:

    a.  FEWER THAN FOUR WHEELS; AND

    b.  AN ENGINE RATING OVER FIVE HORSEPOWER;

6.  SUFFERED WHILE MAINTAINING OR USING A VEHICLE LOCATED FOR USE AS A DWELLING OR PREMISES;

7.  DUE TO WAR;

8.  RESULTING FROM THE CONDUCT OF A BUSINESS OF REPAIRING, SERVIC-ING OR MAINTAINING *MOTOR VE-HICLES*. This exclusion does not apply if the conduct occurs off the business prem-ises;

9.  IF THE *INSURED* IS:

    a.  COVERED AS A NAMED INSURED UNDER ANOTHER POLICY; OR

    b.  COVERED UNDER A SELF-INSURANCE CONTRACT

    THAT PROVIDES THE BENEFITS RE-QUIRED BY THE *NO-FAULT ACT*. This exclusion does not apply to any named insured who is shown on the Decla-rations Page;

10. IF THE *INSURED* IS COVERED AS:

    a.  THE SPOUSE OR RELATIVE OF A NAMED INSURED; OR

    b.  A MINOR IN THE CUSTODY OF A NAMED INSURED OR OF A RELA-TIVE RESIDING IN THE SAME HOUSEHOLD WITH THE NAMED INSURED

    UNDER ANOTHER POLICY THAT PROVIDES THE BENEFITS REQUIRED BY THE *NO-FAULT ACT*. This exclu-sion does not apply to *you* or any *resident relative*; OR

11. WHILE:

    a.  DRIVING OR *OCCUPYING* A *MO-TOR VEHICLE* FURNISHED BY THE EMPLOYER OF *YOU* OR ANY *RESIDENT RELATIVE*; OR

    b.  *OCCUPYING* A *MOTOR VEHICLE* THAT IS BEING USED IN THE BUSINESS OF TRANSPORTING *PERSONS* OR PROPERTY, other than:

        (1) a commuter van;

        (2) a vehicle transporting:

(a) children to a school or a school activity; or

(b) children as a part of a family day care or group family day care program; or

(3) a bus operated in Minnesota.

c. *OCCUPYING* A TAXI, unless he or she is a passenger.

This exclusion does not apply to *bodily injury* sustained by an *insured* while *occupying your car*, a *newly acquired car*, a *temporary substitute car*, or a *motor vehicle* that is not covered for the benefits required by the *No-Fault Act*.

**If Other Personal Injury Protection Coverage or Added Income Loss Benefits Coverage Applies**

1. No *person* shall recover twice for the same expense or loss.

2. a. If the Personal Injury Protection Coverage symbol that applies to this policy ends with A, B, C, D, E or F, the following applies:

   Subject to 1. above, if personal injury protection coverage or added income loss benefits coverage is available from other policies issued by *us* or other insurers or from self-insurers, *we* will pay *our* share. *Our* share is that percent of the expenses or loss that the limit of liability of this policy for the benefit bears to the total of all limits of liability for that benefit of all personal

   injury protection coverage or added income loss benefits coverage that applies.

   b. If the Personal Injury Protection Coverage symbol that applies to this policy does not end with A, B, C, D, E or F, the following applies:

   Subject to 1. above, if personal injury protection coverage or added income loss benefits coverage is available from other policies issued by *us* or other insurers or from self-insurers:

   (1) the total amount of coverage available from all sources shall not exceed the highest amount of coverage available from any one source; and

   (2) *we* will pay *our* share. *Our* share is that percent of the expenses or loss that the limit of liability of this policy for the benefit bears to the total limit of liability for that benefit of all personal injury protection coverage or added income loss benefits coverage that applies.

**Constitutionality**

If a court declares any part of the *No-Fault Act* invalid, *we* may refigure the premium and change the coverage. If the refigured premium is greater than what has been paid, *you* will pay *us* the difference. If the refigured premium is less than what has been paid, *we* will pay *you* the difference.

## ADDED INCOME LOSS BENEFITS COVERAGE

This policy provides Added Income Loss Benefits Coverage if "Q" with a number beside it is shown under "SYMBOLS" on the Declarations Page. Added Income Loss Benefits Coverage symbols are described in the Schedule under Limits.

**Additional Definitions**

*Insured* means a *person* whose name is shown under "Added Income Loss Benefits Coverage – Persons Insured" on the Declarations Page.

*Motor Vehicle* means a self-propelled vehicle:

1. required to be registered by Chapter 168 of the Minnesota Statutes;

2. designed for use on public highways; and

3. which has more than three wheels.

It includes a trailer with one or more wheels, when the trailer is connected to or being towed by a *motor vehicle*.

**Insuring Agreement**

*We* will pay, in accord with the Schedule, benefits for added income loss. This is the *insured's* actual loss of earnings from work because of the inability to work caused by *bodily injury* to this *insured*. It includes the cost incurred by a self-employed *insured* to hire *persons* to perform tasks:

1. necessary to maintain income; and

2. this *insured* would have performed except for the *bodily injury*.

This coverage applies during a period that:

1. begins on the date of the accident; and

2. ends when the *insured*:

    a. is able to return to his or her usual job or occupation on a regular basis; or

    b. dies,

    whichever occurs first,

The most *we* will pay per week is the lesser of:

1. the amount shown in the Schedule; or

2. 85% of the actual loss of gross earnings reduced by the amount the *insured*:

    a. earned from any work; or

    b. could have reasonably earned.

**Settlement of Loss**

1. **Payment Of Any Amount Due**

    *We* will pay any amount due:

    a. to the *insured* or any *person* or organization providing services;

    b. to the dependent *survivor*;

    c. to a parent or guardian, if the *insured* or dependent *survivor* is a minor or an incompetent *person*; or

    d. at *our* option to a *person* authorized by law to receive such payment.

    Payments will be made on a monthly basis for incurred expenses and loss within thirty days after *we* have proof of the amount due.

2. **Arbitration**

    a. When the amount of the claim is $10,000 or less, any dispute in the amount owed must be decided by arbitration conducted in accordance with the Rules Of Procedure For No-Fault Arbitration of the *No-Fault Act*.

    b. When the amount of the claim is more than $10,000, any dispute in the amount owed may, upon mutual consent, be decided by arbitration conducted in accordance with the Rules Of Procedure For No-Fault Arbitration of the *No-Fault Act*.

**Lapse in Treatment or Disability**

If there is a lapse in the period of disability or medical treatment of an *insured* who:

1. has received payment under this section; and

2. then claims re-occurrence of the *bodily injury*,

*we* may require medical proof of the re-occurrence.

Coverage does not apply if the lapse in disability and medical treatment is more than one year.

**Limits**

1. **The Most We Pay**

    The most *we* pay an *insured* is limited to the amounts shown in the Schedule for the coverage symbol that applies to this policy. The amount shown under "Added Income Loss Limit" is the total amount of coverage for one *insured*.

2. **Schedule**

|  |  | Maximum Amount Payable Per Week | |
|---|---|---|---|
| Coverage Symbol | Added Income Loss Limit | While Income Loss Is Payable Under Coverage P | After Exhaustion Of Income Loss Under Coverage P |
| Q1 | $15,000 | None | $250 |
| Q2 | $40,000 | $100 | $350 |

**Exclusions**

THERE IS NO COVERAGE FOR AN *INSURED* FOR *BODILY INJURY*:

1. WHILE OPERATING A *MOTOR VEHICLE* WITHOUT REASONABLE BELIEF OF THE LEGAL RIGHT TO DO SO. This exclusion does not apply to *you* or *resident relatives*;

2. WHILE OUTSIDE MINNESOTA AND *OCCUPYING* A VEHICLE:

    a. REGULARLY USED IN THE BUSINESS OF TRANSPORTING *PERSONS* OR PROPERTY AND PART OF A FLEET OF MORE THAN FOUR VEHICLES; OR

    b. *OWNED BY* A GOVERNMENT OTHER THAN THE STATE OF MINNESOTA, ITS POLITICAL SUBDIVISIONS, MUNICIPAL CORPORATIONS OR PUBLIC AGENCIES.

    This exclusion does not apply to *you* or *resident relatives*;

3. SUFFERED WHILE ATTEMPTING TO INJURE HIMSELF, HERSELF OR OTHERS;

4. SUFFERED WHILE PARTICIPATING IN, PRACTICING FOR, OR PREPARING FOR AN OFFICIAL RACING CONTEST. This exclusion does not apply to a rally held on public roads;

5. SUFFERED WHILE *OCCUPYING* A SELF-PROPELLED VEHICLE HAVING:

    a. FEWER THAN FOUR WHEELS; AND

    b. AN ENGINE RATING OVER FIVE HORSEPOWER;

6. SUFFERED WHILE MAINTAINING OR USING A VEHICLE LOCATED FOR USE AS A DWELLING OR PREMISES;

7. DUE TO WAR; OR

8. RESULTING FROM THE CONDUCT OF A BUSINESS OR REPAIRING, SERVICING OR MAINTAINING *MOTOR VEHICLES*. This exclusion does not apply if the conduct occurs off the business premises;

**If Other Personal Injury Protection Coverage or Added Income Loss Benefits Coverage Applies**

1. No *person* shall recover twice for the same expense or loss.

2. a. If the Personal Injury Protection Coverage symbol that applies to this policy ends with A, B, C, D, E or F, the following applies:

    Subject to 1. above, if personal injury protection coverage or added income loss benefits coverage is available from other policies issued by *us* or other insurers or from self-insurers, *we* will pay *our* share. *Our* share is that percent of the expenses or loss that the limit of liability of this policy for the benefit bears to the total of all limits of liability for that benefit of all personal injury protection coverage or added income loss benefits coverage that applies.

b. If the Personal Injury Protection Coverage symbol that applies to this policy does not end with A, B, C, D, E or F, the following applies:

Subject to 1. above, if personal injury protection coverage or added income loss benefits coverage is available from other policies issued by *us* or other insurers or from self-insurers:

(1) the total amount of coverage available from all sources shall not exceed the highest amount of coverage available from any one source; and

(2) *we* will pay *our* share. *Our* share is that percent of the expenses or loss that the limit of liability of this policy for the benefit bears to the total limit of liability for that benefit of all personal injury protection coverage or added income loss benefits coverage that applies.

**Constitutionality**

If a court declares any part of the *No-Fault Act* invalid, *we* may refigure the premium and change the coverage. If the refigured premium is greater than what has been paid, *you* will pay *us* the difference. If the refigured premium is less than what has been paid, *we* will pay *you* the difference.

## UNINSURED MOTOR VEHICLE COVERAGE

This policy provides Uninsured Motor Vehicle Coverage if "U" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

*Insured* means:

1. *you*;

2. *resident relatives*;

3. any other *person* while *occupying*:

   a. *your car*;

   b. a *newly acquired car*; or

   c. a *temporary substitute car*.

   Such vehicle must be used within the scope of *your* consent. Such other *person occupying* a vehicle used to carry *persons* for a charge is not an *insured*; and

4. any *person* entitled to recover compensatory damages as a result of *bodily injury* to an *insured* as defined in 1., 2., or 3. above.

*Motor Vehicle* means a self-propelled vehicle:

1. required to be registered by Chapter 168 of the Minnesota Statutes;

2. designed for use on public highways; and

3. which has more than 3 wheels.

It includes a trailer with one or more wheels, when the trailer is connected to or being towed by a *motor vehicle*.

*Uninsured Motor Vehicle* means a *motor vehicle* or *motorcycle*:

1. the ownership, maintenance, and use of which is:

   a. not insured or bonded for bodily injury liability at the time of the accident; or

   b. insured or bonded for bodily injury liability at the time of the accident; but

      (1) the limits are less than required by Minnesota's Financial Responsibility Act; or

      (2) the insuring company:

         (a) denies that its policy provides liability coverage for compensatory damages that result from the accident; or

         (b) is or becomes insolvent; or

20
9823A

2. the owner and driver of which remain un-known and which was the proximate cause of *bodily injury* to the *insured*.

*Uninsured Motor Vehicle* does not include a *motor vehicle* or *motorcycle*:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;

2. *owned by*, rented to, or furnished or avail-able for the regular use of *you* or a *resident relative*;

3. *owned by*, rented to, or operated by a self-insurer under any motor vehicle financial responsibility law, any motor carrier law, or any similar law, unless the self-insurer denies coverage or is or become insolvent; or

4. while located for use as a dwelling or other premises.

**Insuring Agreement**

*We* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *uninsured mo-tor vehicle*. The *bodily injury* must be:

1. sustained by an *insured*; and

2. caused by an accident that involves the operation, maintenance, or use of an *unin-sured motor vehicle* as a *motor vehicle* or *motorcycle*.

**Deciding Fault and Amount**

1. a. The *insured* and *we* must agree to the answers to the following two questions:

   (1) Is the *insured* legally entitled to recover compensatory damages from the owner or driver of the *uninsured motor vehicle*?

   (2) If the *insured* and *we* agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the *in-sured* is legally entitled to recover from the owner or driver of the *uninsured motor vehicle*?

b. If there is no agreement on the answer to either question in 1.a. above, then:

   (1) If both parties consent, these ques-tions shall be decided by arbitra-tion as follows:

     Each party shall select a competent and impartial arbitrator. These two shall select a third one. The written decision of any two of the three arbitrators shall be binding on each party. If the two selected arbitra-tors are unable to agree on a third one within 30 days, the *insured* shall proceed as provided in item (2) below.

     The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other ex-penses of arbitration shall be shared equally by both parties.

     The arbitration shall take place in the county in which the *insured* resides unless the parties agree to another place. State court rules governing procedure and admis-sion of evidence shall be used.

     Arbitrators shall have no authority to decide any questions of law or conduct arbitration on a class-wide or class-representative basis; or

   (2) If either party does not consent to arbitrate these questions or if the arbitrators selected by each party cannot agree on the third arbitra-tor, the *insured* shall, if he or she decides to litigate:

     (a) file a lawsuit, in a state or fed-eral court that has jurisdiction, against:

       i. *us* and the owner and driver of the *uninsured motor vehicle*, or if such owner and driver are un-known, against *us*; and

21
9823A

ii. any other party or parties who may be legally liable for the *insured's* damages;

(b) upon filing, immediately give *us* copies of the summons and complaints filed by the *insured* in that action;

(c) consent to a jury trial if requested by *us*;

(d) agree that *we* may contest the issues of liability and the amount of damages; and

(e) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

2. *We* are not bound by any:

a. judgment obtained if *we* have not received timely notice of the commencement of the lawsuit; and

b. default judgment against any *person* or organization other than *us*.

3. Regardless of the amount of any award, including any judgment or default judgment, *we* are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

The Uninsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Uninsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

The limit shown under "Each Person" is the most *we* will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by other *insureds* as a result of that *bodily injury*. The limit shown under "Each Accident" is the most *we* will pay, subject to the limit for "Each Person", for all damages resulting from *bodily injury* to two

or more *insureds* injured in the same accident.

These Uninsured Motor Vehicle Coverage limits are the most *we* will pay regardless of the number of:

1. *insureds*;

2. claims made;

3. vehicles insured; or

4. vehicles involved in the accident.

**Nonduplication**

*We* will not pay under Uninsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for the *insured*:

a. by or on behalf of any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured*; or

b. for *bodily injury* under Liability Coverage of any policy issued by the *State Farm Companies* to *you* or any *resident relative*;

2. that:

a. have already been paid;

b. could have been paid; or

c. could be paid

to or for the *insured* under any workers' compensation law, disability benefits law, or similar law;

3. paid or payable as expenses or loss under personal injury protection coverage or added income loss benefits coverage of this policy or of any other policy, or which would be payable under these coverages except for a deductible; or

4. that have already been paid as expenses under medical payments coverage of this policy or of any other policy, or other similar vehicle insurance.

22
9823A

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN *INSURED* WHO, WITHOUT PROVIDING *US* ADVANCE WRITTEN NOTICE AS DESCRIBED UNDER "DECIDING FAULT AND AMOUNT", SETTLES WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *BODILY INJURY* AND THEREBY PREJUDICES *OUR* RIGHT TO RECOVER *OUR* PAYMENT;

2. FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY* WHILE *OCCUPYING* A *MOTOR VEHICLE* OR *MOTORCYCLE OWNED BY* THE *INSURED* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*;

3. FOR AN *INSURED* WHOSE *BODILY INJURY* RESULTS FROM THE DISCHARGE OF A FIREARM;

4. TO THE EXTENT IT BENEFITS:

   a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY; OR

   b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW;

5. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR

6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**If Other Uninsured Motor Vehicle Coverage Applies**

1. If Uninsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to *you* or any *resident relative* by the *State Farm Companies* apply to the same *bodily injury*, then:

   a. the Uninsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. *We* may choose one or more policies from which to make payment.

2. The Uninsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an *insured* who sustains *bodily injury* while *occupying your car*.

   a. If:

      (1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

      then *we* will pay the proportion of damages payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

   b. If:

      (1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Uninsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

      then the *State Farm Companies* will pay the proportion of damages payable as primary that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above

bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Uninsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

   a. If:

      (1) this is the only vehicle policy issued to **you** or any **resident relative** by the **State Farm Companies** that provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

      (2) uninsured motor vehicle coverage provided by one or more sources other than the **State Farm Companies** also applies as excess coverage for the same accident,

      then **we** will pay the proportion of damages payable as excess that **our** applicable limit bears to the sum of **our** applicable limit and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

   b. If:

      (1) more than one vehicle policy issued to **you** or any **resident relative** by the **State Farm Companies**

provides Uninsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) uninsured motor vehicle coverage provided by one or more sources other than the **State Farm Companies** also applies as excess coverage for the same accident,

then the **State Farm Companies** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the **State Farm Companies** as determined in 1. above bears to the sum of such amount and the limits of all other uninsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options**

**We** may, at **our** option, make payment to one or more of the following:

1. The **insured**;

2. The **insured's** surviving spouse;

3. A parent or guardian of the **insured**, if the **insured** is a minor or an incompetent **person**; or

4. A **person** authorized by law to receive such payment.

## UNDERINSURED MOTOR VEHICLE COVERAGE

This policy provides Underinsured Motor Vehicle Coverage if "W" is shown under "SYMBOLS" on the Declarations Page.

**Additional Definitions**

**Insured** means:

1. **you**;

2. **resident relatives**;

3. any other **person** while **occupying**:

   a. **your car**;

b. a **newly acquired car**; or

c. a **temporary substitute car**.

Such vehicle must be used within the scope of **your** consent. Such other **person occupying** a vehicle used to carry **persons** for a charge is not an **insured**; and

4. any **person** entitled to recover compensatory damages as a result of **bodily injury** to an **insured** as defined in 1., 2., or 3. above.

24
9823A

*Motor Vehicle* means a self-propelled vehicle:

1. required to be registered by Chapter 168 of the Minnesota Statutes;

2. designed for use on public highways; and

3. which has more than 3 wheels.

It includes a trailer with one or more wheels, when the trailer is connected to or being towed by a *motor vehicle*.

*Underinsured Motor Vehicle* means a *motor vehicle* or *motorcycle*:

1. the ownership, maintenance, and use of which is either:

   a. insured or bonded for bodily injury liability at the time of the accident; or

   b. self-insured under any motor vehicle financial responsibility law, any motor carrier law, or any similar law; and

2. for which the total limits of insurance, bonds, and self-insurance for bodily injury liability from all sources:

   a. are less than the amount needed to compensate the *insured* for damages; or

   b. have been reduced by payments to *persons* other than *you* and *resident relatives* to less than the amount needed to compensate the *insured* for damages.

*Underinsured Motor Vehicle* does not include a *motor vehicle* or *motorcycle*:

1. whose ownership, maintenance, or use is provided Liability Coverage by this policy;

2. *owned by*, rented to, or furnished or available for the regular use of *you* or a *resident relative*;

3. while located for use as a dwelling or other premises; or

4. defined as an *uninsured motor vehicle* under Uninsured Motor Vehicle Coverage of this policy.

**Insuring Agreement**

*We* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *underinsured motor vehicle*. The *bodily injury* must be:

1. sustained by an *insured*; and

2. caused by an accident that involves the operation, maintenance, or use of an *underinsured motor vehicle* as a *motor vehicle* or *motorcycle*.

**Deciding Fault and Amount**

1. If any lawsuit is brought against the owner or driver of an *underinsured motor vehicle* or arbitration is initiated to determine liability or damages, such owner or driver must be made a defendant and *we* must be notified of the lawsuit or arbitration at the time it is commenced.

2. Any judgment arising out of a lawsuit brought or arbitration decision obtained without *our* written consent is not binding on *us* unless *we*:

   a. receive timely notice of the commencement of the lawsuit or arbitration; and

   b. have a reasonable opportunity to protect *our* interest in the lawsuit or arbitration.

3. Arbitrators shall have no authority to decide any questions of law or conduct arbitration on a class-wide or class-representative basis.

4. Regardless of the amount of any award, including any judgment or default judgment, *we* are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

**Limits**

1. The Underinsured Motor Vehicle Coverage limits are shown on the Declarations Page under "Underinsured Motor Vehicle Coverage – Bodily Injury Limits – Each Person, Each Accident".

a. The most *we* will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by other *insureds* as a result of that *bodily injury*, is the lesser of:

   (1) the limit shown under "Each Person"; or

   (2) the amount of all damages resulting from that *bodily injury* reduced by the sum of all payments for damages resulting from that *bodily injury* made by or on behalf of any *person* or organization who is or may be held legally liable for that *bodily injury*.

b. Subject to a. above, the most *we* will pay for all damages resulting from *bodily injury* to two or more *insureds* injured in the same accident is the limit shown under "Each Accident".

2. These Underinsured Motor Vehicle Coverage limits are the most *we* will pay regardless of the number of:

  a. *insureds*;

  b. claims made;

  c. vehicles insured; or

  d. vehicles involved in the accident.

**Nonduplication**

*We* will not pay under Underinsured Motor Vehicle Coverage any damages:

1. that have already been paid to or for the *insured*:

  a. by or on behalf of any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured*; or

  b. for *bodily injury* under Liability Coverage of any policy issued by the **State Farm Companies** to *you* or any *resident relative*;

2. that:

  a. have already been paid;

  b. could have been paid; or

c. could be paid

to or for the *insured* under any workers' compensation law, disability benefits law, or similar law;

3. paid or payable as expenses or loss under personal injury protection coverage or added income loss benefits coverage of this policy or of any other policy, or which would be payable under these coverages except for a deductible; or

4. that have already been paid as expenses under medical payments coverage of this policy or of any other policy, or other similar vehicle insurance.

**Exclusions**

THERE IS NO COVERAGE:

1. FOR AN *INSURED* WHO, WITHOUT GETTING *OUR* WRITTEN CONSENT AS DESCRIBED UNDER "DECIDING FAULT AND AMOUNT", SETTLES WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *BODILY INJURY* AND THEREBY PREJUDICES *OUR* RIGHT TO RECOVER *OUR* PAYMENT;

2. FOR AN *INSURED* WHO SUSTAINS *BODILY INJURY* WHILE *OCCUPYING* A *MOTOR VEHICLE* OR *MOTORCYCLE OWNED BY* THE *INSURED* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR*;

3. FOR AN *INSURED* WHOSE *BODILY INJURY* RESULTS FROM THE DISCHARGE OF A FIREARM;

4. TO THE EXTENT IT BENEFITS:

  a. ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY; OR

  b. A SELF-INSURER UNDER ANY WORKERS' COMPENSATION LAW, DISABILITY BENEFITS LAW, OR SIMILAR LAW;

5. FOR PUNITIVE OR EXEMPLARY DAMAGES; OR

6. FOR ANY ORDER OF RESTITUTION ISSUED BY A COURT IN A CRIMINAL PROCEEDING OR EQUITABLE ACTION.

**If Other Underinsured Motor Vehicle Coverage Applies**

1. If Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to *you* or any *resident relative* by the *State Farm Companies* apply to the same *bodily injury*, then:

   a. the Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and

   b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. *We* may choose one or more policies from which to make payment.

2. The Underinsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an *insured* who sustains *bodily injury* while *occupying your car*.

   a. If:

      (1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

      then *we* will pay the proportion of damages payable as primary that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

   b. If:

      (1) more than one vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and

      (2) underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as primary coverage for the same accident,

      then the *State Farm Companies* will pay the proportion of damages payable as primary that the maximum amount that may be paid by the *State Farm Companies* as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Underinsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

   a. If:

      (1) this is the only vehicle policy issued to *you* or any *resident relative* by the *State Farm Companies* that provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

      (2) underinsured motor vehicle coverage provided by one or more sources other than the *State Farm Companies* also applies as excess coverage for the same accident,

      then *we* will pay the proportion of damages payable as excess that *our* applicable limit bears to the sum of *our* applicable limit and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

27

9823A

b. If:

(1) more than one vehicle policy issued to *you* or any *resident relative* by the **State Farm Companies** provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

(2) underinsured motor vehicle coverage provided by one or more sources other than the **State Farm Companies** also applies as excess coverage for the same accident,

then the **State Farm Companies** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the **State Farm**

**Companies** as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

**Our Payment Options**

*We* may, at *our* option, make payment to one or more of the following:

1. The *insured*;

2. The *insured's* surviving spouse;

3. A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*; or

4. A *person* authorized by law to receive such payment.

## PHYSICAL DAMAGE COVERAGES

The physical damage coverages are Comprehensive Coverage, Comprehensive With Deductible Glass Coverage, Collision Coverage, Emergency Road Service Coverage, and Car Rental and Travel Expenses Coverage.

This policy provides:

1. Comprehensive Coverage if "D";

2. Comprehensive With Deductible Glass Coverage if "D-DG";

3. Collision Coverage if "G";

4. Emergency Road Service Coverage if "H";

5 Car Rental and Travel Expenses Coverage if "R1"

is shown under "SYMBOLS" on the Declarations Page.

If a deductible applies to Comprehensive Coverage, then it is shown on the Declarations Page. The deductibles that apply to Comprehensive With Deductible Glass Coverage and Collision Coverage are shown on the Declarations Page.

**Additional Definitions**

*Covered Vehicle* means:

1. *your car*;

2. a *newly acquired car*;

3. a *temporary substitute car*;

4. a camper that is designed to be mounted on a pickup truck and shown on the Declarations Page;

5. a *non-owned car* while it is:

   a. being driven by an *insured*; or

   b. in the custody of an *insured* if at the time of the *loss* it is:

      (1) not being driven; or

      (2) being driven by a *person* other than an *insured* and being *occupied* by an *insured*;

6. a *non-owned trailer* while it is being used by an *insured*; and

7. a *non-owned camper* while it is being used by an *insured*;

including its parts and its equipment that are common to the use of the vehicle as a vehicle. However, parts and equipment of *trailers* and campers must be securely fixed as a permanent part of the *trailer* or camper.

*Daily Rental Charge* means the sum of:

1. the daily rental rate;

2. mileage charges; and

3. related taxes.

*Insured* means *you* and *resident relatives*.

*Loss* means:

1. direct, sudden, and accidental damage to; or

2. total or partial theft of

a *covered vehicle*. *Loss* does not include any reduction in the value of any *covered vehicle* after it has been repaired, as compared to its value before it was damaged.

*Loss Caused By Collision* means a *loss* caused by:

1. a *covered vehicle* hitting or being hit by another vehicle or another object; or

2. the overturning of a *covered vehicle*.

Any *loss* caused by missiles, falling objects, windstorm, hail, fire, explosion, earthquake, water, flood, total or partial theft, malicious mischief, vandalism, riot, civil commotion, or hitting or being hit by a bird or an animal is not a *Loss Caused By Collision*.

*Non-Owned Camper* means a camper designed to be mounted on a pickup truck that is in the lawful possession of an *insured* and that neither:

1. is *owned by*:

   a. an *insured*;

   b. any other *person* who resides in *your* household; or

   c. an employer of any *person* described in a. or b. above; nor

2. has been used by, rented by, or in the possession of an *insured* during any part of each of the 31 or more consecutive days immediately prior to the date of the *loss*.

*Non-Owned Trailer* means a *trailer* that is in the lawful possession of an *insured* and that neither:

1. is *owned by*:

   a. an *insured*;

   b. any other *person* who resides in *your* household; or

   c. an employer of any *person* described in a. or b. above; nor

2. has been used by, rented by, or in the possession of an *insured* during any part of each of the 31 or more consecutive days immediately prior to the date of the *loss*.

**Insuring Agreements**

1. **Comprehensive Coverage and Comprehensive With Deductible Glass Coverage**

   *We* will pay:

   a. for *loss*, except *loss caused by collision*, to a *covered vehicle*; and

   b. transportation expenses incurred by an *insured* as a result of the total theft of *your car* or a *newly acquired car*. These transportation expenses are payable:

      (1) during the period that:

         (a) starts on the date *you* report the theft to *us*; and

         (b) ends on the earliest of:

            (i) the date the vehicle is returned to *your* possession in a drivable condition;

            (ii) the date *we* offer to pay for the *loss* if the vehicle has not yet been recovered; or

            (iii) the date *we* offer to pay for the *loss* if the vehicle is recovered, but is a total loss as determined by *us*; and

(2) during the period that:

    (a) starts on the date the vehicle is left at a repair facility if the stolen vehicle is recovered, returned to *your* possession in a drivable condition, and has unrepaired damage that resulted from the total theft; and

    (b) ends on the date the vehicle is repaired.

These transportation expenses must be reported to *us* before *we* will pay such incurred expenses.

2. **Collision Coverage**

*We* will pay for *loss caused by collision* to a *covered vehicle*.

3. **Emergency Road Service Coverage**

*We* will pay the fair cost incurred by an *insured* for:

a. up to one hour of labor to repair a *covered vehicle* at the place of its breakdown;

b. towing to the nearest repair facility where necessary repairs can be made if a *covered vehicle* is not drivable;

c. towing a *covered vehicle* out of a location where it is stuck if the vehicle is on or immediately next to a public road;

d. delivery of gas, oil, battery, or tire necessary to return a *covered vehicle* to driving condition. *We* do not pay the cost of the gas, oil, battery, or tire; and

e. up to one hour of labor for locksmith services to unlock a *covered vehicle* if its key is lost, stolen, or locked inside the vehicle.

4. **Car Rental and Travel Expenses Coverage**

a. **Car Rental Expense**

*We* will pay the *daily rental charge* incurred when *you* rent a *car* from a *car business* while *your car* or a *newly acquired car* is:

(1) not drivable; or

(2) being repaired

as a result of a *loss* which would be payable under Comprehensive Coverage, Comprehensive With Deductible Glass Coverage, or Collision Coverage.

*We* will pay this *daily rental charge* incurred during a period that:

(1) starts on the date:

    (a) the vehicle is not drivable as a result of the *loss*; or

    (b) the vehicle is left at a repair facility if the vehicle is drivable; and

(2) ends on the earliest of:

    (a) the date the vehicle has been repaired or replaced;

    (b) the date *we* offer to pay for the *loss* if the vehicle is repairable but *you* choose to delay repairs; or

    (c) five days after *we* offer to pay for the *loss* if the vehicle is:

        (i) a total loss as determined by *us*; or

        (ii) stolen and not recovered.

The amount of any such *daily rental charge* incurred by *you* must be reported to *us* before *we* will pay such amount.

b. **Travel Expenses**

*We* will pay expenses for commercial transportation, lodging, and meals if *your car* or a *newly acquired car* is not drivable as a result of a *loss* which would be payable under Comprehensive Coverage, Comprehensive With Deductible Glass Coverage, or Collision Coverage. The *loss* must occur

more than 50 miles from *your* home. *We* will only pay these expenses if they are incurred by:

(1) an *insured* during the period that:

    (a) starts after the *loss* occurs; and

    (b) ends on the earlier of:

        (i) the *insured's* arrival at his or her destination or home if the vehicle is left behind for repairs; or

        (ii) the repair of the vehicle if the *insured* waits for repairs before continuing on to his or her destination or returning home; and

(2) *you*, or any *person you* choose, to travel to retrieve the vehicle and drive it to either the original destination or *your* home if the vehicle was left behind for repairs.

These expenses must be reported to *us* before *we* will pay such incurred expenses.

c. **Rental Car – Repayment of Deductible Expense**

*We* will pay the comprehensive coverage deductible, comprehensive with deductible glass coverage deductible, or collision coverage deductible an *insured* is required to pay the owner of a *car* rented from a *car business*.

**Supplementary Payments – Comprehensive Coverage, Comprehensive With Deductible Glass Coverage, and Collision Coverage**

If the *covered vehicle* sustains *loss* for which *we* make a payment under Comprehensive Coverage, Comprehensive With Deductible Glass Coverage, or Collision Coverage, then *we* will pay reasonable expenses incurred to:

1. tow the *covered vehicle* immediately after the *loss*:

    a. for a reasonable distance from the location of the *loss* to any one repair facility chosen by an *insured* or the owner of the *covered vehicle*, if the *covered vehicle* is not drivable; or

    b. to any one repair facility or commercial storage facility, neither of which was chosen by an *insured* or the owner of the *covered vehicle*. *We* will also pay reasonable expenses incurred to tow the *covered vehicle* for a reasonable distance from this facility to any one repair facility chosen by an *insured* or the owner of the *covered vehicle*, if the *covered vehicle* is not drivable;

2. store the *covered vehicle*, if it is not drivable immediately after the *loss*, at:

    a. any one repair facility or commercial storage facility, neither of which was chosen by an *insured* or the owner of the *covered vehicle*; and

    b. any one repair facility chosen by the owner of the *covered vehicle*, and *we* determine such vehicle is a total loss.

If the owner of the *covered vehicle* consents, then *we* may move the *covered vehicle* at *our* expense to reduce storage costs. If the owner of the *covered vehicle* does not consent, then *we* will pay only the storage costs that would have resulted if *we* had moved the damaged *covered vehicle*; and

3. clean up debris from the *covered vehicle* at the location of the *loss*. The most *we* will pay to clean up the debris is $250 for any one *loss*.

**Limits and Loss Settlement – Comprehensive Coverage, Comprehensive With Deductible Glass Coverage, and Collision Coverage**

1. *We* have the right to choose to settle with *you* or the owner of the *covered vehicle* in one of the following ways:

31
9823A

a. Pay the cost to repair the ***covered vehicle*** minus any applicable deductible. Under Comprehensive Coverage, if the ***loss*** includes breakage of glass, no deductible applies to repair or replacement of that glass.

(1) ***We*** have the right to choose one of the following to determine the cost to repair the ***covered vehicle***:

(a) The cost agreed to by both the owner of the ***covered vehicle*** and ***us***;

(b) A bid or repair estimate approved by ***us***; or

(c) A repair estimate that is written based upon or adjusted to:

(i) the prevailing competitive price;

(ii) the lower of paintless dent repair pricing established by an agreement ***we*** have with a third party or the paintless dent repair price that is competitive in the market; or

(iii) a combination of (i) and (ii) above.

The prevailing competitive price means prices charged by a majority of the repair market in the area where the ***covered vehicle*** is to be repaired as determined by a survey made by ***us***. If asked, ***we*** will identify some facilities that will perform the repairs at the prevailing competitive price. The estimate will include parts sufficient to restore the ***covered vehicle*** to its pre-loss condition.

***You*** agree with ***us*** that the repair estimate may include new, used, recycled, and reconditioned parts.

***You*** also agree that replacement glass may be either original equipment manufacturer glass or non-original equipment manufacturer glass and that replacement glass need not have any insignia, logo, trademark, etching, or other marking that was on the replaced glass.

(2) The cost to repair the ***covered vehicle*** does not include any reduction in the value of the ***covered vehicle*** after it has been repaired, as compared to its value before it was damaged.

(3) If the repair or replacement of a part results in betterment of that part, then ***you*** or the owner of the ***covered vehicle*** must pay for the amount of the betterment.

(4) If ***you*** and ***we*** agree, then windshield glass will be repaired instead of replaced;

b. Pay the actual cash value of the ***covered vehicle*** minus any applicable deductible. Under Comprehensive Coverage, if the ***loss*** includes breakage of glass, no deductible applies to repair or replacement of that glass.

(1) **Arbitration**

(a) When the amount of the claim is $10,000 or less, any dispute in the amount owed must be decided by arbitration conducted in accordance with the Rules Of Procedure For No-Fault Arbitration of the ***No-Fault Act***.

(b) When the amount of the claim is more than $10,000, any dispute in the amount owed may, upon mutual consent, be decided by arbitration conducted in accordance with the Rules Of Procedure For No-Fault Arbitration of the ***No-Fault Act***.

32
9823A

(2) The damaged *covered vehicle* must be given to *us* in exchange for *our* payment, unless *we* agree that the owner may keep it. If the owner keeps the *covered vehicle*, then *our* payment will be reduced by the value of the *covered vehicle* after the *loss*; or

c. Return the stolen *covered vehicle* to its owner and pay, as described in 1.a. above, for any direct, sudden, and accidental damage that resulted from the theft.

2. The most *we* will pay for transportation expenses under Comprehensive Coverage or Comprehensive With Deductible Glass Coverage is $25 per day subject to an aggregate limit of $750 per *loss*.

3. The most *we* will pay for *loss* to a *non-owned trailer* or a *non-owned camper* is $2,500.

**Limits – Car Rental and Travel Expenses Coverage**

1. **Car Rental Expense**

   The limit for Car Rental Expense is shown on the Declarations Page under "Limit – Car Rental Expense – Each Day, Each Loss".

   a. The limit shown under "Each Day" is the most *we* will pay for the *daily rental charge*. If:

      (1) a dollar amount is shown, then *we* will pay the *daily rental charge* up to that dollar amount;

      (2) a percentage amount is shown, then *we* will pay that percentage of the *daily rental charge*.

   b. Subject to the "Each Day" limit, the limit shown under "Each Loss" is the most *we* will pay for Car Rental Expense incurred as a result of any one *loss*.

2. **Travel Expenses**

   The most *we* will pay for Travel Expenses incurred by all *insureds* as a result of any one *loss* is $500.

3. **Rental Car – Repayment of Deductible Expense**

   The most *we* will pay for Rental Car – Repayment of Deductible Expense incurred as a result of any one *loss* is $500.

**Nonduplication**

*We* will not pay for any *loss* or expense under the Physical Damage Coverages for which the *insured* or owner of the *covered vehicle* has already received payment from, or on behalf of, a party who is legally liable for the *loss* or expense.

**Exclusions**

THERE IS NO COVERAGE FOR:

1. ANY ***COVERED VEHICLE*** THAT IS:

   a. INTENTIONALLY DAMAGED; OR

   b. STOLEN

   BY OR AT THE DIRECTION OF AN ***INSURED***;

2. ANY ***COVERED VEHICLE*** WHILE IT IS RENTED TO OR LEASED TO OTHERS BY AN ***INSURED***;

3. ANY ***COVERED VEHICLE*** WHILE IT IS USED TO CARRY ***PERSONS*** FOR A CHARGE. This exclusion does not apply to the use of a ***private passenger car*** on a share-the-expense basis;

4. ANY ***COVERED VEHICLE*** DUE TO:

   a. THEFT;

   b. CONVERSION;

   c. EMBEZZLEMENT; OR

   d. SECRETION

   BY AN ***INSURED***, A CONSIGNEE, AN AGENT OF A CONSIGNEE, OR A ***PERSON*** WHO OBTAINS POSSESSION OF THE ***COVERED VEHICLE*** WITH THE PERMISSION OF A CONSIGNEE OR AGENT OF A CONSIGNEE;

5. *LOSS* TO *YOUR CAR* OR A *NEWLY ACQUIRED CAR* IF AN *INSURED* VOLUNTARILY RELINQUISHES POSSESSION OF THAT *CAR* TO A *PERSON* OR ORGANIZATION UNDER AN ACTUAL OR PRESUMED SALES AGREEMENT;

6. ANY *COVERED VEHICLE* TO THE EXTENT *OUR* PAYMENT WOULD BENEFIT ANY CARRIER OR OTHER BAILEE FOR HIRE THAT IS LIABLE FOR *LOSS* TO SUCH *COVERED VEHICLE*;

7. *LOSS* TO ANY *COVERED VEHICLE* DUE TO *FUNGI*. THIS APPLIES REGARDLESS OF WHETHER OR NOT THE *FUNGI* RESULT FROM A *LOSS* THAT IS PAYABLE UNDER ANY OF THE PHYSICAL DAMAGE COVERAGES. *WE* WILL ALSO NOT PAY FOR ANY TESTING OR REMEDIATION OF *FUNGI*, OR ANY ADDITIONAL COSTS REQUIRED TO REPAIR ANY *COVERED VEHICLE* THAT ARE DUE TO THE EXISTENCE OF *FUNGI*;

8. *LOSS* TO ANY *COVERED VEHICLE* THAT RESULTS FROM:

   a. NUCLEAR REACTION;

   b. RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE; OR

   c. THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

9. *LOSS* TO ANY *COVERED VEHICLE* THAT RESULTS FROM THE TAKING OF OR SEIZURE OF THAT *COVERED VEHICLE* BY ANY GOVERNMENTAL AUTHORITY;

10. *LOSS* TO ANY *COVERED VEHICLE* THAT RESULTS FROM WAR OF ANY KIND;

11. *YOUR CAR* WHILE SUBJECT TO ANY:

   a. LIEN AGREEMENT;

   b. RENTAL AGREEMENT;

   c. LEASE AGREEMENT; OR

   d. SALES AGREEMENT

   NOT SHOWN ON THE DECLARATIONS PAGE;

12. ANY *NON-OWNED CAR* WHILE IT IS:

   a. BEING MAINTAINED OR USED BY ANY *PERSON* WHILE THAT *PERSON* IS EMPLOYED IN OR ENGAGED IN ANY WAY IN A *CAR BUSINESS*; OR

   b. USED IN ANY BUSINESS OR OCCUPATION OTHER THAN A *CAR BUSINESS*. This exclusion (12.b.) does not apply to a *private passenger car*;

13. ANY PART OR EQUIPMENT OF A *COVERED VEHICLE* IF THAT PART OR EQUIPMENT:

   a. FAILS OR IS DEFECTIVE; OR

   b. IS DAMAGED AS A DIRECT RESULT OF:

      (1) WEAR AND TEAR;

      (2) FREEZING; OR

      (3) MECHANICAL, ELECTRICAL, OR ELECTRONIC BREAKDOWN OR MALFUNCTION

      OF THAT PART OR EQUIPMENT.

   This exclusion does not apply if the *loss* is the result of theft of the *covered vehicle*;

14. ANY PART OR EQUIPMENT:

   a. THAT IS NOT LEGAL FOR USE IN OR ON THE *COVERED VEHICLE* IN THE JURISDICTION WHERE THE *COVERED VEHICLE* IS REGISTERED; OR

   b. THE USE OF WHICH IS NOT LEGAL IN THE JURISDICTION WHERE THE *COVERED VEHICLE* IS REGISTERED BECAUSE OF HOW OR

WHERE THAT PART OR EQUIP-
MENT IS INSTALLED IN OR ON
THE *COVERED VEHICLE*.

However, if there is a legal version of the
part or equipment that is necessary for the
safe operation of the *covered vehicle*, then
*we* will pay the cost that *we* would other-
wise have paid to repair the vehicle with
the legal version of the part or equipment.
*We* will not pay any cost necessary to mod-
ify the vehicle for installation of the legal
version of the part or equipment;

15. TIRES. This exclusion does not apply if:

   a. *loss* is caused by missiles, falling objects,
   windstorm, hail, fire, explosion, earth-
   quake, water, flood, total or partial theft,
   malicious mischief, vandalism, riot, civil
   commotion, or hitting or being hit by a
   bird or an animal; or

   b. *loss caused by collision* to another part
   of the *covered vehicle* causes *loss* to
   tires;

16. REMOVABLE PRODUCTS USED FOR
STORAGE OF AUDIO, VIDEO, OR
OTHER DATA, INCLUDING BUT NOT
LIMITED TO TAPES, DISCS, AND
MEMORY CARDS, NOR IS THERE
COVERAGE FOR THE RECON-
STRUCTION OF DATA CONTAINED
THEREIN;

17. ANY EQUIPMENT USED TO DETECT
OR INTERFERE WITH SPEED MEAS-
URING DEVICES;

18. A CAMPER, INCLUDING ITS PARTS
AND ITS EQUIPMENT, THAT IS:

   a. DESIGNED TO BE MOUNTED ON
   A PICKUP TRUCK;

   b. *OWNED BY* AN *INSURED*; AND

   c. NOT SHOWN ON THE DECLARA-
   TIONS PAGE; OR

19. ANY *COVERED VEHICLE* WHILE IT
IS:

   a. BEING PREPARED FOR, USED IN
   PRACTICE FOR, OR OPERATED IN
   ANY RACING CONTEST, SPEED
   CONTEST, HILL-CLIMBING CON-
   TEST, JUMPING CONTEST, OR
   ANY SIMILAR CONTEST; OR

   b. ON A TRACK DESIGNED PRIMAR-
   ILY FOR RACING OR HIGH-SPEED
   DRIVING. This exclusion (19.b.) does
   not apply if the vehicle is being used in
   connection with an activity other than
   racing, high-speed driving, or any type
   of competitive driving.

**If Other Physical Damage Coverage or
Similar Coverage Applies**

1. If the same *loss* or expense is payable under
more than one of the physical damage cov-
erages provided by this policy, then only the
one coverage that pays the most for that *loss*
or expense applies.

2. If any of the physical damage coverages
provided by this policy and one or more
other policies issued to an *insured* by the
*State Farm Companies* apply to the same
*loss* or expense, then only one policy ap-
plies. *We* will select a policy that pays the
most for the *loss* or expense.

3. The physical damage coverages provided
by this policy apply as primary coverage
for a *loss* to *your car*.

   If similar coverage provided by one or more
   sources other than the *State Farm Companies*
   also applies as primary coverage for the same
   *loss* or expense, then the *State Farm Compa-
   nies* will pay the proportion of the *loss* or ex-
   pense payable as primary that the maximum
   amount that may be paid by the *State Farm
   Companies* bears to the sum of such amount
   and the limits of all other similar coverage
   that applies as primary coverage.

4. Except as provided in 3. above, the physi-
cal damage coverages provided by this
policy apply as excess coverage.

   If similar coverage provided by one or
   more sources other than the *State Farm*

*Companies* also applies as excess coverage for the same *loss* or expense, then the *State Farm Companies* will pay the proportion of the *loss* or expense payable as excess that the maximum amount that may be paid by the *State Farm Companies* bears to the sum of such amount and the limits of all other similar coverage that applies as excess coverage.

### Financed Vehicle

1. If a creditor is shown on the Declarations Page, then any Comprehensive Coverage, Comprehensive With Deductible Glass Coverage, or Collision Coverage provided by this policy applies to that creditor's interest in *your car*. Coverage for the creditor's interest is only provided for a *loss* that is payable to *you*.

    However, if this policy is cancelled or non-renewed, then *we* will provide coverage for the creditor's interest until *we* notify the creditor of the termination of such coverage. This coverage for the creditor's interest is only provided for a *loss* that would have been payable to *you* if this policy had not been cancelled or nonrenewed. The date such termination is effective will be at least 10 days after the date *we* mail or electronically transmit a notice of the termination to the creditor.

2. If *we* pay such creditor, then *we* are entitled to the creditor's right of recovery against *you* to the extent of *our* payment. *Our* right of recovery does not impair the creditor's right to recover the full amount of its claim.

### Our Payment Options

1. **Comprehensive Coverage, Comprehensive With Deductible Glass Coverage, and Collision Coverage**

    a. *We* may, at *our* option, make payment to one or more of the following for *loss* to a *covered vehicle owned by you*:

      (1) *You*;

      (2) The repairer; or

      (3) A creditor shown on the Declarations Page, to the extent of its interest.

    b. *We* may, at *our* option, make payment to one or more of the following for *loss* to a *covered vehicle* not *owned by you*:

      (1) *You*;

      (2) The owner of such vehicle;

      (3) The repairer; or

      (4) A creditor, to the extent of its interest.

2. **Emergency Road Service Coverage and Car Rental and Travel Expenses Coverage**

    *We* may, at *our* option, make payment to one or more of the following:

    a. *You*;

    b. The *insured* who incurred the expense; or

    c. Any party that provided the service for which payment is owed.

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT COVERAGE

This policy provides Death, Dismemberment and Loss of Sight Coverage if "S" is shown under "SYMBOLS" on the Declarations Page.

### Additional Definition

*Insured* means a *person* whose name is shown under "Death, Dismemberment and Loss of Sight Coverage – Persons Insured" on the Declarations Page.

**Insuring Agreement**

*We* will pay the highest applicable benefit shown in the following Benefits Schedules if an *insured*:

1.  dies; or

2.  suffers dismemberment or permanent loss of sight, as described in the schedule

as the direct result of an accident that involves the use of a land motor vehicle or any type of trailer as a vehicle and not due to any other cause.

The *insured* must be *occupying* or be struck as a *pedestrian* by a land motor vehicle or any type of trailer at the time of the accident. The death, dismemberment, or permanent loss of sight must occur within 90 days immediately following the date of the accident.

**Benefit**

The applicable benefit shown in the schedule is the most *we* will pay for any one *insured* in any one accident. Any benefit paid or payable for dismemberment or permanent loss of sight reduces the death benefit.

**Benefits Schedules**

| If the amount shown on the Declarations Page for the *insured* is $5,000, then *we* will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
|---|---|
| Death | $5,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $5,000 |
| Loss of one hand or one foot; or all sight of one eye | $2,500 |
| Loss of the thumb and a finger on one hand; or any three fingers | $1,500 |
| Loss of any two fingers | $1,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

| If the amount shown on the Declarations Page for the *insured* is $10,000, then *we* will pay the applicable benefit shown below for death or for the described dismemberment or permanent loss of sight: | |
|---|---|
| Death | $10,000 |
| Loss of both hands; both feet; all sight of both eyes; one hand and one foot; or one hand or one foot and all sight of one eye | $10,000 |
| Loss of one hand or one foot; or all sight of one eye | $5,000 |
| Loss of the thumb and a finger on one hand; or any three fingers | $3,000 |
| Loss of any two fingers | $2,000 |
| The hand must be cut off through or above the wrist. The foot must be cut off through or above the ankle. The whole thumb or finger must be cut off. | |

The benefits shown in the schedules are doubled for an *insured* who at the time of the accident was *occupying* a *private passenger car* and using a seat belt in the manner recommended by the vehicle's manufacturer.

**Exclusions**

COVERAGE DOES NOT APPLY TO AN *INSURED*:

1.  WHILE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN A *CAR BUSINESS*;

2.  WHILE *OCCUPYING*, LOADING, OR UNLOADING:

    a.  AN EMERGENCY VEHICLE IN THE COURSE AND SCOPE OF HIS OR HER EMPLOYMENT;

    b.  A VEHICLE, OTHER THAN AN EMERGENCY VEHICLE, WHILE USED IN THE:

        (1) *INSURED'S* BUSINESS; OR

        (2) COURSE AND SCOPE OF HIS OR HER EMPLOYMENT IN OTHER THAN A *CAR BUSINESS*.

    This exclusion (2.b.) does not apply if the vehicle is a *private passenger car*;

c.   A MILITARY VEHICLE; OR

d.   A VEHICLE WHILE IT IS:

(1)  BEING PREPARED FOR, USED IN PRACTICE FOR, OR OPERATED IN ANY RACING CONTEST, SPEED CONTEST, HILL-CLIMBING CONTEST, JUMPING CONTEST, OR ANY SIMILAR CONTEST; OR

(2)  ON A TRACK DESIGNED PRIMARILY FOR RACING OR HIGH-SPEED DRIVING. This exclusion (2.d.(2)) does not apply if the vehicle is being used in connection with an activity other than racing, high-speed driving, or any type of competitive driving;

3.   WHILE *OCCUPYING*, LOADING, UNLOADING, OR WHO IS STRUCK AS A *PEDESTRIAN* BY:

a.   A MOTOR VEHICLE THAT RUNS ON RAILS OR CRAWLER-TREADS;

b.   A MOTOR VEHICLE THAT IS DESIGNED FOR USE PRIMARILY OFF PUBLIC ROADS WHILE OFF PUBLIC ROADS; OR

c.   A MOTOR VEHICLE OR ANY TYPE OF TRAILER, EITHER OF WHICH IS LOCATED FOR USE AS A DWELLING OR OTHER PREMISES; OR

4.   FOR DEATH, DISMEMBERMENT, OR LOSS OF SIGHT THAT RESULTS FROM:

a.   WAR OF ANY KIND;

b.   NUCLEAR REACTION, RADIATION OR RADIOACTIVE CONTAMINATION FROM ANY SOURCE, OR THE ACCIDENTAL OR INTENTIONAL DETONATION OF, OR RELEASE OF RADIATION FROM, ANY NUCLEAR OR RADIOACTIVE DEVICE;

c.   THE DISCHARGE OF A FIREARM;

d.   EXPOSURE TO *FUNGI*;

e.   SUICIDE OR ATTEMPTED SUICIDE REGARDLESS OF WHETHER THE *INSURED* WAS SANE OR INSANE; OR

f.   DISEASE except pus-forming infection due to *bodily injury* sustained in the accident.

**Our Payment Options**

*We* may, at *our* option, make payment to one or more of the following:

1.   The *insured*;

2.   The *insured's* surviving spouse;

3.   A parent or guardian of the *insured*, if the *insured* is a minor or an incompetent *person*; or

4.   A *person* or organization authorized by law to receive such payment.

## INSURED'S DUTIES

1.   **Notice to Us of an Accident or Loss**

The *insured* must give *us* or one of *our* agents notice of the accident or *loss* as soon as reasonably possible. The notice must give *us*:

a.   *your* name;

b.   the names and addresses of all *persons* involved in the accident or *loss*;

c.   the hour, date, place, and facts of the accident or *loss*; and

d.  the names and addresses of witnesses to the accident or *loss*.

When a claim is made under Personal Injury Protection Coverage or Added Income Loss Benefits Coverage:

a.  notice must be received by *us* or one of *our* agents within six months from the date of the accident; and

b.  failure to give notice will render the *insured* ineligible to receive benefits if and to the extent *we* can show the delay actually prejudiced *us*.

2.  **Notice to Us of a Claim or Lawsuit**

    a.  If a claim is made against an *insured*, then that *insured* must immediately send *us* every demand, notice, and claim received.

    b.  If a lawsuit is filed against an *insured*, then that *insured* must immediately send *us* every summons and legal process received.

3.  **Insured's Duty to Cooperate With Us**

    a.  The *insured* must cooperate with *us* and, when asked, assist *us* in:

        (1)  making settlements;

        (2)  securing and giving evidence; and

        (3)  attending, and getting witnesses to attend, depositions, hearings, and trials.

    b.  The *insured* must not, except at his or her own cost, voluntarily:

        (1)  make any payment to others; or

        (2)  assume any obligation to others

        unless authorized by the terms of this policy.

    c.  Any *person* or organization making claim under this policy must, when *we* require, give *us* proof of loss on forms *we* furnish.

4.  **Questioning Under Oath**

    Under:

    a.  Liability Coverage, each *insured*;

    b.  Personal Injury Protection Coverage, Added Income Loss Benefits Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, or Death, Dismemberment and Loss of Sight Coverage, each *insured*, or any other *person* or organization making claim or seeking payment; and

    c.  Physical Damage Coverages, each *insured* or owner of a *covered vehicle*, or any other *person* or organization making claim or seeking payment;

    must, at *our* option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as *we* require. Such *person* or organization must answer questions under oath, asked by anyone *we* name, and sign copies of the answers. *We* may require each *person* or organization answering questions under oath to answer the questions with only that *person's* or organization's legal representative, *our* representatives, any *person* or *persons* designated by *us* to record the questions and answers, and no other *person* present.

5.  **Other Duties Under the Physical Damage Coverages**

    When there is a *loss*, *you* or the owner of the *covered vehicle* must:

    a.  protect the *covered vehicle* from additional damage. *We* will pay any reasonable expense incurred to do so that is reported to *us*;

    b.  make a prompt report to the police when the *loss* is the result of theft;

    c.  allow *us* to:

        (1)  inspect any damaged property before its repair or disposal;

39
9823A

(2) test any part or equipment before that part or equipment is removed or repaired; and

(3) move the ***covered vehicle*** at ***our*** expense in order to conduct such inspection or testing;

d.  provide ***us*** all:

(1) records;

(2) receipts; and

(3) invoices

that ***we*** request and allow ***us*** to make copies; and

e.  not abandon the ***covered vehicle*** to ***us***.

6.  **Other Duties Under Personal Injury Protection Coverage, Added Income Loss Benefits Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, and Death, Dismemberment and Loss of Sight Coverage**

A ***person*** making claim under:

a.  Personal Injury Protection Coverage, Added Income Loss Benefits Coverage, Uninsured Motor Vehicle Coverage, Underinsured Motor Vehicle Coverage, or Death, Dismemberment and Loss of Sight Coverage must:

(1) notify ***us*** of the claim and give ***us*** all the details about the death, injury, treatment, and other information that ***we*** may need as soon as reasonably possible after the injured ***insured*** is first examined or treated for the injury. If the ***insured*** is unable to give ***us*** notice, then any other ***person*** may give ***us*** the required notice;

(2) be examined as reasonably often as ***we*** may require by physicians chosen and paid by ***us***. A copy of the report will be sent to the ***person*** upon written request;

(3) provide written authorization for ***us*** to obtain:

(a) medical bills;

(b) medical records;

(c) wage, salary, and employment information; and

(d) any other information ***we*** deem necessary to substantiate the claim.

If an injured ***insured*** is a minor, unable to act, or dead, then his or her legal representative must provide ***us*** with the written authorization.

If the holder of the information refuses to provide it to ***us*** despite the authorization, then at ***our*** request the ***person*** making claim or his or her legal representative must obtain the information and promptly provide it to ***us***; and

(4) allow ***us*** to inspect the vehicle that the ***insured occupied*** in the accident;

b.  Uninsured Motor Vehicle Coverage must report an accident, involving a ***motor vehicle*** or ***motorcycle*** whose owner and driver remain unknown, to the police within 24 hours and to ***us*** within 30 days. Failure to give ***us*** notice within 30 days will not void coverage if the ***person*** making claim can show that the delay did not prejudice ***us***; and

c.  Personal Injury Protection Coverage, Added Income Loss Benefits Coverage, Uninsured Motor Vehicle Coverage, and Underinsured Motor Vehicle Coverage must send ***us*** immediately a copy of all lawsuit papers if the ***insured*** files a lawsuit against the party liable for the accident.

## GENERAL TERMS

1. **When Coverage Applies**

   The coverages provided by this policy are shown on the Declarations Page and apply to accidents and *losses* that occur during the policy period. The policy period is shown on the Declarations Page and is for successive periods of six months each for which the renewal premium is paid. The policy period begins and ends at 12:01 AM Standard Time at the address shown on the Declarations Page.

2. **Where Coverage Applies**

   The coverages provided by this policy are shown on the Declarations Page and apply to accidents and *losses* that occur:

   a. in the United States of America and its territories and possessions;

   b. in Canada; and

   c. while a vehicle for which coverage is provided by this policy is being shipped between the ports of the United States of America, its territories, its possessions, and Canada.

   Liability Coverage, Personal Injury Protection Coverage, Added Income Loss Benefits Coverage, and Physical Damage Coverages also apply in Mexico within 50 miles of the United States of America border. A Physical Damage Coverage *loss* in Mexico is determined on the basis of cost at the nearest United States of America point.

   Death, Dismemberment and Loss of Sight Coverage applies anywhere in the world.

3. **Newly Owned or Newly Leased Car**

   If *you* want to insure a *car* newly *owned by you* with the *State Farm Companies* after that *car* ceases to be a *newly acquired car*, then *you* must either:

   a. request *we* replace the *car* currently shown on the Declarations Page of this policy with the *car* newly *owned by you* and pay *us* any added amount due. If *you* make such request while this policy is in force and:

   (1) before the *car* newly *owned by you* ceases to be a *newly acquired car*, then that *car* newly *owned by you* will be insured by this policy as *your car* beginning on the date the *car* newly *owned by you* is delivered to *you*. The added amount due will be calculated based on that date; or

   (2) after the *car* newly *owned by you* ceases to be a *newly acquired car*, then that *car* newly *owned by you* will be insured by this policy as *your car* beginning on the date and time *you* make the request. The added amount due will be calculated based on that date; or

   b. apply to the *State Farm Companies* for a separate policy to insure the *car* newly *owned by you*. Such policy will be issued only if both the applicant and the vehicle are eligible for coverage at the time of the application.

4. **Changes to This Policy**

   a. **Changes in Policy Provisions**

      *We* may only change the provisions of this policy by:

      (1) issuing a revised policy booklet, a revised Declarations Page, or an endorsement; or

      (2) revising this policy to give broader coverage without an additional premium charge. If any coverage provided by this policy is changed to give broader coverage, then *we* will give *you* the broader coverage as of the date *we* make the change effective in the state of Minnesota without issuing a revised policy booklet, a revised Declarations Page, or an endorsement.

41

9823A

b. **Change of Interest**

(1) No change of interest in this policy is effective unless *we* consent in writing.

(2) Except under Death, Dismemberment and Loss of Sight Coverage, if a named insured shown on the Declarations Page dies, then the definition of *insured* under each of the coverages provided by this policy is changed to include:

(a) any *person* with lawful custody of *your car*, a *newly acquired car*, or a *temporary substitute car* until a legal representative is qualified; and then

(b) the legal representative of the deceased named insured.

This only applies while such *person* is maintaining or using *your car*, a *newly acquired car*, or a *temporary substitute car*.

Policy notice requirements are met by mailing the notice to the most recent policy address that *we* have on record for the deceased named insured.

c. **Joint and Individual Interests**

If *you* consists of more than one *person* or entity, then each acts for all to change or cancel the policy.

d. **Change of Policy Address**

*We* may change the named insured's policy address as shown on the Declarations Page and in *our* records to the most recent address provided to *us* by:

(1) *you*; or

(2) the United States Postal Service.

5. **Premium**

a. Unless as otherwise provided by an alternative payment plan in effect with the **State Farm Companies** with respect to the premium for this policy, the premium is due and payable in full on or before the first day of the policy period shown on the most recently issued Declarations Page or Renewal Notice.

b. The renewal premium for this policy will be based upon the rates in effect, the coverages carried, the applicable limits, deductibles, and other elements that affect the premium that apply at the time of renewal.

c. The premium for this policy may vary based upon the purchase of other insurance from the **State Farm Companies**.

d. The premium for this policy is based upon information *we* have received from *you* or other sources. *You* must inform *us* if any information regarding the following is incorrect or incomplete, or changes during the policy period, and *you* must answer questions *we* ask regarding the following:

(1) *Your car*, or its use, including annual mileage;

(2) The *persons* who regularly drive *your car*, including newly licensed family members;

(3) *Your* marital status; or

(4) The location where *your car* is primarily garaged.

If the above information or any other information used to determine the premium is incorrect, incomplete, changes during the policy period, or is not provided to *us* when *we* ask, then *we* may decrease or increase the premium during the policy period. If *we* decrease the premium during the policy period, then *we* will provide a refund or a credit in the amount of the decrease. If *we* increase the premium during the policy period, then *you* must pay the amount of the increase.

6. **Renewal**

*We* agree to renew this policy for the next policy period upon payment of the renewal premium when due, unless *we* mail or deliver a nonrenewal notice or a cancellation notice as set forth in 7. and 8. below.

7. **Nonrenewal**

If *we* decide not to renew this policy, then, at least 60 days before the end of the current policy period, *we* will mail or deliver a nonrenewal notice to the most recent policy address that *we* have on record for the named insured who is shown on the Declarations Page.

8. **Cancellation**

a. **How You May Cancel**

*You* may cancel this policy by providing to *us* advance notice of the date cancellation is effective. *We* may confirm the cancellation in writing.

b. **How and When We May Cancel**

*We* may cancel this policy by mailing or delivering a written notice to the most recent policy address that *we* have on record for the named insured who is shown on the Declarations Page. The notice will provide the date cancellation is effective.

(1) If *we* mail or deliver a cancellation notice:

(a) during the first 59 days following this policy's effective date; or

(b) because the premium is not paid when due,

then the date cancellation is effective will be at least 10 days after the date *we* mail or deliver the cancellation notice.

Otherwise, the date cancellation is effective will be at least 30 days after the date *we* mail or deliver the cancellation notice.

(2) After this policy has been in force for more than 59 days, *we* will not cancel this policy before the end of the current policy period unless:

(a) the premium is not paid when due; or

(b) any of the following *persons* has, within the 36 months prior to the notice of cancellation, had his or her driver's license under suspension or revocation because of either a moving traffic violation or refusal to be tested under Minnesota Statutes Section 169A.20:

(i) a named insured shown on the Declarations Page; or

(ii) any other operator who either resides in that named insured's household or customarily operates *your car*, unless such operator is a named insured under another policy

c. **Return of Unearned Premium**

If *you* or *we* cancel this policy, then premium will be earned on a pro rata basis.

If *you* cancel, any unearned premium will be delivered to *you* within 30 days following receipt by *us* of *your* request for cancellation.

9. **Reduction of Limits**

*We* will not reduce the limits of liability for any coverage without giving the amount of notice required for cancellation.

10. **Assignment**

No assignment of benefits or other transfer of rights is binding upon *us* unless approved by *us*.

43
9823A

11. **Bankruptcy, Insolvency, or Dissolution of the Insured**

Bankruptcy, insolvency, or dissolution of the *insured* or his or her estate will not relieve *us* of *our* obligations under this policy.

12. **Concealment or Fraud**

There is no coverage under this policy if *you* or any other *person* insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

This provision does not apply to Liability Coverage.

13. **Our Right to Recover Our Payments**

a. Except under Personal Injury Protection Coverage, Added Income Loss Benefits Coverage, and Death, Dismemberment and Loss of Sight Coverage, the following apply:

(1) **Subrogation**

If *we* are obligated under this policy to make payment to or for a *person* or organization who has a legal right to collect from another *person* or organization, then *we* will be subrogated to that right to the extent of *our* payment.

The *person* or organization to or for whom *we* make payment must help *us* recover *our* payments by:

(a) doing nothing to impair that legal right;

(b) executing any documents *we* may need to assert that legal right; and

(c) taking legal action through *our* representatives when *we* ask.

(2) **Reimbursement**

If *we* make payment under this policy and the *person* or organization to or for whom *we* make payment

recovers or has recovered from another *person* or organization, then the *person* or organization to or for whom *we* make payment must:

(a) hold in trust for *us* the proceeds of any recovery; and

(b) reimburse *us* to the extent of *our* payment.

b. Under Personal Injury Protection Coverage and Added Income Loss Benefits Coverage, *we* are subrogated to the extent benefits are paid or payable, to the proceeds of any settlement for economic loss the injured *person* recovers from a party liable for the *bodily injury*. This applies only:

(1) when the accident occurs outside Minnesota; or

(2) when the claim against the liable party is based on an intentional tort, strict or statutory liability or negligence, other than negligence in the maintenance, use or operation of a *motor vehicle*

to the extent necessary to prevent duplication of benefits or reimbursement of the same loss.

c. Under Underinsured Motor Vehicle Coverage, to the extent of *our* payment, *we* also have an assignment of any judgment obtained by the *insured* against the parties liable for the *bodily injury*.

d. *We* will not:

(1) proceed against an *insured* in a subrogation action if the loss was caused by the nonintentional acts of that *insured*; or

(2) subrogate *ourselves* to the rights of an *insured* to proceed against another *person* or organization if:

(a) the loss was caused by the nonintentional acts of that *person* or organization; and

      (b) *we* insure that ***person*** or organization for the same loss.

e. ***Our*** right of recover does not apply:

    (1) under all coverages other than Liability Coverage, against a ***person*** 21 years of age or older who:

      (a) at a premises that ***person*** had control over and being in a reasonable position to prevent the consumption of alcoholic beverages, knowingly or recklessly permitted the consumption of alcoholic beverages that caused the intoxication of a ***person*** under 21 years of age; or

      (b) sold, bartered, furnished or gave to, or purchased alcoholic beverages for a ***person*** under 21 years of age that caused the intoxication of that ***person***

      and that intoxicated ***person*** caused the injury, loss or damage for which payment was made under this policy;

    (2) under Uninsured Motor Vehicle Coverage, to ***our*** pro-rata share of costs and fees of collection; and

    (3) under Death, Dismemberment, and Loss of Sight Coverage.

**14. Legal Action Against Us**

Legal action may not be brought against ***us*** until there has been full compliance with all the provisions of this policy. In addition, legal action may only be brought against ***us*** regarding:

a. Liability Coverage after the amount of damages an ***insured*** is legally liable to pay has been finally determined by:

    (1) judgment after an actual trial, and any appeals of that judgment if any appeals are taken; or

    (2) agreement between the claimant and ***us***.

b. Personal Injury Protection Coverage and Added Income Loss Benefits Coverage if the legal action relating to this coverage is brought against ***us*** within six years immediately following the date benefits are denied in writing.

c. Uninsured Motor Vehicle Coverage if the ***insured*** or that ***insured's*** legal representative within six years immediately following the date of the accident:

    (1) presents an Uninsured Motor Vehicle Coverage claim to ***us***; and

    (2) files a lawsuit in accordance with the **Deciding Fault and Amount** provision.

Except as provided in c.(2) above, no other legal action may be brought against ***us*** relating to Uninsured Motor Vehicle Coverage for any other causes of action that arise out of or are related to this coverage until there has been full compliance with the **Deciding Fault and Amount** provision.

d. Underinsured Motor Vehicle Coverage if the ***insured*** or that ***insured's*** legal representative within six years immediately following the date of settlement with or judgment against the underinsured motorist:

    (1) presents an Underinsured Motor Vehicle Coverage claim to ***us***; and

    (2) files a lawsuit in accordance with the **Deciding Fault and Amount** provision.

Except as provided in d.(2) above, no other legal action may be brought against ***us*** relating to Underinsured Motor Vehicle Coverage for any other causes of action that arise out of or are related to this coverage until there has been full compliance with the **Deciding Fault and Amount** provision.

e. Physical Damage Coverages if the legal action relating to these coverages is brought against *us* within one year immediately following the date of the accident or *loss*.

15. **Choice of Law**

Without regard to choice of law rules, the law of the state of:

a. Minnesota will control, except as provided in b. below, in the event of any disagreement as to the interpretation and application of any provision in this policy; and

b. Illinois will control in the event of any disagreement as to the interpretation and application of this policy's:

(1) Mutual Conditions provision found on the most recently issued Declarations Page, if this policy was issued by the State Farm Mutual Automobile Insurance Company; or

(2) Participating Policy provision found on the most recently issued Declarations Page, if this policy was issued by any subsidiary or affiliate of the State Farm Mutual Automobile Insurance Company.

16. **Severability**

If any provision of this policy is held invalid or unenforceable by a court that has jurisdiction, then:

a. such provision will remain in full force to the extent not held invalid or unenforceable; and

b. all other provisions of this policy will remain valid and enforceable.

Policy Form 9823A
©, Copyright, State Farm Mutual Automobile Insurance Company, 2008