IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNADETTE WILLIAMS, *et al.*, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>        Defendant. | No. 22 C 1422<br><br>Judge Virginia M. Kendall |

**MOTION TO APOINT INTERIM LEAD CLASS COUNSEL**

I.  **INTRODUCTION**

Pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure, Plaintiffs[1] move for the appointment of (i) Christopher A. Seeger and Christopher L. Ayers of Seeger Weiss LLP ("Seeger Weiss"), (ii) Chris Gold and Scott Edelsberg of Edelsberg Law, P.A. ("Edelsberg"), and (iii) Andrew J. Shamis of Shamis & Gentile, P.A. ("Shamis & Gentile"), (collectively, "Proposed Counsel") as Interim Lead Class Counsel in this putative class action. As discussed below, it is in the best interests of the proposed Class to have these three firms lead the prosecution of this action.

First, under Rule 23(g), the first factor the Court should consider in appointing class counsel is "the work counsel has done in identifying or investigating potential claims in the action." Fed. R. Civ. P. 23(g)(1)(A)(i). Proposed Counsel have done substantial work to investigate and develop the claims of the proposed Class. Indeed, the complaints that have been filed in this action (and in the earlier-filed *Munoz* action) are the result of an extensive, independent investigation undertaken by Proposed Counsel. As this Court is aware, Proposed Counsel have already invested time and effort preparing and litigating this case. In addition to their thorough pre-filing investigation, Proposed Counsel have filed detailed pleadings, successfully defeated State Farm's numerous motions for dismissal, and have conferred with counsel for State Farm to propose a discovery and case-management schedule. Each of these steps has ensured that this case will proceed expeditiously. Considering their work to advance the claims in this case, Proposed

---

[1] "Plaintiffs" refers collectively to Plaintiffs Bernadette Williams; Ivan Serrata Reyes; Rosilyn Wilson; Linda Lewis; Haunanimae Cervantes-White; Maria Munoz; Tracy Obrien; Kimberly Benson; Roy Tuinstra; Michelle Snyder; Patricia Couch; Sabrina Capers; William Ross Dean; Richard Dacheff; Kristy Keller; Jasimen Hernandez; Edgar Florian; Michael Grossberg; Merrill Love; Diane Newkirk; Sandra Smiling; Davey Johnston; Cynthia Roemer; Roque Espinoza; DJ Neill; Tyson Dewsnup; Deirdre Palmer. The claims of Plaintiffs Evelyn Brown, Latishia Bowden, Jennifer Payne, Rick McConnell, Latasha Huff, and Shaun Robert were severed and transferred to various other district courts under the Court's June 21, 2023, Memorandum Opinion and Order ("June 21 Order") [ECF No. 83].

Counsel are the appropriate attorneys to serve as Interim Lead Class Counsel. In addition, given the pendency of several "copycat" lawsuits in district courts across the country, appointment of interim counsel now makes sense to further the fair and adequate representation of the putative Class and to foster judicial economy by clarifying the attorneys responsible to represent Class members' interests.

Proposed Counsel also have demonstrated expertise in successfully managing complex class action and multidistrict litigation, have unmatched experience and expertise litigating consumer class action cases generally—and particularly those involving consumer fraud—and possess the financial and personnel resources necessary to vigorously pursue this litigation.

Proposed Counsel respectfully submit that, consistent with the terms of Rule 23(g) and the recommendation of the *Manual for Complex Litigation*, Proposed Counsel have done the work to investigate and prosecute the claims alleged against State Farm and have the knowledge, experience, and resources required to fairly and effectively represent the proposed Class. *See* Fed. R. Civ. P. 23(g)(4).

## II. BACKGROUND

Plaintiffs and the proposed Class in this putative nationwide class action are insureds who totaled their vehicles and then made claims under their insurance policies with State Farm. In calculating the actual cash value of these vehicles, State Farm applied an improper "typical negotiation adjustment," which reduced Plaintiffs' and Class members' total-loss payments. Plaintiffs allege that this "systematic and fraudulent scheme" devalued insureds' vehicles that were declared a total loss and served to "illegally increase [State Farm's] own profits." ECF No. 58 ("FAC"), ¶¶ 1-11.

Plaintiffs filed a FAC, which added Plaintiffs from additional states whose claims Proposed Counsel had investigated. *Id.* ¶¶ 25, 26, 32.[2] In the FAC, Plaintiffs bring 32 claims: violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count 1); breach of contract (Count 2); breach of the covenant of good faith and fair dealing (Count 3); fraudulent concealment (Count 4); fraud in the inducement (Count 5); unjust enrichment (Count 6); declaratory judgment (Count 7); and violation of 25 other state consumer protection statutes (Counts 8–33). *Id.* ¶¶ 75-637. As to their common-law claims (Counts 2-7), Plaintiffs invoke Illinois law, or in the alternative, the laws of 45 states and the District of Columbia. *Id.* at ¶¶ 65–66. Plaintiffs seek to represent a class of State Farm insureds in any state, except California, who "received a first-party total loss valuation and payment on an automobile total loss claim that included a 'typical negotiation' or similar adjustment." *Id.* at ¶ 65 & n.3.[3]

In its June 21 Order, the Court: (i) denied, in part, State Farm's Motion to Dismiss, Transfer, or Stay (but severed and transferred the claims of six Plaintiffs), (ii) denied State Farm's Renewed Motion to Compel Appraisal, or, in the Alternative, Dismiss or Grant Summary Judgment, and (iii) denied State Farm's Renewed Motion to Dismiss "Headless" Claims. *See* June 21 Order, ECF No. 83.

Since the Court's June 21 Order, Proposed Counsel and counsel for State Farm negotiated a proposed initial discovery and case-management schedule for the Court's consideration. ECF No. 87. Also, on July 19, 2023, Defendant filed its Rule 12(b)(6) motion to dismiss, and the Parties

---

[2] Prior to Plaintiffs' filing of the First Amended Class Action Complaint, State Farm had filed (i) a Motion for Temporary Stay, (ii) a Motion to Dismiss, Transfer, or Stay, (iii) a Motion to Compel Appraisal, or, in the Alternative, Dismiss or Grant Summary Judgment, and (iv) a Motion to Dismiss "Headless" Claims. *See* ECF Nos. 11, 28, 30, 33. Plaintiffs opposed each of these motions. *See* ECF Nos. 21, 36-38.
[3] Alternatively, Plaintiffs propose subclasses of insureds from 46 jurisdictions. *Id.* at ¶¶ 65–67.

3

have fully briefed Defendant's motion, which is pending before the Court. ECF Nos. 93-94, 99, 102.

Notably, shortly after Plaintiffs first-filed this action, several plaintiffs across the county brought "copycat" lawsuits against State Farm, relying on the same allegations set forth in the pleadings publicly filed by Proposed Counsel. To protect the interests of the putative class and combat the scourge of "copycat" lawsuits and in complex actions such as this one, the Court may appoint counsel to coordinate the prosecution of the litigation.

### III. THE APPOINTMENT OF INTERIM LEAD CLASS COUNSEL IS APPROPRIATE

#### A. The standards for appointing interim class counsel.

Federal Rule of Civil Procedure 23(g) was codified in 2003 to address "the reality that the selection and activity of class counsel are often critically important to the successful handling of a class action." Fed. R. Civ. P. 23(g), Committee Notes on Rules, 2003 Amendment. It provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Similarly, the *Manual for Complex Litigation* (4th ed. 2004) ("*Manual*") recommends that the Court select and authorize one or more attorneys to act on behalf of other counsel and their clients early in complex litigation. The designation of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual* § 21.11. Appointing interim counsel to perform these functions eliminates potential confusion and duplicative efforts, and it is therefore common practice for district courts to appoint interim class counsel before ruling on class certification. *Id.*

4

In selecting interim class counsel, district courts typically look to the mandatory criteria of Rule 23(g)(1)(A) governing the appointment of class counsel, namely "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A); *see, e.g.*, *Walker v. Discover Fin. Servs.*, No. 10-CV-6994, 2011 WL 2160889, at *3-5 (N.D. Ill. May 26, 2011); *In re Delphi ERISA Litig.*, 230 F.R.D. 496,498 (E.D. Mich. 2005); *Hill v. Tribune Co.*, No. 05-CV-2602, 2005 WL 3299144, at *3-4 (N.D. Ill. Oct.13, 2005). None of those factors is individually determinative; they provide a framework to determine whether counsel seeking appointment can fairly and adequately represent the class. Further, Rule 23(g)(1)(B) provides that a district court may, in its discretion, "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Application of these factors here strongly supports designating Proposed Counsel as Interim Lead Class Counsel.

### B. Seeger Weiss, Edelsberg, and Shamis & Gentile should be appointed Interim Lead Class Counsel.

All of the relevant considerations under Rule 23(g) favor the appointment of Proposed Counsel as Interim Lead Class Counsel for the putative Class of individuals harmed by State Farm's scheme to undervalue total-loss vehicles by applying the typical-negotiation adjustment.

#### 1. Proposed Counsel have been actively involved in this litigation for years and have effectively investigated and litigated the claims in this action.

In designating interim lead counsel, a court should consider the work undertaken by that counsel in identifying and investigating claims in the case. *See Moehrl v. Nat'l Ass'n of Realtors*, No. 19-CV-01610, 2020 WL 5260511, at *2 (N.D. Ill. May 30, 2020). Proposed Counsel have spent significant time and resources in investigating, evaluating, developing, and prosecuting this

5

case (and the earlier-filed *Munoz* case). Proposed Counsel have spent considerable time investigating reports of State Farm's fraudulent application of a typical-negotiation adjustment; reviewing dozens of insurance policies, including those of Plaintiffs; and researching and developing applicable legal theories and arguments. They have now successfully defeated numerous motions to dismiss filed by State Farm. *See* June 21 Order, ECF No. 83. And they have aggressively prosecuted this case against State Farm, including by submitting a proposed discovery schedule permitting third-party discovery to commence immediately and service of written discovery requests by July 28, 2023. ECF No. 87. Thus, even though this case is in its relatively early stages, Proposed Counsel have been involved in the investigation and prosecution of these claims against State Farm for nearly two years and have devoted considerable time to efficiently and effectively moving this case forward. These efforts have demonstrated a high standard of professionalism, dedication, and thoroughness, which have been marshaled to identify, develop, and defend the sufficiency of the claims alleged in the FAC. This substantial work supports the approval of Proposed Interim Class Counsel here.

> **2. Considering numerous "copycat" litigations, appointment of Proposed Counsel now will further the fair and adequate representation of the Class and foster judicial economy.**

Appointing Interim Counsel now also makes sense to limit "copycat" lawsuits concerning State's Farm's fraudulent application of a typical negotiation adjustment. These lawsuits, which track the allegations developed by Proposed Counsel, have proliferated in district courts across the country since the public filing of the *Munoz* Complaint in October 2021. The appointment of interim class counsel will help to curtail a flood of future competing litigations through pre-filing coordination. Moreover, to the extent that competing cases (or overlapping class actions) are filed in this District or elsewhere, appointment now will require attorneys in all cases to work together,

6

resulting in streamlined filings and improved judicial economy by "clarif[ying] responsibility for protecting the interests of the class during precertification activities." *Manual*, § 21.11 (4th ed. 2004). *See also Olosoni v. HRB Tax Grp., Inc.*, No. 19-CV-03610-SK, 2019 WL 7576680, at *6 (N.D. Cal. Nov. 5, 2019) ("Given the pendency of a nearly identical suit in another district court, the appointment of interim counsel here is not premature and will further the fair and adequate representation of the putative class by clarifying who is responsible for their interests."), *aff'd sub nom. Snarr v. HRB Tax Grp., Inc.*, 839 Fed. Appx. 53 (9th Cir. 2020).

### 3. Proposed Counsel's firms are some of the largest and most respected plaintiffs' firms in the country, with a proven record of obtaining extraordinary results for class members in complex class actions.

Courts applying Rule 23(g) place great emphasis on proposed lead counsel's experience with and knowledge of the applicable law. *See, e.g.*, *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004). Proposed Counsel have substantial experience in litigating consumer fraud class actions like this one, possess knowledge of the applicable law, and have experience and expertise in managing class and complex consumer litigation generally. As summarized in the following paragraphs and detailed in their firm resumes attached as Exhibits A (Seeger Weiss), B (Edelsberg), C (Shamis & Gentile), Proposed Counsel are recognized and proven leaders of the complex litigation bar who have consistently and successfully litigated class actions, multidistrict litigations, and other cases like this one. They have been appointed courts throughout the country to serve in leadership capacities in highly complex litigation.

In addition to their ample experience and qualifications, Proposed Counsel are supported by their firms—each of which is well-capitalized and fully capable and prepared to staff and fund this action. Indeed, the firms have already devoted significant time investigating the bases for the

7

claims asserted in this action and have devoted significant resources to researching, investigating, and drafting detailed pleadings and opposing dismissal.

Proposed Counsel respectfully submit that they have the requisite experience, resources, and commitment to lead this litigation.

- **Seeger Weiss**

Christopher L. Ayers is a partner of Seeger Weiss LLP. Christopher A. Seeger is one of the founding partners. The firm is broadly regarded as one of the nation's preeminent trial law firms, with an established track record of helping lead some of the most complex and impactful cases on behalf of injured parties. Seeger Weiss's cases frequently are at the forefront of the law on issues of importance to our communities, whether redressing the Opioid epidemic, obtaining life-changing benefits for former NFL players and their families, compensating thousands of veterans injured by 3M's defective earplugs, holding social media companies accountable for victimizing our children, seeking long-overdue justice for the family of Henrietta Lacks, or, here, holding Defendant accountable for defrauding its insureds.

Seeger Weiss has had the privilege to lead some of the most groundbreaking and socially consequential litigations in the U.S., securing key jury verdicts and negotiating innovative, effective mass- and class-action settlements collectively (and at times individually) recovering tens of billions of dollars for injured or aggrieved individuals. The firm's success at the negotiating table is built on our success in the courtroom. Counsel know that Seeger Weiss is willing and able to take large, complex cases to trial. Together with their team, Christopher A. Seeger and Mr. Ayers takes on corporations that abuse their positions of privilege and power.

In the cases Mr. Ayers litigates, he is called to cover the cases from "tip to tail": client vetting and pre-filing strategy; negotiation of case management orders; all contours of discovery

(and e-discovery), including conferrals, litigation of discovery disputes, document management, and depositions; expert development; dispositive and *Daubert* motion challenges and hearings; settlement; and trial and appeal. Though each case requires focus in different areas, Mr. Ayers works to ensure that his clients, and those of his peer plaintiff firms, are well served. In surveys of the profession, peers and adversaries have been kind in acknowledging his commitment to doing so. *E.g., Martindale-Hubbell US* "AV Preeminent" ("A tenacious advocate for his clients"; "[A]n extremely bright and talented lawyer. If I need input or insight into a complicated issue, he's one of my first phone calls"; "[A]n outstanding trial attorney whose talent shines through during oral advocacy"; "[A] formidable force").

Mr. Ayers is proficient in developing innovative and collaborative solutions to address the e-discovery and preservation of electronically stored information (ESI) challenges of large litigations today. This is an area in which Mr. Ayers has particular experience and expertise (both in litigation, scholarship, and speaking), and one in which he brings unique value for the benefit of all counsel and plaintiffs. Indeed, Mr. Ayers routinely serve as designated ESI counsel for plaintiffs in numerous cases.

The bulk of Mr. Ayers's experience has been in large complex litigations. He has been selected by the Courts and by peer firms to serve as Co-Lead counsel, a member of the Plaintiffs' Executive and/or Steering Committee, or trial counsel in a wide variety of cases and proceedings. Mr. Ayers has held appointments or played significant roles in complex and notable litigations. He has taken or defended numerous depositions on a wide variety of topics, in many diverse matters, including current or former corporate employees and representatives in all realms of the defendant companies. On the expert front, Mr. Ayers has been extensively involved in the development of experts to present in these litigations. He has also defended these expert witnesses at deposition

9

and taken the depositions of their counterparts designated by defendants.

Mr. Ayers and the firm have extensive experience and demonstrated leadership in consumer class actions. Mr. Ayers has supported Chris Seeger's efforts as Co-Lead Counsel in *American Medical Collection Agency, Inc., Customer Data Security Breach Litig.*, 2:19-md-2904-MCA-MAH (D.N.J.) before the Honorable Madeline Cox Arleo, concerning consumer data privacy claims involving millions of patients' highly sensitive medical information. Recently, Mr. Ayers was appointed E-Discovery Chair by the Honorable Christine P. O'Hearn in *In re Samsung Customer Data Security Breach Litigation*, MDL No. 3055 (D.N.J.), concerning consumer data privacy claims that impacted many of the electronic devices manufactured Samsung Electronics.

Mr. Ayers was appointed to leadership by the Honorable Carolyn Kuhl as member of the PEC and Co-Chair of E-Discovery Committee in *Social Media Cases,* JCCP 5255: 23STCV00707 (Los Angeles County Super. Ct.). He is also supporting Chris Seeger's effort as Co-Lead Counsel in *In Re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047 (N.D.C.A). Both litigations involve claims against social media companies for designing social media apps that target kids but are not safe for them to use. The plaintiffs are some of the children and families whom the social media defendants have harmed.

Mr. Ayers has developed expertise in prosecuting automotive defect cases. He was part of the leadership team in the Mercedes Emissions litigation, *In re Mercedes-Benz Emissions Litigation*, No. 16-881 (D.N.J.), which secured a $800 million settlement on behalf of U.S. owners and lessees. Among other things, he was charged with leading discovery and successfully secured one of the strongest ESI validation procedures and random sampling protocols to test the defendants' search methodologies and results and ensure that responsive documents are not being

10

inadvertently omitted. Mr. Ayers was also appointed Co-Lead Counsel by the Honorable Madeline Haikala in *Oliver v. American Honda Motor Co., Inc*., No. 5:20-cv-00666-MHH (N.D. Ala.), and member of the Plaintiffs' Executive Committee in *Maadanian v. Mercedes-Benz USA LLC, et al*, 2:22-cv-00665-RSL (W.D. Wash.), prosecuting fraud, product defect, and related claims.

Mr. Ayers has supported Chris Seeger's efforts as Co-Lead Counsel in *In re Intel Corp. CPU Marketing, Sales Practices, and Prods. Liab. Litig.*, MDL No. 2828 (D. Or.), concerning Intel's design and sale of defective CPUs, which exposed users to cyber-attacks; and in *In re FieldTurf Artificial Turf Marketing and Sales Practices Litig.,* MDL No. 2779 (D. NJ.), concerning FieldTurf's design and sale of defective artificial turf to schools and municipalities.

Seeger Weiss has led and tried some of the most complex and high-profile litigations in the nation, including multiple bellwether trials, in both state and federal courts, including *In re 3M Combat Arms Earplug Prods. Liab. Litig.,* MDL No. 2885 (N.D. FL) (Co-Lead), *In re NFL Players' Concussion Injury Litig.,* MDL No. 2323 (E.D. Pa.) (Co-Lead), *In re Volkswagen "Clean Diesel" Mktg., Sales Practices and Prods. Liab. Litig.*, MDL No. 2672 (N.D. Cal.) (PEC), and *In re Nat'l Prescription Opiate Litig.,* MDL No. 2804 (N.D. Ohio) (PEC).

Mr. Ayers has coordinated legal analysis and led the briefing of all manner of pre-trial legal challenges and discovery disputes, including dismissal, summary judgment, and *Daubert* oppositions (and occasionally affirmative *Daubert* challenges); discovery briefing, and motions *in limine*; and other pre-trial briefing. He has significant experience in all manner of federal practice. In the realm of Civil Procedure, Mr. Ayers is particularly well versed in the parameters of the Rules 26-37, and state-of-the-art practices to facilitate the production and review of large quantities information attendant to litigating the large cases in which I and my firm are involved.

11

Since cofounding the firm in 1999, Mr. Seeger has earned leadership appointments from state and federal courts throughout the U.S. in many of the most complex and impactful MDL and class litigations, securing key jury verdicts and negotiating innovative, effective settlements valued at tens of billions of dollars for individuals, municipalities, and private purchasers.

Mr. Seeger is uniquely qualified to lead settlement negotiations. In 2012, Mr. Seeger was appointed Co-Lead Counsel and served as chief negotiator on behalf of a class of approximately 20,000 retired players in ground-breaking litigation against the NFL, *In re National Football League Players' Concussion Injury Litig.*, MDL No. 2323 (E.D. Pa.). Mr. Seeger surmounted substantial legal and procedural challenges (including federal preemption, causation, and sub-classing issues) to lead settlement negotiations in coordination with subclass counsel. The results achieved there—including an uncapped settlement fund valued at approximately $1 billion—were overwhelmingly supported by the class. Mr. Seeger also was appointed to a specially-convened Plaintiffs' Settlement Negotiating Committee in an MDL comprising sprawling commercial claims by U.S. corn farmers concerning genetically-modified corn seed, *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591 (D. Kan.). There, he served as one of the principal negotiators of an announced $1.5 billion nationwide settlement.

Mr. Seeger served as a member of the Plaintiffs' Steering Committee in *In re Volkswagen "Clean Diesel" Mktg., Sales Practices and Prods. Liab. Litig.*, MDL No. 2672. In that case, Mr. Seeger served on the settlement subcommittee, was the liaison with the state court plaintiffs, and was an integral part of the plaintiffs' settlement negotiating team, negotiating settlements valued at over $15 billion. Mr. Seeger has continued his leadership role in complex multidistrict cases as a member of the Plaintiffs' Executive and Settlement

12

Committees in *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (N.D. Ohio), prosecuting negligence, fraud, and related claims. Mr. Seeger is currently Co-Lead Counsel prosecuting product liability claims in *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, MDL No. 2885 (N.D. Florida).

- **Edelsberg**

Mr. Gold has experience litigating all genre of class action and multidistrict litigation against the most sophisticated litigants, including cases involving false advertising, consumer fraud, data breach, privacy, securities fraud, merger & acquisitions, and insurance. Mr. Gold served on the Plaintiffs' Steering Committee in *In re Allergan Biocell Textured Breast Implant Prods, Liab. Litig.* (D.N.J.), and he sat on the Law and Briefing and Government Entity Committees in *In re Juul Labs, Inc. Mktg., Sales Pracs., & Prods. Liab. Litig.*, where he represented the School Boards of Broward and Miami-Dade County, and other government entities seeking damages caused by the public nuisance of youth e-cigarette use in those communities. Mr. Gold also served as Class Counsel in *In re Facebook Biometric Information Privacy Litigation*, No. 3:15-cv-03747-JD (N.D. Cal.), which achieved a $650 million settlement against Facebook in a landmark biometric privacy case. As a result of that record-breaking achievement, Mr. Gold was named one of Florida's Most Effective Lawyers in the Privacy category by American Law Media, 2020.

Mr. Gold also represented institutional investors and sovereign wealth funds in Brazilian arbitration proceedings against Brazilian oil giant, Petrobras, arising out of the company's massive Lava Jato fraud. Some of his other notable successes include a settlement valued at $15 million in *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.* (S.D. Cal.), a case arising from a massive data breach of Sony's PlayStation Network; a $15 million settlement in *Boland v.*

*Gerdau S.A.* (S.D.N.Y.) on behalf of investors in a Brazilian steel conglomerate that failed to disclose its alleged bribery of Brazilian tax authorities; a $9 million settlement in *In re Winn-Dixie Stores, Inc. S'holder Litig.* (Fla. 4th Cir. Ct.), for former Winn-Dixie shareholders whose stock was undervalued in a buyout of the company; and a $10 million settlement in *In re AuthenTec, Inc. S'holder Litig.* (Fla. 18th Cir. Ct.), on behalf of the former shareholders of AuthenTec following its buyout by Apple, which incorporated AuthenTec's fingerprint technology into the Apple iPhone.

Mr. Edelsberg is the founding partner of Edelsberg Law, PA and focuses his practice in the areas of class actions and consumer fraud. Mr. Edelsberg's broad-based litigation experience representing both plaintiffs and defendants provides him with an invaluable perspective when prosecuting claims on behalf of consumers who have been harmed by corporate wrongdoing. In connection with his representation in class action matters, Edelsberg has litigated cases in multiple state and federal jurisdictions throughout the country, including two multi-district litigation proceedings. In those cases, Edelsberg has won contested class certification motions, defended dispositive motions, engaged in data-intensive discovery and worked extensively with economics and information technology experts to build damages models. His efforts have lead to numerous class settlements, resulting in millions of dollars in relief for millions of class members.

- **Shamis & Gentile**

Andrew Shamis is the managing partner at Shamis & Gentile P.A. where he heads the class action and mass torts division of the firm. Mr. Shamis and his extensive experience in civil litigation has helped him recover over 1 billion dollars for consumers and plaintiffs throughout the country through his relentlessness, expertise, and calculated approach. Mr. Shamis is routinely certified class counsel which has resulted in many favorable class settlements.

In connection with litigating class cases throughout the country, Mr. Shamis has made it a point to become permanent members of many bars to effectively represent those communities. Mr. Shamis is permanently admitted to practice law in the states of Illinois, Florida, New York, Georgia, Ohio, Arizona, and Texas, as well as the U.S. District Courts for the Southern, Middle, and Northern Districts of Florida, Northern, Eastern, Western, and Southern Districts of New York, Northern and Southern District of Illinois, Northern, Middle, and Southern District of Georgia, Eastern and Western Districts of Michigan, Eastern and Western Districts of Wisconsin, Northern District and Southern Districts of Ohio, Southern District of Indiana, Eastern and Western Districts of Missouri, Western and Eastern Districts of Oklahoma, Northern, Western, Eastern, and Southern District of Texas, Eastern and Middle District of Tennessee, US District Court of Colorado, US District Court for Arizona, and the US District Court of Nebraska. Some of Mr. Shamis' successes include the following:

- *Albrecht v. Oasis Power, LLC*, No. 1:18-cv-1061 (N.D. Ill. 2018) ($7,000,000.00 ClassSettlement)

- *Bloom v. Jenny Craig, Inc.*, No. 1:18-cv-21820-KMM, 2018 U.S. Dist. LEXIS 151686(S.D. Fla. 2018) ($3,000,000 Class Settlement)

- *Cortazar v. CA Management Services Parent, LLC*, No. 19-cv-22075 (S.D. Fla. 2019)($1,500,000.00 Class Settlement)

- *DeFranks v. Nastygal.com USA Inc.*, No. 19-cv-23028-DPG (S.D. Fla. 2019) ($4,025,000 Class Settlement)

- *Deleon III, et. al. v. Direct General Insurance Company, et. al.*, No. 19-CA-001636 (9th Judicial Circuit, Osceola County) ($2,450,000 Class Settlement)

- *Dipuglia v. US Coachways, Inc.*, No. 17-23006-Civ, 2018 U.S. Dist. LEXIS 72551 (S.D.Fla. 2018) ($2,600,000 Class Settlement)

- *Eisenband v. Schumacher Automotive, Inc.*, No. 18-cv-01061 (S.D. Fla 2018) ($5,000,000 Class Settlement)

- *Flores v. Village Ford, Inc.*, No. 2:19-CV-12368 (E.D. Mich. 2019) ($1,050,000 Class

15

Settlement)

- *Gottlieb v. Citgo Corporation*, No. 16-cv-81911 (S.D. Fla. 2016) ($8,300,000 Class Settlement)

- *Halperin v. YouFit Health Clubs, LLC*, No. 18-CV-61722-WPD (S.D. Fla. 2018) ($1,418,635 Class Settlement)

- *Hindes v. Ohio Mutual Insurance Company*, No. 20CV007627 (Franklin County, OH) ($1,875,000 Class Settlement)

- *Jacques, et. al. v. Security National Insurance Company*, No. CACE-19-002236 (17th Judicial Circuit, Broward County) ($6,000,000 Class Settlement)

- *Jones v. Washington State Employee's Credit Union*, No. 20-2-06596-5 (Superior Court of the State of Washington County of Pierce) ($2,400,000 Class Settlement)

- *Marengo v. Miami Resch. Assocs., LLC*, No. 1:17-cv-20459-KMW, 2018 U.S. Dist. LEXIS122098 (S.D. Fla. 2018) ($1,236,300 Class Settlement)

- *McGowan v. First Acceptance Insurance Company, Inc.*, No. 21-CA-004864 (Fla. 9th Cir. Ct.) ($2,200,000 Class Settlement)

- *Ostendorf v. Grange Indem. Ins. Co.*, No. 2:19-CV-1147 (S.D. Ohio 2020) ($12,000,000 Class Settlement)

- *Papa v. Greico Ford Fort Lauderdale, LLC*, No. 1:18-cv-21897 (S.D. Fla. 2018) ($4,800,000 Class Settlement)

- *Patterson v. McCarthy Ford, Inc.*, No. 2020-CH-07042 (Circuit Court of Cook County, Illinois County Department, Chancery Division) ($1,870,000 Class Settlement)

- *Pena v. John C. Heath, Attorney at Law, PLLC, d/b/a Lexington Law Firm*, No. 18-cv-24407-UU (S.D. Fla. 2018) ($11,450,863 Class Settlement)

- *Petit Beau, et. al., v. Ocean Harbor Casualty Insurance Company*, No. CACE-18-029268 (17th Judicial Circuit, Broward County) ($4,500,000 Class Settlement)

- *Picton v. Greenway Chrysler-Jeep-Dodge Inc. d/b/a Greenway Dodge Chrysler Jeep*, No.19-cv-00196-GAP-DCI (M.D. Fla. 2019) ($2,745,000 Class Settlement)

- *Wijesinha v. Susan B. Anthony List, Inc.*, No. 18-cv-22880 (S.D. Fla. 2018) ($1,017,430 Class Settlement)

IV. **CONCLUSION**

The proposed interim leadership structure offers extensive experience, knowledge, and resources in the field of consumer class-action litigation. Appointing Seeger Weiss, Edelsberg, and Shamis & Gentile as Interim Lead Class Counsel for the putative Class will protect the interests of all putative Class members. *See* Fed. R. Civ. P. 23(g)(4) (class counsel must fairly and adequately represent the interests of the class). Plaintiffs and Proposed Counsel respectfully request that the Court adopt their suggested leadership structure and enter the proposed order submitted herewith.

Dated: September 5, 2023　　　　　　　　Respectfully submitted,

**SHAMIS & GENTILE, P.A.**

/s/ Andrew J. Shamis
Andrew J. Shamis, Esq.
14 NE 1st Avenue, Suite 705
Miami, FL 33132
(305) 479-2299
ashamis@shamisgentile.com

**EDELSBERG LAW, P.A.**
Scott Edelsberg*
Christopher Gold*
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
(786) 289-9471
scott@edelsberglaw.com
chris@edelsberglaw.com

**SEEGER WEISS LLP**
Christopher A. Seeger*
Christopher L Ayers*
55 Challenger Road, 6th Fl.
Ridgefield Park, NJ 07660
(973) 639-9100
cseeger@seegerweiss.com
cayers@seegerweiss.com

Scott A. George*

        1515 Market Street, Suite 1380
        Philadelphia, PA 19102
        (215) 564-2300
        sgeorge@seegerweiss.com

*admitted *pro hac vice*

*Counsel for Plaintiffs and the Proposed Class*