**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| BERNADETTE WILLIAMS, RICK MCCONNELL, IVAN SERRATA REYES, ROSILYN WILSON, LINDA LEWIS, LATASHA HUFF, HAUNANIMAE CERVANTES-WHITE, MARIA MUNOZ, TRACY OBRIEN, KIMBERLY BENSON, ROY TUINSTRA, EVELYN BROWN, MICHELLE SNYDER, PATRICIA COUCH, SABRINA CAPERS, WILLIAM ROSS DEAN, RICHARD DACHEFF, KRISTY KELLER, JASIMEN HERNANDEZ, EDGAR FLORIAN, MICHAEL GROSSBERG, MERRILL LOVE, DIANE NEWKIRK, SANDRA SMILING, DAVEY JOHNSTON, CYNTHIA ROEMER, SHAUN ROBERT, ROQUE ESPINOZA, JENNIFER PAYNE, LATISHIA BOWDEN, DJ NEILL, TYSON DEWSNUP, and DEIRDRE PALMER, on behalf of themselves and all others similarly situated, | Case No.: 1:22-cv-01422<br><br>Judge Virginia M. Kendall |
| Plaintiffs, |  |
| v. |  |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., |  |
| Defendant. |  |

**<u>DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED</u>**
**<u>CLASS ACTION COMPLAINT, AFFIRMATIVE DEFENSES,</u>**
**<u>AND JURY DEMAND</u>**

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") answers Plaintiffs' First Amended Class Action Complaint ("Complaint" or "FAC"), and admits, denies, and avers as follows:

Regarding Plaintiffs' first unnumbered paragraph, State Farm admits that Plaintiffs purport to bring their Complaint "on behalf of all others similarly situated." State Farm denies the remaining allegations in Plaintiffs' first unnumbered paragraph, if any.

## INTRODUCTION[1]

1.      State Farm denies that it has engaged in any "deceptive, fraudulent, and unfair scheme," denies that it "systematically undervalues total-loss vehicles," and denies that it "arbitrarily reduce[s]" any payment to insureds. State Farm denies the remaining allegations in Paragraph 1, if any.

2.      State Farm admits it has the option under its state-specific insurance policies, in the event a vehicle is deemed a total loss, to either repair or replace the totaled vehicle or pay its "actual cash value." State Farm denies that its insurance policies are "uniform" or "materially identical," as they vary from state to state. State Farm admits that Plaintiffs purport to attach as Exhibit 1 "copies of each Plaintiffs' policy" to the Complaint; State Farm denies that they have done so, as Exhibit 1 contains certain state-specific insurance policy booklets and amendments and endorsements and declaration pages for some, but not all, Plaintiffs. Regarding the insurance policies and amendments and endorsements and declaration pages Plaintiffs did attach as Exhibit 1, State Farm avers that those insurance policies and amendments and endorsements and declaration

---

[1] State Farm mimics the Complaint's headings for ease of reference. To the extent the Complaint's headings contain factual allegations, State Farm denies them.

pages speak for themselves. State Farm denies any allegation in Paragraph 2 that contradicts, or is not 100% consistent with, those insurance policies and amendments and endorsements and declaration pages. State Farm denies the remaining allegations in Paragraph 2, if any.

3.     State Farm denies that it avoids any contractual obligation; denies that it or any "third-party vendor" reduces total loss valuations, "systematically" or otherwise; denies that Plaintiffs' description of the process allegedly employed by the "third-party vendor" is accurate or complete; and denies that the "third-party vendor" applies any adjustment that is "arbitrary and baseless." Plaintiffs' allegation regarding what constitutes the "typical negotiation adjustment" is so vague and ambiguous to make a meaningful response impossible. To the extent one is required, State Farm denies the allegation because third party vehicle valuation vendors apply many adjustments to comparable vehicles, none of which are described with any particularity in Paragraph 3. State Farm denies the remaining allegations in Paragraph 3, if any.

4.     State Farm admits that, historically and in some states, the total loss settlement process sometimes includes obtaining a report from third-party Audatex North America, Inc. ("Audatex"), which is sometimes titled a "Market-Driven Valuation" report, and which sometimes provides a valuation based on comparable vehicles. Sometimes, but not always, valuations based on comparable vehicles include comparable vehicles that have been adjusted for typical negotiation. No typical negotiation adjustment is applied if the comparable vehicle's actual sold price is listed, or if the comparable vehicle is listed for sale by a known "no haggle" dealer. State Farm further admits that it has used "Market-Driven Valuation" reports from Audatex to assist claim handlers in estimating the actual cash value of totaled vehicles. State Farm denies that

that the typical negotiation adjustment is not based on any negotiations; denies that it is not based on any "market realities" (which go unidentified); and denies that Plaintiffs' description of the percentage range of the adjustment or other description of the adjustment is accurate or complete. State Farm further denies that the typical negotiation adjustment "artificially reduces" any payment for a totaled vehicle; denies that the adjustment is "significant" or "unconscionable"; and denies that its total loss payments are "never the insured vehicle's ACV." State Farm denies the allegations in Paragraph 4, if any.

5.      State Farm denies that it applies "arbitrary reductions" to any totaled vehicle, regardless of state. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding that the "projected sold adjustment" used by another third-party vendor not at issue here, Mitchell, is "effectively the same as a 'typical negotiation' adjustment." State Farm avers that the *Garner* Action was filed on March 10, 2008, and it alleged that State Farm's use of the Mitchell valuation product breached the insurance policy and California law because it allegedly violated a particular California insurance regulation. This case, by contrast, does not involve the Mitchell valuation product, does not involve California, and does not involve any California insurance regulation. No Plaintiff alleges his or her totaled vehicle was valued using the Mitchell valuation product. And Plaintiffs' Complaint specifically excludes California from the alleged geographic scope of this case: "Excluded from the Multistate Class are persons in California." (ECF No. 58 ¶ 65; *see also id.* ¶ 66 (excluding California from list of states).) State Farm avers further that Exhibit 2 of the Complaint speaks for itself and denies any allegation in Paragraph 5 that contradicts, or is not 100% consistent, with Exhibit 2. State Farm denies that the typical negotiation

adjustment is "arbitrary and unfair'; denies that State Farm—as opposed to Audatex—ever "use[d]" it; and denies that State Farm continues to use Audatex. State Farm denies the remaining allegations in Paragraph 5, if any.

6.      State Farm denies that it has engaged in any "fraudulent scheme" and denies that the appraisal provision, present in some insurance policies, is an "integral part" of any alleged fraudulent scheme. Plaintiffs' allegations regarding the content of the appraisal provision pertain to written documents that speak for themselves. State Farm denies any allegation in Paragraph 6 that contradicts, or is not 100% consistent with, those documents. State Farm avers that whether and to what extent an appraisal will ultimately be less than or more than the initial settlement offer will vary and depend on a claim-by-claim or case-by-case basis. State Farm denies that it "knows and intends" for insureds to forgo appraisal when a disagreement as to actual cash value arises; to the contrary, appraisal can be a fair, efficient, and superior process for resolving disagreements as to actual cash value. Regarding Plaintiffs' allegations as to what they and the alleged "members of the Class" would or would not have done, State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations. State Farm denies that there are any "members of the Class," as no class has been certified. State Farm denies the remaining allegations in Paragraph 6, if any.

7.      State Farm admits that Plaintiffs purport to challenge an alleged "systemic and fraudulent scheme." State Farm denies any such scheme exists or ever existed. State Farm further denies Plaintiffs' allegation that "this case does not present a dispute about ACV." State Farm denies the remaining allegations in Paragraph 7.

8.      State Farm denies the allegations in Paragraph 8.

9.     State Farm denies the allegations in Paragraph 9.

10.     State Farm denies the allegations in Paragraph 10.

11.     State Farm admits that Plaintiffs purport to seek for themselves, and on behalf of a putative class, damages, injunctive and declaratory relief, but denies that this case is appropriate for class treatment and denies that Plaintiffs are entitled to any relief. State Farm denies the remaining allegations in Paragraph 11, if any.

## PARTIES

### A.     Plaintiffs

12.     State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm specifically denies Plaintiffs' allegation that Plaintiff Williams owned a 2010 Toyota Camry LE 4-door sedan. State Farm denies the remaining allegations in Paragraph 12, if any.

13.     Plaintiff McConnell's claims were transferred under the first-filed rule. ECF No. 83 at PageID 4493, 4504. Accordingly, these claims are no longer at issue, and no response to these allegations is required.

14.     State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be

gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 14, if any.

15.     State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 15, if any.

16.     State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 16, if any.

17.     Plaintiff Huff's claims were transferred under the first-filed rule. ECF No. 83 at PageID 4493, 4504. Accordingly, these claims are no longer at issue, and no response to these allegations is required.

7

18.      State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm specifically denies that the vehicle referenced in Paragraph 18 "was insured under a Policy issued by Defendant." State Farm denies the remaining allegations in Paragraph 18, if any.

19.      State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 19, if any.

20.      State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies

any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 20, if any.

21. State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 21, if any.

22. State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 22, if any.

23. Plaintiff Brown's claims were transferred under the first-filed rule. ECF No. 83 at PageID 4493, 4504. Accordingly, these claims are no longer at issue, and no response to these allegations is required.

24. State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be

gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 24, if any.

25. State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 25, if any.

26. The Court held that Plaintiff Capers's breach of contract claims (Counts 2 and 3) were governed by Minnesota's No-Fault Act's arbitration requirement and compelled arbitration. It stayed Plaintiff Capers's remaining claims. ECF No. 126 at PageID 4776. To the extent a response to these allegations is still necessary, State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Audatex report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Audatex report. State Farm specifically

denies that the vehicle referenced in Paragraph 26 "was insured under a Policy issued by Defendant." State Farm denies the remaining allegations in Paragraph 26, if any.

27.    State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 27, if any.

28.    State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 28, if any.

29.    State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies

any allegation that contradicts, or is not 100% consistent, with the Autosource report. Farm denies the remaining allegations in Paragraph 29, if any.

30.     State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm specifically denies that any payment was made "under a Policy issued by Defendant" to Plaintiff. Rather, Plaintiff was paid as a third-party claimant, not as a first-party insured, under a contract of insurance to which Plaintiff was not a party. State Farm denies the remaining allegations in Paragraph 30, if any.

31.     State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 31, if any.

32.     State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be

gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm specifically denies that any payment was made "under a Policy issued by Defendant." State Farm further denies that any payment was made "under a Policy issued by Defendant" to Plaintiff. Rather, Plaintiff was paid as a third-party claimant, not as a first-party insured, under a contract of insurance to which Plaintiff was not a party. State Farm denies the remaining allegations in Paragraph 32, if any.

33.     State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 33, if any.

34.     State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies

any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 34, if any.

35.     State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 35, if any.

36.     Plaintiff Robert's claims were transferred under the first-filed rule. ECF No. 83 at PageID 4493, 4504. Accordingly, these claims are no longer at issue, and no response to these allegations is required.

37.     State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 37, if any.

38.     State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be

14

gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 38, if any.

39. State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 39, if any.

40. Plaintiff Payne's claims were transferred under the first-filed rule. ECF No. 83 at PageID 4493, 4504. Accordingly, these claims are no longer at issue, and no response to these allegations is required.

41. Plaintiff Bowden's claims were transferred under the first-filed rule. ECF No. 83 at PageID 4493, 4504. Accordingly, these claims are no longer at issue, and no response to these allegations is required.

42. State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource

report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm further denies that any payment was made "under a Policy issued by Defendant" to Plaintiff. Rather, Plaintiff was paid as a third-party claimant, not as a first-party insured, under a contract of insurance to which Plaintiff was not a party. State Farm denies the remaining allegations in Paragraph 42, if any.

43.     State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm specifically denies that the vehicle referenced in Paragraph 43 "was insured under a Policy issued by Defendant." State Farm denies the remaining allegations in Paragraph 43, if any.

44.     State Farm denies all allegations to the extent they are inconsistent with the claim file associated with this total loss. State Farm has produced the claim file associated with this total loss, from which dates, events, communications, and payments can all be gleaned. Accordingly, State Farm denies any allegations that contradict, or are not 100% consistent with, that claim file. Regarding Plaintiff's allegations regarding the Autosource report, the Autosource report is a document that speaks for itself, and State Farm denies any allegation that contradicts, or is not 100% consistent, with the Autosource report. State Farm denies the remaining allegations in Paragraph 44, if any.

**B. Defendant**

45.     State Farm admits that it is an Illinois company with its principal place of business in Illinois. State Farm admits that it provides insurance coverage in the United States.

## JURISDICTION AND VENUE

46.     State Farm admits that it is an Illinois company with its principal place of business in Illinois. State Farm denies that it engaged in any "tortious conduct," in Illinois or elsewhere, or that it committed any "wrongful acts," in Illinois or elsewhere. The remaining allegations in Paragraph 46 contain legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations. State Farm denies the remaining allegations in Paragraph 46, if any.

47.     State Farm admits that minimal diversity exists under the Class Action Fairness Act based on the allegations in Plaintiffs' Complaint. State Farm admits Plaintiffs' estimate there are more than 100 putative class members and the claimed aggregate compensatory damages allegedly exceed $5,000,000. State Farm denies that Plaintiffs are entitled to any damages. State Farm denies the remaining allegations in Paragraph 47, if any.

48.     State Farm admits that, with the exception of those Plaintiffs whom State Farm argued were subject to dismissal or transfer under the first-filed rule,[2] venue is proper in this District. State Farm denies the remaining allegations in Paragraph 48.

---

[2] State Farm acknowledges the court denied in part its motion to dismiss or transfer pursuant to the first-filed rule but includes this qualification on the propriety of venue for preservation purposes.

## FACTUAL ALLEGATIONS

49.     State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis, denies the allegations regarding what "insurance companies like Defendant" do or do not do. State Farm denies the remaining allegations in Paragraph 49, if any.

50.     State Farm denies the allegations in Paragraph 50.

51.     State Farm admits that, historically and in some states, the total loss settlement process sometimes included obtaining a report from third-party Audatex, which is sometimes titled a "Market-Driven Valuation" report, and which sometimes provides a valuation based on comparable vehicles. Usually, but not always, valuations based on comparable vehicles include comparable vehicles that have been adjusted for typical negotiation. No typical negotiation adjustment is applied if the comparable vehicle's actual sold price is listed, or if the comparable vehicle is listed for sale by a known "no haggle" dealer. State Farm further admits that it has used "Market-Driven Valuation" reports from Audatex to assist claim handlers in estimating the actual cash value of totaled vehicles. State Farm denies that State Farm "directed" Audatex to apply a typical negotiation adjustment to the value of comparable vehicles to the extent Plaintiffs' allegation implies State Farm has control over a valuation methodology that is proprietary to Audatex. State Farm denies the remaining allegations in Paragraph 51.

52.     State Farm denies that the typical negotiation adjustment is "arbitrary and unsupportable." Plaintiffs' allegations regarding what State Farm "represents" pertain to written documents that speak for themselves. State Farm denies any allegation that contradicts, or is not 100% consistent, with those documents. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis

18

denies, Plaintiffs' allegations regarding what information is disclosed to each Plaintiff and putative class member when each is presented with the terms of the insurance policy. State Farm denies Plaintiffs' characterization that any information on the Autosource report is "buried." Again, Plaintiffs' allegation pertains to written documents that speak for themselves. State Farm denies any allegation that contradicts, or is not 100% consistent, with those documents. State Farm denies the remaining allegations in Paragraph 52.

53. State Farm denies that the typical negotiation adjustment "is based on no negotiations"; denies that it "does not reflect market realities"; denies that it violates any insurance law or regulation; denies that it violates any policy provision; and denies that it is "arbitrary." State Farm denies that it "applies" a typical negotiation adjustment at all; to the contrary, the typical negotiation adjustment is a part of Audatex's proprietary methodology. State Farm further denies that Audatex does not consider whether dealerships ever negotiate; to the contrary, the typical negotiation adjustment is not applied to known "no haggle" dealerships. State Farm denies that the "predominant practice in the used car market" is "to avoid price negotiation by implementing 'no haggle' pricing." State Farm again avers that the typical negotiation adjustment is not applied to known "no haggle" dealerships. State Farm denies that Plaintiffs were "victimized" by any "scheme" State Farm further denies that there are "members of the Class," as no class has been certified and State Farm did not engage in any scheme. State Farm denies that, during the COVID-19 pandemic, used car sale prices "typically" increased. State Farm denies the remaining allegations in Paragraph 53, if any.

54. State Farm denies that Plaintiffs' description of the percentage range of the typical negotiation adjustment or other description of the adjustment is accurate or

complete. State Farm denies that the typical negotiation adjustment "meant to ensure" that its total loss payments are "significantly reduced." State Farm denies the remaining allegations in Paragraph 54, if any.

55.     State Farm admits that Plaintiffs purport not to contest certain matters listed in Paragraph 55, but denies that State Farm "selected" comparable vehicles, and denies State Farm "instructed Audatex to apply arbitrary, capricious, and invalid 'typical negotiation' adjustment across-the-board in determining its total-loss payments." State Farm denies the remaining allegations in Paragraph 55, if any.

56.     State Farm denies that it applies "arbitrary adjustments" to any totaled vehicle, regardless of state. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding that the "projected sold adjustment" used by another third-party vendor not at issue here, Mitchell, is "effectively the same as a 'typical negotiation' adjustment." State Farm avers that the *Garner* Action referenced in Paragraph 56 was filed on March 10, 2008, and it alleged that State Farm's use of the Mitchell valuation product breached the insurance policy and California law because it violated a particular California insurance regulation. This case, by contrast, does not involve the Mitchell valuation product, does not involve California, and does not involve any California insurance regulation. No Plaintiff alleges his or her totaled vehicle was valued using the Mitchell valuation product. And Plaintiffs' Complaint specifically excludes California from the alleged geographic scope of this case: "Excluded from the Multistate Class are persons in California." (ECF No. 58 ¶ 65; *see also id.* ¶ 66 (excluding California from list of states).) State Farm avers further that Exhibit 2 of the Complaint speaks for itself and denies any allegation in Paragraph 56 that contradicts, or is not 100% consistent, with Exhibit 2. State Farm denies that the typical

negotiation adjustment is "arbitrary and unfair'; denies that State Farm—as opposed to Audatex—ever "use[d]" it; and denies that State Farm continues to use Audatex. State Farm denies the remaining allegations in Paragraph 56, if any.

57. State Farm denies that it has engaged in any "fraudulent scheme" and denies that the appraisal provision, present in some insurance policies, is an "integral part" of any alleged fraudulent scheme. Plaintiffs' allegations regarding the content of the appraisal provision pertain to written documents that speak for themselves. State Farm denies any allegation in Paragraph 57 that contradicts, or is not 100% consistent with, those documents. State Farm avers that whether and to what extent an appraisal will ultimately be less than or more than the initial settlement offer will vary and depend on a case-by-case basis. State Farm denies that it "knows" insureds will forgo appraisal when a disagreement as to actual cash value arises; to the contrary, appraisal can be a fair, efficient, and superior process for resolving disagreements as to actual cash value. State Farm denies that Plaintiffs "and the Class" have any "statutory and common law rights" that require vindicating; if there is disagreement as to the actual cash value amount, for those policies that require it appraisal is mandatory upon written demand. State Farm denies that State Farm's total loss payments were "corrupted" by the typical negotiation adjustment. State Farm denies that there is any "Class," as no class has been certified. State Farm denies the remaining allegations in Paragraph 57, if any.

58. State Farm denies that "this case does not present a dispute about ACV." It clearly does. State Farm denies that there is any "fraudulent scheme," denies that it "illegally undervalue[s]" any totaled vehicle, and denies that it allegedly does so to "increase its own profits." State Farm avers that appraisal can be a fair, efficient, and

superior process for resolving disagreements as to actual cash value. State Farm denies the remaining allegations in Paragraph 58, if any.

59.     State Farm denies the allegations in Paragraph 59.

## APPLICATION OF ILLINOIS LAW NATIONWIDE

60.     State Farm denies the allegations in Paragraph 60.

61.     State Farm admits that its principal place of business is in Illinois. State Farm denies that it engaged in any "deceptive scheme" and denies that any scheme was "developed" anywhere or "emanated" from anywhere. State Farm denies the remaining allegations in Paragraph 61, if any.

62.     State Farm denies that it carried out any "scheme." Plaintiffs' allegations regarding where State Farm's insurance policies were allegedly "developed and drafted" is so vague and ambiguous as to make a meaningful response impossible. To the extent one is required, State Farm denies the allegations. State Farm denies the remaining allegations in Paragraph 62, if any.

63.     The allegations in Paragraph 63 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 63. State Farm denies any insinuation that it "engage[d] in fraud on a systematic and national level." State Farm denies the remaining allegations in Paragraph 63, if any.

64.     The allegations in Paragraph 64 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 64 because they are directly contrary to other states' interests, directly contrary to law, and directly contrary to the choice of law provisions in Plaintiffs' insurance policies. State Farm denies the remaining allegations in Paragraph 64, if any.

## CLASS ACTION ALLEGATIONS

65. State Farm admits that Plaintiffs purport to bring this action on behalf of themselves and on behalf of a proposed "Multistate Class" defined in Paragraph 65. State Farm denies that the proposed "Multistate Class" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class." State Farm denies that the proposed class is properly defined. State Farm denies the remaining allegations in Paragraph 65.

66. State Farm admits that Plaintiffs purport to bring this action on behalf of a proposed "Subclass" defined in Paragraph 66. State Farm denies that any proposed "Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for any proposed "Subclass." State Farm denies that any proposed "Subclass" is properly defined. State Farm denies the remaining allegations in Paragraph 66.

67. State Farm admits that Plaintiffs purport to refer to the proposed "Multistate Class" and proposed "Subclasses" as the "Class" in the Complaint. State Farm denies the remaining allegations in Paragraph 67.

68. State Farm admits that Plaintiffs purport to exclude certain groups from their putative class definitions. State Farm denies that any of the putative classes are properly defined. State Farm denies that Plaintiffs' action can be properly certified as a class action. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for any proposed classes. State Farm denies the remaining allegations in Paragraph 68.

69.     State Farm admits that Plaintiffs purport to reserve certain rights, but denies that Plaintiffs properly may reserve such rights. State Farm denies the remaining allegations in Paragraph 69.

70.     State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, Plaintiffs' allegation regarding the estimated size of the putative classes. State Farm denies that the putative classes are properly defined. State Farm denies that Plaintiffs' proposed classes properly can be certified. State Farm denies the remaining allegations in Paragraph 70.

71.     State Farm denies that the purported issues listed are common questions, denies that the answers to those purportedly common questions are themselves common, and denies and the answers to those common questions predominate over individualized issues. State Farm denies that commonality and predominance are met. State Farm denies that the putative classes are properly defined. State Farm denies that Plaintiffs' proposed classes properly can be certified. State Farm denies the remaining allegations in Paragraph 71.

72.     State Farm denies that Plaintiffs' claims are typical of other proposed class members' claims. State Farm denies that the putative classes are properly defined. State Farm denies that Plaintiffs' proposed classes properly can be certified. State Farm denies the remaining allegations in Paragraph 72.

73.     State Farm denies that Plaintiffs are adequate representatives and that the interests of the proposed classes will be fairly and adequately protected by Plaintiffs and their counsel. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding the adequacy of counsel. State Farm denies that the putative classes are properly defined. State Farm

24

denies that Plaintiffs' proposed classes properly can be certified. State Farm denies the remaining allegations in Paragraph 73.

74. State Farm denies that a proposed class action is superior to other available means for the fair and efficient adjudication of this controversy. State Farm avers that appraisal can be a fair, efficient, and superior process for resolving disagreements as to actual cash value, among other avenues. State Farm denies that no unusual difficulties are likely to be encountered in the management of this class action and denies that any proposed class action is manageable. State Farm denies that individual actions are impracticable. State Farm denies that the putative classes are properly defined. State Farm denies that Plaintiffs' proposed classes properly can be certified. State Farm denies the remaining allegations in Paragraph 74.

## I. CLAIMS BROUGHT ON BEHALF OT HE MULTISTATE CLASS AND STATE SUBCLASSES

### COUNT 1

### VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT 815 ILCS, 505/1, et seq.

75. State Farm incorporates by reference its responses to all preceding paragraphs.

76. State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and, in the alternative, on behalf of the Illinois subclass of insureds who received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that Plaintiffs can bring this claim extraterritorially and deny that the proposed "Multistate Class" or the proposed Illinois subclass properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of

25

numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or Illinois subclass. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "members" of any class, as no class has been certified. State Farm denies the remaining allegations in Paragraph 76.

77.     The allegations in Paragraph 77 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 77.

78.     The allegations in Paragraph 78 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 78.

79.     The allegations in Paragraph 79 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 79.

80.     The allegations in Paragraph 80 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 80 that contradicts, or is not 100% consistent with, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

81.     State Farm denies the allegations in Paragraph 81.

82.     State Farm denies the allegations in Paragraph 82.

83.     State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 83, if any.

84.     State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 84, if any.

85.     State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 85, if any.

86.     State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 86, if any.

87.     The allegations in the first sentence of Paragraph 87 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 87. State Farm further denies that there

are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 87.

88.     State Farm denies the allegations in Paragraph 88. State Farm further denies that there are any "Class members," as no class has been certified.

89.     State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 89.

90.     State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 90, if any.

91.     State Farm denies the allegations in Paragraph 91. State Farm further denies that there are any "Class members," as no class has been certified.

92.     State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 92. State Farm denies that the proposed "Multistate Class" and Illinois subclass properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and Illinois subclass. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are

any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed Illinois subclass are entitled to any of the relief stated in Paragraph 92. State Farm denies the remaining allegations in Paragraph 92, if any.

## COUNT 2

### BREACH OF CONTRACT

93.     State Farm incorporates by reference its responses to all preceding paragraphs.

94.     State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and, in the alternative, on behalf of the each state Subclass under the law of each state in which Plaintiffs and proposed Class members were insured by Defendant and received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed subclasses properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 94.

95.     State Farm denies that all Plaintiffs were insured under a policy issued by State Farm. State Farm further denies that there are any "Class members," as no class has been certified. State Farm is without knowledge or information sufficient to form a belief

as to the truth of, and on that basis denies, the allegations regarding purported "other Class members." State Farm denies the remaining allegations in Paragraph 95.

96.     State Farm denies that all Plaintiffs had insurance contracts with State Farm, and therefore denies that all Plaintiffs made claims under those insurance contracts. State Farm further denies that there are any "Class members," as no class has been certified. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding purported "other Class members." State Farm denies the remaining allegations in Paragraph 95.

97.     State Farm admits that, when it was obligated to do so, it paid the actual cash value of a totaled vehicle in accordance with the applicable insurance policy provision, with payment being made either to the lienholder or the insured or some combination of the two. State Farm denies that all Plaintiffs were insured under a policy issued by State Farm. State Farm denies that all Plaintiffs had insurance contracts with State Farm, and therefore denies that all Plaintiffs made claims under those insurance contracts. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding purported "other Class members." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 97.

98.     State Farm denies the allegations in Paragraph 98. State Farm further denies that there are any "Class members," as no class has been certified.

99.     State Farm denies the allegations in Paragraph 99. State Farm denies that all Plaintiffs were insured under a policy issued by State Farm. State Farm denies that all Plaintiffs had insurance contracts with State Farm, and therefore denies that all Plaintiffs

made claims under those insurance contracts. State Farm further denies that there are any "Class members," as no class has been certified.

100.    State Farm denies the allegations in Paragraph 100.

## COUNT 3

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

101.    State Farm incorporates by reference its responses to all preceding paragraphs.

102.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and, in the alternative, on behalf of each state Subclass under the law of each state in which Plaintiffs and proposed Class members were insured by Defendant and received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed subclasses properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 102.

103.    The allegations in Paragraph 103 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies that the allegations in Paragraph 103 fully and accurately state its duties under the applicable insurance policy or applicable law, and therefore denies the allegations in Paragraph 103.

104. The allegations in Paragraph 104 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies that the allegations in Paragraph 104 fully and accurately state its duties under the applicable insurance policy or applicable law, and therefore denies the allegations in Paragraph 104.

105. The allegations in Paragraph 105 are legal conclusions to which no response is required. To the extent a response is required, State Farm states that the contents of the insurance policies speak for themselves. State Farm denies any allegation in the Complaint that contradicts, or is not 100% consistent with, those insurance policy provisions. State Farm denies the remaining allegations in Paragraph 105, if any.

106. State Farm denies the allegations in Paragraph 106.

107. State Farm denies the allegations in Paragraph 107, including all subparts.

108. State Farm denies the allegations in Paragraph 108. State Farm further denies that there is any "Class" or are any "Class members," as no class has been certified.

## COUNT 4

## FRAUDULENT CONCEALMENT

109. State Farm incorporates by reference its responses to all preceding paragraphs.

110. State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and, in the alternative, on behalf of the each state Subclass under the law of each state in which Plaintiffs and proposed Class members were insured by Defendant and received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed subclasses properly can be certified. State Farm further denies that

Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 110.

111. State Farm denies that all Plaintiffs purchased an insurance policy from State Farm. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding purported "Class members." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 111.

112. The allegations in Paragraph 112 are legal conclusions to which no response is required. To the extent a response is required, State Farm states that the contents of the insurance policies speak for themselves. State Farm denies any allegation in the Complaint that contradicts, or is not 100% consistent with, those insurance policy provisions. State Farm denies the remaining allegations in Paragraph 112.

113. State Farm denies the allegations in Paragraph 113.

114. State Farm denies the allegations in Paragraph 114.

115. State Farm denies the allegations in Paragraph 115.

116. State Farm denies the allegations in Paragraph 116. State Farm further denies that there are any "Class members," as no class has been certified.

117. State Farm denies that it "systematically undervalued" any total loss vehicle, denies that it concealed anything, and denies that the typical negotiation adjustment lacks "legal or factual justification." State Farm is without knowledge or information to form a belief as to the truth of, and on that basis denies, Plaintiffs' allegations regarding what

"factor[s]" were or were not important to them in deciding whether to purchase an insurance policy, whether to purchase particular insurance coverages, and from what insurer or insurers to purchase coverage. Plaintiffs' allegations that insurance policies are "expensive" and they "trusted" State Farm are so vague and ambiguous as to make a meaningful response impossible. To the extent one is required, State Farm denies the allegations. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 117.

118.    State Farm denies the allegations in Paragraph 118. State Farm further denies that there are any "Class members," as no class has been certified.

119.    State Farm denies the allegations in Paragraph 119. State Farm further denies that there are any "Class members," as no class has been certified.

120.    State Farm denies the allegations in Paragraph 120, including all subparts. State Farm further denies that there are any "Class members," as no class has been certified.

121.    The allegations in Paragraph 112 pertain to written documents that speak for themselves. State Farm denies any allegation in Paragraph 112 that contradicts, or is not 100% consistent with, those documents. are legal conclusions to which no response is required. State Farm denies the remaining allegations in Paragraph 121. State Farm further denies that there are any "Class members," as no class has been certified.

122.    State Farm denies that it misrepresented or omitted any alleged material fact. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding Plaintiffs' awareness or unawareness of any material fact and what they would have done had they known such

allegedly material facts. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 122.

123. State Farm denies the allegations in Paragraph 123. State Farm further denies that there are any "Class members," as no class has been certified.

124. State Farm denies that Plaintiffs' actions were justified, denies that it was in "exclusive control" of material facts, and denies that such facts were unknown to the public and Plaintiffs. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 124.

125. State Farm denies that Plaintiffs can demonstrate reliance, reasonable or otherwise, and denies that it fraudulently misrepresented or omitted anything. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 125.

126. State Farm denies the allegations in Paragraph 126. State Farm further denies that there are any "Class members," as no class has been certified.

127. State Farm denies the allegations in Paragraph 127. State Farm further denies that there are any "Class members," as no class has been certified.

128. State Farm denies the allegations in Paragraph 128. State Farm further denies that there are any "Class members," as no class has been certified. State Farm specifically denies that Plaintiffs are entitled to any relief and denies that any assessment of punitive damages is warranted or justified.

## COUNT 5

## FRAUD IN THE INDUCEMENT

129. State Farm incorporates by reference its responses to all preceding paragraphs.

130.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and, in the alternative, on behalf of the each state Subclass under the law of each state in which Plaintiffs and proposed Class members were insured by Defendant and received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed subclasses properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 130.

131.    State Farm denies the allegations in Paragraph 131. State Farm further denies that there are any "Class members," as no class has been certified.

132.    State Farm denies that Plaintiffs can demonstrate reliance, justifiable or otherwise, and denies that it fraudulently misrepresented anything. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 132.

133.    State Farm denies the allegations in Paragraph 133. State Farm further denies that there are any "Class members," as no class has been certified.

134.    State Farm denies that it misrepresented or omitted any material fact. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs allegedly would have done had they known such allegedly material facts. State Farm further denies that there

are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 134.

135.    State Farm denies the allegations in Paragraph 135.

136.    State Farm denies the allegations in Paragraph 136. State Farm further denies that there are any "Class members," as no class has been certified. State Farm specifically denies that Plaintiffs are entitled to any relief and denies that any assessment of punitive damages is warranted or justified.

## COUNT 6

## UNJUST ENRICHMENT

137.    State Farm incorporates by reference its responses to all preceding paragraphs.

138.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and, in the alternative, on behalf of the each state Subclass under the law of each state in which Plaintiffs and proposed Class members were insured by Defendant and received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed subclasses properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 138.

139.   State Farm admits that Plaintiffs purport to plead this claim separately as well as in the alternative to their other claims. State Farm denies that it is appropriate for them to do so, as Plaintiffs must elect between a legal and equitable remedy. State Farm denies the remaining allegations in Paragraph 139.

140.   State Farm denies the allegations in Paragraph 140. State Farm further denies that there are any "Class members," as no class has been certified.

141.   State Farm denies that it misrepresented, omitted, concealed, or failed to disclose any material fact. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs allegedly would have done had they known such allegedly material facts. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 141.

142.   State Farm denies the allegations in Paragraph 142. State Farm further denies that there are any "Class members," as no class has been certified.

143.   State Farm denies the allegations in Paragraph 143. State Farm further denies that there are any "Class members," as no class has been certified. State Farm specifically denies that Plaintiffs are entitled to any relief.

## COUNT 7

## DECLARATORY JUDGMENT

144.   State Farm incorporates by reference its responses to all preceding paragraphs.

145.   State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and, in the alternative, on behalf of the each state Subclass under the law of each state in which Plaintiffs and

proposed Class members were insured by Defendant and received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed subclasses properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 145.

146.     The allegations in Paragraph 146 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 146.

147.     State Farm admits that Plaintiffs purport to seek a declaration of rights and liabilities for themselves, and on behalf of a proposed "Class," on the issues stated in Paragraph 147. State Farm denies that the proposed "Class" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Class." State Farm denies that the proposed "Class" is properly defined. State Farm denies that Plaintiffs are entitled to the declaration of rights and liabilities as set forth in Paragraph 147. State Farm denies the remaining allegations in Paragraph 147.

148.     State Farm denies that it engaged in an "unlawful common policy and general business practice." State Farm denies that the alleged "unlawful common policy and general business practice" is ongoing. State Farm denies that it has breached or continues to breach any insurance contract. State Farm further denies that there are any

39

"Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 148, if any.

149. State Farm denies the allegations in Paragraph 149.

## II. STATE LAW CONSUMER PROTECTION CLAIMS BROUGHT ON BEHALF OF THE STATE SUBCLASSES

### A. Alaska

### COUNT 8

### VIOLATION OF THE ALASKA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT
### ALASKA STAT. ANN. § 45.50.471, et seq.

150. State Farm incorporates by reference its responses to all preceding paragraphs.

151. State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of an "Arkansas [sic] Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "Arkansas Subclass" (or a proposed "Alaska Subclass," to the extent Plaintiffs intended to plead one) properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm denies the remaining allegations in 151.

152. The allegations in Paragraph 152 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 152.

153.     The allegations in Paragraph 153 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 153 that contradicts, or is not 100% consistent with, the Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Stat. Ann. § 45.50.471.

154.     State Farm denies the allegations in Paragraph 154.

155.     State Farm denies the allegation that "Defendant also failed to comply with Alaska law." State Farm denies that Plaintiffs' allegations regarding Alaska law are accurate or complete. The remaining allegations in Paragraph 155 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 155.

156.     State Farm denies the allegations in Paragraph 156.

157.     State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 157.

158.     State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 158, if any.

159.     State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 159, if any.

160.     State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 160, if any.

161.     The allegations in the first sentence of Paragraph 161 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 161. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 161.

162.     State Farm denies the allegations in Paragraph 162. State Farm further denies that there are any "Class members," as no class has been certified.

163.     State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 163.

164.    State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 164, if any.

165.    State Farm denies the allegations in Paragraph 165. State Farm further denies that there are any "Class members," as no class has been certified.

166.    State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 166. State Farm denies that the proposed "Multistate Class" and "Arkansas Subclass" (or a proposed "Alaska Subclass," to the extent Plaintiffs intended to plead one) properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Arkansas Subclass" (or a proposed "Alaska Subclass," to the extent Plaintiffs intended to plead one). State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "Arkansas Subclass" (or a proposed "Alaska Subclass," to the extent Plaintiffs intended to plead one) are entitled to any of the relief stated in Paragraph 166. State Farm denies the remaining allegations in Paragraph 166.

**B.      Arkansas**

## COUNT 9

**VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT**
**Ark. Code § 4-88-101, *et. seq.***

167.    State Farm incorporates by reference its responses to all preceding paragraphs.

168.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of an "Arkansas Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "Arkansas Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm denies the remaining allegations in Paragraph 168.

169.    The allegations in Paragraph 169 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 169.

170.    The allegations in Paragraph 170 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 170.

171.    The allegations in Paragraph 171 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 171.

172.    The allegations in Paragraph 172 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 172 that contradicts, or is not 100% consistent with, the Arkansas Deceptive Trade Practices Act, A.C.A. §§ 4-88-101, *et seq.*

173.    State Farm denies the allegations in Paragraph 173.

174.    State Farm denies the allegations in Paragraph 174.

175.    State Farm denies the allegation that "Defendant also fail [sic] to comply with Arkansas law." State Farm denies that Plaintiffs' allegations regarding Arkansas law are accurate or complete. The remaining allegations in Paragraph 175 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 175.

176.    State Farm denies the allegations in Paragraph 176.

177.    State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 177.

178.    State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce

any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 178, if any.

179. State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 179, if any.

180. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 180, if any.

181. The allegations in the first sentence of Paragraph 181 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 181. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 181.

182. State Farm denies the allegations in Paragraph 182. State Farm further denies that there are any "Class members," as no class has been certified.

183. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied

46

upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 183.

184.    State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 184, if any.

185.    State Farm denies the allegations in Paragraph 185. State Farm further denies that there are any "Class members," as no class has been certified.

186.    State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 186. State Farm denies that the proposed "Multistate Class" and "Arkansas Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Arkansas Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "Arkansas Subclass" are entitled to any of the relief stated in Paragraph 186. State Farm denies the remaining allegations in Paragraph 186.

C.     **Colorado**

**COUNT 10**

**VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT**
**COLO. REV. STAT. § 6-1-101, et seq.**

187.    State Farm incorporates by reference its responses to all preceding paragraphs.

188.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "Colorado Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "Colorado Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 188.

189.    The allegations in Paragraph 189 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 189.

190.    The allegations in Paragraph 190 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 190.

191.    The allegations in Paragraph 191 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 191 that contradicts, or is not 100% consistent with, the Colorado Consumer Protection Act, COLO. REV. STAT. § 6-1-105.

192.    State Farm denies the allegations in Paragraph 192.

193.    State Farm denies the allegation that "Defendant also failed to comply with Colorado law." State Farm denies that Plaintiffs' allegations regarding Colorado law are accurate or complete. The remaining allegations in Paragraph 193 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 193.

194.    State Farm denies the allegations in Paragraph 194.

195.    State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 195, if any.

196.    State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 196, if any.

197.    State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 197, if any.

198.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 198, if any.

199.    The allegations in the first sentence of Paragraph 199 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 199. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 199.

200.    State Farm denies the allegations in Paragraph 200. State Farm further denies that there are any "Class members," as no class has been certified.

201.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 201.

202.   State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 202, if any.

203.   State Farm denies the allegations in Paragraph 203. State Farm further denies that there are any "Class members," as no class has been certified.

204.   State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 204. State Farm denies that the proposed "Multistate Class" and "Colorado Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Colorado Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "Colorado Subclass" are entitled to any of the relief stated in Paragraph 204. State Farm denies the remaining allegations in Paragraph 204.

**D.     Connecticut**

## COUNT 11

**VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT
CONN. GEN. STAT. TITLE 42, Ch. 735a, et seq.**

205.   State Farm incorporates by reference its responses to all preceding paragraphs.

206.   State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "Connecticut Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "Connecticut Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 206.

207.   The allegations in Paragraph 207 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 207.

208.   The allegations in Paragraph 208 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 208.

209.    The allegations in Paragraph 209 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 209 that contradicts, or is not 100% consistent with, the Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. § 42-110b(a).

210.    State Farm denies the allegations in Paragraph 210.

211.    State Farm denies the allegation that "Defendant also failed to comply with Connecticut law." State Farm denies that Plaintiffs' allegations regarding Connecticut law are accurate or complete. The remaining allegations in Paragraph 193 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 211.

212.    State Farm denies the allegations in Paragraph 212.

213.    State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 213, if any.

214.    State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 214, if any.

215.    State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 215, if any.

216.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 216, if any.

217.    The allegations in the first sentence of Paragraph 217 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 217. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 217.

218.    State Farm denies the allegations in Paragraph 218. State Farm further denies that there are any "Class members," as no class has been certified.

219.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 219.

220.    State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 220, if any.

221.    State Farm denies the allegations in Paragraph 221. State Farm further denies that there are any "Class members," as no class has been certified.

222.    State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 222. State Farm denies that the proposed "Multistate Class" and "Connecticut Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Connecticut Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "Connecticut Subclass" are entitled to any of the relief stated in Paragraph 222. State Farm denies the remaining allegations in Paragraph 222.

### E. District of Columbia

### COUNT 12

### VIOLATION OF THE CONSUMER PROTECTION PROCEDURES ACT
### D.C. CODE § 28-3901, et seq.

223.    State Farm incorporates by reference its responses to all preceding paragraphs.

224.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "District of Columbia Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "District of Columbia Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 224.

225.    The allegations in Paragraph 225 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 225.

226.    The allegations in Paragraph 226 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 226.

227.    The allegations in Paragraph 227 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 227.

228.    The allegations in Paragraph 228 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 228 that contradicts, or is not 100% consistent with, the District of Columbia Consumer Protection Procedures Act, D.C. CODE § 28-3901, et seq.

229.    State Farm denies the allegations in Paragraph 229.

230.    State Farm denies the allegation that "Defendant also failed to comply with District of Columbia law." State Farm denies that Plaintiffs' allegations regarding District of Columbia law are accurate or complete. The remaining allegations in Paragraph 230 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 230.

231.    State Farm denies the allegations in Paragraph 231.

232.    State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 232, if any.

233.    State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class

members," as no class has been certified. State Farm denies the allegations in Paragraph 233, if any.

234. State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 234, if any.

235. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 235, if any.

236. The allegations in the first sentence of Paragraph 236 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 236. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 236.

237. State Farm denies the allegations in Paragraph 237. State Farm further denies that there are any "Class members," as no class has been certified.

238. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any

"Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 238.

239. State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 239, if any.

240. State Farm denies the allegations in Paragraph 240. State Farm further denies that there are any "Class members," as no class has been certified.

241. State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 241. State Farm denies that the proposed "Multistate Class" and "District of Columbia Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Connecticut Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "District of Columbia Subclass" are entitled to any of the relief stated in Paragraph 241. State Farm denies the remaining allegations in Paragraph 241.

**F. Delaware**

**COUNT 13**

**VIOLATION OF THE DELAWARE CONSUMER FRAUD ACT
6 Del. Code §§ 2513, et seq.**

242.     State Farm incorporates by reference its responses to all preceding paragraphs.

243.     State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "Delaware Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "Delaware Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 243.

244.     The allegations in Paragraph 244 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 244.

245.     The allegations in Paragraph 245 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 245 that contradicts, or is not 100% consistent with, the Delaware Consumer Fraud Act, 6 Del. Code §§ 2513.

246. State Farm denies the allegations in Paragraph 246.

247. State Farm denies the allegation that "Defendant also failed to comply with Delaware law." State Farm denies that Plaintiffs' allegations regarding Delaware law are accurate or complete. The remaining allegations in Paragraph 247 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 247.

248. State Farm denies the allegations in Paragraph 248.

249. State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 249, if any.

250. State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 250, if any.

251. State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further

denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 251, if any.

252. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 252, if any.

253. The allegations in the first sentence of Paragraph 253 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 253. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 253.

254. State Farm denies the allegations in Paragraph 254. State Farm further denies that there are any "Class members," as no class has been certified.

255. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 255.

256. State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any

loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 256, if any.

257.    State Farm denies the allegations in Paragraph 257. State Farm further denies that there are any "Class members," as no class has been certified.

258.    State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 258. State Farm denies that the proposed "Multistate Class" and "Delaware Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Delaware Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "Delaware Subclass" are entitled to any of the relief stated in Paragraph 258. State Farm denies the remaining allegations in Paragraph 258.

### G.    Florida

### COUNT 14

### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, Fla. Stat. §§ 501.201, *et seq.*

259.    State Farm incorporates by reference its responses to all preceding paragraphs.

260.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "Florida Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment.

State Farm denies that the proposed "Multistate Class" or the proposed "Florida Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 260.

261.    The allegations in Paragraph 261 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 261.

262.    The allegations in Paragraph 262 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 262.

263.    The allegations in Paragraph 263 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 263 that contradicts, or is not 100% consistent with, the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, et seq.

264.    State Farm denies the allegations in Paragraph 264.

265.    State Farm denies the allegation that "Defendant also failed to comply with Florida law." State Farm denies that Plaintiffs' allegations regarding Florida law are accurate or complete. The remaining allegations in Paragraph 265 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 265.

266.    State Farm denies the allegations in Paragraph 266.

267.    State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 267, if any.

268.    State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 268, if any.

269.    State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 269, if any.

270.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 270, if any.

271.    The allegations in the first sentence of Paragraph 271 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 271. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 271.

272.    State Farm denies the allegations in Paragraph 272. State Farm further denies that there are any "Class members," as no class has been certified.

273.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 273.

274.    State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 274, if any.

275.    State Farm denies the allegations in Paragraph 275. State Farm further denies that there are any "Class members," as no class has been certified.

276.    State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 276. State Farm denies that the proposed "Multistate Class" and "Florida Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy

the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Florida Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "Florida Subclass" are entitled to any of the relief stated in Paragraph 276. State Farm denies the remaining allegations in Paragraph 276.

### H. Hawaii

**COUNT 15**

**VIOLATION OF HAWAII UNIFORM DECEPTIVE TRADE PRACTICE ACT HAW. REV. STAT. § 480-1, et seq.**

277. State Farm incorporates by reference its responses to all preceding paragraphs.

278. State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "Hawaii Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "Hawaii Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 278.

279.     The allegations in Paragraph 279 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 279.

280.     The allegations in Paragraph 280 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 280.

281.     The allegations in Paragraph 281 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 281 that contradicts, or is not 100% consistent with, the Hawaii Uniform Deceptive Trade Practice Act, HAW. REV. STAT. § 480-2.

282.     State Farm denies the allegations in Paragraph 282.

283.     State Farm denies the allegation that "Defendant also failed to comply with Hawaii law." State Farm denies that Plaintiffs' allegations regarding Hawaii law are accurate or complete. The remaining allegations in Paragraph 283 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 283.

284.     State Farm denies the allegations in Paragraph 284.

285.     State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 285, if any.

286.     State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or

did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 286, if any.

287.    State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 287, if any.

288.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 288, if any.

289.    The allegations in the first sentence of Paragraph 289 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 289. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 289.

290.    State Farm denies the allegations in Paragraph 290. State Farm further denies that there are any "Class members," as no class has been certified.

291.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 291.

292.    State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 292, if any.

293.    State Farm denies the allegations in Paragraph 293. State Farm further denies that there are any "Class members," as no class has been certified.

294.    State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 294. State Farm denies that the proposed "Multistate Class" and "Hawaii Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Hawaii Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "Hawaii Subclass" are entitled to any of the relief stated in Paragraph 294. State Farm denies the remaining allegations in Paragraph 294.

## I.     Kentucky

### COUNT 17

### VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT
### KY. REV. STAT. § 367.110, et seq.

295.    State Farm incorporates by reference its responses to all preceding paragraphs.

296.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "Kentucky Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "Kentucky Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 296.

297.    The allegations in Paragraph 297 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 297.

298.    The allegations in Paragraph 298 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 298.

299. The allegations in Paragraph 299 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 299 that contradicts, or is not 100% consistent with, the Kentucky Consumer Protection Act, KY. REV. STAT. § 367.170(1).

300. State Farm denies the allegations in Paragraph 300.

301. State Farm denies the allegation that "Defendant also failed to comply with Kentucky law." State Farm denies that Plaintiffs' allegations regarding Kentucky law are accurate or complete. The remaining allegations in Paragraph 301 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 301.

302. State Farm denies the allegations in Paragraph 302.

303. State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 303, if any.

304. State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 304, if any.

305.    State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 305, if any.

306.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 306, if any.

307.    The allegations in the first sentence of Paragraph 307 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 307. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 307.

308.    State Farm denies the allegations in Paragraph 308. State Farm further denies that there are any "Class members," as no class has been certified.

309.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 309.

310.     State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 310, if any.

311.     State Farm denies the allegations in Paragraph 311. State Farm further denies that there are any "Class members," as no class has been certified.

312.     State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 312. State Farm denies that the proposed "Multistate Class" and "Kentucky Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Kentucky Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "Kentucky Subclass" are entitled to any of the relief stated in Paragraph 312. State Farm denies the remaining allegations in Paragraph 312.

J.     **Maine**

## COUNT 18

### VIOLATION OF MAINE UNFAIR TRADE PRACTICES ACT
### ME. REV. STAT. ANN. 5, § 205-A, et seq.

313.    State Farm incorporates by reference its responses to all preceding paragraphs.

314.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "Maine Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "Maine Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 314.

315.    The allegations in Paragraph 315 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 315.

316.    The allegations in Paragraph 316 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 316.

317.    The allegations in Paragraph 317 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 317 that contradicts, or is not 100% consistent with, the Maine Unfair Trade Practices Act, ME. REV. STAT. ANN. 5, § 207.

318.    State Farm denies the allegations in Paragraph 318.

319.    State Farm denies the allegation that "Defendant also failed to comply with Maine law." State Farm denies that Plaintiffs' allegations regarding Maine law are accurate or complete. The remaining allegations in Paragraph 319 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 319.

320.    State Farm denies the allegations in Paragraph 320.

321.    State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 321, if any.

322.    State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 322, if any.

323.    State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 323, if any.

324.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 324, if any.

325.    The allegations in the first sentence of Paragraph 325 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 325. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 325.

326.    State Farm denies the allegations in Paragraph 326. State Farm further denies that there are any "Class members," as no class has been certified.

327.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 327.

328.    State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 328, if any.

329.    State Farm denies the allegations in Paragraph 329. State Farm further denies that there are any "Class members," as no class has been certified.

330.    State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 330. State Farm denies that the proposed "Multistate Class" and "Maine Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Maine Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "Maine Subclass" are entitled to any of the relief stated in Paragraph 330. State Farm denies the remaining allegations in Paragraph 330.

**K.     Minnesota**

**COUNT 19**

**VIOLATION OF MINNESOTA PREVENTION OF CONSUMER FRAUD ACT
MINN. STAT. § 325F.68, et seq.**

331.    State Farm incorporates by reference its responses to all preceding paragraphs.

332.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "Minnesota Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "Minnesota Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 332.

333.    The allegations in Paragraph 333 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 333.

334.    The allegations in Paragraph 224 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 334 that contradicts, or is not 100% consistent with, the Minnesota Prevention of Consumer Fraud Act, MINN. STAT. § 325F.69(1).

335.     State Farm denies the allegations in Paragraph 335.

336.     State Farm denies the allegation that "Defendant also failed to comply with Minnesota law." State Farm denies that Plaintiffs' allegations regarding Minnesota law are accurate or complete. The remaining allegations in Paragraph 336 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 336.

337.     State Farm denies the allegations in Paragraph 337.

338.     State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 338, if any.

339.     State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 339, if any.

340.     State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further

denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 340, if any.

341.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 341, if any.

342.    The allegations in the first sentence of Paragraph 342 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 342. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 342.

343.    State Farm denies the allegations in Paragraph 343. State Farm further denies that there are any "Class members," as no class has been certified.

344.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 344.

345.    State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any

loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 345, if any.

346.    State Farm denies the allegations in Paragraph 346. State Farm further denies that there are any "Class members," as no class has been certified.

347.    State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 347. State Farm denies that the proposed "Multistate Class" and "Minnesota Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Minnesota Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "Minnesota Subclass" are entitled to any of the relief stated in Paragraph 347. State Farm denies the remaining allegations in Paragraph 347.

## L.    Mississippi

### COUNT 20

### VIOLATION OF THE MISSISSIPPI CONSUMER PROTECTION ACT
### MISS. CODE § 75-24-3, et seq.

348.    State Farm incorporates by reference its responses to all preceding paragraphs.

349.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "Mississippi Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment.

State Farm denies that the proposed "Multistate Class" or the proposed "Mississippi Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 349.

350. The allegations in Paragraph 350 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 350.

351. The allegations in Paragraph 351 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 351.

352. The allegations in Paragraph 352 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 352 that contradicts, or is not 100% consistent with, the Mississippi Consumer Protection Act, Miss. Code § 75-24-5(1).

353. State Farm denies the allegations in Paragraph 353.

354. State Farm denies the allegations in Paragraph 354.

355. State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 355, if any.

356.    State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 356, if any.

357.    State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 357, if any.

358.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 358, if any.

359.    The allegations in the first sentence of Paragraph 359 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 359. State Farm further denies that there

are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 359.

360.    State Farm denies the allegations in Paragraph 360. State Farm further denies that there are any "Class members," as no class has been certified.

361.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 361.

362.    State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 362, if any.

363.    State Farm denies the allegations in Paragraph 363. State Farm further denies that there are any "Class members," as no class has been certified.

364.    State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 364. State Farm denies that the proposed "Multistate Class" and "Mississippi Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Mississippi Subclass." State Farm denies that the proposed classes are properly defined. State Farm

further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "Mississippi Subclass" are entitled to any of the relief stated in Paragraph 364. State Farm denies the remaining allegations in Paragraph 364.

### M.    Montana

### COUNT 21

### VIOLATION OF MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT
### MONT. CODE ANN.§ 30-14-101, et seq.

365.    State Farm incorporates by reference its responses to all preceding paragraphs.

366.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "Montana Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "Montana Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 366.

367.    The allegations in Paragraph 367 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 367.

368.    The allegations in Paragraph 368 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 368.

369.    The allegations in Paragraph 369 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 369.

370.    The allegations in Paragraph 370 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 370 that contradicts, or is not 100% consistent with, the Montana Unfair Trade Practices and Consumer Protection Act, MONT. CODE ANN. § 30-14-103.

371.    State Farm denies the allegations in Paragraph 371.

372.    State Farm denies the allegation that "Defendant also failed to comply with Montana law." State Farm denies that Plaintiffs' allegations regarding Montana law are accurate or complete. The remaining allegations in Paragraph 372 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 372.

373.    State Farm denies the allegations in Paragraph 373.

374.    State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 374, if any.

375.    State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or

did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 375, if any.

376.     State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 376, if any.

377.     State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 377, if any.

378.     The allegations in the first sentence of Paragraph 378 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 378. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 378.

379.     State Farm denies the allegations in Paragraph 379. State Farm further denies that there are any "Class members," as no class has been certified.

380.   State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 380.

381.   State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 381, if any.

382.   State Farm denies the allegations in Paragraph 382. State Farm further denies that there are any "Class members," as no class has been certified.

383.   State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 383. State Farm denies that the proposed "Multistate Class" and "Montana Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Montana Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "Montana Subclass" are entitled to any of the relief stated in Paragraph 383. State Farm denies the remaining allegations in Paragraph 383.

### N. Nebraska

### COUNT 22

**VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT
NEB. REV. STAT. § 59-1601, et seq.**

384. State Farm incorporates by reference its responses to all preceding paragraphs.

385. State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "Nebraska Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "Nebraska Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 385.

386. The allegations in Paragraph 386 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 386.

387. The allegations in Paragraph 387 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 387.

388. The allegations in Paragraph 388 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 388 that contradicts, or is not 100% consistent with, the Nebraska Consumer Protection Act, NEB. REV. STAT. § 59-1602.

389. State Farm denies the allegations in Paragraph 389.

390. State Farm denies the allegation that "Defendant also failed to comply with Nebraska law." State Farm denies that Plaintiffs' allegations regarding Nebraska law are accurate or complete. The remaining allegations in Paragraph 390 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 390.

391. State Farm denies the allegations in Paragraph 391.

392. State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 392, if any.

393. State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 393, if any.

394.     State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 394, if any.

395.     State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 395, if any.

396.     The allegations in the first sentence of Paragraph 396 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 396. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 396.

397.     State Farm denies the allegations in Paragraph 397. State Farm further denies that there are any "Class members," as no class has been certified.

398.     State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 398.

399.    State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 399, if any.

400.    State Farm denies the allegations in Paragraph 400. State Farm further denies that there are any "Class members," as no class has been certified.

401.    State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 401. State Farm denies that the proposed "Multistate Class" and "Nebraska Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Nebraska Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "Nebraska Subclass" are entitled to any of the relief stated in Paragraph 401. State Farm denies the remaining allegations in Paragraph 401.

**O.    Nevada**

**COUNT 23**

**VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT
NEV. REV. STAT. § 598.0903, et seq.**

402.    State Farm incorporates by reference its responses to all preceding paragraphs.

403.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "Nevada Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "Nevada Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 403.

404.    The allegations in Paragraph 404 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 404 that contradicts, or is not 100% consistent with, the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0903, et seq.

405.    State Farm denies the allegations in Paragraph 405.

406.    State Farm denies the allegation that "Defendant also failed to comply with Nevada law." State Farm denies that Plaintiffs' allegations regarding Nevada law are

accurate or complete. The remaining allegations in Paragraph 193 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 406.

407.    State Farm denies the allegations in Paragraph 407.

408.    State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 408, if any.

409.    State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 409, if any.

410.    State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 410, if any.

411. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 411, if any.

412. The allegations in the first sentence of Paragraph 412 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 412. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 412.

413. State Farm denies the allegations in Paragraph 413. State Farm further denies that there are any "Class members," as no class has been certified.

414. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 414.

415. State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 415, if any.

416.    State Farm denies the allegations in Paragraph 416. State Farm further denies that there are any "Class members," as no class has been certified.

417.    State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 417. State Farm denies that the proposed "Multistate Class" and "Nevada Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Nevada Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "Nevada Subclass" are entitled to any of the relief stated in Paragraph 417. State Farm denies the remaining allegations in Paragraph 417.

P.    **New Jersey**

### COUNT 24

**VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT**
**N.J. STAT. ANN. § 56:8-1, *et seq.***

418.    State Farm incorporates by reference its responses to all preceding paragraphs.

419.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "New Jersey Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "New Jersey Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy

the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 419.

420.    The allegations in Paragraph 420 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 420.

421.    The allegations in Paragraph 421 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 421.

422.    The allegations in Paragraph 422 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 422 that contradicts, or is not 100% consistent with, the New Jersey Consumer Fraud Act, N.J. STAT. ANN. § 56:8-2.

423.    State Farm denies the allegations in Paragraph 423.

424.    State Farm denies the allegation that "Defendant also failed to comply with New Jersey law." State Farm denies that Plaintiffs' allegations regarding New Jersey law are accurate or complete. The remaining allegations in Paragraph 424, including all subparts, are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 424.

425.    State Farm denies the allegations in Paragraph 425.

426.    State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm

further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 426, if any.

427.    State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 427, if any.

428.    State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 428, if any.

429.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 429, if any.

430.    The allegations in the first sentence of Paragraph 430 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies

the allegations in the first sentence of Paragraph 430. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 430.

431. State Farm denies the allegations in Paragraph 431. State Farm further denies that there are any "Class members," as no class has been certified.

432. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 432.

433. State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 433, if any.

434. State Farm denies the allegations in Paragraph 434. State Farm further denies that there are any "Class members," as no class has been certified.

435. State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 435. State Farm denies that the proposed "Multistate Class" and "New Jersey Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "New Jersey

Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "New Jersey Subclass" are entitled to any of the relief stated in Paragraph 435. State Farm denies the remaining allegations in Paragraph 435.

### Q. New Mexico

**COUNT 25**

**VIOLATION OF THE NEW MEXICO UNFAIR TRADE PRACTICES ACT
N.M. STAT. ANN. § 57-12-1, *et seq*.**

436. State Farm incorporates by reference its responses to all preceding paragraphs.

437. State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "New Mexico Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "New Mexico Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 437.

438. The allegations in Paragraph 438 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 438.

439. The allegations in Paragraph 439 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 439.

440. The allegations in Paragraph 440 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 440 that contradicts, or is not 100% consistent with, the New Mexico Unfair Trade Practices Act, N.M. STAT. ANN. § 57-12-3.

441. State Farm denies the allegations in Paragraph 441.

442. State Farm denies the allegations in Paragraph 442.

443. State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 443, if any.

444. State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 444, if any.

445.    State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 445, if any.

446.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 446, if any.

447.    The allegations in the first sentence of Paragraph 447 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 447. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 447.

448.    State Farm denies the allegations in Paragraph 448. State Farm further denies that there are any "Class members," as no class has been certified.

449.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 449.

450.    State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 450, if any.

451.    State Farm denies the allegations in Paragraph 451. State Farm further denies that there are any "Class members," as no class has been certified.

452.    State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 452. State Farm denies that the proposed "Multistate Class" and "New Mexico Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "New Mexico Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "New Mexico Subclass" are entitled to any of the relief stated in Paragraph 452. State Farm denies the remaining allegations in Paragraph 452.

### R.     New York

### COUNT 26

### VIOLATION OF NEW YORK CONSUMER PROTECTION ACT,
### N.Y. Gen. Bus. Law §§ 349, *et seq.*

453.     State Farm incorporates by reference its responses to all preceding paragraphs.

454.     State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "New York Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "New York Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 454.

455.     The allegations in Paragraph 455 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 455 that contradicts, or is not 100% consistent with, the New York General Business Law, N.Y. Gen. Bus. Law § 349(a).

456.     State Farm denies the allegations in Paragraph 456.

457.     State Farm denies the allegation that "Defendant also failed to comply with New York law." State Farm denies that Plaintiffs' allegations regarding New York law are

accurate or complete. The remaining allegations in Paragraph 457 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 457.

458. State Farm denies the allegations in Paragraph 458.

459. State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 459, if any.

460. State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 460, if any.

461. State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 461, if any.

462. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 462, if any.

463. The allegations in the first sentence of Paragraph 199 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 199. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 463.

464. State Farm denies the allegations in Paragraph 464. State Farm further denies that there are any "Class members," as no class has been certified.

465. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 465.

466. State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 466, if any.

467.    State Farm denies the allegations in Paragraph 467. State Farm further denies that there are any "Class members," as no class has been certified.

468.    State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 468. State Farm denies that the proposed "Multistate Class" and "New York Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "New York Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "New York Subclass" are entitled to any of the relief stated in Paragraph 468. State Farm denies the remaining allegations in Paragraph 468.

### S.    North Carolina

### COUNT 27

### NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen. Stat. Ann. §§ 75-1.1, *et seq.*

469.    State Farm incorporates by reference its responses to all preceding paragraphs.

470.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "North Carolina Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "North Carolina Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy

the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 470.

471.    The allegations in Paragraph 471 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 471.

472.    The allegations in Paragraph 472 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 472 that contradicts, or is not 100% consistent with, the North Carolina Unfair Trade Practices Act, N.C. Gen. Stat. Ann. §§ 75-1.1, et seq.

473.    State Farm denies the allegations in Paragraph 473.

474.    State Farm denies the allegation that "Defendant also violated North Carolina law." State Farm denies that Plaintiffs' allegations regarding North Carolina law are accurate or complete. The remaining allegations in Paragraph 474 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 474.

475.    State Farm denies the allegations in Paragraph 475.

476.    State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 476, if any.

477.    State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 477, if any.

478.    State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 478, if any.

479.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 479, if any.

480.    The allegations in the first sentence of Paragraph 480 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 480. State Farm further denies that there

are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 480.

481.    State Farm denies the allegations in Paragraph 481. State Farm further denies that there are any "Class members," as no class has been certified.

482.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 482.

483.    State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 483, if any.

484.    State Farm denies the allegations in Paragraph 484. State Farm further denies that there are any "Class members," as no class has been certified.

485.    State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 485. State Farm denies that the proposed "Multistate Class" and "North Carolina Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "North Carolina Subclass." State Farm denies that the proposed classes are properly defined. State Farm

further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "North Carolina Subclass" are entitled to any of the relief stated in Paragraph 485. State Farm denies the remaining allegations in Paragraph 485.

### T.    North Dakota

### COUNT 28

### VIOLATION OF THE NORTH DAKOTA UNLAWFUL SALES OR ADVERTISING PRACTICES ACT
### N.D. CENT. CODE § 51-15-01, *et seq*.

486.    State Farm incorporates by reference its responses to all preceding paragraphs.

487.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "North Dakota Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "North Dakota Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 487.

488.    The allegations in Paragraph 488 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 488.

489.    The allegations in Paragraph 489 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 489 that contradicts, or is not 100% consistent with, the North Dakota Unlawful Sales or Advertising Practices Act, N.D. CENT. CODE § 51-15-02.

490.    State Farm denies the allegations in Paragraph 490.

491.    State Farm denies the allegation that "Defendant also failed to comply with North Dakota law." State Farm denies that Plaintiffs' allegations regarding North Dakota law are accurate or complete. The remaining allegations in Paragraph 491 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 491.

492.    State Farm denies the allegations in Paragraph 492.

493.    State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 493, if any.

494.    State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 494, if any.

495.    State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 495, if any.

496.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 496, if any.

497.    The allegations in the first sentence of Paragraph 497 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 497. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 497.

498.    State Farm denies the allegations in Paragraph 498. State Farm further denies that there are any "Class members," as no class has been certified.

499.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 499.

500.    State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 500, if any.

501.    State Farm denies the allegations in Paragraph 501. State Farm further denies that there are any "Class members," as no class has been certified.

502.    State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 502. State Farm denies that the proposed "Multistate Class" and "North Dakota Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "North Dakota Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "North Dakota Subclass" are entitled to any of the relief stated in Paragraph 502. State Farm denies the remaining allegations in Paragraph 502.

U.    **Pennsylvania**

## COUNT 29

**PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW,**
**73 Pa. Cons. Stat. §§ 201-2 & 201-3, *et seq*.**

541.    State Farm incorporates by reference its responses to all preceding paragraphs.[3]

542.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "Pennsylvania Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "Pennsylvania Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 542.

543.    The allegations in Paragraph 543 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 543.

---

[3] The paragraph numbering in the FAC skips from Paragraph 502 to Paragraph 541. Rather than maintaining sequential numbering—*e.g.*, moving from Paragraph 502 to 503—this Answer mirrors Plaintiffs' paragraph numbering so the Answer's paragraph numbers match the FAC's corresponding paragraph numbers.

544. The allegations in Paragraph 544 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 544.

545. The allegations in Paragraph 545 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 545 that contradicts, or is not 100% consistent with, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. §§ 201-2 & 201-3, *et seq*.

546. State Farm denies the allegations in Paragraph 546.

547. State Farm denies the allegation that "Defendant also failed to comply with Pennsylvania law." State Farm denies that Plaintiffs' allegations regarding Pennsylvania law are accurate or complete. The remaining allegations in Paragraph 547 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 547.

548. State Farm denies the allegations in Paragraph 548.

549. State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 549, if any.

550. State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class

members," as no class has been certified. State Farm denies the allegations in Paragraph 550, if any.

551.    State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 551, if any.

552.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 552, if any.

553.    The allegations in the first sentence of Paragraph 553 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 553. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 553.

554.    State Farm denies the allegations in Paragraph 554. State Farm further denies that there are any "Class members," as no class has been certified.

555.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any

"Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 555.

556. State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 556, if any.

557. State Farm denies the allegations in Paragraph 557. State Farm further denies that there are any "Class members," as no class has been certified.

558. State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 558. State Farm denies that the proposed "Multistate Class" and "Pennsylvania Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Pennsylvania Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "Pennsylvania Subclass" are entitled to any of the relief stated in Paragraph 558. State Farm denies the remaining allegations in Paragraph 558.

V.     **South Dakota**

**COUNT 30**

**VIOLATION OF THE SOUTH DAKOTA DECEPTIVE TRADE PRACTICES
AND CONSUMER PROTECTION LAW
S.D. CODIFIED LAWS § 37-24-6,** *et seq*.

561.    State Farm incorporates by reference its responses to all preceding paragraphs.[4]

562.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "South Dakota Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "South Dakota Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 562.

563.    The allegations in Paragraph 563 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 563.

---

[4] This Answer mirrors the FAC's numbering, skipping from Paragraph 558 to 561.

564.    The allegations in Paragraph 564 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 564.

565.    The allegations in Paragraph 565 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 565 that contradicts, or is not 100% consistent with, the South Dakota Deceptive Trade Practices and Consumer Protection Law, S.D. CODIFIED LAWS § 37-24-6(1).

566.    State Farm denies the allegations in Paragraph 566.

567.    State Farm denies the allegation that "Defendant also failed to comply with South Dakota law." State Farm denies that Plaintiffs' allegations regarding South Dakota law are accurate or complete. The remaining allegations in Paragraph 567 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 567.

568.    State Farm denies the allegations in Paragraph 568.

569.    State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 569, if any.

570.    State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce

any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 570, if any.

571.    State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 571, if any.

572.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 572, if any.

573.    The allegations in the first sentence of Paragraph 573 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 573. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 573.

574.    State Farm denies the allegations in Paragraph 574. State Farm further denies that there are any "Class members," as no class has been certified.

575.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied

upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 575.

576.     State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 576, if any.

577.     State Farm denies the allegations in Paragraph 577. State Farm further denies that there are any "Class members," as no class has been certified.

578.     State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 578. State Farm denies that the proposed "Multistate Class" and "South Dakota Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "South Dakota Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "South Dakota Subclass" are entitled to any of the relief stated in Paragraph 578. State Farm denies the remaining allegations in Paragraph 578.

### W. Texas

### COUNT 31

### VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES—CONSUMER PROTECTION ACT
### Texas Bus. & Com. Code §§ 17.41, *et seq.*

581.    State Farm incorporates by reference its responses to all preceding paragraphs.[5]

582.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "Texas Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "Texas Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 582.

583.    The allegations in Paragraph 583 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 583.

---

[5] This Answer mirrors the FAC's numbering, skipping from Paragraph 578 to 581.

584.    The allegations in Paragraph 584 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 584.

585.    The allegations in Paragraph 585 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 585 that contradicts, or is not 100% consistent with, the Texas Deceptive Trade Practices—Consumer Protection Act, Texas Bus. & Com. Code §§ 17.41, *et seq.*

586.    State Farm denies the allegations in Paragraph 586.

587.    State Farm denies the allegations in Paragraph 587.

588.    State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 588, if any.

589.    State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 589, if any.

590.    State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly

misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 590, if any.

591. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 591, if any.

592. The allegations in the first sentence of Paragraph 592 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 592. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 592.

593. State Farm denies the allegations in Paragraph 593. State Farm further denies that there are any "Class members," as no class has been certified.

594. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 594.

595. State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done

differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 595, if any.

596.    State Farm denies the allegations in Paragraph 596. State Farm further denies that there are any "Class members," as no class has been certified.

597.    State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 597. State Farm denies that the proposed "Multistate Class" and "Texas Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Texas Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "Texas Subclass" are entitled to any of the relief stated in Paragraph 597. State Farm denies the remaining allegations in Paragraph 597.

## X.    West Virginia

### COUNT 32

### VIOLATION OF THE CONSUMER CREDIT AND PROTECTION ACT
### W. VA. CODE § 46A-1-101, *et seq.*

601.    State Farm incorporates by reference its responses to all preceding paragraphs.[6]

---

[6] This Answer mirrors the FAC's numbering, skipping from Paragraph 597 to 601.

602.   State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "West Virginia Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment. State Farm denies that the proposed "Multistate Class" or the proposed "West Virginia Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 602.

603.   The allegations in Paragraph 603 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 603.

604.   The allegations in Paragraph 604 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 604.

605.   The allegations in Paragraph 605 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 605.

606.   The allegations in Paragraph 606 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 606 that contradicts, or is not 100% consistent with, the West Virginia Consumer Credit and Protection Act, W. VA. CODE § 46a-1-104.

607.    State Farm denies the allegations in Paragraph 607.

608.    State Farm denies the allegation that "Defendant also failed to comply with West Virginia law." State Farm denies that Plaintiffs' allegations regarding West Virginia law are accurate or complete. The remaining allegations in Paragraph 608 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 608.

609.    State Farm denies the allegations in Paragraph 609.

610.    State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 610, if any.

611.    State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 611, if any.

612.    State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further

denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 612, if any.

613.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 613, if any.

614.    The allegations in the first sentence of Paragraph 614 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 614. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 614.

615.    State Farm denies the allegations in Paragraph 615. State Farm further denies that there are any "Class members," as no class has been certified.

616.    State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 616.

617.    State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any

loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 617, if any.

618.    State Farm denies the allegations in Paragraph 618. State Farm further denies that there are any "Class members," as no class has been certified.

619.    State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 619. State Farm denies that the proposed "Multistate Class" and "West Virginia Subclass" properly can be certified. State Farm denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "West Virginia Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "West Virginia Subclass" are entitled to any of the relief stated in Paragraph 619. State Farm denies the remaining allegations in Paragraph 619.

**Y.    Wyoming**

**COUNT 33**

**VIOLATION OF THE WYOMING CONSUMER PROTECTION ACT
WYO. STAT. ANN. § 40-12-102, *et seq.*** 

620.    State Farm incorporates by reference its responses to all preceding paragraphs.

621.    State Farm admits that Plaintiffs purport to bring this action individually, on behalf of a proposed "Multistate Class" defined in Paragraph 65, and on behalf of a "Wyoming Subclass" that received a first-party total loss valuation and payment on an automobile total loss claim that included a "typical negotiation" or similar adjustment.

State Farm denies that the proposed "Multistate Class" or the proposed "Wyoming Subclass" properly can be certified. State Farm further denies that Plaintiffs can satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" or subclasses. State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 621.

622. The allegations in Paragraph 622 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 622.

623. The allegations in Paragraph 623 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the allegations in Paragraph 623.

624. The allegations in Paragraph 624 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies any allegation in Paragraph 624 that contradicts, or is not 100% consistent with, the Wyoming Consumer Protection Act, WYO. STAT. ANN. § 40-12-105, et. seq.

625. State Farm denies the allegations in Paragraph 625.

626. State Farm denies the allegation that "Defendant also failed to comply with Wyoming law." State Farm denies that Plaintiffs' allegations regarding Wyoming law are accurate or complete. The remaining allegations in Paragraph 626 are legal conclusions to which no response is required. To the extent a response is required, State Farm denies the remaining allegations in Paragraph 626.

627. State Farm denies the allegations in Paragraph 627.

628.   State Farm denies that it made any misrepresentation or omission and denies that it made any misrepresentation or omission "in a uniform manner." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 628, if any.

629.   State Farm denies that it engaged in any unfair or deceptive act, denies making any misrepresentations or omissions of any material fact, denies that any such alleged misrepresentation or omission had a tendency or capacity to mislead anyone or did mislead anyone, including any alleged "reasonable consumer," which goes undefined, and denies that the typical negotiation adjustment is "arbitrary" or was used to reduce any total loss settlement payment. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 629, if any.

630.   State Farm denies that the typical negotiation adjustment is "arbitrary," denies that it knowingly, intentionally, or otherwise misrepresented, omitted, concealed, or failed to disclose any material fact, denies that any alleged fact that State Farm allegedly misrepresented, omitted, concealed, or failed to disclose was "material" to anybody, including any alleged "reasonable consumer," which goes undefined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the allegations in Paragraph 630, if any.

631.   State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs could or could not "discern" or "unravel." State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 631, if any.

632.     The allegations in the first sentence of Paragraph 632 are legal conclusions, to which no response is required. To the extent a response is required, State Farm denies the allegations in the first sentence of Paragraph 632. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 632.

633.     State Farm denies the allegations in Paragraph 633. State Farm further denies that there are any "Class members," as no class has been certified.

634.     State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs relied upon in purchasing insurance coverage. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 634.

635.     State Farm denies that it engaged in any deceptive act or practice. State Farm is without knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiffs would have done differently when it comes to purchasing insurance coverage. State Farm denies that any Plaintiff did not receive the benefit of the bargain and denies any Plaintiff suffered any loss. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies the remaining allegations in Paragraph 635, if any.

636.     State Farm denies the allegations in Paragraph 636. State Farm further denies that there are any "Class members," as no class has been certified.

637.     State Farm admits that Plaintiffs and the proposed Class members seek the relief stated in Paragraph 637. State Farm denies that the proposed "Multistate Class" and "Wyoming Subclass" properly can be certified. State Farm denies that Plaintiffs can

satisfy the requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority for the proposed "Multistate Class" and "Wyoming Subclass." State Farm denies that the proposed classes are properly defined. State Farm further denies that there are any "Class members," as no class has been certified. State Farm denies that Plaintiffs, the proposed "Multistate Class," and the proposed "Wyoming Subclass" are entitled to any of the relief stated in Paragraph 637. State Farm denies the remaining allegations in Paragraph 637.

## JURY DEMAND

State Farm admits that Plaintiffs demand a trial by jury on all issues so triable.

## RESPONSE TO PRAYER FOR RELIEF

State Farm admits that Plaintiffs purport to seek relief on behalf of themselves and "all others similarly situated." State Farm denies there are others "similarly situated,"denies that Plaintiffs are entitled to any relief, and denies that Plaintiffs are entitled to the relief listed in subparts (A) through (F). State Farm further denies that there is any "Class," as no class has been certified. State Farm denies any remaining allegations in Plaintiffs' Prayer for Relief.

## GENERAL DENIAL

Each and every allegation not expressly admitted is denied.

## AFFIRMATIVE AND OTHER DEFENSES

State Farm designates all of its denials of material allegations, and all of its averments of material facts, as defenses to the extent necessary to provide a complete defense. The following defenses are set forth for the purpose of providing Plaintiffs notice of those defenses State Farm may assert against the claims for relief:

1.      State Farm denies all allegations not expressly admitted and, to the extent not specified below, reserves all affirmative or other defenses that it may have against the putative class.

2.      One or more of Plaintiffs' claims are barred for failure to state a claim upon which relief may be granted.

3.      Plaintiffs' Complaint should be dismissed, transferred, or stayed under the first-filed rule.

4.      Plaintiffs' Complaint should be dismissed for lack of standing.

5.      Plaintiffs' Complaint fails to state claims upon which relief can be granted for any valuation methodology to which Plaintiffs were not exposed. Plaintiffs also lack standing, lack any cognizable injury, and lack damages as to any valuation methodology to which they were not exposed.

6.      Plaintiffs cannot bring "headless" claims, i.e., claims premised on state laws for which there is no named plaintiff.

7.      Plaintiffs' Complaint does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure or any class-action procedural mechanism.

8.      Some Plaintiffs' claims may be barred because those Plaintiffs are not State Farm insureds.

9.      Some Plaintiffs' claims may be barred because those Plaintiffs are third-party, not first-party, claimants.

10.     Some Plaintiffs' claims may be barred because those Plaintiffs did not own their totaled vehicles.

11.     Plaintiffs' claims, and the claims of members of the putative classes, may be barred, in whole or in part, by the terms, provisions, conditions, definitions, limitations, and exclusions in their insurance policies.

12.     Plaintiffs' claims, and the claims of members of the putative classes, may be barred, in whole or in part, by their failure to comply with requirements of their insurance policies, or other prerequisites for bringing suit in their insurance policies.

13.     Plaintiffs' claims, and the claims of members of the putative class, may be barred due to their refusal to participate in mandatory appraisal.

14.     Plaintiffs' claims, and the claims of members of the putative classes, may be barred, in whole or in part, because they breached their insurance policies.

15.     Plaintiffs' claims, and the claims of members of the putative classes, may be barred, in whole or in part, by their failure to comply with one or more conditions precedent to recovery of the benefits or remedies they seek in connection with the subject matter of their claims, on account of their conduct in connection with the subject matter of their claims.

16.     Plaintiffs' claims, and the claims of members of the putative class, may be barred, in whole or in part, by applicable statutes of limitations or repose and/or the time limitation on suit in the insurance policy.

17.     State Farm is not liable to Plaintiffs or members of the putative classes because it breached no duty owed to them and has fulfilled all duties owed.

18.     State Farm acted at all times alleged in the Complaint in compliance with the insurance policies, the applicable state's law, and acted in good faith.

19.     Plaintiffs and members of the putative classes have not suffered any injury in fact.

20.     Plaintiffs and members of the putative classes have not suffered any actual damage, ascertainable loss, or loss.

21.     Some Plaintiffs' claims may be barred because any alleged loss or underpayment was covered by GAP insurance.

22.     Any damages sustained by Plaintiffs or any member of the putative classes were proximately caused and occasioned by the actions and omissions of Plaintiffs or putative class members or others, and these acts and omissions were the sole causes of Plaintiffs' or any putative class member's alleged damages. Accordingly, State Farm pleads independent, intervening, or superseding acts and omissions of Plaintiffs and others as a complete bar to this action.

23.     Plaintiffs and members of the putative classes have failed to mitigate their damages, if any.

24.     Plaintiff is not entitled to any statutory penalty, interest, or attorney fees under any applicable state's laws because State Farm timely paid benefits when due and acted in good faith.

25.     Plaintiff's alleged damages, and the alleged damages of members of the putative classes, may be subject to an offset of any and all amounts recovered by Plaintiffs or any member of the putative classes through any claims or lawsuits for which they seek recovery from State Farm.

26.     State Farm's actions have not caused Plaintiffs or members of the putative classes any damages, loss, or injury.

27.     Plaintiffs' claims, and the claims of members of the putative classes, may be barred, in whole or in part, by a valid accord and satisfaction, compromise, or other settlement, including an offer and acceptance of complete relief, reached with State Farm.

28.     Plaintiffs' claims, and the claims of members of the putative classes, may be barred, in whole or in part, due to Plaintiff's and any putative class member's spoliation of evidence.

29.     Plaintiffs' claims, and the claims of members of the putative classes, may be barred or limited by the doctrine of waiver, estoppel, laches, and unclean hands.

30.     Plaintiffs' claims, and the claims of members of the putative class, based in whole or in part on an alleged regulatory, Insurance Code, or Insurance Bulletin violation, may be barred because there is no private right of action for such an alleged violation under the law of the applicable state and such claims may not be brought under the guise of other claims.

31.     Plaintiffs' claims, and the claims of members of the putative class, based in whole or in part on an alleged regulatory, Insurance Code, or Insurance Bulletin violation, may be barred because State Farm complied with the regulation, Insurance Code, or Insurance Bulletin provision.

32.     Plaintiffs' claims, and the claims of the members of the putative class, based in whole or in part on an alleged regulatory or insurance code violation, may be barred because the applicable state approved the use of the Audatex methodology.

33.     Plaintiffs' claims, and the claims of the members of the putative class, based in whole or in part on an alleged regulatory or insurance code violation, may be barred because they failed to exhaust their administrative remedies. *See, e.g.*, *Arthur v. Ticor Title Ins. Co. of Fla.*, 569 F.3d 154, 161 (4th Cir. 2009).

34.     Plaintiffs' claims, and the claims of the members of the putative class, for breach of the implied covenant of good faith and fair dealing, may be barred because

breach of the implied covenant of good faith and fair dealing is not a standalone claim under the applicable state's law.

35.     Plaintiffs' claims, and the claims of the members of the putative class, for breach of the implied covenant of good faith and fair dealing, may be barred because Plaintiffs do not sufficiently allege the level of discretion on State Farm's part necessary to sustain such a claim.

36.     Plaintiffs' claims, and the claims of the members of the putative class, based on fraud or any alleged misrepresentation or omission, may be barred for failing to allege fraud with particularity as required by Fed. Civ. P. 9(b).

37.     Plaintiffs' claims, and the claims of the members of the putative class, for unjust enrichment based on allegations of misrepresentation or omission, may be barred for failing to allege fraud with particularity as required by Fed. Civ. P. 9(b).

38.     The unjust enrichment claims of some Plaintiffs who are not State Farm insureds or who are not first-party claimants may be barred because they paid no money to State Farm and thus did not provide a legally cognizable benefit to State Farm.

39.     The unjust enrichment claims of Plaintiffs and members of the putative classes may be barred because the conduct at issue is governed by an express contract, i.e., the insurance policy. Put another way, there is an adequate remedy at law available.

40.     The unjust enrichment claims of some Plaintiffs and putative class members may be barred because they are duplicative of other claims. *See, e.g.*, *Mirza v. Ignite USA, LLC*, 439 F. Supp. 3d 1058, 1068 (N.D. Ill. 2020).

41.     The unjust enrichment claims of Plaintiffs and members of the putative classes predicated on the payment of premiums to State Farm may be barred because a payment of insurance premiums is not a cognizable benefit for an unjust enrichment

claim; it is consideration for an insurer's contractual commitment to provide insurance coverage. *See, e.g.*, *Wuliger v. Manufacturers Life Insurance Co.*, 567 F.3d 787 (6th Cir. 2009); *Quartarone v. USAA Ins. Co.*, No. FSTCV115013755S, 2013 WL 4046654, at *3 (Conn. Super. Ct. July 17, 2013). Put another way, an exchange of equal value cannot support an unjust enrichment claim. *See, e.g.*, *Baptista v. JPMorgan Chase Bank, N.A.*, 640 F.3d 1194, 1198, n.3 (11th Cir. 2011); *Giordano v. Thomson*, 564 F.3d 163, 170 (2d Cir. 2009).

42.     Plaintiffs' claims, and the claims of the members of the putative class, for declaratory judgment, may be barred because they are duplicative of Plaintiffs' other claims.

43.     Plaintiffs' claims, and the claims of the members of the putative class, for declaratory judgment, may be barred because Plaintiffs lacks standing to bring a declaratory judgment claim for prospective relief and because Plaintiffs cannot allege a plausible intention to make a future total loss claim with State Farm.

44.     Plaintiffs' claims, and the claims of the members of the putative class, for violation of any consumer protection statute, may be barred for failing to allege fraud with particularity as required by Fed. Civ. P. 9(b).

45.     Plaintiffs' claims, and the claims of the members of the putative class, for violation of any consumer protection statute, may be barred by the doctrine of preemption.

46.     Plaintiffs' claims, and the claims of the members of the putative class, for violation of any consumer protection statute, may be barred because those statutes do not apply to insurance company conduct.

47. Plaintiffs' claims, and the claims of the members of the putative class, for violation of any consumer protection statute, may be barred because the relevant statute does not apply to conduct or transactions that occur outside the relevant state.

48. Plaintiffs' claims, and the claims of the members of the putative class, for violation of any consumer protection statute, may be barred because State Farm's conduct was authorized or permitted by the relevant regulatory agency.

49. Plaintiffs' claims, and the claims of the members of the putative class, for violation of any consumer protection statute, may be barred by the applicable voluntary payment rule.

50. Plaintiffs' claims, and the claims of the members of the putative class, for violation of any consumer protection statute, may be barred because Plaintiffs failed to provide the required notice of their claims or the alleged violation before filing a lawsuit.

51. Plaintiffs' class claims for violation of any consumer protection statute may be barred because those statutes do not permit class action treatment.

52. The claims for violation of the Illinois Consumer Fraud Act by Plaintiffs and members of the putative classes are barred because they are preempted by Section 155 of the Illinois Insurance Code.

53. The claims for violation of the Illinois Consumer Fraud Act by Plaintiffs and members of the putative classes are barred because the statute does not apply to insurance company conduct absent "actual knowledge."

54. Plaintiffs and members of the putative classes who are not Illinois residents and who did not purchase insurance in Illinois cannot bring claims for violation of the Illinois Consumer Fraud Act because the Act does not apply to alleged fraudulent

142

transactions that take place outside Illinois. *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 853 (Ill. 2005).

55.     The claims for violation of the Illinois Consumer Fraud Act are barred because State Farm's actions were specifically permitted under the applicable law or by the relevant agency. 815 Ill. Comp. Stat. Ann. 505/10b.

56.     The claims for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act are barred because Plaintiffs voluntarily paid premiums to State Farm without mistake of fact, fraud, duress, coercion, or extortion. *McIntosh v. Walgreens Boots All., Inc.*, 2019 IL 123626, ¶ 26, 135 N.E.3d 73, 81.

57.     The claims for violation of the Alaska Unfair Trade Practices and Consumer Protection Act are barred because the statute does not apply to insurance company conduct. Alaska Stat. Ann. § 45.50.481; *O.K. Lumber Co. v. Providence Washington Ins. Co.*, 759 P.2d 523, 528 (Alaska 1988).

58.     The claims for injunctive relief based on the alleged violation of the Alaska Unfair Trade Practices and Consumer Protection Act are barred because Plaintiffs did not provide the required written notice of the alleged violation or an opportunity to cure. Alaska Stat. Ann. § 45.50.535.

59.     Plaintiffs' request for class treatment of the Alaska Unfair Trade Practices and Consumer Protection Act claim is barred because the statute precludes class actions. Ala. Code § 8-19-10.

60.     The claims for violation of the Arkansas Deceptive Trade Practices Act are barred because the statute does not apply to insurance company conduct. *Williams v. State Farm Mut. Auto. Ins. Co.*, No. 5:10CV00032 JLH, 2010 WL 2573196, at *4 (E.D. Ark. June 22, 2010).

61.     The claims for violation of the Arkansas Deceptive Trade Practices Act are barred because State Farm's actions were specifically permitted under the applicable law or by the relevant agency. Ark. Code Ann. § 4-88-101; *Air Evac EMS, Inc. v. USAble Mut. Ins. Co.*, 2017 Ark. 368, 2, 533 S.W.3d 572, 573 (2017).

62.     The claims for violation of the Arkansas Deceptive Trade Practices Act are barred because Plaintiffs voluntarily paid premiums to State Farm without mistake of fact, fraud, duress, coercion, or extortion. *Curtis Lumber Co. v. Louisiana Pac. Corp.*, 618 F.3d 762, 782 (8th Cir. 2010).

63.     Plaintiffs' request for class treatment of their Arkansas Deceptive Trade Practices Act claim is barred because the statute precludes class actions. Ark. Code Ann. § 4-88-113 (f)(1)(B).

64.     The claims for violation of the Colorado Consumer Protection Act are barred because State Farm's actions were specifically permitted under the applicable law or by the relevant agency. Colo. Rev. Stat. Ann. § 6-1-106.

65.     The claims for violation of the Connecticut Unfair Trade Practices Act are barred because State Farm's actions were specifically permitted under the applicable law or by the relevant agency. Conn. Gen. Stat. Ann. § 42-110c.

66.     The claims for violation of the Delaware Consumer Fraud Act are barred because the Delaware Consumer Fraud Act does not apply to insurance company conduct. *Olga J. Nowak Irrevocable Tr. v. Voya Fin., Inc.*, No. CV N17C-05-254 FWW, 2020 WL 7181368, at *9 (Del. Super. Ct. Nov. 30, 2020), *aff'd*, 256 A.3d 207 (Del. 2021); *Benson v. Amguard Ins. Co.*, No. CV 16-196-LPS, 2017 WL 2672078, at *4-5 (D. Del. June 21, 2017); *Price v. State Farm Mut. Auto Ins. Co.*, 2013 WL 1213292, at *10 (Del. Super. Ct. Mar. 15,

2013), *aff'd*, 77 A.3d 272 (Del. 2013); *Christiana Care Health Servs., Inc. v. PMSLIC Ins. Co.*, 2015 WL 6675537, at *7 (D. Del. Nov. 2, 2015).

67.     Plaintiffs and members of the putative classes who are not Delaware residents and who did not purchase insurance in Delaware cannot bring claims for violation of the Delaware Consumer Fraud Act because the Act does not apply to alleged fraudulent transactions that take place outside Delaware. *Jamgochian v. Prousalis*, No. CIV.A. 99C-10-022, 2000 WL 1610750, at *2 (Del. Super. Ct. Aug. 31, 2000).

68.     The claims for violation of the Florida Deceptive and Unfair Trade Practice Act are barred because the statute does not apply to insurance company conduct. Fla. Stat. § 501.212(4)(a) & (d).

69.     The claims for violation of the Florida Deceptive and Unfair Trade Practice Act are barred because State Farm's actions were specifically permitted under the applicable law or by the relevant agency. Fla. Stat. Ann. § 501.212.

70.     The claims for violation of the Florida Deceptive And Unfair Trade Practices Act are barred because Plaintiffs voluntarily paid premiums to State Farm without mistake of fact, fraud, duress, coercion, or extortion. *Cox v. Porsche Fin. Servs., Inc.*, 342 F. Supp. 3d 1271, 1290 (S.D. Fla. 2018).

71.     The claims for violation of Haw. Rev. Stat. § 480-2 are preempted by the Hawaii Insurance Code.

72.     The claims for violation of the Hawaii Uniform Deceptive Trade Practice Act are barred because State Farm's actions were specifically permitted under the applicable law or by the relevant agency. Haw. Rev. Stat. Ann. § 481A-5.

73.     The claims for violation of the Kentucky Consumer Protection Act are barred because State Farm's actions were specifically permitted under the applicable law or by the relevant agency. Ky. Rev. Stat. Ann. § 367.176.

74.     Plaintiffs' request for class treatment of their Kentucky Consumer Protection Act claim is barred because the statute precludes class actions. *Arnold v. Microsoft Corp.*, No. 00-CI-00123, 2000 WL 36114007, at *6 (Ky. Cir. Ct. July 21, 2000); *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 1001 (N.D. Cal. 2016).

75.     The claims for violation of the Maine Unfair Trade Practices Act are preempted by the Maine Insurance Code. *See* Me. Rev. Stat. Ann. 5, § 208; Me. Rev. Stat. tit. 24-A, § 1 et seq.

76.     The claims for violation of the Maine Unfair Trade Practices Act are barred because State Farm's actions were specifically permitted under the applicable law or by the relevant agency. Me. Rev. Stat. tit. 5, § 208.

77.     The claims for violation of the Maine Unfair Trade Practices Act are barred because Plaintiffs did not provide the required written notice of the alleged violation or an opportunity to cure. Me. Rev. Stat. tit. 5, § 213.

78.     The claims for violation of the Mississippi Consumer Protection Act are barred because the statute does not apply to the sale of insurance. *Taylor v. S. Farm Bureau Cas. Co.*, 954 So. 2d 1045, 1048 (Miss. Ct. App. 2007); *Burley v. Homeowners Warranty Corporation,* 773 F. Supp. 844, 863 (S.D. Miss. 1990), *aff'd*, 936 F.2d 569 (5th Cir. 1991).

79.     The claims for violation of the Mississippi Consumer Protection Act are barred because Plaintiffs did not provide the required written notice of the alleged

146

violation or an opportunity to cure. Miss. Code Ann. § 75-24-15(2); *Taylor v. S. Farm Bureau Cas. Co.*, 954 So. 2d 1045, 1049 (Miss. Ct. App. 2007).

80.     Plaintiffs' request for class treatment of the Mississippi Consumer Protection Act claim is barred because the statute precludes class actions. Miss. Code Ann. § 75-24-15.

81.     Plaintiffs' request for class treatment of the Montana Unfair Trade Practices And Consumer Protection Act claim is barred because the statute precludes class actions. Mont. Code Ann. § 30-14-133; *In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 534 F. Supp. 3d 1067, 1113 (N.D. Cal. 2021).

82.     The claims for violation of the Nebraska Consumer Protection Act are barred because State Farm's actions were specifically permitted under the applicable law or by the relevant agency. Neb. Rev. Stat. Ann. § 59-1617.

83.     Plaintiffs and members of the putative classes who are not Nevada residents and who did not purchase insurance in Nevada cannot bring claims for violation of the Nevada Deceptive Trade Practices Act because the Act does not apply to alleged fraudulent transactions that take place outside Nevada. *MST Mgmt., LLC v. Chicago Doughnut Franchise Co.*, LLC, 584 F. Supp. 3d 923, 932–33 (D. Nev. 2022).

84.     The claims for violation of the Nevada Deceptive Trade Practices Act are barred because State Farm's actions were specifically permitted under the applicable law or by the relevant agency. Nev. Rev. Stat. Ann. § 598.0955.

85.     Plaintiffs' claims for a violation of the New Jersey Consumer Fraud Act are barred because claims for under- or non-payment of insurance benefits are not actionable. *See Daloisio v. Liberty Mut. Fire Ins. Co.*, 754 F. Supp. 2d 707, 710 (D.N.J.

2010); *Pierzga v. Ohio Cas. Grp. of Ins. Companies*, 504 A.2d 1200, 1203 (N.J. App. Div. 1986); *Nikiper v. Motor Club of Am. Companies*, 557 A.2d 332, 336 (N.J. App. Div. 1989).

86.     Plaintiffs' claims for a violation of the New Jersey Consumer Fraud Act are barred because Plaintiffs did not provide the required written notice of the alleged violation. N.J. Stat. Ann. § 56:8-20.

87.     The claims for violation of the New Mexico Unfair Trade Practices Act are barred because State Farm's actions were specifically permitted under the applicable law or by the relevant agency. N.M. Stat. Ann. § 57-12-7.

88.     The claims for violation of the New York Consumer Protection Act are barred because State Farm's actions were specifically permitted under the applicable law or by the relevant agency. N.Y. Gen. Bus. Law § 349 (d).

89.     The claims for violation of the New York Consumer Protection Act are barred because Plaintiffs voluntarily paid premiums to State Farm without mistake of fact, fraud, duress, coercion, or extortion. *Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 74 (S.D.N.Y. 2013).

90.     Plaintiffs' claims for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law are barred because claims for under- or non-payment of insurance benefits are not actionable. *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 564 (3d Cir. 2008).

91.     The claims for violation of the South Dakota Deceptive Trade Practices and Consumer Protection Law are barred because State Farm's actions were specifically permitted under the applicable law or by the relevant agency. S.D. Codified Laws § 37-24-10.

92.     The claims for violation of the Texas Deceptive Trade Practices—Consumer Protection Act are barred because Plaintiffs did not provide the required written notice of the alleged violation or an opportunity to cure. Tex. Bus. & Com. Code Ann. § 17.505.

93.     The claims for violation of the West Virginia Consumer Credit And Protection Act are barred because the statute does not apply to insurance company conduct. W. Va. Code Ann. § 46A-1-105; *Hinkle v. Safe-Guard Prod. Int'l, LLC*, 839 F. App'x 770, 777 (4th Cir. 2020).

94.     The claims for violation of the West Virginia Consumer Credit And Protection Act are barred because Plaintiffs did not provide the required written notice of the alleged violation or an opportunity to cure. *Heater v. Gen. Motors, LLC*, 568 F. Supp. 3d 626, 633 (N.D.W. Va. 2021); *Bennett v. Skyline Corp.*, 52 F. Supp. 3d 796, 812 (N.D.W. Va. 2014) (citing W. Va. Code § 46A–6–106(b)).

95.     The claims for violation of the Wyoming Consumer Protection Act are barred because State Farm's actions were specifically permitted under the applicable law or by the relevant agency. Wyo. Stat. Ann. § 40-12-110.

96.     The claims for violation of the Wyoming Consumer Protection Act are barred because Plaintiffs did not provide the required written notice of the alleged violation or an opportunity to cure. Wyo. Stat. Ann. § 40-12-109.

97.     To the extent that any part of the Complaint may be construed as alleging or seeking recovery of punitive or exemplary damages under any consumer protection statute, such claims may be barred because punitive or exemplary damages are not recoverable under such statute. *Wyman v. Terry Schulte Chevrolet, Inc.*, 584 N.W.2d 103, 107 (S.D. 1998).

98.     To the extent that any part of the Complaint may be construed as alleging or seeking recovery of punitive or exemplary damages, the Complaint fails to state a claim for punitive or exemplary damages.

99.     To the extent that any part of the Complaint may be construed as alleging or seeking recovery of punitive, exemplary, or treble damages, an award of such damages may be barred, in whole or in part, by the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, and the Due Process Clause of the applicable state's Constitution, because the jury or factfinder lacks adequate, objective legal standards to guide and limit the jury or factfinder's discretion, and thus an award would be irrational, arbitrary and capricious based on vague and subjective standards.

100.     To the extent that any part of the Complaint may be construed as alleging or seeking recovery of punitive, exemplary, or treble damages, an award of such damages may be barred, in whole or in part, because it would contravene the Commerce Clause of the United States Constitution in that such an award would constitute an undue and unreasonable burden on interstate commerce.

101.     To the extent that any part of the Complaint may be construed as alleging or seeking recovery of punitive, exemplary, or treble damages, an award of such damages may be barred, in whole or in part, because the vague and subjective standards for awarding punitive damages do not provide sufficient notice of the type of conduct or mental state upon which an award of punitive damages could result.

102.     Plaintiffs and members of the putative class's claims may be barred, in whole or in part, by the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments and the Seventh Amendment's guarantee of a jury trial under

the United States Constitution, to the extent that Plaintiff seeks to extrapolate liability, causation, or damages on a classwide basis, instead of proving liability, causation, and damages for each individual putative class member.

103. State Farm expressly reserves all rights under the Policy of insurance and, by this Answer, does not waive any of those rights.

State Farm reserves the right to assert any and all other affirmative defenses, as set forth in Rule 8 of the Federal Rules of Civil Procedure, that investigation, discovery, or trial reveals to be applicable, so as to avoid waiver of the same.

## **JURY DEMAND**

State Farm requests a trial to a jury on all issues so triable.

## **PRAYER FOR RELIEF**

State Farm respectfully requests that this Court:

1. Deny any request to certify this action as a class action;

2. Enter judgment against Plaintiffs and in favor of State Farm;

3. Dismiss Plaintiffs' claims with prejudice;

4. Award State Farm all costs and attorney fees permitted by applicable law; and

5. Order any such further relief that this Court may determine is proper.

Dated: January 19, 2024                    Respectfully submitted,

_s/ Eric L. Robertson_

Joseph P. Carlasare
AMUNDSEN DAVIS LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
Phone:    312.894.3200
Email:     jcarlasare@amundsendavislaw.com

Peter W. Herzog III (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone:    314.326.4129
Email:     pherzog@wtotrial.com

Eric L. Robertson (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:    303.244.1842
Email:     robertson@wtotrial.com

*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*