UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNADETTE WILLIAMS, RICK MCCONNELL, IVAN SERRATA REYES, ROSILYN WILSON, LINDA LEWIS, LATASHA HUFF, HAUNANIMAE CERVANTES-WHITE, MARIA MUNOZ, TRACY OBRIEN, KIMBERLY BENSON, ROY TUINSTRA, EVELYN BROWN, MICHELLE SNYDER, PATRICIA COUCH, SABRINA CAPERS, WILLIAM ROSS DEAN, RICHARD DACHEFF, KRISTY KELLER, JASIMEN HERNANDEZ, EDGAR FLORIAN, MICHAEL GROSSBERG, MERRILL LOVE, DIANE NEWKIRK, SANDRA SMILING, DAVEY JOHNSTON, CYNTHIA ROEMER, SHAUN ROBERT, ROQUE ESPINOZA, JENNIFER PAYNE, LATISHIA BOWDEN, DJ NEILL, TYSON DEWSNUP, and DEIRDRE PALMER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., <br><br> Defendant. | Case No.: 1:22-cv-01422 <br><br> Judge Virginia M. Kendall <br><br> **ORAL ARGUMENT REQUESTED** |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
PARTIAL RECONSIDERATION**

**INTRODUCTION**

At the start of this case, State Farm proposed a phased approach to case management under which it would file three preliminary motions that, if successful, would have narrowed the issues, streamlined the case, and made the substantive merits briefing at the 12(b)(6) stage more manageable. The Court agreed with that approach and expressly authorized State Farm to file a 12(b)(6) motion "within two weeks of the Court's ruling" on State Farm's three preliminary motions.[1] (ECF Nos. 27, 82; *see also* ECF No. 129-1 at 4:13-25, 7:1-4.) Despite giving State Farm express authorization to file these three preliminary motions and to then file a successive Rule 12(b)(6) motion, the Court denied State Farm's Partial Motion to Dismiss on the ground it was successive under Rule 12(g)(2).

Plaintiffs don't dispute any of this. But instead of filing nothing, or simply conceding the undisputed fact that State Farm filed precisely what this Court expressly authorized it to file and leave it to the Court to decide whether to correct its manifest error, Plaintiffs filed a "response," railing against State Farm for delaying this case. Not only are those accusations untrue and unfounded, but they also have absolutely nothing to do with the issue before the Court.

The Court specifically authorized State Farm to file a successive Rule 12(b)(6) motion, State Farm did exactly as the Court ordered, and the Court denied the motion anyway, treating it as if it were unauthorized and inconsistent with Rule 12(g)(2). The

---

[1] The three preliminary motions State Farm filed were (1) a motion to dismiss, transfer, or stay under the first-filed rule; (2) a motion to dismiss or compel appraisal based on Plaintiffs' failure to comply with the appraisal provision; and (3) a motion to dismiss the "headless" claims. (ECF Nos. 62, 65, 69.)

1

Court should reconsider that decision, vacate its denial of State Farm's Partial Motion to Dismiss, and consider that motion fully on the merits.

## ARGUMENT

This case started with 20 plaintiffs from 20 different states bringing 214 claims on behalf of putative class members in 46 states. (ECF No. 1 ¶¶ 12-31, 53, 2018.) Plaintiffs' First Amended Complaint ("FAC") asserts 302 claims for plaintiffs from 33 different states on behalf of putative class members in 46 states, in a pleading that spans 136 pages and 637 paragraphs. (ECF No. 58 ¶¶ 12-44, 66, 620, 637.)

The practical difficulty of managing such a proceeding is what led State Farm to propose a phased approach to its initial, responsive motions—over Plaintiffs' objections—in hopes that this approach would narrow the issues and streamline the case. (*See* ECF No. 130 at 3-4.) During the first phase, State Farm would file three motions targeting three preliminary issues that could drastically reduce the number of claims, states, and plaintiffs in the case. (*Id.*) During the second phase, State Farm would file a substantive motion to dismiss. (*Id.*)

The Court accepted State Farm's proposal and authorized it to file a successive motion to dismiss, not once but twice: first in response to the original Complaint and then in response to the FAC. (ECF Nos. 27, 82; *see also* ECF No. 129-1 at 4:13-25, 7:1-4.) In doing so, the Court apparently recognized the efficiencies to be gained from successive motions in these circumstances, as it has before. *E.g.*, *McKillip v. Lambert*, No. 18-CV-3698, 2021 WL 5712184, at *2 (N.D. Ill. Dec. 2, 2021) (permitting a plaintiff to "raise[] arguments for dismissal" of a defendant's counterclaims, which "were not amended," even though the arguments were "not included in [the plaintiff's] prior motion to dismiss"

2

and noting that "the Seventh Circuit's approach [to successive motions] allows district courts to resolve cases on their merits at the pleading stage in the interest of efficiency").

The order dismissing State Farm's Partial Motion to Dismiss constitutes "manifest error" warranting reconsideration. *See Bedford v. DeWitt*, No. 19 C 00001, 2023 WL 6312107, at *2 (N.D. Ill. Sept. 28, 2023) (Kendall, J.). It contradicts the Court's prior orders. *Cf. Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (reconsideration warranted for "misapplication or failure to recognize controlling precedent"). It reflects a misunderstanding of State Farm's request for phased briefing and intention to file a successive motion to dismiss. *Ray v. Tabriz*, No. 23 C 1467, 2023 WL 7130715, at *1 (N.D. Ill. Oct. 29, 2023) (Kendall, J.) (same where "the court has patently misunderstood a party"). And it turns on an argument Plaintiffs never raised. *Id.* (same where "the court has made a decision outside the adversarial issues presented to the court by the parties"). Thus, reconsideration is warranted. *See id.*

Plaintiffs don't dispute any of this. (*See generally* ECF No. 134.) They don't deny that the Court authorized a phased approach to State Farm's initial motions. They don't deny that the Court expressly allowed State Farm to file a successive motion to dismiss after its initial round of motions. They don't deny that the dismissal of State Farm's Partial Motion to Dismiss contradicts this procedural history and the Court's prior orders.

The most Plaintiffs offer on the "manifest error" issue are cursory assertions that the "Court got it right when it denied State Farm's second-filed Rule 12 Motion" and that "State Farm failed to carry its 'heavy burden' to show this is a 'rare circumstance' where a motion for reconsideration should be granted." (*Id.* at 3-4.) Plaintiffs offer no explanation or reasoned argument for these conclusory assertions (*id.*), and the undisputed evidence

3

refutes them. The dismissal order is not correct in light of the procedural history, and State Farm did carry its burden in proving that reconsideration is warranted.

Rather than address the merits, Plaintiffs resort to inflammatory mudslinging, accusing State Farm of delay, improperly withholding discovery, and trying to prejudice Plaintiffs. (*Id.* at 2-3). Besides being baseless, these accusations are particularly inappropriate because Plaintiffs didn't produce a single document until January 12—months after State Farm responded to discovery and produced thousands of pages of documents in response. Ultimately, however, Plaintiffs' baseless accusations are meaningless obfuscation. They have nothing to do with the question before the Court: whether its dismissal of State Farm's Partial Motion to Dismiss warrants reconsideration. Given the undisputed contradiction between the dismissal order and the Court's prior orders authorizing a successive Rule 12 motion, the answer to that question is most definitely "yes." Plaintiffs don't even try to argue otherwise.

## **CONCLUSION**

State Farm's Motion for Reconsideration should be granted so the Court can address State Farm's Partial Motion to Dismiss on the merits.

Dated: January 23, 2024            Respectfully submitted,

           <u>s/ *Peter W. Herzog III*</u>
Joseph P. Carlasare
AMUNDSEN DAVIS LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
Phone:    312.894.3200
Email:     jcarlasare@amundsendavislaw.com

Peter W. Herzog III (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone:    314.326.4129
Email:     pherzog@wtotrial.com

Eric L. Robertson (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:    303.244.1842
Email:     robertson@wtotrial.com

*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*