# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BERNADETTE WILLIAMS, RICK MCCONNELL, IVAN SERRATA REYES, ROSILYN WILSON, LINDA LEWIS, LATASHA HUFF, HAUNANIMAE CERVANTES-WHITE, MARIA MUNOZ, TRACY OBRIEN, KIMBERLY BENSON, ROY TUINSTRA, EVELYN BROWN, MICHELLE SNYDER, PATRICIA COUCH, SABRINA CAPERS, WILLIAM ROSS DEAN, RICHARD DACHEFF, KRISTY KELLER, JASIMEN HERNANDEZ, EDGAR FLORIAN, MICHAEL GROSSBERG, MERRILL LOVE, DIANE NEWKIRK, SANDRA SMILING, DAVEY JOHNSTON, CYNTHIA ROEMER, SHAUN ROBERT, ROQUE ESPINOZA, JENNIFER PAYNE, LATISHIA BOWDEN, DJ NEILL, TYSON DEWSNUP, and DEIRDRE PALMER, on behalf of themselves and all others similarly situated, | Case No.: 1:22-cv-01422<br><br>Judge Virginia M. Kendall. |
| Plaintiffs, | |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., | |
| Defendant. | |

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") provides the following Responses and Objections to Plaintiffs' First Requests for Production.

## PRELIMINARY STATEMENT

State Farm submits these responses to Plaintiffs' requests in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure. State Farm provides these responses without conceding the relevance or materiality of the subject matter of any of Plaintiffs' requests, and without prejudice to State Farm's right to object to any further discovery. State Farm responds to the requests without waiving any objection to the relevance, materiality, or admissibility, in any proceeding in this or any other action, of all or any part of the information provided.

State Farm's responses to Plaintiffs' requests have been prepared in full compliance with the Federal Rules of Civil Procedure, pursuant to a reasonable and duly-diligent search for the requested documents. As required by the Federal Rules of Civil Procedure, State Farm's responses reflect all information obtained by State Farm, before the date of the responses, pursuant to a reasonable and duly-diligent search and investigation conducted pursuant to the requests. To the extent that the requests purport to require more, State Farm objects on the grounds that (i) the requests seek to compel State Farm to conduct a search beyond the scope of permissible discovery contemplated by the Federal Rules of Civil Procedure, and (ii) compliance with the requests would impose an undue burden and expense. *See* Fed. R. Civ. P. 26(b).

## OBJECTIONS TO PLAINTIFFS' DEFINITIONS

State Farm objects to the following Definitions:

A.      "Audatex" refers to Audatex North America, Inc. and any of its directors, officers, employees, independent contractors, partners, members, representatives, agents (including attorneys, accountants, consultants, investment advisors, or bankers), and any other person purporting to act on its behalf. In the case of business entities, these defined terms include parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, and/or related entities or any other entity acting or purporting to act on its behalf.

**Objection**: State Farm objects to the proposed definition of "Audatex" to the extent it purports to include entities or persons other than Audatex North America, Inc. For purposes of its written discovery responses, State Farm interprets the term "Audatex" to refer to Audatex North America, Inc. and no other entity or individual. State Farm further objects to the terms "subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, [and] acquired entities" as vague and ambiguous.

K.      "Related Action" means action in which Your valuation of total loss claims was at issue, including, but not limited to *Shields v. State Farm Mut. Auto. Ins. Co.*, No. 6:19-cv-01359 (W.D. La. Oct. 16, 2019), *Clippinger v. State Farm Mut. Auto. Ins. Co.*, No. 2:20-cv-02482 (W.D. Tenn. July 2, 2020), *Wiggins v. State Farm Mut. Auto. Ins. Co.*, No. 8:21-cv-03803 (D.S.C. Nov. 19, 2021), *Chadwick v. State Farm Mut. Auto. Ins. Co.*, No. 4:21-cv-01161 (E.D. Ark. Nov. 29, 2021), *Gulick v. State Farm Mut. Auto. Ins. Co.*, No. 2:21-cv-02573 (D. Kan. Dec. 6, 2021), *Cudd v. State Farm Mut. Auto. Ins. Co.*, No. 4:21-cv-00217 (M.D. Ga. Dec. 21, 2021), *Nichols v. State Farm Mut. Auto. Ins. Co.*, No. 2:22-cv-00016 (S.D. Ohio Jan. 4, 2022), *Varela v. State Farm Mut. Auto. Ins. Co.*, No. 22-cv-00970 (D. Minn. Apr. 15, 2022), *Muhammad v. State Farm Indem. Co.*, No. 2:22-

cv-06149 (D.N.J. Oct. 18, 2022), *Schmidt v. State Farm Mut. Auto. Ins. Co.*, No. 2:22-cv-12926 (E.D. Mich. Dec. 2, 2022) and/or *Ellis v. State Farm*, No. 6:2022-cv-01005 (M.D. Fla.).

**Objection**: State Farm objects to the proposed definition of "Related Action" because the phrase "Your valuation of total loss claims" is vague and ambiguous. That phrase could be interpreted to include any case where any insured or third-party claimant was challenging any aspect of a total loss claim, including cases involving taxes, fees, or other adjustments not at issue here. The proposed definition could also encompass individual suits.

L.     "State Farm," "You," or "Your" means State Farm Mutual Insurance Company, any of its directors, officers, employees, independent contractors, partners, members, representatives, agents (including attorneys, accountants, consultants, investment advisors, or bankers), and any other person purporting to act on its behalf. In the case of business entities, these defined terms include subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, or any other entity acting or purporting to act on their behalf.

**Objection**: State Farm objects to the proposed definition of "You" or "Your" to the extent it purports to require State Farm to respond on behalf of third-party entities and persons not subject to State Farm's control, or to the extent it purports to seek information not in State Farm's possession, custody, or control. State Farm's responses are based on information reasonably available to Defendant State Farm Mutual Automobile Insurance Co. based upon a reasonable inquiry by State Farm. State Farm further objects to the terms "subsidiaries, affiliates, predecessor entities, successor

3

entities, divisions, departments, groups, [and] acquired entities" as vague and ambiguous. State Farm responds on behalf State Farm Mutual only.

## OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS

State Farm objects to Plaintiffs' Instructions to the extent they purport to impose obligations on State Farm in excess of those imposed by the Federal Rules of Civil Procedure. State Farm specifically objects to Instruction F to the extent it purports to require State Farm to provide more or different information that what is required by Rule 26(b)(5). State Farm also specifically objects to Instruction I, in that it purports to require State Farm to collect and produce documents in compliance with a particular protocol to which State Farm has not agreed. State Farm will collect and produce documents in accordance with the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All discovery, including discovery demands and responses thereto, deposition transcripts, requests for admissions and documents produced, served in, or taken in any Related Action.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

State Farm objects to this request because it would require production of materials not necessarily relevant to this action. State Farm further objects because several purported "Related Actions" do not involve jurisdictions in which any named plaintiff here resides, and some involve jurisdictions to which certain named plaintiffs' claims here were transferred in accordance with the first-filed rule. State Farm also objects to this request because it seeks discovery, deposition transcripts, and documents from parties other than State Farm, such as third-party Audatex and the named plaintiffs in those

cases. Much of that discovery was produced subject to protective orders governing the exchange of confidential information, and State Farm could not produce that information consistent with the terms of those protective orders. Finally, State Farm objects to this request to the extent it is cumulative of other document requests seeking the same information.

Subject to and without waiving those objections, State Farm states as follows: As explained by counsel for State Farm during several conferral calls addressing these discovery requests and other discovery-related issues, State Farm cannot agree to simply produce documents from other litigations. As a matter of State Farm's internal discovery protocols, for each case most documents are collected and reviewed independently of one another, even if there is overlap. Nor would it be more efficient to simply produce documents from other litigations, as many of the documents produced in those litigations have been independently requested here, such as claims training materials. State Farm will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to demonstrate all iterations of automobile insurance policy provisions related to adjusting total loss claims issued by You that were in effect during the Class Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

State Farm objects to the term "Class Period" as vague and ambiguous because that term is not defined by Plaintiffs. Counsel for State Farm has asked Plaintiffs' counsel to define the relevant temporal scope of these requests and has yet to receive a response. State Farm also objects to this request because it is unrestricted in geographic scope, in that it is unclear for which states Plaintiffs are requesting policy forms and endorsements.

5

Subject to and without waiving those objections, State Farm will produce policy forms and endorsements related to first-party physical damage coverages subject to appropriate geographic and temporal limitations.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and data Concerning the adjustment of each of the Plaintiffs' total loss vehicle referenced in the operative Class Action Complaint, including, but not limited to, all portions of the claim file relevant to the property claim and all data fields maintained by You Concerning the property claim or valuation report.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

State Farm objects to this request to the extent it seeks documents unrelated to the named plaintiffs' total loss claims, which are not relevant to Plaintiffs' claims and are disproportional to the needs of the case. State Farm further objects to the phrase "data fields maintained by You Concerning the property claim or valuation report" as vague and ambiguous. Plaintiffs' claim files contain the data maintained by State Farm relating to Plaintiffs' total loss claims.

Subject to and without waiving the objections above, State Farm will produce the non-privileged, relevant portions of the named plaintiffs' claim files and their certified policy records. State Farm will withhold or redact as non-responsive certain third-party claimant information and information related to personal injuries.

**REQUEST FOR PRODUCTION NO. 4:**

Documents, including sample valuation reports or templates, sufficient to demonstrate and track any changes, revisions, or updates in the template or form of valuation reports generated by Audatex for You or any State Farm Entities for valuing total loss automobile claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

State Farm objects to this request to the extent it seeks any documents relating to "any State Farm Entit[y]" other than Defendant State Farm Mutual Automobile Insurance Company. The responses provided are made on behalf of Defendant State Farm Mutual Automobile Insurance Company and no other entity or individual. Relatedly, State Farm objects to this request to the extent it seeks documents in the possession, custody, or control of a third party—namely, Audatex. State Farm further objects to this request because it is overly broad and unduly burdensome in that it could require a search and analysis of all reports to identify whether a document demonstrated or tracked any changes, revisions, or updates in the template or form of valuation reports generated by Audatex. This request is better directed to Audatex. State Farm also objects because this request is not limited in temporal scope.

Subject to and without waiving the above objections, State Farm has found no responsive documents in State Farm's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

All contracts with Audatex (regardless the date of the contract) Concerning services to be provided to You related to automotive insurance, including valuing total loss automobile claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

State Farm objects to this request because it is not limited in geographic and temporal scope and thus is overbroad and potentially seeks irrelevant information. State Farm further objects to this request because the phrase "Concerning services to be provided to You related to automotive insurance" is vague and ambiguous.

Subject to and without waiving the above objections, State Farm will produce all contracts, amendments, supplements, and changes to supplements related to the Master Estimatics Services and Licensing Agreement State Farm entered into with Audatex in 2015, which covered all states in which State Farm values total loss automobile claims. To the extent Plaintiffs are seeking additional contracts, State Farm will meet and confer with Plaintiffs regarding the temporal scope if necessary and appropriate.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents received by You Concerning Audatex's marketing or offering of its services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

State Farm objects to this request because Plaintiffs' request for "All documents" is overly broad and unduly burdensome, and not proportional to the needs of the case. "All documents" could constitute tens of thousands of documents if, for example, every Autosource report is related to Audatex's marketing or offering of its services. State Farm interprets this request as not seeking every Autosource report. Further, State Farm objects to the phrase "Audatex's marketing or offering of its services" as vague and ambiguous. State Farm also objects to this request because it is not limited in temporal or geographic scope.

Subject to and without waiving the above objections, State Farm will produce Audatex's responses to State Farm's requests for proposals, which constitute all "marketing" materials State Farm is aware of in State Farm's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

All contracts with any vendor other than Audatex (e.g. CCC Intelligent Solutions (formerly CCC Information Services); Mitchell International, Inc.; NADA; etc.) (regardless the date of the contract) Concerning services to be provided to you related to automotive insurance, including valuing total loss automobile claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

State Farm objects to Plaintiffs' request for "All Contracts" because it is overly broad and unduly burdensome, and not proportional to the needs of the case. State Farm further objects to this request because the phrase "Concerning services to be provided to You related to automotive insurance" is vague and ambiguous. State Farm also objects to this request because it is not limited in geographic and temporal scope and thus is overbroad and potentially seeks irrelevant information. Most fundamentally, however, State Farm objects to this request because State Farm's contracts with vendors other than Audatex are not relevant to any of Plaintiffs' individual or class claims or any of State Farm's defenses. State Farm will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 8:**

Documents, including sample valuation reports or templates, Concerning any changes, revisions or updates in the template or form of valuation reports generated by any vendor other than Audatex (e.g. CCC Intelligent Solutions (formerly CCC Information Services); Mitchell International, Inc.; NADA; etc.) for You or any State Farm Entity for valuing total loss automobile claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

State Farm objects to this request to the extent it seeks any documents relating to "any State Farm Entit[y]" other than Defendant State Farm Mutual Automobile Insurance

Company. The responses provided are made on behalf of Defendant State Farm Mutual Automobile Insurance Company and no other entity or individual. Relatedly, State Farm objects to this request to the extent it seeks documents in the possession, custody, or control of a third party. State Farm further objects to this request because it is overly broad and unduly burdensome in that it could require a search and analysis of all reports to identify whether a document demonstrated or tracked any changes, revisions, or updates in the template or form of valuation reports. State Farm also objects because this request is not limited in temporal scope. Most fundamentally, however, State Farm objects to this request because "sample valuation reports" relating to vendors other than Audatex are not relevant to any of Plaintiffs' individual or class claims or any of State Farm's defenses. Changes, revisions, or updates in such reports are also not relevant. State Farm will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 9:**

Documents, including samples or templates, Concerning any changes, revisions, or updates in the template or form of any Document (other than the valuation reports generated by vendors referenced in the prior Requests) provided by You or any State Farm Entity to Claimants Concerning documenting, disclosing, and/or explaining the justification or factual basis for applying typical negotiation adjustments to comparable vehicles when valuing total loss automobile claims during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

State Farm objects to the phrase "Relevant Time Period" as vague and ambiguous because that term is not defined by Plaintiffs. Counsel for State Farm has asked Plaintiffs' counsel to define the relevant temporal scope of these requests and has yet to receive a response. State Farm further objects to this request to the extent it seeks any documents

relating to "any State Farm Entity" other than Defendant State Farm Mutual Automobile Insurance Company. The responses provided are made on behalf of Defendant State Farm Mutual Automobile Insurance Company and no other entity or individual. Plaintiffs' request also seeks documents or information far outside the scope of permissible discovery in this case. The request is overly broad and unduly burdensome because it would require a search and analysis of all documents provided to insureds by State Farm to identify whether a document demonstrated or tracked any changes, revisions, or updates in the template or form of such documents. Further, State Farm objects because the phrases "justification" and "factual basis" are vague and ambiguous.

Subject to and without waiving the objections above, State Farm will produce the named plaintiffs' claim files, which include all correspondence from State Farm to each named plaintiff. State Farm has found no other documents in State Farm's possession, custody, or control that would be responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Concerning the use or potential use of a "typical negotiation" or similar adjustment to comparable vehicles when valuing total loss automobile claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

State Farm objects to this request because it seeks documents or information far outside the scope of permissible discovery in this case. The request for "All documents," unrestricted by temporal scope, is not proportional to the needs of the case, and is overly broad and unduly burdensome. "All documents" could constitute tens of thousands of documents because it could be interpreted to include all Autosource reports, which themselves "concern" "the use or potential use of a 'typical negotiation'" adjustment. State Farm further objects to this request to the extent it seeks documents in the possession,

custody, or control of a third party—namely, Audatex. This request is better directed to Audatex.

Subject to and without waiving the above objections, State Farm has found no responsive documents in State Farm's possession, custody, or control responsive to this request other than the named plaintiffs' claim files, which include the Autosource reports. As indicated, these materials will be produced by State Farm.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Concerning the discontinuation of the use of a "typical negotiation" or similar adjustment to comparable vehicles when valuing total loss automobile claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

State Farm objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine. State Farm also objects to this request as unrestricted in temporal and geographic scope. Additionally, State Farm objects to the phrase "similar adjustment" as vague and ambiguous. State Farm interprets this request as seeking documents related to State Farm's discontinuation of Audatex, and more specifically State Farm's transition from Audatex to CCC referenced in Plaintiffs' Request for Production Nos. 29, 30, and 31. In light of that interpretation, State Farm objects that documents related to State Farm's transition from Audatex to CCC are not relevant to any of Plaintiffs' individual or class claims or any of State Farm's defenses, is not proportional to the needs of the case, and is overly broad and unduly burdensome. Please also see State Farm's response to Request for Production No. 29.

**REQUEST FOR PRODUCTION NO. 12:**

All Communications, whether internal to you or external, Concerning a "typical negotiation" adjustment or similar adjustment, including, but not limited to, the potential

use, use, and/or discontinuation of use of a "typical negotiation" or similar adjustment to comparable vehicles when valuing total loss automobile claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

State Farm objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine. State Farm also objects to this request as unrestricted in temporal and geographic scope. Additionally, State Farm objects to the phrase "similar adjustment" as vague and ambiguous. State Farm interprets this request as seeking documents related to Audatex and Autosource reports. Regarding Plaintiffs' request for communications related to the "discontinuation" of Audatex, which State Farm interprets as seeking documents related to State Farm's transition from Audatex to CCC referenced in Plaintiffs' Request for Production Nos. 29, 30, and 31, State Farm objects that documents related to State Farm's transition from Audatex to CCC are not relevant to any of Plaintiffs' individual or class claims or any of State Farm's defenses, is not proportional to the needs of the case, and is overly broad and unduly burdensome. State Farm further objects to the phrase "All Communications" as overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving those objections, and as discussed with counsel for Plaintiffs, State Farm is prepared to conduct an email archive search after negotiating in good faith reasonable time limitations, custodians, and search terms.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and data Concerning the calculation of the typical negotiation adjustment for Plaintiffs' total loss vehicles.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

State Farm objects to this request because it is cumulative or Request for Production No. 3. As mentioned there, Plaintiffs' claim files contain the data maintained by State Farm relating to Plaintiffs' total loss claims. State Farm further objects to this request to the extent it seeks data or documents not in State Farm's possession, custody, or control. Data specifically related to the calculation of the typical negotiation adjustment is in the possession, custody, or control of a third-party—namely, Audatex— because Audatex calculates that adjustment. Accordingly, this request is better directed to Audatex.

Subject to and without waiving the objections above, please see the named plaintiffs' claim files, which include their Autosource reports. Please also see State Farm's Response to Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Concerning Your policies and procedures for evaluating, documenting, and adjusting total loss claims during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

State Farm objects to this request because all documents "concerning policies and procedures for evaluating, documenting, and adjusting total loss claims" is overly broad, unduly burdensome, and not proportional to the needs of the case. This request could entail tens of thousands of documents, including the claim files of every insured who incurred a total loss of a vehicle. State Farm also objects to the phrase "Relevant Time Period" as vague and ambiguous because that term is not defined by Plaintiffs. Counsel for State Farm has asked Plaintiffs' counsel to define the relevant temporal scope of these

requests and has yet to receive a response. Finally, State Farm objects because this request is not limited in geographic scope.

Subject to and without waiving the objections, State Farm will produce the relevant portions of the Auto Claim Manual, relevant Standard Claim Processes, and relevant state-specific Jurisdictional References, which comprise State Farm's policies and procedures for evaluating, documenting, and adjusting total loss claims, subject to appropriate geographic and temporal limitations.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning Your training of employees and/or agents to explain, evaluate, document, and adjust total loss claims, including but not limited to the use of typical negotiation adjustment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

State Farm objects to this request because "[a]ll Documents Concerning" State Farm's "training of employees to evaluate, document, and adjust total loss claims," unrestricted by time and geography, is overly broad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the above objections, State Farm will produce training materials, manuals, and protocols provided to State Farm claim handlers relating to the settlement of total loss claims subject to an appropriate temporal limitation.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Concerning how You and/or Audatex (or any other relevant third party) calculate the dollar amount of the typical negotiation adjustment when valuing total loss automobile claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

State Farm objects to this request because documents related to the calculation of the typical negotiation adjustment are not in State Farm's possession, custody, or control because Audatex calculates that adjustment. This request is better directed to Audatex. State Farm further objects because this request is not limited in geographic or temporal scope. Finally, State Farm objects to this request as vague and ambiguous because the phrase "[a]ll Documents Concerning" how State Farm "calculate[s] the dollar amount of the typical negotiation adjustment" could be interpreted to encompass every Autosource report of every insured, which would be overly burdensome and not proportional to the needs of the case.

Subject to and without waiving the above objections, State Farm has found no responsive documents in State Farm's possession, custody, or control responsive to this request other than the named plaintiffs' claim files, which include their Autosource reports. As indicated, these materials will be produced by State Farm.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show the methodology used by Audatex (or any other relevant third party) for determining the typical negotiation adjustment to be applied when determining the actual cash value of an insured's total loss vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

State Farm objects to the extent this request seeks data or documents not in State Farm's possession, custody, or control. Audatex calculates typical negotiation adjustments, so this request is better directed to Audatex. State Farm also objects to this request because it is not limited in geographic or temporal scope. Finally, State Farm objects to this request to the extent this request seeks premature expert discovery. Expert

16

reports, including materials considered by experts in forming their opinions, will be disclosed in accordance with the applicable case schedule.

Subject to and without waiving the above objections, State Farm has found no responsive documents in State Farm's possession, custody, or control responsive to this request other than the named plaintiffs' claim files, which include their Autosource reports. As indicated, these materials will be produced by State Farm.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents exchanged between You or any State Farm Entity and Audatex Concerning the policies, procedures, methodology, data, and information sources relevant to the application of typical negotiation adjustments to determine the actual cash value of total loss claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

State Farm objects to this request to the extent it seeks any documents relating to "any State Farm Entity" other than Defendant State Farm Mutual Automobile Insurance Company. The responses provided are made on behalf of Defendant State Farm Mutual Automobile Insurance Company and no other entity or individual. State Farm further objects to Plaintiffs' request because it seeks documents or information far outside the scope of permissible discovery in this case. The request for "All documents" for all "claimants," which is not limited in time or geography, is not proportional to the needs of the case, and is overly broad and unduly burdensome. Further, "All documents" could constitute tens of thousands of documents because that phrase could be interpreted to include all Autosource reports.

Subject to and without waiving the above objections, State Farm has found no responsive documents in State Farm's possession, custody, or control responsive to this

request other than the named plaintiffs' claim files, the training materials, manuals, and protocols provided to State Farm claim handlers relating to the settlement of total loss claims, and marketing materials from Audatex. These materials will be produced by State Farm.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Concerning Your understanding of the methodology used by Audatex to calculate the typical negotiation adjustment including: (a) what factors or variables the methodology controls for, (b) any changes in the methodology over time; (c) the data used to calculate the typical negotiation adjustment, the source(s) of the data, and the subset of data used to calculate an individual typical negotiation adjustment, how that subset of data is selected, how that data is used for the calculation, and any changes over time; and (d) any data that is excluded when calculating an individual typical negotiation adjustment and the reasons for exclusion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

State Farm objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Plaintiffs' request also seeks documents or information far outside the scope of permissible discovery in this case. The request for "All documents," which is not limited in time or geography, is not proportional to the needs of the case, and is overly broad and unduly burdensome. "All documents" could constitute tens of thousands of documents because it could be interpreted to include all Autosource reports or individual claim files. Further, State Farm objects because this request is not limited in geographic or temporal scope. Further, State Farm objects because the phrase "appropriate" is vague and ambiguous. Finally, State Farm objects to this request to the extent this request seeks premature expert discovery. Expert reports,

including materials considered by experts in forming their opinions, will be disclosed in accordance with the applicable case schedule.

Subject to and without waiving the above objections, State Farm has found no responsive documents in State Farm's possession, custody, or control responsive to this request other than the named plaintiffs' claim files, the training materials, manuals, and protocols provided to State Farm claim handlers relating to the settlement of total loss claims, and marketing materials from Audatex. These materials will be produced by State Farm.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents Concerning any measures You have taken, if any, to verify the accuracy of the typical negotiation adjustment used by Audatex.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

State Farm objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Plaintiffs' request also seeks documents or information far outside the scope of permissible discovery in this case. The request for "All documents," which is not limited in time or geography, is not proportional to the needs of the case, and is overly broad and unduly burdensome. "All documents" could constitute tens of thousands of documents because it could be interpreted to include all Autosource reports or individual claim files. State Farm further objects to the undefined term "verify" as vague and ambiguous. Finally, State Farm objects to this request to the extent this request seeks premature expert discovery. Expert reports, including materials considered by experts in forming their opinions, will be disclosed in accordance with the applicable case schedule.

Subject to and without waiving the objections above, State Farm has found no responsive, non-privileged documents in State Farm's possession, custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Concerning any measures You have taken, if any, to understanding the justification for the typical negotiation adjustment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

State Farm objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Plaintiffs' request also seeks documents or information far outside the scope of permissible discovery in this case. The request for "All documents," which is not limited in time or geography, is not proportional to the needs of the case, and is overly broad and unduly burdensome. "All documents" could constitute tens of thousands of documents because it could be interpreted to include all Autosource reports or individual claim files. State Farm further objects to this request to the extent it seeks documents generated in the context of other pending litigation, including expert reports. State Farm also objects that State Farm's understanding of Audatex's justification for the typical negotiation adjustment is irrelevant to the claims and defenses in this action. State Farm objects to the term "measures" as vague and ambiguous. Finally, State Farm objects to this request to the extent this request seeks premature expert discovery. Expert reports, including materials considered by experts in forming their opinions, will be disclosed in accordance with the applicable case schedule.

Subject to and without waiving the objections above, State Farm has found no responsive, non-privileged documents in State Farm's possession, custody, or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents in Your possession, custody, or control—including Documents published by any appraisal or valuation trade group, board, or entity that provides appraiser certifications—that You contend support the application of typical negotiation adjustments, such as those applied in the Audatex valuation reports, as an appropriate adjustment to make when valuing automotive total loss claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

State Farm objects to this request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Plaintiffs' request also seeks documents or information far outside the scope of permissible discovery in this case. The request for "All documents," which is not limited in time or geography, is not proportional to the needs of the case, and is overly broad and unduly burdensome. "All documents" could constitute tens of thousands of documents because it could be interpreted to include all Autosource reports or individual claim files. State Farm further objects that the phrase "Documents published by any appraisal or valuation trade group, board, or entity that provides appraiser certifications" is vague and ambiguous. Finally, State Farm objects to this request to the extent this request seeks premature expert discovery. Expert reports, including materials considered by experts in forming their opinions, will be disclosed in accordance with the applicable case schedule.

**REQUEST FOR PRODUCTION NO. 23:**

Documents and databases sufficient to identify all members of the Putative Classes and the typical negotiation adjustments applied to comparable vehicles in valuation reports Concerning their claims, including, but not limited to, the following information

related to every first-party total loss claim made during the Class Period (on a policy of insurance issued by You or any State Farm Entity):

a) Policy state

b) State Farm entity underwriting policy

c) Whether Claimant is a first-party (insured by a State Farm Entity) or third-party (insured by non-State Farm Entity)

d) Claimant's name

e) Claimant's address

f) Claimant's zip code

g) Claim number

h) Adjustor name(s)

i) Loss date

j) Date loss reported

k) Coverage type of loss (e.g. collusion, liability, etc.)

l) Name of the valuation service used to value the loss vehicle (e.g. Audatex, CCC Intelligent Solutions)

m) Valuation methodology or methodologies used (e.g. Audatex Market-Driven Valuation)

n) Date valuation report or reports requested

o) Date valuation report or reports provided or generated

p) Report reference number in valuation report

q) Version number of valuation report

r) Vehicle identification number (VIN) of loss vehicle

s) Make of loss vehicle

22

t) Model of loss vehicle

u) Year of loss vehicle

v) Odometer reading of loss vehicle

w) Source for each comparable vehicle (e.g. Vast, Cars.com, etc.)

x) Dealer offering each comparable vehicle for sale

y) Whether typical negotiation adjustment (or similar adjustment) was applied to each comparable vehicle

z) Amount of typical negotiation adjustment applied to each comparable vehicle

aa) All data related to the calculation of the amount of the typical negotiation adjustment applied to each comparable vehicle

bb) Dollar amount by which application of the typical negotiation adjustments applied to each comparable vehicle decreased the average price of the comparable vehicles

cc) Advertised price for each comparable vehicle

dd) Price of each comparable vehicle after application of the Typical Negotiation Adjustment

ee) "Total Condition Adjusted Market Value" determined by valuation service

ff) "Sales Tax" documented by valuation service

gg) "Deductible" documented by valuation service

hh) "Net Adjusted Value" determined by the valuation service

ii) "Market Value" determined by the valuation service

jj) Any additions or deductions by You to the actual cash value determined by the valuation source and itemization of those additions or deductions and the justification and reason

23

kk) Any deviations by You from the actual cash value determined by the valuation source and itemization of those deviations and the justification and reason

ii) [sic] Whether any appraisal provision was invoked, the party that invoked the appraisal provision, the actual cash value determined by the appraisal process, and whether the results of the appraisal process were used to determine actual cash value rather than the valuation report

jj) [sic] Actual cash value determined by You

kk)[sic] Sales tax amount determined by You

ll) Any fees determined by You, the amount of fees, and type of fees

mm) Any salvage value and whether owner retained salvage

nn) The amount of any comparative negligence deduction applied to the actual cash value

oo) Deductible amount

pp) Total benefit for the loss

qq) Amount of total loss benefit paid to Claimant

rr) Amount of total loss benefit paid to lienholder

ss) Date You paid any total loss benefit to Claimant

tt) Date You paid any total loss benefit to any lienholder

uu) Whether the policy is a stated amount policy and, if so, the amount of the stated amount, and

vv) Information included in each data field listed in the data dictionary produced in response to Request for Production No. 21.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

State Farm objects to this request because it seeks information regarding tens of thousands of insureds' claims, including confidential and private information such as their names and addresses. State Farm notes that, although pleaded as a class action, no putative class has been certified. The request therefore is overly broad, unduly burdensome, and not proportional to the needs of the case. State Farm also objects because the request appears to seek claims information for "every first-party total loss claim made during the Class Period" regardless whether that claim even falls within the putative class definition and without defining "Class Period." State Farm objects to this request to the extent it purports to seek claim information from any entity other than State Farm Mutual Automobile Insurance Company. State Farm also objects to this request to the extent it seeks claims information for claims that may have been valued using a "valuation service" other than Autosource. Such information is irrelevant, overly broad, and not proportional to the needs of the case.

State Farm further and specifically objects to this request as overbroad and unduly burdensome because it contains at least 50 discrete sub-parts and is thus compound. State Farm also objects to this request because it is impossible to answer without engaging in a comprehensive review, analysis, and interpretation of tens and thousands of individual claim files. Accordingly, State Farm objects that the request seeks information that is not proportional to the needs of the case, and is overly broad and unduly burdensome. Additionally, State Farm objects to the extent this request seeks data or documents not in State Farm's possession, custody, or control. For example, the data related to calculation of the typical negotiation adjustment is not in State Farm's possession because Audatex calculates that adjustment.

Finally, State Farm objects to this request insofar as it seeks production of entire proprietary "databases," which is a request that entails potentially vast amounts of irrelevant information, is not proportional to the needs of the case, and is overly broad and unduly burdensome.

**Contains Confidential Information**: Subject to and without waiving the above objections, State Farm electronically stores claims-related information in the "Enterprise Claim System" ("ECS"). The ECS is a complex relational database containing a variety of claim information regarding claims made by State Farm policyholders. The system organizes and stores data in certain "fields." The fields maintained by State Farm for business-related reasons include basic claim information (including a claim number, date of loss, vehicle owner, and cause of loss), valuation information, and the total amount paid for a particular claim. The total amount paid for a particular claim may reflect a variety of adjustments, including adjustments made to the actual cash value based on information obtained by State Farm representatives, information provided by the insured, vehicle valuation services, and other sources.

In addition, it is important to note that much of the information entered into ECS is entered manually, so the availability or quality of data may depend on whether that data was entered and whether that data was entered accurately. That said, the claim information stored in ECS generally will include the information in sub-parts (a) through (l), sub-parts (r) through (v) (with the caveat that the availability of certain vehicle specific information, such as the "Make of loss vehicle," "Model of loss vehicle," "Year of loss vehicle," and "Odometer" [sub-parts (s) through (u)] may depend on what information for a particular vehicle is actually available), subpart (ff), sub-part (gg) (with the caveat

that the valuation service does not provide the Deductibles, instead it is State Farm that calculates the Deductibles); subparts (hh) through (jj), and subparts (jj[sic]) through (ss).

The information in sub-parts (m) through (q), (w) through (ee), (kk), (ii [sic]), (uu), and (vv) are not searchable fields within ECS and to the extent that they even exist, would require a comprehensive claim-by-claim review, which would require reviewing, analyzing, and interpreting tens of thousands of individual claim files. State Farm will produce the available fields of claim information stored in ECS described above, with the exception of sub-parts (d) through (f) (Claimant's name, Claimant's address, and Claimant's zip code) because those fields contain Personal Identifying Information of State Farm's customers, and that information is not relevant at this stage of the case. In addition, and consistent with State Farm's objections above, State Farm will produce data for State Farm Mutual Automobile Insurance Company only, where the claim was a First Party claim and the "valuation service" is listed as Autosource, subject to appropriate geographic and temporal limitations.

**REQUEST FOR PRODUCTION NO. 24:**

Data dictionaries and training Documents sufficient to understand the Documents and data produced in response to Request for Production No. 20.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

State Farm assumes this request is intended to reference Request for Production No. 23, not Request for Production No. 20. With that understanding, State Farm objects to the phrase "Data dictionaries and training Documents" as vague and ambiguous. State Farm further objects to this request because such documents are unnecessary—the terms used in the ECS data are self-explanatory. Subject to and without waiving the objections, please see State Farm's Response to Request for Production No. 23, which explains the

ECS database generally and explains which categories of data are available. In addition, State Farm will respond to specific questions about the ECS data State Farm will produce, if necessary.

**REQUEST FOR PRODUCTION NO. 25:**

Documents Concerning all methodologies You have used to determine actual cash value of Your Claimants' total loss vehicles and the time period and area in which each methodology was in place.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

State Farm objects to this request because it seeks documents relating to "all methodologies" State Farm has used to determine actual cash value without any geographic or temporal limitation. State Farm also objects to this request because it seeks documents relating to other methodologies that are not relevant to any of Plaintiffs' individual or class claims or any of State Farm's defenses. Further, State Farm objects to this request because it is impossible to answer without engaging in a comprehensive claim-by-claim review, which would require reviewing, analyzing, and interpreting tens of thousands of individual claim files. Accordingly, State Farm objects that the request seeks documents that are not relevant to any of Plaintiffs' individual or class claims or any of State Farm's defenses, is not proportional to the needs of the case, and is overly broad and unduly burdensome.

Subject to and without waiving the objections, please see State Farm's Response to Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 26:**

Documents, including samples or templates, of each iteration of valuation reports You used to determine the value of total loss vehicles before You began using Audatex.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

      State Farm objects to this request because it seeks documents that are not relevant to any of Plaintiffs' individual or class claims or any of State Farm's defenses, is not proportional to the needs of the case, and is overly broad and unduly burdensome. Further, State Farm objects because this request is not limited in geographic or temporal scope. Most fundamentally, however, documents regarding "each iteration of valuation reports" for vendors other than Audatex are not relevant to any of Plaintiffs' individual or class claims or any of State Farm's defenses. State Farm will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 27:**

      All Documents Concerning Your policies and procedures for adjusting total loss claims made by Claimants before You began using Audatex.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

      State Farm objects to this request because it seeks documents that are not relevant to any of Plaintiffs' individual or class claims or any of State Farm's defenses, is not proportional to the needs of the case, and is overly broad and unduly burdensome. Further, State Farm objects because this request is not limited in geographic or temporal scope. Most fundamentally, however, documents regarding State Farm's policies and procedures for adjusting total loss claims before State Farm began using Audatex are not relevant to any of Plaintiffs' individual or class claims or any of State Farm's defenses. State Farm will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents exchanged between You or any State Farm Entity and Audatex Concerning Plaintiffs including, without limitation, Documents Concerning this action or any Related Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

State Farm objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine. State Farm further objects to this request to the extent it seeks any documents relating to "any State Farm Entity" other than Defendant State Farm Mutual Automobile Insurance Company. The responses provided are made on behalf of Defendant State Farm Mutual Automobile Insurance Company and no other entity or individual. Further, State Farm objects because Plaintiffs' request for "All documents" is overly broad and unduly burdensome, and not proportional to the needs of the case. State Farm also objects because this request seeks documents not relevant to any of Plaintiffs' individual or class claims or any of State Farm's defenses, is not proportional to the needs of the case, and is overly broad and unduly burdensome. Finally, State Farm objects to this request because documents concerning "any Related Action" are not relevant.

Subject to and without waiving the objections above, please see the named plaintiffs' claim files, which include their Autosource reports.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Concerning Your transitioning from Audatex to CCC Intelligent Solutions, Inc. ("CCC") in 2021 related to using its valuation services for determining the "actual cash value" of totaled vehicles, including but not limited to: (a) all Documents sent

to or received from CCC; (b) all Documents sent to or received from Audatex; and (c) all internal Documents Concerning the transition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

State Farm objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or work product doctrine. State Farm further objects that documents related to State Farm's transition from Audatex to CCC are not relevant to any of Plaintiffs' individual or class claims or any of State Farm's defenses, is not proportional to the needs of the case, and is overly broad and unduly burdensome. State Farm will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents Concerning Your considering, selecting, and rejecting proposals from Audatex, CCC, and any other third-party providers of valuation services that culminated in Your transition from Audatex to CCC in 2021, including but not limited to: (1) all Documents sent to or received from each third-party provider; and (2) all internal Documents Concerning the solicitation, consideration, selection, and rejection of proposals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Please see State Farm's Response to Request for Production No. 29.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents Concerning Your cessation of Audatex's valuation services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Please see State Farm's Response to Request for Production No. 29.

**REQUEST FOR PRODUCTION NO. 32:**

Your document retention policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

State Farm objects to this request because it seeks information that is not relevant, nor is the request reasonably calculated to lead to the discovery of admissible evidence. Additionally, due to the overly broad nature of this request, it is also a potential invasion of the attorney-client privilege and the work product doctrine. State Farm further objects to this request as written because it has the potential to be unduly burdensome. State Farm will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 33:**

Organizational charts detailing Your relationship with any State Farm entity that also deals directly with Your insurance policyholders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

State Farm objects to this request because it is neither relevant nor proportional to the issues in this case, and it seeks highly confidential and proprietary business information that has no bearing whatsoever on the issues in this case. The request also is overly broad and does not confine itself to the individuals who may have discoverable information, such as those involved in the handling of these claims, all of whom will be apparent from the named plaintiffs' claim files. State Farm will not produce additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to identify the persons or entities responsible for oversight and accounting for the resolution of total loss claims, and their respective roles in adjusting and paying claims for total loss.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

State Farm objects to this request because the phrase "responsible for oversight and accounting of the resolution of total loss claims" is vague and ambiguous. State Farm claim handlers generally are responsible for the oversight and accounting of the resolution of total loss claims, sometimes with input from team and section managers. Their respective roles are best gleaned from named plaintiffs' claim files, which will be produced. State Farm will not produce additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 35:**

Documents Concerning all reporting from You to any other State Farm entity regarding total loss claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

State Farm objects to this request because the phrase "reporting from You to any other State Farm entity regarding total loss claims" is vague and ambiguous. It is completely unclear what documents Plaintiff appears to be seeking. State Farm declines to produce documents in response to this request as phrased.

**REQUEST FOR PRODUCTION NO. 36:**

Documents Concerning all reporting to You from any other State Farm entity regarding total loss claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Please see State Farm's response to Request for Production No. 35.

**REQUEST FOR PRODUCTION NO. 37:**

Documents Concerning Your analysis of Your policies under each of the respective states in which you issue policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

State Farm objects to this request because the phrase "Documents Concerning Your analysis of Your policies under each of the respective state" is vague and ambiguous. It is completely unclear what documents Plaintiff appears to be seeking. State Farm declines to produce documents in response to this request as phrased.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents Concerning any appraisal between You and Your insured undertaken pursuant one of Your policies in regards to a total loss claim during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

State Farm objects to the phrase "Relevant Time Period" as vague and ambiguous because that term is not defined by Plaintiffs. Counsel for State Farm has asked Plaintiffs' counsel to define the relevant temporal scope of these requests and has yet to receive a response. State Farm further objects to this request because "All Documents Concerning any appraisal," unrestricted in geographic or temporal scope, is overly broad, unduly burdensome, and not proportional to the needs of the case. Finally, for the reasons explained in State Farm's Response to Interrogatory No. 6, State Farm cannot produce documents in response to this request absent a claim file-by-claim file review. Accordingly, State Farm objects to the request as overly broad, disproportional to the needs of the case, unduly burdensome, and impossible to comply with.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents Concerning any outcome analysis, cost analysis, or any other quantitative analysis of the use and outcomes of appraisals between You and Your insured pursuant to one of Your policies in regards to a total loss claim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

State Farm objects to the phrase "outcome analysis, cost analysis, or any other quantitative analysis of the use and outcomes of appraisals" as vague and ambiguous. State Farm further objects to this request to the extent this request seeks premature expert discovery. Expert reports, including materials considered by experts in forming their opinions, will be disclosed in accordance with the applicable case schedule. Subject to and without waiving the objections, State Farm is unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 40:**

Documents sufficient to identify all Custodians.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

To the extent not apparent from the document productions themselves, State Farm will work with Plaintiffs to identify document custodians.

**REQUEST FOR PRODUCTION NO. 41:**

Documents sufficient to identify all Custodial Data Sources and Non-Custodial Data Sources.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

To the extent not apparent from the document productions themselves, State Farm will work with Plaintiffs to identify custodial and non-custodial data sources.

Dated: November 6, 2023          Respectfully submitted,

                                    _s/ Eric Robertson_____

                                    Joseph P. Carlasare
AMUNDSEN DAVIS LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
Phone:    312.894.3200
Email:    jcarlasare@amundsendavislaw.com

Peter W. Herzog III (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone:    314.326.4129
Email:    pherzog@wtotrial.com

Eric L. Robertson (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:    303.244.1842
Email:    robertson@wtotrial.com

*Attorneys for Defendant State Farm Mutual Automobile Insurance Co.*

## CERTIFICATE OF SERVICE

I certify that I served the foregoing by email to all counsel of record.


Dated: November 6, 2023 *s/ Eric Robertson*

Eric Robertson