# EXHIBIT B

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BERNADETTE WILLIAMS, RICK MCCONNELL, IVAN SERRATA REYES, ROSILYN WILSON, LINDA LEWIS, LATASHA HUFF, HAUNANIMAE CERVANTES-WHITE, MARIA MUNOZ, TRACY OBRIEN, KIMBERLY BENSON, ROY TUINSTRA, EVELYN BROWN, MICHELLE SNYDER, PATRICIA COUCH, SABRINA CAPERS, WILLIAM ROSS DEAN, RICHARD DACHEFF, KRISTY KELLER, JASIMEN HERNANDEZ, EDGAR FLORIAN, MICHAEL GROSSBERG, MERRILL LOVE, DIANE NEWKIRK, SANDRA SMILING, DAVEY JOHNSTON, CYNTHIA ROEMER, SHAUN ROBERT, ROQUE ESPINOZA, JENNIFER PAYNE, LATISHIA BOWDEN, DJ NEILL, TYSON DEWSNUP, and DEIRDRE PALMER, on behalf of themselves and all others similarly situated, | Case No.: 1:22-cv-01422  Judge Virginia M. Kendall |
| Plaintiffs, | |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., | |
| Defendant. | |

### DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") provides the following Responses and Objections to Plaintiff's First Set of Interrogatories.

1

**PRELIMINARY STATEMENT**

State Farm submits these responses to Plaintiffs' Interrogatories in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure. State Farm provides these responses without conceding the relevance or materiality of the subject matter of any of Plaintiffs' Interrogatories, and without prejudice to State Farm's right to object to any further discovery. State Farm responds to the interrogatories without waiving any objection to the relevance, materiality, or admissibility, in any proceeding in this or any other action, of all or any part of the information provided.

State Farm's responses to Plaintiffs' Interrogatories have been prepared in compliance with the Federal Rules of Civil Procedure, pursuant to a reasonable and duly diligent search for the requested information. As required by the Federal Rules of Civil Procedure, State Farm's responses reflect information obtained by State Farm, before the date of the responses, pursuant to a reasonable and duly-diligent search and investigation conducted pursuant to the interrogatories. To the extent the interrogatories purport to require more, State Farm objects on the grounds that (i) the interrogatories seek to compel State Farm to conduct a search beyond the scope of permissible discovery contemplated by the Federal Rules of Civil Procedure, and (ii) compliance with the interrogatories would impose an undue burden and expense. *See* Fed. R. Civ. P. 26(b).

**OBJECTIONS TO PLAINTIFFS' DEFINITIONS**

State Farm objects to the following Definitions:

B.     "State Farm", "You" or "Your," refers to Defendant State Farm Mutual and any of its directors, officers, employees, independent contractors, partners, members, representatives, agents (including attorneys, accountants, consultants, investment advisors, or bankers), and any other person purporting to act on its behalf. In the case of

2

business entities, these defined terms include subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, or any other entity acting or purporting to act on their behalf.

**Objection**: State Farm objects to the proposed definition of "You" or "Your" to the extent it purports to require State Farm to respond on behalf of third-party entities and persons not subject to State Farm's control, or to the extent it purports to seek information not in State Farm's possession, custody, or control. State Farm's responses are based on information reasonably available to State Farm based upon a reasonable inquiry by State Farm. State Farm further objects to the terms "subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, [and] acquired entities" as vague and ambiguous. State Farm responds on behalf of State Farm Mutual only.

C. "Audatex" refers to Audatex North America, Inc. and any of its directors, officers, employees, independent contractors, partners, members, representatives, agents (including attorneys, accountants, consultants, investment advisors, or bankers), and any other person purporting to act on its behalf. In the case of business entities, these defined terms include parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, and/or related entities or any other entity acting or purporting to act on its behalf.

**Objection**: State Farm objects to the proposed definition of "Audatex" to the extent it purports to include entities or persons other than Audatex North America, Inc. For purposes of its written discovery responses, State Farm interprets the term "Audatex" to refer to Audatex North America, Inc. and no other entity or individual. State Farm further objects to the terms "subsidiaries, affiliates, predecessor entities, successor

3

entities, divisions, departments, groups, [and] acquired entities" as vague and ambiguous.

## **OBJECTIONS APPLICABLE TO MORE THAN ONE REQUEST**

Several of State Farm's objections apply to more than one request. To avoid repetition of objections that apply to several of the requests, those objections are set forth in this section in the form of four numbered objections, and each of these specific objections is, where applicable, specifically incorporated by reference to its number in the form "Objection No. _."

1. State Farm objects to those requests that seek information protected by attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity provided by law.

2. State Farm objects to those requests that seek information not within State Farm's possession, custody, or control. State Farm's responses are based on the information reasonably available to State Farm based upon a reasonable inquiry by State Farm.

3. State Farm objects to those requests that seek the disclosure of trade secrets, commercial information, or confidential information. All such information, if otherwise discoverable, will be provided pursuant to a protective order entered by the Court.

4. State Farm objects to those requests that (i) seek documents or information that is neither relevant to any of Plaintiffs' individual or class claims or any of State Farm's defenses, nor proportionate to the needs of the case, (ii) are overly broad, or (iii) are unduly burdensome. *See* Fed. R. Civ. P. 26(b).

**INTERROGATORY NO. 1:**

Identify all persons (other than counsel) who participated in answering these interrogatories and all Documents each reviewed in the course of answering these interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

State Farm objects on the grounds stated in Objection Nos. 1 and 4. State Farm further and specifically objects to the term "participated" as vague and ambiguous.

Subject to and without waiving those objections, State Farm identifies the following persons who assisted in answering these interrogatories:

> **Doug Graff**, State Farm Mutual Automobile Insurance Company, c/o Wheeler Trigg O'Donnell LLP and Amundsen Davis LLC.
>
> **Maureen Hasselmann**, State Farm Mutual Automobile Insurance Company, c/o Wheeler Trigg O'Donnell LLP and Amundsen Davis LLC.

**INTERROGATORY NO. 2:**

Identify all third parties, vendors, and/or automobile valuation software, other than Audatex, used to generate appraisals and/or valuation reports used by You for valuing total loss automobile claims in the State of Florida (e.g. CCC Intelligent Solutions (formerly CCC Information Services); Mitchell International, Inc.; NADA; etc.) and the time period during which each was used.

**RESPONSE TO INTERROGATORY NO. 2:**

State Farm objects on the grounds stated in Objection Nos. 3 and 4. State Farm further objects to this interrogatory as unlimited in temporal scope. Counsel for State Farm has asked Plaintiffs' counsel to provide the relevant time period for these discovery requests and has not received a response. State Farm also objects to the phrases "third parties, vendors, and/or automobile valuation software" and "appraisals and/or valuation

5

reports" as vague and ambiguous. State Farm interprets this request as seeking information related to State Farm's use of third-party vehicle valuation vendors (e.g., Audatex, CCC) offering vehicle valuation services. State Farm notes the interrogatory is geographically limited to the State of Florida. However, State Farm assumes this is a mistake, given the alleged geographic scope of the action. This potential mistake renders the interrogatory vague and ambiguous, in that it is unclear the geographic scope for which Plaintiffs are seeking information. For the purpose of this interrogatory response, and to give the benefit of the doubt to Plaintiffs, State Farm interprets this interrogatory as seeking information regarding the states in which the named plaintiffs are alleged to reside.

**Contains Confidential Information**: Subject to and without waiving those objections, State Farm states as follows: Before 2015, State Farm primarily used either Audatex or Mitchell for vehicle valuation services, depending on the state. In 2015, State Farm transitioned to Audatex and used Audatex for vehicle valuation services in all 50 states. State Farm primarily used Audatex until the fall of 2021, when State Farm transitioned from Audatex to CCC for vehicle valuation services. CCC is State Farm's current provider of vehicle valuation services. The CCC transition dates are listed in the chart below for the states in which the named plaintiffs are alleged to reside. If necessary, and once Plaintiffs' counsel provides clarity regarding the temporal scope of this interrogatory, State Farm will supplement if appropriate and as needed.

| State | CCC Transition Date |
|---|---|
| AL | State Farm transitioned from Audatex to CCC on 10/18/2021. |
| CT | State Farm transitioned from Audatex to CCC on 10/11/2021. |

6

| State | CCC Transition Date |
|---|---|
| DE | State Farm transitioned from Audatex to CCC on 10/11/2021. |
| FL | State Farm transitioned from Audatex to CCC on 9/27/2021. |
| HI | State Farm transitioned from Audatex to CCC on 11/15/2021. |
| IL | State Farm transitioned from Audatex to CCC on 11/15/2021. |
| IA | State Farm transitioned from Audatex to CCC on 11/15/2021. |
| KS | State Farm transitioned from Audatex to CCC on 10/18/2021. |
| KY | State Farm transitioned from Audatex to CCC on 9/27/2021. |
| MD | State Farm transitioned from Audatex to CCC on 10/18/2021. |
| MI | State Farm transitioned from Audatex to CCC on 11/15/2021. |
| MN | State Farm transitioned from Audatex to CCC on 11/15/2021. |
| MS | State Farm transitioned from Audatex to CCC on 11/8/2021. |
| MO | State Farm transitioned from Audatex to CCC on 11/08/2021. |
| NE | State Farm transitioned from Audatex to CCC on 10/18/2021. |
| NV | State Farm transitioned from Audatex to CCC on 11/15/2021. |
| NH | State Farm transitioned from Audatex to CCC on 10/11/2021. |
| NJ | State Farm transitioned from Audatex to CCC on 11/15/2021. |
| NM | State Farm transitioned from Audatex to CCC on 9/27/2021. |
| NY | State Farm transitioned from Audatex to CCC on 11/08/2021. |
| NC | State Farm transitioned from Audatex to CCC on 9/27/2021. |
| OK | State Farm transitioned from Audatex to CCC on 10/11/2021. |

| State | CCC Transition Date |
|---|---|
| OR | State Farm transitioned from Audatex to CCC on 11/15/2021. |
| PA | State Farm transitioned from Audatex to CCC on 11/15/2021. |
| TX | State Farm transitioned from Audatex to CCC on 10/11/2021. |
| UT | State Farm transitioned from Audatex to CCC on 10/18/2021. |
| WV | State Farm transitioned from Audatex to CCC on 9/27/2021. |

**INTERROGATORY NO. 3:**

Identify each state, district, and territory in which a typical negotiation adjustment or similar adjustment was applied in the determination of actual cash value of any vehicle determined by You to be a total loss, and the time period during which the adjustment was applied.

**RESPONSE TO INTERROGATORY NO. 3:**

State Farm objects on the grounds stated in Objection Nos. 3 and 4. State Farm further objects to this interrogatory because it is not limited in temporal scope. Counsel for State Farm has asked Plaintiffs' counsel to provide the relevant time period for these discovery requests and has not received a response. State Farm also objects to this interrogatory because it is not restricted in geographic scope, in that it purports to ask State Farm to identify "each state, district, and territory in which a typical negotiation adjustment or similar adjustment was applied" regardless of whether a named plaintiff is alleged to reside there. Finally, State Farm objects to the phrase "similar adjustment" as vague and ambiguous. State Farm interprets this interrogatory as seeking information regarding the typical negotiation adjustment sometimes but not always applied by Audatex to comparable vehicles in Autosource reports.

8

**Contains Confidential Information**: Subject to and without waiving those objections, and in accordance with Rule 33(d), State Farm refers Plaintiff to the "Autosource State Farm Job Aid" that will be produced in response to Plaintiffs' Requests for Production of Documents. <u>Appendix A of that document contains a complete list of states and the valuation methodologies used for each. Appendix B contains definitions of valuation methodologies referenced in Appendix A.</u> In every jurisdiction where the use of Audatex is required to be approved by the Department of Insurance, such approval has been granted. Regarding the time periods during which State Farm was using Audatex, which issues Autosource reports that sometimes, but not always, include adjustments to comparable vehicles for typical negotiation, please see State Farm's Response to Interrogatory No. 2.

**INTERROGATORY NO. 4:**

Identify the per-report cost of vehicle valuation reports generated by Audatex for You for valuing total loss automobile claims during Class Period by state and by year.

**RESPONSE TO INTERROGATORY NO. 4:**

State Farm objects on the grounds stated in Objection Nos. 3 and 4. State Farm further and specifically objects to this request as seeking information that is irrelevant to any claim or defense at issue in this case. State Farm also objects to the term "Class Period" as vague and ambiguous because that term is not defined by Plaintiffs. Counsel for State Farm has asked Plaintiffs' counsel to provide the relevant time period for these discovery requests and has not received a response.

**Contains Confidential Information**: Subject to and without waiving those objections, State Farm states as follows: <u>Audatex provided State Farm a suite of services (for example, Audatex Estimating, Autosource valuations, and AudaVIN), with different</u>

9

<u>service fees attached to each. Regarding Autosource valuations specifically, there was no "per-report cost of vehicle valuation reports generated by Audatex." Rather, the service fee associated with Autosource valuations was "per valuation," not "per report."</u> In addition, and in accordance with Rule 33(d), please see the contracts between State Farm and Audatex that will be produced in response to Plaintiff's Requests for Production of Documents.

**INTERROGATORY NO. 5:**

Identify all persons responsible for the development of Your policies and procedures for the application of typical negotiation adjustments to determine the actual cash value of Claimants' total loss claims and describe the relevant information in each person's possession.

**RESPONSE TO INTERROGATORY NO. 5:**

State Farm objects on the grounds stated in Objection Nos. 2, 3, and 4. State Farm further and specifically objects to this interrogatory as seeking information in the possession, custody, or control of a third party—namely, Audatex. State Farm also objects to the phrase "policies and procedures for the application of typical negotiation adjustments to determine the actual cash value of insureds' total loss claims" as vague and ambiguous.

Subject to and without waiving those objections, State Farm states as follows: Although State Farm has policies and procedures for handling total loss claims, State Farm does not have policies and procedures specifically regarding the "application of typical negotiation adjustments." Those policies and procedures, if they exist, would be in the possession, custody, or control of Audatex.

10

**INTERROGATORY NO. 6:**

State the average cost to You for each appraisal undertaken pursuant one of Your policies in regards to a total loss claim during the Class Period by state and by year.

**RESPONSE TO INTERROGATORY NO. 6:**

State Farm objects on the grounds stated in Objection Nos. 2 and 4. State Farm further and specifically objects to this interrogatory as irrelevant to the individual and class claims, as the "average cost" of an appraisal to State Farm has nothing to do with any issue in the case. State Farm also objects to the term "Class Period" as vague and ambiguous because that term is not defined by Plaintiffs. Counsel for State Farm has asked Plaintiffs' counsel to provide the relevant time period for these discovery requests and has not received a response. State Farm also objects to the term "appraisal" as vague and ambiguous.

Subject to and without waiving those objections, State Farm states as follows: Determining the "average cost" of an appraisal "by state and by year" would be impossible absent a claim file-by-claim file review. More specifically, there is no electronic "pay code" associated with an appraisal. Rather, claim handlers may use up to three different pay codes to indicate a payment to an appraiser. And of those three pay codes, none is specific to appraisers—they are used more generally to indicate payment for an "external claim resource" or something similarly vague. Accordingly, a claim file-by-claim file review would be required to identify the appraisal costs, which would be overly burdensome, not proportional to the needs of the case, and logistically impossible regardless.

Dated: November 6, 2023                    Respectfully submitted,

                                                          <u>s/ Eric Robertson</u>
Joseph P. Carlasare
AMUNDSEN DAVIS LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
Phone:     312.894.3200
Email:     jcarlasare@amundsendavislaw.com

Peter W. Herzog III (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone:     314.326.4129
Email:     pherzog@wtotrial.com

Eric L. Robertson (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:     303.244.1842
Email:     robertson@wtotrial.com

*Attorneys for Defendant State Farm Mutual Automobile Insurance Co.*

**VERIFICATION**

I, Maureen Hasselmann, am an employee of State Farm Mutual Automobile Insurance Co. ("State Farm"). I am authorized to execute this verification on behalf of State Farm. I have read the facts stated in Defendant's Responses and Objections to Plaintiffs' First Interrogatories and verify that the facts stated are true and correct to the best of my information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 6, 2023  _____
Maureen Hasselmann

**CERTIFICATE OF SERVICE**

I certify that I served the foregoing by email to all counsel of record.

Dated: November 6, 2023         *s/ Eric Robertson*
                                Eric Robertson