# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNADETTE WILLIAMS, RICK MCCONNELL, IVAN SERRATA REYES, ROSILYN WILSON, LINDA LEWIS, LATASHA HUFF, HAUNANIMAE CERVANTES-WHITE, MARIA MUNOZ, TRACY OBRIEN, KIMBERLY BENSON, ROY TUINSTRA, EVELYN BROWN, MICHELLE SNYDER, PATRICIA COUCH, SABRINA CAPERS, WILLIAM ROSS DEAN, RICHARD DACHEFF, KRISTY KELLER, JASIMEN HERNANDEZ, EDGAR FLORIAN, MICHAEL GROSSBERG, MERRILL LOVE, DIANE NEWKIRK, SANDRA SMILING, DAVEY JOHNSTON, CYNTHIA ROEMER, SHAUN ROBERT, ROQUE ESPINOZA, JENNIFER PAYNE, LATISHIA BOWDEN, DJ NEILL, TYSON DEWSNUP, and DEIRDRE PALMER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,<br><br>    Defendant. | Case No.: 1:22-cv-01422<br><br>Judge Virginia M. Kendall |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION**

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") provides the following Responses and Objections to Plaintiffs' Second Requests for Production.

## PRELIMINARY STATEMENT

State Farm submits these responses to Plaintiffs' requests in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure. State Farm provides these responses without conceding the relevance or materiality of the subject matter of any of Plaintiffs' requests, and without prejudice to State Farm's right to object to any further discovery. State Farm responds to the requests without waiving any objection to the relevance, materiality, or admissibility, in any proceeding in this or any other action, of all or any part of the information provided.

State Farm's responses to Plaintiffs' requests have been prepared in full compliance with the Federal Rules of Civil Procedure, pursuant to a reasonable and duly-diligent search for the requested documents. As required by the Federal Rules of Civil Procedure, State Farm's responses reflect all information obtained by State Farm, before the date of the responses, pursuant to a reasonable and duly-diligent search and investigation conducted pursuant to the requests. To the extent that the requests purport to require more, State Farm objects on the grounds that (i) the requests seek to compel State Farm to conduct a search beyond the scope of permissible discovery contemplated by the Federal Rules of Civil Procedure, and (ii) compliance with the requests would impose an undue burden and expense. *See* Fed. R. Civ. P. 26(b).

## OBJECTIONS TO PLAINTIFFS' DEFINITIONS

State Farm objects to the following Definitions:

F. "State Farm" means State Farm Mutual Insurance Company, any of its directors, officers, employees, independent contractors, partners, members, representatives, agents (including attorneys, accountants, consultants, investment advisors, or bankers), and any other person purporting to act on its behalf. In the case of business entities, these defined terms include subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, or any other entity acting or purporting to act on their behalf.

**Objection**: State Farm objects to the proposed definition of "State Farm" to the extent it purports to require State Farm to respond on behalf of third-party entities and persons not subject to State Farm's control, or to the extent it purports to seek information not in State Farm's possession, custody, or control. State Farm's responses are based on information reasonably available to Defendant State Farm Mutual Automobile Insurance Co. based upon a reasonable inquiry by State Farm. State Farm further objects to the terms "subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, [and] acquired entities" as vague and ambiguous. State Farm responds on behalf State Farm Mutual only.

G. "You" or "Your," refers to Defendant State Farm Mutual and any of its directors, officers, employees, independent contractors, partners, members, representatives, agents (including attorneys, accountants, consultants, investment advisors, or bankers), and any other person purporting to act on its behalf. In the case of business entities, these defined terms include subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities, or any other entity acting or purporting to act on their behalf.

**Objection**: State Farm objects to the proposed definition of "You" or "Your" to the extent it purports to require State Farm to respond on behalf of third-party entities and persons not subject to State Farm's control, or to the extent it purports to seek information not in State Farm's possession, custody, or control. State Farm's responses are based on information reasonably available to Defendant State Farm Mutual Automobile Insurance Co. based upon a reasonable inquiry by State Farm. State Farm further objects to the terms "subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, [and] acquired entities" as vague and ambiguous. State Farm responds on behalf State Farm Mutual only.

## OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS

State Farm objects to Plaintiffs' Instructions to the extent they purport to impose obligations on State Farm in excess of those imposed by the Federal Rules of Civil Procedure. State Farm specifically objects to Instruction F to the extent it purports to require State Farm to provide more or different information than what is required by Rule 26(b)(5). State Farm also specifically objects to Instruction I, in that it purports to require State Farm to collect and produce documents in compliance with a particular protocol to which State Farm has not agreed. State Farm will collect and produce documents in accordance with the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 42:**

All discovery, including discovery demands and responses thereto, deposition transcripts, requests for admissions and documents produced, served in, or taken in the *Garner* Action.

**RESPONSE:**

State Farm objects to this request as seeking irrelevant information that has no relevance to Plaintiffs' claims, State Farm's defenses, or any conceivable issue in this case. State Farm further objects to this request because it is unduly burdensome and disproportional to the needs of the case. The *Garner* Action was filed on March 10, 2008—more than 15 years ago, predating any potentially applicable statute or contractual limitations period—and it alleged that State Farm's use of the Mitchell valuation product breached the insurance policy and California law because it violated a particular California insurance regulation. This case, by contrast, does not involve the Mitchell valuation product, does not involve California, and does not involve any California insurance regulation. No Plaintiff alleges his or her totaled vehicle was valued using the Mitchell valuation product. And Plaintiffs' Complaint specifically excludes California from the alleged geographic scope of this case: "Excluded from the Multistate Class are persons in California." (ECF No. 58 ¶ 65; *see also id.* ¶ 66 (excluding California from list of states).) Finally, the docket of the *Garner* Action is largely publicly available, and Plaintiffs are free to peruse that docket for any information they deem material. Accordingly, and in light of the objections above, State Farm will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 43:**

All non-privileged Documents and Communications concerning the *Garner* Action or analyses related to the elimination of the "projected sold adjustment" (the equivalent of the "typical negotiation adjustment" in this litigation) in California as a result of the *Garner* Action.

4

**RESPONSE:**

State Farm objects to this request as seeking irrelevant information that has no relevance to Plaintiffs' claims, State Farm's defenses, or any conceivable issue in this case. State Farm further objects to this request because it is unduly burdensome and disproportional to the needs of the case. State Farm also objects to the assertion that the "projected sold adjustment" is the "equivalent of the 'typical negotiation adjustment,'" which is unsupported by any specific allegations, facts, or evidence. The *Garner* Action was filed on March 10, 2008—more than 15 years ago, predating any potentially applicable statute or contractual limitations period—and it alleged that State Farm's use of the Mitchell valuation product breached the insurance policy and California law because it violated a particular California insurance regulation. No Plaintiff alleges his or her totaled vehicle was valued using the Mitchell valuation product. This case, by contrast, does not involve the Mitchell valuation product, does not involve California, and does not involve any California insurance regulation. And Plaintiffs' Complaint specifically excludes California from the alleged geographic scope of this case: "Excluded from the Multistate Class are persons in California." (ECF No. 58 ¶ 65; *see also id*. ¶ 66 (excluding California from list of states).) Finally, the docket of the *Garner* Action is largely publicly available, and Plaintiffs are free to peruse that docket for any information they deem material. Accordingly, and in light of the objections above, State Farm will not produce documents in response to this request.

Dated: December 21, 2023    Respectfully submitted,

    *s/ Eric Robertson*
    Joseph P. Carlasare
    AMUNDSEN DAVIS LLC
    150 N. Michigan Ave., Suite 3300
    Chicago, IL 60601
    Phone: 312.894.3200
    Email: jcarlasare@amundsendavislaw.com

    Peter W. Herzog III (*pro hac vice*)
    WHEELER TRIGG O'DONNELL LLP
    211 N. Broadway, Suite 2825
    St. Louis, MO 63102
    Phone: 314.326.4129
    Email: pherzog@wtotrial.com

    Eric L. Robertson (*pro hac vice*)
    WHEELER TRIGG O'DONNELL LLP
    370 17th Street, Suite 4500
    Denver, CO 80202
    Phone: 303.244.1842
    Email: robertson@wtotrial.com

    *Attorneys for Defendant State Farm Mutual Automobile Insurance Co.*

## **CERTIFICATE OF SERVICE**

I certify that I served the foregoing by email to all counsel of record.

Dated: December 21, 2023            *s/ Eric Robertson*
                                    Eric Robertson