UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNADETTE WILLIAMS, IVAN SERRATA REYES, HAUNANIMAE CERVANTES-WHITE, MARIA MUNOZ, TRACY OBRIEN, KIMBERLY BENSON, ROY TUINSTRA, MICHELLE SNYDER, PATRICIA COUCH, SABRINA CAPERS, WILLIAM ROSS DEAN, RICHARD DACHEFF, KRISTY KELLER, JASIMEN HERNANDEZ, EDGAR FLORIAN, MICHAEL GROSSBERG, MERRILL LOVE, DIANE NEWKIRK, SANDRA SMILING, DAVEY JOHNSTON, CYNTHIA ROEMER, ROQUE ESPINOZA, DJ NEILL, TYSON DEWSNUP, and DEIRDRE PALMER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., <br><br> Defendant. | Case No.: 1:22-cv-01422 <br><br> Judge Virginia M. Kendall |

**DEFENDANT'S MOTION TO COMPEL AND
FOR DISCOVERY SANCTIONS**

**INTRODUCTION**

For months Plaintiffs' counsel ignored State Farm's multiple requests for deposition dates, forcing State Farm to notice the deposition of the named Plaintiffs unilaterally. When the depositions finally went forward, State Farm's counsel learned that most Plaintiffs did little or nothing to search for, collect, or produce documents responsive to State Farm's discovery requests. They didn't search their files, physical or electronic, and they didn't search their emails or text messages, as required under Rule 26 and the Court's ESI Protocol Order.

As the Court knows, Plaintiffs have chosen to litigate this case primarily as a fraud case. Their core allegation is that State Farm fraudulently misrepresented or failed to disclose material facts to Plaintiffs and the putative class in connection with their purchases of insurance. (First Am. Class Action Compl. ¶¶ 6-10, ECF No. 58.) Indeed, these fraud allegations were the basis Plaintiffs used to avoid complying with the appraisal provision in their policies. (Mem. Op. & Order 38, ECF No. 83 (denying motion to compel appraisal because "State Farm's purported fraudulent scheme is central to Plaintiffs' statutory and common-law fraud claims"). Because of that, State Farm's written discovery included interrogatories to identify the "material facts" purportedly misrepresented or concealed, and RFPs that sought production of any communications with State Farm. Plaintiffs uniformly answered State Farm's interrogatories with an identical affirmative representation that each had reviewed the State Farm insurance policy ***before*** purchasing it. (Ex. 1, Pl. Linda Lewis' Resp. to Def.'s First Set of Interrogs.

No. 10.)[1] And the few documents the named Plaintiffs did produce frequently included the State Farm insurance policy they said they had reviewed. It turns out, however, that when asked about the policy at their depositions, most or all Plaintiffs testified contrary to the interrogatory response they'd given under penalty of perjury. Plaintiffs, through their counsel, served inaccurate interrogatory responses and produced documents they had never seen before to support the narrative articulated in the Amended Complaint and continued in subsequent Court filings apparently to try to avoid the mandatory appraisal provision in their policies. Such conduct has no place in these proceedings.

Accordingly, State Farm respectfully requests an order from this Court (1) striking or dismissing the fraud claims of those named Plaintiffs who testified contrary to their interrogatory answers, (2) compelling Plaintiffs to comply ***fully*** with their discovery obligations and the ESI Protocol Order to search for, collect, and produce responsive documents, including potentially responsive electronic communications, such as emails, and (3) following Plaintiffs' complete production of documents and ESI, compel the already-deposed Plaintiffs to appear for additional depositions not to exceed two hours, with Plaintiffs bearing the cost of court reporters and videographers.

State Farm is currently seeking a stay pending the Seventh Circuit's decision in *Schroeder* (Def.'s Opposed Mot. to Stay, ECF No. 169), and recognizes that if the district court stays the case, this issue will be stayed as well. But in light of the Court's admonition to raise discovery disputes promptly (*see* ECF No. 166), State Farm files this motion now.

---

[1] State Farm served identical written discovery (document requests and interrogatories) on the other Plaintiffs, although the numbering may vary slightly. This motion to compel applies to all Plaintiffs. State Farm is using Plaintiff Lewis's written discovery (requests and responses) as representative examples.

8683696.5            2

## LOCAL RULE 37.2 CERTIFICATION

In accordance with Local Rule 37.2, counsel for State Farm conferred with Plaintiffs' counsel on multiple occasions by email, during the depositions themselves, and most recently by video teleconference and follow-up emails on June 19-24, 2024. Based on the most recent conferral, State Farm anticipates Plaintiffs will argue that this dispute is not ripe because Plaintiffs are willing to search for additional documents *if* State Farm will identify which specific Plaintiffs it believes may possess additional documents and ESI. As counsel for State Farm has repeatedly explained, however, State Farm doesn't know which Plaintiffs may possess additional documents and ESI; all State Farm knows is that Plaintiffs generally testified to having done nothing to search for responsive documents. This isn't the issue anyway. The issue is that it appears Plaintiffs' counsel failed to undertake any kind of search themselves, failed to properly instruct their clients on the preservation and production of relevant and responsive documents and ESI, did not search for emails or text messages, and provided misleading, inaccurate, and incomplete discovery responses. This conduct constitutes a wholesale failure to comply with the Federal Rules. And despite multiple attempts, the parties have been unable to resolve their dispute. Any further conferral would be futile and serve only to further delay resolving this issue.

## LEGAL STANDARD

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any parties' claim or defense." Fed. R. Civ. P. 26(b)(1).

Rule 26(g)(1) requires an attorney to sign every discovery response. That signature constitutes a certification that to the best of the attorney's knowledge, information, and belief formed after a reasonable inquiry, the response "is complete and correct" and that

any objection is "consistent with the [federal] rules" and law, is "not interposed for any improper purpose," and is not unreasonable. Fed. R. Civ. P. 26(g)(1). The signature requirement thus "certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand." Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment; *see also DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 901, 952 (N.D. Ill. 2021). Failure to conduct a reasonable search may justify imposition of discovery sanctions. Fed. R. Civ. P. 26(g)(3); Fed. R. Civ. P. 37(c)(1); *see also Deal Genius, LLC v. O2COOL, LLC*, No. 21 C 2046, 2023 WL 2299977, at *3 (N.D. Ill. Feb. 17, 2023), *r. & r. adopted*, No. 1:21-CV-02046, 2023 WL 2299976 (N.D. Ill. Feb. 23, 2023) ("Failure to conduct a reasonable search or permit discovery of relevant information may justify the imposition of severe discovery sanctions.").

Rule 37(d) expressly incorporates Rule 37(b) sanctions and makes them applicable whenever a party "fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d). It is well established that "evasive or incomplete answers are tantamount to no answer at all, and rule 37(d) is applicable." *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976). Plaintiffs' responses were worse than "evasive or incomplete," however, because they were untrue and misled State Farm on the crucial issue of whether Plaintiffs had seen the documents they alleged contained actionable misrepresentations or omissions. "In some ways, giving a false answer is worse than no answer; it confuses the other party." *Morris v. McMaster-Carr Supply Co.*, No. 01 C 6349, 2002 WL 1290390, at *2 (N.D. Ill. June 10, 2002); *accord, e.g., Smith v. Cessna Aircraft Co.*, 124 F.R.D. 103, 108 (D. Md. 1989) ("'A false answer is in some ways worse than no answer; it misleads and confuses the party.'") (quoting *Evanson v. Union Oil Co. of Cal.*,

85 F.R.D. 274, 277 (D. Minn. 1979)). In that situation, Rule 37(d) specifically provides that "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," including an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(d) & 37(b) (emphasis added). Barefaced dishonesty is the paradigm example of a circumstance justifying "extreme sanction[s]" such as dismissal. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) ("[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."); *see also Sarco Creek Ranch v. Greeson*, 167 F. Supp. 3d 835, 850-51 (S.D. Tex. 2016) (holding that false testimony justified dismissal sanction); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 381 F. Supp. 2d 421, 426-27 (E.D. Pa. 2005) (holding that fraud on the court warranted dismissal).

As a sanction for Plaintiffs' discovery misconduct, State Farm asks the Court to strike or dismiss the fraud allegations of those Plaintiffs (identified below) whose response to Interrogatory No. 10 is contrary to their deposition testimony. State Farm also requests that the Court Order Plaintiffs to comply fully with their discovery obligations under Rule 26 and the Court's ESI Protocol Order. Finally, State Farm requests that Plaintiffs be ordered to sit for a further deposition not to exceed two hours once they have fully complied with their discovery obligations, with the cost of the reporter and videographer borne by Plaintiffs.

**ARGUMENT**

I.  **PLAINTIFFS' DISCOVERY MISCONDUCT WARRANTS SANCTIONS.**

   A.  **Plaintiffs' Discovery Responses Were Misleading.**

Plaintiffs have fashioned this as a fraud case, contending that State Farm engaged in a purported fraudulent scheme to undervalue its insureds' totaled automobiles. The Amended Complaint alleges that State Farm committed common law and statutory fraud by misrepresenting or concealing material facts regarding its methodology for estimating the value of totaled vehicles and for resolving disputes regarding that value by mandatory appraisal.

According to Plaintiffs, the "fraudulent scheme" contained two essential elements—State Farm's failure to disclose that its valuation vendor (Audatex) sometimes applied a negotiation adjustment to the advertised prices of comparable vehicles used to estimate the actual cash value ("ACV") of a totaled vehicle *and* the use of a contract provision that requires the parties to submit to an appraisal if there is disagreement over the ACV, because the cost of the appraisal process allegedly deters State Farm insureds from contesting the ACV State Farm offered. (ECF No. 58 ¶¶ 2-9.) Plaintiffs say they would have purchased different insurance had they known of this purported fraudulent scheme. (*Id.* ¶¶ 89-90.) Without these allegations, it's likely that many Plaintiffs would have been ordered to appraisal, effectively resolving their claims. (ECF No. 83 at 36-39 (finding the policy's mandatory appraisal provision "clear as day" and enforceable in a dispute concerning actual cash value but declining to compel appraisal because Plaintiffs' common law and statutory fraud allegations "raise issues far beyond a dispute over actual cash value").)

To make the fraud allegations stick, Plaintiffs had to allege they saw the "policy documents" that omitted reference to the allegedly improper negotiation adjustment. *De Bouse v. Bayer*, 922 N.E.2d 309, 316 (Ill. 2009) (The ICFA "plaintiff must actually be deceived by a statement or omission that is made by the defendant. If a consumer has neither seen nor heard any such statement, then she cannot have relied on the statement and, consequently, cannot prove proximate cause"); *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 155 (Ill. 2002) ("Because plaintiff does not allege that he saw, heard or read any of defendant's ads, plaintiff cannot allege that he believed that he was buying gasoline which benefitted the environment or improved engine performance."). Similarly, those Plaintiffs who did not see the policy before purchasing it could not have been aware of the other "integral" part of the purported scheme—the policy's appraisal provision. *Burger v. Spark Energy Gas, LLC*, 507 F. Supp. 3d 982, 988 (N.D. Ill. 2020) (dismissing ICFA claim where plaintiff "alleges that [defendant] provided her with the Terms of Service, but she does not allege that she actually read them or knew what was in them"). Every Plaintiff provided sworn interrogatory responses claiming to have read the applicable State Farm policy **before** buying it. The trouble is, almost every one of those responses was false based on the deposition testimony summarized in the chart below. *Hunter v. Int'l Sys. & Controls Corp.*, 56 F.R.D. 617, 631 (W.D. Mo. 1972) ("Parties like witnesses are required to state the truth, the whole truth and nothing but the truth in answering written interrogatories.").

| Plaintiff | Deposition Testimony | Interrogatory Response |
|---|---|---|
| Benson, Kimberly | Couldn't remember if she reviewed the policy documents before purchasing. (Benson Dep. 59:4-9.) | "Plaintiff states that prior to purchasing the State Farm Insurance policy, Plaintiff recalls receiving and reviewing the application for insurance, obtained quotes for coverage, including total loss coverage, and the State Farm Kansas Auto Policy." |

| Plaintiff | Deposition Testimony | Interrogatory Response |
|---|---|---|
| Couch, Patricia | Read the policy only after purchasing it. (Couch Dep. 107:20-23.) | "Plaintiff states that prior to purchasing the State Farm Insurance policy, Plaintiff recalls receiving and reviewing the application for insurance, obtained quotes for coverage, including total loss coverage, and the State Farm Michigan Auto Policy." |
| Dean, William | Just "skimmed over some stuff." (Dean Dep. 36:6-38:3.) | "Plaintiff states that prior to purchasing the State Farm Insurance policy, Plaintiff recalls receiving and reviewing the application for insurance, obtained quotes for coverage, including total loss coverage, and the State Farm Mississippi Auto Policy." |
| Florian, Edgar | ==Testified he reviewed the documents. (Florian Dep. 98:25-99:8.)== | "Plaintiff states that prior to purchasing the State Farm Insurance policy, Plaintiff recalls receiving and reviewing the application for insurance, obtained quotes for coverage, including total loss coverage, and the State Farm New Hampshire Auto Policy." |
| Johnston, Davey | Doesn't know if reviewed before buying. (Johnston Dep. 35:21-36:7) | "Plaintiff states that prior to purchasing the State Farm Insurance policy, Plaintiff recalls receiving and reviewing the application for insurance, obtained quotes for coverage, including total loss coverage, and the State Farm Oklahoma Auto Policy." |
| Keller, Kristy | Didn't actually review the policy, just "talk[ed] with [the] State Farm representative." (Keller Dep. 24:10-21.) | "Plaintiff states that prior to purchasing the State Farm Insurance policy, Plaintiff recalls receiving and reviewing the application for insurance, obtained quotes for coverage, including total loss coverage, and the State Farm Nebraska Auto Policy." |
| Lewis, Linda | Didn't see a copy of the policy before going forward with the purchase. (Lewis Dep. 61:23-63:3.) | "Plaintiff states that prior to purchasing the State Farm Insurance policy, Plaintiff recalls receiving and reviewing the application for insurance, obtained quotes for coverage, including total loss coverage, and the State Farm Florida Auto Policy." |
| Love, Merrill | Doesn't remember but believes she received the policy "two months after [she] had purchased it." (Love Dep. 60:13-61:5.) | "Plaintiff states that prior to purchasing the State Farm Insurance policy, Plaintiff recalls receiving and reviewing the application for insurance, obtained quotes for coverage, including total loss coverage, and the State Farm New Mexico Auto Policy." |

| | | |
|---|---|---|
| Munoz, Maria | Doesn't believe she's ever seen the policy. (Munoz Dep. 74:2-23, 96:19-97:6.) | "Plaintiff states that prior to purchasing the State Farm Insurance policy, Plaintiff recalls receiving and reviewing the application for insurance, obtained quotes for coverage, including total loss coverage, and the State Farm Illinois Auto Policy." |
| Newkirk, Diane | Hasn't read the policy. (Newkirk Dep. 79:17-81:5.) | "Plaintiff states that prior to purchasing the State Farm Insurance policy, Plaintiff recalls receiving and reviewing the application for insurance, obtained quotes for coverage, including total loss coverage, and the State Farm New York Auto Policy." |
| O'Brien, Tracy | Read the declaration page but not the whole policy. (O'Brien Dep. 36:2-14.) | "Plaintiff states that prior to purchasing the State Farm Insurance policy, Plaintiff recalls receiving and reviewing the application for insurance, obtained quotes for coverage, including total loss coverage, and the State Farm Iowa Auto Policy." |
| Palmer, Deirdre | "More than likely" did not review the policy before becoming insured with State Farm. (Palmer Dep. 153:1-13.) | "Plaintiff states that prior to purchasing the State Farm Insurance policy, Plaintiff recalls receiving and reviewing the application for insurance, obtained quotes for coverage, including total loss coverage, and the State Farm West Virginia Auto Policy." |
| Roemer, Cynthia | Didn't read the policy before purchasing. (Roemer Dep. 90:20-24.) | "Plaintiff states that prior to purchasing the State Farm Insurance policy, Plaintiff recalls receiving and reviewing the application for insurance, obtained quotes for coverage, including total loss coverage, and the State Farm Oregon Auto Policy." |
| Serrata Reyes, Ivan | Doesn't remember reviewing the policy before purchasing. (Serrata Reyes Dep. 29:7-20.) | "Plaintiff states that prior to purchasing the State Farm Insurance policy, Plaintiff recalls receiving and reviewing the application for insurance, obtained quotes for coverage, including total loss coverage, and the State Farm Connecticut Auto Policy." |
| Williams, Bernadette | ==Testified she read the policy. (Williams Dep. 93:2-7.)== | "Plaintiff states that prior to purchasing the State Farm Insurance policy, Plaintiff recalls receiving and reviewing the application for insurance, obtained quotes for coverage, including total loss coverage, and the State Farm Alabama Auto Policy." |

The false responses to interrogatories were made even worse because Plaintiffs' counsel produced copies of State Farm policies that were in counsel's possession, and not the possession of their clients. This conduct misled State Farm and the Court (arguably facilitating denial of State Farm's motion to compel appraisal) and impeded the discovery

process. *Elkay Mfg. Co. v. Ebco Mfg. Co.*, No. 93 C 5106, 1995 WL 389822, at *8 (N.D. Ill. Feb. 15, 1995) ("The net effect is that Elkay's responses served to impede rather than facilitate discovery and are therefore sanctionable."). It's now clear that this case isn't, and indeed never was, the fraud case Plaintiffs' counsel pleaded to avoid the appraisal remedy contained in the policies at issue. State Farm believes an appropriate sanction is to strike or dismiss the fraud allegations of the Plaintiffs whose deposition testimony is at odds with their interrogatory responses. State Farm does not object to the issuance of a Show Cause Order allowing Plaintiffs to explain why that relief is unwarranted. *See, e.g.*, *Smith*, 124 F.R.D. at 107 (declining to dismiss the complaint in its entirety, but dismissing the claim for damages for lost income because of plaintiff's false answers to interrogatories and deposition questions).

### B. Plaintiffs' RFP Responses Were Similarly Evasive.

State Farm sought various categories of documents and communications in its document requests, including requests specifically seeking "communications," which State Farm defined to include emails and texts. For example, State Farm served the following requests on Plaintiff Lewis:

- **Request No. 2**: Please produce all documents relating to your total loss claim, including all documents related to the settlement of your total loss claim.

- **Request No. 3**: Please produce all communications between you and any person relating to your total loss claim, including all communications relating to the settlement of your total loss claim.

- **Request No. 4**: Please produce all communications between you and any person relating to any attempt to ascertain the actual cash value of your total loss vehicle.

- **Request No. 14**: Please produce all documents that contain or relate to any communication between you and State Farm, regardless of the subject matter.

(Ex. 2, Def.'s First Set of Written Disc. to Pl. Lewis, Req. for Prod. Nos. 2, 3, 4, 14.) State Farm also sought documents relating to Plaintiffs' other total loss claims, documents relating to the purchase of the totaled vehicle, and documents relating to the purchase of a replacement vehicle. (Ex. 2, Def.'s First Set of Written Disc. to Pl. Lewis, Req. for Prod. Nos. 5, 6, 7.)

Plaintiffs agreed to produce documents in response to all of these requests following a "reasonable search." (Ex. 3, Pl. Linda Lewis' Resps. to Def.'s First Set of Reqs. for Prod.; Ex. 4, Pl. Linda Lewis' Am. Resps. to Def.'s First Set of Reqs. for Prod.) But in response to these requests, many Plaintiffs produced only a handful of documents consisting of the insurance policy, the declarations page, and an Autosource report—documents Plaintiffs' counsel had requested and received from State Farm well before filing suit. For most Plaintiffs, no emails or communications were produced, despite the fact that State Farm had produced communications with Plaintiffs as part of its production of claim files, meaning that such communications necessarily exist. What then became apparent during the depositions of Plaintiffs was that Plaintiffs had failed to meet their discovery obligations. They didn't search their files, their emails, or their text messages, as required by Rule 26 and the Court's ESI Protocol Order. And when asked about the documents Plaintiffs did produce through their counsel, Plaintiffs frequently testified to having never seen them before.

For example, Plaintiff Benson admitted she never searched for documents in response to several of State Farm's document requests. (Ex. 5, Benson Dep. 99:8-101:8.) When asked why, she responded she simply "didn't do it." (*Id.* at 100:16-20.) When asked whether she had any responsive documents, she said she "may" but "God only knows." (*Id.* at 101:3-5.)

Plaintiff Love wasn't even aware of State Farm's document requests. (Ex. 6, Love Dep. 49:15-25.) She also didn't search for responsive emails. (*Id.*) Plaintiff Love denied producing a document that was labeled as part of her production. (*Id.* at 96:8-23.) She also disclosed a new email address during her deposition (after testifying her disclosed email address was "the only email address I've ever had" (*id.* at 52:2-5)), which Plaintiffs had never identified before and which likewise had never been searched. (*Id.* at 144:4-145:11).

Plaintiff Florian testified he had responsive documents related to buying his total loss vehicle, but they were not produced. He testified that "maybe" he could find it in his records, but he just didn't look for it. (Ex. 7, Florian Dep. 63:16-64:24.)

Plaintiff Lewis testified she had an email folder with all of her insurance communications, including email communications, (Ex. 8, Lewis Dep. 38:22-40:2), and in fact, she referred to the folder several times when responding to deposition questions, (*id.* at 51:11-25; 73:18-23; *see also id.* at 76:1-8 ("I'm looking through all my 'Sent' mail")). Plaintiff Lewis testified that she had sent all of her email communications to her attorneys (*id.* at 41:1-4), but not a single email was produced to State Farm. Instead, Plaintiffs' counsel produced a copy of Plaintiff Lewis's insurance policy, a copy of her Autosource Report, and one letter from State Farm, all of which State Farm had previously produced to Plaintiffs' counsel. Plaintiff Lewis testified she'd never seen the policy, only saw the Autosource report in the last year, and did not provide either document to her attorneys. (*Id.* at 124:3-25, 126:3-7.)

Plaintiff Palmer testified that she had taken screen shots of all of her communications with State Farm and sent them to her attorneys. (Ex. 9, Palmer Dep. 74:4-22.) Not a single one was produced. And Plaintiff Munoz testified to multiple total

losses insured by State Farm, but produced documents pertaining only to one of them. (Ex. 10, Munoz Dep. 43:18-44:22; 48:17-49:2.)

These are just a few examples, but there are others. Even these few examples, however, establish that Plaintiffs failed to satisfy their obligations to conduct the necessary (or even a basic) "reasonable inquiry" to respond to State Farm's document requests. Plaintiffs' counsel either relied on Plaintiffs to self-collect documents with no or minimal oversight, which is improper, or they themselves affirmatively did nothing to ensure a reasonable and diligent search was conducted in accordance with the rules. *See* Fed. R. Civ. P. 26(g); *see also CSMC 2007-C4 Egizii Portfolio LLC v. Springfield Prairie Properties, LLC*, No. 15-3195, 2018 WL 7859720, at *2 (C.D. Ill. Aug. 31, 2018) ("It was unreasonable for defense counsel to assume that their client was in fact searching his e-mails, and it was their duty to follow-up and ensure that all relevant e-mails were provided."); *Colyer v. City of Chicago, Gildardo Sierra*, No. 12 C 04855, 2016 WL 25710, at *25 (N.D. Ill. Jan. 4, 2016).

In addition to Rule 26, the ESI Protocol Order requires that "[e]ach Party will conduct a reasonable inquiry of reasonably accessible sources it has reason to believe contain relevant documents or ESI responsive to the opposing Party's discovery requests or relevant to the issues of this Lawsuit." (ESI Protocol Order § II.3, ECF No. 152.) And the ESI Protocol Order also requires the Parties to "work together cooperatively throughout the discovery process and permit an appropriate level of transparency," including with regard to developing and using search terms when identifying and culling electronic communications. (ECF No. 152 §§ I.2, II.3.) Not only have Plaintiffs failed to conduct the "reasonable inquiry" independently required by the ESI Protocol Order, but Plaintiffs' counsel have routinely ***objected*** to State Farm's questions regarding the

method by which Plaintiffs looked for documents, including electronic communications. (*See, e.g.*, Ex. 11, Newkirk Dep. 70:11-71:18.) Plaintiffs are obligated to describe what efforts they made to discharge their obligations under Rule 26 and the ESI Protocol Order.

Accordingly, the Court should compel Plaintiffs to conduct the required "reasonable inquiry" under the rules and compel production of supplemental responses and documents responsive to State Farm's document requests, particularly Requests Nos. 2 through 7 and 14, and to cooperate with State Farm in a transparent manner regarding how such responsive documents are collected, including the search terms applied to ESI.

### C. Plaintiffs Should Be Ordered to Sit for Additional Depositions.

"[I]f a court finds that a reasonable effort has not been made to provide responsive information, despite the attorney's Rule 26(g) certification requirement, the court must impose a sanction, but has authority to craft a sanction that fits the needs of the case." *LKQ Corp. v. Kia Motors Am., Inc.*, 345 F.R.D. 152, 160 (N.D. Ill. 2023); *see also* Fed. R. Civ. P. 26(g)(3); Fed. R. Civ. P. 37(c)(1); *see also Deal Genius, LLC*, 2023 WL 2299977, at *3 (N.D. Ill. Feb. 17, 2023) ("Failure to conduct a reasonable search or permit discovery of relevant information may justify the imposition of severe discovery sanctions.").

State Farm did not unearth Plaintiffs' discovery misconduct until Plaintiffs' depositions, because Plaintiffs' counsel represented in their discovery responses that they had conducted the "reasonable inquiry" required under Rule 26 and the ESI Protocol Order. If the Court finds that Plaintiffs failed to conduct a "reasonable inquiry" and compels production of supplemental documents, as a sanction and to cure prejudice already incurred, State Farm requests an order compelling the already-deposed Plaintiffs to sit for additional depositions, each not to exceed two hours, with Plaintiffs to bear the

cost of court reporting and videographer services. To be clear, State Farm is not seeking reimbursement for its own counsel's time, but only to cure the prejudice of having to pay additional court reporting and videographer services, which is a justified, reasonable, and proportional sanction. *See Kapila v. Vallera*, No. 20 C 1760, 2021 WL 11716278, at *3 (N.D. Ill. Oct. 29, 2021) (following inadequate disclosure of documents, ordering Plaintiff to sit for a second deposition and ordering Plaintiff to pay court report and attorney fees).

## CONCLUSION

The Court should grant State Farm's Motion to Compel and for Discovery Sanctions.

Dated: June 28, 2024 　　　　　　　Respectfully submitted,

　　　　　　　*s/ Peter W. Herzog III*

Joseph P. Carlasare
AMUNDSEN DAVIS LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
Phone:　312.894.3200
Email:　jcarlasare@amundsendavislaw.com

Peter W. Herzog III (*pro hac vice*)
Kaleb Gregory (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone:　314.326.4129
Email:　pherzog@wtotrial.com
　　　　kgregory@wtotrial.com

Eric L. Robertson (*pro hac vice*)
Thomas C. Dec (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:　303.244.1842
Email:　robertson@wtotrial.com
　　　　dec@wtotrial.com

*Attorneys for Defendant State Farm Mutual Automobile Insurance Co.*