THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNADETTE WILLIAMS, et al., on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br><br> *Defendant*. | No. 22 CV 1422 <br><br> Chief Judge Virginia M. Kendall |

## OPINION AND ORDER

In this putative national class action, Plaintiffs are insureds who filed "total loss" claims for the actual cash value (ACV) of their totaled vehicles under their automobile insurance policies sold by State Farm Mutual Automobile Insurance Company ("State Farm"). Plaintiffs challenge State Farm's application of a "typical-negotiation adjustment" in the calculation of the ACV of Plaintiffs' vehicles, which reduced Plaintiffs' total loss payments based on the average difference between the list price and a lower price that a dealer would theoretically accept. Plaintiffs bring common-law and statutory claims under the laws of forty-seven states and the District of Columbia, arguing that State Farm's use of the typical-negotiation adjustment was a fraudulent scheme and a breach of their insurance policies. Pending before the Court are Defendant's Motion to Stay, Dkt. 169, and Plaintiffs' Motion for Leave to File a Second Amended Complaint, Dkt. 205. For the reasons below, the Court denies Defendant's Motion to Stay [169] and grants Plaintiffs' Motion for Leave to File a Second Amended Class Action Complaint [205].

### BACKGROUND

The Court assumes familiarity with the facts of this case from its prior rulings. *See, e.g.*, *Williams v. State Farm Mut. Auto. Ins. Co.*, 678 F. Supp. 3d 980 (N.D. Ill. 2023); *see, e.g.*, *Williams*

1

*v. State Farm Mut. Auto. Ins. Co.*, 2024 WL 3888832 (N.D. Ill. Aug. 21, 2024). Plaintiffs[1] allege that State Farm's use of the typical-negotiation adjustment in the calculation of the ACV of their totaled vehicles resulted in decreased total loss payments under their auto insurance contracts with State Farm. (Dkt. 58 ¶¶ 51–55). Based on these factual allegations, Plaintiffs bring various claims, including breach of contract, breach of the covenant of good faith and fair dealing, fraudulent concealment, fraud in the inducement, unjust enrichment, and violations of various consumer-protection statutes. (Dkt. 58 ¶¶ 76–637). This case is currently in the discovery phase, with fact discovery set to end on December 30, 2024. (Dkt. 236).

## DISCUSSION

### I. Motion to Stay

A federal district court's discretionary authority to stay a proceeding "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) (explaining that a court's authority to stay a proceeding is discretionary). When, however, "there is even a fair possibility" of undue prejudice to the non-moving party, the moving party "must make out a clear case of hardship or inequity in being required to go forward[.]" *Landis*, 299 U.S. at 254–55. In deciding whether to exercise its discretionary authority to stay a proceeding, courts typically consider the

---

[1] Plaintiffs (and their states of citizenship) are Bernadette Williams (Alabama); Rick McConnell (Arkansas); Ivan Serrata Reyes (Connecticut); Rosilyn Wilson (Delaware); Linda Lewis (Florida); Latasha Huff (Georgia); Haunanimae Cervantes-White (Hawaii); Maria Munoz (Illinois); Tracy Obrien (Iowa); Kimberly Benson (Kansas); Roy Tuinstra (Kentucky); Evelyn Brown (Louisiana); Michelle Snyder (Maryland); Patricia Couch (Michigan); Sabrina Capers (Minnesota); William Ross Dean (Mississippi); Richard Dacheff (Missouri); Kristy Keller (Nebraska); Jasimen Hernandez (Nevada); Edgar Florian (New Hampshire); Michael Grossberg (New Jersey); Merrill Love (New Mexico); Diane Newkirk (New York); Sandra Smiling (North Carolina); Shaun Robert (Ohio); Davey Johnston (Oklahoma); Cynthia Roemer (Oregon); Roque Espinoza (Pennsylvania); Jennifer Payne (South Carolina); Latishia Bowden (Tennessee); DJ Neill (Texas); Tyson Dewsnup (Utah); and Deirdre Palmer (Utah). (Dkt. 55 ¶¶ 12–44).

following factors: (1) whether a stay would unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay would simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the court. *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011); *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012).

Defendant State Farm asks the Court to stay this action pending the Seventh Circuit's decision in *Schroeder v. Progressive Paloverde Ins. Co.*, No. 24-1559 (7th Cir. Apr. 9, 2024) (order granting petition for review under Rule 23(f)). (Dkt. 169 at 2). There, the Seventh Circuit will review the district court's decision to certify a class of insureds whose total loss payments were decreased by Progressive's use of a projected-sold adjustment in the calculation of the ACV of their totaled vehicles. *Schroeder*, No. 24-1559 (7th Cir. Apr. 9, 2024) (order granting petition for review under Rule 23(f)); *see generally Schroeder v. Progressive Paloverde Ins. Co.*, 713 F. Supp. 3d 523 (S.D. Ind. 2024) (decision below). Early in this case, Plaintiffs stated broadly that the typical-negotiation adjustment at issue here is "effectively the same" as the projected-sold adjustment at issue in *Schroeder*, (Dkt. 58 ¶ 5), but they now contend that projected-sold adjustment is not arbitrary to the same degree as the typical-negotiation adjustment is. (Dkt. 180 at 4). The *Schroeder* plaintiffs and putative class members bring breach of contract claims, alleging that Progressive's total loss payments breached their auto insurance contracts because the payments were not based on a proper calculation of the ACV of their totaled vehicles. *Schroeder*, 713 F. Supp. 3d at 528. The *Schroeder* plaintiffs and putative class members, however, do not raise additional claims for consumer fraud, fraudulent concealment, fraudulent inducement, unjust enrichment, or violations of consumer-protection laws as Plaintiffs raise here. (Dkt. 170 at 7; *see generally* Dkt. 58).

3

State Farm argues a stay pending the Seventh Circuit's decision in *Schroeder* will (1) simplify the Court's decision addressing the prospective class certification issues in this case and (2) reduce the burden of conducting discovery and briefing class certification issues on the parties and the Court. (Dkt. 169 at 2; Dkt. 170 at 6–9). Plaintiffs argue a stay will unduly prejudice Plaintiffs and will not reduce the burden of litigation because (1) this case is at the discovery stage, not the class certification stage, and (2) this case involves different issues and claims than *Schroeder*. (Dkt. 180 at 2).

While the Seventh Circuit's decision in *Schroeder* may eventually streamline the Court's analysis of some of the eventual class certification issues in this case, a stay pending the Seventh Circuit's decision in *Schroeder* is inappropriate during the discovery phase. By delaying discovery, a stay would complicate the case and unduly prejudice Plaintiffs. Having survived State Farm's motion to dismiss,[2] Plaintiffs are entitled to engage in continued discovery. *See* Fed. R. Civ. P. 26(b). And review of discovery materials, including any expert testimony, may very well be necessary for the Court to resolve the issue of class certification. *Compare Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993) (citing *General Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982) (explaining that, because the issue of class certification involves factual and legal questions, "it may be necessary for the court to probe behind the pleadings" when deciding the issue of class certification)); *with Landstrom v. Illinois Dep't of Child. & Fam. Servs.*, 892 F.2d 670, 674–75 (7th Cir. 1990) (holding that stay of discovery was proper pending the district court's resolution of the pure legal issue of whether the law was clearly established for qualified immunity purposes). Indeed, the district court in *Schroeder* reviewed expert testimony in deciding the class certification issue. *Schroeder v. Progressive Paloverde Ins. Co.*, 713 F. Supp. 3d 523,

---

[2] *See generally Williams v. State Farm Mut. Auto. Ins. Co.*, 678 F. Supp. 3d 980 (N.D. Ill. 2023); (*see generally* Dkt. 83; *see generally* Dkt. 224).

4

532 (S.D. Ind. 2024). A full factual record in this case, then, may very well be necessary for the Court to apply the Seventh Circuit's eventual decision in *Schroeder* to the issue of class certification, especially given the additional claims presented in this case and the potential differences between the typical-negotiation adjustment and the projected-sold adjustment.[3]

Given the likely utility of discovery materials for the resolution of the class certification issue, a stay would not streamline the case but delay it. A stay, then, would also be unlikely to reduce the burden of litigation because discovery would presumptively proceed after the stay concludes. That alone is enough to counsel the Court to deny State Farm's request for a stay. But even more, a stay would unduly prejudice Plaintiffs by delaying the resolution of their claims without a compelling reason to do so. *See Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 186 F. Supp. 3d 870, 877 (N.D. Ill. 2016) (Kendall, C.J.), *aff'd sub nom. Trading Techs. Int'l, Inc. v. Rosenthal Collins Grp.*, LLC, 669 F. App'x 568 (Fed. Cir. 2016). Furthermore, even if the Court were to deny class certification when the case reaches that stage, Plaintiffs could still leverage the fruits of discovery by exercising their right to pursue their claims individually. *See China Agritech v. Michael H. Resh*, 584 U.S. 732, 735 (2018). While a stay may be appropriate when the issue of class certification is ripe for review, the Court in its discretion thus concludes that a stay is not appropriate during the discovery stage of this case and where Plaintiffs have survived the motion to dismiss. Accordingly, the Court in its discretion denies Defendant's Motion to Stay. (Dkt. 169).

## II. Motion for Leave to File Second Amended Class Action Complaint

Under Rule 15, a federal district court "should freely give leave [to amend] when justice so requires" after the first amendment as a matter of course. Fed. R. Civ. P. 15(a)(2). "The Supreme

---

[3] State Farm's reliance on Judge Ellis's decision to stay in *Holmes v. Progressive Universal Ins. Co.* is misplaced because, unlike here, the claims (breach of contract based on the use of the projected-sold adjustment) and defendant in *Ellis* are identical to *Schroeder*. No. 22-00894 (N.D. Ill. May 29, 2024), Dkt. 139.

Court has interpreted [Rule 15] to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("[D]enials [of leave to file an amended complaint] are disfavored."); *Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) ("[A] court should deny leave to amend only if it is certain that amendment would be futile or otherwise unwarranted.");. Furthermore, "delay by itself is normally an insufficient reason to deny a motion for leave to amend[,]" such that delay "must be coupled with some other reason" like undue prejudice to the non-moving party. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) (holding that the district court abused its discretion in denying leave to amend based on eight-month delay between dismissal of the first amended complaint and the Rule 15 motion); *Life Plans*, 800 F.3d at 358 ("[E]ven a modest delay would not have been undue.").

Plaintiffs move for leave to file a second amended class action complaint that would (1) add and replace named plaintiffs "to preserve the claims of state subclass members insured by State Farm in Nevada, Texas, Oregon, New Mexico, Pennsylvania, and Illinois, where the named Plaintiff may have one or more of their claims dismissed,"[4] and (2) "add State Farm's wholly owned subsidiary, State Farm Fire and Casualty Company ('State Farm Fire') as a co-defendant to preserve the claims of state subclass members in Hawaii, Utah, and Illinois insured by this subsidiary." (Dkt. 205 at 2).[5] Plaintiffs represent that the basis for the proposed amendment is new

---

[4] Plaintiffs' proposed amendment would add seven named plaintiffs. (Dkt. 207 ¶¶ 33–39).
[5] Plaintiffs' proposed amendment would also dismiss several named Plaintiffs, remove the Florida and New Jersey state subclasses, and remove the six named Plaintiffs whose claims were severed and transferred (Brown, Bowden, Payne, McConnell, Huff, and Robert). (Dkt. 206 at 2 n.1; Dkt. 83 at 33 (opinion on motion to transfer)).

6

information Plaintiffs learned on February 27, 2024, when State Farm notified them of the basis for the summary judgment motion State Farm intends to file. (Dkt. 206 at 4–5; Dkt. 225 at 2).[6] In March 2024, Plaintiffs notified State Farm of their intention to request leave to file the proposed amendment and of the details of the proposed amendment, including a list of names, dates of loss, and claim numbers for the insureds the proposed amended complaint would add as named plaintiffs. (*Id.* at 5). On July 24, 2024, Plaintiffs provided State Farm with a copy of the proposed amended complaint. (Dkt. 216 at 8). On July 26, 2024, Plaintiffs filed the instant Motion for Leave to File a Second Amended Class Action Complaint. (Dkt. 205).

State Farm argues that Plaintiffs' Motion is unduly delayed and, as a result, the proposed amendment would be highly prejudicial because it would require State Farm to investigate the additional named plaintiffs. (Dkt. 216 at 1). Specifically, State Farm asserts that Plaintiffs "have known for years that some of the named plaintiffs were third-party claimants or not State Farm insureds and that many of their claims were time-barred." (*Id.*) State Farm further alleges that the 2019 policy declarations of named Plaintiffs Cervantes-White, which Plaintiffs' counsel received in 2021, and the 2021 policy declarations of named Plaintiff Dewsnup, which Plaintiffs' counsel received in 2022, made it clear that each were insureds of State Farm Fire (Dkt. 216 at 2, 5–6). Plaintiffs, however, provide documents suggesting that their mistaken belief that all named Plaintiffs were insured by State Farm was excusable. (*See, e.g.*, Dkt. 206-1 (the valuation report for named Plaintiff Cervantes-White's totaled vehicle referring to "State Farm Mutual Insurance Automobile Insurance Company"); *see, e.g.*, Dkt. 206-2 (named Plaintiff Cervantes-White's policy referring throughout to "State Farm Companies," which the policy defines as including

---

[6] Specifically, State Farm notified Plaintiffs that certain named Plaintiffs are not State Farm insureds but State Farm Fire insureds, made third-party claims under other insured's policies, or have claims that are time-barred. (Dkt. 206 at 4–5).

7

State Farm and State Farm Fire)). Plaintiffs further argue that, given the close relationship between State Farm and State Farm Fire,[7] State Farm knew or should have known that State Farm Fire was the intended defendant with respect to several of the named Plaintiffs' claims but did not notify Plaintiffs of the error. (Dkt. 206 at 5–6).

State Farm also alleges that it notified Plaintiffs' counsel in March 2022 that it did not find an insurance policy for named Plaintiff Neill and in March 2023 that Plaintiffs Hernandez and Grossberg were not first-party insureds. (Dkt. 216 at 3, 5). In March 2023, State Farm also notified Plaintiffs that several named Plaintiffs' claims were time-barred. (*Id.* at 10). As State Farm notes, however, named Plaintiffs Grossberg, Hernandez, and Neill denied that they made third-party claims during written discovery in 2023, which suggests that, despite State Farm's notice, Plaintiffs' counsel had reason to believe they may be first-party insureds. *See* Fed. R. Civ. P 8(b). In November 2023, State Farm provided Plaintiffs' counsel all of Plaintiffs' claim files and insurance policy documents. (Dkt. 216 at 6). In January 2024, State Farm identified named Plaintiffs Cervantes-White and Dewsnup as not being State Farm insureds in its answer. (Dkt. 216 at 7).

As noted above, State Farm notified Plaintiffs' counsel in February 2024 that several other named Plaintiffs' claims were time-barred. (*Id.* at 7–8). State Farm also emphasizes that Plaintiffs filed their Motion for Leave five months after notifying State Farm of their intent to file and that the proposed amendment would require substantial discovery. (*Id.* at 1). Plaintiffs contend that this time was necessary to review Defendant's intended summary judgment arguments, evaluate the

---

[7] State Farm and State Farm Fire have the same website, office address, phone number, and substantially similar officers. (Dkt. 206 at 5; Dkt. 206-3; Dkt. 206-4). The two entities are also both frequently represented by the same counsel representing State Farm in this case and accept service of legal documents at the same Illinois address where State Farm was served in this case. (Dkt. 206-5; Dkt. 206-6).

claims of the proposed new plaintiffs, and prepare the Motion for Leave and the proposed amended complaint. (Dkt. 225 at 2).

Here, the Court finds no undue delay or undue prejudice warranting denial of Plaintiffs' Motion for Leave. While Plaintiffs' delay in seeking leave to file the proposed second amended complaint is appreciable, the record, as discussed above, suggests that, prior to February 27, 2024, Plaintiffs had reason to believe that named Plaintiffs Neill, Hernandez, Grossberg, Cervantes-White, and Dewsnup were potentially first-party insureds. This suggests that the "[t]he necessity of the proposed amendment had not yet crystallized" until February 27, 2024 at the earliest. *See Searcy v. eFunds Corp.*, 2010 WL 1337684, at *3 (N.D. Ill. Mar. 31, 2010). And the modest delay between February 27, 2024 and the filing of Plaintiffs' Motion for Leave on July 26, 2024 (approximately five months) is not enough to counsel in favor of barring the proposed amendment. *Dubicz*, 377 F.3d at 793.

While State Farm rests its claim of prejudice on the additional need for discovery, additional discovery without more does not constitute undue prejudice where the deadline for factual discovery has already been extended to December 30, 2024 and may be extended again if needed. (Dkt. 236; Dkt. 234); *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (finding undue prejudice where plaintiff sought to amend complaint after the close of discovery, the filing of the final pretrial order, and the final pretrial conference); *Park v. City of Chicago*, 297 F.3d 606, 613 (7th Cir. 2002) (finding undue prejudice where plaintiff sought leave to filed an amended complaint on the eve of trial); *Next Payment Sols., Inc. v. CLEAResult Consulting, Inc.*, 2021 WL 1923404, at *5 (N.D. Ill. May 13, 2021) (finding undue prejudice where plaintiffs sought to amend after the close of fact discovery and after the court already ruled on two rounds of summary judgment motions). State Farm provides no detailed account of why the additional discovery

9

necessary for the investigation of the proposed seven new plaintiffs would be unduly burdensome, especially where the proposed amendment complaint also removes several named Plaintiffs as well as the Florida and New Jersey subclasses. (Dkt. 216 at 13; Dkt. 206 at 2 n.1); *see King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994) (explaining that undue prejudice may result when "[d]elays in the amendment of pleadings […] result in the loss of evidence or of a witness."); *see Dubicz*, 377 F.3d at 793 (explaining that a claim of undue prejudice cannot be made in conclusory terms); *see Searcy*, 2010 WL 1337684, at *3 (finding no undue where additional discovery and briefing would "not constitute work that could have been avoided if the amendment had been filed nine months ago") *see Philips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) (explaining that the "[s]ubstitution of unnamed class members for named plaintiffs who fall out of the case . . . is a common and normally an unexceptionable ('routine') feature class action litigation"); *see Castro v. El Milagro, Inc.*, 2023 WL 4625777, at *4 (N.D. Ill. July 19, 2023) (explaining that undue prejudice may result when an amendment contains "new complex and serious charges") (citing *Ferguson v. Roberts*, 11 F.3d 696, 706–07 (7th Cir. 1993)). And State Farm Fire makes no meaningful argument for why the addition of State Farm Fire as a defendant (and the related removal of claims against State Farm) prejudices State Farm. *See Glover v. Carr*, 949 F.3d 364, 370 (7th Cir. 2020).

State Farm also does not identify how the proposed amendment would meaningfully render irrelevant the discovery already completed. Additionally, while State Farm asserts that the proposed amendment would require another round of briefing on dismissal, (Dkt. 216 at 13), the substance of the proposed new plaintiffs' claims is not materially different from that of the existing named Plaintiffs' claims, which suggests that any additional briefing will not be unduly

burdensome. (*See generally* Dkt. 207). Accordingly, the Court in its discretion grants Plaintiffs' Motion for Leave to File a Second Amended Complaint.[8] (Dkt. 205).

## CONCLUSION

For the aforementioned reasons, the Court denies State Farm's Motion to Stay [169] and grants Plaintiffs' Motion for Leave to File a Second Amended Class Action Complaint [205].

_____
Virginia M. Kendall
United States District Judge

Date: October 31, 2024

---

[8] The Court also finds that Plaintiffs' request satisfies the requirements for permissive joinder under Rule 20 because the claims against State Farm Fire arise from the same series of transactions or occurrences and involve common questions of law and fact. Fed. R. Civ. P. 20. State Farm does not make any meaningful argument as to why Rule 20's requirements are not met. (Dkt. 225 at 10–11).