UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNADETTE WILLIAMS, IVAN SERRATA REYES, ROSILYN WILSON, HAUNANIMAE CERVANTES-WHITE, MARIA MUNOZ, TRACY OBRIEN, KIMBERLY BENSON, MICHELLE SNYDER, PATRICIA COUCH, SABRINA CAPERS, WILLIAM ROSS DEAN, RICHARD DACHEFF, KRISTY KELLER, EDGAR FLORIAN, MERRILL LOVE, DIANE NEWKIRK, SANDRA SMILING, DAVEY JOHNSTON, CYNTHIA ROEMER, TYSON DEWSNUP, DEIRDRE PALMER, YVETTE MOUER, RAFAEL CHAVEZ, RICHARD SAGER, JAMES ASHE, CHERI ANBAR, MONICA WOODS, and JAMIE WALKER, themselves and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, and STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, an Illinois corporation. <br><br> Defendants. | Case No.: 1:22-cv-01422 <br><br> Judge Virginia M. Kendall |

## MOTION FOR EXPEDITED ISSUANCE OF PROTECTIVE ORDER

### INTRODUCTION

State Farm seeks a protective order requiring Plaintiffs to take the deposition of Doug Graff in November 2024 or be deemed to have waived the need to depose him as State Farm's corporate designee and in his individual capacity. Mr. Graff is scheduled for a serious medical procedure on November 20 that will keep him out of the office for

the remainder of the year. Although State Farm has explained this repeatedly and, as detailed below, has attempted to accommodate Plaintiffs, the parties are at an impasse. Plaintiffs claim that none of the 10 lawyers regularly involved in this case is available to take Mr. Graff's deposition on any of the four dates State Farm has offered before the fact discovery cut-off on December 30, 2024.

## ARGUMENT

The Court is familiar with the case, including the extensive fact discovery conducted so far. Doug Graff is a long-time employee of State Farm. He had responsibility for total loss during most of the period relevant to Plaintiffs' claims. Mr. Graff has testified as State Farm's corporate designee on total loss ***six*** times, and those deposition transcripts were produced to Plaintiffs nearly five months ago, on June 5, 2024. At this point, Mr. Graff has testified on every topic relevant to total loss, sometimes more than once.

Nevertheless, on September 18, Plaintiffs served a Rule 30(b)(6) notice on State Farm, seeking a corporate designee to testify with respect to ***100 separate topics***. (Ex. A.) On October 2, Plaintiffs followed up with individual deposition notices for one former and five current State Farm employees, including Mr. Graff. State Farm served its objections to the corporate designee notice on October 4, agreeing to produce Mr. Graff to testify as to all but a few areas that were far out of bounds.

On October 13, State Farm offered dates for all witnesses, except its former employee, for whom it provided his last known address. (Ex. B at 10-11.) Mr. Graff was offered on November 7, and another of Plaintiffs' individual deponents, Maureen Hasselmann, was offered on November 8. On October 17, Plaintiffs notified State Farm that "the Nov. 7-8 dates won't work for us." (*Id.* at 8.) State Farm responded that "[w]e

can move Ms. Hasselmann to a later date, but Mr. Graff has very limited availability. Can you please see if one of the multiple lawyers on your side can arrange to take Mr. Graff's deposition on November 7 or 8"? (*Id.*) In a videoconference conferral on October 21, State Farm explained that Mr. Graff was essentially unavailable after mid-November, but Plaintiffs reiterated that not one of their 10 lawyers could take Mr. Graff's deposition on November 7 or 8.

So State Farm rearranged multiple lawyer and witness schedules and, two days later, offered to produce Mr. Graff on November 14. (*Id.* at 6-7) Plaintiffs then waited until after close of business on Friday, October 25, to insist that Mr. Graff be deposed in "late November or early December," claiming unspecified "conflicts on the 14th that cannot be moved." And for the first time in any communication, despite having access to six prior transcripts, Plaintiffs demanded "2 days or an increase of the 7-hour limits" for Mr. Graff, because he was being produced individually and as corporate designee. (*Id.* at 5.)

Mr. Graff had an appointment with his doctor on October 29, where his procedure was confirmed for November 20. With that information, State Farm immediately updated Plaintiffs, advising that Mr. Graff would undergo a serious medical procedure on November 20, thus sharing (with Mr. Graff's consent) the reason for telling Plaintiffs on October 21 that Mr. Graff would be unavailable after mid-November. State Farm also offered flexibility on the 7-hour time limit, provided Plaintiffs did not unnecessarily prolong the deposition by re-asking Mr. Graff questions that he'd already answered in other depositions. Finally, State Farm re-offered Mr. Graff for either November 7-8 or November 13-14, explaining that while "this is not ideal for you, it's the very best he and we can do." (*Id.* at 4.)

Plaintiffs again waited two days to respond. When they did, they ignored all the dates offered and insisted that State Farm "provide us dates in December after Mr. Graff's procedure." (*Id.* at 3.) So State Farm then explained explicitly what should have been obvious:

> I have already told you that Mr. Graff is undergoing a serious medical procedure on November 20. I will now tell you he is expected to be out of the office recovering for the remainder of the year. Nevertheless, in order to accommodate your inability to take the deposition on his preferred dates, he has agreed to put other last-minute work obligations aside and sit for a deposition on November 13-14. Instead of demanding dates that are convenient for you, I request that you coordinate amongst yourselves (there are 9 other lawyers representing plaintiffs on this email exchange) and find someone who can take Mr. Graff's deposition on the dates he's available before the discovery cut-off. I'm happy to address this issue with the Magistrate should it be necessary. (*Id.* at 2.)

Still Plaintiffs refused to budge, curtly responding that "[w]e've accommodated conflicts in your schedule numerous times. We have preexisting conflicts on those dates." (*Id.*) State Farm then advised Plaintiffs that it simply could not produce Mr. Graff after his medical procedure and before the discovery cut-off, so either Plaintiffs could depose Mr. Graff on the previously offered dates, or Plaintiffs could forgo a deposition of Mr. Graff and State Farm's corporate designee altogether:

> I don't know what more I can do, so please allow me to make our position clear. We have offered multiple dates when Mr. Graff is available to testify as corporate designee and individually prior to undergoing a serious medical procedure that will keep him out of the office for the remainder of the year. I do not know, indeed no one does, what his recovery will be like or when he will be in a condition to testify again.
>
> The dates we have offered are the dates he is available prior to the December 31, 2024 fact discovery cut-off. We have been very reasonable and have accommodated your, your clients', and your colleagues' schedules numerous times,

> including here. For reasons I have explained multiple times, Mr. Graff and we have done our best to give you the opportunity to depose him. We simply cannot accommodate your demands which, at this point, appear petulant. Nor, however, can we force you to take the deposition we have offered. But if you elect not to go forward on November 13-14, we believe you are foregoing the opportunity to depose Mr. Graff and State Farm's corporate designee. (*Id.* at 1.)

Plaintiffs have not responded as of the time of this filing. And although State Farm believes this result should be self-effectuating, to avoid any future dispute between the parties, it respectfully requests that this Court enter a protective order requiring Plaintiffs to proceed with Mr. Graff's deposition (as corporate designee and individually) on one or more of the dates offered in November or be deemed to have waived any need for those depositions. Federal Rule of Civil Procedure 26(c) provides that the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *accord, e.g., Learning Res., Inc. v. Playgo Toys Enterprises Ltd.*, 335 F.R.D. 536, 537 (N.D. Ill. 2020). The circumstances described in this motion plainly qualify as "good cause."[1]

State Farm does not seek, and will oppose, any further extension of the December 30, 2024 discovery cut-off, so it can move this case toward a decision on class certification.

---

[1] State Farm has attempted to provide sufficient information to Plaintiffs (and in this motion) to convey the seriousness of Mr. Graff's condition. Should the Court require further information, State Farm will ask Mr. Graff for permission to share additional detail with the Court.

8964272.1    5

State Farm has consulted the Court's procedures. It does not appear there are specific requirements for expedited or emergency motions. However, prompt resolution of this dispute is necessary to allow all involved to undertake the necessary preparation and make the appropriate arrangements. State Farm believes this warrants a departure from the Court's regular procedures for resolving discovery disputes, and State Farm stands ready to respond in the manner and at the time the Court directs.

## CONCLUSION

State Farm respectfully requests expedited issuance of a Protective Order for the reasons explained.

Dated: November 1, 2024

Respectfully submitted,

*/s/ Peter W. Herzog III*
Joseph P. Carlasare
AMUNDSEN DAVIS LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
Phone:   312.894.3200
Email:     jcarlasare@amundsendavislaw.com

Peter W. Herzog III (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone:   314.326.4129
Email:     pherzog@wtotrial.com

Eric L. Robertson (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:   303.244.1842
Email:     robertson@wtotrial.com

*Attorneys for Defendant State Farm Mutual Automobile Insurance Co.*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on November 1, 2024, I electronically filed the foregoing **MOTION FOR EXPEDITED ISSUANCE OF PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record.

*s/ Peter W. Herzog III*