UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNADETTE WILLIAMS, IVAN SERRATA REYES, HAUNANIMAE CERVANTES-WHITE, MARIA MUNOZ, TRACY OBRIEN, KIMBERLY BENSON, MICHELLE SNYDER, PATRICIA COUCH, SABRINA CAPERS, WILLIAM ROSS DEAN, RICHARD DACHEFF, KRISTY KELLER, EDGAR FLORIAN, MERRILL LOVE, DIANE NEWKIRK, SANDRA SMILING, DAVEY JOHNSTON, CYNTHIA ROEMER, TYSON DEWSNUP, DEIRDRE PALMER, YVETTE MOUER, RAFAEL CHAVEZ, RICHARD SAGER, JAMES ASHE, CHERI ANBAR, MONICA WOODS, and JAMIE WALKER, themselves and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, and STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation. <br><br> Defendants. | Case No.: 1:22-cv-01422 <br><br> Judge Virginia M. Kendall |

**DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT**

1

Defendants State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Fire") (collectively, "State Farm") seek summary judgment, on certain claims as to all named Plaintiffs and other claims as to some named Plaintiffs, for the following reasons:

1.  This motion meets the requirements of Local Rule 56.1(a). State Farm incorporates the Statement of Undisputed Facts and the Memorandum in Support of the Motion for Partial Summary Judgment.

2.  Summary judgment is proper as to the unjust enrichment claims of all named Plaintiffs. Unjust enrichment claims must fail when a contract governs the relationships between the parties. All named Plaintiffs entered contracts for insurance policies with State Farm, and they claim State Farm breached its duty to pay under those policies. There is no dispute that a contract governs the relationship between Plaintiffs and State Farm, so summary judgment is warranted on the unjust enrichment claims.

3.  Summary judgment also is proper as to twenty-three named Plaintiffs' claims that State Farm breached the covenant of good faith and fair dealing. The law governing these named Plaintiffs considers a breach of the covenant of good faith and fair dealing to be a breach of contract. When an independent claim for breach of contract is raised, the separate claim for a breach of the duty of good faith and fair dealing must fail. State Farm is thus entitled to judgment on these claims for all named Plaintiffs except Cervantes-White, Johnston, Roemer, and Sager.

4.  In addition, State Farm is entitled to judgment on the claims under the consumer protection statutes of Alaska, Kentucky, Mississippi, and West Virginia. Alaska's and West Virginia's consumer protection statutes exempt the insurance industry. Mississippi's consumer protection act applies to the sale of merchandise, and Mississippi

2

courts have held that automobile insurance policies are not merchandise. And courts widely agree that Kentucky's consumer protection statute does not permit class actions. State Farm is entitled to judgment as a matter of law for each of these claims.

5. Seventeen named Plaintiffs did not bring legal action within the contractual period set in their policies. Contractual time bars to suit are enforceable. Because these seventeen named Plaintiffs' failed to bring their claims before the contractual period expired, State Farm is entitled to judgment on all their contractual claims.

6. Plaintiffs Williams and Woods must be dismissed from this suit because their claims have already been settled in prior proceedings. Williams cannot proceed because the settlement of her claim was presented to and approved by a bankruptcy court. Her challenges here constitute an impermissible collateral attack. And Woods sued State Farm Mutual, alleging it breached her contract. As part of a settlement for that litigation, Woods signed a release of all claims related to her loss. Accordingly, Williams and Woods must be dismissed from this action.

State Farm respectfully asks the Court to grant summary judgment in State Farm's favor on the bases provided in this motion and argued in the Memorandum in Support.

Dated: November 21, 2024          Respectfully submitted,

         <u>s/ Peter W. Herzog III</u>
Joseph P. Carlasare
AMUNDSEN DAVIS LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
Phone:    312.894.3200
Email:    jcarlasare@amundsendavislaw.com

Peter W. Herzog III (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone:    314.326.4129
Email:    pherzog@wtotrial.com

Eric L. Robertson (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:    303.244.1842
Email:    robertson@wtotrial.com

*Attorneys for Defendant State Farm Mutual Automobile Insurance Co. and State Farm Fire and Casualty Company.*

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on November 21, 2024, I electronically filed the foregoing **DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated below.

- **Christopher L Ayers**
  cayers@seegerweiss.com

- **Christopher Berman**
  cberman@shamisgentile.com

- **Scott Edelsberg**
  scott@edelsberglaw.com, stephanie@edelsberglaw.com, 8772401420@filings.docketbird.com

- **Edwin Eliu Elliott**
  edwine@shamisgentile.com

- **Scott A. George**
  sgeorge@seegerweiss.com, lgriffith@seegerweiss.com, cbarnes@seegerweiss.com, klaukaitis@seegerweiss.com

- **Chris Gold**
  chris@edelsberglaw.com, stephanie@edelsberglaw.com, scott@edelsberglaw.com, 8772401420@filings.docketbird.com

- **Leanna Loginov**
  lloginov@shamisgentile.com

- **Andrew Shamis**
  ashamis@shamisgentile.com, efilings@shamisgentile.com, gberg@shamisgentile.com, 2271311420@filings.docketbird.com, edwine@shamisgentile.com, mgrigorian@shamisgentile.com

                                                                *s/ Peter W. Herzog III*