UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNADETTE WILLIAMS, IVAN SERRATA REYES, ROSILYN WILSON, HAUNANIMAE CERVANTES-WHITE, MARIA MUNOZ, TRACY OBRIEN, KIMBERLY BENSON, MICHELLE SNYDER, PATRICIA COUCH, SABRINA CAPERS, WILLIAM ROSS DEAN, RICHARD DACHEFF, KRISTY KELLER, EDGAR FLORIAN, MERRILL LOVE, DIANE NEWKIRK, SANDRA SMILING, DAVEY JOHNSTON, CYNTHIA ROEMER, TYSON DEWSNUP, DEIRDRE PALMER, YVETTE MOUER, RAFAEL CHAVEZ, RICHARD SAGER, JAMES ASHE, CHERI ANBAR, MONICA WOODS, and JAMIE WALKER, themselves and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, and STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation. <br><br> Defendants. | Case No.: 1:22-cv-01422 <br><br> Judge Virginia M. Kendall <br><br> **ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' RENEWED MOTION TO COMPEL APPRAISAL**

State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (together, "State Farm") respectfully move this Court for an Order compelling certain named Plaintiffs to submit to appraisal. As grounds for and in support of this Motion, State Farm states as follows:

1.  As explained in State Farm's accompanying memorandum in support of this Motion, State Farm previously moved to compel appraisal as to several of the named Plaintiffs. (*See* ECF No. 65). Each of these Plaintiffs had purchased a State Farm policy containing a mandatory appraisal provision, which required the parties to submit to appraisal in the event of a disagreement over whether State Farm had paid "actual cash value" for an insured's totaled vehicle.

2.  This Court declined to compel appraisal as requested in State Farm's earlier motion. (*See* ECF No. 83 at 33-41.) In so ruling, the Court reasoned that while the policy's appraisal provision was enforceable as to disputes over actual cash value, Plaintiffs' fraud allegations involved "much more than a dispute over the actual cash values of the their vehicles," and were therefore not redressable via the appraisal remedy. (*Id.* at 37.)

3.  After this ruling, State Farm conducted discovery seeking to test the viability of Plaintiffs' fraud claims—i.e., whether Plaintiffs had actually reviewed and relied on their insurance policy documents, which they claimed omitted any reference to negotiation adjustments, before buying insurance. But during their depositions, the majority of Plaintiffs testified that they had either *never* seen or reviewed the policy, or had received the policy only *after* they had already contracted with State Farm. In other words, these Plaintiffs couldn't have relied on the policy's contents in a manner necessary to support their fraud claims.

1

4. "If plaintiff[s'] fraud allegations cannot be proven, then the appraisal process would certainly be appropriate." *Hanke v. Am. Int'l S. Ins. Co.*, 782 N.E.2d 328, 333 (Ill. App. Ct. 2002). Here, because Plaintiffs couldn't have relied on any misrepresentations or omissions in policy documents that they didn't see, they plainly cannot prove the essential "reliance" element of their fraud claims. Accordingly, in light of this discovery, State Farm seeks to compel appraisal, as follows:

- The Court should compel appraisal of Plaintiffs Haunanimae Cervantes-White, Patricia Couch, William Ross Dean, Maria Munoz, Diane Newkirk, Diane Newkirk, Sandra Smiling, and Michelle Snyder, who were subject to State Farm's original appraisal motion (*see* ECF No. 66 at 1 & n.1), and who testified that they did not see or read the policy documents before buying insurance.

- The Court should compel appraisal of Plaintiff Yvette Mouer, who was added to this case after State Farm filed its original appraisal motion (*see* ECF No. 242 ¶ 33), and who testified that she did not see or read the policy documents before buying insurance.

- If the Court declines to enter summary judgment against Plaintiffs Cheri Anbar, James Ashe, Rafael Chavez, Davey Johnston, Merrill Love, Tracy O'Brien, Deirdre Palmer, Ivan Serrata Reyes, Jamie Walker, and Monica Woods (*see* ECF No. 251 at 10), then the Court should compel appraisal as to them, as they all testified that they did not see or read the policy documents before buying insurance.

5. State Farm incorporates its Memorandum in Support of Renewed Motion to Compel Appraisal and Appendix of Named Plaintiffs' Deposition Testimony.

Dated: January 31, 2025              Respectfully submitted,

                                                                    s/ Eric L. Robertson

Joseph P. Carlasare
AMUNDSEN DAVIS LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
Phone:    312.894.3200
Email:     jcarlasare@amundsendavislaw.com

Peter W. Herzog III (*pro hac vice*)
Kaleb Gregory (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone:    314.326.4129
Email:     pherzog@wtotrial.com
              kgregory@wtotrial.com

Eric L. Robertson (*pro hac vice*)
Thomas C. Dec (*pro hac vice*)
Hanna J. Bustillo (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:    303.244.1842
Email:     robertson@wtotrial.com
              dec@wtotrial.com
              bustillo@wtotrial.com

*Attorneys for Defendants State Farm Mutual Automobile Insurance Co. and State Farm Fire and Casualty Co.*