## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BERNADETTE WILLIAMS, IVAN
SERRATA REYES, ROSILYN WILSON,
HAUNANIMAE CERVANTES-WHITE,
MARIA MUNOZ, TRACY OBRIEN,
KIMBERLY BENSON, MICHELLE
SNYDER, PATRICIA COUCH, SABRINA
CAPERS, WILLIAM ROSS DEAN,
RICHARD DACHEFF, KRISTY KELLER,
EDGAR FLORIAN, MERRILL LOVE,
DIANE NEWKIRK, SANDRA SMILING,
DAVEY JOHNSTON, CYNTHIA
ROEMER, TYSON DEWSNUP, DEIRDRE
PALMER, YVETTE MOUER, RAFAEL
CHAVEZ, RICHARD SAGER, JAMES
ASHE, CHERI ANBAR, MONICA
WOODS, and JAMIE WALKER, themselves
and on behalf of all others similarly situated,

        Plaintiffs,

    v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois
corporation, and STATE FARM FIRE AND
CASUALTY COMPANY, an Illinois
corporation,

        Defendants.

Case No.: 1:22-cv-01422

Judge Virginia M. Kendall

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company ("State Farm") respectfully move for an order granting summary judgment in State Farm's favor as to the Plaintiffs and claims specified below.[1]

1.      First, the Court should grant summary judgment on all "headless claims"—claims that are pleaded but have no named plaintiff actually bringing them (Counts 8–10, 12, 16, 18, 21, 28, 30, and 40). Plaintiffs have effectively abandoned these claims, having declined to seek certification of them. (*See* ECF No. 276.) And these claims cannot proceed without a human plaintiff or any evidence in support of them.

2.      Second, the Court should grant summary judgment against all Plaintiffs on their fraud-based claims (Counts 1, 4–6, 8–32, 40) because Plaintiffs have no evidence of actual damages, a cognizable loss, injury, an impoverishment, or a detriment caused by State Farm's alleged non-disclosure.

3.      Third, the Court should grant summary judgment against all Plaintiffs on their Illinois Consumer Fraud Act ("ICFA") claim (Count 1) and their Illinois fraud claims (Counts 4 and 5) because, to the extent Plaintiffs rely only on an alleged underpayment of actual cash value as actual damages, they essentially are breach of contract claims preempted by Section 155 of the Illinois Insurance Code.

---

[1] State Farm's previous Motion for Partial Summary Judgment remains pending. (ECF Nos. 250, 251.) It seeks dismissal of Plaintiffs' claims for unjust enrichment; 22 of Plaintiffs' claims for breach of the implied duty of good faith and fair dealing; Plaintiffs' claims under the consumer protection acts of Alaska, Mississippi, and West Virginia; 19 of Plaintiffs' contract claims because they are time-barred; and 2 of Plaintiffs' claims because they released them. State Farm had requested, and this Court granted, leave to file that early motion for summary judgment without prejudice to "potentially filing a second motion for summary judgment following the close of discovery." (ECF Nos. 153, 164.)

4. Fourth, the Court should grant summary judgment on the ICFA claim brought by all non-Illinois Plaintiffs (everyone except Anbar, Ashe, and Munoz) because they are not Illinois residents, and the ICFA cannot be applied extraterritorially where the disputed transaction did not occur primarily and substantially in Illinois.

5. Fifth, the Court should grant summary judgment against Plaintiffs Anbar, Ashe, Benson, Cervantes-White, Couch, Dean, Johnston, Keller, Love, Mouer, Munoz, Newkirk, O'Brien, Palmer, Serrata Reyes, Roemer, Sager, Smiling, Snyder, Walker, Wilson, and Woods on their fraud claims (Counts 1, 4–6, 11, 13, 15, 20, 22–23, 25–27, 29, 32) because the undisputed evidence shows they did not read the insurance policy before buying insurance and thus could not have relied on and have been actually deceived by any alleged omission in the policy.[2]

6. Sixth, the Court should grant summary judgment against all Plaintiffs on their contract claims (Counts 2 and 3) because the use of a typical negotiation adjustment cannot, absent evidence that State Farm actually paid less than "actual cash value," constitute breach. *See Schroeder v. Progressive Paloverde Ins. Co.*, __ F.4th __, 2025 WL 2083855, at *8 (7th Cir. July 24, 2025) (holding, as a "matter of law," that a policy obligation to pay "actual cash value" would "not preclude [the insurer] from applying [negotiation adjustments] in calculating its settlement offers, so long as [the insurer] ultimately pays its insureds the actual cash value of their totaled cars").

7. Seventh, the Court should grant summary judgment on all Plaintiffs' contract claims (Counts 2 and 3) because there is no admissible evidence that each received less than the

---

[2] State Farm's Renewed Motion to Compel Appraisal, as these Plaintiffs are subject to mandatory appraisal, also remains pending. (ECF Nos. 264, 265.)

actual cash value of their vehicles, and thus no evidence of a concrete injury, breach, or actual damages.

8.      Eighth, the Court should grant summary judgment on Plaintiffs' declaratory judgment claim (Count 7) because it is duplicative of their contract claims, and Plaintiffs lack standing.

9.      As further grounds for and in support of this Motion, Defendants incorporate their Memorandum in Support of Motion for Partial Summary Judgment, Statement of Undisputed Material Facts, the Declaration of Eric L. Robertson, the Declaration of Maureen Hasselmann, and all supporting exhibits.

Accordingly, State Farm respectfully moves for an order granting summary judgment in State Farm's favor as to the Plaintiffs and claims identified above.

Dated: August 8, 2025

Respectfully submitted,

s/ Eric L. Robertson

Joseph P. Carlasare
AMUNDSEN DAVIS LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
Phone:      312.894.3200
Email:      jcarlasare@amundsendavislaw.com

Peter W. Herzog III (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone:      314.326.4129
Email:      pherzog@wtotrial.com

Eric L. Robertson (*pro hac vice*)
Thomas C. Dec (*pro hac vice*)
Hanna J. Bustillo (*pro hac vice*)
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Phone:      303.244.1842
Email:      robertson@wtotrial.com
            dec@wtotrial.com
            bustillo@wtotrial.com

*Attorneys for Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*